Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the***
***Indirect Purchaser Plaintiffs***

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-05944-JST<br>Case No. 4:17-cv-04067-JST |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>*Luscher, et al. v. Mitsubishi Electric Corp.*,<br>No. 4:17-cv-04067-JST | **COMPENDIUM OF IPP COUNSEL DECLARATIONS IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS**<br><br>Hearing Date: June 1, 2023<br>Time: 2:00 p.m.<br>Courtroom: 5, 2nd Floor<br>Judge: Honorable Jon S. Tigar |

**COMPENDIUM OF IPP COUNSEL DECLARATIONS**

| FIRM NAME | REPORTED LODESTAR (HISTORIC) | LODESTAR AT CURRENT RATES | EXPENSES | EXHIBIT |
|---|---|---|---|---|
| Trump, Alioto, Trump & Prescott, LLP | $1,112,681.25 | $1,219,915.00 | $6,727.70 | 1 |
| Zelle LLP | $ 251,166.00 | $289,256.50 | $922.15 | 2 |
| Boies Battin LLP | $721,701.50 | $830,132.00 | $4,466.03 | 3 |
| Kern Antitrust Global | $180,800.00 | $221,490.00 | | 4 |
| Kirby McInerney LLP | $ 46,769.00 | $54,332.50 | | 5 |
| Bramson Plutzik Mahler & Birkhaeuser, LLP | $51,794.00 | $55,530.00 | | 6 |
| Freedman Boyd Hollander & Goldberg, P.A. | $106,841.75 | $137,993.50 | $1,006.22 | 7 |
| **Total** | **$2,471,753.50** | **$2,808,649.50** | **$13,122.10** | |

# EXHIBIT 1

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
laurenrussell@tatp.com

***Lead Counsel for the***
***Indirect Purchaser Plaintiffs***

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-05944-JST<br>Case No. 4:17-cv-04067-JST |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>*Luscher, et al. v. Mitsubishi Electric Corp.*, No. 4:17-cv-04067-JST | **DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS**<br><br>Hearing Date: June 1, 2023<br>Time: 2:00 p.m.<br>Courtroom: 5, 2nd Floor<br>Judge:  Honorable Jon S. Tigar |

I, Lauren C. Capurro, declare as follows:

1.      I am an attorney licensed to practice before the courts of the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP. I submit this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in the accompanying IPPs' Second Motion for an Award of Attorneys' Fees, Expenses and Incentive Awards for Class Representatives. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.      My firm is the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in this case, and represents named plaintiff Jeffrey Figone. A brief description of the main lawyers in my firm who participated in this case is attached as Exhibit 1 and incorporated herein by reference.

3.      Throughout the course of this litigation against Mitsubishi Electric Corporation ("Mitsubishi Electric"), my firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred. All of the time and expenses reported by my firm were incurred for the benefit of IPPs.

4.      I and members of my firm have been involved in every aspect of this MDL litigation, including the litigation against Mitsubishi Electric, since its inception. I, or members of my firm, did much of the substantive work in this litigation and personally oversaw and directed all of the work performed by other IPP Counsel. All of this work is described in detail in the Declaration of Mario N. Alioto filed in support of IPPs' First motion for attorneys' fees and reimbursement of expenses (ECF No. 4071-1) (referred to in the Memorandum of Points and Authorities as the "First Alioto Fee Decl."), and the Declaration of Mario N. Alioto In Support of Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Litigation Expenses and Incentive Awards for Class Representatives ("Second Alioto Fee Decl."), filed herewith. Both of these Declarations are incorporated herein by reference.

5.      The schedule attached as **Exhibit 2**, and incorporated herein, is a detailed summary

of the amount of time spent by my firm on the litigation against Mitsubishi Electric from September 16, 2015 through March 6, 2023. The lodestar calculation is based on my firm's historical billing rates in effect at the time services were performed. Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained by my firm. The hourly rates for my firm included in Exhibit 2 were, at the time the work was performed, the usual and customary hourly rates charged for their services in similar complex litigation and the then-current rates of the firm. My firm previously submitted a detailed summary of the time spent on the *CRT* litigation for the period from inception through September 15, 2015. *See* ECF No. 4073-1, Ex. 2.

6.     The total number of hours reasonably expended on the litigation against Mitsubishi Electric by my firm from September 16, 2015 through March 6, 2023 is 1510.5 hours. My firm's lodestar for these hours at historical rates is $1,112,681.25, and $1,219,915.00 at current rates. This time does not include the substantial number of hours my firm spent defending the Prior Settlements with the other defendants during this same time period. My firm has spent 11,357 hours amounting to $8,764,114 in lodestar (at current rates) on these matters in the almost eight years since September 2015. This work has included, *inter alia*:

    a.    Defending against objections to the Prior Settlements and the original fee motion before Special Master Quinn and this Court from October 2015 through July 2016 (ECF Nos. 4351, 4712, 4740);

    b.    Litigating the allocation of the aggregate fee award before Special Master Quinn and this Court (ECF Nos. 4976, 5122);

    c.    Litigating and mediating nine separate appeals of this Court's approval of the Prior Settlements and the First Fee Order (Appeal Nos. 16-16368, 16-16371, 16-16373, 16-16374, 16-16377, 16-16378, 16-16379, 16-16399, 16-16400);

    d.    Efforts to bring Massachusetts, Missouri and New Hampshire ("the Three States") into the 2016 Settlements after remand (*see, e.g.*, ECF No. 5416 at 7-10), which efforts were rejected by the ORS objectors (*id*. at 19-32);

e. Preparation for, briefing, and attendance at multiple case management conferences (ECF Nos. 5416, 5426, 5497, 5543, 5556);

f. Researching and drafting a motion to set trial date (ECF Nos. 5519, 5524, 5525, 5529);

g. Participation in mandatory settlement and discovery conferences before Judge Corley (ECF Nos. 5521, 5531, 5551, 5594, 5596, 5610, 5629);

h. Provision of extensive trial and discovery materials to ORS and NRS counsel pursuant to mediation before Judge Corley (ECF No. 5636);

i. Opposing the ORS objectors' motions to vacate the 2016 Settlements (ECF Nos. 5527, 5537, 5538, 5631, 5632);

j. Negotiating and drafting the amended settlements with Defendants;

k. Responding to ORS/NRS objectors' motions to intervene for the purpose of alleging their claims (ECF Nos. 5565, 5567, 5593, 5628, 5643, 5645, 5664);

l. Successfully moving for preliminary approval of the amended settlements and devising notice plan, including responding to ORS/NRS objections thereto (ECF Nos. 5587, 5607, 5608, 5609, 5616, 5618);

m. Successfully opposing the ORS/NRS objectors' motion to stay settlement approval (ECF No. 5718, 5726, 5731, 5774) and successfully moving to dismiss their improper appeal of the preliminary approval order (ECF Nos. 5709, 5711, 5712, 5733, 5738, 5753);

n. Successfully moving and arguing for final approval of the amended settlements, including responding to ORS/NRS objections, and moving to strike untimely objections (ECF Nos. 5732, 5739-52, 5755, 5756, 5758, 5765, 5779, 5781, 5782, 5784, 5786, 5787, 5794, 5796, 5803, 5804, 5814);

o. Successfully opposing the ORS/NRS objectors' further motions to intervene for the purpose of objecting to and appealing settlement approval (ECF Nos.

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 4:07-cv-5944 JST, MDL No. 1917

5754, 5776, 5780, 5792, 5801, 5806, 5811, 5812, and their motion to stay final approval (ECF Nos. 5791, 5797);

p.   Moving to dismiss objectors' appeals of settlement approval for lack of standing, resulting in the dismissal of one of the five separate appeals;[1]

q.   Responding to the ORS/NRS objectors' appeals of this Court's denial of intervention for the purpose of bringing their claims;[2] and,

r.   Successfully defending the amended settlements and fee award on appeal to the Ninth Circuit. *See In re Cathode Ray Tube (CRT) Antitrust Litig.,* Appeal No. 20-16685, ECF No. 42 (IPP Answering Brief); Appeal 20-15697, ECF No. 85 (Memorandum decision).

7.   The Court previously approved the Special Master's recommended lodestar of $15,561,704.25 for my firm (reflecting my firm's total then-current-rate lodestar minus 10 percent).  *See* ECF Nos. 5122, 4976-1.  The total lodestar for my firm at current rates for the entire litigation is $16,781,619.25 (prior Court-approved lodestar plus current rate lodestar for litigation against Mitsubishi Electric).  Expense items are billed separately and are not duplicated in my firm's lodestar.

8.   The expenses my firm incurred in litigating this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, invoices, receipts, check records and other source materials and accurately reflect the expenses incurred. My firm's expense records are available for inspection by the Court if necessary.

9.   My firm is seeking a total of $6,727.70 in unreimbursed expenses, all of which

---

[1] *See In re Cathode Ray Tube (CRT) Antitrust Litig.,* Appeal No. 20-16684, ECF No. 14 (Order granting motion to dismiss appeal); No. 20-16685, ECF No. 15 (Order denying motion to dismiss appeal without prejudice to renewing arguments in answering brief); No. 20-16686, ECF No. 17 (Order denying motion to dismiss appeal without prejudice to renewing arguments in answering brief); No. 20-16691, ECF No. 16 (Order denying motion to dismiss appeal without prejudice to renewing arguments in answering brief); and, No. 20-16699, ECF No. 22 (Order denying motion to dismiss appeal without prejudice to renewing arguments in answering brief).

[2] *See In re Cathode Ray Tube (CRT) Antitrust Litig.,* Lead Appeal No. 20-15697, ECF No. 53 (IPP Answering Brief).

were reasonable and necessary for the prosecution of this litigation. Of this amount, $5,783.73 was paid from the common litigation fund and will be reimbursed to those IPP firms that made assessment payments. An additional $943.97 was for non-common litigation expenses incurred by my firm, such as parking, meals, computer research, and filing fees. A summary of those expenses by category is attached as Exhibit 3.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 10th day of March 2023, in Novato, California

*/s/ Lauren C. Capurro*

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 4:07-cv-5944 JST, MDL No. 1917

# EXHIBIT 1

<u>MARIO N. ALIOTO</u>

*Curriculum Vitae*

Mr. Alioto is a graduate of the University of Santa Clara with a B.A. degree, <u>cum</u> <u>laude</u> , in Economics.  He is also a graduate of the University of San Francisco School of Law with a J.D. degree, <u>cum</u> <u>laude</u>.

Upon graduation from law school, Mr. Alioto clerked for the late Honorable Ira I. Brown, Jr., Judge of the San Francisco Superior Court. Thereafter, he was employed in the Law Offices of Joseph L. Alioto working on complex litigation, primarily plaintiff's antitrust cases. Mr. Alioto is admitted to the State Bar of California, various Federal District Courts, various Courts of Appeal, and the Supreme Court of the United States.

Mr. Alioto worked with the Law Offices of Joseph L. Alioto for 10 years. He has continued to handle complex litigation and antitrust cases as well as unfair competition and consumer protection cases and class actions in state and federal courts throughout the country. Mr. Alioto has represented both plaintiffs and defendants in these cases. He has had extensive trial court and appellate court experience as well as experience in arbitration proceedings.

Mr. Alioto was one of the first lawyers in California to successfully prosecute indirect purchaser antitrust class actions under the Cartwright Act and the Unfair Competition Act. He was counsel in the landmark decision <u>Crown Oil v. Superior Court</u>, 177 Cal. App. 3d 604 (1986), which upheld the right of indirect purchasers to sue under the Cartwright Act after their claims had been barred under federal law by the decision in <u>Illinois Brick v. Illinois</u>, 431 U.S. 720 (1977). As a result of the <u>Crown Oil</u> decision, California consumers and businesses have recovered millions of dollars in relief which would otherwise have been barred under <u>Illinois Brick</u>.

In over 40 years of practice in this area, Mr. Alioto has handled approximately 50 antitrust cases. He has served in leadership roles in most of these cases and has been Lead or Liaison Counsel in many of them. This experience has enabled Mr. Alioto to prosecute these cases efficiently and

achieve favorable settlements without unnecessary demands on judicial resources.

Mr. Alioto has handled these cases in collaboration with other law firms when circumstances warranted this, and has also demonstrated the ability to handle these cases effectively without the assistance of a consortium of other law firms. Mr. Alioto has been involved in a number of jury trials in state and federal court, including the trial of antitrust cases as the lead trial lawyer. He has handled approximately 30 appeals as well.

Mr. Alioto obtained relief of approximately $50 million for California consumers on account of improper automobile repossession practices by two large finance companies. This result was obtained primarily by Mr. Alioto and his firm Trump, Alioto, Trump & Prescott, LLP, with the assistance of one other firm. In approving the settlement in that matter, the Honorable Daniel M. Hanlon (Ret.) noted that Trump, Alioto, Trump & Prescott, LLP had handled the litigation "effectively and efficiently" and that counsel was "experienced and competent" and had obtained an "excellent settlement."

Similarly, in granting class certification and appointing Trump, Alioto, Trump & Prescott, LLP Co-Lead Counsel for the class in the indirect purchaser OSB Antitrust Litigation, Case No. 06-00826-PSD, Judge Paul S. Diamond of the Eastern District of Pennsylvania stated that Trump, Alioto, Trump & Prescott, LLP "are experienced, class action litigators" and "have vigorously and capably prosecuted this extremely demanding case, and I am satisfied that they will continue to do so."

Mr. Alioto was selected to serve as sole interim lead counsel for the indirect purchaser plaintiffs by the Honorable Samuel Conti of the United States District Court of the Northern District of California in *In re Cathode Ray Tube (CRT) Antitrust Litigation,* 2008 WL 2024957, *2 (N.D. Cal. May 9, 2008) ("*CRT*"). This appointment was affirmed and TATP was appointed as sole lead counsel when the Court granted certification of 22 statewide classes of indirect purchasers under the antitrust and consumer protection statutes of their respective states. *See In re Cathode Ray Tube (CRT) Antitrust Litig.,* 2013 WL 5391159 (N.D. Cal. Sept. 19, 2013).

Mr. Alioto was also selected by the Honorable Robert W. Gettleman of the United States District Court for the Northern District of Illinois to serve as interim co-lead counsel for the indirect purchaser plaintiffs in *In Re:*

*Aftermarket Filters Antitrust Litigation,* Master File No. 1:08-cv-4883-RWG, MDL 1957 (N.D. Ill. Oct. 7, 2008) ("*Filters*").

In 2015, Mr. Alioto concluded a series of settlements in the *CRT* case. These settlements total $576,750,000, the second largest indirect purchaser settlement in history.  In order to obtain these settlements, Mr. Alioto coordinated the efforts of a large number of plaintiffs, including 22 classes of indirect purchasers, a nationwide class of direct purchasers, various large corporate plaintiffs, and various state attorneys general, and also worked in tandem with the United States Department of Justice.

Below is a list of representative complex litigation cases Mr. Alioto has been and is currently involved in.

### **COMPLEX LITIGATION CASES**

1) *In re Arizona Dairy Products Litigation,* Civil No. 74-569A PHX CAM (D. Ariz.) - antitrust price-fixing action brought on behalf of five classes of Arizona purchasers of dairy products.

2) *In re California Armored Cars Litigation,* MDL 387 - antitrust price-fixing action brought on behalf of private class of purchasers in California.

3) *Bolton v. A.R.A. Services, Inc., et al.*, Civil Action No. C-79-2156-SW (N.D. Cal. 1980), antitrust price-fixing action brought on behalf of purchasers of publications.

4) *Day N Night Market v. Roblin Industries, Inc., et al.*, Civil Action No. 772-241 - antitrust price-fixing case for class of indirect purchasers of shopping carts.

5) *Monterosso v. Cambridge-Lee Industries, Inc., et al.*, (S.F. Sup. Ct. 1983) - indirect-purchaser, antitrust class action by California purchasers of copper tubing.

6) *Scarpa v. American Savings & Loan Association, et al.*, (S.F. Sup. Ct. 1984) - Unfair Competition Act for fixing pre-payment and association fees.

7) *California Indirect-Purchaser Infant Formula Antitrust Litigation*, Judicial Council Coordination Proceeding No. 2557 (L.A. Sup. Ct.) - state-wide, Cartwright Act, class action for consumers who purchased infant formula.

8) *Airport Hub Antitrust Litigation (N.D.* Ga.) - nationwide class action for price-fixing of domestic airline ticket prices.

9) *Duke Development Company v. The Stanley Works, et al. (S.F.* Sup. Ct.) -
state-wide, price-fixing, Cartwright Act, class action for indirect purchasers
of hinges.

10) *Exxon Valdez Spill Litigation (L.A.* Sup. Ct.) state-wide class action for
economic damages suffered by California motorists caused by Exxon
Valdez spill.

11) *Los Angeles Waste Antitrust Litigation (*C.D. Cal.) - county-wide, price-
fixing, Cartwright Act class action involving waste disposal.

12) *Leslie K. Bruce, et al. v. Gerber Products Company, et al.,* Civil Case No.
948-857 (S.F. Sup. Ct.) - indirect-purchaser, price-fixing action against
baby food manufacturers.

13) *Nancy Wolf v. Toyota Motor Sales, U.S.A., Inc., et al.,* Civil Action No.
C94-1359-MHP - nationwide, consumer class action alleging that the TDA
Assessment on the dealer invoice was raised pursuant to an antitrust
agreement.

14) *Lee Bright v. Kanzaki Specialty Papers, Inc., et al.,* Civil Action No. 963-
598 (S.F. Sup. Ct.) - indirect-purchaser, consumer class action alleging a
price-fixing conspiracy on fax paper.

15) *Patco Enterprises v. Comet Products, Inc., et al.,* Civil Action No. 961-814
(S.F. Super Ct.) - indirect-purchaser, class action alleging a price-fixing
conspiracy on plastic dinnerware.

16) *In re California X-Ray Antitrust Litigation,* Civil Action No. 960-886 (S.F.
Sup. Ct.) - indirect-purchaser, class action alleging price-fixing in X-ray
film.

17) *In Re Brand Name Prescription Drugs Antitrust Litigation,* Civil Action
No. 94-C-897, MDL 997 (U.S. District Court - Northern District of Illinois,
Eastern Division) - direct-purchaser class action alleging that the prescription
drug manufacturers and wholesalers combined to keep prices unreasonably
high to retail pharmacies.

18) *In Re: Liquid Carbon Dioxide Cases,* Judicial Council Coordination
Proceeding No. 3012 (San Diego Sup. Ct.) - indirect-purchaser class action
alleging price-fixing on carbon dioxide.

19) *Jack Davis v. Microsoft Corporation,* Civil Action No. 963-597 (S.F. Sup.
Ct.) - consumer class action alleging that Microsoft's 6.0 system was flawed
and should be corrected.

20) *In Re Sorbate Price-Fixing Cases;* JCCP 4073 - class action alleging that certain manufacturers of sorbate fixed prices for product sold indirectly to California purchasers.

21) *In Re Methionine Antitrust Litigation,* MDL 1311--class action alleging that certain manufacturers of methionine fixed prices to direct purchasers throughout the United States.

22) *In Re Methionine Cases,* JCCP 4090 - class action alleging that certain manufacturers of methionine fixed prices to indirect purchasers of that product in California

23) *Patco Enterprises, Inc., et al. v. Sunrise Carpet Industries, et al.,* SF Sup. Ct. Action No. 980454 - class action alleging that manufacturers of certain types of carpets fixed prices to indirect purchasers in California.

24) *Sanitary Paper Cases I & II,* JCCP 4019, 4027] - class action alleging that manufacturers of certain types of sanitary paper fixed prices to indirect purchasers in California.

25) *In re: Flat Glass Indirect Purchaser Antitrust Litigation,* JCCP 4033 - class action alleging that manufacturers of certain types of flat glass fixed prices to indirect purchasers in California.

26) *NASDAQ Market Makers Antitrust Litigation,* MDL 1023 94 Civ. 3996 (RWS) - nationwide class action alleging that stock trading commissions were illegally fixed.

27) *In re Vitamin Antitrust Litigation,* JCCP 4076 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

28) *In re Auctions House Antitrust Litigation,* JCCP 4145 - indirect-purchaser antitrust class action alleging that major auction houses fixed buyer commissions.

29) *In re Cigarette Price-Fixing Cases,* JCCP 4114 - California Cartwright Act class action alleging that the tobacco companies fixed prices of cigarettes to pay state settlements.

30) *In re Compact Disc Minimum Advertised Price Antitrust Litigation*, United States District Court, District of Maine, MDL No. 1361—class action alleging price fixing on music compact discs.

31) *In re Laminate Cases,* Alameda Superior Court, Master File No. 304471—indirect purchaser class action alleging price fixing on high pressure laminates.

32) *Swiss American Sausage Co. v. Pfizer, Inc.,* San Francisco Superior Court, No. 305121—indirect purchaser class action alleging price fixing on sodium erythorbate and maltol.

33) *Blair v. Cheil Jedang,* San Francisco Superior Court—indirect purchaser class action alleging price fixing on lysine.

34) *Automobile Repossession Cases,* San Francisco Superior Court—indirect purchaser class action alleging price fixing on automobile repossession services.

35) *Lapidus v. Crown Oil,* San Francisco Superior Court, indirect purchaser class action alleging price fixing on coconut oil.

36) *Behr Wood Sealant Cases,* San Joachin Superior Court—indirect purchaser class action alleging defective wood sealant products.

37) *Food Additives Cases,* Stanislaus Superior Court, JCCP 3261—indirect purchaser class action alleging price fixing on high fructose corn syrup.

38) *In re Liquid Asphalt,* United States District Court for the District of Montana—direct purchaser action alleging price fixing on liquid asphalt.

39) *Panel Roofing,* Los Angeles Superior Court—class action alleging price fixing on panel roofing in the Los Angeles area.

40) *Checking Account Cases,* San Francisco Superior Court—alleging unlawful termination of free checking accounts.

41) *Campbell v. Fireside Thrift,* San Francisco Superior Court, No. 316462—alleging unlawful automobile repossession practices.

42) *Groom v. Ford Motor Credit,* San Francisco Superior Court, JCCP 4281—alleging unlawful automobile repossession practices.

43) *Cipro Cases,* San Diego Superior Court, JCCP 4154 and 4220—alleging unlawful agreement to eliminate generic Cipro from the market.

44) *Labelstock Cases,* San Francisco Superior Court, JCCP 4314, 4318 and 4326—indirect purchaser class action alleging price fixing on pressure sensitive labels.

45) *Credit/Debit Card Tying Cases,* San Francisco Superior Court, JCCP 4335—alleging unlawful tying of debit cards to credit cards.

46) *Gustin Schreiner v. Crompton Corporation,* San Francisco Superior Court, No. CGC-04-429323—indirect purchaser class action alleging price fixing of NBR.

47) *Electrical Carbon Products Cases,* San Francisco Superior Court, JCCP 4294—indirect purchaser class action alleging price fixing on electrical carbon products.

48) *Polyester Staple Cases,* San Francisco Superior Court, JCCP 4278—indirect purchaser class action alleging price fixing on polyester staple.

49) *D-RAM Cases,* San Francisco Superior Court, JCCP 4265—indirect purchaser class action alleging price fixing on D-RAM.

50) *Environmental Technologies Cases,* Alameda Superior Court, JCCP 4257—indirect purchaser class action alleging price fixing on organic peroxide.

51) *Reidel v. Norfalco LLC,* San Francisco Superior Court, No. CGC-03-418080—indirect purchaser class action alleging price fixing of sulfuric acid.

52) *Villa v. Crompton Corporation,* San Francisco Superior Court, No. CGC-03-419116—indirect purchaser class action alleging price fixing of EPDM.

53) *Carbon Black Cases,* San Francisco Superior Court, JCCP 4323—indirect purchaser class action alleging price fixing of Carbon Black.

54) *Urethane Cases,* San Francisco Superior Court, JCCP 4367 -indirect purchaser class action alleging price fixing of urethane.

55) *Catfish Products Cases,* San Francisco Superior Court—indirect purchaser class action alleging price fixing of catfish products.

56) *Fattal v. Noranda*, United States District Court for the District of New Mexico—alleging worldwide price fixing of potash.

57) *In re Corn Derivatives,* United States District Court for the District of New Jersey—alleging nationwide price fixing of corn derivatives.

58) *In Re: California Polychloroprene Antitrust Cases,* Los Angeles Superior Court, JCCP 4376—indirect purchaser class action alleging price fixing of Polychloroprene rubber.

59) *Microsoft Cases I-V,* San Francisco Superior Court, JCCP 4106—indirect purchaser class action alleging monopolization by Microsoft.

60) *California Indirect Purchaser MSG Antitrust Cases,* San Francisco Superior Court, Master File No. 304471—indirect purchaser class action alleging price fixing of monosodium glutamate (MSG).

61) *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1486—indirect purchaser multistate class action alleging price fixing of DRAM memory chips.

62) *In re: Urethane Antitrust Litigation,* United States District Court for the District of Kansas, MDL 1616—direct purchaser class action alleging price fixing of urethane chemicals.

63) *Brock v. Stolt Nielsen S.A. et al.,* San Francisco Superior Court, Case No. 429758—indirect purchaser class action alleging price fixing of shipping services.

64) *The Harman Press v. International Paper Co., et al.,* San Francisco Superior Court, Master File No. 432167—indirect purchaser class action alleging price fixing of publication paper.

65) *In re: Publication Paper Antitrust Litigation,* United States District Court for the District of Connecticut, MDL 1631—direct purchaser class action alleging price fixing of publication paper.

66) *In re: Hydrogen Peroxide Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Master File No. 2:05-cv-00666—indirect purchaser multistate class action alleging price fixing of hydrogen peroxide.

67) *In re OSB Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Master File No. 06-cv-00826—indirect purchaser multistate class action alleging price fixing of OSB.

68) *In re: Methyl Methacrylate (MMA) Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, MDL 1768—indirect purchaser multistate class action alleging price fixing of Methyl Methacrylate (MMA).

69) *Miller, et al. v. Ajinomoto Company, Inc., et al.,* United States District Court for the Eastern District of Pennsylvania, Master File No. 2:06-cv-01862—indirect purchaser multistate class action alleging price fixing of Aspartame.

70) *Brooks, et al. v. Outokumpu Oyj, et al.,* United States District Court for the Western District of Tennessee, Master File No. 2:06-cv-02355—indirect purchaser multistate class action alleging price fixing of ACR Copper Tubing.

71) *In re Intel Corp. Microprocessor Antitrust Litigation,* United States District Court for the District of Delaware, MDL 1717—indirect purchaser multistate class action alleging monopolization by Intel of the United States microprocessor market.

72) *In re International Air Transportation Surcharge Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1793—direct purchaser class action alleging price fixing of airline fuel surcharges on international flights.

73) *In re Static Random Access Memory (SRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1819—indirect purchaser multistate class action alleging price fixing of SRAM memory chips.

74) *In re Graphics Processing Units Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1826—direct purchaser class action alleging price fixing of Graphics Processing Units.

75) *In re: TFT-LCD (Flat Panel) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1827—direct purchaser class action alleging price fixing of TFT-LCDs or flat panels.

76) *In re Korean Airlines Passenger Antitrust Litigation,* United States District Court for the Central District of California, MDL 1891—direct purchaser class action alleging price fixing of passenger airline tickets on flights between the United States and South Korea.

77) *In re: LTL Shipping Antitrust Litigation,* United States District Court for the Northern District of Georgia, MDL 1895—indirect purchaser multistate class action alleging price fixing of fuel surcharges on "less than truckload" freight services.

78) *In re: Transpacific Passenger Air Transportation Antitrust Litigation,* MDL No. 1913—direct purchaser class action alleging price fixing of passenger airline tickets on flights containing at least one transpacific flight segment to or from the United States.

79) *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation,* United States District Court for the Northern District of California, MDL No. 1917—indirect

purchaser class action alleging price fixing of cathode ray tubes (CRTs) and products containing CRTs sold in the United States.

80) *In Re: Chocolate Confectionary Antitrust Litigation,* United States District Court for the Western District of Pennsylvania, MDL No. 1935—indirect purchaser class action alleging price fixing of chocolate confectionary products sold in the United States.

81) *In Re: Packaged Ice Antitrust Litigation,* United States District Court for the Eastern District of Michigan, MDL No. 1952—direct purchaser class action alleging price fixing of Packaged Ice sold in the United States.

82) *In Re: Aftermarket Filters Antitrust Litigation,* United States District Court for the Eastern District of Michigan, MDL 1957—indirect purchaser class action alleging price fixing of aftermarket automotive filters sold in the United States.

83) *In Re: Hawaiian and Guamanian Cabotage Antitrust Litigation,* United States District Court for the Western District of Washington, MDL No. 1972—direct purchaser class action alleging price fixing of domestic shipping services between the United States and Hawaii.

84) *In Re: Refrigerant Compressors Antitrust Litigation*, United States District Court for the Eastern District of Michigan, MDL No. 2042—indirect purchaser class action alleging price fixing of Hermetic Compressors sold in the United States.

# JOSEPH MARIO PATANE
*Curriculum Vitae*

Born San Francisco, California, February 20, 1950.

Education:  BA San Francisco State University, 1973; University of San Francisco School of Law 1976;  LLM Taxation, Golden Gate University School of Law 1981.

Legal Experience: Associate Trump, Kouba & Dickson, 1977-1982; Law Office of Joseph M. Patane 1982;  Presently Of Counsel to Trump, Alioto, Trump & Prescott  LLP.

Below is a list of representative complex litigation cases Mr. Patane has been and is currently involved in.

## COMPLEX LITIGATION CASES

## Complex Litigation Cases

1. **In re California Armored Cars Litigation**, MDL 387-antitrust price-fixing action brought on behalf of private class of purchasers in California.

2. **Bolton v. A.R.A. Services, Inc., et al.,** Civil Action No. C-79-2156-SW (N.D. Cal. 1980), antirust price-fixing action brought on behalf of purchasers of publications.

3. **Day N Night Market v. Robin Industries, Inc., et al.,** Civil Action No. 772-241-antitrust price-fixing case for class of indirect purchasers of shopping carts.

4. **Monterosso v. Cambridge-Lee Industries, Inc., et al.,** (S.F. Sup. Ct. 1983)-indirect-purchaser, antitrust class action by California purchasers of copper tubing.

5. **Duke Development Company v. The Stanley Works, et al.** (S. F. Sup Ct.)-state0wide, price-fixing, Cartwright Act, class action for indirect purchasers of hinges.

6. **Nancy Wolf v. Toyota Motor Sales. U.S.A., Inc., et al.,** Civil Action No. C94-1359-MHP-nationwide, consumer class action alleging that the TDA Assessment on the dealer invoice was raised pursuant to an antirust agreement.

7. **Lee Bright v. Kanzaki Specialty Papers, Inc., et al.,** Civil Action No. 963-598 (S.F. Sup. Ct.)-indirect-purchaser, consumer class action alleging a price-fixing conspiracy on fax paper.

8. **Patco Enterprises v. Comet Products, Inc., et al.,** Civil Action No. 961-814 (S.F. Super Ct.)-indirect-purchaser, class action alleging a price-fixing conspiracy on plastic dinnerware.

9. **In Re: Liquid Carbon Dioxide Cases,** Judicial Council Coordination Proceeding No. 3012 (San Diego Sup. Ct.)-indirect-purchaser class action alleging price-fixing on Carbon Dioxide.

10. **In Re: Sorbate Price-Fixing Cases;** JCCP 4073-class action alleging that certain manufacturers of sorbate fixed prices of that product sold indirectly to California purchasers.

11. **In Re Methionine Antirust Litigation,** MDL 1311-class action alleging that certain manufacturers of methionine fixed prices to direct purchasers throughout the United States.

12. **In Re Methionine Cases,** JCCP 4090-class action alleging that certain manufacturers of methionine fixed prices to indirect purchasers of that product in California.

13. **Patco Enterprises, Inc., et al. V. Sunrise Carpet Industries, et al.,** SF Sup. St. Action No 980454-class action alleging that manufacturers of certain types of carpets fixed prices to indirect purchasers in California.

14. **In re Vitamin Antitrust Litigation,** JCCP 4076-statewide class action by indirect purchasers alleging a price-fixing conspiracy.

15. **In re Auction House Antitrust Litigation,** JCCP 4145-indirect-purchaer antirust class action alleging that major auction houses fixed buyer commissions.

16. **In re Cigarette Price-Fixing Cases,** JCCP 4114-Califonia Cartwright Act class action alleging that the tobacco companies fixed prices of cigarettes to pay state settlements.

17. **In re Compact Disc Minimum Advertised Price Antitrust Litigation,** United States District Court, District of Maine, MDL No. 1361-class action alleging price fixing on music compact discs.

18. **In re Laminate Cases,** Alameda Superior Court, Master File No. 304471-indirect purchaser class action alleging price fixing on high pressure laminates.

19. **Swiss American Sausage Co v. Pfizer, Inc.,** San Francisco Superior Court, No. 305121-indirect purchaser class action alleging price fixing on sodium erythorbate and maltol.

20. **Lapidus v. Crown Oil,** San Francisco Superior Court, indirect purchaser class action alleging price fixing on coconut oil.

21. **Behr Wood Sealant Cases,** San Joachin Superior Court-indirect purchaser class action alleging defective wood sealant products.

22. **Panel Roofing,** Los Angeles Superior Court-class action alleging price fixing on panel roofing in the Los Angeles area.

23. **Cipro Cases,** San Diego Superior Court, JCCP 4154 and 4220-alleging unlawful agreement to eliminate generic Cipro from the market.

24. **Labelstock Cases**, San Francisco Superior Court, JCCP 4314, 4318 and 4326-indirect purchaser class action alleging price fixing on pressure sensitive labels.

25. **Credit/Debit Cart Typing Cases**, San Francisco Superior Court, JCCP 4335-alleging unlawful typing of debit cards to credit cards.

26. **Gustin Schreiner v. Crompton Corporation**, San Francisco Superior Court, No. CGC-04-429323-indirect purchaser class action alleging price fixing of NBR.

27. **Electrical Carbon Products Cases**, San Francisco Superior Court, JCCP 4294-indrect purchaser class action alleging price fixing on electrical carbon products.

28. **Polyester Staple Cases**, San Francisco Superior Court, JCCP 4278-indirect purchaser class action alleging price fixing on polyester staple.

29. **DRAM Cases**, San Francisco Superior Court, JCCP 4265 and U.S. District Court for the Northern District of California. -indirect purchaser class action alleging price fixing on DRAM.

30. **Environmental Technologies Cases**, Alameda Superior Court, JCCP 4257-indirect purchaser class action alleging price fixing on organic peroxide.

31. **Reidel v. Norfalco LLC**, San Francisco Superior Court, No. CGC-03-418080-indirect purchaser class action alleging price fixing of sulfuric acid.

32. **Villa v. Crompton Corporation**, San Francisco Superior Court, No. CGC-03-418080-indirect purchaser class action alleging price fixing of EPDM.

33. **Carbon Black Cases**, San Francisco Superior Court, JCCP No. 4324-indirect purchaser class action alleging price fixing of Carbon Black.

34. **Urethane Cases**, San Francisco Superior Court, JCCP No. 4367-indrect purchaser class action alleging price fixing of urethane.

35. **In Re Polychloroprene Antitrust Cases**, JCCP No. 4376, Los Angeles Superior Court-indirect purchaser class action alleging price fixing of polychloroprene rubber.

36. **The Harman Press et al.**, v. International Paper Co. Master File No. CGC-04-432167, San Francisco Superior Court-indirect purchaser class action alleging price fixing of publication paper.

37. **California Indirect Purchaser MSG-Antitrust Cases.** Master File No. 3044471, San Francisco Superior Court.  Indirect Purchaser class action alleging price fixing of Monosodium Glutamate.

38. **In Re: OSB Antitrust Litigation** Master File: No 06-CV-00826 (PSD) US District Court for the Eastern District of Pennsylvania .  Indirect Purchaser class action alleging price fixing of Oriented Strand Board.

39. **IN RE; TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION.** MDL No. M-07-1827-SI. US District Court for the Northern District of California. Indirect Purchaser class action alleging price fixing of LCD Products, including Televisions, Computer Monitors and Laptops.

40. **In Re CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION.** MDL No. M-07-5944 SC. US District Court for the Northern District of California. Indirect Purchaser class action alleging price fixing of CRT Products, including Televisions and Computer Monitors.

# LAUREN C. CAPURRO

*Curriculum Vitae*

Ms. Capurro is a 2002 graduate of the University Of Leeds, England with a Bachelor of Laws (LLB) with a specialization in European Law.  Ms. Capurro also holds a D.E.U.G. Deux en Driot (2nd Year Diploma in Law) from L'Université Du Maine, Le Mans, France.  She is also a 2004 graduate of the University Of California Hastings College of the Law with a Master of Laws (LLM) degree.  While at U.C. Hastings, Ms. Capurro was the recipient of the CALI Academic Excellence Award and Witkin Award for Legal Research and Writing.

Ms. Capurro is admitted to practice before the State Bar of New York and the State Bar of California.  She is also a qualified Solicitor admitted to practice before the courts of England and Wales.  She is also admitted to practice before the United States Court of Appeals for the Ninth Circuit and several United States District Courts across the United States.

Upon graduation from law school, Ms. Capurro joined Trump, Alioto, Trump & Prescott, LLP working on complex civil litigation.  Her practice focuses on state and federal antitrust, unfair competition and consumer protection class actions.  During 12 years of practice in this area, Ms. Capurro has been involved in around 40 such cases.  Ms. Capurro has significant experience representing plaintiffs in complex civil litigation, particularly antitrust class actions in federal court.

Ms. Capurro has played a lead role along with other members of Trump, Alioto, Trump & Prescott, LLP as sole lead counsel for the indirect purchaser plaintiffs in *In re Cathode Ray Tube (CRT) Antitrust Litigation,* 3:07-cv-5944-SC, pending before the Honorable Samuel Conti in the United States District Court for the Northern District of California.  She also played a lead role as part of a four-firm co-lead counsel structure in the *In Re: Aftermarket Filters Antitrust Litigation,* 1:08-cv-4883-RWG, before the Honorable Robert W. Gettleman in the United States District Court for the Northern District of Illinois.

Ms. Capurro has been recognized by Northern California Super Lawyers as a Rising Star of Antitrust Law every year from 2012 to 2018.  In 2015, Ms. Capurro was one of only four attorneys selected as a finalist for

1

the American Antitrust Institute's Young Lawyer Achievement Award for her work in the *CRT* case.

Below is a list of representative complex litigation cases Ms. Capurro has been and is currently involved in.

## COMPLEX LITIGATION CASES

1) *In re: Flat Glass Indirect Purchaser Antitrust Litigation,* JCCP 4033 - class action alleging that manufacturers of certain types of flat glass fixed prices to indirect purchasers in California.

2) *In re Laminate Cases,* Alameda Superior Court, Master File No. 304471—indirect purchaser class action alleging price fixing on high pressure laminates.

3) *Food Additives Cases,* Stanislaus Superior Court, JCCP 3261—indirect purchaser class action alleging price fixing on high fructose corn syrup.

4) *Cipro Cases,* San Diego Superior Court, JCCP 4154 and 4220—alleging unlawful agreement to eliminate generic Cipro from the market.

5) *Labelstock Cases,* San Francisco Superior Court, JCCP 4314, 4318 and 4326—indirect purchaser class action alleging price fixing on pressure sensitive labels.

6) *Credit/Debit Card Tying Cases,* San Francisco Superior Court, JCCP 4335—alleging unlawful tying of debit cards to credit cards.

7) *Gustin Schreiner v. Crompton Corporation,* San Francisco Superior Court, No. CGC-04-429323—indirect purchaser class action alleging price fixing of NBR.

8) *Electrical Carbon Products Cases,* San Francisco Superior Court, JCCP 4294—indirect purchaser class action alleging price fixing on electrical carbon products.

9) *Polyester Staple Cases,* San Francisco Superior Court, JCCP 4278—indirect purchaser class action alleging price fixing on polyester staple.

10) *DRAM Cases,* San Francisco Superior Court, JCCP 4265—indirect purchaser class action alleging price fixing on D-RAM.

11) *Environmental Technologies Cases,* Alameda Superior Court, JCCP 4257—indirect purchaser class action alleging price fixing on organic peroxide.

12) *Reidel v. Norfalco LLC,* San Francisco Superior Court, No. CGC-03-418080—indirect purchaser class action alleging price fixing of sulfuric acid.

13) *Villa v. Crompton Corporation,* San Francisco Superior Court, No. CGC-03-419116—indirect purchaser class action alleging price fixing of EPDM.

14) *Carbon Black Cases,* San Francisco Superior Court, JCCP 4323—indirect purchaser class action alleging price fixing of Carbon Black.

15) *Urethane Cases,* San Francisco Superior Court, JCCP 4367 -indirect purchaser class action alleging price fixing of urethane.

16) *In Re: California Polychloroprene Antitrust Cases,* Los Angeles Superior Court, JCCP 4376—indirect purchaser class action alleging price fixing of Polychloroprene rubber.

17) *California Indirect Purchaser MSG Antitrust Cases,* San Francisco Superior Court, Master File No. 304471—indirect purchaser class action alleging price fixing of monosodium glutamate (MSG).

18) *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1486—indirect purchaser multistate class action alleging price fixing of DRAM memory chips.

19) *In re: Urethane Antitrust Litigation,* United States District Court for the District of Kansas, MDL 1616—direct purchaser class action alleging price fixing of urethane chemicals.

20) *Brock v. Stolt Nielsen S.A. et al.,* San Francisco Superior Court, Case No. 429758—indirect purchaser class action alleging price fixing of shipping services.

21) *The Harman Press v. International Paper Co., et al.,* San Francisco Superior Court, Master File No. 432167—indirect purchaser class action alleging price fixing of publication paper.

22) *In re: Publication Paper Antitrust Litigation,* United States District Court for the District of Connecticut, MDL 1631—direct purchaser class action alleging price fixing of publication paper.

23) *In re: Hydrogen Peroxide Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Master File No. 2:05-cv-00666—indirect purchaser multistate class action alleging price fixing of hydrogen peroxide.

24) *In re OSB Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Master File No. 06-cv-00826—indirect purchaser multistate class action alleging price fixing of OSB.

25) *In re: Methyl Methacrylate (MMA) Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, MDL 1768—indirect purchaser multistate class action alleging price fixing of Methyl Methacrylate (MMA).

26) *Miller, et al. v. Ajinomoto Company, Inc., et al.,* United States District Court for the Eastern District of Pennsylvania, Master File No. 2:06-cv-01862—indirect purchaser multistate class action alleging price fixing of Aspartame.

27) *Brooks, et al. v. Outokumpu Oyj, et al.,* United States District Court for the Western District of Tennessee, Master File No. 2:06-cv-02355—indirect purchaser multistate class action alleging price fixing of ACR Copper Tubing.

28) *In re Intel Corp. Microprocessor Antitrust Litigation,* United States District Court for the District of Delaware, MDL 1717—indirect purchaser multistate class action alleging monopolization by Intel of the United States microprocessor market.

29) *In re International Air Transportation Surcharge Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1793—direct purchaser class action alleging price fixing of airline fuel surcharges on international flights.

30) *In re Static Random Access Memory (SRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1819—indirect purchaser multistate class action alleging price fixing of SRAM memory chips.

31) *In re Graphics Processing Units Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1826—direct purchaser class action alleging price fixing of Graphics Processing Units.

32) *In re: TFT-LCD (Flat Panel) Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1827—direct purchaser class action alleging price fixing of TFT-LCDs or flat panels.

33) *In re Korean Airlines Passenger Antitrust Litigation,* United States District Court for the Central District of California, MDL 1891—direct purchaser

class action alleging price fixing of passenger airline tickets on flights between the United States and South Korea.

34) *In re: LTL Shipping Antitrust Litigation,* United States District Court for the Northern District of Georgia, MDL 1895—indirect purchaser multistate class action alleging price fixing of fuel surcharges on "less than truckload" freight services.

35) *In re: Transpacific Passenger Air Transportation Antitrust Litigation,* MDL No. 1913—direct purchaser class action alleging price fixing of passenger airline tickets on flights containing at least one transpacific flight segment to or from the United States.

36) *In Re: Cathode Ray Tubes (CRT) Antitrust Litigation,* United States District Court for the Northern District of California, MDL No. 1917—indirect purchaser class action alleging price fixing of cathode ray tubes (CRTs) and products containing CRTs sold in the United States.

37) *In Re: Chocolate Confectionary Antitrust Litigation,* United States District Court for the Western District of Pennsylvania, MDL No. 1935—indirect purchaser class action alleging price fixing of chocolate confectionary products sold in the United States.

38) *In Re: Packaged Ice Antitrust Litigation,* United States District Court for the Eastern District of Michigan, MDL No. 1952—direct purchaser class action alleging price fixing of Packaged Ice sold in the United States.

39) *In Re: Aftermarket Filters Antitrust Litigation,* United States District Court for the Eastern District of Michigan, MDL 1957—indirect purchaser class action alleging price fixing of aftermarket automotive filters sold in the United States.

40) *In Re: Hawaiian and Guamanian Cabotage Antitrust Litigation,* United States District Court for the Western District of Washington, MDL No. 1972—direct purchaser class action alleging price fixing of domestic shipping services between the United States and Hawaii.

41) *In Re: Refrigerant Compressors Antitrust Litigation*, United States District Court for the Eastern District of Michigan, MDL No. 2042—indirect purchaser class action alleging price fixing of Hermetic Compressors sold in the United States.

42) *In re Packaged Seafood Products Antitrust Litigation,* United States District Court for the Southern District of California, Case No. 15-MD-2670 JLS (MDD)—indirect purchaser class action alleging price fixing of packaged seafood products such as canned tuna.

# EXHIBIT 2

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|---|---|
| Reporting Year | 2015 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mario N. Alioto (P) | $ 875.00 | | | | 1.0 | | | | | | | | | 1.0 | $ 875.00 |
| Joseph M. Patane (P) | $ 800.00 | | | | | | | | | | | | | 0.0 | $ - |
| Lauren C. Capurro (A) | $ 580.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | $ 875.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|---|---|
| Reporting Year | 2016 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mario N. Alioto (P) | $ 875.00 | | 0.3 | | 3.5 | | | | | | | | | 3.8 | $ 3,325.00 |
| Joseph M. Patane (P) | $ 800.00 | | | | | | | | | | | | | 0.0 | $ - |
| Lauren C. Capurro (A) | $ 580.00 | 0.3 | | | 1.0 | | | | | | | 0.2 | | 1.5 | $ 870.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.3 | 0.3 | 0.0 | 4.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.2 | 0.0 | 5.3 | $ 4,195.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|---|---|
| Reporting Year | 2017 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mario N. Alioto (P) | $ 875.00 | 20.8 | 2.5 | | | | | 2.0 | 0.8 | | 116.0 | 116.0 | | 258.0 | $ 225,750.00 |
| Joseph M. Patane (P) | $ 800.00 | 10.8 | 2.0 | 6.0 | | | | | | 0.8 | 14.5 | 37.8 | | 71.9 | $ 57,480.00 |
| Lauren C. Capurro (A) | $ 600.00 | 10.4 | | 3.4 | 1.3 | | | | | 40.1 | 99.7 | 91.8 | | 246.7 | $ 148,020.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 42.0 | 4.5 | 9.4 | 1.3 | 0.0 | 0.0 | 2.0 | 0.8 | 40.9 | 230.2 | 245.6 | 0.0 | 576.6 | $ 431,250.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|---|---|
| Reporting Year | 2018 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mario N. Alioto (P) | $ 875.00 | 7.3 | 22.0 | | | | | | 1.5 | 2.3 | 84.0 | 8.0 | | 125.1 | $ 109,418.75 |
| Joseph M. Patane (P) | $ 800.00 | 7.0 | | 0.8 | | | | | | | | 40.5 | | 48.3 | $ 38,640.00 |
| Lauren C. Capurro (A) | $ 600.00 | 12.8 | | | | | | | | 8.0 | 125.0 | 71.9 | | 217.7 | $ 130,620.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 27.1 | 22.0 | 0.8 | 0.0 | 0.0 | 0.0 | 0.0 | 1.5 | 10.3 | 209.0 | 120.4 | 0.0 | 391.1 | $ 278,678.75 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|---|---|
| Reporting Year | 2019 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mario N. Alioto (P) | $ 875.00 | 4.0 | | | | | | | | | 12.3 | | | 16.3 | $ 14,218.75 |
| Joseph M. Patane (P) | $ 800.00 | 8.0 | | | | | | | | | 3.0 | | | 11.0 | $ 8,800.00 |
| Lauren C. Capurro (A) | $ 600.00 | 8.3 | 0.2 | 3.5 | | | | | | | 34.1 | | | 46.1 | $ 27,660.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 20.3 | 0.2 | 3.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 49.4 | 0.0 | 0.0 | 73.4 | $ 50,678.75 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|-----------|--------------------------------------|
| Reporting Year | 2020 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|-------------|-------------|---|---|---|---|---|---|---|---|---|----|----|----|-------|----------|
| Mario N. Alioto (P) | $ 875.00 | 4.0 | | | | | | | | | 12.8 | | | 16.8 | $ 14,656.25 |
| Joseph M. Patane (P) | $ 800.00 | 8.0 | | | | | | | | | | | | 8.0 | $ 6,400.00 |
| Lauren C. Capurro (P) | $ 600.00 | 7.1 | | | | | | | | 30.6 | 67.1 | | | 104.8 | $ 62,880.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 19.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 30.6 | 79.9 | 0.0 | 0.0 | 129.6 | $ 83,936.25 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|---|---|
| Reporting Year | 2021 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mario N. Alioto (P) | $ 950.00 | | | | | | | | 2.0 | | 23.8 | | | 25.8 | $ 24,510.00 |
| Joseph M. Patane (P) | $ 900.00 | 6.0 | | | | | | | | | | | | 6.0 | $ 5,400.00 |
| Lauren C. Capurro (P) | $ 700.00 | 6.2 | | | | | | | 2.0 | | 33.7 | | | 41.9 | $ 29,330.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 12.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.0 | 0.0 | 57.5 | 0.0 | 0.0 | 73.7 | $ 59,240.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|---|---|
| Reporting Year | 2022 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mario N. Alioto (P) | $ 950.00 | 10.0 | | | | | | | | | | 36.3 | | | 46.3 | $ 43,985.00 |
| Joseph M. Patane (P) | $ 900.00 | 7.5 | | | | | | | | | | | | | 7.5 | $ 6,750.00 |
| Lauren C. Capurro (P) | $ 700.00 | 10.7 | | | | | | | | | 0.8 | 78.1 | | | 89.6 | $ 62,720.00 |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | | 0.0 | $ - |
| | | 28.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.8 | 114.4 | 0.0 | 0.0 | 143.4 | $ 113,455.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|---|---|
| Reporting Year | 2023 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mario N. Alioto (P) | $ 950.00 | 2.0 | | | | | | | | | 32.8 | | | 34.8 | $ 33,012.50 |
| Joseph M. Patane (P) | $ 900.00 | 0.5 | | | | | | | | | | | | 0.5 | $ 450.00 |
| Lauren C. Capurro (P) | $ 700.00 | 6.9 | | | | | | | | 12.0 | 62.4 | | | 81.3 | $ 56,910.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 9.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 12.0 | 95.2 | 0.0 | 0.0 | 116.6 | $ 90,372.50 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|---|---|
| Reporting Year | Sept. 15, 2015 through Mar. 6, 2023 |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | | 0.0 | 0.0 | 0.0 | 1.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.0 | $ 875.00 |
| 2016 | | 0.3 | 0.3 | 0.0 | 4.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.2 | 0.0 | 5.3 | $ 4,195.00 |
| 2017 | | 42.0 | 4.5 | 9.4 | 1.3 | 0.0 | 0.0 | 2.0 | 0.8 | 40.9 | 230.2 | 245.6 | 0.0 | 576.6 | $ 431,250.00 |
| 2018 | | 27.1 | 22.0 | 0.8 | 0.0 | 0.0 | 0.0 | 0.0 | 1.5 | 10.3 | 209.0 | 120.4 | 0.0 | 391.1 | $ 278,678.75 |
| 2019 | | 20.3 | 0.2 | 3.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 49.4 | 0.0 | 0.0 | 73.4 | $ 50,678.75 |
| 2020 | | 19.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 30.6 | 79.9 | 0.0 | 0.0 | 129.6 | $ 83,936.25 |
| 2021 | | 12.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.0 | 0.0 | 0.0 | 57.5 | 0.0 | 0.0 | 73.7 | $ 59,240.00 |
| 2022 | | 28.2 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.8 | 114.4 | 0.0 | 0.0 | 143.4 | $ 113,455.00 |
| 2023 | | 9.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 12.0 | 95.2 | 0.0 | 0.0 | 116.6 | $ 90,372.50 |
| | | 158.6 | 27.0 | 13.7 | 6.8 | 0.0 | 0.0 | 2.0 | 6.3 | 94.6 | 835.5 | 366.2 | 0.0 | 1510.5 | $ 1,112,681.25 |

| STATUS: | |
|---|---|
| (P) | Partner |
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

**EXHIBIT 3**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**EXPENSE SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Trump, Alioto, Trump & Prescott, LLP |
|---|---|
| Reporting Year | Sept. 16, 2015 through Mar. 6, 2023 |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| | | |
| Assessments | | |
| Outside Copies | | |
| In-house Reproduction /Copies | | |
| Court Costs & Filing Fees | $ | 410.50 |
| Court Reporters 7 Transcripts | | |
| Computer Research | $ | 180.70 |
| Telephone & Facsimile | | |
| Postage/Courier (paid from Litigation Fund) | $ | 108.73 |
| Professional Fees (investigator, accountant, etc.) | | |
| Experts          (paid from Litigation Fund) | $ | 5,475.00 |
| Witness / Service Fees | | |
| Travel: Airfare | | |
| Travel: Lodging/Meals | $ | 323.77 |
| Travel: Other | | |
| Car Rental/Cabfare/Parking | $ | 29.00 |
| Other Expenses     (paid from Litigation Fund) | $ | 200.00 |
| | | |
| | $ | 6,727.70 |

# EXHIBIT 2

CHRISTOPHER T. MICHELETTI (136446)
JUDITH A. ZAHID (215418)
QIANWEI FU (242669)
ZELLE LLP
555 12th Street, Suite 1230
Oakland, CA 94607
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
cmicheletti@zellelaw.com
jzahid@zellelaw.com
qfu@zellelaw.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-05944-JST<br>Case No. 4:17-cv-04067-JST |
| | **CLASS ACTION** |
| This Document Relates to: | **DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS** |
| *Luscher, et al. v. Mitsubishi Electric Corp.*, No. 4:17-cv-04067-JST | |
| | Judge: Honorable Jon S. Tigar<br>Courtroom: 5, 2nd Floor |

I, Christopher T. Micheletti, declare as follows:

1.      I am an attorney licensed to practice before the courts of State of California and am admitted to practice before this Court. I am a partner in the law firm Zelle LLP.  I submit this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in the Indirect Purchaser Plaintiffs' ("IPPs") Application for Attorneys' Fees, Expenses and Incentive Awards. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.      My firm is counsel of record in this case, and represents court-appointed class representative plaintiff Kerry Lee Hall, as well as named plaintiffs Michael Juetten and Chad Klebs.  A brief description of my firm is attached as Exhibit 1 and incorporated herein by reference.

3.      Throughout the course of this litigation, my firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred. All of the time and expenses reported by my firm were incurred for the benefit of IPPs.

4.      During the course of this litigation, my firm has been involved in the following tasks and activities on behalf of the IPPs: First, as detailed in my prior Declaration In Support Of Plaintiffs' Application For Attorneys' Fees, Expenses And Incentive Awards (ECF No. 4073-3) (dated Sept. 21, 2015), Zelle's roles from case inception included advising and assisting Lead Counsel, from the outset of the case through 2015, with the overall case strategy and direction; major responsibilities for electronic or E-discovery, including discovery-related protocols and database processes; supervision and pursuit of defendant and third party transactional data and related discovery; primary responsibility, with Lead Counsel, for virtually all aspects of the class certification proceedings in this matter, including expert work, briefing and oral argument; taking numerous Rule 30(b)(6) and fact/merits depositions of a major defendant group; primary responsibility, with Lead Counsel, for all the expert work in the case, including IPPs' and defendants' class certification reports, merits reports and expert discovery; and, significant roles in preparation for trial. During the time period June 1, 2015 through Jan. 31, 2023, my firm also

1

DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS
Case No. 4:07-cv-5944, MDL No. 1917

performed tasks and activities related to filing of claims against and settlement with defendant Mitsubishi Electric Company ("Mitsubishi").  These tasks included, among others, the following: advising and assisting Lead Counsel, from June 2017 to the present with the overall Mitsubishi case strategy and direction; researching and preparation of the complaint filed in July 2017; review and analysis of, and confer with lead counsel regarding strategies pertaining to, a settlement with Mitsubishi; work on the written settlement agreement with Mitsubishi; evaluation of the reasonableness of the Mitsubishi settlement; review, analysis and preparation of the plan of distribution related to the Mitsubishi settlement; assist in preparation of the motion for preliminary approval of the Mitsubishi settlement; review, analysis and work on response to objections to Mitsubishi plan of distribution; review, analysis and work on notice to class members regarding Mitsubishi settlement; and work on amendment to Mitsubishi complaint.

5.     The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary of the amount of time spent by my firm's partners, attorneys and professional support staff on the litigation against Mitsubishi Electric from June 1, 2015 through January 31, 2023. The lodestar calculation is based on my firm's historical billing rates in effect at the time services were performed and current rates are on a separate table.  Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained by my firm.  The hourly rates for my firm's partners, attorneys and professional support staff included in Exhibit 2 were at the time the work was performed the usual and customary hourly rates charged for their services in similar complex litigation and the current rates of the firm. My firm previously submitted a detailed summary of the time spent on this litigation for the period from inception through May 31, 2015. *See* ECF No. ECF No. 4073-3.

6.     The total number of hours reasonably expended on the litigation against Mitsubishi Electric by my firm from June 1, 2015 through January 31, 2023 is 337 hours. My firm's lodestar for these hours at historical rates is $251,166.00, and $289,256.50 at current rates. This time does not include the substantial number of hours my firm spent defending the settlements with the other defendants during this same time period.

DECLARATION OF CHRISTOPHER T. MICHELETTI IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

7.     The Court previously approved a current rate lodestar of $8,095,456.58 for my firm (total current rate lodestar minus 10 percent). The total lodestar for my firm at current rates is $8,384,713.08. Expense items are billed separately and are not duplicated in my firm's lodestar.

8.     The expenses my firm incurred in litigating this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, invoices, receipts, check records and other source materials and accurately reflect the expenses incurred. My firm's expense records are available for inspection by the Court if necessary.

9.     My firm incurred a total of $922.51 in unreimbursed expenses, all of which were reasonable and necessary for the prosecution of this litigation. A summary of those expenses by category is attached as Exhibit 3.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 1st day of March, 2023, in Castro Valley, California.

/s/ Christopher T. Micheletti

# EXHIBIT 1



# FIRM RESUME

## FIRM PROFILE

### Overview

Zelle is a national and international law firm specializing in complex litigation, with more than 90 attorneys in offices in Atlanta, Boston, Dallas, Fort Lauderdale, London, Minneapolis, New York, Oakland, Philadelphia and Washington, D.C. Zelle is among the preeminent antitrust class action litigation firms in the United States with 14 antitrust litigators in offices in Oakland, Washington, D.C. and Minneapolis—9 of whom are women and/or of color. Zelle's Antitrust Practice Group comprises a cohesive group of skilled attorneys who elevate their performance through a collaborative approach with colleagues and clients. The team's antitrust experience covers a broad spectrum of sectors, including energy, financial services, technology, automotive, transportation, and healthcare. Women occupy important positions of leadership in the practice area and in firm management.

### Recognitions

Zelle's long-time focus and success in the area of plaintiff antitrust class actions has earned the firm top marks from leading ranking services. *U.S. News & World Report – Best Lawyers in America* has named Zelle a "Tier 1" firm for antitrust litigation in the San Francisco metropolitan area for eight straight years. *The Legal 500* in 2020 named Zelle a "Tier 1" firm for antitrust class actions, has ranked Zelle in the first or second tier for twelve consecutive years, and described Zelle as "[o]ne of the premier plaintiff-side antitrust firms" and a "nationwide leader of the plaintiff antitrust bar."

## ANTITRUST LITIGATION EXPERIENCE

### Indirect-Purchaser End-User Cases - Leadership Positions and Central Roles

Zelle and/or members of its Antitrust Practice Group have held leadership positions for end-user classes and/or had other central roles in numerous antitrust class actions over the past 20 years. Many of these are nationwide MDLs that involved collaboration or coordination with a large number of counsel on both sides of the aisle and forming close working relationships with the State Attorneys General:

- *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, MDL No. 2918 (N.D. Cal.). Court-appointed Interim Co-Lead Class Counsel for end users. This matter involves alleged price-fixing of a critical component of hard disk drives.

- *In re Static Random Access Memory (SRAM) Antitrust Litig.*, MDL No. 1819 (N.D. Cal.). Court-appointed Lead Counsel for 25 certified statewide damages classes of end users in matter alleging price-fixing of computer memory chips. The SRAM chips at issue were sold as part of finished products such as routers, servers, and mobile phones. Case settlements totaled $41.3 million.

- *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.). Court-appointed Co-Lead Counsel for 23 certified statewide damages classes of end users alleging price-fixing of liquid crystal display panels. The LCD panels at issue were sold as part of finished products such as laptop computers, monitors, and flat screen televisions. Zelle helped successfully settle the case on the eve of trial in collaboration with the Attorneys General in Arkansas, California, Florida, Michigan, Missouri, New York, West Virginia, and Wisconsin, for a total recovery of $1.1 billion.

- *In re: Cathode Ray Tube (CRT) Antitrust Litig.,* MDL No. 1917 (N.D. Cal.).  Counsel for 22 certified state damages classes of end users alleging price-fixing of cathode ray tubes.  Zelle has served a central role in merits discovery, class certification, expert consultation and discovery, trial preparation, and settlements.  The CRTs at issue were sold as part of finished products such as computer monitors and televisions.  Case settlements on behalf of the indirect-purchaser classes total $580.75 million in this ongoing matter.

- *In re: Auto. Parts Antitrust Litig.,* MDL No. 2311 (E.D. Mich.).  Member of Plaintiffs' Executive Committee for numerous certified settlement classes of end-payor plaintiffs alleging price-fixing and bid-rgging of automotive parts.  Zelle has held key responsibilities for pleading motions, plaintiff deposition preparation and defense, third-party discovery, and economic expert work, among other tasks.  The auto parts at issue were sold as part of automobiles.  Case settlements total $1.2 billion in this ongoing matter.

- *In re: Packaged Seafood Prods. Antitrust Litig.,* MDL No. 2670 (S.D. Cal.).  Counsel for 31 certified state damages classes of end users alleging price-fixing of packaged tuna products.  Zelle has played a central role in pleading motions, class certification, expert discovery, and summary judgment in this ongoing matter.

- *In re Flash Memory Antitrust Litig.,* MDL No. 1852 (N.D. Cal.).  Court-appointed Co-Lead Counsel for indirect-purchaser end users alleging price-fixing of flash memory (solid-state) chips.  The flash memory chips at issue were sold as part of finished products such as computers, memory cards and flash drives.

- *Smokeless Tobacco Antitrust Litig.,* J.C.C.P. No. 4250 (California Super. Ct., San Francisco).  Court-appointed Executive Committee Member for certified class of California end users alleging unlawful monopolization of the canned smokeless tobacco market.  Case settlement totaled $96 million.

- *In re Graphics Processing Units Antitrust Litig.,* MDL No. 1826 (N.D. Cal.).  Court-appointed Co-Lead Counsel for end users alleging price-fixing of graphic processing units (GPUs). The GPUs at issue were sold as part of finished products such as computers, work stations and game consoles.

- *Credit/Debit Card Tying Cases,* J.C.C.P. No. 4335 (California Super. Ct., San Francisco).  Court-appointed Lead Counsel for a certified settlement class of California consumers of products and services from retail businesses that accepted and/or issued Visa and MasterCard payment cards, alleging that defendants' violations of California antitrust and unfair competition laws resulted in higher prices for consumers.  Case settlements totaled $31 million.

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.,* MDL No. 1486 (N.D. Cal.).  Court-appointed Liaison Counsel and Executive Committee Member for certified settlement class of indirect purchasers alleging price-fixing of memory chips.  The DRAM chips at issue were sold as part of finished products such as computers.  Case settlements for the indirect purchasers' claims and the California and New York Attorneys General's *parens patriae* claims totaled over $310 million.

- *Sullivan v. DB Investments, Inc.,* No. 04-02819 (SRC) (D.N.J.).  Court-appointed settlement class counsel for consumers alleging unlawful monopolization of the polished diamonds market.  The diamonds at issue were sold to consumers in diamond jewelry.  Case settlement totaled $295 million.

- *In re Intel Corp. Microprocessor Antitrust Litig.,* MDL No. 1717 (D. Del.).  Court-appointed Co-Lead Counsel for end users alleging unlawful monopolization and abuse of market power in market for microprocessors.  The microprocessors at issue were sold as part of finished products such as desktop and laptop computers.

2

- *Auto. Refinishing Paint Cases*, J.C.C.P. No. 4199 (California Super. Ct., Alameda).   Court-appointed Plaintiffs' Executive Committee Member for certified California class of indirect purchasers alleging price-fixing of automotive refinishing paint.   The automotive paint at issue was sold as part of auto body and other paint refinishing services provided by auto repair shops.   Case settlements totaled $9.4 million.

- *Cal. Natural Gas Antitrust Litig.*, J.C.C.P. Nos. 4221, 4224, 4226 & 4228 (California Super. Ct., San Diego).   Court-appointed Executive Committee Member representing indirect purchasers of natural gas in California.   Case settlements totaled nearly $165 million.

- *Automobile Antitrust Cases I, II (Coordinated Proceeding Special Title (Cal. R. Ct. 1550(b))*, J.C.C.P. No. 4298 (California Super. Ct., San Francisco).   Court-appointed Liaison Counsel representing California indirect purchasers of automobiles. Zelle collaborated with lead counsel in the parallel federal MDL and state actions on pretrial discovery and settlement negotiations. Settlements with certain defendants in state and federal cases totaled $57 million.

## Direct-Purchaser and Direct-Action Cases – Leadership Positions, Central Roles and Clients

Zelle and/or members of its Antitrust Practice Group have held leadership positions or key roles in direct-purchaser class actions, as well as represented individual companies pursuing "opt-out" claims in MDL class action proceedings:

- *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, MDL No. 2262 (S.D.N.Y.). Represents Freddie Mac and the FDIC as Receiver for 39 Closed Banks and serves as Liaison Counsel for more than two dozen direct-action plaintiffs.   Freddie Mac and the FDIC allege, among other things, that defendants' conspired to manipulate an interest-rate benchmark incorporated into trillions of dollars of financial contracts, including loans and interest-rate derivatives.

- *In re Generic Pharma. Pricing Antitrust Litig.*, MDL No. 2724 (E.D. Pa.).   Represents United HealthCare Services, Inc. as a direct-action plaintiff alleging end-payor and direct-purchaser price-fixing and market allocation claims against dozens of manufacturers of more than 100 generic drugs, in what is looking to be one of the largest cartels in U.S. history.

- *El Pollo Loco, Inc. v. Tyson Foods, Inc., et al.*, No. 1:20-cv-01943 (N.D. Ill.).   Represents El Pollo Loco, Inc. in an individual antitrust matter against the nation's major broiler chicken suppliers, alleging conspiracy to artificially reduce capacity, manipulate the Georgia Dock price index, and increase prices.

- *German Auto. Mfr. Antitrust Litig.*, MDL No. 2796 (N.D. Cal.).   Court-appointed member of Plaintiffs' Steering Committee representing direct purchasers of German luxury automobiles in this ongoing matter alleging that the German luxury car manufacturers colluded to artificially increase profits by curbing innovation and technological advances, fixing the price of raw materials, and passing on increased costs to consumers.

- *In re Lithium Ion Batteries Antitrust Litig.*, MDL No. 2420 (N.D. Cal.).   Court-appointed Liaison Counsel for certified settlement class of direct purchasers alleging price-fixing of lithium-ion batteries.   Case settlements totaled nearly $140 million.

- *In re Domestic Airline Travel Antitrust Litig.*, MDL No. 2656 (D.D.C.).   Counsel for putative class of direct purchasers of airline travel services alleging conspiracy by four major airlines to restrict capacity for domestic air passenger transportation services in violation of federal antitrust laws.   Zelle has had a central role in pursuing discovery against United Airlines and Delta Air Lines, among other case tasks.

3

- *In re: Railway Industry Employee No-Poach Antitrust Litig.*, MDL No. 2850 (W.D. Pa.).  Counsel for one of five named plaintiffs in this ongoing class action on behalf of railway industry employees alleging conspiracy among world's dominant rail equipment suppliers to restrain competition and reduce compensation for railway industry employees.  Case settlements totaled $48.95 million.

- *United HealthCare Services, Inc. v. Cephalon Inc., et al.*, No. 2:17-cv-00555 (E.D. Pa.). Represented United HealthCare Services, Inc. (UHS) in an individual antitrust matter against the makers of the branded pharmaceutical drug Provigil and its generic equivalents. The suit alleged a successful pay-for-delay scheme that kept the lower-priced generics off the market for several years, allowing the brand manufacturer to continue charging inflated monopoly prices that caused UHS hundreds of millions of dollars in damages.

- *In re Urethane Antitrust Litig.*, MDL No. 1616 (D.N.J.).  Represented 11 families of companies in an international price-fixing case involving three chemicals.  Settlements, the last one achieved during the defense presentation at trial, exceeded $500 million.

- *ZF Meritor LLC, et al. v. Eaton Corp.*, No. 1:06-cv-00623 (D. Del.). Served on trial team, which obtained a liability verdict for plaintiffs in a bifurcated antitrust trial involving monopolization and exclusive dealing issues.  After a successful appeal in the Third Circuit, the case was remanded for a damages trial, and settled on the eve of trial for $500 million.

- *In re Linerboard Antitrust Litig.*, MDL No. 1261 (E.D. Pa.).  Represented more than four dozen Fortune 500 companies that opted out of a class action alleging that manufacturers of corrugated boxes conspired to decrease output and increase prices. In total, settlements from the case exceeded $200 million.

- *In re Methionine Antitrust Litig.*, MDL No. 1311 (N.D. Cal.).  Represented opt-out plaintiffs in a price-fixing action involving poultry-feed additive. The case involved allegations that producers engaged in an international price-fixing conspiracy for more than 10 years. Total client recoveries exceeded $400 million (with last settlement reached shortly before jury selection).

- *In re Vitamins Antitrust Litig.*, MDL No. 1285 (D.D.C.).  Represented more than 150 direct-action plaintiffs including Kraft Foods and GNC, alleging a 15-year international cartel covering more than a dozen vitamins. The case involved German defendants BASF, Degussa, and Merck. Recoveries exceeded $2 billion. Served as Liaison Counsel for direct-action plaintiffs.

- *Novell Inc. v. Microsoft Corp.*, No. 2:04-cv-01045 (D. Utah).  Represented the owners of WordPerfect in a long-running case alleging monopolization of the market for PC operating systems.  At trial, the jury split 11-1 in favor of liability.  The trial judge granted Microsoft's JMOL, which was upheld by the 10th Circuit (Gorsuch J.).

## ANTITRUST PRACTICE GROUP



**Judith Zahid** – Ms. Zahid co-chairs the Antitrust Practice Group, is a senior partner and serves as Managing Partner of the Oakland office. She was court-appointed direct-purchaser interim liaison counsel in *Lithium Ion Batteries* and is the firm's lead client contact for United HealthCare. Ms. Zahid managed the daily litigation activities in *TFT-LCD* and was significantly responsible for the post-resolution accolades by Special Master Quinn for having "organized and coordinated the IPP group, and harmonized the IPP effort with the Direct-Purchaser Plaintiffs, the Direct Action Plaintiffs and the State Attorneys General." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M: 07-CV-01827-SI, 2012 WL 12918720, at *13 (N.D. Cal. Dec. 18, 2012). She was also recently appointed by Chief Judge Phyllis J. Hamilton to serve on the Civil Local Rules Attorney Advisory Committee for the Northern District of California; and was also just appointed to Council for the ABA Antitrust Section after numerous years in leadership for the Section's Global Private Litigation Committee. She has represented plaintiffs in numerous high-stakes price-fixing and monopolization cases, with recoveries from those cases totaling well over $2 billion. Among other accolades, Ms. Zahid was named among *Daily Journal*'s 2020 list of 'Top Antitrust Lawyers' in California, ranked by *Chambers & Partners USA 2018* in Band 2 (Antitrust) and named by *Who's Who Legal* as a "Thought Leader" from 2018-2020, and by *Legal 500* as a "Leading Lawyer" in 2019 and 2020. She has also been named among the Top 50 Women Northern California "Super Lawyers" since 2014 and Top 100 Northern California "Super Lawyers" since 2015.



**Chris Micheletti** – Mr. Micheletti is a senior partner and former Managing Partner of the San Francisco (now Oakland) office. He has extensive experience in antitrust class actions, including indirect-purchaser end-user class actions involving allegedly price-fixed component parts, stand-alone products, and products sold with services. He has led and/or had central roles in the successful prosecution of many California state and multistate antitrust class actions in California Superior Court and federal court, including in *SRAM, CRT, Packaged Seafood, Auto Parts, Smokeless Tobacco,* and *Auto. Refinishing Paint Cases,* among others. He currently serves as interim co-lead class counsel for end users in *Hard Disk Drive Suspension Assemblies.* Among other accolades, Mr. Micheletti was named among Daily Journal's 2020 list of 'Top Antitrust Lawyers' in California, and has been included among *The Best Lawyers in America®* - Antitrust Law, and Northern California *Super Lawyers* in Antitrust Litigation each year from 2014 to the present. He was also included among *Who's Who Legal: Competition* in 2019 and 2020, and named a "California Litigation Star" in Antitrust litigation for 2019 and 2020 in *Benchmark Litigation*.



**Qianwei Fu** – Ms. Fu is a partner in the Oakland office and leads the firm's international competition law practice. She has played primary roles in all critical stages of litigation in some of the nation's largest antitrust class actions, including *TFT-LCD, SRAM, DRAM, CRT, Lithium Ion Batteries, Diamonds,* and *Auto Parts*, and has advised individual clients on settlement strategies and alternative dispute resolution. Ms. Fu has expertise in assessing and pursuing antitrust claims with international components and has collaborated with co-counsel in Canada, China and Europe in recovery actions. Ms. Fu currently serves as Publication Chair on the California Lawyers Association Antitrust, UCL and Privacy Section's Executive Committee. She is Editor-in-Chief of the journal *Competition* and former Editor-in-Chief of the California State Antitrust & Unfair Competition Law treatise (Matthew Bender 2019). She was named a Northern California "Super Lawyer" in 2017-2019 and "Rising Star" in 2011-2016. She was also recognized as a "Next Generation Lawyer" by *Legal 500* in 2019-2020.

**Additional Antitrust Attorneys** – The Antitrust Group also includes the following, partners, counsel, and associates: Eric Buetzow (partner), Heather Rankie (partner), Bryan Wang (senior associate), James Dugan (senior associate) and Anjalee Behti (associate) in Oakland; Jennifer D. Hackett (partner), James R. Martin (partner), John Carriel (senior associate) and Sabrina Nelson (counsel) in Washington D.C.; and Lindsey Davis (partner) and William Bornstein (partner) in Minneapolis.

## SELECTED PRESENTATIONS AND PUBLICATIONS

Chris Micheletti, Qianwei Fu, Indirect Purchaser Litigation Handbook, Second Edition (2016), ABA Section of Antitrust Law, contributing authors.

Chris Micheletti, "The California Difference: Why California Really Matters – A Symposium – Indirect Purchaser Standing Under California Antitrust Law and Federal Antitrust Law – Plaintiff Perspective," The Journal of the Antitrust and Unfair Competition Law Section of the State Bar of California, Competition Vol. 22, No. 2, Fall 2013, author.

Chris Micheletti, Competition Law360 articles: "Indirect Purchaser Antitrust Standing Heads In New Direction," July 2, 2020, co-author; "Indirect Purchaser Cases in 2017: Key District Court Rulings," January 8, 2018, co-author; "Indirect Purchaser Cases in 2017: Key Appeals Court Rulings," January 5, 2018, co-author; "2016 Highlights From Indirect Purchaser Class Actions, December 23, 2016," co-author; "2 Years After Comcast, Little Has Changed," March 18, 2015, co-author; "Indirect-Purchaser Exceptions To Illinois Brick Continue," January 25, 2013, co-author; "Coordinating Direct And Indirect Purchaser Cases," July 9, 2012, co-author; "Emerging Trends In Indirect-Purchaser Antitrust Cases," January 20, 2012, co-author.

Judith Zahid, "Thinking Critically About Pass-On and Contribution," American Bar Association Global Private Litigation Conference, Berlin, Germany, June 16-17, 2019, moderator/panelist and conference co-chair.

Judith Zahid, "Resolving Class Actions," Northern District of California District Conference, Napa, California, April 12-14, 2019, panelist, moderated by The Honorable Lucy Koh, N.D. Cal. District Judge.

Judith Zahid, "Global Class Action Developments," ABA Section of Antitrust Law Annual Spring Meeting, Washington, DC, March 26-29, 2019, panelist.

Judith Zahid, "Will Apple's App Store Lead to the end of *Illinois Brick*?," California Lawyers Association, San Francisco, California, July 26, 2018, panelist, moderated by The Honorable Jon S. Tigar, N.D. Cal. District Judge.

Judith Zahid, "The Use of Experts at Class Certification," Class Action Litigation Conference, San Francisco, California, September 25, 2015, panelist.

Judith Zahid, "How States Can Effectively Analyze and Pursue Recovery Opportunities," National Association of Attorneys General Antitrust Litigation Training Seminar, Madison, Wisconsin, October 9, 2014, panelist, moderated by Liz Brady, Assistant Attorney General, Florida.

Judith Zahid, "Hypothetical in Action – Class Certification, FTAIA and CAFA," CLE International Group's Antitrust Conference, San Francisco, California, February 22, 2013, panelist.

Judith Zahid, "Selecting and Working with Experts in Antitrust," Antitrust Section of the American Bar Association, telephonic, January 14, 2013, panelist.

Qianwei Fu, CALIFORNIA STATE ANTITRUST & UNFAIR COMPETITION LAW (Matthew Bender), Editor-in-Chief (2019 ed.), Executive Editor (2018 ed.), Editor (2016 & 2017 eds.), and co-author.

Qianwei Fu, "Understanding and Navigating Cross-Border Privilege Issues," State Bar of California, May 18, 2017, presenter.

Qianwei Fu, "Cross-Border Discovery – A Big Chess Game?", American Bar Association, April 27, 2017, panelist.

Qianwei Fu, "Discovery in International Antitrust Litigation – How to Cross the Border?", State Bar of California, March 30, 2016, panelist.

Qianwei Fu, "Thinking Globally about Recovery Actions in International Cartel Cases," *Journal of Antitrust Enforcement*, 3, 363-390 (Oxford University Press 2015), co-author.

Qianwei Fu, "International Cooperation in Private Antitrust Litigation," paper for the 10th International Cartel Workshop, Rome, Italy, February 19-21, 2014, co-author.

Qianwei Fu, "Unique Discovery Challenges in International Cartel Cases," *Competition Law360*, January 31, 2014, co-author.

James R. Martin, "Spotlight on Private Antitrust Enforcement at Seoul Forum," panelist and author Competition Law360, November 5, 2018.

## ADDITIONAL FIRM RESOURCES AND INFORMATION

Zelle has in-house capability to offer cost-efficient solutions and alternatives to outside eDiscovery vendors.  Its Legal Technology Group personnel has advanced training in eDiscovery rules, technology and processes designed to provide client-focused data processing and hosting, data collection, and managed review services.

# EXHIBIT 2

**EXHIBIT 2**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle LLP | | |
|---|---|---|---|
| Reporting Year | 2017 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Chris Micheletti/P | $ 840.00 | 0.5 | | | | | | | | 4.30 | 42.90 | 28.15 | | 75.85 | $ 63,714.00 |
| Qianwei Fu/P | $ 615.00 | | | | | | | | | 46.40 | 14.80 | 36.00 | | 97.20 | $ 59,778.00 |
| Robert Newman/PL | $ 290.00 | | | | | | | | | 5.80 | 1.60 | 4.60 | | 12.00 | $ 3,480.00 |
| | | | | | | | | | | | | | | | |
| | | 0.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 56.50 | 59.30 | 68.75 | 0.0 | 185.05 | $ 126,972.00 |

**EXHIBIT 2**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle LLP | | |
|---|---|---|---|
| Reporting Year | 2018 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Chris Micheletti/P | $ 840.00 | | | | | | | | | | 3.70 | 5.60 | | 9.30 | $ 7,812.00 |
| Chris Micheletti/P | $ 860.00 | | | | | | | | | 39.60 | 39.70 | 19.30 | | 98.60 | $ 84,796.00 |
| Qianwei Fu/P | $ 615.00 | | | | | | | | | 3.50 | 2.70 | | | 6.20 | $ 3,813.00 |
| Qianwei Fu/P | $ 630.00 | | | | | | | | | 1.90 | | 1.20 | | 3.10 | $ 1,953.00 |
| Robert Newman/PL | $ 295.00 | | | | | | | | | 1.70 | 4.30 | 0.50 | | 6.50 | $ 1,917.50 |
| | | | | | | | | | | | | | | | |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 46.70 | 50.40 | 26.60 | 0.0 | 123.70 | $ 100,291.50 |

**EXHIBIT 2**
**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle LLP | | |
|---|---|---|---|
| Reporting Year | 2019 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Chris Micheletti/P | $ 880.00 | | | | | | | | | 2.15 | 2.50 | 9.30 | | 13.95 | $ 12,276.00 |
| Qianwei Fu/P | $ 650.00 | | | | | | | | | | | 2.90 | | 2.90 | $ 1,885.00 |
| Heather Rankie/A | $ 610.00 | | | | | | | | | | | 0.30 | | 0.30 | $ 183.00 |
| Robert Newman/PL | $ 300.00 | | | | | | | | | | | 0.60 | | 0.60 | $ 180.00 |
| | | | | | | | | | | | | | | | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.15 | 2.50 | 13.10 | 0.0 | 17.75 | $ 14,524.00 |

**EXHIBIT 2**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle LLP | | |
|---|---|---|---|
| Reporting Year | 2020 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Chris Micheletti/P | $ 905.00 | | | | | | | | | 1.30 | | 1.20 | | 2.50 | $ 2,262.50 |
| Robert Newman/PL | $ 310.00 | | | | | | | | | | | 0.20 | | 0.20 | $ 62.00 |
| | | | | | | | | | | | | | | | |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.30 | 0.0 | 1.40 | 0.0 | 2.70 | $ 2,324.50 |

**EXHIBIT 2**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle LLP | | |
|---|---|---|---|
| Reporting Year | 2021 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Chris Micheletti/P | $ 925.00 | | | | | | | | | | | 0.30 | | 0.30 | $ 277.50 |
| | | | | | | | | | | | | | | | |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.30 | 0.0 | 0.30 | $ 277.50 |

**EXHIBIT 2**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle LLP | | |
|---|---|---|---|
| Reporting Year | 2022 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Chris Micheletti/P | $ 925.00 | | | | | | | | | 2.40 | 0.50 | 3.90 | | 6.80 | $ 6,290.00 |
| Qianwei Fu/P | $ 695.00 | | | | | | | | | | 0.70 | | | 0.70 | $ 486.50 |
| | | | | | | | | | | | | | | | |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.40 | 1.20 | 3.90 | 0.0 | 7.50 | $ 6,776.50 |

**EXHIBIT 2**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle LLP | | |
|---|---|---|---|
| Reporting Year | June 1, 2015 through Jan. 31, 2023 | | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.00 | 0.00 | 0.0 | 0.00 | $ - |
| 2016 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.00 | 0.00 | 0.0 | 0.00 | $ - |
| 2017 | | 0.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 56.5 | 59.30 | 68.75 | 0.0 | 185.05 | $ 126,972.00 |
| 2018 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 46.7 | 50.40 | 26.60 | 0.0 | 123.70 | $ 100,291.50 |
| 2019 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.2 | 2.50 | 13.10 | 0.0 | 17.75 | $ 14,524.00 |
| 2020 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 1.3 | 0.00 | 1.40 | 0.0 | 2.70 | $ 2,324.50 |
| 2021 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.00 | 0.30 | 0.0 | 0.30 | $ 277.50 |
| 2022 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.4 | 1.20 | 3.90 | 0.0 | 7.50 | $ 6,776.50 |
| 2023 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.00 | 0.00 | 0.0 | 0.00 | $ - |
| | | 0.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 109.1 | 113.40 | 114.05 | 0.0 | 337.00 | $ 251,166.00 |

| STATUS: | | CATEGORIES: |
|---|---|---|
| (P) | Partner | 1 Attorney Meeting/Strategy |
| (OC) | Of Counsel | 2 Court Appearance |
| (A) | Associate | 3 Client Meeting |
| (LC) | Law Clerk | 4 Draft Discovery Requests or Responses |
| (PL) | Paralegal | 5 Deposition Preparation |
| (I) | Investigator | 6 Attend Deposition - Conduct/Defend |
| | | 7 Document Review |
| | | 8 Experts - Work or Consult |
| | | 9 Research |
| | | 10 Motions/Pleadings |
| | | 11 Settlement |
| | | 12 Trial |

# EXHIBIT 3

**EXHIBIT 3**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**EXPENSE SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Zelle LLP |
|---|---|
| Reporting Year | June 1, 2015 through Jan. 31, 2023 |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| | | |
| Assessments | $ | - |
| Outside Copies | $ | - |
| In-house Reproduction /Copies | $ | 386.29 |
| Court Costs & Filing Fees | $ | - |
| Court Reporters 7 Transcripts | $ | - |
| Computer Research | $ | 536.22 |
| Telephone & Facsimile | $ | - |
| Postage/Express Delivery/Courier | $ | - |
| Professional Fees (investigator, accountant, etc.) | $ | - |
| Experts | $ | - |
| Witness / Service Fees | $ | - |
| Travel: Airfare | $ | - |
| Travel: Lodging/Meals | $ | - |
| Travel: Other | $ | - |
| Car Rental/Cabfare/Parking | $ | - |
| Other Expenses | $ | - |
| | | |
| | $ | 922.51 |

# EXHIBIT 3

David Boies
Timothy D. Battin
Nathan M. Cihlar
**BOIESBATTIN LLP**
4041 University Drive, Fifth Floor
Fairfax, VA 22030
dboies@boiesbattin.com
tbattin@boiesbattin.com
ncihlar@boiesbattin.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-05944-JST<br>Case No. 4:17-cv-04067-JST<br><br>**CLASS ACTION**<br><br>**DECLARATION OF TIMOTHY D. BATTIN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS**<br><br>Judge:  Honorable Jon S. Tigar<br>Courtroom: 5, 2nd Floor |
| This Document Relates to:<br><br>*Luscher, et al. v. Mitsubishi Electric Corp.*, No. 4:17-cv-04067-JST | |

I, Timothy D. Battin, declare as follows:

1.      I am an attorney licensed to practice before the courts of the Commonwealth of Virginia, District of Columbia, and the State of Florida and am admitted to practice before this Court. I am a Partner in the law firm BoiesBattin LLP (formerly Straus & Boies, LLP).  I submit this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in the Indirect Purchaser Plaintiffs' ("IPPs") Application for Attorneys' Fees, Expenses and Incentive Awards. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.      My firm is counsel of record in this case and represents Indirect Purchaser Plaintiffs ("IPPs").  A brief description of my firm is attached as Exhibit 1 and incorporated herein by reference.

3.      Throughout the course of this litigation, my firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred. All of the time and expenses reported by my firm were incurred for the benefit of IPPs.

4.      During the course of this litigation, my firm has been involved in the following tasks and activities on behalf of the IPPs:

- As the Foreign Executive Chair, my firm oversaw the review and analysis of all of the foreign language materials produced by Defendants and their co-conspirators. In this role, my firm was responsible for all facets of the review including developing its overall design and creating strategies to identify specific evidence. My firm also managed the entire translation process.

- Attorneys from BoiesBattin traveled to Taipei, Taiwan and Seoul, South Korea to take the depositions for the IPPs of some of the most important Defendant witnesses in the case. My firm played a substantial role in preparing and taking the depositions of all other Defendant witnesses.  In order to identify key deponents, my firm developed customized searches, drafted background memoranda for nearly every key deponent, and created memoranda listing all potential documents for use

at each merits deposition.

- BoiesBattin assisted Lead Counsel with nearly all substantive briefing in this case, including at the dismissal, class certification, summary judgment, and preliminary approval stages.

- BoiesBattin was responsible for the litigation strategy against one of the largest Defendants, Samsung SDI ("SDI").

- My firm assisted Lead Counsel with trial preparation, including: 1) working with a small group of co-counsel on compiling evidence for use as exhibits at trial; 2) drafting responses to thousands of translation objections; 3) meeting and conferring with Defendants over authenticity of documents; 4) reviewing and designating deposition testimony for use at trial; 5) working alongside Lead Counsel and coordinating with the DAPs on the design and management of the evidentiary objection process; 6) formulating and managing Co-Counsels' evidentiary objections to documents on Defendants' trial exhibit list and designated deposition testimony, as well as Plaintiffs' responses to evidentiary objections raised by Defendants against Plaintiffs' trial exhibit list and deposition designations; and 7) participating in meetings among co-counsel regarding trial strategy and coordination, including attendance at mock trials and trial team framing sessions.

- My firm analyzed Mitsubishi's tolling agreement and worked with Lead Counsel to develop a litigation and settlement strategy for Mitsubishi.

- BoiesBattin assisted Lead Counsel in the preparation of the Mitsubishi complaint. We performed due diligence to evaluate Mitsubishi's liability by reviewing documents produced in discovery. We analyzed and researched a variety of issues related to the interplay between the earlier settlements and the Mitsubishi Settlement. We communicated with class representatives and co-counsel regarding the Mitsubishi complaint.

- BoiesBattin worked with Lead Counsel on drafting the Mitsubishi preliminary

approval papers. We conducted research on a number of issues related to settlement approval.

- BoiesBattin worked with Lead Counsel to develop the plan of distribution for the Mitsubishi settlement. We analyzed the effect of late claimants on Mitsubishi claim amounts and participated in mediation with Judge Walker to address the issue of late filers. We worked with experts to develop calculations for different plan of distribution scenarios.

- BoiesBattin evaluated notice proposals from various notice providers and helped develop the Mitsubishi notice program.

5.      The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary of the amount of time spent by my firm's partners, attorneys and professional support staff on the litigation against Mitsubishi Electric from June 1, 2015 through January 31, 2023. The lodestar calculation is based on my firm's historical billing rates in effect at the time services were performed and current rates are on a separate table.  Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained by my firm.  The hourly rates for my firm's partners, attorneys and professional support staff included in Exhibit 2 were at the time the work was performed the usual and customary hourly rates charged for their services in similar complex litigation and the current rates of the firm. My firm previously submitted a detailed summary of the time spent on this litigation for the period from inception through May 31, 2015. *See* ECF No. 4073.

6.      The total number of hours reasonably expended on the litigation against Mitsubishi Electric by my firm from June 1, 2015 through January 31, 2023 is 1,043.40 hours. My firm's lodestar for these hours at historical rates is $721,701.50, and $830,132.00 at current rates. This time does not include the substantial number of hours my firm spent defending the settlements with the other defendants during this same time period.

7.      The Court previously approved a current rate lodestar of $9,028,893.75 for my firm (total current rate lodestar minus 10 percent). The total lodestar for my firm at current rates is

3

DECLARATION OF TIMOTHY D. BATTIN IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

1    $9,859,025.75. Expense items are billed separately and are not duplicated in my firm's lodestar.

2         8.    The expenses my firm incurred in litigating this action are reflected in the books

3    and records of my firm. These books and records are prepared from expense vouchers, invoices,

4    receipts, check records and other source materials and accurately reflect the expenses incurred.

5    My firm's expense records are available for inspection by the Court if necessary.

6         9.    My firm incurred a total of $4,466.03 in unreimbursed expenses, all of which were

7    reasonable and necessary for the prosecution of this litigation. A summary of those expenses by

8    category is attached as Exhibit 3.

9

10        I declare under penalty of perjury that the foregoing is true and correct.  Executed this 27th

11   day of February, 2023, in Fairfax, VA.

12                                           _/s/__Timothy D. Battin_____

13                                                 Timothy D. Battin

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF TIMOTHY D. BATTIN IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

# Exhibit 1

# BOIESBATTIN LLP
# FIRM RESUME

BoiesBattin LLP is widely recognized as a leading law firm in the fields of antitrust and consumer protection class action litigation. With offices in Virginia, Florida, California, and Colorado, the firm's lawyers have successfully prosecuted antitrust and consumer protection claims in federal and state courts throughout the United States.

Founded in 1995, the firm has been at the forefront of national efforts to bring to heel corporations engaged in restraints of trade, consumer fraud, and other unlawful conduct.  The firm has been lead counsel in some of the largest class actions in the past decade, including the vitamins and DRAM litigations.  BoiesBattin lawyers have also led litigation efforts against manufacturers of agricultural and refrigeration products for violations of competition laws and a major insurance carrier for breach of its fiduciary duty to a certified class of policyholders. Recognized by courts, private practitioners, and law enforcement authorities throughout the United States as competent, experienced, and vigilant, BoiesBattin lawyers have recovered hundreds of millions of dollars for consumers and businesses.

## The Firm's Attorneys

### David Boies

Mr. Boies is Senior Partner at BoiesBattin.  His practice is focused on representing individuals and businesses in antitrust and consumer protection litigation in state and federal courts.  He has a national reputation in the indirect purchaser antitrust litigation realm, and has served as a speaker and panelist for the American Bar Association and other legal organizations. Mr. Boies has served as sole lead or co-lead counsel in numerous antitrust and consumer protection class actions.  He is admitted to practice in all state and federal courts in the Commonwealth of Virginia, as well as the United States Courts of Appeals for the Fourth and Tenth Circuits.

Mr. Boies obtained his bachelor's degree from the University of Redlands and his law degree from William & Mary Law School (J.D. 1991).  Prior to joining the Firm, Mr. Boies represented individuals and corporations as an attorney in the Washington, D.C. offices of national law firms in the practice areas of corporate litigation, international trade, and white collar criminal defense.

### Timothy D. Battin

Mr. Battin, the managing partner at BoiesBattin, has a wealth of experience in complex litigation.  He has served as lead counsel in numerous antitrust and consumer protection class actions in state and federal courts around the country, resulting in recoveries of hundreds of millions of dollars for consumers.  Mr. Battin has prosecuted cases across a broad spectrum of industries, including, pharmaceuticals, food additives, vitamins, agricultural and computer-based products.  He has served as lead or co-lead counsel in a number of cases including:

- ***Northwestern Mutual Insurance Litigation***.  Mr. Battin served as co-lead counsel in

2

state and federal court actions alleging that Northwestern Mutual Life Insurance Company breached its contractual and fiduciary duties to owners of certain investment annuities it issued.  This case was litigated in multiple jurisdictions and was ultimately settled for $84 million.

- ***Dynamic Random Access Memory Antitrust Litigation***.  Mr. Battin served as co-lead counsel in state and federal court actions alleging price fixing among makers of computer memory chips.  Settlements totaling more than $300 million were approved in the United States District Court for the Northern District of California.

- ***Processed Egg Products Antitrust Litigation***.  Mr. Battin served as co-lead counsel for indirect purchasers alleging a market allocation scheme in the egg industry.

Mr. Battin, a recognized authority on the prosecution of class actions, has lectured on issues of coordination between attorneys general and private lawyers in class cases.  He serves on a Rule 23 Subcommittee for the District of Columbia Rules Advisory Committee.  Mr. Battin obtained his undergraduate degree in business from Old Dominion University (B.S. 1987) and his law degree from the College of William & Mary (J.D. 1990).  He is a member of the bars of the District of Columbia, Virginia, Florida, and Missouri (inactive) and is also admitted to practice before the United States District Courts for the Eastern District of Virginia, Eastern District of Michigan and the District of Columbia, and the United States Courts of Appeals, Fourth and District of Columbia Circuits.

### Nathan M. Cihlar

Mr. Cihlar is a partner in the Virginia office of BoiesBattin.  Throughout his career, he has prosecuted complex and class action litigation with a focus on antitrust, consumer protection and product liability claims.  Since joining the firm, Mr. Cihlar has been highly involved in the

3

litigation of numerous large, multi-faceted nationwide cases from inception to conclusion.  He

has served in prominent roles in the litigation of, among others, antitrust class actions against the

manufacturers of Dynamic Random Access Memory, monosodium glutamate, oriented strand

board, LCD panels, and Cathode Ray Tubes.  Additionally, Mr. Cihlar currently serves as the

trial planning committee chair in the Blue Cross Blue Shield antitrust litigation.  Mr. Cihlar has

significant experience with litigation involving international defendants and foreign language

issues.  He has served as foreign language discovery lead in both the LCD and CRT litigations.

In doing so, he has successfully represented numerous plaintiff classes and helped recover

hundreds of millions of dollars for consumers.

Mr. Cihlar obtained his bachelor's degree from Georgetown University (B.S. Finance and

Marketing 1999), and his law degree from William & Mary Law School (J.D. 2004).  He is

admitted to practice in Virginia, the District of Columbia and before the United States District

Court for the Eastern District of Virginia.

**Christopher V. Le**

Christopher Le is a partner in the Virginia office.  He has extensive experience

representing groups of plaintiffs in complex civil cases in state and federal courts across the

country. Mr. Le has litigated numerous class actions from initial filing through trial or

settlement. He has negotiated the resolution of several significant antitrust and consumer cases

and help recover hundreds of millions of dollars for class members. Mr. Le has lectured on the

unique challenges professional objectors present to class settlements and strategies to deal with

them. Mr. Le obtained his bachelor's degree from The University of Virginia (B.A. 2004) and

his law degree from Case Western Reserve University (J.D. 2007, *cum laude*).

**Barry Boughman**

Mr. Boughman served as an Assistant United States Attorney for the District of Colorado from 1986 to 1988, when he entered private practice.  He also served as Law Clerk for the Honorable Michael R. Enwall, District Court Judge for the 20th Judicial District in Boulder, Colorado from 1984 to 1985.  He obtained his bachelor's degree from the University of Northern Colorado (B.A. 1980) and his law degree from the University of Colorado School of Law (J.D. 1984).  He is admitted to practice in Colorado as well as before the United States Court of Appeals for the Tenth Circuit and the United States District Court for the District of Colorado.

**Steven M. Feder**

Mr. Feder obtained his bachelor's degree from Miami University (Ohio) (B.S. 1982) and his law degree from the University of Colorado School of Law (J.D. 1985, Order of the Coif). He is admitted to practice in Colorado and Illinois, as well as before the United States Supreme Court, the United States Court of Appeals for the Tenth Circuit, and the United States District Courts for the Districts of Colorado and Connecticut.  He served as a prosecutor in Colorado's Eighteenth Judicial District from 1985 to 1990, before entering private practice.

**Shinae Kim-Helms**

Ms. Kim-Helms is a partner and represents consumers and businesses in cases involving price fixing, monopolization, and other anticompetitive practices.  Prior to joining BoiesBattin, Ms. Kim-Helms worked on cases involving patent and trademark infringement.
Since joining the firm in 2010, Ms. Kim-Helms has been involved in litigating cases against the manufacturers of LCD panels, cathode ray tubes, lithium ion batteries, and auto parts.

Ms. Kim-Helms obtained her bachelor's degree from Seoul National University (B.S. Agrobiology), her master's degree from Yonsei University (M.S. Biochemistry) and her law degree from Golden Gate University, School of Law (J.D. 2005).  Ms. Kim Helms' article on

licensing agreements was published in Les Nouvelles, a quarterly licensing journal published by the Licensing Executives Society.  Ms. Kim-Helms is fluent in Korean and Japanese.  She is admitted to practice in California and before the United States District Court for the Northern District of California and the United States Patent and Trademark Office.

## Joshua Callister

Mr. Callister is an associate attorney working in the Fairfax, Virginia office.  He practices primarily in complex antitrust cases, and has experience in both government regulatory work and complex litigation. Since joining BoiesBattin, Mr. Callister has worked extensively with electronic discovery issues in the Blue Cross Blue Shield and Local TV Ads litigations.

Prior to joining the firm in 2018, Mr. Callister worked as a director with a non-profit organization in Washington D.C. focused on developing relationships between the United States and the Middle East.  Since joining the firm, he has worked on the Blue Cross Blue Shield, Broilers Chicken, and Packaged Seafood antitrust litigations.  A 2016 graduate of the George Washington University Law School, Mr. Callister had the opportunity to clerk with a leading D.C. regulatory firm, during which time he co-authored an article published in the Food and Drug Law Institute, and previously consulted on multi-year complex litigation involving U.S. sugar growers and high fructose corn syrup manufacturers.  Mr. Callister speaks Japanese.

## Brian Drockton

Mr. Drockton is an associate attorney working in the Fairfax, Virginia office.  He practices primarily in complex antitrust cases.  Prior to joining the firm in 2022, Mr. Drockton clerked for Judge Victor Wolski on the U.S. Court of Federal Claims.  Mr. Drockton received a bachelor's degree from the University of Notre Dame in 2017 and his JD from the University of Texas School of Law in 2020.

**Partial List of Recent Cases in Which BoiesBattin, LLP Has
Served as Lead Counsel**

*Dynamic Random Access Memory (DRAM)*

BoiesBattin LLP, served as co-lead counsel in these coordinated multi-state proceedings against the manufacturers of Dynamic Random Access Memory chips (DRAM) for the violation of various state's antitrust/consumer protection laws.  It was alleged that the DRAM manufacturers entered into and engaged in a conspiracy in the United States and elsewhere to suppress and eliminate competition by fixing the prices of DRAM.  Through the work of BoiesBattin LLP and its co-lead counsel, indirect purchasers were able to reach settlements with all defendants totaling more than $300 million.  These settlements were approved by the United States District Court for the Northern District of California in June 2016.

*Northwestern Mutual Life Insurance Annuity Litigation*

BoiesBattin served as co-lead counsel on behalf of thousands of purchasers of Northwestern Mutual Life Insurance Company ("Northwestern") annuities.  The lawsuit accused Northwestern of deliberately stripping annuity policyholders of their dividend rights.  BoiesBattin litigated the case in multiple jurisdictions.  The case went to trial, where BoiesBattin won a verdict on all material issues.  Ultimately, the case settled for $84 million.

*In re Cathode Ray Tube (CRT) Antitrust Litigation*

BoiesBattin served a leading role in the CRT litigation. Plaintiffs accused CRT manufacturers of conspiring to fix the prices of CRT screens used for computer monitors and televisions sold nationwide. Approval for settlements totaling over $500 million was granted by the United States Court of the Northern District of California.

*Thin-Film Transistor Liquid Crystal Display (TFT-LCD)*

BoiesBattin served a leading role in the TFT-LCD litigation. Plaintiffs alleged that defendants

conspired to fix the prices of TFT-LCD panels used in laptop computers, computer monitors, and television. The case was settled for $1.1 billion in the United State District Court for the Northern District of California.

*Vitamins*

As lead counsel in coordinated multi-state proceedings of more than 50 indirect purchaser classes and *parens patriae* actions filed in 23 separate state jurisdictions against the international manufacturers of bulk vitamins, BoiesBattin negotiated a series of settlements with the defendants. The first settlement secured by BoiesBattin was at that time the largest ever indirect purchaser antitrust settlement. BoiesBattin's efforts in resolving the state vitamins indirect purchaser actions included leading coordinated alternative dispute resolution proceedings sanctioned by state courts throughout the country, and involved scores of plaintiffs' counsel, numerous counsel for foreign defendants, and the State Attorneys General.

*Food Additives*

As sole lead counsel for more than 10 indirect purchaser state class action claims filed across the country, BoiesBattin effectively advanced the claims of indirect purchasers against the manufacturers of food additives for an illegal price-fixing conspiracy that affected consumer prices for well over a decade. The cases allege that the major manufacturers of certain food additives conspired to fix prices during the period January 1, 1990 through 2002. BoiesBattin received final approval of a global settlement which provided millions to the affected class members.

*Eggs*

BoiesBattin LLP was co-lead counsel of indirect purchasers across the country and in 17 jurisdictions alleging a conspiracy to fix the prices of eggs. This litigation involved complicated claims related to cage space restrictions in a multi-billion dollar industry.

8

**Partial List of Other Actions
Prosecuted by BoiesBattin**

*Antitrust Actions*

<u>**Blue Cross Blue Shield**</u>

1. *In re: Blue Cross Blue Shield Antitrust Litigation, No. 2:13-cv-20000-RDP (N.D. Ala.).*
   BoiesBattin LLP has been involved in ongoing representation of plaintiff subscribers of
   the Individual Blue Plans including 60 defendants from across the nation, as well as the
   Blue Cross Blue Shield Association.  Partners of our firm serve prominent roles,
   including chair of the trial planning committee.  This action seeks to recover damages for
   classes of subscribers caused by an ongoing conspiracy amongst the Blues to allocate
   markets in violation of the Sherman Act.

<u>**Broilers Chicken**</u>

2. *In re: Broiler Antitrust Litigation, No. 1:16-cv-08637 (N.D. Ill.).*
   BoiesBattin LLP has been involved in ongoing representation of commercial and
   institutional indirect purchaser plaintiffs against broiler chicken producers for conspiring
   to fix, raise, maintain and stabilize the price of broiler chicken meat sold in the United
   States since as early as January 1, 2008. Broilers sold in the United States are controlled
   by a small number of large producers all of which are involved with this conspiracy.

<u>**Packaged Seafood**</u>

3. *In re: Packaged Seafood Products Antitrust Litigation, No. 3:15-md-02670-JLS-MDD
   (S.D. Cal.).*
   BoiesBattin LLP has been involved in ongoing representation of end-payer plaintiffs
   against major canned tuna fish manufacturers, including Bumble Bee Foods LLC,

StarKist Company, and Tri-Union Seafoods LLC for conspiring to fix the prices of tuna sold in the United States beginning on August 1, 2008 in violation of the Sherman Act and of the Clayton Act. Defendants agreed to artificially increase prices in spite of falling consumer demand, which continues to harm plaintiffs today.

### Monosodium Glutamate

4. *Ashley v. Archer Daniels Midland Co., et al*., Circuit Court of DeKalb County, Alabama, CV-95-336, **Co-lead Counsel**.

5. *Caldwell, et al. v. Archer Daniels Midland Co., et al.,* Circuit Court of Coosa County, Alabama, Civil Action No. CV-96-17, **Co-lead Counsel**.

6. *Madelon J. Lief, et al. v. Archer Daniels Midland Co.*, Circuit Court of Dan County, Wisconsin, Civil Docket No. 02CV3697.

### Vitamins

7. *Donaldson, et al. v. Degussa Huls Corporation, et al.,* Circuit Court of Cullman Co. Alabama, C.A. No. 99-406, **Co-lead Counsel**.

8. *Giral, et al. v F. Hoffman LaRoche Ltd., et. al.*, Superior Court of the District of Colombia, Civil Division, Case No. 0007467-98, **Lead Counsel**.

9. *Graham v. Hoffman LaRoche, et al.,* Superior Court for the State of California*,* County of Yolo, No. CV 98-00046, J.C.C.P. No. 4076, **Executive Committee**.

10. *Shaklee Corp. v. Degussa-Huls Corp, et al.,* Superior Court of San Francisco County, California, Case No. 308636, J.C.C.P. Nos. 4090 and 4096.

11. *In re Vitamins Antitrust Litigation,* United States District Court for the District of Columbia, MDL 1285, **Executive Committee and Liaison Counsel**.

### Pharmaceuticals

12. *In re Brand-Name Prescription Drugs Antitrust Litigation*, United States District Court for the Northern District of Illinois, MDL 997.

13. *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, United States District Court for the Eastern District of New York, MDL 1383.

14. *Drug Mart Pharmacy Corporation v. Abbot Laboratories, et al*., Supreme Court of the State of New York, County of Kings, No. 29126-99.

15. *Durrett v. The Upjohn Co., et al.,* Circuit Court of Tuscaloosa County, Alabama, Civil Action No. CV-97-170, **Co-lead Counsel**.

16. *Goda, et al. v. Abbott Laboratories, Inc.,* Superior Court for the District of Columbia, Civil Docket No. 01445-96.

17. *Holdren, et al. v. Abbott Laboratories, Inc.,* District Court of Johnson County, Kansas, Case No. 96C15994.

18. *Huggins, et al. v. Abbott Laboratories, Inc., et al.,* Circuit Court for Chambers County, Alabama, Case No. CV-96-024-Cl.

19. *Karofsky v. Abbott Laboratories, Inc., et al.,* Superior Court of Cumberland County, Maine, Civil Docket No. 95-1009.

20. *Kerr v. Abbott Laboratories, Inc., et al.,* District Court of Hennepin County, Minnesota, No. MC-96-002837.

21. *Long v. Abbott Laboratories, Inc., et al.,* General Court of Justice Superior Court Division for Mecklenburg County, North Carolina, Civil Action No. 97 CVS 8289.

22. *McLaughlin, et al. v. Abbott Laboratories, Inc.,* Superior Court for Yavapai County, Arizona, No. 1-CA-SA-96-0215.

23. *Meyers v. Abbott Laboratories, Inc., et al.,* Circuit Court for Davidson County, Tennessee, No. 970612.

24. *Scholfeld v. Abbott Laboratories, Inc., et al.,* District Court for Dane County, Wisconsin, No. 96-CV-0460.

25. *Wood v. Abbott Laboratories, Inc., et al.,* Circuit Court of Oakland County, Michigan, No. 96-5125610CZ.

26. *Yasbin, et al. v. Abbott Laboratories, Inc.,* Circuit Court for the Eleventh Judicial District for Dade County, Florida, C.A. No. 97-1141-CA 03.

### **Vitamin C**

27. *Audette v. Hebei Welcome Pharmaceutical Co. Ltd., et al.,* Commonwealth of Massachusetts, Case No. 2005-00182-C.

28. *In re Vitamin C Antitrust Litigation,* United States District Court for the Eastern District of New York, MDL No. 1738, **Co-Lead Counsel**.

**Polyester**

29. *Augusta Sullivan and Rose Marie Farina v. Wellman, Inc., et al.*, Commonwealth of Massachusetts, Case No. 02-4872 C.

30. *Briscoe, et al. v. DuPont E.I. Nemours & Co., et al.,* Superior Court for the District of Columbia, C.A. No. 02ca0010508.

31. *Polyester Staple Cases*, Superior Court of California, Judicial Council Coordination Proceeding No.: JCCP No. 4278.

32. *Thomaston Mills, Inc., et al. v. DuPont E.I. Nemours & Co., et al.*, United States District Court for the Western District of North Carolina, Civil Action No. 3:02-CV-474-V.

**DRAM Microchips**

33. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,* United States District Court for the Northern District of California, MDL No. 1486, **Co-Lead Counsel**.

34. *Hamilton v. Elpida Memory Inc., et al,* Commonwealth of Massachusetts, County of Suffolk, The Superior Court, Case No. 04-3264.

**Air Industry**

35. *In re Air Cargo Shipping Services Antitrust Litigation,* United States District Court for the Eastern District of New York, Case No. 06-MD-1775.

36. *In re American Airlines Antitrust Litigation,* United States District Court for the District of Kansas, Case No. 99-1187-MLB, **Chair of Executive Committee**.

37. *In re International Air Transportation Surcharge Antitrust Litigation,* United States District Court for the Northern District of California, Case No. 06-cv-1793.

38. *McCoy-Johnson, et al. v. Northwest Airlines, Inc. and Northwest Airlines Corp.,* United States District Court for Western District of Tennessee, Western Division, No. 99-2994 GV, **Chair of Executive Committee**.

**Aspartame**

39. *In re Aspartame Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, No. 06-CV-1732, **Co-lead Counsel.**

**Intel**

40. *Dressed to Kill Custom Draperies v. Intel Corp.*, United States District Court for the Northern District of California, C 05 3272.

41. *In re Intel Corporation Microprocessor Antitrust Litigation,* United States District Court for the District of Delaware, C 05 485

42. *Juan v. Intel Corp.*, United States District Court for the Northern District of California, C 05 3271.

43. *Kinder v. Intel Corp.*, United States District Court for the Northern District of California, C 05 3273.

44. *Rush v. Intel Corp.*, United States District Court for the Northern District of California C 05 3277.

**<u>Microsoft</u>**

45. *Crain v. Microsoft Corporation*, *et al.*, Superior Court for the State of California, County of Yolo, No. CV 99-1740, J.C.C.P. No. 4106.

46. *Dunham v. Microsoft Corporation, et al.*, Superior Court of the State of California, County of Sonoma, No. 223291, J.C.C.P. No. 4106.

47. *Saams, et al. v. Microsoft Corporation, et al.*, Superior Court for the State of California, County of San Francisco, CV 308015, J.C.C.P. No. 4106.

**<u>Other Products and Industries</u>**

48. *In re Disposable Contact Lens Antitrust Litigation*, United States District Court for the Middle District of Florida, Jacksonville Division, MDL 2626.

49. *In re Lithium Ion Batteries Antitrust Litigation*, United States District Court for the Northern District of California, Oakland Division, MDL 2420.

50. *In re Automotive Parts Antitrust Litigation,* United States District Court for the Eastern District of Michigan, Southern Division, Case No. 12-cv-2311.

51. *In re Citric Acid Antitrust Litigation*, United States District Court for the Northern District of California, MDL 1092.

52. *In re Commercial Tissue Products*, United States District Court for the Northern District of Florida, Gainesville Division, MDL 1189, Case No. 97-CV-128.

53. *In re Flash Memory Antitrust Litigation,* United States District Court for the Northern District of California, Case No. 07-cv-086.

54. *In re Foreign Currency Conversion Fee Antitrust Litigation*, United States District Court for the Southern District of New York, MDL 1409.

55. *In re High Fructose Corn Syrup Antitrust Litigation*, United States District Court for the Central District of Illinois, MDL 1087.

56. *In re Methionine Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1311.

57. *In re Online DVD Rental Antitrust Litigation*, Unites States District Court for the Northern District of California, MDL 2029.

58. *In re OSB Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Case No. 06-826, **Co-lead Counsel.**

59. *In re Processed Egg Products Antitrust Litigation,* United States District Court for the Eastern District of Pennsylvania, Case No. 08-md-2002, **Co-lead Counsel**.

60. *In re Refrigerant Compressors Antitrust Litigation*, United States District Court for the Eastern District of Michigan, Case No. 2:09-02042.

61. *Robbins, LLC v. Cabot Corporation, et al.*, United States District Court for the District of Massachusetts, Case No. 03-CV-11072DPW.

62. *Seven Up Bottling Company of Jasper, Inc. v. Archer Daniels Midland Co., et al.,* Circuit Court of Walker County, Alabama, Civil Action No. 95-436, **Co-lead Counsel**.

63. *In re Static Random Access Memory (SRAM) Antitrust Litigation,* United States District Court for the Northern District of California, Oakland Division, Case No. 07-cv-1819.

64. *Thomas and Thomas Rodmakers, Inc., et al. v. Newport Adhesives and Composites, Inc. et al.* United States District Court Central Division, No. CV-99-07796-GHK (CTx).

65. *In re Hypodermic Products Antitrust Litigation,* United States District Court for the District of New Jersey, Case No. 05-cv-1602.

66. *In re Residential Telephone Lease Contract Litigation*, Southern District of Alabama, MDL 1165, **Co-lead Counsel**.

67. *Park Surgical Co. Inc., et al. v. Becton Dickinson & Company,* Civil Action No. 05 CV 5678 (E.D. Pa.)(CMR).

68. *Smith v. GTE Corp., et al.,* United States District Court for the Middle District of

Alabama, Case No. 97-M-1025, **Co-lead Counsel**.

69. *Southeast Missouri Hospital, Saint Francis Medical Center v. C.R. Bard Inc.,* United States District Court for the Eastern District of Missouri, Southeastern Division, Case No. 07-cv-031, **Co-lead Counsel.**

70. *Sparks, et al. v. AT&T Corporation, et al.,* Circuit Court, Third Judicial Circuit, Madison County, Illinois, Case No. 96-LM-983.

71. *Sparks, et al. v. Lucent Technologies, et al.,* Circuit Court, Third Judicial Circuit, Madison County, Illinois, Case No. 01-L-1668.

72. *Wilson v. Toys R Us, et al.*, Circuit Court of Tuscaloosa County, Alabama, Civil Action No. CV-96-574, **Co-lead Counsel**.

*Securities Actions*

73. *In re Alliance, Franklin/Templeton, Bank of America/Nation Funds, and Pilgrim Baxter [Franklin Templeton Subtrack] v. Sharkey Iro/Ira v. Franklin Resources, et al.,* United States District Court for the District of Maryland, Case No. 04-MD-15862.

74. *Casey v. Prudential Securities, Inc.,* Supreme Court of the State of New York, County of Albany, Index. No. 3462-97.

75. *In re Medpartners Securities Litigation*, United States District Court for the Northern District of Alabama, CV-98-B-0067-S.

76. *In re Mutual Funds Investment Litigation,* United States District Court for the District of Maryland, MDL 1586.

77. *In re NASDAQ Market-Makers Antitrust Litigation*, United States District Court for the Southern District of New York, MDL 1023.

78. *Milne v. Mercury Finance Co., et al.,* United States District Court for the Northern District of Illinois, No. 97-C-1536.

79. *Ronald Lankford v. Jos. A. Banks Clothiers, Inc.*, Circuit Court of Madison County, Alabama, Case No. CV03-204LHL.

80. *In re Vesta Insurance Group, Inc. Securities Litigation,* United States District Court for the Northern District of Alabama, CV 98-AR-1407-S, **Liaison Counsel**.

81. *Vivian Bernstein v. Janus Capital Management, LLC, et al.*, United States District Court, District of Colorado, Case No. 03-B-1798.

**Products Liability Actions**

82. *In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation*, United Sates District Court for the Southern District of Indiana, Indianapolis Division, MDL 1373, (Tires).

83. *In re Cigarette Litigation,* United States District Court for the Northern District of Georgia, CV-0447 (MDL 1342).

84. *Hodge, et al. v. Eastman Chemical Company*, Circuit Court of Jefferson County, Tennessee, Civil Action No. 16.351 IV, **Co-lead Counsel**, (Photography Chemicals).

85. *Rampey v. Novartis Consumer Health, Inc.,* Circuit Court of Chambers County, Alabama, CV-97-174, **Co-lead Counsel**, ( Ex-Lax).

86. *In re Zurn Pex Products Liability Litigation,* United States District Court for the District of Minnesota, Case No. 08-md-1958, **Class Counsel**.

**Miscellaneous Actions**

In addition to the above listed suits, BoiesBattin LLP has been involved in numerous other fields of litigation:

87. ALCOHOL - BoiesBattin LLP lead the fight against numerous alcoholic beverage manufacturers and distributors for illegally advertising to underage children. *Ayman R. Hakki, et al. v. Zima Company, et al.,* Superior Court for the District of Columbia, Case No. 1:03 CV 02621; *Randy Kreft and Colleen Kreft, et al. v. Zima Beverage Company, et al.,* District Court, City & County of Denver, Colorado, Case No. 03-CV-9229; *Ronald P. Wilson, Andrea B. Wilson and Joseph A. Wilson, et al. v. Zima Company, et al.,* Superior Court, County of Mecklenburg, State of North Carolina, Case No. 04-CV-626.

88. GENETICALLY MODIFIED CROPS – BoiesBattin LLP has also been involved in litigation regarding broad contamination due to genetically modified crops. *Blades, et al. v. Monsanto Co.,* United States District Court for the Southern District of Illinois, CV 00-4034-DRH (soy); *In re Genetically Modified Rice Litigation*, United States District Court for the Eastern District of Missouri, No. 4:06-MD 1811 CDP (rice).

89. PAN AM VICTIMS – BoiesBattin LLP represents family members of the victims of the terrorist act on Pan Am Flight 103. *Curtis W. Fisher, et al. v. Abdel Basset Ali Mohmed Al-Megrahi, et al.,* D.D.C. 04-02055 (HHK); *Lawrence P. Fisher II v. Great Socialist People's Libyan Jamahiriya, et al.*, D.D.C. 05-2454 (HHK).

90. *Care Pharmacies, Inc. v. Purdue Pharma, L.P., et al.,* United States District Court for the Southern District of New York, Case No. 04-CV-3890 (Class action alleging damages based on abuse of patent for OxyContin)

16

91. *Derek S. Lynn v. Hyundai Motor America, Inc.*, Circuit Court of Madison County, Alabama, Civil Action No. CV-03-412.

92. *In re FedEx Ground Package System, Inc. Employment Practices Litigation,* United States District Court for the Northern District of Indiana, South Bend Division, Case No. 05-MD-527.

93. *In re Humana, Inc. Managed Care Litigation,* United States District Court for the Southern District of Florida, MDL 1334, **Executive Committee**. (Class action against managed-health care organizations for nonpayment).

94. *Marleen M. LaPlant v. The Northwestern Mutual Life Insurance Company,* State of Wisconsin, Circuit Court, Milwaukee County, Case No. 08-cv-011988, **Co-lead Counsel.**

95. *Poulos, et al. v. Caesar's World, Inc., et al.,* United States District Court for the District of Nevada, CV-S-94-1126-DAE (RJJ) (Misrepresentation of odds in slot machines).

96. *Prewitt Enterprises, Inc., v. Organization of Petroleum Exporting Countries,* United States District Court for the Northern District of Alabama, Case No. CV-00-B-0865-S.

97. *Thomas Miller and Noel Collette v. Deluxe Corporation*, First Judicial District, District Court of Dakota County, Minnesota, Civil Action No. 19-CO-03-6487 (Checks Unlimited).

# Exhibit 2

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | June 1, 2015 through Jan. 31, 2023 |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| 2016 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.60 | 0.00 | 0.00 | 0.00 | 0.60 | $ 330.00 |
| 2017 | | 27.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.00 | 61.10 | 266.30 | 0.00 | 356.80 | $ 224,444.50 |
| 2018 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 57.00 | 2.50 | 163.50 | 328.20 | 0.00 | 551.20 | $ 399,101.50 |
| 2019 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4.80 | 119.50 | 0.00 | 124.30 | $ 89,950.50 |
| 2020 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.50 | 9.00 | 0.00 | 10.50 | $ 7,875.00 |
| 2021 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| 2022 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| 2023 | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |
| | | 27.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 57.00 | 5.10 | 230.90 | 723.00 | 0.00 | 1043.40 | $ 721,701.50 |

STATUS:
| (P) | Partner |
|---|---|
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | 2015 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | 2016 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cihlar, Nathan (P) | $ 550.00 | | | | | | | | | 0.60 | | | | 0.60 | $ 330.00 |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.60 | 0.00 | 0.00 | 0.00 | 0.60 | $ 330.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | 2017 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Battin, Timothy (P) | $ 735.00 | | | | | | | | | | 12.00 | 101.60 | | 113.60 | $ 83,496.00 |
| Battin, Timothy (P) | $ 725.00 | | | | | | | | | 2.00 | 1.00 | | | 3.00 | $ 2,175.00 |
| Schirmer, Mark (P) | $ 650.00 | | | | | | | | | | 5.50 | 91.00 | | 96.50 | $ 62,725.00 |
| Cihlar, Nathan (P) | $ 585.00 | 8.50 | | | | | | | | | 28.90 | 61.50 | | 98.90 | $ 57,856.50 |
| Cihlar, Nathan (P) | $ 550.00 | 11.80 | | | | | | | | | | | | 11.80 | $ 6,490.00 |
| Le, Christopher (P) | $ 475.00 | | | | | | | | | | 6.80 | | | 6.80 | $ 3,230.00 |
| Voigt, Carla (A) | $ 340.00 | 0.80 | | | | | | | | | 2.30 | 12.20 | | 15.30 | $ 5,202.00 |
| Voigt, Carla (A) | $ 300.00 | 6.30 | | | | | | | | | 4.60 | | | 10.90 | $ 3,270.00 |
| | | 27.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.00 | 61.10 | 266.30 | 0.00 | 356.80 | $ 224,444.50 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | 2018 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Battin, Timothy (P) | $ 750.00 | | | | | | | | 57.00 | | 70.90 | 274.30 | | 402.20 | $ 301,650.00 |
| Battin, Timothy (P) | $ 735.00 | | | | | | | | | | 56.50 | 4.40 | | 60.90 | $ 44,761.50 |
| Schirmer, Mark (P) | $ 650.00 | | | | | | | | | | 25.10 | 29.70 | | 54.80 | $ 35,620.00 |
| Cihlar, Nathan (P) | $ 625.00 | | | | | | | | | | | 1.40 | | 1.40 | $ 875.00 |
| Cihlar, Nathan (P) | $ 585.00 | | | | | | | | | 2.50 | 11.00 | 4.00 | | 17.50 | $ 10,237.50 |
| Le, Christopher (P) | $ 525.00 | | | | | | | | | | | 3.60 | | 3.60 | $ 1,890.00 |
| Le, Christopher (P) | $ 475.00 | | | | | | | | | | | 2.40 | | 2.40 | $ 1,140.00 |
| Voigt, Carla (A) | $ 395.00 | | | | | | | | | | | 1.30 | | 1.30 | $ 513.50 |
| Voigt, Carla (A) | $ 340.00 | | | | | | | | | | | 7.10 | | 7.10 | $ 2,414.00 |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 57.00 | 2.50 | 163.50 | 328.20 | 0.00 | 551.20 | $ 399,101.50 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | 2019 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Battin, Timothy (P) | $ 750.00 | | | | | | | | | | 4.80 | 101.70 | | 106.50 | $ 79,875.00 |
| Schirmer, Mark (P) | $ 650.00 | | | | | | | | | | | 2.50 | | 2.50 | $ 1,625.00 |
| Cihlar, Nathan (P) | $ 625.00 | | | | | | | | | | | 1.40 | | 1.40 | $ 875.00 |
| Le, Christopher (P) | $ 545.00 | | | | | | | | | | | 13.90 | | 13.90 | $ 7,575.50 |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4.80 | 119.50 | 0.00 | 124.30 | $ 89,950.50 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | 2020 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Battin, Timothy (P) | $ 750.00 | | | | | | | | | | 1.50 | 9.00 | | 10.50 | $ 7,875.00 |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.50 | 9.00 | 0.00 | 10.50 | $ 7,875.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | 2021 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | | | | | | | | | | | | | 0.00 | $        - |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $        - |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | 2022 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | 2023 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | | | | | | | | | | | | | 0.00 | $ - |
| | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | $ - |

# Exhibit 3

**EXHIBIT 3**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**EXPENSE SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | BoiesBattin LLP (Formerly Straus & Boies, LLP) |
|---|---|
| Reporting Year | June 1, 2015 through Jan. 31, 2023 |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| | | |
| Assessments | | |
| Outside Copies | | |
| In-house Reproduction /Copies | | |
| Court Costs & Filing Fees | | |
| Court Reporters 7 Transcripts | | |
| Computer Research | $ | 130.90 |
| Telephone & Facsimile | | |
| Postage/Express Delivery/Courier | | |
| Professional Fees (investigator, accountant, etc.) | | |
| Experts | | |
| Witness / Service Fees | | |
| Travel: Airfare | $ | 1,501.00 |
| Travel: Lodging/Meals | $ | 2,834.13 |
| Travel: Other | | |
| Car Rental/Cabfare/Parking | | |
| Other Expenses | | |
| | | |
| | $ | 4,466.03 |

# EXHIBIT 4

**SYLVIE K. KERN (SBN 111751)**
LAW OFFICES OF SYLVIE KULKIN KERN
3935 E. Graf Street
Bozeman, MT 59715
Tel: 415-310-6098
kernantitrustglobal@gmail.com

*Counsel for Indirect Purchaser Plaintiffs*
*Richard Jones and Louise Wood*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-05944-JST<br>Case No. 4:17-cv-04067-JST |
| | **CLASS ACTION** |
| This Document Relates to: | **DECLARATION OF SYLVIE K. KERN IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS** |
| *Luscher, et al. v. Mitsubishi Electric Corp.,* No. 4:17-cv-04067-JST | Judge:  Honorable Jon S. Tigar<br>Courtroom: 5, 2nd Floor |

---

DECLARATION OF SYLVIE K. KERN IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS
Case No. 4:07-cv-5944, MDL No. 1917

I, Sylvie K. Kern, declare as follows:

1.     I am an attorney licensed to practice before the courts of the State of California and am admitted to practice before this Court. I am a principal in the Law Offices of Sylvie Kulkin Kern (formerly KAG Law Group).  I submit this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in the accompanying Indirect Purchaser Plaintiffs' ("IPPs") Application for Attorneys' Fees, Expenses and Incentive Awards. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.     My firm is counsel of record in this case and represents Named Plaintiffs Richard Jones and Louise Wood.  A brief description of my firm is attached as **Exhibit 1** and incorporated herein by reference.

3.     Throughout the course of the *Luscher* litigation, my firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred. All of the time and expenses reported by my firm were incurred for the benefit of IPPs.

4.     During the course of the MDL *CRT* ("*CRT*") litigation, I have been involved in the following tasks and activities on behalf of the IPPs. *See* Declaration of Sylvie K. Kern in Support of Plaintiffs' Application for Attorneys' Fees, Expenses and Incentive Awards, ECF No. 4073-7. In addition, I worked on the following tasks and activities in *Luscher,* as reflected in my firm's time records:

    a.   Participated in numerous strategy discussions concerning settlement with Lead Counsel and others;

    b.   Participated in the drafting and filing of the amended complaint and mediation briefs;

    c.   Participated in mediation and other settlement negotiations with Mitsubishi Electric lawyers;

    d.   Participated in the drafting of settlement documents;

    e.   Participated in the drafting of settlement approval papers.

5.      The schedule attached as **Exhibit 2**, and incorporated herein, is a detailed summary of the amount of time spent by my firm on *Luscher* from June 1, 2015 through January 31, 2023. The lodestar calculation is based on my firm's historical billing rates in effect at the time services were performed.  Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained by my firm.  The hourly rates for my firm included in Exhibit 2 were, at the time the work was performed, the usual and customary hourly rates charged for their services in similar complex litigation and the then-current rates of the firm.  My firm previously submitted a detailed summary of the time spent on the *CRT* litigation for the period from inception through July 15, 2015. *See* ECF No. 4073-7, Ex. 2.

6.      The total number of hours reasonably expended on *Luscher* by my firm from June 1, 2015 through January 31, 2023 is 246.1 hours. My firm's lodestar for these hours at historical rates is $180,800, and $221,490 at current rates. This time does not include the substantial number of hours my firm spent defending the *CRT* settlements with the other defendants during this same time period.

7.      The Court previously approved the Special Master's recommended lodestar of $3,233,286 for my firm (reflecting my total then-current-rate lodestar minus 10 percent).  *See* ECF Nos. 5122, 4976-1.  The total lodestar for my firm at current rates including both the *CRT* litigation and *Luscher* is $3,454,776.  Expense items are billed separately and are not duplicated in my firm's lodestar.

8.      My firm is not seeking reimbursement for expenses.


I declare under penalty of perjury that the foregoing is true and correct.  Executed this 8th day of March, 2023, in Bozeman, Montana.

_____

# EXHIBIT 1

**EXHIBIT 1**

**Resumé of Sylvie K. Kern**

I obtained my undergraduate degree from U.C.L.A., magna cum laude and Phi Beta Kappa. I also hold a master's degree from the Johns Hopkins School of Advanced International Studies and a law degree from Hastings College of the Law, where I was a member of the Hastings International and Comparative Law Review.

Upon graduation from law school, I completed a two-year clerkship at the California Court of Appeal. I then entered private practice. For nearly 20 years I litigated complex commercial cases at Morrison & Foerster LLP, Brobeck Phleger & Harrison LLP, and Severson, Werson, Burke & Melchior. During this time, I represented corporate clients in multi-million-dollar litigation at trial and appellate levels in actions involving a wide variety of industries, including banking and financial, insurance, personal injury, real estate, securities, telecommunications, and transportation.

For the past 18 years, I have litigated plaintiffs' antitrust class actions almost exclusively, first at Glancy Binkow & Goldberg LLP and thereafter at my own law offices. While at the Glancy firm, I participated in the prosecution of numerous MDL and state antitrust class actions on behalf of direct and indirect plaintiffs. The firm was Co-Lead Counsel in many of these actions, and in those actions I was usually part of the core team of attorneys managing the litigation.

Representative cases in addition to my work on the *CRT* litigation:

- *In re Hard Drive Suspension Assemblies Antitrust Litigation,* MDL No. 2918 (N.D. CA). Representing two named plaintiffs in an action alleging a conspiracy to fix prices and allocate the market for suspension assemblies.

- *In re Automotive Parts Antitrust Litigation,* MDL No. 2311 (E.D. MI). Represented a California named plaintiff in over 25 class actions by indirect purchasers alleging antitrust violations in the automotive industry;

- *In re Urethanes Antitrust Litigation,* MDL No. 1616 (D. KS). Represented direct purchasers in an action alleging price-fixing of polyester polyol products.

DECLARATION OF SYLVIE K. KERN IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS
Case No. 4:07-cv-5944, MDL No. 1917

- *In re Western States Wholesale Natural Gas Antitrust Litigation,* MDL No. 1566 (D. NV).  Represented direct purchasers of natural gas in an action alleging Sherman Act violations affecting natural gas transactions.
- *In re Korean Air Lines Antitrust Litigation,* MDL No. 1891 (C.D. CA). Represented direct purchasers in an action alleging a conspiracy to fix prices on passenger flights.

Publications:

- "The FTAIA—A Changing Landscape," *Competition,* The Journal of the Antitrust and Unfair Competition Law Section of the State Bar of California, Spring 2012, Vol. 21, No.1.
- "Is the FTAIA Jurisdictional? Subject Matter Jurisdiction after *Arbaugh* and *Elsevier,*" *Competition,* The Journal of the Antitrust and Unfair Competition Law Section of the State Bar of California, Fall 2010, Vol. 19, No.2.

Before entering law school, I was a Foreign Service Officer with the U.S. Agency for International Development (USAID).  I hold dual French/U.S. citizenship, speak French fluently and am conversant in Italian and Spanish.

# **EXHIBIT 2**

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | | LAW OFFICES OF SYLVIE KULKIN KERN | | | | | | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Reporting Year | | 2015 | | | | | | | | | | | | | |
| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
| SYLVIE KERN | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $    - |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | LAW OFFICES OF SYLVIE KULKIN KERN | | | | | | | | | | | | | | |
| Reporting Year | 2016 | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SYLVIE KERN | | | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

EXHIBIT 2

IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

TIME AND LODESTAR SUMMARY

INDIRECT PURCHASER PLAINTIFFS

**Firm Name:** LAW OFFICES OF SYLVIE KULKIN KERN

**Reporting Year:** 2017

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SYLVIE KERN | $725 | 38.7 | | | | | | | | | 58.7 | 104.0 | | 201.4 | $ 146,015.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 38.7 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 58.7 | 104.0 | 0.0 | 201.4 | $ 146,015.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | LAW OFFICES OF SYLVIE KULKIN KERN | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Reporting Year | 2018 | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SYLVIE KERN | $750 | 16.3 | | | | | | | | | 16.9 | | | 33.2 | $ 24,900.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 16.3 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 16.9 | 0.0 | 0.0 | 33.2 | $ 24,900.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | LAW OFFICES OF SYLVIE KULKIN KERN | | | | | | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Reporting Year | 2019 | | | | | | | | | | | | | |
| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
| SYLVIE KERN | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $  - |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION: MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | LAW OFFICES OF SYLVIE KULKIN KERN | | | | | | | | | | | | | | |
| Reporting Year | 2020 | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SYLVIE KERN | $850 | | | | | | | | | | 9.3 | | | 9.3 | $ 7,905.00 |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | | | | | | | | | | | | | 0.0 | $  - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 9.3 | 0.0 | 0.0 | 9.3 | $ 7,905.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | LAW OFFICES OF SYLVIE KULKIN KERN | | | | | | | | | | | | | | |
| Reporting Year | 2021 | | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SYLVIE KERN | | | | | | | | | | | | | | | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | | LAW OFFICES OF SYLVIE KULKIN KERN | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Reporting Year | | 2022 | | | | | | | | | | | | | | |
| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar | |
| SYLVIE KERN | $900 | | | | | | | | | | | 2.2 | | 2.2 | $ | 1,980.00 |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | | | | | | | | | | | | | 0.0 | $ | - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.2 | 0.0 | 2.2 | $ | 1,980.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | | LAW OFFICES OF SYLVIE KULKIN KERN | | | | | | | | | | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Reporting Year | | 2023 | | | | | | | | | | | | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| SYLVIE KERN | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LAW OFFICES OF SYLVIE KULKIN KERN | | | | | | | | | | | | | | | |
| Reporting Year | | | | | | | | | | | | | | | |
| June 1, 2015 through Jan. 31, 2023 | | | | | | | | | | | | | | | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | P | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2016 | P | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2017 | P | 38.7 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 58.7 | 104.0 | 0.0 | 201.4 | $146,015 |
| 2018 | P | 16.3 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 16.9 | 0.0 | 0.0 | 33.2 | $ 24,900.00 |
| 2019 | P | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2020 | P | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 9.3 | 0.0 | 0.0 | 9.3 | $7,905.00 |
| 2021 | P | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2022 | P | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.2 | 0.0 | 2.2 | $ 1,980.00 |
| 2023 | P | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| | | 55.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 84.9 | 106.2 | 0.0 | 246.1 | $ 180,800.00 |

**STATUS:**

| | |
|---|---|
| (P) | Partner |
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

**CATEGORIES:**

1. Attorney Meeting/Strategy
2. Court Appearance
3. Client Meeting
4. Draft Discovery Requests or Responses
5. Deposition Preparation
6. Attend Deposition - Conduct/Defend
7. Document Review
8. Experts - Work or Consult
9. Research
10. Motions/Pleadings
11. Settlement
12. Trial

# EXHIBIT 5

Robert J. Gralewski, Jr. (196410)
KIRBY McINERNEY LLP
600 B Street, Suite 2110
San Diego, CA 92101
Tel: 619-784-1442

*Counsel for Sandra Riebow, Kerry Lee Hall, and the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-05944-JST<br>Case No. 4:17-cv-04067-JST |
| | **CLASS ACTION** |
| This Document Relates to: | **DECLARATION OF ROBERT J. GRALEWSKI, JR. IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS** |
| *Luscher, et al. v. Mitsubishi Electric Corp.*, No. 4:17-cv-04067-JST | Judge: Honorable Jon S. Tigar<br>Courtroom: 5, 2nd Floor |

I, ROBERT J. GRALEWSKI, JR., declare as follows:

1.      I am an attorney licensed to practice before the courts of the State of California and am admitted to practice before this Court. I am a partner in the law firm Kirby McInerney LLP.  I submit this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in the Indirect Purchaser Plaintiffs' ("IPPs") Application for Attorneys' Fees, Expenses, and Incentive Awards. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.      My firm is counsel of record in this case and represents Sandra Riebow, Kerry Lee Hall, and the Indirect Purchaser Plaintiff Class.  A brief description of my firm is attached as Exhibit 1 and incorporated herein by reference.

3.      Throughout the course of this litigation, my firm kept files contemporaneously documenting all time spent, including tasks performed, and expenses incurred. All of the time and expenses reported by my firm were incurred for the benefit of IPPs.

4.      During the case, Kirby McInerney was one of a handful of firms regularly counted on by Lead Counsel to assist with the most important aspects of the case, from arguing at the class certification hearing before the Special Master to first-chairing numerous depositions of the largest defendant (Samsung SDI) to traveling to Fuzhou, China to meet with and prepare three cooperating Chunghwa Picture Tube employees for their direct trial testimony.  My declaration in support of IPPs' original application for attorneys' fees and expenses (ECF No. 4073-2) details my firm's extensive and active involvement in the underlying litigation.  Lead Counsel also requested my firm's assistance with the Mitsubishi Electric litigation.  Kirby McInerney's involvement in the Mitsubishi Electric litigation included: consulting with respect to the tolling agreement, assisting with the strategy and drafting of the original Mitsubishi Electric complaint and subsequently amending the complaint to address certain Plaintiff-specific issues, interfacing with the firm's class representative clients about the complaint and settlement, assisting with the motion in support of preliminary approval, and conducting legal research pertaining to Illinois-Brick related issues

1    and standing in connection with the complaint and settlement.

2        5.      The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary

3    of the amount of time spent by my firm's partners, attorneys and professional support staff on the

4    litigation against Mitsubishi Electric from June 1, 2015 through January 31, 2023.  The lodestar

5    calculation is based on my firm's historical billing rates in effect at the time services were

6    performed and current rates are on a separate table.  Exhibit 2 was prepared from contemporaneous

7    time records regularly prepared and maintained by my firm.  The hourly rates for my firm's

8    partners, attorneys and professional support staff included in Exhibit 2 were, at the time the work

9    was performed, the usual and customary hourly rates charged for their services in similar complex

10   litigation and the current rates of the firm.  My firm previously submitted a detailed summary of

11   the time spent on this litigation for the period from inception through May 31, 2015.  See ECF No.

12   4073-2.

13       6.      The total number of hours reasonably expended on the litigation against Mitsubishi

14   Electric by my firm from June 1, 2015 through January 31, 2023 is 108.2 hours.  My firm's

15   lodestar for these hours at historical rates is $46,769 and $54,332.50 at current rates.  This time

16   does not include the substantial number of hours my firm spent, at the direction of Lead Counsel,

17   defending the settlements with the other Defendants during this same time period.

18       7.      The Court previously approved a current rate lodestar of $9,981,414 for my firm

19   (total current rate lodestar minus 10 percent).  The total lodestar (previously approved lodestar

20   minus 10% cut plus Mitsubishi Electric lodestar) for my firm at current rates is $10,035,746.50.

21   Expense items are billed separately and are not duplicated in my firm's lodestar.

22       8.      The expenses my firm incurred in litigating this entire action are reflected in the

23   books and records of my firm.  These books and records are prepared from expense vouchers,

24   invoices, receipts, check records and other source materials and accurately reflect the expenses

25   incurred.  My firm's expense records are available for inspection by the Court if necessary.

26       9.      My firm did not incur any expenses in connection with the Mitsubishi Electric

27   litigation.

28

1     I declare under penalty of perjury that the foregoing is true and correct.  Executed this 28th

2  day of February, 2023, in San Diego, California.

3

4                                                          ROBERT J. GRALEWSKI, JR.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT 1



**Kirby McInerney LLP** is a specialist plaintiffs' litigation firm with expertise in antitrust, commodities, securities, structured finance, whistleblower, health care, consumer, and other fraud litigation.

KM has achieved and is pursuing landmark results in the fields of antitrust, commodities fraud, securities fraud, corporate governance, consumer, and health care, representing our clients in both class actions and individual litigation.  KM has recovered billions of dollars for its clients.

KM has been appointed interim lead counsel in *In re North Sea Brent Crude Oil Futures Litig.*, No. 13-md-02475 (S.D.N.Y.), a case brought on behalf of commodity futures traders alleging that certain oil companies misreported or otherwise manufactured market information for crude oil prices.   KM also is co-lead counsel in the antitrust action *In re Libor-Based Financial Instruments Antitrust Litig.*, No. 11-md-02262 (S.D.N.Y.), a case alleging the fixing of prices of a benchmark interest rate; and co-lead counsel for the indirect purchaser plaintiffs in *In re Ductile Iron Pipe Fittings ("DIPF") Indirect Purchaser Antitrust Litig.*, No. 12-cv-169 (D.N.J.), a case alleging the raising and fixing of prices in the market for ductile iron pipe fittings.

KM was also co-lead counsel on behalf of indirect purchasers in *In re BP Propane Indirect Purchaser Antitrust Litig.*, No. 06-cv-3541 (N.D.Ill. 2010) which resulted in a $15 million settlement on behalf of propane purchasers.

KM served as lead counsel to classes of indirect purchasers in connection with antitrust proceedings against Microsoft in *Charles Cox and Old Factories, Inc. v. Microsoft Corp.*, Index No. 105193/00, Part 3 (N.Y. Sup. Ct.); *Gordon, et al. v. Microsoft Corp.*, No. MC 00-5994 (Minn. Dist Ct. Hennepin County).  These litigations resulted in settlements totaling nearly a billion dollars for consumers in the States of New York, Florida, Tennessee, West Virginia, and Minnesota (where the litigation proceeded to trial). The specific cases cited here, conducted on behalf New York and Minnesota consumers, resulted in recoveries of approximately $350 million and $175 million, respectively.

Additionally, KM acted as lead counsel in *In re Reformulated Gasoline (RFG) Antitrust and Patent Litig. and Related Actions*, No. 05-cv-01671 (C.D. Cal), an antitrust class action pertaining to Unocal's alleged manipulation of the standard-setting process for low-emissions reformulated gasoline in California, which plaintiffs claim caused inflated retail prices. This litigation resulted in a $48 million settlement for indirect purchasers.  KM also acted as one of the firms with primary responsibility for *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-cv-05238 (E.D.N.Y.), a case on behalf of a class of retailers in connection with Visa MasterCard policies pertaining to debit card fees.  The litigation resulted in a settlement of over $3 billion for the class and landmark injunctive relief.

KM has been involved in some of the most cutting-edge areas of market manipulation cases, including a seminal case involving Sumitomo Corporation's manipulation of the copper market. Of late, KM represented market makers and hedge funds in commodities manipulation cases involving silver, propane and fixed income products. KM's experience in market manipulation and price fixing for both indirect and direct purchasers, in cases brought under the Sherman Act and state law analogs, spans the markets for gasoline, propane, cement, concrete, steel, potash, silver and even fixed income products.

Many of KM's attorneys are exceptionally well versed in antitrust and commodities litigation. David Kovel, the partner with our firm most involved in commodities litigation, was a commodities trader prior to receiving his JD/MBA and worked in the commodities export markets. As a commodities trader, Mr. Kovel took financial risk in futures and options markets and traded physical markets in U.S., Europe, Asia and Latin America. He became a specialist at trading in futures delivery markets and understanding the relationship between futures prices and the physical spot market. Prior to joining KM, Alice McInerney was Chief of the Investor Protection Bureau and Deputy Chief of the Antitrust Bureau of the New York Attorney General's office. Partner Daniel Hume and our associates too have exceptional antitrust experience.

Some notable KM antitrust work includes:

- *In re Visa Check/MasterMoney Antitrust Litig.*, No. 96-cv-5238 (S.D.N.Y.) (over $3 billion settlement in direct purchaser debit card fee case – KM was class counsel with second largest lodestar in the case);
- *Microsoft antitrust cases*: KM acted as a lead counsel to classes of indirect purchasers in connection with antitrust proceedings against Microsoft. The litigations resulted in settlement totaling nearly a billion dollars for consumers in the states of New York, Florida, Tennessee, West Virginia, and Minnesota (where the litigation proceeded to trial). We presently are helping lead a similar effort on behalf of consumers and government entities in Canada;
- *CRT and LCD Price Fixing Cases*: KM is playing a lead role in the Cathode Ray Tube indirect purchaser antitrust litigation that is approaching trial and played a significant role as well in the Liquid Crystal Display indirect purchaser litigation which recently settled for over $1 billion;
- *In re Reformulated Gasoline (RFG) Antitrust and Patent Litig. and Related Actions*, No. 05-cv-01671 (C.D. Cal. 2005) ($48 million settlement on behalf of indirect gasoline purchasers);
- *In re BP Propane Indirect Purchaser Antitrust Litig.*, No. 06-CV-3541 (N.D.Ill. 2010) ($15 million settlement on behalf of indirect propane purchasers);
- *In re Potash Antitrust Litig.*, No. 08-cv-06910 (N.D.Ill. 2008) (indirect purchaser price fixing case – pending on appeal);
- *In re Commodity Exchange, Inc., Silver Futures and Options Trading Litig.*, No. 11-md-02213 (S.D.N.Y. 2011) (market manipulation case pending);
- *Supreme Auto Transport LLC v. Arcelor Mittal et al.*, No. 08-cv-05468 (N.D. Ill. 2008) (indirect purchaser price fixing case pending); and
- Representation of a nationwide class of residential mortgage loan borrowers in *Rothstein v. GMAC Mortgage LLC*, a class action alleging violations of the Racketeer Influence and Corrupt Organizations Act. This litigation resulted in a $13 million settlement against GMAC Mortgage.
- *In re Sumitomo Copper Litig.*, No. 96-cv-4584 (S.D.N.Y. 1999) (counsel in matter involving settlement of over $140 million in market manipulation case).



**Daniel Hume** is a co-managing partner based in our New York office. He leverages more than 25 years of experience to help institutional investors, financial institutions, and individuals recover losses and achieve favorable outcomes in class action and direct securities litigation. Additionally, he has prosecuted antitrust class actions and obtained significant monetary relief for consumers.

Some of Mr. Hume's relevant securities work includes:

- Counsel in *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharmaceuticals International, Inc.*, alleging that Valeant materially misrepresented its business model, touting artificial and unsustainable growth that was enabled by the company's deceptive and illegal conduct.
- Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries, alleging that HSBC ran money laundering operations out of New York City. The litigation settled for $72.5 million, the then largest foreign derivatives settlement ever reached and one of the largest insurer-funded cash payments achieved in a U.S. derivatives lawsuit.
- Lead counsel for the investor class in *In re AT&T Wireless Tracking Stock Securities Litigation*, a securities class action which resulted in recovery of $150 million for the class.
- Lead counsel for a group of Singapore-based investors in a securities class action, *Dandong v. Pinnacle Performance Ltd*, against Morgan Stanley pertaining to notes issued by Cayman Islands-registered Pinnacle Performance Ltd. This litigation resulted in a $20 million recovery.
- Lead counsel for the investor class in *In re MOL Global, Inc. Securities Litigation*, a securities class action lawsuit alleging that e-payment enabler MOL Global misled shareholders prior to its initial public offering. This litigation resulted in a $8.5 million recovery.
- Representation of foreign financial institutions in individual lawsuits against Morgan Stanley, Credit Agricole Corporate and Investment Bank, UBS, Deutsche Bank, Credit Suisse, Goldman Sachs, JP Morgan, and Barclays pertaining to a number of fraudulent structured investment vehicles and asset-backed collateralized debt obligations.

Some of Mr. Hume's relevant antitrust work includes:

- Lead counsel for consumer classes in connection with antitrust proceedings against Microsoft in the United States and consulting and advisory counsel to Canadian lead counsel in Canada. These litigations have resulted in settlements totaling over $1 billion for consumers in Canada, Florida, New York, Tennessee, West Virginia, and Minnesota, where the litigation proceeded to trial.
- Representation of a class of retailers in *In re Visa Check/Master Money Antitrust Litigation*, an antitrust case which resulted in a settlement of over $3 billion for the class.

- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.

Mr. Hume is admitted to the New York State Bar, U.S. District Courts for the Southern and Eastern Districts of New York, U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Eighth, and Ninth Circuits, The Appellate Division of the Supreme Court of the State of New York, First Judicial Department, and The United States Supreme Court. He graduated from State University of New York at Albany (B.A. *magna cum laude*, 1988) and Columbia Law School (J.D. 1991).

***



**David E. Kovel** is a managing partner based in our New York office focusing on commodities, antitrust, whistleblower, securities, and corporate governance matters. Recently, Mr. Kovel represented a whistleblower client who was awarded nearly $200 million by the whistleblower program of the Commodity Futures Trading Commission ("CFTC"). This landmark CFTC whistleblower award is the largest, publicly-announced single whistleblower award arising under the Dodd-Frank whistleblower reward programs (the CFTC and U.S. Securities and Exchange Commission ("SEC")) as well as under other whistleblower programs including the IRS and the federal and state false claims acts. Additionally, Mr. Kovel has been recognized as an expert on antitrust and commodities litigation and is a frequent commentator on these matters. He has an active appellate practice having argued significant commodities, antitrust, and whistleblower matters before various appeals courts. Mr. Kovel also has an active pro bono practice. His work is more fully described below.

Mr. Kovel is admitted to the New York State Bar, the Connecticut State Bar, the U.S. District Courts for the Southern, Eastern, and Western Districts of New York, the U.S. Court of Appeals for the First Circuit, Second Circuit, and D.C. Circuit. He has been a member of the New York City Bar Association Committee on Futures and Derivatives Regulation and is a former member of the New York City Bar Association Antitrust Committee. He graduated from Yale University (B.A.), Columbia University School of Law (J.D.), and Columbia University Graduate School of Business (M.B.A.).

Mr. Kovel traded commodities for several years before attending business and law school. Prior to joining KM, Mr. Kovel practiced at Simpson Thacher & Bartlett LLP. He is fluent in Spanish and at one time played professional soccer in Nicaragua.

Appellate Experience

- *Wacker v. JP Morgan Chase & Co.*, No. 16-2482 (2d Circuit) (achieved reversal under antitrust pleading standards and on behalf of traders of silver futures, alleged victims of market manipulation)
- *Doe v. United States Securities and Exchange Commission*, No. 17-4161 (2d Circuit) (Appeal of a whistleblower award under the Dodd Frank whistleblowers provisions of the Securities Exchange Act)
- *Anonymous v. Anonymous, et al.*, No. 103997/2012 (First Department, N.Y. Cty.) (responded to Moody's appeal in seminal tax case under the New York False Claims Act)
- *In re Libor-Based Financial Instruments Antitrust Litigation* including *Gelboim v. Credit Suisse Group AG*, No. 17-1989 (2d Circuit) (involved in various appeals on pleading standards, jurisdiction, class certification and other matters stemming from this complex class action)
- *In re North Sea Brent Crude Oil Futures Litig.*, No. 17-2233 (2d Circuit) (engaged in appeal on first impression issues related to extraterritoriality under the Commodity Exchange Act)
- *United States of America Ex Rel. Lawton v. Takeda Pharmaceutical Company, et al.*, No. 16-1382 (1st Circuit) (argued appeal of whistleblower alleging violations of federal and state False Claims Acts for off-labeling marketing)
- *Anastasio v. Total Gas & Power North America*, No. 17-1199 (2d Circuit) (argued appeal on behalf of natural gas futures traders alleging market manipulation)

Commodities Cases

- *In re Credit Default Swaps Auctions Litigation*, No. 21-cv-00606 (D.N.M.). Co-lead counsel in a class action brought by the firm and the Office of the Attorney General for the State of New Mexico alleging antitrust violations and market manipulation in the credit default swaps market. The case is ongoing.
- *Shak et al. v. JP Morgan Chase & Co. et al.*, No. 15-cv-00922 (S.D.N.Y.) (and related cases). Representation of exchange-based investors alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.
- *In re Libor-Based Financial Instruments Antitrust Litigation*, No. 11-md-02262; *FTC Capital GMBH et al. v. Credit Suisse Group AG et al.,* No. 11-cv-02613 (S.D.N.Y.) Court appointed co-liaison counsel for all class actions in the multi-district litigation and co-lead counsel for exchange-based class alleging the fixing of prices of a benchmark interest rate. This litigation has already resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.
- *Dennis v. The Andersons, Inc. et al.*, No. 20-cv-04090 (N.D. of Ill.) Representation of a putative class of exchange-based investors alleging monopolization and manipulation of Chicago Board

of Trade soft red winter wheat futures contracts in violation of federal antitrust and commodity exchange laws.

- *In re Deutsche Bank Spoofing Litigation,* No. 20-cv-03638 (N.D. of Ill.) Counsel on behalf of a putative class of investors alleging manipulation through "spoofing" of U.S. Treasury futures traded on the Chicago Board of Trade and Eurodollar futures traded on the Chicago Mercantile Exchange.

- *In re Bank of Nova Scotia Spoofing Litigation*, No. 20-cv-11059 (D.N.J.). Court appointed to the Executive Committee and class counsel, alleging that defendants manipulated precious metals futures traded on the New York Mercantile Exchange and the Commodity Exchange, Inc.

- Selected by the Court as co-lead counsel in *In re JPMorgan Treasury Futures Spoofing Litigation*, No. 20-cv-03515 (S.D.N.Y.), alleging that defendants manipulated U.S. Treasury futures for more than a decade and that this conduct contributed to the bank's recent $920 million settlement with the DOJ, CFTC, and SEC. The case has a putative settlement of $15.7 million.

- *In re Cattle Antitrust Litigation*, No. 19-cv-01222 (D. Minn.). Court appointed Executive committee member and class counsel, representing cattle producers and cattle futures traders. The suit alleges that the "Big 4" meatpacking firms conspired to suppress prices for fed cattle and manipulated live cattle futures traded on the Chicago Mercantile Exchange.

- *In re North Sea Brent Crude Oil Futures Litig.*, No. 13-md-02475 (S.D.N.Y.). Sole lead counsel on behalf of a proposed class of Brent crude oil futures traders alleging benchmark manipulation.

- *In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation and Related Actions*, No. 05-cv-01671 (C.D. Cal.). Co-lead counsel in an antitrust class action pertaining to Unocal's alleged manipulation of the standard-setting process for low-emissions reformulated gasoline in California, which plaintiffs claim caused inflated retail prices. Obtained a $48 million settlement for indirect purchasers.

- *In re BP Propane Indirect Purchaser Antitrust Litigation*, No. 06-cv-03541 (N.D. Ill. 2010). Co-lead counsel for propane purchaser class. Secured a $15 million settlement.

- *In re Potash Antitrust Litigation*, No. 08-cv-06910 (N.D. Ill. 2008). In leadership group which secured a $13 million settlement for a class of potash purchasers.

- *CFTC v. Shak*, No. 14-cv-01632-EGS (D.D.C.). Represented defendant in case brought by the CFTC under the Commodity Exchange Act's newest provisions for violations of an administrative order in the gold futures market.

- *Supreme Auto Transport LLC v. Arcelor Mittal et al.*, No. 08-cv-05468 (N.D. Ill. 2008). In the leadership group on behalf of a proposed class of steel purchaser alleging price fixing.

- *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, No. 14-md-02548 (S.D.N.Y.). Counsel for plaintiff on behalf of gold purchasers in a market manipulation case. The case has resulted in settlements of $152 million.

- *In re Exide Technologies*, No. 13-11482 (KJC) (Bankr. D. Del.). Expert for bankrupt debtor, a purchaser of metals, opining on the dynamics of plaintiffs' side representation in antitrust and commodities market cases.

Other Antitrust Cases

- *In re Ductile Iron Pipe Fittings Antitrust Litigation*, MDL No. 2347 (D. NJ. 2012). Co-lead counsel on behalf of a proposed class of purchasers of iron pipe fittings for water projects. Class representatives include Wayne County, Michigan. Secured a $4 million settlement.
- *Microsoft antitrust cases*: Lead counsel for consumer classes in connection with antitrust proceedings against Microsoft in the United States and consulting and advisory counsel to Canadian lead counsel in Canada. These litigations have resulted in settlements totaling over $1 billion for consumers in Canada, Florida, New York, Tennessee, West Virginia, and Minnesota, where the litigation proceeded to trial.
- *The City of New York v. GlaxoSmithKline PLC and SmithKline Beecham Corporation*, No. 04-cv-2134-JP (D. Pa. 2004). Represented City of New York in pharmaceutical drug monopolization case. Private settlement.

Corporate Governance
- *In re Pfizer Inc. Shareholder Derivative Litigation,* No. 09-cv-7822 (S.D.N.Y.). Counsel for lead plaintiff in a shareholder derivative action. Obtained a $75 million award and groundbreaking changes to the Board of Director's oversight of regulatory matters

Public Whistleblower Cases
- *Anonymous, Et Ano v. Moody's Corporation, et al.*, No. 103997/2012 (Supreme Court, N.Y. County)
- *The State of New York Ex Rel. Vinod Khurana et al v. Spherion Corp.*, No. 15-cv-06605-JFK-AJP (S.D.N.Y.)
- *United States of America Ex Rel. Lawton v. Takeda Pharmaceutical Company, et al.* (D. Mass.)
- *Doe v. United States Securities and Exchange Commission*, No. 17-4161 (D.C. Circuit)

Confidential Whistleblower Cases Ongoing and Resolved
- Commodities.
- Securities.
- Procurement fraud.
- Medical Device/Pharmaceutical fraud.

*Pro Bono*
- Mr. Kovel also has an active pro bono practice, having represented, among others, clients in need of housing referred through the office of *pro se* litigation in the Southern District of New York, whistleblowers various governmental settings, clients in foreclosure matters, and a Latino soccer association in its efforts organize and obtain a fair proportion of field time from a municipality.

Frequent commentator on commodities, finance, and whistleblower matters
- *Bloomberg* (television and print), *New York Times*, *Wall Street Journal*, *Reuters*, *Financial Times*, *Forbes*

- Representative comments include the following articles:
    - "Market fixing inquiry gathers pace," http://www.ft.com/intl/cms/s/0/0a589512-4589-11e4-9b71-00144feabdc0.html#axzz3MebHU1a2
    - "Brent Crude Traders Claim Proof BFOE Boys Rigged Market," http://www.bloomberg.com/news/2013-11-06/brent-crude-traders-claim-proof-bfoe-boys-rigged-market.html
    - "Haunted by Inflation, He Snapped Up Silver at $2, Made a Fortune and Lost It," http://www.bloomberg.com/news/2014-10-23/hunt-s-death-revives-memory-of-fortune-lost-on-silver-bet.html
    - "Regulators Try to Beat Clock in Rate Probe." http://www.wsj.com/news/articles/SB10000872396390443890304578006573853603846?mod=_newsreel_3
    - "The Coming New Age Of Whistleblower Lawsuits." http://www.forbes.com/2010/11/05/whistleblower-dodd-frank-fraud-leadership-managing-corruption.html
    - "Proposed IRS Whistleblower Rules Could Undermine FATCA, Critics Argue." http://blogs.wsj.com/corruption-currents/2013/02/12/proposed-irs-whistleblower-rules-could-undermine-fatca-critics-argue/
    - "Arrests Mount In Libor Manipulation Probe." http://www.bloomberg.com/video/arrests-mount-in-libor-manipulation-probe-TPKf_kj6QE2OCkwfJgyqbQ.html

***



**David A. Bishop** is a partner practicing out of our New York office, where he coordinates domestic client and government relations. Mr. Bishop joined the firm in 2006 following a distinguished career in local government. Mr. Bishop was elected to the Suffolk County Legislature in 1993 while still attending Fordham Law School. He served in several leadership capacities, including Democratic Party Leader, Chairman of Public Safety and Chairman of Environment. His legislative record earned him recognition from the Nature Conservancy, the Child Care Council, and the Long Island Federation of Labor.

As an attorney in private practice, Mr. Bishop has litigated numerous NASD arbitrations on behalf of claimants.

Some of Mr. Bishop's relevant experience includes:

- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co.*, alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and

commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.

- Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries, alleging that HSBC ran money laundering operations out of New York City. The litigation settled for $72.5 million, the then largest foreign derivatives settlement ever reached and one of the largest insurer-funded cash payments achieved in a U.S. derivatives lawsuit.

- Representation in a class action on behalf of homeowners in minority neighborhoods in Nassau County concerning the County's unfair assessment practices.

- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage-related losses. During the class period, the company's stock fell from approximately $37 to $6. This case resulted in a settlement of $168 million.

- Lead counsel for classes of consumers harmed by price fixing in the LCD flat panel and SRAM markets.

- Co-lead counsel for a class of investors in Goldman Sachs common stock in a securities class action, *Lapin v. Goldman Sachs Group, Inc.*, pertaining to Goldman's alleged instruction to their research analysts to favor procurement of investment banking deals over accuracy in their research. This litigation resulted in a recovery of $29 million for the class.

Mr. Bishop is admitted to the New York State Bar and U.S. District Court for the Southern and Eastern Districts of New York. He graduated from American University (B.A. 1987) and Fordham University Law School (J.D. 1993).

***

**Thomas W. Elrod** is a partner based in our New York office focusing on securities, commodities, and antitrust litigation. From 2015-2020, Mr. Elrod was named a Top Rated Securities Litigation "Rising Star" Attorney by Super Lawyers. Mr. Elrod joined the firm in 2011.

Some of Mr. Elrod's relevant securities experience includes:

- Co-lead counsel in *Kokareva v. Bristow Group Inc.*, a securities class action alleging that an aviation services provider focused on the oil and gas sector, made materially false and misleading statements about its internal controls relating to covenants in the company's secured financing agreements. The case resulted in a $6.25 million settlement.

- Lead counsel in *In re Citigroup Inc Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case settled for $590 million.
- Class counsel in *Shah v. Zimmer Biomet Holdings*, a securities class action alleging that a medical device company did not disclose systemic quality issues at its manufacturing facility. The case resulted in a $50 million settlement.
- Lead counsel in *In re Hi-Crush Partners L.P. Securities Litigation*, a class action alleging that fracking sand producer Hi-Crush Partners misled shareholders regarding a major customer relationship. This case resulted in a $3.8 million settlement.
- Lead counsel in *Barfuss v. DGSE Companies, Inc.*, a securities class action alleging that a company that sold precious metals to wholesale and retail customers filed materially misleading financial statements. The case resulted in a $1.7 million settlement.
- Co-lead counsel in *In re Resonant Inc. Securities Litigation*, a securities class action alleging that a mobile phone component company misled investors concerning its ability to meet the terms of a development agreement. The case resulted in a $2.75 million settlement.
- Representation of municipal issuers, including governmental entities and hospital systems, in FINRA arbitrations alleging misrepresentations by underwriters in connection with Auction Rate Securities issuances.

Some of Mr. Elrod's relevant antitrust and commodities experience includes:

- Selected by the Court as co-lead counsel in *In re JPMorgan Treasury Futures Spoofing Litigation*, alleging that defendants manipulated U.S. Treasury futures for more than a decade and that this conduct contributed to the bank's recent $920 million settlement with the DOJ, CFTC, and SEC. The case has a putative settlement of $15.7 million.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.
- Court appointed Executive committee member and class counsel in *In re Cattle Antitrust Litigation*, representing cattle producers and cattle futures traders. The suit alleges that the "Big 4" meatpacking firms conspired to suppress prices for fed cattle and manipulated live cattle futures traded on the Chicago Mercantile Exchange.
- Lead counsel on behalf of a proposed class of Brent crude oil futures traders alleging benchmark manipulation in *In re North Sea Brent Crude Oil Futures Litigation*.

- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co.*, alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.

Some of Mr. Elrod's other relevant experience includes:

- Representation of a nationwide class of residential mortgage loan borrowers in *Rothstein v. GMAC Mortgage LLC*, a class action alleging violations of the Racketeer Influence and Corrupt Organizations Act. This litigation resulted in a $13 million settlement against GMAC Mortgage.
- Representation of SEC, CFTC, and FCA whistleblowers who claim that their companies have violated federal law or defrauded the United States Government.

Mr. Elrod is admitted to the New York State Bar, New Jersey State Bar, U.S. District Courts for the Southern and Eastern Districts of New York, U.S. District Court for the District of New Jersey, and U.S. Courts of Appeals for the 2nd, 3rd, 7th, and 9th Circuits. He graduated from the University of Chicago (B.A. 2005) and Boston University School of Law (J.D. 2009).

*** 



**Anthony F. Fata** is a partner based in our Chicago office. For more than 20 years, Mr. Fata has represented clients in complex financial matters, including claims arising under the commodity, securities, antitrust, and whistleblower laws. Mr. Fata has regularly appeared before federal and state courts throughout the United States and in regulatory matters overseen by the Securities and Exchange Commission, Commodity Futures Trading Commission, Financial Industry Regulatory Authority, Chicago Mercantile Exchange, and other governmental and self-regulatory agencies.

Prior to joining KM, Mr. Fata practiced at McDermott, Will & Emery LLP, where he defended SEC enforcement matters, securities class actions, shareholder derivative suits, and consumer class actions. He then joined Cafferty Clobes Meriwether & Sprengel LLP to lead the firm's efforts in commodity manipulation matters.

Mr. Fata has developed and litigated numerous proprietary cases and has served in leadership positions in multiple cases. Some of Mr. Fata's experience includes:

<u>Commodities</u>

- *In re Cattle Antitrust Litigation*, No. 19-cv-1222 (D. Minn.): Mr. Fata led efforts to develop this proprietary case on behalf of cattle producers and cattle futures traders. Mr. Fata continues to serve in a leadership capacity on behalf of live cattle futures traders. The suit alleges that the "Big 4" meatpacking firms conspired to suppress prices for fed cattle and manipulated live cattle futures traded on the Chicago Mercantile Exchange.
- *Dennis v. The Andersons, Inc. et al.*, No. 20-cv-04090 (N.D. of Ill.): Co-lead counsel of a putative class of exchange-based investors alleging monopolization and manipulation of Chicago Board of Trade soft red winter wheat futures contracts in violation of federal antitrust and commodity exchange laws. Mr. Fata has led all phases of this litigation.
- *In re Deutsche Bank Spoofing Litigation*, No. 20-cv-03638 (N.D. of Ill.): Co-lead counsel on behalf of a putative class of investors alleging manipulation through "spoofing" of U.S. Treasury futures traded on the Chicago Board of Trade and Eurodollar futures traded on the Chicago Mercantile Exchange. Mr. Fata has led all phases of this litigation.
- *In re Bank of Nova Scotia Spoofing Litigation*, No. 20-cv-11059 (D.N.J.). As a court-appointed Executive Committee member, Mr. Fata has served in a leadership capacity in this suit alleging that defendants manipulated precious metals futures traded on the New York Mercantile Exchange and the Commodity Exchange, Inc.
- *Hershey v. Pacific Investment Management Company LLC*, No. 05-cv-4681 (N.D. Ill.). Mr. Fata served as local counsel and assisted lead counsel's litigation efforts en route to securing a $118 million settlement from PIMCO, which was accused of manipulating CBOT treasury note futures.

Confidential Ongoing Whistleblower Cases
- Securities
  - pump and dump manipulation
  - evidence tampering during investigation
  - asset management fees
- Commodities: market manipulation

Consumer

- *Apple Device Performance Litigation*, No. 18-md-02827 (N.D. Cal.). Mr. Fata was appointed as an executive committee member and co-chair of the damages and settlement committee. The case alleges that Apple throttled iPhones to obscure battery issues. The $325 million settlement in the case was approved by the district court and is awaiting review by the Ninth Circuit.
- *Apple iPhone Warranty Litigation*, No. 10-cv-01610 (N.D. Cal.) Mr. Fata developed and filed the first complaint in this proprietary case alleging that Apple breached its warranty to iPhone customers by denying claims based on a pretext of water damage purportedly shown by "liquid contact indicators." After similar complaints were filed, Mr. Fata worked cooperatively with other plaintiffs' firms and led efforts to secure a $53 million global settlement for the class.

- *Apple Gift Card Litigation*, No. 20-cv-04812 (N.D. Cal.). Mr. Fata developed and filed the first complaint in this proprietary case alleging that Apple withholds funds belonging to victims of gift-card scams. Drawing on his financial crimes expertise, Mr. Fata developed the factual theories underpinning the case, helped to organize counsel, and is currently co-leading efforts on behalf of the class.

- *Midway Moving Sales Practices Litigation*, No. 2003-CH-16091 (Cir. Ct. Cook Cty.). Mr. Fata developed and filed this proprietary case alleging that a moving company used bait-and-switch estimating practices. He successfully obtained an order certifying the class, and defended it on appeal, Ramirez v. Midway Moving and Storage, Inc., 378 Ill. App. 3d 51, 880 N.E. 2d 653 (Ill. App. 1st Dist. 2007). Following extensive litigation efforts, on the eve of trial, the matter was successfully resolved via a class-wide settlement that returned 100% of claimed damages to customers.

- *eWork Inc. Sales Practices Litigation*, No. 06-cv-00686 (D. Colo.). Mr. Fata developed and filed this proprietary case alleging that an internet job-consultant matchmaker utilized deceptive practices to lure independent consultants to pay for referral services for jobs that did not actually exist. After defeating defendants' motion to dismiss, Ramirez v. eWork, Inc., No. 06-CV-00686, 2007 WL 2746634 (D. Colo. Sept. 18, 2007), and through additional hard-fought litigation, Mr. Fata successfully led settlement efforts that forced the company to turn 100% of its cash and liquid assets over to the aggrieved customers. The company ceased operations shortly thereafter.

In addition to his legal practice, since 2016, Mr. Fata has been an adjunct professor at Seton Hall University School of Law. He teaches J.D., M.S.J., and LL.M candidates in a wide range of financial services courses, including Securities Regulation, Regulating Broker Dealers, Regulating Funds and Advisors, Corporate Finance, Corporate Governance, Financial Crimes Compliance, Regulating Depository Institutions, Financial Privacy, and Corporate Law.

Mr. Fata is active in the Chicago Bar Association, where he Co-Chairs the Securities Law Committee and serves on the Editorial Board of the CBA Record. Mr. Fata is also a recurring panelist for the Practising Law Institute Internal Investigations Seminar conducted in Chicago each year.

Mr. Fata regularly authors articles concerning corporate governance, financial markets, and class actions, including:

- *Protecting (or Cracking) the Nest Egg: Why Titles and Contracts Matter When Selecting a Financial Professional*, CBA Record (February 2021) (co-authored with Delaney Slater);

- *Whistleblowers Among Us: The New Regulatory and Self-Policing Paradigm*, CBA Record (May 2018) (co-authored with David Kovel);

- *The Blockchain Bandwagon-Cryptocurrency on the Move: Marketplace Overview and Regulatory Developments*, CBA Record (January 2018) (co-authored with Brian O'Connell);

- *Corporate Cons in the 21st Century: Dealing with the Global Employee Fraud Epidemic*, PLI Internal Investigations Handbook (March 2017) (co-authored with Corey M. Martens);
- *Mitigating, Detecting, and Dealing with Employee Fraud - The Problem of the Inside Job*, CBA Record (January 2017) (co-authored with Corey M. Martens);
- *The Investigation is Internal, But Is This Document Privileged? An Overview of Privilege Issues in Internal Investigations*, PLI Internal Investigations Handbook (April 2016);
- *The Securities Exchange Commission's Whistleblower Program*, PLI Internal Investigations Handbook (March 2015);
- *The Commodity Futures Trading Commission's Whistleblower Program*, PLI Internal Investigations Handbook (March 2014);
- *Untangling the Seamless Web: Seven Critical Assumptions When Planning Investigations*, PLI Internal Investigations Handbook (2013); and
- *Doomsday Delayed: How the Court's Party Neutral Clarification of Class Certification Standards in Walmart v. Dukes Actually Helps Plaintiffs*, 62 DePaul Law Review 675 (March 2013).

Mr. Fata is admitted to the Illinois State Bar, U.S. District Courts for the Northern District of Illinois, U.S. District Court for the Eastern District of Michigan, U.S. District Court for the District of Colorado, and U.S. Courts of Appeals for the 6th, 7th, and 9th Circuits. Mr. Fata earned his juris doctor with honors from The Ohio State University Moritz College of Law in 1999, where he was elected to the Order of the Coif, was recognized as a Public Service Fellow, served as Managing Editor of The Ohio State Journal on Dispute Resolution, was selected as a research assistant to Professor Arthur F. Greenbaum (Civil Procedure and Professional Responsibility) and Robert C. Berry (Sports Law and Regulation), and earned the CALI award for Consumer Law, the Albert A. Levin Memorial Award for Legal Professions and the CALI Excellence for the Future Award. Mr. Fata received his undergraduate degree from Miami University in 1995, where he was selected to serve on the Miami University Student Foundation.

***



**Randall M. Fox** is a partner in our New York office, focusing on whistleblower and qui tam matters. He represents whistleblowers in state and federal False Claims Act cases and before the IRS, SEC, and CFTC Whistleblower Offices. Mr. Fox was named the Whistleblower Lawyer of the Year for 2021 by Taxpayers Against Fraud Education Fund, which is the leading public advocacy group for whistleblowers. Recently, Mr. Fox was the lead counsel representing the whistleblower in the historic $105 million settlement of a tax whistleblower case under the New York False Claims Act. The firm helped its client win a $22.05 million whistleblower award (21% of the government's recovery) in a case against a hedge fund billionaire alleged to have evaded New York State and New York City taxes. The settlement is the largest

income tax recovery under the New York False Claims Act, and one of the largest state recoveries in a False Claims Act case. Mr. Fox's cases generally concern claims of tax, healthcare, procurement, and investment fraud. Mr. Fox writes and speaks frequently about whistleblower issues and has been an advocate for states and localities to incentivize whistleblowers to protect taxpayer funds and promote tax fairness.

Mr. Fox joined KM in 2014 after having served as the founding Bureau Chief of New York Attorney General's Taxpayer Protection Bureau. While at the Bureau, Mr. Fox handled claims about frauds committed against the government and taxpayer funds. Prior to being promoted to Bureau Chief at the Attorney General's office, Mr. Fox was a Special Assistant Attorney General in the New York Attorney General's Medicaid Fraud Control Unit, where he handled cases involving healthcare fraud.

Mr. Fox's cases focus on a wide range of industries and services, and have included matters involving banking organizations, hedge funds, medical providers, large pharmaceutical companies, telecommunications companies, technology companies, various government contractors and large-scale taxpayers.

Some of Mr. Fox's recent whistleblower work includes:

- *New York ex rel Tooley LLC v. Sandell* (N.Y. Supreme Court, N.Y. County). New York False Claims Act qui tam case against a hedge fund owner for evading New York taxes on about $475 million in deferred compensation, resulting in a $105 million settlement with a 21% whistleblower award.
- *United States ex rel. Doe v. FPR Specialty Pharmacy* (S.D.N.Y.). federal False Claims Act qui tam case against compounding pharmacy and its owners alleging kickbacks to doctors, independent sales representatives, and patients in the sale of pain creams, resulting in an ability-to-pay settlement for $426,000 with a 21% whistleblower award.
- *New York ex. rel. Raw Data Analytics, LLC v. JPMorgan Chase* (N.Y. Supreme Court, N.Y. County). New York False Claims Act qui tam case alleging that a large bank kept government money for itself by submitting false reports that hid its obligation to pay millions of dollars in interest when it was late in turning unclaimed properties over to the state; defeated the defendants' motion to dismiss, and the case is ongoing.
- *New York ex rel. Choe v. Spa Castle, Inc.* (N.Y. Supreme Court, N.Y. County). New York False Claims Act case alleging that spa business in Queens underpaid taxes due to fraudulent schemes to manipulate its revenues and to pay employees in cash and off the books, resulting in a settlement of $2.5 million, with a 23% whistleblower award, and also resulting in criminal tax fraud convictions.

While working for the Office of the Attorney General, Mr. Fox handled or supervised several ground-breaking False Claims Act cases, including the state's investigation and intervention into a tax whistleblower case against cell phone giant Sprint Corporation, which later settled for $330 million.

Before joining the New York Attorney General's Office in 2007, Mr. Fox was a partner at the law firm of LeBoeuf, Lamb, Greene & MacRae, LLP, where his practice focused on defending clients in class actions, commercial disputes, and securities and consumer fraud actions.

Mr. Fox is admitted to the New York State Bar, all U.S. District Courts for the State of New York, U.S. Court of Appeals for the Second, Third, Eighth, and Ninth Circuits, and U.S. Tax Court. He graduated from Williams College (B.A. 1988) and New York University (J.D. 1991).

\*\*\*



**Robert J. Gralewski, Jr.** is a partner based in San Diego and manages our California office.

Mr. Gralewski has dedicated his entire 23-year legal career to obtaining economic justice for businesses and consumers victimized by price fixing, monopolistic practices, consumer fraud, privacy violations, and unfair employment practices. Mr. Gralewski has successfully prosecuted a wide variety of federal and state court class actions against multinational conglomerates and Fortune 500 companies in industries including technology, food, automotive, consumer services, and healthcare.

Mr. Gralewski has significant experience deposing CEOs, presidents, and other senior executives in high-stakes litigation. For example, Mr. Gralewski has first-chaired apex depositions of Samsung, StarKist, and Foster Farms executives in the *In re Cathode Ray Tube (CRT) Antitrust Litigation*, the *In re Packaged Seafood Products Antitrust Litigation*, and the *In re Broiler Chicken Antitrust Litigation* matters, respectively.

In addition to overseeing discovery against specific defendants in multi-defendant cases, Mr. Gralewski is often called upon to supervise or consult on other aspects of class cases including defending class representative depositions, handling all aspects of third-party discovery, and assisting with complex economic and pass-through issues.

In the ongoing *CRT* case, Mr. Gralewski was one of the principal lawyers who helped achieve settlements exceeding $500 million in cash. The Special Master handling the matter observed that, "Kirby played an integral role in this case and assumed significant risk . . . Kirby's work was at a very high level [and] Kirby's work greatly benefited the class."

Notably, Mr. Gralewski also has actual antitrust class action trial experience. For over a decade, he represented classes of businesses and consumers in monopoly cases against Microsoft Corporation in several states and served as consulting and advisory counsel to Canadian lead counsel in a similar Canadian class action. Mr. Gralewski was an integral member of the trial teams in the Minnesota and Iowa Microsoft class actions which both settled for more than $350 million after months of hard-fought jury trials. During both trials, Mr. Gralewski was responsible for the evidence and argued evidentiary issues before the trial judges daily. Ultimately, Mr. Gralewski helped recover more than $2 billion in the aggregate for businesses and consumers alleged to be overcharged as a result of Microsoft's practices.

Most recently, Mr. Gralewski first-chaired numerous arbitration hearings over Zoom on behalf of employees of a nationwide fast casual chain who were subject to a mandatory arbitration provision. Relying upon JAMS' Employment Arbitration Minimum Standards, he convinced many arbitrators to order broad e-discovery concerning the respondent's practices despite the relatively low-dollar value of the individual proceedings.

In addition to his class cases, Mr. Gralewski maintains an active pro bono practice. Working with Casa Cornelia since 2018, he has succeeded in helping four separate refugees obtain asylum after direct examinations in contested administrative proceedings. In recognition of his dedication and accomplishments, Casa Cornelia awarded Mr. Gralewski its Pro Bono Publico Award in 2019. Mr. Gralewski is also an active member of COSAL (The Committee to Support the Antitrust Laws) and recently helped establish its Diversity and Inclusion Committee on which he serves.

Mr. Gralewski is admitted to the California State Bar, all of the U.S. District Courts for the State of California, and U.S. District Court for the District of Colorado. He graduated from Princeton University (B.A. 1991) and California Western School of Law (J.D. *cum laude*, 1997). Mr. Gralewski was drafted by the Cincinnati Reds after his senior year in high school but elected to attend college instead.

***



**Karen M. Lerner** is a partner in our New York office focused on antitrust and commodities litigation. Over the course of her career, Ms. Lerner has successfully litigated complex class actions that have recovered billions of dollars on behalf of institutional and individual plaintiffs. She has played important roles in several landmark antitrust cases and remains one of the few women ever appointed as Interim Co-Lead Class Counsel in a Commodity Exchange Act case. In addition to her litigation work, she also advises individuals, corporations and non-profits regarding business practices and corporate governance.

Some of her recent antitrust and Commodities Exchange Act work includes:

- Co-lead counsel in *In re Credit Default Swaps Auctions Litigation*, a class action brought by the firm and the Office of the Attorney General for the State of New Mexico alleging antitrust violations and market manipulation in the credit default swaps market. The case is ongoing.
- Court appointed Executive committee member and class counsel in *In re Digital Advertising Antitrust Litigation*, representing publishers alleging that Google monopolized and suppressed competition in online display advertising.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.
- Counsel in the benchmark rate antitrust litigation *Sullivan v. Barclays PLC* on behalf of a putative class of investors who traded futures and options contracts on the NYSE LIFFE exchange against global financial institutions responsible for setting the Euro Interbank Offered Rate ("Euribor"). The case has already resulted in partial settlements of more than $300 million.
- Counsel in the benchmark antitrust litigation *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, on behalf of a putative class of gold derivative traders. The case has resulted in settlements of $152 million.
- Selected by the Court as co-lead counsel in *In re JPMorgan Treasury Futures Spoofing Litigation*, alleging that defendants manipulated U.S. Treasury futures for more than a decade and that this conduct contributed to the bank's recent $920 million settlement with the DOJ, CFTC, and SEC. The case has a putative settlement of $15.7 million.
- Court appointed Executive committee member and class counsel in *In re Cattle Antitrust Litigation*, representing cattle producers and cattle futures traders. The suit alleges that the "Big 4" meatpacking firms conspired to suppress prices for fed cattle and manipulated live cattle futures traded on the Chicago Mercantile Exchange.
- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co.,* alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.
- Counsel in *In re Deutsche Bank Spoofing Litigation* on behalf of a putative class of investors alleging manipulation through "spoofing" of U.S. Treasury futures traded on the Chicago Board of Trade and Eurodollar futures traded on the Chicago Mercantile Exchange.
- Court appointed to the Executive Committee and class counsel in *In re Bank of Nova Scotia Spoofing Litigation*, alleging that defendants manipulated precious metals futures traded on the New York Mercantile Exchange and the Commodity Exchange, Inc.

- Representation of a putative class of exchange-based investors in *Dennis v. The Andersons, Inc. et al.*, alleging monopolization and manipulation of Chicago Board of Trade soft red winter wheat futures contracts in violation of federal antitrust and commodity exchange laws.
- Court appointed Discovery Committee Co-Chair in *In re Effexor XR Antitrust Litigation* for a putative class of direct purchasers of brand name and generic equivalents of extended-release venlafaxine hydrochloride capsules against drug manufacturers. Among the claims, Defendants are alleged to have delayed market entry of generic versions and entered into reverse payment settlements.
- Representation as sole lead counsel in *In re North Sea Brent Crude Oil Futures Litigation*.

Some of Ms. Lerner's other relevant experience includes:

- Representation of a whistleblower in *State of New York v. Moody's Corp.*, alleging millions of dollars of tax fraud using a sham captive insurance company for over a decade regarding domestic and international transactions. The litigation settled for $8.5 million.
- *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharmaceuticals International, Inc.,* alleging that Valeant materially misrepresented its business model, touting artificial and unsustainable growth that was enabled by the company's deceptive and illegal conduct.

Prior to joining KM, Ms. Lerner was of counsel at McDonough, Korn & Eichhorn, where she handled cases up to and including at trial.

Ms. Lerner is actively involved in promoting volunteerism in the legal community and through women's organizations and is an advocate for diversity and inclusion and is a member of Women Antitrust Plaintiffs' Attorneys (WAPA), an organization for female attorneys who focus their legal practice on representing businesses injured by cartels or other anticompetitive activities. Finally, in addition to her legal practice and activities, Ms. Lerner has served as a member of the Board of Directors for several charitable organizations.

Ms. Lerner is admitted to the New York State Bar, New Jersey State Bar, District of Columbia Bar, United States Supreme Court, U.S. Court of Appeals for the Second and Third Circuits, U.S. Court of Appeals for the District of Columbia, U.S. District Court for the Southern and Eastern Districts of New York, and U.S. District Court for the District of New Jersey. She graduated from University of Albany SUNY (B.A. 1988, *summa cum laude, Phi Beta Kappa*) and University of Pennsylvania School of Law (J.D. 1991).

***



**Anthony E. Maneiro** is a partner practicing out of our Chicago office who concentrates on securities, commodities, and antitrust matters. From 2019 to 2020, Mr. Maneiro was named a Top Rated Litigation "Rising Star" by Super Lawyers. Mr. Maneiro joined the firm in 2016.

Some of Mr. Maneiro's recent antitrust and Commodities Exchange Act work includes:

- Co-lead counsel in *In re Credit Default Swaps Auctions Litigation*, a class action brought by the firm and the Office of the Attorney General for the State of New Mexico alleging antitrust violations and market manipulation in the credit default swaps market. The case is ongoing.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.
- Counsel in the benchmark antitrust litigation *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, on behalf of a putative class of gold derivative traders. The case has resulted in settlements of $152 million.
- Selected by the Court as co-lead counsel in *In re JPMorgan Treasury Futures Spoofing Litigation*, alleging that defendants manipulated U.S. Treasury futures for more than a decade and that this conduct contributed to the bank's recent $920 million settlement with the DOJ, CFTC, and SEC. The case has a putative settlement of $15.7 million.
- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co.,* alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.
- Court appointed Discovery Committee Co-Chair in *In re Effexor XR Antitrust Litigation* for a putative class of direct purchasers of brand name and generic equivalents of extended-release venlafaxine hydrochloride capsules against drug manufacturers. Among the claims, Defendants are alleged to have delayed market entry of generic versions and entered into reverse payment settlements.
- Court appointed Executive committee member and class counsel in *In re Cattle Antitrust Litigation*, representing cattle producers and cattle futures traders. The suit alleges that the "Big 4" meatpacking firms conspired to suppress prices for fed cattle and manipulated live cattle futures traded on the Chicago Mercantile Exchange.

- Representation of a putative class of exchange-based investors in *Dennis v. The Andersons, Inc. et al.,* alleging monopolization and manipulation of Chicago Board of Trade soft red winter wheat futures contracts in violation of federal antitrust and commodity exchange laws.
- Counsel in *In re Deutsche Bank Spoofing Litigation* on behalf of a putative class of investors alleging manipulation through "spoofing" of U.S. Treasury futures traded on the Chicago Board of Trade and Eurodollar futures traded on the Chicago Mercantile Exchange.
- Court appointed to the Executive Committee and class counsel in *In re Bank of Nova Scotia Spoofing Litigation*, alleging that defendants manipulated precious metals futures traded on the New York Mercantile Exchange and the Commodity Exchange, Inc.
- Representation of exchange-based investors in *Anastasio v. Total Gas & Power North America, Inc.*, alleging price manipulation of physical natural gas as well as price manipulation of natural gas futures and other derivative natural gas contracts.

Some of Mr. Maneiro's other relevant experience includes:

- Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries, alleging that HSBC ran money laundering operations out of New York City. The litigation settled for $72.5 million, the then largest foreign derivatives settlement ever reached and one of the largest insurer-funded cash payments achieved in a U.S. derivatives lawsuit.
- Representation in an individual securities fraud action alleging that in marketing their auto-loan ABS securitizations to investors, TCF Bank and Gateway One materially misrepresented the key metric used by investors to evaluate and price the securitizations' certificates.
- Representation of a whistleblower in *State of New York v. Moody's Corp.*, alleging millions of dollars of tax fraud using a sham captive insurance company for over a decade regarding domestic and international transactions. The litigation settled for $8.5 million.

Mr. Maneiro assists senior attorneys with drafting briefs and motions, legal memoranda, and research. In addition, Mr. Maneiro was selected for the Federal Bar Council American Inn of Court for the Inn and is a member of the Hispanic National Bar Association and the New York City Bar Association, where he serves on the Antitrust and Trade Regulation Committee. He is admitted to the Massachusetts, Illinois and New York State Bars, the U.S. District Court for the District of Massachusetts, the U.S. District Courts for the Eastern and Southern Districts of New York, and the U.S. District Court for the Northern District of Illinois. Mr. Maneiro graduated from Grove City College (B.A. 2010, *magna cum laude*), the London School of Economics and Political Science (M.Sc. 2011), and the Boston University School of Law (J.D. LL.M. 2016).

*** *** ***



**Andrew M. McNeela** is a partner in our New York office focusing on securities, antitrust, commodities, and structured finance litigation. Mr. McNeela joined the firm in 2008.

Prior to joining KM, Mr. McNeela served as an Assistant United States Attorney in the Civil Division of the United States Attorney's Office for the Southern District of New York. In this capacity, he represented the United States in a wide array of civil litigation. Mr. McNeela has argued over twenty cases before the United States Court of Appeals for the Second Circuit. In 2013, he was named one of the top attorneys under 40 by Law360's Rising Stars.

Some of Mr. McNeela's relevant work includes:

- Representation of exchange-based investors in *Shak v. JPMorgan Chase & Co*., alleging monopolization and manipulation of the silver futures market in violation of federal antitrust and commodity exchange laws. The parties successfully reached a private settlement. The case preceded a related Department of Justice criminal investigation into JPMorgan that remains ongoing.
- Lead counsel in a seven-day bench trial in the United States District Court for the Southern District of New York, representing mutual fund investors who alleged that their advisor, Calamos Advisors LLC, charged excessive fees (decision under submission). At the conclusion of trial, the judge praised counsel for "an extraordinarily well-tried case."
- Representation of a Japanese bank that asserted fraud in connection with its purchase of synthetic CDOs from several prominent New York City-based financial institutions, which resulted in favorable confidential settlements.
- Representation of the New York City Pension Funds as lead plaintiff in a class action against Wachovia Corporation arising from Wachovia's alleged misrepresentations of their exposure to the subprime market. This case resulted in a settlement of $75 million.
- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage related losses. This case resulted in a settlement of $168 million.
- Lead counsel in *Dandong v. Pinnacle Performance Limited*, a class action lawsuit against Morgan Stanley pertaining to $154.7 million of notes issued by Pinnacle Performance Ltd. Plaintiffs allege that Morgan Stanley engineered the Pinnacle notes, which it marketed as a safe investment, to fail, investing money into collateralized debt obligations linked to risky companies, while actively shorting the same assets and betting against their clients. This case settled for $20 million.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and

manipulate LIBOR. This litigation has already resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.

- Lead counsel on behalf of a proposed class of Brent crude oil futures traders alleging benchmark manipulation in *In re North Sea Brent Crude Oil Futures Litigation*.

- Lead counsel in the securities class action *In re Herley Industries Inc. Securities Litigation* on behalf of investors. This litigation resulted in a recovery of $10 million for the class.

- Co-lead counsel for a class of investors in Goldman Sachs common stock in a securities class action, *Lapin v. Goldman Sachs Group, Inc.*, pertaining to Goldman's alleged instruction to their research analysts to favor procurement of investment banking deals over accuracy in their research. This litigation resulted in a recovery of $29 million for the class.

Mr. McNeela is admitted to the New York State Bar, U.S. District Courts for the Southern and Eastern Districts of New York, and U.S. Court of Appeals for the Second Circuit. He graduated from Washington University (B.A. 1995) and Hofstra University School of Law (J.D. *cum laude*, 1998), where he was a member of the Law Review.

***



**Meghan Summers** is a partner based in our New York office focusing on securities, structured finance, and antitrust litigation. In 2019, she was named a Top Rated Securities & Corporate Finance "Rising Star" attorney by SuperLawyers. Ms. Summers began working at the firm in 2008 as a paralegal and law clerk before becoming an associate in 2012.

Ms. Summers' relevant securities and structured finance work includes:

- Counsel in *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharmaceuticals International, Inc.,* alleging that Valeant materially misrepresented its business model, touting artificial and unsustainable growth that was enabled by the company's deceptive and illegal conduct.

- Lead counsel in *Dandong v. Pinnacle Performance Limited*, a class action lawsuit against Morgan Stanley pertaining to $154.7 million of notes issued by Pinnacle Performance Ltd. Plaintiffs alleged that Morgan Stanley engineered the Pinnacle notes, which it marketed as a safe investment, to fail, investing money into collateralized debt obligations linked to risky companies, while actively shorting the same assets and betting against their clients. This litigation resulted in a $20 million settlement.

- Representation of foreign financial institutions in individual lawsuits against Morgan Stanley, Credit Agricole Corporate and Investment Bank, UBS, Deutsche Bank, Credit Suisse, Goldman Sachs, JP Morgan, and Barclays pertaining to a number of fraudulent structured investment vehicles and asset-backed collateralized debt obligations.

- Lead counsel in *In re MOL Global, Inc. Securities Litigation*, a class action lawsuit alleging that e-payment enabler MOL Global misled shareholders prior to its initial public offering. This litigation resulted in a $8.5 million settlement.
- Lead counsel in *Rudman v. CHC Group, Ltd.*, a securities class action alleging that CHC Group had misled investors by failing to disclose that one of its two largest customers had stopped making payments on its contracts prior to the company's initial public offering. This litigation resulted in a $3.85 million settlement.
- Representation in individual securities fraud actions against Merck and Schering-Plough related to the commercial viability of the companies' anti-cholesterol medication, Vytorin, and the subsequent drop in Merck's and Schering-Plough's share price.
- Representation in individual securities fraud actions against Merck related to the safety and commercial viability of its medication, Vioxx, and the subsequent drop in Merck's share price.
- Representation in an individual securities fraud action against BP plc related to the Deepwater Horizon explosion on April 20, 2010, and the subsequent drop in BP's share price.
- Representation in an individual securities fraud action alleging that, in marketing their auto-loan ABS securitizations to investors, TCF Bank and Gateway One materially misrepresented the key metric used by investors to evaluate and price the securitizations' certificates.
- Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries, alleging that HSBC ran money laundering operations out of New York City. The litigation settled for $72.5 million, the then largest foreign derivatives settlement ever reached and one of the largest insurer-funded cash payments achieved in a U.S. derivatives lawsuit.

Ms. Summers' relevant antitrust work includes:

- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the foreign exchange market. This litigation has already resulted in partial settlements of more than $2.3 billion.
- Representation in individual lawsuits against Citibank, JPMorgan, Goldman Sachs, and Barclays, alleging that the banks colluded to prevent a patented method for structuring airline special facility revenue bonds from entering the airline municipal bond market in violation of New York's Donnelly Act.
- Consulting and advisory counsel to Canadian lead counsel in an antitrust case against Microsoft. This litigation resulted in a settlement of $395 million.

As a law clerk, Ms. Summers worked on a variety of matters, including *In re Citigroup Inc. Securities Litigation*, *In re Wachovia Corporation*, *In re Libor-Based Financial Instruments Antitrust Litigation*, *In re AT&T Wireless Tracking Stock Securities Litigation*, *Dandong v. Pinnacle Performance Limited*, and private antitrust proceedings against Microsoft in the United States and Canada.

Ms. Summers is admitted to the New York State Bar, U.S. District Court for the Southern and Eastern Districts of New York, U.S. District Court for the District of Colorado, U.S. Court of Appeals for the Second and Third Circuits. She graduated from Cornell University (B.S. *summa cum laude*, 2008), where she was ranked first in her major, Pace University School of Law (J.D. *summa cum laude*, 2012), where she was Salutatorian and Articles Editor for the *Pace Law Review*, and King's College, London (Postgraduate Diploma with Merit, EU Competition Law, 2019).

***



**Karina Kosharskyy** is Of Counsel to the firm. She is based in our New York office and focuses on securities and antitrust litigation. Ms. Kosharskyy joined the firm in 2005.

Some of Ms. Kosharskyy's relevant work includes:

- Lead counsel for consumer classes in connection with antitrust proceedings against Microsoft in the United States and consulting and advisory counsel to Canadian lead counsel in Canada. These litigations have resulted in settlements totaling over $1 billion for consumers in Canada, Florida, New York, Tennessee, West Virginia, and Minnesota, where the litigation proceeded to trial.
- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.
- Representation of indirect purchasers in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, a price fixing antitrust case alleging that defendant entities conspired to control prices of television and monitor components. This litigation has resulted in a settlement of $576 million.

Ms. Kosharskyy is fluent in Russian. She is admitted to the New York and New Jersey State Bars, the U.S. District Courts for the Southern and Eastern Districts of New York, and the U.S. District Court for the District of New Jersey. Ms. Kosharskyy graduated from Boston University (B.A. 2000) and the New York Law School (J.D. 2007).

***



**John Low-Beer** is Of Counsel to the firm and focuses on whistleblower litigation. Mr. Low-Beer formerly was Assistant Corporation Counsel, Affirmative Litigation with the NYC Law Department (1987-2000, 2003-2013), and was the lead attorney on complex and highly publicized matters, including:

- Litigation against BNY Mellon concerning FX trading for City pension funds.
- Litigation concerning City taxation of consular and U.N. mission staff housing.
- A successful challenge to New York State's misallocation of $750 million in federal stimulus funding.
- A lawsuit forcing the Governor to implement State takeover of $2.5 billion in City debt.
- Cases against more than 40 pharmaceutical companies recovering $240 million (with Kirby McInerney).

Some of Mr. Low-Beer's recent work with KM includes:

- *Anonymous v. Anonymous*, Index No. 103997/2012 (Sup. Ct. N.Y. Cty. and First Dept.) (responded to Moody's appeal in seminal tax case under the New York False Claims Act).
- *United States of America Ex Rel. Lawton v. Takeda Pharmaceutical Company,* No. 16-1382 (1st Circuit) (argued appeal of whistleblower alleging violations of federal and state False Claims Acts for off-labeling marketing).

In addition, Mr. Low-Beer has a robust pro bono and low bono practice, representing plaintiffs in immigration, urban land use, guardianship, and whistleblower cases. Recent wins include *Peyton v. New York City Board of Standards and Appeals*, 2018 N.Y. Slip Op. 06870 (1st Dept. 2018) (holding that the rooftop garden of a luxury building in Manhattan could not be counted as "open space" within the meaning of the Zoning Resolution), *Avella v. City of New York*, 29 N.Y.3d 967 (2017) (invalidating a plan to build a shopping mall on parkland in Queens), and *Matter of Daniel B.*, 22 N.Y.S.3d 553 (2d Dept. 2015) (upholding a judgment in a guardianship/turnover proceeding).

Prior to joining the NYC Law Department, Mr. Low-Beer was law clerk to Hon. Leonard Garth, U.S. Court of Appeals for the Third Circuit, and Associate Professor at York College, CUNY, and Assistant Professor at Yale School of Management and Department of Sociology. He is the author of a

book, <u>Protest and Participation</u> (Cambridge U.P. 1978) and a prize-winning note in the Yale L.J., "The Constitutional Imperative of Proportional Representation," among other publications.

Mr. Low-Beer is admitted to the New York State Bar, the U.S. Supreme Court, and the U.S. District Court for the Southern District of New York. He graduated from Brown University (B.A. *magna cum laude*, 1966), Harvard University (Ph.D. in Sociology), and Yale Law School, (J.D. 1985), where he was a Senior Editor at the Yale Law Journal.

***



**Alice McInerney** is Of Counsel to the firm and practices out of our New York office.

She concentrates on antitrust and consumer matters, and also handles securities class actions. Ms. McInerney joined the firm in 1995 and has over 30 years of experience as an attorney.

Prior to joining KM, Ms. McInerney was Chief of the Investor Protection Bureau and Deputy Chief of the Antitrust Bureau of the New York Attorney General's office. While there, she chaired the Enforcement Section of the North American Securities Administrators Association and also chaired the Multi-State Task Force on Investigations for the National Association of Attorneys General. Alice is also a member of the National Association of Public Pension Attorneys (NAPPA).

Some of Ms. McInerney's relevant work includes:

- Lead counsel for consumer classes in antitrust cases against Microsoft. These litigations resulted in settlements totaling over $1 billion dollars for consumers in Florida, New York, Tennessee, West Virginia, and Minnesota.
- Representation of a class of retailers in *In re Visa Check/MasterMoney Antitrust Litigation*, an antitrust case which resulted in a settlement of over $3 billion for the class.
- Representation of public entities in connection with ongoing Medicaid fraud and False Claims Act litigations arising from health expenditures of these state and local governmental entities.
- Representation of California homeowners in litigation arising from mortgage repayment irregularities. This litigation resulted in settlements that afforded millions of California homeowners clear title to their property. The cases resulted in the notable decision *Bartold v. Glendale Federal Bank*.

Ms. McInerney is admitted to the New York State Bar, the U.S. Supreme Court, the U.S. Court of Appeals for the Second Circuit, and the U.S. District Courts for the Eastern, Northern, Southern, and Western Districts of New York. She graduated from Smith College (B.A. 1970) and Hofstra School of Law (J.D. 1976).

***



**Beverly Mirza** is Of Counsel to the firm and practices out of our New York office, concentrating on antitrust and securities litigation. Ms. Mirza joined the firm in 2004.

Ms. Mirza's relevant experience includes:

- Representation of a class of consumers in connection with *In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation and Related Actions*. This case involves Unocal's manipulation of the standard-setting process for low-emissions reformulated gasoline in California, which increased retail prices of reformulated gasoline. This litigation resulted in a $48 million recovery for the class.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.
- Representation, as one of the firms with primary responsibility for the case, of a class of purchasers of computers containing Intel's microprocessor chips in Coordination *Proceedings Special Title, Intel x86 Microprocessor Cases*.
- Representation, as executive committee member, of a class of retailers in *In re Chocolate Confectionary Antitrust Litigation*, alleging price fixing claims against a group of chocolate manufacturers in the United States and abroad.
- Representation of a class of sellers in *In re Ebay Seller Antitrust Litigation*, alleging monopolization claims against Ebay.
- Representation of an objector to the settlement in *Reynolds v. Beneficial National Bank* in the United States Northern District Court for the District of Illinois. Ms. Mirza and KM were lauded by the presiding judge for their "intelligence and hard work," and for obtaining "an excellent result for the class."

Ms. Mirza is admitted to the California State Bar and the U.S. District Courts for the Northern and Central Districts of California. She graduated from California State University of Los Angeles (B.S. *magna cum laude*, 2000) and California Western School of Law (J.D. 2004).

***



**Ira M. Press** is Of Counsel to the firm and practices out of our New York office. Mr. Press's practice focuses on securities and consumer litigation. He joined the firm in 1993, and currently leads the firm's institutional investor monitoring program. In this capacity, he has provided advisory services to numerous government pension funds and other institutional investors. He has authored articles on securities law topics and has lectured to audiences of attorneys, experts, and institutional investor fiduciaries.

Mr. Press's advocacy has resulted in several landmark appellate decisions, including *Rothman v. Gregor*, the first ever appellate reversal of a lower court's dismissal of a securities class action suit pursuant to the 1995 Private Securities Litigation Reform Act.

Some of Mr. Press's relevant experience includes:

- Co-lead counsel in *Kokareva v. Bristow Group Inc.*, a securities class action alleging that an aviation services provider focused on the oil and gas sector, made materially false and misleading statements about its internal controls relating to covenants in the company's secured financing agreements. The case resulted in a $6.25 million settlement.
- Counsel in *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharmaceuticals International, Inc.,* alleging that Valeant materially misrepresented its business model, touting artificial and unsustainable growth that was enabled by the company's deceptive and illegal conduct.
- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage related losses. During the class period, the company's stock fell from approximately $37 to $6. This case resulted in a settlement of $168 million.
- Representation of the New York City Pension Funds as lead plaintiff in a class action against Wachovia Corporation arising from Wachovia's alleged misrepresentations of their exposure to the subprime market. This case resulted in a settlement of $75 million.
- Lead counsel in *In re Citigroup Inc Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case settled for $590 million.

Prior to joining KM, Mr. Press practiced at Warshaw Burstein Cohen Schlesinger & Kuh, LLP, where he focused on commercial litigation. Mr. Press is admitted to the New York State Bar, U.S. District Courts for the Eastern, Northern and Southern Districts of New York, U.S. District Court for the District of Colorado, and the U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits. He graduated from Yeshiva University (B.A. *magna cum laude*, 1986) and New York University Law School (J.D. 1989).

***



**Sawa Nagano** is Of Counsel to the firm. She focuses on the representation of clients in relation to price-fixing litigation under the Sherman Antitrust Act and other federal and state laws to recover overcharges caused by international price-fixing cartels. Ms. Nagano joined the firm in 2013.

Recent cases on which Ms. Nagano has worked include:

- Representation of indirect purchasers in *In re Cathode Ray Tube (CRT) Antitrust Litigation*, a price fixing antitrust case alleging that defendant entities conspired to control prices of television and monitor components. This litigation resulted in a settlement of $576 million.

Prior to joining KM, Ms. Nagano worked with the law firms of both Orrick, Herrington, and Sutcliffe LLP and Crowell and Morning LLP, where she assisted in the investigation of conspiracies to engage in price-fixing and anticompetitive practices by manufacturers and multinational conglomerates, and she represented cable operators on matters arising before the Federal Communications Commission as well as in their relations with local and state franchising authorities. She also worked for the New York bureau of a major Japanese television network. Additionally, she interned with the Office of Commissioner Furchtgott-Roth at the Federal Communications Commission and worked as a student counsel at the Art, Sports, and Entertainment Law Clinic of the Dickinson School of Law of the Pennsylvania State University.

Ms. Nagano is fluent in Japanese. She is admitted to the New York and New Jersey State Bars, the Bar for the District of Columbia, the U.S. District Court for the Southern District of New York, and the U.S. District Court for the District of New Jersey. Ms. Nagano graduated from Sophia University, Tokyo, Japan (B.A. 1989), New York University (M.A. 1992), and The Dickinson School of Law of the Pennsylvania State University (J.D. 2000).

***



**TL Popejoy** is Of Counsel to the firm and practices out of our New York office. Mr. Popejoy has been named a "Rising Star" attorney by Super Lawyers for 2021 and 2022. Mr. Popejoy joined the firm in 2020. He focuses on antitrust, whistleblower, derivative, and securities litigation involving complex financial products.

Mr. Popejoy has taken a leading role in *In re Credit Default Swaps Auctions Litigation*, No. 21-cv-00606 (D.N.M.), a class action brought by the firm and the

Office of the Attorney General for the State of New Mexico alleging antitrust violations and market manipulation in the credit default swaps market. KM and Mr. Popejoy represent the New Mexico State Investment Council and the putative class of nationwide investors in the action.

Prior to joining KM, Mr. Popejoy practiced as an attorney at Quinn Emanuel Urquhart & Sullivan, LLP, and a startup litigation boutique, where he worked on high-profile cases involving complex financial products in large antitrust class actions, contract disputes, and numerous FINRA and SEC investigations. Some of Mr. Popejoy's past case experience includes: *In re European Government Bonds Antitrust Litigation*; *In re Chicago Board Options Exchange Volatility Index Manipulation Antitrust Litigation*, a class action concerning settlement of the VIX "fear index;" *Iowa Public Employees' Retirement System v. Bank of America Corporation*, a class action concerning collusive behavior in the stock loan industry; *In re Interest Rate Swaps Antitrust Litigation*; *Alaska Electrical Pension Fund v. Bank Of America Corporation*, a class action concerning price manipulation of the ISDAfix benchmark; *In re Treasury Securities Auction Antitrust Litigation*; *Scott v. AT&T Inc.*, involving the sale of customer "geolocation" information; and *Williams v. AT&T Mobility LLC*, representing a victim of "SIM swapping" in a case involving cryptocurrency. Mr. Popejoy has also represented *pro bono* low-income tenants in New York City, as well as New York City public school students in suspension hearings.

Before law school, Mr. Popejoy was a Director in algorithmic trading at Credit Suisse and RBC Capital Markets. He is co-inventor of a patent with the founders of the IEX stock exchange that protects institutional investors from high frequency trading arbitrage, and he has argued successfully before the U.S. Patent and Trademark Office.

Mr. Popejoy is a member of the International Air & Transportation Safety Bar Association, the Lawyer-Pilots Bar Association, New York City Bar Aeronautics Committee, and is an instrument-rated pilot. His cybersecurity background includes a CISSP certification (Certified Information Systems Security Professional) and computer security architecture.

Mr. Popejoy is the author of *The Invention of Potential Life: The Police Power over Women in Reproductive Rights Jurisprudence*, a law review article accepted during Mr. Popejoy's time in law school by the Women's Rights Law Reporter, a review founded by the late U.S. Supreme Court Justice Ruth Bader Ginsburg. *See* 37 Women's Rights Law Reporter 83 (Fall 2015).

Mr. Popejoy has also been the recipient of the following awards:

- Individual plaque for *Outstanding Antitrust Litigation Achievement in Private Law Practice*, American Antitrust Institute
- The Legal Aid Society's *Pro Bono Publico* award for outstanding service to The Legal Aid Society and its clients

Mr. Popejoy is admitted to the New York State Bar and the U.S. District Court for the Southern and Eastern Districts of New York. He graduated from Amherst College (B.A. *summa cum laude*), Johns Hopkins University (M.A. Ph.D.), and City University of New York School of Law (J.D.).

*** 



**Henry Telias** is Of Counsel to the firm and practices out of our New York office, specializing in accountants' liability and securities litigation. Mr. Telias joined the firm in 1997.

In addition to his legal work, Mr. Telias is also the firm's chief forensic accountant. He holds the CFF credential (Certified in Financial Forensics) and the PFS credential (Personal Financial Specialist) from the American Institute of Certified Public Accountants. He received his CPA license from New York State in 1982. Prior to practicing as an attorney, he practiced exclusively as a certified public accountant from 1982 to 1989, including 3 years in the audit and tax departments of Deloitte Haskins & Sells' New York office.

Some of Mr. Telias's relevant experience includes:

- Lead counsel in *In re Citigroup Inc. Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case recently settled for $590 million.
- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage related losses. This case resulted in a settlement of $168 million.
- Representation of the New York City Pension Funds as lead plaintiff in a class action against Wachovia Corporation arising from Wachovia's alleged misrepresentations of their exposure to the subprime market. This case resulted in a settlement of $75 million.
- Lead counsel for a certified class of purchasers of PRIDES securities in connection with the Cendant Corporation accounting fraud in *In re Cendant Corporation PRIDES Litigation*. This litigation resulted in an approximate $350 million settlement for the certified class – an unprecedented 100 percent recovery.

Mr. Telias is admitted to the New York State Bar and the U.S. District Court for the Southern District of New York. He graduated from Brooklyn College (B.S. *cum laude*, 1980) and Hofstra University School of Law (J.D. 1989).

***



**Edward M. Varga, III** is Of Counsel to the firm and practices out of our New York office. Mr. Varga joined the firm in 2006 and concentrates on securities and antitrust litigation.

Mr. Varga's relevant experience includes:

- Lead counsel in *In re Citigroup Inc Securities Litigation*, a class action arising out of Citigroup's alleged misrepresentations regarding their exposure to losses associated with numerous collateralized debt obligations. This case settled for $590 million.

- Representation, as counsel for lead plaintiff and other shareholders, in a derivative action brought against members of the Board of Directors and senior executives of Pfizer, Inc. Plaintiffs made a breach of fiduciary duty claim because defendants allegedly allowed unlawful promotion of drugs to continue even after receiving numerous "red flags" that the improper drug marketing was systemic. Pfizer agreed to pay a proposed settlement of $75 million and to make groundbreaking changes to the Board's oversight of regulatory matters.

- Lead counsel for a group of Singapore-based investors in a securities class action against Morgan Stanley pertaining to notes issued by Cayman Islands-registered Pinnacle Performance Ltd. Plaintiffs allege that Morgan Stanley routed Pinnacle investors' principal into synthetic collateralized debt obligations (CDOs) that it built to fail and then bet against. As the CDOs failed by design, plaintiffs' principal was swapped to Morgan Stanley, enriching Morgan Stanley while rendering the Pinnacle Notes an all-but-total loss. This case settled for $20 million.

- Representation of companies that offered IPO securities in antitrust litigation against the 27 largest investment banks in the United States. Plaintiffs allege that the banks conspired to price fix underwriting fees in the mid-sized IPO market.

- Representation of the NY State Common Retirement Fund as lead plaintiff in *In re National City Corporation Securities, Derivative & ERISA Litigation*, a securities class action arising from National City's alleged misrepresentations regarding exposure to subprime mortgage related losses. This case resulted in a settlement of $168 million.

Mr. Varga is admitted to the New York State Bar. He graduated from Cornell University (B.S. 2000) and New York University Law School (J.D. 2006).

***



**Sarah Flohr** is an associate practicing out of our New York office. Ms. Flohr has been named a "Rising Star" attorney by Super Lawyers for 2019, 2020, 2021, and 2022. She focuses on antitrust, consumer fraud, and securities fraud litigation.

Ms. Flohr has extensive experience in all stages of litigation, including drafting motions and pleadings, discovery requests, arguing motions, conducting trials, negotiating settlements, and taking fact and expert depositions. Prior to joining KM, she worked as an associate in Chicago practicing in mass tort litigation. During this time, she played an integral role on numerous teams representing Fortune 500 companies throughout the country. Ms. Flohr drafted and won two motions to exclude experts, resulting in summary judgment being granted on all counts brought against her firm's client in a multi-million-dollar product liability and breach of contract case, which was upheld on appeal by the United States Circuit Court of Appeals for the Second Circuit.

Ms. Flohr is admitted to the New York State Bar, Illinois State Bar, Missouri State Bar, and the U.S. District Courts for the Eastern and Southern Districts of New York and the Northern District of Illinois.

\*\*\*



**Faisal Haider** is a law clerk practicing out of our New York office.  His admission is pending before the New York State Bar and the New Jersey State Bar.  Upon admission to the bar, Mr. Haider will be an associate.

Prior to joining KM, Mr. Haider served as a Pro Bono Law Clerk to the Honorable Zahid N. Quraishi of the U.S. District Court for the District of New Jersey. During law school, Mr. Haider worked as a Summer Honors Program legal intern at the U.S. Securities and Exchange Commission's Division of Investment Management and as a Research Assistant to Professor Morgan Ricks of Vanderbilt University Law School.

Mr. Haider received his J.D. from Vanderbilt University Law School in 2021, where he served as the Executive Development Editor of the Vanderbilt Journal of Transnational Law, and his M.S. Finance from Vanderbilt University's Owens Graduate School of Management in 2021. He additionally is an author of *Chancery Court Refuses to Dismiss Action to Enforce Post-Merger Covenant Due to Ambiguities in Merger Agreement*, 73 Vand. L. Rev. En Banc 27 (2020). Mr. Haider joined the firm in 2022.

\*\*\*



**Belden Nago** is an associate based in our New York office. Mr. Nago joined the firm in 2011 and focuses on securities litigation.

Some of Mr. Nago's relevant experience includes:

- Representation of municipal issuers, including governmental entities and hospital systems, in FINRA arbitrations alleging misrepresentations by underwriters in connection with Auction Rate Securities issuances.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in partial settlements totaling approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.
- Representation of a whistleblower in *State of New York v. Moody's Corp.*, alleging millions of dollars of tax fraud using a sham captive insurance company for over a decade regarding domestic and international transactions. The litigation settled for $8.5 million.
- Representation of the proposed class of investors in *Shah v. Zimmer Biomet Holdings*, a securities class action alleging that a medical device company did not disclose systemic quality issues at its manufacturing facility.

Prior to joining KM, Mr. Nago was an associate in the Structured Finance department at Orrick, Herrington & Sutcliffe LLP. He is admitted to the New York State Bar and the U.S. Patent and Trademark Office. Mr. Nago graduated from Northwestern University (B.S. 1997), the Massachusetts Institute of Technology (M.Eng., 1998), and Columbia Law School (J.D. 2003).

\*\*\*



**Marko Radisavljevic** is an associate practicing out of our California office. Mr. Radisavljevic joined the firm in 2016 and concentrates on class action and antitrust matters.

Some of Mr. Radisavljevic's recent work includes:

- First-chaired numerous arbitration hearings on behalf of employees of a nationwide fast casual chain who were subject to a mandatory arbitration provision. Relying upon JAMS Employment Arbitration Minimum Standards, Mr. Radisavljevic convinced many arbitrators to order broad e-discovery concerning the respondent's practices despite the relatively low-dollar value of the individual proceedings.
- Representation of the exchange-based class in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, an antitrust case alleging that defendant banks colluded to misreport and manipulate LIBOR. This litigation has already resulted in partial settlements totaling

approximately $187 million, which collectively represent the largest historical class-wide recovery for a "futures only" settlement class.

- Special fiduciary representation for the exchange-based class in *In re Foreign Exchange Benchmark Rates Antitrust Litigation* for a putative class of participants who traded futures and options in the FX market. The case has already resulted in partial settlements of more than $2.3 billion.

- *In re Effexor XR Antitrust Litigation* for a putative class of direct purchasers of brand name and generic equivalents of extended release venlafaxine hydrochloride capsules against drug manufacturers. Among the claims, defendants are alleged to have delayed market entry of generic versions and entered into reverse payment settlements.

In addition, Mr. Radisavljevic assists senior attorneys with drafting briefs and motions, legal memoranda, and research. He is admitted to the California State Bar. He graduated from the University of San Diego (B.A. *Biology with minors in Chemistry and Philosophy*, 2005) and the California Western School of Law (J.D. 2015).

***



**Nicole Veno** is an associate practicing out of our New York office. Ms. Veno joined the firm in 2019 and focuses on antitrust, consumer fraud, and whistleblower litigation.

Some of Ms. Veno's relevant experience includes:

- Representation of a whistleblower in a *qui tam* action, *State of New York v. Covanta Hempstead Company*, alleging that a waste-energy company used improper ash disposal techniques, violative of environmental law.

Ms. Veno began her career as an attorney at Izard Nobel LLP (now Izard Kindall & Raabe LLP) where she focused on class action consumer protection, antitrust, and ERISA matters. Prior to joining KM, she had her own practice focusing on commercial and consumer collection litigation and related probate and bankruptcy proceedings. Her prior work in the consumer class action field focused on cosmetics products that were falsely advertised as being "natural," and resulted in two favorable appellate-level court decisions and a number of class action settlements: *Langan v. Johnson & Johnson Consumer Cos. Inc.*, 897 F.3d 88 (2d Cir. 2018) (holding that a class action plaintiff has Article III standing to represent out of state consumers); *Balser v. Hain Celestial Grp., Inc.*, 640 F. App'x 694, 695 (9th Cir. 2016) (clarifying pleading standards in a consumer fraud case); *Morales v. Conopco, Inc. dba Unilever*, No. 13-cv-02213 (E.D. Cal.) ($3.25 million settlement); *Langan v. Johnson & Johnson Consumer Cos. Inc.*, No. 13-cv-01471 (D. Conn.) ($2.4 million settlement); and *Stephenson v. Neutrogena Corp.*, No. 12-cv-00426 (C.D. Cal.) ($1.8 million settlement).

Ms. Veno is a member of the American Bar Association, Antitrust Law Section, and the New York Junior League. She is also the author of *Class Action Securities Lawsuits Should Survive the Death of a Named Defendant: Why* Baillargeon v. Sewell *Was Wrongly Decided,* 25 Quinnipiac Prob. L.J. 408 (2012). She is admitted to the New York, New Jersey, and Connecticut State Bars, the U.S. Court of Appeals for the Second and Ninth Districts, the U.S. District Court for the District of Connecticut, the U.S. District Court for the District of New Jersey, and the U.S. District Courts for the Eastern and Southern Districts of New York. Ms. Veno graduated from Southern Methodist University (B.A. 2009) and Quinnipiac University School of Law (J.D. 2012), where she was an Associate Editor for the Quinnipiac Probate Law Journal.

\*\*\*



**James Isacks** is a law clerk practicing out of our New York office.  His admission is pending before the New York State Bar.  Upon admission to the bar, Mr. Isacks will be a staff attorney. He works on commodities and antitrust litigation. Prior to joining KM, Mr. Isacks was a student attorney at the Washington University School of Law's First Amendment Clinic, where he researched and wrote portions of briefs filed in the Federal District Court and Eighth Circuit Court of Appeals. Additionally, he served as a Judicial Extern at the Equal Employment Opportunity Commission while in law school.

Mr. Isacks received his J.D. from Washington University in St. Louis School of Law in 2022. During law school, he served as the Executive Notes Editor of Washington University's Journal of Law and Policy and authored Deepwater Horizon 10 Years Later: Regulations, Rollbacks, and Where We Go from Here, 69 Wash. U. J. L. & POL'Y 1 (2022). Mr. Isacks joined the firm in 2022.

\*\*\*



**Rohan Kulkarni** Rohan Kulkarni is a law clerk practicing out of our New York office.  His admission is pending before the New York State Bar.  Upon admission to the bar, Mr. Kulkarni will be a staff attorney.  During law school, Mr. Kulkarni worked as a law clerk for Barrows Levy PLLC and Essex-Newark Legal Services. As a law clerk, he assisted clients in all aspects of commercial litigation, drafted pleadings filed in federal and state courts, and conducted legal research.

In 2022, Mr. Kulkarni received his J.D. from the Maurice A. Deane School of Law at Hofstra University as well as his Master of Business Administration from the Frank G. Zarb School of Business at Hofstra University.

***

 **Chriselda Tan** is a staff attorney based in our California office. Prior to joining KM in 2022, Ms. Tan was a visiting attorney at Willkie Farr & Gallagher LLP in Milan, Italy, where she worked on due diligence matters related to cross-border mergers and acquisitions. During law school, she served as a Pro Bono Tax Law Clerk in Los Angeles and worked at the real estate corporation City Developments Limited in Singapore, where she assisted senior legal counsel with drafting legal memoranda and conducting extensive research on Singapore laws.

Ms. Tan attended the University of Southern California Gould School of Law, where she received the Dean's Academic Excellence Award to pursue her LL.M. with an emphasis on Technology and Entrepreneurship Law. During her time at Durham University Law School in England, U.K., Ms. Tan was awarded a grade of first-class honors for her final year dissertation titled A comparative analysis of the effects of the Delaware General Corporation Law § 203 and the United Kingdom Takeover Code on shareholder primacy and corporate takeover regimes.

Ms. Tan is fluent in Mandarin.

***

### Client & Adversary Recognition

KM received the highest available commendations from the City of New York four years in a row for its work on the AWP Litigation. In each of those four years, KM's efforts on the City's behalf received the overall rating of "excellent". The City elaborated, "*Kirby did a truly excellent job and the results reflect that.*"

**Plaintiff / client,**
**In re Pharmaceutical Industry Average Wholesale Price Litigation**

"*The case has been in front of the Supreme Court of the United States once, and in front of the Ninth Circuit no fewer than three times. Throughout, [KM] has . . . brought a considerable degree of success . . . and thwarted attempts by other counsel who sought to settle . . . and destroy a potential billion dollars of class rights.*"

**Plaintiff / client,**
**Epstein v. MCA, Inc.**

"*[KM] represented us diligently and successfully. Throughout [KM's] representation of our firm, [KM's] commitment and attention to client concerns were unimpeachable.*"

**European institutional defendant /client**
**involved in a multi-million dollar NASD arbitration**

"*Against long odds, [KM] was able to obtain a jury verdict against one of the larger, more prestigious New York law firms.*"

**Plaintiff / client,**
**Vladimir v. U.S. Banknote Corporation**

"*[KM] represented our investors with probity, skill, and diligence. There is too much money involved in these situations to leave selection of class counsel to strangers or even to other institutions whose interests may not coincide.*"

**Plaintiff / institutional client,**
**In re Cendant Corporation PRIDES Litigation**

## Notables

The firm has repeatedly demonstrated its ability in the field of securities, antitrust, commodities, structured finance, whistleblower, health care, consumer, and other fraud litigation, and our success has been widely recognized. For example:

CFTC Whistleblower Program award of nearly $200 million to whistleblower client in connection with recoveries from global banks that manipulated benchmark rates.

*State of NY ex rel. Tooley, LLC v. Sandell, et al.*, No. 101494/2018. Whistleblower client received award of 21% of $105 million recovery.

*Michael Mason-Mahon v. Douglas J. Flint et al.*, Index No. 602052/2014 (Sup. Ct. Nassau Cty.). Representation in a shareholder derivative lawsuit against officers and directors of HSBC Holdings and its subsidiaries. $72.5 million settlement.

*In re Bristow Group Inc. Securities Litigation*, No. 19-cv-00509 (S.D.Tex.2019). Co-lead counsel. $6.25 million settlement.

*Anonymous v. Anonymous*, Index No. 103997/2012 (Sup. Ct., N.Y. Cty. 2019). Representation of whistleblower. Client received award of 30% of $8.5 million recovery.

*Sullivan v. Barclays PLC*, No. 13-cv-02811 (S.D.N.Y.). Class counsel. This case has already resulted in partial settlements of more than $300 million.

*In re Foreign Exchange Benchmark Rates Antitrust Litigation*, No. 13-cv-07789 (S.D.N.Y.). Special fiduciary representation for the exchange-based class. This case has already resulted in partial settlements of over $2.3 billion.

*In re Cathode Ray Tube (CRT) Antitrust Litigation*, No. MDL No. 1917 (N.D. Cal. 2019). Representation of indirect purchasers. $576 million settlement.

*State of New York ex rel. Choe v. Spa Castle, Inc.*, No. 101243/2014 (N.Y. Sup. Ct. 2018). Representation of whistleblower. Client received award of 23% of $2.5 million recovery.

*Esposito v. American Renal Assocs. Holdings, Inc.*, No. 16-cv-11797 (D. Mass. 2018). Lead counsel. $4 million settlement.

*In re Resonant Inc. Securities Litigation*, No. 15-cv-01970 (C.D. Cal. 2017). Co-lead counsel. $2.75 million settlement.

*In re Molycorp, Inc. Securities Litigation*, No. 13-cv-05697 (S.D.N.Y. 2017). Lead counsel. $1.25 million settlement.

*In re AudioEye, Inc. Securities Litigation*, No. 15-cv-00163 (D. Ariz. 2017). Lead counsel. $1.525 million settlement.

*In re Bio-Rad Laboratories, Inc. Stockholder Litigation*, C.A. No. 11387 (Del. Ch. Ct.). Co-lead counsel in a shareholder derivative action. The case settled with a parallel action in California state court. As a result of this settlement, Bio-Rad to adopt industry leading, state-of-the-art corporate governance and compliance measures to provide for greater effectiveness of the Board of Directors in responding to potential violations of the Foreign Corrupt Practices Act (FCPA) and similar anti-corruption laws.

*Rothstein v. GMAC Mortgage LLC*, No. 12-cv-3412 (S.D.N.Y.). Lead counsel. $13 million settlement against GMAC Mortgage LLC in *In re Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y. 2016).

*U.S. ex rel. Dickhudt v. Winds Enterprises*, No. 13-cv-01142 (W.D. Wa.). Representation of whistleblower. Client received award of 20% of $1.5 million settlement.

*In re MOL Global, Inc. Securities Litigation*, No. 14-cv-09357 (S.D.N.Y. 2016). Lead counsel. $8.5 million settlement.

*Globis Capital Partners, L.P., et al. v. The Cash Store Financial Services Inc., et al.*, No. 13-cv-3385 (S.D.N.Y. 2015): Co-lead counsel. CAD $13,779,167 cash settlement, representing roughly 50% of total class-wide stock losses.

*Dandong v. Pinnacle Performance Ltd.*, No. 10-cv-08086 (S.D.N.Y. 2015). Lead counsel. $20 million settlement.

*In re Hi-Crush Partners L.P. Securities Litigation*, No. 12-cv-8557 (S.D.N.Y. 2015). Lead counsel. $3.8 million settlement while class certification was pending.

*In re Citigroup Inc. Securities Litigation*, No. 07-cv-9901 (S.D.N.Y. 2013). Lead counsel. $590 million settlement.

*Barfuss v. DGSE Companies, Inc.*, No. 12-cv-3664 (N.D. Tex. 2013). Lead Counsel. $1.7 million settlement.

*In re National City Corporation Securities, Derivative & ERISA Litigation*, No. 08-cv-70004 (N.D. Ohio 2012). Lead counsel. $168 million settlement.

*In re Wachovia Equity Securities Litigation*, No. 08-cv-6171 (S.D.N.Y. 2012). Lead counsel. $75 million settlement.

*In re BP Propane Indirect Purchaser Antitrust Litigation*, No. 06-cv-3541 (N.D. Ill. 2010). Co-lead counsel. $15 million settlement on behalf of propane purchasers.

*In re J.P. Morgan Chase Cash Balance Litigation*, No. 06-cv-732 (S.D.N.Y. 2010). Co-lead counsel.

> "Plaintiff's counsel operated with a strong, genuine belief that they were litigating on behalf of a group of employees who had been injured and who needed representation and a voice, and, at great expense to [themselves], made Herculean efforts on behalf of the class over years…they're to be commended for their fight on behalf of people that they believed had been victimized."

*In re Pfizer Inc. Shareholder Derivative Litigation*, No. 09-cv-7822 (S.D.N.Y.). Pfizer agreed to pay a proposed settlement of $75 million and to make groundbreaking changes to the Board's oversight of regulatory matters.

*In re Pharmaceutical Industry Average Wholesale Price Litigation*, MDL No. 1456; *City of New York, et al. v. Abbott Laboratories, et al.*, No. 01 Civ. 12257 (D. Mass). KM represented the State of Iowa, the City of New York, and forty-two New York State counties in a lawsuit against forty defendant drug manufacturers asserting that they manipulated their average wholesale price data to inflate prices charged to government drug benefits payers. Recovery of over $225 million for the plaintiffs.

*In re Reformulated Gasoline (RFG) Antitrust and Patent Litigation and Related Actions*, No. 05-cv-01671 (C.D. Cal). Lead counsel. $48 million settlement for indirect purchasers.

*In re BISYS Securities Litigation*, No. 04-cv-3840 (S.D.N.Y. 2007). Co-lead counsel. $66 million settlement.

> "In this Court's experience, relatively few cases have involved as high level of risk, as extensive discovery, and, most importantly, as positive a final result for the class members as that obtained in this case."

*Cox v. Microsoft Corporation*, Index No. 105193/00, Part 3 (N.Y. Sup. Ct.). Lead counsel. $350 million settlement.

*In re AT&T Corp. Securities Litigation*, No. 00-cv-8754 (S.D.N.Y. 2006). Lead counsel. $150 million settlement.

*In re Adelphia Communications, Inc. Securities Litigation*, No. 04-cv-05759 (S.D.N.Y. 2006). Co-lead counsel. $478 million settlement.

> "[T]hat the settlements were obtained from defendants represented by 'formidable opposing counsel from some of the best defense firms in the country' also evidences the high quality of lead counsels' work."

*Lapin v. Goldman Sachs & Co.*, No. 04-cv-2236 (S.D.N.Y.). Co-lead counsel. $29 million settlement.

*Montoya v. Herley Industries, Inc.*, No. 06-cv-2596 (E.D. Pa). Lead counsel. $10 million settlement.

*Carnegie v. Household International Inc., et al.*, No. 98-cv-2178 (N.D. Ill. 2006). Co-lead counsel. $39 million settlement.

> "Since counsel took over the representation of this case . . ., they have pursued this case, conducting discovery, hiring experts, preparing for trial, filing motions where necessary, opposing many motions, and representing the class with intelligence and hard work. They have obtained an excellent result for the class."

*Dutton v. Harris Stratex Networks Inc. et al.*, No. 08-cv-00755 (D. Del). Lead counsel. $8.9 million settlement.

*In re Isologen Inc. Securities Litigation*, No. 05-cv-4983 (E.D. Pa.). Lead counsel. $4.4 million settlement.

*In re Textron, Inc. Securities Litigation*, No. 02-cv-0190 (D.R.I.). Co-lead counsel. $7 million settlement.

*Argent Convertible Classic Arbitrage Fund, L.P. v. Amazon.com, Inc. et al.*, No. 01-cv-0640L (W.D. Wash. 2005). Lead counsel. $20 million settlement for class of convertible euro-denominated bond purchasers.

*Muzinich & Co., Inc. et al. v. Raytheon Company et al.*, No. 01-cv-0284 (D. Idaho 2005). Co-lead counsel. $39 million settlement.

*Gordon v. Microsoft Corporation*, No. 00-cv-5994 (Minn. Dist. Ct., Henn. Cty. 2004). Co-lead counsel. $175 million settlement following two months of trial.

*In re Visa Check/MasterMoney Antitrust Litigation*, No. 96-cv-5238 (E.D.N.Y. 2003). $3 billion monetary settlement and injunctive relief.

*In re Florida Microsoft Antitrust Litigation*, No. 99-cv-27340 (Fl. Cir. Ct. 11th Cir., Miami/Dade Cty. 2003). Co-lead counsel. $200 million settlement of antitrust claims.

*In re Churchill Securities, Inc.* (SIPA Proceeding), No. 99 B 5346A (Bankr. S.D.N.Y. 2003). Lead counsel. Over $9 million recovery for 500+ victims of pyramid scheme perpetrated by defunct brokerage firm.

*In re Laidlaw Bondholder Securities Litigation*, No. 00-cv-2518-17 (D. S.C. 2002). Lead counsel. $42.8 million settlement.

*Cromer Finance v. Berger et al.* (*In re Manhattan Fund Securities Litigatio*n), No. 00-cv-2284 (S.D.N.Y. 2002). Co-lead counsel. $65 million settlement in total.

*In re Boeing Securities Litigation*, No. 97-cv-715 (W.D. Wash. 2001). $92.5 million settlement.

*In re MCI Non-Subscriber Telephone Rates Litigation*, MDL No. 1275 (S.D. Ill. 2001). Chairman of steering committee. $88 million settlement.

*In re General Instrument Corp. Securities Litigation*, No. 01-cv-1351 (E.D. Pa. 2001). Co-lead counsel. $48 million settlement.

*In re Bergen Brunswig/Bergen Capital Trust Securities Litigation*, 99-cv-1305 and 99-cv-1462 (C.D. Cal. 2001). Co-lead counsel. $42 million settlement.

*Steiner v. Aurora Foods*, No. 00-cv-602 (N.D. Cal. 2000). Co-lead counsel. $36 million settlement.

*Gerber v. Computer Associates International, Inc.*, No. 91-cv-3610 (E.D.N.Y. 2000). Multi-million dollar jury verdict in securities class action.

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000). Principal counsel of record in appeal that resulted in first ever appellate reversal of the dismissal of a securities fraud class action under the Securities Reform Act of 1995.

*Bartold v. Glendale Federal Bank*, 81 Cal.App.4th 816 (2000). Ruling on behalf of hundreds of thousands of California homeowners establishing banks' duties regarding title reconveyance.

*In re Cendant Corporation PRIDES Litigation*, 51 F. Supp. 2d 537, 542 (D. N.J. 1999). Lead counsel. $340 million settlement.

> "[R]esolution of this matter was greatly accelerated by the creative dynamism of counsel." * * * "We have seen the gifted execution of responsibilities by a lead counsel."

*In re Waste Management, Inc. Securities Litigation*, No. 97C 7709 (N.D. Ill. 1999). Co-lead counsel. $220 million settlement.

> "...[Y]ou have acted the way lawyers at their best ought to act. And I have had a lot of cases... in 15 years now as a judge and I cannot recall a significant case where I felt people were better represented than they are here... I would say this has been the best representation that I have seen."

*In re Bennett Funding Group, Inc. Securities Litigation*, No. 96-cv-2583 (S.D.N.Y. 1999). Co-lead counsel. $140 million settlement ($125 million recovered from Generali U.S. Branch, insurer of Ponzi scheme instruments issued by Bennett Funding Group; $14 million settlement with Mahoney Cohen, Bennett's auditor).

*In re MedPartners Securities Litigation*, No. 98-cv-06364 (Ala. June 1999). Co-lead counsel. $56 million settlement.

*In re MTC Electronic Technologies Shareholder Litigation*, No. 93-cv-0876 (E.D.N.Y. 1998). Co-lead counsel. Settlement in excess of $70 million.

*Skouras v. Creditanstalt International Advisers, Inc., et al.*, NASD Arb., No. 96-05847 (1998). Following an approximately one month hearing, successfully defeated multi-million dollar claim against major European institution.

*In re Woolworth Corp. Securities Class Action Litigation*, No. 94-cv-2217 (S.D.N.Y. 1997). Co-lead counsel. $20 million settlement.

*In re Archer Daniels Midland Inc. Securities Litigation*, No. 95-cv-2877 (C.D. Ill. 1997). Co-lead counsel. $30 million settlement.

*Vladimir v. U.S. Banknote Corp.*, No. 94-cv-0255 (S.D.N.Y. 1997). Multi-million dollar jury verdict in § 10(b) action.

*In re Archer Daniels Midland Inc. Securities Litigation*, No. 95-cv-2877 (C. D. Ill. 1997). Co-lead counsel. $30 million settlement.

*Epstein et al. v. MCA, Inc., et al.*, 50 F.3d 644 (9th Cir. 1995), *rev'd and remanded on other grounds, Matsushita Electric Industrial Co., Ltd. et al. v. Epstein et al.,* No. 94-1809, 116 S. Ct. 873 (February 27, 1996). Lead counsel. Appeal resulted in landmark decision concerning liability of tender offeror under section 14(d)(7) of the Williams Act, SEC Rule 14d-10 and preclusive effect of a release in a state

court proceeding. In its decision granting partial summary judgment to plaintiffs, the court of appeals for the Ninth Circuit stated:

> "The record shows that the performance of the Epstein plaintiffs and their counsel in pursuing this litigation has been exemplary."

*In re Abbott Laboratories Shareholder Litigation*, No. 92-cv-3869 (N.D. Ill. 1995). Co-lead counsel. $32.5 million settlement.

> "The record here amply demonstrates the superior quality of plaintiffs' counsel's preparation, work product, and general ability before the court."

*In re Morrison Knudsen Securities Litigation*, No. 94-cv-334 (D. Id. 1995). Co-lead counsel. $68 million settlement.

*In re T2 Medical Inc. Securities Litigation*, No. 94-cv-744 (N.D. Ga. 1995). Co-lead counsel. $50 million settlement.

*Gelb v. AT&T*, No. 90-cv-7212 (S.D.N.Y. 1994). Landmark decision regarding filed rate doctrine leading to injunctive relief.

*In re International Technology Corporation Securities Litigation*, No. 88-cv-40 (C.D. Cal. 1993). Co-lead counsel. $13 million settlement.

*Colaprico v. Sun Microsystems*, No. 90-cv-20710 (N.D. Cal. 1993). Co-lead counsel. $5 million settlement.

*Steinfink v. Pitney Bowes, Inc.*, No. B90-340 (JAC) (D. Conn. 1993). Lead counsel. $4 million settlement.

*In re Jackpot Securities Enterprises, Inc. Securities Litigation*, No. CV-S-89-05-LDG (D. Nev. 1993). Lead counsel. $3 million settlement.

*In re Nordstrom Inc. Securities Litigation*, No. C90-295C (W.D. Wa. 1991). Co-lead counsel. $7.5 million settlement.

*United Artists Litigation*, No. CA 980 (Sup. Ct., L.A., Cal.). Trial counsel. $35 million settlement.

*In re A.L. Williams Corp. Shareholders Litigation*, C.A. No. 10881 (Delaware Ch. 1990). Lead counsel. Benefits in excess of $11 million.

*In re Triangle Inds., Inc., Shareholders' Litigation*, C.A. No. 10466 (Delaware Ch. 1990). Co-lead counsel. Recovery in excess of $70 million.

*Schneider v. Lazard Freres*, No. 38899, M-6679 (N.Y. App. Div. 1st Dept. 1990). Co-lead counsel. Landmark decision concerning liability of investment bankers in corporate buyouts. $55 million settlement.

*Rothenberg v. A.L. Williams*, C.A. No. 10060 (Delaware. Ch. 1989). Lead counsel. Benefits of at least $25 million to the class.

*Kantor v. Zondervan Corporation*, No. 88-cv-C5425 (W.D. Mich. 1989). Lead counsel. Recovery of $3.75 million.

*King v. Advanced Systems, Inc.*, No. 84-cv-C10917 (N.D. Ill. E.D. 1988). Lead counsel. Recovery of $3.9 million (representing 90% of damages).

*Straetz v. Cordis*, No. 85-cv-343 (S.D. Fla. 1988). Lead counsel.

> "I want to commend counsel and each one of you for the diligence with which you've pursued the case and for the results that have been produced on both sides. I think that you have displayed the absolute optimum in the method and manner by which you have represented your respective clients, and you are indeed a credit to the legal profession, and I'm very proud to have had the opportunity to have you appear before the Court in this matter."

*In re Flexi-Van Corporation, Inc. Shareholders Litigation,* C.A. No. 9672 (Delaware. Ch. 1988). Co-lead counsel. $18.4 million settlement.

*Entezed, Inc. v. Republic of Nigeria*, I.C.C. Arb. (London 1987). Multi-million dollar award for client.

*In re Carnation Company Securities Litigation*, No. 84-cv-6913 (C.D. Cal. 1987). Co-lead counsel. $13 million settlement.

*In re Data Switch Securities Litigation*, B84 585 (RCZ) (D. Conn. 1985). Co-lead counsel. $7.5 million settlement.

*Stern v. Steans*, No. 80-cv-3903. The court characterized the result for the class obtained during trial to jury as "unusually successful" and "incredible" (Jun 1, 1984).

*In re Datapoint Securities Litigation*, No. 82-cv-338 (W.D. Tex.). Lead counsel for a Sub-Class. $22.5 million aggregate settlement.

*Malchman, et al. v. Davis, et al.*, No. 77-cv-5151 (S.D.N.Y. 1984).

> "It is difficult to overstate the far-reaching results of this litigation and the settlement. Few class actions have ever succeeded in altering commercial relationships of such magnitude. Few class action settlements have even approached the results achieved herein.... In the present case, the attorneys representing the class have acted with outstanding vigor and dedication . . . Although the lawyers in this litigation have appeared considerably more in the state courts than in the federal court, they have appeared in the federal court sufficiently for me to attest as to the high professional character of their work. Every issue which has come to this court has been presented by both sides with a thoroughness and zeal which is outstanding .... In sum, plaintiffs and their attorneys undertook a very large and difficult litigation in both the state and federal courts, where the stakes were enormous. This litigation was hard fought over a period of four years. Plaintiffs achieved a settlement which altered commercial relationships involving literally hundreds of millions of dollars."

# EXHIBIT 2

**EXHIBIT 2 – HISTORIC RATES**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Kirby McInerney LLP | | |
|---|---|---|---|
| Reporting Year | 2015 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

**EXHIBIT 2 - HISTORIC RATES**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Kirby McInerney LLP | | |
|---|---|---|---|
| Reporting Year | 2016 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Robert Gralewski, Jr.  (P) | $ 800.00 | 0.2 | | | | 0.5 | | | | | | | | 0.7 | $ 560.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.2 | 0.0 | 0.0 | 0.0 | 0.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.7 | $ 560.00 |

**EXHIBIT 2 - HISTORIC RATES**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Kirby McInerney LLP | | |
|---|---|---|---|
| Reporting Year | 2017 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Robert Gralewski, Jr.  (P) | $ 810.00 | 3.4 | | | | | | | | | | | | 3.4 | $ 2,754.00 |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | | | | | | | | | | | | | 0.0 | $       - |
| | | 3.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.4 | $ 2,754.00 |

**EXHIBIT 2 - HISTORIC RATES**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Kirby McInerney LLP | | |
|---|---|---|---|
| Reporting Year | 2018 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Robert Gralewski, Jr.  (P) | $ 900.00 | 1.7 | | | | 2.8 | | | | | | | | 4.5 | $ 4,050.00 |
| Daniel Hume (P) | $ 985.00 | | | | | 1.0 | | | | | | | | 1.0 | $ 985.00 |
| Fatima Brizuela (A) | $ 400.00 | | | | | 0.3 | | | | | | | | 0.3 | $ 120.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 1.7 | 0.0 | 0.0 | 0.0 | 4.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 5.8 | $ 5,155.00 |

IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917
TIME AND LODESTAR SUMMARY
INDIRECT PURCHASER PLAINTIFFS

| Firm Name | Kirby McInerney LLP | | |
|-----------|---------------------|---|---|
| Reporting Year | 2019 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|-------------|------------|---|---|---|---|---|---|---|---|---|----|----|----|-------|----------|
| Robert Gralewski, Jr. (P) | $ 950.00 | 4.1 | | | | | | | | 4.4 | | | | 8.5 | $ 8,075.00 |
| Fatima Brizuela (A) | $ 425.00 | | | | | | | | | 10.4 | | | | 10.4 | $ 4,420.00 |
| Samantha Greenberg (A) | $ 325.00 | | | | | | | | | 79.4 | | | | 79.4 | $ 25,805.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 4.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 94.2 | 0.0 | 0.0 | 0.0 | 98.3 | $ 38,300.00 |

EXHIBIT 2 - HISTORIC RATES

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Kirby McInerney LLP | | |
|---|---|---|---|
| Reporting Year | 2020 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $    - |

**EXHIBIT 2 - HISTORIC RATES**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Kirby McInerney LLP | | |
|---|---|---|---|
| Reporting Year | 2021 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | | | | | | | | | | | | | 0.0 | $    - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $    - |

**EXHIBIT 2 - HISTORIC RATES**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Kirby McInerney LLP | | |
|---|---|---|---|
| Reporting Year | 2022 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | | | | | | | | | | | | | 0.0 | $        - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $        - |

**EXHIBIT 2 – HISTORIC RATES**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Kirby McInerney LLP | | |
|---|---|---|---|
| Reporting Year | 2023 | | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | | | | | | | | | | | | | 0.0 | $     - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $     - |

**EXHIBIT 2 - HISTORIC RATES**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Kirby McInerney LLP | |
|---|---|---|
| Reporting Year | June 1, 2015 through Jan. 31, 2023 | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2016 | | 0.2 | 0.0 | 0.0 | 0.0 | 0.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.7 | $ 560.00 |
| 2017 | | 3.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.4 | $ 2,754.00 |
| 2018 | | 1.7 | 0.0 | 0.0 | 0.0 | 4.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 5.8 | $ 5,155.00 |
| 2019 | | 4.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 94.2 | 0.0 | 0.0 | 0.0 | 98.3 | $ 38,300.00 |
| 2020 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2021 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2022 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2023 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| | | 9.4 | 0.0 | 0.0 | 0.0 | 4.6 | 0.0 | 0.0 | 0.0 | 94.2 | 0.0 | 0.0 | 0.0 | 108.2 | $ 46,769.00 |

| STATUS: | |
|---|---|
| (P) | Partner |
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

CATEGORIES:
1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses
5 Deposition Preparation
6 Attend Deposition - Conduct/Defend
7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial

**EXHIBIT 2 - CURRENT RATES**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Kirby McInerney LLP | | |
|---|---|---|---|
| Reporting Year | June 1, 2015 through Jan. 31, 2023 | | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2016 | | 0.2 | 0.0 | 0.0 | 0.0 | 0.5 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.7 | $ 770.00 |
| 2017 | | 3.4 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.4 | $ 3,740.00 |
| 2018 | | 1.7 | 0.0 | 0.0 | 0.0 | 4.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 5.8 | $ 6,277.50 |
| 2019 | | 4.1 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 94.2 | 0.0 | 0.0 | 0.0 | 98.3 | $ 43,545.00 |
| 2020 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2021 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2022 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2023 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| | | 9.4 | 0.0 | 0.0 | 0.0 | 4.6 | 0.0 | 0.0 | 0.0 | 94.2 | 0.0 | 0.0 | 0.0 | 108.2 | $ 54,332.50 |

**STATUS:**

| (P) | Partner |
|---|---|
| (OC) | Of Counsel |
| (A) | Associate |
| (LC) | Law Clerk |
| (PL) | Paralegal |
| (I) | Investigator |

**CATEGORIES:**

1 Attorney Meeting/Strategy
2 Court Appearance
3 Client Meeting
4 Draft Discovery Requests or Responses 5 Deposition Preparation
6 Attend Deposition - Conduct/Defend 7 Document Review
8 Experts - Work or Consult
9 Research
10 Motions/Pleadings
11 Settlement
12 Trial Plan

# EXHIBIT 6

Daniel E. Birkhaeuser (SBN 136646)
**BRAMSON, PLUTZIK, MAHLER**
**& BIRKHAEUSER LLP**
2125 Oak Grove Road, Suite 125
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Facsimile: (925) 945-8792
dbirkhaeuser@bramsonplutzik.com

*Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| **IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. 4:07-cv-05944-JST<br>Case No. 4:17-cv-04067-JST |
| | **CLASS ACTION** |
| This Document Relates to:<br><br>*Luscher, et al. v. Mitsubishi Electric Corp.,* No. 4:17-cv-04067-JST | **DECLARATION OF DANIEL E. BIRKHAEUSER IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS**<br><br>Judge:  Honorable Jon S. Tigar<br>Courtroom: 5, 2nd Floor |

I, Daniel E. Birkhaeuser declare as follows:

1. I am an attorney licensed to practice before the courts of State of California and am admitted to practice before this Court. I am a partner in the law firm Bramson, Plutzik, Mahler, & Birkhaeuser.  I submit this declaration in support of my firm's request for attorneys' fees and reimbursement of litigation expenses, as set forth in the Indirect Purchaser Plaintiffs' ("IPPs") Application for Attorneys' Fees, Expenses and Incentive Awards. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. My firm is counsel of record in this case and represents the Indirect Purchaser Plaintiff Class.  A brief description of my firm is attached as Exhibit 1 and incorporated herein by reference.

3. Throughout the course of this litigation, my firm kept records contemporaneously documenting all time spent, including tasks performed, and expenses incurred. All of the time and expenses reported by my firm were incurred for the benefit of IPPs.

4. During the course of this litigation, my firm has been involved in several important tasks and activities on behalf of the IPPs.  All of this work was assigned and approved by Lead Counsel.  Broadly, that work can be described as follows:

- At Lead Counsel's request, my firm agreed to be responsible for all aspects of the litigation concerning the Toshiba Defendants (this included Toshiba Corporation, and its subsidiaries and affiliated companies in the United States and abroad).  Very broadly, this included negotiating with Toshiba about custodians and the merit-based documents to be produced, negotiating (with the help of our experts) the production of transactional data, reviewing the documents produced, selecting deponents and taking depositions, responding to Toshiba's Summary Judgment Motion, and preparing for trial.  In addition, because Toshiba formed a joint venture with Matsushita in 2003 ("MTPD"), my firm collaborated with the Matsushita/Panasonic team, especially with respect to selecting deponents and

taking depositions.

- Another large project my firm undertook was organizing and leading a document review team to search for and review documents relating to specific issues that were material to plaintiffs' case in chief.  My firm at first organized a group to investigate a major trial issue and later pitched in to lead another major topic team as well.  We held frequent conference calls with the review team to ensure accuracy of coding and to share with each other the results of the searches at that time.  My firm developed the search terms to be used, audited the work of the review team, and reviewed the best documents resulting from the searches. Ultimately, we prepared lengthy memos on each topic which were later used to prepare for depositions, respond to discovery propounded by defendants, and prepare for trial.

- As trial approached, we worked with other counsel for plaintiffs in evaluating legal and factual issues relating to important trial topics and drafted detailed memos to be used in preparation for trial as well as opposing Toshiba's summary judgment motion.  We prepared plaintiffs' opposition to Toshiba's summary judgment together with Counsel for the DAPs.

- With respect to Mitsubishi Electric, my firm worked with co-counsel to develop a strategy for the settlement of those claims, interviewed and sought proposals from notice providers to develop the Mitsubishi notice plan, and amended two complaints to coordinate the Mitsubishi settlement with the earlier settlements.

5.     The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary of the amount of time spent by my firm's partners, attorneys and professional support staff on the litigation against Mitsubishi Electric from June 1, 2015 through January 31, 2023. The lodestar calculation is based on my firm's historical billing rates in effect at the time services were performed and current rates are on a separate table.  Exhibit 2 was prepared from contemporaneous time records regularly prepared and maintained by my firm.  The hourly rates for my firm's partners, attorneys and professional support staff included in Exhibit 2 were at the time the work

was performed the usual and customary hourly rates charged for their services in similar complex litigation and the current rates of the firm. My firm previously submitted a detailed summary of the time spent on this litigation for the period from inception through May 31, 2015. *See* ECF No. 4073-13.

6.      The total number of hours reasonably expended on the litigation against Mitsubishi Electric by my firm from June 1, 2015 through January 31, 2023 is 61.7 hours. My firm's lodestar for these hours at historical rates is $51,794.00, and $$55,530.00 at current rates. This time does not include the substantial number of hours my firm spent defending the settlements with the other defendants during this same time period.

7.      The Court previously approved a current rate lodestar of $2,347,704 for my firm (total current rate lodestar minus 10 percent). The total lodestar for my firm at current rates is $2,403,234. Expense items are billed separately and are not duplicated in my firm's lodestar.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 9th day of March, 2023, in San Francisco, California.

/s/ _____

                                        Daniel E. Birkhaeuser

## BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP

Bramson Plutzik, Mahler & Birkhaeuser, LLP is a San Francisco Bay Area law firm that specializes in representing plaintiffs in class actions, derivative suits and other complex litigation nationwide.

Members of the firm serving as lead or co-lead counsel have successfully handled class actions in which hundreds of millions of dollars have been recovered for the class members. Among these cases are: *In re Unocal Toxic Spill Litigation,* in which $80 million was recovered for victims of a release of toxic chemicals; *Clark v. Ford Motor Credit Co.*, in which the plaintiff class recovered $58.25 million; *In re Pacific Bell Late Fee Litigation*, in which a recovery of $38 million was achieved; *Vázquez v. MMM Healthcare, Inc.,* in which the class recovered $29.9 million; *Klussman v. Cross Country Bank*, in which the class achieved a $21 million recovery; *Nguyen v. Verizon Wireless,* which also produced a $21 million recovery; *Patrick v. Blue Shield of California*, in which $20 million was recovered for the class; *Gross v. Barnett Bank,* in which over $19 million was recovered; *Ganal v. Toyota Motor Credit,* in which an $18 million recovery was achieved; *Henderson v. First Interstate Bank of California*, in which $16.25 million was recovered for the plaintiff class; and *Guyette v. Viacom, Inc.*, in which a settlement was negotiated that included a cash payment to the class of $13 million.  The firm's partners have represented clients in class action and derivative cases in federal and state courts throughout the United States.

In addition to its expertise in class actions and derivative litigation, the firm has also achieved prominence in the areas of telecommunications law and First Amendment litigation. The firm's efforts in these areas have resulted in significant published decisions, including two favorable rulings from the United States Supreme Court -- *Community Communications v. City of Boulder*, 455 U.S. 40 (1982), and *City of Los Angeles v. Preferred Communications*, 476 U.S. 488 (1986).  *See also Preferred Communications v. City of Los Angeles*, 13 F.3d 1327 (9th Cir.), *cert. denied*, 114 S.Ct. 2738 (1994).

### Robert M. Bramson

Robert M. Bramson has forty-one years of experience in the litigation of antitrust and consumer cases, class actions and other complex litigation.  Mr. Bramson received his undergraduate degree in economics, summa cum laude, from the University of California at Berkeley in 1977, and obtained his law degree from the Boalt Hall School of Law in 1981.

Mr. Bramson has represented both plaintiffs and defendants in numerous antitrust  cases, and has acted as lead counsel in two such actions taken to trial – *Pacific West Cable Co*. *v. City of Sacramento*, et al.  (E.D. Cal.) ($12 Million settlement on 24th day of trial, at close of plaintiff's case; Sherman Act §2 monopolization claims) and *Coleman et al*. *v. Sacramento Cable Television* (Sacramento Sup. Ct.) ($2.4 Million judgment after 17-day trial; class action/B & P §17200 case; B & P §17024 discriminatory pricing claims).

Mr. Bramson specializes in antitrust, consumer protection, business torts and communications litigation, as well as in class action cases.  He served for many years on the

Board of Directors of the National Association of Consumer Advocates and co-chaired its class action committee. He is a contributing author to the National Consumer Law Center's publication Consumer Class Actions. He acted as reporter for the National Association of Consumer Advocates in preparing its influential Standards and Guidelines For Consumer Class Actions, 176 F.R.D. 375 (1997).

Mr. Bramson's lecture topics have included "Strategic and Ethical Issues in Litigating 17200 Cases" (Bar Association of San Francisco, San Francisco 2001), "Equitable Remedies In Class Actions and Under California's Section 17200 Statute" (National Association of Consumer Advocates, Chicago 2000), "Ethical Issues Arising in Class Action Settlements" (National Consumer Law Center, Wash. DC and San Diego 1999 and 1998) "California's Business & Professions Code Section 17200" (California Bar Association, Lake Tahoe 1997), "Preparation of Competitive Business Practices Cases" (Continuing Education of the Bar, Sacramento 1997), and "The Cable Communications Policy Act of 1984" (California State University, Fullerton 1993).

### Robert M. Bramson Representative Cases

*Klussman v. Cross Country Bank* (Alameda County Superior Court) Honorable Ronald Sabraw and Honorable Lawrence Appel, presiding. Co-counsel for a consumer class against credit card issuer. Shortly before trial was due to commence, a settlement was negotiated that resulted in the recovery of consideration exceeding $21 million.

*Boltz v. Buena Vista Home Entertainment, et al.*(Los Angeles Superior Court) Honorable Anthony Mohr, presiding. Co-counsel on behalf of a nationwide class of hard of hearing persons seeking "close captioning" of content on the DVDs distributed to the public by four major motion picture studios. Case was settled by stipulations to industry-changing injunctions requiring greater captioning.

*Acree v. General Motors Acceptance Corp.* (Sacramento Superior Court; Third District Court of Appeal) Honorable James Long, presiding. Class action challenging insurance charges imposed upon borrowers by defendant. Following extended trial and multiple appeals, judgment for class and award of fees against defendant totaling approximately $7,000,000 upheld on appeal.

*In re Unocal Refinery Litigation* (Contra Costa Superior Court) Honorable Ignacio Ruvulo, presiding. One of two co-lead counsel for a class of victims exposed to a toxic chemical spill. Following extensive discovery, including several months of daily depositions, an $80,000,000 settlement was negotiated.

*Pacific West Cable Company v. City of Sacramento, et al.* (U.S. District Court, E.D. Cal.) Honorable Milton L. Schwarz, presiding. Antitrust jury trial on behalf of plaintiff. Case settled for $12,000,000 after month-long presentation of plaintiff's case in chief.

*Coleman v. Sacramento Cable Television* (Sacramento Superior Court) Honorable Roger K. Warren, presiding. Judgment of $2,400,000 obtained for clients in Bus. & Prof. Code §17200 "quasi-class" case, following 26 day trial.

*Campisi v. Chavez, et al.* (Arbitration) Charles E. Farnsworth, Esq., Referee, presiding. Defended clients against claims of breach of contract and breach of fiduciary duty.  Three week arbitration proceeding resulting in ruling limiting plaintiff to amount stipulated as due.

*Pacific West Cable Company v. City of Sacramento, et al.* (U.S. District Court, E.D. Cal.) Honorable Milton L. Schwarz, presiding.  Twenty-nine day jury trial challenging municipal cable franchising activities.  Favorable jury verdicts (see 672 F. Supp. 1322) led to $6,000,000 settlement for client as well as injunction permitting access to the market.

*Nor-West Cable Communications Partnership v. City of St. Paul* (U.S. District Court, D. Minn.)  Honorable Joseph Alsop, presiding.  Three month jury trial challenging municipal policy fostering monopolization of local cable television market.

*Furniture Creations, Inc. v. Universal Furniture* (Los Angeles Superior Court) Honorable Robert Einstein, presiding.  Three week jury trial in breach of contract case resulting in $1,000,000 verdict for clients.

### Robert M. Bramson Selected Published Decisions:

*Klussman v. Cross Country Bank*, 134 Cal.App.4th 1283 (2005).

*Acree v. General Motors Acceptance Corp.*, 92 Cal.App.4th 385 (2001).

*Heartland Communications, Inc. v. Sprint Corp.*, 161 F.R.D. 111 (D. Kan. 1995).

*Preferred Communications, Inc. v. City of Los Angeles*, 13 F.3d 1327 (9th Cir.), *cert. denied*, 512 U.S. 1235 (1994).

*Gordon v. Ford Motor Credit Corp.*, 868 F. Supp. 1191 (N.D. Cal. 1992).

*Century Federal, Inc. v. City of Palo Alto*, 710 F.Supp. 1559 (N.D. Cal. 1988).

*Pacific West Cable Company v. City of Sacramento*, 672 F. Supp. 1322 (E.D. Cal. 1987) and 693 F. Supp. 865 (E.D. Cal. 1988).

*Colorado Springs Cablevision, Inc. v. Lively*, 579 F. Supp. 252 (D. Colo. 1984).

### Alan R. Plutzik

Alan R. Plutzik specializes in complex business litigation in federal and state courts. Areas of particular emphasis include consumer class actions, securities fraud and corporate governance litigation, antitrust and communications law.  Mr. Plutzik is admitted to practice in California and the District of Columbia Bar (inactive member) and is a member of the bars of the

United States Supreme Court, the Second, Third, Eighth, Ninth, Tenth and District of Columbia Circuits and a number of federal district courts.

Mr. Plutzik joined the firm upon his graduation from the University of California at Berkeley's Boalt Hall School of Law in 1977.  He received his undergraduate degree from St. John's College, Annapolis, Maryland, in 1971, and holds an M. A. from Stanford University.

Mr. Plutzik has handled a wide variety of class actions and derivative cases.  He has represented, among other clients,

- investors in securities class actions;

- shareholders in corporate derivative suits;

- victims of consumer fraud;

- parties alleging breach of contract by insurance companies and other corporations;

- limited partners challenging conduct by their general partners;

- consumers and businesses harmed by price-fixing and other anticompetitive conduct;

- employees in ERISA and wage/hour cases;

- property owners in litigation challenging policies that affect their property rights;

- purchasers of mislabeled and defective products;

- home buyers in suits brought under the Real Estate Settlement Procedures Act;

- victims of toxic pollution; and

- Subscribers to cellular, landline telephone, cable TV and Internet-delivered services.

Mr. Plutzik has also represented technology companies in litigation and arbitration, and broadcasters, cable television companies, communications common carriers and consumers in litigation and in administrative proceedings before the Federal Communications Commission and the California Public Utilities Commission.  He has been designated a Northern California SuperLawyer.

Mr. Plutzik has written or lectured on topics that include class actions, California consumer law, substantive and procedural issues under the federal securities laws, First Amendment issues, cable television franchising and legal issues arising from cable television companies' access to utility poles and real estate developments.

4

Mr. Plutzik has served as a judge *pro tem* on the Contra Costa County (Cal.) Superior Court and as a Discovery Facilitator assisting the Court.  From 2002 through 2017, he was President of the Warren W. Eukel Teacher Trust, a charity that honors outstanding teachers in Contra Costa County.

### Alan R. Plutzik Representative Cases

*In re Pacific Bell Late Fee Litigation* (Contra Costa County Superior Court).  Mr. Plutzik was co-lead counsel for the plaintiffs in a consumer class action challenging the validity of a landline telephone company's late fees in light of California statutory limitations on liquidated damages.  A $38 million settlement was negotiated and approved by the Court.

*Vázquez González v. MMM Healthcare, Inc., et al.*  In this class action arbitration for breach of contract, Mr. Plutzik served as lead counsel for a class of Puerto Rico medical providers who claimed that they had been underpaid by two health insurance companies for treatment provided to patients who belonged to the insurance companies' Medicare Advantage Plans.  Mr. Plutzik negotiated a $29.9 million settlement on behalf of the class.  The case resulted in two published decisions by the Puerto Rico appellate courts on judicial review of partial awards issued by the Arbitrator.  *Vázquez González v. MMM Healthcare, Inc.*, 2014 WL 7368914 (P.R. Cir. 2014); *MMM Healthcare, LLC v. Vázquez González*, 2019 WL 4141675 (P.R. Cir. 2019).

*Patrick v. California Physicians' Service dba Blue Shield of California* (San Francisco County, California Superior Court and United States District Court for the Northern District of California).  Mr. Plutzik represented the plaintiffs in a class action for consumer fraud, unfair business practices and violations of ERISA arising from allegedly deceptive and unfair practices by a health insurance company in connection with patient co-payments for hospital treatment.  A settlement of $20 million was negotiated after the close of discovery.

*In re Cellphone Termination Fee Cases* – Handset Locking Actions (Alameda County, California Superior Court).  Mr. Plutzik served as co-lead counsel in five coordinated cases challenging the secret locking of cellphone handsets by major national wireless carriers to prevent consumers from activating them on competitive carriers' systems.  Settlements were approved in all five cases on terms that required the cellphone carriers to disclose their handset locks to consumers and to provide unlocking codes nationwide on reasonable terms and conditions.  The settlements fundamentally changed the landscape for cellphone consumers nationwide regarding the locking and unlocking of cellphone handsets.

*In re Cellphone Termination Fee Cases* – Early Termination Fee Cases (Alameda County, California Superior Court and Federal Communications Commission).  Mr. Plutzik was Liaison Counsel and a member of the plaintiffs' Executive Committee in connection with claims challenging the validity under California law of early termination fees ("ETFs") imposed by national cellphone carriers.  In one of those cases, against Verizon Wireless, a nationwide settlement was reached after three weeks of trial in the amount of $21 million.  In a second case against Sprint, the Court ruled after trial that more than $73 million of flat early termination fees that Sprint PCS had collected from California consumers over an eight-year period were void

5

and unenforceable, and enjoined Sprint from collecting an additional $225 million of such charges that had been billed but not paid.  The Court approved a settlement that left that injunction in place and provided for refunds to members of the Class.  The ETF litigation led to numerous published appellate decisions, including *In Re Cellphone Termination Fee Cases*, 186 Cal. App. 4th 1380 (2010), *Cellphone Termination Fee Cases* 193 Cal.App.4th 298 (2011), and *Ayyad v. Sprint Spectrum, L.P.*, 210 Cal.App.4th 851 (2012).

*Guyette v. Viacom, Inc.* (Alameda County, California Superior Court).  Mr. Plutzik was co-counsel for a class of cable television subscribers who alleged that the defendant had improperly failed to share certain tax refunds with the subscribers.  A settlement was negotiated shortly before trial under which defendants paid the class $13 million in cash.

*Green v. Metropolitan Life Insurance Co.* (San Francisco County, California Superior Court).  Mr. Plutzik was co-counsel for a California class of MetLife policy holders in a class action alleging that MetLife had engaged in "twisting," "churning" and other misconduct in the sale of replacement life insurance policies.  After the California class was certified, the case settled on a nationwide basis for consideration in excess of $1 billion.

*Gastelum v. Frontier California Inc.* (San Francisco County, California, Superior Court).  Mr. Plutzik represented a California plaintiff class of landline telephone customers who challenged late payment charges as improper liquidated damage provisions and unfair business practices under California law.  A settlement was negotiated and approved that provides for the payment to the class members of $10.6 million in cash or bill credits, for the separate payment of attorney fees and for the entry of an injunction limiting future late payment charges.

*LBM Properties v. DIRECTV, LLC* (Los Angeles County Superior Court).  Mr. Plutzik represented a California class consisting of the owners of apartment houses and other multi-unit residential properties.  He and his co-counsel obtained a settlement under which DIRECTV agreed to injunction forbidding it from installing satellite dishes and other on the rooftops and in other common or restricted areas of such properties without having sought and obtained permission from the property owners or their agents.

*In re Pacific Lumber Company Securities Litigation* (United States District Court, Southern District of New York).  Mr. Plutzik was counsel for the plaintiff class in a securities class action arising out of a tender offer for Pacific Lumber Company by a corporate raider.  The plaintiff class recovered in excess of $140 million.

*In re Worlds of Wonder Securities Litigation* (United States District Court, Northern District of California).  Mr. Plutzik was co-lead counsel for the plaintiff class in a securities fraud class action arising from the bankruptcy of a failed toy company in a case raising complex accounting and auditing issues.  After percipient and expert discovery, summary judgment, appeal and remand, a settlement was reached against the company's auditor, Deloitte & Touche, LLP, for $9 million.  The case resulted in a number of published opinions – *e.g., In re Worlds of Wonder Securities Litigation,* 35 F.3d 1407 (9th Cir. 1994), *cert. denied*, 516 U.S. 868 (1995); 694 F. Supp. 1427 (N.D. Cal. 1988); 721 F. Supp. 1140 (N.D. Cal. 1989); 1990 U.S. Dist.

LEXIS 18396, [1990-91 Transfer Binder] Fed. Sec. L. Rep. (CCH) 95,689 (N.D. Cal. 1990); 147 F.R.D. 208 (N.D. Cal. 1992).

*McCall v. Newkirk Capital LLC* (Connecticut Superior Court, New Britain Judicial District). Mr. Plutzik represented a class of investors in 90 limited partnerships in a suit arising out of a consolidation, or "rollup," of the partnerships. A settlement was negotiated and approved by the Court that provided for the class to receive significant consideration, including cash, additional partnership units and a restructuring of certain assets and agreements with the general partner and its affiliates.

*In re Daisy Systems Securities Litigation* (United States District Court, Northern District of California). Mr. Plutzik represented a plaintiff class in a securities fraud class action against the directors and officers of a Silicon Valley company. A $13.1 million settlement was reached.

*Hodge v. Franklin Select Realty Trust* (San Mateo County, California Superior Court). Mr. Plutzik was co-counsel for a shareholder class in a claim against directors and officers of a real estate investment trust and others, arising out of merger with two other related companies. A settlement of $4 million was negotiated.

*Barnett v. Glenborough Pension Investors* (San Mateo County, California Superior Court). Mr. Plutzik was co-counsel for a plaintiff class of limited partners in a claim against general partners, attorneys and lenders arising from the restructuring of a real estate limited partnership. A settlement of approximately $3 million was reached after the close of expert discovery.

*In re Technical Equities Federal Securities Litigation* (United States District Court, Northern District of California). Mr. Plutzik represented the plaintiff class in a securities fraud class action against directors, officers, auditors, attorneys, lenders and investment bankers of a public corporation that operated a complex Ponzi scheme. A global classwide settlement in the amount of $13 million was reached shortly before trial. *See In re Technical Equities Federal Securities Litigation*, 1988 U.S. Dist. LEXIS 15813, [1988-89 Transfer Binder] Fed. Sec. L. Rep. (CCH) P 94, 093 (N.D. Cal. Oct. 3, 1988)

*Daniels v. Centennial Group* (Orange County, California Superior Court). Mr. Plutzik was co-counsel for the plaintiff class in a claim for fraud, negligent misrepresentation and breach of fiduciary duty against general partners and promoters arising from a "roll-up" of six real estate limited partnerships. A settlement of approximately $4 million was reached on behalf of the investors. The case resulted in an important published opinion regarding the standards for class certification under California law – *Daniels v. Centennial Group, Inc.*, 16 Cal.App.4th 467 (1993).

*Antitrust Direct and Indirect Purchaser Class Actions* – Mr. Plutzik has served in a leadership position in numerous antitrust class actions, including *In re Methionine Direct Purchaser Antitrust Litigation* (United States District Court for the Northern District of California), *In re California Indirect Purchaser MSG Antitrust Litigation* (San Francisco County

Superior Court) and *In re California Infant Formula Indirect Purchaser Antitrust Litigation* (San Francisco County Superior Court).

*California Community Television Association v. Pacific Gas & Electric Company* (Alameda County, California Superior Court), *Group Cable v. PG&E* (United States District Court for the Northern District of California) and *California Community Television Association v. Pacific Gas & Electric Company* (California Public Utilities Commission) – associational and class action cases alleging antitrust and related business tort claims for denial of access to utility poles on reasonable terms, and administrative action seeking regulatory ruling setting fair and reasonable prices and terms, brought on behalf of California cable television companies against a public utility.  The cases were settled on terms that permitted favorable conditions of access to the poles.

*USA Media Group LLC v. Truckee Donner Public Utility District* (United States District Court for the Eastern District of California).  Mr. Plutzik represented a cable television company in a claim brought against a public utility district for constitutional and antitrust violations and related state-law claims arising from restrictions imposed by the public utility district on the cable television company's access to utility poles owned by the public utility district, which was planning to offer competitive cable television service.  The case settled on terms that permitted the cable television company to continue to obtain access the poles on reasonable terms and conditions.

### Daniel E. Birkhaeuser

Daniel E. Birkhaeuser received his law degree from the University of California, Davis in 1988.  While at Davis, he served as an Editor of the *U.C. Davis Law Review*.

Following graduation, Mr. Birkhaeuser joined the law firm of McCutchen, Doyle, Brown and Enersen.  At the McCutchen firm, he represented plaintiffs and defendants in a wide variety of complex civil litigation matters including real estate, bankruptcy and environmental litigation. In 1991, Mr. Birkhaeuser co-chaired an eight week trial in *Quadrant Corporation v. First Interstate Bank*, Contra Costa County Superior Court Action No. C90-03855 recovering for his client over $15 million which, at that time, was the largest jury verdict in Contra Costa County history.

In 1992, Mr. Birkhaeuser began to focus his career on class action litigation at the trial and appellate levels.  One such matter, *Harris v. Chase Manhattan Bank*, N.A. (1994) 34 Cal. App. 4th 1563, resulted in a favorable decision, the reasoning of which was affirmed by the California Supreme Court in a companion case entitled *Smiley v. Citibank* (1995) 11 Cal. 4th 138, and ultimately by the United States Supreme Court in the same case.  *Smiley v. Citibank* (1996) 517 U.S. 735.

Mr. Birkhaeuser joined the firm in 1994 and became a partner in 1997.  At the firm, he has prosecuted class action cases involving insurance, false nutritional labeling, price fixing and securities fraud.  Mr. Birkhaeuser served in a leadership position in *In Re Kansas Vitamin Antitrust Litigation* and *In re Wisconsin Vitamin Antitrust Litigation*, which were coordinated

through proceedings in the District of Columbia and consolidated with *parens patriae* actions brought by attorneys general in 23 jurisdictions.  He served on plaintiffs' Executive Committee in *In re DRAM California Indirect Purchaser Antitrust Litigation* and *In re California Polyester Indirect Purchaser Antitrust Litigation*, and served as Co-Lead Counsel in *In Re Korean Ramen Indirect Purchaser Antitrust Litigation*. He has also represented indirect purchaser plaintiffs in antitrust matters alleging price fixing in the "Flash Memory," Cathode Ray Tube, Automobile, and Paper industries.  He has also served as a judge *pro tem* in the Contra Costa Superior Court.

**Other Significant Cases:**

*Van Warmerdam v. Honey Hill Farms* (arbitration) Honorable William Boone, presiding. Lead counsel in complex contract dispute resulting in verdict in client's favor on complaint and cross-complaint.

*Meadow Wood Land Company v. Landmark Vineyards, Ltd, et. al.*, First Appellate District No. AO43692.  Lead counsel for defendants and respondents in case which settled favorably after the filing of Respondents' brief on appeal.

*Lesher Communications, Inc. v. City of Walnut Creek*, 52 Cal. 3d 531 (1991).  Landmark decision under California Environmental Quality Act addressing City's ability to amend general plan by voter initiative.

*Acree v. General Motors, Inc.*, 92 Cal. App. 4th 385 (2001).  Important decision defining scope of covenant of good faith and fair dealing and reasonableness of fee award after class action trial against tenacious defendant.

*Morelli v. Weider Nutrition Group, Inc.*, 275 A.D.2d 607,  712 N.Y.S. 2d 551 (1st Dept. 2000).  Case of first impression holding that plaintiffs' claims for false nutritional labeling were not preempted by the Nutritional Labeling and Education Act.

*Figueroa v. Sharper Image Corp.*, 517 F. Supp. 2d 1292 (S.D. Fla. 2007).  Lead counsel for objector/class member in state court action who, joined by attorneys general from 35 states, successfully defeated settlement of later-filed federal action on the ground that the settlement was unfair.

*Vassalle v. Midland Funding*, 708 F. 3d 747 (6th Cir. 2013) Co-lead counsel for objector in which the Court rejected a proposed class action settlement of claims relating to affidavits containing false representations of personal knowledge.

**EXHIBIT 2**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO.**
**1917 TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Bramson, Plutzik, Mahler & Birkhaeuser, LLP | | |
|---|---|---|
| Reporting Year | 2018 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel E. Birkhaeuser | $820 | | | | | | | | | | 4.3 | 1.4 | | 5.7 | $ 4,674.00 |
| Partner | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.3 | 1.4 | 0.0 | 5.7 | $ 4,674.00 |

**EXHIBIT 2**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

| Bramson, Plutzik, Mahler & Birkhaeuser, LLP | | **INDIRECT PURCHASER PLAINTIFFS** |
|---|---|---|
| **Reporting Year** | **2019** | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel E. Birkhaeuser | $840 | | | | | | | | | | 50.5 | 2.3 | | 52.8 | $44,352 |
| Partner | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 50.5 | 2.3 | 0.0 | 52.8 | $ 44,352.00 |

**EXHIBIT 2**

**IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

| Bramson, Plutzik, Mahler & Birkhaeuser, LLP | | **INDIRECT PURCHASER PLAINTIFFS** |
|---|---|---|
| Reporting Year | 2020 | |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Daniel E. Birkhaeuser | $865 | | | | | | | | | | 3.2 | | | 3.2 | $ 2,768.00 |
| Partner | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.2 | 0.0 | 0.0 | 3.2 | $ 2,768.00 |

**EXHIBIT 2**

## IN RE CATHORADE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917

### TIME AND LODESTAR SUMMARY

| Bramson, Plutzik, Mahler & Birkhaeuser, LLP | | INDIRECT PURCHASER PLAINTIFFS |
|---|---|---|
| **Reporting Year** | **June 1, 2015 through Jan. 31, 2023** | |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2016 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2017 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2018 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 4.3 | 1.4 | 0.0 | 5.7 | $ 4,674.00 |
| 2019 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 50.5 | 2.3 | 0.0 | 52.8 | $ 44,352.00 |
| 2020 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 3.2 | 0.0 | 0.0 | 3.2 | $ 2,768.00 |
| 2021 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2022 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2023 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 58.0 | 3.7 | 0.0 | 61.7 | $ 51,794.00 |

**STATUS:**
- (P) Partner
- (OC) Of Counsel
- (A) Associate
- (LC) Law Clerk
- (PL) Paralegal
- (I) Investigator

**CATEGORIES:**
1. Attorney Meeting/Strategy
2. Court Appearance
3. Client Meeting
4. Draft Discovery Requests or Responses
5. Deposition Preparation
6. Attend Deposition - Conduct/Defend
7. Document Review
8. Experts - Work or Consult
9. Research
10. Motions/Pleadings
11. Settlement
12. Trial

# EXHIBIT 7

1   JOSEPH GOLDBERG
    FREEDMAN BOYD HOLLANDER
2    & GOLDBERG P.A.
    20 First Plaza N.W., Suite 700
3   Albuquerque, NM 87102
    Telephone: (505) 842-9960
4   Facsimile: (505) 842-0761

5   *Attorneys for Indirect Purchaser Plaintiffs*

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                          OAKLAND DIVISION

10  **IN RE: CATHODE RAY TUBE (CRT)**    Master File No. 4:07-cv-05944-JST
    **ANTITRUST LITIGATION**             Case No. 4:17-cv-04067-JST

11                                       <u>CLASS ACTION</u>

12  _____
                                         **DECLARATION OF JOSEPH GOLDBERG**
13  This Document Relates to:            **IN SUPPORT OF PLAINTIFFS'**
                                         **APPLICATION FOR ATTORNEYS' FEES,**
    *Luscher, et al. v. Mitsubishi Electric Corp.,*  **EXPENSES, AND INCENTIVE AWARDS**
14  No. 4:17-cv-04067-JST
                                         Judge:  Honorable Jon S. Tigar
15                                       Courtroom: 5, 2nd Floor

16

17

18

19

20

21

22

23

24

25

26

27

28

─────────────────────────────────────────────────────────
        DECLARATION OF JOSEPH GOLDBERG IN SUPPORT OF PLAINTIFFS'
     APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS
                      Case No. 4:07-cv-5944, MDL No. 1917

1    I, Joseph Goldberg, declare as follows:

2    1.    I am an attorney licensed to practice before the courts of State of New Mexico and

3    am admitted to practice before this Court. I am a Partner in the law firm Freedman Boyd Hollander

4    & Goldberg P.A.. I submit this declaration in support of my firm's request for attorneys' fees and

5    reimbursement of litigation expenses, as set forth in the Indirect Purchaser Plaintiffs' ("IPPs")

6    Application for Attorneys' Fees, Expenses and Incentive Awards. The matters set forth herein are

7    within my personal knowledge and if called upon and sworn as a witness I could competently

8    testify regarding them.

9    2.    My firm is counsel of record in this case and represents the "Indirect Purchaser

10   Plaintiff Class.". A brief description of my firm is attached as Exhibit 1 and incorporated herein

11   by reference.

12   3.    Throughout the course of this litigation, my firm kept files contemporaneously

13   documenting all time spent, including tasks performed, and expenses incurred. All of the time and

14   expenses reported by my firm were incurred for the benefit of IPPs.

15   4.    During the course of this litigation, my firm has been involved in the following

16   tasks and activities on behalf of the IPPs:

17   In 2014, I was asked by Lead Counsel in this case to act as Lead Trial Counsel for the IPP

18   Class. In that capacity, I and my firm engaged in preparing this case for trial, which at that

19   time was set to commence in March 2015. Among the tasks I and my firm performed were

20   (i) preparation of expert and fact witnesses for trial testimony; (ii) preparation of trial

21   exhibits; (iii) preparation of pre-trial order and jury instructions; (iv) preparation for and

22   participation in mock trials; (v) finalization of motions in limine; (vi) preparation of

23   potential cross-examination of witnesses; (vii) supervision of trial team in carrying out

24   these tasks; (viii) consultation with Lead Counsel in carrying out the above tasks; (ix)

25   consultation with Lead Counsel in settlement discussions with multiple defendants,

26   (including Mitsubishi); (x) litigating appeals from approval of various settlements (other

27   than Mitsubishi) and fee allocations; (xi) settlement discussions with defendants (other than

28

1   Mitsubishi) and mediations resulting in new settlements with defendants other than

2   Mitsubishi; (xii) seeking approval of the new settlements with defendants (other than

3   Mitsubishi) and litigating appeals from the approval of these new settlements; and (xiii)

4   participating in the settlement discussions and mediation of the Mitsubishi settlement.

5   In addition, I am currently acting as the Lead Trial Counsel for IPPs in the scheduled trial

6   in this case against the Irico defendants, set for January 2024.  None of the work in this

7   latter capacity is relevant to this fee application.

8       5.      The schedule attached as Exhibit 2, and incorporated herein, is a detailed summary

9   of the amount of time spent by my firm's partners, attorneys and professional support staff on the

10  litigation against Mitsubishi Electric from June 1, 2015 through January 31, 2023.  The lodestar

11  calculation is based on my firm's historical billing rates in effect at the time services were

12  performed and current rates are on a separate table.  Exhibit 2 was prepared from contemporaneous

13  time records regularly prepared and maintained by my firm.  The hourly rates for my firm's

14  partners, attorneys and professional support staff included in Exhibit 2 were at the time the work

15  was performed the usual and customary hourly rates charged for their services in similar complex

16  litigation and the current rates of the firm. My firm previously submitted a detailed summary of the

17  time spent on this litigation for the period from inception through May 31, 2015. *See* ECF No.

18  4073-24.

19      6.      The total number of hours reasonably expended on the litigation against Mitsubishi

20  Electric by my firm from June 1, 2015 through January 31, 2023 is 233.9 hours.  My firm's

21  lodestar for these hours at historical rates is $ 106,841.75, and $ 137,993.50 at current rates. This

22  time does not include the substantial number of hours my firm spent defending the settlements

23  with the other defendants during this same time period.

24      7.      The Court previously approved a current rate lodestar of $ 500,988.60 for my firm

25  (the then-total current rate lodestar minus 10 percent). The total lodestar for my firm at current

26  rates is $948,100.50. Expense items are billed separately and are not duplicated in my firm's

27  lodestar.

28

DECLARATION OF JOSEPH GOLDBERG IN SUPPORT OF PLAINTIFFS'
APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARDS
Case No. 3:07-cv-5944 SC, MDL No. 1917

8.     The expenses my firm incurred in litigating this action are reflected in the books and records of my firm. These books and records are prepared from expense vouchers, invoices, receipts, check records and other source materials and accurately reflect the expenses incurred. My firm's expense records are available for inspection by the Court if necessary.

9.     My firm incurred a total of $ 1,006.22 in unreimbursed expenses, all of which were reasonable and necessary for the prosecution of this litigation. A summary of those expenses by category is attached in the "Expense Summary" tab in Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 2ⁿᵈ day of _March_ , 2023, in Albuquerque, New Mexico.

/s/ _Joseph Goldberg_
Joseph Goldberg

**FREEDMAN BOYD HOLLANDER &  GOLDBERG P.A.**
20 First Plaza NW, Suite 700
Albuquerque, NM 87102
Telephone:  505-842-9960
Facsimile:  505-842-0761
URL:  http://www.fbdlaw.com

The firm, founded in 1974, is a litigation firm with practice areas as varied as the interests of its members. Its lawyers practice in both federal and state trial and appellate courts, from the municipal courts to the Supreme Court of the United States, and handle a broad spectrum of civil and criminal cases. It was founded by lawyers who were and still are good friends and professional colleagues with a shared commitment to the use of the judicial system for its intended purpose of rendering true justice. All four partners have been selected by their professional peers to be included in the respected publication, Best Lawyers in America.

<u>**David A. Freedman**</u>

**Practice Areas:**
Civil Rights, Complex Civil Litigation, Criminal Defense, Personal Injury, and Wrongful Death

David Freedman is a 1966 graduate of Columbia University (Columbia College) and a 1973 graduate of the University of New Mexico School of Law, where he was an editor of the New Mexico Law Review. He was a founding member of the firm in 1974.

Since 1973, Mr. Freedman has been in a full-time litigation practice in both state and federal courts, including complex commercial, securities, and antitrust litigation, as well as criminal defense, personal injury, wrongful death, and product liability matters. His practice also includes significant class action litigation across the country, principally involving antitrust, securities, and contract matters, in which he has been appointed lead or liaison counsel or been a principal attorney for the class.

In the practice areas of personal injury, wrongful death, and product liability, Mr. Freedman has obtained awards for injured persons in excess of a million dollars. Mr. Freedman also has extensive experience in class action litigation, including consumer class actions. In connection with his criminal defense practice, Mr. Freedman has a wide range of experience, including defense of tax, healthcare, environmental, securities, and antitrust crimes. He has also represented claimants in federal civil forfeiture proceedings.

Mr. Freedman has received the highest Martindale-Hubbell "AV" rating, is included in the Bar Registry of Pre-eminent Lawyers, and is recognized in the legal profession's publication, "Best Lawyers in America" in three practice areas – commercial litigation, antitrust, and criminal defense and is an American Bar Foundation Fellow. Mr. Freedman is also listed in Southwest Super Lawyers in many practice areas.

**Education**
Columbia University, B.A., 1966
University of New Mexico School of Law, J.D. 1973
**Professional Activities**
- New Mexico State Bar
- American Bar Association

**Exhibit 1**

- American Association for Justice
- National Association of Criminal Defense Lawyers
- New Mexico Trial Lawyers Association
- New Mexico Criminal Defense Lawyers Association

## John W. Boyd

**Practice Areas:**
Appeals, Civil Rights, and Complex Civil Litigation

John W. Boyd was a founding member of the firm in 1974. He is a 1967 graduate of Columbia University (Columbia College) and a 1973 cum laude graduate of the University of New Mexico Law School, where he was editor of the Natural Resources Journal and was awarded Order of the Coif.

Since 1973, he has been in full-time practice, specializing in civil rights, election law, employment law, and complex commercial litigation, including trials, appeals, and class actions. His principal emphasis has been on First Amendment law, including free speech, establishment clause, and free exercise clause litigation. He has had extensive involvement in election-related litigation, including ballot access, voter identification, redistricting, and voting machine challenges.

Mr. Boyd has had an "AV" rating in Martindale-Hubbell for many years and has been listed in "Best Lawyers In America" for over twelve years in the categories of First Amendment Law and Employment Law.

**Education**
Columbia University, B.A., 1966
University of New Mexico School of Law, J.D. 1973 (Cum Laude)
**Professional Activities**
- Author of the section "Rule 68 Judgments" in the loose leaf service, "Settlement Agreements In Commercial Disputes," Richard A. Rosen, editor (Aspen Law and Business).

## Nancy Hollander

An internationally recognized criminal defense lawyer, Nancy Hollander joined the firm in 1980 and became a partner in 1983. She is also an Associate Tenant at London's Doughty Street Chambers, which specializes in criminal law, international law, and human rights. Ms. Hollander has been admitted to practice in the U.S. Supreme Court, nine U.S. Courts of Appeal, seven U.S. District Courts, U.S. Army Court of Criminal Appeals, and New Mexico. She is also on the list of counsel for the International Criminal Court (ICC) as well as the U.S. Department of Defense's Pool of Qualified Civilian Defense Counsel for Military Commissions.

For more than three decades, Ms. Hollander's practice has largely been devoted to representing individuals and organizations accused of crimes, including those involving national security issues, in trial and on appeal. She was lead appellate counsel for Chelsea Manning in the military appellate courts. She also won Ms. Manning's release in 2017 when President Obama commuted her sentence from 35 years to seven years. Ms. Hollander has also represented two prisoners at Guantanamo Bay Naval Base, and in 2016, she won the release of one of them – Mohamedou Ould Slahi – after 11 years of pro bono representation. His story is chronicled in his New York Times-bestselling book Guantanamo Diary, which Ms. Hollander helped facilitate and publish and will soon be a feature film, titled The Mauritanian.

For her other client at Guantanamo, Abd Rahim Al-Nashiri, who is facing the death penalty, she has won two cases in the European Court of Human Rights, providing funds for his family and accountability for his torture at the hands of agents of the US government.

In addition to her criminal defense practice, Ms. Hollander has been counsel in numerous civil cases, forfeitures, and administrative hearings, and she has argued and won a historic case involving religious freedom in the U.S. Supreme Court. Ms. Hollander also served as a consultant to the defense in a high-profile terrorism case in Ireland and has assisted counsel in other international cases. In 1992-93, Ms. Hollander was the first woman president of the National Association of Criminal Defense Lawyers. Chosen by her peers as a Fellow of the American College of Trial Lawyers as well as the American Board of Criminal Lawyers, she also is a member of the European Criminal Bar Association, and in 2017, she was appointed to one of the American Bar Association's International Criminal Justice Standards Steering Committees to develop standards for international criminal tribunals.

A seasoned trial lawyer and respected criminal law expert, Ms. Hollander has taught in numerous trial-practice programs, including the National Criminal Defense College, National Institute for Trial Advocacy, and Gerry Spence's Trial Lawyers College. Today, she regularly teaches trial advocacy in the U.S. and Europe. She has taught training courses for criminal defense lawyers wishing to appear before international tribunals, coordinated a jury trial training project in Russia, and been a consultant to the U.N. Development Programme in Vietnam.

Ms. Hollander has written extensively and conducted more than 200 seminars and presentations around the globe on various subjects, including the securing of evidence in international cases, forfeiture, illegal search and seizure, expert witnesses, defense of child abuse cases, ethics, evidence, and trial practice.

Ms. Hollander has received many professional awards. Among them, in 2016, Ms. Hollander received a Lifetime Achievement Award from America's Top 100 Lawyers for New Mexico. She was chosen as Best Lawyers' Albuquerque Criminal Defense: Non-White-Collar Lawyer of the Year in 2010, White-Collar Lawyer of the Year in 2011, and General Practice Lawyer of the Year in 2016. In 2001, she was named as one of America's top 50 women litigators by the National Law Journal. She was selected as Professional Lawyer of the Year by the New Mexico Trial Lawyers Foundation in 2006. That same year, she was profiled in Super Lawyers' top 25 New Mexico lawyers and has continued to be recognized every year since.

Ms. Hollander also holds security clearances.

Follow Ms. Hollander on Twitter: @NancyHollander_.

**Education**
University of Michigan, B.A. 1965 (Cum Laude)
University of New Mexico School of Law, J.D. 1978 (Magna Cum Laude)
**Professional Activities**
- Past-President, National Association of Criminal Defense Lawyers, 1992-93
- Fellow, American College of Trial Lawyers, 2004-present
- Fellow, American Board of Criminal Lawyers, 1994-present
- Founding Member, Council, International Criminal Bar, 2003-2005

- Member, Board of Directors, International Criminal Defence Attorneys, 2003-2007
- Member, European Criminal Bar Association, 2003-present

## Joseph Goldberg

**Practice Areas:**
Antitrust, Appeals, Complex Civil Litigation, and Election Law

Joe is recognized nationally and internationally as one of the top antitrust litigators in the country.  He has tried numerous cases to multi-million-dollar jury verdicts and judgments and has recovered for his clients in excess of nine billion dollars.  In 2013, Joe was the lead trial lawyer for the plaintiffs in In Re Urethanes Litigation, Civil No. 04-md-1616-JWL (United States District Court, District of Kansas) in which the jury verdict resulted in a judgment in excess of one billion dollars.  That jury verdict was the largest jury verdict in the United States in 2013 and is reported to be the largest price-fixing verdict in the history of the federal Sherman Antitrust Act.  Joe is recognized by clients and colleagues as "the best lawyer I ever worked with"; "superb courtroom presence"; "has a great ability to convey complicated issues"; and "one of the best antitrust lawyers on the plaintiff's side in the country".

In 2013, Joe was named by the National Law Journal in its inaugural edition of the nation's 50 Elite Plaintiffs' Trial Lawyers.  He was selected by the American Antitrust Institute, in 2018, in its inaugural class of Private Antitrust Enforcement Hall of Fame.  He has had an "AV" rating in Martindale-Hubbell for more than thirty years, is listed in Best Lawyers in America for more than twenty-five years, in antitrust, commercial litigation and bet-the-company litigation, and has been listed in Chambers USA and Southwest Super Lawyers since their inceptions. Joe was designated by Best Lawyers in America as "bet-the-company" litigator of the year in New Mexico in 2009 and antitrust litigator of the year in 2011, 2014, 2015, and 2018.  He was ranked among the top 25 New Mexico Super Lawyers in 2009, 2013 and 2014.  He is one of the plaintiffs' antitrust lawyers in the United States listed in the prestigious international Who's Who Legal: Competition.  He is nationally recognized for his work with economic and statistical experts and has written and lectured nation-wide on that topic.

Joe Goldberg has been a senior shareholder in the law firm since 1991. His practice is largely limited to antitrust, class actions, complex commercial litigation and election law.  Joe was on the full-time faculties of the University of  North Dakota and the University of New Mexico Law Schools, from 1969 through 1987. He also served as the General Counsel for the University of New Mexico. He was a law clerk for Hon. M. Joseph Blumenfeld of the United States District Court for the District of Connecticut. He also served as the Secretary of the New Mexico Human Services Department and Secretary of the New Mexico Health & Environment Department. Joe has taught in more than forty continuing legal education seminars and has written numerous books, monographs, chapters and articles about the law. Joe currently serves on the Board of Advisors for the American Antitrust Institute and on the United States Advisory Board for the Loyola University Institute for Consumer Antitrust Studies.  Joe has served on numerous other public interest or professional boards, including the Searle Civil Justice Institute at George Mason University, New Mexico Appleseed (Chair of the Board), Albuquerque Legal Aid Society, Environmental Law Center (Santa Fe), COSAL (Chair of Board), New Mexico Trial Lawyers Association (President of Board).

**Education**
Trinity College (Hartford, CT), A.B., 1965 (Cum Laude, Pi Gamma Mu Honor Society)
Boston College Law School, LL.B., 1968 (Cum Laude, Order of the Coif)

**Professional Activities**
- American Bar Association, Section on Antitrust Law
- American Association for Justice
- New Mexico Trial Lawyers Association, Board of Directors 1989-2015; President, 2005-06
- Committee to Support the Antitrust Laws (COSAL), Board of Directors since 1991; President, 1999-2002
- American Law Institute, Life Member; Advisor, Restatement (Third) of Agency
- New Mexico Supreme Court Uniform Jury Instructions (Civil) Committee, 1981-1999
- Numerous books, monographs and articles on the law
- Presenter at numerous continuing legal educations around the country

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | 2015 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | 2016 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Goldberg (P) | $ 450.00 | | | | | | | | | | | 29.5 | | 29.5 | $ 19,175.00 |
| Deborah Tope (PL) | $ 115.00 | | | | | | | | | | | 11.8 | | 11.8 | $ 1,770.00 |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 41.3 | 0.0 | 41.3 | $ 20,945.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | 2017 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12.00 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Goldberg (P) | $ 450.00 | | | | | | | | | | | 89.8 | | 89.75 | $ 58,337.50 |
| Deborah Tope (PL) | $ 115.00 | | | | | | | | | | | 2.9 | | 2.90 | $ 435.00 |
| Nicholas T. Hart (A) | $ 225.00 | | | | | | | | | | | 0.4 | | 0.40 | $ 100.00 |
| Jesse Boyd (A) | $ 225.00 | | | | | | | | | | | 0.7 | | 0.70 | $ 175.00 |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 93.8 | - | 93.75 | $ 59,047.50 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | 2018 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11.00 | 12.00 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Goldberg (P) | $ 450.00 | | | | | | | | | | | 76.24 | | 76.24 | $ 49,556.00 |
| Deborah Tope (PL) | $ 115.00 | | | | | | | | | | | 3.60 | | 3.60 | $ 540.00 |
| Jeremy D. Farris (A) | $ 225.00 | | | | | | | | | | | 4.70 | | 4.70 | $ 1,175.00 |
| Karen Grohman (A) | $ 225.00 | | | | | | | | | | | 2.10 | | 2.10 | $ 525.00 |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 86.64 | - | 86.64 | $ 51,796.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | 2019 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11.00 | 12.00 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Goldberg (P) | $ 500.00 | | | | | | | | | | | 6.25 | | 6.25 | $ 4,062.50 |
| Deborah Tope (PL) | $ 115.00 | | | | | | | | | | | 3.45 | | 3.45 | $ 517.50 |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | | | | | | | | | | | | | - | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 9.70 | - | 9.70 | $ 4,580.00 |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**TIME AND LODESTAR SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | 2020 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Goldberg (P) | $ 500.00 | | | | | | | | | | | | | 0.0 | $ - |
| Deborah Tope (PL) | $ 115.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | 2021 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Goldberg (P) | $ 500.00 | | | | | | | | | | | | | 0.0 | $ - |
| Deborah Tope (PL) | $ 115.00 | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | 2022 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Goldberg (P) | $ 500.00 | | | | | | | | | | | 2.5 | | 2.5 | $ 1,625.00 |
| Deborah Tope (PL) | $ 115.00 | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | | | | | | | | | | | | | 0.0 | $      - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 0.0 | 2.5 | $ 1,625.00 |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | 2023 |

| Name/Status | Hourly Rate | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Joseph Goldberg (P) | | | | | | | | | | | | | | 0.0 | $ - |
| Deborah Tope (PL) | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | | | | | | | | | | | | | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |

**EXHIBIT 2**
**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**
**TIME AND LODESTAR SUMMARY**
**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | June 1, 2015 through Jan. 31, 2023 |

| Year | | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | Hours | Lodestar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2015 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2016 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 41.3 | 0.0 | 41.3 | $ 20,945.00 |
| 2017 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 93.8 | 0.0 | 93.8 | $ 59,047.50 |
| 2018 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 86.6 | 0.0 | 86.6 | $ 51,796.00 |
| 2019 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 9.7 | 0.0 | 9.7 | $ 4,580.00 |
| 2020 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2021 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| 2022 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 2.5 | 0.0 | 2.5 | $ 1,625.00 |
| 2023 | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | $ - |
| | | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 233.9 | 0.0 | 233.9 | $ 137,993.50 |

| STATUS: | | CATEGORIES: |
|---|---|---|
| (P) | Partner | 1 Attorney Meeting/Strategy |
| (OC) | Of Counsel | 2 Court Appearance |
| (A) | Associate | 3 Client Meeting |
| (LC) | Law Clerk | 4 Draft Discovery Requests or Responses |
| (PL) | Paralegal | 5 Deposition Preparation |
| (I) | Investigator | 6 Attend Deposition - Conduct/Defend |
| | | 7 Document Review |
| | | 8 Experts - Work or Consult |
| | | 9 Research |
| | | 10 Motions/Pleadings |
| | | 11 Settlement |
| | | 12 Trial |

**EXHIBIT 2**

**IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION; MDL NO. 1917**

**EXPENSE SUMMARY**

**INDIRECT PURCHASER PLAINTIFFS**

| Firm Name | Freedman Boyd Hollander & Goldberg PA |
|---|---|
| Reporting Year | June 1, 2015 through Jan. 31, 2023 |

| TYPE OF EXPENSE | | TOTAL |
|---|---|---|
| | | |
| Assessments | | |
| Outside Copies | | |
| In-house Reproduction /Copies | | |
| Court Costs & Filing Fees | | |
| Court Reporters 7 Transcripts | | |
| Computer Research | | |
| Telephone & Facsimile | | |
| Postage/Express Delivery/Courier | | |
| Professional Fees (investigator, accountant, etc.) | | |
| Experts | | |
| Witness / Service Fees | | |
| Travel: Airfare | $ | 627.61 |
| Travel: Lodging/Meals | $ | 186.41 |
| Travel: Other | $ | 115.00 |
| Car Rental/Cabfare/Parking | $ | 77.20 |
| Other Expenses | | |
| | | |
| | $ | 1,006.22 |