1    MARIO N. ALIOTO, ESQ. (56433)
     LAUREN C. CAPURRO, ESQ. (241151)
2    TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
     2001 Union Street, Suite 482
3    San Francisco, CA 94123
     Telephone: (415) 563-7200
4    Facsimile: (415) 346-0679
     E-mail: malioto@tatp.com
5    laurenrussell@tatp.com

6    *Lead Counsel for the Indirect-Purchaser Plaintiffs*

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                         **OAKLAND DIVISION**

11

12   IN RE CATHODE RAY TUBE (CRT)          )   Master File No. 4:07-cv-5944-JST
     ANTITRUST LITIGATION                  )
13   ─────────────────────────────────    )   MDL No. 1917
                                           )
14   This Document Relates to:             )
                                           )   **DECLARATION OF LAUREN C.**
15   *ALL INDIRECT PURCHASER ACTIONS*      )   **CAPURRO IN SUPPORT OF INDIRECT**
                                           )   **PURCHASER PLAINTIFFS' RESPONSE**
16                                         )   **IN OPPOSITION TO IRICO**
                                           )   **DEFENDANTS' MOTION TO**
17                                         )   **PARTIALLY EXCLUDE THE**
                                           )   **PROPOSED EXPERT TESTIMONY OF**
18                                         )   **DR. JANET NETZ**
                                           )
19                                         )   Hearing Date: May 4, 2023
                                           )   Time: 2:00 p.m.
20                                         )   Courtoom: Courtroom 6 – 2nd Floor
                                           )
21                                         )   The Honorable Jon S. Tigar
                                           )
22   ─────────────────────────────────    )

23

24

25

26

27

28

---

I, Lauren C. Capurro, declare as follows:

1.      I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP, and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I make this Declaration based on my personal knowledge and in support of the IPPs' Opposition to Irico Defendants' Motion to Partially Exclude the Proposed Expert Testimony of Dr. Janet Netz.

2.      On October 1, 2012, IPPs served Irico Defendants with their class certification motion and Dr. Netz's class certification report via e-mail through Irico Defendants' former counsel, Pillsbury Winthrop Shaw & Pittman, LLP, and Irico Defendants did not respond.

3.      On April 15, 2014, IPPs served Dr. Netz's merits report on Irico Defendants via e-mail through Irico Defendants' former counsel, Pillsbury Winthrop Shaw & Pittman, LLP, and Irico Defendants did not respond.

4.      Attached hereto as Exhibit 1 is a true and correct copy of pages 27 and 28 of the transcript of the deposition of Dr. Janet Netz on June 9, 2022.


I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 20, 2023, in San Francisco, California.


                              */s/ Lauren C. Capurro*
                              Lauren C. Capurro

                              ***Counsel for Indirect Purchaser Plaintiffs***

1

# EXHIBIT 1

**In the Matter Of:**

*In Re - CRT Antitrust Litigation*

---

*JANET NETZ*

*June 09, 2022*

---



27

12:48:52  1   question.  I object to the question as beyond the

12:48:57  2   scope of the deposition.

12:49:00  3       I will direct Dr. Netz to answer the

12:49:03  4   question in terms of what she did and her

12:49:09  5   knowledge and preparation for Exhibit 8552.

12:49:18  6     A. So for this current rebuttal, I examined

12:49:25  7   five specific price floors.

12:49:32  8       For two of them, there were no price data

12:49:34  9   available, no actual price data and therefore no

12:49:38  10  but-for price data.

12:49:43  11      For the remaining three, the correct

12:49:45  12  analysis of the but-for prices compared to the

12:49:47  13  price floor shows that they are above the price

12:49:50  14  floor by a substantial amount.

12:49:54  15      And the third price floor, we do not have

12:49:59  16  enough information in the price data to make a

12:50:03  17  proper comparison to the price floor.

12:50:07  18      So of the five price floors that we are

12:50:11  19  aware of, I have evidence that two of my but-for

12:50:15  20  prices for CPTs made in China by BMCC, not by

12:50:22  21  Irico, that those but-for prices are above the

12:50:25  22  price floor, and there's no evidence that any of

12:50:28  23  my but-for prices are below price floors.

12:50:46  24      I might also add that it is not clear to

12:50:48  25  me that those are the correct price floors, but I

28

12:50:53   1    have assumed that they are correct price floors

12:50:55   2    for my quantitative analysis.

12:51:06   3        Q. Dr. Netz, on page 10 of your April 2022

12:51:13   4    report, you state that the pricing data analyzed

12:51:15   5    by Ms. Guerin-Calvert in her price floor analysis

12:51:19   6    amounts to only 2 percent of the data underlying

12:51:23   7    your damages model.  Correct?

12:51:26   8            MR. GOLDBERG:  Would you refer me to the

12:51:28   9    page number, Andrew?  I'm sorry.

12:51:29  10            MR. LUCARELLI:  Sorry.  That's page 10 of

12:51:31  11    15 of the report.

12:51:38  12            MR. GOLDBERG:  Take your time to get

12:51:39  13    there, Dr. Netz.

12:51:41  14        A. I've got it.

12:51:45  15            Mr. Lucarelli, it's not that these three

12:51:48  16    comparisons are .2 percent of the data, but they

12:51:52  17    represent only .2 percent of the total revenues in

12:51:59  18    the damages period.

12:52:12  19        Q. Dr. Netz, even if they represent only

12:52:15  20    .2 percent of the damages -- of the total revenues

12:52:21  21    in the damages period, the regulations could have

12:52:26  22    had a much more substantial impact on a Chinese

12:52:28  23    producer like Irico.  Right?

12:52:30  24            MR. GOLDBERG:  I object to the form of the

12:52:31  25    question.