MARIO N. ALIOTO (56433)
LAUREN C. CAPURRO (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST<br>Case No. 17-cv-04067-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Luscher, et al. v. Mitsubishi Electric Corp.*, 17-cv-04067-JST | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION**<br><br>Hearing Date:  June 1, 2023<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor (via Zoom)<br>Judge:  Honorable Jon S. Tigar |

1

I, Mario N. Alioto, declare:

1.  I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I submit this Declaration in support of the IPPs' Motion for Final Approval of Class Action Settlement with Defendant Mitsubishi Electric Corporation ("Mitsubishi Electric"), filed herewith. The matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.  The Notices advised Class Members that IPPs intended to apply for attorneys' fees in the amount of one-third of the Settlement Fund ($11,000,000), notice costs, litigation expenses, and $2,000 incentive awards for each of the Class Representatives. The Notices further advised how to access the fee petition when it was filed.

3.  My firm filed IPPs' attorney fee motion on March 10, 2023 (ECF No. 6177), and the Settlement Administrator posted it to the settlement website, www.CRTclaims.com, that same day, which was 35 days before the deadline to object. This gave Class Members an opportunity to review the attorney fee motion and either support or file objections to it.

4.  To date, no Class Member has objected to IPP Counsel's attorney fee request, the reimbursement of $13,122.10 in expenses, or the $2,000 incentive awards for each Class Representative.

5.  The Detailed Notice provided a detailed description of the Plan of Distribution, including how each claimant's pro rata share of the net settlement fund would be calculated, the proposed $10 minimum payment, instructions for how to file a claim, and a link to the Court-approved online Claim Form. To date, no objection to the Plan of Distribution has been received.

6.  Even though the claims proceeding is ongoing, many of the claimants in this Settlement are already known because Prior Claimants' valid claims were automatically submitted against this Settlement. Thus, their claims have already been vetted and approved by the Claims Administrator. These Prior Claimants have recently been paid from the Prior Settlements so there is little concern that they will not cash their checks for this Settlement. I am informed and believe

2

DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 17-cv-04067-JST; Master File No. 07-cv-05944-JST; MDL No. 1917

that, to date, claimants in the Prior Settlements have cashed $402,666,291.52 of the $410,503,806.60 net settlement fund available for distribution, with 21,114 checks remaining uncashed. Because the residual is less than $12 million, it will be distributed to Late Claimants whose claims in the Prior Settlements were discounted by 50%.[1] Accordingly, this is not a case where the Court need be concerned that anything other than a *de minimis* portion of the net settlement fund will remain unclaimed.

7. My firm and my co-counsel firms are well-funded, experienced class action litigators that are continuing to prosecute this case against the remaining Irico Defendants. In this case and others, we have served the Class's interests through final distribution with no need for deferral of fees. Indeed, my firm filed the motion to distribute the net settlement fund for the Prior Settlements to claimants *within ten days* of the United States Supreme Court's denial of certiorari and the Prior Settlements becoming final.[2] The same will be true here – I and my co-counsel will devote whatever time is necessary to ensure the distribution is completed accurately and in a timely fashion.

8. Post-distribution accounting is dependent upon the completion of the claims processing, which—in my experience—is largely beyond the control of IPP Counsel. Claims processing is handled primarily by the Claims Administrator. It is not uncommon for issues to arise between the Claims Administrator and claimants that delay the completion of claims processing. Oftentimes, large claimants and large groups of claimants are represented by claims aggregators and counsel. That is the case here. It is also not uncommon for such claimants to litigate (and appeal) claims determinations, further delaying completion of the claims process. For example, in this Action, claims aggregators objected to the treatment of late claims in the Prior Settlements necessitating mediations before Special Master Walker and Judge Corley. *See* ECF Nos. 5296 &

---

[1] ECF No. 6040 ¶ 8. Late Claimants' claims were automatically submitted in the Settlement and are therefore timely and will be paid in full.

[2] *Compare* ECF No. 6023 *with* ECF No. 6025 (IPPs' Motion for Order Appointing Fund Administrator and Authorizing Distribution of Settlement Funds).

3

DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 17-cv-04067-JST; Master File No. 07-cv-05944-JST; MDL No. 1917

5715. As to matters within our control, my co-counsel and I have every incentive to complete the claims process as soon as possible since we will continue to incur fees and expenses in claims processing, which usually go uncompensated.

9. If the Court is inclined to withhold a portion of IPP Counsel's fee award, I believe that the withholding should be no more than 5%.

10. My co-counsel and I have had extensive contact with certain Prior Claimants and claims aggregators through their counsel. Their counsel have formally appeared and filed motions and other briefs in the case,[3] and have participated in mediations before the Hon. Vaughn Walker (Ret.) and the Hon. Jacqueline Scott Corley on a wide variety of issues. *See* ECF Nos. 5296 & 5715. I provided the settlement papers to counsel for these claimants in advance of the formal notice. In addition, they received direct formal notice via mail and/or email, and their counsel were served with all filings via the Court's ECF system.

11. To date, no objections or comments on the Settlement have been received or filed with the Court.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 11th day of May 2023 at San Francisco, California.

/s/ Mario N. Alioto
Mario N. Alioto

**Lead Counsel for the Indirect Purchaser Plaintiffs**

---

[3] *See, e.g.,* ECF Nos. 5252, 5256, 5269, 5588, 5608, 5609, 5696, 5697, 5698, 5706.

4

DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT
Case No. 17-cv-04067-JST; Master File No. 07-cv-05944-JST; MDL No. 1917