# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST<br>Case No. 17-cv-04067-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*Luscher v. Mitsubishi Electric Corp.*, No. 17-cv-04067-JST | **[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' SECOND MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF LITIGATION EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES**<br><br>Judge: Honorable Jon S. Tigar |

This matter has come before the Court on Indirect Purchaser Plaintiffs ("IPPs") Second Motion For An Award Of Attorneys' Fees, Reimbursement of Expenses, And Incentive Awards For Class Representatives, ECF No. 6177 (the "Motion"). The Court, after carefully considering all papers filed and proceedings held herein and otherwise being fully informed in the premises, hereby finds that:

1.  The Motion requests an award of attorneys' fees in the amount of $11,000,000, which together with the $129,606,250 fee already awarded, would constitute 24.2% of the $580,750,000 total settlement fund, or 33.3% of the Mitsubishi Electric Settlement, plus interest. In addition, IPPs and their counsel ("Class Counsel") request reimbursement of out-of-pocket litigation expenses in the amount of $13,122.10. Lastly, IPPs request incentive awards of $2,000 for each of the 34 Class Representatives named in the First Amended Complaint (ECF No. 5687)[1] against defendant Mitsubishi Electric Corporation ("Mitsubishi Electric").

2.  The Court finds that because this litigation involves successive settlements against different defendants, making it impractical to compartmentalize and isolate work that IPP Counsel did relating to a particular defendant at a particular time, it is appropriate to measure the requested fee against the total $580,750,000 settlement fund rather than the Mitsubishi Electric Settlement alone. For the same reasons, the Court will use Class Counsel's entire lodestar in this litigation to calculate the multiplier and conduct the lodestar cross-check rather than limiting it to work performed in the litigation against Mitsubishi Electric alone. *See Lobatz v. U.S. West Cellular of California, Inc.,* 222 F.3d 1142, 1149-50 (9th Cir. 2000) (affirming fee award and multiplier based on entire lodestar in case involving successive settlements against different defendants, and rejecting objections that the district court should have limited the lodestar to the time spent following the prior settlement); *In re Southeastern Milk Antitrust Litig.,* No. 2:07-CV 208, 2013 WL 2155379, at *7-8 (E.D. Tenn. May 17,

---

[1] Brian Luscher, Simon Lee, Jeffrey Figone, Steven Ganz, Lawyer's Choice Suites, Inc., David Rooks, Sandra Riebow, Travis Burau, Southern Office Supply, Inc., Kerry Lee Hall, Patrick Carleo, Jr., Lisa Reynolds, David Norby, Barry Kushner, Suzanne Cotter, Kathryn Gumm, Richard Jones, Steven Fink, Gregory Painter, John Murphy, Mary Ann Stephenson, Janet Ackerman, Louise Wood, Patricia Andrews, Gary Hanson, Angela Gardinier, Christine Longo, Chris Carrington, Donna Marie Ellingson, Alexander M. Nicholson, Jr., Richard Shew, Margaret Slagle, John Larch, and Brigid Terry.

1

[PROPOSED] ORDER GRANTING IPPS' SECOND MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES
Case No. 17-cv-04067-JST; Master File No. 07-cv-5944-JST

2013) (rejecting objection that the calculation of class counsel's lodestar should be limited to work performed after the period covered by a prior fee award, and awarding attorney fee based on entire lodestar); *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2020 WL 5653257, at *3 (E.D. Mich. Sept. 23, 2020) ("In calculating the lodestar for purposes of the cross-check, it would be impractical to compartmentalize and isolate the work that EPP [Indirect Purchaser] Class Counsel did in any particular case at any particular time because all of their work assisted in achieving all of the settlements and has provided and will continue to provide a significant benefit to all of the EPP classes.").

3. IPPs' requested fee award of $11,000,000, which together with the $129,606,250 fee already awarded, would constitute 24.2% of the $580,750,000 total settlement fund, is fair and reasonable under the percentage-of-the-recovery method based upon the following factors: (1) the results obtained by Class Counsel in this case; (2) the risks and complex issues involved in this case, which were significant and required a high level of skill and high-quality work to overcome; (3) that the attorneys' fees requested were entirely contingent upon success—Class Counsel risked time and effort and advanced costs with no ultimate guarantee of compensation; (4) that the range of awards made in similar cases justifies an award of 24.2% here; and (5) that the class members have been notified of the requested fees and had an opportunity inform the Court of any concerns they have with the request. No class member has objected to the requested fee award. As such, the Court finds that the requested fee award comports with the applicable law and is justified by the circumstances of this case.

4. The Court has confirmed the reasonableness of IPPs' fee request by conducting a lodestar cross-check. The Court finds that Class Counsel's reasonable lodestar was $81,021,971.50 based on current hourly rates for the period from the appointment of lead counsel in March 2008 until March 6, 2023. The current $11,000,000 fee award plus the $129,606,250 already awarded results in a total fee of $140,606,250, which constitutes an overall multiplier of 1.735 on Class Counsel's current rate lodestar. This is well within the range of acceptable multipliers. *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (awarding 3.65 multiplier from $96.9 million settlement

fund and noting typical lodestar cross-check "multipliers" range from 1-4, with the higher end generally being awarded in a successful case); *In re Hyundai and Kia Fuel Economy Litig.,* 926 F.3d 539, 572 (9th Cir. 2019) (en banc) (affirming "modest" multipliers of 1.22 and 1.5521 and citing cases affirming multipliers up to 3.65); *Newberg on Class Actions* § 14.6 (4th ed. 2009) ("multiples ranging from one to four frequently are awarded in common fund cases when the lodestar method is applied").

5. The Court finds that Class Counsel incurred a total of $13,122.10 in additional litigation expenses in prosecuting this litigation. The Court finds that these expenses were reasonably incurred in the ordinary course of prosecuting this case and were necessary given the nature and scope of the case. No class member has objected to the reimbursement of Class Counsel's expenses. The Court therefore approves these expenses and grants the motion for reimbursement of $13,122.10.

6. Pursuant to *Radcliffe v. Experion Information Solutions*, 715 F.3d 1157 (9th Cir. 2013), the Court has carefully considered the requested incentive awards. The Court deems the application for incentive awards reasonable and justified given: (1) the risks—reputational, financial, and otherwise—faced by class representatives in bringing this lawsuit; and (2) the work performed and the active participation in the litigation and settlement processes by the class representatives on behalf of members of the Settlement Class.

7. In sum, upon consideration of the Motion and accompanying Declarations, and based upon all matters of record including the pleadings and papers filed in this action, the Court hereby finds that the fee requested is reasonable and proper; the costs and expenses incurred by Class Counsel were necessary, reasonable, and proper; and that incentive awards are appropriate given the time and effort expended by the Class Representatives in the prosecution of this case.

Accordingly, it is hereby ORDERED and DECREED that:

8. Class Counsel are awarded attorneys' fees of $11,000,000 (24.2% of the $580,750,000 total Settlement Fund; 33% of the Mitsubishi Electric Settlement Fund), together with a proportional share of interest earned on the Settlement Fund for the same time period and at the same rate as that earned on the Settlement Fund until dispersed to Class Counsel.

3

[PROPOSED] ORDER GRANTING IPPS' SECOND MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES
Case No. 17-cv-04067-JST; Master File No. 07-cv-5944-JST

9. Class Counsel are awarded reimbursement of their litigation expenses in the amount of $13,122.10.

10. The Class Representatives named in the First Amended Complaint against Mitsubishi Electric (ECF No. 5687) shall each receive an incentive award in the amount of $2,000.

11. The attorneys' fees awarded plus interest, the litigation expenses, and the incentive awards shall be paid from the Settlement Fund.

12. This order shall be entered of this date pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finding that there is no just reason for delay.

**IT IS SO ORDERED.**

Dated: _____

                                    Hon. Jon S. Tigar
                                    United States District Judge