Vaughn R Walker
ADR/Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA  94111
Tel:  (415) 871-2888
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS*<br><br>*ALL INDIRECT PURCHASER ACTIONS* | Master Case No 07-cv-05944-JST<br><br>MDL No 1917<br><br>**SPECIAL MASTER'S REPORT & RECOMMENDATION ON PLAINTIFFS' MOTION TO COMPEL YAN DOCUMENT** |

      Presently at issue is the April 17, 2023 Motion to Compel Production of the Yan Document ("4/17/23 Motion"), submitted by Direct Purchaser Plaintiffs ("DPPs") and the Indirect Purchaser Plaintiffs (IPPs) (together, "Plaintiffs").  On April 24, 2023, Defendants Irico Display Devices Co, Ltd and Irico Group Corporation (collectively "Irico") submitted their opposition letter brief ("4/24/23 Opposition").  On May 1, 2023, Plaintiffs submitted their reply ("5/1/23 Reply").  Plaintiffs' motion seeks a determination of whether the Yan Document is privileged or work product and if not, an order compelling its production in whole or in part.

      In its April 24 submission, Irico requested a "hearing on the record" regarding plaintiffs' motion to compel.  The undersigned conducted that hearing on June 7, 2023 via videoconference.  Geraldine Young of Norton Rose Fulbright argued for Irico; Matthew Heaphy

of Saveri & Saveri argued for the Plaintiffs. The hearing was recorded by Tanveer Singh of Federal Arbitration, Inc. The undersigned issues this report and recommendation pursuant to the court's appointments. *See* ECF 5301, 6107.

I. **BACKGROUND**

Plaintiffs discovered the existence of the Yan Document, referred to as a "meeting minute," during the deposition of its author, Yan Yunlong, an Irico employee, on September 27, 2022.[1] The Yan Document is described as a document created by Yan Yunlong "as part of his role on Irico Group's Litigation Committee,"[2] "after consultation with Irico's outside counsel about anticipated and ongoing U.S. litigation."[3]

On the first day of Mr Yan's deposition, Plaintiffs requested production of the Yan Document.[4] Irico replied that it would not produce the Yan Document, because it was not responsive to Plaintiff's requests and therefore did not need to be listed on a privilege log.[5] This triggered a dispute whether the Yan Document was responsive and whether it should be included on Irico's privilege log.[6] On February 17, 2023, the parties submitted their joint request to the undersigned for a determination whether the Yan Document is (1) responsive to Plaintiffs' discovery requests and (2) privileged or subject to work product protection against disclosure. *See* ECF 6172 at 1 (referring to the 2/17/23 Taladay Joint Letter).

The undersigned issued a report and recommendation dated February 18, 2023,[7] finding that the Yan Document was responsive to the two document requests set forth below:

> Request No 37. All Documents relating to, prepared for, submitted to, or received by You as a result of any investigation or research conducted either internally or by an outside entity with respect to price fixing, price manipulation or manipulation of production or capacity of CRT or CRT Products.

---

[1] 4/17/23 Saveri Dec, Ex 3A (10/5/22 Saveri Letter) and Ex 3B (10/6/22 Taladay Letter).
[2] 4/17/23 Saveri Dec, Ex 3 (2/17/23 Taladay Joint Letter).
[3] 4/24/23 Opposition at 1.
[4] 4/17/23 Saveri Dec, Ex 3A (10/5/22 Saveri Letter).
[5] 4/17/23 Saveri Dec, Ex 3D (10/31/22 Taladay Letter).
[6] 4/17/23 Saveri Dec, Ex 3C (10/21/22 Saveri Letter).
[7] *See* ECF 6172 at 2; 2/17/23 Taladay Joint Letter, Ex F (DPP's Second Set of Requests for Production of Documents, dated March 12, 2010).

<u>Request No 39</u>.  All Documents referring to or relating to plaintiffs in this litigation.

The undersigned also noted that the information submitted for *in camera* review was insufficient to determine whether the Yan Document is privileged or work product and concluded that the Yan Document should be included on a privilege log forthwith.  ECF 6172 at 2.  Shortly thereafter, Irico's counsel provided a privilege log for the Yan Document on February 24, 2023.[8]

The foregoing raised the following questions: (1) whether the Yan Document records a privileged communication; (2) whether the attorney work product doctrine shields the Yan Document from disclosure, and (3) whether the Yan Document should be produced in whole or in part.

## II.  MOTION TO COMPEL

On the first question, Plaintiffs contend that Irico has not established the privileged character of the Yan Document.  In Plaintiffs' view, Yan "is not licensed to practice law in China and thus his communications are not privileged."  4/17/23 Motion at 4.  Even if this is correct, it does not necessarily warrant disclosure of the Yan Document.  For reasons presently discussed, a non-lawyer's communication may be shielded from disclosure if it contains the work product of counsel and the party seeking disclosure has failed to establish a "substantial need" for disclosure in light of "Irico's spoliation of evidence" and a determination that they could not obtain the substantial equivalent by other means of any of the facts in the Yan Document.

Irico opposes the motion on the grounds the Yan Document conveys the mental impressions and strategy of Irico's outside counsel about anticipated and ongoing United States litigation.  Furthermore, because the Yan Document includes no facts related to the actual merits of Plaintiffs' claims or information related to document collection and preservation"

---

[8] *See* 4/17/23 Saveri Dec, ¶7, Ex 6.

Plaintiffs cannot demonstrate "substantial need." 4/24/23 Opposition at 2-4. In reply, Plaintiffs note that Irico cites no binding Ninth Circuit authority establishing Yan's status as an attorney and has failed to make an adequate factual showing that its employees reasonably believed that Mr Yan was acting as a lawyer with respect to the Yan Document. Finally, Plaintiffs contend that they have shown "substantial need" and inability to obtain the substantial equivalent by other means based on their prior preliminary showing of spoliation that the undersigned found in ECF No 6146 at 5. 5/1/23 Reply at 2-3.

### III. ANALYSIS

The legal standards here sprout from well-plowed ground.[9] Given the prior order on the Yan Document,[10] finding that it is responsive to two discovery requests, Request for Production 37 and 39, Plaintiffs have satisfied their initial burden of establishing the Yan Document is responsive. Now the burden shifts to Irico to show that the Yan Document is protected from discovery due to the attorney-client privilege or the work product doctrine.

The attorney-client privilege protects confidential communications between attorneys and clients made for the purpose of giving legal advice. *United States v Richey*, 632 F 3d 559, 566 (9th Cir 2011). The burden of establishing the relationship and privileged nature of the communication is on the party asserting the attorney-client privilege. *Id.* Courts in the Ninth Circuit apply an eight-part test to determine if a communication is subject to attorney-client privilege:

---

[9] A party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed R Civ P 26(b). Relevance for purposes of discovery is defined very broadly, to cover information "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media Inc v Survivor Prods*, 406 F 3d 625, 635 (9th Cir 2005). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed R Civ P 26(b)(1). On a motion to compel, the party seeking to compel discovery has the initial burden of establishing that its request satisfies the relevancy requirements and the party opposing discovery has the burden of showing that the discovery should not be allowed, and of clarifying, explaining or supporting its objections. *United States v Durnell*, 2020 WL 13132897 at *1 (CD Cal June 3, 2020); *see Blankenship v Hearst Corp*, 519 F 2d 418, 429 (9th Cir 1975) (party opposing discovery bears the heavy burden of showing why discovery should be denied).

[10] ECF 6172.

> [W]here: (1) [ ] legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*United States v Richey*, 632 F 3d at 566; *see also United States v Ruehle*, 583 F 3d 600, 607 (9th Cir 2009).

The fact that a person is a lawyer does not make all communications with that person privileged. *Ruehle*, 583 F 3d at 607. Because in-house counsel serve multiple functions within a corporation and frequently serve as integral players in business decisions, communications with in-house counsel may well pertain to business rather than legal matters. *United States v ChevronTexaco Corp*, 241 F Supp 2d 1065, 1076 (ND Cal 2002). The privilege does not protect an attorney's business advice. *Id*. The attorney-client privilege is strictly construed within the narrowest possible limits consistent with the logic of its principle because it impedes full and free discovery of the truth. *Ruehle*, 583 F 3d at 607. Accordingly, blanket claims of privilege are generally disfavored and the party asserting the privilege is required under federal law to establish each element of the privileged nature of the communications and, if necessary, to segregate the privileged information from the non-privileged information. *Ruehle*, 583 F 3d at 609; *Schaeffer v Gregory Village Partners,* at *3.

The parties dispute whether Mr Yan is an attorney for purposes of the attorney-client privilege. Irico contends that Mr Yan "has legal credentials, passed his jurisdiction's bar examination," was subsequently certified by a governmental entity after such bar passage," and has been a "member of Irico's legal affairs department for over 20 years, where, among other responsibilities, he has managed Irico's litigation and outside counsel," citing to Mr Yan's deposition transcript. 4/24/23 Opposition at 6-7. Irico argues that "Irico and its employees reasonably believed Mr Yan was acting as their in-house legal adviser on legal issues," based on his role "in Irico's legal affairs department and on the 2008 Litigation Committee, as well as his preparation of the Yan Document." 4/24/23 Opposition at 6.

Irico relies on *Toyo Tire & Rubber Co, Ltd v CIA Wheel Group*, 2017 WL 10059295 (CD Cal March 13, 2017) in which the court refused to compel communications involving a Chinese in-house employee who had an undergraduate law degree. 4/24/23 Opposition at 6. In *Toyo Tire*, the party asserting the privilege produced "what appears to be a certification that Mr Wang was granted an undergraduate degree with a law major at Wuhan University of Technology" and two declarations relating to the repeal of the Chinese requirement to pass the law examination. *Toyo Tire,* at *1. The *Toyo Tire* court concluded that the party had not carried its burden of establishing that Mr Wang was actually a qualifying attorney but denied the motion to compel, stating that "counsel persuasively showed that Doublestar, both as employers and clients, reasonably believed that Mr. Wang was acting as their in-house counsel, and that is sufficient pursuant to section 950 of the California Evidence Code to invoke the privilege."[11] *Toyo Tire*, at *2.

In contrast to the *Toyo Tire* facts, Irico has not provided any undergraduate degree or other legal certification, or any declarations showing that Irico, both as employer and client, reasonably believed that Mr Yan was acting as in-house counsel in connection with the 2008 Yan Document. Instead, Irico relies exclusively on Mr Yan's deposition testimony and does not provide any declaration from other Irico employees or Irico's outside counsel in 2008. 4/24/23 Opposition at 3-6. Like the employee in *Toyo Tire*, Mr Yan does not have a law degree beyond four years of undergraduate study and does not have a license to practice law.[12] On this showing, which is less than the *Toyo Tire* showing, Irico has failed to carry its burden of establishing: (1) Mr Yan was actually a qualifying attorney; and (2) Irico reasonably believed that Mr Yan was acting as its in-house counsel in October 2008.[13]

Irico argues Mr Yan's status is not dispositive because communications between non-legal employees can constitute attorney-client privileged communications if they "discuss

---

[11] In federal court, where subject matter jurisdiction is based on a federal question, federal common law – not state law -- governs privilege issues. *Schaeffer v Gregory Village Partners, LP*, 2015 WL 166860 at *3 (ND Cal Jan 12, 2015) (Judge Tigar).

[12] 4/17/23 Saveri Dec, Ex 1 (Yan Depo, Vol I, 9/27/22, pages 13:22-14:19, 19:14-20:6, 21:23-22:1.

[13] *See Wultz v Bank of China*, 979 F Supp 2d 479, 495 (SDNY 2013) (attorney-client privilege did not apply to members of legal department who were not licensed attorneys).

or transmit legal advice given by counsel" or "reflect matters about which the client intends to seek legal advice." 4/24/23 Opposition at 5 (*ChevronTexaco*, 241 F Supp 2d at 1077). Irico contends that the Yan Document would be privileged "as a communication discussing legal advice of outside counsel and reflecting matters on which the client Irico is seeking advice from counsel" and that there is no way "to disentangle Mr Yan's communications from that of outside counsel, upon which Mr. Yan relied and incorporated into the Yan Document." 4/24/23 Opposition at 6.

Irico is correct that even if Mr Yan is not a qualified attorney, an internal communication among nonlegal employees discussing advice from outside counsel may be attorney-client privileged. *ChevronTexaco*, 241 F Supp 2d at 1077. But Irico is incorrect in characterizing the Yan Document as "seeking advice from counsel."

When the attorney-client privilege is claimed for a dual-purpose document, the Ninth Circuit has adopted the "primary purpose" test, to determine whether the primary purpose of the communication is to give or receive legal advice, as opposed to business purposes. *In re Grand Jury*, 23 F 4th 1088, 1092-1095 (9th Cir 2021)(amended 2022).

Based on the *in camera* review and the excerpts of the Yan deposition testimony, it appears that the Yan Document was not created to seek legal advice. Mr Yan testified:

> [I]t came to my memory that the [2008 Litigation] committee had generated a document before, and it was after Pillsbury told us about the Group's efforts among the defendants, and the committee briefly met and talked about it, and we came to the conclusion that we would give up responding to the litigation before the plaintiffs filed any independent lawsuit against us. According to my recollection, that should be the only document. And also, when that document was being signed, some of the committee members were on business trips, so we did not obtain all the signatures of the committee members.[14]

Mr Yan, on behalf of Irico's 2008 Litigation Committee, drafted the "meeting minute," approached two committee members for their signatures on the printed document and then

---

[14] 4/17/23 Saveri Dec, Ex 1 (9/27/22 Yan Depo, Vol I, page 127: 1-18).

stored the Yan Document in a file cabinet in his office.[15] Other than the two signers, Mr Yan did not show the meeting minute to anyone else.[16] On its face, the Yan Document does not indicate any intent to seek legal advice.

The Yan Document is a meeting minute, with a primary purpose of documenting the committee's business decision to give up responding to the litigation, as Mr Yan testified and as reflected in the text and title. The Yan Document does not appear to involve legal advice from Mr Yan, who testified that he does not have a license to practice law, is not allowed to practice as an attorney in the private sector[17] and did not study Chinese antitrust law nor the antitrust laws of any other country.[18] The Yan Document also describes the status and events in the United States antitrust litigation, including publicly known events in the litigation, likely from Irico's outside counsel. Given the title of the Yan Document, the status of the litigation does not appear to be the primary purpose of the document. Since the Yan Document was drafted after the 2008 Litigation Committee met to discuss outside counsel's information about the Group's litigation efforts and was only shown to two other committee members before being filed away, its primary purpose was not to give or seek legal advice.

That said, certain portions of the Yan Document appear to address the status of the United States antitrust litigation and outside counsel's activities. Those portions of the Yan Document may be protected as attorney-client privileged communications because communications with outside counsel are presumptively privileged and internal communications among non-lawyers about outside counsel's advice are privileged. *See ChevronTexaco*, 241 F Supp 2d at 1076-77.

Given the dubiousness of Mr Yan's claim to the status of a lawyer, the more decisive issue is whether the Yan document can qualify as attorney work product. The party invoking work product protection bears the burden of proof. *United States v Richey*, 632 F 3d

---

[15] 4/17/23 Saveri Dec, Ex 1 (9/27/22 Yan Depo, Vol I, page 126:15 – 127:18; 130:24 – 132:15) and Ex 2 (9/28/22 Yan Depo Vol II, page 218:21-219:18, 220:11-15).
[16] 4/17/23 Saveri Dec, Ex 2 (9/28/22 Yan Depo, Vol II, page 215:22 – 216:25).
[17] 4/17/23 Saveri Dec, Ex 1 (9/27/22 Yan Depo, Vol I, page 19:14-20:6).
[18] 4/17/23 Saveri Dec, Ex 1 (9/27/22 Yan Depo, Vol I, page 21:23 – 22:1).

at 568. The work product doctrine protects documents and tangible things "prepared in anticipation of litigation" from discovery. Fed R Civ P 26(b)(3). The work product doctrine was designed to protect "a zone of privacy in which a lawyer can prepare and develop legal theories and strategy with an eye toward litigation, free from unnecessary intrusion by his adversaries." *In re Grand Jury,* 23 F 4th at 1093. Its primary purpose is to "prevent exploitation of a party's efforts in preparing for litigation." *United States v Sanmina Corp*, 968 F 3d 1107, 1119 (9th Cir 2020). Work product shelters an attorney's mental processes, including material she or her agents created in preparing her client's case. *Sanmina*, 968 F 3d at 1119. Work product is not absolute and may be waived or overcome by a showing of substantial need. *See id.* Opinion work product, an attorney's mental impressions, inclusions, opinions or legal theories, cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship. *Sanmina*, 968 F 3d at 1125. For opinion work product to be discoverable due to waiver, there must be a showing of disclosure to the adversary or that mental impressions are at issue in the case and there is a compelling need for the material. *Id*.

Irico contends that even if Mr Yan is not an attorney, work product extends to litigation preparation work by the party or its representatives, citing *ChevronTexaco*, 241 F Supp 2d at 1081 and *Sanmina*, 968 F 3d at 1119. 4/24/23 Opposition at 5. For a document to be protected work product it must have two characteristics: (1) it must be "prepared in anticipation of litigation or for trial," and (2) it must be prepared "by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena (Mark Torf/Torf Environmental Mgmt)*, 357 F 3d 900, 907 (9th Cir 2004). Where a litigation document also has a non-litigation purpose, courts apply the "because of" test: whether it can fairly be said that the document was created *because of* anticipated litigation and would not have been created in substantially similar form *but for* the prospect of that litigation. *In re Grand Jury Subpoena (Torf)*, 357 F 3d at 907-908; *Eastman v Thompson*, 594 F Supp 3d 1156, 1182 (CD Cal 2022). Under the "because of" test, it does not matter whether litigation was the primary or secondary motive behind the creation of the document and courts consider the totality of the circumstances surrounding the document's creation. *Eastman*, 594 F Supp 3d at 1182.

Based on the *in camera* review of the Yan Document and the Yan deposition excerpts, I find that the Yan Document was created by Mr Yan on behalf of the 2008 Litigation Committee because of the United States antitrust litigation and would not have been created in substantially similar form but for the prospect of that litigation. The Yan Document is therefore work product.

Plaintiffs argue that they have a "substantial need" pursuant to Fed R Civ P 26(b)(3), for any information in the Yan Document regarding Irico's evidence preservation or any investigation into the facts of the case, in light of Irico's spoliation of evidence. 4/17/23 Motion at 4. Plaintiffs seek "information about Irico's contacts with competitors and Irico's sales information, among other things." *Id*.

Based on the *in camera* review, the undersigned finds that the Yan Document does not contain information about Irico's contacts with competitors, sales information, other facts during the relevant period or facts regarding evidence preservation. The beginning of the Yan Document discusses legal strategy related to the United States litigation,[19] presumably as conveyed by Irico's outside counsel to Irico. The last paragraph of the Yan Document reflects the Committee's decision to stop responding to the litigation. A showing of substantial need alone is not adequate to overcome the opinion work product protection. *Holmgren v State Farm Mut Auto Ins Co*, 976 F 2d 573, 577 (9th Cir 1992) (party seeking opinion work product must make a showing beyond the substantial need/undue hardship test required under Rule 26(b)(3) for non-opinion work product, citing *Upjohn v United States*, 449 US 383, 401-02 (1981)). In the Ninth Circuit, opinion work product may be discovered and admitted when mental impressions are at issue in a case and the need for the material is compelling. *Holmgren*, 976 F 2d at 577. But here, since the Yan Document does not contain underlying facts regarding contacts with competitors, sales or evidence preservation, there does not appear to be a compelling need for its disclosure.

/

/

---

[19] 4/24/23 Opposition at 3.

In conclusion, Irico has established that certain portions of the Yan Document contain attorney-client privileged communications and that the entire Yan Document is entitled to opinion work product protection. The undersigned recommends that the Court deny Plaintiffs' motion to compel the Yan Document.

Date:   June  21, 2023

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date:  _____

_____
Honorable Jon S Tigar
United States District Judge