UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This order relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | MDL No. 1917<br><br>Case No. 07-cv-05944-JST<br><br>**ORDER RE: PARTIES' DISPUTES REGARDING SCOPE OF SUMMARY JUDGMENT MOTION**<br><br>Re: ECF No. 6214 |

The Court has reviewed the letter submitted by the Indirect Purchaser Plaintiffs ("IPPs") and Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (collectively, "Irico") concerning disputes over the scope of Irico's intended motion for summary judgment.[1] ECF No. 6214. The parties dispute whether Irico may include arguments regarding international comity and jurisdiction under certain state laws. They also dispute whether Irico should "be forced" to seek summary judgment on IPPs' injunctive relief claim. *Id.* at 2.

The Court requires more information before deciding whether to allow argument on international comity. IPPs argue that Irico "failed to timely notify IPPs of the international comity motion in accordance with this Court's Order." *Id.* at 6 (citing ECF No. 5925). Irico has not had an opportunity to respond to this assertion of untimeliness. *See id.* at 6 n.4 (noting that, although the parties filed a joint letter, they "agreed not to change the text of their submissions in response to each other's submissions"). By July 17, 2023, Irico shall file a supplemental brief, not longer than three pages, addressing whether they timely complied with the Court's order and, if not, why

---

[1] IPPs' portion of the letter indicates that Irico notified them of its "intent to file *four* motions for summary judgment." ECF No. 6214 at 6 (emphasis in original). Irico correctly refers to a singular motion. *E.g.*, *id.* at 1. To avoid confusion, the Court clarifies that Irico may file only a single summary judgment motion under the Court's standing order.

the Court should allow them to make an argument that was not timely disclosed. *See, e.g.*, Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

The Court will permit argument on state law issues. IPPs may be correct that Irico's arguments might "raise issues" decided by the Court in its prior orders, ECF No. 6214 at 7, but the argument presented by IPPs does not persuade the Court that Irico's intended arguments will duplicate prior motions decided in this case.

Regarding IPPs' claims for injunctive relief, the Court reiterates its prior statement "that the IPPs' claims for injunctive relief do not have value." ECF No. 4712 at 18. As the Court explained in 2016, "the price-fixing conspiracy sought to be enjoined ended at least eight years ago. In the meantime, the CRT business has largely died and the people who effectuated the CRT conspiracy moved on when CRT technology became obsolete." *Id.* at 19. The Court agreed with the Special Master that "[t]he unlikelihood of future violations makes an injunction basically worthless, and probably impossible to obtain." *Id.* (alteration in original) (quoting ECF No. 4351 at 42). Additionally, when seeking final approval of settlements with different Defendants, IPPs themselves observed "that the CRT market is dying and almost all manufacturers, including all of the alleged conspirators, have left the market, making it very unlikely that the alleged conduct could recur in the future." ECF No. 4370 at 9. IPPs also stated that "the injunctive relief claims are not viable." *Id.* at 9. It is not clear why IPPs' position regarding Irico should be any different, but the Court does not issue advisory opinions. Nor will the Court order IPPs to abandon a claim in the absence of a stipulation or successful dispositive motion.

**IT IS SO ORDERED.**

Dated: July 10, 2023

_____
JON S. TIGAR
United States District Judge