John M. Taladay *(pro hac vice)*
Evan J. Werbel *(pro hac vice)*
Thomas E. Carter *(pro hac vice)*
Andrew L. Lucarelli *(pro hac vice)*
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: *ALL INDIRECT PURCHASER ACTIONS* | **IRICO DEFENDANTS' SUBMISSION IN RESPONSE TO ORDER RE: PARTIES' DISPUTES REGARDING SCOPE OF SUMMARY JUDGMENT MOTION (ECF NO. 6216)** |
| | Judge:    Honorable Jon S. Tigar |

As ordered by the Court in the Order re: Parties' Disputes Regarding Scope of Summary Judgment Motion on July 10, 2023, ECF No. 6216 ("Order"), Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (together, "Irico"), hereby submit the following response, along with the accompanying Declaration of Evan Werbel, to the Court's request for supplemental briefing on whether Irico "timely complied with the Court's order and, if not, why the Court should allow them to make an argument that was not timely disclosed."[1] Each of Irico's notices to the IPPs on this issue was timely based on the extensions of the discovery period and dispositive motion deadline, and Irico at all times followed the procedure established by the Court to ensure that Irico did not file a summary judgment motion on issues that the Court had previously decided.

As the schedule and discovery period in this case have been extended over time, Irico has complied with the Court's procedures for providing advance notice of Irico's intended summary judgment topics. To briefly review the Court's process regarding notice, the Court established a procedure whereby: (1) Irico would inform IPPs of the topics they intended to address in a summary judgment motion, set at 53 days prior to Irico filing its motion, (2) the parties would meet and confer to discuss whether any of the topics were duplicative of issues decided previously by the Court, and then (3) present any disputes to the Court. *See* ECF No. 5907 at 2. Under the then-existing schedule in April 2021, the Court established a timeline for that process, with notice initially due on May 6, 2022. *See* ECF No. 5925 at 2. In that Order, this notice was to follow the completion of both fact and expert discovery (at that time, in January and April 2022, respectively) – i.e., once the record was complete on the issues relevant to summary judgment. *Id.* The operative Scheduling Order for fact and expert discovery was thereafter amended several times and the due date for dispositive motions was accordingly postponed. *See* ECF Nos. 5956, 5980, 5999, 6014, 6016, 6024, 6034, 6039, 6135, and 6139.[2] Although the notice date was not reestablished, Irico followed the Court's anticipated timeline for advance notice to the IPPs given these extensions:

---

[1] All references to the "Werbel Decl." refer to the Declaration of Evan Werbel In Support of the Irico Defendants Response to Order re: Parties' Disputes Regarding Scope of Summary Judgment Motion (ECF No. 6216), filed herewith.

[2] These changes included: rescheduling the initial Joint CMC Statement deadline and Case Management Conference twice, then vacating it altogether (ECF Nos. 5956, 6014, 6039); extending the dispositive motion deadline to July 25, 2022 (ECF No. 6016), and then vacating the

|  | DATE OF IRICO'S NOTICE OF TOPICS TO IPPs | DISPOSITIVE MOTION DEADLINE | NUMBER OF DAYS BETWEEN NOTICE AND FILING |
|---|---|---|---|
| Original Schedule | May 6, 2022 | June 27, 2022 | 53 |
| Further notice after extension of discovery and dispositive motion deadline | June 1, 2023 | July 28, 2023 | 58 |

Thus, following the extension of the discovery periods and change in the due date for filing dispositive motions, Irico provided Plaintiffs with five more days of notice than originally ordered by the Court. *See* ECF No. 5925 at 2:3-8.

The international comity issues that Irico intends to raise in its summary judgment motion have been front and center in the case for years. Defenses based on the Chinese pricing regulations, including foreign sovereign compulsion and comity, were timely raised as affirmative defenses in Irico's answers in December 2020. *See* ECF No. 6214 at 3. They were also discussed extensively throughout discovery, including in Irico's responses to discovery requests from Plaintiffs related to Irico's defenses. Expert discovery, which closed after the initial disclosure date in May 2022, *see* ECF No. 5980, dealt with issues related to the Chinese pricing regulations, as highlighted in Irico's *Daubert* motion.[3] *See* ECF No. 6149 at 14-22. And Irico's fact witnesses, Wang Xiaojie and Yan Yunlong, both testified in September 2022 on these issues. *See*, *e.g.*, *id.* at 17-18. Irico notes that the Court had originally not required any notice to Plaintiffs prior to the close of fact discovery. And, as of May 6, 2022, Irico's witnesses had not yet been able to testify regarding the Chinese regulations (due to the Covid pandemic), nor had the IPP expert who opined on the relevance of the Chinese regulations been deposed.

Although the parties did not re-set a deadline by which to renew the discussions regarding dispositive motion topics, both sides understood that such a discussion would need to occur to follow the Court's original plan. In fact, counsel for IPPs affirmatively reminded Irico counsel on

---

deadlines altogether pending further developments in the litigation (ECF No. 6034); and then resetting the *Daubert* and dispositive motion schedules pursuant to the Court's direction on trial scheduling (ECF No. 6135).

[3] Irico also notes that the parties agreed to the out of time deposition of Dr. Netz on June 9, 2022, more than a month after initial disclosures. *See* ECF No. 6016 at 1.

December 21, 2022 that Irico would need to provide IPPs with advance notice of any issues it intended to raise in a summary judgment motion, so Plaintiffs clearly did not view the prior notice as definitive.  *See* Werbel Decl. ¶ 3. Irico agreed and sent its list of summary judgment topics to Plaintiffs on June 1, 2023, 58 days before the dispositive motion deadline.

Given this record of events, there is no prejudice to Plaintiffs or the Court by allowing Irico to include international comity arguments in its motion for summary judgment. *First*, the fundamental purpose of the process established by the Court was to confirm that Irico's proposed topics for summary judgment did not seek to relitigate issues decided by the Court in response to previous dispositive motions. As demonstrated in the Joint Submission, the topics proposed by Irico were carefully selected to avoid any such issues, so the process has served its purpose. *Second*, international comity has not been heard by the Court, as Plaintiffs argue, as it is clearly distinct from the FSIA and FTAIA issues raised by Plaintiffs. *See*, *e.g.*, ABA SECTION OF ANTITRUST LAW, ANTITRUST LAW DEVELOPMENTS 1304 (9th ed. 2022) ("Thus, the FTAIA does not prevent courts from employing notions of comity to decline jurisdiction even where the requirements of the FTAIA have been satisfied.") (*citing In re Ins. Antitrust Litig.*, 938 F.2d 919, 932 (9th Cir. 1991)). Finally, as the Court aptly noted, "the Court does not issue advisory opinions." Order at 2. But that is exactly what the Plaintiffs are asking the Court to do here—issue an advisory opinion as to Irico's proposed arguments on international comity.

Plaintiffs cite no authority supporting the proposition that the Court should prevent Irico from bringing a dispositive motion under the Federal Rules of Civil Procedure, and the Court itself acknowledged limits on its authority to do so during the August 30, 2022 Case Management Conference. *See* Werbel Decl. ¶ 2 (expressing the Court's belief that Irico is "entitled" to bring a Rule 56 motion and to have the motion resolved); *see also Brown v. Crawford Cnty., Ga.*, 960 F.2d 1002, 1008 (11th Cir. 1992) (determining that FRCP 56 "makes no allowance for a preliminary procedure . . . for reviewing, with the potential of denying, a party's prospective summary judgment motion").

For the foregoing reasons, Irico respectfully requests that the Court permit argument on international comity issues.

| | |
|---|---|
| Dated: July 17, 2023 | Respectfully submitted,<br><br>*/s/ John M. Taladay*<br>BAKER BOTTS L.L.P.<br>John M. Taladay<br>Evan J. Werbel<br>Thomas E. Carter<br>Andrew L. Lucarelli<br>700 K Street, N.W.<br>Washington, D.C. 20001<br>202.639.7700<br>202.639.7890 (fax)<br>Email: john.taladay@bakerbotts.com<br>        evan.werbel@bakerbotts.com<br>        tom.carter@bakerbotts.com<br>        drew.lucarelli@bakerbotts.com<br><br>*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.* |