1  John M. Taladay *(pro hac vice)*
   Evan J. Werbel *(pro hac vice)*
2  Thomas E. Carter *(pro hac vice)*
   Andrew L. Lucarelli *(pro hac vice)*
3  BAKER BOTTS L.L.P.
   700 K Street, N.W.
4  Washington, D.C. 20001
   202.639.7700
5  202.639.7890 (fax)
   Email: john.taladay@bakerbotts.com
6          evan.werbel@bakerbotts.com
           tom.carter@bakerbotts.com
7          drew.lucarelli@bakerbotts.com

8  *Attorneys for Defendants Irico Group Corp. and
   Irico Display Devices Co., Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF EVAN J. WERBEL IN SUPPORT OF DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S MOTION FOR SUMMARY JUDGMENT** |
| *ALL INDIRECT PURCHASER ACTIONS* | |
| | Judge:     Honorable Jon S. Tigar |

I, Evan J. Werbel, declare as follows:

1.  I am a member of the bar of the District of Columbia and admitted to practice before this Court *pro hac vice*. I am an attorney with Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display," collectively, "Irico" or the "Irico Defendants") in this action. I make this Declaration in support of Defendant Irico Group Corporation and Irico Display Devices Co., Ltd.'s Motion for Summary Judgment (the "Motion"). If called as a witness, I could and would testify to the matters set forth in this declaration of my own personal knowledge.

2.  Attached hereto as Exhibit 1 is a true and correct copy of excerpts of the deposition of Yan Yunlong, dated September 27-29, 2022 ("Yan Dep.").

3.  Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the deposition of Li Miao, dated March 7-9, 2023 ("Li Dep.").

4.  Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the deposition of Wang Zhaojie, dated September 20-22, 2022 ("Wang Dep").

5.  Attached hereto as Exhibit 4 is a true and correct copy of Deposition Exhibit 8392, which is a certified translation of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00003490-97. Exhibit 4 is a Irico USA Audit Report, dated July 27, 2001.

6.  Attached hereto as Exhibit 5 is a true and correct copy of CHU00030668-0669E, which is a document produced in this litigation by defendant Chunghwa Picture Tubes, Ltd. Exhibit 5 is a document purporting to report on a meeting "on or about July 31, 1998," but "Irico was not shown as having attended the meeting." Notice of Entry of Order by Special Master at 30, ¶ 27A, ECF No. 6074.

7.  Attached hereto as Exhibit 6 is a true and correct copy of Indirect Purchaser Plaintiff Donna Ellingson-Mack's Objections and Responses to Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.'s First Set of Interrogatories, dated April 19, 2021 ("IPP 2021 Discovery Responses").

8.  Attached hereto as Exhibit 7 is a true and correct copy of Direct Purchaser Plaintiffs Supplemental Objections and Responses to Defendants Irico Group Corp. and Irico Display

Devices Co. Ltd.'s First Set of Interrogatories, dated July 14, 2021 ("DPP Discovery Responses"). In Exhibit 7, DPPs responded to Irico's request to identify "any Document(s) that summarize, analyze, evaluate or otherwise compile any information contained in Claim Forms." *See* Ex. 7 at 5. In response, DPPs provided the following response:

> (a). To date, Direct Purchaser Plaintiffs have identified 1,816 valid claim forms submitted by settlement class members for the direct purchase of CRTs, Televisions or Monitors in the United States. Of the 1,816 valid claim forms, 334 identified purchases of CRTs, 1,549 identified purchases of Televisions, and 992 identified purchases of Monitors. (b). To date, Direct Purchaser Plaintiffs have identified no valid claims for purchases of a CRT, Television or Monitor by a settlement class member from any of the Irico Defendants. (c). Direct Purchaser Plaintiffs have no records from any third party documenting direct purchases of Irico CRTs or televisions or monitors containing Irico CRTs in the United States.

*Id*. at 6.

9. Attached hereto as Exhibit 8 is a true and correct copy of Attachment A to the Indirect Purchaser Plaintiffs' Objections and Responses to Defendant Hitachi Ltd.'s First Request Set of Interrogatories to the Indirect Purchaser Plaintiffs, dated August 4, 2014 ("IPPs' Attachment A"), referenced by the Indirect Purchaser Plaintiffs in Exhibit 8 above.

10. On September 20, 2022, Special Master Hon. Vaughn R. Walker filed the Notice of Entry of Order by Special Master, ECF No. 6074. Attached to the Notice of Entry was the Special Master's Report and Recommendation re Admissibility of Co-Conspirator Documents and Statements ("Documents R&R"). On October 14, 2022, the Court adopted the Documents R&R. *See* ECF No. 6093. Although not specifically identified by IPPs in response to Irico's discovery requests, for the purpose of meeting its burden in the Motion, Irico has considered this evidence as part of the corpus of evidence, along with the actual sources cited in Exhibit 6 at 12-13 (*i.e.*, categories 1, 3, 4, and 5 listed in ¶ 6), that IPPs presumably will rely on to claim Irico's participation in the alleged conspiracy.

11. In connection with the Motion, attorneys working under my supervision have reviewed each document cited in the Documents R&R and have confirmed that each purported meeting between Irico and another CRT manufacturer took place in China, according to the

contents of the document. In addition, counsel for Irico confirmed that the earliest referenced meeting listing an attendee from Irico took place on August 5, 1998. *See* Documents R&R at 30-31, ¶ 27B. The earliest dated document in the Documents R&R is the July 31, 1998 document attached to this declaration as Exhibit 5, and previously described in ¶ 7 of this declaration.

12. Attached hereto as Exhibit 9 is a true and correct copy of a document created by counsel for Irico for the convenience of the Court and the parties. Attorneys working under my supervision converted IPPs' Attachment A (Werbel Decl., Ex. 8) into Microsoft Excel format, filtered IPPs' Attachment A by location (as identified by IPPs in the second column of IPPs' Attachment A), and selected entries that reference, or appear to reference, the United States. Based on this filtering process, counsel for Irico identified a total of 74 such instances. In none of those instances did IPPs indicate involvement by Irico in the alleged contact, which would have been designated with a "X" in the column labeled "IRI."

13. Attached hereto as Exhibit 10 is a true and correct copy of Indirect Purchaser Plaintiffs' Objections and Responses to the Irico Defendants' Second Set of Interrogatories, dated February 23, 2022 ("IPP 2022 Discovery Responses"). In response to discovery requests from Irico, IPPs identified the following pre-July 31, 1998 evidence: 1) meetings between Irico and a Defendant or Co-Conspirator, and 2) that Irico joined the alleged conspiracy prior to July 31, 1998. *See* Exhibit 10 at 10, 11-14. The documents cited in these responses are attached as Exhibits 12 – 52 below.

14. Attached hereto as Exhibit 11 is a true and correct copy of a certified translation of a document produced by defendant Beijing-Matsushita Color CRT Corp. (hereinafter, "BMCC") in this litigation and bearing the Bates label BMCC-CRT000113367.

15. Attached hereto as Exhibit 12 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113368.

16. Attached hereto as Exhibit 13 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113372.

17. Attached hereto as Exhibit 14 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113374-3375.

18. Attached hereto as Exhibit 15 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113378

19. Attached hereto as Exhibit 16 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113379.

20. Attached hereto as Exhibit 17 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113380.

21. Attached hereto as Exhibit 18 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113381.

22. Attached hereto as Exhibit 19 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113382.

23. Attached hereto as Exhibit 20 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113392-3393.

24. Attached hereto as Exhibit 21 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113394.

25. Attached hereto as Exhibit 22 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113395.

26. Attached hereto as Exhibit 23 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113396.

27. Attached hereto as Exhibit 24 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113397.

28. Attached hereto as Exhibit 25 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113398.

29. Attached hereto as Exhibit 26 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113399.

30. Attached hereto as Exhibit 27 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113400.

31. Attached hereto as Exhibit 28 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113401.

32. Attached hereto as Exhibit 29 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113402.

33. Attached hereto as Exhibit 30 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113403.

34. Attached hereto as Exhibit 31 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113404.

35. Attached hereto as Exhibit 32 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113405.

36. Attached hereto as Exhibit 33 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113406.

37. Attached hereto as Exhibit 34 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113407.

38. Attached hereto as Exhibit 35 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113408.

39. Attached hereto as Exhibit 36 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113409.

40. Attached hereto as Exhibit 37 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113410-3411.

41. Attached hereto as Exhibit 38 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113412.

42. Attached hereto as Exhibit 39 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113413.

43. Attached hereto as Exhibit 40 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113414.

44. Attached hereto as Exhibit 41 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113415.

45. Attached hereto as Exhibit 42 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113416.

46. Attached hereto as Exhibit 43 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113418-3419.

47. Attached hereto as Exhibit 44 is a true and correct copy of a certified translation of portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00004673-4674, IRI-CRT-00004746-4752, and IRI-CRT-00004757-4764.

48. Attached hereto as Exhibit 45 is a true and correct copy of Deposition Exhibit 8557, which is a certified translation of portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00004769-4773.

49. Attached hereto as Exhibit 46 is a true and correct copy of a certified translation of portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00008248, IRI-CRT-00008316-8332, IRI-CRT-00008340-8360, and IRI-CRT-00008425-8432.

50. Attached hereto as Exhibit 47 is a true and correct copy of Deposition Exhibit 8558, which is a certified translation of a portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00004817-4823.

51. Attached hereto as Exhibit 48 is a true and correct copy of Deposition Exhibit 8559, which is a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113389-3391.

52. Attached hereto as Exhibit 49 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113384-3388.

53. Attached hereto as Exhibit 50 is a true and correct copy of Deposition Exhibit 8561, which is a certified translation of portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00008236-8239.

54. Attached hereto as Exhibit 51 is a true and correct copy of Deposition Exhibit 8562, which is a certified translation of portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00008241-8245.

55. Attached hereto as Exhibit 52 is a true and correct copy of excerpts from the deposition of Jin-Song Lu, dated February 28, 2023.

56. Attached hereto as Exhibit 53 is a true and correct copy of Deposition Exhibit 1315, which is a certified translation of a document produced by defendant Chunghwa Picture Tubes, Ltd. in this litigation and bearing the Bates label CHU00029050-9051.

57. Attached hereto as Exhibit 54 is a true and correct copy of a chapter from *China's Industries in Transition: Organizational Change, Efficiency Gains, and Growth Dynamics* titled "The Chinese Television Industry: An Example of Gradual Transition" authored by Tomoo Marukawa, which was published in 2001.

58. Attached hereto as Exhibit 55 is a true and correct copy of a pdf of an online version of the Price Law of the People's Republic of China, promulgated on December 29, 1997, from China's central government website, which was last updated on January 19, 2017.

59. Attached hereto as Exhibit 56 is a true and correct copy of the expert report of Donald Clarke, ECF No. 670-1, dated March 16, 2022 ("Clarke Rep.").

60. Attached hereto as Exhibit 57 is a true and correct copy of the Declaration of Donald Clarke in Support of Irico Defendants' Motions to Dismiss for Lack of Jurisdiction, ECF No. 5312-3, filed July 18, 2018.

61. Attached hereto as Exhibit 58 is a true and correct copy of Exhibit 2 to the Declaration of Thomas Carter in Support of Defendants Irico Group Corp. And Irico Display Devices Co., Ltd.'s Reply on Motion to Partially Exclude the Proposed Expert Testimony of Dr. Janet Netz, ECF No. 6183-2, which is a certified translation of excerpts of Irico Display's 1999 Annual Report, Bates labeled IRI-CRT-0003198E.

62. Attached hereto as Exhibit 59 is a true and correct copy of a certified translation of the Notice on Earnestly Stopping Price Dumping and Carrying out Inspection of Price Dumping, Jan. 16, 1999, from the website of the Guangdong Provincial Development and Reform Commission.

63. Attached hereto as Exhibit 60 is a true and correct copy of a certified translation of a pdf version of a webpage titled "Interpretation of the Price Law of the People's Republic of China," from the official website of the National People's Congress, China's highest legislative body, last accessed on June 20, 2023 and dated November 25, 2000.

64. Attached hereto as Exhibit 61 is a true and correct copy of a certified translation of an excerpt from Guangxi Economy and Trade (Issue No. 181) with the title "Premier of the State Council, Zhu Rongji, issued instructions to firmly prevent unfair low-price dumping behaviors," dated March, 1999.

65. Attached hereto as Exhibit 62 is a true and correct copy of the certified translation of the online version of the second round of Shandong Provincial Annals Price Chronicles (1997-2005), Book IV, Chapter I, Section 3: Stop Unfair Price Behavior, last accessed on June 12, 2023 and available at https://perma.cc/5GXE-5LJP.

66. Attached hereto as Exhibit 63 is a true and correct copy of the certified translation of a news release from that National Development and Reform Commission titled "The State Planning Commission issued eight measures to inspect prices and charges," dated January 6, 2000 and available at https://perma.cc/P9T5-GMEG.

67. Attached hereto as Exhibit 64 is a true and correct copy of an article from the Washington University Global Studies Law Review titled "The Prospect of Antimonopoly Legislation in China" written by Wang Xiaoye, dated January 2002.

68. Attached hereto as Exhibit 65 is a true and correct copy of an article from the 75th volume of the Antitrust Law Journal titled "Pursuing the Second Best: The History, Momentum, and Remaining Issues of China's Anti-Monopoly Law," written by Yong Huang, released in 2008.

69. Attached hereto as Exhibit 66 is a true and correct copy of the United States Trade Representative Report titled "2003 Report to Congress on China's WTO Compliance."

9
WERBEL DECL. ISO IRICO MOTION FOR SUMMARY JUDGMENT; Master File No. 07-CV-5944-JST

70. Attached hereto as Exhibit 67 is a true and correct copy of the certified translation of a document produced in this litigation by Irico and bearing the Bates label IRI-CRT-00026139-239.

71. Attached hereto as Exhibit 68 is a true and correct copy of the certified translation of a document produced in this litigation by BMCC and bearing the Bates label BMCC-CRT000181673-77.

72. Attached hereto as Exhibit 69 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000142685.

73. Attached hereto as Exhibit 70 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000138732-35.

74. Attached hereto as Exhibit 71 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000139461-63.

75. Attached hereto as Exhibit 72 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000054691.

76. Attached hereto as Exhibit 73 is a true and correct copy of a certified translation of a document produced by defendant Chunghwa in this litigation and bearing the Bates label CHU00047273.

77. Attached hereto as Exhibit 74 is a true and correct copy of a certified translation of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00029680.

///

///

///

///

///

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 28th day of July, 2023, in Washington, D.C.

                                              */s/ Evan J. Werbel*

                                              Evan J. Werbel (*pro hac vice*)
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: evan.werbel@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*

11
WERBEL DECL. ISO IRICO MOTION FOR SUMMARY JUDGMENT; Master File No. 07-CV-5944-JST