MARIO N. ALIOTO (SBN 56433)
LAUREN C. CAPURRO (SBN 241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
Email: malioto@tatp.com;
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*
*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CLASS REPRESENTATIVE STANDING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| *ALL INDIRECT PURCHASER ACTIONS* | |
| | Hearing Date: November 9, 2023 Time: 2:00 pm Courtroom: Courtroom 6- 2nd Floor |
| | Judge:        Honorable Jon S. Tigar |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION.........................................................................................iii

STATEMENT OF THE ISSUE TO BE DECIDED …………………………………………...1

MEMORANDUM OF POINTS AND AUTHORITIES....................................................................2

I.      INTRODUCTION......................................................................................................2

II.     LEGAL STANDARD .................................................................................................4

III.    BACKGROUND .........................................................................................................5

IV.     UNDISPUTED PLAINTIFFS' FACTS .....................................................................7

V.      ARGUMENT ............................................................................................................13

VI.     CONCLUSION .........................................................................................................16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Celotex Corp. v. Catrett,*
477 U.S. 317, 323 (1986) ........................................................................ 4

*Ellis v. Experience Information Solutions, Inc.,*
 No. 17-CV-07092-LHK, 2018 WL 3036682, at *5 (N.D. Cal. June 19, 2018) .......................... 15

*Jones v. Koelling,*
214CV1372WBSDBP, 2018 WL 6025850, at *5 (E.D. Cal. Nov. 16, 2018)............................. 13

*Lierboe v. State Farm Mut. Auto. Ins. Co.,*
350 F.3d 1018, 1022 (9th Cir. 2003) ........................................................ 15

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
 475 U.S. 574, 587 (1986) ..................................................................... 4

*Mauro v. Fed. Exp. Corp.,*
No. 08-cv-8526DSF(PJWX), 2009 WL 1905036 at * 4 (C.D. Cal. June 18, 2009) .................... 15

*National Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.,*
782 F. Supp. 2d 1047, 1052 (C.D. Cal. 2011) ................................................ 4

*NEI Contracting and Engineering, Inc. v. Hanson Aggregates Pacific Southwest, Inc.,*
926 F.3d 528, 532 (9th Cir. 2019) ......................................................... 15

*Nissan Fire & Marine Ins. Co. v. Fritz Cos.,*
210 F.3d 1099, 1102-03 (9th Cir. 2000) ..................................................... 4

*Riley v. Bd. of Trustees of California State Univ.,*
Case No. 13-cv-02983-JD, 2015 WL 2198247 .................................................. 4

*Summers v. Teichert & Son, Inc.,*
 127 F.3d 1150, 1152 (9th Cir. 1997) ....................................................... 4

*Wal-Mart Stores, Inc. v. Dukes,*
 564 U.S. 338, 348–49 (2011) ............................................................... 14

*Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.,*
178 F. Supp. 2d 1099, 1114 (C.D. Cal. 2001) ............................................... 13

Statutes

Fed. R. Civ. P. 56 (a) ..................................................................... 4

ii

### NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on November 9, 2023, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Plaintiffs ("IPPs") will and hereby do respectfully move this Court for an Order finding that there is no genuine dispute as to any material fact as to the standing of twenty-three (23) of IPPs' Class Representatives to assert their claims against Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico") at trial on their own behalf and on behalf of their respective State Class, and that IPPs are entitled to judgment as a matter of law as to the standing of those 23 Class Representatives.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of points and authorities in support thereof, the pleadings and correspondence on file with the Court, its prior Orders, and such other arguments and authorities as may be presented at or before the hearing.


Dated:  July 28, 2023          By:  _/s/ Mario N. Alioto_
                                    Mario N. Alioto (56433)
                                    Lauren C. Capurro (241151)
                                    TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                    2001 Union Street, Suite 482
                                    San Francisco, CA 94123
                                    Telephone: (415) 563-7200
                                    Facsimile: (415) 346-0679
                                    Email:  malioto@tatp.com; laurenrussell@tatp.com

                                    *Lead Counsel for Indirect Purchaser Plaintiffs*

iii

IPPS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CLASS
REPRESENTATIVE STANDING; MPA IN SUPPORT THEREOF
Master File No. 07-CV-5944-JST; MDL NO. 1917

## STATEMENT OF THE ISSUE TO BE DECIDED

Whether IPPs are entitled to partial summary judgment holding that twenty-three (23) indirect purchaser class representatives (the "Moving Plaintiffs") have standing to assert their claims against Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico") at trial where (a) this Court has already appointed nineteen (19) of those plaintiffs as representatives of their respective Certified State Classes in its Order Granting Class Certification, ECF Nos. 1950, 1742, which necessarily includes a finding that these "Certified Class Representatives" have standing; (b) two (2) substitute class representatives assert the same claims based on the same CRT purchases as the two Certified Class Representatives they replaced, and thus the Court's findings in its Order Granting Class Certification regarding adequacy and standing apply equally to them; and (3) the remaining two (2) substitute class representatives have produced records comparable to those of the Certified Class Representatives supporting their standing, leaving no genuine dispute as to any material fact involving the 23 Moving Plaintiffs' standing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This is an antitrust class action alleging that consumers in twenty-two indirect purchaser states (the "22 States") were overcharged for televisions and computer monitors containing cathode ray tubes ("CRTs") manufactured and sold during the alleged Class Period by the Defendants or their alleged co-conspirators.[1] Each of the certified 22 State Classes has a designated named plaintiff as its Class Representative.[2]  In September 2013, after a thorough review of the Indirect Purchaser Plaintiffs' ("IPPs") comprehensive records by an experienced Special Master, this Court certified these 22 State Classes and found that 19 of the 23 moving plaintiffs (the "Moving Plaintiffs") are adequate representatives of their respective State Class. *See* ECF Nos. 1742 & 1950.[3]  That finding necessarily included findings that, as indirect purchasers of televisions or

---

[1] Defendants and their alleged co-conspirators include Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico"); Chunghwa Picture Tubes, Ltd. and Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. ("Chunghwa"); LG Electronics, Inc., LG Electronics (USA), Inc., and LG Electronics Taiwan Taipei Co., Ltd. ("LGE"); Koninklijke Philips N.V. (f/k/a Koninklijke Philips Electronics N.V.), Philips Electronics North America Corporation, Philips Taiwan Limited (f/k/a Philips Electronics Industries (Taiwan), Ltd.), Philips do Brasil Ltda. (f/k/a Philips da Amazonia Industria Electronica Ltda.) ("Philips"); LP Displays Int'l, Ltd. (f/k/a LG.Philips Displays Co., Ltd. ("LG.Philips Displays"); Panasonic Corporation (f/k/a Matsushita Electric Industrial Co., Ltd.), Panasonic Corporation of North America, and Matsushita Electronic Corporation (Malaysia) Sdn Bhd. ("Panasonic"); MT Picture Display Co., Ltd., MT Picture Display (Thailand) Co., Ltd., MT Picture Display (Malaysia) Sdn. Bhd., PT.MT Picture Display Indonesia ("MTPD"); Beijing-Matsushita Color CRT Company, Ltd. ("BMCC"); Hitachi, Ltd., Hitachi Asia, Ltd., Hitachi America, Ltd., Hitachi Electronic Devices (USA), Inc., Hitachi Displays, Ltd. (n/k/a Japan Display Inc.), and Shenzhen SEG Hitachi Color Display Devices, Ltd. ("Hitachi"); Toshiba Corporation, Toshiba America, Inc., Toshiba America Information Systems, Inc., Toshiba America Consumer Products, L.L.C., Toshiba America Electronic Components, Inc., Toshiba Display Devices (Thailand) Company, Ltd., and P.T. Tosummit Electronic Devices Indonesia ("Toshiba"); Samsung SDI Co. Ltd., Samsung SDI America, Inc., Samsung SDI Brasil, Ltda., Tianjin Samsung SDI Co. Ltd., Shenzhen Samsung SDI Co., Ltd., Samsung SDI (Malaysia) Sdn. Bhd., and SDI Mexico S.A. de C.V.  ("Samsung SDI");; Orion Electric Co., Ltd. ("Orion"); Samtel Color, Ltd. ("Samtel"); Thai CRT Company, Ltd. ("Thai CRT"); Technicolor SA (f/k/a Thomson SA), Technicolor USA, Inc. (f/k/a Thomson Consumer Electronics, Inc.), and Technologies Displays Americas LLC (f/k/a Thomson Displays Americas LLC) ("Thomson"); Mitsubishi Electric Corporation, Mitsubishi Electric & Electronics USA, Inc., and Mitsubishi Digital Electronics Americas, Inc. ("Mitsubishi Electric"); and Videocon Industries, Ltd. ("Videocon"). *See* IPPs' Fifth Consolidated Amended Complaint, ECF No. 5589 ¶¶ 50-112.

[2] *See* Declaration of Lauren C. Capurro In Support Of Indirect Purchaser Plaintiffs' Motion for Partial Summary Judgement Regarding Class Representative Standing ("Capurro Decl."), Ex. 65.

[3] As further explained below, in 2019, IPPs substituted in four new class representatives for the States of Hawaii, New Mexico, Nevada and South Dakota. *See* ECF No. 5585. These class

computer monitors containing CRTs during the class period who claim to have been overcharged as a result of the alleged conspiracy, those plaintiffs have standing to assert their claims against Defendants and that the claims the Moving Plaintiffs assert are common to the classes they have been appointed to represent. *See* ECF No. 1950 at 6 ("Defendants do not challenge the ISM's [Interim Special Master's] findings on ascertainability, numerosity, commonality, typicality, or adequacy of representation."); *id*. at 23 ("…the Court ADOPTS the Interim Special Master's Reports and Recommendations on the Indirect Purchaser Plaintiffs' Motion for Class Certification…").

Thus, there is no genuine dispute of material fact as to the standing of these Moving Plaintiffs. During the alleged Class Period, each of them purchased a television or computer monitor containing a CRT manufactured by a Defendant or one of the alleged co-conspirators for their own use and not for resale, and the purchase was made in their respective state while they were a resident of that State. In order to avoid burdening the trial with unnecessary and repetitive testimony, Moving Plaintiffs bring this motion for partial summary judgment to establish those foundational facts as to the standing of the Moving Plaintiffs, namely that (1) each of them purchased the television or computer monitor they assert on the dates they assert; (2) that each such television or computer monitor contained a CRT manufactured or sold by a Defendant or an alleged co-conspirator; (3) the purchase was made for their own use and not for resale; and (4) the purchase was made in each Moving Plaintiff's respective State while the Moving Plaintiff was a resident of that State. Recognizing these undisputed facts as established will obviate the need to introduce evidence as to each of the Moving Plaintiff's purchases at trial thereby narrowing the issues to be tried, avoiding the need to produce twenty-three witnesses to provide repetitive, uncontested testimony, and shortening the trial.

---

representatives have responded to Irico's discovery requests and have provided evidence of their qualifying CRT product purchases.

## II.   LEGAL STANDARD

"A party may move for summary judgment, identifying…the part of each claim or defense on which summary judgment is sought.  Fed. R. Civ. P. 56 (a). Summary judgment is proper when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id*. The party moving for summary judgment bears the initial burden of identifying specific pleadings, discovery and affidavits that prove no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its initial burden of production, then the non-moving party must produce admissible evidence to show that a genuine issue of material fact exists. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). To avoid summary judgment, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis added and in original) (citation omitted). Moreover, "[a] mere scintilla of evidence will not be sufficient to defeat a properly supported motion for summary judgment; rather, the non-moving party must introduce some significant probative evidence tending to support the complaint." *Summers v. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997) (citation and internal quotations omitted). If the non-moving party fails to make this showing, the moving party is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. at 323.

A Court may grant "summary judgment to dispose of less than the entire case and even just portions of a claim or defense." *Riley v. Bd. of Trustees of California State Univ.*, Case No. 13-cv-02983-JD, 2015 WL 2198247, at *2 (N.D. Cal. May 11, 2015) (Donato, J.). Thus, this "Court can, when warranted, selectively fillet a claim . . . without dismissing it entirely." *Id*. Indeed, the Rule makes clear that a "Court 'shall' issue summary judgment when warranted by the facts and the law." *Id*. (emphasis added). *See also National Union Fire Ins. Co. of Pittsburgh, PA v. Ready Pac Foods, Inc.*, 782 F. Supp. 2d 1047, 1052 (C.D. Cal. 2011) (explaining that partial summary judgment is appropriate when "it will narrow the issues for trial").

4

### III.    BACKGROUND

IPPs filed multiple class action complaints against Defendants, including Defendants Irico Display Devices Co., Ltd. and Irico Group Corp. (collectively "Irico"), in federal courts throughout the country beginning in November 2007.[4] The Judicial Panel on Multidistrict Litigation transferred all related indirect purchaser actions to the Northern District of California, where they were consolidated with similar class actions by DPPs and assigned to this Court as MDL No. 1917. Capurro Decl. ¶ 3. IPP Counsel filed their first Consolidated Amended Complaint ("CAC") on March 16, 2009. *See* ECF No. 437. After an unsuccessful motion to dismiss IPP's CAC (ECF Nos. 485, 665), Irico defaulted and disappeared from the litigation in 2010. *See* ECF Nos. 730, 732. Capurro Decl. ¶ 4.

During Irico's absence, the other Defendants undertook extensive discovery of 19 of the Moving Plaintiffs who were later appointed as representatives of their respective State Classes (the "Certified Class Representatives." Defendants received verified interrogatory responses, documents responsive to their requests for production, and they deposed the Certified Class Representatives at great time and financial expense to all Parties. At their depositions, Defendants had the opportunity to cross-examine the Certified Class Representatives and verify the evidence supporting their individual standing—namely, the evidence showing that during the Class Period (March 1, 1995 through November 25, 2007), they purchased relevant products containing CRTs manufactured or sold by Defendants or their alleged co-conspirators for their own use and not for resale in their respective State, while a resident of that State. Capurro Decl. ¶ 5.

On June 20, 2013, after full briefing and oral argument, the Interim Special Master Martin Quinn issued a Report and Recommendation in which he recommended that the Court certify the 22 IPP State Classes. *See* ECF No. 1742 ("R&R") at 40-47. Special Master Quinn relied upon the Certified Class Representatives' evidence regarding their CRT product purchases—including the evidence that those products contained CRTs manufactured or sold by one of the Defendants—to

---

[4] *See, e.g., Figone v. LG Electronics, Inc., et al.,* No. 07-cv-6331 JST (ECF No. 1).

reject Defendants' ascertainability and adequacy arguments (*id*. at 14-15) and appoint the Certified Class Representatives as the representatives of their respective State Classes:

> Having conducted a "rigorous analysis" of the required elements for the certification, including an examination of the merits of the case as necessary to determine certification questions…the Interim Special Master concludes that the proposed classes meet the requirements of Rule 23(a) and 23(b)(3).

*Id*. at 39-48. On September 24, 2013, this Court adopted the R&R and certified the 22 State Classes. *See* ECF No. 1950. Defendants did not challenge the R&R's findings regarding "ascertainability, numerosity, commonality, typicality, or adequacy of representation." *Id*. at 6.

The R&R appointed twenty-five named plaintiffs as Certified Class Representatives for the 22 State Classes. *See* R&R at 48. Four of the Certified Class Representatives were replaced with new plaintiffs in September 2019. *See* ECF Nos. 5585, 5589. Daniel Riebow, the Certified Class Representative for Hawaii, and Craig Stephenson, the Certified Class Representative for New Mexico, had passed away in 2019. Capurro Decl. ¶ 8. Daniel Riebow's widow, Sandra Riebow, and Craig's Stephenson's court-appointed personal representative, Marylou Hilberg (ECF No. 5927), were substituted in their respective places. *Id*. ¶ 8. Sandra Riebow jointly purchased the CRT product on which Daniel Riebow had based his claim in this case. *Id*. ¶ 9. Similarly, as the personal representative of Craig Stephenson's Estate, Marylou Hilberg is asserting Craig Stephenson's claim, based on the same CRT product purchase, on behalf of his Estate. *Id*. Therefore, the facts relating to these two Certified Class Representatives' standing did not change with the substitution. *Id.* Two additional plaintiffs, Donna Ellingson-Mack (SD) and Gregory Painter (NV), replaced the Class Representatives for South Dakota and Nevada, respectively. *Id.* ¶ 10. These four Moving Plaintiffs are referred to herein as the "Substitute Class Representatives."[5]

The facts supporting the Certified Class Representatives' standing as indirect purchasers of products containing allegedly price fixed CRTs manufactured or sold by the Defendants were discovered, comprehensively reviewed, examined, and evaluated by the Special Master and the

---

[5] Two of the Certified Class Representatives, Janet Ackerman for New York and Albert Crigler for Tennessee, are not included in this Motion.

Court, and determined to be sound during the class certification proceedings. *See* ECF Nos. 1742 & 1950. Irico did not propound discovery to the Certified Class Representatives regarding their purchases of CRT Products, nor did it ever seek a re-examination of the Order appointing them as Class Representatives. Capurro Decl. ¶ 11. Irico propounded discovery requests to the Substitute Class Representatives, to which IPPs timely responded. *Id*. Irico had ample time to propound further discovery and depose the Substitute Class Representatives, or request further discovery of the Certified Class Representatives. ECF Nos. 5907, 5925.[6]  Despite having had the opportunity to do so, Irico did not depose a single plaintiff. Capurro Decl. ¶ 11.

The Moving Plaintiffs' standing is fully demonstrated below. Because Irico affirmatively chose to absent itself from the case and then, after re-engaging, chose not to further cross-examine the evidence supporting the Moving Plaintiffs' standing, they cannot complain that they have not had an opportunity to contest the facts supporting the Moving Plaintiffs' standing. Therefore, IPPs respectfully request that this Court grant this Motion to accept the following facts as undisputed. The facts are established beyond reasonable dispute and granting this Motion would promote judicial efficiency and also save all Parties considerable time and expense at trial.

## IV.    UNDISPUTED PLAINTIFFS' FACTS

The pertinent undisputed facts for each Moving Plaintiff seeking summary judgment on their standing to assert their claims against Irico at trial are as follows:

**Arizona:**

1.    Arizona Class Representative Brian Luscher purchased a Philips television on August 15, 2001 from Costco in Tempe, AZ for his own use and not for resale. Capurro Decl. ¶ 12, Ex. 1.  This television contained a CRT manufactured by Defendant Samsung SDI.  Declaration of Mario N. Alioto in Support of Reply Brief in Support of Motion of Indirect-Purchaser Plaintiffs for Class Certification, ECF No. 1654-1 ("Alioto Reply Decl.") ¶5.e.  Mr. Luscher was an Arizona resident at the time he purchased his television. Capurro Decl. ¶ 14, Ex. 2.

---

[6] The close of fact discovery was extended multiple times to ultimately August 1, 2022 due to Irico's continued failure to respond to IPP's discovery requests or to make the noticed witnesses available for depositions. ECF No. 5999.

**California:**

2.      California Class Representative Steven Ganz purchased a Philips television on May 22, 2001 from Costco in San Francisco, California for his own use and not for resale. Capurro Decl. ¶ 15, Ex. 3.  This television contained a CRT manufactured by Defendant Philips. Alioto Reply Decl. ¶ 3.  Mr. Ganz also purchased a Toshiba television on May 2, 2005 from Best Buy in Colma, California. Capurro Decl. ¶ 15, Ex. 3. This television contained a CRT manufactured by Defendant Philips. Alioto Reply Decl. ¶ 3. Mr. Ganz was a California resident at the time he purchased his televisions. Capurro Decl. ¶ 17, Ex. 4.

3.      California Class Representative Jeffrey Figone purchased a Sharp television in 1999 or 2000 from Costco in Novato, California for his own use and not for resale. *See* Capurro Decl. ¶ 18, Ex. 5.  This television contained a CRT manufactured by Defendant Chunghwa.  Alioto Decl., ¶5.c.  Mr. Figone also purchased two Panasonic televisions in 2002 or 2003 from Target in Novato California for his own use and not for resale. Capurro Decl. ¶ 18, Ex. 5.  These televisions contained CRTs manufactured by Defendant Panasonic.  Alioto Decl., ¶5.c.  Mr. Figone was a California resident at the time he purchased his televisions. Capurro Decl. ¶ 20, Ex. 6.

**Florida:**

4.      Florida Class Representative David Rooks purchased a Panasonic television on September 1, 2001 from Circuit City in Daytona Beach, Florida for his own use and not for resale. Capurro Decl. ¶ 21, Ex. 7.  This television contained a CRT manufactured by Defendant Panasonic. Alioto Reply Decl., ¶5.b.  Mr. Rooks was a Florida resident at the time he purchased his television. *See* Capurro Decl. ¶ 23, Ex. 8.

**Hawaii:**

5.      Hawaii Class Representative Sandra Riebow, who steps in place of her late husband Daniel Riebow, jointly purchased with her late husband Daniel Riebow a Panasonic television on April 22, 2004 from Sears in Hawaii for their own use and not for resale. Capurro Decl. ¶ 24, Ex. 9. This television contained a CRT manufactured by Defendant Matsushita Toshiba Picture

8

Display Co., Ltd. ("MTPD"). *Id*. ¶¶ 25-26, Exs. 10 & 11. Sandra and Daniel Riebow were Hawaii residents at the time they purchased their television.  *Id*. ¶ 27, Ex. 12.

**Iowa:**

6.     Iowa Class Representative Travis Burau purchased a TruTech television in 2006 from Target in Cedar Rapids, Iowa for his own use and not for resale. Capurro Decl. ¶¶ 28, 30 Exs. 13 & 15.  This television contained a CRT manufactured by Defendant Chunghwa.  *Id*. ¶ 29, Ex. 14. Mr. Burau was an Iowa resident at the time he purchased his television. *Id*. ¶ 30, Ex. 15.

**Kansas:**

7.     Kansas Class Representative Southern Office Supply purchased multiple monitors between 2000 and 2003 from Elite Technology in Kansas City, KS for its own use and not for resale. Capurro Decl. ¶¶ 31-32, Exs. 16 & 17. Elite Technology shipped the monitors to Southern Office's Liberal, KS location. *Id*. ¶ 32, Ex. 17. These monitors contained CRTs manufactured by Defendants Chunghwa, Toshiba, and Orion. *Id*. ¶ 33, Ex. 18. Southern Office was a Kansas resident at the time it purchased its monitors.  *Id*. Ex. 17.

**Maine:**

8.     Maine Class Representative Kerry Lee Hall purchased a Series LXI television on March 25, 2001 from Sears in Belfast, Maine for her own use and not for resale.  *See* Capurro Decl. ¶¶ 34-35, Exs. 19 & 20. This television contained a CRT manufactured by Defendant Samtel. Alioto Reply Decl., ¶4.c. Ms. Hall was a Maine resident at the time she purchased her television. Capurro Decl. ¶ 35, Ex. 20.

**Michigan:**

9.     Michigan Class Representative Lisa Reynolds purchased three JVC televisions during the class period from ABC Warehouse in Kentwood, Michigan for her own use and not for resale. Capurro Decl. ¶ 37, Ex. 21. Two of these televisions contained CRTs manufactured by Defendant Thomson.  Alioto Decl. ¶4.d.  Ms. Reynolds was a Michigan resident at the time she purchased her televisions.  Capurro Decl. ¶ 39, Ex. 22.

**Minnesota:**

9

10.     Minnesota Class Representative Barry Kushner purchased a Toshiba television in 1996 from a store located in Minnesota for his own use and not for resale.  *See* Capurro Decl. ¶¶ 40, 44, Exs. 23 & 25. This television contained a CRT manufactured by Defendant Toshiba.  Alioto Decl., ¶3.  Mr. Kushner also purchased a Philips Magnavox television on March 22, 2000 from Best Buy in Inver Grove Heights, Minnesota for his own use and not for resale.  Capurro Decl. ¶ 42, Ex. 24.  This television contained a CRT manufactured by Defendant Philips.  Alioto Decl., ¶3. Mr. Kushner was a Minnesota resident at the time he purchased his televisions. Capurro Decl. ¶ 44, Ex. 25.

11.     Minnesota Class Representative David Norby purchased a Magnavox television in January 2006 from Target in Woodbury, Minnesota for his own use and not for resale. Capurro Decl. ¶¶ 45-47, Exs. 26 & 28. This television contained a CRT manufactured by Defendant LG.Philips Displays. *Id*. ¶ 46, Ex. 27.  Mr. Norby was a Minnesota resident at the time he purchased his television.   *Id.* ¶ 47, Ex. 28.

**Mississippi:**

12.     Mississippi Class Representative Charles Jenkins purchased a Durabrand television in June 2005 from Walmart in Columbus, Mississippi for his own use and not for resale. Capurro Decl. ¶¶ 48-49, Exs. 29 & 30.  This television contained a CRT manufactured by Defendant Orion. *Id*. ¶ 50, Ex. 31. Mr. Jenkins also purchased a Packard Bell monitor in November 2007 from Rex's in Columbus, Mississippi for his own use and not for resale. *Id*. ¶¶ 48-49, Exs. 29 & 30. This monitor contained a CRT manufactured by Defendant Chunghwa. *Id*. ¶ 51, Ex. 32. Mr. Jenkins was a Mississippi resident at the time he purchased his television and monitor.  *Id*. ¶ 49, Ex. 30.

**Nebraska:**

13.     Nebraska Class Representative Steve Fink purchased a Toshiba television on March 14, 2004 from Nebraska Furniture Mart in Omaha, Nebraska for his own use and not for resale. Capurro Decl. ¶ 52, Ex. 33.  This television contained a CRT manufactured by Defendant Toshiba. *Id*. ¶ 53, Ex. 34. Mr. Fink was a Nebraska resident at the time he purchased his television. *Id*. ¶ 54, Ex. 35.

**New Mexico:**

14.    The parties stipulated, and the Court recognized Marylou Hilberg as the personal representative for Craig Stephenson's estate. *See* ECF No. 5927.  Prior to his death, Mr. Stephenson was the certified New Mexico Class Representative and purchased a MAG Technology monitor in 2001 from Best Buy in Albuquerque, New Mexico for his own use and not for resale. *See* Capurro Decl. ¶ 55, Ex. 36.  This monitor contained a CRT manufactured by Defendant Samsung SDI. *Id*. ¶ 56, Ex. 37.  Mr. Stephenson was a New Mexico resident at the time he purchased his monitor. *Id*. ¶ 57. Ex. 38.

**Nevada:**

15.    Nevada Class Representative Gregory Painter purchased an HP monitor on January 16, 2002 from Office Depot in Carson City, NV for his own use and not for resale. *See* Capurro Decl. ¶ 58, Ex. 39. This monitor most likely contained a CRT manufactured by Defendant Chunghwa. *Id*. ¶ 59, Ex. 40. Mr. Painter was a Nevada resident at the time he purchased his monitor. *Id.*

**New York:**

16.    New York Class representative Louise Wood purchased a Toshiba television on November 21, 2004 from Costco in Queens, New York for her own use and not for resale. *See* Capurro Decl. ¶ 60, Ex. 41. This television contained a CRT manufactured by Defendant Panasonic.  Alioto Decl., ¶5.a.  Ms. Wood was a New York resident at the time she purchased her television.  Capurro Decl. ¶ 62, Ex. 42.

**North Carolina:**

17.    North Carolina Class Representative Patricia Andrews purchased a Toshiba television on February 15, 2003 from Best Buy in Hickory, North Carolina for her own use and not for resale. *See* Capurro Decl. ¶ 63, Ex. 43.  This television contained a CRT manufactured by Defendant LG.Philips. *Id*. ¶ 64, Ex. 44.  Ms. Andrews was a North Carolina resident at the time she purchased her television. *Id*. ¶ 65, Ex. 45.

**North Dakota:**

18.     North Dakota Class Representative Gary Hanson purchased a Toshiba television in 2002 from Target, Best Buy, or Walmart in West Fargo, North Dakota for his own use and not for resale. *See* Capurro Decl. ¶ 66, Ex. 46. This television contained a CRT manufactured by Defendant Orion. *Id*. ¶ 67, Ex. 47.  Mr. Hanson also purchased a Dell monitor on or about March 30, 2003 from Dell.com and shipped to Fargo, North Dakota for his own use and not for resale. *Id*. ¶ 68, Ex. 48.  This monitor contained a CRT manufactured by Defendant Chunghwa. *Id*. ¶ 69, Ex. 49.  Mr. Hanson was a North Dakota resident at the time he purchased his televisions and monitors. *Id*. ¶ 66, Ex. 46.

**South Dakota:**

19.     South Dakota Class Representative Donna Ellingson-Mack purchased a Sharp television on October 18, 1999 from Rex TV in Rapid City, South Dakota for her own use and not for resale. *See* Capurro Decl. ¶¶ 70-71, Exs. 50 & 51. This television contained a CRT manufactured by Defendant Thomson. *Id*. ¶¶ 72-73, Exs. 52 & 53. Ms. Ellingson-Mack was a South Dakota resident at the time she purchased her television. *Id*. ¶ 71, Ex. 51

**Vermont:**

20.     Vermont Class Representative Margaret Slagle purchased a Magnavox television in or around December 2004 or early 2005 from Radio Shack in Essex or South Burlington, Vermont for her own use and not for resale. Capurro Decl. ¶¶ 74, 76, Exs. 54 & 55. This television contained a CRT manufactured by Defendant Chunghwa. Alioto Decl., ¶3. Ms. Slagle was a Vermont resident at the time she purchased her television. Capurro Decl. ¶ 75, Ex. 55.

**Washington D.C.**

21.     Washington, D.C. Class Representative Lawyer's Choice Suites, Inc. purchased a Dell monitor on March 20, 2006 from Dell.com for its own use and not for resale. Capurro Decl. ¶ 77, Ex. 56. Dell shipped the monitor to Washington, D.C.  *Id*. ¶ 79, Ex. 57.  This monitor contained a CRT manufactured by Defendant Chunghwa, LPD, or Samsung. Alioto Decl., ¶5.d.  Lawyer's

1   Choice Suites, Inc. was a Washington, D.C. resident at the time it purchased its monitor. Capurro

2   Decl. ¶ 80, Ex. 58.

3   **West Virginia:**

4        22.   West Virginia Class Representative John Larch purchased a Curtis Mathes

5   television on June 22, 2004 from K-Mart in Weirton, West Virginia for his own use and not for

6   resale. Capurro Decl. ¶ 81, Ex. 59.  This television contained a CRT manufactured by Defendant

7   Toshiba.  *Id.* ¶ 82, Ex. 60.  Mr. Larch was a West Virginia resident at the time he purchased his

8   television. *Id.* ¶ 83, Ex. 61.

9   **Wisconsin:**

10        23.   Wisconsin Class Representative Brigid Terry purchased a Toshiba television in

11   1998 from The Village in Janesville, Wisconsin for her own use and not for resale. Capurro Decl.

12   ¶¶ 84-85, Exs. 62 & 63. This television contained a CRT manufactured by Defendant Toshiba.  *Id.*

13   ¶ 86, Ex. 64.  Ms. Terry was a Wisconsin resident at the time she purchased her television.  *Id.* ¶

14   85, Ex. 63.

15   **V.    ARGUMENT**

16        Summary judgment is appropriate where the motion clearly seeks to pare down the issues

17   for trial. *See, e.g., Watson Laboratories, Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099,

18   1114 (C.D. Cal. 2001) (granting plaintiff's motion for summary judgment despite defendants'

19   affirmative defenses and noting that defendants "chose not to deal with Plaintiff's various

20   arguments"). Indeed, courts have noted that partial summary judgment may be properly granted

21   even when purported undisputed facts "could be disputed" if it helps to "narrow the issues for

22   trial". *Jones v. Koelling*, 214CV1372WBSDBP, 2018 WL 6025850, at *5 (E.D. Cal. Nov. 16,

23   2018) ("Undisputed facts 8, 9, and 10 are, according to defendant, in dispute. That does not mean

24   plaintiff's understanding of those facts is not accurate… plaintiff should not be forced to prove

25   facts that have been considered undisputed for months.").

26        Granting summary judgment as to the relevant facts pertaining to the Moving Plaintiffs'

27   standing is particularly appropriate where, as here, Classes have been certified after the facts

28

supporting the Moving Plaintiffs' standing were heavily litigated. This Court has already undertaken the considerable task of reviewing the extensive discovery record, as well as the rigorous analysis required to certify a class. This analysis required evaluating each potential class representative's adequacy including whether each representative "possess[es] the same interest and suffer[ed] the same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348–49 (2011) (internal citation omitted).

Indeed, while Irico was absent from the case, the other Defendants thoroughly investigated and questioned every fact relating to the Certified Class Representatives' standing at class certification, including the manufacturer of the CRT contained in the products on which their claims are based. *See* R&R at 13-15. IPPs provided extensive evidence supporting the Certified Class Representatives' standing including receipts, product manuals, deposition testimony and exhibits, documents produced by various defendants and third parties, discovery responses, and additional photographs and data provided by the Certified Class Representatives. *See generally* Alioto Reply Decl., ECF No. 1654-1. After a full briefing and oral argument on this very issue, the Interim Special Master issued the R&R finding in favor of the IPPs as to the adequacy, commonality, and standing of the Certified Class Representatives. *See* ECF No. 1742 at 14-15, 17-19, 39-48. Adopting this R&R, this Court noted in the Order granting IPP's class certification, "Defendants do not challenge the ISM's [Interim Special Master's] findings on ascertainability, numerosity, commonality, typicality, or adequacy of representation." ECF No. 1950 at 6.

Given that the 22 State Classes were certified based on the extensive evidentiary record existing in this case, which establishes the adequacy and standing of 21 of the Moving Plaintiffs, the Court need not, and should not, undergo duplicative analysis of the facts involving all Moving Plaintiffs at trial. Granting this motion will pare down the issues for trial by eliminating the need to enter hundreds of pages of records into evidence and provide testimony from the twenty-three (23) Moving Plaintiffs rehashing the facts already thoroughly reviewed by the Court and the Parties.

1   Other courts in this circuit have found that issues intertwined with class certification are

2   precluded from relitigation at trial. In *Mauro v. Fed. Exp. Corp*, the court barred the parties from

3   raising issues relating to the previously certified class, finding that all parties had a full and fair

4   opportunity to litigate the issue previously. *See Mauro v. Fed. Exp. Corp*., No. 08-cv-

5   8526DSF(PJWX), 2009 WL 1905036 at * 4 (C.D. Cal. June 18, 2009). *See also NEI Contracting*

6   *and Engineering, Inc. v. Hanson Aggregates Pacific Southwest, Inc*., 926 F.3d 528, 532 (9th Cir.

7   2019) ("[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the

8   court need never reach the class action issue.") (quoting *Lierboe v. State Farm Mut. Auto. Ins. Co*.,

9   350 F.3d 1018, 1022 (9th Cir. 2003)); *see also Ellis v. Experience Information Solutions, Inc*., No.

10  17-CV-07092-LHK, 2018 WL 3036682, at *5 (N.D. Cal. June 19, 2018) (finding that a named

11  plaintiff who lacks standing is necessarily an inadequate class representative and their claim is

12  necessarily atypical). This Court issued a judgment regarding the standing of the Certified Class

13  Representatives when it certified the 22 State Classes in 2013. *See* ECF No. 1950. As such, the

14  underlying facts that lead this Court to rule that the Certified Class Representatives were adequate

15  should be taken established for the purposes of trial.

16  As for the Substitute Class Representatives, as noted, the underlying facts remain the same

17  for two of them. Sandra Riebow purchased a Panasonic television containing an MTPD CRT

18  jointly with her late husband, Daniel Riebow, who was deposed before his death. Capurro Decl. ¶¶

19  9, 24-27, Exs. 9-12. Because the underlying facts of the purchase and the allegations of the claim

20  remain unchanged, Sandra Riebow has effectively undergone the same rigorous adequacy analysis

21  as part of class certification as her late husband. The same is true for Marylou Hilberg, who the

22  Parties stipulated, and this Court recognized as the personal representative for the late Craig

23  Stephenson's Estate. *See* ECF No. 5927. As a personal representative, Ms. Hilberg is representing

24  Mr. Stephenson's Estate based on his existing records and is not adding her own personal facts.

25  Capurro Decl. ¶¶ 9, 55-57, Exs. 36-38. The Court should therefore hold that there is no genuine

26  dispute as to any material fact relating to the standing of these Moving Plaintiffs.

27

28

Substitute Class Representatives Donna Ellingson-Mack and Gregory Painter have each provided evidence and verified discovery responses comparable to that of the Certified Class Representatives. Capurro Decl. ¶¶ 11, 58-59, 71-73, Exs. 39-40, 50-53. That evidence demonstrates that, during the Class Period, they each purchased a product containing a CRT manufactured or sold by Defendants or their co-conspirators for their own use and not for resale, and the purchases were made in their respective State while they were a resident of that State. Ms. Ellingson-Mack purchased a Sharp television containing a Thomson-manufactured CRT in 1999 (*id*., Exs. 50-53), and Mr. Painter purchased an HP monitor containing a Chunghwa-manufactured CRT in 2002 (*id*., Exs. 39 & 40). Irico chose not to depose these Substitute Class Representatives. *Id*. ¶ 11. Thus, it has no basis to question the evidence presented by them regarding their CRT product purchases and their standing as Class Representatives. Accordingly, this Court should likewise rule that there is no material question of fact regarding these Substitute Class Representatives' standing.

Based on the foregoing, this Court should grant IPPs' Motion for Partial Summary Judgment and rule that the facts supporting the 23 Moving Plaintiffs' standing are undisputed, and that IPPs are entitled to judgment as to the Moving Plaintiffs' standing as a matter of law. Summary judgment on the Moving Plaintiffs' standing at this stage of the litigation is reasonable considering that the facts supporting their standing have been thoroughly litigated and rigorously analyzed by the Court during the class certification stage. Summary judgment on the Moving Plaintiffs' standing will also greatly benefit the Classes, the Court, and the Parties because it will narrow the issues for trial and will eliminate the need for presentation of voluminous records, individual testimonies, and cross-examination of twenty-three Moving Plaintiffs at trial.

## VI.    CONCLUSION

The facts supporting the Moving Plaintiffs' adequacy and standing were heavily litigated and examined by the Court and the Parties, and the Court conclusively found that they support Plaintiffs' adequacy of the facts for nineteen (19) Moving Plaintiffs. IPPs hereby also submit for the Court's review comparable evidence supporting the four (4) Substitute Class Representatives' adequacy and standing. Irico chose not to depose the Moving Plaintiffs to form a reasonable basis

16

to contest the facts supporting their standing. Accordingly, because there is no genuine dispute as to any material fact relating to the Moving Plaintiffs' standing, IPPs respectfully request that this Court grant their Motion for Partial Summary Judgment and rule that the twenty-three (23) Moving Plaintiffs have standing as a matter of law to assert their claims against Irico at trial on their own behalf and on behalf of their respective State Classes.


Dated:  July 28, 2023                         By:  /s/ Mario N. Alioto

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

IPPS' NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CLASS REPRESENTATIVE STANDING; MPA IN SUPPORT THEREOF
Master File No. 07-CV-5944-JST; MDL NO. 1917