Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| **IN RE:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION** | Master File No. CV-07-5944-JST<br>MDL No. 1917 |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS<br>ALL DIRECT PURCHASER ACTIONS | **DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CLASS REPRESENTATIVE STANDING** |

I, Lauren C. Capurro, declare as follows:

1.      I am a partner with Trump, Alioto, Trump & Prescott, LLP, Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I am a member of the Bar of the State of California and admitted to practice before this Court. I make this declaration in support of the Indirect Purchaser Plaintiffs' ("IPPs") Motion for Partial Summary Judgment Regarding Class Representative Standing. The twenty-three (23) class representatives seeking summary judgment regarding their standing to assert their claims against Defendants Irico Group Corporation and Irico Display Co., Ltd. ("Irico") are referred to herein as the "Moving Plaintiffs." The nineteen (19) class representatives who were appointed by the Court as the representatives of their respective State Classes in 2013 (ECF No. 1950), are referred to herein as the "Certified Class Representatives." The four (4) class representatives who replaced the Certified Class Representatives for Hawaii, Nevada, New Mexico, and South Dakota are referred to herein as the "Substitute Class Representatives." Except where otherwise stated, the matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2.      IPPs filed multiple class action complaints against Defendants, including Defendants Irico Display Devices Co., Ltd. and Irico Group Corp. (collectively "Irico"), in federal courts throughout the country beginning in November 2007. *See, e.g., Figone v. LG Electronics, Inc., et al.,* No. 07-cv-6331 JST (ECF No. 1).

3.      The Judicial Panel on Multidistrict Litigation transferred all related indirect purchaser actions to the Northern District of California, where they were consolidated with similar class actions by DPPs and assigned to this Court as MDL No. 1917.

1

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CLASS REPRESENTATIVE STANDING

4. IPP Counsel filed their first Consolidated Amended Complaint ("CAC") on March 16, 2009. *See* ECF No. 437. After an unsuccessful motion to dismiss IPP's CAC (ECF Nos. 485, 665), Irico defaulted and disappeared from the litigation in 2010. *See* ECF Nos. 730, 732.

5. During Irico's absence, the other Defendants undertook extensive discovery of the Certified Class Representatives. Defendants received verified interrogatory responses, documents responsive to their requests for production, and they deposed the Certified Class Representatives at great time and financial expense to all Parties. At their depositions, Defendants had the opportunity to cross-examine the Certified Class Representatives and verify the evidence supporting their individual standing—namely, the evidence showing that during the Class Period (March 1, 1995 through November 25, 2007), they purchased relevant products containing CRTs manufactured or sold by Defendants or their alleged co-conspirators in their respective State, while a resident of that State, and the purchase was for their own use and not for resale.

6. On June 20, 2013, after full briefing and oral argument, the Interim Special Master Martin Quinn issued a Report and Recommendation (the "R&R") in which he recommended that the Court certify the 22 IPP State Classes and appoint the named plaintiffs as Class Representatives specifically rejecting Defendants' ascertainability and adequacy arguments. *See* ECF No. 1742 at 14-15. On September 24, 2013, this Court adopted the R&R. *See* ECF No. 1950.

7. The R&R appointed twenty-five named plaintiffs as Class Representatives (the "Certified Class Representatives"). Four of the Certified Class Representatives were replaced with new plaintiffs in September 2019. *See* ECF No. 5589.

8. Daniel Riebow, the Certified Class Representative for Hawaii, and Craig Stephenson, the Certified Class Representative for New Mexico, passed away in 2019. Daniel Riebow's widow, Sandra Riebow, and Craig's Stephenson's court-appointed personal representative, Marylou Hilberg (ECF No. 5927), were substituted in their respective places.

9. Sandra Riebow jointly purchased the CRT product on which Daniel Riebow had based his claim in this case. Similarly, as the personal representative of Craig Stephenson's Estate, Marylou Hilberg is asserting Craig Stephenson's claim, based on the same CRT product purchase, on behalf of his Estate. Therefore, the facts relating to these two Certified Class Representatives' standing did not change with the substitution.

10. Two additional plaintiffs, Donna Ellingson-Mack (SD) and Gregory Painter (NV), replaced the Class Representatives for South Dakota and Nevada, respectively. These four Moving Plaintiffs are referred to herein as the "Substitute Class Representatives."

11. Irico did not propound discovery to the Certified Class Representatives regarding their purchases of CRT Products, nor did it ever seek a re-examination of the Order appointing them as Certified Class Representatives. Irico propounded discovery requests to the Substitute Class Representatives, to which IPPs timely responded. The Substitute Class Representatives' responses were comparable to the discovery responses of Certified Class Representatives. Irico had ample time to propound further discovery and depose the Substitute Class Representatives, or request further discovery of the Certified Class Representatives. ECF Nos. 5907, 5925. Despite having had the opportunity to do so, Irico did not depose a single plaintiff.

12. Attached hereto as Exhibit 1 are true and correct copies of a receipt and interrogatory responses (Exs. 108 & 109 to deposition of Arizona Plaintiff Brian Luscher) showing that Arizona Class Representative Brian Luscher purchased a Philips television on August 15, 2001 from Costco in Tempe, AZ for his own use and not for resale.

13. Mr. Luscher's television contained a CRT manufactured by Defendant Samsung SDI. *See* Declaration of Mario N. Alioto in Support of Reply Brief in Support of Motion of Indirect-Purchaser Plaintiffs for Class Certification, ECF No. 1654-1 ("Alioto Reply Decl.") ¶5.e.

14. Attached hereto as Exhibit 2 is a true and correct copy of the Declaration of Brian Luscher in Support of Plaintiffs' Motion for Summary Judgment showing that Mr. Luscher was an Arizona resident at the time he purchased his television.

15. Attached hereto as Exhibit 3 are true and correct copies of the receipts and interrogatory responses (Exs. 69, 72, & 73 to deposition of California Plaintiff Steven Ganz) showing that California Class Representative Steven Ganz purchased a Philips television on May 22, 2001 from Costco in San Francisco, California, and a Toshiba television on May 2, 2005 from Best Buy in Colma, California for his own use and not for resale.

16. The Philips television purchased by Mr. Ganz contained a CRT manufactured by Defendant Philips. Alioto Decl., ¶3. The Toshiba television also purchased by Mr. Ganz contained a CRT manufactured by Philips. *Id*.

17. Attached hereto as Exhibit 4 is a true and correct copy of excerpts from the transcript of the deposition of Steven Ganz taken in this matter on April 4, 2012 showing that Mr. Ganz was a California resident at the time he purchased his televisions.

18. Attached hereto as Exhibit 5 are true and correct copies of interrogatory responses and photographs (Exs. 505-507 to deposition of Jeffrey Figone) showing that California Class Representative Jeffrey Figone purchased a Sharp television in 1999 or 2000 from Costco in Novato, California and two Panasonic televisions in 2002 or 2003 from Target in Novato California for his own use and not for resale.

19. Mr. Figone's Sharp television contained a CRT manufactured by Defendant Chunghwa. Alioto Decl., ¶5.c Mr. Figone's Panasonic televisions contained CRTs manufactured by Defendant Panasonic. *Id*.

20. Attached hereto as Exhibit 6 is a true and correct copy of excerpts from the transcript of the deposition of California Class Representative Jeffrey Figone taken in this matter

4

DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING CLASS REPRESENTATIVE STANDING

on October 19, 2012 showing that Mr. Figone was a California resident at the time he purchased his televisions.

21. Attached hereto as Exhibit 7 are true and correct copies of receipts (Exs. 594 & 595 to deposition of David Rooks) and interrogatory responses showing that Florida Class Representative David Rooks purchased a Panasonic television on September 1, 2001 from Circuit City in Daytona Beach, Florida for his own use and not for resale.

22. Mr. Rooks' television contained a CRT manufactured by Defendant Panasonic. Alioto Reply Decl., ¶5.b.

23. Attached hereto as Exhibit 8 is a true and correct copy of excerpts from the transcript of the deposition of Florida Class Representative David Rooks taken in this matter on November 30, 2012 showing that Mr. Rooks was a Florida resident at the time he purchased his television.

24. Attached hereto as Exhibit 9 are true and correct copies of the interrogatory responses, a receipt, photographs (Exs. 95, 100, & 101 to deposition of Daniel Riebow) and Indirect Purchaser Plaintiff Sandra Riebow's Objections and Responses to Defendant Irico Group Corp. and Irico Display Devices Co., Ltd.'s First Set of Interrogatories showing that Hawaii Class Representative Sandra Riebow, who now steps in place of her late husband Daniel Riebow, jointly purchased with her late husband Daniel Riebow a Panasonic television on April 22, 2004 from Sears in Hawaii for their own use and not for resale.

25. Attached hereto as Exhibit 10 are true and correct copies of photographs (CRT001132-133) showing that the CRT contained in the Panasonic television purchased by Sandra Riebow is model M68LGL061XA. Defendant data shows that the model M68LGL061XA is manufactured by Defendant MT Picture Display Co., Ltd. ("MTPD").

26. Attached hereto as Exhibit 11 is a true and correct copy of a document produced by Defendant MTPD bearing bates number MTPD-0086354 showing that model M68LGL061XA contained in Mrs. Riebow's Panasonic television is manufactured by Defendant MTPD.

27. Attached hereto as Exhibit 12 is a true and correct copy of excerpts from the transcript of the deposition of the late Hawaii Class Representative Daniel Riebow taken in this matter on April 17, 2012 showing that Sandra and Daniel Riebow were Hawaii residents at the time they purchased their television.

28. Attached hereto as Exhibit 13 are true and correct copies of interrogatory responses and a photograph (Exs. 170 & 172 to deposition of Travis Burau) showing that Iowa Class Representative Travis Burau purchased a TruTech television in 2006 from Target in Cedar Rapids, Iowa for his own use and not for resale.

29. Attached hereto as Exhibit 14 is a true and correct copy of a photograph (Ex. 173 to deposition of Travis Burau) showing that the CRT contained in the TruTech television purchased by Mr. Burau is manufactured by Defendant Chunghwa.

30. Attached hereto as Exhibit 15 is a true and correct copy of excerpts from the transcript of the deposition of Iowa Class Representative Travis Burau taken in this matter on June 8, 2012 also showing the purchase of the TruTech television as well as showing that Mr. Burau was an Iowa resident at the time of his purchase.

31. Attached hereto as Exhibit 16 is a true and correct copy of interrogatory responses (Ex. 354 to deposition of Tony McKee) showing that Kansas Class Representative Southern Office Supply purchased multiple monitors between 2000 and 2003 from Elite Technology in Kansas City, KS for its own use and not for resale.

32. Attached hereto as Exhibit 17 is a true and correct copy of excerpts from the transcript of the deposition of Kansas Class Representative Southern Office Supply taken in this matter on June 8, 2012 showing that the monitors it purchased were shipped to Southern Office Supply's Liberal, KS location and that Southern Office Supply was a Kansas resident at the time it purchased its monitors.

33. Attached hereto as Exhibit 18 are true and correct copies of emails and photographs (Exs. 355, 357, & 358 to deposition of Tony McKee) showing that the monitors purchased by Kansas Class Representative Southern Office Supply contained CRTs manufactured by Defendants Chunghwa, Toshiba, and Orion Electric Co., Ltd.

34. Attached hereto as Exhibit 19 are true and correct copies of a receipt and interrogatory responses (Exs. 28, 55, & 62 to deposition of Kerry Lee Hall) showing that Maine Class Representative Kerry Hall purchased a Series LXI television on March 25, 2001 from Sears in Belfast, Maine for her own use and not for resale.

35. Attached hereto as Exhibit 20 is a true and correct copy of excerpts from the transcript of the deposition of Maine Class Representative Kerry Hall taken in this matter on March 21, 2012 also showing that Ms. Hall's purchase of the television was made in Belfast, Maine and that Ms. Hall was a Maine resident at the time of her purchase.

36. Ms. Hall's television contained a CRT manufactured by Defendant Samtel. Alioto Decl., ¶4.c.

37. Attached hereto as Exhibit 21 is a true and correct copy of New Indirect Purchasers' Objections and Responses to Defendant Samsung SDI Co, LTD.'s First Set of Interrogatories (Ex. 84 to deposition of Lisa Reynolds) showing that Michigan Class Representative Lisa Reynolds purchased three JVC televisions during the class period from ABC Warehouse in Kentwood, Michigan.

38. Two of Ms. Reynolds' televisions contained CRTs manufactured by Defendant Thomson. Alioto Decl. ¶4.d.

39. Attached hereto as Exhibit 22 is a true and correct copy of excerpts from the transcript of the deposition of Michigan Class Representative Lisa Reynolds taken in this matter on April 13, 2012 and Ex. 84 thereto showing that Ms. Reynolds was a Michigan resident at the time she purchased her televisions and that the JVC televisions were purchased for her own use and not for resale.

40. Attached hereto as Exhibit 23 is a true and correct copy of a photograph (Ex. 14 to deposition of Barry Kushner) showing that Minnesota Class Representative Barry Kushner purchased a Toshiba television in 1996 from a store located in Minnesota.

41. Mr. Kushner's Toshiba television contained a CRT manufactured by Defendant Toshiba. Alioto Decl., ¶3.

42. Attached hereto as Exhibit 24 are true and correct copies of a receipt and interrogatory responses (Exs. 17 & 28 to deposition of Barry Kushner) showing that Mr. Kushner also purchased a Philips Magnavox television on March 22, 2000 from Best Buy in Inver Grove Heights, Minnesota for his own use and not for resale.

43. Mr. Kushner's Philips Magnavox television contained a CRT manufactured by Defendant Philips. Alioto Decl., ¶3.

44. Attached hereto as Exhibit 25 is a true and correct copy of excerpts from the transcript of the deposition of Minnesota Class Representative Barry Kushner taken in this matter on March 2, 2012 showing that Mr. Kushner was a Minnesota resident at the time he purchased the televisions.

45. Attached hereto as Exhibit 26 is a true and correct copy of interrogatory responses (Ex. 438 to deposition of David Norby) showing that Minnesota Class Representative David

Norby purchased a Magnavox television in January 2006 from Target in Woodbury, Minnesota for his own use and not for resale.

46.     Attached hereto as Exhibit 27 are true and correct copies of photographs (Ex. 443 & 444 to deposition of David Norby) showing that the CRT contained in Mr. Norby's Magnavox television is manufactured by Defendant LG.Philips Displays.

47.     Attached hereto as Exhibit 28 is a true and correct copy of excerpts from the transcript of the deposition of Minnesota Class Representative David Norby taken in this matter on October 19, 2012 showing that Mr. Norby was a Minnesota resident when he purchased his Magnavox television in January 2006 from Target in Woodbury, Minnesota.

48.     Attached hereto as Exhibit 29 are true and correct copies of photographs (Exs. 534-539 & 542-544 to deposition of Charles Jenkins) showing that Mississippi Class Representative Charles Jenkins purchased a Durabrand television and a Packard Bell monitor.

49.     Attached hereto as Exhibit 30 is a true and correct copy of excerpts from the transcript of the deposition of Mississippi Class Representative Charles Jenkins taken in this matter on November 14, 2012 and Ex.533 thereto showing that Mr. Jenkins purchased the Durabrand television in June 2005 from Walmart in Columbus, Mississippi, and the Packard Bell monitor in November 2007 from Rex's in Columbus, Mississippi, both products for his own use and not for resale, and that he was a Mississippi resident at the time of his purchases.

50.     Attached hereto as Exhibit 31 are true and correct copies of photographs (Exs. 540 & 541 to deposition of Charles Jenkins) showing that the CRT contained in Mr. Jenkins' Durabrand television is manufactured by Defendant Orion Electric Co., Ltd.

51.     Attached hereto as Exhibit 32 are true and correct copies of photographs (Exs. 546 & 547 to deposition of Charles Jenkins) showing that the CRT contained in Mr. Jenkins' monitor is manufactured by Defendant Chunghwa.

9

52. Attached hereto as Exhibit 33 are true and correct copies of interrogatory responses, signed verification, and a receipt (Exs. 583 & 589 to deposition of Steve Fink) showing that Nebraska Class Representative Steve Fink purchased a Toshiba television on March 14, 2004 from Nebraska Furniture Mart in Omaha, Nebraska for his own use and not for resale.

53. Attached hereto as Exhibit 34 are true and correct copies of photographs (Exs. 590 to deposition of Steve Fink) showing that the CRT contained in Mr. Fink's Toshiba television is manufactured by Defendant Toshiba.

54. Attached hereto as Exhibit 35 is a true and correct copy of excerpts from the transcript of the deposition of Steve Fink taken in this matter on November 28, 2012 showing that Mr. Fink was a Nebraska resident at the time of his purchase.

55. Attached hereto as Exhibit 36 is a true and correct copy of interrogatory responses (Ex. 115 to deposition of Craig Stephenson) showing that the Estate of New Mexico Class Representative Craig Stephenson, now represented by a court-appointed personal representative Marylou Hilberg (ECF No. 5927), purchased a MAG Technology monitor in 2001 from Best Buy in Albuquerque, New Mexico for his own use and not for resale.

56. Attached hereto as Exhibit 37 are true and correct copies of photographs (Ex. 121 to deposition of Craig Stephenson) showing that the CRT contained in Mr. Stephenson's monitor was manufactured by Defendant Samsung SDI Co., Ltd.

57. Attached hereto as Exhibit 38 is a true and correct copy of excerpts from the transcript of the deposition of Craig Stephenson taken in this matter on April 26, 2012 showing that Mr. Stephenson was a New Mexico resident at the time of his purchase.

58. Attached hereto as Exhibit 39 is a true and correct copy of Indirect Purchaser Plaintiff Gregory Painter's Objections and Responses to Defendant Irico Group Corp. and Irico Display Devices Co., Ltd.'s First Set of Interrogatories showing that the Nevada Class

Representative Gregory Painter purchased an HP monitor on January 16, 2002 from Office Depot in Carson City, NV for his own use and not for resale.

59. Attached hereto as Exhibit 40 is a true and correct copy of Declaration of Gregory Painter in Support of Plaintiffs' Motion for Summary Judgment showing that Mr. Painter's monitor most likely would have contained a CRT manufactured by Defendant Chunghwa and that Mr. Painter was a Nevada resident at the time he purchased his monitor.

60. Attached hereto as Exhibit 41 are true and correct copies of a receipt and interrogatory responses (Exs. 382, 383, & 391 to deposition of Louise Wood) showing that the New York Class Representative Louise Woods purchased a Toshiba television on November 21, 2004 from Costco in Queens, New York for her own use and not for resale.

61. Ms. Wood's television contained a CRT manufactured by Defendant Panasonic. Alioto Decl., ¶5.a.

62. Attached hereto as Exhibit 42 is a true and correct copy of excerpts from the transcript of the deposition of Louise Woods taken in this matter on October 15, 2012 showing that Ms. Woods was a New York resident at the time she purchased her television.

63. Attached hereto as Exhibit 43 is a true and correct copy of interrogatory responses (Exs. 520 & 527 to deposition of Patricia Andrews) showing that the North Carolina Class Representative Patricia Andrews purchased a Toshiba television on February 15, 2003 from Best Buy in Hickory, North Carolina for her own use and not for resale.

64. Attached hereto as Exhibit 44 are true and correct copies of photographs (Ex. 525 to deposition of Patricia Andrews) showing that the CRT contained in Ms. Andrews' Toshiba television was manufactured by Defendant LG.Philips Display.

65. Attached hereto as Exhibit 45 is a true and correct copy of excerpts from the transcript of the deposition of Patricia Andrews taken in this matter on November 7, 2012 showing that Ms. Andrews was a North Carolina resident at the time she purchased her television.

66. Attached hereto as Exhibit 46 is a true and correct copy of excerpts from the transcript of the deposition of Gary Hanson taken in this matter on May 4, 2012 showing that North Dakota Class Representative Gary Hanson purchased a Toshiba television in 2002 from Target, Best Buy, or Walmart in West Fargo, North Dakota and that he was a North Dakota resident at the time he purchased his televisions and monitors.

67. Attached hereto as Exhibit 47 are true and correct copies of photographs (Ex. 131 to deposition of Gary Hanson) showing that the CRT contained in Mr. Hanson's Toshiba television was manufactured by Defendant Orion.

68. Attached hereto as Exhibit 48 are true and correct copies of interrogatory responses and purchase records (Exs. 123 & 128 to deposition of Gary Hanson) showing that Mr. Hanson also purchased at least one Dell monitor on or about March 30, 2003 from Dell.com and shipped to Fargo, North Dakota for his own use and not for resale.

69. Attached hereto as Exhibit 49 are true and correct copies of photographs (Ex. 130 to deposition of Gary Hanson) showing that the CRT contained in Mr. Hanson's Dell Monitor was manufactured by Defendant Chunghwa.

70. Attached hereto as Exhibit 50 are true and correct copies of a purchase record and operations manual (CRT000525 & CRT000526-561) and interrogatory responses showing that the South Dakota Class Representative Donna Ellingson-Mack purchased a Sharp television on October 18, 1999 from Rex TV in Rapid City, South Dakota for her own use and not for resale.

71. Attached hereto as Exhibit 51 is a true and correct copy of Declaration of Donna Ellingson-Mack in Support of Plaintiffs' Motion for Summary Judgment showing that Ms.

Ellingson-Mack was a South Dakota resident at the time she purchased her television in Rapid City, South Dakota.

72. Attached hereto as Exhibit 52 is a true and correct copy of a service manual (CRT001395) showing the model number of the CRT contained in Ms. Ellingson-Mack's television.

73. Attached hereto as Exhibit 53 is a true and correct copy of a Defendant Sharp's purchase data titled 2012.11.28 12_98 - 3_01 CRT Purchase Data_Replacement.xlsx produced in this matter showing that the model number of the CRT contained in Ms. Ellingson-Mack's television (as shown by Exhibit 52) was manufactured by Defendant Thomson.

74. Attached hereto as Exhibit 54 are true and correct copies of a photograph and Indirect Purchaser Plaintiffs' Amended and Supplemental Objections and Responses to Defendant Samsung SDI's First Set of Interrogatories (Exs. 51 & 52 to deposition of Margaret Slagle) showing that the Vermont Class Representative Margaret Slagle purchased a Magnavox television in or around December 2004 or early 2005 from Radio Shack in Essex or South Burlington, Vermont for her own use and not for resale.

75. Ms. Slagle's television contained a CRT manufactured by defendant Chunghwa. Alioto Decl., ¶3.

76. Attached hereto as Exhibit 55 is a true and correct copy of excerpts from the transcript of the deposition of Margaret Slagle taken in this matter on March 20, 2012 showing that Ms. Slagle was a Vermont resident at the time she purchased her television.

77. Attached hereto as Exhibit 56 are true and correct copies of purchase record and interrogatory responses (Exs. 367 & 373 to 30(b)(6) deposition of Lawyer's Choice Suites, Inc. (Alvin Guttman)) showing that the Washington, D.C. Class Representative Lawyer's Choice

Suites, Inc. purchased a Dell monitor on March 20, 2006 from Dell.com for its own use and not for resale.

78. The Dell purchased by Lawyer's Choice Suites, Inc. monitor contained a CRT manufactured by defendant Chunghwa, LPD, or Samsung. Alioto Decl., ¶5.d.

79. Attached hereto as Exhibit 57 are true and correct copies of shipping records (Exs. 368 & 369) showing that Dell.com shipped the monitor to Lawyer's Choice Suites, Inc. in Washington, D.C.

80. Attached hereto as Exhibit 58 is a true and correct copy of excerpts from the transcript of the deposition of Alvin Guttman taken in this matter on October 11, 2012 showing that Lawyer's Choice Suites, Inc. was a Washington, D.C. resident at the time it purchased its monitor.

81. Attached hereto as Exhibit 59 are true and correct copies of Indirect Purchaser Plaintiffs' Responses to Defendant Samsung SDI's First Set of Interrogatories and a receipt (Exs. 145 & 146 to deposition of John Larch) showing that the West Virginia Class Representative John Larch purchased a Curtis Mathes television on June 22, 2004 from K-Mart in Weirton, West Virginia for his own use and not for resale.

82. Attached hereto as Exhibit 60 are true and correct copies photographs (Exs. 149 & 150 to deposition of John Larch) showing that the television purchased by Mr. Larch contained a CRT manufactured by Defendant Toshiba.

83. Attached hereto as Exhibit 61 is a true and correct copy of excerpts from the transcript of the deposition of John Larch taken in this matter on June 1, 2012 showing that Mr. Larch was a West Virginia resident at the time he purchased his television.

84. Attached hereto as Exhibit 62 is a true and correct copy of interrogatory responses (Ex. 425 to deposition of Brigid Terry) showing that the Wisconsin Class Representative Brigid

Terry purchased a Toshiba television in 1998 from The Village in Janesville, Wisconsin for her own use and not for resale.

85. Attached hereto as Exhibit 63 is a true and correct copy of excerpts from the transcript of the deposition of Brigid Terry taken in this matter on October 17, 2012 showing that Ms. Terry was a Wisconsin resident at the time she purchased her television.

86. Attached hereto as Exhibit 64 is a true and correct copy of a photograph (Ex. 431 to deposition of Brigid Terry) showing that the CRT contained in Ms. Terry's television was manufactured by Defendant Toshiba.

87. Attached hereto as Exhibit 65 is Table 1 identifying the 22 Certified States and their respective Class Representatives.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of July 2023 in Novato, California.

                                                */s/ Lauren Capurro*
                                                Lauren Capurro