# EXHIBIT 11

CONFIDENTIAL

**MTPDA CRT Discontinue study List**

revise  6/30 2004  8/3 2004

SET Production base

### M68LGL061XA

| | 1st half | demand cost | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CT-27E13G | $82 | $78 | | | | | | | 800 | 1,000 | 500 | 0 | 1,000 | 500 | 425 | 1,000 | 1,500 | 1,500 | 8,225 |
| CT-2722HEM | $82 | $78 | | | | | | | 800 | | | 2,000 | 1,500 | | 1,000 | | 1,000 | | 6,300 |
| CT-2788YDM | $82 | $78 | | | | | | | 300 | 250 | 100 | 200 | 200 | 100 | 200 | 200 | 250 | | 1,800 |
| CT-2789VYDM | $82 | $78 | | | | | | | 350 | 200 | 200 | 200 | 200 | 200 | 100 | 200 | 100 | | 1,750 |
| | | | | | | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | | | | | | 0 |
| **Total** | | | | | | | | | 2,250 | 1,450 | 800 | 2,400 | 2,900 | 800 | 1,725 | 1,400 | 2,850 | 1,500 | 18,075 |
| 8/3 global release base rivice | | | | | | | | | 1,728 | 2,880 | 2,880 | 4,032 | 2,304 | 576 | 1,725 | 1,400 | 2,850 | 1,500 | 21,875 |
| 9/10 global release base rivice | | | | | | | | | | | 1,728 | 4,032 | 2,880 | 1,728 | 1,728 | 1,152 | | | 20,723 |

27V ラウント

**CONDITION**

Final number present — Jun/End/2004

### M68LGL082XA

| | 1st half | demand cost | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CT-G2974J | $82 | $78 | | | | | | | 2,586 | 3,524 | 3,269 | 3,450 | 2,338 | 2,590 | 3,820 | 3,200 | 2,510 | | 27,287 |
| CT-G2974LJ | $82 | $78 | | | | | | | 624 | 780 | 1,842 | 1,640 | 780 | 864 | 780 | 1,460 | 780 | | 9,550 |
| | | | | | | | | | | | | | | | | | | | 0 |
| | | | | | | | | | | | | | | | | | | | 0 |
| | | | | | | | | | 3,210 | 4,304 | 5,111 | 5,090 | 3,118 | 3,454 | 4,600 | 4,660 | 3,290 | 0 | 36,837 |
| 8/3 global release base rivice | | | | | | | | | 1,728 | 2,304 | 2,880 | 4,608 | 3,456 | 3,454 | 4,600 | 4,660 | 3,290 | 0 | 30,980 |
| 9/10 global release base rivice | | | | | | | | | | | 2,880 | 5,176 | 2,304 | 3,456 | 4,032 | | | | |

27V ラウント

**CONDITION**

Final number present — Jun/End/2004

### M68LZP195X

| | 1st half | demand cost | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CT-27SL14J | $94 | $88 | | | | | | | 23,000 | 22,610 | 29,400 | 26,250 | 25,500 | 22,000 | 16,100 | 500 | 25,000 | 32,000 | 222,360 |
| CT-27SL14UJ | $94 | $88 | | | | | | | | | | | | | | | | | 0 |
| CT-27SC14MJ | $94 | $88 | | | | | | | 11,047 | 18,279 | 15,644 | → samsung へ切替 | | | | | | | 44,970 |
| | | | | | | | | | | | | | | | | | | | 0 |
| | | | | | | | | | 34,047 | 40,889 | 45,044 | 26,250 | 25,500 | 22,000 | 16,100 | 500 | 25,000 | 32,000 | 267,330 |
| 8/3 global release base rivice | | | | | | | | | 40,800 | 45,600 | 41,280 | 26,250 | 25,500 | 22,000 | 16,100 | 500 | 25,000 | 32,000 | 275,030 |
| 9/10 global release base rivice | | | | | | | | | | | 27,840 | 24,000 | 22,080 | 13,920 | 11,520 | | | | |

27V フラット

**CONDITION**

Rough number present — Jul/End/2004
Final number present — Sep/End/2004
Final production — Dec/End/2004

### A90LSW095X

| | 1st half | demand cost | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CT-36SL14J | $300 | $300 | | | | | | | 120 | 115 | 500 | 500 | 483 | 250 | 250 | 100 | 0 | 0 | 2,318 |
| CT-36HL44J | $368 | $368 | | | | | | | 0 | 550 | 550 | 550 | 355 | | | | | | 2,005 |
| | | | | | | | | | | | | | | | | | | | 0 |
| | | | | | | | | | 120 | 665 | 1,050 | 1,050 | 838 | 250 | 250 | 100 | 0 | 0 | 4,323 |
| 8/3 global release base rivice | | | | | | | | | 120 | 665 | 1,050 | 1,050 | 838 | 250 | 250 | 100 | 0 | 0 | 4,323 |
| 9/10 global release base rivice | | | | | | | | | | | 228 | 744 | 912 | 228 | 456 | | | | |

36V SST フラット

**CONDITION**

Rough number present — Jul/End/2004
Final number present — Sep/End/2004
Final production — Dec/End/2004

### M80LSW095X

| | 1st half | demand cost | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CT-32HC14J | $222 | $210 | | | | | | | 621 | 548 | 596 | 741 | 999 | 0 | 500 | 0 | 2,000 | 2,000 | 8,005 |
| CT-32HC14UJ | $222 | $210 | | | | | | | | | | | | | | | | | 0 |
| CT-32HL44J | $222 | $210 | | | | | | | 248 | 971 | 800 | 1,207 | 831 | 600 | 200 | 0 | 1,000 | 1,000 | 6,857 |
| CT-32HL44UJ | $222 | $210 | | | | | | | | | | | | | | | | | |
| CT-32HXC14J | $222 | $210 | | | | | | | 4,000 | 2,565 | 3,396 | 3,200 | 2,683 | 1,500 | 100 | 0 | 4,000 | 2,000 | 23,444 |
| CT-32SC14J | $200 | $190 | | | | | | | 800 | 2,322 | 2,390 | 2,450 | 4,050 | 1,050 | 1,000 | 0 | 3,500 | 2,000 | 19,562 |
| CT-32SL14J | $180 | $170 | | | | | | | 3,850 | 9,394 | 9,250 | 9,100 | 10,256 | 11,000 | 5,650 | 350 | 1,000 | 2,000 | 61,850 |
| CT-F3444XJ | $200 | $190 | | | | | | | 320 | 370 | 400 | 650 | 500 | 400 | 200 | 300 | 600 | 500 | 4,240 |

32V SST フラット

**CONDITION**

Rough number present — Jul/End/2004
Final number present — Sep/End/2004
Final production — Dec/End/2004

| | | | | | | | | | | | | | | | | | | 0 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | 9,839 | 16,170 | 16,832 | 17,348 | 19,319 | 14,550 | 7,650 | 650 | 12,100 | 9,500 | 123,958 |
| 8/3 global release base rivice | | | | | | | | | 9,839 | 16,170 | 16,832 | 17,348 | 19,319 | 14,550 | 7,650 | 650 | 12,100 | 9,500 | 123,958 |
| 9/10 global release base rivice | | | | | | | | | | | 13,464 | 17,952 | 16,896 | 15,084 | 8,976 | | | | |

2004 8/3  PVCA chenge quantity  yellow sell data.

# EXHIBIT 12

1            UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3             SAN FRANCISCO DIVISION

4

5  In re:  CATHODE RAY TUBE (CRT) )
   ANTITRUST LITIGATION           )
6                                  )
                                   )
7  _____) Case No. 07-5944 SC
                                   )
8  This Document Relates to:       ) MDL No. 1917
                                   )
9  ALL ACTIONS                     )
   _____)

10

11

12

13

14

15       Videotaped deposition of DANIEL RIEBOW, taken

16  on behalf of the Defendants, at 820 Mililani Street,

17  Suite 701, Honolulu, Hawaii, beginning at 10:06 a.m.

18  and ending at 12:59 p.m., on Tuesday, April 17, 2012,

19  before JOANNA B. BROWN, Certified Shorthand Reporter

20  No. 8570.

21

22

23

24

25

Daniel Riebow

**BARKLEY**
Court Reporters

1       A     I believe it was three years.

2       Q     How long have you lived in Honolulu all total,

3     continuously?

4       A     Thirty-three years.

10:12  5      Q     Do you have any plans to move away from

6     Hawaii?

7       A     I do not.

8       Q     Do you own a car?

9       A     Yes, I do.

10:12  10     Q     Is it registered in Hawaii?

11      A     Yes, it is.

12      Q     Do you pay taxes in Hawaii?

13      A     Yes, I do.

14      Q     Do you pay taxes in any other state?

10:12  15     A     No, I do not.

16      Q     Are you registered to vote?

17      A     Yes, I am.

18      Q     Are you registered in Hawaii?

19      A     Yes, I am.

10:12  20     Q     Are you registered to vote in any other state?

21      A     No.

22      Q     Can you just give me a thumbnail sketch of

23     your educational background?

24      A     I have a two-year degree and probably an equal

10:13  25     number of credits beyond that but no degree.


14

BARKLEY
Court Reporters

# EXHIBIT 13

Produced on 9/7/11

SAMSUNG EXHIBIT A10

**PLAINTIFF TRAVIS BURAU**

Travis Burau
6803 Inwood Lane NE
Cedar Rapids, IA 52402

David Syrios
ADEMI & O'REILLY
3620 East Layton Ave.
Cudahy, WI 53110

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022



10

———————————— Produced on 9/7/11 ————————————

**SAMSUNG EXHIBIT B10**

**PLAINTIFF TRAVIS BURAU**

1.  **CRT PRODUCT:** TruTech television

2.  **DATE OF PURCHASE:** Approximately 2006

3.  **LOCATION of PURCHASE:** Target - Cedar Rapids, IA

4.  **PERSONS INVOLVED IN PURCHASE:**  Travis Burau (plaintiff)

5.  **PRICE:** $200 (approximately)

6.  **TAXES/FEES:**  The standard sales tax was applied to the purchase of the television.

7.  **BUNDLE:**   The television was not purchased as part of a bundle or system.

8.  **WARRANTIES:**  None other than any standard manufacturers' warranties.

9.  **PURPOSE of PURCHASE:**  Personal use.

See also CRT000372.

——————————— Produced on 9/7/11 ———————————

**SAMSUNG EXHIBIT D10**

**PLAINTIFF TRAVIS BURAU**

**CRTs**: Mr. Burau does not believe he reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

**CRT Products**: Mr. Burau has reviewed advertisements in the Cedar Rapids Gazette for CRT products. He also believes he probably reviewed other advertisements for CRT products in various newspapers and online during the relevant time period. Mr. Burau does not have specific recollection of the contents of any of the advertisements he saw.

———————————————— Produced on 9/7/11 ————————————————

**SAMSUNG EXHIBIT E10**

**PLAINTIFF TRAVIS BURAU**

Mr. Burau purchased a Dell Flat Screen Monitor during the relevant time period.  He purchased the Flat Screen Monitor because it was an upgrade as part of a computer package purchased from Dell.  Mr. Burau may have purchased other non-CRT televisions or computer monitors during the relevant time period, but cannot state with certainty.

10



CRT000372

# EXHIBIT 14





EXHIBIT

173

# EXHIBIT 15

Travis Burau

```
                UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
                    SAN FRANCISCO DIVISION

               MASTER FILE NO. CV-07-5944 SC
                       MDL NO. 1917

IN RE:  CATHODE RAY TUBE (CRT)          )
ANTITRUST LITIGATION                    )
                                        )
_____ )
                                        )
THIS DOCUMENT RELATES TO:  ALL          )
INDIRECT PURCHASER ACTIONS              )
```

---------------------------------------------

ORAL AND VIDEOTAPED DEPOSITION OF

TRAVIS BURAU

June 8, 2012

---------------------------------------------

ORAL AND VIDEOTAPED DEPOSITION OF TRAVIS

BURAU, produced as a witness at the instance of the

Hitachi Defendants, and duly sworn, was taken in the

above-styled and -numbered cause on the 8th day of June,

2012, from 9:02 a.m. to 11:16 a.m., before Ronald R.

Cope, a CSR in and for the State of Texas, Registered

Professional Reporter and Certified Realtime Reporter,

reported by machine shorthand at the offices of Morgan,

Lewis & Brokius, LLP, 1717 Main Street, Suite 3200,

Dallas, Texas 75201, pursuant to the Federal Rules of

Civil Procedure and the provisions stated on the record

or attached hereto.

1

**Travis Burau**

| | | |
|---|---|---|
| 10:11:09 | 1 | A.   The TruTech. |
| 10:11:14 | 2 | Q.   And that was a television or monitor? |
| 10:11:16 | 3 | A.   A television. |
| 10:11:16 | 4 | Q.   And approximately when did you purchase that |
| 10:11:19 | 5 | TruTech television? |
| 10:11:20 | 6 | A.   It was in 2006. |
| 10:11:22 | 7 | Q.   Okay.  Did you ever resell any of the products |
| 10:11:25 | 8 | that you purchased containing a CRT? |
| 10:11:29 | 9 | A.   I don't think I've ever sold one, no.  I've |
| 10:11:33 | 10 | given them away before. |
| 10:11:36 | 11 | Q.   So the TruTech television that you purchased |
| 10:11:38 | 12 | that's the subject of your claims, what size screen, |
| 10:11:42 | 13 | approximately, is that television? |
| 10:11:43 | 14 | A.   I believe it's a 13-inch, but that's -- could |
| 10:11:47 | 15 | be smaller. |
| 10:11:48 | 16 | Q.   Okay.  And where did you purchase that |
| 10:11:52 | 17 | television? |
| 10:11:53 | 18 | A.   At Target. |
| 10:11:55 | 19 | Q.   And where was that Target located? |
| 10:11:58 | 20 | A.   In Cedar Rapids, Iowa. |
| 10:12:00 | 21 | Q.   Do you remember approximately when you |
| 10:12:01 | 22 | purchased that TV? |
| 10:12:03 | 23 | A.   Spring/summertime of 2006. |
| 10:12:13 | 24 | Q.   Were you living in Cedar Rapids, Iowa, at the |
| 10:12:17 | 25 | time you purchased it? |

45

**Travis Burau**

| | | |
|---|---|---|
| 10:12:18 | 1 | A.   Yes. |
| 10:12:21 | 2 | Q.   And why did you purchase the television? |
| 10:12:24 | 3 | A.   Just for an extra television for a spare |
| 10:12:27 | 4 | bedroom. |
| 10:12:27 | 5 | Q.   You use it in your home? |
| 10:12:29 | 6 | A.   Yes. |
| 10:12:31 | 7 | Q.   How much did you pay for that television? |
| 10:12:33 | 8 | A.   Around $200. |
| 10:12:36 | 9 | Q.   Did you keep the receipt for that television |
| 10:12:41 | 10 | purchase? |
| 10:12:41 | 11 | A.   No, I did not. |
| 10:12:43 | 12 | Q.   Okay.  So is it fair to say that you don't know |
| 10:12:46 | 13 | the exact price of what you paid for the TruTech |
| 10:12:49 | 14 | television? |
| 10:12:50 | 15 | A.   No.  It would be within -- like $20 of $200. |
| 10:12:56 | 16 | Q.   So it's possible it was a little bit more, a |
| 10:12:59 | 17 | little bit less than -- |
| 10:13:00 | 18 | A.   Yes. |
| 10:13:01 | 19 | Q.   -- $200? |
| 10:13:02 | 20 | A.   Yes. |
| 10:13:03 | 21 | Q.   How did you pay for that television? |
| 10:13:05 | 22 | A.   Cash.  I should say I'm pretty sure cash, |
| 10:13:09 | 23 | either that or my debit card. |
| 10:13:12 | 24 | Q.   But do you remember when you lost the receipt |
| 10:13:15 | 25 | or got rid of the receipt for the television? |

46

**Travis Burau**

| | | |
|---|---|---|
| 10:14:32 | 1 | was $200.  It wouldn't have stuck out because in Iowa |
| 10:14:38 | 2 | you either shop at Target or Walmart so it wouldn't have |
| 10:14:41 | 3 | been -- |
| 10:14:41 | 4 | Q.   So just to make sure I understand, you didn't |
| 10:14:44 | 5 | ask Alliant Credit Union for your bank statements from |
| 10:14:48 | 6 | the 2006 time period to see if you could find a Target |
| 10:14:50 | 7 | purchase -- |
| 10:14:50 | 8 | A.   Yeah.  That's correct.  I didn't think it would |
| 10:14:52 | 9 | help. |
| 10:14:52 | 10 | Q.   How did you receive your statements from |
| 10:14:55 | 11 | Alliant Credit Union about the time that you purchased |
| 10:14:58 | 12 | this product?  Were they by -- in paper or online? |
| 10:15:03 | 13 | A.   I believe it was paper at the time. |
| 10:15:07 | 14 | Q.   Do you keep your statements? |
| 10:15:09 | 15 | A.   No, I don't. |
| 10:15:10 | 16 | Q.   Do you have any documentation that can indicate |
| 10:15:31 | 17 | that you purchased this product in the spring or summer |
| 10:15:35 | 18 | of 2006? |
| 10:15:38 | 19 | A.   No, other than I'm -- I'm confident that's when |
| 10:15:42 | 20 | I purchased it. |
| 10:15:43 | 21 | Q.   And why are you confident about that? |
| 10:15:45 | 22 | A.   It was the same year that my kids were born. |
| 10:15:50 | 23 | It was before they were born, that year, so . . . |
| 10:16:00 | 24 | Q.   Okay.  Did you pay any sales tax or any other |
| 10:16:05 | 25 | kind of tax on the purchase of the TruTech television? |

48

# EXHIBIT 16



**SAMSUNG EXHIBIT B11 (AMENDED)**

## PLAINTIFF SOUTHERN OFFICE SUPPLY

### 1. CRT PRODUCT:

    a.    AOC computer monitor; Model No. 7V1r; Serial No. N7DNO7G638285 (manufactured July 2000)

    b.    GEM computer monitor; Serial No. GRNAM94329767 (manufactured October 1999)

    c.    AOC Elr computer monitor; Serial No. C3CJ2AB221560

    d.    AOC 7V1r computer monitor; Serial No. ACJ084706502 (manufactured November 1998)

    e.    Computer monitor (unknown brand); Model No. D1770; Serial No. C3GN24B113273

    f.    Computer monitor Model No. BTCO177K; Serial No. 8910002454 (manufactured March 1999)

    g.    Digiview computer monitor; Model No. HR-1434–SINM34AFA63X03 (manufactured November 1996)

    h.    AOC computer monitor; Model No. 7 Elr; Serial No. C3CJ410797076

    i.    AOC computer monitor; Model No. 7 Elr; Serial No. 7TDN16C631909 (manufactured June 2001)

    j.    Impression 5 Plus computer monitor; Model No. DA-1565; Serial No. BBK743C0030794

### 2.    DATE OF PURCHASE:

Plaintiff possesses 7 invoices noting purchases of CRT monitors during the class period. These invoices show purchase dates as follows:

    a.    2/02/2000
    b.    3/17/2000
    c.    3/31/2000
    d.    5/22/2000
    e.    11/16/2000
    f.    2/13/2003
    g.    4/24/2003

In some cases the invoices do not provide enough information to definitively state that they are associated with certain monitors listed in No. 1 above.

**3.    LOCATION of PURCHASE**: All computer monitors were purchased from Elite Technology, Inc. in Kansas City, Kansas.

**4.    PERSONS INVOLVED IN PURCHASE**: Tony McKee (owner of Southern Office Supply)

**5.    PRICE**: The 7 invoices possessed by Plaintiff show CRT monitor purchases in the following amounts during the class period.

     a.     $183.00
     b.     $189.00
     c.     $189.00
     d.     $181.00
     e.     $163.00
     f.     $119.00
     g.     $98.00

**6.    TAXES/FEES**: There were no taxes or fees applied to any purchase of the computer monitors. Freight charges were paid COD.

**7.    BUNDLE**: One computer monitor was purchased as part of a bundle, but Plaintiff cannot recall with certainty which one it was. All other computer monitors were purchased separately and not as part of a bundle or system.

**8.    WARRANTIES**: All parts had a one-year warranty except CPU parts had a 25-day warranty excluding physical damage.

**9.    PURPOSE of PURCHASE**: Use within business and not for resale.

See also CRT000222-238.

# EXHIBIT 17

```
1                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
2

3

4                                    )
5    IN RE CATHODE RAY TUBE (CRT)     )No. 07-5944-SC
     ANTITRUST LITIGATION             )MDL No. 1917
6                                     )
                                      )
7                                     )Judge:  Hon. Samuel
                                      )Conti
8    This Document Relates to:        )
                                      )Special Master:
9    INDIRECT PURCHASER ACTIONS       )Hon. Charles A. Legge
                                      )(Ret.)
10                                    )
                                      )
11

12

13

14                  D E P O S I T I O N

15

16        The videotape deposition of TONY McKEE taken on

17   behalf of the Defendants pursuant to the Federal Rules of

18   Civil Procedure before:

19                    RICK, J. FLORES, CSR
                      KELLEY, YORK & ASSOCIATES, LTD.
20                    515 South Main, Suite 105
                      Wichita, KS   67202
21

22   a Certified Shorthand Reporter of Kansas, at 419 North

23   Kansas Avenue, Liberal, Seward County, Kansas, on the

24   28th day of September, 2012, at 10:17 a.m.

25
```

TONY McKEE

BARKLEY
Court Reporters

1   Q.   How many employees work for Southern?

2   A.   Twenty.

3   Q.   Which of those employees is involved in the

4        purchase, sale or use of cathode ray tube

5        products?

6   A.   Eighteen.

7   Q.   And those 18 employees, what responsibilities

8        do they have with respect to the purchase,

9        sale or use of cathode ray tube products?

10  A.   I would say of the 18, 16 of them are users

11       and two of us are purchasers.

12  Q.   Who are the two purchasers?

13  A.   It'd be myself and Eric Mitchell.

14  Q.   And what is Eric Mitchell's title?

15  A.   He is the service manager.

16  Q.   And what is your title?

17  A.   President.

18  Q.   How many locations does Southern have?

19  A.   Two.

20  Q.   Where are those locations?

21  A.   Liberal, Kansas; Guymon, Oklahoma.

22  Q.   Where is your corporate headquarters?

23  A.   Liberal, Kansas.

24  Q.   In what state are you incorporated?

25  A.   Kansas.

24

TONY McKEE

BARKLEY
Court Reporters

1    A.   No.

2    Q.   Back to CRT product 1.J.  When did you

3         purchase this Impression monitor?

4    A.   I do not have that.

5    Q.   Where did you buy this monitor, CRT product

6         1.J?

7    A.   From Elite Technologies.

8    Q.   Did you buy all 10 monitors in Exhibit 354

9         from Elite Technology?

10   A.   I believe that's correct.

11   Q.   Do you know how much you paid for CRT product

12        1.J?

13   A.   No, sir.

14   Q.   Do you have a receipt for the purchase of CRT

15        product 1.J?

16   A.   No, sir.

17   Q.   If you turn back to Exhibit 354, which is the

18        list of the CRT products for which you are

19        claiming damages, there are seven other

20        monitors listed that we haven't yet

21        discussed; is that correct?

22   A.   Yes, sir.

23   Q.   That's CRT product 1.B, 1.C, 1.E, 1.F, 1.G,

24        1.H and 1.I; correct?

25   A.   Yes.

TONY McKEE



```
1   Q.   And which of these monitors was there a
2        promotion for?  And when I say these
3        monitors, I mean those on Exhibit 354.
4   A.   No.
5   Q.   So when you said yes, what were you referring
6        to?
7   A.   The one that's not on the list that we
8        received when we bought a system for $100.
9   Q.   And you are not claiming damages in this case
10       for that one?
11  A.   It is not on this list.
12  Q.   So you're not claiming damages in this case
13       for that one?
14  A.   No.
15  Q.   Was there a rebate for any of the products on
16       Exhibit 354?
17  A.   No.
18  Q.   Were the monitors you purchased here, as far
19       as you know, new monitors?
20  A.   Yes.
21  Q.   Was any of these monitors a display model or
22       a floor model?
23  A.   No.
24  Q.   Did you have the products delivered to
25       Southern?
```

73

BARKLEY
Court Reporters

1    A.    Yes.

2    Q.    And were they shipped directly here to you?

3    A.    Yes.

4    Q.    And where were they shipped from?

5    A.    Kansas City.

6    Q.    And who paid for the shipping?

7    A.    I did.

8    Q.    And how much did you pay?

9    A.    Varying amounts.

10   Q.    Are those amounts listed on the invoices that

11         you have --

12   A.    No, sir.

13   Q.    -- produced?  Is there evidence in anything

14         that you've produced showing the shipping

15         amounts?

16   A.    Yes, sir.

17   Q.    Okay.  Did the price that you paid for each

18         monitor --

19               MR. GRALEWSKI:  Counsel?

20               MR. HEIN:  Yes.

21               MR. GRALEWSKI:  Are you finished

22         with your answer?

23   A.    No, because it appears sometimes I did pay

24         the shipping.

25               MR. GRALEWSKI:  Is it okay if he

74

TONY McKEE

BARKLEY
Court Reporters

# EXHIBIT 18

## Hein, Patrick

| | |
|---|---|
| **From:** | Bob Gralewski <bgralewski@kmllp.com> |
| **Sent:** | Monday, September 24, 2012 3:21 PM |
| **To:** | Hein, Patrick |
| **Subject:** | Photos from CRT Product 1.a. |
| **Attachments:** | IMG_2501.JPG; IMG_2502.JPG |

McKee

EXHIBIT NO. 355
DATE 9-28-12
Kelley, York & Associates

1





## Hein, Patrick

| | |
|---|---|
| **From:** | Bob Gralewski <bgralewski@kmllp.com> |
| **Sent:** | Monday, September 24, 2012 3:23 PM |
| **To:** | Hein, Patrick |
| **Subject:** | Photos from CRT Product 1.d. |
| **Attachments:** | IMG_2495.JPG; IMG_2496.JPG; IMG_2497.JPG |



McKee

EXHIBIT NO. 357
DATE 9-28-12
Kelley, York & Associates

1

**Hein, Patrick**

| | |
|---|---|
| **From:** | Bob Gralewski <bgralewski@kmllp.com> |
| **Sent:** | Monday, September 24, 2012 3:24 PM |
| **To:** | Hein, Patrick |
| **Subject:** | Photos from CRT Product 1.j. |
| **Attachments:** | IMG_2498.JPG; IMG_2499.JPG; IMG_2500.JPG |



McKee

EXHIBIT NO. 358
DATE 9-28-12
Kelley, York & Associates

1



**_mpression® 5 Plus_**

Model No. DA-1565

100-240V ~
2.0A 50-60Hz




FCC ID: H79DA-1565   Entspricht der RBV vom 08.01. 1987.
Funkentstört nach BMPT-Amtsbl Vfg 243/1991

THIS DEVICE COMPLIES WITH PART 15 OF THE FCC RULES. OPERATION
IS SUBJECT TO THE FOLLOWING TWO CONDITIONS:
(1) THIS DEVICE MAY NOT CAUSE HARMFUL INTERFERENCE, AND
(2) THIS DEVICE MUST ACCEPT ANY INTERFERENCE RECEIVED
INCLUDING INTERFERENCE THAT MAY CAUSE UNDESIRED OPERATION.

THIS PRODUCT COMPLIES WITH DHHS RULES 21CFR SUBCHAPTER J.

**CAUTION:** CONTAINS HAZARDOUS VOLTAGES.
NO USER-SERVICEABLE PARTS INSIDE.

32XX LAURELVIEW COURT, FREMONT, CA 94538   MADE IN THAILAND



S/N: ABK743C0230794





# EXHIBIT 19



Produced on 9/7/11

**SAMSUNG EXHIBIT B26**

## PLAINTIFF BEDROCK MANAGEMENT

1. **CRT PRODUCT:** Dell 17-inch E773c Monitor

2. **DATE OF PURCHASE:** 9/3/03

3. **LOCATION of PURCHASE:** Dell

4. **PERSONS INVOLVED IN PURCHASE:** Curtis Large

5. **PRICE**: $801.00 (including computer and other items)

6. **TAXES/FEES:** $46.06 (on price of entire computer and other items)

7. **BUNDLE:** The computer monitor was purchased as part of a system.

8. **WARRANTIES:** The computer bundle had a 2 year limited warranty. There was a $100 rebate on the system, but it is unclear whether or not the business took advantage of this rebate.

9. **PURPOSE of PURCHASE:** Use within business and not for resale.

See also CRT000373-374.



**SAMSUNG EXHIBIT B27**

## PLAINTIFF KERRY LEE HALL

1. **CRT PRODUCT:** Sears Home Central Series LXI 13" Color Television

2. **DATE OF PURCHASE:** 3/25/2001

3. **LOCATION of PURCHASE:** Sears - Scarborough, Maine

4. **PERSONS INVOLVED IN PURCHASE:** Kerry Lee Hall (plaintiff)

5. **PRICE:** $79.88

6. **TAXES/FEES:** $3.99

7. **BUNDLE:** Not purchased as part of a bundle or system.

8. **WARRANTIES:** Full 90 day warranty from date of purchase; free repairs for defective workmanship and free replacement for defective parts within one year of purchase.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000508-512.

**SAMSUNG EXHIBIT B28**

### PLAINTIFF LISA REYNOLDS

1. **CRT PRODUCT:** 3 JVC Color Televisions

2. **DATE OF PURCHASE:** While each was purchased during the class period, the specific purchase date is unknown for two of the televisions. One was purchased on 11/17/00.

3. **LOCATION of PURCHASE:** All were purchased at ABC Warehouse, 3830 28th Street SE, Kentwood, MI 49512

4. **PERSONS INVOLVED IN PURCHASES:** Lisa Reynolds (plaintiff)

5. **PRICE:** Not available for two; $356.03 (including tax) for one

6. **TAXES/FEES:** The standard sales tax was applied to the purchases of the televisions.

7. **BUNDLE:** None of the televisions were purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000518-524.

3

Produced on 9/7/11

**SAMSUNG EXHIBIT B29**

## PLAINTIFF BARRY KUSHNER

1. **CRT PRODUCT:**
    a. Philips – Magnavox Television
    b. Toshiba Television

2. **DATE OF PURCHASE:**
    a. 3/22/00
    b. 1995

3. **LOCATION of PURCHASE:**
    a. Best Buy – Inver Grove Heights, Minnesota
    b. Plaintiff purchased from a retailer whose name he does not recall; retailer is out of business

4. **PERSONS INVOLVED IN PURCHASES:** Barry Kushner (plaintiff)

5. **PRICE:**
    a. $297.97
    b. Not available.

6. **TAXES/FEES:**
    a. $18.20
    b. The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** Neither television was purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000381-418.

4

——————————————————— Produced on 9/7/11 ———————————————————

## PLAINTIFF CONRAD CARTY

1. **CRT PRODUCT:**
   a. Samsung 42" television – S/N: HS4255WX/XAA
   b. Daewoo 19" television

2. **DATE OF PURCHASE:**
   a. 9/2006
   b. 12/2006

3. **LOCATION of PURCHASE:**
   a. Best Buy – Middletown, NY
   b. Shop Rite – Chester, NY

4. **PERSONS INVOLVED IN PURCHASE:** Conrad Carty (plaintiff)

5. **PRICE:**
   a. $1,200
   b. $179.00

6. **TAXES/FEES:** The standard sales tax was applied to the purchases of the televisions.

7. **BUNDLE:** Neither television was purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000375-380.

5

**SAMSUNG EXHIBIT B31**

## PLAINTIFF JANET ACKERMAN

1. **CRT PRODUCT:** Toshiba Television 26HF85

2. **DATE OF PURCHASE:** 10/17/2005

3. **LOCATION of PURCHASE:** P.C. Richard & Son - Ralph Avenue Store #35 - Brooklyn, N.Y.

4. **PERSONS INVOLVED IN PURCHASE:** Janet Ackerman (plaintiff)

5. **PRICE:** $426.97

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000506-507.

**SAMSUNG EXHIBIT B32**

## PLAINTIFF STEVEN HAWLEY

1. **CRT PRODUCT:**
   a. GE Television – S/N: 634273799
   b. GE Television – Model Number 19GT243
   c. Dell Computer Monitor – Model Number M781s
   d. Samsung Television – S/N: 39153CDY500057P
   e. Samsung Television – S/N: B18L3CCL300900R

2. **DATE OF PURCHASE:**
   a. 1997
   b. 2002
   c. 2002
   d. 2005
   e. 2006

3. **LOCATION of PURCHASE:**
   a. Circuit City, 9565 South Boulevard, Charlotte, NC 28273
   b. Circuit City, 9565 South Boulevard, Charlotte, NC 28273
   c. Dell
   d. Circuit City, 9565 South Boulevard, Charlotte, NC 28273
   e. Circuit City, 9565 South Boulevard, Charlotte, NC 28273

4. **PERSONS INVOLVED IN PURCHASE:** Steven Hawley (plaintiff)

5. **PRICE:** Not available.

6. **TAXES/FEES:** The standard sales tax was applied to all purchases.

7. **BUNDLE:**
   a. Not purchased as part of a bundle or system.
   b. Not purchased as part of a bundle or system.
   c. Was purchased as part of a bundle or system.
   d. Not purchased as part of a bundle or system.
   e. Not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000513-517.

SEARS
RETAIL DEALER
SEARS AUTH DEALER, ME 03644

RETAIN FOR COMPARISON WITH MONTHLY
STATEMENT OR FOR RETURN OR EXCHANGE

SALESCHECK #
036449013152

CUSTOMER:        KERRY HALL

TRAN#  PG/STORE  REG#  ASSOC#
3152   10 03644  901   1198
          SALE
57 43010   TV 13" LXI SAL   79.88T
               SUBTOTAL     79.88
           TAX 05.000%       3.99
CARD TYPE: VISA
ACCT #: V5845
 AUTH CODE: 055536-E
03/25/01          VISA TOTAL   83.87

CARDHOLDER ACKNOWLEDGES RECEIPT
OF GOODS AND/OR SERVICES IN THE
          AMOUNT OF
            $83.87
   AND AGREES TO PERFORM THE
   OBLIGATIONS SET FORTH IN THE
 CARDHOLDER'S AGREEMENT WITH THE
   ISSUER IDENTIFIED HEREON.

Kerry Hall

PURCHASED BY

SATISFACTION GUARANTEED
OR YOUR MONEY BACK
PLEASE RETAIN THIS RECEIPT TO
RECEIVE A REFUND IN THE FORM OF YOUR
ORIGINAL PAYMENT



DEPOSITION
EXHIBIT
55
Hall  3/21/2

CRT000512



Produced on 9/7/11

**SAMSUNG EXHIBIT A26**

## PLAINTIFF BEDROCK MANAGEMENT COMPANY, INC.

Curtis Large
4830 V St Nw #3
Washington, DC 20007

Paul Sullivan, Esq.
ZELLE, HOFFMAN, VOELBEL & MASON, LLP
950 Winter Street, Suite 1300
Waltham, MA 02451

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022



1

Produced on 9/7/11

**SAMSUNG EXHIBIT A27**

**PLAINTIFF KERRY LEE HALL**

Kerry Lee Hall
12 Saratoga Lane
Scarborough, ME 04074

Paul Sullivan, Esq.
ZELLE, HOFFMAN, VOELBEL & MASON, LLP
950 Winter Street, Suite 1300
Waltham, MA 02451

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

—————————————————————————— Produced on 9/7/11 ——————————————————————————

**SAMSUNG EXHIBIT A28**

**PLAINTIFF LISA REYNOLDS**

Lisa Reynolds
4051 Shannon St. NW
Walker, MI 49534

Keith Essenmacher
LOVELL, STEWART, HALEBIAN & JACOBSON, LLP
61 Broadway, Suite 501
New York, NY 10006

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

—————————————————————————— Produced on 9/7/11 ——————————————————————————

**SAMSUNG EXHIBIT A29**

## PLAINTIFF BARRY KUSHNER

Barry Kushner
638 Quail Ridge Circle
Mendot Heights, MN 55120

Daniel R. Karon, Esq.
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

**SAMSUNG EXHIBIT A30**

## PLAINTIFF CONRAD CARTY

Conrad Carty
24 Mila Road
Warwick, NY 10990

Jody Krisiloff, Esq.
LOVELL, STEWART, HALEBIAN & JACOBSON, LLP
61 Broadway, Suite 501
New York, NY 10006

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

**SAMSUNG EXHIBIT A31**

## PLAINTIFF JANET ACKERMAN

Janet Ackerman
2680 East 66 Street
Brooklyn, NY 11234

Brian Barry, Esq.
1801 Avenue of the Stars, Suite 307
Los Angeles, CA 90067

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

——————————————————————— Produced on 9/7/11 ———————————————————————

**SAMSUNG EXHIBIT A32**

## PLAINTIFF STEVEN HAWLEY

Steven Hawley

James F. Wyatt, III, Esq.
2124 Park Road
Charlotte, North Carolina 28202

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

7

# EXHIBIT 20

```
 1              UNITED STATES DISTRICT COURT

 2            NORTHERN DISTRICT OF CALIFORNIA

 3               SAN FRANCISCO DIVISION

 4                    ---oOo---

 5

 6   In Re: CATHODE RAY TUBE (CRT)    )
     ANTITRUST LITIGATION,            )
 7                                    )
                     Plaintiff,       )
 8   _____)    Case No.
                                      )   07-5944 Sc
 9                                    )   MDL No. 1917
     This Document Relates to:        )
10                                    )
     ALL ACTIONS,                     )
11                                    )
     _____)
12

13

14

15

16

17

          VIDEOTAPED DEPOSITION OF KERRY LEE HALL
18
               WEDNESDAY, MARCH 21, 2012
19

20

21

22

23

24

25   REPORTER: BALINDA DUNLAP, CSR 10710, RPR, CRR, RMR
```

BARKLEY
Court Reporters

1   technical support?

2       A.   No.

3       Q.   Did you receive any future discounts?

4       A.   No.

11:59  5   Q.   Okay.  You got a power cord?

6       A.   Yes.

7       Q.   Do you remember receiving anything else

8   with your television?

9       A.   No.

11:59  10   Q.   Did you get -- did you have Sears ship it,

11  or did you take it with you?

12      A.   Took it with us.

13      Q.   Did you purchase this television with

14  any -- along with any other products or services,

12:00  15  like a VCR or DVD player?

16      A.   No.

17      Q.   What state were you in when you purchased

18  this product?

19      A.   Maine.

12:00  20   Q.   Is that where you lived at the time?

21      A.   Yes.

22      Q.   And you used the television for your

23  personal use?

24      A.   Correct.

12:00  25   Q.   And where have you used this -- the

105

BARKLEY
Court Reporters

1    A.    Yes, I do.

2    Q.    Okay.  Is the information that's listed on

3    this page fully responsive and accurate regarding

4    Interrogatory No. 3, which is on Page 7 of Exhibit

01:56   5    27?

6          MR. GRALEWSKI:  Object to the form.

7    Compound.

8          You can answer.

9          THE WITNESS:  No. 3 on Page 2 of

01:56   10   exhibit --

11   Q.    BY MR. FOSTER:  No. 3 on Page 7 of Exhibit

12   27?

13   A.    Oh, okay.  So could you give me the point

14   of reference again?

01:56   15   Q.    Sure.  Page 7 --

16   A.    Yeah.

17   Q.    -- Interrogatory No. 3.

18   A.    Uh-huh.

19   Q.    And then if you look at the response, it

01:56   20   refers to Samsung Exhibit B26 through B32.

21         So I'm asking you, reading Interrogatory

22   No. 3 --

23   A.    Uh-huh.

24   Q.    -- is the information that's listed on

01:56   25   Page 2 of Exhibit 28 --

144

BARKLEY
Court Reporters

1       A.      Uh-huh.

2       Q.      -- fully responsive and accurate to

3    Interrogatory No. 3?

4       A.      No.

01:57   5       Q.      What is not accurate or not responsive?

6       A.      I believe there's an oversight here as far

7    as Question No. 3, location of purchase.  Yes, it

8    was at Sears.  Yes, it was in Maine, but it is

9    Belfast instead of Scarborough.

01:57   10      Q.      Okay.  So you're referring to Page 2 of

11   Exhibit 28, correct?

12      A.      Correct.

13      Q.      And that's Belfast?

14      A.      Belfast.

01:57   15      Q.      Okay.

16      A.      And Question No. 4, my husband was with me

17   at the time of the purchase.

18      Q.      So you're saying No. 4 on that same page?

19      A.      Correct.

01:57   20      Q.      Okay.  What's your husband's name?

21      A.      Thomas.

22      Q.      And his last name is Hall also?

23      A.      Hall, correct.

24      Q.      Is there any other information listed on

01:58   25   Page 2 that's inaccurate or incomplete?

145

Kerry Lee Hall

BARKLEY
Court Reporters

1    A.    No, the rest appears correct.

2    Q.    When you say that your husband was

3    involved in the purchase --

4    A.    Uh-huh.

01:58  5    Q.    -- how was he involved?

6    A.    In the decision of which TV to purchase.

7    Q.    How was he involved in the decision?

8    A.    I think we -- you know, we viewed what was

9    there on the shelves and made a decision between

01:58  10   the two of us based on the items stated before.

11   Q.    So it would be fair to say that you

12   jointly decided to purchase this television?

13   A.    Correct.

14   Q.    How was the decision made that you -- you

01:59  15   would purchase the television instead of him?

16   A.    That I paid for the --

17   Q.    Right, I'm sorry, that you paid for the

18   television.

19   A.    I think logistically he carried it out,

01:59  20   and I went to the counter.

21   Q.    Okay.  Would you say that you jointly

22   purchased the television?

23        MR. GRALEWSKI:  Object to the form.  Calls

24   for a legal conclusion.

02:00  25   Q.    BY MR. FOSTER:  You can answer.

146

Kerry Lee Hall

# EXHIBIT 21

Produced on 9/7/11

**SAMSUNG EXHIBIT E26**

## PLAINTIFF BEDROCK MANAGEMENT

Response pending.

Produced on 9/7/11

**SAMSUNG EXHIBIT E27**

## PLAINTIFF KERRY LEE HALL

Ms. Hall acquired an Acer 20" LCD computer monitor and a Samsung 42" LCD television during the relevant time period because she believed the LCDs looked better than the CRTs and the price point worked for her.

2

———————————————————— Produced on 9/7/11 ————————————————————

**SAMSUNG EXHIBIT E28**

### PLAINTIFF LISA REYNOLDS

Ms. Reynolds did not purchase a non-CRT television or computer monitor during the
relevant time period.

—————————————————————————— Produced on 9/7/11 ——————————————————————————

**SAMSUNG EXHIBIT E29**

**PLAINTIFF BARRY KUSHNER**

Mr. Kushner purchased a small LCD television in March 2007 for his kitchen counter. He purchased it because it was on sale and, at the time, he thought the technology was better than plasma technology.

4

————————————————————— Produced on 9/7/11 ——————————————————————

**SAMSUNG EXHIBIT E30**

## PLAINTIFF CONRAD CARTY

Response pending.

Produced on 9/7/11

**SAMSUNG EXHIBIT E31**

**PLAINTIFF JANET ACKERMAN**

Ms. Ackerman purchased an LCD television in either 2005 or 2006 because she wanted to buy a DVD player and the LCD television she purchased had one built-in. Ms. Ackerman also purchased the LCD television, in part, on the recommendation of store personnel.

———————————————————— Produced on 9/7/11 ————————————————————

**SAMSUNG EXHIBIT E32**

## PLAINTIFF STEVE HAWLEY

Mr. Hawley did not purchase a non-CRT television or computer monitor during the relevant time period.

7

# EXHIBIT 22

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3              SAN FRANCISCO DIVISION

4                   ---oOo---

5

6  In Re: CATHODE RAY TUBE (CRT)    )
   ANTITRUST LITIGATION,            )
7                                   )
                     Plaintiff,     )
8  _____)   Case No.
                                    )   07-5944 SC
9                                   )   MDL No. 1917
   This Document Relates to:        )
10                                  )
   ALL ACTIONS,                     )
11 _____)

12

13

14

15

16

17        VIDEOTAPED DEPOSITION OF LISA REYNOLDS

18              FRIDAY, APRIL 13, 2012

19

20

21

22

23

24

25  REPORTER: BALINDA DUNLAP, CSR 10710, RPR, CRR, RMR

                         2

**BARKLEY**
Court Reporters

1    Inc., which I am going to refer to as "SEA."

2           Will you go ahead and state and spell your

3    name for the record.

4       A.   My name is Lisa Reynolds, L-i-s-a,

09:07  5    R-e-y-n-o-l-d-s.

6       Q.   Okay.  And Ms. Reynolds, what's your

7    current home address?

8       A.   It's 4051 Shannon Street Northwest,

9    Walker, Michigan 49534.

09:07  10       Q.   And how long have you lived at that place

11    of residence?

12       A.   Twelve years.

13       Q.   Twelve years.  And do you rent or own the

14    home?

09:08  15       A.   We own the home.

16       Q.   You own the home.  And is it your primary

17    residence?

18       A.   Yes.

19       Q.   And where did you live before that?

09:08  20       A.   In Grand Rapids, 1034 Richmond Street

21    Northwest.

22       Q.   And how long did you live there?

23       A.   Five years.

24       Q.   And how long have you lived continuously

09:08  25    in Michigan?

8

Lisa Reynolds

1       A.      My entire life.

2       Q.      Okay.   And do you pay taxes in Michigan?

3       A.      Yes.

4       Q.      Do you own property in any other states?

09:08 5       A.      No.

6       Q.      Do you pay taxes in any other states?

7       A.      No.

8       Q.      Ms. Reynolds, have you ever been deposed

9  before today?

09:08 10      A.      No.

11      Q.      Have you ever served as a plaintiff in any

12  other lawsuits?

13      A.      No.

14      Q.      Have you ever served as a defendant in any

09:08 15  other lawsuits?

16      A.      No.

17      Q.      Have you ever participated in a class

18  action settlement before?

19      A.      No.

09:08 20      Q.      You have never participated in a class

21  action in any way?

22      A.      No.

23      Q.      Okay.  I'm sure your counsel has been over

24  this with you, but I'd just like to remind you that

09:08 25  you are under oath so you have an obligation to

9

BARKLEY
Court Reporters

1  Mario N. Alioto, Esq. (56433)
   Lauren C. Russell, Esq. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2280 Union Street
3  San Francisco, CA 94123
   Telephone:   (415) 563-7200
4  Facsimile:   (415) 346-0679
   *malioto@tatp.com*
5  *laurenrussell@tatp.com*

6  *Interim Lead Counsel for the New Indirect Purchaser Plaintiffs*

7

8

9                     **UNITED STATES DISTRICT COURT**

10                   **NORTHERN DISTRICT OF CALIFORNIA**

11                      **SAN FRANCISCO DIVISION**

12
    IN RE: CATHODE RAY TUBE (CRT)          Master File No. CV-07-5944 SC
13  ANTITRUST LITIGATION
                                           MDL No. 1917
14

15                                         **NEW INDIRECT PURCHASER**
    This Document Relates to:              **PLAINTIFFS' OBJECTIONS AND**
16                                         **RESPONSES TO DEFENDANT SAMSUNG**
    ALL INDIRECT PURCHASER ACTIONS         **SDI CO., LTD.'S FIRST SET OF**
17                                         **INTERROGATORIES**

18
                                           DEPOSITION
19                                           EXHIBIT
                                              84
20  **PROPOUNDING PARTY:    SAMSUNG SDI CO., LTD.**     4/13/12 Reynolds

21

22  **RESPONDING PARTY:     INDIRECT PURCHASER PLAINTIFFS:**
                            **Bedrock Management Company, Inc.; Kerry Lee Hall;**
23                          **Lisa Reynolds; Barry Kushner; Conrad Carty; Janet**
                            **Ackerman; Steven Hawley.**
24
    **SET NUMBER:           ONE (1-16)**
25
       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Bedrock
26
    Management Company, Inc., Kerry Lee Hall, Lisa Reynolds, Barry Kushner, Conrad Carty,
27
    Janet Ackerman and Steven Hawley ("New Indirect Purchaser Plaintiffs") hereby object and
28

1  respond to the First Set of Interrogatories propounded by Defendant Samsung SDI Co., Ltd.
2  ("Defendant"), as set forth below.

3  **PRELIMINARY STATEMENT**

4  Each of the following responses is subject to all objections of and concerning relevance,
5  materiality, and admissibility, as well as to all and any other objections on any ground requiring
6  exclusion of any response if introduced in Court.   All evidentiary objections and grounds
7  accordingly are expressly reserved.   Furthermore, New Indirect Purchaser Plaintiffs' decision,
8  now or in the future, to provide information notwithstanding the objectionable nature of the
9  Interrogatories shall not be construed as: (a) an admission that they agree with any of
10 Defendant's definitions or characterizations contained therein, or (b) an admission that the
11 information sought likely will lead to the discovery of admissible evidence, or (c) an agreement
12 that requests for similar information will be treated in a similar manner.

13 For purposes of these Interrogatories, New Indirect Purchaser Plaintiffs define the term
14 "CRT Products" as televisions and computer monitors containing CRTs.

15 New Indirect Purchaser Plaintiffs' objections and responses to the within First Set of
16 Interrogatories are made without prejudice to their right to introduce any or all evidence of any
17 kind in this case.

18 The specific objections and responses set forth below are based upon information now
19 known.  New Indirect Purchaser Plaintiffs have not yet completed discovery or preparation for
20 trial in this case, and, therefore, reserve the right to amend, modify, or supplement any general or
21 specific objection or response.

22 Nothing in their objections and responses to these Interrogatories shall be construed as an
23 admission by New Indirect Purchaser Plaintiffs with respect to the competence, admissibility,
24 relevance, or materiality of any fact or document, or as an admission of the truth or accuracy of
25 any characterization of any information of any kind sought by these Interrogatories.

26 New Indirect Purchaser Plaintiffs reserve their right to object to use of their objections
27 and responses herein, or the subject matter thereof, on any ground in this or in any subsequent

28

1  proceeding, including, without limitation, the right to object on any ground at any time to the use

2  of such responses in any discovery procedures in this or any proceeding, and/or at trial.

3      The New Indirect Purchaser Plaintiffs' objections and responses to the Interrogatories are

4  subject to the provisions of the Stipulated Protective Order entered by the Court June 18, 2008

5  (Document 306) (the "Protective Order"). The New Indirect Purchaser Plaintiffs' Interrogatory

6  Objections and Responses hereby are designated "Confidential" in accordance with the

7  provisions of the Protective Order.

8      Each of the General Objections herein is considered applicable to and is hereby

9  incorporated into each and every response by Plaintiffs to the Interrogatories, and each response

10  is given without waiving any of the General Objections. The assertion of any General Objection

11  in response to any Interrogatory should not be considered a waiver of the remaining General

12  Objections. By making the responses herein, Plaintiffs do not concede that the information

13  provided is relevant to the claims or defenses of any party or reasonably calculated to lead to the

14  discovery of admissible evidence.

15                         **GENERAL OBJECTIONS**

16      1.    New Indirect Purchaser Plaintiffs object to, and will not answer, the

17  Interrogatories to the extent they seek discovery of information, legal analysis, and/or strategies

18  concerning any Class Certification motion New Indirect Purchaser Plaintiffs may file under Rule

19  23 of the Federal Rules of Civil Procedure. Such information, legal analysis, and/or strategies

20  are protected from disclosure by the attorney-client privilege and/or the work-product doctrine.

21      2.    New Indirect Purchaser Plaintiffs object to, and will not answer, the

22  Interrogatories to the extent Defendant intends or purports to impose obligations beyond those

23  required or permitted by the Federal Rules of Civil Procedure and the Local Rules of the

24  Northern District of California, or to the extent they are outside the scope of any order or opinion

25  of this Court or of the Special Master, or contrary to any applicable rules of law.

26      3.    New Indirect Purchaser Plaintiffs object to, and will not answer, the

27  Interrogatories to the extent they comprise premature "contention interrogatories," the answers to

28

                                    3

1   which are dependent on merits and/or expert discovery.  Pursuant to Rule 33(a)(2) of the Federal

2   Rules of Civil Procedure, New Indirect Purchaser Plaintiffs, as necessary or appropriate, will

3   respond to proper "contention interrogatories" after merits and expert discovery is complete,

4   and/or after some other time as directed by the Court or Special Master. *See, e.g., In re*

5   *Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("There is

6   considerable recent authority for the view that the wisest general policy is to defer propounding

7   and answering contention interrogatories until near the end of the discovery period."); *In re eBay*

8   *Seller Antitrust Litigation*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11,

9   2008) ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories

10  asked before discovery is undertaken.").

11       4.       New Indirect Purchaser Plaintiffs object to the Interrogatories, including the

12  Definitions and Instructions set forth therein, to the extent (a) they seek to elicit information

13  relating or referring to matters not raised by the pleadings, or (b) they seek to elicit information

14  that is not relevant to the claims or defenses of the parties to this action, or (c) they seek to elicit

15  information that is not within New Indirect Purchaser Plaintiffs' possession, custody, or control,

16  or (d) they seek to elicit information not reasonably calculated to lead to the discovery of

17  admissible evidence.

18       5.       New Indirect Purchaser Plaintiffs object to, and will not answer, the

19  Interrogatories to the extent they seek information protected by the attorney-client privilege,

20  work-product doctrine, or any other applicable privilege, protection, immunity, or rule

21  (collectively, "Privileged Information"), including, without limitation, information concerning

22  communications between New Indirect Purchaser Plaintiffs' attorneys, and/or between New

23  Indirect Purchaser Plaintiffs and their attorneys, made during, or in anticipation of, litigation.

24  Any inadvertent disclosure of such information is not intended to, and shall not, constitute a

25  general or specific waiver, in whole or in part, of the foregoing privileges or immunities, or the

26  subject matter thereof.  Relatedly, any inadvertent disclosure of such information is not intended

27  to, nor shall it, constitute a waiver of the right to object to any use of such information, and any

28

NEW INDIRECT PURCHASER PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT SAMSUNG SDI CO.,
LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

1  such disclosure shall be treated as specified in Rule 26(b)(5)(B) of the Federal Rules of Civil

2  Procedure.

3       6.    New Indirect Purchaser Plaintiffs object to, and will not answer, the

4  Interrogatories to the extent that (a) they seek the premature disclosure of expert material subject

5  to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, and/or (b) they seek disclosure of

6  information concerning any person or entity whom New Indirect Purchaser Plaintiffs will not

7  designate as an opinion or other witness at trial.

8       7.    New Indirect Purchaser Plaintiffs object to the Interrogatories, including the

9  Definitions and Instructions set forth therein, to the extent they seek information that is equally

10  accessible to Defendant as it is to New Indirect Purchaser Plaintiffs, or that has been provided by

11  other parties or witnesses.

12       8.    New Indirect Purchaser Plaintiffs object to the Interrogatories, including the

13  Definitions and Instructions set forth therein, to the extent they are cumulative to or duplicative

14  of other Interrogatories.

15       9.    New Indirect Purchaser Plaintiffs object to, and will not answer, the

16  Interrogatories to the extent that they seek confidential or proprietary business information and

17  research.

18       10.    New Indirect Purchaser Plaintiffs object to the purported definition of the terms

19  "YOU" and "YOUR" because they are vague, ambiguous, overly broad, and unduly

20  burdensome, as they seek information that is neither relevant nor reasonably calculated to lead to

21  the discovery of admissible information.  Responding further, New Indirect Purchaser Plaintiffs

22  object to the inclusion of "agents, attorneys, representatives, or other persons acting or

23  purporting to act on behalf of the responding Plaintiff," within this Definition to the extent it

24  purports to encompass information that is protected by attorney-client privilege and/or work-

25  product doctrine, or any other applicable privilege, protection, immunity, or rule.

26       11.    New Indirect Purchaser Plaintiffs object to the purported definition of the term

27  "DOCUMENT" to the extent it attempts to impose burdens on them greater than or inconsistent

28

1  with those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United

2  States District Court for the Northern District of California.

3      12.   New Indirect Purchaser Plaintiffs object to the purported definition of the term

4  "COMPLAINT" as overly broad to the extent it is construed to refer to any Complaint other than

5  Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint filed December 11, 2010

6  in the United States District Court for the Northern District of California.

7      13.   New Indirect Purchaser Plaintiffs object to the Interrogatories, including the

8  Definitions and Instructions set forth therein, to the extent any one or more or all of them assume

9  disputed facts or legal conclusions.  Any response or objection herein is without prejudice to this

10  objection and New Indirect Purchaser Plaintiffs' right to dispute such purported facts or legal

11  conclusions.

12              **SPECIFIC OBJECTIONS AND RESPONSES**

13  **INTERROGATORY NO. 1:**

14      IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR

15  responses to these interrogatories.

16  **RESPONSE NO. 1:**

17      In addition to their General Objections listed above, New Indirect Purchaser Plaintiffs

18  object to Interrogatory No. 1 because it calls for the disclosure of privileged information,

19  including without limitation, information subject to the attorney-client privilege and/or the work

20  product doctrine.  New Indirect Purchaser Plaintiffs also object to Interrogatory No. 1 because it

21  seeks information that is neither relevant nor reasonably calculated to lead to the discovery of

22  admissible evidence.

23      Subject to and without waving the objections stated above, New Indirect Purchaser

24  Plaintiffs respond by referring to Samsung Exhibit A-26 through A-32.

25  **INTERROGATORY NO. 2:**

26      Separately identify each acquisition of a CRT upon which YOU base any claim in this

27  action, including without limitation the date and place of acquisition, the type and manufacturer

28

NEW INDIRECT PURCHASER PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT SAMSUNG SDI CO.,
LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

1    of each CRT acquired, and the IDENTITY of each PERSON involved in the acquisition and the
2    time period and nature of each PERSON'S involvement.

3        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
4    YOUR response.

5    **RESPONSE NO. 2:**

6        In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs
7    object to Interrogatory No. 2 because the term "acquisition" is vague, ambiguous, and overly
8    broad.

9        Subject to and without waiving the objections stated above, New Indirect Purchaser
10    Plaintiffs respond by stating that they are end users of CRT Products and did not acquire any
11    stand-alone CRTs during the relevant period.

12    **INTERROGATORY NO. 3:**

13        Separately identify each acquisition of a CRT PRODUCT upon which YOU base any
14    claim in this action, including without limitation the date and place of acquisition, the type and
15    manufacturer of each CRT PRODUCT acquired, and the IDENTITY of each PERSON involved
16    in the acquisition and the time period and nature of each PERSON'S involvement.

17        As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports
18    YOUR response.

19    **RESPONSE NO. 3:**

20        In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs
21    object to Interrogatory No. 3 because the term "acquisition" is vague, ambiguous, and overly
22    broad.

23        Subject to and without waiving the objections stated above, New Indirect Purchaser
24    Plaintiffs respond by stating that they purchased CRT Products containing CRTs. Responding
25    further, New Indirect Purchaser Plaintiffs refer to Samsung Exhibit B-26 through B-32.

26

27

28

NEW INDIRECT PURCHASER PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT SAMSUNG SDI CO.,
LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

**INTERROGATORY NO. 4:**

For each acquisition of a CRT identified in Interrogatory No. 2, state all terms and conditions that were a part of the acquisition, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the acquisition.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE NO. 4:**

In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs object to Interrogatory No. 4 because the term "acquisition" is vague, ambiguous, and overly broad.

Subject to and without waiving the objections stated above, New Indirect Purchaser Plaintiffs respond by stating that they are end users of CRT Products and did not acquire any stand-alone CRTs during the relevant period.

**INTERROGATORY NO. 5:**

For each acquisition of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and conditions that were a part of the acquisition, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the acquisition.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE NO. 5:**

In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs object to Interrogatory No. 5 because the term "acquisition" is vague, ambiguous, and overly broad.

Subject to and without waiving the objections stated above, New Indirect Purchaser Plaintiffs respond by referring to Samsung Exhibit B-26 through B-32.

1 | **INTERROGATORY NO. 6:**

2 | For each acquisition of a CRT identified in Interrogatory No. 2, state whether the CRT

3 | was acquired as part of a system or other bundled product (e.g., a CRT computer monitor

4 | acquired in conjunction with a computer, keyboard, speakers, warranty, service plan, or other

5 | services) and, if so, the value of each component of such system or bundled product.

6 | As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

7 | YOUR response.

8 | **RESPONSE NO. 6:**

9 | In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs

10 | object to Interrogatory No. 6 because (a) the term "acquisition" and the phrase "acquired as part

11 | of a system or other bundled product (*e.g.*, a CRT computer monitor acquired in conjunction

12 | with a computer, keyboard, speakers, warranty, service plan, or other services)" are vague,

13 | ambiguous, overly broad, and unduly burdensome, and (b) it seeks information that is neither

14 | relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding

15 | further, to the extent Defendant seeks discovery related to "the value of each component of such

16 | system or bundled product," New Indirect Purchaser Plaintiffs also object to Interrogatory No. 6

17 | because it (a) prematurely seeks to elicit prior to merits discovery legal theories, analysis, and

18 | other matters on which opinion testimony may be required at trial, (b) purports to require a

19 | layperson to provide answers on matters as to which opinion testimony may be required at trial,

20 | and (c) calls for legal conclusions and compels the assumption of facts not yet in evidence, and

21 | (d) prematurely seeks disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal

22 | Rules of Civil Procedure.

23 | Subject to and without waiving the objections stated above, New Indirect Purchaser

24 | Plaintiffs respond by stating that they are end users of CRT Products and did not acquire any

25 | stand-alone CRTs during the relevant period.

26

27

28

**INTERROGATORY NO. 7:**

For each acquisition of a CRT PRODUCT identified in Interrogatory No. 3, state whether the CRT PRODUCT was acquired as part of a system or other bundled product (e.g., a CRT computer monitor acquired in conjunction with a computer, keyboard, speakers, warranty, service plan, or other services) and, if so, the value of each component of such system or bundled product.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE NO. 7:**

In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs object to Interrogatory No. 7 because (a) the term "acquisition" the phrase "acquired as part of a system or other bundled product (*e.g.*, a CRT computer monitor acquired in conjunction with a computer, keyboard, speakers, warranty, service plan, or other services)" are vague, ambiguous, overly broad, and unduly burdensome, and (b) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding further, to the extent Defendant seeks discovery related to "the value of each component of such system or bundled product," New Indirect Purchaser Plaintiffs also object to Interrogatory No. 7 because it (a) prematurely seeks to elicit prior to merits discovery legal theories, analysis, and other matters on which opinion testimony may be required at trial, (b) purports to require a layperson to provide answers on matters as to which opinion testimony may be required at trial, and (c) calls for legal conclusions and compels the assumption of facts not yet in evidence, and (d) prematurely seeks disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

Subject to and without waiving the objections stated above, New Indirect Purchaser Plaintiffs respond by referring to Samsung Exhibit B-26 through B-32.

1  **INTERROGATORY NO. 8:**

2  For each acquisition of a CRT identified in Interrogatory No. 2, identify any warranties,

3  servicing plans or agreements, membership rewards, or other benefits received by YOU

4  RELATING TO the acquisition.

5  As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

6  YOUR response.

7  **RESPONSE NO. 8:**

8  In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs

9  object to Interrogatory No. 8 because (a) the terms "servicing plans or agreements, membership

10  rewards, or other benefits" are vague, ambiguous, and overly broad, and (b) it seeks information

11  that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12  Subject to and without waiving the objections stated above, New Indirect Purchaser

13  Plaintiffs respond by stating that they are end users of CRT Products and did not acquire any

14  stand-alone CRTs during the relevant period.

15  **INTERROGATORY NO. 9:**

16  For each acquisition of a CRT PRODUCT identified in Interrogatory No. 3, identify any

17  warranties, servicing plans or agreements, membership rewards, or other benefits received by

18  YOU RELATING TO the acquisition.

19  As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

20  YOUR response.

21  **RESPONSE NO. 9:**

22  In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs

23  object to Interrogatory No. 9 because (a) the terms "servicing plans or agreements, membership

24  rewards, or other benefits" are vague, ambiguous, and overly broad, and (b) it seeks information

25  that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

26  Subject to and without waiving the objections stated above, New Indirect Purchaser

27  Plaintiffs respond by referring to Samsung Exhibit B-26 through B-32.

28

11

1  **INTERROGATORY NO. 10:**

2      Identify the purpose(s) for which YOU acquired each CRT during the RELEVANT

3  PERIOD, including without limitation whether the CRT was acquired for resale and, if so,

4  whether and under what terms and conditions it was resold.

5  **RESPONSE NO. 10:**

6      In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs

7  object to Interrogatory No. 10 because it seeks information that is neither relevant nor reasonably

8  calculated to lead to the discovery of admissible evidence.

9      Subject to and without waiving the objections stated above, New Indirect Purchaser

10 Plaintiffs respond by stating that they are end users of CRT Products and did not acquire any

11 stand-alone CRTs during the relevant period.

12 **INTERROGATORY NO. 11:**

13     Identify the purpose(s) for which YOU acquired each CRT PRODUCT during the

14 RELEVANT PERIOD, including without limitation whether the CRT PRODUCT was acquired

15 for resale and, if so, whether and under what terms and conditions it was resold.

16 **RESPONSE NO. 11:**

17     In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs

18 object to Interrogatory No. 11 because it seeks information that is neither relevant nor reasonably

19 calculated to lead to the discovery of admissible evidence.

20     Subject to and without waiving the objections stated above, New Indirect Purchaser

21 Plaintiffs respond by stating that, as end users, they purchased CRT Products for their own use

22 and not for resale.  New Indirect Purchaser Plaintiffs also respond by referring to Samsung

23 Exhibit B-26 through B-32.

24 **INTERROGATORY NO. 12:**

25     IDENTIFY all PERSONS with knowledge of the factors that influenced each of YOUR

26 decisions to acquire or not to acquire CRTs during the RELEVANT PERIOD.

27

28

NEW INDIRECT PURCHASER PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT SAMSUNG SDI CO.,
LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

**RESPONSE NO. 12:**

In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs object to Interrogatory No. 12 because (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and (b) it is harassing and invasive.

Subject to and without waiving the objections stated above, New Indirect Purchaser Plaintiffs respond by stating that they are end users of CRT Products and did not consider acquiring any stand-alone CRTs during the relevant period.

**INTERROGATORY NO. 13:**

IDENTIFY all PERSONS with knowledge of the factors that influenced each of YOUR decisions to acquire or not to acquire CRT PRODUCTS during the RELEVANT PERIOD.

**RESPONSE NO. 13:**

In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs object to Interrogatory No. 13 because (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and (b) it is harassing and invasive.

Subject to and without waiving the objections stated above, New Indirect Purchaser Plaintiffs respond by referring to Samsung Exhibit B-26 through B-32.

**INTERROGATORY NO. 14:**

IDENTIFY all trade publications, advertisements, or news articles RELATING TO the price or product features of CRTs that YOU reviewed during the RELEVANT PERIOD.

**RESPONSE NO. 14:**

In addition to their General Objections listed above, New Indirect Purchaser Plaintiffs object to Interrogatory No. 14 because (a) the terms "all trade publications, advertisements, or news articles" are vague, ambiguous, and overly broad, and (b) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving the objections stated above, New Indirect Purchaser

2  Plaintiffs respond by referring to Samsung Exhibit D-26 through D-32.

3  **INTERROGATORY NO. 15:**

4    IDENTIFY all trade publications, advertisements, or news articles RELATING TO the

5  price or product features of CRT PRODUCTS that YOU reviewed during the RELEVANT

6  PERIOD.

7  **RESPONSE NO. 15:**

8    In addition to their General Objections listed above, New Indirect Purchaser Plaintiffs

9  object to Interrogatory No. 15 because (a) the terms "all trade publications, advertisements, or

10  news articles" are vague, ambiguous, and overly broad, and (b) it seeks information that is

11  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12    Subject to and without waiving the objections stated above, New Indirect Purchaser

13  Plaintiffs respond by referring to Samsung Exhibit D-26 through D-32.

14  **INTERROGATORY NO. 16:**

15    State whether, at any time during the RELEVANT PERIOD, YOU elected to acquire a

16  non-CRT television or computer monitor instead of a CRT PRODUCT and, if so, identify

17  YOUR reasons for making each such acquisition.

18  **RESPONSE NO. 16:**

19    In addition to the General Objections listed above, New Indirect Purchaser Plaintiffs

20  object to Interrogatory No. 16 because (a) the terms "elected to acquire" are vague, ambiguous,

21  and overly broad and (b) it seeks information that is neither relevant nor reasonably calculated to

22  lead to the discovery of admissible evidence.

23    Subject to and without waiving the objections stated above, New Indirect Purchaser

24  Plaintiffs respond by referring to Samsung Exhibit E-26 through E-32.

25

26  Dated: August 31, 2011          By:    _/s/ Mario N. Alioto_

27                                          Mario N. Alioto (56433)
                                          Lauren C. Russell (241151)
28

14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2280 Union Street
San Francisco, CA 94123
Telephone:   (415) 563-7200
Facsimile:   (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Interim Lead Counsel for the*
*New Indirect Purchaser Plaintiffs*

15

—————————————— Produced on 9/7/11 ——————————————

**SAMSUNG EXHIBIT A26**

**PLAINTIFF BEDROCK MANAGEMENT COMPANY, INC.**

Curtis Large
4830 V St Nw #3
Washington, DC 20007

Paul Sullivan, Esq.
ZELLE, HOFFMAN, VOELBEL & MASON, LLP
950 Winter Street, Suite 1300
Waltham, MA 02451

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

1

——————————— Produced on 9/7/11 ———————————

SAMSUNG EXHIBIT A27

**PLAINTIFF KERRY LEE HALL**

Kerry Lee Hall
12 Saratoga Lane
Scarborough, ME 04074

Paul Sullivan, Esq.
ZELLE, HOFFMAN, VOELBEL & MASON, LLP
950 Winter Street, Suite 1300
Waltham, MA 02451

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

2

——————————— Produced on 9/7/11 ———————————

**SAMSUNG EXHIBIT A28**

## PLAINTIFF LISA REYNOLDS

Lisa Reynolds
4051 Shannon St. NW
Walker, MI  49534

Keith Essenmacher
LOVELL, STEWART, HALEBIAN & JACOBSON, LLP
61 Broadway, Suite 501
New York, NY 10006

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

——————————— Produced on 9/7/11 ———————————

**SAMSUNG EXHIBIT A29**

**PLAINTIFF BARRY KUSHNER**

Barry Kushner
638 Quail Ridge Circle
Mendot Heights, MN 55120

Daniel R. Karon, Esq.
GOLDMAN SCARLATO & KARON, P.C.
55 Public Square, Suite 1500
Cleveland, OH 44113

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

4

———————————— Produced on 9/7/11 ————————————

**SAMSUNG EXHIBIT A30**

## PLAINTIFF CONRAD CARTY

Conrad Carty
24 Mila Road
Warwick, NY 10990

Jody Krisiloff, Esq.
LOVELL, STEWART, HALEBIAN & JACOBSON, LLP
61 Broadway, Suite 501
New York, NY 10006

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

———————— Produced on 9/7/11 ————————

**SAMSUNG EXHIBIT A31**

**PLAINTIFF JANET ACKERMAN**

Janet Ackerman
2680 East 66 Street
Brooklyn, NY 11234

Brian Barry, Esq.
1801 Avenue of the Stars, Suite 307
Los Angeles, CA 90067

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

————————————————— Produced on 9/7/11 —————————————————

**SAMSUNG EXHIBIT A32**

**PLAINTIFF STEVEN HAWLEY**

Steven Hawley

James F. Wyatt, III, Esq.
2124 Park Road
Charlotte, North Carolina 28202

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

7

——————————————————— Produced on 9/7/11 ———————————————————

**SAMSUNG EXHIBIT B26**

**PLAINTIFF BEDROCK MANAGEMENT**

1.  **CRT PRODUCT:**  Dell 17-inch E773c Monitor

2.  **DATE OF PURCHASE:**  9/3/03

3.  **LOCATION of PURCHASE:**  Dell

4.  **PERSONS INVOLVED IN PURCHASE:**  Curtis Large

5.  **PRICE**: $801.00 (including computer and other items)

6.  **TAXES/FEES:**  $46.06 (on price of entire computer and other items)

7.  **BUNDLE:**  The computer monitor was purchased as part of a system.

8.  **WARRANTIES:**  The computer bundle had a 2 year limited warranty.  There was a $100 rebate on the system, but it is unclear whether or not the business took advantage of this rebate.

9.  **PURPOSE of PURCHASE:**  Use within business and not for resale.

See also CRT000373-374.

1

--------------------------------- Produced on 9/7/11 ---------------------------------

**SAMSUNG EXHIBIT B27**

**PLAINTIFF KERRY LEE HALL**

1. **CRT PRODUCT:**  Sears Home Central Series LXI 13" Color Television

2. **DATE OF PURCHASE:**  3/25/2001

3. **LOCATION of PURCHASE:** Sears - Scarborough, Maine

4. **PERSONS INVOLVED IN PURCHASE:** Kerry Lee Hall (plaintiff)

5. **PRICE:** $79.88

6. **TAXES/FEES:** $3.99

7. **BUNDLE:** Not purchased as part of a bundle or system.

8. **WARRANTIES:** Full 90 day warranty from date of purchase; free repairs for defective workmanship and free replacement for defective parts within one year of purchase.

9. **PURPOSE of PURCHASE:**  Personal use.

See also CRT000508-512.

2

**SAMSUNG EXHIBIT B28**

**PLAINTIFF LISA REYNOLDS**

1. **CRT PRODUCT:** 3 JVC Color Televisions

2. **DATE OF PURCHASE:** While each was purchased during the class period, the specific purchase date is unknown for two of the televisions. One was purchased on 11/17/00.

3. **LOCATION of PURCHASE:** All were purchased at ABC Warehouse, 3830 28th Street SE, Kentwood, MI  49512

4. **PERSONS INVOLVED IN PURCHASES:** Lisa Reynolds (plaintiff)

5. **PRICE:** Not available for two; $356.03 (including tax) for one

6. **TAXES/FEES:** The standard sales tax was applied to the purchases of the televisions.

7. **BUNDLE:** None of the televisions were purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000518-524.

**SAMSUNG EXHIBIT B29**

## PLAINTIFF BARRY KUSHNER

1. **CRT PRODUCT:**
   a. Philips – Magnavox Television
   b. Toshiba Television

2. **DATE OF PURCHASE:**
   a. 3/22/00
   b. 1995

3. **LOCATION of PURCHASE:**
   a. Best Buy – Inver Grove Heights, Minnesota
   b. Plaintiff purchased from a retailer whose name he does not recall; retailer is out of business

4. **PERSONS INVOLVED IN PURCHASES:** Barry Kushner (plaintiff)

5. **PRICE:**
   a. $297.97
   b. Not available.

6. **TAXES/FEES:**
   a. $18.20
   b. The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** Neither television was purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000381-418.

4

——————————————— Produced on 9/7/11 ———————————————

**SAMSUNG EXHIBIT B30**

**PLAINTIFF CONRAD CARTY**

1. **CRT PRODUCT:**
   a. Samsung 42" television – S/N: HS4255WX/XAA
   b. Daewoo 19" television

2. **DATE OF PURCHASE:**
   a. 9/2006
   b. 12/2006

3. **LOCATION of PURCHASE:**
   a. Best Buy – Middletown, NY
   b. Shop Rite – Chester, NY

4. **PERSONS INVOLVED IN PURCHASE:**  Conrad Carty (plaintiff)

5. **PRICE:**
   a. $1,200
   b. $179.00

6. **TAXES/FEES:**  The standard sales tax was applied to the purchases of the televisions.

7. **BUNDLE:** Neither television was purchased as part of a bundle or system.

8. **WARRANTIES:**  None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000375-380.

———————————————————— Produced on 9/7/11 ————————————————————

**SAMSUNG EXHIBIT B31**

**PLAINTIFF JANET ACKERMAN**

1. **CRT PRODUCT:** Toshiba Television 26HF85

2. **DATE OF PURCHASE:** 10/17/2005

3. **LOCATION of PURCHASE:** P.C. Richard & Son - Ralph Avenue Store #35 - Brooklyn, N.Y.

4. **PERSONS INVOLVED IN PURCHASE:** Janet Ackerman (plaintiff)

5. **PRICE:** $426.97

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000506-507.

**SAMSUNG EXHIBIT B32**

**PLAINTIFF STEVEN HAWLEY**

1. **CRT PRODUCT:**
   a. GE Television – S/N: 634273799
   b. GE Television – Model Number 19GT243
   c. Dell Computer Monitor – Model Number M781s
   d. Samsung Television – S/N: 39153CDY500057P
   e. Samsung Television – S/N: B18L3CCL300900R

2. **DATE OF PURCHASE:**
   a. 1997
   b. 2002
   c. 2002
   d. 2005
   e. 2006

3. **LOCATION of PURCHASE:**
   a. Circuit City, 9565 South Boulevard, Charlotte, NC 28273
   b. Circuit City, 9565 South Boulevard, Charlotte, NC 28273
   c. Dell
   d. Circuit City, 9565 South Boulevard, Charlotte, NC 28273
   e. Circuit City, 9565 South Boulevard, Charlotte, NC 28273

4. **PERSONS INVOLVED IN PURCHASE:** Steven Hawley (plaintiff)

5. **PRICE:** Not available.

6. **TAXES/FEES:** The standard sales tax was applied to all purchases.

7. **BUNDLE:**
   a. Not purchased as part of a bundle or system.
   b. Not purchased as part of a bundle or system.
   c. Was purchased as part of a bundle or system.
   d. Not purchased as part of a bundle or system.
   e. Not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000513-517.

———————————————————— Produced on 9/7/11 ————————————————————

SAMSUNG EXHIBIT D26

**PLAINTIFF BEDROCK MANAGEMENT**

**CRTs:** Response pending.

**CRT Products:** Response pending.

———————————————— Produced on 9/7/11 ————————————————

**SAMSUNG EXHIBIT D27**

**PLAINTIFF KERRY LEE HALL**

**CRTs**: Ms. Hall does not believe she reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

**CRT Products**: Ms. Hall does not recall reviewing any trade publications, advertisements, or news articles relating to the price or product features of CRT products during the relevant time period.

––––––––––––––––––––––––––––– Produced on 9/7/11 –––––––––––––––––––––––––––––

**SAMSUNG EXHIBIT D28**

**PLAINTIFF LISA REYNOLDS**

**CRTs:** Ms. Reynolds does not believe she reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

**CRT Products:** Ms. Reynolds reviewed advertisements related to CRT products during the relevant time period, but she does not recall anything specific.

3

———————— Produced on 9/7/11 ————————

SAMSUNG EXHIBIT D29

**PLAINTIFF BARRY KUSHNER**

**CRTs:** Mr. Kushner does not believe he reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

**CRT Products:** Mr. Kushner does not recall reviewing any trade publications, advertisements, or news articles relating to the price or product features of CRT products during the relevant time period.

4

———————————————————— Produced on 9/7/11 ————————————————————

**SAMSUNG EXHIBIT D30**

**PLAINTIFF CONRAD CARTY**

**CRTs:** Mr. Carty does not believe he reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

**CRT Products:** Mr. Carty does not recall reviewing any trade publications, advertisements, or news articles relating to the price or product features of CRT products during the relevant time period.

5

—————————————— Produced on 9/7/11 ——————————————

**SAMSUNG EXHIBIT D31**

**PLAINTIFF JANET ACKERMAN**

**CRTs**: Ms. Ackerman does not believe she reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

**CRT Products**: Ms. Ackerman did see advertisements related to CRT products during the relevant time period in passing in publications such as The New York Times, the New York Post, and/or the New York Daily News, but she has no specific recollection of any of these advertisements.

6

———————————————— Produced on 9/7/11 ————————————————

**SAMSUNG EXHIBIT D32**

**PLAINTIFF STEVE HAWLEY**

**CRTs:** Mr. Hawley does not believe he reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

**CRT Products:** Mr. Hawley does not recall reviewing any trade publications, advertisements, or news articles relating to the price or product features of CRT products during the relevant time period.

———————————————————— Produced on 9/7/11 ————————————————————

**SAMSUNG EXHIBIT E26**

**PLAINTIFF BEDROCK MANAGEMENT**

Response pending.

—————————————— Produced on 9/7/11 ——————————————

**SAMSUNG EXHIBIT E27**

**PLAINTIFF KERRY LEE HALL**

Ms. Hall acquired an Acer 20" LCD computer monitor and a Samsung 42" LCD television during the relevant time period because she believed the LCDs looked better than the CRTs and the price point worked for her.

———————————————— Produced on 9/7/11 ————————————————

**SAMSUNG EXHIBIT E28**

**PLAINTIFF LISA REYNOLDS**

Ms. Reynolds did not purchase a non-CRT television or computer monitor during the relevant time period.

———————————————————— Produced on 9/7/11 ————————————————————

**SAMSUNG EXHIBIT E29**

**PLAINTIFF BARRY KUSHNER**

Mr. Kushner purchased a small LCD television in March 2007 for his kitchen counter. He purchased it because it was on sale and, at the time, he thought the technology was better than plasma technology.

4

———————————————————— Produced on 9/7/11 ————————————————————

**SAMSUNG EXHIBIT E30**

**PLAINTIFF CONRAD CARTY**

Response pending.

——————————————— Produced on 9/7/11 ———————————————

**SAMSUNG EXHIBIT E31**

**PLAINTIFF JANET ACKERMAN**

Ms. Ackerman purchased an LCD television in either 2005 or 2006 because she wanted to buy a DVD player and the LCD television she purchased had one built-in.  Ms. Ackerman also purchased the LCD television, in part, on the recommendation of store personnel.

6

———————————————————————— Produced on 9/7/11 ————————————————————————

**SAMSUNG EXHIBIT E32**

**PLAINTIFF STEVE HAWLEY**

Mr. Hawley did not purchase a non-CRT television or computer monitor during the relevant time period.

# EXHIBIT 23

MODEL NO. CX32E60

CHASSIS NO. TAC 9530

MANUFACTURED: JANUARY 1996

G

PLACE OF MANUFACTURE    PLACE DE MANUFACTURE
TOSHIBA AMERICA CONSUMER PRODUCTS, INC. LEBANON, TN 37087 U.S.A.

DISTRIBUTED    TOSHIBA AMERICA CONSUMER PRODUCTS, INC.
82 TOTOWA ROAD, WAYNE, NEW JERSEY 07470 U.S.A.
TOSHIBA OF CANADA LTD.
MARKHAM, ONTARIO L3R 8H2, CANADA

SERIAL NO.    70567790



DEPOSITION
EXHIBIT
14
3/1/12 Kushner

# EXHIBIT 24

TV

**CUSTOMER NAME**
BARRY KUSHNER

**ADDRESS**
658 Quail Ridge Circle

**CITY, STATE, ZIP**
Mendota Heights. MN. 55120

**HOME PHONE**
651-454-8336

**WORK PHONE**

| QTY | PRICE | MODEL NO. |
|-----|-------|-----------|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**SPECIAL INSTRUCTIONS**

**MANAGER**

DELIVER TO DESK PER TV
INVER GROVE HEIGHTS  MN 55077
(651) 457-0017

0966 050 7335 03/22/00     14:30 022532?

SALE

DELIVERY                29.95  N
ORDER # 624919
5625802   1577  C   /218.97)   278.97

SUBTOTAL      308.92
SALES TAX 6.50 %      19.20

TOTAL      328.12

4123037702170391     VISA     528 12
BARRY          KUSHNER
435 03/03 APPROVAL

KEEP YOUR RECEIPT!
I HAVE READ AND AGREE TO THE RETURN AND
REFUND POLICIES PRINTED ON THE BACK IF THIS
RECEIPT AND/OR POSTED IN THE STORE  I HAVE
RECEIVED GOODS AND/OR SERVICES IN THE
AMOUNT SHOWN ABOVE

**CUSTOMER SIGNATURE** Barry Kushner

**CUSTOMER**



DEPOSITION EXHIBIT
17
Kushner

CRT000416

Produced on 9/7/11

**SAMSUNG EXHIBIT B26**

**PLAINTIFF BEDROCK MANAGEMENT**

1. **CRT PRODUCT:** Dell 17-inch E773c Monitor

2. **DATE OF PURCHASE:** 9/3/03

3. **LOCATION of PURCHASE:** Dell

4. **PERSONS INVOLVED IN PURCHASE:** Curtis Large

5. **PRICE:** $801.00 (including computer and other items)

6. **TAXES/FEES:** $46.06 (on price of entire computer and other items)

7. **BUNDLE:** The computer monitor was purchased as part of a system.

8. **WARRANTIES:** The computer bundle had a 2 year limited warranty.  There was a $100 rebate on the system, but it is unclear whether or not the business took advantage of this rebate.

9. **PURPOSE of PURCHASE:** Use within business and not for resale.

See also CRT000373-374.



1

Produced on 9/7/11

**SAMSUNG EXHIBIT B28**

### PLAINTIFF LISA REYNOLDS

1. **CRT PRODUCT:** 3 JVC Color Televisions

2. **DATE OF PURCHASE:** While each was purchased during the class period, the specific purchase date is unknown for two of the televisions. One was purchased on 11/17/00.

3. **LOCATION of PURCHASE:** All were purchased at ABC Warehouse, 3830 28th Street SE, Kentwood, MI  49512

4. **PERSONS INVOLVED IN PURCHASES:** Lisa Reynolds (plaintiff)

5. **PRICE:** Not available for two; $356.03 (including tax) for one

6. **TAXES/FEES:** The standard sales tax was applied to the purchases of the televisions.

7. **BUNDLE:** None of the televisions were purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000518-524.

3

**SAMSUNG EXHIBIT B29**

**PLAINTIFF BARRY KUSHNER**

1. **CRT PRODUCT:**
   a. Philips – Magnavox Television
   b. Toshiba Television

2. **DATE OF PURCHASE:**
   a. 3/22/00
   b. 1995

3. **LOCATION of PURCHASE:**
   a. Best Buy – Inver Grove Heights, Minnesota
   b. Plaintiff purchased from a retailer whose name he does not recall; retailer is out of business

4. **PERSONS INVOLVED IN PURCHASES:** Barry Kushner (plaintiff)

5. **PRICE:**
   a. $297.97
   b. Not available.

6. **TAXES/FEES:**
   a. $18.20
   b. The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:**   Neither television was purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000381-418.

4

**SAMSUNG EXHIBIT B30**

**PLAINTIFF CONRAD CARTY**

1. **CRT PRODUCT:**
   a. Samsung 42" television – S/N: HS4255WX/XAA
   b. Daewoo 19" television

2. **DATE OF PURCHASE:**
   a. 9/2006
   b. 12/2006

3. **LOCATION of PURCHASE:**
   a. Best Buy – Middletown, NY
   b. Shop Rite – Chester, NY

4. **PERSONS INVOLVED IN PURCHASE:**  Conrad Carty (plaintiff)

5. **PRICE:**
   a. $1,200
   b. $179.00

6. **TAXES/FEES:**  The standard sales tax was applied to the purchases of the televisions.

7. **BUNDLE:** Neither television was purchased as part of a bundle or system.

8. **WARRANTIES:**  None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000375-380.

5

**SAMSUNG EXHIBIT B31**

**PLAINTIFF JANET ACKERMAN**

1. **CRT PRODUCT:**  Toshiba Television 26HF85

2. **DATE OF PURCHASE:**  10/17/2005

3. **LOCATION of PURCHASE:**  P.C. Richard & Son - Ralph Avenue Store #35 - Brooklyn, N.Y.

4. **PERSONS INVOLVED IN PURCHASE:**  Janet Ackerman (plaintiff)

5. **PRICE:** $426.97

6. **TAXES/FEES:**  The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:**   The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000506-507.

**SAMSUNG EXHIBIT B32**

## PLAINTIFF STEVEN HAWLEY

1. **CRT PRODUCT:**
   a. GE Television – S/N: 634273799
   b. GE Television – Model Number 19GT243
   c. Dell Computer Monitor – Model Number M781s
   d. Samsung Television – S/N: 39153CDY500057P
   e. Samsung Television – S/N: B18L3CCL300900R

2. **DATE OF PURCHASE:**
   a. 1997
   b. 2002
   c. 2002
   d. 2005
   e. 2006

3. **LOCATION of PURCHASE:**
   a. Circuit City, 9565 South Boulevard, Charlotte, NC 28273
   b. Circuit City, 9565 South Boulevard, Charlotte, NC 28273
   c. Dell
   d. Circuit City, 9565 South Boulevard, Charlotte, NC 28273
   e. Circuit City, 9565 South Boulevard, Charlotte, NC 28273

4. **PERSONS INVOLVED IN PURCHASE:** Steven Hawley (plaintiff)

5. **PRICE:** Not available.

6. **TAXES/FEES:** The standard sales tax was applied to all purchases.

7. **BUNDLE:**
   a. Not purchased as part of a bundle or system.
   b. Not purchased as part of a bundle or system.
   c. Was purchased as part of a bundle or system.
   d. Not purchased as part of a bundle or system.
   e. Not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000513-517.

7

# EXHIBIT 25

1              UNITED STATES DISTRICT COURT

2            NORTHERN DISTRICT OF CALIFORNIA

3               SAN FRANCISCO DIVISION

4                    ---o0o---

5

6    In Re: CATHODE RAY TUBE (CRT)    )
     ANTITRUST LITIGATION,            )
7                                     )
                     Plaintiff,       )
8    _____)   Case No.
                                     )   07-5944 Sc
9                                     )   MDL No. 1917
     This Document Relates to:       )
10                                    )
     ALL ACTIONS,                    )
11   _____)

12

13

14

15       VIDEOTAPED DEPOSITION OF BARRY KUSHNER

16            FRIDAY, MARCH 2, 2012

17

18

19

20

21

22

23

24

25   REPORTER: BALINDA DUNLAP, CSR 10710, RPR, CRR, RMR

                          2

BARKLEY
Court Reporters

1    please respond verbally to my questions and avoid

2    answering with nonverbal responses, such as by

3    nodding your head.  The purpose of this is so that

4    the written transcript will be clear.

09:00  5           Do you understand?

6        A.   Yes.

7        Q.   Please let me finish my question and give

8    your attorney an opportunity to object before

9    responding so that we are not talking over each

09:00 10   other.  Again, this helps to ensure that the

11   transcript will be clear; understood?

12       A.   Yes.

13       Q.   Finally, so long as there's not a question

14   pending, if you would like to take a break, please

09:00 15   just let me know.

16       A.   Okay.

17       Q.   Mr. Kushner, what is your current home

18   address?

19       A.   638 Quail Ridge Circle, Mendota Heights,

09:00 20   Minnesota 55120.

21       Q.   How long have you lived at that address?

22       A.   Twenty-three years.

23       Q.   That's your primary residence?

24       A.   Yes.

09:01 25       Q.   Do you have any homes outside Minnesota?

11

Barry Kushner

BARKLEY
Court Reporters

1        A.    No.

2        Q.    Have you ever lived in a state other than

3   Minnesota?

4        A.    Yes.

09:01   5        Q.    When was that?

6        A.    1941, 1968, 1983.

7        Q.    Okay.  Are you represented today by

8   counsel?

9        A.    Yes.

09:01  10        Q.    I would like to please mark as Exhibit 12

11   the notice of deposition for Mr. Kushner.

12              (Reporter marked Exhibit No. 12 for

13              identification.)

14        Q.    BY MS. DONOVAN:  Mr. Kushner, do you

09:01  15   recognize this document?

16        A.    Yes.

17        Q.    Would you please identify it for the

18   record?

19        A.    It's a notice of deposition of Barry

09:02  20   Kushner.

21        Q.    And when did you first see this document?

22        A.    A few weeks ago.

23        Q.    Without telling me what was said, did you

24   discuss it with your attorney?

09:02  25        A.    Yes.

12

Barry Kushner

BARKLEY
Court Reporters

1    containing a CRT unless I say otherwise;

2    understood?

3        A.   Understood.

4        Q.   I am going to ask you a series of

09:05  5    questions about the Toshiba television that you

6    purchased.  When did you purchase the Toshiba

7    television?

8        A.   Originally I thought in '95, but it was

9    '96, 1996.

09:05  10       Q.   Okay.  And what's your reason to believe

11   that you purchased the Toshiba television in 1996?

12       A.   I took a picture of the back of the TV,

13   and it listed the cathode ray tube being

14   manufactured in '96.  So I couldn't have purchased

09:05  15   it in '95, but that was my recollection.

16       Q.   Does the label on the back of the TV state

17   that the cathode ray tube was manufactured in 1996

18   or that the television was manufactured in 1996?

19       A.   I believe the cathode ray tube.

09:06  20       Q.   Other than the label on the back of the

21   television, do you have any independent

22   recollection of purchasing the television in 1996?

23       A.   No, I do not.

24       Q.   Is there any document that you could look

09:06  25   at to refresh your recollection about when you

15

Barry Kushner

BARKLEY
Court Reporters

```
 1              MR. GRALEWSKI:  If you can.  Whenever I
 2     make an objection, unless I instruct you not to
 3     answer, you can answer if you understand.
 4              THE WITNESS:  Yeah.
09:14  5         Would you repeat the question, Molly?
 6       Q.   BY MS. DONOVAN:  Sure, and I will try to
 7     clarify.  Did you consider purchasing other
 8     televisions containing technologies other than a
 9     CRT?
09:14 10              MR. GRALEWSKI:  Same objection.
11              THE WITNESS:  At that time?
12       Q.   BY MS. DONOVAN:  Yes.
13       A.   No.
14       Q.   Why not?
09:15 15              MR. GRALEWSKI:  Same objections.
16              THE WITNESS:  I don't believe there was
17     any other technology available at the time.
18       Q.   BY MS. DONOVAN:  Where did you purchase
19     the Toshiba television?
09:15 20       A.   Here in the Twin Cities.
21       Q.   Did you buy the television from a big-box
22     retailer like a Walmart or a Costco?
23       A.   No.
24       Q.   Do you know where you did purchase the
09:15 25     television?
```

23

BARKLEY
Court Reporters

        1          Q.   Do you know approximately when this store

        2     went out of business?

        3          A.   No idea.

        4          Q.   Are there any documents that would refresh

09:17   5     your recollection about the name of the store that

        6     you purchased the Toshiba television from?

        7          A.   No.

        8          Q.   Is there anyone you could ask who might

        9     remember the name of the store?

09:17  10          A.   No.

       11          Q.   Did you buy the television new?

       12          A.   Yes.

       13          Q.   Was the store physically located within

       14     Minnesota?

09:17  15          A.   To the best of my knowledge.

       16          Q.   Did you ever write down the number of the

       17     store?

       18          A.   Clarify.

       19          Q.   Did you ever write down the --

09:17  20          A.   Telephone number?

       21          Q.   Correct.

       22          A.   Probably at that time, but I don't have

       23     any of that information anymore.

       24          Q.   Was the store a retailer?

09:18  25               MR. GRALEWSKI:  Object to the form of the

                                    25

                              Barry Kushner

1    corner there's the number TS2746C101.   To your

2    knowledge, is that the model number of the

3    television?

4         A.   I would say so, yes, to my knowledge.

10:03  5     Q.   And does this label indicate whether or

6    not the television contains a CRT?

7         A.   Does not.  I can't tell.

8         Q.   That's all.  I am going to mark as Exhibit

9    17 a one-page document with Bates No. CRT000416.

10:03  10          (Reporter marked Exhibit No. 17 for

11             identification.)

12         Q.   BY MS. DONOVAN:   Mr. Kushner, do you

13    recognize this document?

14         A.   Yes, I do.

10:04  15     Q.   And what is it?

16         A.   That's a receipt for the television I

17    bought at Best Buy.

18         Q.   Is this two separate documents photocopied

19    onto one page, or is the original one single

10:04  20    document?

21         A.   One single document is my best guess.

22         Q.   There's a number on the top of the page,

23    8656139.  Do you know what that number represents?

24         A.   I do not.

10:04  25     Q.   And 638 Quail Ridge Circle, that was your

63

Barry Kushner

BARKLEY
Court Reporters

1   correct address in Minnesota at the time that you

2   purchased this television?

3          A.    Correct.

4          Q.    And that remains your address today,

10:04  5   correct?

6          A.    Correct.

7          Q.    What's the date of this receipt?

8          A.    I cannot read it, but it had to be in

9   2000.

10:05  10         Q.    And look at the --

11         A.    It looks like March 22, but I am not sure.

12         Q.    March 22, 2000, right?

13         A.    Yeah, I think so.  That's what it looks

14  like.

10:05  15         Q.    And it is difficult to read, but I believe

16  this indicates that you paid a delivery fee of

17  29.95.  Does that sound correct?

18         A.    That looks correct.

19         Q.    And then there's some kind of charge

10:05  20  beneath the delivery fee, but I can't read what the

21  charge is for or the dollar amount.  Can you?

22         A.    No.

23         Q.    But there is a handwritten notation to the

24  left of that reading "279.97"; is that your

10:05  25  handwriting?

64

Barry Kushner

# EXHIBIT 26

———————————— Produced on 9/7/11 ————————————

**SAMSUNG EXHIBIT A13**

**PLAINTIFF DAVID NORBY**

David Norby
869 South McKnight Road
St. Paul, MN 55119

Seymour Mansfield
MANSFIELD, TANICK & COHEN, P.A.
220 South Sixth Street
Minneapolis, MN  55402

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022



EXHIBIT
Norby 4 3 8
10/19/12        LM

13

———————————— Produced on 9/7/11 ————————————

**SAMSUNG EXHIBIT B13**

**PLAINTIFF DAVID NORBY**

1.  **CRT PRODUCT:** Magnavox television – S/N: YA1A0634025035

2.  **DATE OF PURCHASE:** 1/06

3.  **LOCATION of PURCHASE:** Target

4.  **PERSONS INVOLVED IN PURCHASE:** David Norby (plaintiff)

5.  **PRICE:** Not available.

6.  **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

7.  **BUNDLE:** The television was not purchased as part of a bundle or system.

8.  **WARRANTIES:** None other than any standard manufacturers' warranties.

9.  **PURPOSE of PURCHASE:** Personal use.

See also CRT000015-16 and CRT000071-72.

—————————————— Produced on 9/7/11 ——————————————

**SAMSUNG EXHIBIT D13**

**PLAINTIFF DAVID NORBY**

**CRTs**: Mr. Norby does not believe he reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

**CRT Products**: Mr. Norby does not recall reviewing any trade publications, advertisements, or news articles relating to the price or product features of CRT products during the relevant time period.

———————— Produced on 9/7/11 ————————

**SAMSUNG EXHIBIT E13**

**PLAINTIFF DAVID NORBY**

Mr. Norby did not purchase a non-CRT television or computer monitor during the relevant time period.

# EXHIBIT 27



EXHIBIT

Norby        444
10/19/12   cm

# EXHIBIT 28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

****************************************************

IN RE: CATHODE RAY        Master File No.

TUBE (CRT) ANTITRUST      CV-07-5944 SC

LITIGATION,               MDL NO. 1917

                          Judge:  Hon. Samuel Conti

                          Special Master:

                          Hon. Charles Legge (Ret.)

------------------------------

This Document Relates to:

ALL INDIRECT PURCHASER ACTIONS

****************************************************

DEPOSITION OF

DAVID G. NORBY

Taken October 19, 2012

Scheduled for 9:00 a.m.

Reported By:  Lori Morrow, RPR, CRR, CLR

1

David G. Norby

```
1    before I start asking my next question.  That way the

2    reporter will have a better time capturing all the words.

3         A    Sounds good.

4         Q    We can take a break whenever you want.  Just

5    let me know.  The only thing that I ask is that we agree

6    that we won't take a break in between a question and an

7    answer, so that you can answer the question before we

8    take a break.  Is that fair?

9         A    Okay.

10        Q    As you can see, there's water and other

11   beverages available.  If you ever need anything during

12   the deposition, feel free to just get up and help

13   yourself.  And we'll just go ahead and take a break at

14   that time.  Does that all make sense?

15        A    Yes.

16        Q    Okay.  Now, Mr. Norby, is there any reason that

17   you can't testify fully and truthfully today?

18        A    No.

19        Q    Could you please give us your current home

20   address?

21        A    869 South McKnight Road, St. Paul, Minnesota.

22        Q    And how long have you lived at that address?

23        A    About eleven years.

24        Q    Is that your primary home?

25        A    Yes.
```

10

**David G. Norby**

```
1          Q    Do you own any other homes?

2          A    No.

3          Q    And in what states do you pay income taxes?

4          A    Minnesota.

5          Q    Do you earn income in any other states besides

6     Minnesota?

7          A    No.

8          Q    Do you own a vehicle?

9          A    Yes.

10         Q    And where is that vehicle registered?

11         A    Minnesota.

12         Q    Is that your only vehicle, or do you own more

13    than one?

14         A    We have two.

15         Q    And where is the second vehicle registered?

16         A    Minnesota.

17         Q    Where are you registered to vote?

18         A    Minnesota.

19         Q    Did you go to college, Mr. Norby?

20         A    Yes.

21         Q    Where did you go?

22         A    St. John's University.

23         Q    And when did you graduate?

24         A    1984.

25         Q    What degree did you earn?
```

11

David G. Norby

1    you first saw this document?

2         A    Oh, within the last month.

3         Q    And you understand that you are testifying here

4    today pursuant to this deposition notice?

5         A    Correct.

6         Q    Okay.  You can go ahead and set that aside.

7              Mr. Norby, where are you employed?

8         A    I'm employed by St. Paul Public Schools.

9         Q    And what is your position?

10        A    I am a high school math teacher.

11        Q    And how long have you held that position?

12        A    In St. Paul?

13        Q    Yes, at St. Paul.

14        A    About 18 years.

15        Q    Okay.  And where did you work before then?

16        A    Before that I worked in Wausau, Wisconsin.

17        Q    Okay.  And were you also a teacher there?

18        A    Yes.

19        Q    Okay.  So, Mr. Norby, could you please describe

20   in your own words the claim or claims that you're

21   asserting in this case today?

22        A    That I purchased a TV that had a CR tube,

23   cathode ray tube, that was -- well, in the manufacturing

24   of that tube, there was price fix -- price fixing going

25   on among some manufacturers as well as control of

16

David G. Norby

1      And all those pictures that we introduced,

2   Exhibit 443, 444, and 442, those are pictures of the

3   Magnavox television that is the basis of your claims in

4   this case.  Is that right?

5      A   Yes.

6      Q   Where did you purchase that Magnavox

7   television?

8      A   At Target.

9      Q   And where was that Target located?

10      A   Woodbury, Minnesota.

11      Q   You mentioned that you purchased it in about

12   January of 2006.  Is that correct?

13      A   Yes.

14      Q   Did you have a receipt for that purchase?

15      A   No.

16      Q   Do you remember when you disposed of that

17   receipt?

18      A   No.

19      Q   How did you pay for that television?

20      A   With a credit card.

21      Q   Do you remember which credit card?

22      A   It was our -- yes, a Visa.

23      Q   Okay.  And did you look for credit card

24   statements from that Visa that would reflect the purchase

25   of this television at Target?

35

# EXHIBIT 29





CRT000037

EXHIBIT 535
WIT: Jenkins
DATE: 11-14-12
MELISSA MAGEE, CSR, RMR



CRT000039



CRT000041

EXHIBIT 537
WIT: Jenkins
DATE: 11-14-12
MELISSA MAGEE, CSR, RMR



**DURABRAND** MODEL NO.DU1301

POWER SOURCE AC 120V 60Hz 54W
CERTIFICATION : COMPLIES WITH FDA RADIATION
PERFORMANCE STANDARDS, 21 CFR SUBCHAPTER J.
THIS DEVICE COMPLIES WITH PART 15 OF THE FCC RULES.OPERATION IS SUBJECT
TO THE FOLLOWING TWO CONDITIONS : (1) THIS DEVICE MAY NOT CAUSE HARMFUL
INTERFERENCE, AND (2) THIS DEVICE MUST ACCEPT ANY INTERFERENCE RECEIVED,
INCLUDING INTERFERENCE THAT MAY CAUSE UNDESIRED OPERATION.
ORION SALES, INC. HIGHWAY 41 ORION PLACE, PRINCETON, INDIANA 47670
MADE IN THAILAND                                  722595A002

7  55805  02055  4

289X

(UL)
**LISTED**
VIDEO PRODUCT
E68219 CAT. M3R036

MANUFACTURED : KD
SERIAL NO. :
**FEBRUARY**
**2005**

D

0573502 11866



EXHIBIT 537
WIT: Jenkins
DATE: 11-14-12
MELISSA MAGEE, CSR, RMR







CRT000045

EXHIBIT 544
WIT: Jenkins
DATE: 11-14-12
MELISSA MAGEE, CSR, RMR

# EXHIBIT 30

1              UNITED STATES DISTRICT COURT

2           NORTHERN DISTRICT OF CALIFORNIA

3              SAN FRANCISCO DIVISION
                        ---
4

5   In Re:  CATHODE RAY TUBE (CRT) )
    ANTITRUST LITIGATION,          )
6                     Plaintiff,   )
                                   ) Case No.
7                                  ) 07-5944 SC
                                   ) MDL No. 1917
8   _____)
                                   )
9   This Document Relates to:      )
    ALL ACTIONS,                   )
10  _____)

11

12

13

14      VIDEOTAPED DEPOSITION OF CHARLES JENKINS

15          WEDNESDAY, NOVEMBER 14, 2012

16

17

18

19

20

21

22

23

24

25   REPORTER:  MELISSA MAGEE, CSR, RMR


                        2

BARKLEY
Court Reporters

09:21 1      A      Yes, it is.

09:21 2      Q      Do you rent or own that home?

09:21 3      A      The bank owns it, and I'm paying them

09:21 4  every month.

09:21 5      Q      And before that, where did you live?

09:21 6      A      I lived on Spruce Street in Columbus,

09:21 7  Mississippi.

09:21 8      Q      And how long did you live on Spruce

09:21 9  Street?

09:21 10     A      Fifteen years.

09:21 11     Q      How long have you lived continuously

09:22 12 in Mississippi?

09:22 13     A      Since about 1983.

09:22 14     Q      Do you pay taxes in Mississippi?

09:22 15     A      Yes, I do.

09:22 16     Q      And do you own property in any other

09:22 17 states than Mississippi?

09:22 18     A      No.

09:22 19     Q      Do you pay taxes in any other state

09:22 20 than Mississippi?

09:22 21     A      No.

09:22 22     Q      Mr. Jenkins, have you ever been

09:22 23 deposed before this morning?

09:22 24     A      No.

09:22 25     Q      Have you ever served as a plaintiff in

10

CHARLES JENKINS

BARKLEY
Court Reporters

09:40  1   first.  It should say A1.  Is that right?

09:40  2        A    Yeah.

09:40  3        Q    Okay.  So turn to page A15.

09:40  4        A    Okay.  Yes.

09:40  5        Q    So does that refresh your recollection

09:40  6   as to whether you provided information that was

09:40  7   used in these interrogatories?

09:40  8        A    Yes.

09:40  9        Q    Okay.

09:40  10            MS. BYRD:  I'm going to do that one

09:40  11       more time with this document.

09:40  12   (EXHIBIT NO. 533 WAS MARKED FOR THE RECORD.)

09:41  13            THE WITNESS:  Yes, I think I've seen

09:41  14       this.

09:41  15   BY MS. BYRD:

09:41  16        Q    So you believe you've seen this

09:41  17   document before this morning?

09:41  18        A    Yes, um-hum.

09:41  19        Q    And do you believe you supplied

09:41  20   information that was used in those

09:41  21   interrogatories?

09:41  22        A    Yes.

09:41  23        Q    Mr. Jenkins, what are the products for

09:41  24   which you're claiming damages in this case?

09:41  25        A    Television and a computer monitor.

27

CHARLES JENKINS

09:41  1        Q        Are you claiming damages for any other

09:41  2  products besides those two?

09:41  3        A        No, huh-uh.

09:41  4        Q        Okay.  So just so you sort of have the

09:41  5  lay of the land here.  I'm going to ask you a

09:41  6  series of questions and I'm going to ask you

09:41  7  about each of those individual products one at

09:41  8  a time.  So it's going to seem repetitive, but

09:41  9  it's important that we get information about

09:42 10  both of them.

09:42 11        A        Right.

09:42 12        Q        Okay.  Let's take the television

09:42 13  first.

09:42 14        A        Um-hum (affirmative response).

09:42 15        Q        What exactly did you purchase?

09:42 16        A        It was a Durabrand 20-inch television.

09:42 17        Q        It's a 20-inch television?

09:42 18        A        Well, I'm not -- small television.

09:42 19  16-inch, 12-inch.

09:42 20        Q        Okay.  So the -- to the best of your

09:42 21  knowledge, it's a small television?

09:42 22        A        Um-hum (affirmative response).

09:42 23        Q        But you're not sure of the --

09:42 24        A        Right, I'm not --

09:42 25        Q        -- actual dimensions?

28

CHARLES JENKINS

BARKLEY
Court Reporters

09:42  1      A      -- sure of the actual dimensions,
09:42  2  uh-huh.
09:42  3      Q      And it's your testimony it's a
09:42  4  Durabrand television?
09:42  5      A      Um-hum (affirmative response).
09:42  6      Q      Do you know if Durabrand is a
09:42  7  defendant in this case?
09:42  8      A      No, I don't know, huh-uh.
09:42  9      Q      You don't know one way or the other?
09:42 10      A      No.
09:42 11      Q      Why did you choose to purchase the
09:42 12  Durabrand television?
09:42 13      A      The price range for the size of the
09:42 14  television.
09:42 15      Q      So which features of the television
09:42 16  were important to you in selecting that?
09:43 17      A      Small and lower price.
09:43 18      Q      Do you know if brands other than
09:43 19  Durabrand offered TVs with similar features at
09:43 20  the time you made that purchase?
09:43 21      A      No.
09:43 22      Q      No you don't know?
09:43 23      A      Didn't shop around that much.  Just
09:43 24  kind of went to one place and saw that one and
09:43 25  got it.

29

CHARLES JENKINS

BARKLEY
Court Reporters

09:43 1      Q    Was the fact that the Durabrand
09:43 2  television contained a cathode ray tube
09:43 3  important to you in making the purchase?
09:43 4      A    Not particularly.
09:43 5      Q    Did you consider televisions that
09:43 6  contained other technologies?
09:43 7      A    No.
09:43 8      Q    Do you know what a plasma television
09:43 9  is?
09:43 10     A    Yes.
09:43 11     Q    Did you consider a plasma?
09:43 12     A    No.
09:43 13     Q    Did you consider an LCD television?
09:43 14     A    No.
09:43 15     Q    An LED television?
09:43 16     A    No.
09:43 17     Q    And where did you make the purchase of
09:43 18  the television?
09:43 19     A    Walmart in Columbus, Mississippi.
09:43 20     Q    And at the time you made the purchase,
09:44 21  where were you living?
09:44 22     A    In Caledonia.
09:44 23     Q    And is the Walmart in Columbus --
09:44 24  about how far is the Walmart in Columbus from
09:44 25  your home in Caledonia?

30

BARKLEY
Court Reporters

09:47  1           THE WITNESS:  Yeah.

09:47  2    BY MS. BYRD:

09:47  3       Q    Is that a local. . .

09:47  4       A    Yeah, uh-huh, he's a local guy.

09:48  5       Q    Okay.  And for Hoopers, were you aware

09:48  6    at the time you made your purchase, they

09:48  7    offered other brands or --

09:48  8       A    No.

09:48  9       Q    -- technologies of televisions?  "No"?

09:48  10      A    Well, I never did shop there.  Didn't

09:48  11   shop there.

09:48  12      Q    Do you know if any other retailers

09:48  13   we've just discussed offered televisions that

09:48  14   had similar features to the one you purchased?

09:48  15      A    Huh-uh, no.

09:48  16      Q    And when did you purchase the

09:48  17   Durabrand television?

09:48  18      A    June, '05.  2005.

09:48  19      Q    And how do you know that that is when

09:48  20   you purchased it?

09:48  21      A    Just from certain things that were

09:48  22   going on at that time and -- helped me to

09:48  23   remember.

09:48  24      Q    So you believe that June 2005 is when

09:48  25   you purchased the television just based on your

35

CHARLES JENKINS

BARKLEY
Court Reporters

09:48   1   own recollection?

09:48   2        A     Um-hum (affirmative response).

09:48   3        Q     And you mentioned that there were

09:48   4   certain things going on at the time. Can you

09:48   5   specify what some of those things were?

09:48   6        A     Well, I had just started dating my

09:49   7   girlfriend, and she told me that she couldn't

09:49   8   marry someone until you've been dating them for

09:49   9   two years.   And I knew that my son was going to

09:49   10  graduate in 2007, and I had just started dating

09:49   11  her in 2005.   So that's kind of how I remember

09:49   12  that.

09:49   13       Q     Got you.   Okay.

09:49   14            MR. METHVIN:   I like it.

09:49   15  BY MS. BYRD:

09:49   16       Q     Do you have a receipt for your

09:49   17  Durabrand television?

09:49   18       A     No, I don't have -- didn't keep the

09:49   19  receipt.

09:49   20       Q     Do you recall what form of payment you

09:49   21  used?

09:49   22       A     I wrote a check for it.

09:49   23       Q     Did you purchase the television in one

09:49   24  lump sum?

09:49   25       A     Yes.

36

CHARLES JENKINS

BARKLEY
Court Reporters

10:10  1    Bell monitor, are you aware of whether other

10:10  2    brands offered monitors with similar features?

10:10  3        A    No.

10:10  4        Q    Are you aware that -- whether other

10:10  5    brands offered monitors that were priced

10:10  6    similarly to the one you purchased?

10:10  7        A    No.

10:10  8        Q    Was the fact that your Packard Bell

10:11  9    monitor contained a CRT an important feature to

10:11 10    you when you made the purchase?

10:11 11        A    No.

10:11 12        Q    I'm sorry?

10:11 13        A    No.

10:11 14        Q    Did you consider purchasing a monitor

10:11 15    that contained a different technology?

10:11 16        A    No.

10:11 17        Q    Did you consider purchasing an LCD

10:11 18    monitor, for example?

10:11 19        A    No.

10:11 20        Q    Where did you purchase the Packard

10:11 21    Bell monitor?

10:11 22        A    It was at an electronic retail store

10:11 23    called Rex's Appliances.

10:11 24        Q    And where is Rex's located?

10:11 25        A    Rex is out of business now.   They were

                              50

CHARLES JENKINS

BARKLEY
Court Reporters

10:11 1    on Highway 45 North in Columbus, Mississippi,

10:11 2    at the time.

10:11 3         Q    And where were you living at the time?

10:11 4         A    In Columbus, Mississippi.

10:11 5         Q    And about how far was Rex's from your

10:11 6    home?

10:11 7         A    Probably 7 or 8 miles.  Convenient to

10:11 8    the house.

10:11 9         Q    And is Rex's a local chain?

10:11 10        A    I'm not sure.  They were in --

10:12 11   throughout Mississippi, but I'm not sure if

10:12 12   they were regional or national, but they were a

10:12 13   chain.

10:12 14        Q    So do you -- do you know how many

10:12 15   locations they had within Mississippi?

10:12 16        A    No.

10:12 17        Q    Do you know if they had locations in

10:12 18   other states?

10:12 19        A    Yes -- no, I don't know if they had

10:12 20   locations in other states, but I think they had

10:12 21   stores, like, in Tupelo and maybe Starkville.

10:12 22        Q    Do you know whether Rex's offered

10:12 23   other brand computer monitors at the time you

10:12 24   made your purchase?

10:12 25        A    I don't know.

51

CHARLES JENKINS

BARKLEY
Court Reporters

10:16   1    computer monitors containing other technologies

10:16   2    than CRT?

10:16   3        A    No.

10:16   4        Q    Do you know whether they offered other

10:16   5    brands than Packard Bell?

10:16   6        A    No.

10:16   7        Q    Okay.  I'm going to ask you the same

10:16   8    questions about Sears.  Do you know whether

10:16   9    they offered products with similar features?

10:16   10       A    I don't know.

10:16   11       Q    Do you know whether they offered other

10:16   12   brands?

10:16   13       A    I don't know.

10:16   14       Q    Or other technologies?

10:16   15       A    I don't know.

10:16   16       Q    When did you purchase your Packard

10:17   17   Bell monitor?

10:17   18       A    November '97.

     19            MS. BYRD:  What was our most recent

     20        exhibit?

     21            COURT REPORTER:  533 was the last

     22        exhibit.

     23   BY MS. BYRD:

10:17   24       Q    Would you go back and take a look at

10:17   25   Exhibit 533 for just a moment?

                              56

BARKLEY
Court Reporters

10:17    1      A     Um-hum (affirmative response).

10:17    2      Q     Do you have that?

10:17    3      A     Yeah.

10:17    4      Q     Okay.  Can I direct you specifically

10:17    5   to Samsung Exhibit B15.

10:17    6      A     Okay.

10:17    7      Q     Sorry.  I know that's a big stack of

10:17    8   papers.

10:18    9      A     Yes.

10:18   10      Q     Okay.  And could you look -- take a

10:18   11   minute to review it, and let me know when

10:18   12   you're ready.

10:18   13      A     Okay.

10:18   14      Q     Okay.  Is there anything contained in

10:18   15   Samsung Exhibit B15 that refreshes your

10:18   16   recollection as to when you purchased the

10:18   17   Packard Bell monitor?

10:18   18      A     Anything in here that refreshes my

10:18   19   memory?

10:18   20      Q     Yeah.

10:18   21      A     Right here it says 11/99.

10:18   22      Q     Okay.  So is it possible that you

10:18   23   purchased the monitor in 1999 rather than 1997?

10:18   24      A     No, I think I bought it in --

10:18   25   that's -- I never told anybody '99.  That's

CHARLES JENKINS

BARKLEY
Court Reporters

10:19  1    obviously a typographical error.

10:19  2         MR. PAPALE:  Okay.

10:19  3         THE WITNESS:  '97.

10:19  4    BY MS. BYRD:

10:19  5      Q    Okay.  So it's your testimony it's

10:19  6    '97?

10:19  7      A    Yes.

10:19  8      Q    I just wanted to be sure.  Okay.  And

10:19  9    how do you know that you bought the Packard

10:19  10   Bell in 1997?

10:19  11     A    My mother passed away in 1996 and left

10:19  12   an inheritance to her children, which we were

10:19  13   able to get about -- approximately a year after

10:19  14   she passed away, and that is the money that I

10:19  15   used to purchase this computer and monitor

10:19  16   with.

10:19  17     Q    Okay.  So is it fair to say that your

10:19  18   testimony of when you purchased the Packard

10:19  19   Bell is based on your own recollection?

10:19  20     A    Um-hum (affirmative response).

10:19  21     Q    Okay.  Do you have a receipt?

10:19  22     A    No.

10:19  23     Q    Do you recall what form of payment you

10:19  24   used to purchase the monitor?

10:19  25     A    Cash.

                              58

                        CHARLES JENKINS

1  Mario N. Alioto, Esq. (56433)
   Lauren C. Russell, Esq. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2280 Union Street
3  San Francisco, CA 94123
   Telephone:  (415) 563-7200
4  Facsimile:  (415) 346-0679
   malioto@tatp.com
5  laurenrussell@tatp.com

6  *Interim Lead Counsel for the Indirect Purchaser Plaintiffs*

7

8

9              **UNITED STATES DISTRICT COURT**

10            **NORTHERN DISTRICT OF CALIFORNIA**

11               **SAN FRANCISCO DIVISION**

12
   IN RE: CATHODE RAY TUBE (CRT)        Master File No. CV-07-5944 SC
13 ANTITRUST LITIGATION
                                        MDL No. 1917
14

15 ─────────────────────────────        **INDIRECT PURCHASER PLAINTIFFS'**
   This Document Relates to:            **AMENDED AND SUPPLEMENTAL**
16                                       **OBJECTIONS AND RESPONSES TO**
   ALL INDIRECT PURCHASER ACTIONS       **DEFENDANT SAMSUNG SDI CO., LTD.'S**
17                                       **FIRST SET OF INTERROGATORIES**

18

19

20     **PROPOUNDING PARTY:**    **SAMSUNG SDI CO., LTD.**

21     **RESPONDING PARTY:**     **INDIRECT PURCHASER PLAINTIFFS**

22     **SET NUMBER:**           **ONE (1-16)**

23          Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Indirect Purchaser

24 Plaintiffs hereby object and respond to the First Set of Interrogatories propounded by Defendant

25 Samsung SDI Co., Ltd. ("Defendant"), as set forth below.

26                                                    EXHIBIT 533
                                                      WIT: Jenkins
27                                                    DATE: 11-14-12
                                                      MELISSA MAGEE, CSR, RMR
28

   ─────────────────────────────────────────────────────────────────────
   INDIRECT PURCHASER PLAINTIFFS' AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
   DEFENDANT SAMSUNG SDI CO., LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

1 **PRELIMINARY STATEMENT**

2  Each of the following responses is subject to all objections of and concerning relevance,

3 materiality, and admissibility, as well as to all and any other objections on any ground requiring

4 exclusion of any response if introduced in Court. All evidentiary objections and grounds

5 accordingly are expressly reserved. Furthermore, Indirect Purchaser Plaintiffs' decision, now or

6 in the future, to provide information notwithstanding the objectionable nature of the

7 Interrogatories shall not be construed as: (a) an admission that they agree with any of

8 Defendant's definitions or characterizations contained therein, or (b) an admission that the

9 information sought likely will lead to the discovery of admissible evidence, or (c) an agreement

10 that requests for similar information will be treated in a similar manner.

11  For purposes of these Interrogatories, Indirect Purchaser Plaintiffs define the term "CRT

12 Products" as televisions and computer monitors containing CRTs.

13  Indirect Purchaser Plaintiffs' objections and responses to the First Set of Interrogatories

14 are made without prejudice to their right to introduce any or all evidence of any kind in this case.

15  The specific objections and responses set forth below are based upon information now

16 known. Indirect Purchaser Plaintiffs have not yet completed discovery or preparation for trial in

17 this case, and, therefore, reserve the right to amend, modify, or supplement any general or

18 specific objection or response.

19  Nothing in their objections and responses to these Interrogatories shall be construed as an

20 admission by Indirect Purchaser Plaintiffs with respect to the competence, admissibility,

21 relevance, or materiality of any fact or document, or as an admission of the truth or accuracy of

22 any characterization of any information of any kind sought by these Interrogatories.

23  Indirect Purchaser Plaintiffs reserve their right to object to use of their objections and

24 responses herein, or the subject matter thereof, on any ground in this or in any subsequent

25 proceeding, including, without limitation, the right to object on any ground at any time to the use

26 of such responses in any discovery procedures in this or any proceeding, and/or at trial.

27

28

INDIRECT PURCHASER PLAINTIFFS' AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANT SAMSUNG SDI CO., LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

1        The Indirect Purchaser Plaintiffs' responses to the Interrogatories are subject to the

2    provisions of the Stipulated Protective Order entered by the Court June 18, 2008 (Document

3    306) (the "Protective Order"). The Indirect Purchaser Plaintiffs' Amended and Supplemental

4    Interrogatory Objections and Responses hereby are designated "Confidential" in accordance with

5    the provisions of the Protective Order.

6        Each of the General Objections herein is considered applicable to and is hereby

7    incorporated into each and every response by Plaintiffs to the Interrogatories, and each response

8    is given without waiving any of the General Objections.  The assertion of any General Objection

9    in response to any Interrogatory should not be considered a waiver of the remaining General

10    Objections.  By making the responses herein, Plaintiffs do not concede that the information

11    provided is relevant to the claims or defenses of any party or reasonably calculated to lead to the

12    discovery of admissible evidence.

13    **GENERAL OBJECTIONS**

14       1.    Indirect Purchaser Plaintiffs object to, and will not answer, the Interrogatories to

15    the extent they seek discovery of information, legal analysis, and/or strategies concerning any

16    Class Certification motion Indirect Purchaser Plaintiffs may file under Rule 23 of the Federal

17    Rules of Civil Procedure.  Such information, legal analysis, and/or strategies are protected from

18    disclosure by the attorney-client privilege and/or the work-product doctrine.

19       2.    Indirect Purchaser Plaintiffs object to, and will not answer, the Interrogatories to

20    the extent Defendant intends or purports to impose obligations beyond those required or

21    permitted by the Federal Rules of Civil Procedure and the Local Rules of the Northern District of

22    California, or to the extent they are outside the scope of any order or opinion of this Court or of

23    the Special Master, or contrary to any applicable rules of law.

24       3.    Indirect Purchaser Plaintiffs object to, and will not answer, the Interrogatories to

25    the extent they comprise premature "contention interrogatories," the answers to which are

26    dependent on merits and/or expert discovery. Pursuant to Rule 33(a)(2) of the Federal Rules of

27    Civil Procedure, Indirect Purchaser Plaintiffs, as necessary or appropriate, will respond to proper

28

INDIRECT PURCHASER PLAINTIFFS' AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANT SAMSUNG SDI CO., LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

1    "contention interrogatories" after merits and expert discovery is complete, and/or after some

2    other time as directed by the Court or Special Master. *See, e.g., In re Convergent Technologies*

3    *Securities Litigation*, 108 F.R.D. 328, 336 (N.D. Cal. 1985) ("There is considerable recent

4    authority for the view that the wisest general policy is to defer propounding and answering

5    contention interrogatories until near the end of the discovery period."); *In re eBay Seller*

6    *Antitrust Litigation*, No. C 07-1882 JF (RS), 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008)

7    ("Courts using their Rule 33(a)(2) discretion generally disfavor contention interrogatories asked

8    before discovery is undertaken.").

9        4.      Indirect Purchaser Plaintiffs object to the Interrogatories, including the

10    Definitions and Instructions set forth therein, to the extent (a) they seek to elicit information

11    relating or referring to matters not raised by the pleadings, or (b) they seek to elicit information

12    that is not relevant to the claims or defenses of the parties to this action, or (c) they seek to elicit

13    information that is not within Indirect Purchaser Plaintiffs' possession, custody, or control, or (d)

14    they seek to elicit information not reasonably calculated to lead to the discovery of admissible

15    evidence.

16        5.      Indirect Purchaser Plaintiffs object to, and will not answer, the Interrogatories to

17    the extent they seek information protected by the attorney-client privilege, work-product

18    doctrine, or any other applicable privilege, protection, immunity, or rule (collectively,

19    "Privileged Information"), including, without limitation, information concerning

20    communications between Indirect Purchaser Plaintiffs' attorneys, and/or between Indirect

21    Purchaser Plaintiffs and their attorneys, made during, or in anticipation of, litigation. Any

22    inadvertent disclosure of such information is not intended to, and shall not, constitute a general

23    or specific waiver, in whole or in part, of the foregoing privileges or immunities, or the subject

24    matter thereof. Relatedly, any inadvertent disclosure of such information is not intended to, nor

25    shall it, constitute a waiver of the right to object to any use of such information, and any such

26    disclosure shall be treated as specified in Rule 26(b)(5)(B) of the Federal Rules of Civil

27    Procedure.

28

INDIRECT PURCHASER PLAINTIFFS' AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANT SAMSUNG SDI CO., LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

6.     Indirect Purchaser Plaintiffs object to, and will not answer, the Interrogatories to the extent that (a) they seek the premature disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, and/or (b) they seek disclosure of information concerning any person or entity whom Indirect Purchaser Plaintiffs will not designate as an opinion or other witness at trial.

7.     Indirect Purchaser Plaintiffs object to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they seek information that is equally accessible to Defendant as it is to Indirect Purchaser Plaintiffs, or that has been provided by other parties or witnesses.

8.     Indirect Purchaser Plaintiffs object to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent they are cumulative to or duplicative of other Interrogatories.

9.     Indirect Purchaser Plaintiffs object to, and will not answer, the Interrogatories to the extent that they seek confidential or proprietary business information and research.

10.    Indirect Purchaser Plaintiffs object to the purported definition of the terms "YOU" and "YOUR" because they are vague, ambiguous, overly broad, and unduly burdensome, as they seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible information. Responding further, Indirect Purchaser Plaintiffs object to the inclusion of "agents, attorneys, representatives, or other persons acting or purporting to act on behalf of the responding Plaintiff," within this Definition to the extent it purports to encompass information that is protected by attorney-client privilege and/or work-product doctrine, or any other applicable privilege, protection, immunity, or rule.

11.    Indirect Purchaser Plaintiffs object to the purported definition of the term "DOCUMENT" to the extent it attempts to impose burdens on them greater than or inconsistent with those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Northern District of California.

12.    Indirect Purchaser Plaintiffs object to the purported definition of the term

5

"COMPLAINT" as overly broad to the extent it is construed to refer to any Complaint other than Indirect Purchaser Plaintiffs' Third Consolidated Amended Complaint filed December 11, 2010 in the United States District Court for the Northern District of California.

13.    Indirect Purchaser Plaintiffs object to the Interrogatories, including the Definitions and Instructions set forth therein, to the extent any one or more or all of them assume disputed facts or legal conclusions. Any response or objection herein is without prejudice to this objection and Indirect Purchaser Plaintiffs' right to dispute such purported facts or legal conclusions.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**RESPONSE NO. 1:**

In addition to their General Objections listed above, Indirect Purchaser Plaintiffs object to Interrogatory No. 1 because it calls for the disclosure of privileged information, including without limitation, information subject to the attorney-client privilege and/or the work product doctrine.   Indirect Purchaser Plaintiffs also object to Interrogatory No. 1 because it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waving the objections stated above, Indirect Purchaser Plaintiffs respond by referring to Samsung Exhibit A-1 through A-25.

**INTERROGATORY NO. 2:**

Separately identify each acquisition of a CRT upon which YOU base any claim in this action, including without limitation the date and place of acquisition, the type and manufacturer of each CRT acquired, and the IDENTITY of each PERSON involved in the acquisition and the time period and nature of each PERSON'S involvement.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

1  YOUR response.

2  **RESPONSE NO. 2:**

3      In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

4  Interrogatory No. 2 because the term "acquisition" is vague, ambiguous, and overly broad.

5      Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

6  respond by stating that they are end users of CRT Products and did not acquire any stand-alone

7  CRTs during the relevant period.

8  **INTERROGATORY NO. 3:**

9      Separately identify each acquisition of a CRT PRODUCT upon which YOU base any

10  claim in this action, including without limitation the date and place of acquisition, the type and

11  manufacturer of each CRT PRODUCT acquired, and the IDENTITY of each PERSON involved

12  in the acquisition and the time period and nature of each PERSON'S involvement.

13      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

14  YOUR response.

15  **RESPONSE NO. 3:**

16      In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

17  Interrogatory No. 3 because the term "acquisition" is vague, ambiguous, and overly broad.

18      Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

19  respond by stating that they purchased CRT Products containing CRTs.  Responding further,

20  Indirect Purchaser Plaintiffs refer to Samsung Exhibit B-1 through B-25.

21  **INTERROGATORY NO. 4:**

22      For each acquisition of a CRT identified in Interrogatory No. 2, state all terms and

23  conditions that were a part of the acquisition, including without limitation all terms and

24  conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid

25  by any PERSON in connection with the acquisition.

26      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

27  YOUR response.

28

**RESPONSE NO. 4:**

In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to Interrogatory No. 4 because the term "acquisition" is vague, ambiguous, and overly broad.

Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs respond by stating that they are end users of CRT Products and did not acquire any stand-alone CRTs during the relevant period.

**INTERROGATORY NO. 5:**

For each acquisition of a CRT PRODUCT identified in Interrogatory No. 3, state all terms and conditions that were a part of the acquisition, including without limitation all terms and conditions RELATING TO pricing, taxes, tariffs, duties, freight charges, or any other fees paid by any PERSON in connection with the acquisition.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE NO. 5:**

In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to Interrogatory No. 5 because the term "acquisition" is vague, ambiguous, and overly broad.

Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs respond by referring to Samsung Exhibit B-1 through B-25.

**INTERROGATORY NO. 6:**

For each acquisition of a CRT identified in Interrogatory No. 2, state whether the CRT was acquired as part of a system or other bundled product (e.g., a CRT computer monitor acquired in conjunction with a computer, keyboard, speakers, warranty, service plan, or other services) and, if so, the value of each component of such system or bundled product.

As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports YOUR response.

**RESPONSE NO. 6:**

In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

1  Interrogatory No. 6 because (a) the term "acquisition" and the phrase "acquired as part of a

2  system or other bundled product (*e.g.*, a CRT computer monitor acquired in conjunction with a

3  computer, keyboard, speakers, warranty, service plan, or other services)" are vague, ambiguous,

4  overly broad, and unduly burdensome, and (b) it seeks information that is neither relevant nor

5  reasonably calculated to lead to the discovery of admissible evidence. Responding further, to the

6  extent Defendant seeks discovery related to "the value of each component of such system or

7  bundled product," Indirect Purchaser Plaintiffs also object to Interrogatory No. 6 because it (a)

8  prematurely seeks to elicit prior to merits discovery legal theories, analysis, and other matters on

9  which opinion testimony may be required at trial, (b) purports to require a layperson to provide

10  answers on matters as to which opinion testimony may be required at trial, and (c) calls for legal

11  conclusions and compels the assumption of facts not yet in evidence, and (d) prematurely seeks

12  disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

13      Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

14  respond by stating that they are end users of CRT Products and did not acquire any stand-alone

15  CRTs during the relevant period.

16  **INTERROGATORY NO. 7:**

17      For each acquisition of a CRT PRODUCT identified in Interrogatory No. 3, state whether

18  the CRT PRODUCT was acquired as part of a system or other bundled product (e.g., a CRT

19  computer monitor acquired in conjunction with a computer, keyboard, speakers, warranty,

20  service plan, or other services) and, if so, the value of each component of such system or bundled

21  product.

22      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

23  YOUR response.

24  **RESPONSE NO. 7:**

25      In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

26  Interrogatory No. 7 because (a) the term "acquisition" the phrase "acquired as part of a system or

27  other bundled product (*e.g.*, a CRT computer monitor acquired in conjunction with a computer,

28

INDIRECT PURCHASER PLAINTIFFS' AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANT SAMSUNG SDI CO., LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

1  keyboard, speakers, warranty, service plan, or other services)" are vague, ambiguous, overly

2  broad, and unduly burdensome, and (b) it seeks information that is neither relevant nor

3  reasonably calculated to lead to the discovery of admissible evidence. Responding further, to the

4  extent Defendant seeks discovery related to "the value of each component of such system or

5  bundled product," Indirect Purchaser Plaintiffs also object to Interrogatory No. 7 because it (a)

6  prematurely seeks to elicit prior to merits discovery legal theories, analysis, and other matters on

7  which opinion testimony may be required at trial, (b) purports to require a layperson to provide

8  answers on matters as to which opinion testimony may be required at trial, and (c) calls for legal

9  conclusions and compels the assumption of facts not yet in evidence, and (d) prematurely seeks

10  disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure.

11  Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

12  respond by referring to Samsung Exhibit B-1 through B-25.

13  **INTERROGATORY NO. 8:**

14  For each acquisition of a CRT identified in Interrogatory No. 2, identify any warranties,

15  servicing plans or agreements, membership rewards, or other benefits received by YOU

16  RELATING TO the acquisition.

17  As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

18  YOUR response.

19  **RESPONSE NO. 8:**

20  In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

21  Interrogatory No. 8 because (a) the terms "servicing plans or agreements, membership rewards,

22  or other benefits" are vague, ambiguous, and overly broad, and (b) it seeks information that is

23  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

24  Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

25  respond by stating that they are end users of CRT Products and did not acquire any stand-alone

26  CRTs during the relevant period.

27

28

1  **INTERROGATORY NO. 9:**

2      For each acquisition of a CRT PRODUCT identified in Interrogatory No. 3, identify any

3  warranties, servicing plans or agreements, membership rewards, or other benefits received by

4  YOU RELATING TO the acquisition.

5      As part of YOUR response, IDENTIFY each DOCUMENT that YOU contend supports

6  YOUR response.

7  **RESPONSE NO. 9:**

8      In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

9  Interrogatory No. 9 because (a) the terms "servicing plans or agreements, membership rewards,

10  or other benefits" are vague, ambiguous, and overly broad, and (b) it seeks information that is

11  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

12      Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

13  respond by referring to Samsung Exhibit B-1 through B-25.

14  **INTERROGATORY NO. 10:**

15      Identify the purpose(s) for which YOU acquired each CRT during the RELEVANT

16  PERIOD, including without limitation whether the CRT was acquired for resale and, if so,

17  whether and under what terms and conditions it was resold.

18  **RESPONSE NO. 10:**

19      In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

20  Interrogatory No. 10 because it seeks information that is neither relevant nor reasonably

21  calculated to lead to the discovery of admissible evidence.

22      Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

23  respond by stating that they are end users of CRT Products and did not acquire any stand-alone

24  CRTs during the relevant period.

25  **INTERROGATORY NO. 11:**

26      Identify the purpose(s) for which YOU acquired each CRT PRODUCT during the

27  RELEVANT PERIOD, including without limitation whether the CRT PRODUCT was acquired

28

11

INDIRECT PURCHASER PLAINTIFFS' AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANT SAMSUNG SDI CO., LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

1    for resale and, if so, whether and under what terms and conditions it was resold.

2    **RESPONSE NO. 11:**

3        In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

4    Interrogatory No. 11 because it seeks information that is neither relevant nor reasonably

5    calculated to lead to the discovery of admissible evidence.

6        Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

7    respond by stating that, as end users, they purchased CRT Products for their own use and not for

8    resale. Indirect Purchase Plaintiffs also respond by referring to Samsung Exhibit B-1 through B-

9    25.

10    **INTERROGATORY NO. 12:**

11        IDENTIFY all PERSONS with knowledge of the factors that influenced each of YOUR

12    decisions to acquire or not to acquire CRTs during the RELEVANT PERIOD.

13    **RESPONSE NO. 12:**

14        In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

15    Interrogatory No. 12 because (a) it seeks information that is neither relevant nor reasonably

16    calculated to lead to the discovery of admissible evidence, and (b) it is harassing and invasive.

17        Subject to and without waiving the objections stated above, Indirect Purchase Plaintiffs

18    respond by stating that they are end users of CRT Products and did not consider acquiring any

19    stand-alone CRTs during the relevant period.

20    **INTERROGATORY NO. 13:**

21        IDENTIFY all PERSONS with knowledge of the factors that influenced each of YOUR

22    decisions to acquire or not to acquire CRT PRODUCTS during the RELEVANT PERIOD.

23    **RESPONSE NO. 13:**

24        In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

25    Interrogatory No. 13 because (a) it seeks information that is neither relevant nor reasonably

26    calculated to lead to the discovery of admissible evidence, and (b) it is harassing and invasive.

27        Subject to and without waiving the objections stated above, Indirect Purchase Plaintiffs

28

1 respond by referring to Samsung Exhibit B-1 through B-25.

2 **INTERROGATORY NO. 14:**

3     IDENTIFY all trade publications, advertisements, or news articles RELATING TO the

4 price or product features of CRTs that YOU reviewed during the RELEVANT PERIOD.

5 **RESPONSE NO. 14:**

6     In addition to their General Objections listed above, Indirect Purchaser Plaintiffs object to

7 Interrogatory No. 14 because (a) the terms "all trade publications, advertisements, or news

8 articles" are vague, ambiguous, and overly broad, and (b) it seeks information that is neither

9 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

10     Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

11 respond by referring to Samsung Exhibit D-1 through D-25.

12 **INTERROGATORY NO. 15:**

13     IDENTIFY all trade publications, advertisements, or news articles RELATING TO the

14 price or product features of CRT PRODUCTS that YOU reviewed during the RELEVANT

15 PERIOD.

16 **RESPONSE NO. 15:**

17     In addition to their General Objections listed above, Indirect Purchaser Plaintiffs object to

18 Interrogatory No. 15 because (a) the terms "all trade publications, advertisements, or news

19 articles" are vague, ambiguous, and overly broad, and (b) it seeks information that is neither

20 relevant nor reasonably calculated to lead to the discovery of admissible evidence.

21     Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

22 respond by referring to Samsung Exhibit D-1 through D-25.

23 **INTERROGATORY NO. 16:**

24     State whether, at any time during the RELEVANT PERIOD, YOU elected to acquire a

25 non-CRT television or computer monitor instead of a CRT PRODUCT and, if so, identify

26 YOUR reasons for making each such acquisition.

27

28

INDIRECT PURCHASER PLAINTIFFS' AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO
DEFENDANT SAMSUNG SDI CO., LTD.'S FIRST SET OF INTERROGATORIES CASE NO. CV-07-5944 SC

1  **RESPONSE NO. 16:**

2      In addition to the General Objections listed above, Indirect Purchaser Plaintiffs object to

3  Interrogatory No. 16 because (a) the terms "elected to acquire" are vague, ambiguous, and overly

4  broad and (b) it seeks information that is neither relevant nor reasonably calculated to lead to the

5  discovery of admissible evidence.

6      Subject to and without waiving the objections stated above, Indirect Purchaser Plaintiffs

7  respond by referring to Samsung Exhibit E-1 through E-25.

8

9  Dated: August 31, 2011          By:  */s/ Mario N. Alioto*

10                                       Mario N. Alioto (56433)
                                         Lauren C. Russell (241151)

11                                       TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
                                         2280 Union Street

12                                       San Francisco, CA 94123
                                         Telephone:  (415) 563-7200

13                                       Facsimile:   (415) 346-0679
                                         malioto@tatp.com

14                                       laurenrussell@tatp.com

15                                       *Interim Lead Counsel for the*
                                         *Indirect Purchaser Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28
                                         14

Produced on 9/7/11

**SAMSUNG EXHIBIT B1**

**PLAINTIFF JERRY COOK**

Mr. Cook's claims have been dismissed.

———————————— Produced on 9/7/11 ————————————

**SAMSUNG EXHIBIT B2**

**PLAINTIFF BRIAN LUSCHER**

1. **CRT PRODUCT:** Philips HDTV

2. **DATE OF PURCHASE:** 8/15/01

3. **LOCATION of PURCHASE:** Costco Wholesale – Tempe, Arizona

4. **PERSONS INVOLVED IN PURCHASE:** Brian Luscher (plaintiff)

5. **PRICE:** $549.99

6. **TAXES/FEES:** $44.55

7. **BUNDLE:** Not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000014.

—— Produced on 9/7/11 ——

**SAMSUNG EXHIBIT B3**

**PLAINTIFF JEFFREY FIGONE**

1. **CRT PRODUCT:**
   a. Sharp television – Model Number: 13K-M100
   b. Panasonic television – Model Number: C1332W

2. **DATE OF PURCHASE:**
   a. 1999 or 2000
   b. 2002 or 2003

3. **LOCATION of PURCHASE:**
   a. Target
   b. Target

4. **PERSONS INVOLVED IN PURCHASES:** Jeffrey Figone (plaintiff)

5. **PRICE:**
   a. Not available.
   b. Not available.

6. **TAXES/FEES:** The standard sales tax was applied to the purchases of the televisions.

7. **BUNDLE:** Neither of the televisions were purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000000157-167.

3

———————— Produced on 9/7/11 ————————

SAMSUNG EXHIBIT B4

**PLAINTIFF CARMEN GONZALEZ**

1. **CRT PRODUCT:** Hitachi television - S/N: 61SBX59B

2. **DATE OF PURCHASE:** 12/20/1999

3. **LOCATION of PURCHASE:** Circuit City, 5353 Almaden Expy, San Jose, CA 95118

4. **PERSONS INVOLVED IN PURCHASE:** Carmen Gonzalez (plaintiff)

5. **PRICE:** $2,250 (approximate)

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** The television was purchased along with a two-year warranty for $294.99. This warranty was extended every two years until Circuit City ceased business operations.

9. **PURPOSE of PURCHASE:** Personal use.

See also 000019-27 and CRT000419-496.

4

**SAMSUNG EXHIBIT B5**

**PLAINTIFF DANA ROSS**

1. **CRT PRODUCT:**
   a. Panasonic 21" Television
   b. Panasonic 35" Television

2. **DATE OF PURCHASE:** Both televisions were purchased in 2004.

3. **LOCATION of PURCHASE:** Both televisions were purchased at the Panasonic store at Universal Studios, Hollywood.

4. **PERSONS INVOLVED IN PURCHASE:** Dana Ross (plaintiff)

5. **PRICE:**
   a. $150 (approximately)
   b. $600-650 (approximately)

6. **TAXES/FEES:** The standard sales tax was applied to the purchases of the televisions.

7. **BUNDLE:** Neither television was purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000054-59 and CRT000562.

5

———————— Produced on 9/7/11 ————————

**SAMSUNG EXHIBIT B6**

**PLAINTIFF STEVEN GANZ**

1. **CRT PRODUCT:**
   a. 27" Phillips Television
   b. 27" Toshiba Television

2. **DATE OF PURCHASE:**
   a. May 22, 2001
   b. May 2, 2005

3. **LOCATION of PURCHASE:**
   a. Costco Wholesale – El Camino #475, South San Francisco, California
   b. Best Buy - Colma, California

4. **PERSONS INVOLVED IN PURCHASE:** Steven Ganz (plaintiff)

5. **PRICE:**
   a. $279.99
   b. $329.99

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the televisions.

7. **BUNDLE:** Neither television was purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000239-371.

——————————— Produced on 9/7/11 ———————————

**SAMSUNG EXHIBIT B7**

**PLAINTIFF BRADY LANE COTTON**

1. **CRT PRODUCT:** Magnavox Television

2. **DATE OF PURCHASE:** 2005

3. **LOCATION of PURCHASE:** Either Best Buy or Walmart

4. **PERSONS INVOLVED IN PURCHASE:** Brady Lane Cotton (plaintiff) and Amy Cotton (plaintiff's wife)

5. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

6. **PRICE:** Not available.

7. **BUNDLE:** The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000009-13.

——————————— Produced on 9/7/11 ———————————

**SAMSUNG EXHIBIT B8**

**PLAINTIFF COLLEEN SOBOTKA**

1. **CRT PRODUCT:**
   a. Sharp television
   b. JVC television

2. **DATE OF PURCHASE:**
   a. 2004
   b. 2000 or 2001

3. **LOCATION of PURCHASE:**
   a. Eglin Air Force Exchange - Eglin Air Force Base
   b. Hurlburt Exchange - Hurlburt Field, Florida

4. **PERSONS INVOLVED IN PURCHASES:** Colleen Sobotka (plaintiff)

5. **PRICE:**
   a. Not available.
   b. Not available.

6. **TAXES/FEES:** No taxes or fees were applied to the purchase of either television.

7. **BUNDLE:** Neither television was purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000046-50.

———— Produced on 9/7/11 ————

**SAMSUNG EXHIBIT B9**

**PLAINTIFF DANIEL RIEBOW**

1. **CRT PRODUCT:** Panasonic 27" television

2. **DATE OF PURCHASE:** 4/22/04

3. **LOCATION of PURCHASE:** Sears, Ala Moana Store, Hawaii

4. **PERSONS INVOLVED IN PURCHASE:** Daniel Riebow (plaintiff)

5. **PRICE:** $233.89

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** There was an extended warranty in connection with the purchase of this television.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000063-70.

—— Produced on 9/7/11 ——

**SAMSUNG EXHIBIT B10**

**PLAINTIFF TRAVIS BURAU**

1. **CRT PRODUCT:** TruTech television

2. **DATE OF PURCHASE:** Approximately 2006

3. **LOCATION of PURCHASE:** Target - Cedar Rapids, IA

4. **PERSONS INVOLVED IN PURCHASE:** Travis Burau (plaintiff)

5. **PRICE:** $200 (approximately)

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000372.

10

**SAMSUNG EXHIBIT B11**

**PLAINTIFF SOUTHERN OFFICE SUPPLY**

1. **CRT PRODUCT:**
   a. AOC computer monitor – S/N: P77320ROSBTBD
   b. GEM computer monitor –S/N: GRNAM94329767
   c. GEM computer monitor - S/N: GRNAM94329488
   d. KDS computer monitor - S/N: 6XB1C19162
   e. AOC computer monitor – S/N: D761VACOSPN2
   f. AOC computer monitor – S/N: D760TACOSPNB
   g. ORION computer monitor – S/N: Unknown

2. **DATE OF PURCHASE:**
   a. 2/02/2000
   b. 3/17/2000
   c. 3/31/2000
   d. 5/22/2000
   e. 11/16/2000
   f. 2/13/2003
   g. 4/24/2003

3. **LOCATION of PURCHASE:** All computer monitors were purchased from Elite Technology, Inc. in Kansas City, Kansas.

4. **PERSONS INVOLVED IN PURCHASE:** Tony McKee (owner of Southern Office Supply)

5. **PRICE:**
   a. $183.00
   b. $189.00
   c. $189.00
   d. $181.00
   e. $163.00
   f. $119.00
   g. $98.00

6. **TAXES/FEES:** There were no taxes or fees applied to any purchase of the computer monitors. Freight charges were paid COD.

7. **BUNDLE:** Except as to the Orion computer monitor, all other monitors were purchased separately and not as part of a bundle or system. The Orion computer monitor (g) was purchased as part of a bundled system.

11

Produced on 9/7/11

8. **WARRANTIES:** All parts had a 1 year warranty except CPU parts had 25 days excluding physical damage.

9. **PURPOSE of PURCHASE:** Use within business and not for resale.

See also CRT000222-238.

—————————————— Produced on 9/7/11 ——————————————

**SAMSUNG EXHIBIT B12**

**PLAINTIFF CHAD KLEBS**

1. **CRT PRODUCT:** Insignia Television – M/N: IS-TV040920; S/N: T18527147

2. **DATE OF PURCHASE:** 6/05

3. **LOCATION of PURCHASE:** Best Buy - Omaha, Nebraska

4. **PERSONS INVOLVED IN PURCHASES:**  Chad Klebs (plaintiff)

5. **PRICE:** Not available.

6. **TAXES/FEES:**  The standard sales taxes were applied to the purchase of the television.

7. **BUNDLE:**   The television was not purchased as part of a bundle or system.

8. **WARRANTIES:**  None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000028-35.

Produced on 9/7/11

**SAMSUNG EXHIBIT B13**

**PLAINTIFF DAVID NORBY**

1. **CRT PRODUCT:**  Magnavox television – S/N: YA1A0634025035

2. **DATE OF PURCHASE:**  1/06

3. **LOCATION of PURCHASE:**  Target

4. **PERSONS INVOLVED IN PURCHASE:**  David Norby (plaintiff)

5. **PRICE:** Not available.

6. **TAXES/FEES:**  The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:**   The television was not purchased as part of a bundle or system.

8. **WARRANTIES:**  None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:**  Personal use.

See also CRT000015-16 and CRT000071-72.

Produced on 9/7/11

**SAMSUNG EXHIBIT B14**

**PLAINTIFF RYAN RIZZO**

1. **CRT PRODUCT:** Toshiba television – S/N: 80664856

2. **DATE OF PURCHASE:** Approximately 1998

3. **LOCATION of PURCHASE:** Best Buy – Iowa City, Iowa

4. **PERSONS INVOLVED IN PURCHASE:** Ryan Rizzo (plaintiff)

5. **PRICE:** $700 (approximately)

6. **TAXES/FEES:** The standard sales tax was applied to the purchases of the television.

7. **BUNDLE:** The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000214-216.

15

**SAMSUNG EXHIBIT B15**

## PLAINTIFF CHARLES JENKINS

1. **CRT PRODUCT:**
   a. Durabrand 12" television
   b. Packard Bell computer monitor

2. **DATE OF PURCHASE:**
   a. 6/05
   b. 11/99

3. **LOCATION of PURCHASE:**
   a. Walmart – Columbus, Mississippi
   b. Rex's – Columbus, Mississipi

4. **PERSONS INVOLVED IN PURCHASE:**
   a. Charles Jenkins (plaintiff) & Margie Canon (plaintiff's girlfriend at the time)
   b. Charles Jenkins (plaintiff) & Angie Jenkins (plaintiff's former wife)

5. **PRICE:**
   a. Not available.
   b. Not available.

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television and the computer monitor.

7. **BUNDLE:** The television was not purchased as part of a bundle or system. The computer monitor was purchased as part of a bundle.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000036-45.

16

—————————————— Produced on 9/7/11 ——————————————

**SAMSUNG EXHIBIT B16**

**PLAINTIFF DANIEL HERGERT**

1. **CRT PRODUCT:** Panasonic television – S/N: LC02570860

2. **DATE OF PURCHASE:** 2000

3. **LOCATION of PURCHASE:** Best Buy – Lincoln, Nebraska

4. **PERSONS INVOLVED IN PURCHASE:** Daniel Hergert (plaintiff)

5. **PRICE:** Not available.

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranty.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000060-62.

**SAMSUNG EXHIBIT B17**

**PLAINTIFF SAMUEL NASTO**

1. **CRT PRODUCT:** Panasonic 42" Cinema Vision television

2. **DATE OF PURCHASE:** 2/19/2003

3. **LOCATION of PURCHASE:** Circuit City – Las Vegas, Nevada

4. **PERSONS INVOLVED IN PURCHASE:** Samuel Nasto (plaintiff)

5. **PRICE:** $1,469.98

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000217-221.

Produced on 9/7/11

**SAMSUNG EXHIBIT B18**

**PLAINTIFF CRAIG STEPHENSON**

1. **CRT PRODUCT:** MAG Technology computer monitor – S/N: FXHA 1709 1973U

2. **DATE OF PURCHASE:** 5/20/01

3. **LOCATION of PURCHASE:** Best Buy, 338 W, Albuquerque, New Mexico

4. **PERSONS INVOLVED IN PURCHASE:** Craig Stephenson (plaintiff)

5. **PRICE:** $57.13 (including tax)

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the computer monitor.

7. **BUNDLE:** The computer monitor was not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000051-53.

19

—————————————— Produced on 9/7/11 —————————— ——— ——

**SAMSUNG EXHIBIT B19**

**PLAINTIFF GARY HANSON**

1. **CRT PRODUCT:**
   a.  RCA Television  - S/N: S536412180
   b.  Toshiba Television – S/N: A2468602D
   c.  RCA Television – S/N: D384C72C7
   d.  Dell Computer Monitor – Model Number E772c; S/N: CN 09M556-64180-317-03YX
   e.  Dell Computer Monitor – Model Number E772c; S/N: CN 09M556-64180-338-006R

2. **DATE OF PURCHASE:**
   a.  1995
   b.  November or December 2002
   c.  2003
   d.  April 2003
   e.  April 2003

3. **LOCATION of PURCHASE:**
   a.  Best Buy – Fargo, North Dakota
   b.  Target/Best Buy/Wal-Mart – Fargo, North Dakota
   c.  Target – Fergus Falls, Minnesota
   d.  Dell
   e.  Dell

4. **PERSONS INVOLVED IN PURCHASE:**  Gary Hanson (plaintiff)

5. **PRICE:**
   a.  Not available
   b.  Not available
   c.  Not available
   d.  $770.00 (including computer and other items)
   e.  $770.00 (including computer and other items)

6. **TAXES/FEES:** The standard sales tax was applied to the purchases of the televisions. Mr. Hanson was charged $7.41 in taxes in connection with each monitor purchase.

7. **BUNDLE:**  None of the televisions were purchased as part of a bundle or system. Both computer monitors were part of a bundle.

20

8. **WARRANTIES:** For the televisions, none other than any standard manufactuers' warranties. The computer monitors came with a 1 year limited warranty, and Mr. Hanson received a $100 rebate in connection with both monitor purchases.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000106-156 and CRT000497-504.

**SAMSUNG EXHIBIT B20**

## PLAINTIFF DONNA MARIE ELLINGSON

1. **CRT PRODUCT:**
   a. e-Machines computer monitor
   b. 25" Sharp television
   c. 27" Sharp television

2. **DATE OF PURCHASE:**
   a. 3/6/04
   b. 11/9/97
   c. 10/18/99

3. **LOCATION of PURCHASE:**
   a. Best Buy – Rapid City, South Dakota
   b. Rex TV & Appliance – Rapid City, SD
   c. Rex TV & Appliance – Rapid City, SD

4. **PERSONS INVOLVED IN PURCHASE:** With respect to the computer monitor purchase: Donna Ellingson (plaintiff) & Russ Penning (plaintiff's friend). With respect to the television purchases: Donna Ellingson (plaintiff).

5. **PRICE:**
   a. $209.99
   b. $306.34 (including tax)
   c. $348.69 (including tax)

6. **TAXES/FEES:** The standard sales tax was applied to all purchases.

7. **BUNDLE:** Neither of the televisions were purchased as part of a bundle or system. The computer monitor was part of a bundle.

8. **WARRANTIES:** Ms. Ellingson received Best Buy Reward Points for her purchase of the e-Machines computer. She does not recall any other specific warranties (other than any standard manufacturers' warranties), servicing plans or agreements, membership rewards, or other benefits received relating to this acquisition. She does not recall if she ever utilized the rewards points. Ms. Ellingson also received a $100 rebate on the monitor. With respect to the televisions, there were no warranties other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000075-103 and CRT000525-561.

22

———————— Produced on 9/7/11 ————————

SAMSUNG EXHIBIT B21

**PLAINTIFF FRANK WARNER**

1. **CRT PRODUCT:**
   a. Compaq V720 computer monitor – S/N: 208CL26EC596
   b. Pixie 15" computer monitor - S/N: czc00807130
   c. Pixie 15" computer monitor - S/N: czc0807126
   d. KDS 14" computer monitor – UPC: 0781257141028
   e. KDS 17" computer monitor – UPC: 0088698200087
   f. AOC Color Monitor CT720G – S/N: K1PN4CA871647

2. **DATE OF PURCHASE:**
   a. After 2/02
   b. 10/23/00
   c. 10/23/00
   d. 3/18/98
   e. 4/5/99
   f. Not available

3. **LOCATION of PURCHASE:**
   a. Not available
   b. Comp USA, 3539 Riverdale Road, Memphis, TN 38115
   c. Comp USA, 3539 Riverdale Road, Memphis, TN 38115
   d. Ingram Micro TLP, 3820 Micro Drive, Millington, TN 38053
   e. Ingram Micro TLP, 3820 Micro Drive, Millington, TN 38053
   f. Envision Peripherals, 47490 Seabridge Drive, Fremont, CA 94538

4. **PERSONS INVOLVED IN PURCHASES:** Frank Warner (plaintiff)

5. **PRICE:**
   a. Not available
   b. $119.99
   c. $119.99
   d. $86.50
   e. $222.50
   f. Not available

6. **TAXES/FEES:** The standard sales tax was applied to the purchases of the computer monitors.

7. **BUNDLE:** None of the computer monitors were purchased as part of a bundle or system.

23

8. **WARRANTIES:** None other than any standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Mr. Warner purchased certain of the computer monitors for personal use and certain ones for use in connection with his business and not for resale.

See also CRT000104-105 and CRT000565-571.

**SAMSUNG EXHIBIT B22**

## PLAINTIFF ALBERT SIDNEY CRIGLER

1. **CRT PRODUCT:**
   a. Sharp television – S/N: 653205
   b. Gateway computer monitor – S/N: 7033364

2. **DATE OF PURCHASE:**
   a. 2004
   b. Not available.

3. **LOCATION of PURCHASE:**
   a. Target
   b. Gateway

4. **PERSONS INVOLVED IN PURCHASE:** Albert Sidney Crigler (plaintiff)

5. **PRICE:**
   a. Not available.
   b. Not available.

6. **TAXES/FEES:** The standard sales tax was applied to the purchases.

7. **BUNDLE:**
   a. The television was not purchased as part of a bundle or system.
   b. The computer monitor was purchased as part of a bundle.

8. **WARRANTIES:** None other than standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000001-08.

Produced on 9/7/11

SAMSUNG EXHIBIT B23

**PLAINTIFF MARGARET SLAGLE**

1. **CRT PRODUCT:**
   a. Sylvania television – S/N: J39420241
   b. Magnavox television – S/N: 60HZ75W

2. **DATE OF PURCHASE:**
   a. 11/26/04
   b. 12/04

3. **LOCATION of PURCHASE:**
   a. Radio Shack, South Burlington, VT
   b. Radio Shack, South Burlington, VT

4. **PERSONS INVOLVED IN PURCHASES:** Margaret Slagle (plaintiff)

5. **PRICE:**
   a. $238.23 (including tax)
   b. Not available.

6. **TAXES/FEES:** The standard sales tax was applied to the purchases of the televisions.

7. **BUNDLE:** Neither television was purchased as part of a bundle or a system.

8. **WARRANTIES:** None other than standard manufacturers' warranties.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000174-213 and CRT000505.

**SAMSUNG EXHIBIT B24**

**PLAINTIFF JOHN LARCH**

1. **CRT PRODUCT:** Curtis Mathes television

2. **DATE OF PURCHASE:** 6/22/04

3. **LOCATION of PURCHASE:** K-Mart – Weirton, West Virginia

4. **PERSONS INVOLVED IN PURCHASE:** John Larch (plaintiff)

5. **PRICE:** $389.99

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** The television was not purchased as part of a bundle or system.

8. **WARRANTIES:** John Larch purchased a "Smart Plan" warranty in connection with his purchase of the television.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000171-173.

27

**SAMSUNG EXHIBIT B25**

**PLAINTIFF BRIGID TERRY**

1. **CRT PRODUCT:** Toshiba television – S/N: 92567585

2. **DATE OF PURCHASE:** 1997 or 1998

3. **LOCATION of PURCHASE:** The Village – Janesville, Wisconsin

4. **PERSONS INVOLVED IN PURCHASE:** Brigid Terry (plaintiff)

5. **PRICE:** Not available.

6. **TAXES/FEES:** The standard sales tax was applied to the purchase of the television.

7. **BUNDLE:** This television was not purchased as part of a bundle or system.

8. **WARRANTIES:** None other than any standard manufacturers' warranty.

9. **PURPOSE of PURCHASE:** Personal use.

See also CRT000017-18, CRT000073-74, and CRT000563-564.

—————— Produced on 9/7/11 ——————

**SAMSUNG EXHIBIT A1**

**PLAINTIFF JERRY COOK**

Mr. Cook's claims have been dismissed.

Produced on 9/7/11

**SAMSUNG EXHIBIT A2**

## PLAINTIFF BRIAN LUSCHER

Brian Luscher
5030 W. Laredo St.
Chandler, AZ  85226

Thomas G. Stack
RYLEY, CARLOCK & APPLEWHITE
One North Central Avenue, Suite 1200
Phoenix, AZ 85004-4417

Robert J. Gralewski, Jr.
KIRBY McINERNY LLP
825 Third Avenue
New York, NY  10022

Produced on 9/7/11

**SAMSUNG EXHIBIT A3**

**PLAINTIFF JEFFREY FIGONE**

Jeffrey Figone
370 School Road
Novato, CA 94945

Joseph M. Patane
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123

Robert J. Gralewski, Jr.
KIRBY McINERNY LLP
825 Third Avenue
New York, NY  10022

**SAMSUNG EXHIBIT A4**

**PLAINTIFF CARMEN GONZALEZ**

Carmen Gonzalez
139 Seawell Court
San Jose, CA 94318

Marwa Elzankaly
McMANIS FAULKNER
50 W. Fernando Street, 10th Floor
San Jose, CA 95113

Robert J. Gralewski, Jr.
KIRBY McINERNY LLP
825 Third Avenue
New York, NY 10022

Produced on 9/7/11

**SAMSUNG EXHIBIT A5**

**PLAINTIFF DANA ROSS**

Dana Ross
664 San Andres Circle
Thousand Oaks, CA 91360

Susan Kupfer
GLANCY, BINKOW & GOLDBERG LLP
One Embarcadero Center, Suite 760
San Francisco, CA 94111

Robert J. Gralewski, Jr.
KIRBY McINERNY LLP
825 Third Avenue
New York, NY  10022

5

Produced on 9/7/11

**SAMSUNG EXHIBIT A6**

**PLAINTIFF STEVEN GANZ**

Steven Ganz

Adam Belsky
GROSS & BELSKY, LLP
180 Montgomery Street, Suite 2200
San Francisco, CA 94104

Robert J. Gralewski, Jr.
KIRBY McINERNY LLP
825 Third Avenue
New York, NY 10022

6

—————————————— Produced on 9/7/11 ——————————————

**SAMSUNG EXHIBIT A7**

**PLAINTIFF BRADY LANE COTTON**

Brady Lane Cotton
10302 Venitia Real Avenue
Apt. 108
Tampa, FL 33647

Robert G. Methvin, Jr.
McCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, AL 35305

Robert J. Gralewski, Jr.
KIRBY McINERNY LLP
825 Third Avenue
New York, NY 10022

———— Produced on 9/7/11 ————

**SAMSUNG EXHIBIT A8**

**PLAINTIFF COLLEEN SOBOTKA**

Colleen Sobotka
1716 Bennett's End
Ft. Walton Beach, FL 32547

Robert G. Methvin, Jr.
McCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, AL 35305

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

—— Produced on 9/7/11 ——

**SAMSUNG EXHIBIT A9**

**PLAINTIFF DANIEL RIEBOW**

Daniel Riebow
3155 Oahu Avenue
Honolulu, HI 96822

Jeff Crabtree
LAW OFFICES OF JEFF CRABTREE
820 Mililani Street, Suite 701
Honolulu, Hawaii 96813

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

Produced on 9/7/11

**SAMSUNG EXHIBIT A10**

**PLAINTIFF TRAVIS BURAU**

Travis Burau
6803 Inwood Lane NE
Cedar Rapids, IA 52402

David Syrios
ADEMI & O'REILLY
3620 East Layton Ave.
Cudahy, WI 53110

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

Produced on 9/7/11

**SAMSUNG EXHIBIT A11**

**PLAINTIFF SOUTHERN OFFICE SUPPLY**

Tony McKee
417 N. Kansas Avenue
Liberal, KS 67901

Shirla McQueen & Christine M. Larson
SHARP MCQUEEN, P.A.
419 N. Kansas
Liberal, KS 67901

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

11

Produced on 9/7/11

**SAMSUNG EXHIBIT A12**

## PLAINTIFF CHAD KLEBS

Chad Klebs
17630 Isleton Avenue West
Lakeville, MN 55044

Qienwei Fu
ZELLE, HOFMANN, VOELBEL & MASON, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

—— Produced on 9/7/11 ——

**SAMSUNG EXHIBIT A13**

**PLAINTIFF DAVID NORBY**

David Norby
869 South McKnight Road
St. Paul, MN 55119

Seymour Mansfield
MANSFIELD, TANICK & COHEN, P.A.
220 South Sixth Street
Minneapolis, MN 55402

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

13

Produced on 9/7/11

**SAMSUNG EXHIBIT A14**

## PLAINTIFF RYAN RIZZO

Ryan Rizzo
15113 Fanning Drive North
Hugo, MN 55038

David Syrios
ADEMI & O'REILLY
3620 East Layton Ave.
Cudahy, WI 53110

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

——————————— Produced on 9/7/11 ———————————

**SAMSUNG EXHIBIT A15**

**PLAINTIFF CHARLES JENKINS**

Charles Jenkins
Box 55
Caledonia, MS 39740

Robert G. Methvin, Jr.
McCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, AL 35305

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

15

Produced on 9/7/11

**SAMSUNG EXHIBIT A16**

**PLAINTIFF DANIEL HERGERT**

Daniel Hergert
7350 Canyon Road
Lincoln, NE 68516

Lawrence Papale
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street #117
St. Helena, CA 94574

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

16

———————— Produced on 9/7/11 ————————

**SAMSUNG EXHIBIT A17**

**PLAINTIFF SAMUEL NASTO**

Samuel Nasto
9100 Ironstone Avenue
Las Vegas, Nevada 89143

Robert Gerard
GERARD & ASSOCIATES, LLP
1516 Front Street
San Diego, CA 92101

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

———— Produced on 9/7/11 ————

**SAMSUNG EXHIBIT A18**

**PLAINTIFF CRAIG STEPHENSON**

Craig Stephenson
1331 Park Avenue S.W.
Unit 410
Albuquerque, NM 87102

Lawrence Papale
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street #117
St. Helena, CA 94574

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

Produced on 9/7/11

**SAMSUNG EXHIBIT A19**

**PLAINTIFF GARY HANSON**

Gary Hanson
1202 – 27th Street South Suite A
Fargo, ND 58103

Joel Flom
JEFFRIES, OLSON & FLOM, P.A.
1202 27th Street South Suite A
Fargo, N.D. 58103

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

Produced on 9/7/11

**SAMSUNG EXHIBIT A20**

**PLAINTIFF DONNA MARIE ELLINGSON**

Donna Ellingson
210 S. Canyon Road
Rapid City, SD  57702

Eric J. Pickar
BANGS, McCULLEN, BUTLER, FOYE & SIMMONS, LLP
333 West Boulevard, Suite 400
P.O. Box 2670
Rapid City, SD 57709-2670

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

—————— Produced on 9/7/11 ——————

**SAMSUNG EXHIBIT A21**

**PLAINTIFF FRANK WARNER**

Frank Warner
1039 Lake Rest Rd
Proctor, AR 72376-9510

Lawrence Papale
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street #117
St. Helena, CA 94574

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

21

Produced on 9/7/11

**SAMSUNG EXHIBIT A22**

## PLAINTIFF ALBERT SIDNEY CRIGLER

Albert Sidney Crigler
303 Salem Court
Franklin, TN 37064

Brent Irby & Eric Hoagland
McCALLUM, HOAGLAND, COOK & IRBY, LLP
905 Montgomery Street, Suite 201
Vestavia Hills, AL 35216

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

—————————————— Produced on 9/7/11 ——————————————

**SAMSUNG EXHIBIT A23**

**PLAINTIFF MARGARET SLAGLE**

Margaret Slagle
14 Hideaway Lane
Williston, VT 05495

Mary G. Kirkpatrick
KIRKPATRICK & GOLDSBOROUGH, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05401

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

**SAMSUNG EXHIBIT A24**

**PLAINTIFF JOHN LARCH**

John Larch
113 Sharon Drive
Weirton, WV  26062

Michael G. Simon
FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON
337 Penco Road
Weirton, WV  26062

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY  10022

Produced on 9/7/11

**SAMSUNG EXHIBIT A25**

**PLAINTIFF BRIGID TERRY**

Brigid Terry
510 Oakland Avenue
Janesville, WI 53545

Seymour Mansfield
MANSFIELD, TANICK & COHEN, P.A.
220 South Sixth Street
Minneapolis, MN 55402

Robert J. Gralewski, Jr.
KIRBY McINERNEY LLP
825 Third Avenue
New York, NY 10022

———————————————— Produced on 10/4/11 ————————————————

**SAMSUNG EXHIBIT D6 (AMENDED)**

**PLAINTIFF STEVEN GANZ**

CRTs: Mr. Ganz does not believe he reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

CRT Products: Mr. Ganz consulted Consumer Reports prior to purchasing both CRT televisions identified in Samsung Exhibit B6. He also believes he may have reviewed advertisements for CRT products in Best Buy, Circuit City, and/or Costco circulars. Mr. Ganz does not have specific recollection of the contents of any of the advertisements he saw.

1

Produced on 10/4/11

**SAMSUNG EXHIBIT D7 (AMENDED)**

**PLAINTIFF BRADY LANE COTTON**

CRTs: Mr. Cotton does not believe he reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

CRT Products: Mr. Cotton does not recall reviewing any trade publications, advertisements, or news articles relating to the price or product features of CRT products during the relevant time period.

2

——————————— Produced on 10/4/11 ——————————

**SAMSUNG EXHIBIT D15 (AMENDED)**

**PLAINTIFF CHARLES JENKINS**

CRTS: Mr. Jenkins does not believe he reviewed any trade publications, advertisements, or news articles relating to the price or product features of CRTs during the relevant time period.

CRT Products: Mr. Jenkins reviewed a Rex's Appliance advertisement for the Packard Bell computer monitor identified in Samsung Exhibit B15 in the November 26, 1997 edition of the Columbus Commercial Dispatch.  Mr. Jenkins also recalls reviewing an advertisement relating to the price or product features of CRT products in a Sunday edition of the Columbus Commercial Dispatch in February 1995.

Produced on 10/4/11

**SAMSUNG EXHIBIT E6 (AMENDED)**

**PLAINTIFF STEVEN GANZ**

Mr. Ganz purchased two LCD computer monitors during the relevant period.  He purchased both because they were part of a package and because the LCD monitors were smaller and he believed the price of the LCD monitors was relatively comparable to the price of CRT monitors.

4

**SAMSUNG EXHIBIT E7 (AMENDED)**

**PLAINTIFF BRADY LANE COTTON**

Mr. Cotton did not purchase a non-CRT television or computer monitor during the relevant time period.

—————————————— Produced on 10/4/11 ——————————————

**SAMSUNG EXHIBIT E15 (AMENDED)**

**PLAINTIFF CHARLES JENKINS**

Mr. Jenkins did not purchase a non-CRT television or computer monitor during the relevant time period.

—————————— Produced on 10/4/11 ——————————

**SAMSUNG EXHIBIT E30 (AMENDED)**

**PLAINTIFF CONRAD CARTY**

Mr. Carty did not purchase a non-CRT television or computer monitor during the relevant time period.

**TOSHIBA EXHIBIT A1**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF JERRY COOK**

RESPONSE: The following individuals participated in the preparation of these responses:

> Jerry and Debra Cook
> 4125 Cook Road
> Bentonville, AR  72712

> Charles M. Kester
> Kester Law Firm
> P.O. Box 184
> Fayetteville, AR 72702-0184

**TOSHIBA EXHIBIT A2**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF BRIAN LUSCHER**

RESPONSE: The following individuals participated in the preparation of these responses:

Brian Luscher
5030 W. Laredo St.
Chandler, AZ  85226

Thomas G. Stack
Ryley, Carlock & Applewhite
One North Central Avenue, Suite 1200
Phoenix, AZ 85004-4417

**TOSHIBA EXHIBIT A3**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF JEFFREY FIGONE**

RESPONSE: The following individuals participated in the preparation of these responses:

Jeffrey Figone
370 School Road
Novato, CA 94945

Joseph M. Patane
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2280 Union Street
San Francisco, CA 94123

**TOSHIBA EXHIBIT A4**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF CARMEN GONZALEZ**

RESPONSE: The following individuals participated in the preparation of these responses:

Carmen Gonzalez
139 Seawell Court
San Jose, CA 94318

Marwa Elzankaly
McMANIS FAULKNER
50 W. Fernando Street, 10th Floor
San Jose, CA 95113

**TOSHIBA EXHIBIT A5**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF DANA ROSS**

RESPONSE: The following individuals participated in the preparation of these responses:

    Dana Ross
    664 San Andres Circle
    Thousand Oaks, CA 91360

    Susan Kupfer
    GLANCY, BINKOW & GOLDBERG LLP
    One Embarcadero Center, Suite 760
    San Francisco, CA 94111

**TOSHIBA EXHIBIT A6**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF STEVEN GANZ**

RESPONSE: The following individuals participated in the preparation of these responses:

Steven Ganz


Adam Belsky
GROSS & BELSKY, LLP
180 Montgomery Street, Suite 2200
San Francisco, CA 94104

**TOSHIBA EXHIBIT A7**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF BRADY LANE COTTON**

RESPONSE: The following individuals participated in the preparation of these responses:

> Brady Lane Cotton
> 10302 Venitia Real Avenue
> Apt. 108
> Tampa, FL 33647

> Robert G. Methvin, Jr.
> McCALLUM, METHVIN & TERRELL, P.C.
> 2201 Arlington Avenue South
> Birmingham, AL 35305

**TOSHIBA EXHIBIT A8**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF COLLEEN SOBOTKA**

RESPONSE: The following individuals participated in the preparation of these responses:

Colleen Sobotka
1716 Bennett's End
Ft. Walton Beach, FL 32547

Robert G. Methvin, Jr.
McCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, AL 35305

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF DANIEL RIEBOW**

RESPONSE: The following individuals participated in the preparation of these responses:

Daniel Riebow
3155 Oahu Avenue
Honolulu, HI 96822

Jeff Crabtree
LAW OFFICES OF JEFF CRABTREE
820 Mililani Street, Suite 701
Honolulu, Hawaii 96813

**TOSHIBA EXHIBIT A10**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF TRAVIS BURAU**

RESPONSE: The following individuals participated in the preparation of these responses:

> Travis Burau
> 6803 Inwood Lane NE
> Cedar Rapids, IA 52402
>
> David Syrios
> ADEMI & O'REILLY
> 3620 East Layton Ave.
> Cudahy, WI 53110

**TOSHIBA EXHIBIT A11**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF SOUTHERN OFFICE SUPPLY**

RESPONSE: The following individuals participated in the preparation of these responses:

> Tony McKee
> 417 N. Kansas Avenue
> Liberal, KS 67901

> Shirla McQueen & Christine M. Larson
> SHARP MCQUEEN, P.A.
> 419 N. Kansas
> Liberal, KS 67901

**TOSHIBA EXHIBIT A12**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF CHAD KLEBS**

RESPONSE: The following individuals participated in the preparation of these responses:

Chad Klebs
17630 Isleton Avenue West
Lakeville, MN 55044

Qienwei Fu
ZELLE, HOFMANN, VOELBEL, MASON, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104

**TOSHIBA EXHIBIT A13**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF DAVID NORBY**

RESPONSE: The following individuals participated in the preparation of these responses:

David Norby
869 South McKnight Road
St. Paul, MN 55119

Seymour Mansfield
MANSFIELD, TANICK & COHEN, P.A.
220 South Sixth Street
Minneapolis, MN  55402

**TOSHIBA EXHIBIT A14**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF RYAN RIZZO**

RESPONSE: The following individuals participated in the preparation of these responses:

Ryan Rizzo
15113 Fanning Drive North
Hugo, MN 55038

David Syrios
ADEMI & O'REILLY
3620 East Layton Ave.
Cudahy, WI 53110

**TOSHIBA EXHIBIT A15**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF CHARLES JENKINS**

RESPONSE: The following individuals participated in the preparation of these responses:

Charles Jenkins
Box 55
Caledonia, MS 39740

Robert G. Methvin, Jr.
McCALLUM, METHVIN & TERRELL, P.C.
2201 Arlington Avenue South
Birmingham, AL 35305

15

**TOSHIBA EXHIBIT A16**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF DANIEL HERGERT**

RESPONSE: The following individuals participated in the preparation of these responses:

> Daniel Hergert
> 7350 Canyon Road
> Lincoln, NE 68516

> Lawrence Papale
> LAW OFFICES OF LAWRENCE G. PAPALE
> 1308 Main Street #117
> St. Helena, CA 94574

**TOSHIBA EXHIBIT A17**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF SAMUEL NASTO**

RESPONSE: The following individuals participated in the preparation of these responses:

Samuel Nasto
9100 Ironstone Avenue
Las Vegas, Nevada 89143

Robert Gerard
GERARD & ASSOCIATES, LLP
1516 Front Street
San Diego, CA 92101

**TOSHIBA EXHIBIT A18**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF CRAIG STEPHENSON**

RESPONSE: The following individuals participated in the preparation of these responses:

Craig Stephenson
1331 Park Avenue S.W.
Unit 410
Albuquerque, NM 87102

Lawrence Papale
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street #117
St. Helena, CA 94574

**TOSHIBA EXHIBIT A19**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF GARY HANSON**

RESPONSE: The following individuals participated in the preparation of these responses:

> Gary Hanson
> 1202 – 27th Street South Suite A
> Fargo, ND 58103
>
> Joel Flom
> JEFFRIES, OLSON & FLOM, P.A.
> 1202 27th Street South Suite A
> Fargo, N.D. 58103

**TOSHIBA EXHIBIT A20**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF DONNA MARIE ELLINGSON**

RESPONSE: The following individuals participated in the preparation of these responses:

Donna Ellingson
210 S. Canyon Road
Rapid City, SD  57702

Eric J. Pickar
BANGS, McCULLEN, BUTLER, FOYE & SIMMONS, LLP
333 West Boulevard, Suite 400
P.O. Box 2670
Rapid City, SD 57709-2670

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF FRANK WARNER**

RESPONSE: The following individuals participated in the preparation of these responses:

Frank Warner
1039 Lake Rest Rd
Proctor, AR 72376-9510

Lawrence Papale
LAW OFFICES OF LAWRENCE G. PAPALE
1308 Main Street #117
St. Helena, CA 94574

**TOSHIBA EXHIBIT A22**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF ALBERT SIDNEY CRIGLER**

RESPONSE: The following individuals participated in the preparation of these responses:

Albert Sidney Crigler
303 Salem Court
Franklin, TN 37064

Brent Irby & Eric Hoagland
McCALLUM, HOAGLAND, COOK & IRBY, LLP
905 Montgomery Street, Suite 201
Vestavia Hills, AL 35216

**TOSHIBA EXHIBIT A23**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF MARGARET SLAGLE**

RESPONSE: The following individuals participated in the preparation of these responses:

Margaret Slagle
14 Hideaway Lane
Williston, VT 05495

Mary G. Kirkpatrick
KIRKPATRICK & GOLDSBOROUGH, PLLC
Lakewood Commons
1233 Shelburne Road, Suite E-1
South Burlington, VT 05401

**TOSHIBA EXHIBIT A24**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF JOHN LARCH**

RESPONSE: The following individuals participated in the preparation of these responses:

John Larch
113 Sharon Drive
Weirton, WV  26062

Michael G. Simon
FRANKOVITCH, ANETAKIS, COLANTONIO & SIMON
337 Penco Road
Weirton, WV  26062

**TOSHIBA EXHIBIT A25**

**Interrogatory #1:** IDENTIFY all PERSONS who participated or assisted in the preparation of YOUR responses to these interrogatories.

**PLAINTIFF BRIGID TERRY**

RESPONSE: The following individuals participated in the preparation of these responses:

Brigid Terry
510 Oakland Avenue
Janesville, WI 53545

Seymour Mansfield
MANSFIELD, TANICK & COHEN, P.A.
220 South Sixth Street
Minneapolis, MN  55402