**COUNSEL LISTED ON SIGNATURE PAGE**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **STIPULATION AND [PROPOSED] ORDER REGARDING TRIAL EVIDENCE** |
| | The Honorable Jon S. Tigar |

Pursuant to Paragraph B.6 of the Court's Standing Order for Civil Jury Trials, Indirect Purchaser Plaintiffs ("IPPs" or "Plaintiffs") and Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (the "Irico Defendants," collectively the "Parties") submit the following joint stipulation to expedite the presentation of evidence during trial.

WHEREAS, paragraph B.6 of the Court's Standing Order for Civil Jury Trials instructs the Parties to submit a "statement of proposed stipulations or agreements that will expedite the presentation of evidence" at trial;

The Parties THEREFORE stipulate as follows:

1.      The Parties shall not refer to or introduce any evidence regarding Plaintiffs' ability to recover attorneys' fees and costs. The Irico Defendants may make a narrowly-tailored reference to the fact that Chunghwa was potentially eligible for a two-thirds reduction in damages as a result of its cooperation with IPPs but shall not otherwise refer to or introduce any evidence regarding the availability of treble damages.

2.      The Parties shall not present evidence or argument at trial regarding the current financial condition or ability to pay damages of any party and entities purportedly affiliated with any party, including class representatives. This includes references to current net worth, current net earnings, or current profits. The Parties are precluded from arguing that any party or its purportedly affiliated entities have "deep pockets," and the Parties are precluded from suggesting that another party's current size or net worth has relevance to the amount of damages. Plaintiffs are precluded from introducing evidence of, and making arguments about, Irico Defendants' size, resources, or financial ability to withstand a large damage award. Irico Defendants are precluded from introducing evidence of, and making arguments about, the effect a large damage award levied against Irico Defendants could have, including the effect an award could have on Irico Defendants, Irico Defendants' customers, and other downstream purchasers, including Plaintiffs. This stipulation does not apply to evidence or argument at trial regarding the financial condition during the conspiracy period alleged in Plaintiffs' complaint, including bankruptcies, of any party or of entities purportedly affiliated with any party.

STIPULATION AND [PROPOSED] ORDER REGARDING TRIAL EVIDENCE
Master File No. 4:07-cv-5944-JST; MDL No. 1917

3.      The Parties shall not refer to or introduce any evidence regarding any financial relationship or fee agreement between the class representatives and their counsel.

4.      The Parties shall not refer to class representatives' or Irico Defendants' attendance or non-attendance at trial.

5.      The Parties shall not refer to or make argument about Plaintiffs' purported failure to mitigate their damages.

6.      The Parties shall not allow percipient (i.e., non-expert) witnesses, except for one party representative, to be present in the courtroom during the trial unless they are testifying. In addition, the Parties shall not allow percipient witnesses to read daily transcripts of the court proceedings.

7.      The Parties may introduce evidence or argument regarding the fact that Irico Defendants' former co-defendants settled with IPPs, Direct Purchaser Plaintiffs, and/or the Direct Action Plaintiffs solely for the purpose of showing witness bias. The Parties may introduce evidence regarding cooperation provisions in the aforementioned settlements solely for the purpose of demonstrating witness bias. Before the Parties can introduce evidence of the fact of settlements or cooperation provisions, however, they shall alert the Court outside the jury's presence, sufficiently far in advance of introduction of the evidence that the Court can hear brief argument, if necessary. The Court will then consider whether specific evidence or argument is properly admissible given the context in which it is being presented. Other than the fact of settlement and cooperation provisions, the Parties shall not introduce evidence or argument regarding any terms of settlements, including settlement amounts.

8.      The Parties may introduce evidence or argument regarding actions brought by other plaintiffs in this *CRT* Multidistrict Litigation ("this MDL") solely to demonstrate witness bias. Before Irico Defendants may introduce evidence or argument regarding absent plaintiffs' claims, however, they shall alert the Court outside the jury's presence, sufficiently far in advance of introduction of the evidence that the Plaintiffs can be heard and the Court hear brief argument. The Court will then consider whether specific evidence or argument is properly admissible given

the context in which it is being presented. The Parties shall not introduce at trial evidence of claims by absent plaintiffs in this MDL for any purpose other than showing witness bias.

9.     The Parties shall not introduce any evidence of or make any reference to IPPs' now-dismissed claim for federal injunctive relief in the presence of the jury.


**IT IS SO STIPULATED.**


Dated:  August 11, 2023                    TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP

                                        By:  */s/ Mario N. Alioto*
                                               Mario N. Alioto (56433)
                                               Lauren C. Capurro (241151)
                                               TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                               2001 Union Street, Suite 482
                                               San Francisco, CA 94123
                                               Telephone:     (415) 563-7200
                                               Facsimile:     (415) 346-0679
                                               Email:  malioto@tatp.com
                                               Email:  laurenrussell@tatp.com

                                        **Lead Counsel for Indirect Purchaser Plaintiffs**

Dated:  August 11, 2023                    By:  */s/ John M. Taladay*
                                               John M. Taladay *(pro hac vice)*
                                               Evan J. Werbel *(pro hac vice)*
                                               Thomas E. Carter *(pro hac vice)*
                                               Andrew L. Lucarelli *(pro hac vice)*
                                               BAKER BOTTS LLP
                                               700 K Street, N.W.
                                               Washington, D.C. 20001
                                               (202) 639-7700
                                               (202) 639-7890 (fax)
                                               Email: john.taladay@bakerbotts.com
                                                         evan.werbel@bakerbotts.com
                                                         tom.carter@bakerbotts.com
                                                         drew.lucarelli@bakerbotts.com

                                               *Attorneys for Defendants Irico Group Corp.*
                                               *and Irico Display Devices Co., Ltd.*

1     **PURSUANT TO STIPULATION, AND GOOD CAUSE APPEARING, IT IS SO**

2  **ORDERED.**

3

4

Dated: _____          _____

5

6                                        HONORABLE JON S. TIGAR
                                         UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING TRIAL EVIDENCE
Master File No. 4:07-cv-5944-JST; MDL No. 1917

1

**ATTESTATION**

2

I, Lauren C. Capurro, hereby attest, pursuant to United States District Court, Northern

3

District of California Civil Local Rule 5-1(h)(3), that each of the other Signatories have concurred

4

in the filing of the document.

5

6

7

DATED:          August 11, 2023                    */s/ Lauren C. Capurro*

8

Lauren C. Capurro

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER REGARDING TRIAL EVIDENCE
Master File No. 4:07-cv-5944-JST; MDL No. 1917