MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1:** |
| | **TO PRECLUDE REFERENCE TO DUPLICATIVE RECOVERY** |
| | Hearing Date: December 15, 2023<br>Time: 2:00 p.m.<br>Courtoom: Courtroom 6 – 2nd Floor |
| | The Honorable Jon S. Tigar |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 1:**

**TO PRECLUDE REFERENCE
TO DUPLICATIVE RECOVERY**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to preclude reference to or argument about duplicative recovery.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude reference to duplicative recovery.

### I.    ARGUMENT

Plaintiffs anticipate that, at trial, the Irico Defendants ("Irico") might attempt to argue to the jury that there is a risk of an improper duplicative recovery. Specifically, Irico may argue that the Direct Purchaser Class Plaintiffs are seeking damages (in the form of overcharges) under the Clayton Act, while Plaintiffs are seeking damages (in the form of passed-on overcharges) under State laws, and that as a result, two parties are seeking to recover the same damages from Irico. That issue should not be argued to the jury at trial, for two reasons.

First, such arguments are incorrect as a matter of law. As held by the United States Supreme Court in *California v. ARC America Corp.*, a direct purchaser damages remedy under the Clayton Act does not preempt a separate damages remedy for indirect purchasers under state antitrust law. 490 U.S. 93, 105-106 (1989), *rev'g In re Cement & Concrete Antitrust Litig.*, 817 F.2d 1435 (9th Cir. 1987). In *ARC America*, the Supreme Court expressly rejected the Ninth Circuit's conclusion that indirect purchasers are barred from recovering under state law because such claims "might subject antitrust defendants to multiple liability." *Id.* at 105. Instead, the Supreme Court held that, with respect to antitrust law, there was no federal policy against states imposing liability "in addition to" that imposed by the Clayton Act. *Id.*; *see also In re Lidoderm Antitrust Litig.*, No. 14-MD-02521-WHO, 2018 WL 7814761, at *4 (N.D. Cal. Feb. 7, 2018) ("Given the structure of the federal and state antitrust and unlawful competition laws, the [direct purchaser plaintiffs] are entitled to recover the full amount of the overcharges (if proved) and the [end payor plaintiffs] are entitled to recover the amount of the overcharges they paid (consistent with the underlying state laws). Assessment of these damages is not unlawfully 'duplicative.'").

Second, this entire issue is not for the jury. The supposed "duplicative recovery" issue turns on: (i) the interplay between the state law damages remedies and the Clayton Act damages remedy; (ii) whether there is a risk of improper duplicative recovery when two separate plaintiff groups each pursue their rights under different statutes; and (iii) if so, what to do about that risk.

Those are not questions of fact. Instead, they are purely legal issues that should be decided by the Court, not the jury. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("Resolving doubtful questions of law is the distinct and exclusive province of the trial judge."). Indeed, arguing these issues to the jury could lead to confusion, and cannot possibly help the jury to decide the issues properly before them.

Accordingly, Irico should be barred from arguing to the jury — either directly or obliquely — that Plaintiffs' state law claims present a risk of improper duplicative recovery.

## II. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude reference to duplicative recovery.

Dated:  August 11, 2023                     By:  */s/ Mario N. Alioto*
                                                 Mario N. Alioto (56433)
                                                 Lauren C. Capurro (241151)
                                                 TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                                 2001 Union Street, Suite 482
                                                 San Francisco, CA 94123
                                                 Telephone:     (415) 563-7200
                                                 Facsimile:     (415) 346-0679
                                                 Email: malioto@tatp.com
                                                 Email: laurenrussell@tatp.com

                                                 *Lead Counsel for Indirect Purchaser Plaintiffs*

3
INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE DUPLICATIVE RECOVERY
Master File No. 4:07-cv-5944-JST; MDL No. 1917