MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>Indirect-Purchaser Class Action | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2:**<br><br>**TO PRECLUDE REFERENCE TO OR ARGUMENT ABOUT OTHER LAWSUITS INVOLVING CLASS REPRESENTATIVES, HOW CLASS REPRESENTATIVES BECAME INVOLVED IN THIS CASE, OR THAT THE CASE IS "LAWYER-DRIVEN"**<br><br>Hearing Date: December 15, 2023<br>Time: 2:00 p.m.<br>Courtoom: Courtroom 6 – 2nd Floor<br><br>The Honorable Jon S. Tigar |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 2**

**TO PRECLUDE REFERENCE TO OR ARGUMENT ABOUT OTHER LAWSUITS INVOLVING CLASS REPRESENTATIVES, HOW CLASS REPRESENTATIVES BECAME INVOLVED IN THIS CASE, OR THAT THE CASE IS "LAWYER-DRIVEN"**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to preclude reference to or argument about other lawsuits involving class representatives, how class representatives became involved in this case, or that the case is "lawyer-driven."

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

1
INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE CLASS REPRESENTATIVES
Master File No. 4:07-cv-5944-JST; MDL No. 1917

## MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude reference to or argument about other lawsuits involving Class Representatives, how Class Representatives became involved in this case, or that the case is "lawyer-driven."

## I.   ARGUMENT

As indirect purchasers of allegedly price-fixed CRTs, Class Representatives' role in this case is very limited. Class Representatives have no knowledge of and will not testify to any of the core liability facts in this case, including the existence of the alleged conspiracy, Irico Defendants' ("Irico") involvement, and the conspiracy's impact on prices. Instead, Class Representatives will testify only to facts demonstrating their individual standing—namely, their purchase of products containing price-fixed CRTs. Any effort to make this case about Class Representatives is simply an attempt to prejudice and distract the jury. As such, the Court should preclude argument and evidence of the following pursuant to Federal Rules of Evidence 402 and 403:

### 1.   Other Lawsuits Involving Class Representatives

Some Class Representatives have been parties to other lawsuits unrelated to this case, and Irico might attempt to refer to or present evidence of those actions. But reference to or evidence of Class Representatives' involvement in other litigation is "irrelevant and carries with it a high risk of prejudice." *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (excluding evidence of plaintiffs' involvement in prior lawsuits); *see also Fabric Selection, Inc. v. NNW Imp., Inc.*, No. 2:16-CV-08558-CAS(MRWx), 2018 WL 1779334, at *2 (C.D. Cal. Apr. 11, 2018) (excluding "evidence of plaintiff's initiation of other lawsuits" as irrelevant); *S. Cal. Hous. Rights Ctr. v. Los Feliz Towers Homeowners Ass'n*, No. CV 04-2716 CBM(JTX), 2005 WL 3954722, at *1 (C.D. Cal. Nov. 16, 2005) (excluding evidence of plaintiff's litigation history as irrelevant and unfairly prejudicial, *inter alia*). Courts within this District have granted comparable motions *in limine* in litigation involving similar antitrust claims. *See In re: TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-MD-1827-SI, 2012 WL 12300696, at *2 (N.D. Cal. May 4, 2012) (granting motion *in limine* to exclude references to plaintiffs' other lawsuits); *In re*

*Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *2 (N.D. Cal. Dec. 16, 2010) (same). Accordingly, the Court should preclude reference to any other lawsuits involving Class Representatives. If Irico intends to use evidence of a specific Class Representative's prior litigation for impeachment purposes, the Court should require Irico to make a request to the Court before proffering such evidence.

### 2. How Class Representatives Became Involved in This Case or That the Case is "Lawyer-Driven"

Irico should also be prohibited from (1) referring to how Class Representatives became involved in this litigation; (2) describing this case as "lawyer-driven"; or (3) making any similar characterization of the case, including references to attorneys' fees, rates, wealth, or motives. Evidence of how Class Representatives decided to participate in this action or about Plaintiffs' counsel is irrelevant to the claims and defenses in this case. Further, these references are unfairly prejudicial because they could evoke pejorative feelings about class actions or cause the jury to reach a verdict on an improper basis. *See, e.g.*, *Corcoran v. CVS Pharm., Inc.*, No. 15-CV-03504-YGR, 2021 WL 633809, at *2 (N.D. Cal. Feb. 18, 2021) (granting motion *in limine* for an order prohibiting the defendant from presenting evidence or argument "that this litigation is 'lawyer-driven'"). As such, the Court should preclude Irico from referencing how Class Representatives became involved in this case or suggesting that this case is "lawyer-driven."

## II.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion *in limine* to preclude reference to or argument about other lawsuits involving Class Representatives, how Class Representatives became involved in this case, or that the case is "lawyer-driven."

| | | |
|---|---|---|
| Dated: August 11, 2023 | By: | /s/ Mario N. Alioto |

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:     (415) 563-7200
Facsimile:      (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

4
INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE CLASS REPRESENTATIVES
Master File No. 4:07-cv-5944-JST; MDL No. 1917