MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>Indirect-Purchaser Class Action | Master File No. 4:07-cv-5944-JST<br><br>MDL No. 1917<br><br>**INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3:**<br><br>**TO PRECLUDE REFERENCE TO AND EXCLUDE EVIDENCE OF THE ABSENCE OF CRIMINAL INDICTMENT, CONVICTION, OR GUILTY PLEA**<br><br>Hearing Date: December 15, 2023<br>Time: 2:00 p.m.<br>Courtoom: Courtroom 6 – 2nd Floor<br><br>The Honorable Jon S. Tigar |

# NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 3:

## TO PRECLUDE REFERENCE TO AND EXCLUDE EVIDENCE OF THE ABSENCE OF CRIMINAL INDICTMENT, CONVICTION, OR GUILTY PLEA

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to preclude reference to and exclude evidence of the absence of criminal indictments, convictions, or guilty pleas.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

1

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE ABSENCE OF CRIMINAL INDICTMENT
Master File No. 4:07-cv-5944-JST; MDL No. 1917

# MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude reference to and exclude evidence of the closing of the Department of Justice ("DOJ") investigation of the CRT industry without issuing indictments, obtaining guilty pleas, or otherwise sanctioning certain of the Defendants. Such references and evidence have no probative value in this civil proceeding and could improperly lead the jury to believe that the absence of criminal charges means that Defendants did not participate in a price-fixing conspiracy.

## I.   ARGUMENT

Evidence of prosecutorial inaction is irrelevant and highly prejudicial. Thus, "[a]s a general rule, evidence that criminal charges were not brought is inadmissible in a civil case arising out of the same events as the criminal charges." *Goffstein v. State Farm Fire & Cas. Co.*, 764 F.2d 522, 524 (8th Cir. 1985); *see also Muñoz v. State Farm Lloyds of Tex.*, 522 F.3d 568, 572 (5th Cir. 2008) (holding that "the district court committed reversible error when it admitted evidence of a grand jury's decision not to indict"). Accordingly, in civil price-fixing trials, courts usually exclude evidence that the DOJ elected not to indict a defendant. *See, e.g.*, *In re Urethane Antitrust Litig.*, No. 04-md-1616 (D. Kan. Jan. 9, 2013) (Dkt. No. 2691) (granting motion *in limine* to exclude reference to closing of DOJ price-fixing investigation without indictment) (attached hereto as Exhibit A); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *2 (N.D. Cal. Dec. 16, 2010) (granting motion *in limine* "to exclude reference to or evidence of the Department of Justice's closing of its SRAM investigation").

### A.   Absence of Criminal Indictment Is Not Relevant

Prosecutorial inaction is not relevant for two primary reasons. *First*, "evidence of non-prosecution is of very limited probative value . . . because of the higher burden of persuasion in a criminal case." *Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985); *see also FIGA v. R.V.M.P. Corp.*, 874 F.2d 1528, 1531 (11th Cir. 1989) (recognizing that a lack of sufficient evidence for a criminal case has no bearing on civil liability and therefore

is "obviously irrelevant").[1]  Indeed, owing to the higher burden of proof in a criminal case, even had these Defendants been acquitted after prosecution by the DOJ, that fact would not be admissible in this civil trial.  "[F]ederal courts have uniformly concluded that evidence of a prior acquittal is neither a reliable indicator that the underlying conduct did not occur, nor a useful tool for the trier of fact.  A judgment of acquittal is not relevant or probative to the central issues of a case."  *Pico v. Woodford*, No. EDCV 06-00890-DSF (MLG), 2008 WL 4811093, at *7 (C.D. Cal. Oct. 27, 2008); *see also Borunda v. Richmond*, 885 F.2d 1384, 1387 (9th Cir. 1988) (noting that "[e]vidence of an acquittal is not generally admissible in a subsequent civil action between the same parties").  The closing of an investigation without prosecution, as here, is even less probative than an acquittal and thus is inadmissible.

*Second*, "[t]he decision not to prosecute is highly discretionary and demonstrates nothing more than the opinion of the prosecutor."  *J.W. v. City of Oxnard*, No. CV 07-06191 CAS(SHx), 2008 WL 4810298, at *22 (C.D. Cal. Oct. 27, 2008).  "[T]he decision itself has no probative value."  *Id.*  This stands to reason, as "prosecutorial discretion may take into account many other factors not relevant in a civil suit."  *Am. Home Assurance Co.*, 753 F.2d at 325.  As the Supreme Court explained in *Heckler v Chaney*, 470 U.S. 821 (1985):

> [A]n agency decision not to enforce often involves a complicated balancing of a number of factors which are peculiarly within its expertise. Thus, the agency must not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all. An agency generally cannot act against each technical violation of the statute it is charged with enforcing.

*Id.* at 831.  In other words, the DOJ's motivations are unknown and its decision not to indict or otherwise sanction certain of the Defendants tells us nothing about whether those Defendants participated in the alleged price-fixing conspiracy.  *See, e.g.*, *Static Control Components, Inc. v.*

---

[1] *See also In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 309192, at *15 (N.D. Cal. Jan. 21, 2014) ("[C]ivil enforcement of the antitrust laws does not ultimately hinge on the charging decisions of the U.S. Attorney's office, whose burden is proof beyond a reasonable doubt, as opposed to the civil preponderance burden.").

*Lexmark Int'l, Inc.*, 749 F. Supp. 2d 542, 556 (E.D. Ky. 2010) (explaining that "inaction on the part of the government cannot be used to prove innocence, and therefore such inaction is irrelevant"), *aff'd*, 697 F.3d 387 (6th Cir. 2012), *aff'd*, 572 U.S. 118 (2014); *In re Carbon Black Antitrust Litig.*, No. CIV.A. 03-CV-10191-D, MDL 1543, 2005 WL 2323184, at *1 (D. Mass. Sept. 8, 2005) ("Needless to say, the defendants will not be permitted to introduce evidence on the merits that the closing of the investigations is somehow evidence that no conspiracy exists.").[2] Because evidence of government inaction does not tend to make the culpability of Defendants more or less probable, it is not relevant and should be excluded. Fed. R. Evid. 402.

### B. Absence of Criminal Indictment Is Highly Prejudicial

In addition to being inadmissible under Rule 402, argument and evidence that a Defendant was investigated by the DOJ but not indicted is inadmissible under Rule 403 because it is likely to mislead the jury. *See United States v. Thompson*, No. CR-18-08162-001-PCT-DGC, 2022 WL 345009, at *2 (D. Ariz. Feb. 4, 2022) ("[E]vidence of a decision not to prosecute could mislead the jury because 'we cannot attribute the government's decision not to prosecute to an independent determination that the defendant is not guilty.'" (quoting *United States v. Delgado*, 903 F.2d 1495, 1499 (11th Cir. 1990))); *Forte v. Schwartz*, No. 1:13-cv-01980-LJO-MJS, 2018 WL 10627298, at *1 (E.D. Cal. Feb. 13, 2018) (granting motion *in limine* to exclude evidence of non-prosecution where "a significant risk exist[ed] that admitting evidence that no charges were filed would shift the jury's focus from the events [at issue] to the prosecutor's decision, creating unfair prejudice and misleading the jury"); *J.W.*, 2008 WL 4810298, at *22 (granting motion *in limine* excluding evidence of non-prosecution under Rule 403 because of "possibility that jurors unfamiliar with the judicial process might be misled"); *see also Steves & Sons, Inc. v. JELD-WEN, Inc.*, 988 F.3d 690, 714 (4th Cir. 2021) ("The [DOJ's] decision not to [challenge the merger at issue] isn't probative as to the merger's legality because many factors may motivate such a decision, including the

---

[2] *See also In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 664 (7th Cir. 2002) (evidence of non-prosecution cannot "be used, as the defendants wish to use it in this case, to show that because the Justice Department has not moved against the alleged HFCS price-fixing conspiracy, there must not have been one. The Justice Department has limited resources; in the entire decade of the 1990s, it brought fewer than 200 civil antitrust cases, an average of fewer than 20 per year.").

Department's limited resources.").

Where, as here, "evidence of non-prosecution" goes "to the principal issue" in the case, it is "highly prejudicial," and its admission constitutes "reversible error." *Am. Home Assurance Co.*, 753 F.2d at 325. "A jury is unaccustomed to evaluating the differing burdens of proof in criminal and civil cases and is also inexperienced in evaluating reasons why a decision may be made not to prosecute." *Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987). Moreover, "[j]ury instructions are inadequate . . . to cure the inherent prejudice involved" in admitting evidence of non-prosecution. *Id.* at 1254. Accordingly, the better course is to exclude evidence of non-prosecution altogether.

## II. CONCLUSION

In sum, the absence of a criminal indictment against certain of the Defendants is not relevant and should be excluded. Fed. R. Evid. 402. In addition, because such evidence is highly prejudicial and likely to confuse the jury, it should also be excluded under Rule 403. For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude reference to and exclude evidence of the closing of the DOJ investigation of the CRT industry without issuing indictments, obtaining guilty pleas, or otherwise sanctioning certain of the Defendants.

Dated: August 11, 2023

By: /s/ Mario N. Alioto
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:    (415) 563-7200
Facsimile:    (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Counsel for Indirect Purchaser Plaintiffs*