MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 4:** |
| Indirect-Purchaser Class Action | |
| | **TO PRECLUDE LIVE TESTIMONY OF IRICO DEFENDANTS' WITNESSES WHO ARE NOT MADE AVAILABLE TO TESTIFY LIVE IN PLAINTIFFS' CASE-IN-CHIEF** |
| | Hearing Date: December 15, 2023<br>Time: 2:00 p.m.<br>Courtoom: Courtroom 6 – 2nd Floor |
| | The Honorable Jon S. Tigar |

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE LIVE TESTIMONY
Master File No. 4:07-cv-5944-JST; MDL No. 1917

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 4:**

<u>**TO PRECLUDE LIVE TESTIMONY OF DEFENDANTS' WITNESSES WHO ARE NOT MADE AVAILABLE TO TESTIFY LIVE IN PLAINTIFFS' CASE-IN-CHIEF**</u>

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Class Plaintiffs ("Plaintiffs") will and hereby do move this Court for an Order precluding live testimony by Irico Defendants' witnesses who are not made available to testify live during Plaintiffs' case-in-chief.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs anticipate that several individuals who are current or former employees of Irico Defendants ("Irico") will be on the witness lists of both the Indirect Purchaser Plaintiffs ("Plaintiffs") and Irico. These individuals are not under the control of Plaintiffs and are beyond the Court's subpoena power. If Irico indicates that they will be calling any of these witnesses live, Plaintiffs may request that some of these witnesses also be made available for live testimony during Plaintiffs' case-in-chief. In the event that Irico refuses to produce such witnesses, the Court should preclude those witnesses from testifying live during Irico's presentation of evidence. Allowing Irico to keep their witnesses away during Plaintiffs' case-in-chief but then allowing those witnesses to appear live during Irico's case-in-chief would create an unduly prejudicial imbalance in the presentation of evidence.

**I.   ARGUMENT**

It is not uncommon for a defendant to attempt to refuse to produce a witness for live testimony during the plaintiff's case even though the defendant intends to bring the very same witness to testify live during their own presentation of evidence. Courts, including the Ninth Circuit, recognize this as "gamesmanship" and refuse to condone such behavior. *R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*, 945 F.2d 269, 273 (9th Cir. 1991). Indeed, in *Matthews*, the Ninth Circuit affirmed Judge Conti's ruling that precluded the introduction of live testimony by the defendants for any witness that was not made available if requested for live testimony during the plaintiffs' case-in-chief:

> By denying RBM's requests to produce Reed and White as live witnesses, TTS engaged in gamesmanship, forcing RBM to rely on depositions. The district court did not abuse its discretion when it forced TTS to rely on deposition testimony as well. If TTS had truly wished to present the live testimony of White and Reed, it could have done so by making those witnesses available when RBM requested that they be produced.

*Matthews*, 945 F.2d at 273 (affirming Conti, J.). The same rule should be applied here. If Plaintiffs request that a defense witness appear for live testimony during their case-in-chief and Irico does not produce the witness, that witness should be precluded from testifying live during

Irico's case-in-chief.[1]

Here, as in *Matthews*, Plaintiffs should have the option of presenting live testimony during their own case-in-chief instead of being forced to read deposition testimony into the record or play spliced together video excerpts of depositions. Forcing Plaintiffs to rely on depositions while Irico has the option of live testimony is an "inequitable result" owing to "the inherent disparity between depositions and live testimony." *Iorio v. Allianz Life Ins. Co. of N. Am.*, No. 05CV633 JLS (CAB), 2009 WL 3415689, at *5-6 (S.D. Cal. Oct. 21, 2009) (discussing *Matthews*). Accordingly, numerous courts have followed the example of *Matthews* by requiring defendants either to produce witnesses for live testimony during the plaintiffs' case, or, like the plaintiffs, rely only on deposition testimony when presenting their own case-in-chief. *Id.*[2]

## II. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude the live testimony in Irico's case of any witness who is not made available to testify in open court as part of the Plaintiffs' presentation of their case-in-chief.

---

[1] This ruling should apply only to witnesses that Irico refuses to produce. In the event, for example, that Plaintiffs do not request the attendance at trial by a witness (and instead opt to introduce deposition testimony) Plaintiffs do not suggest that Irico should be precluded from bringing the witness to testify in person during their own case.

[2] *See also Vera v. Berkshire Life Ins. Co. of Am.,* No. 19-61360-CIV, 2021 WL 7542934, at *1-2 (S.D. Fla. June 28, 2021) (citing *Matthews*); *CGC Holding Co., LLC v. Hutchens*, No. 11-CV-01012-RBJ-KLM, 2016 WL 6778853, at *2 (D. Colo. Nov. 16, 2016) (citing *Iorio*); *Buchwald v. Renco Grp., Inc.*, No. 13-CV-7948 AJN, 2014 WL 4207113, at *1 (S.D.N.Y. Aug. 25, 2014) ("To prevent unfairness and avoid wasting time, numerous courts have held that a party may not limit a witness that the party intends to call at trial from testifying only during its own case in chief. Instead, the party must either permit its opponent to directly examine the witness, so that both parties may elicit the witness's live testimony during their cases in chief, or rely itself on the witness's deposition testimony, so that neither party may elicit the witness's live testimony during its case in chief.") (citing *Matthews*).

| | |
|---|---|
| Dated:  August 11, 2023 | By:  */s/ Mario N. Alioto*<br>Mario N. Alioto (56433)<br>Lauren C. Capurro (241151)<br>TRUMP, ALIOTO, TRUMP & PRESCOTT LLP<br>2001 Union Street, Suite 482<br>San Francisco, CA 94123<br>Telephone:     (415) 563-7200<br>Facsimile:      (415) 346-0679<br>Email: malioto@tatp.com<br>Email: laurenrussell@tatp.com<br><br>*Lead Counsel for Indirect Purchaser Plaintiffs* |