MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5:** |
| | **TO LIMIT IRICO DEFENDANTS' DEPOSITION DESIGNATIONS PRESENTED IN PLAINTIFFS' CASE TO REASONABLE CROSS AND TO EXCLUDE UNRELATED DESIGNATIONS** |
| | Hearing Date: December 15, 2023 |
| | Time: 2:00 p.m. |
| | Courtoom: Courtroom 6 – 2nd Floor |
| | The Honorable Jon S. Tigar |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5:**

**TO LIMIT IRICO DEFENDANTS' DEPOSITION DESIGNATIONS PRESENTED IN PLAINTIFFS' CASE TO REASONABLE CROSS AND <u>TO EXCLUDE UNRELATED DESIGNATIONS</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do move this Court for an Order to limit Irico Defendants' deposition designations presented in Plaintiffs' case to reasonable cross and to exclude unrelated designations.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

1

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE DEPOSITION DESIGNATIONS
Master File No. 4:07-cv-5944-JST; MDL No. 1917

# MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to limit Irico Defendants' ("Irico") deposition designations presented in Plaintiffs' case to reasonable cross and to exclude unrelated designations from Plaintiffs' case-in-chief.

## I.   ARGUMENT

At trial, Plaintiffs intend to present a significant portion of their evidence through video depositions. For several witnesses, Plaintiffs and Irico have made initial designations of deposition testimony of a given witness, and, in response to each other's initial designations will prepare counter-designations. During their case-in-chief, Plaintiffs are prepared to present Irico's counter-designations that are within the scope of Plaintiffs' initial designations. However, requiring Plaintiffs to include in their *own* case-in-chief all of Irico's unrelated designations is at odds with Fed. R. Evid. 611(b), will unfairly compromise the Plaintiffs' ability to present their case in the manner they deem appropriate, is likely to confuse the jury, will unduly lengthen the video portion of Plaintiffs' presentation, and will prejudice the jury against Plaintiffs. Instead, Irico should be required to wait until their case-in-chief to play their initial designations of a given witness.

### A.   Plaintiffs Should Be Permitted to Present Their Case as They See Fit

Allowing Irico to play their initial designations during Plaintiffs' case-in-chief would violate "[t]he presumption . . . that the plaintiff, in a typical case, should be allowed to present her case in the order she chooses." *Hoffman v. Ford Motor Co.*, Civ. No. 07-cv-00081-REB-CBS, 2009 WL 763356, at *1 (D. Colo. Mar. 16, 2009) (citation omitted). As noted by the court in a price-fixing trial in the District of Kansas, "the court can, and should, be cognizant of the order of presentation of proof by which the party who bears the burden of persuasion also enjoys the advantage of primacy in presenting its evidence." *In re Urethane Antitrust Litig.*, No. 04-1616 (D. Kan. Jan. 9, 2013), Tr. of Mot. *in Limine* Conference (attached hereto as Ex. A to Decl. of Gerard A. Dever ("Dever Decl.")) at 85:19-22; *see also Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-01431 SBA (EDL), 2006 WL 1646110, at *2-3 (N.D. Cal. June 12, 2006) (holding that the party who bore the burden of proving "the most critical issue in this case" should

2

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE DEPOSITION DESIGNATIONS
Master File No. 4:07-cv-5944-JST; MDL No. 1917

"present its evidence first at trial"; refusing to change the standard order of proof at trial after considering efficiency and potential juror confusion).

If Irico wishes to present their own initial deposition designations to the jury, they should do so during their own case-in-chief. Irico should not be allowed to muddle the Plaintiffs' presentation by inserting evidence that is plainly meant to support Irico's case. *See, e.g., Argentine v. United Steelworkers of Am., AFL-CIO*, 287 F.3d 476, 486 (6th Cir. 2002) (holding that district court did not abuse its discretion by not allowing defendant to cross-examine a witness who was called during plaintiff's case-in-chief, as that witness was "essentially" defendant's witness, defendant's proposed cross-examination would be "in form only and not in fact," and defendant could recall the witness a week later to testify during its case-in-chief); *In re Pac. Fertility Ctr. Litig.*, No. 18-cv-01586-JSC, 2021 WL 2075560, at *1 (N.D. Cal. May 24, 2021) ("The burden of establishing the applicability of the rule of completeness falls on the party seeking to have a counter-designation played in the other party's case. If testimony Chart designated does not come in during Plaintiffs' presentation as a matter of fairness, Chart may offer the deposition testimony in its own case-in-chief.") (internal quotation marks and citations omitted).

### B. Allowing Irico to Present Unlimited Testimony During Plaintiffs' Case-in-Chief Will Confuse the Jury and Prejudice It Against Plaintiffs

In addition to undermining the Plaintiffs' right to present their case in the manner they choose, allowing Irico to play unrelated deposition testimony during Plaintiffs' case would obscure Plaintiffs' presentation of evidence and confuse the jury. *Clark v. Allen*, Nos. 95-2487, 96-1116, 96-1276, 1998 WL 110160, at *2-3 (4th Cir. Mar. 13, 1998) (holding it was not an abuse of discretion to curtail the presentation of deposition testimony where an "unrestricted reading of the deposition" which had already consumed "nearly a day" of trial resulted in "jurors complain[ing] that they found the presentation confusing"); *see In re Urethane Antitrust Litig.*, Tr. of Mot. *in Limine* Conference, Dever Decl., Ex. A at 86:1-2 (noting that when presenting videotaped testimony to a jury, counter-designations could be "lengthy and potentially confusing in the context of the plaintiffs' presentation"). If Plaintiffs' and Irico's designations are combined, it will be extremely difficult, if not impossible, for the jury to understand Plaintiffs' evidence, and the

jury will have no ability to discern which portions of a video were offered by Plaintiffs and which portions were offered by Irico. For clarity, the jury should know which party is the proponent of a piece of evidence.

Allowing Irico to play their initial designations during Plaintiffs' case also will materially lengthen Plaintiffs' case-in-chief, potentially antagonizing the jurors towards the Class for subjecting them to extended and hard-to-follow video presentations. *See M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991) ("Noting counsel's lack of jury trial experience, the district judge indicated that she was adversely affecting her client's case by her extended examination."); *United States v. Warner*, 506 F.3d 517, 524 (7th Cir. 2007) ("The longer the trial, . . . [t]he jurors become bored, impatient, irritated . . . ."). If permitted, Irico will substantially lengthen the presentation of Plaintiffs' case, and will enjoy the additional benefit of reducing the length of their own case.

Irico may argue that the video testimony of all or most witnesses is so "intertwined" that the initial designations cannot or should not be separated into their respective cases-in-chief. That argument is simply untrue. The witnesses at issue here have testified on numerous discrete issues, which are easily separated for presentation at trial. There are neither legal nor practical justifications for presenting all of Irico's deposition designations during Plaintiffs' case-in-chief.

**C.  Cross-Examination Should Be Limited to the Scope of the Direct**

Instead, the Court should limit cross-examination as contemplated by the Federal Rules of Evidence. The Rules are explicit: "Cross-examination should not go beyond the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b); *United States v. Urena*, 659 F.3d 903, 907 (9th Cir. 2011) (limiting cross-examination of a witness to the scope of his testimony on direct). That Irico's cross-examination is being undertaken via deposition designations does not in any way lessen the force of Rule 611(b). *See In re Urethane Antitrust Litig.*, Tr. of Mot. *in Limine* Conference, Dever Decl. Ex. A at 86:6-8 (granting plaintiffs' motion *in limine* to exclude from plaintiffs' case-in-chief any counter-designations that went beyond the scope of testimony presented in initial designation; noting that "[t]he out-of-scope

4

1   testimony is available to be presented in the parties' case-in-chief").[1]

2   Moreover, when considering counter-designations, courts are *more* conservative, not less, in interpreting whether the material is "within the scope" of the direct testimony than they are in determining whether cross-examination of a live witness is "within the scope" of the direct examination.  *See, e.g.*, *In re Urethane Antitrust Litig.*, Tr. of Mot. *in Limine* Conference, Dever Decl., Ex. A at 86:15-19 ("With a live witness I may be more liberal in my view about what is beyond the scope, . . . but with these deposition transcripts I think that's a different issue.").  That is because "the momentary potential for effective discrediting [of a videotaped witness] is not lost in the same way as a live witness."  *Id.* at 86:8-10; *see also In re Yasmin & Yaz (Drospirenone) Mktg., Sales Practices & PMF Prods. Liab. Litig.*, No. 3:09-md-10012-DRH, 2011 WL 6740391, at *19 (S.D. Ill. Dec. 22, 2011) ("[T]he Court will follow Rule 32(a)(6), however, as the rule reads *only* so much counter designation will be read as is necessary to allow for a *fair* reading of the testimony.") (emphasis in original).

## II.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to limit Irico's deposition designations that are presented in Plaintiffs' case-in-chief to reasonable cross-examination.

---

[1] *See also In re Bard IVC Filters Prod. Liab. Litig.*, No. MDL 15-02641-PHX DGC, 2018 WL 1178309, at *2 (D. Ariz. Mar. 2, 2018) ("Only counter-designations needed to prevent a misleading presentation should [be] included."); *United States v. Cook*, No. CR05-424Z, 2007 WL 130326, at *6 (W.D. Wash. Jan. 16, 2007) (declining to admit counter-designated deposition testimony that was "unrelated" to the statement designated by the government and constituted an attempt by defendants "to introduce substantive evidence in support of a defense"); *id.* at *9 (further declining to admit exculpatory counter-designations that were "unrelated (or only loosely) related) to the testimony designated by the Government").

Dated: August 11, 2023

By: */s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:    (415) 563-7200
Facsimile:     (415) 346-0679
Email: malioto@tatp.com
Email: laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*