1  MARIO N. ALIOTO, ESQ. (56433)
   LAUREN C. CAPURRO, ESQ. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2001 Union Street, Suite 482
3  San Francisco, CA 94123
   Telephone: (415) 563-7200
4  Facsimile: (415) 346-0679
   E-mail: malioto@tatp.com
5  laurenrussell@tatp.com

6  *Lead Counsel for the Indirect-Purchaser Plaintiffs*

7

8                **UNITED STATES DISTRICT COURT**

9                **NORTHERN DISTRICT OF CALIFORNIA**

10                      **OKLAND DIVISION**

11 | IN RE CATHODE RAY TUBE (CRT) | ) | Master File No. 4:07-cv-5944-jst
   | ANTITRUST LITIGATION | ) |
12 |  | ) | MDL No. 1917
   |  | ) |
13 | This Document Relates to: | ) | **DECLARATION OF GERARD A. DEVER**
   |  | ) | **IN SUPPORT OF**
14 | Indirect-Purchaser Class Action | ) |
   |  | ) | **INDIRECT PURCHASER PLAINTIFFS'**
15 |  | ) | **NOTICE OF MOTION AND MOTION** *IN*
   |  | ) | *LIMINE* **NO. 5:**
16 |  | ) |
   |  | ) | **TO LIMIT IRICO DEFENDANTS'**
17 |  | ) | **DEPOSITION DESIGNATIONS**
   |  | ) | **PRESENTED IN PLAINTIFFS' CASE TO**
18 |  | ) | **REASONABLE CROSS AND TO**
   |  | ) | **EXCLUDE UNRELATED**
19 |  | ) | **DESIGNATIONS**
   |  | ) |
20 |  | ) | Hearing Date: December 15, 2023
   |  | ) | Time: 2:00 p.m.
21 |  | ) | Courtoom: Courtroom 6 – 2nd Floor
   |  | ) |
22 |  | ) | The Honorable Jon S. Tigar

23

24

25

26

27

28
                          - 1 -

1    I, Gerard A. Dever, hereby declare and state as follows:

2    1.    I am a member of the law firm Fine, Kaplan and Black, R.P.C., counsel for the

3    Indirect Purchaser Plaintiffs in the above-captioned action currently pending in the U.S. District

4    Court for the Northern District of California.  I am a member in good standing of the bar of the

5    Commonwealth of Pennsylvania and I am admitted *pro hac vice* to practice before this Court.  I

6    submit this Declaration in support of Plaintiffs' Motion *in Limine* No. 5: to limit Irico Defendants'

7    deposition designations presented in Plaintiffs' case to reasonable cross and to exclude unrelated

8    designations.

9    2.    Attached hereto as **Exhibit A** is a true and correct copy of an excerpt of the

10   Transcript of Motion *In Limine* Conference in *In re Urethane Antitrust Litig.*, No. 04-1616 (D.

11   Kan.), with the relevant portions highlighted.

12   I declare under penalty of perjury under the laws of the United States that the foregoing is

13   true and correct.

14   Executed on August 11, 2023, in Philadelphia, Pennsylvania.

15

16                           */s/ Gerard A. Dever*

17                           Gerard A. Dever

18                           Fine, Kaplan and Black, R.P.C.
                             One South Broad Street, 23rd Floor

19                           Philadelphia, PA 19107
                             Telephone:  (215) 567-6565

20                           Facsimile:   (215) 568-5872
                             Email:  gdever@finekaplan.com

21
                             *Counsel for Indirect Purchaser Plaintiffs*
22

23

24

25

26

27

28

# EXHIBIT A

```
 1            IN THE UNITED STATES DISTRICT COURT

 2               FOR THE DISTRICT OF KANSAS

 3
     IN RE:
 4

 5   URETHANE ANTITRUST LITIGATION        CASE NO. 04-1616

 6

 7
           TRANSCRIPT OF MOTION IN LIMINE CONFERENCE
 8                         before
                HONORABLE JOHN W. LUNGSTRUM
 9                           on
                      JANUARY 9, 2013
10

11                      APPEARANCES

12   For the Class
     Plaintiffs:            Joseph Goldberg
13                          Freedman, Boyd, Hollander, Goldberg
                            & Ives PA
14                          20 First Plaza, Suite 700
                            Albuquerque, NM 87102
15

16                          Roberta D. Liebenberg
                            Fine, Kaplan and Black, RPC
17                          One South Broad Street, Suite 2300
                            Philadelphia, PA 19107
18

19                          Michael J. Guzman
                            Kellogg, Huber, Hansen, Todd, Evans
20                          & Figel, PLLC
                            Sumner Square
21                          1615 M Street, NW, Suite 400
                            Washington, DC 20036-3209
22

23                          Kit A. Pierson
                            Cohen, Milstein, Sellers & Toll
24                          West Tower - Ste. 500
                            1100 New York Ave., N.W.
25                          Washington, DC 20005-3934
```

1     I mean that all objections are overruled unless I

2     specifically state otherwise.  In other words, there

3     may have been multiple objections raised.  If I say

4     overruled, I'm not going to deal with each one of

5     them separately.  When I sustain an objection as --

6     this is the term I will use, beyond the scope, I'm

7     using that phrase as shorthand for a combination of

8     reasons for sustaining objections which plaintiffs

9     style as outside the scope.  Those reasons include

10    not only literal determinations of outside the scope

11    of direct examination by plaintiffs but also Rule 403

12    considerations of confusion, delay, and

13    cumulativeness and the court's inherent power to

14    control the presentation of evidence.  But beyond the

15    scope is my shorthand for that.

16        While there is no exact rule of thumb that

17    either requires or helps to determine proportionality

18    between direct and cross examination, I do think that

19    the court can, and should, be cognizant of the order

20    of presentation of proof by which the party who bears

21    the burden of persuasion also enjoys the advantage of

22    primacy in presenting its evidence.  With deposition

23    testimony, unlike live testimony, the party who seeks

24    to present evidence which might arguably fall within

25    the scope of direct if liberally defined but which is

 1      lengthy and potentially confusing in the context of

 2      the plaintiffs' presentation does not lose the

 3      opportunity of spontaneity or timeliness which is

 4      involved in live testimony, where if you don't ask

 5      the question at that time, it may get away from you

 6      for a number of different reasons.  The out-of-scope

 7      testimony is available to be presented in the

 8      parties' case-in-chief, and the momentary potential

 9      for effective discrediting is not lost in the same

10      way as with a live witness.  I believe that is

11      particularly so in this particular case.

12           Nor do we have a situation, as we would with a

13      live witness, where a witness might be inconvenienced

14      by having to return to the stand where we have a

15      video deposition involved.  With a live witness I may

16      be more liberal in my view about what is beyond the

17      scope, as I have used that term, but with these

18      deposition transcripts I think that's a different

19      issue.  Moreover, delay may be prevented because the

20      proponent of the evidence in this case -- by and

21      large, Dow -- may conclude it is unnecessary on

22      reflection and not offer the volume of evidence in

23      its case-in-chief that it might like to have inserted

24      in the plaintiffs' case-in-chief.  It's a decision

25      Dow has to make as a strategic or tactical matter.