MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6:** |
| | **TO (1) PRECLUDE ARGUMENT THAT THE SAMSUNG SDI GUILTY PLEA INCLUDES DOJ FINDINGS OF FACT; (2) EXCLUDE EVIDENCE OF THE VOLUME OF AFFECTED SALES IN THE GUILTY PLEA; (3) EXCLUDE EVIDENCE OF THE FACT AND AMOUNT OF THE CRIMINAL FINE; AND (4) EXCLUDE ANY STATEMENT BY THE DOJ CHARACTERIZING THE CRT CONSPIRACY AS LIMITED TO FACTS IN SAMSUNG GUILTY PLEA** |
| | Hearing Date: December 15, 2023 |
| | Time: 2:00 p.m. |
| | Courtoom: Courtroom 6 – 2nd Floor |
| | The Honorable Jon S. Tigar |

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 6:**

**TO (1) PRECLUDE ARGUMENT THAT THE SAMSUNG SDI GUILTY PLEA INCLUDES DOJ FINDINGS OF FACT; (2) EXLUDE EVIDENCE OF THE VOLUME OF AFFECTED SALES IN THE GUILTY PLEA; (3) EXCLUDE EVIDENCE OF THE FACT AND AMOUNT OF THE CRIMINAL FINE; AND (4) EXCLUDE ANY STATEMENT BY THE DOJ CHARACTERIZING THE CRT CONSPIRACY <u>AS LIMITED TO FACTS IN THE SAMSUNG GUILTY PLEA</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to (1) preclude argument that the Samsung SDI guilty plea includes DOJ findings of fact; (2) exclude evidence of the volume of affected sales in the guilty plea; (3) exclude evidence of the fact and amount of the criminal fine; and (4) exclude any public statement by the DOJ characterizing the CRT conspiracy as limited to the facts in the Samsung guilty plea.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude Irico Defendants ("Irico") from arguing that the Department of Justice ("DOJ") made findings of fact or otherwise concluded that the CRT conspiracy was limited to the scope of the conspiracy admitted to by Samsung SDI Company, Ltd. ("Samsung") in its guilty plea. Plaintiffs also seek to exclude evidence of the volume of affected sales in the Samsung plea agreement and the fact and amount of the criminal fine imposed on Samsung. Finally, Plaintiffs move to exclude public statements by the DOJ that characterize the CRT conspiracy as limited to the facts Samsung admitted in its guilty plea. Such arguments and evidence have no probative value in this civil proceeding and could mislead the jury.

## I.     ARGUMENT

In its plea agreement, Samsung admits that "from at least as early as January 1997, until at least as late as March 2006":

> [Samsung] participated in a conspiracy among major CDT producers, the primary purpose of which was to fix prices, reduce output, and allocate market shares of CDTs sold in the United States and elsewhere. In furtherance of the conspiracy, the defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of other major CDT producers. During these discussions and meetings, agreements were reached to fix prices, reduce output, and allocate market shares of CDTs to be sold in the United States and elsewhere.

*U.S. v. Samsung SDI Co., Ltd.*, No. CR 11-0162 (WHA), (N.D. Cal. Aug. 8, 2011) (Dkt. No. 40-1) (Samsung Am. Plea Agreement at 3). Samsung further admitted that approximately $89 million of sales to customers in the United States were directly affected by the conspiracy. *Id.* at 4. A criminal fine of $32 million was imposed on Samsung. *Id.* at 5.

### A.     The Samsung Guilty Plea Does Not Include DOJ Factual Findings

The Samsung plea agreement is probative and admissible evidence of the existence of a conspiracy among major CDT producers between January 1997 and March 2006. *See Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207RAJ, 2014 WL 4674390, at *10 (W.D. Wash. Sept. 17, 2014) (admitting co-conspirator convictions as evidence of conspiracy plaintiff hoped to prove at trial); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI, (N.D. Cal.

1  May 4, 2012) (Dkt. No. 5597) (Final Pretrial Order at 6) (denying motion to preclude plaintiffs
2  from introducing argument or evidence relating to convictions of absent co-defendants).

3     Plaintiffs anticipate that Irico will improperly characterize the plea agreement as factual findings by the DOJ, as opposed to what they are: factual admissions by Samsung. Irico, for example, might argue that the ***DOJ determined*** that CPTs were not included in the conspiracy, that ***DOJ determined*** the conspiracy only existed between January 1997 and March 2006, or that ***DOJ determined*** the conspiracy involved only $89 million of sales. But DOJ did not make any such factual findings and Irico should be precluded from suggesting that it did.

    Indeed, courts have recognized that a "guilty plea establishes the existence of the conspiracy, but does not set boundaries confining the scope or time frame." *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2014 WL 1746121, at *7 (E.D. Mich. Apr. 30, 2014). For example, in the *LCD* case, Judge Illston rejected the defendants' argument that the dates of the conspiracy were limited to the dates specified in the relevant guilty pleas.[1] She also rejected efforts to limit the products in the conspiracy to those identified in the guilty pleas.[2]

    There is sound logic behind these holdings. Criminal guilty pleas are usually the product of negotiation and compromise. The Samsung guilty plea is no exception and includes only those facts that Samsung was willing to admit.[3] Moreover, the decision to accept Samsung's plea fell within the DOJ's prosecutorial discretion, which "take[s] into account many other factors not relevant in a civil suit." *Am. Home Assur. Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985).

    Here, the Samsung plea agreement leaves open the possibility of a broader conspiracy; for example, the plea agreement specifies that the conspiracy began "***at least*** as early as January 1997"

---

[1] *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1185 (N.D. Cal. 2009) ("[T]here are any number of plausible reasons why the criminal guilty pleas would cover the 2001–2006 time period while still allowing for civil liability during the 1996–2001 period, such as criminal statutes of limitation and higher burdens of proof in criminal cases.").

[2] *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-4997 SI, 2012 WL 6035547, at *1 (N.D. Cal. Dec. 4, 2012) (denying summary judgment and rejecting defendants' argument that conspiracy should be limited, as in the criminal guilty pleas, to notebook and computer monitors).

[3] *See, e.g.*, *U.S. v. Samsung*, No. CR 11-0162 (WHA), (N.D. Cal. April 15, 2011) (Dkt. No. 15 at 4) (memorandum filed by government indicating that Samsung counsel "negotiate[d]" the terms of the disposition and spent "significant time engaged in plea negotiations").

and lasted "*at least* as late as March 2006." Plea Agreement at 3 (emphasis added). The plea agreement does not purport to include the full scope of what the DOJ investigation uncovered. Nor does it reveal what the DOJ could have proven at trial, much less what could be proven under the lesser evidentiary burden applicable in this civil trial.[4]

Irico may still contest the length of the conspiracy, the products included, the amount of sales impacted, or any other fact admitted by Samsung. But Irico should not be permitted to suggest that the government investigated the CRT industry and concluded that the conspiracy was different, smaller or shorter-lived than Plaintiffs allege. Such arguments are irrelevant and likely to mislead the jury and prejudice it against Plaintiffs. Fed. R. Evid. 402 & 403.

### B. The Volume of Affected Sales in the Plea Agreement and the Criminal Fine Are Not Relevant

In the *Costco* trial arising out of the LCD price-fixing litigation, the court determined that co-conspirator convictions were relevant and admissible; however, certain facts in the plea and sentencing agreements were excluded as irrelevant, including "the amount of the fine imposed on any Defendant [and] the volume of United States commerce that the pleading Defendants admitted for sentencing purposes." *Costco*, 2014 WL 4674390, at *9-10. These facts are also irrelevant here and should be excluded.

#### 1. The Volume of Affected Sales Is Not Relevant

The volume of affected sales in the Samsung plea agreement is, at best, only tangentially related to Plaintiffs' claims and is likely to mislead the jury. This sales figure was negotiated by Samsung and is limited to sales made "directly . . . to customers in the United States" between January 1997 and March 2006. Plea Agreement at 4. Plaintiffs are indirect purchasers and the relevant sales in this case are much larger than the sales in the Plea Agreement. As recognized by the DOJ, the criminal proceeding did not consider "indirect purchasers." *U.S. v. Samsung SDI Co.,*

---

[4] *See In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 309192, at *14 (N.D. Cal. Jan. 21, 2014) ("The argument rests on an unsound premise, namely, that the scope of criminal plea agreements establishes the scope of civil liability. The government operates under a different burden of proof than do private litigants. The reasonable doubt standard faced by the government makes criminal guilty pleas in antitrust cases like this one at once a strong indicator of the existence of a conspiracy but a weak indicator of the scope of that conspiracy.").

*Ltd.*, No. CR 11-0162, (N.D. Cal. Aug. 8, 2011) (Dkt. No. 40) (U.S. Sentencing Memo at 8).

Here, the only reason Irico would seek to introduce the amount of affected sales in the Plea Agreement—which does not even purport to capture indirect sales—is to suggest that Plaintiffs' evidence of affected sales is contradicted by the DOJ's findings. This is untrue, and Irico should be precluded from arguing that the DOJ made factual findings about the volume of affected sales.

### 2. The Fact and Amount of the Criminal Fine Is Not Relevant

Here, as in *Costco*, the fact and amount of the criminal fine is not probative of any issue before the jury and should be excluded under Fed. R. Evid. 402. Such evidence does not make any defendant's culpability more or less probable, nor does it provide relevant information relating to damages in this case. *Costco*, 2014 WL 4674390, at *9. Moreover, admission of the criminal fine may confuse the jury by suggesting that Defendants already have been punished, or that the criminal fine is an appropriate amount to redress Defendants' misconduct, neither of which is true. Accordingly, the fact and amount of the criminal fine should be excluded under Fed. R. Evid. 403.

### C. Public Statements by the DOJ Are Inadmissible Hearsay

Irico should be precluded from introducing or referring to public statements by the DOJ, *e.g.*, press releases and attorney statements. "These statements are hearsay . . . . No hearsay exception applies." *Costco*, 2014 WL 4674390, at *11 (excluding DOJ statements); *see In re TFT-LCD Antitrust Litig.*, (N.D. Cal. May 4, 2012) (Dkt. No. 5597 at p. 4) (excluding statements by DOJ suggesting that there were several distinct conspiracies).[5]

## II. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to (1) preclude Irico from arguing that the DOJ made findings of fact or concluded that the CRT conspiracy was limited to the scope of the conspiracy admitted to by Samsung; (2) exclude evidence of the amount of affected sales stated in the Samsung Plea Agreement; (3) exclude evidence of the criminal fine imposed on Samsung; and (4) exclude public statements by the DOJ that characterize the CRT conspiracy as limited to Samsung's guilty plea.

---

[5] The plea agreement and information are admissible under Fed. R. Evid. 803(22) (judgment of a previous conviction). *See Maynard v. Dixon,* 943 F.2d 407 (4th Cir. 1991); *In re Slatkin*, 310 B.R. 740, 744 (C.D. Cal. 2004), *aff'd*, 222 F. App'x 545 (9th Cir. 2007).

1  Dated: August 11, 2023          By: */s/ Mario N. Alioto*
2                                   Mario N. Alioto (56433)
                                    Lauren C. Capurro (241151)
3                                   TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                    2001 Union Street, Suite 482
4                                   San Francisco, CA 94123
                                    Telephone:    (415) 563-7200
5                                   Facsimile:    (415) 346-0679
                                    Email: malioto@tatp.com
6                                   Email: laurenrussell@tatp.com

7                                   *Lead Counsel for Indirect Purchaser Plaintiffs*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28