MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 7:** |
| | **TO LIMIT ARGUMENT THAT PRICE-FIXING WAS PRO-COMPETITIVE OR NECESSARY** |
| | Hearing Date:  December 15, 2023 |
| | Time: 2:00 p.m. |
| | Courtoom: Courtroom 6 – 2nd Floor |
| | The Honorable Jon S. Tigar |

1
2
3

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 7:**

**TO LIMIT ARGUMENT THAT PRICE-FIXING WAS
<u>PRO-COMPETITIVE OR NECESSARY</u>**

4
5

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do move this Court for an Order to limit argument that price-fixing was pro-competitive or necessary.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to limit argument that price-fixing was pro-competitive, necessary, or otherwise excusable. As this Court previously held, "[e]vidence and argument of procompetitive effects is relevant insofar as it is probative of whether Defendants' information exchanges served a legitimate business purpose." *In re: Cathode Ray Tube (CRT) Antitrust Litig.*, No. 1917, 2016 WL 6246736, at *8 (N.D. Cal. Oct. 26, 2016). Even where relevant, such argument or evidence may be excluded under Federal Rule of Evidence 403. In all other respects, argument regarding allegedly pro-competitive or other justifications for Irico Defendants' ("Irico") price-fixing should be excluded, as it is not relevant and can only serve to confuse the jury.

### I.  ARGUMENT

This Court previously granted in part DAPs' motion in limine to exclude argument or evidence regarding purportedly pro-competitive justifications for Defendants' agreements regarding CRT price, supply, production, or customers. *See In re CRT*, 2016 WL 6246736, at *8-9. The Court held:

> The DAPs' motion is . . . DENIED to the extent it seeks to prevent Defendants from providing evidence or argument to rebut the DAPs' claim that the existence of information exchanges is indicative of an underlying agreement to fix prices. It is GRANTED, however, in all other respects. Further, the DAPs are free to make Rule 403 objections at trial if they believe the probative value of relevant evidence is substantially outweighed by unfair prejudice.

*Id.* at *9. Plaintiffs seek a similar order in this case against Irico.

Collusion is the "supreme evil" of antitrust, *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko*, LLP, 540 U.S. 398, 408 (2004), and "horizontal price fixing and market allocation, are thought so inherently anticompetitive that each is illegal *per se* without inquiry into the harm it has actually caused." *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768 (1984). "[B]ecause of their pernicious effect on competition and lack of any redeeming virtue," price-fixing agreements "are conclusively presumed to be unreasonable and therefore illegal without elaborate inquiry as to the precise harm they have caused or the business excuse for

their use." *N. Pac. Ry. Co. v. United States*, 356 U.S. 1, 5 (1958).[1] In other words, there are no excuses for price fixing, and Irico should be precluded from offering any.

Price-fixing conspiracies "are not evaluated in terms of their purpose, aim or effect in the elimination of so-called competitive evils." *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 228 (1940). Courts and juries are not left to determine "whether or not particular price-fixing schemes are wise or unwise, healthy or destructive," and defendants are "not permitted the age-old cry of ruinous competition and competitive evils to be a defense to price-fixing conspiracies." *Id.* at 221.

Thus, with the exception previously recognized by this Court, arguments that Irico's alleged price fixing was pro-competitive, reasonable, well-intentioned, necessary owing to market conditions, or otherwise excusable are not relevant under Fed. R. Evid. 401 and should be precluded under Fed. R. Evid. 402. *See, e.g.*, *Jolly v. Intuit Inc.*, 485 F. Supp. 3d 1191, 1201 (N.D. Cal. 2020) ("[T]he Supreme Court has recognized that price-fixing agreements are unlawful per se under the Sherman Act and that no showing of so-called competitive abuses or evils which those agreements were designed to eliminate or alleviate may be interposed as a defense.") (internal quotation marks and citation omitted), *appeal dismissed*, No. 20-16924, 2020 WL 9073360 (9th Cir. Nov. 2, 2020).[2]

---

[1] *See, e.g.*, *People v. Rattenni*, 613 N.E.2d 155, 158 (N.Y. 1993) ("[S]ome activities are deemed so pernicious to competition that they are found to be *per se* unreasonable. Among these are price fixing and division of markets.") (citations omitted); *Mailand v. Burckle*, 572 P.2d 1142, 1147 (Cal. 1978) ("Certain violations of the antitrust laws are deemed to constitute an illegal restraint of trade as a matter of law, and among these are price fixing.").

[2] *See also United States v. Aiyer*, 33 F.4th 97, 123 (2d Cir. 2022) (holding "the district court . . . properly concluded that [e]vidence of pro-competitive effects, or the lack of harm, is not relevant" in determining defendant's guilt for conspiracy to fix prices and rig bids) (internal quotation marks and citation omitted); *United States v. Guillory*, 740 F. App'x 554, 556 (9th Cir. 2018) ("The district court did not preclude any relevant evidence by granting the government's motion *in limine* to prohibit Guillory from introducing evidence or argument that the bid-rigging agreements were reasonable."); *In re Sulfuric Acid Antitrust Litig.*, 743 F. Supp. 2d 827, 870 (N.D. Ill. 2010) ("While Defendants frequently refer to their financial constraints as an element in their defense, an unforgiving market offers no excuse for violating antitrust laws."); *United States v. Nu-Phonics, Inc.*, 433 F. Supp. 1006, 1012 (E.D. Mich. 1977) ("Once it has been determined that a particular course of action was a price-fixing conspiracy . . . there is virtually no defense. The reasonableness of the price fixed is immaterial, as is any benevolent or constructive motivation for the scheme.").

## II.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to limit argument or characterizations by Irico that the alleged price fixing was pro-competitive, necessary, or otherwise excusable.

Dated:  August 11, 2023                         By:  */s/ Mario N. Alioto*
                                                                 Mario N. Alioto (56433)
                                                                 Lauren C. Capurro (241151)
                                                                 TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                                                 2001 Union Street, Suite 482
                                                                 San Francisco, CA 94123
                                                                 Telephone:     (415) 563-7200
                                                                 Facsimile:      (415) 346-0679
                                                                 Email:  malioto@tatp.com
                                                                 Email:  laurenrussell@tatp.com

                                                               *Lead Counsel for Indirect Purchaser Plaintiffs*