MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | |
| Indirect-Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 8:** |
| | **TO EXCLUDE CHARACTER EVIDENCE** |
| | Hearing Date: December 15, 2023<br>Time: 2:00 p.m.<br>Courtoom: Courtroom 6 – 2nd Floor |
| | The Honorable Jon S. Tigar |

## NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 8:

## TO EXCLUDE CHARACTER EVIDENCE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023 or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order to exclude character evidence.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

1

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE EXCLUDE CHARACTER EVIDENCE
Master File No. 4:07-cv-5944-JST; MDL No. 1917

# MEMORANDUM OF POINTS AND AUTHORITIES

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* to preclude argument and exclude evidence concerning Irico Defendant ("Irico") corporations' or employees' purported good character or reputation, or charitable acts. Such arguments are not relevant to the claims and defenses at issue and can only serve to confuse the jury.

## I. ARGUMENT

Plaintiffs anticipate that Irico will attempt to present themselves in a favorable light to the jury by offering evidence and argument of purported good character or "good acts." For example, Irico might want to emphasize their "public service obligations," such as provision of "primary and secondary public schools, the local police department, a hospital, public transportation, public recreational facilities to citizens living around and working at Irico's business operations." ECF No. 5409 at 11 of 22. The sole purpose of such evidence is to curry favor with the jury and to persuade it that Irico is a "good" company that could not have done what Plaintiffs allege. Such "propensity" evidence is irrelevant and prejudicial and should be excluded. *See, e.g.*, *Newill v. Campbell Transp. Co.*, No. 2:12-CV-1344, 2015 WL 267879, at *2 (W.D. Pa. Jan. 14, 2015) (finding that parties "will not be permitted to testify on these matters [of character]. It is propensity evidence, plain and simple.").

The Federal Rules of Evidence are explicit on this point: "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Although some exceptions in criminal cases permit the introduction of character evidence, "in a civil case evidence of a person's character is ***never admissible*** to prove that the person acted in conformity with the character trait." Fed. R. Evid. 404, advisory committee notes, 2006 amend. (emphasis added). In addition, a defendant's "unrelated 'good acts' simply are not relevant pursuant to Rule 401, and therefore, not admissible pursuant to Rule 402." *Niver v. Travelers Indem. Co. of Ill.*, 433 F. Supp. 2d 968, 995 (N.D. Iowa 2006).

This case is about whether Irico fixed the prices of CRTs. Whether Irico is a "good" company or performed "good acts" has no bearing on this question and allowing such character evidence "carries serious risks of prejudice, confusion and delay." Fed. R. Evid. 404, advisory committee notes, 2006 amend. *See also Michelson v. United States*, 335 U.S. 469, 476 (1948) ("The overriding policy of excluding such evidence . . . is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.").

Accordingly, courts (including this one) frequently grant motions *in limine* to preclude argument and exclude evidence about the purported good character or good acts of corporate defendants and witnesses. *See, e.g.*, *Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST, 2021 WL 1232451, at *6 (N.D. Cal. Mar. 31, 2021) (Tigar, J.) (excluding "evidence or argument at trial regarding charitable contributions, philanthropy, or non-profit work by or on behalf of Twitter, the Individual Defendants, or any witness" as irrelevant); *United States ex rel. Kiro v. Jiaherb, Inc.*, No. CV 14-2484-RSWL-PLAX, 2019 WL 2869186, at *4 (C.D. Cal. July 3, 2019) (precluding defendant "from introducing evidence regarding supposed 'good acts,' such as charitable contributions or community service performed by Defendant or its employees"); *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-CV-545-FTM-29DNF, 2004 WL 4054843, at *4 (M.D. Fla. July 22, 2004) (granting motion *in limine* to preclude as "irrelevant and potentially prejudicial" argument and evidence of Ford's "good acts," including its status as a "leading car compan[y]," and Ford's vehicle safety innovations and expenditures).[1]

## II.     CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to exclude character evidence.

---

[1] *See also Foster v. Ethicon, Inc.,* No. 4:20-CV-04076-RAL, 2021 WL 4476642, at *4 (D.S.D. Sept. 30, 2021) ("Dr. Rodgers will not be allowed to testify about Ethicon's working environment being 'consistently respectful, appreciated, and honest,' or that Ethicon behaved admirably or as a 'good' company."); *Linear Grp. Servs., LLC v. Attica Automation, Inc.*, No. 13-10108, 2014 WL 4206871, at *5 (E.D. Mich. Aug. 25, 2014) (granting motion *in limine* to preclude as irrelevant testimony about the quality of defendant's products and company reputation); *Kruszka v. Novartis Pharms. Corp.*, 28 F. Supp. 3d 920, 931 (D. Minn. 2014) (excluding expert testimony that defendant was a "good company").

| | |
|---|---|
| Dated:  August 11, 2023 | By:  /s/ Mario N. Alioto<br>Mario N. Alioto (56433)<br>Lauren C. Capurro (241151)<br>TRUMP, ALIOTO, TRUMP & PRESCOTT LLP<br>2001 Union Street, Suite 482<br>San Francisco, CA 94123<br>Telephone:     (415) 563-7200<br>Facsimile:      (415) 346-0679<br>Email: malioto@tatp.com<br>Email: laurenrussell@tatp.com<br><br>*Lead Counsel for Indirect Purchaser Plaintiffs* |

4

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE EXCLUDE CHARACTER EVIDENCE
Master File No. 4:07-cv-5944-JST; MDL No. 1917