1  MARIO N. ALIOTO, ESQ. (56433)
   LAUREN C. CAPURRO, ESQ. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
   2001 Union Street, Suite 482
3  San Francisco, CA 94123
   Telephone: (415) 563-7200
4  Facsimile: (415) 346-0679
   E-mail: malioto@tatp.com
5  laurenrussell@tatp.com

6  *Lead Counsel for the Indirect-Purchaser Plaintiffs*

10             UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    OAKLAND DIVISION

14  IN RE CATHODE RAY TUBE (CRT)            )   Master File No. 4:07-cv-5944-JST
    ANTITRUST LITIGATION                    )
15                                          )   MDL No. 1917
                                            )
16  This Document Relates to:               )
                                            )   **INDIRECT PURCHASER PLAINTIFFS'**
17  Indirect-Purchaser Class Action         )   **NOTICE OF MOTION AND MOTION**
                                            )   ***IN LIMINE* NO. 10:**
18                                          )
                                            )   **TO FIND THAT A FOUNDATION**
19                                          )   **EXISTS TO ADMIT STATEMENTS**
                                            )   **UNDER THE CO-CONSPIRATOR RULE**
20                                          )
                                            )   Hearing Date: December 15, 2023
21                                          )   Time: 2:00 p.m.
                                            )   Courtoom: Courtroom 6 – 2nd Floor
22                                          )
                                            )   The Honorable Jon S. Tigar
23                                          )

**NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 10:**

**TO FIND THAT A FOUNDATION EXISTS TO ADMIT STATEMENTS UNDER THE <u>CO-CONSPIRATOR RULE</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, U.S. District Court Judge, U.S. District Court for the Northern District of California, Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Plaintiffs ("Plaintiffs") will and hereby do respectfully move this Court for an Order finding that a foundation exists to admit statements under Federal Rule of Evidence 801(d)(2)(E) and deeming admitted for trial those co-conspirator documents already admitted for summary judgment.

This Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law in support thereof, the pleadings and correspondence on file with the Court, and such other arguments and authorities as may be presented at or before the hearing.

1

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE CO-CONSPIRATOR STATEMENTS
Master File No. 4:07-cv-5944-JST; MDL No. 1917

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this memorandum in support of their motion *in limine* for an Order (1) finding that a foundation exists to admit statements under the co-conspirator exception to the hearsay rule and (2) deeming admitted for trial those co-conspirator documents already admitted for summary judgment purposes.

I.   ARGUMENT

At trial, Plaintiffs will offer various documents and other out-of-court statements authored or made by Irico Defendants' ("Irico") alleged co-conspirators. Plaintiffs intend to invoke Federal Rule of Evidence 801(d)(2)(E) (the "Co-Conspirator Rule") to support the admissibility of this evidence against Irico. In an order adopted by this Court, Judge Walker already determined that Plaintiffs "have adequately established the prerequisites for admission under [Rule] 801(d)(2)(E) of the documents in [their] inventory" and ruled that numerous co-conspirator documents produced in this case are admissible for purposes of summary judgment. *See* Special Master's R. & R. Re Admissibility of Coconspirator Docs. and Statements 21, ECF No. 6074 ("Admissibility R. & R."); Order Adopting Admissibility R. & R., ECF No. 6093. Plaintiffs have asked Judge Walker to supplement that ruling by finding additional co-conspirator documents admissible for summary judgment purposes. That request remains pending.

The evidence in this case clearly satisfies the foundational prerequisites of Rule 801(d)(2)(E). Thus, the Court should make an express finding of this foundation as part of its *in limine* rulings. Such a finding will expedite the admission of individual co-conspirator statements at trial. Further, Plaintiffs respectfully request that the Court deem admissible for trial all co-conspirator documents Judge Walker deemed admissible for summary judgment, as well as any additional such documents he deems admissible in response to Plaintiffs' pending request.

A.   **The Statements of Irico's Co-Conspirators Are Not Hearsay.**

Under the Co-Conspirator Rule, statements offered against Irico that were "made by [Irico's] coconspirator during and in furtherance of the conspiracy" are not hearsay. The Rule applies if Plaintiffs show, by a preponderance of the evidence, that: (1) "a conspiracy existed at the time the statement was made"; (2) "the defendant had knowledge of, and participated in, the conspiracy"; and

(3) "the statement was made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000).

In determining whether Plaintiffs meet this burden, the Court may consider "any evidence it wishes, unhindered by considerations of admissibility." *Bourjaily v. United States*, 483 U.S. 171, 178 (1987). "[A] judge may consider the statements themselves in deciding whether these prerequisites have been met," although "the offering party must present *some* evidence aside from the proffered co-conspirator's statements to show that the nonoffering party knowingly participated in the alleged conspiracy." *In re Coord. Pretrial Proceedings in Petrol. Prods. Antitrust Litig.*, 906 F.2d 432, 459 (9th Cir. 1990) (quotation marks, alterations, and citations omitted); Admissibility R. & R. 18 ("[Plaintiffs] are required to offer 'some evidence' of Irico's participation." (citation omitted)). "In this Circuit, the prosecution need only show slight evidence connecting the defendant to the conspiracy, and this evidence may be circumstantial." *United States v. Mason*, 658 F.2d 1263, 1269 (9th Cir. 1981) (citation omitted). Finally, a variety of statements can satisfy the "in furtherance" requirement. *See United States v. Yarbrough*, 852 F.2d 1522, 1535 (9th Cir. 1988) (statements "further[ing] the common objectives of the conspiracy or set[ting] in motion transactions that are an integral part of the conspiracy" satisfy the requirement).

1. <u>Overwhelming Evidence Establishes that a Conspiracy Existed.</u>

In this case, "[t]he court has heretofore satisfied itself that the 'quantity and quality of the evidence supports by a preponderance of the evidence that there was a price-fixing scheme and its existence and operations would be a question common to all class members.'" Admissibility R. & R. 7 (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606, 625 (N.D. Cal. 2015)). As Judge Walker highlighted, Irico's alleged co-conspirators admitted to the conspiracy, the Department of Justice indicted the co-conspirators' former executives for price-fixing, and international government investigations confirmed the conspiracy's existence. *See* Admissibility R. & R. 7-8. Additionally, extensive expert analysis supports the existence of the conspiracy. *See, e.g.*, *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944-SC, 2013 WL 5391159, at *3-6 (N.D. Cal. Sept. 24, 2013) (describing findings of Dr. Janet S. Netz, Plaintiffs' expert).

At bottom, "[t]he evidence establishing the existence of the conspiracy here is

3

overwhelming," and "[t]here can be no serious question that a conspiracy to fix the prices of CRTs existed." Admissibility R. & R. 8, 12.

### 2. Irico Had Knowledge of and Participated in the Conspiracy.

The available testimony and documentary evidence in this case also exceeds the "slight evidence" needed to connect Irico to the conspiracy for purposes of applying the Co-Conspirator Rule. *Mason*, 658 F.2d at 1269. Indeed, this Court has already concluded that "there is evidence of the Irico Defendants' participation in a single, overarching conspiracy," including evidence that "shows representatives of the Irico Defendants participating in meetings involving the setting of prices and production levels for CRTs in concert with other CRT manufacturers." Order Setting Aside Default 16, ECF No. 5240 (quotation marks omitted). Any contrary contention "strains credulity," as the "obvious and most probable conclusion" to draw from the available evidence in this case is that "Irico in fact participated in the conspiracy." Admissibility R. & R. 19.

The evidence demonstrating Irico's participation in the conspiracy includes, *inter alia*, "several instances of Irico records showing that on dates on which meetings among CRT producers took place, Irico personnel traveled to the locations of these meetings." *Id.* at 10. Irico's alleged co-conspirators also testified that Irico representatives attended such meetings. For example, one witness testified that Irico "agreed with the proposal [to coordinate CPT pricing] that Chung[h]wa and Orion presented" and was "invited to attend regular meetings or after every group meeting, either Orion or Chung[h]wa could give them a briefing of the meeting results." *Id.* at 8, 9 (first alteration in original) (citations omitted). Another testified that "producers exchanged price and production information at meetings and thereafter 'reached out' to Irico, among others, and he personally 'visited Irico.'" *Id.* at 9 (citation omitted). Further, Irico's Zhaojie Wang attended industry meetings in which "other producers of CRTs" participated and at which "market information was discussed." *Id.* (citation omitted). "Irico's Wang Ximin also attended meetings with other producers of CRT and CRT products and these meetings involved information on Chinese CRT issues and market conditions." *Id.* at 10.

As Judge Walker correctly concluded, "[t]here is adequate evidence of Irico's participation in the CRT conspiracy to let a jury review the documents the [Plaintiffs] offer and make an

ultimate decision" about Irico's liability. *Id.* at 18.

### 3. The Statements Were Made in Furtherance of the Conspiracy.

The co-conspirator documents Judge Walker deemed admissible for summary judgment include "meeting minutes and records of meetings or contacts by representatives of producers and sellers of CRTs," in which "prices and quantities of CRTs are discussed at length and in detail." Admissibility R. & R. 6. Irico's alleged co-conspirators drafted these notes to document and effectuate the pricing and other agreements reached at the meetings, as well as to keep the conspirators apprised of the conspiracy's operations. Plainly, these statements were "made in furtherance of the conspiracy." *Id.* at 16; *accord United States v. AU Optronics Corp.*, No. CR 09-0110 SI, 2012 WL 12036080, at *2 (N.D. Cal. Jan. 11, 2012) (concluding that meeting notes prepared by participants in the LCD conspiracy "were made in furtherance of the conspiracy").

Judge Walker also ruled that certain of these documents are admissible on other grounds, including because they constitute business records and reflect statements not offered to prove the truth of the matter asserted, statements made by Irico employees acting within the scope of their employment, or statements against interest. *See* Fed. R. Evid. 803(6); 801(c)(2), (d)(2)(D); 804(b)(3). Plaintiffs request that the Court adopt Judge Walker's thorough analysis and deem admissible for trial those co-conspirator documents Judge Walker ruled admissible for purposes of summary judgment, as well as any future such documents Judge Walker deems admissible.

As to the additional co-conspirator statements and documents Plaintiffs intend to offer at trial, Plaintiffs respectfully request that the Court rule *in limine* that the first two prerequisites of the co-conspirator exception are satisfied, requiring Plaintiffs to establish at trial only that these additional statements "w[ere] made in furtherance of the conspiracy." *Bowman*, 215 F.3d at 961. Such a ruling will expedite the admission of individual co-conspirator statements when Plaintiffs offer those statements into evidence at trial.

## II. CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court (1) find that a foundation exists to admit statements under the Co-Conspirator Rule and (2) deem admitted for trial the co-conspirator documents admitted for summary judgment.

| | | |
|---|---|---|
| 1 | Dated:  August 11, 2023 | By:  /s/ Mario N. Alioto |

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:     (415) 563-7200
Facsimile:     (415) 346-0679
Email:  malioto@tatp.com
Email:  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

6

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE CO-CONSPIRATOR STATEMENTS
Master File No. 4:07-cv-5944-JST; MDL No. 1917