1  MARIO N. ALIOTO, ESQ. (56433)
   LAUREN C. CAPURRO, ESQ. (241151)
2  TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
3  2001 Union Street, Suite 482
   San Francisco, CA 94123
4  Telephone: (415) 563-7200
   Facsimile: (415) 346-0679
5  E-mail: malioto@tatp.com
   laurenrussell@tatp.com
6

7  *Lead Counsel for the Indirect-Purchaser Plaintiffs*

8

9

10

11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13                     **OAKLAND DIVISION**

14

15 | IN RE CATHODE RAY TUBE (CRT)        | ) | Master File No. 4:07-cv-5944-JST
   | ANTITRUST LITIGATION                | ) |
16 |                                     | ) |
   |                                     | ) | **INDIRECT PURCHASER PLAINTIFFS'**
17 | This Document Relates to:           | ) | **NOTICE OF MOTION AND MOTION**
   |                                     | ) | *IN LIMINE* **NO. 11:**
18 | Indirect Purchaser Class Action     | ) |
   |                                     | ) | **TO EXCLUDE EVIDENCE AND**
19 |                                     | ) | **ARGUMENT PORTRAYING THE IRICO**
   |                                     | ) | **DEFENDANTS' PARTICIPATION IN**
20 |                                     | ) | **THE CONSPIRACY OR ACTS**
   |                                     | ) | **COMMITTED PURSUANT THERETO**
21 |                                     | ) | **AS COMPELLED BY THE CHINESE**
   |                                     | ) | **GOVERNMENT OR CHINESE LAW**
22 |                                     | ) |
23 |                                     | ) | Hearing Date:  December 15, 2023
   |                                     | ) | Time: 2:00 p.m.
24 |                                     | ) | Courtoom: Courtroom 6 – 2nd Floor
25 |                                     | ) |
   |                                     | ) | The Honorable Jon S. Tigar
26 |                                     | ) |

27

28

---

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE CHINESE GOVERNMENT OR LAW
Master File No. 4:07-cv-5944-JST; MDL No. 1917

# NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 11:

## TO EXCLUDE EVIDENCE AND ARGUMENT PORTRAYING THE IRICO DEFENDANTS' PARTICIPATION IN THE CONSPIRACY AS COMPELLED BY THE CHINESE GOVERNMENT OR CHINESE LAW

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, or as soon thereafter as this matter may be heard before the Honorable Jon S. Tigar, in Courtroom No. 6, 2nd Fl., 1301 Clay Street, Oakland, California, 94612, Indirect Purchaser Plaintiffs ("Plaintiffs" or "IPPs") will and hereby do move this Court for an Order to preclude the Irico Defendants ("Irico") from asserting that:

1. The Chinese government or Chinese law dictated the prices it was obligated to charge for CRTs;

2. Irico sold CRTs at prices mandated by the Chinese government or Chinese law; or

3. The Chinese government or Chinese law imposed duties on Irico that were inconsistent with, or prevented it from complying with, U.S. law.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law in support thereof, the pleadings and correspondence on file with the Court, and such arguments and authorities as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs submit this Memorandum in support of their Motion *in limine* to preclude Irico from offering evidence or argument in support of any of the following:

### I. ALLOWING IRICO TO CLAIM THAT ITS PRICING REFLECTED GOVERNMENT OR LEGAL COMPULSION WOULD BE UNFAIR IN LIGHT OF IRICO'S SPOLIATION AND WITHHOLDING OF A KEY WITNESS

Irico should not be permitted to claim that its pricing reflected governmental or legal compulsion. Allowing it to do so would be unfair because Irico spoliated evidence that could rebut that assertion and violated orders to produce a key knowledgeable witness for a deposition.

**Spoliation.** Irico failed to preserve any electronically stored information (ESI) and almost

all of its relevant hard-copy evidence.[1]  In so doing, it violated Pretrial Order No. 1 (ECF No. 230), which required it to find and preserve evidence "potentially relevant to the subject matter of this litigation" (*id.* at p. 6, ¶ 13), and defied legal duties imposed by both the common law[2] and Federal Rule of Civil Procedure 37(e).  "Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith, or fault."  *InternMatch, Inc. v. Nxtbigthing, LLC*, No. 14-cv-05438-JST, 2016 WL 491483, at *11 (N.D. Cal. Feb. 8, 2016).  Irico's spoliation is the subject of a pending motion before the Special Master seeking terminating sanctions, as well as alternative sanctions that include the striking of defenses through which Irico seeks to blame Chinese law or the Chinese government for its misconduct.[3]

       This issue is not new to the Court.  In its Order re Evidence Preservation of Documents, the Court approved the Special Master's recommendation to compel Irico to produce its communications regarding evidence preservation with its former counsel, Pillsbury Winthrop ("Pillsbury").  The Special Master found that "Irico . . . never issued a written litigation hold."  Order re Evid. Preservation Docs. at 2.  He noted that Irico claimed it had "misunderstood the scope of document preservation in connection with the litigation in the United States."  *Id*.  However, when Irico's communications with Pillsbury were produced, they revealed that it ***hadn't*** "misunderstood" its legal duties, because Pillsbury had repeatedly explained those duties and had warned Irico that it faced "very serious consequences" if it did not comply with them.[4]

       Evidence of how Irico *in fact* determined what prices it would charge would likely disprove Irico's claim of government price compulsion.  But virtually no such evidence survives.  Irico preserved ***no*** emails or other ESI; ***no*** files or records of employees involved in pricing; ***no***

---

[1] *See* Order Approving Special Master's R. & R. on Pls.' Mot. to Compel Production of Evid. Preservation Docs. (ECF No. 6146) ("Order re Evidence Preservation Documents"), at 3-4 (making a preliminary finding of spoliation).

[2] *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 336 (D. Ariz. 2022).

[3] Issue sanctions such as striking a defense are a permissible sanction for discovery misconduct. *See Bernstein v. Virgin Am., Inc*., No. 15-cv-02277-JST, 2018 WL 6199679, at *3-5 (N.D. Cal Nov. 28, 2018) (striking a defense as a sanction where documents central to it were not included in the defendant's initial disclosures).

[4] *See* Dever Decl., Exs. A (IRI-SUPP-000001E-005E), B (IRI-SUPP-000012-021E) and C (IRI-SUPP-000023-028E).

agreements or communications with customers; *no* records of its sales or marketing meetings; and *no* reports or minutes of meetings with competitors at which pricing was discussed.  Its failure to comply with its duty to preserve evidence has impaired Plaintiffs' ability to respond on this issue or to test and impeach the propositions Irico intends to assert.

It would therefore be a grave injustice for Irico to claim that its prices reflected government compulsion.  Elementary fairness precludes a party from violating its duties to preserve and produce evidence relevant to a defense and then relying on that defense and its opponent's lack of access to proof which would allow it to test, impeach or rebut it.

**Failure to Produce a Key Witness.**  Irico not only spoliated documents needed to rebut its defenses.  It also violated two court orders to produce for deposition Su Xiaohua ("Mr. Su"), a key witness whom Irico represented as having knowledge supporting its 8th, 11th and 12th Affirmative Defenses, the defenses which assert the alleged government compulsion, state action and international comity.[5]  Irico obtained repeated extensions of time to comply with the orders to produce Mr. Su, assured Plaintiffs and the Court that he would appear, then abruptly announced that he had suddenly resigned his position at Irico and would not appear.  *See* Interim Report, at. 2-4.[6]  In the same motion requesting relief for Irico's spoliation of electronic and documentary evidence, Plaintiffs also seek sanctions for Irico's failure to produce Mr. Su.  It would be unfair to allow Irico to assert claims that Chinese law or government edict compelled its prices when Plaintiffs were denied the opportunity to examine one of the only witnesses knowledgeable about that claim.

II.  **IRICO'S ARGUMENT THAT CHINESE LAW REQUIRED IT TO CHARGE THE PRICES IT IMPOSED OR PRECLUDED IT FROM COMPLYING WITH U.S. LAW WOULD BE BASELESS AND PREJUDICIAL**

**Pricing.**  The claim that Irico's prices were government-mandated lacks any evidentiary or legal basis.  Irico relies on government laws, regulations and notices that admonish CRT

---

[5] Special Master's Interim R. & R., Aug. 4, 2023, ECF No. 6233 (the "Interim Report"), at 2-4; Irico Suppl. Resps. to Interrog. No. 7 of IPPs' 4th Set of Interrogs., Dever Decl., Ex. D ("Irico's Interrogatory Answers"), at 12-17, 20-27.

[6] Irico then served supplemental interrogatory answers eliminating Mr. Su's designation as a knowledgeable witness and replacing his name with that of another witness.

companies and other enterprises not to sell product at prices below their or the industry's production costs.[7]  But requiring or encouraging businesses not to sell below cost is not the same thing as mandating specific prices.  Indeed, Irico's Interrogatory Answers (Dever Decl., Ex. D), which purport to "state all facts" in support of its defenses, do not assert that its prices were set by government decree or Chinese law and cite to no evidence that would support such a conclusion.  Irico does not claim that it ever sold below either its own production costs or average industry costs.  Simply put, below-cost pricing is a red herring.

**Inconsistent Obligations.**  The situation is even clearer with respect to the argument that Chinese law subjected Irico to obligations that precluded it from complying with U.S. law.  What provisions of Chinese law?  What duties?  How did they require Irico to violate U.S. law?  Irico's Interrogatory Answers are silent on this point, and it has not produced any documentary evidence indicating that in fact its prices were set at particular levels because of Chinese law.  Irico has cited no statute, regulation or government decree that required it to enter into, or to perform, a conspiracy to fix CRT prices, restrict production or allocate customers or markets.  Indeed, such conduct appears to have been illegal under Chinese law as well as U.S. law.[8]  Conversely, there is nothing in U.S. law that would have required Irico to sell below its own costs or the average costs of Chinese CRT manufacturers.  Thus, if and to the extent that Chinese law prohibited Irico from selling below cost, it could comply without offending against U.S. law in any respect.  It could have sold at prices that *weren't* below-cost without agreeing with competitors to fix prices or restrict production.  To allow Irico to argue that its duties under Chinese law prevented it from complying with U.S. antitrust law would therefore be highly prejudicial and mislead the jury.

## III. THE JURY SHOULD NOT BE EXPOSED TO IRICO'S CONTENTIONS THAT ITS CHINESE LEGAL OBLIGATIONS PRECLUDED IT FROM COMPLYING WITH U.S. ANTITRUST LAWS

---

[7] *See* Irico's Mem. Supp. Mot. for Summ. Judgment, July 28, 2023 (ECF No. 6225) at 18-21 (identifying and attempting to characterize the provisions on which Irico relies) and the following exhibits to the supporting Declaration of Evan Werbel, ECF No. 6226 (the "Werbel Decl."):  Ex. 55, Apps. 3-8 to Ex. 56 and Exs. 59-61.

[8] "Notice on Earnestly Stopping Price Dumping and Carrying out Inspection of Price Dumping," Werbel Decl., Ex. 59 ("The collusion between companies for price monopoly and oppression of other competitors, or artificial inflation of prices for seeking interests shall be stopped").

Finally, Irico must be precluded from presenting evidence or argument to the jury in support of the proposition that the Chinese government or Chinese law imposed duties on it that were inconsistent with, or prevented it from complying with, U.S. law.  In this case, the assertion that Chinese law and American law imposed inconsistent duties on Irico forms the basis for Irico's defense based on the "international comity doctrine."  *See, e.g.*, *In re Vitamin C Antitrust Litig.*, 8 F.4th 136, 144-45 (2d Cir. 2021) ("[T]o warrant dismissal on the basis of international comity, the two countries' legal demands must be irreconcilable.").  As noted, here again, Irico has either destroyed or withheld the evidence against which such a proposition could be tested as a factual matter.  Moreover, "international comity" is not a jury issue.  It is "a doctrine of prudential abstention, one that counsels voluntary forbearance when a sovereign which has a legitimate claim to jurisdiction concludes that a second sovereign also has a legitimate claim to jurisdiction under principles of international law."  *Mujica v. AirScan Inc.*, 771 F.3d 580, 598 (9th Cir. 2014) (citation and internal quotation marks omitted).

To expose the jury to such an argument would be highly prejudicial.  It would invite the jury members to ignore the Court's other instructions that Irico was obligated to comply with U.S. law and must be held responsible if it is found not to have done so.  Moreover, it would invite the jurors to overstep their legitimate role as triers of fact and arrogate to themselves equitable powers that the law does not confer on them.  Any assertion that Irico was subjected to conflicting legal obligations such that it could not comply with the duties of American law without violating Chinese law or vice-versa must be made, if at all, only to the Court, not the jury.  And finally, Irico should not be able to advantage itself by withholding or suppressing evidence relevant to the proposition it is advancing.

## IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant their motion *in limine* to preclude Irico from introducing evidence or arguing that it was required to or did sell at government-mandated prices, or that Chinese law imposed obligations on Irico that were incompatible with compliance with U.S. antitrust laws.

| | |
|---|---|
| Dated: August 11, 2023 | By: */s/ Mario N. Alioto*<br>Mario N. Alioto (56433)<br>Lauren C. Capurro (241151)<br>TRUMP, ALIOTO, TRUMP & PRESCOTT LLP<br>2001 Union Street, Suite 482<br>San Francisco, CA 94123<br>Telephone:     (415) 563-7200<br>Facsimile:      (415) 346-0679<br>Email: malioto@tatp.com<br>Email: laurenrussell@tatp.com<br><br>*Lead Counsel for Indirect Purchaser Plaintiffs* |