1
MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)

2
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482

3
San Francisco, CA 94123
Telephone: (415) 563-7200

4
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com

5
laurenrussell@tatp.com

6
*Lead Counsel for the Indirect-Purchaser Plaintiffs*

7

8
**UNITED STATES DISTRICT COURT**

9
**NORTHERN DISTRICT OF CALIFORNIA**

10
**OKLAND DIVISION**

11
IN RE CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

12

13
This Document Relates to:

14
Indirect-Purchaser Class Action

15

16

17

18

19

20

21

22

23

24

25

26

27

28

)   Master File No. 4:07-cv-5944-jst
)
)   MDL No. 1917
)
)
)   **DECLARATION OF GERARD A. DEVER**
)   **IN SUPPORT OF**
)
)   **INDIRECT PURCHASER PLAINTIFFS'**
)   **NOTICE OF MOTION AND MOTION *IN***
)   ***LIMINE* NO. 11:**
)
)   **TO EXCLUDE EVIDENCE AND**
)   **ARGUMENT PORTRAYING THE IRICO**
)   **DEFENDANTS' PARTICIPATION IN**
)   **THE CONSPIRACY OR ACTS**
)   **COMMITTED PURSUANT THERETO AS**
)   **COMPELLED BY THE CHINESE**
)   **GOVERNMENT OR CHINESE LAW**
)
)   Hearing Date: December 15, 2023
)   Time: 2:00 p.m.
)   Courtoom: Courtroom 6 – 2nd Floor
)
)   The Honorable Jon S. Tigar

- 1 -

I, Gerard A. Dever, hereby declare and state as follows:

1.      I am a member of the law firm Fine, Kaplan and Black, R.P.C., counsel for the Indirect Purchaser Plaintiffs in the above-captioned action currently pending in the U.S. District Court for the Northern District of California.  I am a member in good standing of the bar of the Commonwealth of Pennsylvania and I am admitted *pro hac vice* to practice before this Court.  I submit this Declaration in support of Plaintiffs' Motion *in Limine* No. 11: to exclude evidence and argument portraying the Irico Defendants' participation in the conspiracy or acts committed pursuant thereto as compelled by the Chinese government or Chinese law.

2.      Attached hereto as **Exhibit A** is a true and correct copy of IRI-SUPP-000001-005E, a certified English translation of IRI-SUPP-000001-005, which is an email dated February 15, 2008, from Joseph Chan of Pillsbury Winthrop Shaw Pittman, LLP ("Pillsbury") to Irico's Legal Counsel Yan Yunlong.

3.      Attached hereto as **Exhibit B** is a true and correct copy of IRI-SUPP-000012-021E, a certified English translation of IRI-SUPP-000012-021, which is an email dated June 23, 2008 from Kevin Xi of Pillsbury to Irico's Yan Yunlong, and attaching a copy of Pretrial Order No. 1, ECF No. 230, as well as a Chinese translation of Paragraph 13 of that Order.

4.      Attached hereto as **Exhibit C** is a true and correct copy of IRI-SUPP-000023-28E, a certified English translation of IRI-SUPP-000023-28, which is an August 7, 2008 memorandum to Irico regarding evidence preservation and a written litigation hold notice entitled "Information Retention Notice."

5.      Attached hereto as **Exhibit D** is a true and correct copy of Irico Defendants' Objections and Responses to Indirect Purchaser Plaintiffs' Fourth Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co., Ltd., dated September 1, 2022.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 11, 2023, in Philadelphia, Pennsylvania.

- 2 -

1

2                           */s/ Gerard A. Dever*

3                           Gerard A. Dever
Fine, Kaplan and Black, R.P.C.

4                           One South Broad Street, 23rd Floor
Philadelphia, PA 19107

5                           Telephone:  (215) 567-6565
Facsimile:  (215) 568-5872

6                           Email:  gdever@finekaplan.com

7                           *Counsel for Indirect Purchaser Plaintiffs*

INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE RE CHINESE GOVERNMENT OR LAW
Master File No. 4:07-cv-5944-JST; MDL No. 1917

# EXHIBIT A



January 24, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, **Samuel Chong**, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of: P-00000004

*(Digital or printed signature here above the line)*

**Samuel Chong**

**Project Number: BBLLP_2301_P0001**

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

| From: | Chan, Joseph W.K <joseph.chan@pillsburylaw.com> on behalf of Chan, Joseph W.K |
| Sent: | Friday, February 15, 2008 1:30AM |
| To: | yan |
| Cc: | Secretary Tao; Mr. Gao; Callan, Terrence A; Tiffany, Joseph R; Chan, Joseph W.K |
| Subject: | RE:CRT Litigation |

Dear Mr. Yan.

Your February 4 email has been received, thank you. We hope you had a pleasant Spring Festival holiday.



Finally, it is essential that Irico does not destroy or dispose of any potentially relevant documents, whether in paper, electronic or any other form. We recommend that you issue written instructions to the members of your company to retain all such documents as soon as possible. We would be pleased to advise on appropriate written instructions.

We very much look forward to working with you on this matter.

Best regards!

Yongjian Chen

1

**Yongjian Chen | Managing Partner**
Pillsbury Winthrop Shaw Pittman LLP
———————————————————————————————————————
Direct. 86.21.6335.1128 | Tel. 86.21.6335.1166
Fax. 86.21.6335.1178 | Cell. 86.13917040385
Room 4305, Bund Center | 222 East Yan'an Road, Shanghai, China | 200002

Email: joseph.chan@pillsburylaw.com
www.pillsburylaw.com



CONFIDENTIAL                                    Translation                                    IRI-SUPP-000002E



CONFIDENTIAL   Translation   IRI-SUPP-000003E



CONFIDENTIAL                    Translation                    IRI-SUPP-000004E



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770 x4860 immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.
* Internal Revenue Service regulations generally provide that, for the purpose of avoiding federal tax penalties, a taxpayer may rely only on formal written advice meeting specific requirements. Any tax advice in this message does not meet those requirements. Accordingly, any such tax advice was not intended or written to be used, and it cannot be used, for the purpose of avoiding federal tax penalties that may be imposed on you or for the purpose of promoting, marketing or recommending to another party any tax-related matters.

CONFIDENTIAL               Translation               IRI-SUPP-000005E

From:        Chan, Joseph W. K. <joseph.chan@pillsburylaw.com> on behalf of Chan, Joseph W. K.
Sent:        Friday, February 15, 2008 1:30 AM
To:          yan
Cc:                          ;            ; Callan, Terrence A.; Tiffany, Joseph R.; Chan, Joseph W. K.
Subject:     RE: CRT

2   4



Irico

CONFIDENTIAL                                          IRI-SUPP-000001

陈永坚 | 主管合伙人
美国必百瑞律师事务所
_____

直线. 86.21.6335.1128 | 电话. 86.21.6335.1166
传真. 86.21.6335.1178 | 手机. 86.13917040385
外滩中心4305室 | 中国上海延安东路222 | 200002

电子邮件: joseph.chan@pillsburylaw.com
www.pillsburylaw.com



CONFIDENTIAL                                                      IRI-SUPP-000002



CONFIDENTIAL                                        IRI-SUPP-000003



CONFIDENTIAL

IRI-SUPP-000004



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The contents of this message, together with any attachments, are intended only for the use of the individual or entity to which they are addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. If you have received this message in error, please notify the original sender or the Pillsbury Winthrop Shaw Pittman Help Desk at Tel: 800-477-0770 x4860 immediately by telephone or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

* Internal Revenue Service regulations generally provide that, for the purpose of avoiding federal tax penalties, a taxpayer may rely only on formal written advice meeting specific requirements. Any tax advice in this message does not meet those requirements. Accordingly, any such tax advice was not intended or written to be used, and it cannot be used, for the purpose of avoiding federal tax penalties that may be imposed on you or for the purpose of promoting, marketing or recommending to another party any tax-related matters.

CONFIDENTIAL

IRI-SUPP-000005

# EXHIBIT B



January 24, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, **Samuel Chong**, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of: P-00000006

*(Digital or printed signature here above the line)*

**Samuel Chong**

**Project Number: BBLLP_2301_P0001**

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

**From:**     yan <yanyunlong@ch.com.cn> on behalf of yan
**Sent:**      Monday, June 23, 2008 4:35 AM
**To:**        Secretary Tao; Maihai Liu; Yuan Liang; Xiaolin; Shen Mr. Gao
**Subject:**   Fw: (Ruixing Alert - This may be a spam) CRT Litigation Progress

----- Original Message -----
**From:** Xi, Kevin
**To:** yan
**Cc:** Chan, Joseph W. K.
**Sent:** Monday, June 23, 2008 4:16 PM
**Subject:** (Ruixing Alert - This may be a spam) CRT Litigation Progress

Attorney Yan,

Hello!



5. The court issued its first pretrial order on April 4, 2008, with Article 13 being the most critical to Irico, which sets out the court's requirements for preservation of evidence (including information in electronic form). As we have discussed with Irico, this is an extremely important statutory requirement. If some potentially relevant information is lost or destroyed, this could have very serious consequences for Irico. The pretrial order is attached for your review. We have also attached a Chinese translation of Article 13 for your reference.



1



Regards!

Best wishes!

**Kevin Xi** | PRC Legal Consultant
Pillsbury Winthrop Shaw Pittman LLP
——————————————————————————————————————
Tel: 86.21.6335.1108 | Fax: 86.21.6335.1178
Suite 4305, Bund Center 222 Yan An Road East | Shanghai 2000002
Email: kevin.xi@pillsburylaw.com
www.pillsburylaw.com

CONFIDENTIAL                                Translation                                IRI-SUPP-000013E

United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In Re: Cathode Ray Tube (CRT) Antitrust Litigation | ) ) ) ) | Case No. 07-5944 SC MDL No. 1917 |
| | ) | PRETRIAL ORDER NO. 1 |
| This Document Relates to: | ) ) | |
| ALL ACTIONS | ) ) ) | |

On April 4, 2008, the Court conducted a status conference in this multidistrict litigation ("MDL") proceeding.  After considering the materials submitted by the parties at the conference and good cause appearing, the Court hereby establishes the following pretrial procedures.

**PRACTICE AND PROCEDURE ORDER UPON TRANSFER PURSUANT TO § 1407(a) (REVISED)**

1.  This order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation (MDL Panel) pursuant to its order of February 15, 2008, as well as all related actions originally filed in this Court or transferred or removed to this Court.  This order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the MDL Panel pursuant to Rule 7.4 of the Rules of Procedure of the MDL Panel subsequent to

1   the filing of the final transfer order by the Clerk of this Court

2   and any related actions subsequently filed, transferred or removed

3   to this Court.

4       2.  The actions described in paragraph 1 of this Order are

5   consolidated for pretrial purposes.

6           **ESTABLISHMENT OF MASTER DOCKET AND FILE**

7       3.  The files of all direct purchaser actions and indirect

8   purchaser actions shall be maintained in the master file, Case No.

9   C-07-5944 SC MDL No. 1917.  Every pleading filed in direct

10  purchaser actions and indirect purchaser actions shall bear the

11  above caption.  When a pleading or paper is intended to be

12  applicable to all actions, the words "All Actions" shall appear

13  immediately after the words "This Document Relates to:" in the

14  caption above.  When a pleading or paper is intended to be

15  applicable only to all direct purchaser actions, the words "All

16  Direct Purchaser Actions" shall appear in the caption.  When a

17  pleading or paper is intended to be applicable only to all

18  indirect purchaser actions, the words "All Indirect Purchaser

19  Actions" shall appear in the caption.

20      4.  All pleadings and submissions in these actions shall be

21  e-filed both in the master docket and in the individual case

22  docket(s) of any individual case(s) to which the submission

23  pertains.  All submissions filed in these actions shall bear the

24  identification "Case No. C-07-5944 SC MDL No. 1917," and when such

25  a submission relates to all of these actions, following "Case No.

26  C-07-5944 SC MDL No. 1917," shall be the notation "ALL CASES."  If

27  a submission does not relate to all of these actions, the docket

28                                  2

United States District Court
For the Northern District of California

CONFIDENTIAL            Translation            IRI-SUPP-000015E

**United States District Court**
For the Northern District of California

1   number of the individual action or actions assigned by the Clerk

2   of the Court shall follow "Case No. C-07-5944 SC MDL No. 1917."

3   The chambers copy of each document e-filed in these cases must

4   clearly indicate the docket number assigned by the electronic case

5   filing system to each such document.

6       **APPEARANCES**

7       5.  Counsel who have not yet entered an appearance shall

8   electronically file a Notice of Appearance in the master docket

9   and in the individual case docket(s) of any individual case(s).

10  Counsel who appeared in a transferor court prior to their case

11  being transferred to this Court need not enter an additional

12  appearance before this Court.

13      6.  Attorneys admitted to practice and in good standing in

14  any United States District Court are admitted pro hac vice in this

15  litigation.  Pursuant to Rule 1.4 of the Rules of Procedure of the

16  Judicial Panel on Multidistrict Litigation, association of local

17  counsel is not required.

18      **COMMUNICATIONS WITH THE COURT AND COUNSEL**

19      7.  Unless otherwise ordered by the Court, all substantive

20  communications with the Court shall be e-filed.

21      8.  The Court recognizes that cooperation by and among

22  plaintiffs' counsel and by and among defendants' counsel is

23  essential for the orderly and expeditious resolution of this

24  litigation.  The communication of information among and between

25  plaintiffs' counsel and among and between defendants' counsel

26  shall not be deemed a waiver of the attorney-client privilege or

27  the protection afforded attorney work-product.  Nothing contained

28                                  3

1   in this provision shall be construed to limit the rights of any

2   party or counsel to assert the attorney-client privilege or

3   attorney work-product doctrine.

4              **FILING AND SERVICE OF PAPERS AND PLEADINGS**

5         9.    These cases are subject to Electronic Case Filing

6   ("ECF"), pursuant to General Order 45, Section VI, which requires

7   that all documents in such a case be filed electronically.

8   General Order, Section IV(A) provides that "[e]ach attorney of

9   record is obligated to become an ECF User and be assigned a user

10  ID and password for access to the system upon designation of the

11  action as being subject to ECF." If he or she has not already done

12  so, counsel shall register forthwith as an ECF User and be issued

13  an ECF User ID and password.  Forms and instructions can be found

14  on the Court's website at

15  https://ecf.cand.uscourts.gov/cand/index.html.  All documents can

16  be e-filed in the master file, Case No. C-07-5944 SC MDL No. 1917.

17        10.   Papers that are filed electronically through the Court's

18  ECF system are deemed served on all parties as of the date of

19  filing.  All other service of papers shall be governed by the

20  Federal Rules of Civil Procedure unless otherwise agreed by the

21  parties.

22        11.   Permission to file briefs in excess of the page limits

23  set forth in Rule 7 of the Local Rules will not be routinely

24  granted in these cases.  Stipulations allowing oversized briefs

25  will not be approved unless submitted at least five (5) court days

26  before the first brief addressed in the stipulation is due.

27        12.   All parties are to make best efforts to resolve

28                                 4

**United States District Court**
For the Northern District of California

1  scheduling and other procedural issues by conferring with opposing

2  counsel in the case(s) before contacting the court.

3  **EVIDENCE PRESERVATION**

4  13.  All parties and their counsel are reminded of their duty

5  to preserve evidence that may be relevant to this action.  The

6  duty extends to documents, data and tangible things in the

7  possession, custody and control of the parties to this action, and

8  any employees, agents, contractors, carriers, bailees, or other

9  non-parties who possess materials reasonably anticipated to be

10  subject to discovery in this action.  "Documents, data, and

11  tangible things" shall be interpreted broadly to include writings,

12  records, files, correspondence, reports, memoranda, calendars,

13  diaries, minutes, electronic messages, voicemail, e-mail,

14  telephone message records or logs, computer and network activity

15  logs, hard drives, backup data, removable computer storage media

16  such as tapes, discs and cards, printouts, document image files,

17  Web pages, databases, spreadsheets, software, books, ledgers,

18  journals, orders, invoices, bills, vouchers, check statements,

19  worksheets, summaries, compilations, computations, charts,

20  diagrams, graphic presentations, drawings, films, charts, digital

21  or chemical process photographs, video, phonographic, tape or

22  digital recordings or transcripts thereof, drafts, jottings and

23  notes, studies or drafts of studies or other similar such

24  material.  Information that serves to identify, locate or link

25  such material, such as file inventories, file folders, indices,

26  and metadata, is also included in this definition.  Until the

27  parties reach an agreement on a preservation plan or the Court

28

5

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    orders otherwise, each party shall take reasonable steps to

2    preserve all documents, data, and tangible things containing

3    information potentially relevant to the subject matter of this

4    litigation.  In addition, counsel shall exercise all reasonable

5    efforts to identify and notify parties and non-parties of their

6    duties, including employees of corporate or institutional parties,

7    to the extent required by the Federal Rules of Civil Procedure.

8         **PROTECTIVE ORDER**

9         14.  The parties shall meet and confer regarding a protective

10   order for this proceeding.  Within 30 days of the entry of an

11   Order appointing interim lead class counsel, the parties shall

12   present a stipulated protective order, or in the event a

13   stipulation cannot be reached, their respective proposals.

14        **DISCLOSURES**

15        15.  Within 30 days of the entry of this Order, the parties

16   shall complete a Rule 26(f) conference and shall make initial

17   disclosures within 14 days thereafter.

18        **ALTERNATIVE DISPUTE RESOLUTION**

19        16.  Within 30 days of the entry of an Order appointing

20   interim lead class counsel, the parties shall discuss the

21   selection of an alternative dispute resolution process.

22        **FURTHER CASE MANAGEMENT CONFERENCE**

23        17.  The Court shall conduct a Status Conference on July 11,

24   2008 at 10:00 A.M.  The parties shall electronically file a Joint

25   Case Management Statement ten (10) court days prior thereto.

26   ///

27   ///

28                                    6

**APPLICABILITY OF ORDER**

18. This Order shall apply to all actions subsequently filed in, or transferred to, this district that are related to this MDL proceeding. Any party objecting to the application of this Order to a subsequently filed or transferred case shall file a motion for relief supported by good cause within 30 days of the case being added to the master docket.

DATED: April 4, 2008

_____
UNITED STATES DISTRICT JUDGE

CONFIDENTIAL     Translation     IRI-SUPP-000020E

Article 13        Preservation of Evidence

The parties to the litigation and their agents were informed of their duty to preserve evidence that may be relevant to this case. This liability extends to documents, data and tangible things in the possession, custody or control of the parties to this action and any employee, agent, contractor, carrier or custodian, or other outsider in possession of material reasonably expected to be within the scope of the factual inquiry in this case. "Documents, data and tangible things" shall be interpreted broadly to include handwriting, records, archives, newsletters, reports, memos, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hardware drives, data backups, removable computer storage media such as tapes, disks and cards, printouts, image files of text, Web pages, databases, spreadsheets, software, books, ledgers, ledger books, orders, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, calculations, diagrams, charts, diagrams, drawings, films, sketches, digital or chemically manipulated photographs, videos, tape or digitally recorded recordings or copies thereof, drafts , notes or notebooks, papers or draft papers, or other similar materials. Any information for the purpose of discovering, locating, or linking the above material, such as file lists, folders, directories, and metadata, is also included in this definition. Unless the parties agree on a preservation plan or the court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible objects containing information that may be relevant to the subject matter of the case. In addition, the agent shall make reasonable efforts to determine and inform the parties and outsiders, including employees of the company or entity, of their relevant responsibilities, to the extent required by federal civil procedure law.

| | |
|---|---|
| **From:** | yan <yanyunlong@ch.com.cn> on behalf of yan |
| **Sent:** | Monday, June 23, 2008 4:35 AM |
| **To:** | 陶书记; 刘麦海; 梁援; 申小琳; 高总 |
| **Subject:** | Fw: (瑞星提示-此邮件可能是垃圾邮件)CRT诉讼进展情况 |

```
----- Original Message -----
From: Xi, Kevin
To: yan
Cc: Chan, Joseph W. K.
Sent: Monday, June 23, 2008 4:16 PM
Subject: (瑞星提示-此邮件可能是垃圾邮件)CRT诉讼进展情况
```

闫律师，

您好！██████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████

██ ██████████████████████████████████████████
████████████████████████

████████████████████████████████████████████████
█████████████████████████████████████████████████
████████████████████████

██████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████████████████
██████████████████████████████████████
█████████████████████████████

██████████████████████████████████████████████
██████████████████████████████████████████████
█████████████████████████████

5. 法院在2008年4月4日发布了首个预审令，其中第13条对彩虹最为关键，其规定了法庭对证据保全的要求（包括电子形式的信息）。正如我们与彩虹所讨论的，这是一项极为重要的法定要求。若一些潜在的相关信息丢失或毁损，这会对彩虹产生非常严重的后果。这里附上预审令供您查阅。同时我们也附上第13条的中文翻译，供您参考。

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
██████

███████████████████████████████████████████████
███████████████████████████████████████████████

CONFIDENTIAL                                                   IRI-SUPP-000012



顺颂

百务顺遂！

**Kevin Xi |** PRC Legal Consultant
**Pillsbury Winthrop Shaw Pittman LLP**
_____

Tel: 86.21.6335.1108 | Fax: 86.21.6335.1178
Suite 4305, Bund Center 222 Yan An Road East | Shanghai 2000002
Email: kevin.xi@pillsburylaw.com
**www.pillsburylaw.com**

CONFIDENTIAL                                                                                    IRI-SUPP-000013

United States District Court
For the Northern District of California

1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   NORTHERN DISTRICT OF CALIFORNIA

7
In Re: Cathode Ray Tube (CRT)      )    Case No. 07-5944 SC
8   Antitrust Litigation              )    MDL No. 1917
                                      )
9   _____)    PRETRIAL ORDER NO. 1
                                      )
10  This Document Relates to:          )
                                      )
11      ALL ACTIONS                    )
                                      )
12  _____)

13

14        On April 4, 2008, the Court conducted a status conference in

15   this multidistrict litigation ("MDL") proceeding.  After

16   considering the materials submitted by the parties at the

17   conference and good cause appearing, the Court hereby establishes

18   the following pretrial procedures.

19        **PRACTICE AND PROCEDURE ORDER UPON TRANSFER PURSUANT TO §
       1407(a) (REVISED)**

20

21        1.  This order shall govern the practice and procedure in

22   those actions transferred to this Court by the Judicial Panel on

23   Multidistrict Litigation (MDL Panel) pursuant to its order of

24   February 15, 2008, as well as all related actions originally filed

25   in this Court or transferred or removed to this Court.  This order

26   shall also govern the practice and procedure in any tag-along

27   actions transferred to this Court by the MDL Panel pursuant to

28   Rule 7.4 of the Rules of Procedure of the MDL Panel subsequent to

1   the filing of the final transfer order by the Clerk of this Court

2   and any related actions subsequently filed, transferred or removed

3   to this Court.

4       2.  The actions described in paragraph 1 of this Order are

5   consolidated for pretrial purposes.

6       **ESTABLISHMENT OF MASTER DOCKET AND FILE**

7       3.  The files of all direct purchaser actions and indirect

8   purchaser actions shall be maintained in the master file, Case No.

9   C-07-5944 SC MDL No. 1917.  Every pleading filed in direct

10  purchaser actions and indirect purchaser actions shall bear the

11  above caption.  When a pleading or paper is intended to be

12  applicable to all actions, the words "All Actions" shall appear

13  immediately after the words "This Document Relates to:" in the

14  caption above.  When a pleading or paper is intended to be

15  applicable only to all direct purchaser actions, the words "All

16  Direct Purchaser Actions" shall appear in the caption.  When a

17  pleading or paper is intended to be applicable only to all

18  indirect purchaser actions, the words "All Indirect Purchaser

19  Actions" shall appear in the caption.

20      4.  All pleadings and submissions in these actions shall be

21  e-filed both in the master docket and in the individual case

22  docket(s) of any individual case(s) to which the submission

23  pertains.  All submissions filed in these actions shall bear the

24  identification "Case No. C-07-5944 SC MDL No. 1917," and when such

25  a submission relates to all of these actions, following "Case No.

26  C-07-5944 SC MDL No. 1917," shall be the notation "ALL CASES."  If

27  a submission does not relate to all of these actions, the docket

28                                               2

number of the individual action or actions assigned by the Clerk
of the Court shall follow "Case No. C-07-5944 SC MDL No. 1917."
The chambers copy of each document e-filed in these cases must
clearly indicate the docket number assigned by the electronic case
filing system to each such document.

**APPEARANCES**

5.  Counsel who have not yet entered an appearance shall
electronically file a Notice of Appearance in the master docket
and in the individual case docket(s) of any individual case(s).
Counsel who appeared in a transferor court prior to their case
being transferred to this Court need not enter an additional
appearance before this Court.

6.  Attorneys admitted to practice and in good standing in
any United States District Court are admitted pro hac vice in this
litigation.  Pursuant to Rule 1.4 of the Rules of Procedure of the
Judicial Panel on Multidistrict Litigation, association of local
counsel is not required.

**COMMUNICATIONS WITH THE COURT AND COUNSEL**

7.  Unless otherwise ordered by the Court, all substantive
communications with the Court shall be e-filed.

8.  The Court recognizes that cooperation by and among
plaintiffs' counsel and by and among defendants' counsel is
essential for the orderly and expeditious resolution of this
litigation.  The communication of information among and between
plaintiffs' counsel and among and between defendants' counsel
shall not be deemed a waiver of the attorney-client privilege or
the protection afforded attorney work-product.  Nothing contained

3

United States District Court
For the Northern District of California

1    in this provision shall be construed to limit the rights of any

2    party or counsel to assert the attorney-client privilege or

3    attorney work-product doctrine.

4         **FILING AND SERVICE OF PAPERS AND PLEADINGS**

5         9.   These cases are subject to Electronic Case Filing

6    ("ECF"), pursuant to General Order 45, Section VI, which requires

7    that all documents in such a case be filed electronically.

8    General Order, Section IV(A) provides that "[e]ach attorney of

9    record is obligated to become an ECF User and be assigned a user

10   ID and password for access to the system upon designation of the

11   action as being subject to ECF." If he or she has not already done

12   so, counsel shall register forthwith as an ECF User and be issued

13   an ECF User ID and password.  Forms and instructions can be found

14   on the Court's website at

15   https://ecf.cand.uscourts.gov/cand/index.html.  All documents can

16   be e-filed in the master file, Case No. C-07-5944 SC MDL No. 1917.

17        10.  Papers that are filed electronically through the Court's

18   ECF system are deemed served on all parties as of the date of

19   filing.  All other service of papers shall be governed by the

20   Federal Rules of Civil Procedure unless otherwise agreed by the

21   parties.

22        11.  Permission to file briefs in excess of the page limits

23   set forth in Rule 7 of the Local Rules will not be routinely

24   granted in these cases.  Stipulations allowing oversized briefs

25   will not be approved unless submitted at least five (5) court days

26   before the first brief addressed in the stipulation is due.

27        12.  All parties are to make best efforts to resolve

28                                 4

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    scheduling and other procedural issues by conferring with opposing

2    counsel in the case(s) before contacting the court.

3         **EVIDENCE PRESERVATION**

4         13.   All parties and their counsel are reminded of their duty

5    to preserve evidence that may be relevant to this action.   The

6    duty extends to documents, data and tangible things in the

7    possession, custody and control of the parties to this action, and

8    any employees, agents, contractors, carriers, bailees, or other

9    non-parties who possess materials reasonably anticipated to be

10   subject to discovery in this action.   "Documents, data, and

11   tangible things" shall be interpreted broadly to include writings,

12   records, files, correspondence, reports, memoranda, calendars,

13   diaries, minutes, electronic messages, voicemail, e-mail,

14   telephone message records or logs, computer and network activity

15   logs, hard drives, backup data, removable computer storage media

16   such as tapes, discs and cards, printouts, document image files,

17   Web pages, databases, spreadsheets, software, books, ledgers,

18   journals, orders, invoices, bills, vouchers, check statements,

19   worksheets, summaries, compilations, computations, charts,

20   diagrams, graphic presentations, drawings, films, charts, digital

21   or chemical process photographs, video, phonographic, tape or

22   digital recordings or transcripts thereof, drafts, jottings and

23   notes, studies or drafts of studies or other similar such

24   material.   Information that serves to identify, locate or link

25   such material, such as file inventories, file folders, indices,

26   and metadata, is also included in this definition.   Until the

27   parties reach an agreement on a preservation plan or the Court

28                                    5

orders otherwise, each party shall take reasonable steps to
preserve all documents, data, and tangible things containing
information potentially relevant to the subject matter of this
litigation.  In addition, counsel shall exercise all reasonable
efforts to identify and notify parties and non-parties of their
duties, including employees of corporate or institutional parties,
to the extent required by the Federal Rules of Civil Procedure.

**PROTECTIVE ORDER**

14.   The parties shall meet and confer regarding a protective
order for this proceeding.  Within 30 days of the entry of an
Order appointing interim lead class counsel, the parties shall
present a stipulated protective order, or in the event a
stipulation cannot be reached, their respective proposals.

**DISCLOSURES**

15.   Within 30 days of the entry of this Order, the parties
shall complete a Rule 26(f) conference and shall make initial
disclosures within 14 days thereafter.

**ALTERNATIVE DISPUTE RESOLUTION**

16.   Within 30 days of the entry of an Order appointing
interim lead class counsel, the parties shall discuss the
selection of an alternative dispute resolution process.

**FURTHER CASE MANAGEMENT CONFERENCE**

17.   The Court shall conduct a Status Conference on July 11,
2008 at 10:00 A.M.  The parties shall electronically file a Joint
Case Management Statement ten (10) court days prior thereto.

///

///

6

United States District Court

For the Northern District of California

**APPLICABILITY OF ORDER**

18.   This Order shall apply to all actions subsequently filed in, or transferred to, this district that are related to this MDL proceeding.   Any party objecting to the application of this Order to a subsequently filed or transferred case shall file a motion for relief supported by good cause within 30 days of the case being added to the master docket.

DATED:   April 4, 2008

_____
UNITED STATES DISTRICT JUDGE

CONFIDENTIAL                                                    IRI-SUPP-000020

第 13 条          证据保全

诉讼各方及其代理人被告知其保全证据之责任可能与本案有关。该责任及于本案中诉讼各方以及任何雇员、代理、订约人、运送人或者保管人或者其他占有经过合理预期属于本案事实调查范围之材料的案外人所占有、保管或控制的文件、数据和有形物。"文件、数据和有形物"应被扩大解释为包括手迹、记录、存档、通讯、报告、备忘录、日历、日记、纪要、电子讯息、语音邮件、电子邮件、电话留言记录或日志、计算机和网络活动日志、硬件驱动器、数据备份、可移除的计算机存储介质例如磁带、盘片和卡,打印输出、文本的图像文件、网页、数据库、电子表格、软件、书、分类帐、分录簿、订单、发票、帐单、凭证、支票对帐单、工作表、摘要、编撰、计算、示意图、图表、图示、图画、胶片、草图、数字或化学处理的照片、视频、磁带或者数字记录的录音或其副本、草稿、便条或笔记、论文或者论文草稿或其他类似材料。为了发现、定位或者联系上述材料的任何信息,例如文件清单、文件夹、目录和元数据,也包括在此定义中。除非各方就保全计划达成协议或者法庭另有命令,每一方均应当采取合理措施保全含有和本案的标的可能有关系的所有文件、数据和有形物。此外,代理人应当在联邦民事程序法要求的范围内,尽合理努力确定并告知各方和案外人,包括公司或单位之雇员其相关责任。

CONFIDENTIAL                                                                      IRI-SUPP-000021

EXHIBIT C



February 22, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, **Samuel Chong**, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of: P-00000008

*(Digital or printed signature here above the line)*

**Samuel Chong**

**Project Number: BBLLP_2301_P0001**

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

# pillsbury

Pillsbury Winthrop Shaw Pittman LLP

2475 Hanover Street | Palo Alto, CA 94304-1114 | tel 650.233.4500 | fax 650.233.4545

Memorandum

To: Mr. Yunlong Yan

From:  Joseph R. Tiffany II

Cc: Terrence A. Callan
    Philip A. Simpkins

Sent: August 7, 2008

C/M#: 043250-0000001

Subject: CRT Antitrust Litigation - Notice of Information Retention

Based on our prior communications and the Court Order on Preservation of Evidence (see Attachment I), we believe that Irico Group Corporation and Irico Display Devices Co., Ltd. (collectively, "Irico") have notified the appropriate Irico personnel regarding the retention of information potentially relevant to the subject matter of the CRT Antitrust Litigation at issue. The purpose of this memorandum is to advise Irico to distribute forms and documents to employees in addition to the notifications already previously made, which are intended to remind Irico personnel of the importance of complying with U.S. law requiring the preservation of potentially relevant information.

The "Notice of Information Retention" (the "Notice") in Annex II shall be distributed to all Irico personnel who may reasonably obtain any information and documents described in the Notice. In identifying the specific Irico personnel who should receive this notice, you should start with the "persons most knowledgeable" that we asked you to identify in our July 14, 2008, memorandum entitled "Request for Information Regarding the CRT Antitrust Litigation." In addition to the "persons most knowledgeable " described above, this notice shall be distributed to any employee (including directors, officers, executives, managers and other employees) who may reasonably have documents or electronic information relating to any of the subjects identified in the notice. Finally, this notice shall also be distributed to the appropriate Irico personnel responsible for information technology and records management. The above individuals in charge should be aware of the requirements described in this notice and should consider what steps to take to avoid the loss of any potentially relevant information in the course of the CRT antitrust litigation. The retention of all potentially relevant documents is extremely important, and we recommend that you provide this notice to an employee if you are in doubt as to whether he or she may have potentially relevant documents. Please contact us if you have any questions or would like to discuss who may have custody of potentially relevant documents.

For your convenience, we have created documents in the same format for distribution to Irico Group Corporation and Irico Display Devices Co., Ltd. employees. You may also amend this notice into two different document formats to be sent to the personnel of each of the two Irico companies as defendants if you wish to do so. You will find a space on the last page of this notice that requires each Irico employee receiving the notice to fill in his or her signature and title. By signing this notice, each employee acknowledges that he or she has read and will comply with this notice. The purpose of requiring employee signatures is to emphasize to employees the importance of complying with this notice and to provide written evidence that Irico has taken appropriate steps to comply with its information retention obligations in the proceeding. One copy of this notice is for each employee to keep and another copy is for the employee to sign and return. Please also provide us with a copy of the employee's signed notice, and we recommend that Irico retain a copy as well. We recommend that you create a list of all employees who received this notice so that you can identify each employee who received it. This list may also be used to

CONFIDENTIAL                                    Translation                                    IRI-SUPP-000023E

periodically remind each employee of his or her obligation to maintain documents and information, and may be updated to include new employees who will join Irico in the future and who will also receive this notice. Please send us this list for our records.

As mentioned above, this notice identifies the specific types of information that we believe we need to preserve at this stage. As the litigation progresses and we learn more about Irico's business, we may notify you of additional types of information that need to be retained. Subsequent developments in the litigation (including subsequent court decisions) will also result in certain types of information described in the notice no longer being required to be retained. However, please be sure to consult with us when you take any steps to release any of the types of information listed in the notice from retention.

We are still awaiting a response from Irico to the initial request for information we sent to you on July 22, 2008. Your response will provide us with the necessary information to help us determine if additional measures are needed for information retention. In addition, we have stated that it is important for us to obtain this information in order to try to convince plaintiff's counsel to remove Irico from the lawsuit. We hope to receive this information from you as soon as possible.

Please contact us if you have any questions regarding this Notice or any other aspect of the CRT antitrust litigation.

CONFIDENTIAL                    Translation                    IRI-SUPP-000024E

pillsbury

Annex I

Preservation of Evidence

The parties to the litigation and their agents were informed of their duty to preserve evidence that may be relevant to this case. This liability extends to documents, data and tangible things in the possession, custody or control of the parties to this action and any employee, agent, contractor, carrier or custodian, or other outsider in possession of material reasonably expected to be within the scope of the factual inquiry in this case. "Documents, data and tangible things" shall be interpreted broadly to include handwriting, records, archives, newsletters, reports, memos, calendars, diaries, minutes, electronic messages, voice mail, e-mail, telephone message records or logs, computer and network activity logs, hardware drives, data backups, removable computer storage media such as tapes, disks and cards, printouts, image files of text, Web pages, databases, spreadsheets, software, books, ledgers, ledger books, orders, invoices, bills, vouchers, check statements, worksheets, summaries, compilations, calculations, diagrams, charts, diagrams, drawings, films, sketches, digital or chemically manipulated photographs, videos, tape or digitally recorded recordings or copies thereof, drafts , notes or notebooks, papers or draft papers, or other similar materials. Any information for the purpose of discovering, locating, or linking the above material, such as file lists, folders, directories, and metadata, is also included in this definition. Unless the parties agree on a preservation plan or the court orders otherwise, each party shall take reasonable steps to preserve all documents, data, and tangible objects containing information that may be relevant to the subject matter of the case. In addition, the agent shall make reasonable efforts to determine and inform the parties and outsiders, including employees of the company or entity, of their relevant responsibilities, to the extent required by federal civil procedure law.

pillsbury

Annex II

## Information Retention Notice

As you may already know, Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico") have been sued in the United States in connection with their sales of CRTs and products containing CRT ("CRT Products "). This lawsuit is known as the CRT Antitrust Lawsuit. Plaintiffs claim that Irico and several other companies that sell CRT and CRT products conspired to artificially inflate the prices of CRT and CRT products sold in the U.S. Irico denies that it engaged in any unlawful conduct and believes it will prevail in its case.

Irico, as a defendant in the CRT antitrust litigation, must ensure that all potentially relevant information regarding Irico's CRT business is retained. This Information Retention Notice is intended to confirm and emphasize our prior instructions regarding record retention.

All documents and information (in physical and electronic form) described below must be retained until the termination of this Information Retention Notice. This Information Retention Notice applies to information and documents stored in personal offices, shared file cabinets, and outside locations. It also includes digital or electronic information retained in all locations (including desktop computers, laptops, home computers, personal digital assistants, server files, removable devices, cell phones, etc.). Please read the attached instructions for retaining electronic information. If you have any questions or problems with compliance instructions, please contact [insert name and contact information of the Irico employee answering the question].

Any information covered by this Information Retention Notice shall not be destroyed. Irico's normal retention/destruction procedures for such information will be discontinued. **Destruction of any document or information subject to this Information Retention Notice is strictly prohibited.**

In order to clarify the information and documents that you must keep, we are providing the following list. You may not hold some or most of the types of documents listed below, and we provide you with a complete list here so that if you or any other Irico employee you supervise holds information or documents that fall into any of the categories listed below, you will understand the scope of documents that are subject to this Information Retention Notice.

**Information and documents that meet the following three criteria must be preserved and not discarded or deleted, unless otherwise notified:**

1. Period: a document or information created from January 1, 1995 to the present, or relating to or about this period; and
2. Product: relating to or concerning (a) CRT or (b) semi-finished and finished products containing CRT, such as televisions containing CRT, ("CRT Products"); and
3. Subject matter: documents or information relating to or concerning one or more of the following twelve areas:
    (a) Marketing and pricing data - revenue, sales, customer lists, dealer lists, sales agent or broker lists, prices, pricing guidelines, pricing policies, pricing strategies, quotations, offers, discounts, rebates, market shares, profits, marketing, marketing plans, market forecasts, or other business plans discussing any of

CONFIDENTIAL                                  Translation                                  IRI-SUPP-000026E

**pillsbury**

the foregoing subjects with respect to CRTs or CRT Products shipped to or sold in the United States;

(b) <u>Sales and transaction data</u> - invoices, orders, sales or supply contracts, sales and transaction data, and databases regarding CRTs or CRT Products shipped to or sold in the United States;

(c) <u>Production and Costs</u> - production, capacity, facility, inventory, costs or expenses relating to CRTs or CRT Products shipped to or sold in the United States;

(d) <u>Market research</u> - market studies or reports discussing the sale, price, competition, competitors or production of CRTs or CRT Products in the United States or worldwide, whether provided by Irico, consultants or other third parties;

(e) <u>Communications</u>, Agreements or Meetings with Competitors - Communications, agreements, understandings or meetings between Irico employees, agents or representatives, and employees, agents or representatives of Irico competitors (or between Irico competitors) regarding CRTs or CRT products sold in the United States or worldwide;

(f) <u>Distributor and Buyer Communications</u> - Communications, agreements or understandings between two or more distributors or resellers of CRTs or CRT products or two or more buyers of CRTs or CRT Products for sale in the United States or worldwide.

(g) <u>Internal or external communications and telephone and facsimile records</u> - documents that certify, reflect, or relate to communications with Irico or with third parties relating to any of the subjects in (a) through (f) above (e.g., emails, faxes, facsimile records, telephone messages, telephone bills, recorded or voicemail messages, telephone or meeting notes, memoranda, meeting summaries, or meeting notes);

(h) <u>Calendars and diaries</u> - calendars, journals, daily business schedules, trip reports, notepads, phone books, appointment planners and task lists;

(i) <u>Expense reports and travel documents</u> - expense reports and receipts, and travel-related documents, including itineraries, passports and visas;

(j) <u>Corporate financial information</u> - annual and quarterly financial reports, shareholder reports and financial statements;

(k) <u>Personnel records</u> - personnel records or data for current or former employees involved with CRTs or CRT Products in the U.S. or worldwide; or

(l) <u>Document Retention</u> – Document retention policies and procedures.

Irico takes its responsibility to preserve information related to litigation and government investigations very seriously. Failure to preserve evidence may subject Irico or its employees to potentially severe sanctions. You should be aware that your failure to comply with this Information Retention Notice may subject you to disciplinary action by Irico, including dismissal.

CONFIDENTIAL                        Translation                        IRI-SUPP-000027E

**pillsbury**

If you are in possession of any documents or electronic information covered by this information retention notice, or if you are aware of a shared space where such documents or information are stored, please retain such documents or information until further notice and notify [insert Irico contact list] of the existence and location of such documents or information. If you have any questions or are unsure whether this information retention notice applies to you or to documents or information in your possession, please contact [insert Irico contact list].

U.S. law firm Pillsbury Winthrop Shaw Pittman LLP has been retained as an external counsel to represent Irico in this matter. A representative of the firm may be in touch with you.

We would like you to confirm that you have read this Information Retention Notice and will comply with the instructions regarding the retention of information. Please sign this information retention notice in the space provided below and return it to [insert Irico contact name] before [date].

Thank you for your cooperation.

I have read and will comply with this information retention notice.

_____
Signature

_____
Name

_____
Title

_____
Date

CONFIDENTIAL                         Translation                         IRI-SUPP-000028E



pillsbury

Pillsbury Winthrop Shaw Pittman LLP
2475 Hanover Street | Palo Alto, CA 94304-1114 | tel 650.233.4500 | fax 650.233.4545

**备忘录**

至： 闫云龙先生

发件人：Joseph R. Tiffany II

抄送： Terrence A. Callan
Philip A. Simpkins

日期：2008 年 8 月 7 日

C/M#: 043250-0000001

主题： 显像管反垄断诉讼—信息保存通知
_____

基于我们的先前通讯和证据保存法院令（见附件一），我们相虹彩虹集团公司和彩虹显示器件股份有限公司（以下合称"彩虹"）已经就保留与显像管反垄断诉讼争议标的潜在相关的信息通知适当的彩虹人员。本备忘录旨在建议彩虹在先前已进行的通知外，再向员工分发格式文件，旨在提醒彩虹人员遵守美国法律要求保存潜在相关信息的重要性。

附件二中的"信息保存通知"（"通知"）应向所有可能合理获得通知中描述的任何信息和文件的彩虹人员进行分发。在确定应收取本通知的具体彩虹人员时，贵方应从"最知悉人员"着手，在我们 2008 年 7 月 14 日题为"关于显像管反垄断诉讼信息请求"的备忘录中，我们已要求贵方进行确定。除上述"最知悉人员"外，还应将本通知向任何可能合理拥有与通知中确定的任何主题相关的文件或电子信息的员工（包括董事、高管、行政主管、经理和其他员工）进行分发。最后，本通知还应向负责信息技术和记录管理的适当彩虹人员分发。上述负责人应知悉本通知所述的要求并应考虑采取何种措施来避免在显像管反垄断诉讼进行过程中丢失任何潜在相关信息。保存所有潜在相关文件极为重要，若贵方对某位员工是否可能拥有潜在相关文件存有疑问时，我们建议贵方向其提供本通知。若贵方有任何问题，或想就潜在相关文件的保管人选进行讨论，请与我们联系。

为贵方方便起见，我们制作了相同格式的文件供您分发给彩虹集团公司和彩虹显示器件股份有限公司员工。若贵方希望将本通知修改成两份不同的文件格式分别向作为被告的两家彩虹公司的人员发送，也是可以的。您会发现，本通知最后一页留有要求收到通知的每位彩虹员工填写其签名和职务的空格。各员工通过签署本通知确认其已经阅读并将遵守本通知。要求员工签名旨在向员工强调遵守本通知的重要性，并提供彩虹已经采取适当措施履行其在诉讼中的信息保存义务的书面证据。本通知一份供贵层员工用以留存，另一份供员工签署并归还。也请向我们提供一份员工签名的通知，我们也建议彩虹保留一份。我们建议贵方制作一份记录所有收到本通知的员工名单，以便确认每位收到通知的员工。此名单

CONFIDENTIAL                                                                                    IRI-SUPP-000023

# pillsbury

还可以用以定期提醒每位员工保存文件和信息的义务，并可进行更新以添加将来加入彩虹的新员工，这些新员工也将收到本通知。请将这份名单发送给我们供我们存档。

如上所提到的，本通知确定了我们认为在现阶段需要保存的信息的具体种类。随着诉讼的推进以及我们对彩虹业务的进一步了解，我们可能会通知贵方需要保留的其他信息种类。诉讼的后续发展（包括后续法院裁定）还将导致通知中描述的某些信息种类无需再进行保留。但是，贵方在对通知中所列的任何信息种类采取任何措施解除保存时，请务必向我们进行咨询。

我们还在等待彩虹就我们在 2008 年 7 月 22 日向贵方发送的初步信息请求作出回复。贵方的回复将为我们提供必要的信息，以帮助我们确定是否还需采取其他措施进行信息保存。此外，我们曾指出过，我们必须获得这些信息以便尽力说服原告律师将彩虹从诉讼中取消。我们希望能尽快从贵方收到这些信息。

若贵方就本通知或显像管反垄断诉讼的任何其他方面有任何疑问，请与我们联系。

CONFIDENTIAL      IRI-SUPP-000024



附件一


证据保全


诉讼各方及其代理人被告知其保全证据之责任可能与本案有关。该责任及于本案中诉讼各方以及任何雇员、代理、订约人、运送人或者保管人或者其他占有经过合理预期属于本案事实调查范围之材料的案外人所占有、保管或控制的文件、数据和有形物。"文件、数据和有形物"应被扩大解释为包括手迹、记录、存档、通讯、报告、备忘录、日历、日记、纪要、电子讯息、语音邮件、电子邮件、电话留言记录或日志、计算机和网络活动日志、硬件驱动器、数据备份、可移除的计算机存储介质例如磁带、盘片和卡,打印输出、文本的图像文件、网页、数据库、电子表格、软件、书、分类帐、分录簿、订单、发票、帐单、凭证、支票对帐单、工作表、摘要、编撰、计算、示意图、图表、图示、图画、胶片、草图、数字或化学处理的照片、视频、磁带或者数字记录的录音或其副本、草稿、便条或笔记、论文或者论文草稿或其他类似材料。为了发现、定位或者联系上述材料的任何信息,例如文件清单、文件夹、目录和元数据,也包括在此定义中。除非各方就保全计划达成协议或者法庭另有命令,每一方均应当采取合理措施保全含有和本案的标的可能有关系的所有文件、数据和有形物。此外,代理人应当在联邦民事程序法要求的范围内,尽合理努力确定并告知各方和案外人,包括公司或单位之雇员其相关责任。

**pillsbury**

附件二

信息保存通知

你可能已经知道，彩虹集团公司和彩虹显示器件股份有限公司（"彩虹"）就其销售显像管和包含显像管的产品（"显像管产品"）在美国被起诉。本诉讼称为显像管反垄断诉讼。原告主张彩虹和其他几家销售显像管和显像管产品的公司共谋人为地抬高在美国销售的显像管和显像管产品的价格。彩虹否认其参与过任何非法行为，并相信其会胜诉。

彩虹作为显像管反垄断诉讼中的被告，必须确保对关于彩虹显像管业务的所有潜在相关信息进行保存。本信息保存通知旨在确认和强调我们先前对保存记录作出的指示。

必须保存以下描述的所有文件和信息（有形和电子形式），直至本信息保存通知终止。本信息保存通知适用于存放在个人办公室、共享文档柜和外部场所的信息和文件。还包括保留在所有地方（包括台式电脑、笔记本电脑、家用电脑、个人数字助理、服务器文档、可移动设备、手机等）的数字或电子信息。请阅读附件中保存电子信息的说明。若你对遵守说明有任何疑问或问题，请联系【插入回答问题的彩虹员工的姓名和联系信息。】

不得销毁本信息保存通知中涉及的任何信息。彩虹对上述信息的正常保留/销毁程序即告中止。**严格禁止损毁受限于本信息保存通知的任何文件或信息。**

为了使你明确必须保存的信息和文件，我们现提供以下清单。你可能并不持有如下所列的某些或多数文件种类，我们在此向你提供完整清单，这样在你或你监督的任何其他彩虹员工持有属于任何如下种类的信息或文件时，你就会明白受限于本信息保存通知的文件范围。

**符合以下三项标准的信息和文件必须进行保存，不得丢弃或删除，除非另有通知：**

1.   期间：自 1995 年 1 月 1 日至今创建的，文件或信息，或涉及或关于此期间的文件或信息；且

2.   产品：涉及或关于(a)显像管或(b)包含显像管的半成品和成品，如包含显像管的电视机，（"显像管产品"）；且

3.   标的：涉及或关于以下十二个领域中一个或多个的文件或信息：

(a)   营销和价格数据 – 关于运往美国或在美国销售的显像管或显像管产品的收入、销售额、客户名单、经销商名单、销售代理或经纪商名单、价格、定价方针、定价政策、定价战略、报价、发盘、折扣、回扣、

pillsbury

市场份额、利润、营销、营销计划、市场预测、或其他讨论任何上述主题的商业计划；

(b) <u>销售和交易数据</u> – 关于运往美国或在美国销售的显像管或显像管产品的发票、订单、销售或供应合同、销售和交易数据、以及数据库；

(c) <u>生产和成本</u> – 关于运往美国或在美国销售的显像管或显像管产品的产量、产能、设备、存货、成本或费用；

(d) <u>市场研究</u> – 讨论美国或全球显像管或显像管产品销售、价格、竞争、竞争者或生产的市场研究或报告，无论是由彩虹、顾问或其他第三方提供；

(e) <u>与竞争者的通讯、协议或会议</u> – 彩虹员工、代理人或代表，与彩虹竞争者员工、代理人或代表（或彩虹竞争者间的）之间的关于在美国或全球销售的显像管或显像管产品的通讯、协议、谅解或参与的会议；

(f) <u>经销商和买方通讯</u> – 两个以上显像管或显像管产品的经销商或转销商或两个以上买方间关于在美国或全球销售的显像管或显像管产品的通讯、协议或谅解；

(g) <u>内部或外部通讯及电话和传真记录</u>–证明、反映、或涉及与彩虹进行通讯或与第三方通讯的与上述(a)至(f)中的任何主题相关的文件（如电子邮件、传真、传真记录、电话留言、电话帐单、录音或语音邮件、电话或会议记录、备忘录、会议摘要或会议记要）；

(h) <u>日历和日记</u> – 日历、日记、日常商务时间表、旅行报告、记事本、电话簿、约会计划本和任务表；

(i) <u>费用报告和旅行文件</u> – 费用报告和收据，及旅行相关文件，包括行程表、护照和签证；

(j) <u>公司财务信息</u> – 年度和季度财务报告、股东报告和财务报表；

(k) <u>人员记录</u> – 涉及美国或全球显像管或显像管产品的在职或离职员工的人员记录或数据；或

(l) <u>文件保留</u> – 文件保留政策和程序。

彩虹非常重视其保存与诉讼和政府调查相关的信息的责任。若未能保存证据，彩虹或其员工会被潜在地施加严厉制裁。你应意识到若你不能遵守本信息保存通知，彩虹会对你进行纪律处罚，包括开除。

# pillsbury

若你持有本信息保存通知中涉及的任何文件或电子信息，或你知悉存放该等文件或信息的共享区域，请在得到进一步通知前保存该等文件或信息并就该等文件或信息的存在和处所通知【插入彩虹联系人名单】。若你有任何问题或者无法确定本信息保存通知是否适用于你或你所持有的文件或信息，请联系【插入彩虹联系人名单】。

美国必百瑞律师事务所已被聘为外部顾问在此事项中代表彩虹。该所的代表可能会联系你。

我们希望你确认你已经阅读本信息保存通知并将遵守关于信息保存的说明。请在以下空白处签署本信息保存通知并于【日期】前归还【插入彩虹联系人姓名】。

谢谢你的配合。


我已经阅读并将遵守本信息保存通知。


_____
签名

_____
姓名

_____
职务

_____
日期

CONFIDENTIAL                                                                      IRI-SUPP-000028

EXHIBIT D

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
         evan.werbel@bakerbotts.com
         tom.carter@bakerbotts.com
         drew.lucarelli@bakerbotts.com

 *Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **IRICO DEFENDANTS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO INDIRECT PURCHASER PLAINTIFFS' FOURTH SET OF INTERROGATORIES TO IRICO GROUP CORPORATION AND IRICO DISPLAY DEVICES CO., LTD.** |
| *ALL INDIRECT PURCHASER ACTIONS* | |

PROPOUNDING PARTY:      Indirect Purchaser Plaintiffs

RESPONDING PARTIES:      Irico Group Corporation
                                          Irico Display Devices Co., Ltd.

SET NUMBER:      Four

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation and Irico

2  Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby provides these

3  supplemental responses to the Indirect Purchaser Plaintiffs' ("Plaintiffs") Fourth Set of

4  Interrogatories to Irico Group Corporation and Irico Display Devices Co., Ltd., dated December

5  14, 2021 ("Interrogatories"). Irico reserves the right to further amend or supplement these

6  Objections and Responses (the "Responses") to the extent allowed by the Federal Rules of Civil

7  Procedure and the Local Rules of Practice in Civil Proceedings before the United States District

8  Court for the Northern District of California ("Local Rules"). Subject to and without waiving any

9  of Irico's General and Specific Objections as set forth below, Irico is willing to meet and confer

10  with Plaintiffs regarding such General and Specific Objections.

11    The following Responses are made only for purposes of this case. The Responses are

12  subject to all objections as to relevance, materiality and admissibility, and to any and all

13  objections on any ground that would require exclusion of any response if it were introduced in

14  court. All evidentiary objections and grounds are expressly reserved.

15    These Responses are subject to the provisions of the Stipulated Protective Order issued by

16  the Court on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated

17  "Confidential" in accordance with the provisions of the Protective Order.

18                              **GENERAL OBJECTIONS**

19    Irico makes the following General Objections to Plaintiffs' Interrogatories:

20    1.    Irico's Responses are based upon information available to and located by Irico as

21  of the date of service of these Responses. In responding to Plaintiffs' Interrogatories, Irico states

22  that it has conducted a diligent search, reasonable in scope, of those files and records in its

23  possession, custody, or control believed to likely contain information responsive to Plaintiffs'

24  Interrogatories.

25    2.    No express, incidental, or implied admissions are intended by these Responses and

26  should not be read or construed as such.

27    3.    Irico does not intend, and its Responses should not be construed as, an agreement

28  or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

---

IRICO'S SUPP. RESPONSES TO IPP'S          1          Master File No. 07-cv-05944-JST
FOURTH SET INTERROGATORIES                              MDL No. 1917

1    or implied by the Requests.

2           4.      Irico has made a good faith and reasonable attempt to ascertain whether

3    information responsive to Plaintiffs' Interrogatories exists and is properly producible, and has

4    produced or made available for examination non-privileged responsive materials located during

5    the course of that reasonable search.

6           5.      To the extent that Irico refers to any pleading, expert report, or other filing in its

7    Specific Responses, Irico incorporates by reference all exhibits and/or evidence cited therein.

8           6.      Irico objects to Plaintiffs' Interrogatories to the extent that they are overly broad,

9    unduly burdensome, oppressive, and duplicative to the extent that they seek information or

10   documents that are already in the possession, custody, or control of Plaintiffs.

11          7.      Irico objects to Plaintiffs' Interrogatories to the extent that they seek to impose

12   obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any

13   Order of this Court.

14          8.      Irico objects to Plaintiffs' Interrogatories to the extent that they request duplicative

15   discovery in violation of the Order Re Discovery And Case Management Protocol, ECF No.

16   1128. *See* Order Re Plaintiffs' Motions To Compel Supplemental Discovery From Toshiba And

17   Panasonic, ECF No. 4128, at 4 ("The Discovery Protocol (ECF No 1128), requires parties to

18   coordinate discovery and not file duplicative discovery. . . . The benefit redounds to all parties on

19   both sides of the litigation, by conserving the efforts required by Plaintiffs and protecting

20   defendants against unnecessary duplication of effort.") (Report and Recommendation adopted in

21   full at ECF No. 4256).

22          9.      Irico objects to Plaintiffs' Interrogatories to the extent they seek information that is

23   not relevant or disproportionate to the needs of the case.

24          10.     Irico objects to Plaintiffs' Interrogatories to the extent that they are vague,

25   ambiguous, or susceptible to more than one interpretation. Irico has attempted to construe such

26   vague or ambiguous Interrogatories so as to provide for the production of responsive information

27   that is proportionate to the needs of the case. If Plaintiffs subsequently asserts an interpretation of

28   any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or

1    amend its Responses.

2        11.    Irico objects to Plaintiffs' Interrogatories to the extent that they contain terms that

3    are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous

4    Interrogatories so as to provide for the production of responsive information that is proportionate

5    to the needs of the case.

6        12.    Irico objects to Plaintiffs' Interrogatories to the extent that they seek information

7    that is protected from disclosure by the attorney-client privilege, work product doctrine, joint

8    defense or common interest privilege, self-evaluative privilege, or any other applicable privilege

9    or immunity. Irico provides only information that it believes to be non-privileged and otherwise

10   properly discoverable. Nothing in Irico's responses is intended nor should be construed as a

11   waiver of any such privilege or immunity. The inadvertent or mistaken provision of any

12   information or responsive documents subject to any such doctrine, privilege, protection or

13   immunity from production shall not constitute a general, inadvertent, implicit, subject-matter,

14   separate, independent or other waiver of such doctrine, privilege, protection or immunity from

15   production.

16       13.    Irico objects to Plaintiffs' Interrogatories to the extent that they call for

17   information that is not in the possession, custody, or control of Irico. Irico also objects to the

18   extent that any of Plaintiffs' Interrogatories seek information from non-parties or third parties,

19   including but not limited to any of Irico's subsidiary or affiliated companies.

20       14.    Irico objects to Plaintiffs' Interrogatories to the extent that responding would

21   require Irico to violate the privacy and/or confidentiality of a third party or confidentiality

22   agreement with a third party.

23       15.    Irico objects to Plaintiffs' Interrogatories to the extent that they seek information

24   that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily

25   available from other sources.

26       16.    Irico objects to Plaintiffs' Interrogatories to the extent that they seek information

27   or documents concerning transactions outside the United States. Such Requests are unduly

28   burdensome and disproportionate to the needs of the case as Plaintiffs' class definition is confined

to "individuals and entities that indirectly purchased Cathode Ray Tube Products . . . in the United States" (see Indirect Purchaser Plaintiffs' Fifth Consolidated Amended Complaint ("Complaint") dated September 19, 2019).

17.    Irico objects to Plaintiffs' Interrogatories to the extent that compliance would require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body of foreign jurisdictions.

18.    Irico's responses pursuant to Plaintiffs' Interrogatories should not be construed as either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such information or documents are either relevant or admissible as evidence.

19.    Irico objects to Plaintiffs' Interrogatories to the extent that they are compound and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

20.    Irico objects to Plaintiffs' Interrogatories to the extent that they state and/or call for legal conclusions.

21.    Irico objects to the Interrogatories to the extent that they contain express or implied assumptions of fact or law with respect to the matters at issue in this case.

22.    Irico objects to the Interrogatories to the extent they seek information or documents that cannot be removed or transmitted outside China without violating the laws and regulations of that country, including but not limited to restrictions on the transmission of state secrets or trade secrets as those terms are defined under Chinese law.

23.    Irico objects to the Interrogatories to the extent that they are premature based on the current status of discovery in the case. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico further objects to each Interrogatory to the extent that it: (a) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil Local Rules of this Court, and/or any other applicable rule; and/or (b) seeks information that is dependent on depositions that have not occurred.

24.    Irico reserves the right to assert additional General and Specific Objections as appropriate to supplement these Responses.

These General Objections apply to each Interrogatory as though restated in full in the

| IRICO'S SUPP. RESPONSES TO IPP'S FOURTH SET INTERROGATORIES | 4 | Master File No. 07-cv-05944-JST MDL No. 1917 |

1    responses thereto. The failure to mention any of the foregoing General Objections in the specific

2    responses set forth below shall not be deemed as a waiver of such objections or limitations.

3                    **GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

4            1.      Irico objects to the definitions of "Including" and "Relating" (Definition No. 1) on

5    the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly

6    broad. Irico further objects to this definition to the extent that it attempts to impose burdens on

7    Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this

8    definition to the extent that it seeks information protected by the attorney client or other

9    applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of

10   privacy under U.S. or foreign law.

11           2.      Irico objects to the definitions of "You," "Your," and "Irico" (Definition No. 2) to

12   the extent that Plaintiffs defines those terms to include the Irico's "present and former members,

13   officers, agents, employees, and all other persons acting or purporting to act on their behalf,

14   including all present and former members, officers, agents, employees, and all other persons

15   exercising or purporting to exercise discretion, making policy, and make decisions." This

16   definition is overbroad, unduly burdensome, vague, and ambiguous. In particular, Irico objects to

17   this definition to the extent it purports to request information beyond the possession, custody, or

18   control of Irico Group or Irico Display, including but not limited to information in the possession

19   of non-parties and third parties where Irico lacks any duty to obtain or otherwise search for the

20   information and for whom the Court lacks personal jurisdiction. Irico also objects to the inclusion

21   of all "present or former employees, officers, directors, agents . . . or any other person acting on

22   [the] behalf [of]" Irico within this definition to the extent it purports to encompass information

23   that is protected by attorney-client privilege, work product protection or any other applicable

24   doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

25           3.      Irico objects to the definition of "Identify" (Definition No. 3) on the grounds that

26   the definition is overly broad, unduly burdensome, and seeks information that is neither relevant

27   nor proportionate to the needs of the case.

28           4.      Irico objects to the definition of "Document" (Definition No. 5) to the extent it

---

IRICO'S SUPP. RESPONSES TO IPP'S                5              Master File No. 07-cv-05944-JST
FOURTH SET INTERROGATORIES                                     MDL No. 1917

seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, any Order of this Court, or any other applicable laws.

5. Irico objects to the definition of "CRT" (Definition No. 6) on the grounds that it is vague, ambiguous and overly broad.

6. Irico objects to Instruction No. 1 (related to disclosure of additional information) to the extent it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(e).

7. Irico objects to Instruction No. 2 (related to production of business records) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 33(d), Rule 26(b). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any Orders of the Court.

8. Irico objects to Instruction No. 3 (related to privileged information) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 33(d), Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any Orders of the Court, and on the grounds that it is vague, ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to the extent it seeks information that would disclose personal confidential information and/or violate any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Irico to violate legal and/or contractual obligations to any other persons or entities.

## SPECIFIC RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 7

1    As to each of the Defenses set forth in Your Answers to IPPs' Fifth Consolidated

2  Complaint (ECF Nos. 5873, 5875):

3        a.    State all facts that You rely on to support Your contention;

4        b.    Identify each Person You contend has knowledge of facts that support Your

5              contention; and

6        c.    Identify each Document You contend supports Your contention

7  **RESPONSE TO INTERROGATORY NO. 7**

8    In addition to Irico's General Objections, which Irico incorporates by reference, Irico

9  specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

10 not proportional to the needs of the case, and seeks information that is maintained by and equally

11 available to Plaintiffs or stated in publicly available documents. Irico objects to this Interrogatory

12 on the grounds that it calls for a legal conclusion. Irico objects that the term "support" is vague

13 and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not

14 proportionate to the needs of the case. Irico also objects to this Interrogatory on the grounds that it

15 contains impermissible subparts as Irico has identified forty-one defenses in its Answer to the

16 Plaintiffs' Complaint. Irico also objects to this Interrogatory to the extent it improperly tries to

17 shift the evidentiary burden that Plaintiffs alone carry to Irico. Irico further objects to Plaintiffs'

18 Interrogatories to the extent that they request duplicative discovery in violation of the Order Re

19 Discovery And Case Management Protocol, ECF No. 1128. *See* Order Re Plaintiffs' Motions To

20 Compel Supplemental Discovery From Toshiba And Panasonic, ECF No. 4128, at 4 ("The

21 Discovery Protocol (ECF No 1128), requires parties to coordinate discovery and not file

22 duplicative discovery. . . . The benefit redounds to all parties on both sides of the litigation, by

23 conserving the efforts required by Plaintiffs and protecting defendants against unnecessary

24 duplication of effort.") (Report and Recommendation adopted in full at ECF No. 4256). Plaintiffs'

25 request is duplicative, in part or in whole, of the following discovery requests: Interrogatory No. 7

26 of Indirect Purchaser Plaintiffs' First Set of Interrogatories; Interrogatory Nos. 17-20 of Direct

27 Purchaser Plaintiffs' First Set of Interrogatories; and, Interrogatory Nos. 16-23 of Direct

28 Purchaser Plaintiffs Arch Electronics, Inc.'s First Set of Interrogatories to Irico Group

1    Corporation and Irico Display Devices Co., Ltd.

2         Subject to and without waiving the foregoing objections, Irico responds as follows:

3              **INTERROGATORY RESPONSE AS TO IRICO'S SECOND DEFENSE**

4         Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that

5    they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to

6    support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

7         **RESPONSE**

8         Irico further objects that this Interrogatory is premature given that no Irico witnesses have

9    been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

10   *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

11   also objects to this interrogatory on the ground that it calls for a legal argument or legal

12   conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

13   the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

14        Subject to and without waiving the objections stated above, Irico contends that Plaintiffs

15   have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust

16   Improvements Act ("FTAIA"), 15 U.S.C. § 6a. At all relevant times, the North American CRT

17   market was unique and separate from other foreign markets, including China. In supporting its

18   claims, Plaintiffs rely on alleged meetings and communications that occurred outside the United

19   States that discuss and relate to CRTs sold outside the United States. Plaintiffs have not

20   established how it is entitled to any relief under FTAIA based on their purchases of either CRT

21   products outside of the United States or their purchase of CRT products containing CRTs

22   manufactured and/or purchased outside the United States. Irico also identifies the following

23   evidence under FRCP 33(d): Irico Group Corporation's Amended Motion to Dismiss Claims of

24   Indirect Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)),

25   March 19, 2019; Irico Display Devices Co., Ltd.'s Amended Motion to Dismiss Claims of

26   Indirect Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)),

27   March 19, 2019; Irico Defendants' Reply in Support of Amended Motions to Dismiss Claims of

28   Indirect Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)),

1    May 13, 2019.

2                    **SUPPLEMENTAL RESPONSE**

3          Irico further objects that this Interrogatory is premature given that no Irico witnesses have

4    been deposed relating to merits issues. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL

5    9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it

6    calls for a legal argument or legal conclusion. Irico further objects to this interrogatory to the

7    extent that it improperly tries to shift the pleading and evidentiary burden that Plaintiffs alone

8    carry to Irico. Irico does not intend, and its Response should not be construed as, an agreement or

9    acquiescence as to the admissibility of any document or fact contained in or implied by Irico's

10   Response.

11         Subject to and without waiving the objections stated above, Irico contends that Plaintiffs

12   have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust

13   Improvements Act ("FTAIA"), 15 U.S.C. § 6a. At all relevant times, the North American CRT

14   market was unique and separate from other foreign markets, including China. In supporting its

15   claims, Plaintiffs rely on alleged meetings and communications that occurred outside the United

16   States that discuss and relate to CRTs sold outside the United States. Plaintiffs have not

17   established how it is entitled to any relief under FTAIA based on their purchases of either CRT

18   products outside of the United States or their purchase of CRT products containing CRTs

19   manufactured and/or purchased outside the United States. Irico also identifies the following

20   evidence: Am. Wang. Decl. in Support of FSIA MTD (March 19, 2019); Clarke Decl. in Support

21   of FSIA MTD (March 19, 2019); Am. Plunkett Decl in Support of FSIA MTD (March 19, 2019);

22   Irico Group Corporation's Amended Motion to Dismiss Claims of Direct Purchaser Plaintiffs for

23   Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)), March 19, 2019; Irico Display

24   Devices Co., Ltd.'s Amended Motion to Dismiss Claims of Direct Purchaser Plaintiffs for Lack of

25   Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)), March 19, 2019; Irico Defendants' Reply in

26   Support of Amended Motions to Dismiss Claims of Direct Purchaser Plaintiffs for Lack of

27   Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)), May 2, 2019; Deposition of Woong Rae

28   Kim (SDI, July 1-2, 2014), 386:15-387:21; Deposition of Kyung Chul Oh (SDI, November 19-22,

1   2013), pp. 229:18-231:13; Deposition of Dae Eui Lee (SDI, January 16-18, 2013), p. 80:2-82:6;

2   Deposition of Sheng-Jen Yang (Chunghwa, February 22, 25-26, 2013), pp. 440:16-24; Deposition

3   of Kazutaka Nishimura (Toshiba/MTPD, June 10-12, 2014), pp. 136:21-137:15, 353:18-354:7,

4   385:21-386:22; HEDUS-CRT00126016; CHU00029131E; CHU00030665E; CHU00029171E;

5   CHU00029191E; CHU00036410E; CHU00029131E; CHU00029179E; SDCRT-0002520E;

6   CHU00030537E; SDCRT-0091491; SDCRT-0005852

7   **INTERROGATORY RESPONSE AS TO IRICO'S THIRD DEFENSE**

8        Plaintiffs' claims and the claims of any putative class members are barred, in whole or in

9   part, because the alleged conduct of [Group or Display] that is the subject of the Complaint either

10  occurred outside the jurisdiction of the Court or was neither directed to nor affected persons,

11  entities, trade or commerce in the United States, or both.

12  **RESPONSE**

13       Irico further objects that this Interrogatory is premature given that no Irico witnesses have

14  been deposed relating to merits issues and expert analysis and disclosures have not yet begun.

15  *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011).

16  Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal

17  conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

18  the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

19       Subject to and without waiving the objections stated above, and despite the Interrogatory's

20  demand for proof of facts and evidence of events that did not take place, Irico asserts no evidence

21  has been brought in the above captioned matter that indicates that Irico manufactured, sold, or

22  distributed CRTs in the United States during the class period. In particular, Irico will be

23  producing compilations of its sales records that demonstrate that Irico did not sell CRTs to the

24  United States. Irico also identifies the following evidence under FRCP 33(d): Direct Purchaser

25  Plaintiffs' Supplemental Objections and Responses to Defendants Irico Group Corp. and Irico

26  Display Devices Co., Ltd.'s First Set of Interrogatories to Direct Purchaser Plaintiffs, July 14,

27  2021; Irico Defendants' Sixth Supplemental Objections and Responses to Direct Purchaser

28  Plaintiffs' First Set of Interrogatories, January 7, 2022; Irico Defendants' Third Supplemental

---

1   Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories, January 7,

2   2022; Irico Defendants' Supplemental Objections and Responses to Indirect Purchaser Plaintiffs'

3   Third Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co., Ltd.,

4   January 21, 2022; Rule 30(b)(6) Deposition of Irico Group Corp. and Irico Display Devices Co.,

5   Ltd., March 6-8, 2019.

6        Irico identifies the following persons with knowledge regarding this Interrogatory: Wang

7   Zhaojie and Su Xiaohua.

8        **SUPPLEMENTAL RESPONSE**

9        Irico further objects that this Interrogatory is premature given that no Irico witnesses have

10  been deposed relating to merits issues. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL

11  9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it

12  calls for a legal argument or legal conclusion. Irico further objects to this interrogatory to the

13  extent that it improperly tries to shift the pleading and evidentiary burden that Plaintiffs alone

14  carry to Irico. Irico does not intend, and its Response should not be construed as, an agreement or

15  acquiescence as to the admissibility of any document or fact contained in or implied by Irico's

16  Response.

17       Subject to and without waiving the objections stated above, and despite the Interrogatory's

18  demand for proof of facts and evidence of events that did not take place, Irico asserts no evidence

19  has been brought in the above captioned matter that indicates that Irico manufactured, sold, or

20  distributed CRTs in the United States during the class period. In particular, Irico has produced

21  summaries of its sales records that demonstrate that Irico did not sell CRTs to the United States.

22  See Summary of Invoice Records produced by Irico on June 2, 2022. Irico also identifies the

23  following evidence: Am. Wang. Decl. in Support of FSIA MTD, ¶¶ 12, 16-17 (March 19, 2019);

24  Direct Purchaser Plaintiffs' Supplemental Objections and Responses to Defendants Irico Group

25  Corp. and Irico Display Devices Co., Ltd.'s First Set of Interrogatories to Direct Purchaser

26  Plaintiffs, July 14, 2021; Irico Defendants' Sixth Supplemental Objections and Responses to

27  Direct Purchaser Plaintiffs' First Set of Interrogatories, at 17-18, 20-21, January 7, 2022; Irico

28  Defendants' Third Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First

1  Set of Interrogatories, January 7, 2022; Irico Defendants' Supplemental Objections and

2  Responses to Indirect Purchaser Plaintiffs' Third Set of Interrogatories to Irico Group Corporation

3  and Irico Display Devices Co., Ltd., at 11-13, January 21, 2022; Wang Dep. Tr. (March 6, 2019)

4  94:3-97:1; 107:6-14; 109:2-12.

5       Irico identifies the following persons with knowledge regarding this Interrogatory: Wang

6  Zhaojie and Yan Yunlong.

7           **INTERROGATORY RESPONSE AS TO IRICO'S EIGHTH DEFENSE**

8       Plaintiffs' claims and the claims of any putative class members are barred, in whole or in

9  part, because the actions or practices of [Group or Display] that are the subject of the Complaint

10  were undertaken unilaterally for legitimate business reasons and in pursuit of [Group or

11  Display]'s independent interests and those of its customers, and were not the product of any

12  contract, combination or conspiracy between Group and any other person or entity.

13       **RESPONSE**

14       Irico further objects that this Interrogatory is premature given that no Irico witnesses have

15  been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

16  *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

17  also objects to this interrogatory on the ground that it calls for a legal argument or legal

18  conclusion.

19       Subject to and without waiving the objections stated above, Irico contends that its acts or

20  practices were undertaken unilaterally for legitimate business reasons and in pursuit of Irico's

21  independent interests. In addition, Irico asserts no evidence has been brought in the above

22  captioned matter that indicates that its actions were not undertaken unilaterally for legitimate

23  business reasons and in pursuit of Irico's independent interests. Pursuant to Rule 33(d) of the

24  Federal Rules of Civil Procedure, Irico relies on the following evidence to support its contention

25  that at all times its acts or practices were undertaken unilaterally for legitimate business reasons

26  and in pursuit of Irico's independent interests: Reply Brief of Irico In Support of Motion to Set

27  Aside Default at 10-11, ECF No. 5229; Exs. A – F to the Declaration of Stuart C. Plunkett in

28  Support of Motion to Set Aside Default, ECF Nos. 5229-02 through -07; IRI-CRT-00010133;

1  IRI-CRT-00010449; IRI-CRT-00010468; IRI-CRT-00026812; IRI-CRT-00030226; IRI-CRT-

2  00030865; IRI-CRT-00031457; BMCC-CRT000002761; BMCC-CRT000002762;

3  CHU00029175E; CHU00029179E; CHU00029259E; CHU00030067E; CHU00030777E;

4  CHU00030941E; CHU00030973E; CHU00031018E; CHU00031032; CHU00031044E; and,

5  CHU00031070E.

6      Irico further contends that Irico's pricing-related conduct was compelled by the Chinese

7  government and based on duly enacted laws and/or regulations of the People's Republic of China.

8  Irico relies on the following evidence to support this contention:

9      •   The State Planning Commission and the State Economic and Trade Commission

10          issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

11          Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

12          Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

13          No. 5229-02.

14      •   Notice of the State Planning Commission on Issuing the "Measures for the

15          Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

16          Implementation)" – effective as of March 1, 1999. *See*

17          https://law.lawtime.cn/d448076453170.html.

18      •   Notice of the State Planning Commission and the Ministry of Information Industry

19          on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

20          Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

21          B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

22          Default, ECF No. 5229-03.

23      •   Notice on submitting cost information of color TV and color tube industry issued

24          by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

25          Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

26      •   Notice on the issuance of the average production cost of some types of color

27          picture tubes and color TV industries issued by the Ministry of Information

28          Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

1    the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

2    ECF No. 5229-04.

3        • Notice on the issuance of the average production cost of certain types of color TV

4            industries issued by the Ministry of Information Industry on August 25, 2000. *See*

5            Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

6            Default, ECF No. 5229-06.

7        • Notice on the issuance of the average production cost of some industries of color

8            picture tubes issued by the Ministry of Information Industry on September 14,

9            2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

10           Set Aside Default, ECF No. 5229-07.

11   Irico identifies the following employees as having knowledge regarding this Interrogatory:

12   Wang Zhaojie and Su Xiaohua.

13   **SUPPLEMENTAL RESPONSE**

14   Irico further objects that this Interrogatory is premature given that no Irico witnesses have

15   been deposed relating to merits issues. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL

16   9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it

17   calls for a legal argument or legal conclusion. Irico also objects to this interrogatory to the extent

18   that it attempts to ascribe an unlawful or anticompetitive purpose to Irico contacts with CRT

19   manufacturers that were mere exchanges of information, which are lawful in the absence of

20   additional evidence that an agreement to engage in unlawful conduct resulted from, or was a part

21   of, the information exchange. *See USA v. Penn et al* (Doc no. 1232, at ¶ 21, D. Colo. 1:20-cr-

22   00152-PAB). Irico does not intend, and its Response should not be construed as, an agreement or

23   acquiescence as to the admissibility of any document or fact contained in or implied by Irico's

24   Response.

25   Subject to and without waiving the objections stated above, Irico contends that its acts or

26   practices were undertaken unilaterally for legitimate business reasons and in pursuit of Irico's

27   independent interests. In addition, Irico asserts no evidence has been brought in the above

28   captioned matter that indicates that its actions were not undertaken unilaterally for legitimate

1   business reasons and in pursuit of Irico's independent interests. Subject to and without waiving

2   the foregoing objections, Irico identifies the following evidence: Expert Report of Robert D.

3   Willig at ¶ 8, December 17, 2012; Expert Report of Robert D. Willig at ¶¶ 57-61, August 5, 2014;

4   Expert Report of Margaret E. Guerin-Calvert at ¶¶ 90-98, August 5, 2014; Expert Report of Prof.

5   Dennis W. Carlton at ¶¶ 64, 68, August 5, 2014; Wang Dep. Tr. (Mar. 8, 2019), at 43:5-15, 57:8-

6   10, 64:14-21, 75:7-11; Reply Brief of Irico In Support of Motion to Set Aside Default at 10-11,

7   ECF No. 5229; Exs. A – F to the Declaration of Stuart C. Plunkett in Support of Motion to Set

8   Aside Default, ECF Nos. 5229-02 through -07; Irico Response to Plaintiffs' Conspiracy Proffer to

9   Special Master at 2-8, (April 11, 2022); BMCC-CRT000113367; BMCC-CRT000113368;

10  BMCC-CRT000113372; BMCC-CRT000113374; BMCC-CRT000113378;  BMCC-

11  CRT000113379; BMCC-CRT000113380; BMCC-CRT000113381; BMCC-CRT000113382;;

12  BMCC-CRT000113389; BMCC-CRT000113392; BMCC-CRT000113393; BMCC-

13  CRT000113394;  BMCC-CRT000113395 to 416. Irico further identifies the following evidence

14  under FRCP 33(d): IRI-CRT-00010133; IRI-CRT-00010449; IRI-CRT-00010468; IRI-CRT-

15  00026812; IRI-CRT-00030226; IRI-CRT-00030865; IRI-CRT-00031457; IRI-CRT-00004673;

16  IRI-CRT-00008191; IRI-CRT-00008248; IRI-CRT-00008664; IRI-CRT-00018191; IRI-CRT-

17  00024165; IRI-CRT-00024204; IRI-CRT-00024613.

18      Irico further contends that Irico's pricing-related conduct was compelled by the Chinese

19  government and based on duly enacted laws and/or regulations of the People's Republic of China.

20  Irico relies on the following evidence to support this contention:

21      • The State Planning Commission and the State Economic and Trade Commission

22          issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

23          Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

24          Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

25          No. 5229-02; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

26      • Notice of the State Planning Commission on Issuing the "Measures for the

27          Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

28          Implementation)" – effective as of March 1, 1999. *See*

---

IRICO'S SUPP. RESPONSES TO IPP'S          15          Master File No. 07-cv-05944-JST
FOURTH SET INTERROGATORIES                            MDL No. 1917

1   https://law.lawtime.cn/d448076453170.html; Expert Report of Donald Clarke at ¶¶

2   6-7, March 16, 2022.

3   • Notice of the State Planning Commission and the Ministry of Information Industry

4   on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

5   Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

6   B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

7   Default, ECF No. 5229-03; Expert Report of Donald Clarke at ¶¶ 6-7, March 16,

8   2022.

9   • Notice on submitting cost information of color TV and color tube industry issued

10   by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

11   Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05;

12   Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

13   • Notice on the issuance of the average production cost of some types of color

14   picture tubes and color TV industries issued by the Ministry of Information

15   Industry on April 2, 1999. See IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

16   the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

17   ECF No. 5229-04; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

18   • Notice on the issuance of the average production cost of certain types of color TV

19   industries issued by the Ministry of Information Industry on August 25, 2000. *See*

20   Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

21   Default, ECF No. 5229-06; Expert Report of Donald Clarke at ¶¶ 6-7, March 16,

22   2022.

23   • Notice on the issuance of the average production cost of some industries of color

24   picture tubes issued by the Ministry of Information Industry on September 14,

25   2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

26   Set Aside Default, ECF No. 5229-07; Expert Report of Donald Clarke at ¶¶ 6-7,

27   March 16, 2022.

28   Irico identifies the following employees as having knowledge regarding this Interrogatory:

1  Wang Zhaojie and Yan Yunlong.

2  **INTERROGATORY RESPONSE AS TO IRICO'S TENTH DEFENSE**

3      Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

4  because any acts or practices of [Group or Display] that are the subject of the Complaint were

5  cost justified or otherwise economically justified and resulted from a good faith effort to meet

6  competition or market conditions.

7  **RESPONSE**

8      Irico further objects that this Interrogatory is premature given that no Irico witnesses have

9  been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

10  *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

11  also objects to this interrogatory on the ground that it calls for a legal argument or legal

12  conclusion.

13      Subject to and without waiving the objections stated above, Irico contends that its acts or

14  practices were cost justified or otherwise economically justified, and resulted from a good faith

15  effort to meet competition or market conditions. In addition, Irico asserts no evidence has been

16  brought in the above captioned matter that indicates any action or practice of Irico was not cost

17  justified, otherwise economically justified, or did not result from a good faith effort to meet

18  competition or market conditions. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure,

19  Irico relies on the following evidence to support its contention that at all times its acts or practices

20  were cost justified or otherwise economically justified, and resulted from a good faith effort to

21  meet competition or market conditions: Reply Brief of Irico In Support of Motion to Set Aside

22  Default at 10-11, ECF No. 5229; Exs. A – F to the Declaration of Stuart C. Plunkett in Support of

23  Motion to Set Aside Default, ECF Nos. 5229-02 through -07; IRI-CRT-00010133; IRI-CRT-

24  00010449; IRI-CRT-00010468; IRI-CRT-00026812; IRI-CRT-00030226; IRI-CRT-00030865;

25  IRI-CRT-00031457; BMCC-CRT000002761; BMCC-CRT000002762; CHU00029175E;

26  CHU00029179E; CHU00029259E; CHU00030067E; CHU00030777E; CHU00030941E;

27  CHU00030973E; CHU00031018E; CHU00031032; CHU00031044E; and, CHU00031070E.

28

Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang Zhaojie and Su Xiaohua.

**SUPPLEMENTAL RESPONSE**

Irico further objects that this Interrogatory is premature given that no Irico witnesses have been deposed relating to merits issues. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion. Irico does not intend, and its Response should not be construed as, an agreement or acquiescence as to the admissibility of any document or fact contained in or implied by Irico's Response.

Subject to and without waiving the objections stated above, Irico contends that its acts or practices were cost justified or otherwise economically justified, and resulted from a good faith effort to meet competition or market conditions. In addition, Irico asserts no evidence has been brought in the above captioned matter that indicates any action or practice of Irico was not cost justified, otherwise economically justified, or did not result from a good faith effort to meet competition or market conditions.  Subject to and without waiving the foregoing objections, Irico identifies the following evidence: Expert Report of Robert D. Willig at ¶ 8, December 17, 2012; Expert Report of Robert D. Willig at ¶¶ 57-61, August 5, 2014; Expert Report of Margaret E. Guerin-Calvert at ¶¶ 90-98, August 5, 2014; Expert Report of Prof. Dennis W. Carlton at ¶¶ 64, 68, August 5, 2014; Wang Dep. Tr. (Mar. 8, 2019), at 43:5-15, 57:8-10, 64:14-21, 75:7-11; Reply Brief of Irico In Support of Motion to Set Aside Default at 10-11, ECF No. 5229; Exs. A – F to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF Nos. 5229-02 through -07; Irico Response to Plaintiffs' Conspiracy Proffer to Special Master at 2-8, (April 11, 2022); BMCC-CRT000113367; BMCC-CRT000113368; BMCC-CRT000113372; BMCC-CRT000113374; BMCC-CRT000113378;  BMCC-CRT000113379; BMCC-CRT000113380; BMCC-CRT000113381; BMCC-CRT000113382; BMCC-CRT000113389; BMCC-CRT000113392; BMCC-CRT000113393; BMCC-CRT000113394;  BMCC-CRT000113395 to 416. Irico further identifies the following evidence under FRCP 33(d): IRI-CRT-00010133; IRI-CRT-00010449; IRI-CRT-00010468; IRI-CRT-00026812; IRI-CRT-00030226; IRI-CRT-

00030865; IRI-CRT-00031457; IRI-CRT-00004673; IRI-CRT-00008191; IRI-CRT-00008248; IRI-CRT-00008664; IRI-CRT-00018191; IRI-CRT-00024165; IRI-CRT-00024204; IRI-CRT-00024613.

Irico further contends that Irico's pricing-related conduct was compelled by the Chinese government and based on duly enacted laws and/or regulations of the People's Republic of China. Irico relies on the following evidence to support this contention:

- The State Planning Commission and the State Economic and Trade Commission issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-02; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

- Notice of the State Planning Commission on Issuing the "Measures for the Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial Implementation)" – effective as of March 1, 1999. *See* https://law.lawtime.cn/d448076453170.html; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

- Notice of the State Planning Commission and the Ministry of Information Industry on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex. B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-03; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

- Notice on submitting cost information of color TV and color tube industry issued by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

- Notice on the issuance of the average production cost of some types of color picture tubes and color TV industries issued by the Ministry of Information

1    Industry on April 2, 1999. See IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

2    the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

3    ECF No. 5229-04; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

4    • Notice on the issuance of the average production cost of certain types of color TV

5    industries issued by the Ministry of Information Industry on August 25, 2000. *See*

6    Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

7    Default, ECF No. 5229-06; Expert Report of Donald Clarke at ¶¶ 6-7, March 16,

8    2022.

9    • Notice on the issuance of the average production cost of some industries of color

10   picture tubes issued by the Ministry of Information Industry on September 14,

11   2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

12   Set Aside Default, ECF No. 5229-07; Expert Report of Donald Clarke at ¶¶ 6-7,

13   March 16, 2022.

14   Irico identifies the following employees as having knowledge regarding this Interrogatory:

15   Wang Zhaojie and Yan Yunlong.

16   **INTERROGATORY RESPONSE AS TO IRICO'S ELEVENTH DEFENSE**

17   Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of [Group or

18   Display] that is the subject of the Complaint was caused by, due to, based upon, or in response to

19   directives, laws, regulations, policies, and/or acts of governments, governmental agencies and

20   entities, and/or regulatory agencies, and such is non-actionable or privileged.

21   **RESPONSE**

22   Irico further objects that this Interrogatory is premature given that no Irico witnesses have

23   been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

24   *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

25   also objects to this interrogatory on the ground that it calls for a legal argument or legal

26   conclusion.

27   Subject to and without waiving the objections stated above, Irico contends that Irico's

28   pricing-related conduct was compelled by the Chinese government and based on duly enacted

---

IRICO'S SUPP. RESPONSES TO IPP'S          20          Master File No. 07-cv-05944-JST
FOURTH SET INTERROGATORIES                             MDL No. 1917

laws and/or regulations of the People's Republic of China. Irico relies on the following evidence to support this contention:

- The State Planning Commission and the State Economic and Trade Commission issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-02.

- Notice of the State Planning Commission on Issuing the "Measures for the Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial Implementation)" – effective as of March 1, 1999. *See* https://law.lawtime.cn/d448076453170.html..

- Notice of the State Planning Commission and the Ministry of Information Industry on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex. B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-03.

- Notice on submitting cost information of color TV and color tube industry issued by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

- Notice on the issuance of the average production cost of some types of color picture tubes and color TV industries issued by the Ministry of Information Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-04.

- Notice on the issuance of the average production cost of certain types of color TV industries issued by the Ministry of Information Industry on August 25, 2000. *See* Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-06.

1      • Notice on the issuance of the average production cost of some industries of color

2         picture tubes issued by the Ministry of Information Industry on September 14,

3         2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

4         Set Aside Default, ECF No. 5229-07.

5      Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

6      Zhaojie and Su Xiaohua.

7      **SUPPLEMENTAL RESPONSE**

8      Irico further objects that this Interrogatory is premature given that no Irico witnesses have

9      been deposed relating to merits issues. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL

10     9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it

11     calls for a legal argument or legal conclusion. Irico does not intend, and its Response should not

12     be construed as, an agreement or acquiescence as to the admissibility of any document or fact

13     contained in or implied by Irico's Response.

14     Subject to and without waiving the objections stated above, Irico contends that Irico's

15     pricing-related conduct was compelled by the Chinese government and based on duly enacted

16     laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

17     to support this contention:

18     • The State Planning Commission and the State Economic and Trade Commission

19        issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

20        Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

21        Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

22        No. 5229-02; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

23     • Notice of the State Planning Commission on Issuing the "Measures for the

24        Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

25        Implementation)" – effective as of March 1, 1999. *See*

26        https://law.lawtime.cn/d448076453170.html; Expert Report of Donald Clarke at ¶¶

27        6-7, March 16, 2022.

28

- Notice of the State Planning Commission and the Ministry of Information Industry on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex. B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-03; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

- Notice on submitting cost information of color TV and color tube industry issued by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

- Notice on the issuance of the average production cost of some types of color picture tubes and color TV industries issued by the Ministry of Information Industry on April 2, 1999. See IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-04; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

- Notice on the issuance of the average production cost of certain types of color TV industries issued by the Ministry of Information Industry on August 25, 2000. *See* Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-06; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

- Notice on the issuance of the average production cost of some industries of color picture tubes issued by the Ministry of Information Industry on September 14, 2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-07; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang Zhaojie and Yan Yunlong.

**INTERROGATORY RESPONSE AS TO IRICO'S TWELFTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of [Group or Display] that is the subject of the Complaint was caused by or in response to duly enacted laws and/or regulations of the People's Republic of China and is therefore protected under the foreign sovereign compulsion doctrine, the act of state doctrine, and international comity.

**RESPONSE**

Irico further objects that this Interrogatory is premature given that no Irico witnesses have been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion.

Subject to and without waiving the objections stated above, Irico contends that Irico's pricing-related conduct was compelled by the Chinese government and based on duly enacted laws and/or regulations of the People's Republic of China. Irico relies on the following evidence to support this contention:

- The State Planning Commission and the State Economic and Trade Commission issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-02.

- Notice of the State Planning Commission on Issuing the "Measures for the Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial Implementation)" – effective as of March 1, 1999. *See* https://law.lawtime.cn/d448076453170.html.

- Notice of the State Planning Commission and the Ministry of Information Industry on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

1          B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

2          Default, ECF No. 5229-03.

3      •   Notice on submitting cost information of color TV and color tube industry issued

4          by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

5          Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

6      •   Notice on the issuance of the average production cost of some types of color

7          picture tubes and color TV industries issued by the Ministry of Information

8          Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

9          the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

10         ECF No. 5229-04.

11     •   Notice on the issuance of the average production cost of certain types of color TV

12         industries issued by the Ministry of Information Industry on August 25, 2000. *See*

13         Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

14         Default, ECF No. 5229-06.

15     •   Notice on the issuance of the average production cost of some industries of color

16         picture tubes issued by the Ministry of Information Industry on September 14,

17         2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

18         Set Aside Default, ECF No. 5229-07.

19     Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

20 Zhaojie and Su Xiaohua.

21     **SUPPLEMENTAL RESPONSE**

22         Irico further objects that this Interrogatory is premature given that no Irico witnesses have

23 been deposed relating to merits issues. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL

24 9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it

25 calls for a legal argument or legal conclusion. Irico does not intend, and its Response should not

26 be construed as, an agreement or acquiescence as to the admissibility of any document or fact

27 contained in or implied by Irico's Response.

28

---

IRICO'S SUPP. RESPONSES TO IPP'S              25                    Master File No. 07-cv-05944-JST
FOURTH SET INTERROGATORIES                                         MDL No. 1917

1    Subject to and without waiving the objections stated above, Irico contends that Irico's

2  pricing-related conduct was compelled by the Chinese government and based on duly enacted

3  laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

4  to support this contention:

5    • The State Planning Commission and the State Economic and Trade Commission

6       issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

7       Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

8       Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

9       No. 5229-02; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

10   • Notice of the State Planning Commission on Issuing the "Measures for the

11      Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

12      Implementation)" – effective as of March 1, 1999. *See*

13      https://law.lawtime.cn/d448076453170.html; Expert Report of Donald Clarke at ¶¶

14      6-7, March 16, 2022.

15   • Notice of the State Planning Commission and the Ministry of Information Industry

16      on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

17      Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

18      B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

19      Default, ECF No. 5229-03; Expert Report of Donald Clarke at ¶¶ 6-7, March 16,

20      2022.

21   • Notice on submitting cost information of color TV and color tube industry issued

22      by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

23      Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05;

24      Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

25   • Notice on the issuance of the average production cost of some types of color

26      picture tubes and color TV industries issued by the Ministry of Information

27      Industry on April 2, 1999. See IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

28

---

IRICO'S SUPP. RESPONSES TO IPP'S          26          Master File No. 07-cv-05944-JST
FOURTH SET INTERROGATORIES                             MDL No. 1917

the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-04; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

- Notice on the issuance of the average production cost of certain types of color TV industries issued by the Ministry of Information Industry on August 25, 2000. *See* Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-06; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

- Notice on the issuance of the average production cost of some industries of color picture tubes issued by the Ministry of Information Industry on September 14, 2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-07; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang Zhaojie and Yan Yunlong.

## INTERROGATORY RESPONSE AS TO IRICO'S FOURTEENTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any alleged injuries and/or damages were not legally or proximately caused by any acts or omissions of [Group or Display] and/or were caused, if at all, solely and proximately by the conduct of third parties including, without limitations, the prior, intervening or superseding conduct of such third parties.

### RESPONSE

Irico further objects that this Interrogatory is premature given that no Irico witnesses have been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion.

Subject to and without waiving the objections stated above, Irico contends that Irico's pricing-related conduct was compelled by the Chinese government and based on duly enacted

1   laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

2   to support this contention:

3       • The State Planning Commission and the State Economic and Trade Commission

4         issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

5         Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

6         Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

7         No. 5229-02.

8       • Notice of the State Planning Commission on Issuing the "Measures for the

9         Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

10        Implementation)" – effective as of March 1, 1999. *See*

11        https://law.lawtime.cn/d448076453170.html.

12      • Notice of the State Planning Commission and the Ministry of Information Industry

13        on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

14        Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

15        B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

16        Default, ECF No. 5229-03.

17      • Notice on submitting cost information of color TV and color tube industry issued

18        by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

19        Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

20      • Notice on the issuance of the average production cost of some types of color

21        picture tubes and color TV industries issued by the Ministry of Information

22        Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

23        the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

24        ECF No. 5229-04.

25      • Notice on the issuance of the average production cost of certain types of color TV

26        industries issued by the Ministry of Information Industry on August 25, 2000. *See*

27        Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

28        Default, ECF No. 5229-06.

---

1  • Notice on the issuance of the average production cost of some industries of color

2  picture tubes issued by the Ministry of Information Industry on September 14,

3  2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

4  Set Aside Default, ECF No. 5229-07.

5  Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

6  Zhaojie and Su Xiaohua.

7  **SUPPLEMENTAL RESPONSE**

8  Irico further objects that this Interrogatory is premature given that no Irico witnesses have

9  been deposed relating to merits issues. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL

10  9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it

11  calls for a legal argument or legal conclusion. Irico does not intend, and its Response should not

12  be construed as, an agreement or acquiescence as to the admissibility of any document or fact

13  contained in or implied by Irico's Response.

14  Subject to and without waiving the objections stated above, Irico contends that Irico's

15  pricing-related conduct was compelled by the Chinese government and based on duly enacted

16  laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

17  to support this contention:

18  • The State Planning Commission and the State Economic and Trade Commission

19  issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

20  Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

21  Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

22  No. 5229-02; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

23  • Notice of the State Planning Commission on Issuing the "Measures for the

24  Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

25  Implementation)" – effective as of March 1, 1999. *See*

26  https://law.lawtime.cn/d448076453170.html; Expert Report of Donald Clarke at ¶¶

27  6-7, March 16, 2022.

28

1    • Notice of the State Planning Commission and the Ministry of Information Industry

2       on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

3       Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

4       B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

5       Default, ECF No. 5229-03; Expert Report of Donald Clarke at ¶¶ 6-7, March 16,

6       2022.

7    • Notice on submitting cost information of color TV and color tube industry issued

8       by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

9       Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05;

10      Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

11   • Notice on the issuance of the average production cost of some types of color

12      picture tubes and color TV industries issued by the Ministry of Information

13      Industry on April 2, 1999. See IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

14      the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

15      ECF No. 5229-04; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

16   • Notice on the issuance of the average production cost of certain types of color TV

17      industries issued by the Ministry of Information Industry on August 25, 2000. *See*

18      Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

19      Default, ECF No. 5229-06; Expert Report of Donald Clarke at ¶¶ 6-7, March 16,

20      2022.

21   • Notice on the issuance of the average production cost of some industries of color

22      picture tubes issued by the Ministry of Information Industry on September 14,

23      2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

24      Set Aside Default, ECF No. 5229-07; Expert Report of Donald Clarke at ¶¶ 6-7,

25      March 16, 2022.

26   Irico identifies the following employees as having knowledge regarding this Interrogatory:

27   Wang Zhaojie and Yan Yunlong.

28

1    **INTERROGATORY RESPONSE AS TO IRICO'S SEVENTEENTH DEFENSE**

2    Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged

3    acts, conduct or statements that are specifically permitted by law.

4    **RESPONSE**

5    Irico further objects that this Interrogatory is premature given that no Irico witnesses have

6    been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

7    *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

8    also objects to this interrogatory on the ground that it calls for a legal argument or legal

9    conclusion.

10   Subject to and without waiving the objections stated above, Irico contends that Irico's

11   pricing-related conduct was compelled by the Chinese government and based on duly enacted

12   laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

13   to support this contention:

14   • The State Planning Commission and the State Economic and Trade Commission

15   issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

16   Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

17   Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

18   No. 5229-02.

19   • Notice of the State Planning Commission on Issuing the "Measures for the

20   Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

21   Implementation)" – effective as of March 1, 1999. *See*

22   https://law.lawtime.cn/d448076453170.html.

23   • Notice of the State Planning Commission and the Ministry of Information Industry

24   on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

25   Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

26   B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

27   Default, ECF No. 5229-03.

28

- Notice on submitting cost information of color TV and color tube industry issued by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

- Notice on the issuance of the average production cost of some types of color picture tubes and color TV industries issued by the Ministry of Information Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-04.

- Notice on the issuance of the average production cost of certain types of color TV industries issued by the Ministry of Information Industry on August 25, 2000. *See* Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-06.

- Notice on the issuance of the average production cost of some industries of color picture tubes issued by the Ministry of Information Industry on September 14, 2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-07.

Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang Zhaojie and Su Xiaohua.

### SUPPLEMENTAL RESPONSE

Irico further objects that this Interrogatory is premature given that no Irico witnesses have been deposed relating to merits issues. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion. Irico does not intend, and its Response should not be construed as, an agreement or acquiescence as to the admissibility of any document or fact contained in or implied by Irico's Response.

Subject to and without waiving the objections stated above, Irico contends that Irico's pricing-related conduct was compelled by the Chinese government and based on duly enacted

1  laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

2  to support this contention:

3      &bull;  The State Planning Commission and the State Economic and Trade Commission

4          issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

5          Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

6          Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

7          No. 5229-02; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

8      &bull;  Notice of the State Planning Commission on Issuing the "Measures for the

9          Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

10          Implementation)" – effective as of March 1, 1999. *See*

11          https://law.lawtime.cn/d448076453170.html; Expert Report of Donald Clarke at ¶¶

12          6-7, March 16, 2022.

13      &bull;  Notice of the State Planning Commission and the Ministry of Information Industry

14          on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

15          Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

16          B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

17          Default, ECF No. 5229-03; Expert Report of Donald Clarke at ¶¶ 6-7, March 16,

18          2022.

19      &bull;  Notice on submitting cost information of color TV and color tube industry issued

20          by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

21          Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05;

22          Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

23      &bull;  Notice on the issuance of the average production cost of some types of color

24          picture tubes and color TV industries issued by the Ministry of Information

25          Industry on April 2, 1999. See IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

26          the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

27          ECF No. 5229-04; Expert Report of Donald Clarke at ¶¶ 6-7, March 16, 2022.

28

1   • Notice on the issuance of the average production cost of certain types of color TV

2      industries issued by the Ministry of Information Industry on August 25, 2000. *See*

3      Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

4      Default, ECF No. 5229-06; Expert Report of Donald Clarke at ¶¶ 6-7, March 16,

5      2022.

6   • Notice on the issuance of the average production cost of some industries of color

7      picture tubes issued by the Ministry of Information Industry on September 14,

8      2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

9      Set Aside Default, ECF No. 5229-07; Expert Report of Donald Clarke at ¶¶ 6-7,

10     March 16, 2022.

11     Irico identifies the following employees as having knowledge regarding this Interrogatory:

12  Wang Zhaojie and Yan Yunlong.

13  **INTERROGATORY NO. 8**

14     If Your response to any of the IPPs' Requests for Admissions served concurrently

15  herewith is anything other than an unqualified admission:

16     a.     State all facts supporting Your denial;

17     b.     Identify each Person who provided facts relating to Your response;

18     c.     Identify each Document You consulted to formulate Your response

19  **RESPONSE TO INTERROGATORY NO. 8**

20     Irico reasserts and incorporates each of the General Objections and Objections to the

21  Definitions and Instructions set forth above. Irico also reasserts and incorporates each of the

22  General Objections, Objections to the Definitions and Instructions, and objections in each of its

23  Specific Responses to Requests for Admission as set forth in Irico Defendants' Objections and

24  Responses to Indirect Purchaser Plaintiffs' First Set of Requests for Admission, served herewith.

25  Irico further objects to this interrogatory as overbroad and unduly burdensome, as Plaintiffs has

26  not demonstrated how the benefit of such information outweighs the significant burden to Irico of

27  responding to each denial of the 119 RFAs (including subparts) propounded by Plaintiffs.

28     Subject to and without waiving the foregoing objections, Irico responds as follows:

## RESPONSE RE: REQUEST FOR ADMISSION NO. 16

Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to Plaintiffs or stated in publicly available documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting" because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to provide facts and evidence of events that did not take place.

Subject to and without waiving its foregoing objections, Irico refers Plaintiffs to the following evidence under FRCP 33(d): Irico Defendants' Sixth Supplemental Objections and Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, January 7, 2022; Irico Defendants' Third Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories, January 7, 2022; Irico Defendants' Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' Third Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co., Ltd., January 21, 2022; Rule 30(b)(6) Deposition of Irico Group Corp. and Irico Display Devices Co., Ltd., March 6-8, 2019.

Irico identifies the following persons with knowledge regarding this Interrogatory: Wang Zhaojie and Su Xiaohua.

## SUPPLEMENTAL RESPONSE RE: REQUEST FOR ADMISSION NO. 16

Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to Plaintiffs or stated in publicly available documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting" because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

1  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

2  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden that

3  Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to provide

4  facts and evidence of events that did not take place. Irico does not intend, and its Response should

5  not be construed as, an agreement or acquiescence as to the admissibility of any document or fact

6  contained in or implied by Irico's Response.

7       Subject to and without waiving the objections stated above, and despite the Interrogatory's

8  demand for proof of facts and evidence of events that did not take place, Irico asserts no evidence

9  has been brought in the above captioned matter that indicates that Irico manufactured, sold, or

10  distributed CRTs in the United States during the class period. In particular, Irico has produced

11  summaries of its sales records that demonstrate that Irico did not sell CRTs to the United States.

12  *See* Summary of Invoice Records produced by Irico on June 2, 2022. Irico also identifies the

13  following evidence: Am. Wang. Decl. in Support of FSIA MTD, ¶¶ 12, 16-17 (March 19, 2019);

14  Direct Purchaser Plaintiffs' Supplemental Objections and Responses to Defendants Irico Group

15  Corp. and Irico Display Devices Co., Ltd.'s First Set of Interrogatories to Direct Purchaser

16  Plaintiffs, July 14, 2021; Irico Defendants' Sixth Supplemental Objections and Responses to Direct

17  Purchaser Plaintiffs' First Set of Interrogatories, at 17-18, 20-21, January 7, 2022; Irico Defendants'

18  Third Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

19  Interrogatories, January 7, 2022; Irico Defendants' Supplemental Objections and Responses to

20  Indirect Purchaser Plaintiffs' Third Set of Interrogatories to Irico Group Corporation and Irico

21  Display Devices Co., Ltd., at 11-13, January 21, 2022; Wang Dep. Tr. (March 6, 2019) 94:3-97:1;

22  107:6-14; 109:2-12.

23       Irico identifies the following persons with knowledge regarding this Interrogatory: Wang

24  Zhaojie and Yan Yunlong.

25  ///

26  ///

27  ///

28  ///

1    Dated:  September 1, 2022                    BAKER BOTTS L.L.P.

2

3                                                */s/ John M. Taladay*

4                                                John M. Taladay (*pro hac vice*)
                                                 Evan J. Werbel (*pro hac vice*)
5                                                Thomas E. Carter (*pro hac vice*)
                                                 Andrew L. Lucarelli (*pro hac vice*)
6                                                700 K Street, N.W.
                                                 Washington, D.C. 20001
7                                                (202)-639-7700
                                                 (202)-639-7890 (fax)
8                                                Email: john.taladay@bakerbotts.com
                                                        evan.werbel@bakerbotts.com
9                                                        tom.carter@bakerbotts.com
                                                        drew.lucarelli@bakerbotts.com
10

11                                               *Attorneys for Defendants*
                                                 *IRICO GROUP CORP. and*
12                                               *IRICO DISPLAY DEVICES CO., LTD.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

IRICO'S SUPP. RESPONSES TO IPP'S              37              Master File No. 07-cv-05944-JST
FOURTH SET INTERROGATORIES                                    MDL No. 1917