1  BAKER BOTTS L.L.P.
   John M. Taladay (*pro hac vice*)
2  Evan J. Werbel (*pro hac vice*)
   Thomas E. Carter (*pro hac vice*)
3  Andrew L. Lucarelli (*pro hac vice*)
   700 K Street, N.W.
4  Washington, D.C. 20001
   (202)-639-7700
5  (202)-639-7890 (fax)
   Email: john.taladay@bakerbotts.com
6          evan.werbel@bakerbotts.com
           tom.carter@bakerbotts.com
7          drew.lucarelli@bakerbotts.com

8  *Attorneys for Defendants*
   *IRICO GROUP CORP. and*
9  *IRICO DISPLAY DEVICES CO., LTD.*

10

11              **UNITED STATES DISTRICT COURT**

12             **NORTHERN DISTRICT OF CALIFORNIA**

13                    **OAKLAND DIVISION**

14

15 | IN RE: CATHODE RAY TUBE (CRT) | Master File No. 4:07-cv-05944-JST
16 | ANTITRUST LITIGATION | (N.D. Cal.)

17 | _____ | MDL No. 1917

18 | This Document Relates to: | **IRICO DEFENDANTS' *MOTION IN***
                                **_LIMINE_ #1 TO COMPEL**
19 | ALL INDIRECT PURCHASER ACTIONS | **PLAINTIFFS TO REFER TO**
                                **DEFENDANT IRICO GROUP**
20 |                              | **CORP. AND IRICO DISPLAY**
                                **DEVICES CO., LTD. AS SEPARATE**
21 |                              | **CORPORATE ENTITIES**

22 |                              | Date: December 15, 2023
                                | Time: 2:00 pm
23 |                              | Judge: Hon. Jon S. Tigar
                                | Courtroom: 6, 2nd Floor
24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, at 2:00 p.m., or at such other date as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California, Defendants Irico Group Corp. and Irico Display Devices Co., Ltd., by and through their undersigned counsel, will and hereby do move the Court for an Order compelling all parties to refer to Defendant Irico Group Corp. ("Irico Group"), Defendant Irico Display Devices Co., Ltd. ("Irico Display"), and other Irico entities as separate corporate entities, and not collectively as "Irico" or "Defendants," and to exclude evidence that fails to distinguish between Irico entities.

This Motion is based on the Notice of Motion, the following Memorandum of Points and Authorities in support thereof, any materials found in the record, along with the argument of counsel and such other matters as the Court may consider.

1

**REQUESTED MOTION IN LIMINE**

2      This motion seeks to compel all Parties to refer to Irico Group, Irico Display, and other

3  Irico entities as separate corporate entities, and not collectively as "Irico" or "Defendants," and to

4  exclude evidence that fails to distinguish between Irico entities under well-established laws of

5  corporate separateness and Fed R. Evid. 403.

6

**MEMORANDUM OF POINTS AND AUTHORITIES**

7      The Court should order that all Parties distinguish Defendant Irico Group Corp. ("Irico

8  Group"), Defendant Irico Display Devices Co., Ltd. ("Irico Display"), and other Irico entities as

9  separate corporate entities in all circumstances, and not refer to them collectively as "Irico" or

10  "Defendants," and to exclude evidence that fails to distinguish between Irico entities, because

11  refences that conflate various Irico entities would risk confusing the jury and be highly prejudicial

12  to Irico Display as well as Irico Group. Fed. R. Evid. 403.

13

**ARGUMENT**

14      As the Court already has recognized, Irico Group and Irico Display are distinct legal

15  entities that must be treated differently in this trial because of those distinctions. The Court has

16  ruled that Irico Group, as a Chinese state-owned enterprise, must be tried by the Court while Irico

17  Display is entitled to a trial by jury.  ECF No. 6070 at 1-2.  Distinguishing between the conduct of

18  Irico Group and Irico Display, therefore, is essential for the Court and the jury to discharge their

19  respective fact-finding obligations. Evidence and statements by Plaintiffs' counsel that fail to

20  make such a distinction greatly risks (and perhaps ensures) confusion and prejudice and should be

21  excluded.

22      Plaintiffs have not disputed that Irico Group was established in 1989 through the direct

23  approval of the Chinese Ministry of Machinery and Electronics Industry of the People's Republic

24  of China and the Court has found that Irico Group was wholly owned by the State Council of the

25  People's Republic of China following the class period.  ECF No. 5240 at 6-7; Carlock Decl.,

26  Ex. 1 (personnel notices issued by Chinese government and Irico group). Irico Group was created

27  to develop CRT technology and to aid in China's national economic development, which

28  included undertaking a variety of public service obligations. Carlock Decl., Ex. 2 (Request for

1   instructions from Chinese government regarding formation of Irico Group); ECF No. 5392-3

2   (Clarke FSIA Decl.), at ¶ 14; ECF No. 5409-1 (Am. Wang Decl.) at ¶ 25.  As a wholly state-

3   owned enterprise, Irico Group has always been funded solely by the Chinese Government.

4   Carlock Decl., Ex. 3 (Chinese Ministry registration form), ECF No. 5392-3 (Clarke FSIA Decl.)

5   at ¶ 20. As the Court found, Irico Group was an instrumentality of the Chinese state at all relevant

6   times.  ECF 5637 at 7.

7        By contrast, the Court has found that, although Irico Display was established in 1992 by

8   Irico Group and various state-owned entities, ECF No. 5409-1 (Am. Wang Decl.) at ¶ 40, Irico

9   Display is distinct from Irico Group and was not an instrumentality of the Chinese State. *See id.*

10       Given this distinction, the Court has already determined that the law requires different

11  treatment of the two entities at trial. Under the Foreign Sovereign Immunities Act, the Court will

12  decide the case against Irico Group, while the jury will decide the case against Irico Display. ECF

13  No. 6070; *see also* ECF No. 6098.  Thus, separate fact-finders will determine the outcome of the

14  separate entities at trial.  Making distinct factual determinations as to the potential liability of

15  each of these entities necessitates that the facts themselves be made distinct as to their respective

16  conduct.  Thus, treating Irico Group and Irico Display as separate entities and barring joint "Irico"

17  and "Defendants" references at trial will be consistent with and necessary to effectuate the

18  Court's trial plan for the two entities.  A contrary decision will make it difficult for the jury to

19  distinguish the evidence relevant to Irico Display, cause jury confusion and be highly prejudicial

20  to Irico Display as well as Irico Group.

### I.   The Plaintiffs Should Be Compelled to Refer to Irico Group and Irico Display As Separate Entities and Not Allowed to Conflate the Entities.

23       The law is well settled that parent, subsidiary, and affiliated corporations—even those that

24  share common ownership—must be treated separately as distinct, independent entities, including

25  with respect to assigning potential liability. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998)

26  ("principle of corporate law deeply ingrained in our economic and legal system that a parent

27  corporation ... is not liable for the acts of its subsidiaries"); *Pantoja v. Countrywide Home Loans,*

28  *Inc.*, 640 F. Supp. 2d 1177, 1192 (N.D. Cal. 2009) ("It is the general rule that a parent corporation

and its subsidiary will be treated as separate legal entities."); *Williby v. Hearst Corp.*, No. 5:15-CV-02538-EJD, 2017 WL 1210036, at *4 (N.D. Cal. Mar. 31, 2017) ("Only in unusual circumstances will the law permit a parent corporation to be held either directly or indirectly liable for the acts of its subsidiary."). This rule applies to assessing potential antitrust liability. *See, e.g.*, *E. & J. Gallo Winery v. EnCana Energy Servs., Inc.*, No. CVF03-5412 AWI LJO, 2008 WL 2220396, at *5 (E.D. Cal. May 27, 2008) (noting that "[t]he independence of a subsidiary from the parent corporation is to be presumed" in context of Sherman Act and California Unfair Competition Law claims). IPPs must offer evidence demonstrating "that each individual defendant joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it." *In re Optical Disk Drive Antitrust Litig.*, 10-md-2143, 2012 WL 1366718, at *7 (N.D. Cal. Apr. 19, 2012) (internal quotations omitted).  Parents and subsidiaries cannot be considered a single enterprise in an antitrust action unless there is "evidence that both were involved in the challenged conduct." *Michael v. Intracorp, Inc.*, 179 F. 3d 847, 857 (10th Cir. 1999).

Under the law of corporate separateness "deeply ingrained" in our legal system, IPPs should be required to refer to Irico Group, Irico Display, and other Irico entities as separate corporate entities and to distinguish between those entities in all assertions. *Bestfoods*, 524 U.S. at 61.

IPPs should not be permitted to conflate Irico Group and Irico Display or present their evidence in a manner that implies that Irico Group and Irico Display are one and the same because doing so will confuse and mislead the jury as to which defendant evidence relates. *See United States v. Coward*, 630 F. 2d 229, 231 (4th Cir. 1980) (remanding for separate trials because the jury expressed confusion regarding what evidence related to each defendant).  It will be highly prejudicial to Irico Display if the jury mistakes or conflates evidence that relates only to Irico Group when assessing the evidence as to Irico Display.

## II.    Plaintiffs Also Should Be Required to Distinguish Other Irico Entities

The same principle applies to evidence or argument pertaining to other Irico entities, such as Irico Group Electronics Co., Ltd. ("Irico Electronics"), and the IPPs should not be permitted to

conflate Irico Electronics and other entities with either Irico Group or Irico Display.[1]  Because Irico Electronics will not be on trial, evidence of its conduct, as a distinct corporate entity, does not constitute conduct of defendants Irico Group and Irico Display, and references to Irico Electronics must be clearly distinguished from these other entities.[2]  Permitting IPPs to present evidence regarding conduct of Irico Electronics as if it reflected conduct by Irico Group, Irico Display, or – worst of all – indistinguishably as both, would be highly prejudicial because it risks confusing the jury as to which entity is on trial and what conduct was undertaken by each entity.  Should any evidence related to Irico Electronics be offered at trial, the Court should require the Parties to refer separately to "Irico Electronics" and not to conflate evidence related to Irico Electronics with Irico Group or Irico Display by collectively referring to the entities as "Irico."  *See* Fed. R. Evid. 611.

### III.   The Court Should Exclude Evidence that Fails to Distinguish Between Irico Group and Irico Display as Unduly Prejudicial

IPPs should also not be permitted to make an end-run around the corporate separateness of Irico Group and Irico Display by introducing evidence that fails to properly distinguish between Irico Group, Irico Display, and other Irico entities.  Such evidence would have the same prejudicial effect of making it impossible for the jury to ascertain whether the conduct or information asserted in that evidence should be ascribed to Irico Group, Irico Display, or some other entity.  Allowing such evidence into the trial record would inevitably confuse the jury and risk improper inferences being drawn against either or both defendants based on, for example,

---

[1] Irico Electronics was created in 2004 as a subsidiary of Irico Group and parent company of Irico Display.  Carlock Decl., Ex. 4 (Irico Electronics 2004 Annual Report) at 45, 80.  Irico Electronics changed its name to "Irico Group New Energy Co. Ltd." in 2015.  Carlock Decl. Ex. 5 (Irico Electronics 2015 Annual Report) at 5.

[2] Plaintiffs have not alleged legal theories that might (in limited circumstances not present here) permit piercing the corporate veil to hold Irico Group liable for Irico Electronics' (or Irico Display's) conduct, and the date to assert such claims has long since passed.[2]  *See, e.g., Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) ("[A] plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each."); *Romero v. U.S. Bank, N.A.*, No. 16-CV-02286-MMC, 2016 WL 3916384, at *3 (N.D. Cal. July 20, 2016) (holding that where a plaintiff seeks to hold a defendant liable for acts by the agent, "the plaintiff must allege with specificity the factual basis for the alleged agency relationship.") (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal quotations omitted)).

1    vague references to "Irico."  Hearing or reading these kinds of undefined references would lead

2    the jury to incorrectly assume that conduct by *either* Irico Defendant – or by *neither of them* –

3    applied to *both* defendants.  The Court should therefore exclude such evidence to ensure a fair

4    trial as to both Irico Group and Irico Display under Federal Rule of Evidence 403. *See United*

5    *States v. Brannon*, 616 F.2d 413, 418 (9th Cir. 1980) ("[The district court] may also exclude

6    relevant evidence if such evidence is likely to confuse the issues or mislead the jury."); *Coward*,

7    630 F. 2d at 231 (4th Cir. 1980) (reversing judgment and remanding for new trials after

8    significant jury confusion resulted from "two defendants hav[ing] similar names" and voluminous

9    evidence of "51 separate conspiratorial overt acts," despite district court's best efforts to

10   "caution[] the jury" to evaluate evidence separately against each defendant).

11                                  **<u>CONCLUSION</u>**

12              For all the foregoing reasons, Irico Group and Irico Display respectfully request that the

13   Court grant their Motion.

14    Dated: August 11, 2023                        Respectfully submitted,

15

16                                                  /s/ *John M. Taladay*
                                                    BAKER BOTTS L.L.P.
17                                                  John M. Taladay (*pro hac vice*)
                                                    Evan J. Werbel (*pro hac vice*)
18                                                  Thomas E. Carter (*pro hac vice*)
                                                    Andrew L. Lucarelli (*pro hac vice*)
19                                                  700 K Street, N.W.
20                                                  Washington, D.C. 20001
                                                    202.639.7700
21                                                  202.639.7890 (fax)
                                                    Email: john.taladay@bakerbotts.com
22                                                  evan.werbel@bakerbotts.com
                                                    tom.carter@bakerbotts.com
23                                                  drew.lucarelli@bakerbotts.com

24

25                                                  *Attorneys for Defendants Irico Group Corp. and*
                                                    *Irico Display Devices Co., Ltd.*
26

27

28

---