BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **IRICO DEFENDANTS' *MOTION IN LIMINE* #2 TO PRECLUDE PLAINTIFFS FROM REFERRING TO NON-CRT PRODUCTS AND SALES OF THOSE PRODUCTS AS REFLECTING SALES OF CRTS BY AN IRICO ENTITY** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Date: December 15, 2023 Time: 2:00 pm Judge: Hon. Jon S. Tigar Courtroom: 6, 2nd Floor |

1

**NOTICE OF MOTION AND MOTION**

2  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3         PLEASE TAKE NOTICE that on December 15, 2023, at 2:00 p.m., or at such other date

4  as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of

5  the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301

6  Clay Street, Oakland, California, Defendants Irico Group Corp. and Irico Display Devices Co.,

7  Ltd. (collectively, "Irico"), by and through their undersigned counsel, will and hereby do move

8  the Court for an Order precluding Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs" or "IPPs")

9  (collectively, the "Parties") from referring to any non-CRT products, including components of

10  CRTs, as reflecting sales of CRTs sold by Irico or any other entity.

11         This Motion is based on the Notice of Motion, the following Memorandum of Points and

12  Authorities in support thereof, any materials found in the record, the accompanying Declaration

13  of Wyatt M. Carlock, along with the argument of counsel and such other matters as the Court may

14  consider.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### REQUESTED MOTION IN LIMINE

2    This motion seeks to preclude the Parties from stating, suggesting or implying that sales of

3    non-CRT products, including components of CRTs, reflect sales of CRTs sold by Irico or any

4    other entity because any such non-CRT products are irrelevant, and references to such products

5    would serve only to unduly prejudice Irico and confuse the issues under Federal Rule of Evidence

6    401, 402, and 403.

7

### MEMORANDUM OF POINTS AND AUTHORITIES

8

### ARGUMENT

9    CRTs are the only product at issue in this litigation. *See* Indirect Purchaser Plaintiffs' Fifth

10   Consolidated Amended Complaint ("Complaint") at ¶¶ 13-15, ECF No. 5589 (definitions limited

11   to CRTs and products containing CRTs). Therefore, the Parties should be precluded from making

12   reference to or argument at trial about sales of non-CRT products, including components of

13   CRTs, made by Irico or other entities regardless of where those products were sold.  Any such

14   evidence is irrelevant, likely to confuse the jury, and unduly prejudicial under Federal Rules of

15   Evidence 401, 402, and 403.

16
17   **I.   Evidence Regarding Products Not At Issue in this Litigation Is Irrelevant and Unduly Prejudicial under FRE 401, 402, and 403**.

18   Evidence regarding products not at issue in a litigation is wholly irrelevant and, even if it

19   had some marginal relevance, any probative value would be outweighed by the danger of "unfair

20   prejudice, confusing the issues, [and] misleading the jury." Fed. R. Evid. 403; *See also* Fed. R.

21   Evid. 401, 402. This is especially true where evidence sought to be introduced by Plaintiffs falls

22   outside the scope of the claims related to defendants' antitrust misconduct.  *See Jones v. Life Ins.*

23   *Co. of N. Am.*, No. 08-CV-03971-RMW, 2015 WL 8753996, at *5 (N.D. Cal. Dec. 15, 2015)

24   ("[E]vidence regarding claims not asserted in the complaint is not relevant under Federal Rule of

25   Evidence 401."); *Single Source, Inc. v. Harvey*, No. 07 C 1201, 2008 WL 5114623, at *1 (N.D.

26   Ill. 2008) (granting motion in limine to bar evidence relating to irrelevant sales from a separate

27   legal entity).

28

1    Here, Plaintiffs have defined the relevant products in their complaint to be "CRT

2    Products," which includes "(a) CRTs; and (b) products containing CRTs, such as television sets

3    and computer monitors." Complaint at ¶ 15. Nowhere in the complaint, or any subsequent

4    pleadings, do Plaintiffs include the various *components* of CRTs (e.g., phosphor, glass, shadow

5    masks, deflection yoke, etc.) in their relevant products definition, or as connected to allegations of

6    anticompetitive conduct.  *Id.* Nor could they, as component parts used to assemble a CRT are

7    plainly different products than the CRTs themselves and subject to their own pricing, supply and

8    demand considerations. Therefore, the Parties should be precluded from referring to sales of these

9    irrelevant component parts (or any other non-CRT product) to support their claims of collusion in

10   the CRT industry or to suggest that Irico sold CRTs to the United States or other countries outside

11   of China.

12    For example, Plaintiffs have designated as exhibits and indicated that they may seek to

13   introduce at trial documents showing sales of non-CRT products by China National Electronics

14   Import-Export Caihong Co. ("CNEIECC"), which was an unrelated and independent company

15   during the entirety of the class period.[1] *See, e.g.*, Carlock Decl. Exs. 1-8 (IPPs' Supp. Obj. and

16   Resps. To the Irico Defendants' Second Set of Interrogatories) at 11-13 (IRI-CRT-00025755

17   (CNEIECC Annual Work Summaries showing sales of "electronic components" in addition to

18   CRTs, listed in IPPs' interrogatory responses); IRI-CRT-00000836-841 (CNEIECC "Total

19   Import and Export Value Lists" containing aggregate annual export figures for all products, not

20   just CRTs, listed in IPPs' interrogatory responses)); Ex. 9 IRI-CRT-00003592 (CNEIECC

21   invoice for a color electron gun, identified by IPPs as a trial exhibit)[2]. These non-CRT products

22   included small electronic components and color electron guns, nothing that even arguably

23   constitutes a CRT. *Id.* Not only were these sales made by an independent and unrelated company,

---

24   [1] These documents are also relevant to Irico's Motion in Limine to prohibit Parties from
     conflating CNEIECC and Irico entities. As set forth in that motion, CNEIECC was a wholly
25   unrelated and independent company from Irico at all times during the class period. Thus,
     Plaintiffs should be precluded from referring to such evidence at trial.  *See* Defendants Motion in
26   Limine #4.

27   [2] IPPs identified a set of similar annual customs records for CNEIECC, Irico Group, and Irico
     Display in the same interrogatory response as supposed "[e]vidence of direct sales of CRTs to
28   purchasers in the United States."  Carlock Decl., Ex. 1 at 11.

---

1    but they are also sales of non-CRT products that are not included in the scope of alleged

2    anticompetitive conduct pled by Plaintiffs. Because these sales are unrelated to Plaintiffs' claims,

3    they, along with all other references to non-CRT sales by Irico or any other entity, are irrelevant

4    and should be excluded from trial under FRE 401 and 402.

5         Further, the Parties should be precluded from introducing that evidence because any

6    marginal probative value would be substantially outweighed by the unfair prejudice that Irico

7    would suffer as a result of its introduction. *See United States v. Brannon*, 616 F.2d 413, 418 (9th

8    Cir. 1980) ("[The district court] may also exclude relevant evidence if such evidence is likely to

9    confuse the issues or mislead the jury."); *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018

10   WL 6576041, at *1 (N.D. Cal. Dec. 13, 2018) (granting motion in limine and holding that "the

11   court may exclude relevant evidence if it is probative value is substantially outweighed by a

12   danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

13   jury, undue delay, wasting time, or needlessly presenting cumulative evidence") (quoting Fed. R.

14   Evid. 403).

15        Irico's lack of CRT sales to the United States is a key component of Irico's defense.

16   Plaintiffs must be precluded from confusing or misleading the jury with irrelevant evidence of

17   sales of small volumes of minor component parts by an unrelated company as if they were sales

18   by Irico of CRTs. This evidence will only distort the record and confuse the issue of Irico's

19   absence of sales of CRTs. *See supra* at 2. Further it risks misleading the jury into thinking that

20   sales of component parts of CRTs are included in Plaintiffs' claims or that the evidence reflects

21   that these records reflect U.S. sales of CRTs by Irico—neither of which are true. Therefore, any

22   reference by the Parties to non-CRT product sales to reflect sales of CRTs to the United States or

23   elsewhere should be excluded from trial under FRE 403.

24                                  **<u>CONCLUSION</u>**

25        For all the foregoing reasons, Irico respectfully requests that the Court grant Irico's

26   Motion.

27   //

28   //

---

IRICO DEFENDANTS' MOTION IN LIMINE        3        Master File No. 4:07-cv-05944-JST
#2                                                 MDL No. 1917

1

2    Dated: August 11, 2023                    Respectfully submitted,

3
                                              /s/ *John M. Taladay*
4                                             BAKER BOTTS LLP
                                              John M. Taladay (*pro hac vice*)
5                                             Evan J. Werbel (*pro hac vice*)
                                              Thomas E. Carter (*pro hac vice*)
6                                             Andrew L. Lucarelli (*pro hac vice*)
                                              700 K Street, N.W.
7                                             Washington, D.C. 20001
                                              202.639.7700
8                                             202.639.7890 (fax)
                                              Email: john.taladay@bakerbotts.com
9                                             evan.werbel@bakerbotts.com
                                              tom.carter@bakerbotts.com
10                                            drew.lucarelli@bakerbotts.com
11
12
                                              *Attorneys for Defendants Irico Group Corp. and*
13                                            *Irico Display Devices Co., Ltd.*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28