1  BAKER BOTTS L.L.P.
   John M. Taladay (*pro hac vice*)
2  Evan J. Werbel (*pro hac vice*)
   Thomas E. Carter (*pro hac vice*)
3  Andrew L. Lucarelli (*pro hac vice*)
   700 K Street, N.W.
4  Washington, D.C. 20001
   (202)-639-7700
5  (202)-639-7890 (fax)
   Email: john.taladay@bakerbotts.com
6          evan.werbel@bakerbotts.com
           tom.carter@bakerbotts.com
7          drew.lucarelli@bakerbotts.com

8  *Attorneys for Defendants*
   *IRICO GROUP CORP. and*
9  *IRICO DISPLAY DEVICES CO., LTD.*

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13                    OAKLAND DIVISION

14

15 | IN RE: CATHODE RAY TUBE (CRT) | Master File No. 4:07-cv-05944-JST
16 | ANTITRUST LITIGATION | (N.D. Cal.)

17 | _____ | MDL No. 1917

18 | This Document Relates to: | **IRICO DEFENDANTS' *MOTION IN***
                                  | ***LIMINE* #3 TO PRECLUDE**
19 | ALL INDIRECT PURCHASER ACTIONS | **PLAINTIFFS FROM REFERRING**
                                  | **TO FOREIGN SHIPMENTS**
20                                | **INVOICED TO IRICO (USA) INC.**

21                                | Date: December 15, 2023
                                  | Time: 2:00 pm
22                                | Judge: Hon. Jon S. Tigar
                                  | Courtroom: 6, 2nd Floor
23

24

25

26

27

28

1

## NOTICE OF MOTION AND MOTION

2 TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3        PLEASE TAKE NOTICE that on December 15, 2023, at 2:00 p.m., or at such other date

4 as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of

5 the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301

6 Clay Street, Oakland, California, Defendants Irico Group Corp. and Irico Display Devices Co.,

7 Ltd. (collectively, "Irico"), by and through their undersigned counsel, will and hereby do move

8 the Court for an Order precluding Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs" or "IPPs")

9 from introducing any evidence or making any reference to or argument at trial regarding CRTs

10 that were invoiced to Irico (USA) Inc. ("Irico USA") but were never shipped to the United States,

11 instead going directly to other foreign countries.

12        This Motion is based on the Notice of Motion, the following Memorandum of Points and

13 Authorities in support thereof, any materials found in the record, the accompanying Declaration

14 of Wyatt M. Carlock, along with the argument of counsel and such other matters as the Court may

15 consider.

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUESTED MOTION IN LIMINE**

This motion seeks to preclude Parties from introducing any evidence or making any reference to or argument at trial regarding CRTs that were invoiced to Irico USA but shipped to other foreign countries, not the United States, because any such transactions are irrelevant, and references to such transactions would serve only to unduly prejudice Irico, confuse the issues, and mislead the jury under Federal Rule of Evidence 401, 402, and 403.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' class encompasses only end user purchasers of televisions and monitors within 22 U.S. states.  *See* ECF No. 1742 (Report and Recommendation to certify 22 state classes of purchasers of "Cathode Ray Tubes incorporated televisions and monitors . . . for their own use and not for resale"); ECF No. 1950 (order adopting report and recommendation). The class does *not* include any purchasers of CRT products outside the United States. *Id.* Therefore, IPPs should be precluded from referring to evidence of CRTs that were actually not shipped to the United States but instead were shipped directly to foreign destinations, even if invoices for such sales were issued to Irico USA.  Any such evidence is irrelevant and unduly prejudicial under Federal Rules of Evidence 401, 402, and 403.

**ARGUMENT**

Irico USA, formed in 1995, was Irico's sole and failed attempt at establishing a presence in the United States.  Carlock Decl. Ex. 1 (Irico USA's Articles of Incorporation).  The futile attempt ended in 2001 when Irico USA was sold without authorization by its General Manager, Liu Feng, who absconded with the any profits of the sale. *See* Carlock Decl. Ex. 2 (Dep Ex. 8392, IRI-CRT-00003490) at -492, 494-97.  The only evidence in the record of sales to, or by, Irico USA are a handful of invoices dated between November 1996 and April 1999 to Irico USA from China National Electronics Import & Export Caihong Co. ("CNEIECC").[1] *See* Carlock Decl.

---

[1] These documents are also addressed in Irico's concurrently filed Motion in Limine #4 to prohibit the Parties from conflating CNEIECC and Irico entities. As set forth in that motion, CNEIECC was a wholly unrelated and independent company from Irico at all times during the class period. Thus, all evidence related to CNEIECC is irrelevant and unduly prejudicial and the Parties should be precluded from referring to such evidence at trial.  Irico only obtained possession of the CNEIECC evidence at issue because of an ownership transfer in 2014, well after the end of the relevant period in this matter.  *See* Clarke Decl. Defendants MIL #4, ¶¶ 12-19.

1   Exs. 3-10 (Dep Ex. 8405, IRI-CRT-00003566 at -567; Dep. Ex. 8404, IRI-CRT-00003568 at -

2   569; Dep. Ex. 8406, IRI-CRT-00003570 at -571; Dep. Ex. 8408, IRI-CRT-00003578-79; Dep.

3   Ex. 8409, IRI-CRT-00003584-85; Dep. Ex. 8410, IRI-CRT-00003586-87; Dep. Ex. 8411, IRI-

4   CRT-00003588-89; Dep. Ex. 8412, IRI-CRT-00003594-95.) Each and every one of these

5   invoices represent sales that were shipped by CNEIECC to destinations in Asia or Africa, despite

6   being billed to Irico USA. *See* Carlock Decl., Ex. 4 at -567 ("Discharging Port" of Alexandria,

7   Egypt); Ex. 3 at -569 ("Discharging Port" of Durban, South Africa); Ex. 5 at -571 ("Discharging

8   Port" of Cape Town, South Africa); Ex. 6 at -579 ("Discharging Port" of Qingdao, China); Ex. 7

9   at -585 ("Discharging Port" of Adabiya, Egypt); Ex. 8 at -587 ("Discharging Port" of Alexandria,

10  Egypt); Ex. 9 at -589 ("Discharging Port" of Cape Town, South Africa); Ex. 10 at -595

11  ("Discharging Port" of Cape Town, South Africa).  Nevertheless, Plaintiffs have identified each

12  of these invoices on their trial exhibit list and cited many of them as evidence of "direct

13  shipments of CRTs to purchasers in the United States" by Irico, which they are not.  *See* Carlock

14  Decl. Ex. 11 (IPPs' Supp. Obj. and Resps. to the Irico Defs.' Second Set of Interrogs.) at 11-12.

15  **I.   Evidence of foreign shipments is irrelevant and unduly prejudicial under FRE 401,
        402, and 403**.

16

17          Evidence regarding transactions invoiced to Irico (USA) but shipped to foreign countries

18  is wholly irrelevant and, even if it had some marginal relevance, any probative value would be

19  outweighed by the danger of "unfair prejudice, confusing the issues, [and] misleading the jury."

20  *See* Fed. R. Evid. 403, 401, 402. Put another way, evidence of sales made to entities outside the

21  United States, in which Irico USA was somehow involved, are wholly irrelevant to the allegations

22  of harm to purchasers of CRT Products in the 22 IPP states.  In the absence of any connection of

23  these invoices to televisions or monitors that were sold to plaintiffs – which Plaintiffs have not

24  and cannot provide – these transactions have no connection to IPPs' class and claims for

25  damages, and thus no probative value.  *See In re Se. Milk Antitrust Litig.*, No. 2:07-CV 208, 2011

26  WL 2749579, at *4 (E.D. Tenn. July 14, 2011) (granting motion in limine to exclude evidence or

27  argument relating to damages for transactions involving entities "who were not members of the

28  class" as "irrelevant, whether or not the milk produced by them was marketed by a defendant");

1    *Single Source, Inc. v. Harvey*, No. 07 C 1201, 2008 WL 5114623, at *1 (N.D. Ill. 2008) (granting

2    motion in limine to bar evidence relating to irrelevant sales). Therefore, the Parties should be

3    precluded from introducing these documents or referring to these transactions as evidence of CRT

4    sales to the United States.

5           Even if evidence of these foreign shipments invoiced to Irico USA is determined to have

6    some tangential relevance, Plaintiffs should be precluded from introducing that evidence because

7    its marginal probative value would be substantially outweighed by the unfair prejudice that Irico

8    would suffer as a result of its introduction. *See United States v. Brannon*, 616 F.2d 413, 418 (9th

9    Cir. 1980) ("[The district court] may also exclude relevant evidence if such evidence is likely to

10   confuse the issues or mislead the jury."); *FTC v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018

11   WL 6576041, at *1 (N.D. Cal. Dec. 13, 2018) (granting motion in limine and holding that "the

12   court may exclude relevant evidence if it is probative value is substantially outweighed by a

13   danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

14   jury, undue delay, wasting time, or needlessly presenting cumulative evidence") (quoting Fed. R.

15   Evid. 403). IPPs have presented no evidence that any of these CRTs that were shipped directly to

16   customers in Africa or Asia bear any relation to U.S. customers or IPP class members. Instead,

17   IPPs' likely purpose for seeking to introduce these documents and transactions is to insinuate to

18   the jury, contrary to the actual facts, that the mere existence of these invoices and transactions

19   somehow means that Irico may have sold CRTs to U.S. customers. Therefore, any invoices or

20   reference by Plaintiffs to these transactions involving foreign shipments invoiced to Irico USA

21   should be excluded from trial under FRE 403.

22                                    **CONCLUSION**

23          For all the foregoing reasons, Irico respectfully requests that the Court grant Irico's

24   Motion.

25   //

26   //

27   //

28

---

1

Dated: August 11, 2023                        Respectfully submitted,

2

3                                              /s/ *John M. Taladay*
                                               BAKER BOTTS L.L.P.
4                                              John M. Taladay (*pro hac vice*)
                                               Evan J. Werbel (*pro hac vice*)
5                                              Thomas E. Carter (*pro hac vice*)
                                               Andrew L. Lucarelli (*pro hac vice*)
6                                              700 K Street, N.W.
                                               Washington, D.C. 20001
7                                              202.639.7700
                                               202.639.7890 (fax)
8                                              Email: john.taladay@bakerbotts.com
                                               evan.werbel@bakerbotts.com
9                                              tom.carter@bakerbotts.com
                                               drew.lucarelli@bakerbotts.com
10

11

12                                             *Attorneys for Defendants Irico Group Corp. and*
                                               *Irico Display Devices Co., Ltd.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28