# **EXHIBIT 11**

MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' SUPPLEMENTAL OBJECTIONS AND RESPONSES TO THE IRICO DEFENDANTS' SECOND SET OF INTERROGATORIES** |
| ALL INDIRECT PURCHASER ACTIONS | |

PROPOUNDING PARTY: Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.

RESPONDING PARTY: Indirect Purchaser Plaintiffs: Brian Luscher, Jeffrey Figone, Carmen Gonzalez, Dana Ross, Steven Ganz, Law Suites, Sandra Riebow, Travis Burau, Southern Office Supply, Inc., Kerry Lee Hall, Lisa Reynolds, David Norby, Barry Kushner, Ryan Rizzo, Charles Jenkins, Misti Walker, Steven Fink, Gregory Painter, Marylou Hillberg, in her capacity as the Personal Representative for the Estate of William Craig Stephenson, Conrad Carty, Janet Ackerman, Louise Wood, Patricia Andrews, Gary Hanson, Donna Ellingson-Mack, Frank Warner, Albert Sidney Crigler, Margaret Slagle, John Larch, Brigid Terry, David Rooks

SET: Two

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the June 18, 2008 Stipulated Protective Order, the Indirect Purchaser Plaintiffs Brian Luscher, Jeffrey Figone, Carmen Gonzalez, Dana Ross, Steven Ganz, Law Suites, Sandra Riebow, Travis Burau, Southern Office Supply, Inc., Kerry Lee Hall, Lisa Reynolds, David Norby, Barry Kushner, Ryan Rizzo, Charles Jenkins, Misti Walker, Steven Fink, Gregory Painter, Marylou Hillberg, in her capacity as the Personal Representative for the Estate of William Craig Stephenson, Conrad Carty, Janet Ackerman, Louise Wood, Patricia Andrews, Gary Hanson, Donna Ellingson-Mack, Frank Warner, Albert Sidney Crigler, Margaret Slagle, John Larch, Brigid Terry, David Rooks ("Plaintiffs") hereby supplement their responses to the Second Set of Interrogatories (the "Interrogatories") propounded by Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico" or the "Irico Defendants"), as follows:

**PRELIMINARY STATEMENT**

Plaintiffs' supplemental responses to the Interrogatories are made solely for the purpose of, and in relation to, this action. The supplemental responses set forth herein, while based on a diligent investigation and reasonable inquiry, reflect, and therefore are necessarily limited by, information now known and the records or information still in existence available to Plaintiffs, presently recollected and thus far discovered in the course of preparing these responses. Plaintiffs have not yet completed discovery or preparation for trial in this case. Their investigation concerning this matter is still ongoing, and further discovery may be necessary from defendants as well as from third parties. Plaintiffs reserve the right to amend, modify or supplement these responses to incorporate any evidence, facts, documents or other information not yet discovered, or the relevance of which has not yet been identified.

These supplemental responses are given without prejudice to Plaintiffs' right to rely on or use at trial any or all evidence of any kind in this case, including without limitation documents or other evidence subsequently discovered or omitted from these responses as a result of mistake, error or inadvertence. Plaintiffs do not waive and specifically reserve the right to produce additional documents or other evidence at trial, and to object on appropriate grounds to the introduction of all

or any part of these responses.

By making the supplemental objections and responses herein, Plaintiffs do not concede that the information provided is relevant to the claims or defenses of any party or reasonably calculated to lead to the discovery of admissible evidence. Nothing in their supplemental objections and responses to these Interrogatories shall be construed as an admission by Plaintiffs with respect to the competence, admissibility, relevance, or materiality of any fact or document, or as an admission of the truth or accuracy of any characterization of any information of any kind sought by the Interrogatories. Thus, each of the following responses is subject to all objections of and concerning relevance, materiality, and admissibility, as well as to all and any other objections on any ground requiring exclusion of any response if introduced in Court. Plaintiffs reserve their right to object to use their objections and responses herein, or the subject matter thereof, including, without limitation, the right to object on any ground at any time to the use of such responses in any discovery procedures in this or any proceeding, and/or at trial. All evidentiary objections and grounds accordingly are expressly reserved.

Plaintiffs further incorporate by reference any evidence identified by the Direct Purchaser Plaintiffs in response to any and all of the Interrogatories.

**GENERAL OBJECTIONS**

Each of the following General Objections is considered applicable to, and is hereby incorporated into, each and every response by Plaintiffs to the Interrogatories, and each response is given without waiving any of the General Objections. The assertion of any General Objection in the Response to any Interrogatory should not be considered a waiver of the remaining General Objections. Plaintiffs' objections to the Interrogatories, whether general or specific, do not serve as an admission by Plaintiffs that responsive information exists and otherwise would have been provided by Plaintiffs absent such objections.

1. Plaintiffs object to the Interrogatories, and each of them, to the extent that they are premature. Plaintiffs' investigation is ongoing and Plaintiffs have not completed discovery of the facts relevant to this case. These supplemental responses are made for the sole purpose of this action

and are based on information and/or documents known and available and are limited by Plaintiffs' present knowledge, information, and belief. Plaintiffs reserve the right to supplement and/or modify any and all of their responses and objections as they become aware of additional information and/or documents which warrant such action. Plaintiffs further reserve the right to complete their investigation and discovery of the facts and to rely at trial or in other proceedings upon information and documents in addition to that which is provided herein, regardless of whether such information is newly discovered or newly in existence.

2. Plaintiffs object to the Interrogatories, and each of them, as unduly burdensome and unfair to the extent they seek to have counsel for Plaintiffs present evidentiary support for the allegations in the Complaint without having completed discovery.

3. The prematurity of the Interrogatories and the unfairness and undue burden of responding to them is attributable in significant part to delays caused by the Irico Defendants' themselves. Although the fact discovery cutoff is imminent, t many of the documents the Irico Defendants have produced were only produced recently, and Plaintiffs are still reviewing, translating, and analyzing them. Furthermore, as the Special Master has determined, the Irico Defendants have failed to provide adequate responses to Plaintiffs' interrogatories requesting core information in this case regarding their attendance at and participation in meetings with competitors and their involvement in the operation of the conspiracy. In addition, the Irico Defendants have yet to make two key witnesses available for deposition, and has refused to produce three others, thereby requiring Plaintiffs to bring a motion to compel their attendance.

4. To compound the unfairness and undue burden of responding to the Interrogatories, they seek information and the identification of documents that the Irico Defendants themselves destroyed, lost or otherwise failed to preserve, notwithstanding their clear legal duty to do so. The Irico Defendants did not create, publicize to its executives or employees or implement an appropriate litigation hold for at least nine years after this lawsuit was served on them. Thus, the Irico Defendants themselves are responsible for the fact that much of the evidence that would be responsive to the

Interrogatories is no longer in existence, because they themselves destroyed it or allowed it to be destroyed or lost.

5.   Plaintiffs object to the Interrogatories, and each of them, to the extent they seek documents or information (i) not relevant to the subject matter of this action; (ii) not relevant to any claim or defense in this action; (iii) not reasonably calculated to lead to the discovery of admissible evidence; (iv) different from, inconsistent with, or in addition to what is required to be produced under the Federal Rules of Civil Procedure, the Civil Local Rules of the United States District Court for the Northern District of California, any existing Court Order in this case, or any other applicable rule or law.

6.   Plaintiffs object to the Interrogatories to the extent that they are vague, ambiguous and require speculation to determine their meanings. Plaintiffs respond to these Interrogatories as they interpret and understand them. If the Irico Defendants subsequently assert an interpretation of any Interrogatory or response that differs from Plaintiffs' understanding, Plaintiffs reserve the right to supplement or amend their objections and/or responses.

7.   Plaintiffs object to the Interrogatories, and each of them, to the extent they call for the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable law, privilege or protection. Any inadvertent production of privileged information shall not constitute a waiver of Plaintiffs' right to assert the applicability of any privilege or protection to any related information, and any such document and all copies or images thereof shall be promptly returned, sequestered or destroyed upon demand pursuant to Fed. R. Civ. P. 26(b)(5)(B).

8.   Plaintiffs object to, and will not answer, the Interrogatories, and each of them, to the extent that (a) they seek the premature disclosure of expert material subject to Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure, and/or (b) they seek disclosure of information concerning any person or entity whom Plaintiffs will not designate as an opinion or other witness at trial.

9.   Plaintiffs object to the Interrogatories, and each of them, to the extent they impose an undue burden on Plaintiffs by requiring Plaintiffs to search for documents that are equally available

to the Irico Defendants and/or already in their possession, custody, control, or which are publicly available or otherwise readily accessible to them.

10. Plaintiffs object to the Interrogatories to the extent they require Plaintiffs to compartmentalize evidence as proof of allegations in the Complaint instead of looking at it as a whole, which is in contravention of well-established legal principles. *See In re CRT Antitrust Litigation,* Master Docket No. 3:07-cv-05944 SC, Dkt. No. 2747, Order Adopting Recommended Order of the Special Master, dated August 15, 2014; *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) ("The character and effect to a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole."). *See also Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the actions of any of the conspirators in furtherance of the conspiracy are, in law, the actions of all. *Id.*

11. Plaintiffs object to the Interrogatories to the extent they seek information relating to any period beyond the period for which Defendants have provided discovery.

12. Plaintiffs object to Defendant's definition of the term "Identify" as overbroad, unduly burdensome, and seeking information that is irrelevant and not reasonably calculated to lead to admissible evidence.

13. Plaintiffs hereby incorporate each of the foregoing General Objections into each of the individual responses set forth below, whether or not stated separately therein. No Specific Objection is a waiver of any of the General Objections.

14. Plaintiffs reserve their right to try their case as Plaintiffs determine is best at trial. This includes by not using facts stated herein or using facts in addition to those stated herein.

15. Plaintiffs reserve the right to object to and/or challenge any information provided in response to the Interrogatories on the grounds of competency, relevance, materiality, privilege, or admissibility at trial or at any hearing or proceeding.

16. Plaintiffs object to, and expressly disclaim, any need or intent to prove any fact listed herein as a prerequisite to proving their claims at trial.

17. Plaintiffs object to these Interrogatories to the extent that the underlying Requests for Admission are propounded improperly or are not relevant to any claim or defense.

## RESPONSES AND SPECIFIC OBJECTIONS

**INTERROGATORY NO. 1**

If Your response to any Request for Admission was anything other than an unqualified admission, separately for each Request for Admission:

(a) state the number of the request for admission;

(b) state all facts upon which You base Your response;

(c) Identify all Evidence upon which You intend to rely to support Your response; and

(d) Identify each Person who has knowledge of the facts upon which You base Your response.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiffs incorporate by reference the General Objections set forth in the preceding paragraphs. Plaintiffs object to the definition of "Evidence From Other Parties" contained in Irico's RFAs upon which this Interrogatory is based, and the Irico Defendants' attempt to limit Plaintiffs' response this Interrogatory to particular sources of evidence. It is improper to limit an RFA under Fed. R. Civ. P. 36(a)(1), which permits a party to seek an admission relating to "(A) facts, the application of law to fact, or opinions about either, or (B) the genuineness of any described document." Plaintiffs will not limit their responses to these RFA's to "Evidence From Other Parties," and will respond to the RFA's as to evidence from any source, including evidence produced by Irico or its wholly owned subsidiary China National Electronics Import & Export Caihong Company ("CNEIECC"). Irico has acknowledged that Irico "exported products exclusively through" CNEIECC prior to the formation of Irico Electronics ("Electronics") in September 2004. *See* January 15, 2009 Response of Irico Group Corporation and Irico Display Devices Co., Ltd. to Plaintiffs' Information Requests (the "2009 Response"), ECF No. 5220-10 at 1. In addition, a "Master Plan"

6

created by Irico Group near the end of 2022 describes CNEIECC as "actually serv[ing] as Irico Group Corporation's import and export business management department[,]" and "actual assets, personnel and business all belong to Irico Group Corporation." IRI-CRT-00002105E. Finally, a 2004 submission to China's Ministry of Finance that shows CNEIECC as a "wholly-owned" subsidiary of Irico Group. *See* Dep. Ex. 8394.

Plaintiffs further object to this Interrogatory on the grounds that it is premature, and that it seeks to impose an undue burden on Plaintiffs to state their case on an incomplete record and review and analyze all information obtained in discovery thus far at this stage of this litigation. Plaintiffs object that this Interrogatory improperly requires Plaintiffs to marshal all evidence in support of their case, including all testimony, in responses to written discovery, but particularly while discovery is ongoing and in advance of the applicable deadlines set by the Court for disclosure of pretrial information. The Irico Defendants have not completed their production of documents responsive to Plaintiffs' requests for production. Among other things, they have produced neither sales invoices nor a spreadsheet summarizing relevant information from them. Many of the documents the Irico Defendants have produced were only produced recently, and Plaintiffs are still reviewing, translating, and analyzing them. In addition, as the Special Master has determined, the Irico Defendants have failed to provide adequate responses to Plaintiffs' interrogatories requesting core information regarding their attendance at and participation in meetings with competitors and their involvement in the operation of the conspiracy. The Irico Defendants have yet to make two key witnesses available for deposition, and have refused to produce three others, thereby requiring Plaintiffs to bring a motion to compel their attendance.

Plaintiffs also object to this Interrogatory to the extent it requires Plaintiffs to compartmentalize evidence as proof of allegations in the Complaint instead of looking at it as a whole, which is in contravention of well-established legal principles. *See In re CRT Antitrust Litigation,* Master Docket No. 3:07-cv-05944 SC, Dkt. No. 2747, Order Adopting Recommended Order of the Special Master, dated August 15, 2014; *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) ("The character and effect to a conspiracy are not to be

judged by dismembering it and viewing its separate parts, but only by looking at it as a whole."). *See also Beltz Travel Service, Inc. v. Int'l Air Trans. Assoc.*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (citing *United States v. Patten*, 226 U.S. 525, 544 (1913)). All conspirators are jointly liable for the acts of their co-conspirators and the action of any of the conspirators in furtherance of the conspiracy is, in law, the action of all. *Id.*

Plaintiffs further object that the individuals involved in the conspiracy did not always identify their affiliation to a specific corporate entity or their job title in a manner that allows Plaintiffs to sufficiently respond to this Interrogatory. Plaintiffs also object to this Interrogatory to the extent it seeks to attribute a particular action to a specific Irico entity when all the Irico entities named as defendants were owned and controlled and acted pursuant to the overall strategy and direction of Irico Group Corporation.

Finally, Plaintiffs object to this Interrogatory on the grounds that the distinction Irico attempts to draw in their Requests for Admissions and the subject Interrogatories between "Glass Meetings," "Green Meetings," "Top Meetings," "Management Meetings," "Working Level Meetings" and the like is artificial and is of no moment in determining Irico's liability in this case. Binder Documents 1-103, and the chart summarizing many of those documents which Plaintiffs filed with the Special Master on December 16, 2021 (the "Admissibility Chart"), summarize in great detail Irico's knowledge of, attendance at, and participation in meetings in furtherance of the conspiracy with its co-conspirators to discuss and fix CRT prices, control CRT production, and exchange material, non-public information over a lengthy period of time. They also show that even where Irico did not send a representative to a particular meeting, it was kept apprised of, and participated in, those meetings and the agreements reached through other co-conspirators, notably Chunghwa. Plaintiffs incorporate both Binder Documents 1-103 themselves and the Admissibility Chart by reference in response to each and every one of Irico's Interrogatories.

Subject to and without waiving the foregoing objections, Plaintiffs respond as follows:

**RFA No. 1:** Evidence that Irico attended at least one Green Meeting includes, but is not limited to, the documents bearing Bates Numbers: TSA-CRT00156567; TSA-CRT00156568.

**RFA No. 2:** Evidence that Irico's high level executives attended meetings with Irico's competitors, which meetings fall within the definition of "Top Meetings" in Plaintiffs' Complaint, includes, but is not limited to, the documents bearing the following Bates Numbers: CHU00030688-91; IRI-CRT-00024215; BMCC-CRT000540532; CHU00047658-62; CHU00734728; BMCC-CRT000105586; SDCRT-0093977-91; SDCRT-0105131-34; CHU00016621; CHU00016622; CHU00102751; CHU00102752; CHU00102864; CHU00447509; CHU00447510; SDCRT-0087340; SDCRT-0090225; SDCRT-0091569; SDCRT-0091980; SDCRT-0091925; SDCRT-0091950; CHU00102863; CHU00102864.

**RFA No. 3:** Evidence that Irico's high level sales managers attended meetings with Irico's competitors, which meetings fall within the definition of "Management Meetings" in Plaintiff's Complaint, includes, but is not limited to, the documents bearing the following Bates Numbers: CHU00102752-54; CHU00030665-67; CHU00030679-83; CHU00030684-87; CHU00030692-94; CHU00030695-97; CHU00030705-08; CHU00030752-55; SDCRT-0086599-600; CHU00029050-51; CHU00030797-98; CHU00030819-22; CHU00030823-26; CHU00030827-30; CHU00030843-45; SDCRT-0086698-99; SDCRT-0086672; CHU00029046; CHU00030941; CHU00030946; CHU00030953; CHU00030973; CHU00031018; CHU00029110; CHU00031032; CHU00031070; CHU00031088; CHU00031092; CHU00031113; SDCRT-0087694; SDCRT-0087700; SDCRT-0006674; BMCC-CRT000142063; SDCRT-0091409; SDCRT-0091573; SDCRT-0091584; SDCRT-0091942; SDCRT-0091957; BMCC-CRT000105586; SDCRT-0105131; CHU00029131; CHU00029138; IRI-CRT-00024212-15.

**RFA No. 4:** Evidence that Irico attended Glass Meetings with its competitors prior to July 31, 1998 includes, but is not limited to, the documents bearing the following Bates Numbers: BMCC-CRT000113384; BMCC-CRT000113389; IRI-CRT-00004817; IRI-CRT-00004821; IRI-CRT-00008236; IRI-CRT-00008241-42.

**RFA No. 5:** Evidence that Irico attended Working Level Meetings with its competitors prior to July 31, 1998 includes, but is not limited to, the documents bearing the following Bates Numbers: BMCC-CRT000113384; BMCC-CRT000113389; BMCC-CRT000113394; IRI-CRT-00008236;

IRI-CRT-00008242.

**RFA No. 6:** Plaintiffs incorporate their objections to this RFA and will not respond to this Interrogatory at this time. Plaintiffs will respond at the close of discovery.

**RFA No. 7:** Evidence of meetings between Irico and a Defendant or Co-Conspirator prior to July 31, 1998 includes, but is not limited to, the documents bearing the following Bates Numbers: BMCC-CRT000113367; BMCC-CRT000113368; BMCC-CRT000113372; BMCC-CRT000113374; BMCC-CRT000113378; BMCC-CRT000113379; BMCC-CRT000113380; BMCC-CRT000113381; BMCC-CRT000113382; BMCC-CRT000113384; BMCC-CRT000113389; BMCCRT000113392; BMCC-CRT000113393; BMCC-CRT000113394; BMCC-CRT000113395-416; IRI-CRT-00008236; IRI-CRT-00008242; IRI-CRT-00004746 & 4751; IRI-CRT-00004761-64; IRI-CRT-00004769-4773; IRI-CRT-00008316-18; IRI-CRT-00008340; IRI-CRT-00008358-8360.

**RFA No. 8:** Evidence that Irico attended meetings with a Defendant or Co-Conspirator outside of China includes, but is not limited to, the documents bearing the following Bates Numbers: IRI-CRT-00024207-08; IRI-CRT-00024317-19; IRI-CRT-00024628; TSA-CRT00216188; TSA-CRT00216189; TSA-CRT00216190; IRI-CRT-00004757; IRI-CRT-00004761-64; IRI-CRT-00004769-4772; TCE-CRT 0021183; IRI-CRT-00018199; IRI-CRT-00008802-03; IRI-CRT-00024205-06; IRI-CRT-00024259-60; TCE-CRT 0022550; TSA-CRT00036206; TCE-CRT 0021189; TSA-CRT00036954; IRI-CRT-00024320-21; IRI-CRT-00024328-30; IRI-CRT-00024345-47; TSA-CRT00153053; TSA-CRT00187175; IRI-CRT-00024628-32; IRI-CRT-00024657-58; IRI-CRT-00024678-4680; IRI-CRT-00024166.

**RFA No. 9:** Evidence that Irico sold CDTs after 2003 includes, but is not limited to, the documents bearing the following Bates Numbers: IRI-CRT-00031184-88.

**RFA No. 10:** Plaintiffs incorporate their objections to this RFA and will not respond to this Interrogatory at this time. Plaintiffs are willing to meet and confer regarding this response.

**RFA No. 11:** Plaintiffs incorporate their objections to this RFA and will not respond to this Interrogatory at this time. Plaintiffs are willing to meet and confer regarding this response.

**RFA No. 12:** Plaintiffs incorporate their objections to this RFA and will not respond to this Interrogatory at this time. Plaintiffs are willing to meet and confer regarding this response.

**RFA No. 13:** Plaintiffs incorporate their objections to this RFA and will not respond to this Interrogatory at this time. Plaintiffs are willing to meet and confer regarding this response.

**RFA No. 14:** Plaintiffs incorporate their objections to this RFA and will not respond to this Interrogatory at this time. Plaintiffs are willing to meet and confer regarding this response.

**RFA No. 15:** Plaintiffs incorporate their objections to this RFA and will not respond to this Interrogatory at this time. Plaintiffs are willing to meet and confer regarding this response.

Plaintiffs have not completed their discovery and preparation in this matter and their investigation of the case is ongoing. Plaintiffs reserve the right to change or supplement the responses to this Interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving the objections set forth above, Plaintiffs supplement their responses regarding RFA Nos. 10-15 as follows:

**RFA No. 10:** Evidence of direct sales of CRTs to purchasers in the United States by Irico Group Corp., Irico Group Electronics Co., Ltd., or Irico Display Devices Co., Ltd. includes: IRI-CRT-00000810–852; IRI-CRT-00003546; IRI-CRT-00003578-79; IRI-CRT-00003615; IRI-CRT-00003617; IRI-CRT-00003644; IRI-CRT-00003557; IRI-CRT-00003576-77; IRI-CRT-00003598; IRI-CRT-00003561; IRI-CRT-00003565    IRI-CRT-00003570-71; IRI-CRT-00003588-89; IRI-CRT-00003594-97; IRI-CRT-00003586-87; IRI-CRT-00003566-69; IRI-CRT-00003584-85; IRI-CRT-00003631; IRI-CRT-00025755; BMCC-CRT000117860-66; MTPD-0231300-06; MTPD-0083495-500; BMCC-CRT000121412-26; BMCC-CRT000121396; MPTD-0145290-92; BMCC-CRT000207069-70; BMCC-CRT000114766; BMCC-CRT000114803; IRI-CRT-00000773-778; IRI-CRT-00029853-69; IRI-CRT-00004213-14; IRI-CRT-00004231-47; IRI-CRT-00005654-70; IRI-CRT-00008626-43; Irico Sales Summary Data (CONFIDENTIAL 2022-06-03).xls (CNEIECC tab) Rows 442, 2167, 2897.

It is likely that additional sales records once existed. ECF No. 5220-10, attachment at 1 ("The

Irico Companies have advised that complete historical customer data is not available.").

**RFA No. 11:** Evidence of direct shipments of CRTs to purchasers in the United States by Irico Group Corp., Irico Group Electronics Co., Ltd., or Irico Display Devices Co., Ltd. includes: See Supplemental Response regarding RFA No. 10 above.

**RFA No. 12:** Evidence of direct sales of CRT Products to purchasers in the United States by Irico Group Corp., Irico Group Electronics Co., Ltd., or Irico Display Devices Co., Ltd. includes: IRI-CRT-00003582-83; IRI-CRT-00003582-83; IRI-CRT-00003580-81; IRI-CRT-00003545; IRI-CRT-00003544; IRI-CRT-00003546; IRI-CRT-00003547; IRI-CRT-00003593; IRI-CRT-00003574-75.

**RFA No. 13:** Evidence of direct shipments of CRT Products to purchasers in the United States by Irico Group Corp., Irico Group Electronics Co., Ltd., or Irico Display Devices Co., Ltd. includes: See Supplemental Response regarding RFA No. 12 above.

**RFA No. 14:** Evidence of actual sales of CRT Products containing CRTs manufactured by Irico Group Corp., Irico Group Electronics Co., Ltd., or Irico Display Devices Co., Ltd. to purchasers in the United States includes: IRI-CRT-00003574-75; CHU00048861; MTPD-0425627; CHU00608767-73; CHU00117742-44; CHU00122371-73; MTPD-0543553-54; MTPD-0523073-79; CHU00124663-74; CHU00041192; PHLP-CRT-153515-17; CHU00123502-17; PHLP-CRT-148085-86; PHLP-CRT-152841; PHLP-CRT-155234-36; PHLP-CRT-155504; PHLP-CRT-170112-13; PHLP-CRT- 062708-09; PHLP-CRT-155467-68; PHLP-CRT-063135-36; PHLP-CRT-110212-15; PHLP-CRT-153887-89; CC0118601-19; BBYCRT053101; PHLP-CRT-062373-76; PHLP-CRT-154896-98; CHU00124396-99; CHU00552252-55; CHU00124400-02; CHU00551053-54; CHU00573111-13; CHU00572996-98; CHU00573026-33; CHU00573034; CHU00572096-98; CHU00550818-20; CHU00571709-20; CHU00571301-02; PHLP-CRT-116754-55; PHLP-CRT-169798-800; PHLP-CRT-170276-77; CHU00505497-501; CHU00505502-13, CHU00505514-22; CHU00477085-89; CHU00489151-54; PHLP-CRT-176680-82; CHU00123274-87; CHU00124417-19; CHU00480694-95; PHLP-CRT-172803-04; PHLP-CRT-172663-67; CHU00480536-57; PHLP-CRT-174639-41; PHLP-CRT-174441-43;

PHLP-CRT-176810-11; PHLP-CRT-176812 and PHLP-CRT-176813; PHLP-CRT-176823-24, PHLP-CRT-176825, and PHLP-CRT-176826; PHLP-CRT-176028-29; CHU00438723-24; PHLP-CRT-175011-13; CHU00689067-69; IRI-CRT-00032475-81; BMCC-CRT000105538-57; IRI-CRT-00032693-708; IRI-CRT-00032849; CHU00690420-21; SDCRT-0202827; MTPD-0573273; PHLP-CRT-010945-48; IRI-CRT-00004313-17; IRI-CRT-00010723-24; IRI-CRT-00010742-46; IRI-CRT-00010023-31; IRI-CRT-00025251-56; CHU00122400-08; IRI-CRT-00011205-29; IRI-CRT-00007050-90; Irico Group Electronics Co., Ltd. Global Offering Prospectus dated 12/8/2004; CRT001134-75; CRT001176-90; CRT001191-1237; CRT001238-60; CRT001261-1308; CRT001309; CRT001310-51; CRT001352-94.

**RFA No. 15:** Evidence of actual shipments of CRT Products containing CRTs manufactured by Irico Group Corp., Irico Group Electronics Co., Ltd., or Irico Display Devices Co., Ltd. to purchasers in the United States includes: See Supplemental Response regarding RFA No. 14 above.

Plaintiffs have not completed their discovery and preparation in this matter and their investigation of the case is ongoing. Plaintiffs reserve the right to change or supplement this response.

Dated: September 1, 2022        By: */s/ Mario N. Alioto*

                                                            Mario N. Alioto (56433)
                                                            Lauren C. Capurro (241151)
                                                            TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                                            2001 Union Street, Suite 482
                                                            San Francisco, CA 94123
                                                            Telephone: (415) 563-7200
                                                            Facsimile: (415) 346-0679
                                                            malioto@tatp.com
                                                            laurenrussell@tatp.com

                                                            *Lead Counsel for Indirect Purchaser Plaintiff*

13