BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **IRICO DEFENDANTS' *MOTION IN LIMINE* #5 TO PRECLUDE ALL EVIDENCE AND REFERENCE TO ALLEGED CONSPIRACIES INVOLVING NON-CRT PRODUCTS** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Date: December 15, 2023 |
| | Time: 2:00 pm |
| | Judge: Hon. Jon S. Tigar |
| | Courtroom: 6, 2nd Floor |

1

## NOTICE OF MOTION AND MOTION

2  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3  PLEASE TAKE NOTICE that on December 15, 2023, at 2:00 p.m., or at such other date

4  as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of

5  the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301

6  Clay Street, Oakland, California, Irico Group Corporation and Irico Display Devices Co., Ltd.

7  (collectively, "Irico"), by and through their undersigned counsel, will and hereby does move the

8  Court for an Order precluding Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs" or "IPPs")

9  from introducing evidence or making any reference to or argument at trial regarding any alleged

10  conspiracy involving non-CRT products.

11  This Motion is based on the Notice of Motion, the following Memorandum of Points and

12  Authorities in support thereof, any materials found in the record, along with the argument of

13  counsel and such other matters as the Court may consider.

14  .

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**REQUESTED MOTION IN LIMINE**

This motion seeks to preclude Plaintiffs from introducing any evidence or making reference at trial to alleged conspiracies relating to products other than the CRTs or CRT products presently at issue under FRE 401, 402 and 403.

**MEMORANDUM OF POINTS AND AUTHORITIES**

IPPs' operative complaint and expert reports are littered with references to the alleged LCD conspiracy as well as other unrelated, alleged conspiracies in the electronics industry. *See* Indirect Purchase Plaintiff's Fifth Consolidated Amended Complaint ("Complaint") at ¶¶ 208, 215, 218, 220-24, ECF No. 5589; Carlock Decl., Ex. 1 (Netz 2014 Rep.) at 61, ECF No. 6150; *Id.*, Ex. 5 (Netz 2014 Rebuttal Rep.) at 17, 22-24, 39-40, 95. Some of the alleged conspiracies that IPPs might attempt to introduce and should be precluded include, but are not limited to, conspiracies to fix the prices of LCDs, DRAM, SRAM, compressors, batteries, optical disc drives and projection tubes. IPPs inclusion of some of these alleged conspiracies suggests that they may seek to introduce such evidence at trial. CRTs are the only products at issue in this antitrust litigation, and evidence of any other conspiracies are irrelevant and unduly prejudicial under FRE 401, 402 and 403, especially when there is no suggestion that Irico was involved in any other alleged conspiracy. *United States v. Crouch*, 731 F.2d 621, 623 (9th Cir. 1984).

**ARGUMENT**

**I.    Conspiracies Other Than the Alleged CRT Conspiracy Are Irrelevant and Unduly Prejudicial Under FRE 401, 402, and 403**

Raising any conspiracy, other than the alleged CRT conspiracy at issue, is wholly irrelevant. Any conceivable probative value of such a reference is outweighed by the danger of unfair prejudice, confusion of the issues, and the risk of misleading the jury. *See* Fed. R. Evid. 401, 402, 403. Neither Irico Group nor Irico Display manufactured any of the products related to any other alleged conspiracy. Irico is never alleged to have been a participant in any such conspiracy or named as a defendant in any related litigation. Thus, any evidence on this point is both irrelevant and highly prejudicial.

1    This district has explicitly rejected plaintiffs' prior attempt to introduce evidence of the

2    CRT conspiracy to bolster their claims regarding the LCD conspiracy. *In re TFT-LCD (Flat*

3    *Panel) Antitrust Litig.,* MDL No. 1827, 2010 WL 2629728, at *6 (N.D. Cal. June 29, 2010)

4    ("[T]he fact that some defendants are under investigation for anticompetitive conduct in the

5    cathode ray tube market does not, on its own, state a claim for price-fixing STN LCDs.").  As in

6    *Flat Panel*, IPPs should not be permitted to use evidence of a different conspiracy to attempt to

7    bolster their claims about the CRT conspiracy, especially when Irico is not alleged to have been a

8    participant in any motion.

9    Other courts also routinely reject efforts to bolster an antitrust claim in one market by

10   relying on violations in a different market as improper "attempts at cross-fertilization." *See In re*

11   *Hawaiian & Guamanian Cabotage Antitrust Litig.,* 647 F. Supp. 2d 1250, 1257-58 (W.D. Wash.

12   2009).  Such "if there, then here" arguments are only conceivably relevant where it is the same

13   defendants engaging in the same conduct. *In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d

14   987, 1011 (E.D. Mich. 2010).  Here, Irico had nothing to do with the LCD conspiracy or any

15   other alleged conspiracy to fix the prices or rig bids, including but not limited to those relating to

16   DRAM, SRAM, compressors, batteries, optical disc drives or projection tubes. Any evidence of

17   regarding these conspiracies is therefore irrelevant.

18   IPPs previously admitted that evidence related to the LCD conspiracy was irrelevant and

19   prejudicial: Plaintiffs stated they would oppose introduction of any evidence of another *plaintiff's*

20   participation in the LCD conspiracy, such as Sharp Corporation's guilty plea in that matter.

21   Plaintiffs maintained that such evidence had "enormous prejudicial value" and "zero probative

22   value."  IPPs' & DAP's Mot. for Separate Trials at 5 n.10 (Oct. 3, 2014), ECF No. 2897.  The

23   same is true here, if not moreso: evidence of another defendant's participation in any other

24   alleged conspiracy has zero probative value and enormous prejudicial value.

25   Additionally, introduction of such information would further complicate an already

26   complex trial.  If Plaintiffs are permitted to introduce such evidence, Irico will have to counter

27   this evidence by explaining the differences between CRTs and LCDs, DRAM, SRAM,

28   compressors, batteries, optical disc drives, projection tubes and other components and peripherals

and the markets in which they operate, and the different entities (suppliers and customers) involved.  This is an exercise that can only lead to confusion for the jury.  As this court previously noted when considering the admissibility of an EC Decision related to the CRT industry, "[o]ne function of Rule 403 is to avoid the introduction of 'large quantities of extrinsic evidence to create mini-trials regarding tangentially related matters.  An even greater danger beyond the waste of time is the unfair prejudice to Defendants." Order Mot. Lim., *In Re: Cathode Ray Tube (CRT) Antitrust Litig.*, C-07-5944 JST (ECF No. 3558, 3583) (N.D. Cal. Nov. 15, 2016) (citing *Ioane v. Spjute*, No. 1:07-CV-0620 AWI EPG, 2016 WL 4524752, at *11 (E.D. Cal. Aug. 29, 2016)).

## II.   Otherwise Inadmissible Evidence of Unrelated Conspiracies Cannot Be Admitted by Plaintiffs Impeaching Witnesses on Their Witness List

Plaintiffs cannot avoid rules 401, 402, and 403 by introducing such evidence to impeach a witness whom IPPs call to testify at trial.  A party "must not knowingly elicit testimony from a witness in order to impeach him with otherwise inadmissible testimony." *United States v. Gomez-Gallardo,* 915 F.2d 553, 555 (9th Cir. 1990) (internal quotation marks omitted).  As established in this Circuit, "impeachment is not permitted where it is 'employed as a guise for submitting to the jury substantive evidence that is otherwise unavailable.'"  *United States v. Crouch,* 731 F.2d 621, 623 (9th Cir. 1984).  For example, should IPPs call Chih-Chun "C.C." Liu, a former employee of ACPERA applicant Chunghwa Picture Tubes, Ltd., to testify at trial, IPPs should be not permitted to introduce otherwise inadmissible evidence of his LCD plea agreement, under the guise of impeaching their own witness and therefor evading evade Rules 401, 402, and 403. Similarly, IPPs cannot rely on the rule applicable in criminal cases where the government may introduce the "truth-telling" provisions in a cooperation plea agreement after the witness's credibility has been attacked.  *See United States v. Kats*, 871 F.2d 105, 107 (9th Cir. 1989) (per curiam). Plaintiffs were not a party to C.C. Liu's plea agreement in the LCD case and any "truth-telling" provisions of that agreement are irrelevant because that agreement imposed no obligations on C.C. Liu as to Plaintiffs.

1

## <u>CONCLUSION</u>

2          For all the foregoing reasons, Irico respectfully requests that the Court grant this Motion.

3    Dated: August 11, 2023                    Respectfully submitted,

4

5                                              /s/ *John M. Taladay*
                                               BAKER BOTTS L.L.P.
6                                              John M. Taladay (*pro hac vice*)
                                               Evan J. Werbel (*pro hac vice*)
7                                              Thomas E. Carter (*pro hac vice*)
                                               Andrew L. Lucarelli (*pro hac vice*)
8                                              700 K Street, N.W.
9                                              Washington, D.C. 20001
                                               202.639.7700
10                                             202.639.7890 (fax)
                                               Email: john.taladay@bakerbotts.com
11                                             evan.werbel@bakerbotts.com
                                               tom.carter@bakerbotts.com
12                                             drew.lucarelli@bakerbotts.com

13

14                                             *Attorneys for Defendants Irico Group Corp. and*
                                               *Irico Display Devices Co., Ltd.*
15

16

17

18

19

20

21

22

23

24

25

26

27

28