BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
         evan.werbel@bakerbotts.com
         tom.carter@bakerbotts.com
         drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **IRICO DEFENDANTS' *MOTION IN LIMINE* #6 TO EXCLUDE ANY REFERENCE TO THE DEPARTMENT OF JUSTICE'S CRIMINAL INVESTIGATIONS OF THE CRT INDUSTRY** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Date: December 15, 2023 Time: 2:00 pm Judge: Hon. Jon S. Tigar Courtroom: 6, 2nd Floor |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, at 2:00 p.m., or at such other date as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California, Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico"), by and through their undersigned counsel, will and hereby do move the Court, under Rules 401, 402, 403 and 802 of the Federal Rules of Evidence, to exclude all evidence and reference at trial to the U.S. Department of Justice's ("DOJ") criminal investigations of the cathode ray tube ("CRT") industry, including but not limited to any indictments related to those investigations, DOJ press releases or other references revealing the grand jury investigation, for the reasons set forth in the accompanying Memorandum of Points and Authorities.[1]

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

---

[1] This Motion does not address the guilty plea of Defendant Samsung SDI Company, Ltd., which is the subject of a separately filed motion *in limine* (Defendants' Motion *in Limine* #7).

**REQUESTED MOTION IN LIMINE**

This motion seeks to exclude all evidence and reference at trial relating to the DOJ's investigation into the CRT industry, including all references to the grand jury, resulting indictments,[2] press releases and other related information under Federal Rule of Evidence 401, 402, 403, and 802.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Government investigations and indictments cannot be used in establishing a civil conspiracy claim. *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1024 (N.D. Cal. 2007); Fed. R. Evid. 401. Even if evidence of the investigation and related indictments was relevant, it is unduly prejudicial, risks misleading the jury, and is inadmissible hearsay. Fed. R. Evid. 403, 802.  For the same reason, any stamp on a document to be presented to the jury suggesting that the document was related to a criminal proceeding such as "Grand Jury Materials" or "Produced to the Grand Jury" must be redacted. *See In re TFT-LCD (Flat Panel) Antitrust Litigation,* Case No. 3:07-MD-1827 SI, ECF No. 8295 (N.D. Cal. Mar. 3, 2012) at 70 (granting Defendants' motion in limine to redact "all documents stamped as 'Grand Jury Material' or with other designations that refer to criminal proceeding.").  For the reasons discussed below, Irico requests that the Court exclude evidence and references at trial to the DOJ investigation and related material.

**I.     Governmental Investigations and Indictments are Not Probative as They Do Not Make It More Likely that Alleged Conduct Occurred.**

That the DOJ impaneled a grand jury and investigated an alleged price fixing conspiracy in the CRT industry does not make it more probable that the alleged conduct occurred. Fed. R. Evid. 401, 402. The existence of a DOJ investigation "carries no weight" and "is a non-factor" in establishing a civil antitrust conspiracy claim. *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1024 (N.D. Cal. 2007). Here, Irico never received a grand jury subpoena

---

[2] The DOJ obtained indictments Cheng Yuan "C.Y." Lin, Wen Jun "Tony" Cheng, Seung-Kyu "Simon" Lee, Yeong-Ug "Albert" Yang, a.k.a. Yeong-Wook Yang, a.k.a. Yong-Shu Yang, a.k.a. Yong-Shu Liang, a.k.a. Young-Uk Yang, a.k.a. Yeong-Eug Yang, and Jae-Sik Kim. None of these individuals worked for Irico, but instead were employed by Samsung SDI or Chunghwa Picture Tubes, LTD. None of these individuals were tried or pled guilty to the charges.

1   nor was it contacted by the Department of Justice as part of the CRT investigation, further

2   confirming the lack of relevance of the DOJ investigation to the matters currently before the

3   Court. In addition to excluding evidence related to the criminal investigation, documents that

4   reveal the existence of a grand jury proceeding through stamps placed on the documents such as

5   "Grand Jury Material" or "Produced to the Grand Jury" should be redacted to preclude the jury

6   from learning of the criminal investigation or speculating as to the relevance of the reference to

7   the grand jury.  *See TFT-LCD,* Case No. 3:07-MD-1827 SI, ECF No. 8295 at 70.

8          Further, an "indictment is not evidence of any kind." *In re Knerr*, 361 B.R. 858, 862

9   (Bankr. N.D. Ohio 2007) (citation and quotation omitted); *Scholes v. African Enter., Inc*., 854 F.

10   Supp. 1315, 1324 (N.D. Ill. 1994) (an indictment contains only allegations and has no probative

11   value), aff'd, 56 F.3d  750 (7th Cir. 1995); *United States v. Cox*, 536 F.2d 65, 72 (5th Cir. 1976)

12   ("It is hornbook law that indictments cannot be considered as evidence . . . ."); *In re Worldcom,*

13   *Inc. Sec. Litig.*, No.  02 CIV 3288 DLC, 2005 WL 375315, at *9 (S.D.N.Y. Feb. 17, 2005)

14   (excluding criminal indictments of WorldCom executives in a civil class action proceeding

15   against WorldCom, Inc., observing: "The Government cannot rely on an indictment to prove its

16   case at trial, and the parties here cannot rely on the Government's indictment to prove theirs.").

17   **II.     Evidence of the DOJ Investigation and Resulting Indictments Is Unfairly Prejudicial.**

18          Evidence of the DOJ's investigation into the CRT industry and related indictments in the

19   CDT industry should also be excluded because, while they are of little to no relevance to the

20   allegations against Irico, the risk of prejudice to Irico is great. Fed. R. Evid. 401, 402, 403; *See,*

21   *e.g., Baxter Health Care Corp. v. Spectramed Inc.*, No. SA  CV 89-131 AHS (RWRx), 1992 WL

22   340763, at *3 (C.D. Cal. Aug. 27, 1992) ("[R]eference to the  indictment or to the fact that [the

23   witness] has been charged . . . would cause a substantial degree of prejudice that outweighs its

24   probative value.").  Admitting the individual indictments here would be unfairly prejudicial,

25   would mislead the jury and would waste time. Fed. R. Evid. 403; *Ioane v. Spjute*, No. 1:07-CV-

26   0620 AWI EPG, 2016 WL 4524752, at *11 (E.D. Cal. Aug. 29, 2016) (Rule 403 prohibits the

27   introduction of "large quantities of extrinsic evidence to create mini-trials regarding tangentially

28   related matters").

The individual indictments here implicate executives and employees of former codefendants, Chunghwa Picture Tubes and Samsung SDI, none of which refer to Irico. Furthermore, the scope of the conspiracy outlined in the indictments is much narrower than the conspiracy alleged in Plaintiffs' complaint, further limiting their relevance and increasing the risk of unfair prejudice. Plaintiffs here allege a broad conspiracy involving both CDTs and CPTs and spanning March 1995 to November 2007. *See, e.g*., Indirect Purchaser Plaintiffs' Fifth Consolidated Amended Complaint, ECF No. 5589 at ¶142. In contract, the indictments of the individuals are limited to CDTs that were sold only from January 1997 to March 2006.

This Court has also previously recognized the potential danger of admitting evidence that codefendants had been found liable in another proceeding.  *See* Order re Motions in Limine, ECF No. 5034 ("If a jury hears that some or all of the Defendants have been found liable by the EC, it will be very difficult for the jury not to find them liable as well."); *see also* Order re Motions in Limine, ECF No. 3558, 3583.  Even more so here, where there are only allegations and no findings of liability as to these individuals, the potential prejudice to Irico is even greater, and the potential probative value greatly reduced.

**III.    Assertions Made in the Course of the DOJ Investigations, Indictments and Press Releases Are Inadmissible Hearsay.**

Governmental assertions made during an investigation and resulting indictments and press releases are also inadmissible hearsay, and no hearsay exception applies. Fed. R. Evid. 801-804; *see, e.g., Ruffalo's  Trucking Serv. v. Nat'l Ben-Franklin Ins. Co. of Pittsburgh*, 243 F.2d 949, 953 (2d Cir. 1957) ("The  indictment, since it was only hearsay, was clearly inadmissible for any purpose."); *In re Knerr*, 361  B.R. at 862 (striking indictment from evidence on the ground that "it is inadmissible hearsay and has not resulted in any plea or conviction"); *Scholes*, 854 F. Supp. at 1324 (indictment inadmissible in part because it "contains only hearsay"); *In re Worldcom*, 2005 WL 375315, at *8-9 (rejecting argument that indictment could be used to show state of mind or was admissible under any other exception to hearsay rule). Allowing these indictments or statements made by the government to be presented to the jury would be misleading and cause the jury to place undue weight on hearsay.

1    For these reasons, the Court should exclude any evidence of the DOJ's CRT investigation

2    and any indictments, press releases or other related materials.   The Court should also require

3    redaction of any stamp on a document to be shown to the jury that suggests a document was

4    produced to a grand jury, including but not limited to "Grand Jury Materials" and "Produced to

5    the Grand Jury."

6                                    <u>**CONCLUSION**</u>

7    For all the foregoing reasons, Irico respectfully requests that the Court grant this Motion.

8    Dated: August 11, 2023                    Respectfully submitted,

9

10                                            <u>/s/ *John M. Taladay*</u>
                                              BAKER BOTTS LLP
11                                            John M. Taladay (*pro hac vice*)
                                              Evan J. Werbel (*pro hac vice*)
12                                            Thomas E. Carter (*pro hac vice*)
                                              Andrew L. Lucarelli (*pro hac vice*)
13                                            700 K Street, N.W.
                                              Washington, D.C. 20001
14                                            202.639.7700
                                              202.639.7890 (fax)
15                                            Email: john.taladay@bakerbotts.com
                                              evan.werbel@bakerbotts.com
16                                            tom.carter@bakerbotts.com
                                              drew.lucarelli@bakerbotts.com
17

18

19                                            *Attorneys for Defendants Irico Group Corp. and*
                                              *Irico Display Devices Co., Ltd.*
20

21

22

23

24

25

26

27

28