BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S *MOTION IN LIMINE* #4 TO PRECLUDE THE PARTIES FROM CONFLATING CNEIECC WITH ANY IRICO ENTITY** |
| | Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

|   |   |
|---|---|
| 1 | **NOTICE OF MOTION AND MOTION** |
| 2 | TO ALL PARTIES AND THEIR COUNSEL OF RECORD: |

1  **NOTICE OF MOTION AND MOTION**

2  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3  PLEASE TAKE NOTICE that on December 15, 2023, at 2:00 p.m., or at such other date

4  as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of

5  the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301

6  Clay Street, Oakland, California, Defendants Irico Group Corp. and Irico Display Devices Co.,

7  Ltd. (collectively, "Irico"), by and through their undersigned counsel, will and hereby do move

8  the Court for an Order precluding Irico and Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs"

9  or "IPPs," collectively with Irico, the "Parties") from conflating China National Electronics

10  Import & Export Caihong Co. ("CNEIECC") with any Irico entity at trial, including referring to

11  CNEIECC as a subsidiary of any Irico entity, referring to or implying a corporate affiliation

12  between CNEIECC and any Irico entity, and from referring to CNEIECC sales or employees as if

13  they were Irico sales or employees.

14  This Motion is based on the Notice of Motion, the following Memorandum of Points and

15  Authorities in support thereof, any materials found in the record, accompanying Declaration of

16  Wyatt M. Carlock and Declaration of Donald Clarke, along with the argument of counsel and

17  such other matters as the Court may consider.

## REQUESTED MOTION IN LIMINE

This motion seeks to preclude the Parties from conflating China National Electronics Import & Export Caihong Co. ("CNEIECC") with any Irico entity at trial, including referring to CNEIECC as a subsidiary of any Irico entity, referring to or implying a corporate affiliation between CNEIECC and any Irico entity, and from referring to CNEIECC sales or employees as if they were Irico sales or employees.

## MEMORANDUM OF POINTS AND AUTHORITIES

CNEIECC was at all times during the class period a separate legal entity unaffiliated with any Irico entity. The Plaintiffs should be precluded from referring to CNEIECC as Irico Group's "subsidiary" or "affiliate", from suggesting the existence of any corporate relationship between CNEIECC and any Irico entity, from referring to CNEIECC's sales as if they were Irico's sales, and from stating or implying that any CNEIECC employee was an employee of any Irico entity. Likewise, Plaintiffs should be precluded from stating or implying that CNEIECC was Irico's alter ego or agent. Allowing any such attempt would admit irrelevant evidence, would be unfairly prejudicial, confuse the issues, and mislead the jury. Fed. R. Evid. 401, 402, 403.

## ARGUMENT

**I.  CNEIECC was a separate entity that was wholly unrelated to any Irico entity including either of the Irico Defendants.**

Official government and historical documents, verified by Irico's expert on Chinese law, Prof. Donald Clarke, prove beyond any reasonable dispute that CNEIECC was a separate legal entity, wholly unrelated to any Irico entity throughout the relevant time period. Despite knowing this fact, IPPs have latched on to a few loose strands of evidence to attempt to confuse the issue and imply a corporate affiliation between Irico and CNEIECC during the class period, when in fact none existed. By doing so, Plaintiffs appear intent upon obfuscating the truth, misleading the jury, and implying that the conduct of a separate and unrelated company, that is not a party to this litigation, equates to conduct of Irico.

As official government records make clear, from 1987 through 2014 – which includes the entirety of the relevant time period – CNEIECC was a wholly owned subsidiary of a state-owned

company called China National Electronics Import & Export Corporation ("CEIEC"), with which Irico had no corporate relationship. Documents created by Shaanxi provincial government authorities, as well as CNEIECC's Articles of Association, confirm CNEIECC's status as a wholly owned subsidiary of CEIEC beginning in 1987.[1] Clarke Decl. Ex. A (stating that CNEIECC was a "professional subsidiary directly under CEIEC…"); Carlock Decl. Ex. 1 (Dep. Ex. 8614, IRI-CRT-00003797) (1987 Articles of Association stating that CNEIECC was "owned directly by CEIEC"). Contemporaneous sales contracts created in 2004 show an arms-length relationship between Irico and CNEIECC and verify CNEIECCs' continued independence from Irico during the relevant time period, Carlock Decl. Ex. 2 (Dep. Ex. 8397, IRI-CRT-00003669E), and CNEIECC's invoices bear CEIEC's logo, *Id.* Ex. 3 (Dep. Ex. 8407, IRI-CRT-00003576E at -577). Other Irico documents submitted to the Chinese government confirm that Irico had no relationship with CNEIECC during the relevant period. *Id.* Ex. 4 (Dep. Ex. 8615, IRI-CRT-00028800 at -803) ("CNEIECC is a subsidiary company of [CEIEC] … so CNEIECC is *not considered a related party to Irico Group*.") (emphasis added); *see also Id.* Ex. 11 (Yan Yunlong Dep. Tr. 282:4-307:6, 324:13-328:10) (testimony by Irico Group's in-house counsel confirming CNEIECC's ownership history). Finally, corporate registration records available through the China National Enterprise Credit Information Publicity System, a public record of the Chinese government, reaffirm CNEIECC's independence from Irico Group until 2014.[2] Clarke Decl. Ex. B; ¶¶ 12-19. Those records demonstrate that Irico Group acquired 100% of CNEIECC's

---

[1] As explained in the government notice approving the 1987 ownership transfer to CEIEC, CNEIECC's name changed from "IRICO Electronics Import & Export Company" to "China National Electronics Import & Export Caihong Co." at that time. Clarke Decl. Ex. A at 1.

[2] In the context of Irico's motions to dismiss for lack of jurisdiction, the Court previously declined to consider these records due to a lack of foundational testimony. ECF No. 5637 at 4. The attached expert declaration of Professor Donald Clarke establishes the authenticity, admissibility as foreign public records, and authoritative nature of these records from the Chinese State Administration for Market Regulation. Clarke Decl. ¶¶ 10-19; *see Elohim EPF USA, Inc. v. Total Music Connection, Inc.*, No. CV 14-02496-BRO (EX), 2015 WL 12655556, at *9 (C.D. Cal. Oct. 1, 2015) (finding that a printout of a search run on California's copyright registration website qualified under the public records hearsay exception); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 505 F. Supp. 1125, 1187 (E.D. Pa. 1980) ("[I]t is clear that [Rule] 803(8) permits admission of records that are the products of foreign governmental agencies."). The Court may also take judicial notice of authenticated government records. *See L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011) (taking judicial notice of a records search from a California state government website).

shares from CEIEC in 2014 – a fact that would be impossible if Irico Group already owned those shares. *Id.*

IPPs' attempts to connect Irico to CNEIECC fail because IPPs have relied on portions of documents that *mistakenly* refer to a relationship between the two where none exists. *See, e.g.,* Indirect Purchaser Plaintiffs' Opposition to the Irico Defendants' Amended Motions to Dismiss ("IPPs' FSIA Opp.") at 7 n.25, ECF No. 5440 (citing Dep. Ex. 8401 (IRI-CRT-00002041-2105); IRI-CRT-00000956 at -999); Carlock Decl. Ex. 7 (IRI-CRT-00000508 at -509). But rare errors in organizational charts or other documents over a 12-year relevant period cannot erase the legal truth reflected in official records dealing precisely with the relevant factual issue.  The information from official Chinese government sources substantiates CNEIECC's legal independence from any Irico entity during the relevant time period.

II.     **Plaintiffs should be precluded from wrongly conflating CNEIECC and any Irico defendant.**

Evidence relating to the actions of a wholly unrelated non-party company should be excluded because it is not relevant to the allegations against Irico Group or Irico Display. Whatever conceivable probative value it may have would be substantially outweighed by its prejudicial effect and would confuse the issues and mislead the jury. Fed R. Evid. 401, 402, 403.

   a. **Plaintiffs should be precluded from alleging or implying any corporate relationship between CNEIECC and Irico.**

IPPs should be precluded from referring to CNEIECC, counterfactually, as any Irico entity's "wholly-owned subsidiary." *See, e.g.*, IPPs' FSIA Opp. at 7. Allowing Plaintiffs to do so when they have not pled sufficient facts to establish such a relationship has no probative value, would be unfairly prejudicial, and would mislead the jury. *See In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 555 F. Supp. 3d 829, 883 (N.D. Cal. 2021) (denying antitrust claim where Defendants' antitrust claims relied on purchases from a non-party defendant and Defendants had failed to allege that the non-party was a subsidiary of Defendant).

Moreover, Plaintiffs should be excluded from referring to any evidence that could imply a corporate relationship between CNEIECC and any Irico entity. In particular, Plaintiffs should not be permitted to refer to CNEIECC sales or CNEIECC employees as Irico sales or employees of

any Irico company. Plaintiffs should not be allowed to capitalize on sporadic errors or mistakes of others in this regard and should therefore not be permitted to identify or represent that a CNEIECC employee is an employee of any Irico entity, even if another party mistakenly does so. *See, e.g.,* Ex. 8 (Irico Defendants' Objs. and Resps. to Indirect Purchaser Pls.' 4th Set of Interrogs. to Irico Group Corporation and Irico Display Devices Co., Ltd.) at 9-11). As discussed above, Plaintiffs cannot present any reliable evidence to contradict the plain, authoritative evidence that CNEIECC was an independent legal entity from Irico and controlled by a separate state-owned parent company throughout the relevant time period. That the companies had some business relationships and other interactions or commonalities does not alter this fact. *See In re LexinFintech Holdings Ltd. Sec. Litig.*, No. 3:20-CV-1562-SI, 2021 WL 5530949, at *10 (D. Or. Nov. 24, 2021) ("[T]he fact that two companies share a business address and certain contact information does not necessarily establish that they are the same company, or have common ownership or control."); *In re ALB-GOLD Teigwaren GmbH*, No. 19MC1166MKBST, 2019 WL 4140852, at *6 (E.D.N.Y. Aug. 30, 2019) ("The fact that two or more corporations have the same shareholders or officers, or both, does not destroy their character as distinct entities; nor does similarity or identity in names make two corporations the same…."). Any reference to a corporate relationship between any Irico entity and CNEIECC should be excluded under Rule 403.

### b. Plaintiffs should be precluded from attempting to offer evidence suggesting that CNEIECC was Irico's "alter ego" or agent.

CNEIECC was an independent entity with no legal relationship to Irico. *See* Section I, *supra*; *Single Source, Inc. v. Harvey*, No. 07 C 1201, 2008 WL 5114623, at *1 (N.D. Ill. 2008) (granting motion in limine to bar evidence relating to a "separate legal entity" despite sharing the same name as the defendant). Plaintiffs have pleaded nothing whatsoever to support a theory of recovery for CNEIECC's actions under an alter ego theory, agency theory, or under any other theory that CNEIECC was otherwise owned or controlled by Irico. *See* Indirect Purchaser Plaintiffs' Fifth Consolidated Amended Complaint, ECF No. 5589 (making no mention of CNEIECC whatsoever).[3] Despite knowing as early as 2009 that CNEIECC purchased and

---

[3] The Court previously denied the Direct Purchaser Plaintiffs' request to include CNEIECC, among other entities, in their class notice for similar reasons. *See* ECF No. 6116 at 2 (denying

exported Irico products, *see* Carlock Decl. Exs. 9-10 (Dep. Exs. 8400, 8610, Pillsbury letter attaching Irico response to Plaintiffs' Information Request) at 4, and having amended their complaint five times including as recently as 2019, *see* ECF No. 5589, Plaintiffs have failed to ever name CNEIECC as a wrongdoer or plead that CNEIECC stood in the shoes of Irico in any respect. As such, Plaintiffs should be precluded from relying on any of these unpled legal theories to save their arguments at this stage of the litigation by ascribing CNEIECC conduct in any way to any Irico entity. *See Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003) ("[A] plaintiff must allege specifically both of the elements of alter ego liability, as well as facts supporting each."); *Romero v. U.S. Bank, N.A*., No. 16-CV-02286-MMC, 2016 WL 3916384, at *3 (N.D. Cal. July 20, 2016) (holding that where a plaintiff seeks to hold a defendant liable for acts by the agent, "the plaintiff must allege with specificity the factual basis for the alleged agency relationship.") (citing *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (internal quotations omitted)); *Imageline, Inc. v. CafePress.com, Inc.*, No. CV 10-9794 PSG MANX, 2011 WL 1322525, at *4 (C.D. Cal. Apr. 6, 2011) ("To sufficiently plead an agency relationship, a plaintiff must allege facts demonstrating the principal's control over its agent.").

Now, unable to show evidence of direct U.S. sales by Irico Group or Display, IPPs instead attempt to rely on a few sales made by **CNEIECC** – nearly all of which were never shipped to the U.S. or were non-CRT products – to attempt to draw a direct connection between **Irico** and the United States.[4] IPPs' FSIA Opp. at 7-10. But allowing IPPs to do so at trial would distort the record and ignore the independence of CNEIECC, serving only to unfairly prejudice Irico and threaten to mislead and confuse jurors. Any such evidence should be excluded. Fed. R. Evid. 403; Fed. R. Evid. 611 ("The court should exercise reasonable control over the mode … of … presenting evidence so as to: (1) make those procedures effective for determining the truth").

For all the foregoing reasons, Irico Group and Irico Display respectfully request that the Court grant their motion.

---

DPPs' request to include "in [their] class notice entities as to which no allegations have been made and about the inclusion of which the parties do not agree").

[4] As addressed in concurrently filed motions in limine, the fact that these CNEIECC sales were not shipped to the United States and included non-CRT products, and thus are irrelevant to IPPs' claims, are each independent bases on which that evidence should be excluded from trial.

| | |
|---|---|
| Dated: August 11, 2023 | Respectfully submitted,<br><br>/s/ *John M. Taladay*<br>BAKER BOTTS LLP<br>John M. Taladay (*pro hac vice*)<br>Evan J. Werbel (*pro hac vice*)<br>Thomas E. Carter (*pro hac vice*)<br>Andrew L. Lucarelli (*pro hac vice*)<br>700 K Street, N.W.<br>Washington, D.C. 20001<br>202.639.7700<br>202.639.7890 (fax)<br>Email: john.taladay@bakerbotts.com<br>evan.werbel@bakerbotts.com<br>tom.carter@bakerbotts.com<br>drew.lucarelli@bakerbotts.com<br><br>*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.* |