# **<u>EXHIBIT 8</u>**

1   BAKER BOTTS L.L.P.
    John M. Taladay (*pro hac vice*)
2   Evan J. Werbel (*pro hac vice*)
    Thomas E. Carter (*pro hac vice*)
3   Andrew L. Lucarelli (*pro hac vice*)
    700 K Street, N.W.
4   Washington, D.C. 20001
    (202)-639-7700
5   (202)-639-7890 (fax)
    Email: john.taladay@bakerbotts.com
6           evan.werbel@bakerbotts.com
            tom.carter@bakerbotts.com
7           drew.lucarelli@bakerbotts.com

8   Jonathan Shapiro (State Bar No. 257199)
    101 California Street, Suite 3600
9   San Francisco, California 94111
    (415) 291-6200
10  (415) 291-6300 (fax)
    Email: jonathan.shapiro@bakerbotts.com
11

12   *Attorneys for Defendants*
     *IRICO GROUP CORP. and*
13   *IRICO DISPLAY DEVICES CO., LTD.*

14

15              **UNITED STATES DISTRICT COURT**

16             **NORTHERN DISTRICT OF CALIFORNIA**

17                  **OAKLAND DIVISION**

18

19   IN RE: CATHODE RAY TUBE (CRT)          Master File No. 07-cv-05944-JST
     ANTITRUST LITIGATION                   (N.D. Cal.)
20
                                            MDL No. 1917
21
     This Document Relates to:             **IRICO DEFENDANTS' OBJECTIONS**
22                                         **AND RESPONSES TO INDIRECT**
     *ALL INDIRECT PURCHASER ACTIONS*      **PURCHASER PLAINTIFFS' FOURTH**
23                                         **SET OF INTERROGATORIES TO**
                                           **IRICO GROUP CORPORATION AND**
24                                         **IRICO DISPLAY DEVICES CO., LTD.**

25

26   PROPOUNDING PARTY:        Indirect Purchaser Plaintiffs

27   RESPONDING PARTIES:       Irico Group Corporation
                               Irico Display Devices Co., Ltd.
28   SET NUMBER:               Four

─────────────────────────────────────────────────────────────
IRICO'S OBJECTIONS AND RESPONSES TO          Master File No. 07-cv-05944-JST
IPP'S FOURTH SET INTERROGATORIES                              MDL No. 1917

1    Pursuant to Federal Rules of Civil Procedure 26 and 33, Irico Group Corporation and Irico

2 Display Devices Co, Ltd. (collectively, "Irico" or "Irico Defendants") hereby provides these

3 responses to the Indirect Purchaser Plaintiffs' ("Plaintiffs") Fourth Set of Interrogatories to Irico

4 Group Corporation and Irico Display Devices Co., Ltd., dated December 14, 2021

5 ("Interrogatories"). Irico reserves the right to amend or supplement these Objections and

6 Responses (the "Responses") to the extent allowed by the Federal Rules of Civil Procedure and

7 the Local Rules of Practice in Civil Proceedings before the United States District Court for the

8 Northern District of California ("Local Rules"). Subject to and without waiving any of Irico's

9 General and Specific Objections as set forth below, Irico is willing to meet and confer with

10 Plaintiffs regarding such General and Specific Objections.

11    The following Responses are made only for purposes of this case. The Responses are

12 subject to all objections as to relevance, materiality and admissibility, and to any and all

13 objections on any ground that would require exclusion of any response if it were introduced in

14 court. All evidentiary objections and grounds are expressly reserved.

15    These Responses are subject to the provisions of the Stipulated Protective Order issued by

16 the Court on June 18, 2008 ("Protective Order"). Irico's Responses are hereby designated

17 "Confidential" in accordance with the provisions of the Protective Order.

18 ## GENERAL OBJECTIONS

19    Irico makes the following General Objections to Plaintiffs' Interrogatories:

20    1.    Irico's Responses are based upon information available to and located by Irico as

21 of the date of service of these Responses. In responding to Plaintiffs' Interrogatories, Irico states

22 that it has conducted a diligent search, reasonable in scope, of those files and records in its

23 possession, custody, or control believed to likely contain information responsive to Plaintiffs'

24 Interrogatories.

25    2.    No express, incidental, or implied admissions are intended by these Responses and

26 should not be read or construed as such.

27    3.    Irico does not intend, and its Responses should not be construed as, an agreement

28 or acquiescence with any characterization of fact, assumption, or conclusion of law contained in

---

1   or implied by the Requests.

2         4.     Irico has made a good faith and reasonable attempt to ascertain whether

3   information responsive to Plaintiffs' Interrogatories exists and is properly producible, and has

4   produced or made available for examination non-privileged responsive materials located during

5   the course of that reasonable search.

6         5.     To the extent that Irico refers to any pleading, expert report, or other filing in its

7   Specific Responses, Irico incorporates by reference all exhibits and/or evidence cited therein.

8         6.     Irico objects to Plaintiffs' Interrogatories to the extent that they are overly broad,

9   unduly burdensome, oppressive, and duplicative to the extent that they seek information or

10   documents that are already in the possession, custody, or control of Plaintiffs.

11         7.     Irico objects to Plaintiffs' Interrogatories to the extent that they seek to impose

12   obligations on Irico beyond those of the Federal Rules of Civil Procedure, the Local Rules, or any

13   Order of this Court.

14         8.     Irico objects to Plaintiffs' Interrogatories to the extent that they request duplicative

15   discovery in violation of the Order Re Discovery And Case Management Protocol, ECF No.

16   1128. *See* Order Re Plaintiffs' Motions To Compel Supplemental Discovery From Toshiba And

17   Panasonic, ECF No. 4128, at 4 ("The Discovery Protocol (ECF No 1128), requires parties to

18   coordinate discovery and not file duplicative discovery. . . . The benefit redounds to all parties on

19   both sides of the litigation, by conserving the efforts required by Plaintiffs and protecting

20   defendants against unnecessary duplication of effort.") (Report and Recommendation adopted in

21   full at ECF No. 4256).

22         9.     Irico objects to Plaintiffs' Interrogatories to the extent they seek information that is

23   not relevant or disproportionate to the needs of the case.

24         10.     Irico objects to Plaintiffs' Interrogatories to the extent that they are vague,

25   ambiguous, or susceptible to more than one interpretation. Irico has attempted to construe such

26   vague or ambiguous Interrogatories so as to provide for the production of responsive information

27   that is proportionate to the needs of the case. If Plaintiffs subsequently asserts an interpretation of

28   any Interrogatory that differs from Irico's understanding, Irico reserves the right to supplement or

1  amend its Responses.

2       11.    Irico objects to Plaintiffs' Interrogatories to the extent that they contain terms that

3  are insufficiently or imprecisely defined. Irico shall attempt to construe such vague or ambiguous

4  Interrogatories so as to provide for the production of responsive information that is proportionate

5  to the needs of the case.

6       12.    Irico objects to Plaintiffs' Interrogatories to the extent that they seek information

7  that is protected from disclosure by the attorney-client privilege, work product doctrine, joint

8  defense or common interest privilege, self-evaluative privilege, or any other applicable privilege

9  or immunity. Irico provides only information that it believes to be non-privileged and otherwise

10  properly discoverable. Nothing in Irico's responses is intended nor should be construed as a

11  waiver of any such privilege or immunity. The inadvertent or mistaken provision of any

12  information or responsive documents subject to any such doctrine, privilege, protection or

13  immunity from production shall not constitute a general, inadvertent, implicit, subject-matter,

14  separate, independent or other waiver of such doctrine, privilege, protection or immunity from

15  production.

16       13.    Irico objects to Plaintiffs' Interrogatories to the extent that they call for

17  information that is not in the possession, custody, or control of Irico. Irico also objects to the

18  extent that any of Plaintiffs' Interrogatories seek information from non-parties or third parties,

19  including but not limited to any of Irico's subsidiary or affiliated companies.

20       14.    Irico objects to Plaintiffs' Interrogatories to the extent that responding would

21  require Irico to violate the privacy and/or confidentiality of a third party or confidentiality

22  agreement with a third party.

23       15.    Irico objects to Plaintiffs' Interrogatories to the extent that they seek information

24  that is publicly available, already in Plaintiffs' possession, custody, or control, or more readily

25  available from other sources.

26       16.    Irico objects to Plaintiffs' Interrogatories to the extent that they seek information

27  or documents concerning transactions outside the United States. Such Requests are unduly

28  burdensome and disproportionate to the needs of the case as Plaintiffs' class definition is confined

1   to "individuals and entities that indirectly purchased Cathode Ray Tube Products . . . in the United

2   States" (see Indirect Purchaser Plaintiffs' Fifth Consolidated Amended Complaint ("Complaint")

3   dated September 19, 2019).

4       17.    Irico objects to Plaintiffs' Interrogatories to the extent that compliance would

5   require Irico to violate the laws, regulations, procedures, or orders of a judicial or regulatory body

6   of foreign jurisdictions.

7       18.    Irico's responses pursuant to Plaintiffs' Interrogatories should not be construed as

8   either (i) a waiver of any of Irico's general or specific objections or (ii) an admission that such

9   information or documents are either relevant or admissible as evidence.

10      19.    Irico objects to Plaintiffs' Interrogatories to the extent that they are compound

11  and/or contain discrete subparts in violation of Federal Rule of Civil Procedure 33(a)(1).

12      20.    Irico objects to Plaintiffs' Interrogatories to the extent that they state and/or call for

13  legal conclusions.

14      21.    Irico objects to the Interrogatories to the extent that they contain express or implied

15  assumptions of fact or law with respect to the matters at issue in this case.

16      22.    Irico objects to the Interrogatories to the extent they seek information or

17  documents that cannot be removed or transmitted outside China without violating the laws and

18  regulations of that country, including but not limited to restrictions on the transmission of state

19  secrets or trade secrets as those terms are defined under Chinese law.

20      23.    Irico objects to the Interrogatories to the extent that they are premature and/or

21  implicate expert analysis and disclosures. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 Wl

22  9558055 (N.D. Cal. May 19, 2011). Irico further objects to each Interrogatory to the extent that it:

23  (a) conflicts with obligations that are imposed by the Federal Rules of Civil Procedure, the Civil

24  Local Rules of this Court, and/or any other applicable rule; (b) seeks information that is the

25  subject of expert testimony; and/or (c) seeks information that is dependent on depositions and

26  documents of third-parties that have not been discovered.

27      24.    Irico reserves the right to assert additional General and Specific Objections as

28  appropriate to supplement these Responses.

1    These General Objections apply to each Interrogatory as though restated in full in the

2 responses thereto. The failure to mention any of the foregoing General Objections in the specific

3 responses set forth below shall not be deemed as a waiver of such objections or limitations.

4                    **GENERAL OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

5    1.    Irico objects to the definitions of "Including" and "Relating" (Definition No. 1) on

6 the grounds that it calls for a legal conclusion and is otherwise vague, ambiguous, and overly

7 broad. Irico further objects to this definition to the extent that it attempts to impose burdens on

8 Irico beyond those imposed by the Federal Rules of Civil Procedure. Irico further objects to this

9 definition to the extent that it seeks information protected by the attorney client or other

10 applicable privilege, attorney work product doctrine, or otherwise seeks to violate rights of

11 privacy under U.S. or foreign law.

12    2.    Irico objects to the definitions of "You," "Your," and "Irico" (Definition No. 2) to

13 the extent that Plaintiffs defines those terms to include the Irico's "present and former members,

14 officers, agents, employees, and all other persons acting or purporting to act on their behalf,

15 including all present and former members, officers, agents, employees, and all other persons

16 exercising or purporting to exercise discretion, making policy, and make decisions." This

17 definition is overbroad, unduly burdensome, vague, and ambiguous. In particular, Irico objects to

18 this definition to the extent it purports to request information beyond the possession, custody, or

19 control of Irico Group or Irico Display, including but not limited to information in the possession

20 of non-parties and third parties where Irico lacks any duty to obtain or otherwise search for the

21 information and for whom the Court lacks personal jurisdiction. Irico also objects to the inclusion

22 of all "present or former employees, officers, directors, agents . . . or any other person acting on

23 [the] behalf [of]" Irico within this definition to the extent it purports to encompass information

24 that is protected by attorney-client privilege, work product protection or any other applicable

25 doctrine, privilege, protection or immunity or otherwise calls for a legal conclusion.

26    3.    Irico objects to the definition of "Identify" (Definition No. 3) on the grounds that

27 the definition is overly broad, unduly burdensome, and seeks information that is neither relevant

28 nor proportionate to the needs of the case.

4.      Irico objects to the definition of "Document" (Definition No. 5) to the extent it seeks to impose requirements that are beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules, any Order of this Court, or any other applicable laws.

5.      Irico objects to the definition of "CRT" (Definition No. 6) on the grounds that it is vague, ambiguous and overly broad.

6.      Irico objects to Instruction No. 1 (related to disclosure of additional information) to the extent it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 26(e).

7.      Irico objects to Instruction No. 2 (related to production of business records) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 33(d), Rule 26(b). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any Orders of the Court.

8.      Irico objects to Instruction No. 3 (related to privileged information) to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under the Federal Rules of Civil Procedure, including, without limiting the generality of the foregoing, Rule 33(d), Rule 26(b)(5)(A) and Rule 26(e)(1). Irico further objects to this Instruction to the extent that it purports to impose burdens or obligations broader than, inconsistent with, or not authorized under, the Local Rules and any Orders of the Court, and on the grounds that it is vague, ambiguous, and inconsistent with common usage. Irico further objects to this Instruction to the extent it seeks information that would disclose personal confidential information and/or violate any and all rights of privacy under the United States Constitution or Article I of the Constitution of the State of California, or any other applicable law or state constitution, or that is otherwise prohibited from disclosure because to do so would cause Irico to violate legal and/or contractual obligations to any other persons or entities.

1    **SPECIFIC RESPONSES TO INTERROGATORIES**

2    **INTERROGATORY NO. 1**

3        Identify all individuals or Departments within Irico that used or maintained each of

4    the following email addresses during the Relevant Period:

5        A.   jingyuan@irico.com.cn

6        B.   Jill-yy@163.com

7        C.   yliang6699@163.com

8        D.   yliang@hotmail.com

9        E.   yliang@irico.com.cn

10       F.   pqwang@irico.com.cn

11       G.  xsgsyxb@ch.com.cn

12       H.  yht@ch.com.cn

13       I.   yj-xs@ch.com.cn

14       J.   ryz@ch.com.cn

15       K.  zhangjing@ch.com.cn

16       L.  fanxj@ch.com.cn

17       M. rggao@irico.com.cn

18       N.  xjhao@irico.com.cn

19       O.  ly-xs@ch.com.cn

20       P.  lg@chyg.com

21       Q.  shatao@irico.com.cn

22       R.  lumimate@public.xa.sn.cn

23       S.  sxl-xs@ch.com.cn

24       T.  shs-xs@ch.com.cn

25       U.  Is7071@sina.com

26       V.  hywen@irico.com.cn

27       W. dqxing@ch.com.cn

28       X.  hdyang@irico.com.cn

1    Y.  wjp7858@sina.com

2    Z.  zhsw@ch.com.cn

3    AA.    ZLM-XS@ch.com.cn

4    BB.    chks@chinairico.com

5    CC.    zcf@ch.com.cn

6    **<u>RESPONSE TO INTERROGATORY NO. 1</u>**

7          In addition to Irico's General Objections, which Irico incorporates by reference, Irico

8    specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

9    not proportional to the needs of the case, and seeks information that is maintained by and equally

10   available to Plaintiffs or stated in publicly available documents. Irico objects to this Interrogatory

11   on the grounds that it calls for a legal conclusion. Irico objects that the terms "used" or

12   "maintained" is vague and ambiguous, rendering this Interrogatory overbroad, unduly

13   burdensome, and not proportionate to the needs of the case.

14         Subject to and without waiving the foregoing objections, Irico responds as follows:

15         <u>INTERROGATORY NO. 1A</u>

16         This email address was not used by an Irico employee during the course of their

17   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

18   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

19   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

20         <u>INTERROGATORY NO. 1B</u>

21         This email address, which was not issued or managed by Irico, appears to have been used

22   by Liang Yuan.

23         <u>INTERROGATORY NO. 1C</u>

24         This email address, which was not issued or managed by Irico, appears to have been used

25   by Liang Yuan.

26         <u>INTERROGATORY NO. 1D</u>

27         This email address, which was not issued or managed by Irico, appears to have been used

28   by Liang Yuan.

1   INTERROGATORY NO. 1E

2       This email address was not used by an Irico employee during the course of their

3   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

4   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

5   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

6   INTERROGATORY NO. 1F

7       This email address was not used by an Irico employee during the course of their

8   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

9   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

10  another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

11  INTERROGATORY NO. 1G

12      After conducting a reasonable search, Irico acknowledges that it issued and maintained

13  email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

14  employee who used this email address during the Relevant Period.

15  INTERROGATORY NO. 1H

16      After conducting a reasonable search, Irico acknowledges that it issued and maintained

17  email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

18  employee who used this email address during the Relevant Period.

19  INTERROGATORY NO. 1I

20      This email address was used by Yao Jun.

21  INTERROGATORY NO. 1J

22      After conducting a reasonable search, Irico acknowledges that it issued and maintained

23  email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

24  employee who used this email address during the Relevant Period.

25  INTERROGATORY NO. 1K

26      After conducting a reasonable search, Irico acknowledges that it issued and maintained

27  email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

28  employee who used this email address during the Relevant Period.

1   INTERROGATORY NO. 1L

2   After conducting a reasonable search, Irico acknowledges that it issued and maintained

3   email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

4   employee who used this email address during the Relevant Period.

5   INTERROGATORY NO. 1M

6   This email address was not used by an Irico employee during the course of their

7   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

8   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

9   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

10   INTERROGATORY NO. 1N

11   This email address was not used by an Irico employee during the course of their

12   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

13   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

14   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

15   INTERROGATORY NO. 1O

16   This email address was used by Liang Yuan.

17   INTERROGATORY NO. 1P

18   This email address, which was not issued or managed by Irico, appears to be associated

19   Kunshan Caihong Yingguang Electronics Co., Ltd. Irico does not have additional detail regarding

20   that company's use of this email address or who within the company used the email address.

21   INTERROGATORY NO. 1Q

22   This email address was not used by an Irico employee during the course of their

23   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

24   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

25   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

26   INTERROGATORY NO. 1R

27   This email address, which was not issued or managed by Irico, appears to be associated

28   with Shaanxi IRICO Phosphor Material Co. Ltd. Irico does not have additional detail regarding

1   that company's use of this email address or who within the company used the email address.

2       INTERROGATORY NO. 1S

3       This email address was used by Shen Xiaolin.

4       INTERROGATORY NO. 1T

5       After conducting a reasonable search, Irico acknowledges that it issued and maintained

6   email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

7   employee who used this email address during the Relevant Period.

8       INTERROGATORY NO. 1U

9       After conducting a reasonable search, Irico cannot determine whether this address was

10   used by an Irico employee during the Relevant Period. This email domain was not maintained by

11   Irico, who issued and maintained email addresses with the "@ch.com.cn" domain.

12       INTERROGATORY NO. 1V

13       This email address was not used by an Irico employee during the course of their

14   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

15   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

16   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

17       INTERROGATORY NO. 1W

18       This email address was used by Xing Daoqin.

19       INTERROGATORY NO. 1X

20       This email address was not used by an Irico employee during the course of their

21   employment with Irico, nor was the email domain "@irico.com.cn" maintained by Irico during

22   the Relevant Period. Irico understands that this email domain (@irico.com.cn) was used by

23   another company, China National Electronics Import & Export Caihong Co. ("CNEIECC").

24       INTERROGATORY NO. 1Y

25       After conducting a reasonable search, Irico cannot determine whether this address was

26   used by an Irico employee during the Relevant Period. This email domain was not maintained by

27   Irico, who issued and maintained email addresses with the "@ch.com.cn" domain.

28       INTERROGATORY NO. 1Z

1    This email address was used by Zhang Shaowen.

2    INTERROGATORY NO. 1AA

3    After conducting a reasonable search, Irico acknowledges that it issued and maintained

4    email addresses with the "@ch.com.cn" domain, however Irico cannot identify a specific Irico

5    employee who used this email address during the Relevant Period.

6    INTERROGATORY NO. 1BB

7    After conducting a reasonable search, Irico cannot determine whether this address was

8    used by an Irico employee during the Relevant Period. This email domain was not maintained by

9    Irico, who issued and maintained email addresses with the "@ch.com.cn" domain.

10    INTERROGATORY NO. 1CC

11    This email address was used by Zou Changfu.

12    **INTERROGATORY NO. 2**

13    Identify all email addresses used or maintained by Irico employees during the Relevant

14    Period that are not set forth in Interrogatory No. 1 above.

15    **RESPONSE TO INTERROGATORY NO. 2**

16    In addition to Irico's General Objections, which Irico incorporates by reference, Irico

17    specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

18    not proportional to the needs of the case, and seeks information that is maintained by and equally

19    available to Plaintiffs or stated in publicly available documents. Irico objects to this Interrogatory

20    on the grounds that it calls for a legal conclusion. Irico objects that the terms "used" and

21    "maintained" are vague and ambiguous, rendering this Interrogatory overbroad, unduly

22    burdensome, and not proportionate to the needs of the case.

23    Subject to and without waiving the foregoing objections, Irico responds that it does not

24    maintain a comprehensive list of email addresses used or maintained by Irico employees during

25    the Relevant Period in the normal course of its business. Irico further responds that its

26    departments or employees used email addresses with the domain @ch.com.cn during the Relevant

27    Period. For addresses assigned to individual employees, the email address typically consisted of

28    parts of the first and last name of the employee.

---

1    Irico has been able to identify the following email addresses that were used or maintained

2    by Irico employees during the Relevant Period that are not set forth in Interrogatory No. 1 above:

3    antx@ch.com.cn; bjjtbgs@ch.com.cn; blbgs@ch.com.cn; chlj@ch.com.cn; chltb@ch.com.cn;

4    chrdbgs@ch.com.cn; chtw@ch.com.cn; chuntao@ch.com.cn; chuxh@ch.com.cn;

5    chxning@ch.com.cn; chyy@ch.com.cn; cq-bgs@ch.com.cn; crgs@ch.com.cn; cwc@ch.com.cn;

6    cwccpl@ch.com.cn; cwcyh@ch.com.cn; dlcbgs@ch.com.cn; dongj@ch.com.cn;

7    dongzf@ch.com.cn; dwxcb@ch.com.cn; dwzzb@ch.com.cn; Dzqbgs@ch.com.cn;

8    fdcsyb@ch.com.cn; fmq@ch.com.cn; fzghb@ch.com.cn; gcgs@ch.com.cn; gechao@ch.com.cn;

9    gfbgs@ch.com.cn; gfoffice@ch.com.cn; gfzjb@ch.com.cn; ghswb@ch.com.cn; gmq@ch.com.cn;

10   hansheng@ch.com.cn; hrj@ch.com.cn; jcma@ch.com.cn; jtbgs@ch.com.cn; jtfls@ch.com.cn;

11   jtgzb@ch.com.cn; jtjszx@ch.com.cn; ksbgs@ch.com.cn; lgm@ch.com.cn; limiao@ch.com.cn;

12   liuxi@ch.com.cn; liuyw@ch.com.cn; lsbgs@ch.com.cn; lsk@ch.com.cn; luhb@ch.com.cn;

13   lwd@ch.com.cn; nanying@ch.com.cn; office@ch.com.cn; pjc@ch.com.cn; psg@ch.com.cn;

14   pxzx@ch.com.cn; qdf@ch.com.cn; rggao@ch.com.cn; rjc@ch.com.cn; rsnn@ch.com.cn;

15   scbgs@ch.com.cn; sjb@ch.com.cn; stock@ch.com.cn; sungzh@ch.com.cn; sxh@ch.com.cn; sxl-

16   xs@ch.com.cn; szhybgs@ch.com.cn; taokui@ch.com.cn; tlj@ch.com.cn; tohaobo@ch.com.cn;

17   txh@ch.com.cn; wanglm@ch.com.cn; wangxf@ch.com.cn; wbcbgs@ch.com.cn;

18   weixj@ch.com.cn; wjp@ch.com.cn; wxm@ch.com.cn; wyq@ch.com.cn; wzbgs@ch.com.cn;

19   wzj-xs@ch.com.cn; yanyunlong@ch.com.cn; yczgw@ch.com.cn; Ygf_bgs@ch.com.cn;

20   yws@ch.com.cn; yzl@ch.com.cn; zccwc@ch.com.cn; zcgac@ch.com.cn; zcgh@ch.com.cn;

21   zcjcc@ch.com.cn; zcn@ch.com.cn; zhangw@ch.com.cn; zhc@ch.com.cn; zhczbgs@ch.com.cn;

22   zlbbgs@ch.com.cn; and Zx.office@ch.com.cn.

23   **INTERROGATORY NO. 3**

24   State the date that You retained Pillsbury Withrop Shaw & Pittman, LLP ("Pillsbury") to

25   represent You in this case.

26   **RESPONSE TO INTERROGATORY NO. 3**

27   Irico incorporates its General Objections as set forth above. Irico further objects to the

28   Interrogatory to the extent that it purports to seek information protected under the attorney-client

---

1    privilege or the attorney work product doctrine.

2         Subject to and without waiving the foregoing objections, Irico responds that it retained

3    Pillsbury to represent Irico in this case on or about January 24, 2008.

4    **INTERROGATORY NO. 4**

5         Identify all Persons who communicated with Pillsbury attorneys on Your behalf regarding

6    this case after You were served with the IPPs' complaint on December 25, 2007.

7    **RESPONSE TO INTERROGATORY NO. 4**

8         Irico incorporates its General Objections as set forth above. Irico further objects to the

9    Interrogatory to the extent that it purports to seek information protected under the attorney-client

10   privilege or the attorney work product doctrine.

11        Subject to and without waiving the foregoing objections, Irico identifies the following

12   individuals who communicated with Pillsbury attorneys on Irico's behalf regarding this case after

13   Irico was served with the IPPs' complaint on December 25, 2007: Yan Yunlong.

14   **INTERROGATORY NO. 5**

15        State whether any of Your communications with Pillsbury attorneys regarding this case

16   were in writing, and if so, whether those Documents have been preserved. If any such

17   communications have not been preserved:

18        a.    Identify each Person or document custodian whose communications with Pillsbury

19              were destroyed, discarded, erased, deleted, purged or lost;

20        b.    State the date on which each responsive document was destroyed, discarded,

21              erased, deleted, purged or lost;

22        c.    Identify each person or document custodian who had any role or responsibility in

23              destroying, discarding, erasing, purging, deleting, or losing of each such document

24              or information; and

25        d.    Describe in detail the circumstances under which each such document was

26              destroyed, discarded, erased, deleted, purged, or lost.

27   **RESPONSE TO INTERROGATORY NO. 5**

28        Irico incorporates its General Objections as set forth above. Irico further objects to the

1   Interrogatory to the extent that it purports to seek information protected under the attorney-client

2   privilege or the attorney work product doctrine.

3        Subject to and without waiving the foregoing objections, Irico responds that it did

4   occasionally communicate with Pillsbury Winthrop Shaw & Pittman, LLP in writing and that, to

5   the best of its knowledge, those documents have been preserved either in Irico's files or in the

6   files of counsel.

7   **INTERROGATORY NO. 6**

8        State whether You consulted with Your former counsel, Pillsbury Withrop Shaw &

9   Pittman, LLP ("Pillsbury"), in determining to preserve only "documents related to sales of CRTs

10  to the United States" in mid-2008?

11  **RESPONSE TO INTERROGATORY NO. 6**

12       Irico incorporates its General Objections as set forth above. Irico further objects to the

13  Interrogatory to the extent that it purports to seek information protected under the attorney-client

14  privilege or the attorney work product doctrine.

15       Subject to and without waiving the foregoing objections, Irico responds that it consulted

16  with its former counsel, Pillsbury Winthrop Shaw & Pittman, LLP, regarding document

17  preservation, but not on the specific decision in determining to preserve only documents related to

18  sales of CRTs to the United States in mid-2008.

19  **INTERROGATORY NO. 7**

20       As to each of the Defenses set forth in Your Answers to IPPs' Fifth Consolidated

21  Complaint (ECF Nos. 5873, 5875):

22       a.      State all facts that You rely on to support Your contention;

23       b.      Identify each Person You contend has knowledge of facts that support Your

24               contention; and

25       c.      Identify each Document You contend supports Your contention

26  **RESPONSE TO INTERROGATORY NO. 7**

27       In addition to Irico's General Objections, which Irico incorporates by reference, Irico

28  specifically objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome,

1  not proportional to the needs of the case, and seeks information that is maintained by and equally

2  available to Plaintiffs or stated in publicly available documents. Irico objects to this Interrogatory

3  on the grounds that it calls for a legal conclusion. Irico objects that the term "support" is vague

4  and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not

5  proportionate to the needs of the case. Irico also objects to this Interrogatory on the grounds that it

6  contains impermissible subparts as Irico has identified forty-one defenses in its Answer to the

7  Plaintiffs' Complaint. Irico also objects to this Interrogatory to the extent it improperly tries to

8  shift the evidentiary burden that Plaintiffs alone carry to Irico. Irico further objects to Plaintiffs'

9  Interrogatories to the extent that they request duplicative discovery in violation of the Order Re

10  Discovery And Case Management Protocol, ECF No. 1128. *See* Order Re Plaintiffs' Motions To

11  Compel Supplemental Discovery From Toshiba And Panasonic, ECF No. 4128, at 4 ("The

12  Discovery Protocol (ECF No 1128), requires parties to coordinate discovery and not file

13  duplicative discovery. . . . The benefit redounds to all parties on both sides of the litigation, by

14  conserving the efforts required by Plaintiffs and protecting defendants against unnecessary

15  duplication of effort.") (Report and Recommendation adopted in full at ECF No. 4256). Plaintiffs'

16  request is duplicative, in part or in whole, of the following discovery requests: Interrogatory No. 7

17  of Indirect Purchaser Plaintiffs' First Set of Interrogatories; Interrogatory Nos. 17-20 of Direct

18  Purchaser Plaintiffs' First Set of Interrogatories; and, Interrogatory Nos. 16-23 of Direct

19  Purchaser Plaintiffs Arch Electronics, Inc.'s First Set of Interrogatories to Irico Group

20  Corporation and Irico Display Devices Co., Ltd.

21      Subject to and without waiving the foregoing objections, Irico responds as follows:

22      **<u>INTERROGATORY RESPONSE AS TO IRICO'S FIRST DEFENSE</u>**

23      The Complaint fails to state a claim upon which relief can be granted.

24  **<u>RESPONSE</u>**

25      Subject to and without waiving the objections stated above, and based on its present

26  knowledge, Irico responds by stating that Irico withdraws its First Defense.

27

28

1

### INTERROGATORY RESPONSE AS TO IRICO'S SECOND DEFENSE

2      Plaintiffs' claims for any foreign purchases, if any, should be dismissed to the extent that

3    they are barred, in whole or in part, because Plaintiffs have failed to allege facts sufficient to

4    support a claim under the Foreign Trade Antitrust Improvements Act, 15 U.S.C. § 6a.

5     **RESPONSE**

6       Irico further objects that this Interrogatory is premature given that no Irico witnesses have

7    been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

8    *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

9    also objects to this interrogatory on the ground that it calls for a legal argument or legal

10   conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

11   the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

12      Subject to and without waiving the objections stated above, Irico contends that Plaintiffs

13   have failed to allege facts sufficient to support a claim under the Foreign Trade Antitrust

14   Improvements Act ("FTAIA"), 15 U.S.C. § 6a. At all relevant times, the North American CRT

15   market was unique and separate from other foreign markets, including China. In supporting its

16   claims, Plaintiffs rely on alleged meetings and communications that occurred outside the United

17   States that discuss and relate to CRTs sold outside the United States. Plaintiffs have not

18   established how it is entitled to any relief under FTAIA based on their purchases of either CRT

19   products outside of the United States or their purchase of CRT products containing CRTs

20   manufactured and/or purchased outside the United States. Irico also identifies the following

21   evidence under FRCP 33(d): Irico Group Corporation's Amended Motion to Dismiss Claims of

22   Indirect Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)),

23   March 19, 2019; Irico Display Devices Co., Ltd.'s Amended Motion to Dismiss Claims of

24   Indirect Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)),

25   March 19, 2019; Irico Defendants' Reply in Support of Amended Motions to Dismiss Claims of

26   Indirect Purchaser Plaintiffs for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1)),

27   May 13, 2019.

28

1    **INTERROGATORY RESPONSE AS TO IRICO'S THIRD DEFENSE**

2         Plaintiffs' claims and the claims of any putative class members are barred, in whole or in

3    part, because the alleged conduct of [Group or Display] that is the subject of the Complaint either

4    occurred outside the jurisdiction of the Court or was neither directed to nor affected persons,

5    entities, trade or commerce in the United States, or both.

6    **RESPONSE**

7         Irico further objects that this Interrogatory is premature given that no Irico witnesses have

8    been deposed relating to merits issues and expert analysis and disclosures have not yet begun.

9    *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011).

10   Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal

11   conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

12   the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

13        Subject to and without waiving the objections stated above, and despite the Interrogatory's

14   demand for proof of facts and evidence of events that did not take place, Irico asserts no evidence

15   has been brought in the above captioned matter that indicates that Irico manufactured, sold, or

16   distributed CRTs in the United States during the class period. In particular, Irico will be

17   producing compilations of its sales records that demonstrate that Irico did not sell CRTs to the

18   United States. Irico also identifies the following evidence under FRCP 33(d): Direct Purchaser

19   Plaintiffs' Supplemental Objections and Responses to Defendants Irico Group Corp. and Irico

20   Display Devices Co., Ltd.'s First Set of Interrogatories to Direct Purchaser Plaintiffs, July 14,

21   2021; Irico Defendants' Sixth Supplemental Objections and Responses to Direct Purchaser

22   Plaintiffs' First Set of Interrogatories, January 7, 2022; Irico Defendants' Third Supplemental

23   Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories, January 7,

24   2022; Irico Defendants' Supplemental Objections and Responses to Indirect Purchaser Plaintiffs'

25   Third Set of Interrogatories to Irico Group Corporation and Irico Display Devices Co., Ltd.,

26   January 21, 2022; Rule 30(b)(6) Deposition of Irico Group Corp. and Irico Display Devices Co.,

27   Ltd., March 6-8, 2019.

28        Irico identifies the following persons with knowledge regarding this Interrogatory: Wang

1  Zhaojie and Su Xiaohua.

2  **INTERROGATORY RESPONSE AS TO IRICO'S FOURTH DEFENSE**

3  Plaintiffs' claims should be dismissed for uncertainty and vagueness and because their

4  claims are ambiguous, and/or unintelligible. [Group or Display] avers that Plaintiffs' claims do

5  not describe the events or legal theories with sufficient particularity to permit [Group or Display]

6  to ascertain what other defenses may exist. [Group or Display] therefore reserves the right to

7  amend its Answer to assert additional defenses and/or supplement, alter, or change its Answer

8  and/or defenses upon the discovery of more definitive facts upon the completion of its

9  investigation and discovery.

10  **RESPONSE**

11  Irico further objects to this interrogatory on the ground that it calls for a legal argument or

12  legal conclusion.

13  Subject to and without waiving the objections stated above, Irico contends that Plaintiffs'

14  Complaint names the following entities under the title "Irico:" Irico Group Corporation, Irico

15  Display Devices Co., Ltd., and Irico Group Electronics Co., Ltd. Despite naming these three

16  corporate entities, Plaintiffs throughout their complaint make allegations against "Irico" that

17  purportedly refer to all three corporate entities collectively. For example, Plaintiffs make

18  allegations in its Complaint that use the term "Irico" in the following paragraphs: 2, 150, and 185.

19  Plaintiffs attempt to use a single term to refer to one, several, or all of the "Irico Entities" makes

20  every such instance ambiguous and unintelligible regarding any specific allegation for Irico

21  Group's or Irico Display's conduct.

22  **INTERROGATORY RESPONSE AS TO IRICO'S FIFTH DEFENSE**

23  Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

24  part, because Plaintiffs have failed to allege fraud or fraudulent concealment with sufficient

25  particularity.

26  **RESPONSE**

27  Irico further objects to this interrogatory on the ground that it calls for a legal argument or

28  legal conclusion. Irico also objects to this interrogatory to the extent that it improperly tries to

1   shift the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

2         Subject to and without waiving the objections stated above, and based on its present

3   knowledge, Irico responds by stating that Irico withdraws its Fifth Defense.

4   **INTERROGATORY RESPONSE AS TO IRICO'S SIXTH DEFENSE**

5         Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

6   part, because Plaintiffs have failed to allege conspiracy with sufficient particularity.

7   **RESPONSE**

8         Irico further objects to this interrogatory on the ground that it calls for a legal argument or

9   legal conclusion. Irico also objects to this interrogatory to the extent that it improperly tries to

10  shift the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

11        Subject to and without waiving the objections stated above, and based on its present

12  knowledge, Irico responds by stating that Irico withdraws its Sixth Defense.

13  **INTERROGATORY RESPONSE AS TO IRICO'S SEVENTH DEFENSE**

14        Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

15  by the applicable statute(s) of limitations.

16  **RESPONSE**

17        Subject to and without waiving the objections stated above, and based on its present

18  knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants'

19  Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

20  Interrogatories, June 25, 2021.

21  **INTERROGATORY RESPONSE AS TO IRICO'S EIGHTH DEFENSE**

22        Plaintiffs' claims and the claims of any putative class members are barred, in whole or in

23  part, because the actions or practices of [Group or Display] that are the subject of the Complaint

24  were undertaken unilaterally for legitimate business reasons and in pursuit of [Group or

25  Display]'s independent interests and those of its customers, and were not the product of any

26  contract, combination or conspiracy between Group and any other person or entity.

27  **RESPONSE**

28

---

1    Irico further objects that this Interrogatory is premature given that no Irico witnesses have

2    been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

3    *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

4    also objects to this interrogatory on the ground that it calls for a legal argument or legal

5    conclusion.

6        Subject to and without waiving the objections stated above, Irico contends that its acts or

7    practices were undertaken unilaterally for legitimate business reasons and in pursuit of Irico's

8    independent interests. In addition, Irico asserts no evidence has been brought in the above

9    captioned matter that indicates that its actions were not undertaken unilaterally for legitimate

10   business reasons and in pursuit of Irico's independent interests. Pursuant to Rule 33(d) of the

11   Federal Rules of Civil Procedure, Irico relies on the following evidence to support its contention

12   that at all times its acts or practices were undertaken unilaterally for legitimate business reasons

13   and in pursuit of Irico's independent interests: Reply Brief of Irico In Support of Motion to Set

14   Aside Default at 10-11, ECF No. 5229; Exs. A – F to the Declaration of Stuart C. Plunkett in

15   Support of Motion to Set Aside Default, ECF Nos. 5229-02 through -07; IRI-CRT-00010133;

16   IRI-CRT-00010449; IRI-CRT-00010468; IRI-CRT-00026812; IRI-CRT-00030226; IRI-CRT-

17   00030865; IRI-CRT-00031457; BMCC-CRT000002761; BMCC-CRT000002762;

18   CHU00029175E; CHU00029179E; CHU00029259E; CHU00030067E; CHU00030777E;

19   CHU00030941E; CHU00030973E; CHU00031018E; CHU00031032; CHU00031044E; and,

20   CHU00031070E.

21       Irico further contends that Irico's pricing-related conduct was compelled by the Chinese

22   government and based on duly enacted laws and/or regulations of the People's Republic of China.

23   Irico relies on the following evidence to support this contention:

24   - The State Planning Commission and the State Economic and Trade Commission

25       issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

26       Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

27       Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

28       No. 5229-02.

1      • Notice of the State Planning Commission on Issuing the "Measures for the

2          Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

3          Implementation)" – effective as of March 1, 1999. *See*

4          https://law.lawtime.cn/d448076453170.html.

5      • Notice of the State Planning Commission and the Ministry of Information Industry

6          on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

7          Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

8          B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

9          Default, ECF No. 5229-03.

10     • Notice on submitting cost information of color TV and color tube industry issued

11         by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

12         Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

13     • Notice on the issuance of the average production cost of some types of color

14         picture tubes and color TV industries issued by the Ministry of Information

15         Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

16         the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

17         ECF No. 5229-04.

18     • Notice on the issuance of the average production cost of certain types of color TV

19         industries issued by the Ministry of Information Industry on August 25, 2000. *See*

20         Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

21         Default, ECF No. 5229-06.

22     • Notice on the issuance of the average production cost of some industries of color

23         picture tubes issued by the Ministry of Information Industry on September 14,

24         2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

25         Set Aside Default, ECF No. 5229-07.

26     Irico identifies the following employees as having knowledge regarding this Interrogatory:

27     Wang Zhaojie and Su Xiaohua.

28

---

IRICO'S OBJECTIONS AND RESPONSES TO          22          Master File No. 07-cv-05944-JST
IPP'S FOURTH SET INTERROGATORIES                              MDL No. 1917

## INTERROGATORY RESPONSE AS TO IRICO'S NINTH DEFENSE

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because Plaintiffs and/or certain members of the putative classes have failed to allege "antitrust injury" – i.e., injury that is of the type the antitrust laws were intended to remedy.

### RESPONSE

Irico further objects that this Interrogatory is premature given that no Irico witnesses have been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

Subject to and without waiving the objections stated above, Irico asserts that Plaintiffs have not established facts that demonstrate that they were actually or proximately injured by reason of any act or omission by Irico. Irico further states that Plaintiffs were not actually or proximately injured by reason of any act or omission by Irico because Irico did not conspire or enter into any agreements regarding the price of CRTs in the United States market, and did not violate any of the laws set forth in the Plaintiffs' Amended Complaint.

Irico states that because Plaintiffs seek to recover for purchases of CRT products as indirect purchasers, Plaintiffs have failed to meet their burden of demonstrating they were injured in a way that the antitrust laws were enacted to prevent. The Ninth Circuit has established that in the absence of a direct relationship with the defendants, a Plaintiffs must be a participant in the allegedly restrained market in order to have suffered "antitrust injury." *See Am. Ad. Mgmt., Inc. v. General Tel. Co.*, 190 F.3d 1051, 1057 (9th Cir. 1999) ("Antitrust injury requires the Plaintiffs to have suffered its injury in the market where competition is being restrained. Parties whose injuries, though flowing from that which makes the defendant's conduct unlawful, are experienced in another market do not suffer antitrust injury"); see also *Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters* ("*AGC*"), 549 U.S. 519, 538 (1983) (antitrust laws are designed to "protect[] the economic freedom of participants in the relevant market").

1          Additionally, Irico states that Plaintiffs have not come forward with a reliable

2    methodology to prove the existence of the amount, if any, of pass-through injury to all members

3    of the class. Although not limited to the following, Irico relies on the information contained in the

4    Expert Report of Janusz A. Ordover, Ph.D., August 5, 2014 (IPP Action) at 14-36, and the Expert

5    Report of Janusz A. Ordover, Ph.D., August 5, 2014 (Various DAP Actions) at 14-30.

6          Irico further states that various retailers have testified that they did not uniformly pass

7    through any price increases in CRT Products to consumers. This evidence further establishes that

8    Plaintiffs have not and cannot show which members, if any, of the indirect purchaser class have

9    suffered any alleged injury. Although not limited to the following, Irico relies on the following

10   information: Deposition Tr. of Brian Stone, Dec. 3, 2012 ("Stone Dep. Tr."), at 117:4-22 ("Cost

11   increases that a manufacturer is intending to push across may not be reflected in the overall

12   pricing for the end consumer based upon Best Buy's company's strategy, intent of that product

13   category, the product availability, and the overall competitive nature of the . . . space."); id. at

14   167:21-169:1 ("There could be instances where due to competitive pricing forces costs could go

15   up, but retail pricing may not be able to go up based upon in-country availability of products,

16   competitive forces, seasonality."); Rule 30(b)(6) Deposition of Office Depot July 24, 2014

17   ("Office Depot 30(b)(6) Dep. Tr."), at 147:16-148:7 ("[W]e will look at the market, we will look

18   at what's in the market, look at the competitive intelligence of what people are carrying, what

19   they are selling production for, what's in our current assortment, what we're charging for that, and

20   in most cases you cannot increase and pass, the customers just won't buy it because it will be

21   overpriced."); Rule 30(b)(6) Deposition Tr. of Interbond Corp. of America, d/b/a Brandsmart

22   USA (through witness Larry Sinewitz), Feb. 6, 2014 ("Interbond 30(b)(6) Dep. Tr."), at 287:13-

23   20; Deposition Tr. of Aimee Fields, June 4, 2014 ("Fields Dep. Tr."), at 125:12-126:3; Rule

24   30(b)(6) Deposition Tr. of Fry's Electronics (through witness Raj Seth) (rough transcript), Aug.

25   27, 2014 ("Fry's 30(b)(6) Dep. Tr."), at 182:6-184:10; Rule 30(b)(6) Deposition Tr. of

26   TigerDirect, Inc. (through witness George Ali) (rough transcript), Aug. 28, 2014 ("TigerDirect

27   30(b)(6) Dep. Tr.").

28

**INTERROGATORY RESPONSE AS TO IRICO'S TENTH DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, because any acts or practices of [Group or Display] that are the subject of the Complaint were cost justified or otherwise economically justified and resulted from a good faith effort to meet competition or market conditions.

**RESPONSE**

Irico further objects that this Interrogatory is premature given that no Irico witnesses have been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion.

Subject to and without waiving the objections stated above, Irico contends that its acts or practices were cost justified or otherwise economically justified, and resulted from a good faith effort to meet competition or market conditions. In addition, Irico asserts no evidence has been brought in the above captioned matter that indicates any action or practice of Irico was not cost justified, otherwise economically justified, or did not result from a good faith effort to meet competition or market conditions. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Irico relies on the following evidence to support its contention that at all times its acts or practices were cost justified or otherwise economically justified, and resulted from a good faith effort to meet competition or market conditions: Reply Brief of Irico In Support of Motion to Set Aside Default at 10-11, ECF No. 5229; Exs. A – F to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF Nos. 5229-02 through -07; IRI-CRT-00010133; IRI-CRT-00010449; IRI-CRT-00010468; IRI-CRT-00026812; IRI-CRT-00030226; IRI-CRT-00030865; IRI-CRT-00031457; BMCC-CRT000002761; BMCC-CRT000002762; CHU00029175E; CHU00029179E; CHU00029259E; CHU00030067E; CHU00030777E; CHU00030941E; CHU00030973E; CHU00031018E; CHU00031032; CHU00031044E; and, CHU00031070E.

Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang Zhaojie and Su Xiaohua.

## **INTERROGATORY RESPONSE AS TO IRICO'S ELEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of [Group or Display] that is the subject of the Complaint was caused by, due to, based upon, or in response to directives, laws, regulations, policies, and/or acts of governments, governmental agencies and entities, and/or regulatory agencies, and such is non-actionable or privileged.

## **RESPONSE**

Irico further objects that this Interrogatory is premature given that no Irico witnesses have been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion.

Subject to and without waiving the objections stated above, Irico contends that Irico's pricing-related conduct was compelled by the Chinese government and based on duly enacted laws and/or regulations of the People's Republic of China. Irico relies on the following evidence to support this contention:

- The State Planning Commission and the State Economic and Trade Commission issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-02.

- Notice of the State Planning Commission on Issuing the "Measures for the Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial Implementation)" – effective as of March 1, 1999. *See* https://law.lawtime.cn/d448076453170.html..

- Notice of the State Planning Commission and the Ministry of Information Industry on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

1   B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

2   Default, ECF No. 5229-03.

3   • Notice on submitting cost information of color TV and color tube industry issued

4   by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

5   Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

6   • Notice on the issuance of the average production cost of some types of color

7   picture tubes and color TV industries issued by the Ministry of Information

8   Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

9   the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

10   ECF No. 5229-04.

11   • Notice on the issuance of the average production cost of certain types of color TV

12   industries issued by the Ministry of Information Industry on August 25, 2000. *See*

13   Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

14   Default, ECF No. 5229-06.

15   • Notice on the issuance of the average production cost of some industries of color

16   picture tubes issued by the Ministry of Information Industry on September 14,

17   2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

18   Set Aside Default, ECF No. 5229-07.

19   Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

20   Zhaojie and Su Xiaohua.

21   **INTERROGATORY RESPONSE AS TO IRICO'S TWELFTH DEFENSE**

22   Plaintiffs' claims are barred, in whole or in part, because the alleged conduct of [Group or

23   Display] that is the subject of the Complaint was caused by or in response to duly enacted laws

24   and/or regulations of the People's Republic of China and is therefore protected under the foreign

25   sovereign compulsion doctrine, the act of state doctrine, and international comity.

26   **RESPONSE**

27   Irico further objects that this Interrogatory is premature given that no Irico witnesses have

28   been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

1   *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

2   also objects to this interrogatory on the ground that it calls for a legal argument or legal

3   conclusion.

4       Subject to and without waiving the objections stated above, Irico contends that Irico's

5   pricing-related conduct was compelled by the Chinese government and based on duly enacted

6   laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

7   to support this contention:

8   • The State Planning Commission and the State Economic and Trade Commission

9       issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

10      Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

11      Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

12      No. 5229-02.

13  • Notice of the State Planning Commission on Issuing the "Measures for the

14      Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

15      Implementation)" – effective as of March 1, 1999. *See*

16      https://law.lawtime.cn/d448076453170.html.

17  • Notice of the State Planning Commission and the Ministry of Information Industry

18      on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

19      Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

20      B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

21      Default, ECF No. 5229-03.

22  • Notice on submitting cost information of color TV and color tube industry issued

23      by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

24      Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

25  • Notice on the issuance of the average production cost of some types of color

26      picture tubes and color TV industries issued by the Ministry of Information

27      Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

28

1    the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

2    ECF No. 5229-04.

3    •   Notice on the issuance of the average production cost of certain types of color TV

4    industries issued by the Ministry of Information Industry on August 25, 2000. *See*

5    Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

6    Default, ECF No. 5229-06.

7    •   Notice on the issuance of the average production cost of some industries of color

8    picture tubes issued by the Ministry of Information Industry on September 14,

9    2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

10   Set Aside Default, ECF No. 5229-07.

11   Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

12   Zhaojie and Su Xiaohua.

13   **INTERROGATORY RESPONSE AS TO IRICO'S THIRTEENTH DEFENSE**

14   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

15   part, because no Plaintiffs has been injured in its business or property by reason of any action of

16   Group.

17   **RESPONSE**

18   Irico further objects that this Interrogatory is premature given that no Irico witnesses have

19   been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

20   *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

21   also objects to this interrogatory on the ground that it calls for a legal argument or legal

22   conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

23   the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

24   Subject to and without waiving the objections stated above, Irico asserts that Plaintiffs

25   have not established facts that demonstrate that they were actually or proximately injured by

26   reason of any act or omission by Irico. Irico further states that Plaintiffs were not actually or

27   proximately injured by reason of any act or omission by Irico because Irico did not conspire or

28   enter into any agreements regarding the price of CRTs in the United States market, and did not

---

IRICO'S OBJECTIONS AND RESPONSES TO      29      Master File No. 07-cv-05944-JST
IPP'S FOURTH SET INTERROGATORIES                 MDL No. 1917

1    violate any of the laws set forth in the Plaintiffs' Amended Complaint.

2            Irico states that because Plaintiffs seek to recover for purchases of CRT products as

3    indirect purchasers, Plaintiffs have failed to meet their burden of demonstrating they were injured

4    in a way that the antitrust laws were enacted to prevent. The Ninth Circuit has established that in

5    the absence of a direct relationship with the defendants, a Plaintiffs must be a participant in the

6    allegedly restrained market in order to have suffered "antitrust injury." *See Am. Ad. Mgmt., Inc. v.*

7    *General Tel. Co.*, 190 F.3d 1051, 1057 (9th Cir. 1999) ("Antitrust injury requires the Plaintiffs to

8    have suffered its injury in the market where competition is being restrained. Parties whose

9    injuries, though flowing from that which makes the defendant's conduct unlawful, are

10   experienced in another market do not suffer antitrust injury"); see also *Assoc. Gen. Contractors of*

11   *Cal. v. Cal. State Council of Carpenters* ("*AGC*"), 549 U.S. 519, 538 (1983) (antitrust laws are

12   designed to "protect[] the economic freedom of participants in the relevant market").

13           Additionally, Irico states that Plaintiffs have not come forward with a reliable

14   methodology to prove the existence of the amount, if any, of pass-through injury to all members

15   of the class. Although not limited to the following, Irico relies on the information contained in the

16   Expert Report of Janusz A. Ordover, Ph.D., August 5, 2014 (IPP Action) at 14-36, and the Expert

17   Report of Janusz A. Ordover, Ph.D., August 5, 2014 (Various DAP Actions) at 14-30.

18           Irico further states that various retailers have testified that they did not uniformly pass

19   through any price increases in CRT Products to consumers. This evidence further establishes that

20   Plaintiffs have not and cannot show which members, if any, of the indirect purchaser class have

21   suffered any alleged injury. Although not limited to the following, Irico relies on the following

22   information: Deposition Tr. of Brian Stone, Dec. 3, 2012 ("Stone Dep. Tr."), at 117:4-22 ("Cost

23   increases that a manufacturer is intending to push across may not be reflected in the overall

24   pricing for the end consumer based upon Best Buy's company's strategy, intent of that product

25   category, the product availability, and the overall competitive nature of the . . . space."); id. at

26   167:21-169:1 ("There could be instances where due to competitive pricing forces costs could go

27   up, but retail pricing may not be able to go up based upon in-country availability of products,

28   competitive forces, seasonality."); Rule 30(b)(6) Deposition of Office Depot July 24, 2014

---

IRICO'S OBJECTIONS AND RESPONSES TO          30          Master File No. 07-cv-05944-JST
IPP'S FOURTH SET INTERROGATORIES                                MDL No. 1917

1  ("Office Depot 30(b)(6) Dep. Tr."), at 147:16-148:7 ("[W]e will look at the market, we will look

2  at what's in the market, look at the competitive intelligence of what people are carrying, what

3  they are selling production for, what's in our current assortment, what we're charging for that, and

4  in most cases you cannot increase and pass, the customers just won't buy it because it will be

5  overpriced."); Rule 30(b)(6) Deposition Tr. of Interbond Corp. of America, d/b/a Brandsmart

6  USA (through witness Larry Sinewitz, Feb. 6, 2014 ("Interbond 30(b)(6) Dep. Tr."), at 287:13-

7  20; Deposition Tr. of Aimee Fields, June 4, 2014 ("Fields Dep. Tr."), at 125:12-126:3; Rule

8  30(b)(6) Deposition Tr. of Fry's Electronics (through witness Raj Seth) (rough transcript), Aug.

9  27, 2014 ("Fry's 30(b)(6) Dep. Tr."), at 182:6-184:10; Rule 30(b)(6) Deposition Tr. of

10  TigerDirect, Inc. (through witness George Ali) (rough transcript), Aug. 28, 2014 ("TigerDirect

11  30(b)(6) Dep. Tr.").

12  **INTERROGATORY RESPONSE AS TO IRICO'S FOURTEENTH DEFENSE**

13      Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

14  because any alleged injuries and/or damages were not legally or proximately caused by any acts

15  or omissions of [Group or Display] and/or were caused, if at all, solely and proximately by the

16  conduct of third parties including, without limitations, the prior, intervening or superseding

17  conduct of such third parties.

18      **RESPONSE**

19      Irico further objects that this Interrogatory is premature given that no Irico witnesses have

20  been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

21  *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

22  also objects to this interrogatory on the ground that it calls for a legal argument or legal

23  conclusion.

24      Subject to and without waiving the objections stated above, Irico contends that Irico's

25  pricing-related conduct was compelled by the Chinese government and based on duly enacted

26  laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

27  to support this contention:

28

1    • The State Planning Commission and the State Economic and Trade Commission

2    issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

3    Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

4    Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

5    No. 5229-02.

6    • Notice of the State Planning Commission on Issuing the "Measures for the

7    Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

8    Implementation)" – effective as of March 1, 1999. *See*

9    https://law.lawtime.cn/d448076453170.html.

10    • Notice of the State Planning Commission and the Ministry of Information Industry

11    on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

12    Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

13    B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

14    Default, ECF No. 5229-03.

15    • Notice on submitting cost information of color TV and color tube industry issued

16    by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

17    Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

18    • Notice on the issuance of the average production cost of some types of color

19    picture tubes and color TV industries issued by the Ministry of Information

20    Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

21    the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

22    ECF No. 5229-04.

23    • Notice on the issuance of the average production cost of certain types of color TV

24    industries issued by the Ministry of Information Industry on August 25, 2000. *See*

25    Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

26    Default, ECF No. 5229-06.

27    • Notice on the issuance of the average production cost of some industries of color

28    picture tubes issued by the Ministry of Information Industry on September 14,

1    2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

2    Set Aside Default, ECF No. 5229-07.

3    Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

4    Zhaojie and Su Xiaohua.

5    **INTERROGATORY RESPONSE AS TO IRICO'S FIFTEENTH DEFENSE**

6    To the extent that any actionable conduct occurred, Plaintiffs claims and the claims of any

7    putative class members against [Group or Display] are barred because all such conduct would

8    have been committed by individuals acting *ultra vires.*

9    **RESPONSE**

10   Subject to and without waiving the objections stated above, and based on its present

11   knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants'

12   Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

13   Interrogatories, June 25, 2021.

14   **INTERROGATORY RESPONSE AS TO IRICO'S SIXTEENTH DEFENSE**

15   Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part,

16   because any injury or damage alleged in the Complaint, which [Group or Display] specifically

17   denies, was passed on to persons or entities other than the Plaintiffs and/or was passed on by

18   Plaintiffs to other parties.

19   **RESPONSE**

20   Irico further objects that this Interrogatory is premature given that no Irico witnesses have

21   been deposed relating to merits issues and expert analysis and disclosures have not yet begun.

22   *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011).

23   Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal

24   conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

25   the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

26   Subject to and without waiving the objections stated above, Irico asserts that Plaintiffs

27   have not established facts that demonstrate that they were actually or proximately injured by

28   reason of any act or omission by Irico. Irico further states that Plaintiffs were not actually or

---

1   proximately injured by reason of any act or omission by Irico because Irico did not conspire or

2   enter into any agreements regarding the price of CRTs in the United States market, and did not

3   violate any of the laws set forth in the Plaintiffs' Amended Complaint.

4        Irico states that because Plaintiffs seek to recover for purchases of CRT products as

5   indirect purchasers, Plaintiffs have failed to meet their burden of demonstrating they were injured

6   in a way that the antitrust laws were enacted to prevent. The Ninth Circuit has established that in

7   the absence of a direct relationship with the defendants, a Plaintiffs must be a participant in the

8   allegedly restrained market in order to have suffered "antitrust injury." *See Am. Ad. Mgmt., Inc. v.*

9   *General Tel. Co.*, 190 F.3d 1051, 1057 (9th Cir. 1999) ("Antitrust injury requires the Plaintiffs to

10  have suffered its injury in the market where competition is being restrained. Parties whose

11  injuries, though flowing from that which makes the defendant's conduct unlawful, are

12  experienced in another market do not suffer antitrust injury"); see also *Assoc. Gen. Contractors of*

13  *Cal. v. Cal. State Council of Carpenters* ("*AGC*"), 549 U.S. 519, 538 (1983) (antitrust laws are

14  designed to "protect[] the economic freedom of participants in the relevant market").

15       Irico further states that various retailers have testified that they did not uniformly pass

16  through any price increases in CRT Products to consumers. This evidence further establishes that

17  Plaintiffs have not and cannot show which members, if any, of the indirect purchaser class have

18  suffered any alleged injury. Although not limited to the following, Irico relies on the following

19  information: Deposition Tr. of Brian Stone, Dec. 3, 2012 ("Stone Dep. Tr."), at 117:4-22 ("Cost

20  increases that a manufacturer is intending to push across may not be reflected in the overall

21  pricing for the end consumer based upon Best Buy's company's strategy, intent of that product

22  category, the product availability, and the overall competitive nature of the . . . space."); id. at

23  167:21-169:1 ("There could be instances where due to competitive pricing forces costs could go

24  up, but retail pricing may not be able to go up based upon in-country availability of products,

25  competitive forces, seasonality."); Rule 30(b)(6) Deposition of Office Depot July 24, 2014

26  ("Office Depot 30(b)(6) Dep. Tr."), at 147:16-148:7 ("[W]e will look at the market, we will look

27  at what's in the market, look at the competitive intelligence of what people are carrying, what

28  they are selling production for, what's in our current assortment, what we're charging for that, and

---

1   in most cases you cannot increase and pass, the customers just won't buy it because it will be

2   overpriced."); Rule 30(b)(6) Deposition Tr. of Interbond Corp. of America, d/b/a Brandsmart

3   USA (through witness Larry Sinewitz), Feb. 6, 2014 ("Interbond 30(b)(6) Dep. Tr."), at 287:13-

4   20; Deposition Tr. of Aimee Fields, June 4, 2014 ("Fields Dep. Tr."), at 125:12-126:3; Rule

5   30(b)(6) Deposition Tr. of Fry's Electronics (through witness Raj Seth) (rough transcript), Aug.

6   27, 2014 ("Fry's 30(b)(6) Dep. Tr."), at 182:6-184:10; Rule 30(b)(6) Deposition Tr. of

7   TigerDirect, Inc. (through witness George Ali) (rough transcript), Aug. 28, 2014 ("TigerDirect

8   30(b)(6) Dep. Tr.").

9   **INTERROGATORY RESPONSE AS TO IRICO'S SEVENTEENTH DEFENSE**

10      Plaintiffs' claims are barred, in whole or in part, to the extent they are based on alleged

11   acts, conduct or statements that are specifically permitted by law.

12   **RESPONSE**

13      Irico further objects that this Interrogatory is premature given that no Irico witnesses have

14   been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

15   *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

16   also objects to this interrogatory on the ground that it calls for a legal argument or legal

17   conclusion.

18      Subject to and without waiving the objections stated above, Irico contends that Irico's

19   pricing-related conduct was compelled by the Chinese government and based on duly enacted

20   laws and/or regulations of the People's Republic of China. Irico relies on the following evidence

21   to support this contention:

22      • The State Planning Commission and the State Economic and Trade Commission

23         issued the "Regulations on Preventing Unfair Price Behavior of Low-Priced

24         Dumping of Industrial Products" – effective as of Nov. 25, 1998. *See* Ex. A to the

25         Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF

26         No. 5229-02.

27      • Notice of the State Planning Commission on Issuing the "Measures for the

28         Determination of the Cost of Dumping Industrial Products at Low Prices (for Trial

1   Implementation)" – effective as of March 1, 1999. *See*

2   https://law.lawtime.cn/d448076453170.html.

3   • Notice of the State Planning Commission and the Ministry of Information Industry

4   on the Trial Measures to Stop Unfair Price Competition of Color Picture Tubes and

5   Color TVs – effective as of April 1, 1999. *See* IRI-CRT-00031457 at 1460-64; Ex.

6   B to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

7   Default, ECF No. 5229-03.

8   • Notice on submitting cost information of color TV and color tube industry issued

9   by the Ministry of Information Industry in 1999. *See* Ex. D to the Declaration of

10   Stuart C. Plunkett in Support of Motion to Set Aside Default, ECF No. 5229-05.

11   • Notice on the issuance of the average production cost of some types of color

12   picture tubes and color TV industries issued by the Ministry of Information

13   Industry on April 2, 1999. *See* IRI-CRT-00031457 at 1459-60, 1466-67; Ex. C to

14   the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside Default,

15   ECF No. 5229-04.

16   • Notice on the issuance of the average production cost of certain types of color TV

17   industries issued by the Ministry of Information Industry on August 25, 2000. *See*

18   Ex. E to the Declaration of Stuart C. Plunkett in Support of Motion to Set Aside

19   Default, ECF No. 5229-06.

20   • Notice on the issuance of the average production cost of some industries of color

21   picture tubes issued by the Ministry of Information Industry on September 14,

22   2000. *See* Ex. F to the Declaration of Stuart C. Plunkett in Support of Motion to

23   Set Aside Default, ECF No. 5229-07.

24   Irico identifies the following employees as having knowledge regarding this Interrogatory: Wang

25   Zhaojie and Su Xiaohua.

26

27

28

1

**INTERROGATORY RESPONSE AS TO IRICO'S EIGHTEENTH DEFENSE**

2      Plaintiffs' claims should be dismissed, in whole or in part, because Plaintiffs and/or

3 certain members of the putative class failed to take all necessary, reasonable, and appropriate

4 actions to mitigate their alleged damages, if any.

5      **RESPONSE**

6      Subject to and without waiving the objections stated above, and based on its present

7 knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants'

8 Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

9 Interrogatories, June 25, 2021.

10      **INTERROGATORY RESPONSE AS TO IRICO'S NINETEENTH DEFENSE**

11      Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in

12 part, because Plaintiffs and/or certain members of the putative class would be unjustly enriched if

13 they were allowed to recover any part of the damages alleged in the Amended Complaint.

14      **RESPONSE**

15      Subject to and without waiving the objections stated above, and based on its present

16 knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants'

17 Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

18 Interrogatories, June 25, 2021.

19      **INTERROGATORY RESPONSE AS TO IRICO'S TWENTIETH DEFENSE**

20      Without admitting that Plaintiffs are entitled to recover damages in this matter, Group is

21 entitled to set off from any recovery Plaintiffs may obtain against Group any amount paid to

22 Plaintiffs by any other Defendants who have settled, or do settle, Plaintiffs' claims in this matter.

23      **RESPONSE**

24      Irico further objects to this interrogatory on the ground that it calls for a legal argument or

25 legal conclusion.

26      Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

27 who recovers damages from one co-conspirator, whether by verdict or settlement, may not

28 recover those same damages again from another co-conspirator. *See* Order Granting Final

---

1   Approval, ECF No. 5786 (approving IPP settlements with Philips, Panasonic, Hitachi, Toshiba,

2   Samsung, and Thomson/TDA); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S.

3   321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.,* 809 F.2d 1385, 1389 (9th Cir. 1987);

4   *Husky Refining Co. v. Barnes,* 119 F.2d 715, 716 (9th Cir. 1941); *In re Piper Aircraft,* 792 F.

5   Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the evidence does not prove

6   that it conspired or entered into any agreements regarding the price of CRTs in the United States

7   market, or violated any of the laws set forth in IPPs' Complaint, if it were proven that Irico

8   conspired or agreed to fix prices, as alleged, any recovery would need to be reduced by

9   settlements with other defendants in this or related matters.

10      Additionally, Irico states that applicable state law prohibits duplicative recovery by

11   multiple direct or indirect purchasers. *See, e.g.,* N.Y. Gen. Bus. Law § 340(6) ("In actions where

12   both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

13   or complete defense to a claim for damages that the illegal overcharge has been passed on to

14   others who are themselves entitled to recover so as to avoid duplication of recovery of

15   damages."); *Clayworth v. Pfizer, Inc.,* 49 Cal. 4th 758, 787 (2010) (holding that under California

16   law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

17   may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

18   on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

19   13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

20   involved, or where more than one class of indirect purchasers are involved, a defendant shall be

21   entitled to prove as a partial or complete defense to a claim for compensatory damages that the

22   illegal overcharge has been passed on or passed back to others who are themselves entitled to

23   recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

24   59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

25   damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

26   undercharge has been passed on to others who are themselves entitled to recover so as to avoid

27   duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

28   damages under this section, any defendant, as a partial or complete defense against a claim for

1   damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

2   production, or distribution, who paid any overcharge or received any underpayment passed on all

3   or any part of the overcharge or underpayment to another purchaser or seller in that action.").

4   **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-FIRST DEFENSE**

5        To the extent that any actionable conduct occurred for which [Group or Display] is liable,

6   some or all of Plaintiffs' claims against [Group or Display] are barred because [Group or Display]

7   withdrew from and/or abandoned any alleged conspiracy and thus Plaintiffs cannot establish

8   liability or compensable damages as a matter of law on the basis that, among other things, [Group

9   or Display] withdrew and/or abandoned any alleged conspiracy prior to the commencement of the

10  limitations period set forth in applicable statutes of limitations.

11       **RESPONSE**

12       Irico further objects that this Interrogatory is premature given that no Irico witnesses have

13  been deposed relating to merits issues and expert analysis and disclosures have not been

14  completed. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19,

15  2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or

16  legal conclusion.

17       Subject to and without waiving the objections stated above, and based on its present

18  knowledge, Irico responds as follows: Based on further investigation, Irico renews its Twenty-

19  First Defense. Irico understands that Plaintiff has alleged a single global conspiracy

20  encompassing all CRTs, including both color picture tubes ("CPTs") and color display tubes

21  ("CDTs") sold during the Relevant Period. Irico denies participating in any such conspiracy, and

22  also contends that the conspiracy as alleged by plaintiffs is inappropriately broad as it includes

23  multiple categories of CRTs, including different sizes and types, that are not functional substitutes

24  in use. *See* Heiser (Hitachi) Dep. 46:24-47:23; Michael Son (SDI) Dep. 318:20-319:9; Jae In Lee

25  (SDI) Dep. 212:1-213:2; Chih Chun Liu (Chunghwa) Dep. 502:2-19; Phillip Johnson Dep. 27:6-

26  28:6. Irico contends that, if any CRT-related conspiracy existed, as a matter of economic

27  feasibility it could not encompass both CPTs and CDTs.

28       Irico contends that it ceased production and sale of CDTs no later than 2004 and thus

1    could not have participated in any conspiracy to fix prices or restrain production of CDTs, if any

2    such conspiracy existed, after that time. Irico identifies the following evidence in support of its

3    Twenty-First Defense: IRI-CRT-00031179 through -31215; witnesses Wang Zhaojie and Su

4    Xiaohua.  Irico further refers Plaintiff to the forthcoming spreadsheet(s) summarizing its original

5    CRT sales records.

6               **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-SECOND DEFENSE**

7         Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

8    by the doctrines of waiver and/or estoppel.

9         **RESPONSE**

10        Subject to and without waiving the objections stated above, and based on its present

11   knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants' Second

12   Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

13   Interrogatories, June 25, 2021.

14              **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-THIRD DEFENSE**

15        Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

16   by the equitable doctrine of laches.

17        **RESPONSE**

18        Subject to and without waiving the objections stated above, and based on its present

19   knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants' Second

20   Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

21   Interrogatories, June 25, 2021.

22              **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-FOURTH DEFENSE**

23        Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

24   by the equitable doctrine of unclean hands.

25        **RESPONSE**

26        Subject to and without waiving the objections stated above, and based on its present

27   knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants' Second

28

1   Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

2   Interrogatories, June 25, 2021.

3   **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-FIFTH DEFENSE**

4   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

5   by Plaintiffs' and/or certain members of the putative class acquiescence and/or confirmation of any

6   and all conduct and/or omissions alleged as to [Group or Display].

7   **RESPONSE**

8   Subject to and without waiving the objections stated above, and based on its present

9   knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants' Second

10  Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

11  Interrogatories, June 25, 2021.

12  **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-SIXTH DEFENSE**

13  Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

14  **RESPONSE**

15  Subject to and without waiving the objections stated above, and based on its present

16  knowledge, Irico responds by stating that it affirms its prior response. *See* Irico Defendants'

17  Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of

18  Interrogatories, June 25, 2021.

19  **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-SEVENTH DEFENSE**

20  The Amended Complaint should be dismissed on the grounds of forum non conveniens.

21  **RESPONSE**

22  Subject to and without waiving the objections stated above, and based on its present

23  knowledge, Irico responds by stating that Irico withdraws its Twenty-Seventh Defense.

24  **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-EIGHTH DEFENSE**

25  Plaintiffs' claims and claims of any putative class members against Group are barred to the

26  extent that they have agreed to arbitration or chosen a different forum for the resolution of their

27  claims.

28  **RESPONSE**

---

1    Subject to and without waiving the objections stated above, and based on its present

2    knowledge, Irico responds by stating that Irico withdraws its Twenty-Eighth Defense.

3    **INTERROGATORY RESPONSE AS TO IRICO'S TWENTY-NINTH DEFENSE**

4    Plaintiffs' claims for injunctive relief should be dismissed because Plaintiffs and/or certain

5    members of the putative class have available an adequate remedy at law.

6    **RESPONSE**

7    Irico further objects to this interrogatory on the ground that it calls for a legal argument or

8    legal conclusion. Irico also objects to this interrogatory to the extent that it improperly tries to

9    shift the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

10   Subject to and without waiving the objections stated above, Irico contends that Plaintiffs'

11   claims for injunctive relief should be dismissed because Plaintiffs have an available adequate

12   remedy at law. *See Walters v. Reno*, 145 F.3d 1032, 1048 (9th Cir. 1998) ("Injunctive relief is

13   proper only if monetary damages or other legal remedies will not compensate the Plaintiffs for

14   their injuries."). To be entitled to an injunction, Plaintiffs must establish that there is a threat of

15   injury. However, there is no continuing harm or continuing injury that could be enjoined.

16   Plaintiffs also do not allege that there was a continuing conspiracy after 2007. Therefore, there are

17   no grounds for an injunction. Although not limited to the following, Irico relies on the following

18   evidence to support the contention that Plaintiffs' claims for injunctive relief should be dismissed:

19   Defendants' Motion to Dismiss the State of Florida's Complaint, July 3, 2012 (ECF No. 1248)

20   and Stipulation and Order Dismissing the Claims of Plaintiffs State of Florida, December 10,

21   2012 (ECF No. 1480).

22   **INTERROGATORY RESPONSE AS TO IRICO'S THIRTIETH DEFENSE**

23   Plaintiffs' claims should be dismissed to the extent that they are barred, in whole or in part,

24   for failure to join indispensable parties.

25   **RESPONSE**

26   Subject to and without waiving the objections stated above, and based on its present

27   knowledge, Irico responds by stating that it affirms its prior response. *See Irico Defendants'*

28   *Second Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of*

1    Interrogatories, June 25, 2021.

2          **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-FIRST DEFENSE**

3          Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

4    to the extent they seek an improper multiple punitive award for a single wrong because such an

5    award would violate [Group or Display]'s rights guaranteed by the Due Process clause of the

6    Fifth Amendment of the United States Constitution.

7          **RESPONSE**

8          Irico further objects to this interrogatory on the ground that it calls for a legal argument or

9    legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

10   stage in the proceedings as damages have not been awarded.

11         Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

12   who recovers damages from one co-conspirator, whether by verdict or settlement, may not

13   recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine*

14   *Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385,

15   1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re*

16   *Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the

17   evidence does not prove that it conspired or entered into any agreements regarding the price of

18   CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if

19   it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to

20   be reduced by settlements with other defendants in this or related matters.

21         Additionally, Irico states that applicable state law prohibits duplicative recovery by

22   multiple direct or indirect purchasers. *See, e.g.*, N.Y. Gen. Bus. Law § 340(6) ("In actions where

23   both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

24   or complete defense to a claim for damages that the illegal overcharge has been passed on to

25   others who are themselves entitled to recover so as to avoid duplication of recovery of

26   damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California

27   law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

28   may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

---

IRICO'S OBJECTIONS AND RESPONSES TO       43       Master File No. 07-cv-05944-JST
IPP'S FOURTH SET INTERROGATORIES                   MDL No. 1917

1  on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

2  13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

3  involved, or where more than one class of indirect purchasers are involved, a defendant shall be

4  entitled to prove as a partial or complete defense to a claim for compensatory damages that the

5  illegal overcharge has been passed on or passed back to others who are themselves entitled to

6  recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

7  59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

8  damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

9  undercharge has been passed on to others who are themselves entitled to recover so as to avoid

10  duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

11  damages under this section, any defendant, as a partial or complete defense against a claim for

12  damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

13  production, or distribution, who paid any overcharge or received any underpayment passed on all

14  or any part of the overcharge or underpayment to another purchaser or seller in that action.").

15  **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-SECOND DEFENSE**

16       Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

17  to the extent they seek an improper multiple punitive award for a single wrong because such an

18  award would violate [Group or Display]'s rights guaranteed by the Due Process provision of the

19  Fourteenth Amendment of the United States Constitution.

20       **RESPONSE**

21       Irico further objects to this interrogatory on the ground that it calls for a legal argument or

22  legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

23  stage in the proceedings as damages have not been awarded.

24       Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

25  who recovers damages from one co-conspirator, whether by verdict or settlement, may not

26  recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine*

27  *Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385,

28  1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re*

*Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the evidence does not prove that it conspired or entered into any agreements regarding the price of CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to be reduced by settlements with other defendants in this or related matters.

Additionally, Irico states that applicable state law prohibits duplicative recovery by multiple direct or indirect purchasers. See, e.g., N.Y. Gen. Bus. Law § 340(6) ("In actions where both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for damages that the illegal overcharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are involved, or where more than one class of indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for compensatory damages that the illegal overcharge has been passed on or passed back to others who are themselves entitled to recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. § 59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or undercharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for damages under this section, any defendant, as a partial or complete defense against a claim for damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture, production, or distribution, who paid any overcharge or received any underpayment passed on all or any part of the overcharge or underpayment to another purchaser or seller in that action.").

**INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-THIRD DEFENSE**

Plaintiffs' claims and claims of any putative class members are barred, in whole or in part, to the extent they seek an improper multiple punitive award for a single wrong because such an award would violate [Group or Display]'s rights guaranteed by the Equal Protection provision of the Fourteenth Amendment of the United States Constitution.

**RESPONSE**

Irico further objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this stage in the proceedings as damages have not been awarded.

Subject to and without waiving the objections stated above, Irico states that a Plaintiffs who recovers damages from one co-conspirator, whether by verdict or settlement, may not recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the evidence does not prove that it conspired or entered into any agreements regarding the price of CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to be reduced by settlements with other defendants in this or related matters.

Additionally, Irico states that applicable state law prohibits duplicative recovery by multiple direct or indirect purchasers. See, e.g., N.Y. Gen. Bus. Law § 340(6) ("In actions where both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for damages that the illegal overcharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

1   13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

2   involved, or where more than one class of indirect purchasers are involved, a defendant shall be

3   entitled to prove as a partial or complete defense to a claim for compensatory damages that the

4   illegal overcharge has been passed on or passed back to others who are themselves entitled to

5   recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

6   59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

7   damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

8   undercharge has been passed on to others who are themselves entitled to recover so as to avoid

9   duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

10  damages under this section, any defendant, as a partial or complete defense against a claim for

11  damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

12  production, or distribution, who paid any overcharge or received any underpayment passed on all

13  or any part of the overcharge or underpayment to another purchaser or seller in that action.").

14  <u>**INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-FOURTH DEFENSE**</u>

15      Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

16  to the extent they seek an improper multiple punitive award for a single wrong because such an

17  award would violate [Group or Display]'s rights guaranteed by the Double Jeopardy Clause of the

18  Fifth Amendment of the United States Constitution.

19      <u>**RESPONSE**</u>

20      Irico further objects to this interrogatory on the ground that it calls for a legal argument or

21  legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

22  stage in the proceedings as damages have not been awarded.

23      Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

24  who recovers damages from one co-conspirator, whether by verdict or settlement, may not

25  recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine*

26  *Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385,

27  1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re*

28  *Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the

1   evidence does not prove that it conspired or entered into any agreements regarding the price of

2   CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if

3   it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to

4   be reduced by settlements with other defendants in this or related matters.

5           Additionally, Irico states that applicable state law prohibits duplicative recovery by

6   multiple direct or indirect purchasers. See, e.g., N.Y. Gen. Bus. Law § 340(6) ("In actions where

7   both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

8   or complete defense to a claim for damages that the illegal overcharge has been passed on to

9   others who are themselves entitled to recover so as to avoid duplication of recovery of

10  damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California

11  law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

12  may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

13  on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

14  13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

15  involved, or where more than one class of indirect purchasers are involved, a defendant shall be

16  entitled to prove as a partial or complete defense to a claim for compensatory damages that the

17  illegal overcharge has been passed on or passed back to others who are themselves entitled to

18  recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

19  59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

20  damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

21  undercharge has been passed on to others who are themselves entitled to recover so as to avoid

22  duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

23  damages under this section, any defendant, as a partial or complete defense against a claim for

24  damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

25  production, or distribution, who paid any overcharge or received any underpayment passed on all

26  or any part of the overcharge or underpayment to another purchaser or seller in that action.").

27

28

1    **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-FIFTH DEFENSE**

2         Plaintiffs' claims and claims of any putative class members are barred, in whole or in part,

3    to the extent they seek an improper multiple punitive award for a single wrong because such an

4    award would violate [Group or Display]'s rights guaranteed by the Excessive Fines provision of

5    the Eighth Amendment of the United States Constitution.

6    **RESPONSE**

7         Irico further objects to this interrogatory on the ground that it calls for a legal argument or

8    legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

9    stage in the proceedings as damages have not been awarded.

10        Subject to and without waiving the objections stated above, Irico states that a Plaintiffs

11   who recovers damages from one co-conspirator, whether by verdict or settlement, may not

12   recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine*

13   *Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385,

14   1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re*

15   *Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the

16   evidence does not prove that it conspired or entered into any agreements regarding the price of

17   CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if

18   it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to

19   be reduced by settlements with other defendants in this or related matters.

20        Additionally, Irico states that applicable state law prohibits duplicative recovery by

21   multiple direct or indirect purchasers. See, e.g., N.Y. Gen. Bus. Law § 340(6) ("In actions where

22   both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

23   or complete defense to a claim for damages that the illegal overcharge has been passed on to

24   others who are themselves entitled to recover so as to avoid duplication of recovery of

25   damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California

26   law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

27   may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

28   on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are involved, or where more than one class of indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for compensatory damages that the illegal overcharge has been passed on or passed back to others who are themselves entitled to recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. § 59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or undercharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for damages under this section, any defendant, as a partial or complete defense against a claim for damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture, production, or distribution, who paid any overcharge or received any underpayment passed on all or any part of the overcharge or underpayment to another purchaser or seller in that action.").

## **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-SIXTH DEFENSE**

To the extent any recovery by Plaintiffs or members of the putative class would be duplicative of recovery by other Plaintiffs and other lawsuits, subjecting [Group or Display]  to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution.

## **RESPONSE**

Irico further objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this stage in the proceedings as damages have not been awarded.

Subject to and without waiving the objections stated above, Irico states that a Plaintiffs who recovers damages from one co-conspirator, whether by verdict or settlement, may not recover those same damages again from another co-conspirator. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 348 (1971); *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1389 (9th Cir. 1987); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941); *In re Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992). While Irico maintains that the

1    evidence does not prove that it conspired or entered into any agreements regarding the price of

2    CRTs in the United States market, or violated any of the laws set forth in Plaintiffs' Complaint, if

3    it were proven that Irico conspired or agreed to fix prices, as alleged, any recovery would need to

4    be reduced by settlements with other defendants in this or related matters.

5         Additionally, Irico states that applicable state law prohibits duplicative recovery by

6    multiple direct or indirect purchasers. See, e.g., N.Y. Gen. Bus. Law § 340(6) ("In actions where

7    both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial

8    or complete defense to a claim for damages that the illegal overcharge has been passed on to

9    others who are themselves entitled to recover so as to avoid duplication of recovery of

10   damages."); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) (holding that under California

11   law, "[i]n instances where multiple levels of purchasers have sued, or where a risk remains they

12   may sue . . . if damages must be allocated among the various levels of injured purchasers, the bar

13   on consideration of the pass-on evidence must necessarily be lifted . . . ."); Haw. Rev. Stat. § 480-

14   13 (2011) ("In class actions or de facto class actions where both direct and indirect purchasers are

15   involved, or where more than one class of indirect purchasers are involved, a defendant shall be

16   entitled to prove as a partial or complete defense to a claim for compensatory damages that the

17   illegal overcharge has been passed on or passed back to others who are themselves entitled to

18   recover so as to avoid the duplication of recovery of compensatory damages."); Neb. Rev. Stat. §

19   59-821.01 (2012) ("A defendant may prove, as a partial or complete defense to a claim for

20   damages under sections 59-801 to 59-831 and this section, that the illegal overcharge or

21   undercharge has been passed on to others who are themselves entitled to recover so as to avoid

22   duplication of recovery of such damages . . . ."); N.D. Cent. Code § 51-08.1-08 ("In any action for

23   damages under this section, any defendant, as a partial or complete defense against a claim for

24   damages, is entitled to prove that the Plaintiffs purchaser, or seller in the chain of manufacture,

25   production, or distribution, who paid any overcharge or received any underpayment passed on all

26   or any part of the overcharge or underpayment to another purchaser or seller in that action.").

27

28

---

**INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover damages, if any, based on sales outside of the United States.

**RESPONSE**

Irico further objects that this Interrogatory is premature given that no Irico witnesses have been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico also objects to this interrogatory on the ground that it calls for a legal argument or legal conclusion.

Subject to and without waiving the objections stated above, Irico contends that Plaintiffs' claims are barred in whole or in part to the extent that they are based on sales outside of the United States. Irico contends that a certain unknown percentage of the CRTs contained within the CRT products that Plaintiffs purchased were purchased from other countries. This contention is based on the fact that Plaintiffs cannot identify which company manufactured the CRT within the relevant CRT products. In the absence of knowing who manufactured the CRTs within its products, Plaintiffs likewise cannot identify whether those CRTs were purchased from outside the United States. Whether the CRTs themselves were purchased outside of the United States is relevant in determining if Plaintiffs' claims are barred because Plaintiffs alleged that it was injured on account of a price fixing conspiracy regarding CRTs as opposed to CRT products.

Although not limited to the following, Irico relies on the following evidence to support that Plaintiffs' claims are barred to the extent that they are based on sales outside of the United States: Expert Report of Janusz A. Ordover, Ph.D., (IPP Report), August 5, 2014; Expert Report of Robert D. Willig, August 5, 2014; Expert Report of Margaret E. Guerin-Calvert, August 5, 2014; and Expert Report of Prof. Dennis W. Carlton, August 5, 2014.

**INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-EIGHTH DEFENSE**

Plaintiffs' claims should be dismissed because the alleged damages sought are too speculative and uncertain, and cannot be practicably ascertained or allocated.

**RESPONSE**

1    Irico further objects to this interrogatory on the ground that it calls for a legal argument or

2    legal conclusion. Irico also objects to this interrogatory to the extent that it improperly tries to

3    shift the pleading and evidentiary burden that Plaintiffs' alone carry to Irico.

4    Subject to and without waiving the objections stated above, Irico responds by stating that

5    Plaintiffs' alleged damages are speculative and uncertain because Irico did not conspire or enter

6    into any agreements regarding the price of CRTs in the United States market, and did not violate

7    any of the laws set forth in Plaintiffs' Complaint.

8    Irico further states that because Plaintiffs seek to recover for purchases of CRT Products

9    as indirect purchasers, Plaintiffs' alleged damages are inherently speculative and/or uncertain due

10   to a number of factors – such as the cost of other components that collectively make up CRT

11   Products – that would have influenced the price that Plaintiffs paid for a CRT Product. Any

12   apportionment of damages in this case will be exceedingly complex given the multi-layered and

13   complex distribution, manufacturing and retail channels that existed in the market. Indeed, the

14   different layers between Plaintiffs' allegations of injury and any alleged constraints in the CRT

15   market inject levels of uncertainty in the price ultimately paid by the consumer for the

16   downstream product, even if Plaintiffs could prove up an alleged overcharge for one component

17   therein. See, e.g., Expert Report of Janusz A. Ordover, Ph.D., August 5, 2014 at 7–9; see also

18   Defs.' Mem. in Opp'n to Mot. of Plaintiffs for Class Certification 12–13, ECF No. 1538; Decl. of

19   Dr. Janet S. Netz 29–33, ECF No. 1527; Decl. of Robert D. Willig ¶¶ 120–21, ECF No. 1615.

20   Irico further states that the testimony of numerous retailers – that they did not uniformly pass

21   through any price increases in CRT Products to consumers – makes the proof of such injury to

22   specific class members inherently speculative. See, e.g., Stone Dep. Tr. at 117:4-22, 167:21-

23   169:1; Office Depot Dep. Tr. at 147:16-148:7; Interbond 30(b)(6) Dep. Tr. at 287:13-20; Fields

24   Dep. Tr. at 125:12-126:3; Fry's 30(b)(6) Dep. Tr. at 182:6-184:10; TigerDirect 30(b)(6) Dep. Tr.

25   at 114:5-115:13.

26   **INTERROGATORY RESPONSE AS TO IRICO'S THIRTY-NINTH DEFENSE**

27   Any award of restitution or monetary recovery pursuant to California Business and

28   Professions §§ 17200, et seq. would constitute a taking of property without just compensation in

1    violation of the Takings Clause of the U.S. Constitution and of Article 1, Section 19 of the

2    California Constitution.

3        **RESPONSE**

4        Irico further objects to this interrogatory on the ground that it calls for a legal argument or

5    legal conclusion. Irico also objects to this interrogatory on the grounds that it is premature at this

6    stage in the proceedings as damages have not been awarded.

7        **INTERROGATORY RESPONSE AS TO IRICO'S FORTIETH DEFENSE**

8        Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to plead

9    special damages with specificity as required by the laws of the various States cited.

10       **RESPONSE**

11       Irico further objects to this interrogatory on the ground that it calls for a legal argument or

12   legal conclusion. Irico also objects to this interrogatory to the extent that it improperly tries to

13   shift the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

14       **INTERROGATORY RESPONSE AS TO IRICO'S FORTY-FIRST DEFENSE**

15       Plaintiffs' claims should be dismissed to the extent they are barred, in whole or in part,

16   because any injury or damage alleged in the Complaint was not incurred by or passed on to

17   Plaintiffs, or was incurred by or passed on to persons or entities other than Plaintiffs.

18       **RESPONSE**

19       Irico further objects that this Interrogatory is premature given that no Irico witnesses have

20   been deposed relating to merits issues and expert analysis and disclosures have not yet begun. *See*

21   *Young v. Regis Corp.*, No. C 10-02634 SI, 2011 WL 9558055 (N.D. Cal. May 19, 2011). Irico

22   also objects to this interrogatory on the ground that it calls for a legal argument or legal

23   conclusion. Irico further objects to this interrogatory to the extent that it improperly tries to shift

24   the pleading and evidentiary burden that Plaintiffs alone carry to Irico.

25       Subject to and without waiving the objections stated above, Irico states that Plaintiffs have

26   not come forward with a reliable methodology to prove the existence of the amount, if any, of

27   pass-through injury to all members of the class, and expressly incorporates by reference the

28   information contained in the Expert Report of Janusz A. Ordover, Ph.D., August 5, 2014 (IPP

---

1    Action) at 14-36, and the Expert Report of Janusz A. Ordover, Ph.D., August 5, 2014 (Various

2    DAP Actions) at 14-30.

3          Irico further states that numerous retailers have testified that they did not uniformly pass

4    through any price increases in CRT Products to consumers, and this evidence further

5    demonstrates that Plaintiffs have not and cannot show which members, if any, of the indirect

6    purchaser class have suffered any alleged injury. See, e.g., Deposition Tr. of Brian Stone, Dec. 3,

7    2012 ("Stone Dep. Tr."), at 117:4-22 ("Cost increases that a manufacturer is intending to push

8    across may not be reflected in the overall pricing for the end consumer based upon Best Buy's

9    company's strategy, intent of that product category, the product availability, and the overall

10   competitive nature of the . . . space."); id. at 167:21-169:1 ("There could be instances where due

11   to competitive pricing forces costs could go up, but retail pricing may not be able to go up based

12   upon in-country availability of products, competitive forces, seasonality."); Deposition Tr. of

13   Randall Wick, July 24, 2014 ("Wick Dep. Tr."), at 147:16-148:7 ("[W]e will look at the market,

14   we will look at what's in the market, look at the competitive intelligence of what people are

15   carrying, what they are selling production for, what's in our current assortment, what we're

16   charging for that, and in most cases you cannot increase and pass, the customers just won't buy it

17   because it will be overpriced."); Rule 30(b)(6) Deposition Tr. of Interbond Corp. of America,

18   d/b/a Brandsmart USA (through witness Larry Sinewitz), Feb. 6, 2014 ("Interbond 30(b)(6) Dep.

19   Tr."), at 287:13-20; Deposition Tr. of Aimee Fields, June 4, 2014 ("Fields Dep. Tr."), at 125:12-

20   126:3; Rule 30(b)(6) Deposition Tr. of Fry's Electronics (through witness Raj Seth) (rough

21   transcript), Aug. 27, 2014 ("Fry's 30(b)(6) Dep. Tr."), at 182:6-184:10; Rule 30(b)(6) Deposition

22   Tr. of TigerDirect, Inc. (through witness George Ali) (rough transcript), Aug. 28, 2014

23   ("TigerDirect 30(b)(6) Dep. Tr."), at 114:5-115:13.

24   **<u>INTERROGATORY NO. 8</u>**

25         If Your response to any of the IPPs' Requests for Admissions served concurrently

26   herewith is anything other than an unqualified admission:

27         a.     State all facts supporting Your denial;

28         b.     Identify each Person who provided facts relating to Your response;

---

1          c.      Identify each Document You consulted to formulate Your response

2  **RESPONSE TO INTERROGATORY NO. 8**

3          Irico reasserts and incorporates each of the General Objections and Objections to the

4  Definitions and Instructions set forth above. Irico also reasserts and incorporates each of the

5  General Objections, Objections to the Definitions and Instructions, and objections in each of its

6  Specific Responses to Requests for Admission as set forth in Irico Defendants' Objections and

7  Responses to Indirect Purchaser Plaintiffs' First Set of Requests for Admission, served herewith.

8  Irico further objects to this interrogatory as overbroad and unduly burdensome, as Plaintiffs has

9  not demonstrated how the benefit of such information outweighs the significant burden to Irico of

10 responding to each denial of the 119 RFAs (including subparts) propounded by Plaintiffs.

11         Subject to and without waiving the foregoing objections, Irico responds as follows:

12  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1A**

13         Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

14 burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

15 information that is maintained by and equally available to Plaintiffs or stated in publicly available

16 documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

17 or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

18 because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

19 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

20 also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

21 that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

22 provide facts and evidence of events that did not take place.

23         Subject to and without waiving its foregoing objections, Irico responds that this email

24 address was not used by an Irico employee during the course of their employment with Irico, nor

25 was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

26 issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

27 Irico understands that this email domain (@irico.com.cn) was used by another company, China

28 National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

---

1   company that was not owned or controlled by Irico during the Relevant Period.

2   **RESPONSE RE: REQUEST FOR ADMISSION NO. 1B**

3       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

4   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

5   information that is maintained by and equally available to Plaintiffs or stated in publicly available

6   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

7   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

8   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

9   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

10  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

11  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

12  provide facts and evidence of events that did not take place.

13      Subject to and without waiving its foregoing objections, Irico responds that this email

14  address was not maintained by Irico during the Relevant Period. Irico issued and maintained

15  email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

16  its employees to use non-Irico email addresses to conduct business, and Irico did not control this

17  email address in any way. Based on the foregoing, Irico cannot confirm that this email address

18  was used by an Irico "officer or employee."

19  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1C**

20      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

21  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

22  information that is maintained by and equally available to Plaintiffs or stated in publicly available

23  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

24  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

25  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

26  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

27  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

28  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

1    provide facts and evidence of events that did not take place.

2        Subject to and without waiving its foregoing objections, Irico responds that this email

3    address was not maintained by Irico during the Relevant Period. Irico issued and maintained

4    email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

5    its employees to use non-Irico email addresses to conduct business, and Irico did not control this

6    email address in any way. Based on the foregoing, Irico cannot confirm that this email address

7    was used by an Irico "officer or employee."

8            **RESPONSE RE: REQUEST FOR ADMISSION NO. 1D**

9        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

10   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

11   information that is maintained by and equally available to Plaintiffs or stated in publicly available

12   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

13   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

14   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

15   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

16   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

17   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

18   provide facts and evidence of events that did not take place.

19       Subject to and without waiving its foregoing objections, Irico responds that this email

20   address was not maintained by Irico during the Relevant Period. Irico issued and maintained

21   email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

22   its employees to use non-Irico email addresses to conduct business, and Irico did not control this

23   email address in any way. Based on the foregoing, Irico cannot confirm that this email address

24   was used by an Irico "officer or employee."

25           **RESPONSE RE: REQUEST FOR ADMISSION NO. 1E**

26       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

27   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

28   information that is maintained by and equally available to Plaintiffs or stated in publicly available

1   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

2   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

3   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

4   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

5   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

6   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico

7   provide facts and evidence of events that did not take place.

8         Subject to and without waiving its foregoing objections, Irico responds that this email

9   address was not used by an Irico employee during the course of their employment with Irico, nor

10  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

11  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

12  Irico understands that this email domain (@irico.com.cn) was used by another company, China

13  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

14  company that was not owned or controlled by Irico during the Relevant Period.

15  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1F**

16        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

17  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

18  information that is maintained by and equally available to Plaintiffs or stated in publicly available

19  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

20  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

21  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

22  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

23  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

24  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico

25  provide facts and evidence of events that did not take place.

26        Subject to and without waiving its foregoing objections, Irico responds that this email

27  address was not used by an Irico employee during the course of their employment with Irico, nor

28  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

1   issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

2   Irico understands that this email domain (@irico.com.cn) was used by another company, China

3   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

4   company that was not owned or controlled by Irico during the Relevant Period.

5                    **RESPONSE RE: REQUEST FOR ADMISSION NO. 1G**

6         Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

7   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

8   information that is maintained by and equally available to Plaintiffs or stated in publicly available

9   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

10  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

11  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

12  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

13  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

14  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

15  provide facts and evidence of events that did not take place.

16        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

17  response to Request for Admission No. 1G, which contains a complete basis for its response to

18  this Interrogatory.

19                    **RESPONSE RE: REQUEST FOR ADMISSION NO. 1H**

20        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

21  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

22  information that is maintained by and equally available to Plaintiffs or stated in publicly available

23  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

24  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

25  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

26  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

27  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

28  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

1  provide facts and evidence of events that did not take place.

2       Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

3  response to Request for Admission No. 1H, which contains a complete basis for its response to

4  this Interrogatory.

5           **RESPONSE RE: REQUEST FOR ADMISSION NO. 1J**

6       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

7  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

8  information that is maintained by and equally available to Plaintiffs or stated in publicly available

9  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

10 or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

11 because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

12 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

13 also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

14 that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

15 provide facts and evidence of events that did not take place.

16      Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

17 response to Request for Admission No. 1J, which contains a complete basis for its response to this

18 Interrogatory.

19          **RESPONSE RE: REQUEST FOR ADMISSION NO. 1K**

20      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

21 burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

22 information that is maintained by and equally available to Plaintiffs or stated in publicly available

23 documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

24 or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

25 because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

26 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

27 also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

28 that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

1    provide facts and evidence of events that did not take place.

2         Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

3    response to Request for Admission No. 1K, which contains a complete basis for its response to

4    this Interrogatory.

5         **RESPONSE RE: REQUEST FOR ADMISSION NO. 1L**

6         Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

7    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

8    information that is maintained by and equally available to Plaintiffs or stated in publicly available

9    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

10   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

11   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

12   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

13   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

14   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

15   provide facts and evidence of events that did not take place.

16        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

17   response to Request for Admission No. 1L, which contains a complete basis for its response to

18   this Interrogatory.

19        **RESPONSE RE: REQUEST FOR ADMISSION NO. 1M**

20        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

21   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

22   information that is maintained by and equally available to Plaintiffs or stated in publicly available

23   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

24   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

25   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

26   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

27   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

28   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

1    provide facts and evidence of events that did not take place.

2           Subject to and without waiving its foregoing objections, Irico responds that this email

3    address was not used by an Irico employee during the course of their employment with Irico, nor

4    was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

5    issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

6    Irico understands that this email domain (@irico.com.cn) was used by another company, China

7    National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

8    company that was not owned or controlled by Irico during the Relevant Period.

9           **RESPONSE RE: REQUEST FOR ADMISSION NO. 1N**

10          Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

11   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

12   information that is maintained by and equally available to Plaintiffs or stated in publicly available

13   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

14   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

15   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

16   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

17   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

18   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

19   provide facts and evidence of events that did not take place.

20          Subject to and without waiving its foregoing objections, Irico responds that this email

21   address was not used by an Irico employee during the course of their employment with Irico, nor

22   was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

23   issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

24   Irico understands that this email domain (@irico.com.cn) was used by another company, China

25   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

26   company that was not owned or controlled by Irico during the Relevant Period.

27          **RESPONSE RE: REQUEST FOR ADMISSION NO. 1P**

28          Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

---

1   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

2   information that is maintained by and equally available to Plaintiffs or stated in publicly available

3   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

4   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

5   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

6   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

7   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

8   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico

9   provide facts and evidence of events that did not take place.

10      Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

11  response to Request for Admission No. 1P, which contains a complete basis for its response to

12  this Interrogatory.

13      **RESPONSE RE: REQUEST FOR ADMISSION NO. 1Q**

14      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

15  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

16  information that is maintained by and equally available to Plaintiffs or stated in publicly available

17  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

18  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

19  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

20  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

21  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

22  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico

23  provide facts and evidence of events that did not take place.

24      Subject to and without waiving its foregoing objections, Irico responds that this email

25  address was not used by an Irico employee during the course of their employment with Irico, nor

26  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

27  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

28  Irico understands that this email domain (@irico.com.cn) was used by another company, China

1  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

2  company that was not owned or controlled by Irico during the Relevant Period.

3  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1T**

4  Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

5  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

6  information that is maintained by and equally available to Plaintiffs or stated in publicly available

7  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

8  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

9  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

11  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

12  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

13  provide facts and evidence of events that did not take place.

14  Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

15  response to Request for Admission No. 1T, which contains a complete basis for its response to

16  this Interrogatory.

17  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1U**

18  Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

19  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

20  information that is maintained by and equally available to Plaintiffs or stated in publicly available

21  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

22  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

23  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

24  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

25  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

26  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

27  provide facts and evidence of events that did not take place.

28  Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

1  response to Request for Admission No. 1U, which contains a complete basis for its response to

2  this Interrogatory.

3  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1V**

4  Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

5  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

6  information that is maintained by and equally available to Plaintiffs or stated in publicly available

7  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

8  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

9  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

10  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

11  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

12  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

13  provide facts and evidence of events that did not take place.

14  Subject to and without waiving its foregoing objections, Irico responds that this email

15  address was not used by an Irico employee during the course of their employment with Irico, nor

16  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

17  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

18  Irico understands that this email domain (@irico.com.cn) was used by another company, China

19  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

20  company that was not owned or controlled by Irico during the Relevant Period.

21  **RESPONSE RE: REQUEST FOR ADMISSION NO. 1X**

22  Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

23  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

24  information that is maintained by and equally available to Plaintiffs or stated in publicly available

25  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

26  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

27  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

28  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

1  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

2  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

3  provide facts and evidence of events that did not take place.

4         Subject to and without waiving its foregoing objections, Irico responds that this email

5  address was not used by an Irico employee during the course of their employment with Irico, nor

6  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

7  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

8  Irico understands that this email domain (@irico.com.cn) was used by another company, China

9  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

10  company that was not owned or controlled by Irico during the Relevant Period.

11         **RESPONSE RE: REQUEST FOR ADMISSION NO. 1Y**

12         Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

13  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

14  information that is maintained by and equally available to Plaintiffs or stated in publicly available

15  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

16  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

17  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

18  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

19  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

20  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

21  provide facts and evidence of events that did not take place.

22         Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

23  response to Request for Admission No. 1Y, which contains a complete basis for its response to

24  this Interrogatory.

25         **RESPONSE RE: REQUEST FOR ADMISSION NO. 1AA**

26         Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

27  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

28  information that is maintained by and equally available to Plaintiffs or stated in publicly available

1   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

2   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

3   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

4   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

5   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

6   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

7   provide facts and evidence of events that did not take place.

8        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

9   response to Request for Admission No. 1AA, which contains a complete basis for its response to

10  this Interrogatory.

11       **RESPONSE RE: REQUEST FOR ADMISSION NO. 1BB**

12       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

13  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

14  information that is maintained by and equally available to Plaintiffs or stated in publicly available

15  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

16  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

17  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

18  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

19  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

20  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

21  provide facts and evidence of events that did not take place.

22       Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

23  response to Request for Admission No. 1BB, which contains a complete basis for its response to

24  this Interrogatory.

25       **RESPONSE RE: REQUEST FOR ADMISSION NO. 2A**

26       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

27  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

28  information that is maintained by and equally available to Plaintiffs or stated in publicly available

1  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

2  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

3  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

4  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

5  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

6  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

7  provide facts and evidence of events that did not take place.

8      Subject to and without waiving its foregoing objections, Irico responds that this email

9  address was not used by an Irico employee during the course of their employment with Irico, nor

10  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

11  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

12  Irico understands that this email domain (@irico.com.cn) was used by another company, China

13  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

14  company that was not owned or controlled by Irico during the Relevant Period.

15  **RESPONSE RE: REQUEST FOR ADMISSION NO. 2B**

16      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

17  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

18  information that is maintained by and equally available to Plaintiffs or stated in publicly available

19  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

20  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

21  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

22  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

23  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

24  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

25  provide facts and evidence of events that did not take place.

26      Subject to and without waiving its foregoing objections, Irico responds that this email

27  address was not maintained by Irico during the Relevant Period. Irico issued and maintained

28  email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

its employees to use non-Irico email addresses to conduct business, and Irico did not control this email address in any way. Based on the foregoing, Irico cannot confirm that this email address was used by an Irico "officer or employee."

**RESPONSE RE: REQUEST FOR ADMISSION NO. 2C**

Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to Plaintiffs or stated in publicly available documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting" because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to provide facts and evidence of events that did not take place.

Subject to and without waiving its foregoing objections, Irico responds that this email address was not maintained by Irico during the Relevant Period. Irico issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize its employees to use non-Irico email addresses to conduct business, and Irico did not control this email address in any way. Based on the foregoing, Irico cannot confirm that this email address was used by an Irico "officer or employee."

**RESPONSE RE: REQUEST FOR ADMISSION NO. 2D**

Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks information that is maintained by and equally available to Plaintiffs or stated in publicly available documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting" because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

1   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

2   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

3   provide facts and evidence of events that did not take place.

4         Subject to and without waiving its foregoing objections, Irico responds that this email

5   address was not maintained by Irico during the Relevant Period. Irico issued and maintained

6   email addresses with the domain @ch.com.cn during the Relevant Period. Irico did not authorize

7   its employees to use non-Irico email addresses to conduct business, and Irico did not control this

8   email address in any way. Based on the foregoing, Irico cannot confirm that this email address

9   was used by an Irico "officer or employee."

10         **RESPONSE RE: REQUEST FOR ADMISSION NO. 2E**

11         Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

12   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

13   information that is maintained by and equally available to Plaintiffs or stated in publicly available

14   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

15   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

16   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

17   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

18   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

19   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

20   provide facts and evidence of events that did not take place.

21         Subject to and without waiving its foregoing objections, Irico responds that this email

22   address was not used by an Irico employee during the course of their employment with Irico, nor

23   was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

24   issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

25   Irico understands that this email domain (@irico.com.cn) was used by another company, China

26   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

27   company that was not owned or controlled by Irico during the Relevant Period.

28         **RESPONSE RE: REQUEST FOR ADMISSION NO. 2F**

---

1    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

2  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

3  information that is maintained by and equally available to Plaintiffs or stated in publicly available

4  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

5  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

6  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

7  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

8  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

9  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

10  provide facts and evidence of events that did not take place.

11    Subject to and without waiving its foregoing objections, Irico responds that this email

12  address was not used by an Irico employee during the course of their employment with Irico, nor

13  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

14  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

15  Irico understands that this email domain (@irico.com.cn) was used by another company, China

16  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

17  company that was not owned or controlled by Irico during the Relevant Period.

18  **RESPONSE RE: REQUEST FOR ADMISSION NO. 2G**

19    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

20  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

21  information that is maintained by and equally available to Plaintiffs or stated in publicly available

22  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

23  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

24  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

25  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

26  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

27  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

28  provide facts and evidence of events that did not take place.

1    Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

2  response to Request for Admission No. 2G, which contains a complete basis for its response to

3  this Interrogatory.

4    **RESPONSE RE: REQUEST FOR ADMISSION NO. 2H**

5    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

6  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7  information that is maintained by and equally available to Plaintiffs or stated in publicly available

8  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

9  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

10 because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

11 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

12 also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

13 that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

14 provide facts and evidence of events that did not take place.

15    Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

16 response to Request for Admission No. 2H, which contains a complete basis for its response to

17 this Interrogatory.

18    **RESPONSE RE: REQUEST FOR ADMISSION NO. 2J**

19    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

20 burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

21 information that is maintained by and equally available to Plaintiffs or stated in publicly available

22 documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

23 or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

24 because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

25 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

26 also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

27 that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

28 provide facts and evidence of events that did not take place.

1    Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

2  response to Request for Admission No. 2J, which contains a complete basis for its response to this

3  Interrogatory.

4    **RESPONSE RE: REQUEST FOR ADMISSION NO. 2K**

5    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

6  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7  information that is maintained by and equally available to Plaintiffs or stated in publicly available

8  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

9  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

10 because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

11 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

12 also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

13 that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

14 provide facts and evidence of events that did not take place.

15    Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

16 response to Request for Admission No. 2K, which contains a complete basis for its response to

17 this Interrogatory.

18    **RESPONSE RE: REQUEST FOR ADMISSION NO. 2L**

19    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

20 burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

21 information that is maintained by and equally available to Plaintiffs or stated in publicly available

22 documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

23 or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

24 because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

25 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

26 also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

27 that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

28 provide facts and evidence of events that did not take place.

1      Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

2  response to Request for Admission No. 2L, which contains a complete basis for its response to

3  this Interrogatory.

4      **RESPONSE RE: REQUEST FOR ADMISSION NO. 2M**

5      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

6  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7  information that is maintained by and equally available to Plaintiffs or stated in publicly available

8  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

9  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

10  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

11  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

12  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

13  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

14  provide facts and evidence of events that did not take place.

15      Subject to and without waiving its foregoing objections, Irico responds that this email

16  address was not used by an Irico employee during the course of their employment with Irico, nor

17  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

18  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

19  Irico understands that this email domain (@irico.com.cn) was used by another company, China

20  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

21  company that was not owned or controlled by Irico during the Relevant Period.

22      **RESPONSE RE: REQUEST FOR ADMISSION NO. 2N**

23      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

24  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

25  information that is maintained by and equally available to Plaintiffs or stated in publicly available

26  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

27  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

28  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

1  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

2  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

3  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico

4  provide facts and evidence of events that did not take place.

5       Subject to and without waiving its foregoing objections, Irico responds that this email

6  address was not used by an Irico employee during the course of their employment with Irico, nor

7  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

8  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

9  Irico understands that this email domain (@irico.com.cn) was used by another company, China

10  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

11  company that was not owned or controlled by Irico during the Relevant Period.

12       **RESPONSE RE: REQUEST FOR ADMISSION NO. 2P**

13       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

14  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

15  information that is maintained by and equally available to Plaintiffs or stated in publicly available

16  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

17  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

18  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

20  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

21  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico

22  provide facts and evidence of events that did not take place.

23       Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

24  response to Request for Admission No. 2P, which contains a complete basis for its response to

25  this Interrogatory.

26       **RESPONSE RE: REQUEST FOR ADMISSION NO. 2Q**

27       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

28  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

1  information that is maintained by and equally available to Plaintiffs or stated in publicly available

2  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

3  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

4  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

5  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

6  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

7  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

8  provide facts and evidence of events that did not take place.

9      Subject to and without waiving its foregoing objections, Irico responds that this email

10  address was not used by an Irico employee during the course of their employment with Irico, nor

11  was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

12  issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

13  Irico understands that this email domain (@irico.com.cn) was used by another company, China

14  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

15  company that was not owned or controlled by Irico during the Relevant Period.

16      **RESPONSE RE: REQUEST FOR ADMISSION NO. 2R**

17      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

18  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

19  information that is maintained by and equally available to Plaintiffs or stated in publicly available

20  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

21  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

22  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

23  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

24  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

25  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

26  provide facts and evidence of events that did not take place.

27      Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

28  response to Request for Admission No. 2R, which contains a complete basis for its response to

1   this Interrogatory.

2   **RESPONSE RE: REQUEST FOR ADMISSION NO. 2T**

3   Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

4   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

5   information that is maintained by and equally available to Plaintiffs or stated in publicly available

6   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

7   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

8   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

9   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

10  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

11  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

12  provide facts and evidence of events that did not take place.

13  Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

14  response to Request for Admission No. 2T, which contains a complete basis for its response to

15  this Interrogatory.

16  **RESPONSE RE: REQUEST FOR ADMISSION NO. 2U**

17  Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

18  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

19  information that is maintained by and equally available to Plaintiffs or stated in publicly available

20  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

21  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

22  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

23  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

24  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

25  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

26  provide facts and evidence of events that did not take place.

27  Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

28  response to Request for Admission No. 2U, which contains a complete basis for its response to

1    this Interrogatory.

2    **RESPONSE RE: REQUEST FOR ADMISSION NO. 2V**

3    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

4    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

5    information that is maintained by and equally available to Plaintiffs or stated in publicly available

6    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

7    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

8    because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

9    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

10   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

11   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

12   provide facts and evidence of events that did not take place.

13   Subject to and without waiving its foregoing objections, Irico responds that this email

14   address was not used by an Irico employee during the course of their employment with Irico, nor

15   was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

16   issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

17   Irico understands that this email domain (@irico.com.cn) was used by another company, China

18   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

19   company that was not owned or controlled by Irico during the Relevant Period.

20   **RESPONSE RE: REQUEST FOR ADMISSION NO. 2X**

21   Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

22   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

23   information that is maintained by and equally available to Plaintiffs or stated in publicly available

24   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

25   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

26   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

27   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

28   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

1   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

2   provide facts and evidence of events that did not take place.

3        Subject to and without waiving its foregoing objections, Irico responds that this email

4   address was not used by an Irico employee during the course of their employment with Irico, nor

5   was the email domain "@irico.com.cn" maintained by Irico during the Relevant Period. Irico

6   issued and maintained email addresses with the domain @ch.com.cn during the Relevant Period.

7   Irico understands that this email domain (@irico.com.cn) was used by another company, China

8   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

9   company that was not owned or controlled by Irico during the Relevant Period.

10       **RESPONSE RE: REQUEST FOR ADMISSION NO. 2Y**

11       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

12  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

13  information that is maintained by and equally available to Plaintiffs or stated in publicly available

14  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

15  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

16  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

17  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

18  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

19  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

20  provide facts and evidence of events that did not take place.

21       Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

22  response to Request for Admission No. 2Y, which contains a complete basis for its response to

23  this Interrogatory.

24       **RESPONSE RE: REQUEST FOR ADMISSION NO. 2AA**

25       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

26  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

27  information that is maintained by and equally available to Plaintiffs or stated in publicly available

28  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

1  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

2  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

3  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

4  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

5  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico

6  provide facts and evidence of events that did not take place.

7      Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

8  response to Request for Admission No. 2AA, which contains a complete basis for its response to

9  this Interrogatory.

10      **RESPONSE RE: REQUEST FOR ADMISSION NO. 2B**

11      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

12  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

13  information that is maintained by and equally available to Plaintiffs or stated in publicly available

14  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

15  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

16  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

17  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

18  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

19  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico

20  provide facts and evidence of events that did not take place.

21      Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

22  response to Request for Admission No. 2B, which contains a complete basis for its response to

23  this Interrogatory.

24      **RESPONSE RE: REQUEST FOR ADMISSION NO. 5A**

25      Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

26  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

27  information that is maintained by and equally available to Plaintiffs or stated in publicly available

28  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

1   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

2   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

3   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

4   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

5   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

6   provide facts and evidence of events that did not take place.

7        Subject to and without waiving its foregoing objections, Irico responds that this business

8   card was not used by an Irico employee during the course of their employment with Irico during

9   the Relevant Period. These business cards appear to have been issued by another company, China

10  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

11  company that was not owned or controlled by Irico during the Relevant Period.

12       **RESPONSE RE: REQUEST FOR ADMISSION NO. 5B**

13       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

14  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

15  information that is maintained by and equally available to Plaintiffs or stated in publicly available

16  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

17  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

18  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

19  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

20  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

21  that Plaintiffs alone carry to Irico.

22       Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

23  response to Request for Admission No. 5B, which contains a complete basis for its response to

24  this Interrogatory.

25       **RESPONSE RE: REQUEST FOR ADMISSION NO. 5C**

26       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

27  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

28  information that is maintained by and equally available to Plaintiffs or stated in publicly available

1   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

2   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

3   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

4   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

5   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

6   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

7   provide facts and evidence of events that did not take place.

8            Subject to and without waiving its foregoing objections, Irico responds that this business

9   card was not used by an Irico employee during the course of their employment with Irico during

10  the Relevant Period. These business cards appear to have been issued by another company, China

11  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

12  company that was not owned or controlled by Irico during the Relevant Period.

13  **RESPONSE RE: REQUEST FOR ADMISSION NO. 5D**

14           Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

15  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

16  information that is maintained by and equally available to Plaintiffs or stated in publicly available

17  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

18  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

19  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

20  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

21  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

22  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

23  provide facts and evidence of events that did not take place.

24           Subject to and without waiving its foregoing objections, Irico responds that this business

25  card was not used by an Irico employee during the course of their employment with Irico during

26  the Relevant Period. These business cards appear to have been issued by another company, China

27  National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

28  company that was not owned or controlled by Irico during the Relevant Period.

1    **RESPONSE RE: REQUEST FOR ADMISSION NO. 6A**

2    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

3    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

4    information that is maintained by and equally available to Plaintiffs or stated in publicly available

5    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

6    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

7    because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

8    burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

9    also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

10   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

11   provide facts and evidence of events that did not take place.

12   Subject to and without waiving its foregoing objections, Irico responds that this business

13   card was not used by an Irico employee during the course of their employment with Irico during

14   the Relevant Period. These business cards appear to have been issued by another company, China

15   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

16   company that was not owned or controlled by Irico during the Relevant Period.

17   **RESPONSE RE: REQUEST FOR ADMISSION NO. 6C**

18   Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

19   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

20   information that is maintained by and equally available to Plaintiffs or stated in publicly available

21   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

22   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

23   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

24   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

25   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

26   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

27   provide facts and evidence of events that did not take place.

28   Subject to and without waiving its foregoing objections, Irico responds that this business

---

IRICO'S OBJECTIONS AND RESPONSES TO          84          Master File No. 07-cv-05944-JST
IPP'S FOURTH SET INTERROGATORIES                                    MDL No. 1917

1   card was not used by an Irico employee during the course of their employment with Irico during

2   the Relevant Period. These business cards appear to have been issued by another company, China

3   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

4   company that was not owned or controlled by Irico during the Relevant Period.

5   **RESPONSE RE: REQUEST FOR ADMISSION NO. 6D**

6       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

7   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

8   information that is maintained by and equally available to Plaintiffs or stated in publicly available

9   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

10   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

11   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

12   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

13   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

14   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

15   provide facts and evidence of events that did not take place.

16       Subject to and without waiving its foregoing objections, Irico responds that this business

17   card was not used by an Irico employee during the course of their employment with Irico during

18   the Relevant Period. These business cards appear to have been issued by another company, China

19   National Electronics Import & Export Caihong Co. ("CNEIECC"), which was an independent

20   company that was not owned or controlled by Irico during the Relevant Period.

21   **RESPONSE RE: REQUEST FOR ADMISSION NO. 7**

22       Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

23   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

24   information that is maintained by and equally available to Plaintiffs or stated in publicly available

25   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

26   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

27   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

28   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving its foregoing objections, Irico responds that it has already

2    detailed its efforts to discover the status of documents around the time that Irico received

3    Plaintiffs' Complaint on December 25, 2007 and refers Plaintiffs to the Irico Defendants'

4    Supplemental Responses to Indirect Purchaser Plaintiffs Third Set of Interrogatories, January 21,

5    2022.

6    **RESPONSE RE: REQUEST FOR ADMISSION NO. 8**

7    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

8    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

9    information that is maintained by and equally available to Plaintiffs or stated in publicly available

10   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

11   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

12   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

13   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

14   Subject to and without waiving its foregoing objections, Irico responds that it has already

15   detailed its efforts to discover the status of documents in mid-2008 and refers Plaintiffs to the

16   Irico Defendants' Supplemental Responses to Indirect Purchaser Plaintiffs Third Set of

17   Interrogatories, January 21, 2022.

18   **RESPONSE RE: REQUEST FOR ADMISSION NOS. 10-15**

19   Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

20   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

21   information that is maintained by and equally available to Plaintiffs or stated in publicly available

22   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

23   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

24   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

25   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

26   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

27   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

28   provide facts and evidence of events that did not take place.

1    Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

2    responses to Request for Admission Nos. 10 through 15, which contain a complete basis for its

3    response to this Interrogatory.

4    **RESPONSE RE: REQUEST FOR ADMISSION NO. 16**

5    Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

6    burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

7    information that is maintained by and equally available to Plaintiffs or stated in publicly available

8    documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

9    or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

10   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

11   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

12   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

13   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

14   provide facts and evidence of events that did not take place.

15   Subject to and without waiving its foregoing objections, Irico refers Plaintiffs to the

16   following evidence under FRCP 33(d): Irico Defendants' Sixth Supplemental Objections and

17   Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, January 7, 2022; Irico

18   Defendants' Third Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First

19   Set of Interrogatories, January 7, 2022; Irico Defendants' Supplemental Objections and

20   Responses to Indirect Purchaser Plaintiffs' Third Set of Interrogatories to Irico Group Corporation

21   and Irico Display Devices Co., Ltd., January 21, 2022; Rule 30(b)(6) Deposition of Irico Group

22   Corp. and Irico Display Devices Co., Ltd., March 6-8, 2019.

23   Irico identifies the following persons with knowledge regarding this Interrogatory: Wang

24   Zhaojie and Su Xiaohua.

25   **RESPONSE RE: REQUEST FOR ADMISSION NOS. 17-26**

26   Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

27   burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

28   information that is maintained by and equally available to Plaintiffs or stated in publicly available

1   documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

2   or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

3   because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

4   burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

5   also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

6   that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

7   provide facts and evidence of events that did not take place.

8         Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

9   responses to Request for Admission Nos. 17 through 26, which contain a complete basis for its

10  response to this Interrogatory.

11  **<u>RESPONSE RE: REQUEST FOR ADMISSION NOS. 27-32</u>**

12        Irico further objects to this Interrogatory on the grounds that it is overbroad, unduly

13  burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seeks

14  information that is maintained by and equally available to Plaintiffs or stated in publicly available

15  documents. Irico also objects to this Interrogatory on the grounds that it calls for a legal argument

16  or legal conclusion. Irico further objects to the use of the terms "unqualified" and "supporting"

17  because they are vague and ambiguous, rendering this Interrogatory overbroad, unduly

18  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Irico

19  also objects to this Interrogatory to the extent it improperly tries to shift the evidentiary burden

20  that Plaintiffs alone carry to Irico. Irico further objects to this Interrogatory as it requests Irico to

21  provide facts and evidence of events that did not take place.

22        Subject to and without waiving the objections stated above, Irico refers Plaintiffs to its

23  responses to Request for Admission Nos. 27 through 32, which contain a complete basis for its

24  response to this Interrogatory.

25

26  Dated:  February 23, 2022                    BAKER BOTTS L.L.P.

27

28                                              */s/ John M. Taladay*

John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

Jonathan Shapiro (State Bar No. 257199)
101 California Street, Suite 3600
San Francisco, California 94111
(415) 291-6200
(415) 291-6300 (fax)
Email: jonathan.shapiro@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*