# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This document relates to:<br><br>*ALL INDIRECT PURCHASER ACTIONS* | Master File No.: 07-cv-05944 JST<br><br>MDL No. 1917<br><br>**DECLARATION OF DONALD CLARKE IN SUPPORT OF DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S MOTION IN LIMINE #4 TO PRECLUDE THE PARTIES FROM CONFLATING CNEIECC WITH ANY IRICO ENTITY** |

I, Donald Clarke, declare as follows:

1. I make this declaration in support of the Motion in Limine #4 to Preclude the Parties from Conflating CNEIECC with Any Irico Entity by Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display" and, together with Irico Group, the "Irico Defendants").

2. I am a Professor of Law and the David A. Weaver Research Professor at the George Washington University Law School, where I have been employed since 2005. My academic specialization is the law of the People's Republic of China in general and the legal regime of Chinese economic reform in particular.

3. From 1988 through 2004, I was on the faculty of the University of Washington School of Law ("UWLS"), and I have been a visiting professor at New York University Law School, University of California at Los Angeles School of Law, and Duke Law School. From 1995 to 1998, I was on a leave of absence from UWLS and worked as an attorney at Paul, Weiss, Rifkind, Wharton & Garrison ("Paul, Weiss"), a large United States law firm with a substantial China business practice. During that period, I visited China and Hong Kong approximately twice a year in the course of my work, a substantial amount of which was related to China. From 1998 through 2003, I regularly worked with Paul, Weiss as a consultant on Chinese law matters. Since that time I have maintained an independent consulting practice.

4. I have published widely in the field of Chinese law. I am fluent in Mandarin Chinese (speaking, reading, and writing).

5. I graduated *cum laude* from Harvard Law School in 1987, where my studies focused on East Asian legal systems and I served as an editor of the *Harvard Law Review*. I earned a graduate degree (M.Sc. with Honours) in the Government and Politics of China from the School of Oriental and African Studies at the University of London in 1983. I also studied Chinese history

for two years at Beijing University and Nanjing University in China from 1977 to 1979. I earned my undergraduate degree from Princeton University in 1977.

6.  I have served as adviser or consultant on Chinese law matters to a number of bodies, including the Asian Development Bank, the Agency for International Development, and the World Bank's Financial Sector Reform and Strengthening Initiative. I have testified on aspects of the Chinese legal system before the Congressional-Executive Commission on China and the United States-China Economic and Security Review Commission. In 2005, I was appointed to the Academic Advisory Group to the US-China Working Group of the United States Congress. I was admitted to practice in the State of New York in 1988, and am a member of the Council on Foreign Relations and the National Committee on U.S-China Relations. [1]

7.  In the course of my research in Chinese law over the years, as well as in various consulting and expert witnessing engagements, I have frequently seen official government documents of various kinds, as well as corporate records of various kinds.

8.  In this declaration, I provide my opinions on the authenticity of the following documents:

   a. Exhibit A, which is a copy of a document titled "Reply on Approval of CEIEC Accepting IRICO Electronics Import & Export Company as its Subsidiary issued by Shaanxi Provincial Commission for Foreign Economic Relations and Trade"[2] dated February 10, 1987, and a translation thereof.

---

[1] A copy of my current curriculum vitae was previously filed as an attachment to Irico Defendants' motion for summary judgment. ECF No. 6226-2 at 11.

[2] In order to avoid confusion, all document titles and quotes in English in this Declaration are exactly as they appear in the translations by Park IP Translations with which Irico's counsel has supplied me and which will be before the court, even if I might have translated them somewhat differently myself.

  b. Exhibit B, which is a copy of a document titled "China National Enterprise Credit Information Publicity Record" and on its face is an online printout of data from the National Enterprise Credit Information Publicity System ("NECIPS") containing information regarding "China National Electronics Import & Export Caihong Co. Ltd." ("CNEIECC"), from http://www.gsxt.gov.cn, and a translation thereof.[3]

  9. For the specific reasons explained below, I conclude that each of these documents is genuine and authentic. I also provide context regarding the status of Exhibit B as a public record of the Chinese government.

**Exhibit A**

  10. Exhibit A is a document that appears to be an aged photocopy; many of the characters, while still legible, are faded or blurry. It appears to me in all respects to be an authentic copy of what it purports to be: a Reply on Approval of CEIEC Accepting Irico Electronics Import & Export Company as its Subsidiary issued by Shaanxi Provincial Commission for Foreign Economic Relations and Trade on February 10, 1987. In particular, I note the following:

  a. The heading of the document bearing the name of the issuer (Shaanxi Province Foreign Economic Relations and Trade Commission) is in the font customarily used in documents of this nature.

  b. The line below the heading, showing the year within square brackets, is also in the format customarily used in documents of this nature.

  c. The location of the seal on the second page, over the typed date of Feb. 9, 1987, is consistent with where the seal is customarily stamped on documents of this nature.

---

[3] I am informed by counsel that Exhibit B was retrieved from this Chinese government website on September 17, 2018.

    d. The list at the bottom of the second page of government bodies to whom a copy is to be sent is consistent with documents of this nature. Although the English translation uses the term "Copy to" for both the line naming the Ministry of Foreign Economic Relations and Trade ("MOFERT") and the several lines listing a number of other government bodies, the Chinese text distinguishes them for bureaucratic reasons. The copy to MOFERT is described as "*chaobao* 抄报" (copy for reporting) because MOFERT is the hierarchical superior of, and the central government counterpart to, the provincial Foreign Economic Relations and Trade Commission ("FERTC"). The copy to other government bodies is described as "*chaosong* 抄送" (copy for sending). A different term is used because the bureaucratic relationship is different. The other government bodies are not within the same bureaucratic hierarchy as the provincial FERTC, and are simply being informed of its action. Official Chinese government documents in my experience invariably show this sensitivity to bureaucratic relationships.

11. The above list of factors is not exhaustive and is meant to highlight only some of the document's key elements that suggest its authenticity. As a whole, in both its language and its format, the document appears to be genuine and authentic.

**Exhibit B**

12. For the reasons stated below, I am of the opinion that Exhibit B is an authentic copy of what it purports to be: an online record of corporate information about CNEIECC from an official Chinese government database, the National Enterprise Credit Information Publicity System ("NECIPS"). Moreover, I have confirmed that the relevant information in Exhibit B, as noted below, is identical to the current information about CNEIECC that is recorded in NECIPS.

13. In order to confirm that the document is what it purports to be, I visited NECIPS online on August 7, 2023 in order to view its record of information for CNEIECC.

14. The record I retrieved confirmed the relevant details of Exhibit B:

   a. The company name is the same.

   b. The company Unified Social Credit Code (a unique number for Chinese companies) is the same.

   c. The details recording the transfer of 100% ownership in CNEIECC to Irico Group on May 8, 2014 are the same.

15. NECIPS is an official government database. Its purpose, as the name (National Enterprise Credit Information Publicity System) suggests, is to maintain and disclose certain corporate information, including the ownership history of companies, which would be recorded by government employees (or a system maintained by government employees) in their official capacity.

16. As reflected in the attached Exhibit C, NECIPS is published by a department of China's State Administration for Market Regulation ("SAMR"),[4] a ministry-level central government agency directly under the State Council, which is the highest body of executive government in China. SAMR's responsibilities include the registration and regulation of Chinese corporations as well as the collection and publication of information regarding those corporations.

---

[4] Exhibit C at 1. Exhibit C is a description of the Department of Credit Supervision and Administration taken from SAMR's website, which I have verified by retrieving it myself from the website of SAMR (https://www.samr.gov.cn/xyjgs/sjjs/) on Aug. 4, 2023. I have archived it at https://perma.cc/G7C9-R2LX.

17. Chinese companies are required to periodically submit various kinds of corporate information to the NECIPS database.[4] The relevant regulations state that both government departments and enterprises are responsible for the accuracy and timeliness of the disclosures.[5]

18. The particular department of SAMR responsible for administering the NECIPS database is the Department of Credit Supervision and Administration ("DCSA"). As described by SAMR, DCSA has authority over the "supervision and inspection on the registration of market entities" and is tasked with "undertak[ing] the construction and management of [NECIPS]."[6]

19. Based on the foregoing, I would expect the corporate information reported by NECIPS, including the details listed above in paragraph 14, to be an accurate reflection of corporation registration information submitted to DCSA.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of August, 2023 in Washington, DC.

*Donald Clarke* (signature)

_____

Donald Clarke

---

[4] State Council, 企业信息公示暂行条例 (Provisional Regulations on Enterprise Information Disclosure), promulgated Aug. 7, 2014, effective Oct. 1, 2014, Articles 8-10, https://www.gov.cn/zhengce/2020-12/27/content_5573732.htm (alias https://bit.ly/451FTqE).

[5] *Id.*, Art. 11.

[6] Exhibit C at 1.