BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **IRICO DEFENDANTS'** *MOTION IN LIMINE* **#7 TO EXCLUDE EVIDENCE OR INFLAMMATORY LANGUAGE REGARDING THE GUILTY PLEA BY SAMSUNG SDI COMPANY, LTD.** |
| | Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, at 2:00 p.m., or at such other date as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California, Irico Group Corporation ("Irico Group" or "Group," together with Irico Display Devices Co., Ltd., "Irico" or "Irico Defendants"), by and through its undersigned counsel, will and hereby does move the Court, under Rules 401, 402, 403 and 802 of the Federal Rules of Evidence, to exclude any evidence or inflammatory language regarding the guilty plea by Defendant Samsung SDI Company, Ltd. ("SDI") related to color display tubes ("CDTs") for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.

**REQUESTED MOTION IN LIMINE**

This motion seeks to exclude any evidence or inflammatory language regarding the guilty plea by Samsung SDI Company, Ltd. ("SDI") regarding CDTs under Federal Rule of Evidence 401, 402, and 403.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The SDI guilty plea cannot be admitted against Irico because "the guilty plea or conviction of a codefendant may not be offered . . . as substantive evidence of the guilt of those on trial." *United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981). Further, the guilty plea of now-settled, former defendant SDI is of no probative value because SDI has expressly denied that it participated in a conspiracy with Irico to fix prices, reduce output, or allocate market shares of CDTs, and the scope of alleged products, the timeframe, and the conspiracy reflected in the SDI guilty plea is different than that alleged against Irico by Plaintiffs here. *See* Fed. R. Evid. 401; *see also RightCHOICE Managed Care, Inc. v. Hosp. Partners, Inc.*, No. 5:18-CV-06037-DGK, 2021 WL 4258747, at *3 (W.D. Mo. Sept. 17, 2021) (holding prior guilty plea irrelevant when offered against parties not implicated in conduct covered by plea). While being of little probative value, the risk of substantial prejudice to Irico is great, given the high degree of likelihood of jury confusion given the different factual setting and SDI's denial of Irico's participation in the charged conspiracy. Fed. R. Evid. 403; *see also RightCHOICE Managed Care*, 2021 WL 4258747, at *4 (even if the plea agreement were "marginally relevant," any relevance would be outweighed by "the danger of unfair prejudice"). Inflammatory language related to the SDI guilty plea should also be excluded.

**I.    The SDI Plea Agreement is Not Relevant or Admissible Against Irico.**

First, the plea agreement of codefendant SDI, who has previously settled and thus will not be a party in this trial, is not admissible against Irico because "guilty pleas and convictions of codefendants are not admissible to demonstrate the guilt of defendants yet to be convicted." *United States v. Newman*, 490 F.2d 139, 143 (3d Cir. 1974); *Halbert*, 640 F.2d at 1004 ("[T]he guilty plea or conviction of a codefendant may not be offered . . . as substantive evidence of the

1  guilt of those on trial.").[1]  Because Irico is the only remaining defendant in this trial, evidence
2  regarding SDI's guilty plea is not admissible for any purpose and should be excluded in its
3  entirety.
4      Second, evidence of SDI's guilty plea should also be excluded because it is of little to no
5  relevance to the allegations against Irico. Fed. R. Evid. 401, 402.  The Samsung SDI guilty plea
6  does not involve conduct by Irico, so is not relevant to the liability of Irico.  SDI is the only entity
7  explicitly named in the plea agreement. *See* Carlock Decl., Ex. 1 (SDI Plea Agreement) at 3-4
8  (referring to "major CDT producers"). Moreover, SDI has denied that Irico was one of the
9  unnamed co-conspirators referenced in the plea documents. SDI expressly denied that its officers
10 and employees reached agreements to fix prices, reduce output, or allocate market shares of
11 CDTs with Irico. Carlock Decl, Ex. 2 at 27-29 (Responses to RFAs 25-27). SDI further denied
12 that it participated with Irico in a conspiracy regarding CDTs to fix prices, reduce output, or
13 allocate market shares. *Id.* at 22-25 (Responses to RFAs 22-24).[2] If Irico was not a participant in
14 conduct related to SDI's plea agreement, it is not relevant to Irico's potential liability here. *See*
15 *RightCHOICE Managed Care*, 2021 WL 4258747, at *3 (holding that a plea agreement in a
16 criminal case was not relevant in a related civil case, where the remaining defendants were not
17 mentioned in the plea agreement and the pleading codefendant had defaulted and would not
18 participate in the trial); *see also Evanston Ins. Co. v. Desert State Life Mgmt.*, 484 F. Supp. 3d
19 987, 1006 n.6 (D.N.M. 2020) (refusing to admit facts in plea agreement "against any other
20 party"). Also relevant is the fact that Irico neither received a grand jury subpoena nor was
21 contacted by DOJ regarding its investigation into the CRT industry.
22     In addition to the fact that Irico was not a party to the conduct in former codefendant

---

[1] Should the Court decide that the SDI plea agreement is admissible for some limited purpose, Irico requests a limiting jury instruction be given that the plea cannot be used substantively against Irico. Fed. R. Evid. 105. The jury should be instructed "in unequivocal language that the plea may not be considered as evidence of a defendant's guilt," ideally both "when the evidence of the plea is admitted, and again in final instructions." *Halbert*, 640 F.2d at 1006-07 (reversing defendant's conviction "for want of appropriate instructions to the jury on the limited purpose for which the pleas could be used").

[2] SDI acknowledged that the conduct to which it pled guilty involved only the Chunghwa and Mitsubishi.  *See* Carlock Decl., Ex. 2 (Responses to RFAs 68, 70-75, 36, 38-43).

1    SDI's plea agreement, the scope of the conspiracy outlined in SDI's plea agreement is much

2    narrower than the conspiracy alleged in Plaintiffs' complaint, further limiting its relevance.

3    Plaintiffs here allege a broad conspiracy involving both CDTs and CPTs and spanning March

4    1995 to November 2007. *See, e.g.*, Indirect Purchaser Plaintiffs' Fifth Consolidated Amended

5    Complaint ¶ 142, [Case No. 4:07-cv-05944-JST, ECF No. 5589]. In contrast, the SDI plea

6    agreement is limited to only certain sizes of CDTs that were sold from January 1997 to March

7    2006. *See* Carlock Decl., Ex. 1 (SDI Plea Agreement) at 2-3 (Factual Basis).

8    Third, the Court should exclude the SDI plea agreement because in addition to not being

9    probative, it is "unfair[ly] prejudic[ial]", "misleading [to] the jury" or will "wast[e] time." Fed. R.

10   Evid. 403; *Ioane v. Spjute*, No. 1:07-CV-0620 AWI EPG, 2016 WL 4524752, at *11 (E.D. Cal.

11   Aug. 29, 2016) (Rule 403 prohibits the introduction of "large quantities of extrinsic evidence to

12   create mini-trials regarding tangentially related matters"). This Court has previously recognized

13   the potential danger of admitting evidence that codefendants had been found liable by another

14   proceeding. *See* Order Re Motions in Limine ECF No. 3558, 3583; *Id.*, Case No. 3:07-cv-05944-

15   JST, ECF No. 5034 ("If a jury hears that some or all of the Defendants have been found liable by

16   the EC, it will be very difficult for the jury not to find them liable as well.").

17   Even if SDI's plea agreement were "marginally relevant, any relevance would be

18   substantially outweighed by the danger of unfair prejudice to the [] Defendants and risk of

19   confusing and misleading the jury." *RightCHOICE Managed Care*, 2021 WL 4258747, at *1, *4

20   (explaining that introducing the plea could "result in the jury speculating about whether

21   Defendants [] are [the unnamed co-conspirators in the plea agreement], and/or inferring that the []

22   Defendants are guilty by association"); *see also United States v. Hansen*, 544 F.2d 778, 780 (5th

23   Cir.1977) ("[T]here is no need to advise the jury or its prospective members that someone not in

24   court, not on trial, and not to be tried, has pleaded guilty. The prejudice to the remaining parties

25   who are charged with complicity in the acts of the self-confessed guilty participant is obvious.").

26   Finally, under the facts and circumstances present here, the SDI guilty plea is also

27   inadmissible hearsay and is not admissible under any exception to the hearsay rules. Fed. R. Evid.

28   802.

## II. The Court Should Prohibit the Use of Any Inflammatory Language related to the Samsung Guilty Plea.

In addition to excluding the SDI guilty plea or reference to it, the Court should also prohibit Plaintiffs' and their witnesses' use of any inflammatory rhetoric at trial, including, but not limited to references to Irico and/or their competitors as "convicted criminals," "felons," "admitted price-fixers," or "cartelists" which serves no legitimate purpose but is intended solely to inflame the jury and unfairly prejudice Defendants. Fed. R. Evid. 402, 403, and 404. *First*, inflammatory rhetoric has no place in any trial, and its use would be particularly inappropriate and confusing here given that only one non-present, co-defendant has entered into a plea agreement, and where that co-defendant has confirmed that Irico was not a co-conspirator in that offense. *Second*, particularly because inflammatory rhetoric has no probative value, real dangers of unfair prejudice, confusion, and misleading the jury tip the balance sharply in favor of its exclusion. Fed. R. Evid. 403. Inflammatory rhetoric is the classic example of "suggest[ing] decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.*, 1972 Advisory Committee Note. Inappropriate epithets such as "convicted criminal" or "convicted felon" are by their nature inflammatory, and their only purpose is to smear Defendants and prejudge their civil liability on grounds other than the merits of the case. *See, e.g., U.S. v. Basham*, 561 F.3d 302, 327 (4th Cir. 2009) (unfair prejudice occurs when evidence lures "the factfinder into declaring guilt on a ground different from proof specific to the offense charged"). *Third*, any suggestion that Irico and/or their alleged co-conspirators are "convicted criminals" is improper evidence of purported wrong acts which is inadmissible to prove that on this particular occasion, Irico and/or their alleged co-conspirators acted in accordance with that character. Fed. R. Evid. 404.

Judge Illston in the *LCD* trial in this district granted the very same *in limine* motion to exclude inflammatory rhetoric. Ex. 1 (*In re TFT-LCD (Flat Panel) Antitrust Litigation,* MDL Dkt. No. 5101 (N.D. Cal. Mar. 3, 3012) (Defendant LG Display's Motion *In Limine* No. 3 to Exclude Evidence and Arguments Specified Herein)), at 2; and Ex. 2 (MDL Dkt. No. 5597

IRICO DEFENDANTS MOTION IN LIMINE #7           4           Master File No. 4:07-cv-05944-JST
                                                                                 MDL No. 1917

1  (N.D. Cal. May 4, 2012) (Final Pretrial Scheduling Order), at 7 (granting LG's motion to
2  exclude inflammatory rhetoric)).
3       For these reasons, the Court should exclude any evidence of SDI's plea agreement and
4  any inflammatory language related to it. If the SDI guilty plea is admitted for a limited purpose
5  (an outcome the law does not support in this case), a limiting jury instruction is necessary to
6  ensure the plea agreement is not misused by the jury. *Halbert*, 640 F.2d at 1006; Fed. R. Evid.
7  105.

## CONCLUSION

For all the foregoing reasons, Irico respectfully requests that the Court grant this Motion.

Dated: August 11, 2023　　　　　　　　Respectfully submitted,

/s/ *John M. Taladay*
BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*