BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **IRICO DEFENDANTS' *MOTION IN LIMINE* #8 TO EXCLUDE INVESTIGATIONS BY FOREIGN AUTHORITIES INTO CRT INDUSTRY** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Date: December 15, 2023 Time: 2:00 pm Judge: Hon. Jon S. Tigar Courtroom: 6, 2nd Floor |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, at 2:00 p.m., or at such other date as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California, Irico Group Corporation ("Irico Group" or "Group," together with Irico Display Devices Co., Ltd., "Irico" or "Irico Defendants"), by and through its undersigned counsel, will and hereby does move the Court, under Rules 401, 402, 403 and 802 of the Federal Rules of Evidence, to exclude all evidence and reference at trial to foreign investigations into the cathode ray tube ("CRT") industry, for the reasons set forth in the accompanying Memorandum of Points and Authorities.

This motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the complete files and records in this action, oral argument of counsel, and such other and further matters as this Court may consider.
.

1

**REQUESTED MOTION IN LIMINE**

2       This motion seeks to exclude evidence and references at trial relating to foreign

3   investigations by the European Commission ("EC"), South Korea, Canada, Hungary, France,

4   Taiwan and Japan into the CRT industry under Federal Rule of Evidence 401, 402, 403, and 802.

5           **MEMORANDUM OF POINTS AND AUTHORITIES**

6       This Court has already ruled in this matter that specific references and documents related

7   to foreign investigations by the EC[1] and South Korean[2] authorities should be excluded from trial

8   under Rule 403 because their "admission would result in unfair prejudice and the undue

9   consumption of time." Order Re Motions in Limine, Case No. 3:07-cv-05944-JST, ECF No.

10  3558, 3583; ECF No. 5034 ("Order No. 5034"). The Court did not extend its ruling more broadly

11  to other documents referencing foreign investigations only because Defendants had not

12  specifically "placed the evidence in question before the Court, and the Court cannot rule in a

13  vacuum." Order No. 5034. Irico now asks the Court to apply its prior ruling here and provides

14  additional details of evidence related to foreign investigations that likewise should be excluded

15  under the same rationale, i.e., that there is limited probative value in investigations conducted

16  under other jurisdiction's laws and that introducing this evidence would be both distracting and

17  prejudicial.

18      In addition, this evidence should be excluded because the fact that a foreign government

19  investigated the same industry under different foreign laws does not make it more probable that

20  Irico violated U.S. antitrust law. Fed. R. Evid. 401; *See Sugar Ass'n v. McNeil-PPC, Inc.*, No. 04-

21  cv-10077, 2008 WL  4755611 (C.D. Cal. Jan. 7, 2008) (foreign investigations are conducted

22  under different antitrust laws, with differing due process requirements and standards of proof than

23  U.S. law). That is particularly so where Irico was not prosecuted by any foreign authority.

24  Finally, allegations by foreign governments during investigations and press releases and news

25  articles relating to these investigations are inadmissible hearsay. Fed. R. Evid. 802. For the

26  _____
[1] ECF No. 3558, Exh. J. (a decision by the EC ("EC Decision") regarding an investigation into
27  the CRT industry)

28  [2] ECF No. 3787-2 at 2 (a press release issued by the Korea Fair Trade Commission ("KFTC")

reasons discussed below, any evidence

**I.     This Court has Already Found that Specific Evidence of Foreign Investigations is Unfairly Prejudicial and Should be Excluded Under Rule 403.**

This Court has already recognized the danger of admitting evidence of foreign investigations into a civil U.S. antitrust matter.  When discussing the relevance and the potential prejudice of the CRT EC decision in a previous motion in limine ruling, the Court found under Rule 403 that: (1) it is "unclear what probative value [the EC Decision] has" since many of the statements in the decision "do not constitute clear factual conclusions"; (2) that exclusion of the evidence was proper because introducing evidence of a foreign investigation would unfairly prejudice the defendants (Order No. 5034 at 4 ("If a jury hears that some or all of the Defendants have been found liable by the EC, it will be very difficult for the jury not to find them liable as well.")); and (3) the exclusion was warranted to avoid the need for "large quantities of extrinsic evidence to create mini-trials regarding tangentially related matters" regarding the scope and legal relevance of the foreign investigations. *Id.*; *See Ioane v. Spjute*, No. 1:07-CV-0620 AWI EPG, 2016 WL 4524752, at *11 (E.D. Cal. Aug. 29, 2016).

When addressing the press release by the Korea Fair Trade Commission detailing the findings of its investigation of the CRT industry, the Court again noted that "[t]he KFTC press release is inadmissible under Federal Rule of Evidence 403 because its admission would result in unfair prejudice and the undue consumption of time." Order No. 5034 at 5.  The Court went onto explain that:

> The unfair prejudice would result from the dispositive effect a jury is likely to give the document, at least as to any Defendant mentioned in it.  The undue consumption of time would result from Defendants' need to introduce evidence litigating the merits of the KFTC press release as opposed to the existence of the conspiracy alleged in Plaintiffs' complaint.").

*Id.*  The Court should confirm its prior ruling regarding these two documents.

**II.    The Court Should Exclude Similar Documents and Investigations on the Same Rationale.**

The only previous reservation by the Court in granting Defendants' Motion on this topic related to circumstances where the Defendants did not "place[] the evidence in question before

the Court….” *Id.* at 4.  Irico is now providing the Court with additional details regarding

documents and references that should be excluded.  Based on the IPPs' operative complaint,

expert reports, initial deposition designations and preliminary exhibit list, it appears that IPPs may

intend to introduce or refer to at least the following materials regarding foreign investigations, all

of which should be excluded:[3]

- Irico's minimal communications with the EC regarding the EC's CRT glass bulb investigation, *see* Carlock Decl. Ex. 1 (Dep. Ex. 8602, IRI-CRT-00005996); 2 (Dep. Ex. 8603, IRI-CRT_00005995);

- References to EC and Canadian investigations in Irico's discovery responses, *see, e.g.*, Carlock Decl. Exs. 3-4 (Dep. Exs. 8400, 8610, Pillsbury letter to IPPs);

- Additional documents related to the EC CRT investigation including press releases regarding the EC decision and fines imposed, *see, e.g.*, Werbel Decl. Ex. 1 (Netz Apr. 15, 2014 Report, Ex. C) at 20-21, ECF No. 6150;

- Additional documents related to the KFTC investigation and decision including the KFTC Decision No. 2011-019, Carlock Decl. Ex. 5 (Dep. Ex. 630E), and documents related to meetings of the KFTC, *see, e.g.*, Werbel Decl. Ex. 1 (Netz Apr. 15, 2014 Report, Ex. C) at 29, ECF No. 6150;

- A Cease-and-Desist Order issued by the Japan Fair Trade Commission and related press articles, *Id.* at 28;

- An announcement from Hungarian Competition Authority regarding the opening of aa CRT investigation, ECF No. 5589 at ¶ 216; and

- The numerous references to foreign investigations found in:

  ○ The IPPs' Fifth Amended Complaint, *see id.* at ¶¶ 4, 206-16; and

  ○ The multiple reports of IPPs' expert, Dr. Janet Netz, *see* Werbel Decl. Ex. 34 (Netz Oct. 1, 2012 Class Certification Decl., Ex. C) at 24, 26-27, ECF No. 6150; *Id.* Ex. 1 (Netz Apr. 15, 2014 Report Document Considered, Ex. C) at 1, 20-21, 28-30, 53; *Id.* Ex. 5 (Netz Sept. 26, 2014 Rebuttal Report, Ex. C) at 1-4.

For the same reasons that the Court determined to exclude the EC decision and the KFTC

press release, the Court should exclude all of the above materials, as well as any similar types of

documents or materials that contain the same type of information as the above materials.  The

Court should also prohibit any references to the documents or the investigations described therein

at trial.  First, as the Court noted when reviewing the EC decision and the KFTC press release,

---

[3] Irico reserves the right to expand this list as it learns more about the materials that IPPs intend to introduce at trial.

there is significant risk of prejudice to Irico as the jury could defer to the findings of a foreign investigation and assume Irico's liability. Order 5034 at 5.  Second, the documents contain ambiguous and unclear factual statements and conclusions similar to those excluded by the Court previously. *Id* at 3-4.  Moreover, most of the findings and statements found in documents regarding foreign CRT investigations and press releases do not even mention Irico, and Irico was never the subject of prosecution by any U.S. or foreign enforcement agency.[4]  Third, in order to introduce this evidence regarding these foreign investigations, the jury would need to understand the substance of the foreign antitrust law, along with differing standards of proof and due process requirements, and how that foreign authority conducted its investigation.[5] Introducing this evidence could be distracting to the jury and could unduly lengthen the trial.  *Id.*; *Ioane*, 2016 WL 4524752, at *11; *see also, Sugar Ass'n*, 2008 WL 4755611 (excluding foreign judgments under Rule 402 because the proponent of the evidence could not demonstrate that foreign law was similar to U.S. law).

## **CONCLUSION**

For all the foregoing reasons, Irico respectfully requests that the Court grant this Motion.

Dated: August 11, 2023                              Respectfully submitted,

/s/ *John M. Taladay*
BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)

---

[4] *See* Decision No. 2011-019 by the KFTC that mentions only Samsung SDI, LG Phillips Display, Chunghwa Picture Tubes, Ltd., and CPTF Optronics Co., Ltd.   Irico sole and tangential interaction with the EC inquiry was an objection to an information request relating to the glass bulbs used in CRT production on the basis that Irico's glass bulbs had "never been sold to countries and areas in the range of EU/EEA." Carlock Decl. Ex. 1.

[5] These foreign investigations were conducted under foreign antitrust laws that differ substantively from U.S. antitrust laws. *See, e.g.,* Article 101 of the Treaty on the Functioning of the European Union (noting that the European Union is only concerned with conduct that violates EU law). These foreign laws also often have differing due process and standard of proof requirements. *See, e.g.*, F. Castillo de la Torre, "Evidence, Proof and Judicial Review in Cartel Cases," [2009] 32 WC 505 (explaining the rules of evidence in Europe).

700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*