# **<u>EXHIBIT 5</u>**

# KFTC Decision (Certified Translation)

Exh. 630 E



100 Park Ave. 16th Fl.
NY, NY 10017

Toll-free: 877-GO-CONSORTRA
877-462-6676

Your legal translation partner.                                   www.consortra.com

STATE of NEW YORK    )
                     )        ss:
COUNTY of NEW YORK   )

## CERTIFICATE OF ACCURACY

This is to certify that the attached document, *"KFTC decision"*, originally written in *Korean* is, to the best of our knowledge and belief, a true, accurate, and complete translation into *English*.

Dated: September 25, 2012

Seth Wargo
Consortra Translations

Sworn to and signed before ME this
25th day of September,
2012.

Notary Public

JAMES G MAMERA
Notary Public, State of New York
No. 01MA6157195
Qualified in New York County
Commission Expires Dec. 4, 2014

## Fair Trade Commission

## Multi-party Meeting

**Decision no. 2011-019**                                **March 10, 2011**

Case number: 2010*Gukka*2364

Case name: Wrongful joint actions by the 5 computer color monitor CDT manufacturers

Defendants: 1. Samsung SDI
   428-5 Gongse-dong, Giheung-gu, Yongin-si
   Representative Director: ○ ○ Choi
   Agent: Shin & Kim
   Attorneys at law: Jung Won Park, Min Ho Lee, Oh Tae Kwon
   Agent: Apex Law Firm
   Attorney at law: Jung Hee Kang

   2. LG Philips Display
   184 Gongdan 1-dong, Gumi-si
   (Delivery address: Kyungbuk Samil Law Firm 34-3 Songjeong-dong, Gumi-si)
   Temporary Representative Director: ○ ○ Kim

   3. Chunghwa Picture Tubes, Ltd.
   No. 1127 Heping Rd. Bade City, Taoyuan, 334, China (Taiwan)
   Representative Director: Lin Wei Shan

   4. Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.

      Lot 1 Subang Hi-Tech Industrial Park Batu Tiga 40000 Shah Selangor, Malaysia
      Representative Director: Kuang-Lang Chen

5. CPTF Optronics Co., Ltd.
   No. 1 Xin Ye Road, Mawai Hi-Tech Development Zone, Fuzhou, China
   Representative Director: Sheng-Chang Lin
   The agent for the defendants 3 through 5: Yoon & Yang
   Attorneys at law: Ho Il Yoon, Jae Yung Kim, Dong Young Han

**Text**

1. The defendant Samsung SDI, the defendant Chunghwa Picture Tubes, Ltd., the defendant Chunghwa Picture Tubes (Malaysia) Sdn. Bhd, and the defendant CPTF Optronics Co., Ltd. should pay the following fines to the government coffers.

A. Penalties

| | |
|---|---|
| (1) Defendant Samsung SDI: | 24,013,000,000 won |
| (2) Defendant Chunghwa Picture Tubes, Ltd.: | 2,198,000,000 won |
| (3) Chunghwa Picture Tubes (Malaysia) Sdn. Bhd.: | 32,000,000 won |
| (4) CPTF Optronics Co., Ltd.: | 28,000,000 won |

B. Payment due date: Within the due date indicated in the penalty notification (60 days)

C. Place of payment: The Bank of Korea (Treasury Collecting Agency) or post office

**The Reasons**

1. The basic facts

A. The eligibility of the defendants

1 The defendant Samsung SDI Co., Ltd. (hereinafter referred to as "Samsung SDI" or "Samsung Electronic Tube[1]"), the defendant LG Philips Display (hereinafter referred to as "LPD"[2]), the defendant Chunghwa Pictures Limited (hereinafter referred to as "Chunghwa Pictures"), the defendant Chunghwa Picture Tubes (Malaysia) Sdn. Bhd. (hereinafter referred to as "Chunghwa Pictures Malaysia"), and the defendant CPTF Optronics Company Limited (hereinafter referred to as "Chunghwa Pictures Tubes Fuzhou") produces and markets CDT (color display tube)[3] products, which are color monitor display tubes for computers and are companies as defined under Article 2.1 of the Law on the Regulation of Trusts and on Fair Transactions (revised to Law No. 7492 on April 1, 2006, hereinafter referred to as the "Law").

2 The defendant Samsung SDI and the defendant LPD are domestic companies who were established according to the laws of the Republic of Korea and whose principal offices are located in the Republic of Korea. The defendant Chunghwa Picture Tubes which was established according to the laws of the Republic of China (Taiwan) and whose principal office is located in Taiwan, Chunghwa Picture Tubes Malaysia which was established according to the laws of Malaysia and whose principal office is located in Malaysia, and Chunghwa Picture Tubes Fuzhou which was established according to the laws of the People's Republic of China and whose principal office is located in the People's Republic of China, are foreign companies which were each established according to the laws of their respective countries and whose principal places of business are located in their respective countries.

3 In regard to the jurisdiction over foreign companies and in regard to their status as defendants, Article 2.1 of the Law merely states that "a business entity carries out manufacturing, service, or other business activities," not limiting the business entities that are subject to the Law to domestic companies. Furthermore, Article 19.1 of the Law stipulates that the subject of violation is a "business entity," and doesn't limit such business entities to domestic companies. Furthermore, according to Article 2.2 of the Law, "the Law applies to those actions that impact the domestic market regardless of whether such actions were carried out overseas."

---

[1] The defendant Samsung SDI was established as Samsung NEC in 1970. In 1974, the company changed its name to Samsung Electronic Tube Industrial Inc. In 1984, the company changed its name again to Samsung Electronic Tube Inc. In November of 1999, the company changed its name to Samsung SDI.

[2] On March 30, 2010, the Kimchun branch of Daegu District Court appointed Mr. Kim, an attorney at law at Kyungbuk Samil, as the temporary representative director. As a result, the address "Law firm Kyungbuk Samil 34-3 Songjung-dong, Gumi City" was included was included as one of the addresses to send documents related to this case.

[3] The term cathode ray tube (CRT), also known as the Braun tube, refers to both the computer color monitor CDT (color display tube) and the TV color monitor CPT (color picture tube).

-3- Translation of Korean Fair Trade Commission Multi-Party Meeting Decision No. 2011-019

4        Therefore, despite of the fact that some of the defendants that manufacture and market CDT products, which are cathode ray tubes for computer color monitors, were established according to the laws of foreign countries and have principal offices in foreign countries, the jurisdiction of the Law is acknowledged over foreign companies to the extent of the impact on the domestic market caused by any joint actions carried out with other companies overseas, so the Law applies accordingly.

5        Therefore, as can be seen in 3. A below, the defendants, which carried out wrongful joint actions such as setting the sales prices of the CDT products which are computer color monitor cathode ray tubes, from November 23, 1996 to March 14, 2006, allocating the market shares, and limiting the production volumes (hereinafter referred to as the "joint actions in this case"), thereby impacting the domestic market, are subject to the application of the Law in accordance with the stipulations of Article 2.1 and Article 2.2 of the Law.

B. The corporate structures of the defendants[4] and other relevant information

1) Chunghwa Picture Tubes Group

6        The defendant Chunghwa Picture Tubes[5] is the parent company of the Chunghwa Picture Tubes Group and the headquarters office is located in Taoyuan, Taiwan.   18.1% of the shares of the defendant Chunghwa Picture Tubes are owned by Chunghwa Electronics Investment Co (18.1%), 12.8% are owned by Tatung Company, and the rest are owned by the general public. During the joint action period, the defendant Chunghwa Picture Tubes marketed CDT products and parts to the whole world, but currently the company produces and markets TFT-LCD panels and related parts.

---

[4] Although Orion Electronics Co., Ltd. (hereinafter referred to only as "Orion) participated in the joint actions related to this case, the liquidation process started in July of 2003. After the company was dissolved on October 31, 2005, the dissolution registration was completed. Due to the fact that the statute of limitations expired, the company was excluded in the defendant list of this case. Both LG Electronics and Philips engaged in the CRT business before transferring their respective businesses to LPD. However, after transferring the CRT business to the defendant LPD on June 30, 2016 and July 1, 2001, respectively, these companies are no longer engaged in the CRT business, which is related to the joint actions in this case. Furthermore, neither of the companies has directly or indirectly dominated or participated in the decision making processes related to the pricing and production volume of LPD. On top of that, the statute of limitations for the actions taken by LG Electronics prior to June 30, 2001 and the actions taken by Philips prior to July 1, 2001 has expired. As a result, these two companies have been excluded from the defendant list.

[5] Hereinafter in this document, the term "Chunghwa Picture Tubes" refers to the corporate group that includes the "Chunghwa Picture Tubes" headquarters, "Chunghwa Picture Tubes Malaysia," and "Chunghwa Picture Tubes Fuzhou" unless the term "Chunghwa Picture Tubes" is specifically used to refer only to the headquarters office to the exclusion of the defendant Chunghwa Picture Tubes Malaysia and the defendant Chunghwa Picture Tubes Fuzhou. First, the directors and employees of the defendant Chunghwa Picture Tubes participated directly with the employees of the subsidiary companies in the cartel meetings to reach agreements or directed the subsidiary companies to carry out the agreements. Second, as we can see in the statement of Jason Liu in the attachment of the review report of this case dated May 14, 2008 (refer to page 267), due to the transfer of personnel within the Chunghwa Picture Tubes Group, the same people carried out the joint actions in this case on behalf of both the parent company and the subsidiary companies, reporting to both the Chunghwa Picture Tubes headquarters and other subsidiary companies. Third, in agreeing on the market shares during the joint action period of this case, other defendants regarded the Chunghwa Picture Tubes group as a single entity.

7       During the joint action period, the defendant Chunghwa Picture Tubes produced and marketed CDT products directly or through its subsidiary companies Chunghwa Picture Tubes Malaysia and Chunghwa Picture Tubes Fuzhou. The defendant Chunghwa Picture Tubes Malaysia is a wholly-owned subsidiary of Chunghwa PT (Bermuda) Ltd., which is in turn wholly owned by the defendant Chunghwa Picture Tubes, and produced CDT products until 2003. The defendant Chunghwa Picture Tubes Fuzhou is also wholly owned by Chunghwa Picture Tubes through Chunghwa PT (Labuan) Ltd. and Chunghwa PT (Bermuda) Ltd.[6]

2) Samsung SDI

8       The defendant Samsung SDI was established as Samsung NEC Co., Ltd. in 1970. In 1974, the company changed its trade name to Samsung Electronic Tube Industrial Inc. and started to produce semiconductors. In 1979, the company was listed in the Korean stock exchange. In 1984, the company changed its trade name to Samsung Electronic Tube Inc. In November of 1999, the company again changed its trade name to Samsung SDI Co., Ltd. The largest shareholder of Samsung SDI is Samsung Electronics Co., Ltd.,[7] which owns 19.68% of the shares. The rest of the shares are owned by the general public. The company currently produces such products as PDP's (plasma display panels), secondary batteries, and OLED's (organic lighting diodes). During the joint action period of this case, Samsung SDI manufactured CDT products in its factory located in Suwon, Korea and in its factory located in Busan, Korea, marketing the CDT products to such domestic customers as Samsung Electronics, Daewoo Electronics, Hansol Electronics, Hyundai Electronics, and LG Electronics. However, the Suwon factory closed in 2006 and the Busan factory closed in 2007. Currently, the company doesn't produce CDT products anymore.

---

[6] 

[7] Hereinafter, the term "co. ltd." will be omitted when referring to companies.

3) LPD

9       LPD was established by LPD Holdings (LG Philips Displays Holdings B.V.), which is a holding company established in Eindhoven, the Netherlands, as a joint venture created when LG Electronics and Philips Electronics (Kninklijke Philips Electronics N.V.) transferred their CRT business units. Since its founding, the company has been under the control of LPD Holdings. LG Electronics transferred its CRT business unit to LPD on June 30, 2001 and Philips Electronics (Kninklijke Philips Electronics N.V.) transferred its CRT business unit to LPD on July 1, 2001. Specifically, LPD Holdings, which was invested equally by LG Electronics and Philips Electronics, is the sole owner of LPD Investment (LG Philips Displays Investment B.V.). LPD Sittard (LG Philips Displays Sittard B.V.) and LPD Stadskanaal (LG Philips Displays Stadskanaal B.V.) each own 50% of the shares of LPD.

10      LPD produced CDT's in the Gumi factory and in Changwon factory, which are all located in Korea, and sold these products to such customers as LG Electronics, Samsung Electronics, and Hansol Electronics. In January of 2006, LPD Holdings started bankruptcy proceedings at a court in the Netherlands and is in the middle of a liquidation process. LPD transferred its CRT production and marketing facilities to Merdian Solar & Display Co., Ltd, which is wholly owned by MGA Holding Corporation Limited, a company located in Hong Kong, and closed business on December 10, 2009. Currently, the company is not engaged in any specific business activities.

4) The financial information of the defendants

The financial related to the defendants is as shown in Table 1 below.

<Table 1>                    General information of the defendants

(1 million won, as of 2009)