BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **IRICO DEFENDANTS'** *MOTION IN LIMINE* **#9 TO ESTABLISH PROCESS FOR REVIEW OF ALLEGED CO-CONSPIRATOR STATEMENTS** |
| | Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 15, 2023, at 2:00 p.m., or at such other date as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California, Irico Group Corporation ("Irico Group" or "Group," together with Irico Display Devices Co., Ltd., "Irico" or "Irico Defendants"), by and through its undersigned counsel, will and hereby does move the Court for an Order reiterating the Court's intention to follow the process previously outlined by this Court for the determination as to whether certain documents that might be offered by IPPs qualify as non-hearsay co-conspirator statements. *See* Order, In Re: Cathode Ray Tube (CRT) Antitrust Litig., C-07-5944 JST (ECF No. 4982) (N.D. Cal. Oct. 26, 2016).

This Motion is based on the Notice of Motion, the following Memorandum of Points and Authorities in support thereof, any materials found in the record, along with the argument of counsel and such other matters as the Court may consider.

**REQUESTED MOTION IN LIMINE**

This motion seeks to confirm a procedure, previously adopted by this Court, for the review and determination of admissibility at trial of documents sought to be introduced by IPPs as non-hearsay co-conspirator statements under Federal Rule of Evidence 801(d)(2)(e).

**MEMORANDUM OF POINTS AND AUTHORITIES**

IPPs have designated over 1500 documents that include, among other things, notes from alleged competitor meetings and other alleged information exchanges. These documents contain countless statements from dozens of alleged co-conspirators as well as other non-parties not alleged to be co-conspirators. Many of these documents have not been previously introduced at depositions, or if they were very few questions were posed, so relevant details as to applicability of Rule 801(d)(2)(e) have not been established. In addressing this issue in advance of the trial of claims by Direct Action Plaintiffs against other Defendants in this matter and in reference to largely the same set of documents, the Court issued an Order establishing a process for assessing the applicability of Rule 801(d)(2)(e). *See* Order, In Re: Cathode Ray Tube (CRT) Antitrust Litig., C-07-5944 JST (ECF No. 4982), 3-4 (N.D. Cal. Oct. 26, 2016). In this motion, Irico requests that the Court apply the same Order and the same procedure to the upcoming Irico-IPP trial.

**I.  THE COURT SHOULD FOLLOW ITS OCTOBER 26, 2016, ORDER AND RECONFIRM ITS PROTOCOL FOR THE ADMISSION OF ALLEGED CO-CONSPIRATOR STATEMENTS**

This court previously established a procedure for ruling on the admissibility of alleged co-conspirator statements. *See Id.* The Court determined it was appropriate to follow a procedure established by Judge Hamilton in *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 4:06-CV-01665-PJH (ECF No. 710) (N.D. Cal. May 20, 2009). As the Court correctly acknowledged then, "an accused's knowledge of and participation in an alleged conspiracy are preliminary facts that must be established before extra-judicial statements of a co-conspirator can be introduced into evidence." *Bourjaily v. United States*, 483 U.S. 171 (1987). *See also U.S. v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 906 F.2d 432, 458-59 (9th Cir. 1990) (applying *Bourjaily* standards to civil antitrust case).

These same issues will be relevant for the Irico trial.

Irico requests that the Court implement the same process it found appropriate in October 2016. Specifically, Irico requests that the Court confirm the following protocol for the admission of any such statements:

> No later than 12:00 p.m. on the business day prior to calling the witness(es) seeking to introduce such statement(s) at trial, the party seeking to introduce such statement(s) must deliver to chambers and to opposing parties two copies of a chart and any related materials delineating: (1) the identity of the testifying witness; (2) a statement describing the witness; (3) a summary of the evidence showing that the witness knew about and participated in the conspiracy; (4) the emails to be introduced via that witness, identifying within the email the specific co-conspirator statements to be introduced via that witness; (5) the identity of the declarant of each specific co-conspirator statement; and (6) a summary of the evidence showing that each declarant of the co-conspirator statement(s) knew about and participated in the conspiracy. The court will hear all arguments regarding the introduction of co-conspirator statements the following day prior to trial. While the court will issue a ruling as to the evidentiary admissibility of co-conspirator statements prior to trial, however, the court will reserve any ruling as to whether a statement was made "in furtherance" of a conspiracy until after the statement has been introduced at trial.

Order, at 3-4, ECF No. 4982.

## II. THE SPECIAL MASTER'S PREVIOUS ORDER REGARDING A SMALL SAMPLE OF STATEMENTS DOES NOT CHANGE THE NEED FOR SUCH A PROCESS AT TRIAL

Special Master Walker issued an initial report and recommendation on the admissibility of a small subset of documents containing alleged co-conspirator statements solely for purposes of summary judgment on September 19, 2022. *See* Special Master's Report and Recommendation re Admissibility of Coconspirator Documents and Statements ("R&R"), *In Re: Cathode Ray Tube (CRT) Antitrust Litig.*, C-07-5944 JST (ECF No. 6074) (N.D. Cal. Sept. 20, 2022). The Court adopted that report and recommendation on October 14, 2022. *See* Order Adopting Special Master's Report and Recommendation re: Admissibility of Coconspirator Documents and Statements, *In Re: Cathode Ray Tube (CRT) Antitrust Litig.*, C-07-5944 JST (ECF No. 6093) (N.D. Cal. Oct. 14, 2022). Importantly, that Order does not address admissibility of the alleged co-conspirator statements for trial.

1         In a previous order regarding the above set of documents, the Special Master considered applying this Court's protocol described above to his analysis of the alleged co-conspirator documents, but the Special Master recognized that "literal adherence to [Judge Hamilton's and Judge Tigar's process] can be followed only at the trial itself." Special Master's Order re Admissibility of Conspirator Documents & Statements at 4, ECF No. 5992. He therefore established his own process for his pre-trial determinations, and his report and recommendation states that, "admissibility for *summary judgment* would seem to be the appropriate standard for purposes of this report and recommendation." R. & R. at 2-3 (emphasis added). Further underlining the point, the Court's Order adopting the R&R confirms this limited application to summary judgment. *See* Special Master Order at 2 (the R&R's establishing "admissibility for summary judgment . . . requires no clarification").

        It is settled law in the Ninth Circuit that the standard of admissibility at summary judgment is a lower standard than at trial. *See Morgan v. Doran*, 308 F. App'x 231, 231-232 (9th Cir. 2009) (holding that a prior ruling that evidence could be considered at summary judgment did not render it admissible at trial). At the summary judgment stage, "it is no obstacle that [] evidence is not yet 'in a form that would be admissible at trial.'" *Jackson v. Sullivan*, 692 F. App'x 437 (9th Cir. 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also In re Asbestos Litig.*, 902 F.2d 38, n. 1 (9th Cir. 1990) ("Evidence need not be admissible at trial to be sufficient to withstand summary judgment."). Given that no alleged coconspirator statement from this initial set of documents has been deemed admissible for trial, let alone the hundreds of additional documents lacking any witness foundation that Plaintiffs now seek to introduce, Irico requests that the Court adopt its previous protocol on this issue.

## **CONCLUSION**

For all the foregoing reasons, Irico respectfully requests that the Court grant this Motion.

//

//

| | |
|---|---|
| Dated: August 11, 2023 | Respectfully submitted,<br><br>/s/ *John M. Taladay*<br>BAKER BOTTS LLP<br>John M. Taladay (*pro hac vice*)<br>Evan J. Werbel (*pro hac vice*)<br>Thomas E. Carter (*pro hac vice*)<br>Andrew L. Lucarelli (*pro hac vice*)<br>700 K Street, N.W.<br>Washington, D.C. 20001<br>202.639.7700<br>202.639.7890 (fax)<br>Email: john.taladay@bakerbotts.com<br>evan.werbel@bakerbotts.com<br>tom.carter@bakerbotts.com<br>drew.lucarelli@bakerbotts.com<br><br>*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.* |