1  BAKER BOTTS L.L.P.
   John M. Taladay (*pro hac vice*)
2  Evan J. Werbel (*pro hac vice*)
   Thomas E. Carter (*pro hac vice*)
3  Andrew L. Lucarelli (*pro hac vice*)
   700 K Street, N.W.
4  Washington, D.C. 20001
   (202)-639-7700
5  (202)-639-7890 (fax)
   Email: john.taladay@bakerbotts.com
6          evan.werbel@bakerbotts.com
           tom.carter@bakerbotts.com
7          drew.lucarelli@bakerbotts.com

8  *Attorneys for Defendants*
   *IRICO GROUP CORP. and*
9  *IRICO DISPLAY DEVICES CO., LTD.*

10

11              **UNITED STATES DISTRICT COURT**

12             **NORTHERN DISTRICT OF CALIFORNIA**

13                    **OAKLAND DIVISION**

14

15  IN RE: CATHODE RAY TUBE (CRT)      Master File No. 4:07-cv-05944-JST
    ANTITRUST LITIGATION               (N.D. Cal.)
16
                                       MDL No. 1917
17  _____

18  This Document Relates to:          **IRICO DEFENDANTS' *MOTION IN***
                                       ***LIMINE* # 10 TO PRECLUDE**
19  ALL INDIRECT PURCHASER ACTIONS     **PLAINTIFFS FROM REFERRING**
                                       **TO THE NUMBER OF**
20                                     **COMPETITOR MEETINGS**
                                       **BEFORE PROVING THE**
21                                     **ADMISSIBILITY OF THE**
                                       **EVIDENCE USED TO SUPPORT**
22                                     **THE STATEMENTS**

23                                     Date: December 15, 2023
                                       Time: 2:00 pm
24                                     Judge: Hon. Jon S. Tigar
                                       Courtroom: 6, 2nd Floor
25

26

27

28

1

### NOTICE OF MOTION AND MOTION

2    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3          PLEASE TAKE NOTICE that on December 15, 2023, at 2:00 p.m., or at such other date

4    as is convenient for the Court, before the Honorable Jon S. Tigar, United States District Judge of

5    the Northern District of California, Oakland Courthouse, located at Courtroom 6, 2nd Floor, 1301

6    Clay Street, Oakland, California, Defendants Irico Group Corp. and Irico Display Devices Co.,

7    Ltd. (collectively, "Irico"), by and through their undersigned counsel, will and hereby do move

8    the Court for an Order precluding Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs" or "IPPs")

9    from referring to or making statements concerning the number of competitor meetings, including

10   the number of meetings allegedly attended by Irico, prior to proving the admissibility of the

11   documents and evidence used to support the statements.

12         This Motion is based on the Notice of Motion, the following Memorandum of Points and

13   Authorities in support thereof, any materials found in the record, along with the argument of

14   counsel and such other matters as the Court may consider.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**REQUESTED MOTION IN LIMINE**

This motion seeks to preclude IPPs from making any refence to or argument at trial regarding the overall number of alleged conspiracy meetings that occurred or were attended by employees of any Irico entity without first introducing sufficient evidence and satisfying the Court as to the admissibility of the documents or evidence that supports those statements.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs allege that various co-conspirators discussed and exchanged competitive information and reached anticompetitive agreements during over 1,000 conspiracy meetings among competitors throughout the relevant time-period.  Plaintiffs however have never been required to support these allegations with evidence that would be admissible at a trial.  The same is true for Plaintiffs' suggestion that employees of Irico attended over 100 conspiracy meetings. Irico contests that number and is not aware of amissible evidence that will support such a claim. Furthermore, the available evidence, whether admissible at trial or not, confirms that many of these meetings reflect a legitimate, non-conspiratorial purpose, not all alleged co-conspirators attended the asserted meetings, and that the participants at those meetings changed over time. This is especially true for Irico, where evidence has confirmed that Irico did not attend any alleged conspiracy meetings prior to August 5, 1998, and did not attend the large majority of the alleged conspiracy meetings for the remainder of the alleged cartel.  *See* ECF 6231.  At trial, the Court will need to resolve disputes related to the admissibility of the each of the documents proffered by plaintiffs to support their allegations, presumably by applying the same procedure this Court already adopted in this case relating to the Direct Action Plaintiffs' case against the Mitsubishi defendants.  *See* ECF 4982.

It is IPPs' burden at trial to lay a proper foundation for admission of the evidence or argument supporting their allegations before referencing it before the jury.  Fed. R. Evid. 401, 403, 901, 802. IPPs should not be permitted to distort the record on these alleged facts by referring to or making statements concerning the number of competitor meetings, including the number of meetings allegedly attended by Irico, without laying the requisite foundation for admission and without the Court determining that the admissibility of the evidence upon which

1   IPPs rely.  This antitrust case hinges in large part on the IPPs' ability to prove a conspiracy to

2   affect the prices of CRTs in the United States, and that Irico was a participant in that conspiracy.

3   Any statements by IPPs concerning the number of competitor meetings and Irico's attendance at

4   those meetings that are not supported by admissible evidence would highly prejudice the Irico

5   Defendants, confuse the issues, and mislead the jury. For the reasons discussed below, the Court

6   should grant Irico's motion.

7   ## ARGUMENT

8   The Rules of Evidence only permit the admission of evidence that is authentic, is relevant,

9   has probative value that is not outweighed by a danger of unfair prejudice, confusing the issues,

10  or misleading the jury, and is not hearsay.  Fed. R. Evid. 401, 403, 901, 802. *See also Bourjaily v.*

11  *United States*, 483 U.S. 171, 175 (1987) ("Evidence is placed before the jury when it satisfies the

12  technical requirements of the evidentiary Rules, which embody certain legal and policy

13  determinations.").  The party seeking to admit evidence bears the burden of laying a proper

14  foundation for the admission and ensuring that the evidentiary rules are satisfied.  *City of Long*

15  *Beach v. Standard Oil Co. of California*, 46 F.3d 929, 937 (9th Cir. 1995) ("The proponent of the

16  evidence bears the burden of laying the proper foundation for the admission.").

17  Rule 103(d) mandates that "the court must conduct a jury trial so that inadmissible

18  evidence is not suggested to the jury by any means."  Fed. R. Evid. 103(d); *Daniels v. D.C.*, 15 F.

19  Supp. 3d 62, 66 (D.D.C. 2014) ("Rule 103(d) of the Federal Rules of Evidence mandates that the

20  court must conduct a jury trial to the extent practicable so that inadmissible evidence is not

21  suggested to the jury by any means").  Here, the Court must ensure that IPPs do not suggest

22  conclusions as to the total quantum of evidence to the jury, i.e., by declaring a certain number of

23  competitor meetings, that is not yet supported by admissible evidence.  A party should not be

24  permitted to leapfrog the evidentiary rules by making sweeping statements to the jury that are

25  based on inadmissible evidence. *See generally United States v. Handy*, No. CR 22-096 (CKK),

26  2023 WL 4890652, at *3 (D.D.C. Aug. 1, 2023) ("Pretrial motions *in limine* are an important

27  mechanism to effectuate th[e] goal of insulating the jury from inadmissible evidence and further

28

1   the purpose of the rules, generally, to administer the proceedings 'fairly ... to the end of

2   ascertaining the truth and securing a just determination.'"); *Daniels*, 15 F. Supp. at 66 (same).

3         Moreover, as a precursor for the Plaintiffs to admit nearly all the documents they claim

4   are reflective of conspiracy meetings, they must first satisfy the requirements of F.R.E.

5   801(d)(2)(E), the coconspirator exception to the rule against hearsay.  This process, as previously

6   established by the Court in this case, requires a consideration of each document before

7   determining admissibility. *See* ECF 4982. *See also, United States v. Silverman*, 861 F.2d 571, 576

8   (9th Cir. 1988) ("an accused's knowledge of and participation in an alleged conspiracy are

9   preliminary facts that must be established before extra-judicial statements of a co-conspirator can

10  be introduced into evidence.") (citing *Bourjaily*, 483 U.S. 171, 173-75).  It would be perverse, in

11  a setting where *each* alleged conspirator meeting must meet an evidentiary threshold before being

12  admitted, to permit Plaintiffs to bias the jury by preemptively discussing the *sum total* of

13  meetings.

14        Allowing statements based on inadmissible evidence during opening statements and

15  during each side's case-in-chief, before the admissibility of the documents and evidence

16  supporting the statements has been established, jeopardizes the fairness of the proceedings and

17  creates a risk of unfair prejudice and confusion of the issues, and is likely to mislead the jury. *See*

18  *generally Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, No. 14-CV-03953-BLF,

19  2015 WL 4593439, at *1 (N.D. Cal. July 30, 2015) (citing *United States v. Hitt*, 981 F.2d 422,

20  424 (9th Cir. 1992) (the court "must exclude evidence of slight probative value if there is a

21  modest likelihood that the evidence would cause unfair prejudice or mislead the jury"). If IPPs

22  are allowed to refer to or make unsubstantiated statements concerning the number of competitor

23  meetings prior to proving the admissibility of the documents and evidence used to support the

24  statements, there is a great risk that the number of meetings presented to the jury will be

25  inaccurate (likely overstated) and unsupported by admissible evidence. Because jurors will

26  naturally be inclined to remember and gravitate toward summary numbers even without proof,

27  Irico will be substantially prejudiced. The Court can avoid these risks by requiring IPPs to satisfy

28  their evidentiary burdens and by precluding IPPs from making such references or statements prior

to proving the admissibility of the documents and evidence used to support the statements. Plaintiffs will be free to argue and summarize in closing statements, once the full quantum of admissible evidence is established.

## **CONCLUSION**

For all the foregoing reasons, Irico respectfully requests that the Court grant Irico's Motion.


Dated: August 11, 2023                              Respectfully submitted,


                                                    /s/ *John M. Taladay*
                                                    BAKER BOTTS LLP
                                                    John M. Taladay (*pro hac vice*)
                                                    Evan J. Werbel (*pro hac vice*)
                                                    Thomas E. Carter (*pro hac vice*)
                                                    Andrew L. Lucarelli (*pro hac vice*)
                                                    700 K Street, N.W.
                                                    Washington, D.C. 20001
                                                    202.639.7700
                                                    202.639.7890 (fax)
                                                    Email: john.taladay@bakerbotts.com
                                                    evan.werbel@bakerbotts.com
                                                    tom.carter@bakerbotts.com
                                                    drew.lucarelli@bakerbotts.com


                                                    *Attorneys for Defendants Irico Group Corp. and*
                                                    *Irico Display Devices Co., Ltd.*