BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 1: TO PRECLUDE REFERENCE TO DUPLICATIVE DISCOVERY**<br><br>Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") oppose Motion in Limine No. 1: To Preclude Reference to Duplicative Discovery (ECF No. 6239) filed by the Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs" or "IPPs"), and submit the following response in opposition.

## ARGUMENT

IPPs seek to preclude Irico from making any reference to the jury about duplicative recovery. The Court should deny IPPs' Motion in Limine No. 1 for several independent reasons.

First, IPPs' legal arguments in support of their motion lack merit. Under the relevant state laws and due process principles, IPPs are not entitled to duplicative recovery. And, as the relevant state statutes and courts recognize, Irico has the undeniable right to defend against duplicative recovery at trial. IPPs have no basis to deny Irico that right.

Second, the issue of duplicative recovery cannot be excised from the trial of IPPs' claims because their claims necessarily rely on a theory of pass-through overcharge injuries and damages that directly implicate the risk of duplicative recoveries between the indirect and direct purchasers. In addition to being contrary to the law, it would be unfairly prejudicial to Irico and highly one-sided, misleading, and confusing to the jury to permit IPPs to argue their "100% pass-through" claims, while depriving Irico the fundamental right to defend against those claims and to argue against duplicative recovery.

**I.     Irico Has the Right to Defend against Duplicative Recoveries at Trial.**

Relevant state statutes and controlling court decisions have expressly recognized two key legal principles that defeat IPPs' arguments.

First, the relevant statutes and caselaw confirm that duplicative recoveries must be avoided when both direct and indirect purchasers assert claims against the defendants, as is the case here where both the indirect purchasers and direct purchasers have brought parallel, overlapping claims against Irico. *See*, *e.g.*, N.Y. Gen. Bus. Law § 340(6) ("in any action in which claims are asserted against a defendant by both direct and indirect purchasers, ***the court shall take all steps necessary to avoid duplicate liability*** …." (emphasis added)); S.D. Codified Laws § 37-

1-25 ("The court *shall exclude* from the amount of monetary relief awarded for such action *any amount of monetary relief which duplicates* amounts which have been awarded for the same injury …." (emphasis added)); Vt. Stat. Ann. tit. 9 § 2465(b) ("The court *shall take all necessary steps to avoid duplicate liability* …." (emphasis added)).

These mandates to avoid duplicative recoveries reflect U.S. Supreme Court precedent, which has consistently held that subjecting a defendant to duplicative recoveries violates due process. *See W. Union Tel. Co v. Commonwealth of Penn.*, 368 U.S. 71, 76-77 (1961) (holding that forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law").  Furthermore, permitting multiple *trebled* recoveries of the same alleged overcharges would subject Irico to excessive punitive damages also in violation of due process. *See State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408, 429 (2003) (holding that excessive punitive damages awards violate a defendant's due process rights); *Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 715 (9th Cir. 2010) ("[T]he treble damages provisions in the Clayton and Sherman Acts act as statutory punitive measures in which two thirds of the recovery is not remedial and inevitably presupposes a punitive purpose." (internal quotations omitted)).

Second, in no uncertain terms, the statutes and courts further recognize that antitrust defendants "shall be entitled" to assert defenses to avoid any such impermissible duplicative recovery.  *See*, *e.g.*, D.C. Code § 28-4509(b) ("In actions where both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for damages that the illegal overcharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of damages."); N.M. Stat. Ann. § 57-1-3(C) (same); N.D.C.C. § 51-08.1-08(5) (same); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) ("In instances where multiple levels of purchasers have sued, … defendants may assert a pass-on defense as needed to avoid duplication in the recovery of damages."); *In re Vitamins Antitrust Litigation*, 259 F. Supp. 2d 1, 8–9 (D.D.C. 2003) ("the Court is persuaded that Michigan law only permits the recovery of 'actual damages' for antitrust claims. As such, … the Court finds that defendants can challenge plaintiff's damage estimates with a pass through defense.").

For these reasons, in *In re TFT-LCD (Flat Panel) Antitrust Litigation*, 2012 WL 6709621, at *2 (N.D. Cal. Dec. 26, 2012), *aff'd*, 637 F. App'x 981 (9th Cir. 2016), the district court concluded that the antitrust defendants there could assert pass-on defenses to avoid duplicative recoveries on the state antitrust claims brought under California, New York, Michigan, Minnesota, and Illinois law. *Id.* at *2-*7. On appeal as to the Minnesota claim, the Ninth Circuit approved the district court's overall analysis, concluding that "the district court properly permitted [the defendant] to assert a pass-through defense" at trial because "[w]ithout it, there would have been a significant risk of duplicative recovery among" the plaintiff and other levels of purchasers. 637 F. App'x 981, 985 (9th Cir. 2016) (unpubl.).

The same result is required here. The Court must permit Irico to defend against IPPs' pass-through theory of injury and damages, to avoid the "significant risk of duplicative recovery among" the indirect purchasers and direct purchasers. *See id.* On the other hand, IPPs' *in limine* arguments, seeking to strip Irico of the fundamental right to assert such defenses and to subject Irico to claims of duplicative recoveries, are contrary to the law in this Circuit.

IPPs' few cited cases in their motion do not dictate a different result. As IPPs' own arguments concede, their cited decision in *California v. ARC America Corp.*, 490 U.S. 93 (1989), involved the issue of whether direct purchaser claims entirely preempt indirect purchaser damages recovery. The issue here is not one of preemption. Just as IPPs can argue at trial in favor of their alleged passed-through overcharge damages, so too is Irico entitled to defend against those arguments by arguing, presenting evidence on, and referencing the avoidance of duplicative recoveries. The *In re Lidoderm Antitrust Litigation* decision cited by IPPs is similarly unsupportive of IPPs' position. The decision, instead, recognizes that the indirect purchasers in that case "are entitled to recover the amount of the overcharges ***they paid***" and not more than that, as the court also recognized that the direct purchasers could recover their paid overcharges "if proved." 2018 WL 7814761, at *4 (N.D. Cal. Feb. 7, 2018) (emphasis added). It is that assessment of overcharges between the direct and indirect purchasers that Irico should be permitted to reference at trial to avoid any impermissible duplicative recoveries. Indeed, in the same decision, the *Lidoderm* court denied the plaintiffs' motion *in limine* seeking to "[e]xclude

testimony concerning pass-on of overcharges." *Id.* at *6.

Because the relevant law clearly recognizes Irico's right to defend against IPPs' injury and damages claims by arguing, referencing, and presenting evidence to avoid the risk of duplicative recoveries, IPPs' motion *in limine* should be denied.

**II.     The Issue of Duplicative Recovery is Directly Relevant to IPPs' Claims and Irico's Defenses against Those Claims, and Cannot Be Excluded from Trial.**

In seeking to curtail Irico's presentation to the jury at trial, IPPs argue vaguely that "this entire issue is not for the jury." Mot. at 2. Yet that veiled statement concedes, as shown below, that some issues are for the jury. IPPs then attempt to carve out the issues of whether there is a risk of duplicative recovery in this case and how to handle that risk as "purely legal issues" that should somehow remove the entire concept of duplicative recovery from trial.

As a preliminary matter, as the above-cited statutes and cases show, the legal aspects as to duplicative recovery are clear: when there are indirect and direct purchaser actions arising from the same alleged antitrust violations, there is "a significant risk of duplicative recovery among" those different levels of purchasers. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 637 F. App'x 981, 985 (9th Cir. 2016) (unpubl.). And, in the words of one statute, "in any action in which claims are asserted against a defendant by both direct and indirect purchasers, ***the court shall take all steps necessary to avoid duplicate liability*** …." N.Y. Gen. Bus. Law § 340(6) (emphasis added). One recognized step is permitting defendants to assert defenses against duplicative recovery at trial. *See In re TFT-LCD*, 637 F. App'x at 985; D.C. Code § 28-4509(b).

Alongside those established legal principles are the fact issues related to the fact-of-injury and damages elements of IPPs' claims and Irico's defenses—that the jury should hear and on which Irico has the right to argue and present evidence. The fact-of-injury and damages elements are unquestionably fact issues for the fact finder to evaluate and decide, and they necessarily rely on a theory of pass-through overcharges from the direct purchasers to the indirect purchasers that implicates the risk of duplicative recoveries. *See In re Optical Disk Drive Antitrust Litig.*, 303 F.R.D. 311, 324 (N.D. Cal. 2014) (IPPs' "burden is two-fold. Not only must they show that all or nearly all of the original direct purchasers . . . bought at inflated prices, they must also show those

overcharges were passed through all stages of the distribution chain."); *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 499 (N.D. Cal. 2008) ("[IPPs] must demonstrate that defendants overcharged their direct purchasers . . . and that those direct purchasers passed on the overcharges to plaintiffs.").

Because the risk of duplicative recovery cannot be disentangled from IPPs' pass-through theory underlying all of their claims, the IPP's requested blanket prohibition on any reference to or evidence regarding duplicative recovery should, in theory and practice, also exclude testimony and evidence to support IPPs' pass-through theory. Yet that is not what IPPs seek, highlighting the unfairly prejudicial nature of IPPs' motion, which proposes to present the jury with a one-sided, incomplete, and misleading story on injury and damages—further warranting denial of IPPs' motion *in limine*.

## **CONCLUSION**

For all the foregoing reasons, Irico respectfully requests that the Court deny IPPs' Motion *in Limine* No. 1: To Preclude Reference to Duplicative Discovery (ECF No. 6239), seeking to preclude reference to duplicative recovery.

Dated: September 1, 2023                     Respectfully submitted,

/s/ *John M. Taladay*
BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*