BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 2: TO PRECLUDE REFERENCE TO OR ARGUMENT ABOUT OTHER LAWSUITS INVOLVING CLASS REPRESENTATIVES, HOW CLASS REPRESENTATIVES BECAME INVOLVED IN THIS CASE, OR THAT THE CASE IS "LAWYER-DRIVEN"** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Date: December 15, 2023 Time: 2:00 pm Judge: Hon. Jon S. Tigar Courtroom: 6, 2nd Floor |

1    Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")

2  oppose Motion *in Limine* No. 2: To Preclude Reference to or Argument About Other Lawsuits

3  Involving Class Representatives, How Class Representatives Became Involved in this Case, or

4  that the Case is "Lawyer Driven" (ECF No. 6240) filed by the Indirect Purchaser Plaintiffs

5  (hereinafter, "Plaintiffs" or "IPPs"), and submit the following response in opposition.

6                                          **ARGUMENT**

7    Plaintiffs' second motion *in limine* seeks to categorically exclude any reference to or

8  argument about other lawsuits involving the Class Representatives, how the Class

9  Representatives became involved in this case, and the Class Representatives' financial stake in

10 and the admittedly lawyer-driven nature of this case.  In so arguing, IPPs also admit that the Class

11 Representatives have had a "very limited" role in this case (Mot. at 2)—but their admittedly

12 limited role is not grounds for depriving Irico of the right to examine them on the stand as to all

13 relevant facts.  As courts have found, the evidence that IPPs seek to exclude can be directly

14 relevant to issues ripe for trial examination, such as a Class Representative's motive, state of

15 mind, and credibility, and for impeaching the Class Representatives' credibility on cross-

16 examination by showing the existence of bias, interest, or prejudice.

17    Indeed, the Supreme Court and other federal courts have admonished "that a trial court

18 must allow some cross examination of a witness to show bias" and that it would be an abuse of

19 discretion to limit cross-examination on issues related to a witness's motives and bias. *United*

20 *States v. Abel*, 469 U.S. 45, 50 (1984); *see also Douglas v. Owens*, 50 F.3d 1226, 1230 (3d Cir.

21 1995) ("To properly evaluate a witness, a jury must have sufficient information to make a

22 discriminating appraisal of a witness's motives and bias. It is an abuse of discretion for a district

23 judge to cut off cross-examination if the opportunity to present this information is not afforded.").

24 Plaintiffs' motion violates this admonishment by seeking to preclude Irico from probing the Class

25 Representatives' basic motives for bringing this suit and any bias related to their testimony, as

26 shown by their current and past litigation involvement, financial stake in the litigation, and

27 relationships with class counsel.  Plaintiffs' motion also seeks to improperly restrain Irico's

28 fundamental trial right to cross examine and impeach the Class Representatives' credibility. *Abel*,

1  469 U.S. at 52 ("[p]roof of bias is almost always relevant because the jury as the finder of fact

2  and weigher of credibility, has historically been entitled to assess all evidence which might bear

3  on the accuracy and truth of a witness' testimony"); *see also Harris v. United States*, 371 F.2d

4  365, 367 (9th Cir. 1967) ("Cross-examination of the witness on matters pertinent to his credibility

5  ought to be given the largest possible scope.").

6      Notably, courts have previously rejected similar attempts by antitrust plaintiffs to

7  categorically exclude evidence regarding the class representatives' involvement in prior litigation

8  and their involvement, fee agreements, and relationships with class counsel in the case at hand.

9  *See In re Tableware Antitrust Litig.*, No. 04-cv-3514, 2007 WL 781960, at *2 (N.D. Cal. Mar. 13,

10  2007) (because "referencing the class representatives' relationships with counsel, involvement in

11  previous litigation and fee agreements with class counsel may be admissible for the purpose of

12  impeachment, categorical exclusion under plaintiffs' motion is inappropriate").

13      The same result is required here.  The Court should deny Plaintiffs' motion.

14  **I.     Evidence of Prior Lawsuits Involving Class Representatives Can Be Relevant to
         Issues Ripe for Examination at Trial.**

15

16      Plaintiffs' position that evidence of the Class Representatives' involvement in other

17  litigation is irrelevant and should be categorically excluded fails to recognize that the evidence

18  may be relevant to issues of credibility, motive, state of mind, bias, interest, or prejudice.  *See,*

19  *e.g.*, *Moser v. Health Ins. Innovations, Inc.*, No. 3:17-CV-1127-WQH-KSC, 2019 WL 13391059,

20  at *1 (S.D. Cal. Apr. 12, 2019) ("evidence of a party's prior acts in the course of prior litigation

21  may be admissible if relevant to other disputed issues such as motive, state of mind, and

22  credibility"); *Tomaino v. O'Brien*, 315 F.App'x 359, 361, 2009 WL 690209 (2d Cir. 2009)

23  (upholding admission of evidence concerning plaintiff's five prior lawsuits on the ground that a

24  jury could infer that plaintiff was not credible).  The same is true here, where evidence of the

25  Class Representative's involvement in prior litigation is relevant and admissible as to their

26  motives and credibility. Plaintiffs' cited cases do not show otherwise, where the motions in those

27  cases were partially unopposed, no substantive analysis was provided, or they involved inapposite

28  situations.  *See, e.g.*, *Corcoran v. CVS Pharm., Inc.*, No. 15-CV-03504-YGR, 2021 WL 633809,

---

1  at \*2 (N.D. Cal. Feb. 18, 2021) (partially unopposed motion); *In re: TFT-LCD (Flat Panel)*

2  *Antitrust Litig.*, No. 07-MD-1827-SI, 2012 WL 12300696, at \*2 (N.D. Cal. May 4, 2012) (no

3  analysis); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW,

4  2010 WL 10086747, at \*2 (N.D. Cal. Dec. 16, 2010) (no analysis); *In re Homestore.com, Inc.*,

5  No. CV 01-11115 RSWL CWX, 2011 WL 291176, at \*1 (C.D. Cal. Jan. 25, 2011) (no analysis).[1]

6        As the Supreme Court has recognized, Irico has the right to cross-examine Class

7  Representatives and to introduce relevant evidence concerning their credibility, motive, state of

8  mind, bias, interest, or prejudice. *See Abel*, 469 U.S. at 52. The blanket prohibition that IPPs

9  seek, concerning any reference to or evidence of the Class Representatives' involvement in prior

10  litigation, would improperly and unduly restrain Irico's right to cross examine them and to

11  introduce relevant evidence at trial, and should therefore be denied.

12  **II.    Evidence of How Class Representatives Became Involved in This Case and the**
13  **Nature of Their Relationship with Class Counsel Are Relevant and Admissible**
     **Evidence of Bias.**

14        Plaintiffs next seek to broadly preclude any references to the Class Representatives'

15  financial stake in the litigation and how Class Representatives became involved in this case.

16  However, this kind of evidence is routinely admitted and used to establish bias. IPPs' suggestion

17  that such evidence is somehow inadmissible because it might suggest the case is "lawyer driven"

18  is an attempt to end run around long-standing precedent confirming that such evidence is

19  admissible evidence to show bias.

20        Evidence of a witness's financial stake in the litigation, such as a class representative's fee

21  agreement or success fee, is "classic evidence of bias, which is routinely permitted on cross-

22  examination." *Crowe v. Bolduc*, 334 F.3d 124, 132 (1st Cir. 2003) (trial court's grant of a motion

23  *in limine* excluding evidence of a testifying witness's financial stake in the litigation under

---

[1] *See, e.g.*, *Fabric Selection, Inc. v. NNW Imp., Inc.*, No. 2:16-CV-08558-CAS(MRWx), 2018 WL 1779334, at \*2, 7 (C.D. Cal. Apr. 11, 2018) (involving situation where the plaintiff and defendants each separately filed cross-motions *in limine* to exclude evidence of their involvement in other lawsuits, and where the defendants sought to offer evidence of plaintiff's involvement in other lawsuits to rebut plaintiffs); *S. California Hous. Rts. Ctr. v. Los Feliz Towers Homeowners Ass'n*, No. CV 04-2716 CBM(JTX), 2005 WL 3954722, at \*1 (C.D. Cal. Nov. 16, 2005) (where the defendant did not provide any "non-character" purpose for which evidence of plaintiff's filing of additional lawsuits would be offered).

1  Federal Rule Evidence 403 was an error of law); *see also Harris*, 371 F.2d at 367 ("If the court

2  had denied appellant the right to cross-examine [the witness] as to his possible financial interest,

3  reversal would be required."); *Cardiovention, Inc. v. Medtronic, Inc.*, 483 F. Supp. 2d 830, 835-

4  36 (D. Minn. 2007) (denying motion *in limine* to exclude evidence regarding witnesses' financial

5  interest in outcome of litigation and stating that such evidence is relevant to the witnesses'

6  credibility at trial).  Precluding Irico from referring to or utilizing evidence of the Class

7  Representatives' financial stake in the litigation will place an inappropriate and improper

8  restriction on Irico's ability to establish the Class Representatives' potential bias using

9  fundamental cross-examination.

10      Courts have also routinely admitted evidence of how class representatives came to be

11  involved in the litigation, including the class representatives' business, familial, or other types of

12  relationships with counsel or a party, is relevant for establishing bias.  *See, e.g., United States v.*

13  *Canales*, 744 F.2d 413, 425 (5th Cir. 1984) (trial court properly admitted testimony on cross-

14  examination regarding the witness's relationship with counsel because such testimony was

15  relevant to show bias); *United States v. Robinson*, 530 F.2d 1076, 1079-80 (D.C. Cir. 1976)

16  (testimony regarding the witness's prior business relationship with the defendant was relevant to

17  demonstrate bias); *see also* 1 Kenneth S. Broun, MCCORMICK ON EVIDENCE, § 39 (7th ed.

18  2013) (family or business relationships are common sources of bias).

19      Plaintiffs' requested categorical prohibition concerning any references to the Class

20  Representatives' financial stake in the litigation and how Class Representatives became involved

21  in this case would place improper and unfair restrictions on standard methods of cross

22  examination and Irico's use of "classic evidence of bias."

23                              **CONCLUSION**

24      For all the foregoing reasons, Irico respectfully requests that the Court deny IPPs' Motion

25  *in Limine* No. 2: To Preclude Reference to or Argument About Other Lawsuits Involving Class

26  Representatives, How Class Representatives Became Involved in this Case, or that the Case is

27  "Lawyer Driven."

28  ///

1

Dated: September 1, 2023                    Respectfully submitted,

2

3
                                            /s/ *John M. Taladay*
                                            BAKER BOTTS LLP
4                                           John M. Taladay (*pro hac vice*)
                                            Evan J. Werbel (*pro hac vice*)
5                                           Thomas E. Carter (*pro hac vice*)
                                            Andrew L. Lucarelli (*pro hac vice*)
6                                           700 K Street, N.W.
                                            Washington, D.C. 20001
7                                           202.639.7700
                                            202.639.7890 (fax)
8                                           Email: john.taladay@bakerbotts.com
                                            evan.werbel@bakerbotts.com
9                                           tom.carter@bakerbotts.com
                                            drew.lucarelli@bakerbotts.com
10

11

12                                          *Attorneys for Defendants Irico Group Corp. and*
                                            *Irico Display Devices Co., Ltd.*
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

IRICO DEFENDANTS' OPPOSITION TO                5                Master File No. 07-cv-05944-JST
IPPS' MOTION *IN LIMINE* NO. 2                                 MDL No. 1917