1  BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
2  Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
3  Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
4  Washington, D.C. 20001
(202)-639-7700
5  (202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
6        evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
7        drew.lucarelli@bakerbotts.com

8  *Attorneys for Defendants*
*IRICO GROUP CORP. and*
9  *IRICO DISPLAY DEVICES CO., LTD.*

10

11                    **UNITED STATES DISTRICT COURT**

12                    **NORTHERN DISTRICT OF CALIFORNIA**

13                          **OAKLAND DIVISION**

14

15  IN RE: CATHODE RAY TUBE (CRT)          Master File No. 4:07-cv-05944-JST
16  ANTITRUST LITIGATION                   (N.D. Cal.)

17                                         MDL No. 1917

18  This Document Relates to:              **DEFENDANTS IRICO GROUP**
                                           **CORP. AND IRICO DISPLAY**
19  ALL INDIRECT PURCHASER ACTIONS         **DEVICES CO., LTD.'S**
                                           **OPPOSITION TO INDIRECT**
20                                         **PURCHASER PLAINTIFFS'**
                                           **MOTION *IN LIMINE* NO. 3: TO**
21                                         **PRECLUDE REFERENCE TO AND**
                                           **EXCLUDE EVIDENCE OF THE**
22                                         **ABSENCE OF CRIMINAL**
                                           **INDICTMENT, CONVICTION, OR**
23                                         **GUILTY PLEA**

24                                         Date: December 15, 2023
                                           Time: 2:00 pm
25                                         Judge: Hon. Jon S. Tigar
                                           Courtroom: 6, 2nd Floor
26

27

28

1     Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")

2  oppose Motion *in Limine* No. 3: To Preclude Reference to and Exclude Evidence of Absence of

3  Criminal indictment, Conviction, or Guilty Plea (ECF No. 6241) filed by the Indirect Purchaser

4  Plaintiffs (hereinafter, "Plaintiffs" or "IPPs"), and submit the following response in opposition.

5                                                   **ARGUMENT**

6     IPPs' Motion *in Limine* No. 3 seeks a ruling precluding "reference to and exclu[sion of]

7  evidence of the *closing* of" the DOJ's investigation of the CRT industry without action as to

8  certain of the defendants. *See* IPP Mot. *in Limine* No. 3, ECF No. 6241. Under well-settled

9  federal law, this Court should not admit evidence at trial of any pleas, indictments, or other

10  evidence of the DOJ's investigation into the CRT industry against non-pleading defendants. *See*

11  Irico Defs.' Mot. *in Limine* #6, ECF No. 6255 (citing cases); Irico Defs.' Mot. *in Limine* #7, ECF

12  No. 6257 (citing cases). But in the event the Court admits the guilty plea of former defendant

13  Samsung SDI Co., Ltd. ("SDI") at trial for any purpose—which it should not—or any other

14  evidence of a DOJ or foreign cartel investigation, the Court must deny Plaintiffs' Motion *in*

15  *Limine* No. 3 in its entirety.

16     Plaintiffs cannot have it both ways. They seek to introduce the highly-prejudicial-yet-non-

17  probative SDI guilty plea that suggests that SDI admitted illegal conduct with other major CDT

18  producers while hiding from the factfinder the highly relevant fact that the DOJ did not obtain a

19  grand jury indictment of the Irico Defendants or even seek to investigate them. This is

20  particularly true when there is clear affirmative evidence that Irico is not implicated by the SDI

21  guilty plea, and that none of the other parties investigated by the DOJ will be defendants at trial.

22     As Judge Illston held in denying a similar motion to exclude evidence of non-indictment

23  (when guilty pleas by *participating* defendants were being admitted), "I think there's nothing the

24  matter with your folks saying we weren't indicted." Tr. of Proceedings at 58, *In re: TFT-LCD*

25  *(Flat Panel) Antitrust Litig.*, No. 3:07-md-1827-SI (N.D. Cal. Apr. 25, 2012), ECF No. 5536; *see*

26  *also* Final Pretrial Scheduling Order, *In re: TFT-LCD (Flat Panel) Antitrust Litig.* (N.D. Cal.

27  May 4, 2012), ECF No. 5597 (denying Direct Purchaser Plaintiffs' motion *in limine* to "exclude

28  references to fact that defendant Toshiba was not indicted [in the DOJ's LCD price-fixing

1    investigation]" and holding that "[u]pon request, and if necessary, the Court will give a limiting

2    instruction"). Similarly, this Court should deny Plaintiffs' motion.

3           If Plaintiff are allowed to introduce evidence of SDI's guilty plea, even though SDI will

4    not be present at the trial and SDI has affirmed that Irico was not a co-conspirator in the events to

5    which it pled, Plaintiffs would be "opening the door" on a subject that could easily mislead or

6    confuse the factfinder. The Irico Defendants must then have the opportunity to rebut any false

7    impressions or associations that likely would be raised by such evidence with the uncontroverted

8    evidence that the Irico Defendants were not investigated or indicted by the DOJ. *See United*

9    *States v. Segall*, 833 F. 2d 144, 1285 (9th Cir. 1987) (allowing potentially inadmissible testimony

10   "to remove any unfair prejudice" from prior testimony that "created [a] false impression"

11   regarding the amount of money in defendant's bank account); *see also McEwen v. City of*

12   *Norman*, 926 F.2d 1539, 1547 (10th Cir. 1991). The fact of the Irico Defendants' non-indictment

13   will make clear to jurors that the DOJ's investigation into the CRT industry resulted in action as

14   to only former defendant SDI.

15          Presenting evidence of non-indictment, if the SDI plea agreement is admitted, will also

16   preclude the implicit suggestion that IPPs hope to leave with the jurors that the Irico Defendants

17   were somehow involved in the investigation or SDI's admitted conduct. To present a one-sided

18   story about the results of the DOJ investigation – that is, to exclude any evidence of the Irico

19   Defendants' non-indictment – risks prejudicing the factfinder with the improper inference that the

20   Irico Defendants participated in the conduct underlying the guilty plea. *See United States v.*

21   *Griffin*, 778 F.2d 707, 711 (11th Cir. 1985) ("[C]ourts must be especially vigilant to ensure that

22   defendants are not convicted on the theory that guilty 'birds of a feather are flocked together.'")

23   (citing *Krulewitch v. United States*, 336 U.S. 440, 454 (1949) (Jackson, J., concurring)). This is

24   especially true here, where Irico is not identified in the SDI guilty plea and SDI affirmatively

25   confirmed that Irico was not part of the admitted conspiracy in the guilty plea. *See* ECF No. 6257

26   at 4; *see also* Irico Defs.' Opp. To IPP Mot. *In Limine* No. 6, filed herewith.

27          Many of the cases on which Plaintiffs rely in support of their motion actually undercut

28   their position, as courts in those cases excluded all evidence of any prior criminal investigations

1   or guilty pleas of defendants, and did not allow the one-sided and prejudicial narrative IPPs seek

2   here.[1] *See In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 664 (7th Cir. 2002)

3   ("ADM's previous misconduct cannot be used as evidence that it participated in a conspiracy to

4   fix the price of HFCS. But neither can it be used, as the defendants wish to use it in this case, to

5   show that because the Justice Department has not moved against the alleged HFCS price-fixing

6   conspiracy, there must not have been one."); *J.W. v. City of Oxnard*, No. CV 07-06191

7   CAS(SHX), 2008 WL 4810298, at *2 (C.D. Cal. Oct. 27, 2008) (excluding any evidence of a

8   prior criminal investigation as irrelevant and unfairly prejudicial in liability phase of trial); *see*

9   *also Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987) ("As a

10   general rule, evidence that criminal charges were not brought is inadmissible in a civil case

11   arising out of the same events as the criminal charges [. . .] Of course, as a matter of consistency

12   and fairness, the insurer may not admit evidence that criminal arson charges have been brought

13   against the insured."); Tr. of Proceedings at 13 (Pre Trial Conference), *In re Static Random*

14   *Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW (N.D. Cal. Dec. 30, 2010), ECF

15   No. 1222 ("[Motion *in limine*] number one is [to] exclude the closing of the investigation

16   regarding SRAM. I would go one better than that and also exclude the opening of the

17   investigation regarding SRAM. So that the SRAM investigation would not come in at all, neither

18   its opening nor its closing."); *In re Carbon Black Antitrust Litig.*, No. CIV.A. 03-CV-10191-D,

19   2005 WL 2323184, at *2 (D. Mass. Sept. 8, 2005) ("Neither the fact of the opening of the

20   investigations, nor their closing, will likely reach a jury."); *Goffstein v. State Farm Fire & Cas.*

21   *Co.*, 764 F.2d 522, 524 (8th Cir. 1985) (excluding non-indictment evidence when "neither [of the

22   defendants' witnesses] discussed any subsequent criminal investigation").[2]

23

24   _____

[1] Irico notes that in these cases cited by Plaintiffs, where the court allowed the admission of the
25   guilty pleas at all, the admission of the relevant guilty pleas went hand in hand with the fact that
one of the parties who pled guilty to the related offense was a defendant in the trial at issue. That
26   is not the case here as further evidence of why the SDI guilty plea should not be admitted.

27   [2] Plaintiffs also cite to *In re Lithium Ion Batteries Antitrust Litig.,* No. 13-MD-2420 YGR, 2014
WL 309192, at *15 (N.D. Cal. Jan. 21, 2014), Mot. at 3 n.1, but that case merely discusses the
28   issue in the context of a motion to dismiss and does not bear on the circumstances here, where
Plaintiffs seek to admit only selective facts related to DOJ's criminal investigation.

1    None of the other out-of-circuit and non-binding cases upon which Plaintiffs rely apply to

2    the facts here, as they did not involve the potential prejudice of a jury using evidence about the

3    guilty plea of one defendant to draw inferences about the guilt of non-pleading defendants. *See*

4    *FIGA v. R.V.M.P. Corp.*, 874 F.2d 1528, 1532 (11th Cir. 1989); *Am. Home Assur. Co. v. Sunshine*

5    *Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985); *Static Control Components, Inc. v. Lexmark*

6    *Int'l, Inc.*, 749 F. Supp. 2d 542, 556 (E.D. Ky. 2010) aff'd, 697 F.3d 387 (6th Cir. 2012) aff'd,

7    134 S. Ct. 1377 (2014); *In re Urethane Antitrust Litig.*, No. 2:04-md-01616-JWL-JPO (D. Kan.

8    Jan. 9, 2013) (ECF No. 2691 at 1). Other cases cited by IPPs are distinguishable on other

9    grounds. *See Munoz v. State Farm Lloyds of Texas*, 522 F.3d 568, 573 (5th Cir. 2008) (denying

10   admission of non-indictment evidence because plaintiffs "did not even object to the introduction

11   of" the supposedly prejudicial evidence they were seeking to rebut); *Pico v. Woodford*, No.

12   EDCV 06-00890-DSFMLG, 2008 WL 4811093, at *7 (C.D. Cal. Oct. 27, 2008) (excluding

13   evidence of defendant's acquittal of previous rape charge in defendant's current unrelated trial for

14   rape).

15   In short, cases relied upon by Plaintiffs do not support their one-sided argument that a

16   party may present to a jury certain aspects of a criminal investigation while blindfolding them to

17   others. The only on-point case in the Ninth Circuit is *LCD*, where, as noted above, Judge Illston

18   recognized the inherent unfairness of the position Plaintiffs would now have this Court adopt.

19   As discussed above, Irico's position is that the Court should not admit any evidence

20   related to the DOJ's investigation into the CRT industry, including the SDI guilty plea, and that

21   this motion should be denied as moot after the court denies Plaintiff's MIL #6 seeking to admit

22   the SDI guilty plea.  However, if the Court admits the SDI guilty plea at trial, then it should deny

23   Plaintiffs' motion in its entirety and allow the Irico Defendants to reference in argument or to

24   present evidence of their non-indictment and any other evidence that otherwise allows Irico to

25   properly present facts that contextualize the SDI guilty plea.

26

27

28

1

**CONCLUSION**

2       For all the foregoing reasons, Irico respectfully requests that the Court deny IPPs' Motion

3    *in Limine* No. 3: To Preclude Reference to and Exclude Evidence of Absence of Criminal

4    indictment, Conviction, or Guilty Plea (ECF No. 6241).

5

6       Dated: September 1, 2023                    Respectfully submitted,

7

8                                                   /s/ *John Taladay*
                                                    BAKER BOTTS LLP
9                                                   John M. Taladay (*pro hac vice*)
                                                    Evan J. Werbel (*pro hac vice*)
10                                                  Thomas E. Carter (*pro hac vice*)
                                                    Andrew L. Lucarelli (*pro hac vice*)
11                                                  700 K Street, N.W.
                                                    Washington, D.C. 20001
12                                                  202.639.7700
                                                    202.639.7890 (fax)
13                                                  Email: john.taladay@bakerbotts.com
                                                    evan.werbel@bakerbotts.com
14                                                  tom.carter@bakerbotts.com
                                                    drew.lucarelli@bakerbotts.com
15

16

17                                                  *Attorneys for Defendants Irico Group Corp. and
                                                    Irico Display Devices Co., Ltd.*

18

19

20

21

22

23

24

25

26

27

28

IRICO DEFENDANTS' OPPOSITION TO          5          Master File No. 07-cv-05944-JST
IPPS' MOTION *IN LIMINE* NO. 3                      MDL No. 1917