John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
BAKER BOTTS LLP
700 K Street, N.W.
Washington, DC 20001
Telephone:     (202) 639-7700
Facsimile:     (202) 639-7890
Email: john.taladay@bakerbotts.com
          evan.werbel@bakerbotts.com
          tom.carter@bakerbotts.com
          drew.lucarelli@bakerbotts.com

Attorneys for Defendants Irico Group and Irico Display Devices Co., Ltd.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. 4:07-cv-05944-JST<br>(N.D. Cal.)<br>MDL No. 1917<br><br>**DEFENDANTS IRICO GROUP AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE NO. 4: TO PRECLUDE LIVE TESTIMONY OF IRICO DEFENDANTS' WITNESSES WHO ARE NOT MADE AVAILABLE TO TESTIFY LIVE IN PLAINTIFFS' CASE-IN-CHIEF**<br><br>Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico" or "Irico Defendants") oppose Motion *in Limine* No. 4: To Preclude Live Testimony of Irico Defendants' Witnesses Who Are Not Made Available to Testify Live in Plaintiffs' Case-In-Chief (ECF No. 6242) ("Motion") filed by the Indirect Purchaser Plaintiffs (hereinafter, "IPPs"), and submit the following response in opposition.

## **ARGUMENT**

In their Motion, IPPs seek to exclude any live witnesses from testifying in the Irico Defendants' case-in-chief if the Irico Defendants refuse to make available those witnesses for live testimony in IPPS' case-in-chief.  The Irico Defendants are willing to make their fact witnesses available live in IPPs' case-in-chief so long as the Irico Defendants are allowed to conduct a full examination of the witnesses at that time, which is a reasonable request and warranted under the law.  Allowing a complete examination of common witnesses is permitted under the Court's wide discretion over the order of witnesses and is warranted to accommodate the convenience of the witness and to promote judicial efficiency and jury comprehension.  But IPPs' Motion fails to acknowledge that the Irico Defendants should be able to conduct a full examination of the witnesses during IPPs' case-in-chief.  Therefore, the Court should deny IPPs' Motion unless it also orders that the Irico Defendants can conduct a full examination of the witnesses when called in IPPs' case-in-chief.

Rule 611 of the Federal Rules of Evidence provides that "[t]he court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." The advisory committee's notes to Rule 611 confirm that a court's control extends to "the order of calling witnesses and presenting evidence." Fed. R. Evid. 611 advisory committee's notes to 1972 proposed rule.

Having witnesses appear only once is customary in large antitrust cases.  *See, e.g.*, *In Re: TFT-LCD (Flat Panel) Antitrust Litig.*, 3:07-md-01827 (N.D. Cal. April 20, 2007) ("*LCD*"), Final

Pretrial Scheduling Order (ECF No. 5597) at 6 (granting Toshiba Defendants' motion in limine to allow full defense examination of Toshiba Defendants' witnesses during the plaintiffs' case-in-chief); *LCD*, Transcript of July 9, 2013 Proceedings (ECF No. 8295) at 58:18-22 ("[I]f somebody has a live body here, then both sides should have an opportunity to examine. And I don't care whose case it's in, it can be done so as to least inconvenience the witness, and so as to make a clear presentation to the jury."); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 (N.D. Cal. Dec. 16, 2010) ("*In re SRAM*"), Order on Motions in Limine and for Pre-Trial Preparation (ECF No. 1206) ("Absent unusual circumstances, each witness should be called to testify only once in the conspiracy phase of the first trial. The parties are to devise a plan for presenting witnesses in an order that is efficient and assists the jury in understanding the facts of the case.").

In particular, courts typically follow this practice for the convenience of witnesses and to facilitate jury comprehension.  *See* 3 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 6:61 (3d ed. 2011) ("Perhaps most often courts control the order of proof and depart from ordinary sequences in efforts to accommodate witnesses or see to it that the stories of the various litigants are presented in an understandable way.").  Here, any defense fact witness that might be called for live testimony likely lives and works abroad.  Accordingly, the Court and the Parties should ensure minimal disruption and inconvenience by requiring only one appearance. Failing to consider the burden on defenses witnesses prejudices the Irico Defendants through not only cost and inconvenience but also by requiring the Irico Defendants to put witnesses on the stand who are suffering from the effects of time changes and jet lag after multiple international flights. And multiple appearances will only cause jury confusion.  To understand the context of testimony from a witness who appeared previously, the jurors will need be re-reminded of who the witness is, what company they work for, some of their background, and what they said previously.  It already will be difficult for the jury to remember which witness said what, which will be compounded by the foreign language testimony of many witnesses in this matter.

Finally, having the witness sit for live testimony only once will also promote judicial efficiency. *See* 28 Charles A. Wright, Victor J. Gold & Michael H. Graham, Federal Practice and Procedure Evidence § 6164 (1st ed. 2011) ("The courts frequently have exercised their discretion under Rule 611(a) to permit deviations from th[e] conventional order of proof where deviation can save time . . ."). Courts in this Circuit have recognized the efficiencies gained by having common witnesses appear only once during the course of a single trial. *See, e.g.*, *LCD*, Final Pretrial Scheduling Order (ECF No. 5597); *In re SRAM*, Order on Motions in Limine and for Pre-Trial Preparation (ECF No. 1206). Making witnesses appear twice or even three times requires unnecessary repetition of background information and foundational testimony, which is a waste of time for the Court and the jury.

The cited authorities that IPPs rely on in their Motion are inapplicable. Each of the cases cited involved the defendant refusing to produce the witness for testimony during the plaintiff's case-in-chief, but that is not the case here and those cases do not address the issue of the scope of the testimony that will be allowed. *See R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*, 945 F.2d 269, 272–73 (9th Cir. 1991) (finding the trial court did not abuse its discretion by forcing defendant to rely on a witness's deposition testimony when defendant refused to make the witness available during the plaintiff's case-in-chief, without addressing the scope of the witness's testimony); *Iorio v. Allianz Life Ins. Co. of N. Am.*, No. 05-CV-633, 2009 WL 3415689, at *4–6 (S.D. Cal. Oct. 21, 2009) (ordering that, "if Plaintiffs are forced to show the videotaped depositions or read the transcript into the record of any of the movants in this action because Defendants have failed to produce them, Defendants will thereafter be precluded from producing the same witnesses in person," without addressing the scope of the witness's testimony); *Vera v. Berkshire Life Ins. Co. of Am.*, No. 19-61360, 2021 WL 7542934, at *1–2 (S.D. Fla. June 28, 2021) (ordering any witnesses that the defendant calls for live testimony be made available to the plaintiff in their case-in-chief, without addressing the scope of the witness's testimony); *CGC Holding Co., LLC v. Hutchens*, No. 11-CV-01012, 2016 WL 6778853, at *2–3 (D. Colo. Nov. 16, 2016) (same);

*Buchwald v. Renco Grp., Inc.*, No. 13-CV-7948, 2014 WL 4207113, at *1–2 (S.D.N.Y. Aug. 25, 2014) (same).

## CONCLUSION

For the foregoing reasons, the Court should deny IPPs' Motion in Limine No. 4: To Preclude Live Testimony of Irico Defendants' Witnesses Who Are Not Made Available to Testify Live in Plaintiffs' Case-In-Chief unless it also orders that the Irico Defendants can conduct a full examination of the witnesses when called in IPPs' case-in-chief.

Dated: September 1, 2023

Respectfully submitted,

/s/ *John M. Taladay*
BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*