John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
BAKER BOTTS LLP
700 K Street, N.W.
Washington, DC 20001
Telephone:     (202) 639-7700
Facsimile:      (202) 639-7890
Email: john.taladay@bakerbotts.com
          evan.werbel@bakerbotts.com
          tom.carter@bakerbotts.com
          drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. 4:07-cv-05944-JST (N.D. Cal.)<br>MDL No. 1917<br><br>**DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION IN LIMINE NO. 5: TO LIMIT IRICO DEFENDANTS' DEPOSITION DESIGNATIONS PRESENTED IN PLAINTIFFS' CASE TO REASONABLE CROSS AND TO EXCLUDE UNRELATED DESIGNATIONS**<br><br>Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico" or "Irico Defendants") oppose Motion *in Limine* No. 5: To Limit Irico Defendants' Deposition Designations Presented in Plaintiffs' Case to Reasonable Cross and to Exclude Unrelated Designations (ECF No. 6253) ("Motion") filed by the Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs" or "IPPs"), and submit the following response in opposition.

## ARGUMENT

In their Motion, IPPs propose that witnesses appear by video up to three times during trial—first during IPPs' case, then in the Irico Defendants' case, and potentially in IPPs' rebuttal case. But this butchering of a witness's video deposition testimony benefits no one, results in confusing and disjointed testimony for the jury, and is an inefficient use of both the jury's and the Court's time. Instead, playing a witness's video deposition only once is far less likely to confuse the jury, avoids wasting time, and is not prejudicial to the IPPs. Further, IPPs' blanket request is premature and not ripe for this Court's consideration.

**I.  A Single Presentation of a Witness Videotaped Deposition Is Less Likely to Confuse the Jury and Will Promote Judicial Efficiency.**

Under Rule 611(a) of the Federal Rules of Evidence, the Court has reasonable control over the mode and order of presenting evidence, including the presentation of videotaped deposition testimony, so as to make those procedures effective for determining the truth and avoid wasting time. *See People of Territory of Guam v. Atoigue*, 36 F.3d 1103, at *9 (9th Cir. 1994) (finding district court did not abuse its discretion under Fed R. Evid 611(a) by allowing defense expert to testify affirmatively during plaintiffs' case-in-chief). Having witnesses appear only once is customary, including in antitrust cases in this District. *See*, *e.g.*, *In Re: TFTLCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827 (N.D. Cal. May 4, 2012), Final Pretrial Scheduling Order (ECF No. 5597) at 6 (allowing Toshiba Defendants a full examination of their witnesses during plaintiff's case in chief); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-md-01819 (N.D. Cal. Dec. 16, 2010), Order on Mots. in Lim. and for Pre-Trial Preparation (ECF No. 1206) ("Absent unusual circumstances, each witness should be called to testify only once in the conspiracy phase of the first trial. The parties are to devise a plan for presenting witnesses in an

order that is efficient and assists the jury in understanding the facts of the case."). This is the case for video depositions as well. *See, e.g., In re Capacitors Antitrust Litig.*, No. 17-md-02801 (N.D. Cal. Dec. 5, 2017), Pretrial Order for DAP Avnet Trial (ECF No. 1883) at 6 ("For any witness whose video depositions will be played for the jury, any testimony designated by any party will be played to the jury in an interwoven way, *i.e.*, all designations will be played sequentially in the order the testimony was given in the deposition."). That approach especially makes sense in this case, where IPPs' case in chief will be based on depositions of witnesses that IPPs noticed and in which IPPs conducted the initial direct questioning, sometime for multiple days, before the Irico Defendants were able to ask cross-examination questions. Thus, in effect, IPPs are asking the court to allow them to butcher the direct examination of witnesses to selectively omit responses to *their own* questions to the witnesses.

Playing a witness's video deposition only once is less likely to confuse the jury because it will present the testimony in the context in which it was spoken. IPPs suggest that combining the designations will confuse the jury as to which party is the proponent of a piece of evidence. Mot. at 3. But IPPs miss the mark. The question is not whether the jury can determine which party is proffering evidence. The question is whether the jury can accurately absorb the evidence as it is presented. *See* 3 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 6:61 (3d ed. 2011) ("Perhaps most often courts control the order of proof and depart from ordinary sequences in efforts to accommodate witnesses or see to it that the stories of the various litigants are presented in an understandable way."). Playing all designations together and sequentially for each witness leaves the testimony in its proper context and flow, rather than splicing it out of order and playing it numerous days later, especially where doing so could result in misleading evidence. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, at 172 (1988) (out-of-context statement "may create such prejudice that it is impossible to repair by a subsequent presentation"). *See also* Notes of Advisory Committee on Proposed Rules for Federal Rule of Evidence 106 (acknowledging that the rule of completeness is founded on two principles: (1) matters out of context can create misleading impressions; and (2) delayed introduction of that context may be inadequate to repair such damage);

3 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 1.17 (3d ed. 2011) ("sometimes waiting until later is just not good enough, and contextual data is more easily understood if it is provided in the first instance."). In a case with multiple foreign witnesses many of whom testified through translators (sometimes with competing translations or with improper English), the full context of the witness's testimony is crucial, and multiple appearances would only further confuse the jury.

Furthermore, playing all designations at once also promotes judicial efficiency. IPPs' proposal for the Irico Defendants to "wait until their case in chief to play their initial designations of a given witness" would likely result in overlap of the video testimony, – necessary to provide the context for Irico's counter-designations and to remind the jurors of who the witness is, what company they work for, what they do – wasting the time of the Court and of the jury.

IPPs do not deny that the rules permit the Irico Defendants to present some witness testimony when IPPs introduce their designated testimony, and IPPs concede that they will play "Irico's counter-designations that are within the scope of Plaintiff's initial designations" during their case-in-chief. Mot. at 2. But Rule 106 of the Federal Rules of Evidence and Rule 32(a)(6) of the Federal Rules of Civil Procedure are not limited to the introduction of only "reasonable counter-designations" or designations "within the scope" of IPPs' direct exam. Judge Lungstrum in *In re Urethane* noted that he was not using the term "beyond the scope" literally in his exclusion of testimony, but rather using it as "shorthand for a combination of reasons… [including] also Rule 403 considerations of confusion, delay and cumulativeness and the court's inherent power to control the presentation of evidence." *In re Urethane Antitrust Litig.*, No. 04-1616 (D. Kan. Jan. 9, 2013), Tr. of Mot. in Lim. Conference, Dever Decl., Ex. A ("*In re Urethane* MIL Conference Tr.") at 85:9-14.

Both Rule 106 and Rule 32(a)(6), call for the contemporaneous introduction of any "other parts" of a deposition that should be considered "in fairness." Fed. R. Evid. 106; Fed. R. Civ. P. 32(a)(6); *see also In re Yasmin and Yaz*, No. 3:09-cv-10012, 2011 WL 6740391, at *19 (S.D. Ill. Dec. 22, 2011) (noting that Rule 32(a)(6) allows the adverse party to introduce other parts of the

deposition "at the time the designated testimony is introduced"), *In re Pac. Fertility Ctr. Litig.*, No. 18-CV-01586, 2021 WL 2075560, at *1 (N.D. Cal. May 24, 2021) ("Rule 32 also provides that when 'a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced.' This principle is known as 'the rule of completeness' and it exists to avoid misunderstanding or distortion caused by introduction of only part of a document or recording.") (citations omitted).

IPPs' proposal, therefore, is a formula for ongoing disagreement among the parties as to what constitutes "within the scope" testimony and what is "counter-designation" testimony, inexorably requiring the Court to resolve this issues on a witness-by-witness and statement-by-statement basis in many cases. This may be true even when, as we can anticipate in the bulk of cases, the Irico Defendants' counter-designations will be very short. Requiring the Irico Defendants to play these snippets of affirmative designations days later during its defense case, and out of context from the rest of that witness's testimony, would not only be inherently unfair to the Irico Defendants, but also inefficient and confusing for the jury.

## II.   The IPPs Ignore the Practicalities of Trial, Which Resolves Their Concern.

IPPs' main complaint seems to be that they will be prejudiced by the Irico Defendants' designations and playing such testimony during their case-in-chief will "lengthen" and "muddle" the IPPs' presentation. Mot. at 2-4. We disagree. In other antirust trials, defendants were permitted to play affirmative designations during the plaintiffs' case-in-chief without lengthening the process. *See* Toshiba Defs.' Opp'n to Indirect Purchaser Pls.' Mot. in Lim. No. 14 (ECF No. 3680) at 4-5 (statements by Toshiba Defendants' counsel). For example, in both *LCD* trials, video depositions were played only once and the videos included both plaintiff and defendant deposition designations. *Id.* at 5. There was no distinction between "affirmatives," or "counters" or indications of whose designations were being played or how much time from each video was allocated to the plaintiffs or defendants. *Id.* Yet still, in both *LCD* trials, the single video playback did not overly lengthen the presentation of evidence. Even if IPPs were able to adequately articulate

a "prejudice" against them, any slight prejudice to IPPs would not outweigh the substantial harm of confusing the jury and wasting time by splitting up a witness's videotape deposition testimony.

### III.  The IPPs' Blanket Request Limiting Irico Defendants' Deposition Is Not Ripe.

Even if this Court were to find there was some merit to IPPs' Motion, the issue is certainly not ripe for ruling at this time. IPPs seek a blanket ruling limiting the Irico Defendants' "deposition designations presented in Plaintiffs' case to reasonable cross" and excluding "unrelated designations from the Plaintiffs' case-in-chief." Mot. at 2. As explained above, designated testimony will be culled substantially between now and trial. It is impossible to determine which designated testimony is "unrelated" or what is considered "reasonable cross" without looking at specific testimony that IPPs find objectionable. The proper procedure for excluding such testimony is to make objections to specific testimony after meet and confer efforts have concluded and to submit those objections to the Court for rulings prior to playing the video for the jury. IPPs rely heavily on *In re Urethane* to support their position, but even there, Judge Lungstrum did not make his rulings on the relevance or the order of deposition designations until after the designations were submitted to him for rulings on specific testimony. *See In re Urethane* MIL Conference Tr. at 84:9-11 ("I have reviewed all of the deposition transcripts that were provided to me, and I am prepared to rule on the objections made.").

### CONCLUSION

For the foregoing reasons, the Court should deny IPPs' Motion *in Limine* No. 5: To Limit Irico Defendants' Deposition Designations Presented in Plaintiffs' Case to Reasonable Cross and to Exclude Unrelated Designations.

Dated: September 1, 2023                          Respectfully submitted,

/s/ *John M. Taladay*
BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.

Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*