BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | Master File No. 4:07-cv-05944-JST<br>(N.D. Cal.)<br>MDL No. 1917<br><br>**DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 6: TO (1) PRECLUDE ARGUMENT THAT THE SAMSUNG SDI GUILTY PLEA INCLUDES DOJ FINDINGS OF FACT; (2) EXCLUDE EVIDENCE OF THE VOLUME OF AFFECTED SALES IN THE GUILTY PLEA; (3) EXCLUDE EVIDENCE OF THE FACT AND AMOUNT OF THE CRIMINAL FINE; AND (4) EXCLUDE ANY STATEMENT BY THE DOJ CHARACTERIZING THE CRT CONSPIRACY AS LIMITED TO FACTS IN SAMSUNG GUILTY PLEA**<br><br>Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") oppose Motion in Limine No. 6 (ECF No. 6244) filed by the Indirect Purchaser Plaintiffs.

## ARGUMENT

The Indirect Purchaser Plaintiffs' (hereinafter, "Plaintiffs" or "IPPs") Motion *in Limine* No. 6 improperly seeks a ruling limiting the scope of argument and evidence related to the guilty plea by another CRT manufacturer, Samsung SDI Company, Ltd. ("SDI"). *See* IPP MIL No. 6, ECF No. 6244. As discussed in the Irico Defendants' Motion *in Limine* #7 to Exclude Evidence of Inflammatory Language Regarding the Guilty Pleas by Samsung SDI Company, Ltd., the Court should exclude any references, evidence, and argument related to the SDI's plea because such evidence and argument is not helpful to the fact finders and is likely to result in severe prejudice to the Irico Defendants. *See* ECF No. 6257 (citing cases). However, even if the Court were to rule that the SDI guilty plea is admissible, Plaintiffs' motion is still improper because Plaintiffs seek to use the plea as both a sword and a shield, as illustrated by several factors. *First*, the plea agreement is itself a statement of facts, and Plaintiffs' argument that the Court should admit only the negative facts from the guilty plea, *i.e.*, admission of participation in a conspiracy with other alleged conspirators but prevent the introduction of any potentially exculpatory or limiting facts *in the same plea*, could only confuse the factfinder and lead to gross inequities to the Irico Defendants. *Second*, preventing the Irico Defendants from providing the factfinder with facts or evidence regarding the limited scope of the plea including volume of affected commerce and the criminal fine would be extremely prejudicial to Irico, especially when SDI has affirmed Irico was not a co-conspirator in the conduct to which it pled. For the following reasons, the Irico Defendants request that the Court deny Plaintiffs' motion.

**I.     The Samsung Plea Agreement Is Inadmissible in its Entirety.**

The Irico Defendants have already presented to the Court the legal support for excluding SDI's guilty plea in its entirety, along with any reference to or evidence of criminal investigations undertaken by the DOJ related to the CRT industry. *See* Irico Defs.' Mot. *in Limine* #7 to Exclude Evidence of Inflammatory Language Regarding the Guilty Pleas by Samsung SDI Company, Ltd., ECF No. 6257; Irico Defs.' Mot. *in Limine* #6 to Exclude Any Reference to the Department

1  of Justice's Criminal Investigations of the CRT Industry, ECF No. 6255. A guilty plea of a co-
2  defendant may not be admitted "as substantive evidence of the guilt of those on trial." *United*
3  *States v. Halbert*, 650 F.2d 1000, 1004 (9th Cir. 1981). Moreover, even if it were "marginally
4  relevant, any relevance would be substantially outweighed by the danger of unfair prejudice to the
5  [] Defendants and risk of confusing and misleading the jury." *RightCHOICE Managed Care, Inc.*
6  *v. Hosp. Partners, Inc.*, No. 5:18-CV-06037- DGK, 2021 WL 4258747, at *1, *4 (W.D. Mo.
7  Sept. 17, 2021) (explaining that introducing the plea could "result in the jury speculating about
8  whether Defendants [] are [the unnamed co-conspirators in the plea agreement], and/or inferring
9  that the [] Defendants are guilty by association"). That risk of prejudice is particularly heightened
10 in this case where SDI will not be present at trial. *See United States v. Hansen*, 544 F.2d 778, 780
11 (5th Cir.1977) ("[T]here is no need to advise the jury or its prospective members that someone
12 not in court, not on trial, and not to be tried, has pleaded guilty. The prejudice to the remaining
13 parties who are charged with complicity in the acts of the self-confessed guilty participant is
14 obvious."); *see also Evanston Ins. Co. v. Desert State Life Mgmt.*, 484 F. Supp. 3d 987, 1006 n.6
15 (D.N.M. 2020) (refusing to admit facts in plea agreement "against any other party").

16     Plaintiffs' motion seeks to enter only the existence of the SDI guilty plea and then to
17 preclude the Irico Defendants from making any arguments regarding the limited nature of the SDI
18 plea agreement. Again, the Plaintiffs want to have it both ways – they want to excite the jury with
19 evidence that the DOJ found a conspiracy and at least one co-defendant pled guilty and then
20 preclude the Irico defendants from presenting equally as strong evidence regarding the limited
21 scope of the conspiracy to which SDI pled, including the limited product scope and volume of
22 commerce impacted. That danger is evident on the face of Plaintiffs' motion where the guilty plea
23 states that SDI "engaged in discussions and attended meetings with representatives of other major
24 CDT producers" during which "agreements were reached," Mot. 2, but leaves ambiguous the
25 identify of those other major CDT producers. What Plaintiffs fail to inform the Court is that SDI
26 affirmatively identified its coconspirators and explicitly denied that it reached agreements or
27 participated in a conspiracy with the Irico Defendants, clarifying that they *could not have been*
28 one of the other major CDT producers referenced in the guilty plea. *See* Carlock Decl., Ex. 2 at

1  22-25 (Responses to RFAs 22-24), 27-29 (Responses to RFAs 25-27). Plaintiffs seemingly defend this strategy by claiming that "Irico may still contest the length of the conspiracy, the products included, the amount of sales impacted, or any other fact admitted by Samsung [SDI in the guilty plea]," Mot. at 4, but it should not be the Irico Defendants' burden to contest a distorted narrative that the Plaintiffs would have this Court impose, particularly while depriving Irico of the central tool – the contextual facts of the plea agreement itself – that is relevant to do so.[1] Plaintiffs should not be permitted to advance their selective version of the facts by attempting to exclude facts that are unfavorable to them. Rule 403 clearly precludes such a strategy. *See RightCHOICE Managed Care*, 2021 WL 4258747, at *4 (even if the plea agreement were "marginally relevant," any relevance would be outweighed by "the danger of unfair prejudice").

In support of their motion to limit the admission of evidence to only certain, favorable facts from SDI's guilty plea, Plaintiffs rely on a number of cases that are either distinguishable on the facts or inapposite applications of law not relevant to this case. Plaintiffs' invocation of the *Costco* case, IPP Motion *in Limine* No. 6 at 2-3, is readily distinguishable from the Irico Defendants' situation here. In *Costco*, all of the defendants present at trial were both investigated by the DOJ *and each of them was eventually convicted or pleaded guilty*. *See Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207 RAJ, 2014 WL 4674390, at *9 (W.D. Wash. Sep. 18, 2014). Thus, in a trial involving defendants who were the subject of guilty pleas, the pleas were deemed relevant and admissible, whereas here the Irico Defendants, the only defendants who will present at this trial, were neither investigated by the DOJ during the criminal phase nor implicated in any way with SDI's guilty plea. *See* Decl. of Wyatt Carlock In Support of Irico Defs.' Mot. *in Limine* #7, Ex. 2 at 22-25, 27-29, ECF No. 6257-3 ("Carlock Decl.") (SDI denial of reaching agreements or participating in a conspiracy with the Irico Defendants related to CDTs). Thus, the circumstances of the *Costco* case have no application here.

---

[1] In defense of this approach, Plaintiffs veer into arson cases. *See Am. Home Assur. Co. v. Sunshine Supermarket, Inc.,* 753 F.2d 321, 325 (3d Cir. 1985) (holding that "evidence of non-prosecution for arson was inadmissible in a civil action to disprove arson"). While the Irico Defendants take no position on this statement of law as to arson cases, it appears to have no relevance to a determination in this case.

Plaintiffs also cite to a litany of other cases which fail to support their motion. Plaintiffs' invocation of *In re Slatkin,* 310 B.R. 740, 744 (C.D. Cal. 2004), *aff'd*, 222 F. App'x 545 (9th Cir. 2007), is off point as it did not involve the potential use of a guilty plea of one former defendant to draw inferences about the guilt of a non-pleading defendant. The same is true of another out-of-circuit and non-binding case, *Maynard v. Dixon*, 943 F.2d 407, 414 (4th Cir. 1991), which allowed a prior judgment against that *same* defendant as *rebuttal* evidence to the defendant's statement that he had no criminal history. Likewise, Plaintiffs' citations to antitrust cases discussing the standards of proof at other stages of litigation have no bearing on the admissibility of the SDI guilty plea here. *See In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 309192, at *14 (N.D. Cal. Jan. 21, 2014); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-4997 SI, 2012 WL 6035547, at *1 (N.D. Cal. Dec. 4, 2012)*; In re TFT-LCD (Flat Panel) Antitrust Litig.,* 599 F. Supp. 2d 1179, 1185 (N.D. Cal. 2009); *In re Auto. Parts Antitrust Litig.,* No. 12-MD-02311, 2014 WL 1746121, at *7 (E.D. Mich. Apr. 30, 2014). Plaintiffs' proffered authority provides no basis for the admission of the SDI guilty plea against the Irico Defendants in this case.

## II. Should the Court Find the SDI Guilty Plea Admissible, The Entire Plea and Any Clarifying Facts Should Also Be Admissible.

In the event the Court finds the SDI guilty plea admissible for any purpose in this case, the Court should allow the entire plea to come in, not merely the carefully cherry-picked facts supporting Plaintiffs' case. The Court should also allow introduction of any evidence that clarifies the plea. If it is admitted at all, the jury should understand the full scope (or, in reality, the limited scope) of SDI's plea. This includes all relevant aspects of the plea, including the volume of sales, fine amount, and related details. *See United States v. Segall*, 833 F.2d 144, 148 (9th Cir. 1987) (finding that the district court did not abuse its discretion in permitting testimony, when defendant's attorney "opened the door" to the testimony by introducing on cross-examination evidence which created a false impression). If Plaintiffs are allowed to "open the door," then permitting the introduction of cherry-picked facts would be unfairly prejudicial, creating the risk that the factfinder would assume that the Irico Defendants were equally complicit, despite not

even being subject to DOJ investigation. *See United States v. Griffin*, 778 F.2d 707, 711 (11th Cir. 1985) ("Courts must be especially vigilant to ensure that defendants are not convicted on the theory that guilty 'birds of a feather are flocked together.'") (*citing Krulewitch v. United States*, 336 U.S. 440, 454 (1949) (Jackson, J., concurring)). That would be not only unduly prejudicial, but unjust. Providing the full context by allowing evidence regarding its limitations is the exact type of curative evidence that should be admitted "to remove any unfair prejudice which might [] result from" the admission of the SDI guilty plea. *Segall*, 833 F.2d at 148.

### III. The Irico Defendants Agree that DOJ Statements Are Inadmissible, Provided that the SDI Guilty Plea Is Not Admitted.

Plaintiffs also seek to exclude public statements by the DOJ as inadmissible hearsay. Mot. At 5. The Irico Defendants agree that these statements should be excluded along with the SDI guilty plea as discussed *supra*, Section A, and the Irico Defendants' Motion *in Limine* #6 to Exclude Any Reference to the Department of Justice's Criminal Investigations of the CRT Industry. However, if the Court rules that the SDI guilty plea is admissible, any statements made by DOJ that would assist the factfinder in properly framing the SDI guilty plea should likewise be admissible under the rationale discussed above. *See supra*, Section B. To allow otherwise would be to indulge Plaintiffs in their efforts to put before the factfinder only the highly prejudicial evidence that tends to support their theory of the case, while using the Court to shield that same factfinder from probative information that properly frames the facts from the SDI guilty plea, particularly where it concerns the Irico Defendants.

### CONCLUSION

For all the foregoing reasons, Irico respectfully requests that the Court deny Plaintiffs' Motion *in Limine* #6. Instead, the Court should exclude all statements related to the DOJ's investigation of the alleged CRT conspiracy as reflected in the Irico Defendants' Motions *in Limine* #6 to Exclude Any Reference to the Department of Justice's Criminal Investigations of the CRT Industry and #7 to Exclude Evidence of Inflammatory Language Regarding the Guilty Pleas by Samsung SDI Company, Ltd.

///

| | |
|---|---|
| Dated: September 1, 2023 | Respectfully submitted, |
| | /s/ *John M. Taladay* <br> BAKER BOTTS LLP <br> John M. Taladay (*pro hac vice*) <br> Evan J. Werbel (*pro hac vice*) <br> Thomas E. Carter (*pro hac vice*) <br> Andrew L. Lucarelli (*pro hac vice*) <br> 700 K Street, N.W. <br> Washington, D.C. 20001 <br> 202.639.7700 <br> 202.639.7890 (fax) <br> Email: john.taladay@bakerbotts.com <br> evan.werbel@bakerbotts.com <br> tom.carter@bakerbotts.com <br> drew.lucarelli@bakerbotts.com <br><br> *Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.* |