BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 8: TO EXCLUDE CHARACTER EVIDENCE**<br><br>Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") oppose Motion *in Limine* No. 8: To Exclude Character Evidence (ECF No. 6246) filed by the Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs" or "IPPs"), and submit the following response in opposition.

## ARGUMENT

IPPs seek to broadly exclude evidence of Irico's basic public-service functions as a Chinese state-owned entity ("SOE"), based on Federal Rule of Evidence 404. Yet Rule 404(a) is narrow and only addresses evidence "of a person's character or character trait" if used for the purpose of "prov[ing] that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). To be clear, Irico does not intend to introduce any character evidence for that purpose. And, as is well-established, Rule 404 does not exclude all character evidence, as IPPs suggest, because character "evidence may be offered for another purpose, such as proof of motive, opportunity, and so on, which does not fall within [Rule 404's] prohibition." Fed. R. Evid. 404, Notes of Advisory Committee on Proposed Rules.

Irico's status and required public-service, not-for-profit functions as an SOE—that is, Irico's basic identity—are clearly relevant to Irico's motives, and in reasons explaining why it had legitimate reasons why it was not solely focused on producing CRTs and generating profits, all of which is relevant to IPPs' claims (and Irico's corresponding defenses against the claims) that Irico participated in the alleged conspiracy to fix CRT prices to generate increased profits. IPPs' motion improperly seeks a blanket exclusion of relevant evidence without taking into account the valid purposes for and context in which Irico may introduce the evidence at trial. Accordingly, the Court should deny IPPs' Motion *in Limine* No. 8.

**I.  IPPs Seek Exclusion of Highly Relevant Evidence That Is Not Character Evidence and Is, Thus, Not Excludable under Federal Rules of Evidence 404 or 403.**

IPPs' motion seeks to bar evidence well beyond the confines of Rule 404(a). IPPs move to bar all arguments and evidence—without consideration of their use and purpose—concerning Irico's "purported good character or reputation, or charitable acts" to include Irico's "'public service obligations,' such as provision of 'primary and secondary public schools, the local police department, a hospital, public transportation, public recreational facilities to citizens living around

and working at Irico's business operations.'" ECF No. 6246 at 2. Because Irico does not intend to use this evidence to show conformity with a character trait "on a particular occasion," Rule 404(a) unquestionably does not provide grounds for excluding this evidence. Fed. R. Evid. 404(a)(1).

Instead, Irico is fully entitled to use such evidence for other probative purposes, and Rules 401, 402 and 404 do not bar this relevant evidence. Evidence of these aspects of Irico's functions, inherent to Irico's status as a Chinese SOE, are highly relevant and probative to the issue of Irico's alleged participation in a price-fixing conspiracy *for profit*. As an SOE, Irico's required public-service and not-for-profit operations are core tenets of its establishment, purpose and identity.[1] *See* ECF No. 5409 at 11. Such evidence shows that Irico's sole purpose was not to produce CRTs and generate profit, but to also serve societal needs as dictated by the Chinese government. *See id.* This evidence speaks to Irico's intent and motives with respect to IPPs' claims and Irico's defenses as to Irico's alleged joining of the purported conspiracy.[2] Those are permissible purposes under Rule 404, and IPPs have not demonstrated any basis to exclude such evidence regarding Irico's business motives and practices.

The cases cited by IPPs do not change this analysis, as they involved character evidence used only to show conformity as a "good" or "bad" company or person, which is not the case here. For instance, in *Miller ex rel. Miller v. Ford Motor Co*., the court granted cross-motions *in limine*, preventing the defendants from introducing evidence of good behavior to show that Ford was a "good" company, and prohibiting plaintiff from evidencing other misconduct to show that Ford was a "bad" company. No. 2:01-CV-545-FTM-29DNF, 2004 WL 4054843, at *4 (M.D. Fla. July

---

[1] Irico Group held official status as a "wholly state-owned enterprise" directly owned by the Chinese government throughout the class period, ECF No. 5392-03 (Clarke Decl. ISO Irico Mot. to Dismiss) at ¶¶ 19-23, while Irico Display held official status as a "state-owned" enterprise at the start of the class period and as a "state-controlled enterprise" at its conclusion, *id.* at ¶¶ 24-30.

[2] Evidence in both parties' proposed trial exhibit lists directly demonstrates the relevance of Irico's state-owned status to the main issues at stake in this case. *See, e.g.*, Carlock Decl. Ex. 1_ (CHU00030068 at -068.01E) ("Irico is a government-owned enterprise and must take protection of its employees' livelihood as its top priority . . . As a result, Irico must stick to CPT even if it may be a road of no return, regardless of profit or loss."); Carlock Decl. Ex. 2 (CHU00124993 at -993.01E)

1  22, 2004). ("Both parties seem intent on trying issues and claims which have little or nothing to do
2  with the accident in this case. The Court will do its best to preclude such irrelevant and potentially
3  prejudicial conduct by both plaintiff and Ford."). IPPs also cite to *Michelson v. United States*, which
4  is also inapposite as a criminal case that excluded evidence of the defendants' past crimes to show
5  conformity.  335 U.S. 469, 476 (1948).  In sum, none of IPPs' cited cases stand for the sweeping,
6  categorical exclusion of evidence that is relevant for permissible purposes, such as an antitrust
7  defendant's intent and motive.

8  Courts also have recognized a parties' right to tell the "whole story" about themselves and
9  have accordingly denied motions *in limine* to preclude evidence where doing so would prevent the
10 nonmovant from telling their "story" about themselves to the jury; similarly, there are no grounds
11 to deny Irico the right to tell the jury its story about its basic functions as an SOE during the relevant
12 time period, which included both producing and selling CRTs ***and*** providing certain public services
13 as an SOE. *See, e.g.*, *City of Mountain Park, Ga. v. Lakeside at Ansley, LLC*, No. 1:05-CV-2775-
14 CAP, 2010 WL 3942788, at *1 (N.D. Ga. Apr. 26, 2010) (denying a motion *in limine* because the
15 nonmovant "may introduce evidence to explain the whole story to the jury."); *see also Knecht v.*
16 *Erie Ins. Prop. & Cas. Co.*, No. 5:09CV36, 2010 WL 2639862, at *2 (N.D.W. Va. June 28, 2010)
17 (recognizing the "need for the [nonmovant] to tell the 'whole story,' subject to consideration under
18 Federal Rules of Evidence 401 and 403.); *Visteon Glob. Techs., Inc. v. Garmin Int'l, Inc.*, No.
19 210CV10578PDBDRG, 2016 WL 8230663 (E.D. Mich. Aug. 10, 2016), *adopted in part, rejected*
20 *in part on other grounds*, No. 10-CV-10578, 2016 WL 6123526 (E.D. Mich. Oct. 20, 2016)
21 (denying a motion *in limine* where the "thrust of [the] motion" was to prevent the defendant from
22 telling the whole story); *Tannenbaum v. Clark*, No. 88 C 7312, 1996 WL 147970, at *1 (N.D. Ill.
23 Mar. 28, 1996) (stating that "the jury is entitled to hear the whole story, not a sanitized version, and
24 [the court] thus in large part den[ies] those motions.").

25 Although IPPs do not invoke Rule 403 or make the required showing under that rule, they
26 make conclusory references to purported prejudice and confusion.  In any event, Rule 403 also does
27 not provide grounds for IPPs to exclude evidence about Irico's public-service functions as an SOE
28 because IPPs have not shown, and cannot show, that the evidence's probative value is "substantially

1  outweighed" by the danger of unfair prejudice, confusion, or other Rule 403 considerations. Fed.
2  R. Evid. 403. Indeed, the evidence about Irico's public-service functions will educate and provide
3  necessary clarification to the jury about the context in which Irico operated as a Chinese SOE and
4  how it differs from entities in the United States and outside of China.  As to prejudice, IPPs have
5  demonstrated none, and certainly none that is "unfair" or that substantially outweighs the
6  evidence's probative value. Just because evidence may be favorable to Irico does not automatically
7  make it unfairly prejudicial to IPPs.

8   IPPs' motion should, therefore, be denied because IPPs have not shown that Irico's public
9  functions are not relevant, are being used for an impermissible purpose, or are confusing or unfairly
10 prejudicial.

**II.     IPPs' Motion Also Is Improper Because Seeks to Exclude Evidence without Considering the Proper Context of Trial.**

The unwarranted breadth of IPPs' motion not only shows that it has no support under the evidentiary rules but also shows that it is improper in attempting to exclude evidence without regard to its purpose at trial.

Motions *in limine* "should be granted only if the evidence is clearly not admissible ***for any purpose***. If there is any question on the issue, rather than barring the evidence before trial, the Court should reserve ruling on questions of admissibility until they actually arise, in the context of the trial." *McCluskey v. Allstate Insurance Co.*, No. CV 04–191–M–LBE, 2006 WL 6853110, at *1 (D. Mont. Feb. 10, 2006) (quoting *Boim v. Quranic Literacy Institute*, 349 F. Supp. 2d 1097, 1102 (N.D. Ill. 2004)) (emphasis added); *see also Turner v. Univ. of WA*, No. C05-1575RSL, 2007 WL 2984682, at *1 (W.D. Wash. Oct. 10, 2007) ("Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. A court considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context.") (internal citations omitted).

Here, IPPs' request—to exclude "evidence of, and [] arguments about, the purported good character, acts, or reputation of the Irico Defendant corporations or their employees" (ECF No. 6246-1 at 2)—is too vague and sweeps too broadly without the context of specific evidence. *See,*

*e.g.*, *Engman v. City of Ontario*, No. EDCV 10-284 CAS, 2011 WL 2463178, at *1 (C.D. Cal. June 20, 2011) (denying motion *in limine* because there was no indication that the plaintiffs intended to introduce the evidence at issue during trial and holding that it would be improper to issue a "blanket ruling" on the motion *in limine*); *Occidental Fire & Cas. of N.C. v. Intermatic Inc.*, No. 2:09-cv-2207, 2013 WL 4499005, at *3 (D. Nev. Aug. 15, 2013) (denying motion *in limine* and holding that the evidence that plaintiffs sought to exclude "can be probative" and that defendants could attempt to lay a proper foundation for the evidence at trial).

As Irico has shown above, the evidence that IPPs seek to exclude is not inadmissible on all potential grounds, requiring denial of their motion *in limine*.

## **CONCLUSION**

For all the foregoing reasons, Irico respectfully requests that the Court deny IPPs' Motion *in Limine* No. 8: To Exclude Character Evidence.

Dated: September 1, 2023      Respectfully submitted,

/s/ *John M. Taladay*
BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*