Case 4:07-cv-05944-JST   Document 6280   Filed 09/01/23   Page 1 of 7

BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
       evan.werbel@bakerbotts.com
       tom.carter@bakerbotts.com
       drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 9: TO ALLOW EVIDENCE OF IRICO DEFENDANTS' FAILURE TO PARTICIPATE IN CASE** |
| | Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

IRICO DEFENDANTS' OPPOSITION TO
IPPS' MOTION *IN LIMINE* NO. 9
Master File No. 4:07-cv-05944-JST
MDL No. 1917

1   Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")
2   oppose Motion *in Limine* No. 9: To Allow Evidence of Irico Defendants' Failure to Participate in
3   Case (ECF No. 6247) filed by the Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs" or
4   "IPPs"), and submit the following response in opposition.

## ARGUMENT

With their ninth motion *in limine*, Plaintiffs seek not to exclude evidence, but instead seek permission to introduce highly one-sided and inaccurate evidence of Irico's absence from the litigation between 2010 and 2016. Plaintiffs' request to affirmatively allow this evidence reflects the fact that such evidence of litigation strategy and behavior is generally inadmissible and excluded at trial. This case is no different. Any evidence of Irico's absence from this litigation would have minimal probative value, would tell an inaccurate and incomplete story given that IPPs themselves failed to prosecute their case against Irico for the same amount of time, and would unfairly prejudice Irico and mislead jurors at trial.

Plaintiffs ignore or neglect to reference several key facts in their incomplete recitation of the relevant history here:

- When Irico ended its participation in the litigation it did so with notice to all parties and the Court. Irico did not answer IPPs' operative complaint by the by the Court ordered deadline of April 29, 2010. Plaintiffs took no action. Then, Irico's counsel informed all parties of counsel's intent to withdraw from the litigation on June 18, 2010 and filed a withdrawal motion with the Court on June 23, 2010, which the Court granted on June 24, 2010 with the caveat the Pillsbury continue to "accept service of papers for the Irico Entities for forwarding purposes in accordance with Civil Local Rule 11-5(b)." ECF No. 732 at 1.
- Plaintiffs took no action against Irico until 2016, only after the Court ordered it to do so. IPPs did not file for entry of default when Irico failed to respond to the IPP complaint. IPPs never sought to compel responses to their discovery requests. IPPs never tried to depose any Irico employees during the discovery period. At all times, IPPs knew they could serve any such requests or motions through Pillsbury,

yet IPPs did nothing for six years. And only then when ordered to do so by the Court.

- The Court has already acknowledged Plaintiffs' failure to pursue discovery in a timely manner as discussed below.

Any one-sided and inaccurate references to Irico's absence from the litigation should thus be precluded under Federal Rules of Evidence 401 and 403, and Plaintiffs' motion should be denied.

## I. Any Argument or Evidence about Irico's Period of Absence from This Case Lacks Probative Value.

Plaintiffs have failed to show that evidence of Irico's past absence from the litigation has probative value.

Plaintiffs only claim that Irico's litigation conduct and absence are "necessary" to explain: (a) the age of the case and (b) Irico's status as the only defendant at trial. Yet, Plaintiffs fail to explain why either issue is relevant at all. In fact, neither ground is relevant, as evidence of Irico's litigation conduct and absence lack "any tendency to make a fact more or less probable than it would be without the evidence" and are not "of consequence in determining the action." Fed. R. Evid. 401. Antitrust and other conspiracy cases often reach trial many years after the alleged conduct and proceed against single groups of defendants, and not all alleged conspirators. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 118 (2d Cir. 2005) ("Federal antitrust cases are complicated, lengthy, and bitterly fought.") Plaintiffs have established no real need to explain away these issues. Instead, the one-sided focus on Irico's alleged "failure"—while masking IPPs' concurrent failure to pursue Irico for six years—is designed to insert a misleading, incomplete story at trial that will unfairly prejudice Irico before the jury.

## II. Even If There Was Any Limited Probative Value, It Is Substantially Outweighed by Risks of Unfair Prejudice and Confusion at Trial through a Misleading Narrative.

Plaintiffs have further failed to show that the balance of the Rule 403 considerations weighs in their favor. That is, even if some limited probative value existed, which it does not, such value is substantially outweighed by the significant risk of unfair prejudice to Irico and confusion at trial through the telling of a misleading, one-sided story. The arguments and

evidence Plaintiffs seek to introduce at trial are, thus, inadmissible under Rule 403.

Courts routinely exclude evidence of litigation conduct and strategy as not only irrelevant but also as disproportionately prejudicial, outweighing any probative value. *See Kagan v. State Farm Mut. Auto. Ins. Co.*, No. CV0804903GAFMANX, 2009 WL 10675116, at *4 (C.D. Cal. Nov. 12, 2009) ("[E]vidence regarding the conduct of the litigation is not relevant to the issues in the case, or, if marginally relevant, has such little probative value that it is substantially outweighed by its potential for prejudice, confusion and undue consumption of time"); *Lindfors v. State Farm Mut. Auto. Ins. Co.*, No. 3:20-CV-00178-SLG, 2022 WL 1241399, at *8 (D. Alaska Apr. 27, 2022) (excluding "any reference to discovery disputes and litigation conduct" as "the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay, and will preclude any reference to discovery disputes").

The risk of unfair prejudice is particularly acute in this case in light of the reasons for Irico's absence and conduct in this case.

First, it would be unfairly prejudicial and misleading to permit Plaintiffs to argue that Irico simply "failed to participate in this case," when the reality is that Irico participated in the initial stages of the litigation and its later withdrawal from this litigation was based on a longstanding, good-faith belief that it was not subject to the jurisdiction of U.S. courts. Indeed, the Court recognized this jurisdictional argument to be Irico's "strongest potential meritorious defense" when setting aside the default against Irico. ECF No. 5240 at 17; *see also* ECF No. 5637 at 7-13.

Second, permitting Plaintiffs to argue Irico's "failure to participate" at trial, while protecting IPPs from their clear failure to pursue discovery from Irico for the same time period, would further the unfair prejudice and misleading narrative at trial. Specifically, IPPs took no action upon Irico's withdrawal and did not attempt to contact Irico or its former counsel for ***over six years***. During that time, they did not seek to compel Irico to answer the lawsuit or produce any documents or respond to interrogatories, nor did they seek to depose any Irico employees. And IPPs only sought a default against Irico in 2016 ***after*** being ordered by this Court to do so.[1]

---

[1] There is reason to believe that IPPs never intended to seek a default against Irico. Even after

1  *See* ECF Nos. 4722, 4725, 4734.  This Court aptly recognized the plaintiffs' blatant neglect as to
2  their case against Irico.  *See*, ECF No. 5275  at 11:19-12:6 (noting that "if it was very important
3  to [Plaintiffs] that they get this discovery from these entities, I think they would have [ . . . ]
4  kicked the sleeping dog a little earlier."); ECF No. 5237 at 34:23-25 ("If I thought I could get 2
5  and a half billion dollars, mightn't I have started a little earlier and worked a little harder?").

6        Notably, Plaintiffs argue that if they are not permitted to introduce evidence of Irico's lack
7  of participation in the case, the jury may "draw an inference that the age of the case is due to
8  delay or neglect on the part of [Plaintiffs]."[2] ECF No. 6247 (citing *Harrington v. City of Council*
9  *Bluffs, Iowa*, 902 F. Supp. 2d 1195, 1205 (S.D. Iowa 2012), *United States v. Chon*, No. 2:01-CR-
10  487 TS, 2007 WL 1960604, at *2 (D. Utah July 5, 2007)).  But, as this Court recognized, that
11  inference is true here: after Irico's withdrawal from the litigation, IPPs neglected to pursue Irico
12  for six years.   Moreover, the reason Irico is the only remaining defendant at trial is because IPPs
13  have settled with the other defendants, a common occurrence in civil litigation today, not as a
14  result of Irico's absence from 2010 to 2016.

15        Permitting Plaintiffs to weaponize Irico's absence as a sword, while shielding IPPs from
16  their own part and conduct is fundamentally unfair and improper.  The age of the case and the fact
17  that Irico will be the only defendant group at trial—all common aspects of modern civil
18  litigation—in no way justifies allowing Plaintiffs to present at trial a one-sided, misleading
19  narrative.  Under Rule 403, argument about and evidence of Irico's absence should be excluded.

20        Plaintiffs' cited cases not only fail to support their arguments, but they further support
21  ruling in Irico's favor here.  In *Harrington v. City of Council Bluffs, Iowa*, the court granted the
22  defendants' request to "keep the jury from hearing Plaintiffs comment upon or characterize [sic]
23  Defendants' pre-trial and appeal efforts."  902 F. Supp. 2d at 1205.  The court found such
24  comments to be "impermissible" "to the extent that Plaintiffs would introduce such timeline in an

---

26  applying for default in response to the Court's July 2016 order, IPPs declined to seek a default judgment against Irico on the grounds that "any default judgment would not be enforceable in China." ECF No. 4734.

28  [2] Although not attributed in Plaintiffs' motion, this quote is from *United States v. Chon,* 2007 WL 1960604, at *1.

| IRICO DEFENDANTS' OPPOSITION TO | 4 | Master File No. 4:07-cv-05944-JST |
| IPPS' MOTION *IN LIMINE* NO. 9 | | MDL No. 1917 |

1   effort to imply that Defendants have been pursuing dilatory purposes or abusing appeal rights, the
2   Court agrees with Defendants that this is impermissible." *Id.*  Likewise, Plaintiffs' purpose behind
3   their motion is to argue to the jury that Irico's "dilatory" absence is the reason for the age of the
4   case and for it being the lone defendant group at trial.  As the *Harrington* court found, that
5   purpose and those arguments are "impermissible" and should be excluded at trial.  *See id.*

6       *United States v. Chon*, a criminal case, is also readily distinguishable.  There, the
7   Defendant fled before trial, and the court found that "the evidence of Defendant's flight tends to
8   show a consciousness of guilt," which provided the probative value to admit the evidence.  2007
9   WL 1960604, at \*1-\*2.  The evidence in this case has no such probative value, nor have IPPs
10  even tried to make such an argument.  Irico did not flee.  Irico's counsel filed documents with
11  Court withdrawing from the case and then agreed to continue to accept service of documents and
12  relay materials to Irico.  Plaintiffs had knowledge of Irico's whereabouts and how to serve
13  documents on Irico, but chose not to pursue Irico until this Court required it do so.  The court in
14  *Chon* on the other hand specifically noted no delay or neglect on the government's part in
15  prosecuting the defendant.  *Id.* at \*2.

16      In sum, Plaintiffs should not be allowed to introduce any evidence, arguments, or
17  references with respect to Irico's past absence from this litigation because they lack probative
18  value and would, instead, unfairly prejudice Irico and present a misleading, confusing, and
19  incomplete narrative at trial.

20  **CONCLUSION**

21      For all the foregoing reasons, Irico respectfully requests that the Court deny IPPs' Motion
22  *in Limine* No. 9: To Allow Evidence of Irico Defendants' Failure to Participate in Case.

23  Dated: September 1, 2023              Respectfully submitted,

25                                        /s/ *John M. Taladay*
26                                        BAKER BOTTS LLP
                                      John M. Taladay (*pro hac vice*)
27                                        Evan J. Werbel (*pro hac vice*)
                                      Thomas E. Carter (*pro hac vice*)
28                                        Andrew L. Lucarelli (*pro hac vice*)
                                      700 K Street, N.W.

Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*