1  BAKER BOTTS L.L.P.
   John M. Taladay (*pro hac vice*)
2  Evan J. Werbel (*pro hac vice*)
   Thomas E. Carter (*pro hac vice*)
3  Andrew L. Lucarelli (*pro hac vice*)
   700 K Street, N.W.
4  Washington, D.C. 20001
   (202)-639-7700
5  (202)-639-7890 (fax)
   Email: john.taladay@bakerbotts.com
6           evan.werbel@bakerbotts.com
            tom.carter@bakerbotts.com
7           drew.lucarelli@bakerbotts.com

8  *Attorneys for Defendants*
   *IRICO GROUP CORP. and*
9  *IRICO DISPLAY DEVICES CO., LTD.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 10: TO FIND THAT A FOUNDATION EXISTS TO ADMIT STATEMENTS UNDER THE CO-CONSPIRATOR RULE**<br><br>Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") oppose Motion *in Limine* No. 10: To Find that a Foundation Exists to Admit Statements under the Co-Conspirator Rule (ECF No. 6248) filed by the Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs" or "IPPs"), and submit the following response in opposition.

## ARGUMENT

Plaintiffs' motion *in limine* ignores this Court's prior ruling on the process to be followed at trial to determine the admissibility of documents under FRE 801(d)(2)(e). Without even addressing the Court's prior ruling, Plaintiffs propose a process that already has been rejected by the Court. IPPs also ignore that the Special Master – mindful of the Court's previous rulings as to the process to be applied at trial – intentionally limited its recommendation to summary judgment. IPPs' effort to rewrite prior determinations of the Court should not be condoned, and the Court should deny IPPs' "moonshot" attempt to evade the Federal Rules of Evidence embodied in Plaintiffs' motion.

**I.    This Court Should Affirm its Previously-Ordered Process for the Determination of Admissibility under FRE 801(d)(2)(e).**

IPPs offer no reason why the Court should change its previously-established process for determination of admissibility under FRE 801(d)(2)(e) – quite shockingly they fail to mention it, pretending it does not exist. In 2016 during the motion *in limine* process with other Defendants, these same issues were raised by the Parties given the large volume of documents that the Plaintiffs sought to admit utilizing FRE 801(d)(2)(e). The Court rejected Plaintiffs' suggestion that there should be a conditional admission of statements of alleged co-conspirators under FRE 801(d)(2)(e), as well as Defendants proposal of requiring Plaintiffs to provide a list pre-trial of all such documents it sought to admit which would be followed by pre-trial determinations. *See* Order ("Prior Court Order"), *In Re: Cathode Ray Tube (CRT) Antitrust Litig.*, C-07-5944 JST (ECF No. 4982), 3 (N.D. Cal. Oct. 26, 2016). Instead of granting the proposed conditional admission or compelling pre-trial disclosure of the statements, this Court established a procedure for determining admissibility of alleged co-conspirator statements on an individual basis, the business day prior to calling the witness. *Id.* at 3-4.

The Court held that it would follow the procedure established by Judge Hamilton in *Sun Microsystems Inc. v. Hynix Semiconductor Inc.*, 4:06-CV-01665-PJH (ECF No. 710) (N.D. Cal. May 20, 2009). As the Court correctly acknowledged then, "an accused's knowledge of and participation in an alleged conspiracy are preliminary facts that must be established before extra-judicial statements of a co-conspirator can be introduced into evidence." *Bourjaily v. United States*, 483 U.S. 171 (1987). *See also U.S. v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 906 F.2d 432, 458-59 (9th Cir. 1990) (applying *Bourjaily* standards to civil antitrust case). To that end, the Court set the following procedure:

> No later than 12:00 p.m. on the business day prior to calling the witness(es) seeking to introduce such statement(s) at trial, the party seeking to introduce such statement(s) must deliver to chambers and to opposing parties two copies of a chart and any related materials delineating: (1) the identity of the testifying witness; (2) a statement describing the witness; (3) a summary of the evidence showing that the witness knew about and participated in the conspiracy; (4) the emails to be introduced via that witness, identifying within the email the specific co-conspirator statements to be introduced via that witness; (5) the identity of the declarant of each specific co-conspirator statement; and (6) a summary of the evidence showing that each declarant of the co-conspirator statement(s) knew about and participated in the conspiracy. The court will hear all arguments regarding the introduction of co-conspirator statements the following day prior to trial. While the court will issue a ruling as to the evidentiary admissibility of co-conspirator statements prior to trial, however, the court will reserve any ruling as to whether a statement was made "in furtherance" of a conspiracy until after the statement has been introduced at trial.

Prior Court Order, at 3-4, ECF No. 4982. IPPs now seek to end-run this Court-ordered process.

IPPs acknowledge that under FRE 801(d)(2)(e) they must show that: (1) "a conspiracy existed at the time the statement was made"; (2) "the defendant had knowledge of, and participated in, the conspiracy"; and (3) "the statement was made in furtherance of the conspiracy." *United States v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000). IPPs suggest that the Court should find summarily, before any foundational evidence is introduced at trial, that the first two elements are met. Plaintiffs fail to explain why the Court should do so now, when it declined to do so in 2016 as to other Defendants. IPPs' Mot. Lim. No. 10 ("IPPs' Mot. Lim."), *In Re: Cathode Ray Tube (CRT) Antitrust Litig.*, C-07-5944 JST (ECF No. 6248) (N.D. Cal. Aug. 11, 2023). Moreover, courts generally disfavor the use of motions *in limine* for "improper reasons" such as "a substitute for summary judgment motions," which is, in essence, what IPPs are trying to do here. *Mixed*

*Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1094-95 (C.D. Cal. 2012).

IPPs gloss over the fact that the scope of Irico's participation in any alleged conspiracy has yet to be decided and the actual co-conspirators who participated in the alleged CRT conspiracy and the time frame of their participation is still unclear. *See* Defs.' Mot. Summ. J., *In Re: Cathode Ray Tube (CRT) Antitrust Litig.*, C-07-5944 JST (ECF No. 6261), 12-15 (N.D. Cal. Aug. 14, 2023). For example, Irico contests that it participated in a conspiracy to fix the prices of CRTs or CRT Products sold to the United States when Irico did not sell CRTs or CRT Products to the United States. Also, Irico's summary judgment motion asserts that no evidence supports IPPs' claims that Irico participated in any alleged conspiracy meetings prior to August 1998. *Id.* Hundreds of the documents that IPPs propose to admit using FRE 801(d)(2)(e) are likely from this time period where Irico's participation is in question and thus are not admissible under FRE 801(d)(2)(e) without further foundation. *Id.* at 12.

## II. Plaintiffs' Proposal Would Undermine the Federal Rules of Evidence Which Require Separate Consideration and Analysis of Each "Statement".

IPPs' motion also seeks to usurp the entire process for considering the admissibility of evidence under the Federal Rules of Evidence in general, and FRE 801 in particular. The question of admissibility of evidence under FRE 801 requires analysis of each "statement" offered into evidence, the declarant offering the statement, and whether it is offered for the truth of the matter asserted. An exception under FRE 801(d)(2)(e) exists if the statement is made by a declarant who was the party's coconspirator *during* and *in furtherance* of the conspiracy. The Court's prior Order, as excerpted above, appropriately required information regarding the witness who will present the evidence, that individual's knowledge and participation in the conspiracy, information on the declarant of the out of court statement, and that individual's knowledge of and participation in the conspiracy. *See* Prior Court Order at 3-4, (Provisions (1), (2), (3), (5) and (6)). These requirements align with the required methodology of FRE 801 and should be maintained. IPPs' proposal, in contrast, would elide all of these requirements and instead seek a wholesale declaration that "a foundation exists to admit statements under the coconspirator exception to the hearsay rule." IPPs' Mot. Lim. at 2. Notably IPPs' use of "statements" is plural and undifferentiated. Thus, this

approach would wholly undermine FRE 801's requirements, undoubtedly allowing the admission of statements that otherwise would fail its test. It would not provide the Court with the specific information that this Court stated would be critical to its determination on the admissibility of each statement.

### III. IPPs' Request for a Ruling on the Admissibility at Trial of the Documents Reviewed by the Special Master is Unsupported and Should be Denied.

IPPs next ask the Court to order the admissibility at trial of documents found by the Special Master to be admissible under FRE 801(d)(2)(e) for the limited purpose of summary judgment consideration.[1] Such an Order would be contrary to the previous decision of the Special Master and this Court in adopting the Special Masters' Report and Recommendation. *See* Special Master's Report and Recommendation re Admissibility of Coconspirator Documents and Statements ("R&R"), *In Re: Cathode Ray Tube (CRT) Antitrust Litig.*, C-07-5944 JST (ECF No. 6074) (N.D. Cal. Sept. 20, 2022).

First, the Special Master's R&R specifically relates only to considerations of admissibility at the summary judgment stage, which reflects the scope of the Special Master's inquiry. There, the Special Master noted that "admissibility for *summary judgment* would seem to be the appropriate standard for purposes of this report and recommendation." R. & R. at 2-3 (emphasis added). This Court's Order adopting the R&R confirms this limitation. *See* Order Adopting Special Master's Report and Recommendation re: Admissibility of Coconspirator Documents and Statements ("Special Master Order"), *In Re: Cathode Ray Tube (CRT) Antitrust Litig.*, C-07-5944 JST (ECF No. 6093), 2 (N.D. Cal. Oct. 14, 2022) (the R&R's establishing "admissibility for summary judgment . . . requires no clarification"). IPPs offer no reason why the Special Master's

---

[1] The Special Master conducted an analysis of 81 documents proffered by Plaintiffs. Of those, he determined that only 42 of documents could be admissible as co-conspirator statements for purposes of summary judgment. Special Master's Report and Recommendation re Admissibility of Coconspirator Documents and Statements ("R&R"), *In Re: Cathode Ray Tube (CRT) Antitrust Litig.*, C-07-5944 JST (ECF No. 6074) (N.D. Cal. Sept. 20, 2022). The remainder of the documents were either excluded completely (14), required redactions because certain statements in the documents did not meet the FRE 801(d)(2)(e) requirements (10), or required further information from the Plaintiffs before the Special Master could make a final determination, which is still pending (15). *Id.*

1    recommendation should be expanded to the context of trial, which has a separate and more stringent
2    standard for admissibility. It is settled law in the Ninth Circuit that the standard for admissibility at
3    summary judgment is lower than at trial. *See Morgan v. Doran*, 308 F. App'x 231, 231-232 (9th
4    Cir. 2009) (holding that a prior ruling that evidence could be considered at summary judgment did
5    not render it admissible at trial).  At the summary judgment stage, "it is no obstacle that [] evidence
6    is not yet 'in a form that would be admissible at trial.'" *Jackson v. Sullivan*, 692 F. App'x 437 (9th
7    Cir. 2017) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986))*; see also In re Asbestos*
8    *Litig.*, 902 F.2d 38, n. 1 (9th Cir. 1990) ("Evidence need not be admissible at trial to be sufficient
9    to withstand summary judgment.").

10        Second, IPPs have failed to provide the Court with any of the information the Court
11   identified as necessary for it to determine the admissibility of these documents under FRE
12   801(d)(2)(e). *See* Prior Court Order at 3-4.  For example, the Court has already confirmed it will
13   require detailed information regarding the proponent of the testimony at trial and details of that
14   individuals' knowledge of and participation in the alleged conspiracy before it assesses
15   admissibility under 801(d)(2)(e). *See Id.* at 3 (Provisions (1), (2) and (3)).  No such information
16   has been provided by IPPs as to the individual who will testify to these issues at trial and that
17   person's role in the conspiracy so IPPs' request should be denied, and, indeed, no such information
18   was provided to the Special Master prior to his recommendation.

19        The Court should deny IPPs' effort to end-run the requirements under the Federal Rules of
20   Evidence to support the admissibility of each document they intend to introduce.  They have made
21   no showing as to why such statements are admissible in their motion.

22                                **CONCLUSION**

23        For all the foregoing reasons, Irico respectfully requests that the Court deny IPPs' Motion
24   *in Limine* No. 10: To Find that a Foundation Exists to Admit Statements Under the Co-
25   Conspirator Rule.

26   ///
27   ///
28   ///

1  Dated: September 1, 2023          Respectfully submitted,

               /s/ *John M. Taladay*
               BAKER BOTTS LLP
               John M. Taladay (*pro hac vice*)
               Evan J. Werbel (*pro hac vice*)
               Thomas E. Carter (*pro hac vice*)
               Andrew L. Lucarelli (*pro hac vice*)
               700 K Street, N.W.
               Washington, D.C. 20001
               202.639.7700
               202.639.7890 (fax)
               Email: john.taladay@bakerbotts.com
               evan.werbel@bakerbotts.com
               tom.carter@bakerbotts.com
               drew.lucarelli@bakerbotts.com

               *Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*