BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
    evan.werbel@bakerbotts.com
    tom.carter@bakerbotts.com
    drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION *IN LIMINE* NO. 11: TO EXCLUDE EVIDENCE AND ARGUMENT PORTRAYING THE IRICO DEFENDANTS' PARTICIPATION IN THE CONSPIRACY OR ACTS COMMITTED PURSUANT THERETO AS COMPELLED BY THE CHINESE GOVERNMENT OR CHINESE LAW** |
| | Date: December 15, 2023<br>Time: 2:00 pm<br>Judge: Hon. Jon S. Tigar<br>Courtroom: 6, 2nd Floor |

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") oppose Motion *in Limine* No. 11 (ECF No. 6249) filed by the Indirect Purchaser Plaintiffs (hereinafter, "Plaintiffs" or "IPPs"), and submit the following response in opposition.

## ARGUMENT

Plaintiffs' motion is a thinly disguised and improperly filed motion for sanctions. It raises issues already raised and being considered by the Special Master and seeks to circumvent that process and demand the most onerous remedies requested. It also fails as a motion *in limine*, seeking to exclude highly probative information that does not unduly prejudice Plaintiffs.

**I.    The Chinese Regulatory Regime, Which Governed Irico's CRT Pricing, Is Highly Relevant, Supported by Undisputed Evidence, and Should Not Be Excluded from Evidence.**

Plaintiffs do not dispute the existence or binding nature of the Chinese pricing regulations. Yet they argue that Irico's claim that its "prices were government-mandated" and subject to inconsistent obligations with U.S. law "lacks any evidentiary or legal basis" and suggest that the introduction of this legal framework that applied specifically to the Chinese CRT manufacturers including the Irico defendants would be highly prejudicial and misleading to the jury. *See* ECF No. 6249 at 3-4. Plaintiffs' disagreement with Irico's view of the ***import*** of the Chinese regulations, however, does not make the evidence prejudicial or misleading, nor does it provide a basis for excluding highly relevant evidence of the Chinese regulatory regime surrounding CRT pricing. Under Rule 403, Plaintiffs cannot exclude evidence based on conclusory "prejudice and misleading" assertions. Plaintiffs must—and have failed to—show that the evidence's probative value is "substantially outweighed by a danger" of unfair prejudice or misleading the jury.

The Chinese pricing regulations and governmental notices governing CRT prices during the relevant class period are undeniably probative in this antitrust price-fixing case, where Irico Group and Irico Display, as antitrust defendants, are entitled to "rebut an allegation of conspiracy by showing a plausible and justifiable reason for its conduct that is consistent with proper business practice." *In re Citric Acid Litig.*, 191 F.3d 1090, 1094 (9th Cir. 1999). This would include a Chinese state-owned entity ("SOE"), like Irico, following binding Chinese governmental laws and regulations. *See Persian Gulf Inc. v. BP W. Coast Prod. LLC*, 632 F.

1  Supp. 3d 1108, 1138 (S.D. Cal. 2022) (finding that the antitrust defendants "offered sufficiently
2  plausible, legitimate, and self-interested business reasons to enter into" the agreements at issue).
3  Indeed, the existence of such regulations is so probative that they may be – and in Irico's view,
4  should be – considered dispositive of the case. *See Citric Acid*, 191 F.3d at 1094; *see also* Irico
5  Defs.' Mot. for Summ. J. at 15-25, ECF No. 6261 (citing cases).

6  Notably, Plaintiffs do not argue that the evidence lacks relevance that is outweighed by
7  other factors. Plaintiffs' arguments challenging the basis of the evidence fail, because there is no
8  dispute between the parties about the authenticity, contents, and facial requirements of the
9  Chinese-government-mandated pricing measures and coordination of CRT prices during the
10 relevant period. *See* ECF No. 6261 at 16-21. Indeed, Irico timely designated a Chinese law
11 expert to authenticate and describe these Chinese legal requirements; IPPs not only chose not to
12 designate a counter expert, but they also did not seek to depose Irico's expert. Thus, Irico's
13 evidence with respect to the Chinese pricing regulations is effectively undisputed.

14 Plaintiffs can make their arguments in response to Irico's summary judgment motion and,
15 depending on the Court's ruling on that motion, at trial. But Plaintiffs' newfound objections to
16 the relevance or import of the regulations do not provide grounds for the wholesale exclusion of
17 Irico's defensive evidence from trial. Other courts have denied similar arguments seeking to
18 exclude relevant evidence of foreign laws and regulations, finding such evidence to be
19 admissible.[1] This Court should do the same and deny IPPs' motion.

**II.  Irico Is Entitled to Present Facts to the Jury Related to Its Foreign Compulsion and Comity Defenses.**

Plaintiffs also seek to exclude evidence and arguments about the inconsistencies between Chinese and U.S. laws, arguing that such inconsistency relates to the comity doctrine, which is "not a jury issue." ECF No. 6249 at 5. Plaintiffs make unsupported claims of prejudice, but do

---

[1] *See Fahmy v. Jay Z*, 2015 WL 5680299, at *11 (C.D. Cal. Sept. 24, 2015) (denying motion in limine to preclude plaintiff from presenting evidence or argument on foreign law because a wholesale exclusion of foreign law evidence "would ignore the potential relevance of Egyptian copyright law in defining the scope of defendants' license defense"); *Jones v. NL Indus.*, 2006 WL 5157749 at *1 (N.D. Miss. June 19, 2006) (denying motion in limine to preclude evidence of foreign law and regulations because "the court cannot exclude the possibility that the existence of such laws, and defendant's awareness of same, might be relevant to certain issues in this case").

not challenge the clear probative value of the evidence at issue.

Contrary to IPPs' assertion, the conflict between Chinese and U.S. laws also implicates Irico's foreign sovereign compulsion defense, which the Ninth Circuit has recognized is a jury issue. *See McGhee v. Arabian Am. Oil Co.*, 871 F.2d 1412, 1415 (9th Cir. 1989) (affirming the "district court's instruction to the jury on this [foreign compulsion] defense" and holding that "the trier of fact" can consider certain facts when deciding the defense). Moreover, regardless of the comity arguments, the inconsistency posed by the Chinese laws governing Irico's CRT pricing presents clear factual issues for the jury, including, as shown above, those issues related to Irico's "plausible and justifiable reason[s] for its conduct" to rebut IPPs' conspiracy claims. *See In re Citric Acid Litig.*, 191 F.3d at 1094.

### III. IPPs' Attempt to Strike or Exclude Irico's Defenses is Contrary to the Law and the Facts and an Improper End Run Around the Pending Sanctions Proceedings.

As IPPs acknowledge, their request that the Court bar Irico, a Chinese SOE, from referencing Irico's pricing obligations under Chinese law and pursuing its affirmative defenses of international comity and foreign compulsion effectively re-argues the pending motion for sanctions against Irico in the form of a motion *in limine*. ECF No. 6249 at 3. And, however styled, this disguised motion for sanctions utterly fails to comply with the Local Rules because "[a]ny motion for sanctions, regardless of the source of authority invoked, must comply" with the requirements of Civil L.R. 7-8. Civ. L.R. 7-8. Civ. L.R. 37-4(a). Plaintiffs' motion fails to comply with at least subsections (a) – (c) of Rule 7-8: the motion was not (1) separately filed, (2) in compliance with Civil L.R. 7-2, and (3) was not made as soon as practicable (and is, in fact, overlapping with an already filed motion). *Id.* Moreover, courts generally disfavor the use of motions *in limine* "[a]s a substitute for motions . . . for discovery sanctions that should have been brought earlier." *Mixed Chicks LLC v. Sally Beauty Supply LLC*, 879 F. Supp. 2d 1093, 1094-95 (C.D. Cal. 2012).

Plaintiffs base the motion on the same arguments currently pending before the Special Master, primarily regarding Irico's purported spoliation and Plaintiffs' inability to depose one former Irico employee, Su Xiaohua. *See* ECF No. 6115 at 13. The Special Master has yet to

1  recommend on these arguments and has issued an interim recommendation, approved by the
2  Court, requiring further discovery from Irico.  ECF No. 6233.  Irico is complying with that Order.
3  The Court should deny Plaintiffs' motion and allow the process to play out before the Special
4  Master, consistent with the Court's prior referral.  *See* ECF No. 6107 (referring sanctions dispute
5  regarding departure of Su Xiaohua to Special Master).  Plaintiffs' attempt here is even worse than
6  the disfavored practice described in *Mixed Chicks* because they are making a procedurally
7  improper motion for sanctions where these exact issues are already pending before the Special
8  Master.  For those reasons, the Court should decline to consider Plaintiffs' arguments in Section I
9  and deny the motion.

10        In any event, even if the Court were to consider the merits of IPPs' arguments as a motion
11  *in limine*, the motion should be denied as contrary to the applicable law and the underlying facts.
12  Sanctions in the form of striking or excluding key defenses are extreme remedies used only when
13  the movant demonstrates a clear, willful or bad-faith intent to destroy crucial information to the
14  case, that serious prejudice resulted, and that no other lesser sanctions would suffice.  *See Fair*
15  *Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (Rule 37(b) sanctions are
16  "appropriate only in extreme circumstances and where the violation is due to willfulness, bad
17  faith, or fault of the party"); *PeerMusic, III, Ltd. v. LiveUniverse, Inc.*, 2011 WL 672585, at *9
18  (C.D. Cal. Jan. 26, 2011) (striking specific defenses is only merited "when a party's failure to
19  comply with discovery orders directly inhibits the opposing party's ability to discover evidence
20  concerning the alleged defenses").  Plaintiffs have demonstrated none of these requirements here
21  to justify excluding any defenses.

22        Plaintiffs' spoliation arguments fail in light of Irico's lack of culpable intent and the lack
23  of serious prejudice to Plaintiffs.  Courts have "reject[ed] the notion that a failure to institute a
24  'litigation hold' constitutes gross negligence *per se*."  *Chin v. Port Authority of New York & New*
25  *Jersey*, 685 F.3d 135, 162 (2d Cir. 2012).  Unlike cases where sophisticated U.S. parties actively
26  destroyed documents during discovery, there is no evidence of bad faith or willful intent on the
27  part of Irico—a Chinese SOE that was unfamiliar and inexperienced with U.S. litigation and
28  preservation obligations.  *See* Fed. R. Civ. P. 37(e) advisory committee's note to 2015

amendment ("The court should be sensitive to the party's sophistication with regard to litigation in evaluating preservation efforts; some litigants . . . may be less familiar with preservation obligations than others ….").

Further, any prejudice suffered by Plaintiffs is minimal due to: (a) the voluminous discovery record that Plaintiffs have amassed in this case that, in the words of Plaintiffs, contains "overwhelming" evidence against Irico. *See, e.g.,* ECF No. 5191 at 12; (b) the small amount of electronic documents at Irico that likely existed when Irico's duty to preserve arose, given Irico's rudimentary and nascent IT systems and e-mail practice at the time: and (c) the large volume of evidence that Irico archived and has produced to Plaintiffs. Specifically, since 2017:

- Irico has produced over 30,000 pages of hard copy documents from its archives and available electronic data.

- Irico has provided Plaintiffs with a manually created summary of CRT sales invoices and accounting vouchers with over 22,000 entries. *See* ECF No. 6006 (Stipulation and Order re: Irico Data Production) at ¶¶ 1-4.

- Plaintiffs have taken the depositions of five Irico employees, three of whom worked at Irico during the relevant period.

Further, Plaintiffs' proposal of striking specific defenses is only merited "when a party's failure to comply with discovery orders directly inhibits the opposing party's ability to discover evidence concerning the alleged defenses." *PeerMusic, III, Ltd. v. LiveUniverse, Inc.*, 2011 WL 672585, at *9 (C.D. Cal. Jan. 26, 2011). Mr. Su was neither the key nor sole witness as to any of Irico's defenses and had at most tangential involvement in relevant issues, having worked nearly the entire class period in Irico Group's human resources department, *see* ECF No. 6032-1 at 164 (IRI-CRT-00031561E at -562E), and Plaintiffs have identified only a single alleged competitor meeting attended by Mr. Su. *See* ECF No. 6101 at 2. Importantly, Wang Zhaojie, a former manager in Irico's Sales Department, and Yan Yunlong, Irico Group's Director of Legal Affairs, were also identified as having relevant information on the same topics and both were deposed.

## CONCLUSION

For all the foregoing reasons, Irico respectfully requests that the Court deny IPPs' Motion *in Limine* No. 11.

1 | Dated: September 1, 2023        Respectfully submitted,

*/s/ John M. Taladay*
BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*