MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile:  (415) 346-0679
E-mail:     malioto@tatp.com
            laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 2:** |
| Indirect Purchaser Class Action | |
| | **TO PRECLUDE PLAINTIFFS FROM REFERRING TO NON-CRT PRODUCTS AND SALES OF THOSE PRODUCTS AS REFLECTING SALES OF CRTS BY AN IRICO ENTITY** |
| | Hearing Date:  December 15, 2023
Time: 2:00 p.m.
Courtroom: 6, 2nd Floor |
| | The Honorable Jon S. Tigar |

The Indirect Purchaser Plaintiffs ("Plaintiffs" or "IPPs") submit this Response to Irico Defendants' Motion *in Limine* to preclude IPPs "from stating, suggesting or implying that sales of any non-CRT products, including components of CRTs, reflect sales of CRTs sold by Irico or any other entity." ECF No. 6252 ("Defs.' MIL No. 2") at 1. Of course, Plaintiffs do not intend to refer to the sales of CRT components or parts *as sales of CRTs themselves*. Rather, Plaintiffs may present such evidence to rebut Irico's claim that it did not sell CRTs in the United States. Defs.' MIL No. 2 at 3.

I.  **ARGUMENT**

    A.  **Evidence of Sales of Irico CRT Components Is Relevant to IPPs' Claims**

Irico intends to make two unfounded claims at trial. First, it maintains that CNEIECC was an "unrelated and independent company from Irico at all times during the class period." Defs.' MIL No 2 at 2. Second, it intends to argue that it never sold CRTs to the United States. *Id.* at 3 ("Irico's lack of CRT sales to the United States is a key component of Irico's defense.").

As Plaintiffs explain in response to the Irico Defendants' MIL No. 4, Irico's own documents demonstrate the corporate relationship between Irico and CNEIECC and establish that CNEIECC *functioned* as Irico's import and export department. IPP Opp'n to MIL No. 4 at 3. In addition, Irico sold millions of dollars of CRTs, CRT televisions, CRT monitors, and CRT components to Irico USA and other customers in the United States through CNEIECC. *Id*.

Documents evidencing sales of CRT components to the United States, through CNEIECC, are relevant for two reasons. First, they help establish a pattern and practice that Irico denies. Together with Plaintiffs' other invoices showing CRT sales, they show that Irico regularly used its import/export department, CNEIECC, to ship its products to the United States. In addition, Irico USA regularly received CRTs and CRT components for sale in the United States.

Second, the evidence is relevant to rebut Irico's claim that it never sold CRTs to the United States. For example, Exhibit 9 to the Carlock Declaration in support of MIL No. 2 documents a sale of 500 pieces of 21-inch color electron guns to a U.S. customer "GLBL" with a

1

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION IN LIMINE NO. 2
MDL No. 1917; Case No. 07-cv-5944-JST

"discharging port" at Tucson, Arizona. ECF No. 6252-10 at 2-3. The jury could reasonably infer from the sale of 500 electron guns that they were necessary to service Irico-brand CRTs or televisions containing Irico CRTs previously sold in the United States.

### B. Irico Will Not Be Prejudiced by Evidence of CRT Component Sales

Irico contends that it would be unduly prejudiced by admission of the evidence of CRT component sales to the United States under Federal Rule of Evidence 403. MIL No. 2 at 1. However, Irico does not articulate any particular prejudice in its motion other than its speculation that such evidence risks "misleading the jury into thinking that sales of component parts of CRTs are included in Plaintiffs' claims." *Id*. at 3. However, there is no risk of any such confusion. The jury will be instructed on the composition of the IPP class as well as the damages IPPs seek. IPPs do not intend to invite error by claiming otherwise. If necessary, the Court can instruct the jury that IPPs' evidence of component sales is intended to rebut Irico's argument that it did not sell CRTs in the United States.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny in its entirety Defendants' MIL No. 2.

Dated:  September 1, 2023         By:  /s/ Mario N. Alioto

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:  (415) 346-0679
Email:       malioto@tatp.com
                  laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*