MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile:  (415) 346-0679
E-mail:      malioto@tatp.com
                  laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 1917 Case No. 07-cv-5944-JST **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 5:** **TO EXCLUDE EVIDENCE OR ARGUMENT PERTAINING TO ANY CONSPIRACY INVOLVING NON-CRT PRODUCTS** Hearing Date:  December 15, 2023 Time: 2:00 p.m. Courtroom: 6, 2nd Floor The Honorable Jon S. Tigar |

This Document Relates to:

Indirect Purchaser Class Action

The Indirect Purchaser Plaintiffs ("Plaintiffs") hereby submit this Response to Irico Defendants' Motion *In Limine* to exclude evidence or argument pertaining to any conspiracy involving non-CRT products ("Defs.' MIL No. 5," Dkt. No. 6254). Plaintiffs do not intend to introduce evidence of the LCD and other conspiracies as substantive evidence of Defendants' guilt or liability.[1] However, evidence of the LCD and other conspiracies may be relevant to the credibility of witnesses or to rebut any claims of good character by Defendants. At present, Plaintiffs do not anticipate that such evidence will be necessary for these purposes, but the Court need not make a blanket ruling at this time. Instead, the Court should address this issue if and when it arises at trial.

## I.   THE JURY SHOULD NOT BE DEPRIVED OF RELEVANT CREDIBILITY EVIDENCE

In the event that Plaintiffs propose to introduce at trial evidence relating to the LCD or other conspiracies to address witness credibility, the Court should rule on admissibility at that time, in the proper context.

Defendants speculate that Plaintiffs might attempt to introduce otherwise inadmissible evidence "under the guise of impeaching their own witness," Chih-Chun "C.C." Liu, and urge the Court to issue a blanket exclusion of evidence, even if relevant to the credibility of Mr. Liu (or any other witness). Defs.' MIL No. 5 at 3. There is no legal basis for Defendants' request, and the cases they cite are wholly inapt. Defendants make two arguments.

---

[1] For this reason, Defendants' argument regarding the relevancy of evidence of the other conspiracies does not warrant discussion. Defendants' reference to DAP Sharp Corporation's argument to exclude Sharp's LCD guilty plea is of no import here. This Court has ruled that antitrust violations by a plaintiff are *irrelevant to whether a defendant is liable for its own violations*. *See* Order Re Motions *In Limine* Relevant Only to the Sharp Trial (Oct. 7, 2016, Dkt. 4943), at 14. By contrast, "under certain circumstances, the 'if there, then here' argument certainly can have merit[,] [p]articularly where . . . there is a significant overlap in identity of interest of the alleged co-conspirators in both markets . . . and where the claims are based upon the same anticompetitive conduct,  . . . the guilty pleas in one market are suggestive of the plausibility of a conspiracy to commit the same illegal acts in another market." *In re Packaged Ice Antitrust Litig.*, 723 F. Supp. 2d 987, 1011 (E.D. Mich. 2010).

*First*, Defendants invoke a line of criminal cases that stand for the proposition that "*the government* must not knowingly elicit testimony from a witness in order to impeach him with otherwise inadmissible testimony." *United States v. Gomez-Gallardo*, 915 F.2d 553, 555 (9th Cir. 1990) (quoting *United States v. Whitson*, 587 F.2d 948, 952–53 (9th Cir. 1978) (emphasis added)). This is not a criminal case and Federal Rule of Evidence 607 expressly provides that "[a]ny party, including the party that called the witness, may attack the witness's credibility." In any event, even in the criminal context, the rule invoked by Defendants only applies where a witness is called for "the *primary* purpose of placing before the jury any substantive evidence which is not otherwise admissible." *Gomez-Gallardo*, 915 F.2d at 555 (emphasis in original).[2] Here, in contrast, C.C. Liu is a central witness in the CRT conspiracy and will provide extensive testimony that is highly probative of the core issues in this litigation. In no circumstance can the calling of C.C. Liu to testify be characterized as a subterfuge to facilitate the introduction of the LCD conspiracy into evidence. Moreover, should the LCD conspiracy become relevant to Mr. Liu's credibility, Plaintiffs (or Defendants) should not be precluded from using—and the jury should not be deprived of considering—the LCD or other conspiracy evidence for that purpose.

*Second*, Defendants assert that the provisions of C.C. Liu's plea agreement are irrelevant because "that agreement imposed no obligations on C.C. Liu as to Plaintiffs." Defs.' MIL No. 5 at 3. Defendants do not cite a single case in support of their argument. Neither case law nor the Federal Rules of Evidence impose an additional privity requirement to establish the relevance of plea agreements or other credibility evidence under Rule 401. Depending on the course of Mr. Liu's examination and cross-examination at trial, it may be relevant to his credibility that, under threat of sanction pursuant to federal law for his conduct relating to LCD, he entered into a plea agreement with the government and promised to provide truthful testimony.[3] Whether it will be

---

[2] *See also United States v. Crouch*, 731 F.2d 621, 624 (9th Cir. 1984) ("[T]he government elicited her [testimony] for the purpose of admitting the hearsay statement of the FBI agent. There was little else of relevance in her testimony.").

[3] Indeed, there is a mountain of case law that makes this clear. *See, e.g.*, *United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981) ("Admissibility of the plea turns on the purpose for which it

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 5
MDL No. 1917; Case No. 07-cv-5944-JST

appropriate and necessary to introduce this evidence will best be decided in the context of the trial.[4]

## II.   PLAINTIFFS AGREE THAT *ALL* CHARACTER EVIDENCE SHOULD BE EXCLUDED

"[I]n a civil case evidence of a person's character is *never admissible* to prove that the person acted in conformity with the character trait." Fed. R. Evid. 404, Advisory Committee Notes (2006 Amen.) (emphasis added). Defendants, however, seek to exclude only specific instances of bad character evidence, namely, their co-conspirators' participation in various other price-fixing conspiracies. Plaintiffs, in contrast, believe that all character evidence—good and bad—should be excluded and have requested that the Court enter an order to that effect. *See* IPP *Mot. In Limine* No. 8 (Dkt. 6246).[5] However, in the event that Defendants "open the door" by suggesting to the jury that they or their former co-defendants are "good" companies, Plaintiffs should be allowed to introduce evidence of prior bad acts, including, for example, the LCD and other price-fixing conspiracies.[6]

## III.   CONCLUSION

---

is offered. When that purpose is to further the jury's difficult task of evaluating credibility, it is relevant and admissible *without reference to the identity of the offering party*.") (emphasis added).

[4] It bears mention that, pursuant to the Stipulation and Order Regarding Trial Evidence (Dkt. 6263), the Parties may introduce evidence regarding cooperation provisions in the settlement agreements between Defendants' former co-defendants and IPPs solely for the purpose of demonstrating witness bias, even though those agreements "impose no obligations . . . as to" Defendants. By the same logic, IPPs should be allowed to introduce the cooperation provisions in C.C. Liu's plea agreement to address the witness's credibility.

[5] *See, e.g.*, *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01-cv-545-FTM-29DNF, 2004 WL 4054843, at *4 (M.D. Fla. July 22, 2004) (granting motion *in limine* to preclude as "irrelevant and potentially prejudicial" argument and evidence of Ford's "good acts," including its status as a "leading car compan[y]," and Ford's vehicle safety innovations and expenditures).

[6] *See, e.g.*, *PSN Illinois, LLC v. Abbott Labs.*, No. 09 C 5879, 2012 WL 5381278, at *8 (N.D. Ill. Oct. 31, 2012) (granting motion *in limine* to preclude reference to other litigation unless defendant "opens the door" by arguing that "it is a good company that always engages in ethical practices").

1        For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants'

2   MIL No. 5.

3

4   Dated:  September 1, 2023                    By:  _/s/ Mario N. Alioto_____

5                                               Mario N. Alioto (56433)
                                                Lauren C. Capurro (241151)
6                                               TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                                2001 Union Street, Suite 482
7                                               San Francisco, CA 94123
                                                Telephone:  (415) 563-7200
8                                               Facsimile:  (415) 346-0679
                                                Email:      malioto@tatp.com
9                                                           laurenrussell@tatp.com

10                                              *Lead Counsel for Indirect Purchaser Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 5
MDL No. 1917; Case No. 07-cv-5944-JST