MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile:  (415) 346-0679
E-mail:     malioto@tatp.com
            laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION IN *LIMINE* NO. 6:** |
| Indirect Purchaser Class Action | |
| | **TO EXCLUDE ANY REFERENCE TO THE DEPARTMENT OF JUSTICE'S CRIMINAL INVESTIGATIONS OF THE CRT INDUSTRY** |
| | Hearing Date: December 15, 2023<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor |
| | The Honorable Jon S. Tigar |

The Indirect Purchaser Plaintiffs ("Plaintiffs") hereby submit this Response to Irico Defendants' ("Irico") Motion *in Limine* to exclude any reference to the U.S. Department of Justice's ("DOJ") criminal investigation of the cathode ray tube ("CRT") industry ("Defs.' MIL No. 6," Dkt. No. 6255). Specifically, Irico's motion "seeks to exclude all evidence and reference at trial relating to the DOJ's investigation into the CRT industry, including all references to the grand jury, resulting indictments, press releases and other related information." Defs.' MIL No. 6 at 1 (footnote omitted). This particular motion does not address the guilty plea of Samsung SDI Company Ltd. ("Samsung"). *Id.* at 1 n.2.

## I.   ARGUMENT

Plaintiffs largely agree with the relief sought in Irico's motion. Evidence relating to criminal indictments – including the absence of indictments – is generally not relevant. *See* IPP Mot. *in Limine* No. 3 (Dkt. No. 6241) (seeking to exclude evidence of non-indictment). Public statements, including press releases, by the DOJ about the investigation are inadmissible hearsay. *See* IPP Mot. *in Limine* No. 6 (seeking, *inter alia*, to exclude any public statement by the DOJ characterizing the CRT conspiracy as limited to the facts in the Samsung guilty plea).

However, the criminal information against Samsung is relevant to provide context for Samsung's related guilty plea,[1] and it is admissible under Federal Rule of Evidence 803(22).

Further, ***the fact of*** the DOJ investigation may be relevant, and reference to the fact of the investigation would not be overly prejudicial.

Finally, redaction of documents relating to the criminal investigation would be unduly burdensome and is unnecessary.

---

[1] *See* IPP Mot. *in Limine* No. 6 (Dkt. No. 6244) (addressing use of the Samsung guilty plea); IPP Resp. to Irico Defs.' Mot. *in Limine* No. 7 (filed contemporaneously herewith) (addressing admissibility of Samsung guilty plea).

1

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION IN LIMINE NO. 6
MDL No. 1917; Case No. 07-cv-5944-JST

### A. Evidence and Argument Related to Indictments, with the Exception of the Samsung Information, Should Be Excluded.

The Samsung information is admissible. In all other respects, Plaintiffs agree that evidence and arguments related to indictments should be excluded.

Where a defendant is convicted, the associated criminal indictment or information may be relevant to provide context and is admissible as evidence of a "final judgment of conviction" under Federal Rule of Evidence 803(22). *See Maynard v. Dixon*, 943 F.2d 407, 414 (4th Cir. 1991) (finding indictment admissible); *see also Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 412 (6th Cir. 2006) ("Several courts have held that an indictment from a previous conviction is properly included within the scope of Rule 803(22) and is thus admissible despite being hearsay."), *abrogated on other grounds as recognized by A.K. ex rel. Kocher v. Durham Sch. Servs., L.P.*, 969 F.3d 625, 629-30 (6th Cir. 2020); *Anderson v. Comm'r*, 97 T.C.M. (CCH) 1179 (T.C. 2009) ("A grand jury's indictment that led to a conviction is admissible under the hearsay exception of Fed. R. Evid. 803(22) . . . ."), *aff'd*, 698 F.3d 160 (3d Cir. 2012).

Plaintiffs agree with Irico that indictments that did not result in convictions are not admissible. *See Gritton v. Disponett*, No. CIV.A. 3:05-75-JMH, 2007 WL 3407459, at *10 (E.D. Ky. Nov. 14, 2007) (distinguishing between indictments that result in conviction and those that do not), *aff'd*, 332 F. App'x 232 (6th Cir. 2009). An indictment, without a conviction, is merely "a series of unsubstantiated allegations." *Baxter Health Care Corp. v. Spectramed Inc.*, No. SA CV 89-131 AHS (RWRx), 1992 WL 340763, at *3 (C.D. Cal. Aug. 27, 1992).[2]

Similarly, the lack of indictments against certain defendants is also inadmissible. A decision whether or not to indict "is highly discretionary and demonstrates nothing more than the opinion of the prosecutor . . . [which] has no probative value." *J.W. v. City of Oxnard*, No. CV 07-06191, 2008 WL 4810298, at *22 (C.D. Cal. Oct. 27, 2008). Moreover, evidence of a

---

[2] *In re Knerr*, 361 B.R. 858, 862 (Bankr. N.D. Ohio 2007), a case Irico cites, involved an indictment that did not result in a plea or conviction. And in *United States v. Cox*, 536 F.2d 65, 72 (5th Cir. 1976), the evidence at issue was a "rap sheet" with an account of defendant's arrest "for the very offenses for which she was on trial."

1  prosecutor's decision about whether or not to indict creates a "possibility that jurors unfamiliar with the judicial process might be misled," *id.*, and is "highly prejudicial," *Am. Home Assur. Co. v. Sunshine Supermarket, Inc*., 753 F.2d 321, 325 (3d Cir. 1985).

In sum, with the exception of the Samsung information, Plaintiffs agree with Irico that evidence of indictments should be excluded. In addition, evidence that some defendants were not indicted should also be excluded. *See* IPP Mot. in Limine No. 3. In the interest of fairness, however, if Irico is permitted to present argument or evidence that they were not indicted, Plaintiffs should be permitted to introduce evidence of those members of the CRT conspiracy who were indicted.

### B. The Fact of the DOJ Investigation May Be Relevant and Is Not Overly Prejudicial

The fact of the DOJ investigation may be relevant for two reasons. First, it may be relevant to put the Samsung guilty plea in context. Second, it may be relevant to IPPs' fraudulent concealment arguments, as the conspiracy's existence became public *as a result of* investigations by foreign and domestic authorities. Because evidence of the DOJ investigation may have the "tendency to make [facts of consequence] more or less probable than [they] would be without the evidence," such evidence could be relevant here. Fed. R. Evid. 401; *see* Final Pretrial Scheduling Order at 7:6, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI (N.D. Cal. May 4, 2012), ECF No. 5597 (denying motion *in limine* to exclude investigations and indictments).

Reference to the fact of the DOJ investigation is not overly prejudicial. The jury will already be aware of the investigation because of the Samsung guilty plea. While IPPs do not object to the exclusion of indictments that did not result in guilty pleas or convictions, IPPs respectfully submit that the Court should not rule *in limine* to preclude all evidence of and references to *the fact* of the DOJ investigation. If any evidence relating to the DOJ investigation is introduced at trial, the Court can more readily evaluate the probative value of such evidence— as well as any risk of unfair prejudice it may present—in context.

With respect to Irico's request to redact documents related to the grand jury proceedings, the request is overly broad. It is also unnecessary, because the fact of the DOJ investigation may

be relevant, and the jury will be aware of the DOJ investigation because it will be informed of the Samsung guilty plea. Further, redaction would be unduly burdensome given the volume of documents in this case. If the Court determines that some redaction is necessary, Plaintiffs request that the redactions be limited to the specific terms Irico has identified ("Grand Jury Material" or "Produced to the Grand Jury"), and that Irico, as the moving party, bear the burden of redacting the documents. Irico's request to redact any other "documents that reveal the existence of a grand jury proceeding," Defs.' MIL No. 6 at 2, is overbroad and ambiguous. The Court should address such documents on a case-by-case basis. *See* Transcript at 70, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 3:07-md-01827-SI (N.D. Cal. July 9, 2013), ECF No. 8295 (denying in part motion *in limine* seeking redaction; "I'm not sure exactly what you're talking about, beyond the marking as 'Grand Jury Material.' And, some of it may be prejudicial, some may not. So we can just do that on a case-by-case basis.").

**C. All Other Statements by the DOJ Are Inadmissible Hearsay.**

With the exception of the Samsung information and guilty plea, Plaintiffs otherwise agree with Irico that statements by the DOJ are inadmissible. "These statements are hearsay . . . . No hearsay exception applies." *Costco Wholesale Corp. v. AU Optronics Corp.*, No. C13-1207RAJ, 2014 WL 4674390, at *11 (W.D. Wash. Sept. 17, 2014) (excluding DOJ statements); *see In re TFT-LCD Antitrust Litig*. (N.D. Cal. May 4, 2012) (Dkt. No. 5597 at p. 4) (same). With the exception of the Samsung information and guilty plea, this Court should also exclude DOJ statements.

**II. CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court allow evidence of and argument regarding the Samsung information and allow reference to the fact of the DOJ investigation. Plaintiffs further request that this Court exclude all other reference to and evidence of indictments, lack of indictments, and DOJ statements relating to the CRT investigation. Plaintiffs request that this Court deny Irico's MIL No. 6 with respect to redaction.

Dated: September 1, 2023

By: */s/ Mario N. Alioto*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
Email:     malioto@tatp.com
           laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*