MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
E-mail:       malioto@tatp.com
                   laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 8:** |
| Indirect Purchaser Class Action | |
| | **TO EXCLUDE INVESTIGATIONS BY FOREIGN AUTHORITIES INTO CRT INDUSTRY** |
| | Hearing Date:  December 15, 2023 |
| | Time: 2:00 p.m. |
| | Courtroom: 6, 2nd Floor |
| | The Honorable Jon S. Tigar |

The Indirect Purchaser Plaintiffs ("Plaintiffs") hereby submit this Response to Irico Defendants' Motion *in Limine* to exclude investigations by foreign authorities into the CRT industry ("Defs.' MIL No. 8," ECF No. 6258).

## I.   INTRODUCTION

Irico asks the Court to "exclude evidence and references at trial relating to [certain] foreign investigations . . . into the CRT industry." Defs.' MIL No. 8 at 1. Contrary to Irico's representation, the Federal Rules of Evidence relating to relevance, prejudice, and hearsay do not provide a basis for a blanket ruling excluding all evidence relating to these investigations, including the simple fact that these investigations occurred. Indeed, in 2016, this Court denied a similar motion brought by Defendants in one of the DAP cases "without prejudice to Defendants objecting to specific items of evidence at trial." Order re Mots. *in Limine* at 5, ECF No. 5034. It should do the same here.

## II.   ARGUMENT

### A.   Evidence of Foreign Antitrust Investigations May Be Relevant.

It is undisputed that antitrust agencies throughout Asia, Europe, and North America investigated cartel members for price-fixing CRTs. Evidence of these foreign antitrust investigations may be relevant to IPPs' fraudulent concealment arguments, as the conspiracy's existence became public *as a result of* these investigations. Because evidence of foreign antitrust investigations may have the "tendency to make [facts of consequence] more or less probable than [they] would be without the evidence," such evidence could be relevant here. Fed. R. Evid. 401.

### B.   Evidence of Foreign Antitrust Investigations Is Not Unfairly Prejudicial.

With respect to prejudice, the Court may conclude that evidence of foreign authorities' *ultimate determinations* should be excluded under Rule 403, as it did in 2016 with respect to a Korea Fair Trade Commission press release "describ[ing] in very general terms that body's determination that [CDT] manufacturers . . . 'agreed on fixing prices and reducing output of CDTs in . . . secret meetings which took place in various countries'" and a European Commission decision making clear that "the Defendants [were] found liable." Order re Mots. *in*

*Limine* at 4-5, ECF No. 5034 (second omission in original) (quoting ECF No. 3787-2 at 2). But IPPs respectfully submit that the Court should not rule *in limine* to preclude all evidence of and references to *the fact* of foreign investigations. If any evidence relating to foreign investigations is introduced at trial, the Court can more readily evaluate the probative value of such evidence—as well as any risk of unfair prejudice it may present—in context.[1]

Further, Irico asks the Court to exclude not only certain specified materials, but also "similar types of documents or materials that contain the same type of information" and "references to the documents or the investigations described therein." Defs.' MIL No. 8 at 3. The Court has already cautioned defendants in this action that it "cannot rule in a vacuum" on whether to exclude evidence of foreign antitrust investigations when defendants fail to "place[] the evidence in question before the Court." Order re Mots. *in Limine* at 4, ECF 5034.

### C. Evidence of Foreign Antitrust Investigations Is Not Inadmissible Hearsay.

Irico states in passing that "allegations by foreign governments during investigations and press releases and news articles relating to these investigations are inadmissible hearsay," Defs.' MIL No. 8 at 1, though its brief contains no argument on this point. As such, any argument about whether evidence of foreign antitrust investigations constitutes inadmissible hearsay "w[as] presented in too cursory a form for meaningful resolution," and the Court need not address it. *Meek v. Skywest, Inc.*, No. 17-CV-01012-JD, 2018 WL 11453574, at *2 (N.D. Cal. May 16, 2018).

In any event, the hearsay rules do not preclude the introduction of evidence to establish the *fact* of such investigations, rather than "to prove the truth of the matter asserted in the statement[s]." Fed. R. Evid. 801(c)(2).

---

[1] Irico lists several documents relating to foreign investigations from the trial exhibit list served by IPPs on June 30, 2023. Defs.' MIL No. 8 at 3. Of course, the fact that documents are disclosed on a trial exhibit list more than six months before a trial does not mean that they will ultimately be introduced at trial. Nor does a trial exhibit list provide any context about when and how documents are introduced at trial.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny in its entirety Defendants' MIL No. 8.

Dated:  September 1, 2023

By:  /s/ Mario N. Alioto

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
Email:         malioto@tatp.com
                    laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*