MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile:  (415) 346-0679
E-mail:     malioto@tatp.com
            laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 9:** |
| Indirect Purchaser Class Action | |
| | **TO ESTABLISH PROCESS FOR REVIEW OF ALLEGED CO-CONSPIRATOR STATEMENTS** |
| | Hearing Date:  December 15, 2023 |
| | Time: 2:00 p.m. |
| | Courtroom: 6, 2nd Floor |
| | The Honorable Jon S. Tigar |

The Indirect Purchaser Plaintiffs ("Plaintiffs") hereby submit this Response to Irico Defendants' Motion *in Limine* to establish a process for review of alleged co-conspirator statements ("Defs.' MIL No. 9," ECF No. 6259).

## I.   INTRODUCTION

Pursuant to Federal Rule of Evidence 801(d)(2)(E) (the "Co-Conspirator Rule"), statements offered against an opposing party and "made by the party's coconspirator during and in furtherance of the conspiracy" are not hearsay. The Co-Conspirator Rule applies if "the [proponent of the statement] shows by a preponderance of the evidence that a conspiracy existed at the time the statement was made; the defendant had knowledge of, and participated in, the conspiracy; and the statement was made in furtherance of the conspiracy." *U.S. v. Bowman*, 215 F.3d 951, 960-61 (9th Cir. 2000).

In response to a 2015 motion in *limine* filed by Irico's former co-defendants, the Court adopted a six-part protocol ("2016 Protocol") for determining whether the parties in the Direct Action Plaintiffs' case satisfied the prerequisites for admitting statements under the Co-Conspirator Rule at trial. *See* Order on Mots. *in Limine* re Alleged Conspiracy's Operation at 3-4, ECF No. 4982 ("2016 Protocol Order"). The 2016 Protocol required the statement's proponent to submit evidence supporting the Rule's application at least one day before calling the relevant witness. *Id.* The Court would then "hear all arguments regarding the introduction of co-conspirator statements the following day prior to trial" and "issue a ruling as to the evidentiary admissibility of co-conspirator statements" but would "reserve any ruling as to whether the statement was made 'in furtherance' of a conspiracy until after the statement ha[d] been introduced at trial." *Id.* at 4.

Irico now asks the Court to apply the 2016 Protocol—developed during Irico's absence from this litigation—to the IPP-Irico trial. IPPs respectfully submit that intervening factual and legal developments in this case counsel in favor of adopting a different protocol governing admission of co-conspirator statements at the 2024 trial.

## II. ARGUMENT

### A. This Action Has Materially Changed.

As detailed below, several factual and legal developments in this case counsel against adopting the 2016 Protocol in the IPP-Irico trial.

#### i. Irico's Discovery Misconduct

Irico's spoliation of relevant evidence and failure to produce witnesses has denied IPPs access to the very types of evidence the 2016 Protocol demands. In defiance of its former counsel's instructions, Irico failed to implement a proper litigation hold at the outset of this litigation. As a result, it destroyed relevant documents and electronically stored information, in violation of an order of this Court. And although Irico now argues that "relevant details as to applicability of [the Co-Conspirator Rule] have not been established" because the applicable documents were not "previously introduced at depositions," Defs.' MIL No. 9 at 1, *Irico itself* deprived IPPs of the opportunity to depose key witnesses who could have testified about these documents. Among those witnesses is Irico's now former employee Su Xiaohua, whom Irico identified as "one of only two remaining witnesses knowledgeable about Irico's meetings and communications with competitors and more than eight of Irico's affirmative defenses." Special Master's Interim R. & R. on Pls.' Mot. for Disc. Sanctions at 2, ECF No. 6233 (footnote omitted).

Irico's numerous discovery failures are the subject of a sanctions motion pending before Judge Walker. As one possible sanction for Irico's misconduct, IPPs have requested that all meeting notes produced by other defendants in this case be deemed authentic and admissible. A ruling in IPPs' favor would largely obviate the need for the protocol Irico advances.

#### ii. Judge Walker's Ruling on Admissibility of Co-Conspirator Statements

In 2022, Judge Walker devised and implemented a thorough process "consistent with the spirit" of the 2016 Protocol to rule on the admissibility of certain co-conspirator documents in the IPPs' and Direct Purchaser Plaintiffs' (together, "Plaintiffs") cases against Irico. Special

Master's Order re Admissibility of Conspirator Docs. & Statements at 4, ECF No. 5992. This process required Plaintiffs to "make a proffer of evidence" "[i]ndependent of the documents themselves" establishing:

- "[t]he existence of the agreement ('conspiracy')";
- "[t]he purpose of the agreement";
- "[t]he parties to the agreement";
- "[t]he approximate duration of the agreement"; and
- "[t]hat Irico became a party to the agreement."

*Id.* at 5. Plaintiffs made this showing. In an opinion adopted by this Court, Judge Walker concluded that "the 'quantity and quality of the evidence supports by a preponderance of the evidence that there was a price-fixing scheme'" and the "obvious and most probable conclusion" to draw from the available evidence is that "Irico in fact participated in the conspiracy." Special Master's R. & R. Re Admissibility of Coconspirator Docs. & Statements at 7, 19, ECF No. 6074 ("Admissibility R. & R.") (quoting *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 308 F.R.D. 606, 625 (N.D. Cal. 2015)); *see also* Order Adopting Admissibility R. & R., ECF No. 6093.

The evidence on which Judge Walker relied also establishes that Irico's alleged co-conspirators—the declarants of the co-conspirator statements IPPs will offer at trial—participated in the conspiracy. For example, "Samsung SDI entered a guilty plea to a CRT price-fixing scheme," as did "Chung[h]wa's chairman and CEO" and "director of sales," and "[t]he European Commission imposed fines against these producers plus many others, including LG Electronics, Philips, Panasonic and Toshiba, for price-fixing in the CRT Market." Admissibility R. & R. at 7-8. Further, as Judge Illston held in the *TFT-LCD* case, this conclusion applies equally to the corporations' employees: "[b]ecause the [employee] declarants were all employees acting within the scope of their employment, the evidence that their employer participated in the conspiracy is strong independent evidence of their own participation." *United States v. AU Optronics Corp.*, No. CR 09-0110 SI, 2012 WL 12036080, at *2 (N.D. Cal. Jan. 11, 2012).

1   In attempting to persuade the Court to discount Judge Walker's ruling, Irico stresses that
2   Judge Walker addressed admissibility of co-conspirator statements "solely for purposes of
3   summary judgment" and "d[id] not address [the statements'] admissibility . . . for trial." Defs.'
4   MIL No. 9 at 2. But in finding that Plaintiffs satisfied the Co-Conspirator Rule's foundational
5   prerequisites, Judge Walker applied the preponderance of the evidence standard—the same
6   standard the Court will employ to make this determination at trial.

### iii.   Applicability of Other Hearsay Rules

Judge Walker's thorough analysis also makes clear that many of the statements IPPs may seek to admit via the Co-Conspirator Rule at trial are admissible under other hearsay exceptions or are admissible non-hearsay. For example, many documents containing co-conspirator statements are likely admissible as business records, "which are routinely admitted into evidence despite multiple layers of hearsay." Admissibility R. &. R. at 20; *see* Fed. R. Evid. 803(6). Further, many of the co-conspirator statements in this case "are not hearsay at all," including because the statements are themselves "statements of conspirators made in furtherance of the conspiracy"; are offered "to show what was said and done at the [conspirators'] meetings" rather than "for their truth"; or are "statements made by Irico through its representatives." Admissibility R. &. R. at 16-17; *see* Fed. R. Evid. 801(d)(2)(E), (c)(2), (d)(2)(D).

This development counsels against adopting a distinct process for analyzing co-conspirator statements, as the Court need not make co-conspirator rulings for evidence that is admissible on other grounds. The Court can most efficiently determine a document's admissibility by considering all admissibility arguments at once.

### iv.   Streamlining of Parties and Witnesses

When Irico's former co-defendants asked the Court in 2015 to implement a pre-trial process for resolving the admissibility of alleged co-conspirator statements, they did so because "each Defendant [wa]s differently situated," causing "the issues regarding the admissibility of alleged co-conspirator statements [to] vary by Defendant." Defs.' Joint Mot. *in Limine* No. 1 at 2, ECF No. 3559. Understandably, those defendants believed that determining whether the Co-

1  Conspirator Rule prerequisites were met for each defendant would be "a complicated and
2  lengthy process"—the motion was submitted by *more than thirty* defendants. *Id.* at 2, 6-12. Not
3  so here. The Irico Defendants are the only remaining defendants in this action, and the Court has
4  already concluded that "there is evidence of the Irico Defendants' participation in a single,
5  overarching conspiracy," including evidence that "shows representatives of the Irico Defendants
6  participating in meetings involving the setting of prices and production levels for CRTs in
7  concert with other CRT manufacturers." Order Setting Aside Default at 16, ECF No. 5240
8  (quotation marks omitted).

9  Further, at trial, both IPPs and Irico will present nearly all fact witness testimony via
10 video deposition designations. This development presents the Court with an opportunity to rule
11 on the parties' objections to designated testimony in advance of trial, obviating the need for
12 separate hearings on the admissibility of co-conspirator statements after trial begins.

**B.  Present Circumstances Warrant a Revised Protocol.**

IPPs respectfully submit that these changed circumstances counsel in favor of adopting a different protocol for admitting co-conspirator statements in the IPP-Irico trial. Specifically, as detailed in their pending motion, IPPs ask the Court to rule *in limine* that the first two prerequisites for applying the Co-Conspirator Rule (i.e., the existence of a conspiracy and Irico's participation) are satisfied. *See* IPPs' Mot. *in Limine* No. 10 at 2-5, ECF No. 6248. Under IPPs' proposal—as in the 2016 Protocol—the Court would "reserve any ruling as to whether a statement was made 'in furtherance' of a conspiracy until after the statement has been introduced at trial." 2016 Protocol Order at 4. Such a protocol reflects the factual and procedural realities of this case while preserving Court resources during trial.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny in its entirety Defendants' MIL No. 9.

5
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION IN LIMINE NO. 9
MDL No. 1917; Case No. 07-cv-5944-JST

Dated:  September 1, 2023   By:  /s/ Mario N. Alioto

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
Email:         malioto@tatp.com
                    laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*