MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
 laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 10:** |
| Indirect Purchaser Class Action | |
| | Hearing Date: December 15, 2023
Time: 2:00 p.m.
Courtroom: 6, 2nd Floor |
| | The Honorable Jon S. Tigar |

The Indirect Purchaser Plaintiffs ("Plaintiffs") submit this Response to Irico Defendants' ("Irico") Motion *in Limine* to preclude Plaintiffs from referring to the number of competitor meetings before proving the admissibility of the evidence used to support the statements ("Defs.' MIL No. 10," ECF No. 6260).

The Court should deny Irico's motion for four primary reasons. **First**, Irico's motion is an improper attempt to require Plaintiffs to determine and reveal their trial strategy months in advance. Irico's motion lacks legal support, and its recitation of the Federal Rules of Evidence fails to support its attempt to insert itself into the minds of Plaintiffs' counsel as they prepare for trial. **Second**, many of the documents showing Irico's attendance at the competitor meetings are independently admissible as business records or have already been the subject of a business records stipulation the parties have executed. **Third**, under controlling Ninth Circuit law, a defendant is jointly and severally liable for all actions taken by co-conspirators, regardless of whether that defendant attends each meeting in support of the conspiracy. **Finally**, Irico's motion is filed against the backdrop of widespread litigation misconduct: Irico destroyed documents, evaded discovery, and refused to produce a critical witness for deposition. Irico is subject to any number of inferences and arguments about its role in the conspiracy being far bigger than the "evidence" might suggest. Because Irico's litigation misconduct will forever conceal how many meetings it actually attended, Plaintiffs are entitled to tell the jury that its meeting attendance might be far greater—even multiples greater—than what is reflected in the evidence that remains.

Ultimately, Irico's motion should be understood for the relief it is seeking. Before any evidence has been presented at trial, Irico is asking the Court (not the jury) to make a pre-trial determination of both the total number and admissibility of each of the dozens or hundreds of the conspiratorial meetings. Then, based on this novel pre-trial proceeding, Irico wants the Court to micromanage what Plaintiffs may say in their opening statement about the quantity of meetings that they expect the evidence will show. The lack of legal authority for such relief reflects its impropriety. Irico's MIL No. 10 should be denied.

## I. ARGUMENT

### A. Plaintiffs Are Not Required to Reveal Their Trial Strategy

Irico's novel motion *in limine* lacks precedent or evidentiary support. It speculates that Plaintiffs "may" make arguments about the number of competitor meetings during opening statements or voir dire. Irico provides no citation for the basis of this speculation. In any event, an opening statement is not considered evidence and is not subject to the Federal Rules of Evidence, and the Court's jury instructions will solve any issues with claims made in opening statements. Irico also cites no caselaw, because none exists. And if Plaintiffs' counsel tells the jury in their opening statement that Irico attended a set number of competitor meetings, Plaintiffs risk losing credibility if they fail to support that assertion. This is the inherent buffer that makes it unnecessary for a court to micromanage opening statements via motions *in limine*.

### B. Evidence of Many of the Competitor Meetings Is Independently Admissible

Irico claims that "as a precursor for the Plaintiffs to admit nearly all the documents they claim are reflective of conspiracy meetings, they must first satisfy the requirements of . . . the coconspirator exception to the rule against hearsay." Defs.' MIL No. 10 at 3. This argument fails to address the obvious point that many co-conspirator statements are independently admissible under a range of other hearsay exceptions. For example, a business record of another party is freely admissible against a defendant, so long as the business records elements are met. *United States v. Travers*, 114 F. App'x 283, 288 (9th Cir. 2004); *United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir. 1993). And the business records exception to hearsay is an independent basis to admit co-conspirator statements. *United States v. Reynolds*, 21 F.3d 1118, 1994 WL 141265, *2 (9th Cir. 1994) ("The business records . . . were not admitted pursuant to the coconspirator hearsay exception provided by Rule 801(d)(2)(E), but rather were admitted pursuant to the business records exception provided by Rule 803(6)."); *see also United States v. Huang*, 87 F. App'x 656, 659 (9th Cir. 2004) (recognizing that co-conspirator statements were admissible because "(1) co-conspirator statements made before a defendant joins a conspiracy are

2
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION IN LIMINE NO. 10
MDL No. 1917; Case No. 07-cv-5944-JST

## I. ARGUMENT

### A. Plaintiffs Are Not Required to Reveal Their Trial Strategy

Irico's novel motion *in limine* lacks precedent or evidentiary support. It speculates that Plaintiffs "may" make arguments about the number of competitor meetings during opening statements or voir dire. Irico provides no citation for the basis of this speculation. In any event, an opening statement is not considered evidence and is not subject to the Federal Rules of Evidence, and the Court's jury instructions will solve any issues with claims made in opening statements. Irico also cites no caselaw, because none exists. And if Plaintiffs' counsel tells the jury in their opening statement that Irico attended a set number of competitor meetings, Plaintiffs risk losing credibility if they fail to support that assertion. This is the inherent buffer that makes it unnecessary for a court to micromanage opening statements via motions *in limine*.

### B. Evidence of Many of the Competitor Meetings Is Independently Admissible

Irico claims that "as a precursor for the Plaintiffs to admit nearly all the documents they claim are reflective of conspiracy meetings, they must first satisfy the requirements of . . . the coconspirator exception to the rule against hearsay." Defs.' MIL No. 10 at 3. This argument fails to address the obvious point that many co-conspirator statements are independently admissible under a range of other hearsay exceptions. For example, a business record of another party is freely admissible against a defendant, so long as the business records elements are met. *United States v. Travers*, 114 F. App'x 283, 288 (9th Cir. 2004); *United States v. Childs*, 5 F.3d 1328, 1333 (9th Cir. 1993). And the business records exception to hearsay is an independent basis to admit co-conspirator statements. *United States v. Reynolds*, 21 F.3d 1118, 1994 WL 141265, *2 (9th Cir. 1994) ("The business records . . . were not admitted pursuant to the coconspirator hearsay exception provided by Rule 801(d)(2)(E), but rather were admitted pursuant to the business records exception provided by Rule 803(6)."); *see also United States v. Huang*, 87 F. App'x 656, 659 (9th Cir. 2004) (recognizing that co-conspirator statements were admissible because "(1) co-conspirator statements made before a defendant joins a conspiracy are

admissible against him, and (2) the statement was independently admissible under the business records exception") (citation omitted).

Many of the competitor meetings are also subject to a Stipulation. Plaintiffs and Irico have entered into a Business Records Stipulation that references a 28-page list of defendant documents, including numerous competitor meeting documents. ECF No. 6266 (Aug. 24, 2023). In addition, many documents were admitted as co-conspirator statements or party admissions for summary judgment. *See* ECF Nos. 6074, 6093. The same standards should apply to admit those documents for trial.

### C.  Irico's Motion Ignores the Foundational Rules of Conspiracy Law

Irico's motion also hinges on a flawed premise, *i.e.*, that a defendant's liability is gauged solely by its meeting attendance. It is well established that a conspiracy is "not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole." *Beltz Travel Serv., Inc. v. Int'l Air Transp. Ass'n*, 620 F.2d 1360, 1366-67 (9th Cir. 1980) (quoting *United States v. Patten*, 226 U.S. 525, 544 (1913)). And a defendant is "jointly and severally liable ***for the entire conspiracy, regardless of whether every conspirator attended***" every meeting. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 10-4572 SI, 2013 WL 6174683, at *3 (N.D. Cal. Nov. 20, 2013) (emphasis added), *aff'd*, 637 F. App'x 981 (9th Cir. 2016). "[A]s a fundamental principle of conspiracy law, coconspirators are 'liable for the acts of all members of the conspiracy in furtherance of the conspiracy, ***regardless of the nature of [the coconspirators'] own actions***.'" *In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d 1175, 1207-08 (N.D. Cal. 2015) (quoting *Beltz*, 620 F.2d at 1367) (emphasis added).[1] Thus, Plaintiffs are entitled to ask the jury to infer Irico's liability for every meeting that occurred—whether Irico attended each

---

[1] Indeed, in *Beltz*, the Ninth Circuit emphasized that "the action of any of the conspirators to restrain . . . trade is, in law, the action of all," and "[a]ll conspirators are jointly liable for the acts of their co-conspirators." 620 F.2d at 1366-67. As such, "[p]articipation by each conspirator in every detail in the execution of the conspiracy is unnecessary to establish liability, for each conspirator may be performing different tasks to bring about the desired result." *Id.* at 1367.

meeting or not. *Beltz*, 620 F.2d at 1367. It follows that spending hours pre-admitting evidence of Irico's meeting attendance is irrelevant and a waste of the Court's time and resources.

Further, Irico fails to support its argument with any caselaw or authority. Although Irico cites generic caselaw about the admissibility of evidence, it offers virtually no caselaw applying the co-conspirator exception to hearsay, and no caselaw whatsoever regarding the ability of a party to summarize the number of meetings a co-conspirator attended. Instead, Irico relies primarily on *Silverman*, which held that "when the proponent of the co-conspirator's statement offers *no* additional proof of defendant's knowledge of and participation in the conspiracy, the statement must be excluded from evidence." *United States v. Silverman*, 861 F.2d 571, 578 (9th Cir. 1988). That holding says nothing that would limit a plaintiff from referring to the number of times competitors met. Further, "[t]his case is unlike" *Silverman* "because here there [is] sufficient evidence, in addition to [the co-conspirator documents sought to be admitted], showing that [Irico] was a participant in the conspiracy." *United States v. Venegas*, 178 F.3d 1301, 1999 WL 274517, at *2 (9th Cir. 1999) (unpublished table opinion).

**D.  Irico's Spoliation and Refusal to Participate in Discovery Has Consequences**

Finally, this MIL must be decided against the backdrop of Irico's deliberate and systematic discovery evasion and spoliation of evidence, which "force[s] [Plaintiffs] to rely on incomplete and spotty evidence at trial." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959-60 (9th Cir. 2006) (quotation marks and citation omitted). Among other discovery misconduct, Irico refused to produce key witness Su Xiaohua for deposition[2] and spoliated critical evidence.[3] The spoliated documents and stifled deposition testimony would have provided even more evidence corroborating the co-conspirator documents. *Clear-View Techs., Inc. v. Rasnick*, No. 13-CV-02744-BLF, 2015 WL 3453529, at *2 (N.D. Cal. May 29, 2015). As a result, Plaintiffs should

---

[2] ECF No. 6115, Order Adopting Special Master's R. & R. on Irico's Failure to Produce Su Xiaohua for Deposition.

[3] *See* Special Master's Interim R. & R. on Pls.' Mot. for Disc. Sanctions at 1, ECF No. 6233 (discussing pending motion).

receive extra leeway against Irico, not less, because Irico's discovery misconduct has "deprive[d] Plaintiffs of the opportunity" to prove their case and "'distort[ed] the resolution of the case' in that any number of [the spoliated documents] could have revealed conspiratorial discussions among the Defendants." *RG Abrams Ins. v. Law Offs. of C.R. Adams*, 342 F.R.D. 461, 507-08 (C.D. Cal. 2022) (quoting *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 960 (9th Cir. 2006)).

Because Irico chose to destroy documents and evade discovery that may have provided evidence of competitor meetings, the Court should not permit Irico to force Plaintiffs to marshal their evidence of each and every competitor meeting, and certainly not months ahead of trial. Having chosen to destroy the evidence of these meetings, Irico should be precluded from making any evidentiary demands about the number of meetings it attended.

**II.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny in its entirety Defendants' MIL No. 10.

Dated:  September 1, 2023          By:  */s/ Mario N. Alioto*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
Email:         malioto@tatp.com
                   laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*