MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
           laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: Indirect Purchaser Class Action | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 3:** |
| | **TO PRECLUDE PLAINTIFFS FROM REFERRING TO FOREIGN SHIPMENTS INVOICED TO IRICO (USA) INC.** |
| | Hearing Date: December 15, 2023<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor |
| | The Honorable Jon S. Tigar |

The Indirect Purchaser Plaintiffs ("IPPs") submit this Response to Irico Defendants' ("Irico") Motion *in Limine* ("MIL") to preclude Plaintiffs from referring to foreign shipments invoiced to Irico (USA) Inc. ("Irico USA") ("Defs.' MIL No. 3," ECF. No. 6253). Irico's motion seeks to resolve disputed facts, via a motion *in limine*, with asserted "evidence" that would be insufficient to support a motion for summary judgment. Irico's motion should be denied.

## I.     ARGUMENT

Irico's motion seeks to preclude IPPs "from introducing any evidence or making any reference to or argument at trial regarding CRTs that were invoiced to Irico (USA) Inc. ("Irico USA") but were never shipped to the United States." Irico [Proposed] Order at 1. The motion should be denied for at least three reasons. First, the motion seeks to resolve facts that are in dispute. Second, even if Irico's interpretation of the evidence is accepted, the evidence at issue is relevant to whether it participated in a worldwide conspiracy. Third, Irico will not be unduly prejudiced by the admission of the invoices at issue.

### A.     The Court Should Deny Irico's Motion Because It Seeks to Resolve Facts That Are in Dispute

Motions in *limine* are not the appropriate vehicle to resolve factual disputes or to weigh evidence. *Miranda v. U.S. Sec. Assocs., Inc.*, No. 18-CV-00734-LHK, 2019 WL 2929966, at *5 (N.D. Cal. July 8, 2019). "[I]t is inappropriate for the Court to make factual determinations as to disputed questions of fact through an in limine order." *Tyco Thermal Controls, LLC v. Redwood Indus.*, No. 06-cv-07164 NC, 2012 WL 12919843, at *5 (N.D. Cal. Sept. 28, 2012); *see also Jackson v. Cnty. of San Bernardino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) ("[A] motion in limine should not be used to resolve factual disputes or weigh evidence. That is the province of the jury.") (internal quotation marks and citations omitted).

The invoices Irico seeks to exclude show sales of large quantities of Irico's CRTs by CNEIECC—which functioned as Group's import and export department[1]—to Irico Group's U.S.

---

[1] *See* IPPs' Opp'n to Mot. *in Limine* No. 4 at 2-5.

1

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION IN LIMINE NO. 3
MDL No. 1917; Case No. 07-cv-5944-JST

subsidiary, Irico (USA) Inc. Irico USA was formed to "expand provincial exports of electromechanical products to North America and to develop trade, investment, and cooperation between China and the United States."[2] Regardless of the discharging port, these invoices still show sales of Irico's CRTs by CNEIECC to a U.S. customer, which is inconsistent with Irico's claim that it was focused solely on the domestic Chinese market and never sold CRTs to the United States.

Irico fails to provide any evidence explaining why shipments with "discharging ports" in Asia and Africa were invoiced to Irico USA. Defs.' MIL No. 3 at 2. It also provides no evidence that these shipments were not ultimately routed to the United States through foreign ports. The likely reason for Irico's failure to provide this evidence is because it lost or destroyed most of the evidence relevant to this case. Irico should not be permitted to profit from its willful spoliation of evidence by exploiting gaps in the evidence it created.

B. **The Invoices Are Relevant to Irico's Participation in a Worldwide CRT Conspiracy**

Setting aside Irico's failure to provide evidence of the ultimate destination of the CRTs reflected in these invoices, the invoices are relevant to demonstrate Irico's participation in a worldwide conspiracy to fix or stabilize prices, limit production, and allocate markets or customers for CRTs. These invoices demonstrate the relationship between CNEIECC, Irico Group's import and export department, and Irico Group itself. They are also relevant to demonstrate the role of Irico USA, a California corporation.

The parties dispute the corporate relationship between Irico Group and CNEIECC. *See* IPP Opp'n to Mot. *in Limine* No. 4 at 2-5. It is clear, however, that CNEIECC functioned as

---

[2] Declaration of Gerard A. Dever, Ex. 1 at 10 (Irico's Suppl. Resp. to Interrog. No. 4); *see also id*. Ex. 2 (IRI-CRT-00003498-99E) (Reply on Approving the Application for Establishing IRICO (USA) Inc. in the United States, approving "scope of business as follows: exports of color display tubes, color TV sets and other home appliance products and related technologies").

Group's import and export department. Whatever the ultimate destination, these invoices demonstrate that CNEIECC exported Irico's price-fixed CRTs to destinations across the globe.

In addition, these invoices evidence Irico USA's participation, from the State of California, in the shipment of Irico's CRTs both to the United States and abroad. Irico would like to portray itself at trial as focused solely on the domestic Chinese market and Irico USA as a "failed attempt at establishing a presence in the United States." Defs.' MIL No. 3 at 1. However, the evidence shows that between 1996 and 1999, Irico sold millions of dollars' worth of Irico-brand CRTs, CRT televisions, and CRT parts such as electron guns to Irico USA (and other U.S. customers) through CNEIECC.[3] These sales to Irico USA rebut Irico's assertion that its presence in the United States was "failed" in any way.

### C. Irico Would Not Be Prejudiced by the Admission of the Challenged Invoices

Irico contends that it would be unduly prejudiced by the admission of the invoices in question under Federal Rule of Evidence 403. Defs.' MIL No. 3 at 1. However, Irico does not articulate any particular prejudice in its motion other than its speculation that IPPs might "insinuate" to the jury that the invoices represented U.S. sales. Irico's failure to articulate prejudice should result in the denial of its motion. *JH Kelly, LLC v. Aecom Tech. Servs.*, 605 F. Supp. 3d 1295, 1307, 1312 (N.D. Cal. 2022) (denying motion to exclude expert testimony and noting that "[t]he proper manner of demonstrating that Dr. Ibbs misapplied the MCAA factors is . . . 'through competing evidence and incisive cross-examination.'") (quoting *Murray v. S. Route Mar. SA*, 870 F.3d 915, 925 (9th Cir. 2017)).

---

[3] *See, e.g.*, *id*. Ex. 3 (IRI-CRT-00003546) (excerpts of DBF file showing CPT and CTV sales from CNEIECC to Irico USA and other U.S. customers); *id*. Ex. 4 (IRI-CRT-00003578-79E) (April 1999 invoice for the sale of 2400 Irico brand 21" CPTs to Irico USA for Hisense); *id*. Ex. 5 (IRI-CRT-00003576-77E) (July 22, 2002 invoice showing "discharging port" at Long Beach, CA); *id*. Ex. 6 (IRI-CRT-00003574) (March 30, 1998 invoice showing "discharging port" of USA).

## II.   CONCLUSION

For the foregoing reasons, IPPs respectfully request that this Court deny in its entirety Defendants' MIL No. 3.

Dated:  September 1, 2023                By:  /s/ Mario N. Alioto

                                          Mario N. Alioto (56433)
                                          Lauren C. Capurro (241151)
                                          TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                          2001 Union Street, Suite 482
                                          San Francisco, CA 94123
                                          Telephone:  (415) 563-7200
                                          Facsimile:   (415) 346-0679
                                          Email:         malioto@tatp.com
                                                                            laurenrussell@tatp.com

                                          *Lead Counsel for Indirect Purchaser Plaintiffs*