MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 7:** |
| Indirect Purchaser Class Action | |
| | **TO EXCLUDE EVIDENCE OR INFLAMMATORY LANGUAGE REGARDING THE GUILTY PLEA BY SAMSUNG SDI COMPANY, LTD.** |
| | Hearing Date: December 15, 2023<br>Time: 2:00 p.m.<br>Courtroom: 6, 2nd Floor |
| | The Honorable Jon S. Tigar |

The Indirect Purchaser Plaintiffs ("Plaintiffs") hereby submit this Response to Irico Defendants' ("Irico") Motion *in Limine* to exclude evidence or inflammatory language regarding the guilty plea by Samsung SDI Company, Ltd. ("Defs.' MIL No. 7," Dkt. No. 6257). Plaintiffs oppose Irico's motion because the guilty plea is relevant and admissible, and Irico's request to exclude "inflammatory language" is unnecessary and premature.

I.  ARGUMENT

The guilty plea of Samsung SDI Company, Ltd. ("Samsung") is relevant and admissible against Irico. Although the plea is not admissible to prove Irico's liability, it is relevant for several other purposes.[1] Admission of the plea would not be unduly prejudicial or barred by the hearsay rule. Irico's argument that the guilty plea is inadmissible is unfounded as it is based on inapposite criminal case law, where the guilty plea of a co-defendant cannot be used to establish the guilt of the defendant on trial. *See* Defs' MIL No. 7 at 1 (citing *United States v. Newman*, 490 F.2d 139, 143 (3d Cir. 1974) and *United States v. Halbert*, 640 F.2d 1000, 1004 (9th Cir. 1981)).

A.  **The Guilty Plea Is Relevant to the Existence of the Alleged Conspiracy**

The guilty plea at issue here is an admission by Samsung that there was a price-fixing conspiracy in the CDT market during the relevant time. It is highly probative evidence of a central disputed fact in this litigation: the existence of a conspiracy. Other courts confronted with this issue have admitted into evidence co-defendant criminal convictions and guilty pleas for this purpose.

For example, in *Costco Wholesale Corp. v. AU Optronics Corp*., No. C13-1207RAJ, 2014 WL 4674390 (W.D. Wash. Sept. 17, 2014), the court denied a similar motion *in limine*. Defendant AU Optronics sought to exclude the price-fixing convictions of various Japanese TFT-LCD manufacturers, who were not present at the trial. The court denied AU Optronics' motion, holding "Costco can use those convictions as part of its effort to show that the conspiracy that those convictions establish is part of the conspiracy it hopes to prove at trial." *Id*.

---

[1] Certain facts within the Samsung Plea are irrelevant and prejudicial, and Plaintiffs have requested the Court to exclude them. *See* IPP Motion *In Limine* No. 6 (Dkt. No. 6244).

1

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION IN LIMINE NO. 7
MDL No. 1917; Case No. 07-cv-5944-JST

at *10; *see also* Final Pretrial Order at 6, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827 SI (N.D. Cal. May 4, 2012), ECF No. 5597 (denying Toshiba's motion *in limine* to preclude argument or evidence relating to criminal convictions of absent co-defendants); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2010 WL 10086747, at *3 (N.D. Cal. Dec. 16, 2010) (denying motion *in limine* to exclude co-defendant guilty pleas from related DRAM price-fixing investigation).

In *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 608 F.3d 871 (D.C. Cir. 2010), the court confronted a similar circumstance. In a civil *qui tam* action, the trial court admitted a guilty plea by one defendant against his co-defendants. The D.C. Circuit determined that the trial court correctly concluded that the plea was "evidence of the factual admissions therein, and [was] therefore 'relevant . . . evidence that [is] admissible against all defendants.'" *Harbert*, 608 F.3d at 891 (quoting trial court; internal citation omitted). Here, as in *Costco*, *TFT-LCD*, *SRAM* and *Harbert*, the Samsung guilty plea is relevant to the existence of the alleged conspiracy.

Irico's argument that Samsung refused to admit a Request for Admission that it was participating in a conspiracy with Irico is not persuasive. "[A] denial of a Rule 36 request for admission simply leaves the denied proposition in dispute for trial." *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 805 (3d Cir. 1992). Indeed, other record evidence indicates Samsung conspired with Irico. *See* Decl. of Gerard A. Dever Ex. 1 (Samsung SDI notes of meeting that Irico attended, where participants discussed "bottom price for key accounts"). In any event, even if Samsung and Irico did not communicate directly, they could still both be part of a larger conspiracy. *See United States v. Jaimez*, 45 F.4th 1118, 1123 (9th Cir. 2022) (explaining it is not necessary to prove "the defendant knew all the conspirators and details or participated in all the conspiracy's dealings"), *cert. denied*, 143 S. Ct. 1038 (2023); *United States v. Patterson*, 819 F.2d 1495, 1502 (9th Cir. 1987) ("A single conspiracy may include subgroups or subagreements.").[2]

---

[2] Irico argues that "the scope of the conspiracy outlined in SDI's plea agreement is much narrower than the conspiracy alleged in Plaintiffs' complaint." Defs.' MIL No. 7 at 3. This has

### B. The Guilty Plea Is Relevant to Witness Credibility

The Samsung guilty plea is also relevant to witness credibility. The guilty plea will bear on the credibility of witnesses who work or worked for Samsung.[3] Even in the criminal context, "[i]t is manifestly apparent that evidence of the plea is relevant to credibility regardless [of which party] initiates inquiry about it." *Halbert*, 640 F.2d at 1004. Accordingly, "evidence of a guilty plea may be elicited . . . on direct examination so that the jury may assess the credibility of the witnesses." *Id.* In addition, the guilty plea can serve to challenge the credibility and rebut statements of witnesses who assert that the CRT market was competitive or that industry meetings never involved agreements to fix prices, reduce output or allocate markets. For example, Plaintiffs should be permitted to challenge any expert who testifies that the CRT conspiracy did not occur, was ineffective, or was limited to Asia and Europe to square such testimony with Samsung's admissions to the contrary.[4]

### C. The Guilty Plea Is Relevant to the FTAIA

In its plea, Samsung admits that "[t]he business activities of [Samsung] and its co-conspirators in connection with the production and sale of CDTs that were the subjects of this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and

---

no bearing on admissibility. *See Costco*, 2014 WL 4674390, at *8 (rejecting argument that conviction should be excluded because it "covered fewer years" and involved only a few customers). Further, the fact that Irico is not named in the plea agreement does not establish that Irico was not involved in the same conspiracy as Samsung. *See In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420 YGR, 2014 WL 309192, at *14 (N.D. Cal. Jan. 21, 2014) ("[C]riminal guilty pleas in antitrust cases like this one [are] at once a strong indicator of the existence of a conspiracy but a weak indicator of the scope of that conspiracy.").

[3] A corporate guilty plea is relevant to evaluate the credibility of a witness employed by that corporation. *See, e.g., United States v. Portac, Inc.*, 869 F.2d 1288, 1296-97 (9th Cir. 1989) (holding government was entitled "to disclose the agreements of those two companies in order for the jury to assess the credibility of their two officers").

[4] *See, e.g., United States v. Gaev*, No. CRIM. 92-457, 1993 WL 147186, at *2 (E.D. Pa. May 5, 1993) (noting law permits "wide latitude" in cross-examining experts and finding "introduction of evidence regarding the guilty pleas of price-fixing in the east central region and the steel drum market in that region was a proper means of testing the defense expert's opinion and the bases from which he derived that opinion. The prosecution's cross-examination was probative to this point and was not outweighed by the potential prejudice of an inference that since a price fixing conspiracy existed in the east central region, one existed in the eastern region as well.").

commerce." *U.S. v. Samsung SDI Co., Ltd*., Plea Agreement at 4. This admission is probative of whether Plaintiffs satisfy the requirements of the FTAIA, which, should the Court deem the FTAIA applicable here,[5] will be relevant to Plaintiffs' claims.

### D. The Samsung Guilty Plea Is Not Unduly Prejudicial

Courts have found that the probative value of a guilty plea or conviction is not substantially outweighed by a danger of unfair prejudice. *See Harbert*, 608 F.3d at 892 ("Nor was the admission of [defendant]'s guilty plea improper under Rule 403."); *Costco*, 2014 WL 4674390, at *10 ("find[ing] no danger of undue prejudice flowing from the admission of the criminal convictions"). "[P]roperly admitted but potentially incriminating evidence does not equate to unfairly prejudicial evidence that must be excluded." *Harbert*, 608 F.3d at 892. Here, the probative value of the Samsung guilty plea is not substantially outweighed by any prejudice that may arise.

### E. The Guilty Plea Does Not Pose a Hearsay Problem

Irico argues in passing that the Samsung guilty plea is somehow inadmissible hearsay. It is again wrong. Indeed, it is well-settled that a guilty plea is admissible under Federal Rule of Evidence 803(22), which provides that "a final judgment of conviction . . . entered after a trial or guilty plea" is admissible "when admitted to prove any fact essential to the judgment." *See Harbert*, 608 F.3d at 892 ("[B]ecause this is a civil case, BIE's guilty plea may be admitted under Rule 803(22) against all the defendants as long as the plea was admitted 'to prove any fact essential to sustain the judgment.'"); *Bulletin Displays, LLC v. Regency Outdoor Advert., Inc.*, 448 F. Supp. 2d 1172, 1184 (C.D. Cal. 2006) (finding plea agreement admissible under Fed. R. Evid. 803(22)); *In re Slatkin*, 310 B.R. 740, 745 (C.D. Cal. 2004) (same), *aff'd*, 222 F. App'x 545 (9th Cir. 2007).

---

[5] Plaintiffs dispute the applicability of the FTAIA to their claims because the FTAIA is a substantive amendment of the Sherman Act that does not pre-empt Plaintiffs' state law claims.

### F. Irico's Request to Exclude "Inflammatory Language" Should Be Denied

While some "inflammatory language" is inadmissible, [6] many of the terms Irico seeks to exclude are appropriate and not inflammatory. *See United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) ("[T]he application of Rule 403 must be cautious and sparing."). Referring to Samsung as an "admitted price-fixer" is not inflammatory. It is accurate. It is also fair to describe a company that pleaded guilty as guilty. *See e.g.*, *Green v. Howser*, No. 16-CV-863-SCW, 2018 WL 11302924, at *2 (S.D. Ill. Jan. 29, 2018) (denying motion *in limine* to bar use of words "kidnapping" and "victim"), *aff'd*, 942 F.3d 772 (7th Cir. 2019); *United States v. Bundy*, No. 2:16-CR-46-GMN-PAL, 2017 WL 521775, at *2 (D. Nev. Feb. 7, 2017) (denying motion *in limine* to preclude terms "gunman," "sniper," and "assault rifle" because if these terms are accurate, their probative value outweighs any prejudice). Finally, the word "cartelist" is not inflammatory, and Irico cites no authority for its exclusion.

Plaintiffs agree that neither they nor Irico should use the only other terms that Irico identifies, namely "convicted criminal" or "felon," to describe its co-conspirators. Irico's request to exclude additional "inflammatory language" it has not specifically identified is overbroad, vague, and premature. *See Grimes v. Combined Transp., Inc.*, No. 3:05-CV-00461-ECR-RAM, 2008 WL 11452533, at *7 (D. Nev. Nov. 25, 2008) ("With regard to any as yet unidentified 'similar prejudicial and inflammatory terms,' Defendants may object to their usage as necessary during trial.").

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendants' MIL No. 7.

---

[6] The *TFT-LCD* order on which Irico relies precludes "inflammatory rhetoric," but does not identify any specific terms.

5
INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION IN LIMINE NO. 7
MDL No. 1917; Case No. 07-cv-5944-JST

| | |
|---|---|
| Dated:  September 1, 2023 | By:  */s/ Mario N. Alioto*<br><br>Mario N. Alioto (56433)<br>Lauren C. Capurro (241151)<br>TRUMP, ALIOTO, TRUMP & PRESCOTT LLP<br>2001 Union Street, Suite 482<br>San Francisco, CA 94123<br>Telephone:  (415) 563-7200<br>Facsimile:   (415) 346-0679<br>Email:         malioto@tatp.com<br>                    laurenrussell@tatp.com<br><br>*Lead Counsel for Indirect Purchaser Plaintiffs* |