MARIO N. ALIOTO (56433)
LAUREN C. CAPURRO (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DECLARATION OF LAUREN C. CAPURRO IN SUPPORT PLAINTIFFS' ADMINISTRATIVE MOTION PURSUANT TO L.R. 7-11 FOR LEAVE TO FILE EXCESS PAGES**<br><br>Judge: Hon. Jon S. Tigar |

I, Lauren C. Capurro, declare as follows:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I submit this declaration in support of IPPs' Administrative Motion Pursuant to L.R. 7-11 For Leave To File Excess Pages ("Administrative Motion") in opposition to Irico Group Corporation and Irico Display Devices Co., Ltd.'s Motion for Summary Judgment, ECF No. 6225 (the "Motion"). I have personal knowledge of the facts stated herein, and I could and would competently testify thereto if called as a witness.

2. Irico's Motion moves for summary judgment on **five** separate grounds. *See* Motion at i (setting forth five "Issues To Be Decided"). Several of these issues could be a standalone motion, entitled to a full 25-page opposition. Addressing the complex legal and factual issues raised by each of these five motions and presenting the evidence necessary to rebut Irico's contentions in one brief justifies IPPs' request for additional pages.

3. For example, Irico's motion on international comity grounds raises complex issues regarding the intersection of U.S. and Chinese laws. In order to rebut Irico's claims regarding the various Chinese pricing laws and regulations it relies upon, IPPs need to address Irico's arguments and present their own showing supporting their position that summary judgment on international comity grounds is inappropriate. In addition, the stakes are high for IPPs. Irico's international comity motion seeks an order dismissing IPPs' entire case.

4. Irico's motion on due process grounds seeks summary judgment as to IPPs' claims under the state laws of 20 of the 22 States alleged by IPPs. To fulsomely respond and demonstrate that summary judgment is inappropriate, IPPs are presenting evidence demonstrating the contacts of the 20 States with the parties and the litigation.

5. Irico's motion for summary judgment on IPPs' claims based on purchases prior to August 1998 likewise seeks to eliminate the claims of millions of class members and over three years of damages. IPPs are presenting all relevant evidence relating to Irico's participation in the conspiracy prior to August 1998 in response to this Motion in order to demonstrate a genuine issue of material fact.

6. This litigation has been pending for more than fifteen years. It relates to an alleged global conspiracy spanning more than 12 years and involving more than fifty conspirators. Discovery has generated a massive volume of evidence. IPPs need the requested additional pages to present this evidence to the Court on this important Motion.

7. On September 1, 2023, I contacted counsel for Irico and requested their position on this motion. Irico's counsel informed me that they would not agree to a brief of up to fifty pages, but that they would agree to five (5) additional pages. IPPs rejected this proposal as unreasonable.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 1, 2023, in Novato, California.

/s/ Lauren C. Capurro
Lauren C. Capurro