UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This order relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | MDL No. 1917<br><br>Case No. 07-cv-05944-JST<br><br>**ORDER DENYING IRICO'S MOTION TO EXCLUDE TESITMONY OF DR. JANET NETZ**<br><br>Re: ECF No. 6149 |

Before the Court is a motion to exclude portions of the proposed expert testimony of Dr. Janet Netz brought by Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (collectively, "Irico"). ECF No. 6149. The Court will deny the motion.

The proponent of expert testimony "has the burden of proving admissibility." *Lust ex rel. Lust v. Merrell Dow Pharms., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). Under Rule 702 of the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Following *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), trial courts serve a "gatekeeping" role "to ensure the reliability and relevancy of expert testimony." *Kumho Tire*

*Co. v. Carmichael*, 526 U.S. 137, 152 (1999).  "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry.  And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline."  *Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013) (quoting *Primiano v. Cook*, 598 F.3d 558, 565 (9th Cir. 2010)).  The question "is not the correctness of the expert's conclusions but the soundness of [their] methodology."  *Daubert v. Merrell Dow Pharms., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995).  Thus, courts should "screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable."  *Alaska Rent-A-Car*, 738 F.3d at 969.  "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion."  *Primiano*, 598 F.3d at 564.

        Having reviewed the parties' arguments, the Court concludes that Irico's objections to Netz's testimony fall on the side of weight rather than admissibility.  First, presenting testimony of its own experts, Irico argues that Netz's regression model failed to consider some of the major factors that Irico contends must be considered.  However, "[a]s the Supreme Court reminds us, the propriety of controlling for particular variables in a regression analysis goes to weight rather than admissibility."  *Rudebusch v. Hughes*, 313 F.3d 506, 516 (9th Cir. 2002) (citing *Bazemore v. Friday*, 478 U.S. 385, 400 (1986)).  Thus, "criticisms regarding the data used and variables included or omitted within Dr. [Netz's] damages model should be properly challenged in the adversarial process 'through competing evidence and incisive cross-examination.'"  *Hamm v. Mercedes-Benz USA, LLC*, No. 5:16-cv-03370-EJD, 2021 WL 1238304, at *14 (N.D. Cal. Apr. 2, 2021) (quoting *Murray v. S. Route Mar. SA*, 870 F.3d 915, 925 (9th Cir. 2017)) (rejecting argument that expert's damages model was "fatally flawed because of the data inputs used in creating the regression model").  In urging the Court to reach a different conclusion, Irico relies heavily on *In re Live Concert Antitrust Litigation*, 863 F. Supp. 2d 966 (C.D. Cal. 2012).  But that case is distinguishable because it "involved the exclusion of an expert who failed to include *any* explanatory variables other than the one being tested and thus attributed the *entire* effect on the dependent variable to that single explanatory variable."  *McCrary v. Elations Co. LLC*, No. EDCV

2

1   13-0242 JGB (SPx), 2014 WL 12589137, at *8 (C.D. Cal. Dec. 2, 2014) (emphasis in original);
2   *see In re Live Concert*, 863 F. Supp. 2d at 975 (criticizing expert's model that "simply
3   assume[d]—without further explanation—that . . . allegedly anticompetitive conduct" caused "the
4   different in average ticket prices," and did "not account for *any* other possible explanation(s) for
5   this disparity" (emphasis in original)).  Here, by contrast, Netz's model includes many variables,
6   including ones affecting supply and demand.  Although Irico's expert would include different
7   variables and reach different conclusions from Netz, the Court does not find Netz's regression
8   model to be "so incomplete as to be inadmissible." *Bazemore*, 478 at 400 n.10 (1986) (Brennan,
9   J., joined by all other Members of the Court, concurring in part).
10          Second, Irico's expert argues that Netz's model "assumes that overcharges are uniform
11  across time," ECF No. 6182-1 ¶ 55, but Netz does not purport to "assume[] that each class
12  member suffered the same overcharges over the entire period." ECF No. 6181-2 at 6.  Instead, she
13  designed her model to "calculate aggregate, class-wide damages." *Id.*  The parties are entitled to
14  present their competing models to the factfinder, who can decide which expert testimony, or
15  portions thereof, to credit.  Similarly, the factfinder can determine whether to find more persuasive
16  a model that divides the alleged cartel period into two—based on when alleged cartel members
17  learned that LCD producers were being investigated for price-fixing—or a model that divides the
18  alleged cartel period into smaller increments—e.g., annually.  The differences between the parties'
19  experts "reflect[] legitimate differences of opinion and points of view in the field." *In re*
20  *Capacitors Antitrust Litig.*, No. 14-cv-03264-JD, 2020 WL 870927, at *2 (N.D. Cal. Feb. 21,
21  2020).  "Learned professionals can have strong disagreements about their analyses of facts," and
22  the Court will not preclude Netz's testimony as "junk science." *Id.*
23          Nor will the Court exclude Netz's testimony based on Irico's criticism that she failed to
24  adequately consider Chinese government pricing regulations.  "Objections that . . . experts failed
25  to consider or appropriately weigh the impact of federal statutes, regulations, or agency guidance
26  go to the weight of that testimony but do not merit exclusion." *In re Juul Labs, Inc. Mktg., Sales*
27  *Pracs. & Prods. Liab. Litig.*, No. 19-md-02913-WHO, 2022 WL 1814440, at *2 (N.D. Cal.
28  June 2, 2022).  Additionally, whether, absent the alleged conspiracy, Irico would have complied

1    with any pricing regulations that were in effect is a question of fact.

2    Finally, the Court does not find Netz's testimony regarding Chinese pricing regulations to

3    be improper expert testimony.  Netz is not, and does not purport to be, an expert in Chinese law.

4    However, she may testify about the potential economic implications of government regulations,

5    including why she believes the reasoning of Irico's economics expert is incorrect.

6    For all of the above reasons, the Court denies Irico's motion to exclude the testimony of

7    Dr. Janet Netz.

8    **IT IS SO ORDERED.**

9    Dated:  September 12, 2023



JON S. TIGAR
United States District Judge

4