BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
    evan.werbel@bakerbotts.com
    tom.carter@bakerbotts.com
    drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*Irico Group Corp. and*
*Irico Display Devices Co., Ltd.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917 |
| This Document Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS*<br><br>*ALL INDIRECT PURCHASER ACTIONS* | **IRICO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION OF SEPTEMBER 1, 2023**<br><br>Judge:   Honorable Jon S. Tigar |

## I. INTRODUCTION

Pursuant to Local Rule 72-2 and the Order Appointing Special Master for Discovery (ECF No. 2272 ¶¶ 6(a) & (b)), Defendants Irico Group Corporation and Irico Display Devices Co, Ltd. (collectively, "Irico Defendants") hereby file a limited and conditional objection, seeking only to alter the September 22nd, 2023 deadline set forth in the Special Master's August 4, 2023 Report and Recommendation on Plaintiffs' Motion for Discovery Sanction (the "August Report") (ECF No. 6233) and reaffirmed by the Special Master's September 1, 2023 Report and Recommendation on Plaintiffs' Motion for Discovery Sanctions (the "September Report") (collectively, the "Reports") (ECF No. 6275).

This objection is limited in that it seeks only additional time to comply with the Reports in light of substantial alterations of the discovery procedure required by the Special Master in the September Report. It is conditional in that the Irico Defendants have requested an extension of time from the Special Master upon which the Special Master has not yet ruled.[1] Should the Special Master grant the request for extension, the Irico Defendants intend to withdraw this objection. Irico files this objection now because of the requirement that any objection to the September Report be filed within 14 days, which is today. The portion of the September Report affirming the September 22 deadline is contrary to the law and is clearly erroneous as it does not account for the new burdens placed upon Irico in the September Report that make it impossible for Irico to comply with the Reports by September 22. Irico therefore objects to that portion of the September Report and requests a modest three-week extension to comply with the August and September Reports from September 22 to October 13.

## II. BACKGROUND

Pursuant to the August Report, Irico began to work diligently to comply with the requirements set forth in that Report to conduct searches of all devices, documents, texts, and emails relating to Mr. Su Xiaohau's resignation from Irico and failure to appear for deposition as well as to conduct interviews of people knowledgeable of facts relating to the same topics. On

---

[1] Irico acknowledges that it submitted this request on September 13, 2023, following the refusal of Plaintiffs to agree to an extension. It was not until Irico had a U.S. Baker Botts attorney of record on the ground in China that it was able to approximate the amount of extra time that was required to comply with the September Report.

| IRICO'S OBJECTIONS TO SPECIAL MASTER'S R&R OF SEPTEMBER 1, 2023 | 1 | CASE NO. 07-cv-05944-JST MDL NO. 1917 |

August 29, 2023, Irico, through its counsel of record at Norton Rose Fulbright, sought clarification from the Special Master that Irico's intended approach to comply with one requirement of the August Report (concerning the collection and forensic imaging of Mr. Su's devices) would comply with the Special Master's Report, given issues that had arisen under Chinese law.

On September 1, the Special Master issued a second Report stating that the proposed approach would not satisfy the August Order and issued additional requirements that provided Plaintiffs the opportunity to submit search terms by September 7 and that required Irico to restart some of the process and searches outlined in the August Report by requiring Irico to conduct searches with Plaintiffs' new search terms and requiring certain parties to conduct the required searches and interviews. On September 7, Plaintiffs submitted approximately 80 search terms, including terms that were facially not specific to the issue of Mr. Su's resignation, such as Mr. Su's name and broad terms like "delay," "allowance" and "cooperate."

Given the various complexities that arose from the new requirements laid out in the September Report, including the expansive search terms from Plaintiffs and Chinese state secret review requirements (which the Special Master previously acknowledged, ECF No. 6275 at 2, 4), it became apparent to Irico that it would be impossible for it to comply with the Reports by September 22. Irico then submitted a letter to the Special Master on September 13 seeking an extension to comply with the Reports and Plaintiffs subsequently submitted a letter in reply on September 14, upon which the Special Master has not ruled. Irico now files this Objection seeking a three-week extension from September 22 to October 13 to comply with the Reports.

### III.     OBJECTIONS TO SPECIAL MASTER'S ORDER

#### A.     Specific Portion of Special Master's Report at Issue

Irico objects only to the portion of the September Report reaffirming the September 22 deadline to fully comply with the August Report. ECF No. 6275 at 2.

**B.     Basis for Objections**

### 1.     The September Order Imposed New Obligations on Irico and Applying the Same Deadline as the August Order would be Contrary to the Law and Clearly Erroneous

District courts have the inherent powers to manage and control their dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402 (9th Cir. 2010). The exercise of that inherent power, however, must be a "reasonable response to the problems and needs confronting the court's fair administration of justice." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Degen v. U.S.,* 517 U.S. 820, 823-24 (1996) (internal quotations omitted); *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 587 (9th Cir. 2022). Here, by imposing new obligations upon Irico while simultaneously holding Irico to a deadline that would be impossible for it to meet, the Special Master's September Report as currently constituted is not a reasonable response to Irico's good faith efforts to comply with the Special Master's Reports or to the Court's need to consider Plaintiffs' Motion for Sanctions. Therefore, the portion of the September Report affirming the September 22, 2023 deadline should be amended because it is contrary to the law and clearly erroneous. *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

In denying Irico's August 29 request, the Special Master issued his September Report that created new specific requirements. The more explicit requirements in the September Report imposed new burdens on Irico, on Baker Botts, specific attorneys, and a U.S. eDiscovery forensic vendor that require further time to complete, including some level of retreading work already undertaken.  For example:

- Whereas "Irico's counsel" was at first responsible for conducting searches for responsive documents, pursuant to the September Report, Plaintiffs provided a list of search terms on September 7th that they expect Irico to apply broadly in its investigation.  That list contained approximately 80 terms without any qualifiers or limitations, including Mr. Su's name in different formats standing alone as well as extremely general terms (e.g., "delay," "allowance" and "cooperate").  Depending on the volume of documents that merely mention Mr. Su or were sent or received by him without any other connection to Mr. Su's resignation and the relevant issues, the results

of these searches could greatly increase the number of documents that must go through the state secrets review and delay the accessibility of the materials for further review. Irico understands that the September Report requires the immediate collection of all documents with hits on Plaintiffs' search terms with objections to be resolved at a later point and certainly intend to follow that process. ECF No. 6275 at 5.

- Whereas previously Irico proposed that Mr. Su's computer be turned over to qualified Chinese counsel and a qualified Chinese eDiscovery vendor for forensic copying, Irico was required to send a U.S. Baker Botts attorney of record to China and a qualified U.S. eDiscovery vendor to receive and (re)forensically analyze Mr. Su's laptop. *Id*. at 4.

- Whereas previously other qualified counsel could have supervised the search for and production of responsive documents, Mr. John Taladay is now personally responsible to take primary responsibility in directing and supervising the search for and production of documents responsive to the Reports. *Id.*

- Whereas previously other qualified counsel could have been responsible for interviewing Irico employees in position with knowledge of Mr. Su's resignation, Baker Botts attorneys are now responsible for conducting those interviews of employees with knowledge of Mr. Su's resignation and other issues set forth in the Report. *Id.* at 5.

Despite best efforts to move this process forward as quickly and efficiently as possible, Irico has encountered several issues that necessitates additional time for compliance. The September Report requires U.S. counsel of record and a U.S. vendor experienced in discovery of ESI to travel to China to supervise the process. Irico is complying with that obligation, including by having a Baker Botts attorney of record travel to China on a proper visa during the week of September 11th, but must still work within the confines of Chinese laws and regulations, lest Baker Botts or Irico breach Chinese laws. For example, as detailed previously, the collection of devices and materials from Irico is subject to a state secrets review under Chinese law, which, when the collection is as broad in scope as it is here, can be very time-consuming and burdensome. Irico then needs time in addition to the state secrets review to ascertain responsiveness and process the documents for production. Unlike for the previous production of records relating to these issues, Irico is now required to apply unbounded search

terms designated by Plaintiffs. Moreover, the current searches and interviews in China are being undertaken in two different locations over 1,000 miles apart – Xianyang (Irico's headquarters) and Foshan (the location where Mr. Su was working before his departure).

Plaintiffs' objections in their September 14th letter are largely based on details that will be required to be given in a final affidavit that Irico intends to provide upon compliance with the Reports. The need for an extension given the new requirements in the September Report, however, is apparent from the new requirements evident in the Report. Again, Irico is trying in good faith to comply with the Court's Orders in a timely manner.  However, given the scope of the newly added requirements, it is not possible for Irico to produce all responsive documents by September 22, 2023.

\*         \*         \*

For the foregoing reasons, the Court should amend the September Report to extend the deadline to comply with the Reports from September 22, 2023 to October 13, 2023.

Dated:  September 15, 2023

Respectfully submitted,

/s/ *John M. Taladay*

BAKER BOTTS L.L.P.
JOHN M. TALADAY
EVAN J. WERBEL
THOMAS E. CARTER
ANDREW L. LUCARELLI
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
         evan.werbel@bakerbotts.com
         tom.carter@bakerbotts.com
         drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*