# Exhibit A

Vaughn R Walker
ADR/Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
Tel: (415) 871-2888
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No 4:07-cv-5944-JST |
|---|---|
| This Relates to: | MDL No 1917 |
| ALL DIRECT PURCHASER ACTIONS | **SPECIAL MASTER'S INTERIM REPORT & RECOMMENDATION ON PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS** |
| ALL INDIRECT PURCHASER ACTIONS | |

Plaintiffs' Motion for Terminating or Alternative Discovery Sanctions ("Sanctions Motion") seeks an array of sanctions, ranging from adverse jury instructions to terminating sanctions. The motion invokes Irico's numerous discovery failures, most notably, Irico's spoliation of evidence by failing to implement a litigation hold in 2008 and its more recent failure to produce its now former employee Su Xiaohua for deposition. This report and recommendation focus on the latter.

The court's December 6, 2022 order (ECF No 6115, filed 12/6/22, "Su Order") details Irico's failure to produce Su Xiaohua for deposition and sets the stage for this report and

recommendation. The undersigned finds that Irico did not adequately comply with the Su Order and recommends that compliance with the Su Order, as set forth herein, be required and should precede decision on the Sanctions Motion.

The history of this protracted litigation between the Indirect Purchaser Plaintiffs ("IPPs") and the Direct Purchaser Plaintiffs ("DPPs") (collectively, "Plaintiffs") and the two remaining defendants, Irico Display Devices Co, Ltd and Irico Group Corporation (collectively "Irico"), dates back to November 2007. Because the parties (and doubtless the court, as well) are familiar with this litigation, the following facts need only be briefly stated to explain this report and recommendation.

In August 2021, the parties began meeting and conferring about depositions of Irico witnesses. Travel restrictions due to the COVID-19 pandemic hindered progress. ECF 5980 (Jan 10, 2022 Stipulated Order). On October 12, 2021, Plaintiffs noticed the depositions of nine Irico witnesses for early December 2021 and Irico agreed to produce two current employees for remote deposition via videoconference in Hong Kong but provided no dates. ECF 5980.

In discovery, Irico had identified its employee, Su Xiaohua, as one of only two remaining witnesses[1] knowledgeable about Irico's meetings and communications with competitors and more than eight of Irico's affirmative defenses.[2] The Stipulated Order set a March 18, 2022 deadline for the deposition of Su Xiaohua.

On May 25, 2022, the Court issued a Stipulated Order re Case Schedule (ECF No 6016) ("Scheduling Order"), specifying:

> WHEREAS, the Parties previously agreed to modify the existing schedule given the complications arising from the COVID-19 pandemic and to accommodate the good faith efforts of the parties, including the deadline to

---

[1] The other witness Irico identified is Wang Zhaojie. Wang Ximin departed Irico in November 2013. Motion, at 15, n 58.

[2] ECF No 6032-1, ¶2, Ex A, pages 18-40 (Irico's Feb 23, 2022 Interrogatory Responses identifying Su Xiaohua as knowledgeable re Irico's Third, Eighth, Tenth through Fourteenth and further Affirmative Defenses) and ¶11, Ex J, pages 8-10, (Irico's Jan 7, 2022 Response to Interrogatory No 4, identifying Su Xiaohua as knowledgeable about Irico's meetings and communications with competitors).

SPECIAL MASTER'S INTERIM REPORT & RECOMMENDATION RE DISCOVERY SANCTIONS        PAGE **2** OF **10**

complete the depositions of Irico employees Su Xiaohua, Wang Zhaojie, and Yan Yunlong, and the Court approved two such stipulations [ECF Nos. 5980; 5999];

WHEREAS, due to ongoing complications from the COVID-19 pandemic and related controls in China, Irico requires additional time to obtain visas to Macau, where the deposition will need to occur via videoconference, and arrange for its employees' travel to Macau for depositions;

* * *

IT IS HEREBY STIPULATED AND AGREED by and between counsel for DPPs, IPPs and the Irico Defendants that good cause exists to modify the DPP and IPP schedules as follows:

* * *

2. The depositions of Su Xiaohua, Wang Zhaojie, and Yan Yunlong shall be completed by no later than June 30, 2022 . . ..

On June 30, 2022, Irico filed its Emergency Motion for Relief from the Scheduling Order requiring Irico employees Wang Zhaojie, Su Xiaohua and Yan Yunlong to appear for deposition by June 30, 2022. ECF No 6027. In its emergency motion, Irico informed the court that Mr Su recently resigned, was not willing to travel to Macau for deposition and "resigned from the company rather than endure the required quarantine." ECF No 6027 at 3. Irico stated: "[o]n May 25, 2022, Su Xiaohua submitted his formal resignation to Irico. Zhang Decl. ¶6." Irico acknowledged that the hearing date was after the date scheduled for the depositions, but "based on new information from the witnesses and continuing negotiations with the Plaintiffs, Irico is filing this Motion at the first available opportunity." ECF 6027 at 1, n1.

On August 11, 2022, the court heard oral argument on Irico's Motion for relief from the Scheduling Order. ECF No 6047. The court found that the requisite showing of good cause for relief from the scheduling order under Rule 16 had not been made and stated: [t]he delay in the production of these witnesses unquestionably causes injury to the plaintiffs and also injury and inconvenience to the Court." ECF No 6047 at 12-13. The court ordered these witnesses to appear for deposition by September 9, 2022 and "[i]f fewer than all of the witnesses identified in these papers testify, then by September 23, 2022, the parties shall either

SPECIAL MASTER'S INTERIM REPORT & RECOMMENDATION RE DISCOVERY SANCTIONS        PAGE **3** OF **10**

file a document indicating that they are nonetheless dropping their dispute or setting forth their competing positions on what the legal consequence is of that witness' or those witnesses' failure to appear."  ECF 6047 at 13-14.

On August 22, 2022, the parties filed a Stipulation and Order, stating that Irico witnesses Wang Zhaojie and Yan Yunlong agreed to travel to Macau for depositions and there was insufficient time to apply for and receive new visa for travel to Macau before the September 9 deadline and therefore the September 9, 2022 deadline for Irico witnesses to appear for deposition should be vacated.  ECF 6056.  This Stipulated Order addressed only the two named Irico witnesses and did not mention Su Xiaohua.

On October 26, 2022, the parties filed their Joint Brief re: Legal Consequences of Irico's Failure to Produce Su Xiaohua for Deposition.  ECF 6101.   By order dated November 1, 2022, the court referred this discovery matter to the undersigned.  ECF 6107; *see also* ECF No 5301.

On December 6, 2022, the court adopted the Special Master's Report & Recommendation on Irico's Failure to Produce Su Xiaohua for Deposition.  ECF 6115 ("Su Order").  The Su Order required Irico to produce all documents relating or referring to:  Su Xiaohua's deposition, resignation (formal or informal), including any conversations or questions about his intended resignation, Su's current or anticipated employment status, including any requests for recommendation or references from any Irico employee or agent, Irico's efforts to comply with the order to produce Su for deposition, the timing of when any Irico employee or agent first learned of Su's resignation, intent to resign and steps taken in preparation for resignation. ECF 6115 at 12-13.  The Su Order also stated: "the parties may submit motions for sanctions for any discovery misconduct throughout the history of this case" and a "motion for sanctions for Irico's failure to comply with the court's orders that Su's deposition be taken."  ECF 6115 at 13.

By early July 2023, the briefing on Plaintiffs' Motion for Sanctions was complete.[3]

On July 19, 2023, the undersigned conducted a hearing by videoconference on Plaintiffs' motion for discovery sanctions. Appearing on behalf of IPPS were Lauren C Capurro and Mario N Alioto of Trump Alioto Trump & Prescott and Daniel Birkhaeuser and Alan Plutzik of Bramson, Plutzik, Mahler & Birkhaeuser. Appearing on behalf of DPPs were R Alexander Saveri, Geoffrey C Rushing, Matthew D Heaphy and David Y Hwu of Saveri & Saveri, Inc and Steven F Benz and Robert C Klipper of Kellogg Hansen. Appearing on behalf of Irico were John Taladay, Evan Werbel and Tom Carter of Baker Botts and Geraldine Young and Kaylee Yang of Norton Rose Fulbright.

At the hearing, the undersigned asked questions about two Irico documents produced in response to the Su Order that shed light on when Irico first knew about Mr Su's resignation.

The first is an Irico document dated either March 25, 2022 or May 25, 2022, entitled "Resignation Report" and signed by Su, stating in pertinent part:

> At this time, I have reached the upper limit of the employment age for managers. Due to the above personal reasons [caring for elderly mother], I would like to apply for early resignation from my position as a manager and terminate my employment relationship with the company. Please be advised.[4]

The second document is an Irico Group Meeting Minute, dated April 7, 2022, describing Irico's decision to approve Su's request to leave his position "ahead of schedule," that provides in pertinent part:

---

[3] Plaintiffs' Motion for Sanctions submitted by letter brief dated 3/20/23 ("Motion") and the 3/20/23 Declaration of Lauren C Capurro in support ("3/20/23 Capurro Dec") with Exhibits; Irico's 4/21/23 Opposition ("Opposition") and the 4/21/23 Declaration of Thomas Carter in support ("Carter Dec") with Exhibits A – Y; Irico's letter with additional relevant authority from the Northern District of California ("5/2/23 Irico Suppl Letter"); Plaintiffs' 5/26/23 Reply ("Reply") and Corrected Reply; Irico's 6/9/23 Sur-reply. On July 3, 2023, Irico's request to submit a Sur-reply was granted. ECF 6212.

[4] Capurro Dec, ¶51, Ex UU (IRI-SU-000141E, certified translation of IRI-SUPP-000141 entitled "Resignation Report," signed and dated by hand by Su Xiaohua, but unclear whether the date is 3/25/2022 or 5/25/2022).

SPECIAL MASTER'S INTERIM REPORT & RECOMMENDATION RE DISCOVERY SANCTIONS    PAGE 5 OF 10

**Regarding matters related to Su Xiao Hua reaching retirement age and departure * * ***

Su Xiao Hua, the regional general manager for the Huanan area of Xianyang Irico Industrial Group Co., Ltd., has reached the upper age limit for employment in March 2022, and will leave his position as manager at the end of December to retire and rest. Because he himself submitted a request to leave the position ahead of schedule, after discussion, it has been agreed that Su Xiao Hua may leave the position ahead of schedule after reaching upper age limit for employment.[5]

These two documents show that Irico knew before May 25, 2022 that Su had submitted his application for resignation before April 7, 2022 and that Irico's senior management approved Su's resignation on April 7, 2022. But these documents do not shed light on the actual date of Su's Resignation Report, except that it was "ahead of schedule" nor do these documents show who was involved in determining or deciding Su's last day of employment at Irico.

According to Plaintiffs, these two documents are the only documents produced by Irico dated before June 7, 2022, (the date Irico informed Plaintiffs of Su's resignation) that mention Su's resignation. Motion at 18. Irico does not dispute this fact. Irico's production of documents in response to the Su Order appears extremely curated, incomplete and inadequate. There is no indication that Irico produced any documents from its human resources or other departments about Su's resignation and plans for transition. Nor is there any indication that Irico produced any documents from Su's emails or his computer hard drive regarding his resignation or communications regarding how and with whom Su's last date of employment was determined.[6]

---

[5] Capurro Dec, ¶50, Ex TT (IRI-SU-000137-40E, certified translation of IRI-SUPP-0137-40 entitled "Irico Group Co., Ltd. Meeting Minutes" dated April 7, 2022).

[6] Irico produced a document containing a string of texts between Su and Irico's regarding obtaining a visa, in which Su indicated on May 26, 2022, that "[t]he remote host of my mailbox has been shut down and I cannot receive it. Please send documents to me via Lanxin. Thanks!" Exh K to Carter Decl, IRI-SU-000128E.

At the July 19, 2023 hearing, Irico's outside counsel, Mr Werbel, stated that to the best of [Baker Botts'] knowledge, it was their understanding and belief that all documents responsive to the categories in the Su Order had been produced or listed on a privilege log because they had asked Irico for all such documents and it was their understanding that no other documents exist.  Irico's outside counsel, Mr Taladay, also stated that Irico's in-house counsel, Mr Zhang, had been communicating with Mr Su on obtaining his visa to attend his Macau deposition up to May 31, 2022, when Mr Zhang discovered that Su had resigned and left Irico's employ.  Irico's outside counsel stated that Su had given them every reason to believe he intended to travel to Macau to be deposed since he was cooperating with obtaining his visa, and as a result, his resignation and departure on May 25, 2022, was a "huge surprise."  Yet, Irico later produced a document dated April 7, 2022, of its approval of Su's request for accelerated resignation before December 2022.

Under these circumstances, including Irico's opaque responses about the facts and timing of Su's resignation and end of employment at Irico, his whereabouts, availability and Irico's possible influence or ability to make Su available notwithstanding his resignation, his apparent uniqueness as the sole remaining individual with knowledge of Irico's participation in competitor meetings and communications and the paucity of disclosures about Irico's information and knowledge about Su's deposition and resignation plans and activities, the undersigned finds that Irico's discovery responses required by the Su Order are not adequate. Irico and its counsel are hereby warned that full compliance with this order and the Su Order is expected.  In light of the pending motion for discovery sanctions, Irico's continuing failure to comply with discovery orders risks terminating sanctions as well as less severe sanctions.

The undersigned recommends that the court order Irico's counsel to conduct further searches no later than September 1, 2023 for all documents, texts, emails relating to or identifying:

    (1) All of Su's resignation communications, and who was involved in those determinations and when;

(2) Su's last day of employment at Irico, and who was involved in that determination and when;

(3) All emails or texts from other Irico employees re Su's last day of employment, including from the human resources department;

(4) A copy of Su's last two paycheck(s) and any exit interview documents;

(5) The specific date(s) of Su's resignation request(s) and who received such documents and when;

(6) All of Su's communications with Irico after May 25, 2022;

(7) Su's requests for a reference or recommendation from Irico for another position at another employer;

(8) Su's current employment, start date, and relationship between his current employer and Irico; and

(9) Su's electronic devices and files at Irico, including computer(s), laptop, hard drives, phone, emails and texts.

The undersigned further recommends that the court order Irico's counsel to comply fully with the Su Order and complete the following no later than September 22, 2023:

(1) conduct interviews of all Irico employees with knowledge of Su's resignation inquiries and requests and Irico employees aware of or involved in determining his last day of work, including those whose names are set forth in the April 7, 2022 meeting minute approving Su's resignation request;

(2) search the computers, files, emails, texts of persons knowledgeable about Su's resignation, resignation requests and plans for ending employment, for any communications about Su's resignation, deposition and last day of employment;

(3) search Su's Irico office files, including electronic devices and physical files, including texts, downloads and emails for responsive documents and determine how such documents have been preserved and maintained;

(4) produce to plaintiffs all non-privileged documents responsive to the Su Order and this order and a privilege log for any withheld documents;

(5) disclose in a letter to the undersigned the names of Irico personnel involved in communicating with Su about: (a) his deposition, resignation and end of employment from January 1, 2021 to the present and (b) information about his participation and knowledge of competitor contacts and communications; and

(6) submit a declaration based on personal knowledge regarding all the steps taken and persons involved in (1) to (5).

The undersigned further recommends that the court order:

(1) Irico to identify and produce to its counsel, Baker Botts, for forensic analysis and recovery, all of Su's electronic devices he used during his employment at Irico, including computer(s), laptops, hard drives, phones, for information and documents responsive to the Su Order and this order, with receipt of those electronic devices by Baker Botts no later than September 1, 2023;

(2) Irico to produce to plaintiffs all non-privileged responsive documents and a privilege log for any withheld documents no later than September 22, 2023; and

(3) Irico to have translated in full without redactions all documents listed on Irico's privilege log[7] created pursuant to the Su Order and submit for *in camera* review by the undersigned no later than September 1, 2023.

/
/
/
/

---

[7] Capurro Dec ¶43, Ex NN (Irico's Log of Privileged Documents Responsive to December 6, 2022 Order).

To the extent any of the foregoing, in the court's view, requires the close of discovery be lifted, the undersigned so RECOMMENDS.

Date:  August 4th, 2023

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Jon S Tigar
United States District Judge