# **Exhibit B**

Vaughn R Walker
ADR/Law Office of Vaughn R Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
Tel: (415) 871-2888
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No 4:07-cv-5944-JST |
| This Relates to: | MDL No 1917 |
| ALL DIRECT PURCHASER ACTIONS | **SPECIAL MASTER'S SECOND INTERIM REPORT & RECOMMENDATION ON PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS** |
| ALL INDIRECT PURCHASER ACTIONS | |

This report and recommendation addresses implementation of the August 21, 2023, Order Approving Special Master's Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions ("Interim Order"). ECF 6264 (approving ECF 6233 dated August 4, 2023). The court ordered: "Irico to identify and produce to its counsel, Baker Botts, for forensic analysis and recovery, all of Su's electronic devices he used during his employment at Irico, including computer(s), laptops, hard drives, phones, for information and documents responsive to the Su Order and this order, with receipt of those electronic devices by Baker Botts no later than September 1, 2023." ECF 6264 at 9. That order further stated: "Irico and its

counsel are hereby warned that full compliance with this order and the Su Order is expected. In light of the pending motion for discovery sanctions, Irico's continuing failure to comply with discovery orders risks terminating sanctions as well as less severe sanctions." ECF 6264 at 7.

On August 29, 2023, Irico's counsel, Geraldine Young of Norton Rose Fulbright, wrote to inform the undersigned that Irico had not produced Mr Su's laptop to Irico's lead United States counsel, Baker Botts, but rather had produced it to "Irico's outside counsel in China" and "a forensics technology vendor in China" who were working with Irico's United States and Chinese outside counsel and that "Irico's Chinese outside counsel will conduct the required searches thereafter for any documents responsive under the Order, and the vendor will process and transfer any responsive documents to Irico's U.S. counsel." August 29, 2023 Geraldine Young Letter, at 1-2. Ms Young further reported that: (1) Irico's vendor has completed its forensic imaging and recovery of the laptop's contents and returned the device to Irico, and (2) before shipping Su's laptop outside of China to Baker Botts, Irico's vendor would need to conduct a "complete state secrets review," which "the vendor currently estimates . . . may take up to 2 months' time." *Id*, at 2. Ms Young wrote: "Irico, therefore, respectfully asks Your Honor to confirm whether Irico's proposed plan, outlined above, meets the requirements of the Order." *Id.*

The short answer is no. On August 4, 2023, Irico was ordered to produce Su's laptop to the possession and control of Irico's lead United States counsel, Baker Botts, for forensic analysis and recovery, by September 1, 2023. ECF 6233. Irico did not object and the court approved the order on August 21, 2023. ECF 6264. Now Irico seeks to negotiate its way out of the Interim Order, or at best to seek clarification. The Interim Order stands. If Irico chooses not to comply with the order, it risks adding bases for severe discovery sanctions.

The Interim Order required delivery of Su's laptop to Baker Botts for the following reasons. John Taladay of Baker Botts is Irico's lead counsel in this matter and has been involved in this litigation since April 10, 2008. ECF 247 (Order admitting Taladay *pro hac vice* as counsel of record for Philips). Among counsel representing the Irico defendants, Mr

SPECIAL MASTER'S SECOND INTERIM R&R RE DISCOVERY SANCTIONS      PAGE **2** OF **6**

Taladay has the longest tenure and unrivalled knowledge of the history of this litigation. The other reason is the inadequacy of discovery that Irico has to date produced.

At the July 19, 2023, hearing on plaintiffs' motion for discovery sanctions, the undersigned questioned Irico's United States counsel at length about whether all Irico documents responsive to the Su Order had been produced or placed on a privilege log. Irico's United States counsel repeatedly answered that he "believe[d]" and it was his "understanding" that all responsive documents had been produced or disclosed in a privilege log based on asking the Irico in-house contact to search for all categories of information set forth in the Su Order. Following is an excerpt:

> Judge Walker: Has Irico produced or listed on its privilege log all documents that relate to any consulting agreements, pension benefits, stock options that Mr. Su has received from Irico following his resignation?
>
> Irico's United States counsel: Your Honor, it's our understanding there are none of those. So I believe we've disclosed that.
>
> Judge Walker: The answer to that is yes or you don't know.
>
> Irico's United States counsel: I don't believe there was anything to disclose. So I think the answer is yes.
>
> Judge Walker: Well, let me ask this. You've answered yes to each of these questions. Is that affirmative answer predicated on the fact that there are no documents of the kind that I've described?
>
> Irico's United States counsel: It's -- if there are additional documents besides what we produced, they'll be put on our privilege log.
>
> Judge Walker: In other words, you produced all documents that relate to the subjects that are in the possession, custody or control of Irico. Is that correct?
>
> Irico's United States counsel: That is our understanding. Yes, Your Honor.
>
> Judge Walker: What do you mean that's your understanding?
>
> Irico's United States counsel: I believe we have asked for and been provided everything that you have listed in those categories repeatedly and gone back to

> double check whether or not we've received them and we have produced all of the materials that we received or put them on our privilege log.
>
> Judge Walker: Has Irico produced or listed on its privilege log all documents that relate to Irico's efforts to secure Mr. Su's deposition testimony in this case?
>
> Irico's United States counsel: Yes, Your Honor. I believe that's the case.

From this interchange, it became clear that Irico's United States counsel had relied exclusively on asking Irico's in-house representative (not a qualified attorney in the United States) to search for and produce responsive documents. This sheds light on the dearth of documents produced in response to the Su Order. Similarly, Ms Young's proposal would place responsibility for discovery in this matter in the hands of unqualified, unnamed individuals with no known understanding of United States discovery and legal standards. Given the history of discovery lapses in this case, Ms Young's proposal is not acceptable and would be a violation of the Interim Order.

The Interim Order did not specify *where* Baker Botts should take possession of Su's laptop. Given the estimated two-month delay for state secrets review required before shipping a laptop out of China, that concern may be circumvented by producing the laptop to Irico's lead United States counsel, Baker Botts, *in China*. Irico may comply with the Interim Order by having a Baker Botts attorney of record in this case travel to China with at least a United States vendor experienced in discovery of Electronically Stored Information (ESI), an experienced translator and a United States discovery team, to take physical possession of the Su laptop and its complete hard drive contents, consistent with the deadlines set forth in the Interim Order.

To implement the Interim Order, Mr Taladay, as Irico's lead United States counsel in this matter, shall be expected to take primary responsibility for directing and supervising searches for and production of documents and information responsive to the Interim Order and the Su Order and to submit his declaration describing his personal knowledge of and supervision of steps taken under his direction and control to comply with the

orders. Baker Botts attorneys shall be responsible for: (1) supervising a United States forensic vendor to conduct a forensic analysis to determine whether and when any files have been deleted, wiped or transferred from Su's laptop or hard drive, generating a report and recovering such information; (2) conducting a thorough review of all contents of the laptop and its imaged hard drive; (3) searching for and collecting all information responsive to all search terms that the Plaintiffs designate; (4) producing responsive information and (5) reporting to and receiving direction from Mr Taladay. Baker Botts shall also be responsible for ascertaining whether any other devices exist that may contain Su's emails, texts and other information responsive to the Su Order and Interim Order, searching, collecting and producing any responsive information contained therein. Baker Botts should contact Mr Su to obtain his assistance with collecting responsive information and conduct interviews of Irico employees in positions with knowledge of Mr Su's resignation, determination of his end date of employment and other issues set forth in the Su Order and the Interim Order in their search for responsive documents and information.

No later than **September 7, 2023**, Plaintiffs' may, at their discretion, provide search terms designed to identify responsive documents and information to Baker Botts for searching the Su laptop and Irico's servers, backup drives and relevant devices.

As further implementation of the Interim and Su Orders, Irico's United States counsel are directed to conduct searches for ESI (electronically stored information) using Plaintiffs' designated search terms (for information responsive to the Su Order and the Interim Order) on Irico's servers, backup drives and devices, and to collect and produce responsive documents and information, including metadata, consistent with the deadlines set forth in the Interim Order. If Irico's United States counsel deems any search terms improper, they can bring that matter to the undersigned's attention and withhold production of selected documents until the objection is resolved. But collection of responsive documents precedes objections.

Irico's United States counsel are accomplished litigators who are experienced in conducting discovery on behalf of clients. The undersigned expects that they will implement the Interim and Su Orders consistently with United States discovery standards.

Irico's continuing failure to conduct adequate searches for responsive documents months ago has led to a succession of discovery orders. Irico is again warned that the consequence of repeatedly violating court orders includes terminating sanctions and lesser but still severe sanctions.

To the extent any of the foregoing, in the court's view, requires the close of discovery be lifted, the undersigned so RECOMMENDS.

Date: September _1_, 2023

_____
Vaughn R Walker
United States District Judge (Ret)

The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Date: _____

_____
Honorable Jon S Tigar
United States District Judge