# Exhibit C

**BAKER BOTTS** LLP

700 K STREET, N.W.  
WASHINGTON, D.C. 20001

TEL +1 202.639.7700  
FAX +1 202.639.7890  
BakerBotts.com

AUSTIN  
BRUSSELS  
DALLAS  
DUBAI  
HOUSTON  
LONDON

MOSCOW  
NEW YORK  
PALO ALTO  
RIYADH  
SAN FRANCISCO  
**WASHINGTON**

September 13, 2023

John Taladay  
TEL: 2026397909  
FAX: 2026391165  
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker  
Law Office of Vaughn R. Walker  
Four Embarcadero Center, Suite 2200  
San Francisco, CA 94111

      Re:    In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File No. 07-CV-944-JST

Dear Judge Walker:

      Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") respectfully request an extension of time to produce responsive information and materials in response to Your Honor's Interim Reports and Recommendations on Plaintiffs' Motion for Discovery Sanctions dated August 4, 2023 (ECF No. 6233) ("First Interim Order") and September 1, 2023 (ECF No. 6275) ("Second Interim Order") (collectively, "Orders").  Baker Botts and Irico are continuing to work diligently to comply with Your Honor's Orders.  As discussed in greater detail below, searching for and collecting all of the requested information (especially in China) under the required conditions is a complex process.  While we are, and were already, working diligently on complying with Your Honor's First Interim Order when we received Your Honor's Second Interim Order, we were required to restart some of these processes given the process requirements of the Second Interim Order that explicitly require certain actions by certain parties.  Given these various complexities, we request a three-week extension from September 22nd to October 13th to comply with the Orders.[1]

      First, to clarify any misconceptions Your Honor may have had regarding my role and the role of Baker Botts in responding to Your Honor's First Interim Order, we were involved in organizing the process of responding to the Order.  Baker Botts however does not have offices or any affiliated entities in China, nor do we have permanent attorneys involved in this matter who are fluent in Chinese.  Our former colleague, Ms. Kaylee Yang, who is a native Chinese speaker and a key client conduit, left Baker Botts last year to join Norton Rose Fulbright.  As Your Honor is aware, Ms. Yang has been involved in this matter since the inception of Baker Botts' work for Irico. Norton Rose Fulbright also has other lawyers who are fluent in Chinese, including Partner Geraldine Young, who has made a formal appearance in this case.  Ms. Young is an experienced litigator and a former partner of Fulbright & Jaworski prior to that firm's merger with Norton Rose

---

[1] We contacted Plaintiffs to request this three-week extension, but Plaintiffs oppose the request.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker  - 2 -

Fulbright. Norton Rose Fulbright also has a relationship with a law firm in China experienced in working with Chinese companies subject to US discovery obligations who could assist in this matter. Thus, it was at my request – even prior to Your Honor's First Interim Order but after the last hearing on the expectation that further discovery would be required – that Norton Rose became directly involved on this issue because I believed compliance could best be achieved with their direct help. In any event, our focus now is (and always has been) on responding to Your Honor's Orders as accurately and completely as possible.

Despite best efforts to move this process forward as quickly and efficiently as possible, we have encountered several issues that necessitate additional time for compliance. First and foremost is the fact that this collection is occurring in China and at a state-owned entity. We understand that Your Honor wants US counsel of record and a US vendor experienced in discovery of ESI to supervise this entire process and we are complying with that obligation, but we still must work within the confines of Chinese laws and regulations, lest we or our client breach Chinese laws. For example, as detailed previously, the collection of devices and materials from Irico is subject to a state secret review which can be very time-consuming and burdensome both during and after the collection of materials (ultimately necessitating a separate review of all potentially responsive material). We then need time after the state secret review to ascertain responsiveness and process the documents for production. Moreover, the current searches and interviews in China are being undertaken in two different locations over 1,000 miles apart – Xianyang (Irico's headquarters) and Foshan (the location where Mr. Su was working before his departure).

The more explicit requirements in Your Honor's Second Interim Order also require further time to complete, including some level of retreading work already undertaken. For example, pursuant to Your Honor's Second Interim Order, Plaintiffs provided a list of search terms on September 7th that they expect Irico to apply broadly in its investigation. That list contained approximately 80 terms without any qualifiers or limitations, including Mr. Su's name in different formats standing alone as well as extremely general terms (e.g., "delay," "allowance" and "cooperate"). Depending on the volume of documents that merely mention Mr. Su or were sent or received by him without any other connection to the relevant issues, the results of these searches could greatly increase the number of documents that must go through the state secret review and delay the accessibility of the materials for further review. We understand that the Second Interim Order requires the immediate collection of all documents with hits on Plaintiffs' search terms with objections to be resolved at a later point and certainly intend to follow that process. But in order to expedite the collection, review and production of responsive materials, we hope to meet and confer with the Plaintiffs in the coming days to discuss potential ways of effectively narrowing the searches and thus the resulting state secret review on search term hits.

Again, Baker Botts and Irico are doing everything we can to comply with the Court's Orders in a timely manner. However, given the scope of the requirements, we do not believe it is possible to produce all responsive documents (without violating Chinese law) by next Friday. We therefore ask Your Honor to allow three additional weeks for compliance with the Orders.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker							- 3 -

Thank you for your consideration of these issues.

                          Sincerely,
                          */s/ John Taladay*
                          John Taladay

cc:    Tanveer Singh (tanveer.singh@fedarb.com)
        R. Alexander Saveri (rick@saveri.com)
        Geoffrey C. Rushing (geoff@saveri.com)
        Matthew D. Heaphy (mheaphy@saveri.com)
        Mario N. Alioto (malioto@tatp.com)
        Lauren C. Capurro (laurenrussell@tatp.com)
        Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)