# **Exhibit D**

| | |
|---|---|
| **SAVERI & SAVERI, INC.**<br>706 SANSOME STREET<br>SAN FRANCISCO, CALIFORNIA 94111<br>TELEPHONE: (415) 217-6810<br>TELECOPIER: (415) 217-6813 | *Trump Alioto Trump & Prescott*<br>ATTORNEYS LLP<br>2280 Union Street<br>San Francisco, California 94123<br>(415) 563-7200<br>FAX (415) 346-0679 |

September 14, 2023

**VIA EMAIL**

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
vrw@judgewalker.com

   Re: *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917, Master File No. 07-CV-5944-JST

Dear Judge Walker:

  Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (together, "Plaintiffs") respond to the request for an extension of time to produce responsive information and materials required by Your Honor's Orders (ECF Nos. 6264, 6275), made in the letter from Irico's U.S. counsel, John Taladay, dated September 13, 2023.

  Mr. Taladay's letter fails to establish good cause for the extension Baker Botts and Irico seek. First, it provides virtually no details of Baker Botts' and Irico's efforts to date, including whether 1) Baker Botts (or Norton Rose Fulbright) has dispatched any attorneys to China to assist in fulfillment of the Court's Orders as instructed by the Court, 2) whether they have collected or reviewed any of Mr. Su's documents and what the volume of documents is, or 3) whether they have run Plaintiffs' proposed search terms and, if so, the volume of documents they returned. The letter complains that Plaintiffs' search terms are overbroad, but it appears that they have not even tested them despite having had them for a week. *See* Taladay Letter at 2 (speculating that "the results of these searches *could* greatly increase the number of documents that must go through the state secret review") (emphasis added). The letter also fails to state whether ***any*** productions will be made by the September 22 deadline set by the Court's August 4 Order (ECF No. 6264), which provided Irico seven weeks to produce responsive documents.

  Second, Mr. Taladay's letter likewise fails to provide any support for, or details regarding, the state secret review. Nor does it explain how records relating to Mr. Su's

The Honorable Vaughn R. Walker
9/14/2023
Page 2

deposition and early departure even implicate state secrets.[1] Irico gave no indication that a state secrets review was a substantial impediment to its previous production of records relating to these issues.[2]

      Third, the assertion that an extension is required to accommodate a meet and confer with regard to Plaintiffs' search terms is inconsistent with the Court's Order of September 1 (ECF No. 6275), and appears to be calculated to delay compliance with the Court's Orders. While Plaintiffs provided their search terms a week ago in compliance with the Court's Order, Baker Botts and Irico have yet to inform Plaintiffs of any issues they have with them, or propose a date to meet and confer.[3] Their lack of clarity in this regard is telling. To the extent Irico communicates any legitimate concerns about any of these terms, Plaintiffs will address them immediately, but any such issue should not be an excuse to delay the document search required by the Court's September 1 Order.

      Finally, the late disclosure that Irico's long-time attorneys do not have lawyers in China or speak Chinese suggests that Baker Botts does not intend to comply with the Court's Order which requires an attestation by a fully informed American lawyer that Irico has complied with its discovery obligations. As the Court's last order made clear, lawyers must travel to China to comply with the order if necessary. Similarly, if language is an issue, the obvious solution is for them to be accompanied by a translator, but Baker Botts cannot avoid its obligation to confirm that full discovery has been made, where, as here, the Court has raised concerns about the client's trustworthiness.

      In sum, Plaintiffs respectfully submit that vague and self-serving assertions about supposed problems dealing with a client in China do not establish good cause to extend the schedule set by Your Honor. Your Honor's recommended rulings on Plaintiffs' Motion for Sanctions will almost certainly be appealed to the Court. Plaintiffs are anxious to get a resolution, particularly in light of the impact a ruling may have on Irico's pending summary judgment motion against IPPs, and the IPP trial, which is currently set to begin on February 26, 2024. ECF No. 6236.

---

[1] To the extent state secret review results in withholding responsive documents, will that be reflected in a privilege log? And has that been the case with previous privilege logs?

[2] Indeed, on December 20, 2022, Irico produced documents responsive to the Court's Order Adopting Special Master's Report & Recommendation on Irico's Failure to Produce Su Xiaohua for Deposition (ECF No. 6115)—and completed a privilege review—32 days after the issuance of Your Honor's Report & Recommendation, and 14 days after its adoption.

[3] In their transmission of search terms on September 7, 2023, Plaintiffs requested that Baker Botts provide a list of all additional search terms it intends to use. Plaintiffs have not received a response.

The Honorable Vaughn R. Walker
9/14/2023
Page 3

                                  Very truly yours,

                                  *s/ R. Alexander Saveri*

                                  R. Alexander Saveri
                                  Lead Counsel for Direct Purchaser Plaintiffs

                                  *s/ Lauren C. Capurro*

                                  Lauren C. Capurro
                                  Lead Counsel for Indirect Purchaser Plaintiffs

Cc:    Tanveer Singh (tanveer.singh@fedarb.com)
        John M. Taladay (john.taladay@bakerbotts.com)
        Evan J. Werbel (evan.werbel@bakerbotts.com)
        Thomas E. Carter (tom.carter@bakerbotts.com)
        Andrew L. Lucarelli (drew.lucarelli@bakerbotts.com)
        Geraldine W. Young (geraldine.young@nortonrosefulbright.com)
        Kaylee Yang (kaylee.yang@nortonrosefulbright.com)