MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 1:** |
| Indirect Purchaser Class Action | |
| | **TO COMPEL PLAINTIFFS TO REFER TO DEFENDANT IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD. AS SEPARATE CORPORATE ENTITIES** |
| | Hearing Date: December 15, 2023 |
| | Time: 2:00 p.m. |
| | Courtroom: 6, 2nd Floor |
| | The Honorable Jon S. Tigar |

The Indirect Purchaser Plaintiffs ("Plaintiffs") hereby submit this Response to Irico Defendants' Motion *in Limine* to compel Plaintiffs to refer to Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. as separate corporate entities ("Defs.' MIL No. 1," Dkt. No. 6251).

## I. ARGUMENT

### A. Irico Defendants' Request to Refer to Specific Irico Entity Names in All Circumstances Is Inconsistent with the Court's Single Trial Plan

Defendants ask the Court to compel Plaintiffs to refer to Defendant Irico Group Corp. ("Irico Group"), Defendant Irico Display Devices Co., Ltd. ("Irico Display"), and other Irico entities "as separate corporate entities in all circumstances, and not refer to them collectively as 'Irico' or 'Defendants,' and to exclude evidence that fails to distinguish between Irico entities." Defs.' MIL No. 1 at 1. Defendants' stated primary concern is that the jury may "mistake[] or conflate[] evidence that relates only to Irico Group when assessing the evidence as to Irico Display. *Id.* at 3. The solution, Defendants argue, is to exclude evidence that fails to distinguish between Irico entities altogether. Defendants' MIL is nothing more than a disguised attempt to arbitrarily foreclose Plaintiffs from presenting documents, deposition testimony, and other evidence in their original forms to prove Defendants' wrongful participation in the alleged conspiracy.

As a justification, Defendants rely upon the Court's order denying their motion to dismiss for lack of jurisdiction under the Foreign Sovereign Immunities Act (Dkt. 5637), contending that Irico Group's status as an instrumentality of a foreign state warrants different treatment of Irico Group at trial. *Id.* at 1-2. This argument ignores the Court's order for a single trial against both Irico Group and Irico Display, with the case against Irico Group to be decided by the Court and the case against Irico Display to be decided by the jury. The Court's single trial plan does not preclude the jury from hearing evidence related to Irico Group. While the jury will only be making factual determinations with regard to claims against Irico Display, evidence regarding the conspiratorial conduct of both Irico Group and Irico Display will be presented in a single,

1

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO IRICO DEFENDANTS' MOTION *IN LIMINE* NO. 1
MDL No. 1917; Case No. 07-cv-5944-JST

combined bench and jury trial. *See* Order Requiring Responses Re: Trial Scheduling, Dkt. 6070 ("[A] 'nonjury trial' under the Foreign Sovereign Immunities Act means that a decision 'must be rendered by the judge rather than by a jury' but does not mean 'that the trial must be conducted in the absence of a jury'") (quoting *Olympia Express, Inc. v. Linee Aeree Italiane, S.P.A.*, 509 F.3d 347, 353 (7th Cir. 2007)).

Moreover, the Parties' proposed jury instructions already include an instruction that explains the respective fact-finding obligations of the Court and the jury in the combined bench and jury trial. The need to make distinct factual determinations as to the potential liability of these entities does not mean that the jury should only consider evidence that makes specific references to Irico Group, Irico Display, or other Irico entities. To the contrary, the jury is entitled to draw reasonable inferences from the totality of the circumstantial evidence presented at trial, regardless of whether the evidence in its original form makes references to a specific Irico entity. *Cont'l Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 699 (1962) ("The character and effect of a conspiracy are not to be judged by dismembering it and viewing its separate parts, but only by looking at it as a whole. . . . [T]he duty of the jury was to look at the whole picture and not merely at the individual figures in it").

### B. Irico Defendants' Request to Refer to Specific Irico Entity Names in All Circumstances Is Contrary to the Testimonial and Documentary Evidence

Defendants' motion should be denied insofar as it seeks to exclude any documents, deposition testimony, or other immutable evidence that does not specify or distinguish the Irico entities. The CRT cartel members routinely used generic company names to describe themselves and other members of the conspiracy.[1] If the conspirators' own documents and witnesses use

---

[1] *See* Decl. of Gerard A. Dever, Ex. 1 (CHU00030769) (referring generally to "IRICO" in a May 24, 1999 contact report from Chunghwa's Jason Lu); *Id.* Ex. 2 (CHU00029110) (referring generally to "IRICO," "CPT," "Philips," and "Toshiba" in a June 2000 visitation report); *Id.* Ex. 3 (SDCRT-0091524) (referring generally to "Irico," "Samsung," "BMCC," and "LPD" in Aug. 16-17, 2005 meeting reports).

"generic" company names such as "Irico," "Samsung," and "Philips," there is no valid basis for a blanket prohibition against Plaintiffs and their witnesses doing the same. Besides being impractical, modifying the documents and testimony to superimpose the specific Irico entity names would greatly distort the evidence. Given that there are very few Irico-produced documents upon which Plaintiffs could rely to establish Irico's participation in the conspiracy, it would be a grave injustice to exclude any documents, testimony, or immutable evidence for lack of specificity. Defendants' request also contradicts the Parties' proposed jury instruction that "[a]rguments and statements by lawyers are not evidence" – a standard instruction that protects both parties against unsupported advocacy. *See* Ninth Circuit Manual of Model Jury Instructions, No. 1.10 (2017 ed.).

Further, Plaintiffs have alleged that Defendants' "employees engaged in conspiratorial meetings on behalf of members of their corporate families;" that during such meetings the "participants did not always know the corporate affiliation of their counterparts and did not distinguish between the entities within a corporate family;" and that meeting participants "'entered into agreements on behalf of, and reported these meetings and discussions to, their respective corporate families. As a result, the entire corporate family was represented in meetings and discussions by their agents and was a party to the agreements reached in them.'" *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 738 F. Supp. 2d 1011, 1019 (N.D. Cal. 2010) (citation omitted). As noted above, the CRT cartel members' own documents and witness testimony amply support these allegations. This is especially true for the Irico corporate family since "Irico Group was responsible for all sales of CPTs and CDTs sold by Irico Group and its subsidiaries" from at least July 1991 through January 2005. Decl. of Gerard A. Dever, Ex. 4 (Am. Decl. of Zhaojie Wang in Supp. of Irico Defs.' Mots. to Dismiss for Lack of Jurisdiction), at ¶ 5. Imposing the artificial constraints urged by Defendants would unfairly hinder Plaintiffs' right to argue to the jury in support of their allegations that the evidence supports the reasonable inference that all relevant Irico entities joined and played a role in the alleged conspiracy.

Allowing Plaintiffs to accurately describe or cite the evidence the same way that Irico's co-conspirators do is in no way an effort to "end run" any evidentiary burden. Nor would Plaintiffs' doing so "confuse" or "mislead" the jury; to the contrary, it would be eminently more confusing were the jury to receive evidence using generic corporate names, such as "Irico," but Plaintiffs were required to use specific names at all times, such as "Irico Group Electronics Co., Ltd." If and when a distinction must be made between the various Irico entities, the parties or the Court can do so efficiently and effectively without a Court order approving only a limited set of evidence that speaks to specific Irico entities to be used at trial. If Defendants believe that only a specific Irico entity is implicated in a document by a witness' testimony, Defendants can make that point on cross-examination or offer other corroborating evidence regarding the identity of the specific Irico entity. If they believe Plaintiffs' counsel are presenting a case lacking sufficient evidence to show that certain Irico entity was part of the conspiracy, Defendants' counsel can argue that point to the jury.

There is no need for an order mandating that the specific Irico entity name be identified "in all circumstances." If the issue arises, it can and should be resolved by trial counsel through advocacy, based on the specific facts and evidence at issue, and not by the instant motion.

## II. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny in its entirety Defendants' MIL No. 1.

Dated:  September 1, 2023

By: /s/ Mario N. Alioto

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:   (415) 346-0679
Email:        malioto@tatp.com
                   laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*