MARIO N. ALIOTO (56433)
LAUREN C. CAPURRO (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:  CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 4:07-cv-05944-JST |
| | MDL No. 1917 |
| This Document Relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' OPPOSITION TO IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. Jon S. Tigar |

I, Mario N. Alioto, declare as follows:

1.      I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I submit this Declaration in support of the Indirect Purchaser Plaintiffs' ("IPPs") Opposition to the Motion for Summary Judgment ("Motion") filed by Irico Group Corp. and Irico Display Devices Co., Ltd. (together, "Irico").

2.      Attached hereto as Exhibit 1 is a true and correct copy of the Motion for Terminating or Alternative Sanctions dated March 20, 2023, filed by IPPs and the Direct Purchaser Plaintiffs. The sanctions motion is pending before Special Master Walker.

3.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the 2004 Annual Report of Irico Group Electronics Company Limited, bearing the Bates stamps AE-CRT-CE-001821, AE-CRT-CE-001823, AE-CRT-CE-001829, and AE-CRT-CE-001831-33, stating that "[m]ajor customers of the Group [which includes Group and Display] include TCL, Skyworth, Konka, Changhong, and Hisense." This document was marked as Deposition Exhibit No. 8419 at the deposition of Wang Zhaojie on March 7, 2019.

4.      Attached hereto as Exhibit 3 is a true and correct copy of Irico Defendants' Corrected Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' Second Set of Interrogatories, Supplemental Response to Interrogatory No. 3, dated April 11, 2019. Group's CRT sales to TCL during the class period totaled approximately RMB 636 million ($86 million), and Display's CRT sales totaled approximately RMB 3 billion ($403 million). *See* Corrected Attachment 2.

5.      Attached hereto as Exhibit 4 is a true and correct copy of a document produced in this litigation by defendant Philips bearing the Bates stamp PHLP-CRT-154896-898. This document is a July 2005 email exchange between Philips Electronics and TCL showing that manufactured CRT televisions as an OEM for Philips, and that Philips approved 21" CPTs from Irico for televisions to be sold in the "NAFTA" region). *Id*. at '898.

6.      Attached hereto as Exhibit 5 is a true and correct copy of a document produced in this litigation by defendant Philips bearing the Bates stamp PHLP-CRT-155234-36. This document is another

1

DECLARATION OF MARIO N. ALIOTO ISO IPPS' OPPOSITION TO IRICO'S MOTION FOR SUMMARY
JUDGMENT; 4:07-cv-5944-JST; MDL No. 1917

September 2005 Philips email string showing that Philips also approved Irico as the CPT supplier for a specific 14″ CRT television model, "14MS2331/17 RF," to be manufactured by TCL Thomson Electronics for sale in the U.S. under the Philips Magnavox brand.

7.     Attached hereto as Exhibit 6 is a true and correct copy of a document produced in this litigation by Best Buy, Inc. bearing the Bates stamp BBYCRT053101. This document is a Best Buy flyer for a Philips Magnavox television "14MS2331/17" CRT television, confirming that Best Buy sold this model of television in its stores in the United States.

8.     Attached hereto as Exhibit 7 is a true and correct copy of a document produced in this litigation by Circuit City bearing the Bates stamp CC0118601-19. This document is entitled "Philips Consumer Electronics Commercial invoice," dated 1/21/2005, and it shows the importation of 865 Magnavox 14″ (model 14MS2331/17) CRT televisions. The televisions were manufactured by TCL King Elec. App. Co., Ltd. in China, sold by Philips Consumer Electronics Co. in Atlanta, GA, and shipped to Circuit City Stores, Inc. in Walnut, CA.

9.     Attached hereto as Exhibit 8 is a true and correct copy of a document produced in this litigation by Philips bearing the Bates stamp PHLP-CRT-010948 and is marked as Deposition Exhibit 2262. This document is an LG.Philips Displays PowerPoint presentation dated October 7, 2002, entitled "NAFTA TV Production Shift to Asia! Asian TV Shipment to USA Increases." At Slide 4, it lists "Chaihong"—meaning Irico[1]—as the 14" CPT supplier for "PCE(USA) [Philips Consumer Electronics USA]" and TCL as the OEM.  It further shows that another of Irico's major customers, Changhong, was the "Apex Brand OEM" for Wal-Mart and Circuit City and was manufacturing all sizes of CRT televisions using CPTs from "all China vendors" for sale to U.S. consumers under the Apex brand. *Id*. at Slides 4 & 7. Irico Group's sales of CRTs to Changhong during the class period totaled approximately RMB 3.5 billion ($468 million) and Display's totaled approximately RMB 4.6 billion ($624 million). *See* Exhibit 3 (Irico Defendants' Corrected Suppl. Objs. and Resps. to IPPs' Second Set of Interrogs., dated April 11, 2019, Corrected Attachment 2).

10.     Attached hereto as Exhibit 9 is a true and correct copy of Meeting Minutes for a May 20,

---

[1] "Chaihong" is a mis-spelling of "Caihong," which is the literal translation of the Chinese character for "Irico."

1999 "CPT Top Management Meeting," produced in this litigation by defendant Chunghwa Picture Tubes, Ltd. ("Chunghwa") bearing the Bates stamp CHU00029191-94 and a translation thereof, CHU00029191-94E, referring to Irico as "Caihong."

11.      Attached hereto as Exhibit 10 is a true and correct copy of a document produced in this litigation by defendant Philips bearing the Bates stamp PHLP-CRT-172663-67. This document is an August 26, 2006 email with the subject "21FSQ delivery and increase request," showing that Philips "had Irico tubes released in all Nafta/Latam sets" and suggested to develop a "new design to be compatible with previous model and type number." *Id*. at '63.

12.      Attached hereto as Exhibit 11 is a true and correct copy of a PowerPoint presentation entitled "Asia Sales Meeting" (Aug. 21-22, 2003), produced in this litigation by defendant MT Picture Display Co., Ltd. bearing the Bates stamp MTPD-0573273. At Slides, 6, 20 and 21, the PowerPoint shows the flow of CRT televisions to the U.S. from China and S.E. Asia and that only Irico and Samsung SDI supplied 21″ and 25″ Pure Flat CPTs to Chinese customers, which sold televisions containing those CPTs to the U.S.

13.      Attached hereto as Exhibit 12 is a true and correct copy of a document produced in this litigation by defendant MT Picture Display Co., Ltd. ("MTPD") bearing the Bates stamp MTPD-0523073-79E. This document is a May 2005 email chain with the subject "Hisense for USA, etc. 15, 21, 29PF, 32 WPF," and states that Irico was selected as a CRT vendor for "Hisense's USA Best Buy Project."

14.      Attached hereto as Exhibit 13 is a true and correct copy of a September 5, 2005 email with the subject "Report on strategy to increase Hisense orders" and attachments, produced in this litigation by defendant Chunghwa Picture Tubes, Ltd., bearing the Bates stamps CHU00572096 and 2098 and a translation thereof; and CHU00572996, 2998, 3026 and 3034 and a translation thereof. At '2998, Haier CRT Supplier Occupation Status Table showing Irico as the sole supplier for Haier's 13VMnn 1486 US television model, 14VRF 1586 US television model, and 14VRF 1418A US television models; at 3026, Haier Production Plan showing Irico as the supplier for several US television models.

15.      Attached hereto as Exhibit 14 is a true and correct copy of a document entitled Insignia Color Television Service Manual, TK2026, IS-TV040919, produced in this litigation by the IPPs bearing

3

the Bates stamp CRT001238-60. At CRT001242, the manual shows that this television model contained an Irico CPT, model number 54SX538Y22-DC01.

16.     Attached hereto as Exhibit 15 is a true and correct copy of Irico Defendants' Fourth Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Interrogatories to Defendants, dated February 23, 2022. Irico's Supplemental Response to Interrogatory No. 17 at p. 8-9 lists Irico's model numbers, and shows that the model number 54SX538Y22-DC01 was Irico's 21" CPTs, and 64SX505Y22-DC02 was for Irico's 25" FS CPT.

17.     Attached hereto as Exhibit 16 is a true and correct copy of a document entitled Haier Color Television Service Manual, PART # TV-8888-36, produced in this litigation by IPPs, and bearing the Bates stamp CRT001134-75. At CRT001161, a Circuit Diagram for the television shows a CRT model number 64SX505Y22-DC02, which Irico admits is the model number for its 21" FS CPT.

18.     Attached hereto as Exhibit 17 is a true and correct copy of a document entitled Haier Color Television Service Manual, PART # AC-8888-04, produced in this litigation by IPPs bearing the Bates stamp CRT001176-90. At CRT001187, the manual lists the CRT model number as 54SX503-Y22 and the "Origination" as "IRICO."

19.     Attached hereto as Exhibit 18 is a true and correct copy of Irico Defendants' Objections and Responses to Indirect Purchaser Plaintiffs' First Set of Request for Admissions, dated February 23, 2022. Irico Defs.' Objs. and Resps. to IPPs' First Set of Request for Admissions, Resp. to RFA No. 4 A., B., and F.

20.     Attached hereto as Exhibit 19 is a true and correct copy of a report entitled "Information Weekly, Sales Company, 70th Issue, July 8-15, 2005," produced in this litigation by defendant Chunghwa and bearing the bates stamp CHU00124396–99, and a translation thereof CHU00124396-99E. This document has been marked as Deposition Exhibit 8571. At '97E, in the first column of the table, in the row relating to Haier, it states, "For 21"PF (new AK) produced for exporting to the United States, preparations for the early stage are being intensified."; in the third column it states: "Sample tubes of Irico 21" (new AK) have a low luminance and American engineers have arrived at Qingdao Haier by air on 15th day for consultation."). In the Summary at '099E, it states: "For the majority of OEM color TV, customers has [sic] selected CRT supplier in advance." Irico has admitted that it authored this report.

4

21.     Attached hereto as Exhibit 20 is a true and correct copy of a report entitled "Information Weekly" dated August 6-12, 2005, produced in this litigation by defendant Chunghwa and bearing the Bates stamp CHU00124400–02, and a translation thereof, CHU00124400-02E. This document is marked as Deposition Exhibit 8572. At '401, the report states that, "Irico 21" PF has been recognized by American customers and can be supplied."

22.     Attached hereto as Exhibit 21 is a true and correct copy of a document entitled "Information Weekly, Marketing Department, Issue 109," dated May 8, 2006 to May 14, 2006, produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00124417-19 and a translation thereof, CHU00124417-19E. This document was marked as Deposition Exhibit No. 8573. At '417E, it states, "It is reported from Konka's U.S. customers that the 15" PF has an issue of barrel distortion, and Irico technical personnel are investigating and negotiating countermeasures with Shenzhen Konka R&D personnel . . . ."

23.     Attached hereto as Exhibit 22 is a true and correct copy of excerpts of the transcript of the deposition of Wang Zhaojie taken in this matter on September 21, 2022. Mr. Wang testified that CPTF refers to Chunghwa's Fuzhou factory in mainland China (*id.* at 14:3-24), and that Irico's Sales Company's weekly reports were entitled "Information Weekly." *Id.* 207:15-209:22.

24.     Attached hereto as Exhibit 23 is a true and correct copy of excerpts of the deposition transcript of Li Miao, Irico Group's former Plant Manager, whose deposition was taken in this matter on March 9, 2023. Mr. Li testified that Irico's CRTs had different model numbers and product specifications for the NTSC and PAL broadcasting standards, and that customers had to provide to Irico the relevant specifications and safety standard, which differed according to the country in which the television was to be sold. *Id.* at 245:8-247:1. Mr. Li further testified that Irico "need[ed] to communicate with users regarding how to match the circuit with the tube when they use our products" and "provide after-sales services after they purchase our products." *Id.* at 249:14-254:16.

25.     Attached hereto as Exhibit 24 is a true and correct copy of a document produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00689067-68 and a translation thereof CHU00689067-68E. This document is a Chunghwa email stating that "[Haier's] strategy for the 14" is still to use Irico for the U.S. 2nd generation ATSC and CPT [Chunghwa] for other customers[,]" and that

"[i]n 6/B the quantity for the U.S. ATSC model jumped to 9.2K . . . , causing Irico's share to reach 10.4K.").

26.     Attached hereto as Exhibit 25 is a true and correct copy of excerpts of the Irico Group Electronics Co. Ltd. Global Offering Prospectus, dated December 8, 2004.  At pg. 33, Irico acknowledges that its "major customers" TCL, Skyworth, Konka, Changhong, and Hisense sold CRT television sets containing Irico CPTs into the United States, and that those customers were the subject of an April 2004 anti-dumping order by the United States Department of Commerce:

> The Directors do not believe that the United States anti-dumping order will have a significant impact on our business, because we generate approximately 60% of our sales from CPTs that are 21" or smaller, which will not be affected by the dumping margin. Our CPTs that are over 21" in size, which constitute about 40% of our sales, are sold both in the domestic Chinese market and other foreign countries besides the United States. We estimate that only a small portion of our CPTs over 21" are used for television sets that are exported to the United States.

27.     Attached hereto as Exhibit 26 is a true and correct copy of a document entitled 2004 Business Performance Summary Report by Enterprise Person-in-charge, IRICO Human Resources (2005), No. 76, produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00030258-63 and a translation of IRI-CRT-00030258-63E. At '260E, the report states, "United States' antidumping measures against Chinese color TVs' has dealt a heavy blow to the sales of larged-sized color picture tubes in China." In response, Group "adjust[ed] the product structure just in time."

28.     Attached hereto as Exhibit 27 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00004757-64 and a translation thereof IRI-CRT-00004757-64E. This document is an Irico Group Corporation's meeting minutes dated April 5, 1995 discussing the need to increase Irico's exports of 14" and 21" CPTs and the "need to open the markets in the U.S. and Europe." At '61E, the minutes report on a planned trip by Irico executives to Japan to visit Toshiba to discuss a joint venture with Toshiba to manufacture CRT televisions.

29.     Attached hereto as Exhibit 28 is a true and correct copy of a document entitled "Review and prospect of the implementation of the development strategic planning of the large company dated May 8, 1995," produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-

00026170-77 and a translation of IRI-CRT-00026170-77E. At '172E, the report states that Group is "actively developing toward the markets in Europe and America."

30.     Attached hereto as Exhibit 29 is a true and correct copy of an excerpt of a document entitled produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00004213-44, and a translation thereof, IRI-CRT-00004213-44E. At '4244E, the document ("Use multiple ways . . . to actively develop and enlarge the markets of Southeast Asia, Africa, India, Europe and America.").

31.     Attached hereto as Exhibit 30 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00004791-4803 and a translation of IRI-CRT-00004791-4803E. This document includes June 1995 meeting minutes discussing Irico's plan to open an Irico CRT company in the U.S. and "prepare for our sales of CRTs in America."

32.     Attached hereto as Exhibit 31 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00029848, 53-55, 58-59 and a translation thereof IRI-CRT-00029848, 53-55, 58-59E. This document was marked as Deposition Exhibit No. 8597.  This document is an Irico report dated 12/20/1994, which states at '9858: "37cm CPT passed U.S. UL certification in July 1992... Products have been sold to more than ten countries and areas, including Europe, America, and Hong Kong. ... 37cm CDT also passed UL certification in October 1993...."

33.     Attached hereto as Exhibit 32 is a true and correct copy of a document entitled produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00000744-51 and a translation thereof IRI-CRT-00000744-51E. This document is a "Caihong Electronics Group Corporation Document" dated 12/14/1995 submitted to the Ministry of Electronics Industry regarding the listing of Irico Display Devices Co., Ltd. At '50, the document states that Display's "64cmFS color picture tube, [] has obtained the United States' UL and Canada's CSA safety certifications."

34.     Attached hereto as Exhibit 33 is a true and correct copy of a document entitled "Request for the right to examine and approve the application of dispatching personnel to go abroad temporarily and to invite foreign economic and trade personnel to China," produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00025698-701 and the translation thereof, IRI-CRT-00025698-701E. At '700E, the document states: "All the 'Irico brand' color picture tubes, display tubes,

7

etc. produced by factories adopt international advanced standards and successively passed the UL, BSI, VDE, CSA and ISO9000, etc., international quality safety certifications").

35.    Attached hereto as Exhibit 34 is a true and correct copy of an excerpt of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00008843-47, and the translation thereof, IRI-CRT-00008843-47E. This is an Irico Group Corporation document dated July 20, 2001. At '8847E, the document states: "By the end of June, a total of 81,432 74cm pure flat CPTs have been produced. . . . After rigorous tests, it passed the safety and quality certification of UL in the United States and CSA in Canada, creating favorable conditions for the products to enter the international market."

36.    Attached hereto as Exhibit 35 is a true and correct copy of excerpts of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00027165-86 and a translation thereof, IRI-CRT-00027156_165-175, 183, 185, 186E. These are excerpts of an Irico "feasibility study report" on "54cm [21"] full flat color picture tube technology introduction project" which show that Irico planned to switch its product mix to manufacture 21" pure flat CPTs because televisions containing those CPTs had a large market share in the United States. At '174, the report states:

> As one of the two largest color TV markets in the world, the United States has a market share of about 18% for color TVs below 18 inches, and about 43% for 20 and 21 inches. The market share of 21 inches and below 21 inches color TVs reached 61%. An increase of 2% to 3% on such a huge base is quite large in absolute volume. South Korea's annual demand volume for medium and small screen CPTs reaches 6 million pieces. International market demand will become an important pillar to support the stable and orderly development of China's CPT industry, and developing the international market will also become one of the main tasks of China's CPT enterprises.

37.    Attached hereto as Exhibit 36 is a true and correct copy of the Articles of Incorporation of Irico (USA), Inc., produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003513.

38.    Attached hereto as Exhibit 37 is a true and correct copy of Irico Defendants' Supplemental Objections and Responses to Indirect Purchaser Plaintiffs' Second Set of Interrogatories, dated November 2, 2018. Irico's Suppl. Resp. to Interrogatory No. 4 states that the purpose of Irico USA was

8

DECLARATION OF MARIO N. ALIOTO ISO IPPS' OPPOSITION TO IRICO'S MOTION FOR SUMMARY JUDGMENT; 4:07-cv-5944-JST; MDL No. 1917

to "expand provincial exports of electromechanical products to North America and deepen trade, investments, and cooperation between China and the U.S."

39.    Attached hereto as Exhibit 38 is a true and correct copy of a document entitled "Reply on Approving the Application for Establishing IRICO (USA) Inc. in the United States," produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003498-99 and a translation of IRI-CRT-00003498-99E. This government document approves "scope of business [for Irico USA] as follows: exports of color display tubes, color TV sets and other home appliance products and related technologies . . .."

40.    Attached hereto as Exhibit 39 is a true and correct copy of excerpts of a database file produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003546, and a translation thereof IRI-CRT-00003546E. This document was entered as Deposition Exhibit No. 8413. These database excerpts file show millions of dollars of CPT and CTV sales from CNEIECC to Irico USA and other U.S. customers.

41.    Attached hereto as Exhibit 40 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003576-77 and a translation of IRI-CRT-00003576-77E. This document is a July 22, 2002 invoice showing sale of 2,016 Irico CRTs to U.S. customer, Diamond Electronics in San Diego, CA, and showing "discharging port" at Long Beach, CA.

42.    Attached hereto as Exhibit 41 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003574, and a translation thereof IRI-CRT-00003574E. This is a March 30, 1998 invoice showing sales of CRT monitors with a "discharging port" of USA.

43.    Attached hereto as Exhibit 42 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00003578-79 and a translation of IRI-CRT-00003578-79E. This is an April 1999 invoice for sale of 2400 Irico 21" CPTs to Irico USA for Hisense.

44.    Attached hereto as Exhibit 43 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00002041-105 and a translation of

IRI-CRT-00002041-105E. This document was marked as Deposition Exhibit No. 8401. According to this 2002 "Master Plan" for restructuring Group's business, Group stated that even though CNEIECC "does business as China National Electronics Import and Export Company; actual assets, personnel, and business all belong[ed] to Irico Group Corporation. It actually serves as IRICO Group Corporation's import and export business management department."

45.     Attached hereto as Exhibit 44 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00000956–1010 and a translation thereof IRI-CRT-00000956–1010E. This document was marked as Deposition Exhibit No. 8394. This document is a 2004 Group submission to China's Ministry of Finance containing an "IRICO Group Company Organisation Chart" showing "China Electronics Import and Export Company" as a "wholly owned company" of Group. *Id.* at '999. The "Caihong" in CNEIECC's name is identical to the word in Group's Chinese name rendered in English as the trade name "Irico." *Id*.

46.     Attached hereto as Exhibit 45 is a true and correct copy of a document produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00030661-63 and a translation thereof, CHU00030661-63E. The document reflects Chunghwa's notes of August 5, 1998 "Mainland China CDT MAKER Contact Meeting" attended by Irico's Wang Zhaojie, and representatives of Shenzhen Samsung Display Devices, Philips, BMCC, and Chunghwa's Fuzhou factory.

47.     Attached hereto as Exhibit 46 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00004817-23 and a translation of IRI-CRT-00004817-23E. This document was marked as Deposition Exhibit No. 8558, and contains the minutes for a July 10, 1995 Irico Group Corporation "Administrative Meeting."  At '21E, the minutes state that, "The CRT Industry Association will be holding a preparatory meeting in Beijing on July 17, and the founding meeting will be held in early August."

48.     Attached hereto as Exhibit 47 is a true and correct copy of Irico Defendants' Sixth Supplemental Objections and Responses to Direct Purchaser Plaintiffs' First Set of Interrogatories, dated January 7, 2022.  In their Supplemental Response to Interrogatory No. 3, at 7-8, Irico admits that Wang Zhaojie and Wang Ximin attended meetings of the "China CPT Industry Association."

49.     Attached hereto as Exhibit 48 is a true and correct copy of a document produced in this

litigation by defendant Chunghwa bearing the Bates stamp CHU00102864-65 and a translation of CHU00102864-65E. This document was marked as Deposition Exhibit No. 8569 and reflects a notice for a Jan. 23, 2007 "Color Tube Industry Association Presidents' Meeting" from the "Eight Major Color Tube Industry Association" inviting the presidents of various Chinese CRT makers and listing Irico Group Sales Company's Yao Jun as the contact person.

50.    Attached hereto as Exhibit 49 is a true and correct copy of a document produced in this litigation by BMCC bearing the Bates stamp BMCC-CRT000142063 and a translation of BMCC-CRT000142063E. This document was marked as Deposition Exhibit No. 2697 and it is a May 9, 2003 fax from Hitachi's Yang Guojun, "Secretary-General of the Eight Major Color Tube Industry Association," to member companies, including Irico's Wei Jianshe and Shen Xiaolin stating that "We hope we can actively adjust our sales strategy, decide production with sales, and strictly control inventory volumes."

51.    Attached hereto as Exhibit 50 is a true and correct copy of an article dated July 19, 1999 from the Chinese-language newspaper Guangming Daily, titled "CRT: Stopping production is not the real way out," and a translation thereof. The article reports that the "eight major CRT companies" had agreed to stop CRT production for one month in June 1999. The article identifies the eight companies as Beijing Panasonic [BMCC], Xianyang Irico [Irico], Nanjing Huafei [Philips JV], Guangdong Fudi [Thomson], Shenzhen SEG Hitachi [Hitachi JV], Samsung Electronic Tubes [SDI f/k/a SDD], Shanghai Novel and LG Shuguang [LGE JV].").

52.    Attached hereto as Exhibit 51 is a true and correct copy of a document produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00030679–83 and a translation thereof, CHU00030679–83E. This document was marked as Deposition Exhibit No. 8424. Chunghwa notes of an October 1998 "China *CDT Maker* Contact Meeting" where current and future CDT production data was exchanged and Irico was assigned to host the next meeting.

53.    Attached hereto as Exhibit 52 is a true and correct copy of a document produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00030684-87 and a translation of CHU00030684-87E. This document was marked as Deposition Exhibit No. 8420. Irico hosted a "China *CDT MAKER* Contact Meeting" on November 6, 1998, where "the meeting attendees achieved a unified

approach and a common understanding, hastening each sales department to deliver the message as follows: 'It is impossible for the prices to drop. If there are signs of oversupply, then it will be handled with reducing production.'" Irico disclosed its future CDT production and its plan to "stop operation for one month," as well as its "internal transaction price" for a customer.

54.   Attached hereto as Exhibit 53 is a true and correct copy of a document entitled "Report on Information Meeting of Mainland China Color Tube Industry Association" for meetings dated July 20-21, 2006, produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00725770-72 and a translation thereof, CHU00725770-72E,  in which Chunghwa employees report that, "After a period of interaction, it was learned that the Mainland China color tube industry also has industry meetings similar to *GSM* [Glass Meetings] in Southeast Asia. After contacts and negotiations, we were allowed by the other parties to attend the meeting." *Id.* at '70.01E. The meeting report identifies the "eight major color tube makers" as "SDI, who was absent from this meeting," and "the other makers (BMCC/IRICO/THOMSON/LPD/NOVEL/SEG-H[itachi] [who] all sent people who are in charge of market information to attend this meeting." *Id.* at '70.02E.

55.   Attached hereto as Exhibit 54 is a true and correct copy of excerpts of the transcript of the deposition of Wang Zhaojie, taken in this matter on September 20, 2022:

> a.   Mr. Wang admitted that he attended meetings of the CRT Industry Association. *Id.* at 67:13-15 ("Q. Did you ever attend any meeting of the CRT Industry Association? A. I have.");
>
> b.   Mr. Wang admitted that the other attendees of the CRT Industry Association meetings were Irico's competitors, and that the competitors exchange CRT production and other market information. *Id.* at 69:15-74:11;
>
> c.   Mr. Wang admitted that Irico's sales department referred to itself as "Irico Group Sales Company," and had no other explanation for why it would sign off with "Irico Group Sales Company," but denied any knowledge of this document or the December 1995 meeting. *Id.* at 81:20 – 83:1;
>
> d.   Mr. Wang had no memory of whether he attended the January 4, 1998 CRT Industry Association Meeting. He did, however, confirm that it was his expense reimbursement

request, that he was always accurate in making such requests, and that Huafei is another of Irico's Chinese CRT competitors that regularly attended the CRT Industry Association Meetings. *Id.* at 102:19 – 108:21.

56.     Attached hereto as Exhibit 55 is a true and correct copy of a document entitled "2006 Color Tube Industry President's Meeting," produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00102751-54 and a translation of CHU00102751–54E. This document was marked as Deposition Exhibit No. 8568. This document includes an email dated January 18, 2007 from Irico's Overseas Sales Director Liang Yuan to Chunghwa attaching the minutes of the "2006 Color Tube Industry President's Meeting" held in Shanghai on November 21, 2006. At '53.02E & '54.02E, the minutes show that the attendees, including Irico, agreed to limit production "to protect prices." At '53.02E, the minutes state, "As for CPTF, the country was exporting all CDT made initially, now Fuzhou can do CPT business . . . the industry hopes to be able to send representative to discuss with them and invite them into the industry to unify standards. . . . [W]e will invite CPTF into the industry."

57.     Attached hereto as Exhibit 56 is a true and correct copy of an email from Liang Yuan (email address yliang6699@163.com, which Irico has admitted belonged to an Irico employee) with two attachments produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00047657-74 and a translation of CHU00047657-74E.  This document was marked as Deposition Exhibit No. 8570. The first attachment is a document entitled "January 23, 2007 CPT Industry General Manager (Xi'an) Meeting Minutes," which shows that several Irico representatives attended this meeting (*id*. at '58E), including Wang Ximin who was the Chairman of Irico Display at that time. At '60-61E, the minutes report that Irico limited production in accordance with the agreement reached at the November 2006 Industry meeting in Shanghai, and "Secretary-General Yang states: "The policy of this meeting: limit production, reduce inventory, and keep price."

58.     Attached hereto as Exhibit 57 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00023478-79 and a translation of IRI-CRT-00023478-79E, showing that "4400" or "Xianyang 4400" is how Irico referred to its CRT plant.

59.     Attached hereto as Exhibit 58 is a true and correct copy of a document produced in this

litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00008425-32 and a translation of IRI-CRT-00008425-32E. These are Irico Group Corporation Administrative Meeting minutes for a December 1, 1998 meeting, which state that the CRT Industry Meetings were held once each month.

60.     Attached hereto as Exhibit 59 is a true and correct copy of an expense report produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00020490, IRI-CRT-00020501-502 and a translation thereof, IRI-CRT-00020490E, IRI-CRT-00020501-502E, showiing that Wang Zhaojie met and had a meal with "Chief Jin" of "Huafei Tech" at "Xi'an Xianyang International Airport Hotel." *Id.* at IRI-CRT-0020502E ("Entertained Chief Jin of Huafei Tech at the airport"). This document was marked as Deposition Exhibit No. 8563.

61.     Attached hereto as Exhibit 60 is a true and correct copy of a document produced in this litigation by the Irico Defendants bearing the Bates stamp IRI-CRT-00008205-08 and a translation thereof IRI-CRT-00008205-08E. These are the minutes of an August 12, 1997 Irico Group "Administrative Meeting." At '07E, the minutes report Plant Director Wang Liguang's trip to Taiwan to visit five companies, including Irico's competitor Chunghwa: "3. Taiwan can be a good cooperation partner. 4. Some companies took the initiative to ask for cooperation, and we should study how to cooperate with others, and learn from others' strengths to make up for our own weaknesses."

62.     As shown in Exhibits 48-50 & 53 hereto, the eight members of the China CRT Industry Association included Irico, BMCC, Nanjing Huafei, Samsung SDI, SEG-Hitachi, LG Changsha, Shanghai Novel (sometimes referred to as Shanghai Yongxin), and Thomson (sometimes referred to as "Thomson Guangdong").

63.     Attached hereto as Exhibit 61 is a true and correct copy of a PowerPoint presentation entitled "For Panamex, dated February 2006," produced in this litigation by defendant Matsushita Toshiba Picture Display Co., Ltd. ("MTPD") bearing the Bates stamp MTPD-0301887, showing the company profile, organization information, and production information. At Slide 6, the PowerPoint shows that Defendant Panasonic (f/k/a Matsushita Electric Corp.) and later its joint venture, MTPD, owned a 50% share in BMCC.

64.     Attached hereto as Exhibit 62 is a true and correct copy of a PowerPoint presentation entitled "Winning in China to win globally" produced in this litigation by defendant Philips bearing the

14

Bates stamp PHLP-CRT-033370, showing at slide 25 that Defendant Koninklijke Philips owned 55% of Chinese CRT manufacturer Nanjing Huafei.

65.     Attached hereto as Exhibit 63 is a true and correct copy of a document produced in this litigation by defendant Philips bearing the Bates stamp PHLP-CRT-091460, showing that defendant Samsung SDI had two Chinese subsidiaries in Shenzhen and Tianjin.

66.     Attached hereto as Exhibit 64 is a true and correct copy of a document produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00031044-46, and a translation thereof, CHU00031044-46E, showing that LG Electronics owned a more than 50% share in LG Changsha.

67.     Attached hereto as Exhibit 65 is a true and correct copy of a document produced in this litigation by Thomson S.A bearing the Bates stamp TSA-CRT00079463-64, showing that Thomson Guangdong was a subsidiary of defendant Thomson S.A.

68.     Attached hereto as Exhibit 66 is a true and correct copy of the Expert Report of Henry Gao (May 26, 2023) at ¶ 7(a) ("The Pricing Documents prohibit manufacturing firms from dumping their industrial products at low prices, which are defined as selling products at prices lower than a manufacturer's own production costs."), ¶¶ 8-33 (providing legal interpretation of pricing documents), ¶ 16 ("[I]f the authorities could verify the individual costs and such costs are below the selling prices, then the authorities shall not regard it as dumping."), ¶ 18 ("Had selling at prices lower than the average industry production costs been automatically regarded as engaging in dumping as Professor Clarke suggested, there would have been no need for such investigation.").

69.     Attached hereto as Exhibit 67 is a true and correct copy of excerpts of the transcript of the deposition of Irico's expert, Donald Clarke taken in this matter on August 16, 2023.

70.     Attached hereto as Exhibit 68 is a true and correct copy of a document entitled produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00030679-83, and a translation thereof, CHU00030679E-83E, showing that in a meeting attended by Irico Sales Vice-President Wei Jan-Shei, the conspirators reached a "unanimous determination to increase prices" (*id.* at '80E) and agreed to "strictly control production volume" (*id.* at '82.01E) to stabilize prices.. This document was marked as Deposition Exhibit No. 1312E.

71.     Attached hereto as Exhibit 69 is a true and correct copy of a document entitled "Contact

15

Report," produced in this litigation by defendant Chunghwa, bearing the Bates stamp CHU00030734-37, and a translation thereof, CHU00030734-37E, showing that at a meeting attended by Irico's Wang Zhaojie and other conspirators, the companies agreed that starting May 1, 1999, the price of the 17" CDT will officially be raised by "USD 5" (*id*. at CHU000736.01E), and "Irico agreed to cooperate" in raising the export base price to "@USD 65" (*id.* at CHU000736.02E). This document was marked as Deposition Exhibit No. 8421.

72.     Attached hereto as Exhibit 70 is a true and correct copy of a document entitled Customer Contact Report dated June 22, 1999, produced in this litigation by defendant Chunghwa bearing the Bates stamp CHU00029050-51, and a translation thereof CHU00029050-51E. This document was marked as Deposition Exhibit No. 1315. At '51E, the document shows that Irico told Chunghwa and Orion that it was "willing to cooperate with the move to increase the price" of 14-inch CPT.

73.     Attached hereto as Exhibit 71 is a true and correct copy of a document entitled Anti-Monopoly Law of China, marked in this litigation as Deposition Exhibit No. 8617.  The document shows that China's Anti-Monopoly Law was enacted in 2007 and effective August 1, 2008, prohibiting "monopolistic agreements among business operators," "abuse of dominant market positions by business operators" and "concentration of business operators that eliminates or restricts competition or might be eliminating or restricting competition."

74.     Attached hereto as Exhibit 72 is a true and correct copy of excerpts of the transcript of the deposition of Janet S. Netz, Ph.D. taken in this matter on June 9, 2022.


I declare under penalty of perjury that the foregoing is true and correct. Executed this 6th day of September 2023 at San Francisco, California.


/s/ Mario N. Alioto
Mario N. Alioto

**Lead Counsel for the Indirect Purchaser Plaintiffs**