MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile:  (415) 346-0679
E-mail:     malioto@tatp.com
            laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: | **JOINT NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CERTAIN "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL" DOCUMENTS IN THE PUBLIC RECORD** |
| All Indirect Purchaser Class Actions | |
| All Direct Purchaser Class Actions | |
| | Hearing Date:  November 16, 2023 |
| | Time: 2:00 p.m. |
| | Courtroom: 6, 2nd Floor |
| | The Honorable Jon S. Tigar |

1

2

## NOTICE OF MOTION

### TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3

4

5

6

7

8

9

10

11

12

PLEASE TAKE NOTICE that, on November 16, 2023 at 2:00 p.m., before the Honorable Jon S. Tigar, United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California, Courtroom 6, 2nd Floor, San Francisco, California, via Zoom, the Indirect Purchaser Plaintiffs ("IPPs") and Direct Purchaser Plaintiffs ("DPPs") (together, "Plaintiffs") and Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico") (collectively, "Parties") will move the Court, pursuant to Northern District of California Civil Local Rule 79-5(f) and the Stipulated Protective Order in this case, ECF No. 306, for entry of an Order granting the Parties to this litigation leave to publicly file most pleadings and accompanying documents in this matter, regardless of the producing party's confidentiality designation under the Stipulated Protective Order.

13

14

15

16

This motion is based on this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the [Proposed] Order submitted herewith; any further papers filed in support of this Motion; the argument of counsel; and all pleadings and records on file in this matter.

17

18

19

20

21

22

23

24

25

26

27

28

Dated:  October 12, 2023

Respectfully submitted,

By:      /s/ Mario N. Alioto

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone:  (415) 563-7200
Facsimile:  (415) 346-0679
Email:       malioto@tatp.com
                 laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ *R. Alexander Saveri*
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
David Y. Hwu (281780)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
Email: rick@saveri.com
          grushing@saveri.com
          mheaphy@saveri.com
          dhwu@saveri.com

*Lead Counsel for Direct Purchaser Plaintiffs*

/s/ *John M. Taladay*
BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp.*
*and Irico Display Devices Co., Ltd.*

2

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3

Indirect Purchaser Plaintiffs ("IPPs") and Direct Purchaser Plaintiffs ("DPPs") (together,

4

"Plaintiffs") and  Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico")

5

(collectively, "Parties") hereby move the Court for leave to publicly file most pleadings and

6

accompanying documents in this matter regardless of the producing party's confidentiality

7

designation under the Stipulated Protective Order, ECF No. 306 ("Protective Order"), except

8

those few Irico documents created less than five years ago, and any documents containing

9

personal confidential information. This motion is prompted by the recent filing of motions *in*

10

*limine* and summary judgment briefs, requiring multiple requests to file under seal various

11

documents designated as "Confidential" or "Highly Confidential"—most of them many years old

12

and produced by settled parties. As to all of these documents, this Court correctly concluded that

13

they should be filed in the public record. *See* ECF No. 6309 (Order denying sealing motions). It

14

is in the interests of all Parties and the Court to dispense with needless—and extremely

15

burdensome—motions to seal documents designated as "Confidential" or "Highly Confidential"

16

under the Protective Order.

17

**II.    ARGUMENT**

18

There is a strong long-standing presumption in favor of public access to judicial records.

19

*Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). A party can overcome

20

this presumption by providing "compelling reasons" to prevent public filing of documents. *Id*.

21

To justify the sealing of motions and papers filed, courts have emphasized that a party must

22

make a "particularized showing of good cause" and show a "compelling reason." *Foltz v. State*

23

*Farm Mutual Auto. Ins. Co*., 331 F.3d 1122, 1138 (9th Cir. 2002) (reversing the lower court's

24

sealing of records after finding no "compelling reason to justify sealing" under the protective

25

order). A court may find there to be a compelling reason to seal when the court record could be

26

used "as sources of business information that might harm a litigant's competitive standing."

27

28

1   *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting

2   *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)).

3         However, courts have found that it becomes increasingly difficult for a party to argue that

4   a compelling reason exists to overcome the presumption of public access when the business

5   information that a party seeks to seal is several years old. *See Bohannon v. Facebook, Inc.*, No.

6   12-cv-01894-BLF, 2019 WL 188671, at *6 (N.D. Cal. Jan. 14, 2019) ("Facebook provides no

7   specific support for the argument that release of revenue figures from nearly five years ago

8   would impact current partnerships or provide undue advantage to its competitors."); *Pacific

9   Marine Propellers, Inc. v. Warsila Defense, Inc.*, No. 17-cv-555-L-NLS, 2018 WL 6601671, at

10  *2 (S.D. Cal. Dec. 14, 2018) ("[T]he financial information disclosed by the exhibits is several

11  years old. Defendants have not shown why this outdated information would have any effect on

12  WDI's competitive standing at the present.").

13        Federal Rule of Civil Procedure 26(c) allows sealing for "a trade secret or other

14  confidential research, development, or commercial information." In this case, the Protective

15  Order covers only "information or tangible things . . . that qualify for protection under standards

16  developed under Fed. R. Civ. P. 26(c)." ECF No. 306 at ¶ 2.3.  The Protective Order does not

17  address privacy protection for personal information, and thus the Parties will continue to follow

18  the requirements of Federal Rule of Civil Procedure 5.2 to redact personal information, such as

19  class representatives' taxpayer-identification numbers and financial-account numbers, including

20  credit card numbers used to purchases of CRT products, as well as personal information related

21  to current or former employees of Irico.

22        As this Court has recognized, this case concerns an alleged conspiracy that ended in

23  2007, and a technology that is now obsolete. *See* ECF No. 6216 ("the price-fixing conspiracy

24  sought to be enjoined ended at least eight years ago. In the meantime, the CRT business has

25  largely died and the people who effectuated the CRT conspiracy moved on when CRT

26  technology became obsolete."). IPPs voluntarily dismissed their injunctive relief claim against

27  Irico based on its representation that it is no longer manufacturing CRTs. ECF No. 6224.

28

JOINT NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CERTAIN "CONFIDENTIAL" OR
"HIGHLY CONFIDENTIAL" DOCUMENTS IN THE PUBLIC RECORD
MDL No. 1917; Case No. 07-cv-5944-JST

1    In addition, most of the documents produced by Defendants are approximately two

2  decades old.  For example, most of the documents produced by defendant Chunghwa Picture

3  Tubes, Ltd. ("Chunghwa") and the other settling Defendants pre-date 2007. *See, e.g.,* ECF No.

4  6304 (Chunghwa documents filed provisionally under seal from 1998, 2000, and 2007).  Indeed,

5  most of the document requests to which Defendants were responding called for the production of

6  documents from January 1, 1995 through March 25, 2010, and data from January 1, 1991. Most

7  Defendants objected to producing documents through March 2010, however, and most

8  defendants only produced documents dated through the end of 2007.[1]

9    Moreover, several of the settling Defendants are now defunct making it impossible for

10  them to show "what specific harm an outdated document will have on its current or future

11  operations." *In re NCAA Student-Athlete Name and Likeness Licensing Litigation*, No. 09–cv–

12  01967 CW (NC), 2013 WL 3014138, at *2 (N.D. Cal. Jun. 17, 2013). For example, defendant

13  Chunghwa—which was the Department of Justice's amnesty applicant, and which produced

14  hundreds of reports of alleged conspiratorial meetings that the parties often need to submit to the

15  Court—filed for insolvency with the Taoyuan District Court in Taipei in September 2019. *See*

16  ECF Nos. 5839-3 & 5839-4. In October 2020, the Court granted Gibson, Dunn & Crutcher,

17  LLP's ("Gibson Dunn") motion to withdraw as counsel for Chunghwa. ECF No. 5584. In its

18  motion to withdraw, Gibson Dunn reported that it had "repeatedly attempted to contact

19  [Chunghwa]" for over a year but "received no response." ECF No. 5839 at 2; *see also* ECF No.

20  5879 at 1 (reporting that Chunghwa's bankruptcy counsel had forwarded Gibson Dunn's letters

21  to Chunghwa's Chairman of the Board and General Manager, but there had still been no

22  response). A Taipei Times article dated August 31, 2022 reports that Chunghwa stopped

23  operations in August 2019 and announced that it was laying off all of its employees, and that the

24

---

25  [1] A limited number of documents have been produced or will be produced by Irico in response to
26  recent Court Orders relating to Su Xiaohua that were created less than five years ago and would
    not be subject to any Order resulting from this Joint Motion.  Those documents contain the Bates
27  prefix "IRI-SU."

28

JOINT NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CERTAIN "CONFIDENTIAL" OR
"HIGHLY CONFIDENTIAL" DOCUMENTS IN THE PUBLIC RECORD
MDL No. 1917; Case No. 07-cv-5944-JST

Taoyuan District Court declared Chunghwa bankrupt on August 29, 2022.[2] Because Chunghwa is unrepresented, it has been impossible to contact it to get permission to file its documents publicly. Chunghwa has not responded to *any* of the sealing motions filed in this case since April 2019. As a result, numerous Chunghwa documents have already been filed publicly, making it even less likely that other Chunghwa documents could possibly satisfy the stringent requirements for sealing.[3]

Given that (1) none of the Defendants are manufacturing CRTs anymore and many of them are defunct, (2) CRT technology is obsolete, and (3) most of the documents in this case are approximately 20 years old, there can be no business information contained in these 20 year-old documents that could harm Defendants if released. *See* Order on Pending Administrative Motions to Seal, *In re Korean Ramen Antitrust Litigation*, No. 13-cv-04115-WHO (N.D. Cal. Mar. 23, 2018), ECF No. 719 (hereinafter "*Korean Ramen* Order") ("[A]t trial and post-trial I will not seal or close from the public information regarding pricing or profit that is over five years old, absent a showing from a party in court that specific harm would result to that party from the disclosure of that information."); *In re NCAA Student-Athlete Name and Likeness Licensing Litigation*, 2013 WL 3014138, at *2 ("This document is eight years old, and NCAA fails to articulate what specific harm an outdated document will have on its current or future operations."). To the extent that any Defendant claims to have a legitimate interest in continuing to seal its historical CRT documents from the public, it must show that specific harm would result from the disclosure of the information, which is now approximately 20 years old, sufficient to overcome this strong presumption against sealing outdated information. *See Korean Ramen*

---

[2] *See* https://www.taipeitimes.com/News/biz/archives/2022/08/31/2003784452.

[3] Other settling Defendants have likewise been declared bankrupt and are defunct. LG.Philips Displays ("LPD"), the CRT joint venture formed by defendants LG Electronics, Inc. ("LGE") and Koninklijke Philips N.V. ("Philips"), entered bankruptcy in January 2006. *See* https://www.wsj.com/articles/DJFII00020080623e21v0002o. But LGE and Philips produced some of its documents in this case and designated them as "Confidential" or "Highly Confidential." And defendant MT Picture Display Co., Ltd. "has been dissolved and completed final liquidation proceedings in Japan on May 23, 2019." ECF No. 6126 at 24, n. 10.

1  Order. *See also Hodges v. Apple Inc.*, No. 13–cv–01128–WHO, 2013 WL 6070408, at *2 (N.D.
2  Cal. Nov. 18, 2013) ("An unsupported assertion of unfair advantage to competitors without
3  explaining how a competitor would use the information to obtain an unfair advantage is
4  insufficient.") (quotation omitted).

5      This Court made it clear at the hearing on DPPs' November 19, 2021 sealing motion
6  (ECF No. 5966) and in other orders regarding the Parties' motions to seal, that most of the
7  documents in this matter will no longer qualify for sealing. *See, e.g.*, ECF Nos. 5599, 5693,
8  5988, 6164, 6234, and 6309.

9      Finally, this case will be tried in a matter of months. Thus, the right of class members and
10 the general public to be fully informed regarding the evidence supporting the allegations in this
11 case is heightened. Recognizing this, prior to the *Korean Ramen* trial in 2018, Judge Orrick
12 ordered that the court would not seal any documents over five years old. *See Korean Ramen*
13 Order.  The Parties suggest the Court follow the same procedure here and find that the Parties
14 may publicly file any documents produced in this matter that were created more than five years
15 ago regardless of the confidentiality designation as long as that document does not contain
16 personal confidential information that should be redacted.

17 **III.  CONCLUSION**

18     In light of the age of these documents and given the Court's directions on this issue, the
19 Parties seek the Court's leave to publicly file documents produced by any party or third party,
20 regardless of their confidentiality designation if they are more than five years old. Granting this
21 motion does not otherwise alter or vacate the Protective Order in this matter or alleviate the need
22 to protect personal confidential information, but it will eliminate unnecessary and burdensome
23 sealing motions.

24
25 Dated:  October 12, 2023          Respectfully submitted,

26              By:    */s/ Mario N. Alioto*
                    Mario N. Alioto (56433)
27                     Lauren C. Capurro (241151)

28
JOINT NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE CERTAIN "CONFIDENTIAL" OR
"HIGHLY CONFIDENTIAL" DOCUMENTS IN THE PUBLIC RECORD
MDL No. 1917; Case No. 07-cv-5944-JST

TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile:  (415) 346-0679
Email: malioto@tatp.com; laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*

/s/ *R. Alexander Saveri*
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
David Y. Hwu (281780)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
Email: rick@saveri.com
         grushing@saveri.com
         mheaphy@saveri.com
         dhwu@saveri.com

*Lead Counsel for Direct Purchaser Plaintiffs*

/s/ *John M. Taladay*
BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp.
and Irico Display Devices Co., Ltd.*