MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. CV-07-5944-JST <br><br> MDL No. 1917 <br><br> **INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S MOTION FOR SUMMARY JUDGMENT** |
| **This document relates to:** <br><br> **ALL INDIRECT PURCHASER ACTIONS** | Date: December 14, 2023 <br> Time: 2:00 p.m. <br> Courtroom: One, 17th Floor <br> Judge: Jon S. Tigar |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that the Indirect Purchaser Plaintiffs ("IPPs") hereby move the Court for an order granting IPPs leave to file a Surreply In Opposition to Irico Group Corporation and Irico Display Devices Co., Ltd.'s Motion for Summary Judgment.

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, and such other materials and information that the Court may properly consider.

Dated:  November 3, 2023	Respectfully submitted,

By:  /s/ Mario N. Alioto
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
Mario N. Alioto (SBN 56433)
Lauren C. Capurro (SBN 241151)
2001 Union Street Suite 482
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*

1

**IPPs' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S MOTION FOR SUMMARY JUDGMENT, MDL No. 1917**

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Indirect Purchaser Plaintiffs ("IPPs") by and through their undersigned counsel, hereby respectfully submit this Memorandum in Support of their Motion for Leave to File Surreply in Opposition to Irico Group Corporation and Irico Display Devices Co., Ltd.'s together, "Irico") Motion for Summary Judgment, ECF No. 6261. As reflected in IPPs' proposed surreply and declarations in support thereof – attached hereto as Exhibits A, B, C, and D respectively – IPPs seek leave as required under Civil Local Rule 7-3(d) to file a surreply to respond to the evidentiary objections made by Irico for the first time in their Reply in support of their motion for summary judgment. *See* ECF No. 6231 at 6-7.

IPPs recognize and agree that surreplies should be rare and limited in scope. Here, IPPs respectfully submit that a surreply is justified for the exclusive purpose of addressing Irico's evidentiary objections to certain IPP exhibits, which will assist the Court in resolving Irico's motion for summary judgment. This Court has granted motions for leave to file surreplies in similar situations. *See, e.g.*, *Makreas v. First Nat'l Bank of N. Cal.*, No. 11-cv-02234-JST, 2013 U.S. Dist. LEXIS 79243, at *9 (N.D. Cal. June 4, 2013) (granting leave to file a surreply "for the exclusive purpose of addressing Defendants' evidentiary objections"); *Parson v. Golden State FC, LLC*, No. 16-cv-00405-JST, 2016 U.S. Dist. LEXIS 58299, at *9 (N.D. Cal. May 2, 2016) (granting leave to file a surreply because defendants did not raise their objections to certain of plaintiffs' claims until their reply). Indeed, some district courts by Local Rule permit the filing of a surreply to respond to evidentiary objections made in the reply brief. *See, e.g.,* S.D. Ind. Civ. L.R. 56-1(d); D. OR. L.R. 56-1(b).

Consistent with this approach, many courts recognize that following the 2010 amendments to Rule 56, "instead of 'a clear, bright-line rule ('all documents must be authenticated'),' Rule 56(c)(2) now prescribes a 'multi-step process by which a proponent may submit evidence, subject to objection by the opponent and an opportunity for the proponent to either authenticate the document or propose a method [of] doing so at trial.'" *Jones v. W. Tidewater Reg'l Jail*, 187 F. Supp. 3d 648, 654 (E.D. Va. 2016). *See also* 1 *Moore's AnswerGuide: Federal Civil Motion Practice* § 9.08 ("Many courts have now held that

authentication is required *only if* a question is raised about whether the document can be authenticated at trial. This is the correct result based on the 2010 amendment, and it appears that the old approach has been superseded. This shift in practice streamlines the summary-judgment process both for the submitting party and for the court, eliminating what was mostly a formalistic requirement easily satisfied in practice and substituting a common-sense mechanism for the court to address authentication issues when there is a need to do so.") (emphasis added).[1]

Courts in the Ninth Circuit have likewise held that (1) "in 2010, Federal Rule of Civil Procedure 56 changed. Courts must now consider unauthenticated evidence at summary judgment if the evidence can be presented in a *form* that would be admissible at trial"[2]; and (2) that the proponent of the evidence should be given an opportunity to respond to evidentiary objections. *See, e.g., Dzung Chu v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 385-86 (9th Cir. 2010) ("*[O]nce Defendants objected to the evidence Plaintiffs sought to be admitted*, the onus was on Plaintiffs to direct the district court's attention to authenticating documents, deposition testimony bearing on attribution, hearsay exceptions and exemptions, or other evidentiary principles under which the evidence in question could be deemed admissible by the district court.") (emphasis added); *City of Lincoln v. Cty. of Placer,* No. 2:18-cv-00087-KJM-AC, 2023 U.S. Dist. LEXIS 59206, at *3 (E.D. Cal. Apr. 3, 2023*) ("*If* the opposing party objects, the proponent must direct the court to 'authenticating documents, deposition testimony bearing on attribution, hearsay exceptions and exemptions, or other evidentiary principles under which the evidence in question could be deemed admissible.'") (citation omitted, emphasis added).

Here, Irico objected to IPPs' evidence in its Reply in support of summary judgment. Therefore, IPPs respectfully request that the Court permit them to file a surreply for the limited purpose of responding to Irico's evidentiary objections, and directing the court to "authenticating

---

[1] *See also Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) ("This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record.")

3
**IPPs' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S MOTION FOR SUMMARY JUDGMENT, MDL No. 1917**

documents, deposition testimony, deposition testimony bearing on attribution, hearsay exceptions and exemptions, or other evidentiary principles under which the evidence in question could be deemed admissible." *In re Oracle Corp. Sec. Litig.*, 627 F.3d at 385-86.

For these reasons, IPPs respectfully request that the Court grant Plaintiffs' Motion for Leave to File Surreply.[3]

Dated:  November 3, 2023              Respectfully submitted,

By: /s/ Mario N. Alioto
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
Mario N. Alioto (SBN 56433)
Lauren C. Capurro (SBN 241151)
2001 Union Street Suite 482
San Francisco, CA  94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679

*Lead Counsel for Indirect Purchaser Plaintiffs*

---

[2] *See, e.g., Harlow v. Chaffey Cmty. Coll. Dist.*, No. 21-55349, 2022 U.S. App. LEXIS 25357, at *2-3 (9th Cir. Sep. 6, 2022).

[3] IPPs were unable to file this Motion until now because IPPs were working with counsel for Philips and then with Jan De Lombaerde, a former Philips employee, to get declarations authenticating certain of IPPs' exhibits as business records. Mr. De Lombaerde did not sign his declaration until October 31, 2023.