UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No. 1917<br>Case No. 07-cv-05944-JST |
| This order relates to:<br>BRIAN LUSCHER, et al.,<br>　　　　　Plaintiffs,<br>　　v.<br>MITSUBISHI ELECTRIC CORPORATION,<br>　　　　　Defendant. | Case No. 17-cv-04067-JST<br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY'S FEES, EXPENSES, AND INCENTIVE AWARDS FOR CLASS REPRESENTATIVES**<br>Re: ECF No. 6177 |

The Court has separately approved the settlement between Indirect Purchaser Plaintiffs ("IPPs") and Defendant Mitsubishi Electric Corporation. Now before the Court is Class Counsel's motion for attorney's fees, expenses, and incentive awards for the class representatives. ECF No. 6177. The Court will grant the motion in part and deny it in part.

IPPs' requested expenses and incentive awards are reasonable and will be granted.

The Court will award attorney's fees in the amount of $9,075,000, or 27.5% of the $33,000,000 settlement. The Court found 27.5% of the settlement fund to be an appropriate fee award when IPPs settled with other Defendants. ECF No. 4740 at 5–9. Class Counsel now request 33% of the Mitsubishi Electric settlement fund and ask the Court to consider the total aggregate settlement fund, across all Defendants, when evaluating the reasonableness of their request. However, they have not persuaded the Court that 27.5% of each settlement fund does not remain an appropriate fee award.

IPPs also have not persuaded the Court to deviate from its customary practice of withholding a percentage of the fee award until after the filing of a post-distribution accounting.

Accordingly, it is hereby ordered that:

1. The Court awards Class Counsel $9,075,000 in attorney's fees, together with a proportional share of interest earned on the Settlement Fund for the same time period and at the same rate as that earned on the Settlement Fund until disbursed to Class Counsel.

2. The Court grants Class Counsel's request for $13,122.10 to cover litigation expenses.

3. The Court approves the distribution of an incentive award of $2,000 to each Class Representative named in the first amended complaint against Mitsubishi Electric, ECF No. 5687.

4. All of the above shall be paid from the Settlement Fund.

5. Class counsel shall file a post-distribution accounting within 21 days after the distribution of settlement funds. In addition to the information contained in the Northern District of California's Procedural Guidance for Class Action Settlements, available at https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/, the post-distribution accounting shall discuss any significant or recurring concerns communicated by class members to the settlement administrator or counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved.

6. The Court will withhold 10% of the attorney's fees granted in this order until the post-distribution accounting has been filed. Class Counsel shall file a proposed order releasing the remainder of the fees when they file their post-distribution accounting.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    7.    The Court sets a further case management conference on May 14, 2024, with a case management statement due on May 7, 2024.  The parties may request that the case management conference be continued if additional time is needed to complete the distribution.  The conference will be vacated if the post-distribution accounting has been filed and the Court has released the remaining attorney's fees.

**IT IS SO ORDERED.**

Dated:  November 6, 2023



JON S. TIGAR
United States District Judge