BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: | **DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO IRICO'S MOTION FOR SUMMARY JUDGMENT** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | Date: December 14, 2023 Time: 2:00 pm Judge: Hon. Jon S. Tigar Courtroom: 6, 2nd Floor |

1

**MEMORANDUM**

2    Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. ("Irico" or "Irico

3 Defendants") respectfully request the Court to **deny** Indirect Purchaser Plaintiffs' ("IPPs")

4 Motion for Leave to File Surreply in Opposition to Irico's Motion for Summary Judgment (the

5 "Motion") as well as its proposed Surreply, filed as Exhibit A to the Motion (ECF No. 6334-1)

6 ("Surreply"). ECF No. 6334.

7    IPPs' Motion is improper for three principle, independently dispositive reasons.

8    First, IPPs ask the Court to throw out the Court's well established policy not to permit

9 surreplies.  Neither Irico's Reply nor IPPs' Motion provides a basis to create an exception to this

10 rule.

11    Second, Irico's Reply included well-founded objections to evidence presented in IPPs'

12 Opposition to Irico's Motion for Summary Judgment but contained no new legal or factual

13 arguments.  ECF No. 6321  IPPs have been acutely aware of these objections for many months

14 but failed to address them in their Opposition or take any other timely action.  Therefore, their

15 proposed Surreply should be rejected because the Irico defendants' Reply does not raise new

16 issues requiring a Surreply.

17    Third, IPPs' proposed Surreply contains expansive and new factual allegations for the first

18 time in the 16-year history of this case by way of a declaration from Mr. Jan de Lombaerde – an

19 evidentiary declaration that Irico had no opportunity to test or challenge.  The Declaration of Jan

20 de Lombaerde (ECF No. 6334-3) ("de Lombaerde Declaration") extends well beyond any issue of

21 document authentication and delves into new factual issues that IPPs failed to explore in the

22 lengthy deposition of Mr. de Lombaerde in 2014, or any time in the nine years since.  IPPs offer

23 no basis or excuse for this "surprise" evidence, introduced long after the close of discovery.

24    In particular, IPPs claim that Irico's previous lack of participation in the litigation

25 deprived IPPs of the ability to develop a record as to the authenticity and admissibility of the

26 documents they now seek to rely upon in their proposed Surreply is illogical and facetious. IPPs'

27 offering is *all third-party evidence.*  Without Irico in the case, IPPs' opportunity to gather third-

28 party evidence against Irico was an uncontested layup.  IPPs' broken-record argument seeks to

redirect the Court's focus away from the root cause of the evidentiary problem: their failure is their own.

There are additional factors weighing against IPPs' Motion, as discussed below. A surreply is not an opportunity for a "do over" of discovery or an opposition motion. But that is exactly what IPPs are seeking. Ultimately, this Motion is an improper and untimely attempt to address Irico's previous admissibility objections to most of these same exhibits while also putting forth new evidentiary claims that have no place in a surreply. Therefore, IPPs' Motion should be denied.

## I.      IPPS' MOTION FOR LEAVE TO FILE A SURREPLY SHOULD BE DENIED

### A.      This Court Disfavors Surreplies

As IPPs admit, surreplies are disfavored by courts in this district and are rarely granted. Civ. L. R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letter may be filed without prior Court approval…"); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. CV 07-5944-SC, 2014 WL 2581525, at *1 (N.D. Cal. June 9, 2014) (noting that "[t]he Court disfavors surreplies"). This policy is well-placed. Irico timely filed both its Motion for Summary Judgment and its Reply months ago, both of which extensively refer to the voluminous discovery record— and the failure of IPPs' evidence against Irico—to address the deficiencies present in IPPs' case. But after sitting with Irico's Reply for over six weeks, *much* longer than the time permitted for any responsive brief, IPPs make an end-run around this Court's rules to try to plug the gaping holes in IPPs' Opposition that Irico pointed out. This type of gamesmanship is precisely why surreplies are disfavored and why IPPs' Motion should be denied.

### B.      The Documentary Objections Raised In Irico's Reply Brief Are Not "New Evidence Or Legal Claims" Warranting A Surreply

The rare exception to the general prohibition against surreplies is when a party introduces *new* evidence or legal arguments in a reply brief, but this exception is wholly unwarranted here. *See* Mot. at 1 ("IPPs recognize and agree that surreplies should be rare and limited in scope."). Irico's Reply "do[es] not present new information, but respond[s] solely to arguments raised in [IPPs'] Opposition." *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-05676-EJD, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020); *see also Banga v. First USA*, NA, 29 F. Supp. 3d

1270, 1276 (N.D. Cal. 2014) (holding that a "surreply typically is denied when no new evidence or legal arguments are raised for the first time in the reply brief.").  IPPs' attempt to shoehorn Irico's longstanding admissibility objections as new legal claims warranting a surreply does not pass muster.  The parties have engaged in extensive back-and-forth regarding evidentiary objections to thousands of documents put forward by both parties, including the early objections to the documents IPPs' sought to admit at summary judgment under the co-conspirator exception, the hundreds of documents examined in support of the parties' stipulation on trial evidence, and the thousands of documents in the parties' pre-trial exhibit exchanges that involved the parties' various objections to documents such as authenticity, hearsay, and hearsay-within-hearsay.  *See* Order Adopting Special Master's Report and Recommendation re: Admissibility of Coconspirator Documents and Statements (ECF No. 6093); ECF No. 6268; Werbel Decl. Ex. 1.  The parties' trial exhibit exchange, made a month *prior* to IPPs' Opposition, included Irico's admissibility objections to all but two of IPPs' Opposition exhibits.[1]  Irico did not have an opportunity to object to these two because they were never introduced into evidence, but they are equally inadmissible for that reason and others.[2]  Thus, the evidentiary objections Irico raised in its Reply merely reiterate the objections raised in those previous exchanges and, notably, only respond to the evidence IPPs introduced in their Opposition. IPPs ignored those objections in its Opposition, and now pretend that those objections never existed.

Even the cases IPPs cite do not support their claim that a surreply is justified in this case. Although *In re Oracle* and *City of Lincoln* dealt with evidentiary objections, neither case endorsed a surreply as the appropriate vehicle to deal with those objections.  *Compare* Mot. at 3 (arguing that "the proponent of the evidence should be given an opportunity to respond to evidentiary objections") *with In re Oracle Corp. Sec. Litig.*, 627 F.3d 376 (9th Cir. 2010) (no mention of surreply to deal with evidentiary objections) *and City of Lincoln v. Cnty. of Placer*,

---

[1] Irico's pre-trial exhibit exchange with IPPs, prior to IPPs' Opposition brief, included objections to almost all of the exhibits relied upon by IPPs in their opposition.  For four of these (Exs. 11-13 and 24), the objection was on the basis that Irico could not identify a certified translation of the documents with other objections reserved.

[2] The two exhibits (Exs. 2 and 25) were not included on IPPs' trial exhibit list and had never been introduced into evidence in the case.

1    No. 2:18-CV-00087-KJM-AC, 2023 WL 2776091 (E.D. Cal. Apr. 4, 2023) (same).

2         Even IPPs' cases that granted surreplies do not support IPPs' instant request.  In *Makreas*,

3    the court ultimately declined to consider plaintiff's surreply because the motion was largely

4    dedicated to addressing the merits of defendant's summary judgment motion, which is precisely

5    what IPPs' Surreply does here.  *See Makreas v. First Nat. Bank of N. California*, No. 11-CV-

6    02234-JST, *9 (N.D. Cal., Closed Jan. 13, 2014).  And IPPs' reliance on *Parson* is similarly

7    misplaced.  In *Parson*, the court granted leave to file a surreply to address legal arguments

8    brought for the first time by defendants regarding plaintiffs' California labor law claims, and

9    there was no mention of evidentiary objections.  *See Parson v. Golden State FC, LLC*, No. 16-

10   CV-00405-JST, 2016 WL 1734010, *2-3 (N.D. Cal. May 2, 2016).  Simply put, none of the cases

11   cited by IPPs justify their exceptional request to be given leave to file a surreply.

12        Finally, IPPs mischaracterize the scope of Irico's objections in IPPs' Reply. Irico's Reply

13   primarily objects to the *admissibility* of IPPs' exhibits, and in few justifiable cases, their

14   authenticity. Additionally, Irico did *not* agree to the overall admissibility into evidence of any

15   document in the parties' stipulation regarding authenticity and business records, and *specifically*

16   *preserved all other grounds for objections to admissibility*, including under Fed. R. Evid. 805.

17   Stipulation and Order Regarding Authenticity and Business Records at ¶ 4, ECF No. 6268.

18   **C.    IPPs' Surreply and Supporting Affidavits Improperly Admit New Evidence**

19        The de Lombaerde Declaration that accompanies IPPs' Motion introduces new facts, for

20   the first time in this case, to address issues that have been present in this case for years.  Those

21   issues, focused on Irico's lack of U.S. sales, were not only pervasive in Irico's Motion for

22   Summary Judgment – and should have been addressed in IPPs' Opposition – but go back to the

23   earliest days of Irico's involvement .  *See, e.g.,* Defendants Joint Motion to Dismiss Indirect

24   Purchaser Plaintiffs' Consolidated Amended Complaint at 6-9, ECF No. 485; Irico's Motion for

25   Summary Judgment at 6-15, ECF No. 6261 (arguing that IPPs failed to present evidence of Irico

26   CRT sales or contacts to the United States).  These new alleged facts are improper in a Surreply.

27   and should be excluded.

28        The de Lombaerde Declaration includes multiple assertions relating to the purported

1  inclusion of Irico CPTs in Philips-Magnavox branded televisions manufactured by a Chinese

2  OEM, TCL, that were ostensibly shipped to the U.S.  But the issue of Irico's lack of sales into the

3  IPP States was the explicit subject of Irico's Motion for Summary Judgement.  *See* Irico's Motion

4  for Summary Judgment at Pages 6-9 (arguing that Irico is entitled to summary judgment for

5  certain of IPPs' state law claims on due process grounds due to Irico's lack of contacts with those

6  states), 9-11 (arguing that IPPs have failed to identify sufficient evidence of intrastate conduct to

7  establish a claim under certain state laws), ECF No. 6261.  Thus, any argument by IPPs on that

8  subject could have and should have been raised in their Opposition. Consistent with how other

9  courts have treated newly submitted evidence in a surreply, the factual allegations should be

10  excluded.  *See Rodgers v. Chevys Restaurants*, *LLC*, No. C13-03923 HRL, 2015 WL 909763, at

11  *5 (N.D. Cal. Feb. 24, 2015) (excluding surreply brief because the plaintiff attempted to "submit

12  new facts in support of the surreply, meaning that Defendants are unable to respond to this new

13  evidence. This is equivalent to raising new facts in a reply brief, which is not permitted.");

14  *Tounget v. Valley-Wide Recreation & Park Dist.*, No. EDCV 16-88 JGB (KKX), 2020 WL

15  8410456, at *3 (C.D. Cal. Feb. 20, 2020) ("[D]efendant's attempt to introduce [in a surreply] new

16  legal arguments and the declaration of an undisclosed expert is clearly improper."); *Ojo v.*

17  *Farmers Grp., Inc.*, 565 F.3d 1175, 1185 n.13 (9th Cir. 2009) (holding that it is generally

18  improper for a moving party to introduce new facts or different legal arguments in a reply brief).

19          Putting aside the wholly speculative nature of Mr. de Lombaerde's hearsay claims,

20  including Mr. de Lombaerde's purported ability to look into the minds of Irico defendants and

21  state what "Irico knew," this is the ***first time*** that IPPs have adduced these facts.  *See* de

22  Lombaerde Decl. at ¶¶ 8-9.  IPPs had sixteen years to develop the facts in the de Lombaerde

23  declaration, including during Mr. de Lombaerde's *two-day* deposition in October of 2014.

24  Instead, IPPs hijack a proposed surreply, a filing expressly limited to addressing evidentiary

25  objections raised in reply even if allowed, with this purported evidence.[3]  IPPs thus misrepresent

26  the "limited purpose" of their Motion. *Cf* Mot. at 3-4 (IPPs requesting leave of the court to "file a

---

[3] Irico notes that the factual assertions offered in the de Lombaerde Declaration are inadmissible hearsay and also suffer from other deficiencies, yet another reason the de Lombaerde Declaration should not be allowed into the record.

surreply for the limited purposes of responding to Irico's admissibility objections").  IPPs are well aware that Mr. de Lombaerde's assertions are unrelated to admissibility and introduce new factual assertions.  The Court should see past IPPs' ploy and deny such a disingenuous attempt to sneak in material new factual allegations wholly unrelated to addressing Irico's evidentiary objections in its Reply. *See Ojo*, 565 F.3d at 1185 n.13; *Rodgers*, 2015 WL 909763 at *5; *Tounget*, 2020 WL 8410456 at *3.

Accordingly, should the Court be inclined to permit IPPs to respond to Irico's evidentiary objections, the Court should, in any event, strike the factual assertions of the de Lombaerde Declaration and any portion of IPPs' Surreply that relies on those paragraphs.

### D.   IPPs Cannot Blame Irico's Lack of Participation In the Litigation for IPPs' Own Failure to Develop the Record.

IPPs look to pass the buck for their own failure to develop their case against Irico based on the fact that "IPPs were not actively litigating against Irico at the time." Surreply at 6.  This claim is factually and legally meritless and cannot support the introduction of new evidence now.

First, this matter was filed in 2007 and the Court did not enter a default against Irico until 2016.  Clerk's Notice of Entry of Default, ECF No. 4729.  Notwithstanding Irico's prior absence in this litigation, IPPs still had a continuing obligation to develop the record against Irico on behalf of the indirect purchasers during that nine year period because: (1) IPPs must meet a higher burden of proof for default given the Chinese government's ownership and control of Irico;[4] and, (2) IPPs were still required to prove damages as to Irico.[5]  As the Court presciently

[4] Under the FSIA, IPPs were obligated to develop facts against Irico because "[n]o judgment by default shall be entered by a court of the United States or of a State against . . . an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e); *see also In Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 242 (2d Cir. 1994) (a determination against an agency or instrumentality of a foreign state "in some cases will require a hearing" on liability and damages and will always require a record that the "district court was satisfied with the evidence submitted").

[5] When seeking a default judgment even in a non-FSIA matter, Ninth Circuit precedent establishes that only the factual claims in the complaint are accepted as true and a plaintiff is still required to prove the amount of damages.  *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (holding that when moving for a default judgment, the well-pleaded factual allegations in the complaint are accepted as true, with the exception of the allegations as to the amount of damages must be proved); *see also Geddes v. United Fin. Group*,

1    observed in 2018: "If I thought I could get 2 and a half billion dollars, mightn't I have started a

2    little earlier and worked a little harder?"  ECF No. 5237 (Mot. to Set Aside Default Hr'g Tr. (Jan.

3    11, 2018)) at 34:23-25).  IPPs' failure to do so reflects their choices and not the actions of Irico.

4        Second, any claim by IPPs of their inability to develop the record against Irico is belied by

5    the voluminous discovery record, which includes thousands of documents collected and hundreds

6    of depositions taken during the original discovery period.  During that period, IPPs were free to

7    ask witnesses questions about Irico, establish the admissibility of documents concerning Irico,

8    and otherwise develop the documentary record against Irico.  But, as seen in the sparse factual

9    record regarding Irico before the parties to date, IPPs chose not to.  For example, IPPs attempt to

10   shift blame by claiming that they were unaware of Exhibits 4, 5, and 10 prior to de Lombaerde's

11   2014 deposition flies in the face of the truth.  *See* Surreply at 12.  Philips produced those

12   documents to IPPs *prior* to de Lombaerde's 2014 deposition, giving IPPs full opportunity to ask

13   de Lombaerde any questions they wanted about them.  *See* Werbel Decl. Ex. 2.  IPPs merely

14   declined to do so.

15       Finally, IPPs attempts to misdirect the Court with their irrelevant arguments related to

16   spoliation and the pending sanctions motion before Special Master Walker. *See* Reply at 1

17   (addressing irrelevance of spoliation motion to summary judgment motion).  This is yet another

18   example of IPPs attempting to end-run the motions practice already before the Special Master and

19   usurp his role in adjudicating the pending sanctions briefing on the merits. Any references to

20   spoliation within IPPs' Surreply should therefore be ignored.

21       At bottom, IPPs point fingers at everyone but themselves for their failure to pursue

22   discovery and develop the factual record against Irico. But in reality, IPPs failure was a result of

23   their own inaction.

24   **II.    IF THE COURT WERE TO GRANT LEAVE TO FILE A SURREPLY, IRICO
         RESPECTFULLY REQUESTS AN OPPORTUNITY TO RESPOND**
25

26       In the event that the Court grants IPPs' Motion, in whole or in part, Irico respectfully

27   559 F.2d 557, 560 (9th Cir. 1977) (same); *APL Co. Pte. Ltd. v. Cruz Int'l, Inc.*, No. CV 11-04851
     YGR (DMR), 2 (N.D. Cal. Jan. 24, 2012) (holding that a plaintiff must establish damages in
28   default proceedings).

1   requests an opportunity to respond to the evidentiary matters raised in IPPs' Surreply and

2   accompanying declarations.

3                                  **<u>CONCLUSION</u>**

4        For the foregoing reasons, Irico respectfully request that the Court deny IPPs' Motion for

5   Leave to File a Surreply in Opposition to Irico's Motion for Summary Judgment.

6

7   Dated: November 17, 2023                    Respectfully submitted,

8
                                                /s/ *John M. Taladay*
9                                               BAKER BOTTS LLP
                                                John M. Taladay (*pro hac vice*)
10                                              Evan J. Werbel (*pro hac vice*)
                                                Thomas E. Carter (*pro hac vice*)
11                                              Andrew L. Lucarelli (*pro hac vice*)
                                                700 K Street, N.W.
12                                              Washington, D.C. 20001
                                                202.639.7700
13                                              202.639.7890 (fax)
                                                Email: john.taladay@bakerbotts.com
14                                              evan.werbel@bakerbotts.com
                                                tom.carter@bakerbotts.com
15                                              drew.lucarelli@bakerbotts.com
16

17
                                                *Attorneys for Defendants Irico Group Corp. and*
18                                              *Irico Display Devices Co., Ltd.*

19

20

21

22

23

24

25

26

27

28