BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
　　　evan.werbel@bakerbotts.com
　　　tom.carter@bakerbotts.com
　　　drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*IRICO GROUP CORP. and*
*IRICO DISPLAY DEVICES CO., LTD.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-cv-05944-JST (N.D. Cal.) |
| | MDL No. 1917 |
| This Document Relates to: ALL INDIRECT PURCHASER ACTIONS | **ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO IRICO'S MOTION FOR SUMMARY JUDGMENT** |

**MEMORANDUM**

Pursuant to Civil Local Rules ("L.R.") 7-11 and 79-5, Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. ("Irico" or "Irico Defendants") hereby move for leave to file new material evidence in support of Irico's Opposition to Indirect Purchaser Plaintiffs' ("IPPs") Motion for Leave to File Surreply in Opposition to Irico's Motion for Summary Judgment. ECF No. 6344.

The additional evidence, attached as the Declaration of Jan De Lombaerde, is new and directly relevant to whether IPPs' have made the requisite showing in their Motion for Leave and therefore justifies Irico's Administrative Motion for Leave to file Supplemental Information. *See Hungerstation LLC v. Fast Choice LLC*, No. 19-CV-05861-HSG, 2020 WL 137160, at *3 fn. 3 (N.D. Cal. Jan. 13, 2020) (granting plaintiff's administrative motion for leave to file a letter updating the Court on recent factual developments relevant to the pending motions); *Newmark Realty Cap., Inc. v. BGC Partners, Inc.*, No. 16-CV-01702-BLF, 2018 WL 2573183, at *3 (N.D. Cal. Mar. 30, 2018) (granting plaintiff's motion to submit new evidence for the plaintiff's pending motion to modify a preliminary injunction). Defendants were only able to learn of, confirm and obtain this evidence this week; it was not available at the time of our Opposition filed last Friday.

**I.   INTRODUCTION**

Irico seeks leave to supplement their Opposition with new evidence that is material to the Court's resolution of if IPPs' Motion for Leave. We understand that the Court has now vacated the date for the summary judgment hearing and other pretrial and trial dates in this matter pending the newly-scheduled pretrial conference on February 27, 2024 (ECF No. 6363), but Irico presents this newly-discovered evidence at this time to provide the Court with all relevant evidence as quickly as possible and to complete the record on the relevant issues.

In particular, Irico learned this week that IPPs' counsel made inappropriate contact with Jan De Lombaerde, a former employee of co-defendant Koninklijke Philips Electronics ("Philips") to secure his declaration in support of IPPs' Motion for Leave. New facts show that IPPs' counsel contacted Mr. De Lombaerde directly and not through Mr. De Lombaerde's

1  counsel, despite knowing that Mr. De Lombaerde was represented by counsel in this case. *See*

2  Werbel Del. ¶ 2 (Jan De Lombaerde Dep. Tr. Vol. 1 at 7:11-13: Charles Malaise of Baker Botts

3  identifying himself as counsel for Philips and Mr. De Lombaerde). Moreover, during that contact

4  Mr. De Lombaerde was under the impression that IPP counsel was working on behalf of Philips,

5  the entity that represented Mr. De Lombaerde during his deposition. De Lombaerde Decl. ¶ 2. At

6  no point during that contact did IPPs' counsel ask whether Mr. De Lombaerde was still

7  represented by Philips attorneys or if he wanted to continue to be represented by Philips

8  attorneys. *Id.* ¶ 4. Indeed, if IPPs' counsel had ventured to asked Mr. Lombaerde, or made clear

9  that they were not contacting him on behalf of Philips, he would have affirmed that he wanted to

10 continue to be represented by Philips' attorneys and would have reached out to Philips' counsel

11 before proceeding further with IPP counsel. *Id.* ¶¶ 3-4.

12   These new factual developments demonstrate IPP misconduct that warrants the exclusion

13 of Mr. De Lombaerde's Declaration filed by IPPs, a fact that should be considered by the Court

14 when ruling on IPPs' Motion for Leave. *See Hungerstation*, 2020 WL 137160, at *3 fn. 3;

15 *Newmark Realty*, 2018 WL 2573183, at *3.

16 **II.   IPPs' Inappropriate Contact with De Lombaerde Warrants Exclusion of the Lombaerde Declaration**

17

18   California Rule of Professional Conduct 4.2(a) prohibits communications that go to the

19 merits of the case either "directly or indirectly…with a person the lawyer knows to be represented

20 by another lawyer in this matter, unless the lawyer has the consent of the other lawyer." Cal. R.

21 Prof'l Conduct 4.2(a); *see HTC Corp. v. Tech. Properties Ltd.*, 715 F. Supp. 2d 968, 973 (N.D.

22 Cal. 2010) (stating that California Rules of Professional Conduct 4.2 is violated when contact has

23 an improper effect on the merits of the case). In the event of such a contact, "the proper

24 remedy…is to exclude all evidence or information obtained through the improper contacts."

25 *United States v. Sierra Pac. Indus.*, 857 F. Supp. 2d 975, 981 (E.D. Cal. 2011).

26   IPPs' counsel violated Rule 4.2(a) when they contacted Mr. De Lombaerde without

27 authorization, did not ask him if he was still represented by Philips' attorneys, and yet proceeded

28 to extract a declaration of outsized importance to IPPs' Motion for Leave. *See* IPPs' De

Lombaerde Decl., ECF No. 6334-3; De Lombaerde Decl. ¶ 4. Those issues should never have been broached without Mr. De Lombaerde's counsel present. *See* Cal. R. Prof'l Conduct 4.2(a); Irico's Opposition to IPPs' Motion for Leave at 4-6, ECF No. 6344. IPPs' decision to do so constitutes misconduct. *Id.* Therefore, the De Lombaerde Declaration obtained by IPPs should be excluded from IPPs' Motion for Leave and Surreply. *See Sierra Pac*, 857 F. Supp. at 981

## CONCLUSION

For the foregoing reasons, Irico respectfully requests leave to file the Declaration of Jan De Lombaerde in support of their Opposition to IPPs' Motion for Leave to File Surreply.

Dated: November 22, 2023                     Respectfully submitted,

/s/ *John M. Taladay*
BAKER BOTTS LLP
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*