MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile:  (415) 346-0679
E-mail:    malioto@tatp.com
           laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO IRICO'S MOTION FOR SUMMARY JUDGMENT** |
| ALL INDIRECT PURCHASER ACTIONS | |
| | The Honorable Jon S. Tigar |

## I. INTRODUCTION

Irico Group Corp. and Irico Display Devices Co., Ltd. (together "Irico") move the Court for permission to file a supplemental Declaration of Jan De Lombaerde (ECF No. 6347-3, "Suppl. De Lombaerde Decl."). ECF No. 6347 (the "Motion"). The Motion includes a request to exclude another Declaration of Jan De Lombaerde (a former employee of Philips) authenticating three Philips documents submitted with IPPs' opposition to Irico's summary judgment motion and corroborating the facts reflected in those documents regarding Irico's indirect sales of CRTs to the United States. *See* ECF No. 6334-3 ("De Lombaerde Decl."). Irico argues that the Court should exclude the first De Lombaerde Declaration because IPP counsel "made inappropriate contact" with Mr. De Lombaerde when they contacted him directly "despite knowing that Mr. De Lombaerde was represented by counsel in this case." Motion at 2. Irico is incorrect.

IPP counsel did not know that Mr. De Lombaerde was represented by Philips' counsel when they contacted him, and there is no evidence that he was in fact represented. Moreover, Philips has not objected to IPPs' contact with Mr. De Lombaerde or his Declaration.

Not content with having destroyed or made unavailable most of its relevant evidence and percipient witnesses in this matter, Irico is now attempting to suppress relevant evidence from its customers and third parties with baseless accusations of ethical violations by IPP Counsel. Irico's request to exclude the De Lombaerde Declaration should be rejected.

## II.   RELEVANT FACTUAL BACKGROUND

Contrary to Irico's contentions, IPP counsel did not know that Mr. De Lombaerde was represented by Philips' counsel when they contacted him. *See* Decl. of Lauren C. Capurro Re IPPs' Response to Irico's Admin. Motion for Leave to File Suppl. Evidence ("Capurro Decl.") ¶ 2. Mr. De Lombaerde retired from Philips in 2009—fourteen years ago. De Lombaerde Decl. ¶ 1. Irico cites Mr. De Lombaerde's deposition transcript as support for its claim that he was still represented by Baker Botts (which significantly, also represents Irico in this case). Motion at 2. But Mr. De Lombaerde's deposition was taken almost ten years ago in 2014 when Philips was still a defendant

1  in the IPP case. ECF No. 6347-1 (Werbel Decl.), Ex. 1. Philips is no longer a defendant and has
2  not been litigating against IPPs since their settlement in January 2015. ECF No. 6334-2, Ex. 2.

3        Moreover, prior to contacting Mr. De Lombaerde, IPP counsel contacted Philips' counsel
4  and requested their assistance to authenticate the Philips documents filed with IPPs' opposition to
5  summary judgment, and specifically requested that they contact Mr. De Lombaerde because he
6  was the author or recipient of several of the relevant emails. Capurro Decl. ¶ 2.[1] Philips' counsel
7  informed IPP counsel that Mr. De Lombaerde no longer worked for Philips and that they were
8  unable to contact him. Capurro Decl. ¶ 2. At no point did Philips' counsel inform IPP counsel that
9  they still represented Mr. De Lombaerde. *Id*. Significantly, Mr. De Lombaerde does not state that
10 he was represented by Philips' counsel at the time IPP counsel contacted him. *See generally* Suppl.
11 De Lombaerde Decl. Nor is there a declaration from Philips' counsel or retainer agreement
12 demonstrating that they represented Mr. De Lombaerde at the time of IPP counsel's contact.

13       Irico also asserts that Mr. De Lombaerde was somehow "under the impression that IPP
14 counsel was working on behalf of Philips[.]" Motion at 2. IPP counsel first contacted Mr. De
15 Lombaerde via LinkedIn and email. Capurro Decl. ¶ 3. The messages did not mention Philips and
16 expressly stated: "I am one of the attorneys representing the plaintiffs in the CRT antitrust litigation
17 in the United States." *Id*. Mr. De Lombaerde responded and agreed to speak to IPP counsel and
18 provided his telephone number. *Id*. During the call with Mr. De Lombaerde, IPP counsel again
19 explained that they represented the plaintiffs in the CRT antitrust litigation and was very clear that
20 IPPs had settled with Philips several years earlier and that Philips was no longer a party to the
21 litigation. *Id*. IPP counsel also explained the procedural posture of the case against Irico and why
22 they were contacting Mr. De Lombaerde—namely, that Irico was the only remaining defendant,
23 that it had moved for summary judgment based on its claim that it did not sell CRTs to the United
24 States, and that IPP counsel sought Mr. De Lombaerde's assistance with authenticating several

---

[1] IPPs' Settlement Agreement with Philips requires Philips to cooperate with IPPs to authenticate documents and lay the foundation for their admissibility at trial. *See* ECF No. 6334-1 at 5.

Philips emails he sent or received showing that Philips approved Irico's CRTs for use in televisions to be sold in the United States. *Id*. IPP counsel emphasized to Mr. De Lombaerde that they were not seeking any information about Philips' alleged participation in the CRT conspiracy and were only interested in what he knew about Irico's indirect sales of CRTs to the United States. *Id*. At no point did IPP counsel seek any information regarding potentially privileged communications between Mr. De Lombaerde and Philips' counsel. *Id*. ¶ 4.

Mr. De Lombaerde is a sophisticated businessman, having risen to be the global head of CRT purchasing for Philips' television business in his 36 years with Philips. ECF No. 6334-3. It is unclear how he could have thought IPP counsel was working on behalf of Philips. Notably, his Supplemental Declaration is silent as to what exactly IPP counsel said to give him that impression.

Finally, IPP counsel drafted Mr. De Lombaerde's Declaration based on their conversations and the information he provided regarding Philips' purchases of Irico's CRTs for use in televisions to be sold in the U.S. Capurro Decl. ¶ 5. In response to IPP counsel's email presenting the draft declaration to Mr. De Lombaerde for his review and asking if he was okay with it as drafted, Mr. De Lombaerde responded: "I am perfectly happy with the content of the declaration." *Id*.

**III.    ARGUMENT**

As an initial matter, Irico's Motion should be denied because this Court expressly prohibited the parties from filing additional papers on IPPs' motion for leave to file a surreply. *See* ECF No. 6343. In addition, Irico's Motion fails on the merits.

California's Rule of Professional Conduct ("CRPC") 4.2(a) states:

> In representing a client, a lawyer shall not communicate directly or indirectly about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer.

CRPC 4.2(a) requires actual knowledge. "Lawyers should not be at risk of disciplinary action for violating [former] rule 2-100 because they 'should have known' that an opposing party was represented or would be represented at some time in the future. Rule 2-100 does not provide for

constructive knowledge. It provides only for actual knowledge." *Truitt v. Superior Court,* 59 Cal. App. 4th 1183, 1188 (1997).

Here, as demonstrated above, Irico fails to demonstrate that Mr. De Lombaerde was represented by Philips' counsel at the time IPP counsel contacted him, much less that IPP counsel *knew* he was represented. Philips' counsel informed IPP counsel that they were unable to contact him. This is hardly consistent with continuing representation. Under these circumstances, it was reasonable for IPP counsel to conclude that Mr. De Lombaerde was no longer represented by Philips' counsel. *See Jackson v. Ingersoll-Rand Co.*, 42 Cal. App. 4th 1163, 1168 (1996) (rejecting assertion that law firm continued to represent a former client two years after she dismissed her claim: "Contrary to respondent's view, an attorney who once appears on behalf of a client does not remain 'counsel of record' until time immemorial, forever excluding other attorneys from contacting the former client. Rule 2-100 is designed to preserve existing attorney-client relationships, not to grant an attorney hegemony over former clients through which he or she can obstruct the opposing party's investigation of its case.").

Second, CRPC 4.2 only prohibits communications with *current* employees because "'the ultimate purpose of [CRPC 4.2] is to preserve the confidentiality of attorney-client communications'[.]" *Cont'l Ins. Co. v. Superior Court*, 32 Cal. App. 4th 94, 116-117 (1995). Contact with former employees does not implicate the concerns underlying CRPC 4.2 because former employees are not involved in the corporation's attorney-client relationship, they have no influence over the corporation's litigation strategy or settlement, and they cannot make evidentiary admissions that bind the corporation. *Id*. at 120. Conversely, an overly broad interpretation of the "anti-contact" rule "unduly impedes the flow of information and unnecessarily increases the costs of litigation." *Id*.; *see also id*. at 115 (noting tension between anti-contact rule and CRPC 5-310, which prohibits counsel's suppression of evidence). As a result, courts consistently hold that, "it is not a violation of any ethical rule, including California Rule of Professional Conduct 2-100, if an attorney contacts a former employee of the opposing party." *Lott v. U.S.,* No. C07-3530 PJH (EMC), 2008 U.S. Dist. LEXIS 111176, at *2 (N.D. Cal. July 25, 2008) (citing cases).

1        Here, Mr. De Lombaerde is a former employee of Philips and Philips is no longer a party to this litigation. Thus, there can be no concern that IPP counsel attempted to influence Philips' litigation or settlement strategy or induce Mr. De Lombaerde to make admissions that would bind Philips. There is also no suggestion that IPPs sought information regarding Mr. De Lombaerde's communications with Philips' counsel about IPPs' lawsuit against Philips. IPP counsel sought only facts relating to Philips' purchases of Irico's CRTs for use in televisions to be sold in the United States. Because the communications with Mr. De Lombaerde were not about "the subject of the representation[,]"—*i.e.,* IPPs' lawsuit against Philips—they were not prohibited by CRPC 4.2(a). *See* CRPC 4.2, Comment 4 ("This rule does not prohibit communications with a represented person concerning matters outside the representation."). In addition, the attorney-client privilege 'only protects disclosure of communications; it does not protect disclosure of underlying facts by those who communicated with the attorney.'" *Cont'l Ins. Co.*, 32 Cal. App. 4th at 117.

        Finally, Irico asserts that the De Lombaerde Declaration should be excluded because it has an "improper effect on the merits of the case." Motion at 2. But Irico fails to identify any "improper effect" on this case. Mr. De Lombaerde does not suggest that he would have provided different information if Philips' counsel had been present. There is also no assertion that Philips is prejudiced by the Declaration. Indeed, Philips has not objected to IPP counsel's contact with Mr. De Lombaerde or his Declaration, and Irico does not explain what interest Philips has in the De Lombaerde Declaration. Far from having an "improper effect on the merits of this case," Mr. De Lombaerde's Declaration mitigates to some extent the prejudice to IPPs caused by Irico's destruction of evidence and furthers the search for the truth. Irico destroyed *all* communications with its customers. Such communications would have included the types of communications with Philips described by Mr. De Lombaerde. De Lombaerde Decl. ¶¶ 7-9. If preserved and produced, such communications would have prevented Irico from claiming it never sold CRTs to the United States and moving for summary judgment on that basis. Exposing Irico's continuing lies regarding its CRT sales to the United States and its cynical attempt to take advantage of its spoliation of evidence is not an "improper effect on the merits of the case."

5

INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE; MDL No. 1917; Case No. 07-cv-5944-JST

In sum, the Court should reject Irico's continued attempts to suppress relevant evidence in this litigation. Irico's Motion and its request to exclude the De Lombaerde Declaration (ECF No. 6334-3) should be denied.

Dated:  November 27, 2023                                By:  /s/ Mario N. Alioto

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile:  (415) 346-0679
Email:  malioto@tatp.com; laurenrussell@tatp.com

*Lead Counsel for Indirect Purchaser Plaintiffs*