Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
|---|---|
| | Case No. 07-cv-5944-JST |
| This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | **DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN SUPPORT OF IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OPPOSITION TO INDIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO IRICO'S MOTION FOR SUMMARY JUDGMENT**<br><br>The Honorable Jon S. Tigar |

I, Lauren C. Capurro, declare:

1. I am a partner with Trump, Alioto, Trump & Prescott, LLP, Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I am a member of the Bar of the State of California and admitted to practice before this Court. I make this declaration in support of the IPPs' Response to Administrative Motion for Leave to File Supplemental Evidence in Support of Irico Group Corp. and Irico Display Devices Co., Ltd.'s Opposition to IPPs' Motion for Leave to file Surreply in Opposition to Irico's Motion for Summary Judgment. Except where otherwise stated, the matters set forth herein are within my personal knowledge and if called upon and sworn as a witness I could competently testify regarding them.

2. Prior to contacting Mr. De Lombaerde, I contacted Philips' counsel and requested their assistance to authenticate the Philips documents filed with IPPs' opposition to summary judgment.[1] I specifically requested that Philips' counsel contact Mr. De Lombaerde because he was the author or recipient of several of the relevant emails. Philips' counsel informed me that Mr. De Lombaerde no longer worked for Philips and that they were unable to contact him. At no point did Philips' counsel inform me that they still represented Mr. De Lombaerde. Thus, I did not know that Mr. De Lombaerde was represented by Philips' counsel when I contacted him in October 2023. At no time since filing Mr. De Lombaerde's declaration has Philips' counsel notified me that it did, in fact, represent Mr. De Lombaerde when I contacted him.

3. I first contacted Mr. De Lombaerde via LinkedIn and email. The messages did not mention Philips and expressly stated: "I am one of the attorneys representing the plaintiffs in the CRT antitrust litigation in the United States." Mr. De Lombaerde responded to my messages and agreed to speak to me and provided his telephone number. During the call with Mr. De Lombaerde, I again explained that I represented the plaintiffs in the CRT antitrust litigation in the United States and was very clear that my clients, the Indirect Purchaser Plaintiffs, had settled with Philips several years earlier and that Philips was no longer a party to the litigation. I also explained the procedural

---

[1] IPPs' Settlement Agreement with Philips requires Philips to cooperate with IPPs to authenticate documents and lay the foundation for their admissibility at trial. *See* ECF No. 6334-1 at 5.

1
DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS'
RESPONSE TO ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE;
CASE NO. 07-cv-5944-JST, MDL NO. 1917

posture of IPPs' case against Irico and why I was contacting Mr. De Lombaerde—namely, that Irico was the only remaining defendant, that it had moved for summary judgment based on its claim that it did not sell CRTs to the United States, and that I sought Mr. De Lombaerde's assistance with authenticating several Philips emails he sent or received showing that Philips approved Irico's CRTs for use in televisions to be sold in the United States. I emphasized to Mr. De Lombaerde that I was not seeking any information about Philips' alleged participation in the CRT conspiracy and was only interested in what he knew about Irico's indirect sales of CRTs to the United States.

4. At no point during my interactions with Mr. De Lombaerde did I seek any information regarding potentially privileged communications between Mr. De Lombaerde and Philips' counsel.

5. I drafted Mr. De Lombaerde's Declaration based on my conversations with him and the information he provided regarding Philips' purchases of Irico's CRTs for use in televisions to be sold in the United States. In response to my email presenting the draft declaration to Mr. De Lombaerde for his review and asking if he was okay with it as drafted, Mr. De Lombaerde responded: "I am perfectly happy with the content of the declaration."

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of November 2023 in Novato, California.

        */s/ Lauren C. Capurro*
        Lauren C. Capurro

---

2
DECLARATION OF LAUREN C. CAPURRO IN SUPPORT OF INDIRECT PURCHASER PLAINTIFFS' RESPONSE TO ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE; CASE NO. 07-cv-5944-JST, MDL NO. 1917