BAKER BOTTS L.L.P.
John M. Taladay (*pro hac vice*)
Evan J. Werbel (*pro hac vice*)
Thomas E. Carter (*pro hac vice*)
Andrew L. Lucarelli (*pro hac vice*)
700 K Street, N.W.
Washington, D.C. 20001
(202)-639-7700
(202)-639-7890 (fax)
Email: john.taladay@bakerbotts.com
  evan.werbel@bakerbotts.com
  tom.carter@bakerbotts.com
  drew.lucarelli@bakerbotts.com

*Attorneys for Defendants*
*Irico Group Corp. and*
*Irico Display Devices Co., Ltd.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST<br><br>MDL No. 1917<br><br>**IRICO DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION OF JANUARY 31, 2024**<br><br>Judge:   Honorable Jon S. Tigar |
| This Document Relates to:<br><br>*ALL DIRECT PURCHASER ACTIONS*<br><br>*ALL INDIRECT PURCHASER ACTIONS* | |

## I. INTRODUCTION

Pursuant to Local Rule 72-2 and the Order Appointing Special Master for Discovery (ECF No. 2272 ¶¶ 6(a) & (b)), Defendants Irico Group Corporation and Irico Display Devices Co, Ltd. (jointly, "Irico") hereby file a limited and conditional objection, seeking to amend the February 23, 2024, deadline for compliance with the Special Master's January 31, 2024 Report and Recommendation on Discovery Search Terms ("Search Terms R&R"), ECF No. 6351.

This objection is limited in that it seeks only additional time to comply with the Search Terms R&R in light of the substantial volume of documents (approximately 28,000 in total) required to be reviewed based on the additional search terms required by the Special Master in the Search Term R&R. The Search Terms R&R was issued right before the lengthy celebration of the Chinese Lunar New Year in China (where Irico is located), which, combined with the volume of materials at issue, makes compliance by the deadline proposed in the R&R impossible. This objection is conditional in that Irico has submitted a request for the same additional time to the Special Master on February 8, 2024, upon which the Special Master has not yet ruled. Should the Special Master grant the request for extension, Irico intends to withdraw this objection. Irico files this objection now because of the fixed requirement that any objection to any recommendations by the Special Master be filed within 14 days, which is today.

The current February 23, 2024, deadline in the Search Terms R&R, in essence, meets the conditions for being contrary to the law and clearly erroneous as it does not allow sufficient time for Irico to comply given the burdens illustrated by the attached search term hit reports, *see* Carter Decl., Ex. B (Irico Feb. 8, 2024 Extension Request Letter) at 5, 7 (search term reports showing approximately 28,000 documents for review, including attachments), and the intervening Chinese Lunar New Year holiday. Irico therefore objects solely to the deadline set in the Search Terms R&R and requests an extension to comply from February 23 to March 25, 2024.

## II. BACKGROUND

Pursuant to the Special Master's Interim and Second Interim Reports & Recommendations on Plaintiffs' Motion for Discovery Sanctions (ECF Nos. 6233 & 6275), Irico collected, reviewed, and produced documents in October 2023 responsive to targeted requests related to the departure of former Irico employee Su Xiaohua. The Second Interim Report &

Recommendation allowed Plaintiffs to "provide search terms designed to identify responsive documents and information to Baker Botts for searching [Mr. Su's] laptop and Irico's servers, backup drives and relevant devices." ECF No. 6275 at 5. Irico was permitted to object to any such search terms it considered "improper" and "withhold production" of documents hitting only on those terms until such objection was resolved by the Special Master. *Id.*

On September 7, 2023, Plaintiffs submitted approximately 80 search terms, including terms that were facially not designed to identify materials specifically related to the issue of Mr. Su's resignation, such as broad terms like "delay," "allowance" and "cooperate." These search terms hit on over 40,000 documents, more than half of all documents collected from the identified Irico custodians. *See* Carter Decl., Ex. G (Taladay Decl.) ¶ 23. Irico objected to using such general terms, without limiting the searches to documents that also mention Mr. Su, as very likely to create unreasonable burden by forcing Irico to review an excessive volume of nonresponsive documents. Irico proposed a modified set of search terms, which still used all of Plaintiffs' general terms, but only when they appeared together in the same document with one or more of a set of specific terms related to Mr. Su (for example, Mr. Su's name, email address, citizen and Irico employee ID numbers, etc.) rather than in isolation. *Id.* These modified, targeted search parameters resulted in approximately 9,400 documents that were reviewed first for Chinese state secrets and then for responsiveness, with responsive materials from that set produced to Plaintiffs in October 2023. *See* Carter Decl., Ex. G, ¶¶ 24, 31. Irico raised the search term dispute with the Special Master by letter on October 9, 2023. *See* Carter Decl., Ex. E at 4-6. In compliance with the Second Interim R&R, ECF No. 6275 at 5, Irico collected and preserved all other custodian files hitting on Plaintiffs' original proposed terms on a Relativity server based in China, pending the Special Master's decision on search terms. *See* Carter Decl., Ex. G, ¶ 25.

The Special Master responded to Irico's October 9, 2023, submission regarding the search term dispute in the Search Terms R&R on January 31, 2024, finding generally that "Irico's use of its so-called 'Su qualifiers' to narrow plaintiffs' search terms is acceptable," but recommending that a list of 32 terms be applied without being "modified or narrowed." Search Terms R&R at 2. The Special Master recommended that Irico be ordered to produce all additional documents responsive to the new set of 32 terms by February 23, 2024. *Id.* at 4.

After reviewing the Search Terms R&R, counsel for Irico immediately contacted its eDiscovery vendor (BDO) to obtain a search term hit report and inquire regarding the expected timeline for review. *See* Carter Decl., ¶ 10. Irico and BDO personnel then traveled to Beijing, the location of the secure server holding the collected documents, rebooted and reconstituted the server, and ran the requested search term hit reports, a process that took approximately four days. *See* Carter Decl., ¶ 11. The preliminary search term hit reports suggest that the Special Master's additional search terms will require the review of approximately 28,000 additional documents. Irico communicated with counsel for Plaintiffs both before and after conducting the searches in an attempt to avoid further delay in the trial schedule that would likely result from these new searches, but counsel for Plaintiffs refused to withdraw or limit to the additional search terms in any way and would not agree to any extension beyond one week. Based on the large volume of documents requiring review, the Chinese New Year holiday and the impossibility of complying with the deadline currently set in Search Terms R&R, Irico then promptly submitted a letter to the Special Master on February 8, 2024, requesting an extension until March 25 to complete the required review and production, which was followed by an opposing letter from Plaintiffs on February 9 and a reply letter from Irico on February 12, 2024. *See* Carter Decl., Exs. B, C, D. As of the time of filing, the Special Master has not yet ruled on Irico's extension request.

### III.  OBJECTIONS TO SPECIAL MASTER'S ORDER

#### A.  The Specific Portion of the Special Master's Report at Issue

Irico objects only to the portion of the Search Terms R&R recommending a February 23, 2024, deadline to review and produce all responsive documents to Plaintiffs. ECF No. 6351 at 4. At the time that the Special Master set the deadline, he was necessarily unaware of the total volume of unreviewed materials implicated by the recommended terms and may not have considered the impact of the Chinese Lunar New Year holiday in China, where Irico is located.

#### B.  Basis for Objections

##### 1.  The Search Terms R&R Sets an Infeasible Deadline, and Thus Meets the Conditions for Being Contrary to the Law and Clearly Erroneous

District courts have the inherent powers to manage and control their dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402 (9th Cir. 2010). The exercise of that inherent power,

however, must be a "reasonable response to the problems and needs confronting the court's fair administration of justice." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Degen v. U.S.,* 517 U.S. 820, 823-24 (1996) (internal quotations omitted); *Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 587 (9th Cir. 2022). Here, the deadline recommended by the Special Master simply does not leave Irico sufficient time to comply, as detailed below. This is especially true in light of the intervening Chinese New Year holiday that is delaying Irico's ability to begin the necessary document review processes. Therefore, the portion of the Search Terms R&R imposing the February 23, 2024 deadline should be amended because it is contrary to the law and clearly erroneous. *See Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Irico intends to fully comply with the required searches, review, and production mandated by the Search Terms R&R, but cannot do so within the timeframe recommended by the Special Master. The review required by the additional search parameters recommended by the Special Master is extensive. Irico's eDiscovery vendor (BDO) has completed a preliminary analysis of the 32 additional search terms listed in the Search Terms R&R and determined that these terms hit on around 28,000 incremental files, including attachments. See Carter Decl., Ex. B at 5, 7. These additional 28,000 search hits and attachments have been de-duplicated using standard eDiscovery techniques and exclude the documents previously reviewed and so represent new files that must be assessed for Chinese state secrets in China and responsiveness in the U.S. before they can be produced. In total, this is approximately thrice the size of the original 9,400 files that Irico reviewed for the October 2023 productions to Plaintiffs.

As discussed, in order to comply with Chinese law, this process first requires full review of the documents (in mainland China) for Chinese state secrets, as the Special Master previously recognized. *See* ECF No. 6275 at 2, 4; Carter Decl. Ex. G (Taladay Decl.), ¶¶ 26-29. All cleared documents must then be exported to the United States, followed by a full review for responsiveness of the documents (nearly all of which are expected to be in Chinese) in the United States. Conducting this process in the most expeditious manner will require several additional weeks beyond the current February 23, 2024, deadline. See *id.* at ¶¶ 26-31.

The October 2023 review process involved a total of around 9,400 files and required approximately four weeks from the start of review for Chinese state secrets to the completion of

the final production to Plaintiffs. See Carter Decl., ¶ 9. While the total new volume of documents for review is substantially higher than in October 2023, Irico believes it can take steps to expedite the process and complete it by March 25, 2024, an extension of just over four weeks.

### 2. Compliance with the Search Terms R&R's Deadline is not Feasible Due to the Intervening Chinese New Year Holiday

Irico's efforts to comply with the Search Terms R&R are also complicated by the Chinese New Year holiday. The national holiday officially runs for eight days from February 10 through 17, 2024, and Irico, BDO (Irico's eDiscovery vendor), and AnJie Broad (the Chinese law firm conducting the Chinese state secrets review) had already begun to shut down well in advance of the 10th and will be closed through February 17. See Carter Decl., ¶ 12; Ex. G (Taladay Decl.) at ¶¶ 27-31 (describing role of BDO and AnJie Broad). As such, review in China of the 28,000 identified documents cannot begin until the week of February 19, 2024. And because all documents must clear a Chinese state secrets review by qualified Chinese counsel before being released to the U.S. or reviewed by U.S.-based lawyers, Irico's U.S. counsel cannot begin work until the state secrets review is completed and approved for export to a U.S.-based server. See Carter Decl., Ex. G (Taladay Decl.) ¶¶ 26-28 (describing requirements under Chinese law). Under the current deadline of February 23, 2024, this leaves only five business days (from February 19 to February 23) to complete both the China-side state secrets review and U.S.-side responsiveness review and then prepare any responsive documents for production—which cannot be done based on past experience. See Carter Decl., ¶ 9. The requested amendment of the Search Terms R&R to extend the deadline to March 25 would allow for approximately five working weeks after conclusion of the Chinese New Year holiday, still an ambitious but realistic schedule to conduct the necessary reviews and production.

For the foregoing reasons, the Court should amend the Search Terms R&R to extend the deadline to comply from February 23, 2024, to March 25, 2024.

Dated: February 14, 2024

Respectfully submitted,

/s/ John M. Taladay
BAKER BOTTS L.L.P.
JOHN M. TALADAY

EVAN J. WERBEL
THOMAS E. CARTER
ANDREW L. LUCARELLI
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
   evan.werbel@bakerbotts.com
   tom.carter@bakerbotts.com
   drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*