# Exhibit A

Vaughn R Walker
Jackie Nakamura
Walker Nakamura ADR LLP
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
Tel: (415) 871-2888
vrw@judgewalker.com

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master Case No 4:07-cv-5944-JST |
| | MDL No 1917 |
| This Relates to: | |
| *ALL DIRECT PURCHASER ACTIONS* | **SPECIAL MASTER'S REPORT & RECOMMENDATION ON DISCOVERY SEARCH TERMS** |
| *ALL INDIRECT PURCHASER ACTIONS* | |

Pursuant to the Second Interim Report and Recommendation, plaintiffs were invited to provide search terms designed to identify responsive documents and information to counsel for Defendants Irico Display Devices Co, Ltd and Irico Group Corporation (collectively "Irico").[1] That order stated: "[i]f Irico's United States counsel deems any search terms improper, they can bring that matter to the undersigned's attention and withhold production of selected documents until the objection is resolved."[2] Irico's counsel has requested the undersigned "approve a modified version of Plaintiffs' search terms to identify responsive documents, which Plaintiffs oppose." October 9, 2023 Taladay Letter at 1. Irico's counsel has

---

[1] ECF 6324 at 5 (October 3, 2023 Order Approving Second Interim Report).
[2] *Id.*

not asserted that any of plaintiffs' search terms are "improper."  Instead, Irico's counsel informed the undersigned that plaintiffs' search terms resulted in over 40,000 documents and therefore, Irico's counsel applied additional terms, called "Su qualifiers," to narrow down the hits to 3,300 documents.  October 9, 2023 Taladay Letter at 5.

The undersigned has reviewed the parties' briefs on the matter and based on the numbers of documents resulting from each of plaintiffs' search terms, recommends the following.  Irico's use of its so-called "Su qualifiers"[3] to narrow plaintiffs' search terms is acceptable, except with respect to the following search terms, which should not be modified or narrowed in any way:

American courts

Antitrust

California

CRT

Declaration of personnel traveling abroad

Depart from Post

Deposition

Evidence

Federal court

GM Su

Hong Kong

Litigation

Macau

Postpone

Quit

Rehire

---

[3] The "Su qualifiers" are set forth in the October 9, 2023 Taladay Letter at 5 (including variations on Su's name, ID numbers and email addresses).

| | |
|---|---|
| 1 | Retire |
| 2 | Retirement |
| 3 | Su Xiaohua |
| 4 | Su Xiaohua's email ID |
| 5 | Su Xiaohua's work email |
| 6 | Su Xiaohua's ID number |
| 7 | Su Xiaohua's employee number |
| 8 | testify |
| 9 | Travel permit |
| 10 | Wang Zhaojie |
| 11 | Wang Zhaojie's email ID |
| 12 | Witness |
| 13 | Yan Yunlong |
| 14 | Zhang Wenkai |
| 15 | Zhang's email ID |
| 16 | Zhang Wenkai's WeChat alias |
| 17 | / |
| 18 | / |
| 19 | / |
| 20 | / |
| 21 | / |
| 22 | / |
| 23 | / |
| 24 | / |
| 25 | / |
| 26 | / |
| 27 | |
| 28 | |

1    The Second Interim Report and Recommendation ordered Irico's United States

2    counsel, Baker Botts, "to conduct searches for ESI" using plaintiffs' designated search terms and

3    to collect and produce responsive documents and information.  Irico's United States counsel

4    shall follow the guidance here on search terms and produce responsive documents and

5    information to plaintiffs no later than February 23, 2024.

6    SO ORDERED.

7    Date:    January 31, 2024

8    _____

9                         Vaughn R Walker
                     United States District Judge (Ret)
10

11   The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

12   Date: _____

13

14

15   _____
                         Honorable Jon S Tigar
16                   United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit B

# BAKER BOTTS LLP

| | | |
|---|---|---|
| 700 K STREET, N.W.<br>WASHINGTON, D.C.<br>20001 | AUSTIN<br>BRUSSELS<br>DALLAS<br>DUBAI<br>HOUSTON<br>LONDON | NEW YORK<br>PALO ALTO<br>RIYADH<br>SAN FRANCISCO<br>SINGAPORE<br>**WASHINGTON** |
| TEL  +1 202.639.7700<br>FAX  +1 202.639.7890<br>BakerBotts.com | | |

February 8, 2024

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

Re:    In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
No. 07-CV-944-JST

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")
write with respect to Your Honor's Report and Recommendation on Discovery Search Terms dated
January 31, 2024 (ECF No. 6351) ("Search Terms Order"), to request an extension until March
25, 2024, to comply with that order.

As explained in more detail below and in the attachments, the review required by the
additional search parameters is extensive.  A preliminary analysis of the search terms required by
the Search Terms Order indicates that approximately 28,000 documents—three times the volume
of documents previously reviewed for production in October 2023—will require review.  As
previously explained, this process first requires full review of the documents (in mainland China)
for Chinese state secrets.  All cleared documents must then be exported to the United States,
followed by a full review for responsiveness of the documents (nearly all of which are expected to
be in Chinese) in the United States.  Conducting this process in the most expeditious manner will
require several additional weeks beyond the current February 23, 2024, deadline.  *See* Taladay
Decl. Regarding Compliance with Interim Orders on Plaintiffs' Motion for Discovery Sanctions
(Nov. 23, 2023) ("Taladay Decl.") at ¶¶ 26-31.  Moreover, Irico's ability to execute on the
processing and review of these documents will be delayed by the Chinese New Year holiday, a
major holiday also known as the Spring Festival, during which Irico, its eDiscovery vendor, and
the Chinese law firm tasked with conducting a state secrets review will all be closed for over a
week, a shutdown in China that has already begun.  An extension to March 25 would allow for
approximately five weeks to fully comply with the Search Terms Order following the end of the
holiday, a target that will require expeditious processing and review of the additional 28,000
documents but which Irico believes can be accomplished.

Irico has met and conferred with Plaintiffs regarding the proposed extension and shared the
attached search term reports.  Plaintiffs offered an extension of only one week, which would not

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

be sufficient to comply with the Search Terms Order for the reasons explained herein.  After receipt of the attached search term reports, Plaintiffs also rejected Irico's proposal to request modification of the search terms to reduce the number of documents that would need to be reviewed and better target those that might contain relevant materials.

> **1.  Results of Preliminary Search Term Analysis and Comparison to Prior Productions**

Irico's eDiscovery vendor (BDO) was able to access the pre-existing database of documents before the Chinese New Year holiday and has completed a preliminary analysis of the 32 additional search terms[1] listed in the Search Terms Order.  The vendor has determined that these terms hit on approximately 28,000 incremental files, comprised of approximately 10,400 emails with attachments and 17,700 internal text messages with attachments.  *See* Attachment A (email search term report); Attachment B (internal text message search term report).[2]  These additional 28,000 search hits and attachments *exclude* the documents previously reviewed and so represent new files that must be assessed for Chinese state secrets in China and responsiveness in the U.S. before they can be produced.  In total, this is approximately thrice the size of the original 9,400 files that Irico reviewed for the October 2023 productions to Plaintiffs.

Irico's recent experience with coordinating such a cross-border document review and production efforts confirms that additional time will be needed to fully comply with the Search Terms Order.  The October 2023 review process involved a total of around 9,400 files and required approximately four weeks from the start of review for Chinese state secrets to the completion of the final production to Plaintiffs.  While the total new volume of documents for review is substantially higher than in October 2023, Irico believes it can take steps to expedite the process and complete it by March 25, 2024, an extension of just over four weeks.

> **2.  Intervening Chinese New Year Holiday**

Irico's efforts to comply with the Search Terms Order are also complicated by the Chinese New Year holiday.  The national holiday officially runs for eight days from February 10 through 17, 2024, but much of the country, including those necessary to complete this process, have already begun to shut down.  Beginning this week and through February 17, Irico, BDO (Irico's eDiscovery vendor), and AnJie Broad (the Chinese law firm conducting Chinese state secrets

---

[1] The Search Terms Order listed 32 distinct terms in English, but three of those terms ("CRT," "Depart from Post," and "Postpone") have two versions each in the original list of Plaintiffs' proposed terms, either distinct Chinese and English versions or two synonyms in Chinese, resulting in a total of 35 incremental search terms.

[2] Running these search reports required coordination between Irico and eDiscovery vendor personnel, travel to the server location, rebooting and reconstituting the server, and running the search term reports, a process that took approximately four days.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                                    - 3 -

review) will be closed, with a large number of employees already unavailable due to previously planned travel.[3]

     As such, review in China of the 28,000 identified documents cannot begin until the week of February 19, 2024.  And because all documents must clear a Chinese state secrets review by qualified Chinese counsel before being released to the U.S. or reviewed by U.S.-based lawyers, see Taladay Decl. ¶¶ 26-28 (describing requirements under Chinese law), Irico's U.S. counsel cannot begin work until the state secrets review is completed and approved for export to a U.S.-based server.  Under the current deadline of February 23, 2024, this leaves only five business days (from February 19 to February 23) to complete both the China-side state secrets review and U.S.-side responsiveness review and then prepare any responsive documents for production—which cannot be done based on past experience.  The requested extension to March 25 allows for approximately five working weeks after conclusion of the Chinese New Year holiday, still an ambitious but realistic schedule to conduct the necessary reviews and production.

     Thank you for your consideration of Irico's requested extension, until March 25, 2024, to comply with the Search Terms Order.


                           Sincerely,
                           */s/ John Taladay*
                           John Taladay


cc:    Gina Tercero (gina.tercero@fedarb.com)
       Tanveer Singh (tanveer.singh@fedarb.com)
       R. Alexander Saveri (rick@saveri.com)
       Geoffrey C. Rushing (geoff@saveri.com)
       Matthew D. Heaphy (mheaphy@saveri.com)
       Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

---

[3] *See* China Public Holiday 2024 Schedule Released, China Briefing (Oct. 25, 2023), https://www.china-briefing.com/news/china-public-holiday-2024-schedule/; Chunyun – Spring Festival Travel Rush in China, Travel China Guide, https://www.travelchinaguide.com/china-trains/spring-festival-rush.htm (describing "the largest human migration on earth happening annually" beginning two weeks before the Chinese New Year holiday).

# Attachment A



## Irico
### New Special Master Search Terms

**Results Summary - Email Data**

| Total documents with hits, excluding docs already reviewed | Total documents with hits, family included, excluding docs already reviewed |
|---|---|
| 5782 | 10377 |

**New Terms List**

| Term | Documents with hits, excluding docs already reviewed | Documents with hits (families included), excluding docs already reviewed | Unique hits, excluding docs already reviewed | Translation/Note |
|---|---|---|---|---|
| 美国法院 | 20 | 40 | 0 | American Courts |
| 反垄断 | 399 | 1,051 | 7 | Antitrust |
| 加州 | 41 | 119 | 1 | California |
| 彩管 | 330 | 2,113 | 38 | CRT |
| CRT | 906 | 1,858 | 253 | CRT |
| 承诺书 | 40 | 166 | 11 | Declaration of personnel traveling abroad |
| 离岗 | 40 | 231 | 10 | Depart from Post |
| 离职 | 567 | 1,422 | 47 | Depart from Post |
| 取证 | 102 | 358 | 15 | deposition |
| 证据 | 965 | 2,622 | 6 | Evidence |
| 联邦法院 | 6 | 9 | 0 | federal court |
| 苏总 | 0 | 0 | 0 | GM Su |
| 香港 | 1,157 | 3,743 | 400 | Hong Kong |
| 诉讼 | 1,017 | 2,716 | 108 | Litigation |
| 澳门 | 122 | 454 | 1 | Macau |
| 延 | 1,680 | 5,932 | 606 | Postpone |
| 缓 | 238 | 1,055 | 51 | Postpone |
| 辞职 | 83 | 481 | 2 | Quit |
| 返聘 | 21 | 301 | 3 | Rehire |
| 退休 | 597 | 2,488 | 45 | Retire |
| 养老 | 365 | 1,666 | 212 | Retirement |
| 苏晓华 | 40 | 47 | 5 | Su Xiaohua |
| sxh | 359 | 366 | 0 | Su Xiaohua's email ID |
| "100751" | 0 | 0 | 0 | Su Xiaohua's employee number |
| "610402196403021232" | 22 | 22 | 0 | Su Xiaohua's ID number |
| mail(sxh@ch.com.cn) | 359 | 366 | 0 | Su Xiaohua's work email |
| 作证 | 323 | 589 | 1 | testify |
| 通行证 | 51 | 149 | 1 | Travel permit |
| 王昭杰 | 97 | 257 | 8 | Wang Zhaojie |
| wzj-xs | 2 | 10 | 0 | Wang Zhaojie's email ID |
| 证人 | 433 | 857 | 12 | witness |
| 闫云龙 | 673 | 1,617 | 14 | Yan Yunlong |
| 张文凯 | 1,610 | 5,055 | 10 | Zhang Wenkai |
| 百尺竿头 | 4 | 13 | 0 | Zhang Wenkai's WeChat alias |
| zhangwenkai0713 | 2,203 | 7,505 | 420 | Zhang's email ID |

# Attachment B



# Irico
## New Special Master Search Terms

**Results Summary - Blue Message Data**

| Total documents with hits, excluding docs already reviewed | Total documents with hits, family included, excluding docs already reviewed |
|---|---|
| 11048 | 17735 |

**New Terms List**

| Term | Documents with hits, excluding docs already reviewed | Documents with hits (families included), excluding docs already reviewed | Unique hits, excluding docs already reviewed | Translation/Note |
|---|---|---|---|---|
| 美国法院 | 107 | 204 | 0 | American Courts |
| 反垄断 | 708 | 1,676 | 16 | Antitrust |
| 加州 | 120 | 553 | 2 | California |
| 彩管 | 505 | 1,223 | 113 | CRT |
| CRT | 787 | 1,940 | 95 | CRT |
| 承诺书 | 396 | 1,672 | 185 | Declaration of personnel traveling abroad |
| 离岗 | 739 | 1,762 | 57 | Depart from Post |
| 离职 | 1,245 | 3,153 | 220 | Depart from Post |
| 取证 | 265 | 1,047 | 63 | deposition |
| 证据 | 647 | 2,122 | 48 | Evidence |
| 联邦法院 | 63 | 162 | 0 | federal court |
| 苏总 | 217 | 270 | 94 | GM Su |
| 香港 | 1,406 | 3,888 | 471 | Hong Kong |
| 诉讼 | 1,661 | 4,443 | 425 | Litigation |
| 澳门 | 340 | 1,112 | 24 | Macau |
| 延 | 3,434 | 8,362 | 1,432 | Postpone |
| 缓 | 1,095 | 3,412 | 494 | Postpone |
| 辞职 | 662 | 2,097 | 29 | Quit |
| 返聘 | 310 | 886 | 14 | Rehire |
| 退休 | 2,518 | 5,861 | 481 | Retire |
| 养老 | 482 | 1,156 | 79 | Retirement |
| 苏晓华 | 878 | 958 | 369 | Su Xiaohua |
| sxh | 6 | 6 | 0 | Su Xiaohua's email ID |
| "100751" | 68 | 68 | 0 | Su Xiaohua's employee number |
| "610402196403021232" | 41 | 41 | 1 | Su Xiaohua's ID number |
| mail(sxh@ch.com.cn) | 6 | 6 | 0 | Su Xiaohua's work email |
| 作证 | 478 | 1,542 | 15 | testify |
| 通行证 | 248 | 854 | 81 | Travel permit |
| 王昭杰 | 554 | 2,106 | 130 | Wang Zhaojie |
| wzj-xs | 1 | 1 | 0 | Wang Zhaojie's email ID |
| 证人 | 485 | 1,640 | 8 | witness |
| 闫云龙 | 1,033 | 2,636 | 285 | Yan Yunlong |
| 张文凯 | 1,766 | 3,398 | 851 | Zhang Wenkai |
| 百尺竿头 | 11 | 25 | 0 | Zhang Wenkai's WeChat alias |
| zhangwenkai0713 | 29 | 66 | 1 | Zhang's email ID |

# Exhibit C

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2001 Union Street, Suite 482
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

February 9, 2024

*VIA EMAIL*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
vrw@judgewalker.com

      Re:    <u>*In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917,</u>
              <u>Master File No. 07-CV-5944-JST</u>

Dear Judge Walker:

      The Indirect Purchaser Plaintiffs ("IPPs") and the Direct Purchaser Plaintiffs ("DPPs") (together "Plaintiffs") write to respond to the request by defendants Irico Group Corp. and Irico Display Devices Co., Ltd.'s ("Irico") for a four-week extension of the February 23, 2024 deadline set by Your Honor in the Special Master's Report & Recommendation on Discovery Search Terms, ECF No. 6351 (the "Search Terms Order") for the production of additional documents. While Plaintiffs have agreed to a one-week extension to account for the one-week Chinese New Year holiday, Plaintiffs oppose the requested four-week extension as excessive and unnecessary.

      Your Honor issued the Search Terms Order on January 31, 2024. It is now February 9, 2024—over a week later—and other than run the search terms identified by Your Honor, Irico's letter indicates that it has done nothing to start its review. Rather, it has focused its attention on attempting to justify an overlong extension, asserting that no review can begin until February 19, *after* the Chinese New Year holiday, and nearly *three weeks* after the Search Terms Order was issued. This is untenable.

      Irico's present claim that it needs a month's extension to comply with Your Honor's Order is inconsistent with its prior representations. Irico previously assured Your Honor that it had "collected and preserved" *all* documents that hit on Plaintiffs' search terms without "Su qualifiers," and that those documents "remain[ed] on the China-based Relativity server awaiting the Special Master's decision." Declaration of John Taladay dated Oct. 23, 2023 ("Taladay Decl."), ¶ 25. Thus, it should have been a simple matter to run the searches required by the Search Term Order and immediately begin the state secrets

The Honorable Vaughn R. Walker
2/9/2024
Page 2

review last week. The Chinese New Year Holiday does not start until February 10, 2024.[1] Therefore, an entire week and one-half of review could have been completed before the holiday, so that at least some documents could have been sent to Baker Botts for responsiveness review and production by the February 23, 2024 deadline.

Instead, Irico now informs the Court that it shut down the Relativity server containing the results of Plaintiffs' search terms, requiring four days of coordination between Irico and the eDiscovery vendor to reboot it and run the searches required by the Search Term Order. *See* Feb. 8, 2024 Letter at 2 n.2. Irico does not explain and cannot justify why it shut down the server, knowing that it could and likely would be required to produce additional documents.

Next, Irico claims (without support)[2] that both Irico and the Chinese law firm responsible for the state secrets review are closing early this week for the holiday. Notably, Irico is vague regarding exactly when the offices closed, and provides no explanation for why *no* state secret review has begun. Nor does Irico explain why it did not perform a state secret review in anticipation of possibly being required to produce additional documents. Rather, consistent with its past practice, Irico uses these manufactured discovery disputes as an instrument for further delay.

Plaintiffs submit that Irico's failure to even attempt to comply with the deadline set in the Search Terms Order once again displays its disregard for this Court's authority. Irico also appears to be using the Chinese New Year holiday as a pretext to further delay these proceedings. IPPs have once again lost their trial date as a result of Irico's delays, and DPPs will be in danger of losing theirs if Irico is permitted to drag these proceedings out for another few months. In addition, IPPs intend to seek a new trial date in July 2024. Irico should not be permitted to further prejudice Plaintiffs by unnecessarily causing further delays.

Finally, Plaintiffs also question Irico's assertions regarding the length of time it will take to complete this review. Irico fails to state whether it has de-duped the search results it reports, which would have the potential to dramatically reduce the number of documents to be reviewed.[3] In addition, Irico provides no information regarding the number of people it is assigning to the review. It goes without saying that additional reviewers would assist Irico in meeting the Court's deadlines. Plaintiffs also query Irico's suggestion that the state secrets review requires eyes on every single document, or whether targeted search terms could be used to identify documents containing state secrets to speed up production. *See* Taladay Decl. ¶ 27 (describing the types of information that would qualify as state secrets).

---

[1] https://chinesenewyear.net/.

[2] Neither of the websites Irico cites (Feb. 8, 2024 Letter at 3, n. 3) support its assertion that Irico and AnJie closed this week. Both websites confirm that the holiday does not begin until February 10, 2024.

[3] Many of the documents Irico produced in September and October 2023 were duplicates.

The Honorable Vaughn R. Walker
2/9/2024
Page 3

Lastly, to the extent Your Honor is inclined to grant Irico an extension of the deadline, Irico should be required to produce responsive documents to Plaintiffs on a rolling basis.

      In sum, a four-week extension of Your Honor's February 23, 2024 deadline is excessive and unnecessary when the main justification for that extension is a one-week national holiday. This is particularly true given that Irico has not been diligent in attempting to meet the February 23, 2024 deadline.

                    Very truly yours,

                    */s/ Mario N. Alioto*

                    Mario N. Alioto
                    Lead Counsel for Indirect Purchaser Plaintiffs

                    */s/ R. Alexander Saveri*

                    R. Alexander Saveri
                    Lead Counsel for Direct Purchaser Plaintiffs

Cc:      Tanveer Singh (tanveer.singh@fedarb.com)
         Gina Tercero (gina.tercero@fedarb.com)
         John M. Taladay (john.taladay@bakerbotts.com)
         Evan J. Werbel (evan.werbel@bakerbotts.com)
         Thomas E. Carter (tom.carter@bakerbotts.com)
         Andrew L. Lucarelli (drew.lucarelli@bakerbotts.com)
         Kaylee Yang (kaylee.yang@nortonrosefulbright.com)
         Geraldine W. Young (geraldine.young@nortonrosefulbright.com)
         Brian A. Sun (brian.sun@nortonrosefulbright.com)

# Exhibit D

# BAKER BOTTS LLP

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
**WASHINGTON**

February 12, 2024

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

Re:     In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
        No. 07-CV-944-JST

Dear Judge Walker:

We write briefly in reply to Plaintiff's February 9, 2024, letter opposing Irico's request for extension of time (the "Response") to comply with the Special Master's Report & Recommendation on Discovery Search Terms, ECF No. 6351.

Many of Plaintiffs' assertions in the Response seem designed principally to take potshots and incite artificial tensions. We will avoid responding to those assertions (e.g., questioning the existence of the Chinese Lunar New Year holiday, which is the most important holiday in China, as well as many other Asian countries), although our abstinence should not be taken as agreement with any of them. Rather, we write to make the following responsive points to certain statements in Plaintiff's Response.

First, we take exception to the assertion that Irico's actions are "inconsistent with its prior representations" to Your Honor, Response at 1, in the Declaration of John Taladay dated Oct. 23, 2023 ("Taladay Decl."), ¶ 25. Plaintiffs wrongly suggest that Irico did not meet its assurance that it had "'collected and preserved' all documents that hit on Plaintiffs' search terms without 'Su qualifiers,' and that those documents 'remain[ed] on the China-based Relativity server awaiting the Special Master's decision.'" Response at 1 (quoting Taladay Decl., ¶ 25). To the contrary, Irico did exactly as stated in the Declaration in compliance with the procedures set out by the Court in its Order of September 1, 2023, ECF No. 6275 at 5 (requiring "collection of responsive documents" while allowing Irico to "withhold production" and raise search term disputes with Your Honor). Indeed, all documents that hit on search terms were preserved on the China-based Relativity server in October and have remained on that server in preparation for any further decision by the Special Master. This is an unbecoming attempt by Plaintiffs to twist an unwarranted complaint about timeliness into an assertion of misrepresentation.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

Second, Irico moved quickly to begin compliance with the Special Master's recommendation. As explained in our prior submission, running the search reports required coordination between Irico and eDiscovery vendor personnel, travel to the server location, rebooting and reconstituting the server (which is standard practice), and running the search term reports, a process that took approximately four days. To ensure the security of Chinese state secret information, the Relativity server was set up as an independent server especially for this discovery process. *See* Taladay Decl., ¶ 28 (describing state secret review process). To ensure no damage to the server while not in active use (e.g., from overheating), Irico's eDiscovery vendor shut the server down after the review process ended in the fall of 2023, with the understanding that the server can be rebooted within several days' time if the need arose. The server is maintained in Beijing, but it is not an active server and does not allow for remote access. Therefore, Irico personnel were required to coordinate access to the server, travel from Xianyang to Beijing, and personally accompany BDO staff (Irico's eDiscovery vendor) to access the secure server. Once there, the server was restarted and the parties were able to begin the process of running the search terms, de-duplicating, etc. Irico's counsel was in contact with Plaintiffs' counsel before beginning the searches and once the searches were completed. On the parties' meet and confer on February 2, 2024, Irico's counsel explained to Plaintiffs' counsel that substantial time and effort were required to access the server, run searches, and set up the review, regardless of the volume of documents to be reviewed.

Third, Plaintiffs state that Irico has "failed to state whether it de-duped the search results." Response at 2. The document counts provided to Plaintiffs and the Special Master, both in October 2023 and on February 8, 2024, for the new search terms, have been de-duplicated by BDO using standard eDiscovery tools based on document metadata. Irico also clarified for Plaintiffs that the new search term hit results do not include documents that were previously reviewed for production in October 2023.

Finally, Plaintiffs complain that the additional four weeks requested by Irico for this review might threaten the trial calendar in this case. In our meet and confer last week, we asked the Plaintiffs to consider foregoing or curtailing this additional review in the interests of moving more expeditiously to trial, but they flatly refused. Instead, they argue that Irico should be required to conduct the review in a timeframe that is not possible, and then criticize Irico for requesting the reasonable time that the review will require.

Plaintiffs postulate that the required process should be a "simple matter," Response at 1, but everything is simple when you are not the one doing it. Any suggestion that Irico's response somehow shows a disregard for the Court's authority is absurd. Irico intends to fully comply with Your Honor's requirements but requires additional time for that compliance. Irico has no interest in belaboring this review and is prepared to work aggressively to complete it. The requested extension until March 25, 2024, reflects an expeditious timeframe for the scope of this exercise, and we respectfully request that the Special Master grant the requested extension.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 3 -

Sincerely,

*/s/ John M. Taladay*

John M. Taladay

cc:     Gina Tercero (gina.tercero@fedarb.com)
        R. Alexander Saveri (rick@saveri.com)
        Geoffrey C. Rushing (geoff@saveri.com)
        Matthew D. Heaphy (mheaphy@saveri.com)
        Mario N. Alioto (malioto@tatp.com)
        Lauren C. Capurro (laurenrussell@tatp.com)
        Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

# Exhibit E

# BAKER BOTTS LLP

| | | |
|---|---|---|
| 700 K STREET, N.W. | AUSTIN | MOSCOW |
| WASHINGTON, D.C. | BRUSSELS | NEW YORK |
| 20001 | DALLAS | PALO ALTO |
| | DUBAI | RIYADH |
| TEL  +1 202.639.7700 | HOUSTON | SAN FRANCISCO |
| FAX  +1 202.639.7890 | LONDON | **WASHINGTON** |
| BakerBotts.com | | |

October 9, 2023

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

Re:   In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
        No. 07-CV-944-JST

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") write with respect to Your Honor's Interim Reports and Recommendations on Plaintiffs' Motion for Discovery Sanctions dated August 4, 2023 (ECF No. 6233) ("First Interim Order"), and September 1, 2023 (ECF No. 6275) ("Second Interim Order") (collectively, "Orders").  This letter discusses three topics: (1) we provide an update regarding Irico's compliance with the Orders; (2) we ask that Your Honor approve a modified version of Plaintiffs' search terms to identify responsive documents, which Plaintiffs oppose; and (3) we request a short further extension to October 23, 2023, for the completion of Irico's response to the Orders, which Irico will begin providing to Plaintiffs by the current deadline of October 13th.[1]

## 1.   Update on Compliance Efforts to Date

Irico and Baker Botts have undertaken extraordinary efforts to comply with Your Honor's Orders and continue to work as expeditiously as possible on all fronts.  As the Court is aware, Irico had already been working to comply with the Your Honor's First Interim Order throughout the month of August through the efforts of Norton Rose Fulbright and with oversight by Baker Botts. After Your Honor's Second Interim Order, Baker Botts needed to restart certain aspects of the investigation and processes to comply with new requirements that specified which entities were

---

[1] As discussed in greater detail below, should Your Honor determine that Irico must review all of the Chinese-language documents that hit on Plaintiffs' overbroad search terms, Irico would need at least an additional 40 days from the current deadline to review and produce any responsive documents from that set.  Irico would still plan to produce responsive materials from its proposed search terms by October 23.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

required to undertake specific requirements of Your Honor's Orders.  As required, I have personally directed and supervised the efforts and processes described below.

Since the Second Interim Order, Irico and Baker Botts have completed the following tasks in accordance with U.S. discovery standards:[2]

- A Baker Botts attorney of record traveled to China along with a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor, to personally implement the investigative steps described below under my direction;

- The same Baker Botts attorney took physical custody of Mr. Su's former laptop and personally oversaw BDO's imaging of the laptop's complete content and forensic analysis of all recovered files;

- Baker Botts, through an interpreter, conducted interviews of 23 current or former employees of Irico Group and its subsidiaries regarding relevant issues, including their knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents;

- Baker Botts identified 15 custodians potentially in possession of relevant documents and undertook forensic collection of email and internal text messaging. *See* Attachment A for a list of the selected custodians;

- BDO, under the direction of Baker Botts, collected all emails and internal text messages from the messaging system (including attachments) for all 15 custodians directly from the back-end server used by Irico, for all relevant time periods without any additional limitation.[3]  This resulted in over 72,000 documents being collected from the relevant custodians;

- Baker Botts, with assistance from BDO, collected certain other responsive materials based on the interviews described above, including HR files, official

---

[2] The list below is intended to provide Your Honor a high-level overview of the steps taken to comply with the Orders.  Further details on the processes implemented will be provided in a declaration when the process is complete as required by the Orders.

[3] The relevant time periods used for collection were January 1, 2021, through September 1, 2023 (or the last day of employment with any Irico company), for any custodians with any knowledge or involvement regarding Mr. Su's requested deposition, and January 1, 2022, through September 1, 2023 (or the last day of employment with any Irico company), for all other custodians.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 3 -

personnel announcements, and personal WeChat communications from personal devices to the extent the individual permitted such collection;

- Baker Botts utilized the complete list of search terms offered by Plaintiffs on September 7th and also developed additional search terms based on information learned from the interviews and the targeted document collections described above to identify potentially responsive documents. BDO then applied Plaintiffs' proposed search terms to all collected emails, internal enterprise messaging and shared files, and files recovered from Mr. Su's laptop, resulting in over 40,000 documents with direct hits, making up over 55 percent of all files collected from custodians.[4] As discussed below in Part 2 of this letter, Baker Botts then applied a set of "Su qualifiers" to the Plaintiffs' proposed search terms and added additional relevant search terms based on our investigation, resulting in a subset of 3,300 documents with direct hits for further review and processing;[5]

- These potentially responsive materials were then screened for state secrets as required by Chinese law. The state secret review was conducted by the AnJie law firm, one of China's largest and most highly regarded law firms, working with BDO under Baker Botts' direction, not under the direction of Irico. A small number of documents were withheld for state secret purposes and were handled as discussed below. All documents not deemed to contain states secrets were exported to a U.S.-based server for review by and under the supervision of Baker Botts attorneys;

- The three-week extension previously approved by the Special Master included one week from September 29 through October 6 that comprised the Chinese Golden Week holiday, a major annual holiday in China. In seeking the previous three-week extension, Baker Botts had planned that all of the steps described above would have been completed and the materials would all be loaded to the U.S.-based server for review before the start of the Chinese Golden Week holiday. Because of both logistical and technical challenges, and despite the efforts of Irico and its vendors during the holiday period, we were not able to accomplish all of those steps prior to the Golden Week holiday. However, as of yesterday, this process is now complete for the search terms described above, i.e., those documents that hit on a search term subject to the "Su qualifiers" described below. Baker Botts is now in

---

[4] To account for family members and potentially related internal messages and attachments, approximately 55,000 files in total were identified as either direct search hits on Plaintiffs' proposed terms or potentially related to those direct hits.

[5] Accounting for family members and potentially related internal messages and attachments, a total of approximately 9,400 files were identified and segregated for further review under the proposed terms with "Su qualifiers."

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 4 -

> the process of conducting and directing the review of these materials for responsiveness and privilege;

- During this process, Baker Botts met and conferred twice with Plaintiffs regarding their proposed search terms and the need for reasonable limitations given the extremely high hit rate, and to discuss Baker Botts' proposed terms that incorporate such reasonable limitations, but Plaintiffs were not willing to discuss any specific limitations to their search terms, including applying the "Su qualifiers" to their search terms; and

- Finally, because state secret review was required before the documents could be transferred to the U.S. for responsiveness review, we had not yet determined whether any of the documents withheld for state secret purposes were responsive to the requirements of the Order. To address this issue, a bilingual U.S.-barred lawyer from the AnJie law firm, who was trained by Baker Botts regarding the scope of the Orders and worked under Baker Botts' direction, is conducting a relevance review of the documents withheld for state secret content.

**2. Dispute Regarding Search Terms**

One of the most impactful changes in the Second Interim Order was that the Plaintiffs could provide search terms to be applied against the collected electronically stored information. As Your Honor is already aware, Plaintiffs took full advantage of Your Honor's offer and provided a list of around 80 terms without any qualifiers or limitations. *See* Attachment B. Most strikingly, Plaintiffs suggested search terms to be applied to the documents of all custodians without any requirement that any of these search terms relate to Mr. Su. As discussed below, this results in a gross over-identification of potentially responsive materials and would require an excessive degree of time and effort to review without the prospect of any meaningful uptick in responsive documents. Plaintiffs have declined to modify any the search terms to allow for some relevance to Mr. Su. Herein, Irico is proposing to apply all of Plaintiffs' search terms modified only by certain "Su qualifiers."

As detailed above, Baker Botts identified 15 custodians with ESI potentially responsive to the Orders. These custodians ranged from the most senior leadership at the company, to those in Human Resources who touched briefly on limited issues related to Mr. Su. Most of these individuals had only limited interactions, if any, with Mr. Su. Nonetheless, because our collection was comprehensive as to their electronic files on the company's servers, over 72,000 documents were collected during this process.

Despite most of these custodians having little to do with Mr. Su, over 40,000 of the documents hit on one of Plaintiffs' search terms. *See* Attachment C for Plaintiff search term hits on email files and Attachment D for Plaintiff search term hits on internal text messages. This was inevitable given that Plaintiffs made no effort to limit search terms to identify documents

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                  - 5 -

specifically relevant to Mr. Su.  For example, one of Plaintiffs search terms was "leadership." Plaintiffs seek to require Irico to identify and review every single document that used the word "leadership" regardless of whether it had any relevance to Mr. Su or whether Mr. Su was even mentioned in the document.[6]  Over 14,000 documents (approximately 20 percent of the collected documents) hit on this term alone when combining the hits in for emails and internal text messages. Similarly, Plaintiffs' search terms include numerous terms related to personnel and human resource functions but again make no effort to identify those documents specifically related to Mr. Su.  Given that three of the custodians actually work in the human resources area, it is no surprise that almost 4,000 documents hit on the term "Human Resources Department."  Again, applying Plaintiffs' unmodified search terms would require that we review all such documents for relevance, irrespective of whether they conceivably have anything to do with Mr. Su.

Baker Botts had already intended to use many of the same general terms that Plaintiffs suggested, as well as additional relevant terms that it intended to apply with appropriate qualifiers, consistent with U.S. discovery practice, to identify when those terms were used in reference to or related to Mr. Su.  These "Su qualifiers" simply require that any document hitting on Plaintiffs' search terms also include a term relating to Mr. Su either by his name (in various forms identified by Plaintiffs), his employee ID number, his citizen ID number or his email address.  Specifically, the "Su qualfiers" include:

- "苏晓华," Mr. Su's full name in Chinese;
- "苏总," an abbreviation for "General Manager Su," sometimes used to refer to Mr. Su by his former colleagues;
- Xiaohua, Mr. Su's given name in English;
- Mr. Su's 18-digit Chinese citizen ID number;
- 100751, Mr. Su's Irico employee ID number;
- sxh@ch.com.cn, Mr. Su's email address; and
- sxh, the prefix for Mr. Su's email address.

For example, Irico still ran the term for "leadership" but also required that term to appear somewhere in the same document as one of the Su qualifiers. This appropriate focus on Mr. Su reduced the number of hits on the term "leadership" from approximately 14,000 to approximately 1,000, which captures all instances where Mr. Su was mentioned or referenced in the same document as the term "leadership."  Applying these Su qualifiers to all of the search terms suggested by Plaintiffs reduced the total number of hits to be reviewed from over 40,000 to approximately 3,300 (not including attachments), a number much more in line with what would be expected given the narrow scope of the issues at hand and the broad responsibilities of most of

---

[6] Note that all of these documents are in Chinese, which increases the time and burden in reviewing materials and identifying responsive materials.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                          - 6 -

the custodians.[7] *See* Attachment E for search term hits with "Su qualifiers" on email files and Attachment F for search term hits with "Su qualifiers" on internal text messages.[8]

Baker Botts presented these results to Plaintiffs in the hopes of limiting the searches to more reasonable terms, but Plaintiffs surprisingly refused to engage in any substantive discussion on specific search terms. Previously, when Irico raised concerns with Your Honor about the scope of the search terms, Plaintiffs assured Your Honor (and Irico) that: "To the extent Irico communicates any legitimate concerns about any of these terms, Plaintiffs will address them immediately …." Plaintiffs' Letter Response to Request for Extension, at 2 (Sept. 14, 2023). Instead, Plaintiffs took the view that Baker Botts was required to produce all responsive documents under Your Honor's Orders and "Plaintiffs cannot modify this requirement." *See* Attachment G. That suggestion is wrong on at least two fronts. First, it is diametrically opposed to the representation that Plaintiffs made to Your Honor that it could and would work with Baker Botts to address plainly legitimate issues with their search terms. Second, it undermines the Special Master's reasonable instruction, consistent with U.S. discovery practice, that search terms be used here as a way of identifying potentially relevant documents (rather than effectively demanding that Irico review every single communication from 15 employees over a span of years for targeted information relating to Mr. Su, which would be both unreasonable and unworkable).

So now Irico must ask for the Special Master's assistance in resolving this dispute. The Second Interim Order states: "If Irico's counsel deems any search terms improper, they can bring that matter to the undersigned's attention and withhold production of selected documents until the objection is resolved. But collection of responsive documents precedes objections." ECF No. 6324 at 5. Irico and Baker Botts are following Your Honor's guidance exactly. We have collected all of the relevant materials and provided search term hit results to the Plaintiffs and Your Honor, but we request reasonable modification to the Plaintiffs' search terms. As detailed above, we believe that adding the "Su qualifiers" described above to the search terms is appropriate and in accordance with U.S. discovery best practice, whereas Plaintiffs' unbounded search terms are not. Without awaiting the Special Master's decision on this dispute, we are moving forward on the review and production of documents that hit on the search terms applying the "Su qualifiers" and will be producing responsive materials as soon as possible.

---

[7] In our unsuccessful meet and confer conversations with Plaintiffs, they appeared to suggest that Baker Botts should focus on reviewing all or some set of the documents that that did not hit on any terms with "Su qualifiers" to confirm that none of the documents contain responsive information. Focusing our efforts on the documents *least* likely to contain responsive material, however, is backwards, and Plaintiffs know that this is impractical given the sheer volume of the documents that hit on their unqualified search terms as well as the restrictions in China on releasing documents until they have been reviewed for state secrets.

[8] Minor modifications have been made to these charts since they were provided to Plaintiffs to account for typographical errors and search corrections, neither of which impacted the search results in any meaningful way.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                              - 7 -

### 3.  Request for Extension of Ten Days

The identification, collection and processing of the responsive documents and the collection of relevant information has been a laborious process as detailed above.  We note again that the process requiring Baker Botts (and my own) direct involvement had to be restarted after the September 1st Order. Irico, Baker Botts and its vendors have faced many technical, logistical, and geographic hurdles, but we can assure the Special Master that extraordinary efforts have been undertaken and we have made substantial progress in the five weeks since its issuance.  However, because the potentially responsive materials from China were not able to be uploaded to the U.S. for completion of review until after the Chinese Golden Week holiday, which just concluded, we will not be able to fulfill all requirements of the Orders by the current deadline of October 13th.[9]

We intend to produce materials to Plaintiffs on a rolling basis beginning with an initial production of responsive materials by the current deadline of October 13th.  We believe we will need an additional 10 days (until October 23rd) to complete the review and production of the responsive materials and complete the other requirements of the Order, provided the Special Master approves the use of the Su qualifiers as discussed above.  Should Your Honor require the application of all of Plaintiffs' suggested search terms without the Su qualifiers, however, the volume of documents to be processed, reviewed for state secret content, and reviewed for responsiveness would increase by well over five-fold.  In that case, we estimate that Baker Botts would require an extension of at least 40 additional days from the current deadline to comply.

Thank you for your consideration of these issues.


Sincerely,
*/s/ John Taladay*
John Taladay



cc:     Tanveer Singh (tanveer.singh@fedarb.com)
        R. Alexander Saveri (rick@saveri.com)
        Geoffrey C. Rushing (geoff@saveri.com)

---

[9] As part of our meet and confer process, we asked for Plaintiffs' position on a one-week extension of the current deadline. Since the time of these discussions, there was a further, short delay in the transmission of the materials from China at the end of the Chinese Golden Week holiday so we now believe a ten-day extension will be necessary. Plaintiffs took no affirmative position on our request, but instead stated that the request "is more appropriately directed to Judge Walker."  *See* Attachment G.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 8 -


Matthew D. Heaphy (mheaphy@saveri.com)
Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

# Attachment A

*Irico Custodian List - Oct. 6, 2023*

| Custodian Name | Position |
|---|---|
| Bao Yong | Secretary of Commission for Discipline Inspection of CCP Committee of Irico Group |
| Bing Zhang | Executive Director of Xianyang Irico Group Industrial Co., Ltd. |
| Gao Qian | General Business Supervisor and Confidential Officer of the Group Office of Irico Group |
| Guo Quan | Director of Group Office of Irico Group |
| Hao Li | Director of Company Office of Xianyang Irico Group Industrial Co, Ltd. |
| Mai Ya | HR Employee of Irico Group |
| Shi Feng | HR Director of Irico Group |
| Si Yuncong | (former) Chairman of Irico Group |
| Su Xiaohua | Focus of investigation |
| Wang Jijun | Chief Financial Officer, Irico (Foshan) Flat Panel Display Co., Ltd. and positions in other companies. |
| Xu Jinmei | Admin & HR Director of Irico (Foshan) Panel Display Co., Ltd. |
| Yang Yuanjiang | (former) General Manager of Irico Group |
| Zhang Dongling | Operation and Management Director of Irico (Foshan) Panel Display Co., Ltd. |
| Zhang Jiming | General Manager of Irico (Foshan) Panel Display Co., Ltd. and positions in other entities |
| Zhang Wenkai | Deputy General Counsel of Irico Group |

Attachment B

**Carter, Tom**

| | |
|---|---|
| **From:** | Matthew Heaphy <mheaphy@saveri.com> |
| **Sent:** | Thursday, September 7, 2023 2:57 PM |
| **To:** | Taladay, John; Werbel, Evan; Carter, Tom; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Cc:** | vrw@judgewalker.com; Tanveer Singh; Rick Saveri; Geoff Rushing; David Hwu; Mario Alioto; Lauren Capurro; Dan Birkhaeuser; Alan Plutzik |
| **Subject:** | In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |
| **Attachments:** | Plaintiffs Su Search Terms.xlsx |

**[EXTERNAL EMAIL]**

Counsel:

On behalf of DPPs and IPPs, attached please find Plaintiffs' search terms provided pursuant to the Special Master's Second Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions, dated September 1, 2023 (ECF No. 6275) (the "Order").

Plaintiffs request that Baker Botts provide a list of all additional search terms it intends to use in its compliance with the Order.

Thank you.

Matthew Heaphy
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
mheaphy@saveri.com
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

| Search Term | Comment | Source |
|---|---|---|
| 邀请函 | Invitation Letter | IRI-SU-000045 CONFIDENTIAL |
| 加州 | California | IRI-SU-000045 CONFIDENTIAL |
| 联邦法院 | Federal Court | IRI-SU-000045 CONFIDENTIAL |
| 王昭杰 | Wang Zhaojie | IRI-SU-000045 CONFIDENTIAL |
| 苏晓华 | Su Xiaohua | IRI-SU-000045 CONFIDENTIAL |
| Xiaohua | | IRI-SU-000133 CONFIDENTIAL |
| 闫云龙 | Yan Yunlong | IRI-SU-000045 CONFIDENTIAL |
| 张文凯 | Zhang Wenkai | IRI-SU-000045 CONFIDENTIAL |
| 马丁 | Ma Ding | IRI-SU-000045 CONFIDENTIAL |
| "610402196403021232" | Su Xiaohua's ID number | IRI-SU-000045 CONFIDENTIAL |
| "100751" | Su Xiaohua's Employee number | IRI-CRT-00031561 |
| 证人 | Witness | IRI-SU-000045 CONFIDENTIAL |
| 作证 | Testify | IRI-SU-000045 CONFIDENTIAL |
| 澳门 | Macau | IRI-SU-000045 CONFIDENTIAL |
| sxh@ch.com.cn | Su's work email | IRI-SU-000052 CONFIDENTIAL |
| zhangwenkai0713 | Zhang's email ID | IRI-SU-000052 CONFIDENTIAL |
| [All emails, email handles, and IDs used in WeChat and other communication platforms of the individuals named in this list] | | |
| 承诺书 | **Declaration** of personnel traveling abroad | IRI-SU-000052 CONFIDENTIAL |
| 苏总 | GM Su | IRI-SU-000052 CONFIDENTIAL |
| CRT | | IRI-SU-000129 CONFIDENTIAL |
| 反垄断 | Antitrust | IRI-SU-000129 CONFIDENTIAL |
| 诉讼 | Litigation | IRI-SU-000129 CONFIDENTIAL |
| 取证 | deposition | IRI-SU-000129 CONFIDENTIAL |
| 通行证 | Travel permit | IRI-SU-000129 CONFIDENTIAL |
| 签注 | Visa | IRI-SU-000129 CONFIDENTIAL |
| 赴港澳 | to Hong Kong and Macau | IRI-SU-000103 CONFIDENTIAL |
| 百尺竿头 | [Zhang Wenkai's WeChat alias] | IRI-SU-000103 CONFIDENTIAL |
| 尚婷婷 | Shang Ting Ting | IRI-SU-000129 CONFIDENTIAL |
| 香港 | Hong Kong | IRI-SU-000129 CONFIDENTIAL |
| 高倩 | Gao Qian | IRI-SU-000130 CONFIDENTIAL |
| 郭泉 | Guo Quan | IRI-SU-000130 CONFIDENTIAL |
| 焦润刚 | Jiao Rungang | IRI-SU-000130 CONFIDENTIAL |
| 白建刚 | Bai Jiangang | IRI-SU-000130 CONFIDENTIAL |
| 总经理 | General Manager | IRI-SU-000130 CONFIDENTIAL |
| 董事长 | Chairman | IRI-SU-000130 CONFIDENTIAL |
| 司总 | Chairman Si | IRI-SU-000131 CONFIDENTIAL |
| 美国法院 | American Courts | IRI-SU-000131 CONFIDENTIAL |
| 证据 | Evidence | IRI-SU-000131 CONFIDENTIAL |
| 法律事务 | Legal Affairs | IRI-SU-000131 CONFIDENTIAL |
| 领导 | Leadership | IRI-SU-000132 CONFIDENTIAL |
| 法务 | Legal Affairs | IRI-SU-000132 CONFIDENTIAL |
| 司云聪 | Si Yuncong | IRI-SU-000137 CONFIDENTIAL |
| 阳元江 | Yang Yuanjiang | IRI-SU-000137 CONFIDENTIAL |
| 包勇 | Bao Yong | IRI-SU-000137 CONFIDENTIAL |
| 石峰 | Shi Feng | IRI-SU-000137 CONFIDENTIAL |
| 人力资源部 | Human Resources Department | IRI-SU-000137 CONFIDENTIAL |
| 专题会 | Special Topic Meeting | IRI-SU-000137 CONFIDENTIAL |
| 离岗 | Depart from Post | IRI-SU-000137 CONFIDENTIAL |
| 提前 | ahead of time | IRI-SU-000137 CONFIDENTIAL |
| 实业 | IRICO Group **Industrial** Ltd. | IRI-SU-000137 CONFIDENTIAL |

| | | |
|---|---|---|
| 华南 | Southern China | IRI-SU-000137 CONFIDENTIAL |
| | Irico Group Ltd. **Method for** Managing and | |
| 绩效考评办法 | **Evaluating Performance** of Managers | IRI-SU-000137 CONFIDENTIAL |
| **辞职** | Quit | IRI-SU-000141 CONFIDENTIAL |
| **申请** | Application | IRI-SU-000141 CONFIDENTIAL |
| **拖** | Delay | |
| **延** | Postpone | |
| 缓 | Postpone | |
| **慢** | Slow (to slow) | |
| **借口** | Excuse | |
| **藉口** | Excuse | |
| **彩管** | CRT | |
| **配合** | Cooperate | |
| **退休** | Retire | |
| **返聘** | Rehire | |
| 调岗 | Transfer jobs | |
| 顾问 | Consultant | |
| 劳务 | Labor Contract | |
| **离职** | Depart from Post | |
| **解除** | Dissolve | |
| 劳动关系 | Relationship of Employment | |
| 保险 | Insurance | |
| **年金** | Pension | IRI-CRT-00007138 |
| **个人账户** | Personal Account (Pension) | IRI-CRT-00007138 |
| 奖励 | Reward | IRI-CRT-00007138 |
| **养老** | Retirement | IRI-CRT-00007148 |
| **薪金** | Salary | |
| 补贴 | Allowance | |
| 绩效 | Performance | |
| 奖金 | Bonus | |

Attachment C

**Irico**
**Search Terms Report**

| Report Name: | 100923 Plaintiffs' Terms Email Server Data for All Custodian | Searchable Set: | 0237 Keyword Search Scope of Email Server on All |
|---|---|---|---|



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 10263 | 14958 | 1451 |

## Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "100751" | 3 | 60 | 0 | Su Xiaohua's employee number |
| "610402196403021232" | 17 | 45 | 0 | Su Xiaohua's ID number |
| bai | 36 | 244 | 1 | Bai Jiangang's email ID |
| baoyong | 241 | 261 | 184 | Bao Yong's email ID |
| CRT | 1,263 | 2,547 | 357 | |
| gqian | 678 | 2,040 | 380 | Gao Qian's email ID |
| gquan | 779 | 1,262 | 587 | Guo Quan's email ID |
| jiaorg | 3 | 9 | 0 | Jiao Rungang's email ID |
| mad | 125 | 479 | 1 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 833 | 1,273 | 0 | Su Xiaohua's work email |
| shangt123 | 10 | 32 | 0 | Shang Tingting's email ID |
| shf | 152 | 326 | 57 | Shi Feng's email ID |
| sxh | 833 | 1,273 | 0 | Su Xiaohua's email ID |
| wzj-xs | 20 | 76 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 190 | 756 | 1 | |
| yanyunlong | 1,120 | 2,771 | 1 | Yan Yunlong's email ID |
| zhangwenkai0713 | 2,660 | 8,842 | 346 | Zhang's email ID |
| 专题会 | 52 | 396 | 0 | Special Topic Meeting |
| 个人账户 | 65 | 217 | 19 | Personal Account (Pension) |
| 人力资源部 | 295 | 1,702 | 14 | Human Resources Department |
| 作证 | 550 | 1,260 | 0 | testify |
| 保险 | 440 | 2,644 | 11 | Insurance |
| 借口 | 2 | 4 | 0 | Excuse |
| 养老 | 364 | 1,697 | 0 | Retirement |
| 加州 | 45 | 128 | 0 | California |
| 劳务 | 453 | 2,026 | 76 | Labor Contract |
| 劳动关系 | 455 | 1,117 | 0 | Relationship of Employment |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 包勇 | 57 | 81 | 0 | Bao Yong |
| 华南 | 56 | 234 | 2 | Southern China |
| 反垄断 | 551 | 1,537 | 0 | Antitrust |
| 取证 | 105 | 390 | 3 | deposition |
| 司云聪 | 671 | 2,881 | 114 | Si Yuncong |
| 司总 | 737 | 3,416 | 50 | Chairman Si |
| 奖励 | 233 | 948 | 15 | Reward |
| 奖金 | 358 | 1,005 | 2 | Bonus |
| 实业 | 771 | 3,324 | 79 | Industry |
| 尚婷婷 | 12 | 37 | 0 | Shang Ting Ting |
| 年金 | 45 | 331 | 0 | Pension |
| 延 | 1,706 | 6,069 | 148 | Postpone |
| 张文凯 | 1,999 | 6,119 | 0 | Zhang Wenkai |
| 彩管 | 396 | 2,651 | 20 | CRT |
| 总经理 | 1,256 | 4,415 | 75 | General Manager |
| 慢 | 75 | 566 | 0 | Slow (to slow) |
| 承诺书 | 108 | 365 | 5 | Declaration of personnel traveling abroad |
| 拖 | 270 | 1,840 | 73 | Delay |
| 提前 | 466 | 3,126 | 20 | ahead of time |
| 法务 | 141 | 1,370 | 3 | Legal Affairs |
| 法律事务 | 894 | 3,143 | 3 | Legal Affairs |
| 澳门 | 227 | 755 | 0 | Macau |
| 焦润刚 | 12 | 35 | 0 | Jiao Rungang |
| 王昭杰 | 244 | 926 | 0 | Wang Zhaojie |
| 申请 | 1,470 | 5,668 | 237 | Application |
| 白建刚 | 31 | 204 | 0 | Bai Jiangang |
| 百尺竿头 | 3 | 9 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 133 | 385 | 1 | Shi Feng |
| 离岗 | 73 | 268 | 1 | Depart from Post |
| 离职 | 680 | 1,895 | 5 | Depart from Post |
| 签注 | 19 | 86 | 0 | Visa |
| 绩效 | 440 | 913 | 19 | Performance |
| 绩效考评办法 | 41 | 49 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 257 | 1,189 | 8 | Postpone |
| 美国法院 | 58 | 101 | 0 | American Courts |
| 联邦法院 | 9 | 16 | 0 | federal court |
| 苏总 | 209 | 510 | 0 | GM Su |
| 苏晓华 | 299 | 1,019 | 0 | Su Xiaohua |
| 董事长 | 817 | 3,687 | 13 | Chairman |
| 薪金 | 196 | 733 | 0 | Salary |
| 藉口 | 0 | 0 | 0 | Excuse |
| 补贴 | 489 | 1,795 | 33 | Allowance |
| 解除 | 497 | 1,643 | 3 | Dissolve |
| 证人 | 614 | 1,443 | 1 | witness |
| 证据 | 1,336 | 3,546 | 0 | Evidence |
| 诉讼 | 1,221 | 3,271 | 25 | Litigation |
| 调岗 | 5 | 7 | 0 | Transfer jobs |
| 赴港澳 | 14 | 78 | 0 | to Hong Kong and Macau |
| 辞职 | 138 | 583 | 1 | Quit |
| 返聘 | 20 | 310 | 0 | Rehire |
| 退休 | 642 | 2,776 | 24 | Retire |
| 通行证 | 77 | 255 | 0 | Travel permit |
| 邀请函 | 69 | 126 | 9 | invitation letter |
| 郭泉 | 99 | 262 | 0 | Guo Quan |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 配合 | 664 | 3,456 | 13 | Cooperate |
| 闫云龙 | 994 | 2,576 | 0 | Yan Yunlong |
| 阳元江 | 78 | 126 | 1 | Yang Yuanjiang |
| 顾问 | 775 | 1,732 | 9 | Consultant |
| 领导 | 1,405 | 4,567 | 130 | Leadership |
| 香港 | 1,730 | 4,574 | 267 | Hong Kong |
| 马丁 | 160 | 574 | 0 | Ma Ding |
| 高倩 | 222 | 582 | 1 | Gao Qian |

**Report Generated:** 10/9/2023 17:24                    Page 1 of 1

Attachment D

# Irico
## Search Terms Report

**Report Name:**  100923 Plaintiffs' Terms Terms on BM Data



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 30878 | 16421 |

## Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "100751" | 232 | 0 | Su Xiaohua's employee number |
| "610402196403021232" | 82 | 1 | Su Xiaohua's ID number |
| bai | 4 | 0 | Bai Jiangang's email ID |
| baoyong | 1 | 0 | Bao Yong's email ID |
| CRT | 571 | 36 | |
| gqian | 13 | 3 | Gao Qian's email ID |
| gquan | 4 | 1 | Guo Quan's email ID |
| jiaorg | 4 | 0 | Jiao Rungang's email ID |
| mad | 4 | 0 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 7 | 0 | Su Xiaohua's work email |
| shangtt123 | 8 | 0 | Shang Tingting's email ID |
| shf | 6 | 0 | Shi Feng's email ID |
| sxh | 8 | 0 | Su Xiaohua's email ID |
| wzj-xs | 1 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 8 | 0 | |
| yanyunlong | 17 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 | 21 | 0 | Zhang's email ID |
| 专题会 | 906 | 31 | Special Topic Meeting |
| 个人账户 | 30 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 人力资源部 | 3,631 | 257 | Human Resources Department |
| 作证 | 401 | 7 | testify |
| 保险 | 1,448 | 49 | Insurance |
| 借口 | 26 | 0 | Excuse |
| 养老 | 762 | 29 | Retirement |
| 加州 | 85 | 0 | California |
| 劳务 | 1,980 | 109 | Labor Contract |
| 劳动关系 | 672 | 6 | Relationship of Employment |
| 包勇 | 1,447 | 517 | Bao Yong |
| 华南 | 2,010 | 347 | Southern China |
| 反垄断 | 544 | 12 | Antitrust |
| 取证 | 237 | 16 | deposition |
| 司云聪 | 1,276 | 73 | Si Yuncong |
| 司总 | 2,543 | 81 | Chairman Si |
| 奖励 | 2,657 | 90 | Reward |
| 奖金 | 1,503 | 7 | Bonus |
| 实业 | 5,448 | 843 | Industry |
| 尚婷婷 | 345 | 76 | Shang Ting Ting |
| 年金 | 268 | 11 | Pension |
| 延 | 2,784 | 188 | Postpone |
| 张文凯 | 1,633 | 508 | Zhang Wenkai |
| 彩管 | 395 | 6 | CRT |
| 总经理 | 5,470 | 117 | General Manager |
| 慢 | 315 | 40 | Slow (to slow) |
| 承诺书 | 376 | 34 | Declaration of personnel traveling abroad |
| 拖 | 642 | 33 | Delay |
| 提前 | 2,021 | 252 | ahead of time |
| 法务 | 767 | 35 | Legal Affairs |
| 法律事务 | 1,108 | 7 | Legal Affairs |
| 澳门 | 296 | 5 | Macau |
| 焦润刚 | 988 | 166 | Jiao Rungang |
| 王昭杰 | 440 | 5 | Wang Zhaojie |
| 申请 | 3,803 | 562 | Application |
| 白建刚 | 873 | 109 | Bai Jiangang |
| 百尺竿头 | 7 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 3,095 | 1,357 | Shi Feng |
| 离岗 | 1,307 | 8 | Depart from Post |
| 离职 | 993 | 48 | Depart from Post |
| 签注 | 112 | 1 | Visa |
| 绩效 | 3,866 | 109 | Performance |
| 绩效考评办法 | 522 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 1,007 | 147 | Postpone |
| 美国法院 | 79 | 0 | American Courts |
| 联邦法院 | 44 | 0 | federal court |
| 苏总 | 544 | 98 | GM Su |
| 苏晓华 | 2,638 | 297 | Su Xiaohua |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---:|---:|---|
| 董事长 | 2,281 | 21 | Chairman |
| 薪金 | 937 | 0 | Salary |
| 藉口 | 0 | 0 | Excuse |
| 补贴 | 2,143 | 56 | Allowance |
| 解除 | 1,964 | 36 | Dissolve |
| 证人 | 380 | 5 | witness |
| 证据 | 607 | 11 | Evidence |
| 诉讼 | 1,506 | 43 | Litigation |
| 调岗 | 78 | 0 | Transfer jobs |
| 赴港澳 | 43 | 0 | to Hong Kong and Macau |
| 辞职 | 555 | 0 | Quit |
| 返聘 | 746 | 0 | Rehire |
| 退休 | 2,894 | 72 | Retire |
| 通行证 | 227 | 5 | Travel permit |
| 邀请函 | 101 | 3 | invitation letter |
| 郭泉 | 1,474 | 517 | Guo Quan |
| 配合 | 2,521 | 132 | Cooperate |
| 闫云龙 | 854 | 43 | Yan Yunlong |
| 阳元江 | 1,025 | 188 | Yang Yuanjiang |
| 顾问 | 1,481 | 13 | Consultant |
| 领导 | 12,985 | 3,029 | Leadership |
| 香港 | 1,259 | 176 | Hong Kong |
| 马丁 | 248 | 17 | Ma Ding |
| 高倩 | 3,069 | 1,921 | Gao Qian |

Report Generated:   10/9/2023 17:52                    Page 1 of 1

Attachment E



**Irico**
## Search Terms Report

| Report Name: | 100923 Proposed Terms Terms Searches on Email Sever Data | Searchable Set: | 0237 Keyword Search Scope of Email Server on All |
|---|---|---|---|



### Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 919 | 1989 | 14420 |

### Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 79 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 59 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 130 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 68 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 3 | 0 | upper age limit for appointment |
| "作证" AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 169 | 377 | 4 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 25 | 25 | 0 | removal |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "内退" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 47 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Zunkun |
| "尊婶" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 137 | 740 | 0 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 106 | 1 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new position |
| "最后工作日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 103 | 349 | 2 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 66 | 0 | leaving office |
| "离岗" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 57 | 0 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 198 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 126 | 445 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | old mother |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "证人" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 134 | 317 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 172 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 80 | 407 | 0 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 204 | 5 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 287 | 3 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 129 | 4 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Bao Yong's email ID |
| CRT AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 202 | 678 | 40 | |
| gqian AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 57 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shang Tingting's email ID |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| shf AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 17 | 47 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 233 | 708 | 2 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 269 | 705 | 1 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 9 | 0 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 15 | 2 | Personal Account (Pension) |
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 409 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 205 | 1 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 62 | 0 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 206 | 0 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 162 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 33 | 0 | Bao Yong |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 华南 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 100 | 0 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 408 | 0 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 14 | 67 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 97 | 456 | 0 | Si Yuncong |
| 司总 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 349 | 0 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 26 | 101 | 0 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 6 | 75 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 289 | 0 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 31 | 0 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 95 | 309 | 0 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 279 | 865 | 0 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 334 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR "61040219640302123" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 88 | 547 | 0 | General Manager |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 慢 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 58 | 3 | Declaration of personnel traveling abroad |
| 拖 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 10 | 40 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 71 | 123 | 0 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 248 | 1 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 201 | 601 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 89 | 258 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 146 | 655 | 2 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 105 | 350 | 3 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 11 | 52 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 46 | 0 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 143 | 555 | 1 | Depart from Post |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 27 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 82 | 1 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 37 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 173 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 82 | 545 | 0 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Salary |
| 借口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 31 | 191 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 135 | 0 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 802 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 151 | 607 | 0 | Litigation |
| 调岗 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 34 | 0 | to Hong Kong and Macau |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 返聘 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 75 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 30 | 1 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 107 | 219 | 0 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 231 | 842 | 7 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 38 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 62 | 188 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 113 | 485 | 1 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 494 | 807 | 362 | Hong Kong |
| 马丁 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 100 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian |

Attachment F

# Irico
## Search Terms Report

**Report Name:**    100923 Proposed Terms on BM Data



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 2415 | 48925 |

## Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 78 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 13 | 0 | upper age limit for appointment |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "作证" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 50 | 0 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 45 | 0 | removal |
| "内退" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 699 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Zunkun |
| "尊绅" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 13 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 136 | 4 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | new position |
| "最后工作日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 293 | 5 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 0 | leaving office |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "离岗" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 629 | 2 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 385 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 0 | old mother |
| "证人" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 26 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 60 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 863 | 1 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 144 | 0 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bao Yong's email ID |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| CRT AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 6 | |
| gqian AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shang Tingting's email ID |
| shf AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 87 | 6 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 132 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 408 | 6 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 382 | 7 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 906 | 48 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 247 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 0 | Bao Yong |
| 华南 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 550 | 36 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 4 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 47 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 0 | Si Yuncong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 司总 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 119 | 2 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 597 | 5 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 741 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 648 | 68 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 1 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 199 | 4 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 687 | 11 | General Manager |
| 慢 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 2 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 1 | Declaration of personnel traveling abroad |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 拖 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 118 | 5 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 6 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 52 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 0 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 310 | 19 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 2 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 0 | Depart from Post |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 41 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 846 | 5 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 116 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 125 | 1 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 602 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 767 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 412 | 1 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 98 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 187 | 0 | Litigation |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 调岗 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 7 | 0 | to Hong Kong and Macau |
| 返聘 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 407 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 44 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 222 | 13 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 482 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 964 | 48 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 191 | 1 | Hong Kong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 马丁 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 18 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 0 | Gao Qian |

**Report Generated:**   10/9/2023 17:38                    Page 1 of 1

Attachment G

**Carter, Tom**

| | |
|---|---|
| **From:** | Lauren Russell <LaurenRussell@TATP.com> |
| **Sent:** | Friday, October 6, 2023 8:00 PM |
| **To:** | Werbel, Evan; Carter, Tom; Matthew Heaphy; Rick Saveri |
| **Cc:** | Geoff Rushing; David Hwu; Mario Alioto; Dan Birkhaeuser; Alan Plutzik; Taladay, John; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Subject:** | RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |

[EXTERNAL EMAIL]

Evan:

We have discussed and considered your request that Plaintiffs agree to your proposed limitations of our search terms, but we cannot agree to your request. We are not able to test your proposed limiters or have any visibility into the results of the searches to know whether responsive documents are being missed.

Judge Walker's Order requires Baker Botts to search for and "produce to plaintiffs *all* non-privileged documents responsive to the Su Order and this order and a privilege log for any withheld documents." Interim Order at 9 (emphasis added). Plaintiffs cannot modify this requirement. Judge Walker gave Plaintiffs the opportunity to propose search terms, which we did, but ultimately it is Baker Botts' responsibility to ensure that whatever search methodologies are used, all responsive documents are captured.

As for your requested extension of time to comply with Judge Walker's Order, that request is more appropriately directed to Judge Walker. However, Plaintiffs note that you were aware of Plaintiffs' search terms as well as any Chinese government review requirements when you requested the three-week extension. In addition, given that you are only looking for documents relating to Mr. Su's resignation, many relevant documents should be identifiable without search terms. Any such documents should be produced by the current deadline, along with the other information ordered by Judge Walker that does not involve review of search results.

Regards,

Lauren


Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
Telephone: (415) 860-5051
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Friday, October 6, 2023 3:37 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Matthew Heaphy <mheaphy@saveri.com>; Rick Saveri <rick@saveri.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan

Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt and all, As requested, attached is a list of the 15 custodians that we have been discussing along with information on their relevant positions and entities.  We are  also looking into the other questions that you raised during our meet and confer today.  The preliminary response that we received on deduplication of emails and internal texts is that all the search results have been deduped, but we are confirming further and will get back to you on that issue and the others discussed.

We look forward to hearing from Plaintiffs on the key word searches and on the request for an extension.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 4:43 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, please see attached.  The terms added by Irico (not including duplicative terms with Plaintiffs' list) are marked in blue at the bottom of the list.

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 3:30 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Tom:

Per our discussion, could you please provide a list of Irico's additional search terms?

Thanks,
Matt

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 11:40 AM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, for discussion on the call at noon Pacific, please see the attached search term hit reports.

Thanks,
Tom

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 1:42 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Evan:

Plaintiffs are available today at noon Pacific. Could you please circulate a call-in number?

Best,
Matt

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, October 4, 2023 1:10 PM
**To:** Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Matthew Heaphy <mheaphy@saveri.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Lauren and Rick, Are Plaintiffs available tomorrow to meet and confer regarding the search terms for the Su investigation?   How about 12:00 Pacific?  If that does not work, let us know if there is another time that does.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# Exhibit F

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2001 Union Street, Suite 482
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

October 12, 2023

*VIA EMAIL*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
vrw@judgewalker.com

      Re:     <u>*In re Cathode Ray Tube (CRT) Antitrust Litigation*</u> – MDL No. 1917,
                <u>Master File No. 07-CV-5944-JST</u>

Dear Judge Walker:

      IPPs and DPPs (together, "Plaintiffs") respond to Irico's letter dated October 9, 2023 regarding search terms. In summary, Plaintiffs cannot "agree" to search terms that Irico proposes. Nor should Irico ask Your Honor to "approve" them. The appropriateness of the proposed "Su qualifiers" that Irico proposes can only be tested by examining the documents that were excluded when they were applied. This process has not been performed to Plaintiffs' knowledge. Much less have the results been provided to Plaintiffs or Your Honor. Nor do the "Su qualifiers" necessarily make sense. For example, they should not be applied to documents collected from Mr. Su's files.

      However, at bottom, this is not a difficult task. Irico is collecting documents related to Mr. Su's departure. Your Honor's Order requires a production from a limited time period, with limited custodians involved and discrete topics. Further, the Order requires Irico to collect and produce documents by means other than search terms – which apparently it has – by interviewing custodians, etc. Baker Botts and Irico have had more than ample time to complete this aspect of their search. All responsive documents collected to date should be produced immediately.

      In the Interim Report and Recommendation dated September 1, 2003, Your Honor invited Plaintiffs "at their discretion, [to] provide search terms designed to identify responsive documents and information to Baker Botts." Plaintiffs did so by September 7, 2023, the date specified in the Order.

      Irico's account of the meet and confer process is misleading and demonstrates a strategy of delay. Plaintiffs met and conferred twice with Baker Botts (immediately upon

The Honorable Vaughn R. Walker
10/12/2023
Page 2

their October 4 request – almost one month after the search terms were provided) about the use of the "Su qualifiers" that Irico proposed. Irico informed Plaintiffs that Plaintiffs' search terms yielded approximately 40,000 documents. Irico explained that its proposed qualifiers yielded only 3,300 documents and asked Plaintiffs to "approve" the modified search terms. Notably, during the meet and confers Baker Botts never took issue with any of Plaintiffs' search terms. Plaintiffs submit that they were narrowly tailored based on terms that appeared in documents produced in response to Your Honor's initial order regarding Mr. Su. In fact, Baker Botts informed Plaintiffs that they used Plaintiffs' search terms as a basis for their own and added to them.

Without more, Plaintiffs cannot "approve" Irico's use of the proposed qualifiers. Plaintiffs do not know what information is contained in the 36,700 documents excluded by the qualifiers. Nor does Your Honor. It is Baker Botts' and Irico's obligation to comply with the Court's Order. Only Baker Botts and Irico know what documents have been gathered and what documents would be left behind. Only Baker Botts and Irico can examine or perform searches on the excluded documents to evaluate responsiveness.

Plaintiffs note that this is the first time in this litigation that Irico has indicated that a "state secret" review would delay any productions. Indeed, Irico has previously produced documents related to Mr. Su's departure without indicating any such review was performed.

Given the misplaced and unnecessary invective in Irico's letter, Plaintiffs can only conclude that the sole purpose is additional delay. On August 21, 2023, Your Honor initially required Irico to produce documents no later than September 22, 2023. ECF No. 6264 at 9. At Irico's request, Your Honor extended the deadline until October 13, 2002. ECF No. 6325. At a minimum, Irico should be required to produce all responsive documents it has collected to date and all direct communications with Mr. Su during the relevant time period by October 13. As for the remaining documents, Irico should determine the responsiveness of the documents eliminated by its use of qualifiers and produce documents responsive to Your Honor's order on October 13 or whatever brief extension Your Honor grants.

Very truly yours,

*/s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

*/s/ Lauren C. Capurro*

Lauren C. Capurro
Lead Counsel for Indirect Purchaser Plaintiffs

The Honorable Vaughn R. Walker
10/12/2023
Page 3


Cc:    Tanveer Singh (tanveer.singh@fedarb.com)
       John M. Taladay (john.taladay@bakerbotts.com)
       Evan J. Werbel (evan.werbel@bakerbotts.com)
       Thomas E. Carter (tom.carter@bakerbotts.com)
       Andrew L. Lucarelli (drew.lucarelli@bakerbotts.com)
       Geraldine W. Young (geraldine.young@nortonrosefulbright.com)
       Kaylee Yang (kaylee.yang@nortonrosefulbright.com)

# Exhibit G

1  John M. Taladay *(pro hac vice)*
2  Evan J. Werbel *(pro hac vice)*
   Thomas E. Carter *(pro hac vice)*
3  Andrew L. Lucarelli *(pro hac vice)*
   BAKER BOTTS L.L.P.
4  700 K Street, N.W.
   Washington, D.C. 20001
5  202.639.7700
   202.639.7890 (fax)
6  Email: john.taladay@bakerbotts.com
          evan.werbel@bakerbotts.com
7          tom.carter@bakerbotts.com
          drew.lucarelli@bakerbotts.com
8
   *Attorneys for Defendants Irico Group Corp. and*
9  *Irico Display Devices Co., Ltd.*

10

11

12

13                 **UNITED STATES DISTRICT COURT**

14               **NORTHERN DISTRICT OF CALIFORNIA**

15                      **OAKLAND DIVISION**

16  IN RE: CATHODE RAY TUBE (CRT)        Master File No. 07-CV-5944-JST
    ANTITRUST LITIGATION
17                                        MDL No. 1917

18  This Document Relates to:           **DECLARATION OF JOHN M. TALADAY**
                                        **REGARDING COMPLIANCE WITH**
19  *ALL INDIRECT PURCHASER ACTIONS*     **INTERIM ORDERS ON PLAINTIFFS'**
    *ALL DIRECT PURCHASER ACTIONS*       **MOTION FOR DISCOVERY SANCTIONS**
20
21                                        Judge:     Honorable Jon S. Tigar

22

23

24

25

26

27

28

I, John M. Taladay, declare as follows:

1.     I am a member of the bar of the District of Columbia and admitted to practice before this Court *pro hac vice*.  I am an attorney with Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display," collectively, "Irico" or the "Irico Defendants") in this action.  I make this Declaration in support of Irico Defendants' Submission in Response to the Orders Adopting the Special Master's First and Second Interim Reports and Recommendations on Plaintiffs' Motion for Discovery Sanctions.  *See* ECF Nos. 6264 ("First Interim Order"); 6324 ("Second Interim Order," collectively the "Orders").  If called as a witness, I could and would testify to the matters set forth in this declaration of my own personal knowledge.

2.     As directed by the Special Master in the Second Interim Order, I submit this declaration to describe the steps taken under my direction and control to comply with the Special Master's Orders requiring discovery into certain matters regarding Su Xiaohua as well as to detail other tasks completed as required by the Orders.

**Su Laptop, Other Devices and Documents**

3.     At my direction, Thomas Carter, a Baker Botts attorney of record for Irico, traveled to China on September 10, 2023, along with Eric Chuang, a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor experienced in discovery of electronically stored information. *See Forensic Technology Services*, BDO USA, P.C. (last accessed Oct. 23, 2023), https://www.bdo.com/services/advisory/forensics-investigations/forensics-technology.

4.     Mr. Carter took physical custody of Mr. Su's former laptop on September 12, 2023, and personally oversaw BDO's imaging of the complete content of the laptop's solid-state drive. BDO utilized Forensic Falcon Neo, a digital forensic imaging hardware device manufactured by Logicube, a well-known product in the forensic industry, to duplicate the solid-state drive, which is the same imaging equipment and software as is typically used for BDO's U.S. forensic collections in litigation matters.

5.     Mr. Carter then oversaw BDO's forensic analysis of all recovered files from Mr. Su's former laptop.  BDO utilized Encase Forensic Software manufactured by Guidance Software,

a well-known product in the forensic industry, for the data recovery procedure, which is typically used for BDO's U.S. forensic collections in litigation matters.

6.     Until leaving his position at Irico, Mr. Su most recently served as the General Manager of Irico (Foshan) Flat Panel Display Co., Ltd. ("Irico Foshan") located in the city of Foshan, China, where Mr. Su's former office was located.  Based on information provided by Irico, we understand that Mr. Su's laptop was issued to him by Irico Foshan around the time he was first employed by that company beginning on December 31, 2019.  BDO's analysis showed that the solid-state drive of Mr. Su's laptop had been reformatted on June 15, 2022 and a new copy of Microsoft Windows was installed at that time.[1]  Based on Baker Botts' investigation this was done in connection with the repurposing of Mr. Su's laptop for use by his successor as General Manager, Zhang Jiming, who took possession of Mr. Su's former laptop when he assumed Mr. Su's former position.  Based on interviews with Irico employees, we understand that Zhang Dongling, the Operations and Management Director for Irico Foshan, was responsible for repurposing the laptop for use by Zhang Jiming.

7.     A report detailing the results of BDO's forensic analysis is attached as Exhibit 1. BDO recovered a total of 28,555 files with metadata dates within the time period in which Mr. Su potentially had use of the laptop, the vast majority of which were system files.  Following de-duplication and removal of non-user created system files, approximately 9,000 files remained, prior to application of search terms.  These files were transferred by BDO to a China-based Relativity server so that BDO could process and apply search terms to the data and to enable a state secret review before any materials were released to Baker Botts as described below.

8.     I also instructed BDO to collect data from corporate servers containing Mr. Su's emails and internal text messages.

9.     Also under my direction, Baker Botts and BDO investigated whether Mr. Su had any other company-issued or company-controlled devices other than his former laptop and determined that he did not.

---

[1] We note that, at that time, the laptop and its contents were not subject to any discovery order.

10.     Baker Botts and BDO also investigated whether there were any remaining hard copy files in or from Mr. Su's office and determined no such files existed.  Mr. Su's successor, Zhang Jiming, had moved into Mr. Su's office more than a year ago, and he informed Mr. Carter that the office was empty when he moved in.   Other Irico Foshan employees also confirmed that Mr. Su had removed any files from his office prior to his departure.

**Efforts to Contact Mr. Su**

11.     I have been informed, and medical records indicate, that Mr. Su suffered a stroke on January 7, 2023, and that he has been in and out of the hospital, or in recovery hospitals, since that time.  *See* Ex. 2 (IRI-SU-000219E).  In August, after the issuance of the First Interim Order but prior to the Second Interim Order, Zhang Wenkai, Irico's Assistant General Counsel, contacted Mr. Su by phone on a few occasions to seek his cooperation with responding the Orders.  Mr. Su spoke briefly to Mr. Zhang, but on the final occasion, citing his deteriorated health condition, Mr. Su insisted that that he not be contacted any further regarding this litigation.  Mr. Zhang recorded this call, and we have attached a transcript of that discussion.  *See* Ex. 3 (IRI-SU-000202E).

12.     Despite Mr. Su's explicit request, pursuant to the Second Interim Order, Baker Botts attempted to contact Mr. Su on October 3, 2023, by sending a message through Mr. Zhang to Mr. Su via WeChat, a commonly used communication app in China, requesting to speak with Mr. Su regarding the issues raised in the Orders.  Mr. Su did not respond to that request.  *See* Ex. 4 (IRI-SU-000229E).  Thus, we were not able to secure any cooperation by Mr. Su in connection with the current discovery initiative under the First and Second Interim Orders.

**Interviews of Other Irico Employees**

13.     Under my direction and based on their positions or other information suggesting a potential connection to Mr. Su, Mr. Carter, together with bilingual BDO staff, interviewed 23 current or former employees of Irico Group and its subsidiaries.  These individuals included: (1) human resources staff and department heads at Irico Group, Xianyang Irico Group Industrial Co., Ltd. ("Irico Industrial," the Irico subsidiary that directly managed Mr. Su's management appointments), and Irico Foshan; (2) top management at Irico Group, Irico Industrial, and Irico Foshan, including the four individuals whose names are set forth in the April 7, 2022, meeting

minute approving Mr. Su's resignation request; (3) former subordinates of Mr. Su at Irico Foshan; (4) personnel at Irico Group and Irico Industrial responsible for ministerial drafting and approving official personnel paperwork; (5) members of the Irico Group legal department; and (6) information technology personnel at Irico Group.

14.     These interviews covered topics relevant to the Orders, including interviewees' knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents.  Mr. Carter reported to me regarding relevant information learned in these interviews.

**Collection of Materials from Interviewees and Relevant Departments**

15.     In each interview described above, on my instruction, Mr. Carter also inquired and attempted to determine whether the employee had any documents or personal communications responsive to the Orders that were not preserved on the corporate servers.   As detailed below, Mr. Carter and BDO determined that emails and internal text messages would be preserved on corporate servers.   If any interviewee indicated that they had responsive company documents not preserved on these corporate servers, all of those materials were collected by BDO. In some cases, the interviewees indicated that they had WeChat communications that might be responsive to the Orders on individual employee-owned phones (over which the company has no control) rather than on company devices or servers.  Though none of interviewees would agree to provide their personal phones for forensic imaging and not all employees still had copies of their potentially relevant WeChat messages, those interviewees who stated that they still had relevant WeChat messages provided screen shots of those messages to BDO.  All materials provided by these witnesses were given to BDO, and BDO loaded the documents to the China-based Relativity server.

16.     Other specific materials required by the Orders were also collected directly (on a "go get" basis) from relevant departments such as human resources (e.g., Mr. Su's employment

contract) and accounting (i.e., payment records). BDO loaded these materials onto the China-based Relativity server.

**Collection of Emails and Internal Text Messages from Corporate Servers**

17.    After consultation with Mr. Carter regarding his interviews, I identified 15 custodians (14 interviewees and Mr. Su) who appeared reasonably likely to have responsive electronic communications.[2] I then instructed BDO to collect all emails and internal text messages in the relevant time frame from the corporate servers for those custodians for further review. *See* Ex. 5 (Oct. 9, 2023, Letter Request to Special Master), Attachment A.

18.    BDO worked with relevant information technology personnel responsible for maintaining the company servers to execute on this instruction. Email data and internal text message data were stored on different servers, so this effort required separate collections by BDO.

19.    Regarding the emails, only 14 of the 15 custodians had mailboxes on the corporate server. Xu Jinmei, the Administration and HR Director at Irico Foshan, did not have a company email address. In addition, the email box of Wang Jijun, while it existed on the server, was empty. The email box of Mr. Su was maintained on the server and data was collected.

20.    Date filters were applied prior to collection based on the role of each custodian: January 1, 2021, through September 1, 2023 (or the last day of their employment with any Irico company), for any custodian with potential knowledge or involvement regarding Mr. Su's requested deposition; and January 1, 2022, through September 1, 2023 (or the last day of their employment with any Irico company), for all other custodians, i.e., those custodians who were identified only because of potential knowledge or involvement relating to Mr. Su's departure. The data from the 13 available email boxes were transferred from the server to an external hard drive by BDO.

21.    Regarding the internal text messages, data was identified for all 15 custodians, including Mr. Su. The same date filters described above regarding the email collection also were

---

[2] The other nine individuals interviewed had incidental information or de minimis roles regarding Mr. Su's departure or application to travel for deposition.

applied to the internal text message data. The internal text message data was transferred from the server to an external hard drive by BDO.

22. BDO loaded the data from the external hard drives onto the China-based Relativity server. The available data for the 15 custodians gathered by BDO totaled 16,409 email files (including attachments) and 56,325 internal text message files (including attachments), a total of 72,734 files.

**Application of Search Terms**

23. BDO, at my direction, applied search terms to the server data to attempt to narrow the materials to those most likely to be responsive to the Orders. BDO utilized standard search methodologies regularly utilized in the forensic searching in the US, pursuant to instructions from Baker Botts. To determine the search terms to apply, Baker Botts utilized the search terms that it identified, combined with the generic and unqualified search terms provided by Plaintiffs on September 7, 2023. As noted in our letter request submitted to the Special Master on October 9, 2023, Plaintiffs' search terms omitted any requirement that the search terms be related in any way to Mr. Su: i.e., they failed to include any "Su qualifier" such as a variation of his name, employee ID number, citizen ID number or email address. For example, Plaintiffs' unqualified search terms hit on all documents sent or received by all custodians over a 20 to 32-month period that mention the word "leadership" irrespective of whether the document had any mention of, or relevance to, Mr. Su. As a result, the initial application of all of Plaintiffs' search terms resulted in hits on over 40,000 documents – 55% of every message or document sent or received by every custodian during this 20 to 32-month period – a clear sign that the unqualified search terms were grossly overbroad in the context of a specific search that is wholly and solely directed at the circumstances of Mr. Su's departure and deposition. Moreover, reviewing all documents hitting on the unqualified search terms could not conceivably be accomplished in the required time frame for production, even with the extension sought by Irico in its letter request of October 9, 2023.

24. I then instructed BDO to again apply Baker Botts' and Plaintiffs' combined search terms, but this time applying the "Su qualifiers" to target those documents with some potential relevance to Mr. Su. *See* Ex. 5 (Oct. 9, 2023, Letter Request to Special Master) at 4-6,

Attachments C-F.  However, for the data collected from Mr. Su's laptop, BDO applied all of

Plaintiffs' search terms and Baker Botts' search terms without the application of any "Su

qualifiers."  In total, this effort resulted in approximately 9,400 files, which BDO then processed

for further review.[3]

25.     Irico and the Plaintiffs have disagreed on the use of "Su qualifiers" to narrow the

collection of relevant materials, and in its letter request of October 9, 2023, Baker Botts asked the

Special Master to approve the use of the "Su qualifiers" as a modification to Plaintiffs' search

terms.   Consistent with and in compliance with the Second Interim Order, BDO, at my direction,

has collected and preserved the additional disputed documents that hit on Plaintiffs' search terms

without "Su qualifiers," and they remain on the China-based Relativity server awaiting the Special

Master's decision.

**State Secret Review**

26.     I understand from Irico as well as independent Chinese legal counsel by whom I

was advised, that Irico and its employees are bound by Chinese legal requirements preventing the

disclosure of Chinese state secrets.[4]

27.     To ensure that all Chinese regulations regarding state secrets were followed here,

BDO retained the AnJie Broad Law Firm ("AnJie"), a large and reputable Chinese law firm with

whom Baker Botts has worked in the past, to conduct a review of the materials before releasing

materials to the United States to be reviewed for responsiveness to the Orders.  *See About AnJie*

*Broad*, AnJie Broad (last accessed Oct. 23, 2023), https://www.anjielaw.com/more/aboutus.html.

Counsel from AnJie informed me that Article 9 of the Chinese Law on Guarding State Secrets

precludes the transmission of materials that contain state secrets, including but not limited to

information that that could cause damage to the national security and interests of politics, economy,

national defense or foreign affairs, to other countries or regions without the express permission of

the relevant competent authorities.  *See* Law on Guarding State Secrets (promulgated by the

---

[3] Of these approximately 9,400 files, only 22 originated from Mr. Su's former laptop, a likely result
of the reformatting.
[4] I have been informed by Irico that documents previously collected and considered in response to
discovery on the merits did not contain state secrets and that no such materials were withheld on
state secret grounds.

Standing Comm. Nat'l People's Cong., Sept. 5, 1988, rev'd Apr. 29, 2010, effective Oct. 1, 2010), art. 9, 2010 P.R.C. Laws 71.75 (China).

28.     To respect these requirements while facilitating Irico's compliance with the Orders, counsel from AnJie reviewed the following sets of documents (i.e., all that had been identified by Baker Botts as potentially relevant):

- all of the individual "go get" documents collected by BDO directly from interviewees or Irico departments;
- all of the documents from Mr. Su's laptop that hit on Plaintiffs' search terms and Baker Botts' search terms without applying any "Su qualifiers"; and
- all of the emails and internal text messages collected for the 15 custodians that hit on all of the search terms with "Su qualifiers."

This state secret review occurred before the documents were released to Baker Botts to be reviewed for responsiveness to the Orders.  Thus, to be clear, AnJie did not withhold any documents on the basis that the documents were not responsive to the Orders.  Their review was limited to evaluating the documents for state secret content, except as described in the following paragraph.   AnJie did not identify any documents from Mr. Su's former laptop or from the direct "go get" materials from interviewees or Irico departments as containing state secrets.  AnJie determined that 177 email files and 818 internal text message files, 995 files in total, could not be provided to Baker Botts for further review because of state secret content.  Given AnJie's determination, these documents could not be released to the US or reviewed by US-based lawyers.

29.     However, to further evaluate whether, and how many of, these documents were responsive to the Orders, I instructed Mr. Carter to train a lawyer from the AnJie firm who is a U.S.-barred and licensed attorney regarding the scope of the requirements of the Orders, and to provide him a copy of the Orders for his review and understanding.  Mr. Carter reviewed the Orders with Cui Wei from AnJie, a member of the New York state bar, and Mr. Cui then reviewed the set of documents determined to contain state secrets for responsiveness.  Based on Mr. Cui's review, it was determined that 21 of the 995 files withheld were responsive to the Orders.  A log of

the 21 responsive documents withheld under AnJie's determination of state secret content has been provided to Plaintiffs as part of the production.

30.      I also understand from Irico as well as independent Chinese legal counsel by whom I was advised, that Irico is prohibited from disclosing personally identifiable information relating to individual employees.   Such information is protected from disclosure by the China Personal Information Protection Law (promulgated by the Standing Comm. Nat'l People's Cong., Aug. 20,2021, effective Nov. 1, 2021), art. 11, 2021 P.R.C. Laws 1117.1125 (China).  In light of this requirement, AnJie and BDO also reviewed the following sets of documents to ensure that they did not contain any personally identifiable information:

- all of the individual "go get" documents collected by BDO directly from interviewees or Irico departments;
- all of the documents from Mr. Su's laptop that hit on Plaintiffs' search terms and the Baker Botts search terms without applying any "Su qualifiers"; and
- the emails and internal text messages collected for the 15 custodians that hit on all of the search terms with "Su qualifiers."

No documents responsive to the Orders were withheld on the basis of such personal information. If such personal information was identified, per my instructions, AnJie or BDO applied solid black redactions only as to that personal information, which is clearly identified in the documents produced to the plaintiffs.

31.      At my direction, BDO transferred all of the documents that it reviewed that did not contain state secrets, including those documents that contained redactions for personal information, from the China-based Relativity server to a US-managed Relativity service.  Also at my direction, Mr. Carter trained a team of U.S.-barred attorneys fluent in Mandarin (since the subject documents were in Chinese) on the requirements of the Orders, and supervised their review of these documents for responsiveness.   An initial production of responsive, non-privileged materials was made to Plaintiffs on October 13, 2023.  This initial production included over 80% of responsive email files (excluding those that required privilege redactions) as well as over 80% of responsive files obtained through "go get" collections from interviewees or Irico departments.  All remaining

9

responsive, non-privileged materials from the files transferred to the US-based server are being produced to the Plaintiffs today, October 23, 2023.  Documents withheld for privilege have been identified on a privilege log provided to Plaintiffs.

**Submission of Letter to the Special Master under First Interim Order**

32.     Along with this submission, Baker Botts is producing a letter to the Special Master, as required by the First Interim Order, providing "the names of Irico personnel involved in communicating with Mr. Su about: (a) his deposition, resignation and end of employment from January 2021 to the present and (b) information about his participation and knowledge of competitor contacts and communications."

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd day of October, 2023, in Washington, D.C.

*/s/ John M. Taladay*

John M. Taladay (*pro hac vice*)
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email:John.Taladay@bakerbotts.com

*Attorney for Defendants Irico Group Corp.
and Irico Display Devices Co., Ltd.*