[*Submitting Parties and Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No.: 07-cv-05944-JST |
| | MDL No. 1917 |
| This document relates to: | **JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL L.R. 16-10(D)** |
| *ALL INDIRECT PURCHASER ACTIONS* | |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Date:        February 27, 2024<br>Time:        2:00 p.m.<br>Judge:      Honorable Jon S. Tigar<br>Courtroom: Courtroom 6 – 2nd Floor |

Pursuant to Civil Local Rule 16-10(d), Indirect Purchaser Plaintiffs ("IPPs"), Direct Purchaser Plaintiffs ("DPPs"), and Defendants Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display") (together, the "Irico Defendants" or "Irico")), by and through the undersigned counsel, hereby submit this Joint Case Management Statement:

## INDIRECT PURCHASER PLAINTIFFS' STATEMENT

### I.  INTRODUCTION

IPPs request that the Court set a trial date for some time during July 2024 and reinstate pre-trial deadlines, as suggested below in Part III, *infra*. The original IPP complaint against Irico (and others) was filed in November 2007. IPPs' claims against all other defendants were resolved by June 2015. The trial against Irico in this case was first set for January 2023.[1] The trial was then delayed three times to February 26, 2024 and then by Order of November 22, 2023, the trial setting was vacated to await the Special Master's report and recommendation on Plaintiffs' sanctions motion.

Further delay of the IPPs' trial against Irico is unjust and unnecessary. The parties prepared for trial for nearly eleven months in 2023 while the sanctions motion was pending and without knowing the disposition of that motion.[2] IPPs are prepared to resume trial preparation without knowing the disposition of the sanctions motion. IPPs respectfully suggest that it is highly likely that the sanctions motion will be resolved before July 2024.

### II.  SANCTIONS MOTION BEFORE JUDGE WALKER

Plaintiffs' journey to the sanctions motion pending before Judge Walker is a story of Irico exploiting every opportunity to delay and obstruct the proceedings. Much of 2021 and 2022 was devoted to discovery litigation necessitated by Irico's wrongful failure to comply with its discovery obligations. By mid-2021 it became clear that entire categories of information were missing from

---

[1] The trial of IPPs' claims against the other (non-Irico) defendants was set for March 2015, before being vacated. Irico was not included in that trial as it had wrongfully refused to participate in the litigation.

[2] The sanctions motion was filed in March 2023, but Irico was aware since at least October 2022 that such a motion was imminent.

| JOINT CASE MANAGEMENT STATEMENT | MASTER FILE NO. 07-cv-05944-JST |
|---|---|
| PURSUANT TO CIVIL L.R. 16-10(D) | MDL NO. 1917 |

Irico's document production. For example, Irico produced *no* hard copy documents or emails from the files of any of the key employees who participated in the CRT conspiracy. Plaintiffs propounded interrogatories seeking information regarding Irico's efforts to preserve relevant information pursuant to this Court's Pretrial Order No. 1, ECF No. 230. Irico's responses to this discovery were also deficient (as with most of its discovery responses in this case),[3] requiring Plaintiffs to move to compel. This Court adopted Judge Walker's recommendation (ECF No. 5977) and granted Plaintiffs' motion on January 6, 2022. ECF No. 5978.

Irico's supplemental responses revealed that Irico had failed to implement a proper litigation hold, leading IPPs to seek further discovery regarding the litigation hold instructions Irico received from its former counsel, Pillsbury Winthrop Shaw Pittman, LLP. Irico refused to produce responsive documents citing the attorney-client privilege, forcing another motion to compel on April 15, 2022. This motion was fully briefed by the end of May 2022 and heard in July 2022. However, further briefing was required in November and December 2022 due to a key Irico witness changing his testimony regarding evidence preservation, and Irico amending its discovery responses and changing its story on evidence preservation *fifteen months* after its original responses. *See* ECF No. 6146 at 10-11. This Court granted the motion to compel on January 27, 2023. *See id*. at 4 (finding that Plaintiffs had made a preliminary showing of spoliation).

Meanwhile, Irico engaged in a similar campaign of delay and obstruction relating to the depositions of its percipient witnesses. After months of negotiations, two Court orders requiring his appearance for deposition, and numerous assurances that he would appear, Irico informed Plaintiffs on June 7, 2022, that it would not produce senior executive Su Xiaohua for his deposition. *See* Su Order at 5-7, 8, 12 (noting the chronology "paints an unflattering picture of Irico[,]" concluding that "Irico did violate the court's order (ECF No. 6016)[,]" and inviting Plaintiffs to file a sanctions motion). The Court referred the matter to Special Master Walker, who ordered Irico to produce documents relevant to the circumstances of Mr. Su's "sudden" departure and what Irico knew and

---

[3] *See, e.g.*, ECF No. 6115 ("Su Order") at 2-4 (describing Irico's repeated failures to comply with its discovery obligations in this case).

JOINT CASE MANAGEMENT STATEMENT  MASTER FILE NO. 07-cv-05944-JST
PURSUANT TO CIVIL L.R. 16-10(D)  MDL NO. 1917

when. *Id.* at 12–13. Irico produced a limited number of responsive documents in late December 2022.

Plaintiffs filed their sanctions motion on March 20, 2023. Yet, Irico continued to flout this Court's Orders relating to Mr. Su, unnecessarily multiplying the proceedings and causing inordinate delay and prejudice to Plaintiffs. *See, e.g.*, ECF No. 6264 at 6, 9 ("Irico's production of documents in response to the Su Order appears extremely curated, incomplete and inadequate[,]" and stressing that "Irico's continuing failure to comply with discovery orders risks terminating sanctions as well as less severe sanctions"); ECF No. 6324 (rejecting Irico's attempt to "negotiate its way out of" the First Interim Order requiring it to produce additional documents relating to Mr. Su, and warning "that the consequence of repeatedly violating court orders includes terminating sanctions and lesser but still severe sanctions.").

After further extensions of time, Irico finally made a partial production of additional documents relating to Mr. Su on October 23, 2023 (subject to the Special Master's resolution of a dispute over search terms). This production triggered further briefing in November 2023 and another hearing in mid-December, leading the Special Master to issue a Status Report on November 21, 2023, informing the Court that "the sanctions motion raises serious issues" that may impact the pending summary judgment motions in the IPP case. *See* ECF No. 6345. As a result, this Court vacated the summary judgment hearing and IPPs' trial date and all other pretrial deadlines. ECF No. 6346. The Court also set this Case Management Conference for February 26, 2024. *Id.*

Discovery into Mr. Su's departure from Irico to avoid being deposed continues to this day. On January 31, 2024, the Special Master issued a Report & Recommendation on Discovery Search Terms, requiring Irico to run additional search terms without qualifiers and to produce responsive documents by February 23, 2024. ECF No. 6351. On February 16, 2024, the Special Master granted Irico a four-week extension of time until March 25, 2024 to comply with the Order over Plaintiffs' opposition. ECF No. 6355.

//

### III. STATUS OF IPP ACTION

The trial of IPPs' case against Irico was originally set for January 30, 2023. ECF No. 5925. As a result of Irico's repeated requests for extensions of the discovery cut off to produce its witnesses for deposition (ECF Nos. 5980, 5999), IPPs' trial had to be continued. ECF No. 6015. The Court ultimately moved the trial date to July 24, 2023. ECF No. 6024. The trial date was then continued two more times to January 8, 2024 (ECF No. 6135), and then to February 26, 2024 (ECF No. 6198), before being vacated without a new trial date (ECF No. 6346), as described above.

IPPs are prepared to go to trial. Dispositive motions are fully briefed. Motions *in limine* are fully briefed. The parties had exchanged trial exhibits, deposition designations, jury instructions, and special verdict forms and objections thereto, and were very close to submitting disputed designations and instructions to the Court for resolution when the Court vacated the February 26, 2024 trial date. Vacating the trial date has disrupted IPPs' trial preparations.

IPPs respectfully request that the Court set a new pretrial schedule and a new trial date in July 2024. IPPs submit that the Court should not await resolution of Plaintiffs' sanctions motion to set a new trial date. The sanctions motion will likely be resolved well before July 2024, and IPPs will be prepared to accommodate the impact of the disposition of that motion on the scope of the trial.

This Court has previously recognized the prejudice to Plaintiffs caused by Irico's delays. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944 JST, 2018 WL 659084, at *8 (N.D. Cal. Feb. 1, 2018) ("The DPPs were inarguably prejudiced by the Irico Defendants' decision to disappear from the case for ten years. . . . After the passage of so much time, it is likely that documents and data have been lost, that witnesses have become unavailable, or that important details have been forgotten."). The above-described course of this litigation since this 2018 Order demonstrates just how prescient this Court was. Delaying IPPs' trial date until 2025 will compound the prejudice to IPPs. For example, much of the work IPP counsel have done to prepare for trial would get stale, requiring additional time and expense to restart preparations. IPP counsel would incur additional expenses to store data, such as trial exhibits and deposition designations. In addition,

IPPs may lose trial team members with the passage of time, which would require new attorneys to spend time getting up to speed. Accordingly, IPPs respectfully request that the Court set the following schedule for pretrial and trial of the IPP case against Irico:

| Event | [Proposed] Deadline |
|---|---|
| Hearing on dispositive motions | April 5, 2024 |
| Hearings on motions in limine | April 19, 2024 |
| Last day to file parties' joint and any alternatively proposed jury instructions and verdict form | May 1, 2024 |
| Last day to meet and confer before pretrial conference | May 10, 2024 |
| Last day to submit disputed deposition designations to Court | May 15, 2024 |
| Last day to file stipulation on pre-admission of trial exhibits | May 20, 2024 |
| Last day to file joint pretrial statement, proposed findings of fact, and proposed conclusions of law | June 7, 2024 |
| Exhibits marked and exchanged | June 20, 2024 |
| Pretrial conference | June 24, 2024 |
| Last day to deliver trial exhibits to the Court | July 19, 2024 |
| Trial | July 29, 2024 at 8:00 a.m. |

## IV.   STATEMENT REGARDING ALTERNATIVE DISPUTE RESOLUTION

Pursuant to Local Rule 16-10(d), requiring that subsequent case management statements "must report the parties' views about whether using some form of ADR would be appropriate[,]" IPPs state that the parties have been in extensive settlement discussions and, based on those discussions, IPPs believe that mediation or other forms of ADR will not be fruitful until a definite trial date is set.

# DIRECT PURCHASER PLAINTIFFS' STATEMENT

## I. STATUS OF PROCEEDINGS

The DPP actions are ready for pretrial and trial proceedings. The Court certified a direct purchaser class, ECF No. 6042, and class notice was disseminated in accordance with the Court's instructions. *See* ECF Nos. 6124, 6175, 6180. Both merits discovery and expert discovery have closed. *See* ECF Nos. 6016, 6145. No *Daubert* motions were filed.

There are two matters pending before Judge Walker, the Court-appointed Special Master for discovery issues. First, on March 20, 2023, Plaintiffs submitted their Motion for Terminating or Alternative Sanctions Against Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. As discussed in the IPP section of this Statement, this motion has been the subject of extensive briefing and several hearings before Judge Walker. Second, on May 8, 2023, Plaintiffs filed a Supplemental Submission re: Admissibility of Coconspirator Documents and Statements. This followed the Special Master's Report and Recommendation re Admissibility of Coconspirator Documents and Statements (ECF No. 6074) (adopted by the Court on Oct. 14, 2022, at ECF No. 6093) in which he invited Plaintiffs to "proffer additional evidence to link the contents [of 14 documents] to Irico's conduct."

## II. PRETRIAL AND TRIAL SCHEDULE

The DPP actions are currently set for trial on October 28, 2024. ECF No. 6145. The next deadline in the pretrial schedule is the filing of dispositive motions which are due on April 5, 2024. *Id.* Pursuant to stipulation, the Court vacated the February 9, 2024 deadline for Irico to serve a list of proposed dispositive motions, ECF No. 6353, a requirement set forth in the Court's February 16, 2021 Case Management Order (ECF No. 5907). However, given that the Irico Defendants have already filed their Motion for Summary Judgment in the IPP actions, ECF No. 6225, following a meet and confer process, DPPs respectfully submit that it is not necessary to repeat this process unless the Irico Defendants intend to move on additional grounds. Should the Court deem it necessary, it could reset the deadline to meet and confer on dispositive motions and maintain the current April 5, 2024 dispositive motion filing deadline.

### III. STATEMENT REGARDING ALTERNATIVE DISPUTE RESOLUTION

Pursuant to Local Rule 16-10(d), requiring that subsequent case management statements "must report the parties' views about whether some form of ADR would be appropriate[,]" DPPs state that they are willing to consider ADR or mediation.

### IRICO'S STATEMENT

Irico's Statement addresses case developments since, and pertaining to, the Court's Order Vacating Dates and Setting Case Management Conference (ECF No. 6346).

Irico also addresses below the arguments raised in the Statements of the Indirect Purchaser Plaintiffs ("IPPs") and the Direct Purchaser Plaintiffs ("DPPs").

### I. Background

On November 21, 2023, the Special Master filed a Status Report on Plaintiffs' Sanction Motion (ECF No. 6345), which advised the Court that, for "judicial economy," the Court may wish to consider Irico's pending summary judgment motion in the IPP action at the time it considers any objections to the Special Master's decision on Plaintiffs' pending motion for sanctions.

In response, on November 22, 2023, the Court entered its Order (ECF No. 6346), vacating the pretrial and trial dates for the IPP action set forth in the Court's January 27, 2023 Scheduling Order (ECF No. 6145). The Court did not then "reset those dates" due to the "uncertainty surrounding when the sanctions motion before the Special Master will be finally resolved." ECF No. 6346 at 1-2. The Court set a case management conference for February 27, 2024, with a joint case management conference statement due on February 20, 2024, and further advised that the parties may propose a scheduling order prior to the conference "[i]f intervening events provide more clarity on a timeline for resolving Plaintiffs' sanctions motion." *Id.* at 2.

As to the DPP action, because it was unclear in November 2023 whether the pending sanctions motion would impact the next DPP deadlines in February 2024, the Court did not modify the schedule for the DPP action at the time. *Id.* at 1.

On January 31, 2024, the Special Master filed a Report & Recommendation on Discovery Search Terms (ECF No. 6351) related to Plaintiffs' still-pending sanctions motion (the "Search Terms R&R"). The Special Master approved Irico's use of "Su qualifiers" to narrow Irico's past-ordered document review and production, except as to 32 of the search terms proposed by Plaintiffs. *Id.* at 2-3. The Special Master recommended that Irico be ordered to conduct further review and searches using those terms, without qualification, and produce any responsive documents by February 23, 2024. *Id.* at 2-4. The Search Terms R&R did not make recommendations on the merits of the still-pending sanctions motion.

On February 8, 2024, after its eDiscovery vendor completed a preliminary analysis of the 32 search terms in the Search Terms R&R that found that the search terms would require the review of approximately 28,000 documents and after conferring with Plaintiffs, Irico submitted a request to the Special Master for additional time to comply with the Search Terms R&R. *See* ECF No. 6354 at 3, Ex. B. Irico specifically requested that the Special Master amend the February 23, 2024, deadline for compliance with the Search Terms R&R, to March 25, 2024, in light of the substantial volume of documents required to be reviewed and the intervening Chinese Lunar New Year Holiday in China, where Irico is located. *Id.*

On February 16, 2024, the Special Master granted Irico's request, extending Irico's time for complying with the Search Terms R&R to March 25, 2024. ECF No. 6355. Accordingly, Irico filed a withdrawal (ECF No. 6356) of its limited and conditional objection to the Search Terms R&R (ECF No. 6354), which had requested the same extension and which Irico previously filed with the Court while awaiting the Special Master's decision.

In the interim, on February 5, 2024, Irico and the DPPs filed a Stipulation, agreeing that good cause existed to vacate Irico's deadline on February 9, 2024 to serve a list of proposed dispositive motions by February 9, 2024. ECF No. 6352. Irico and the DPPs agreed that the still-pending sanctions motion may potentially impact certain summary judgment motions, forming the good cause for vacating the February 9 deadline. *Id.* The Court subsequently signed the proposed order on February 7, 2024, vacating the February 9 deadline. ECF No. 6353.

## II. Irico's Position

Because Plaintiffs' sanctions motion remains pending and not finally resolved and because the Special Master has granted Irico until March 25 to comply with the Search Terms R&R (which pertains to the sanctions motion), Irico believes that: (a) the dates for the IPP action should not be reset at this time because "intervening events [have not] provide[d] more clarity on a timeline for resolving Plaintiffs' sanctions motion," *see* ECF No. 6346 at 1-2; and (b) the dates for the DPP action should be vacated, on the same grounds as the Court's order vacating the IPP pretrial and trial dates (ECF No. 6346).

The immediate upcoming deadlines in the DPP case all relate to dispositive motions: (i) February 20, 2024 for a "Joint case management statement informing Court of results of parties' meet and confer concerning dispositive motions;" (ii) February 27, 2024 for "Further case management conference to discuss dispositive motions and other pretrial scheduling issues, if any;" and (iii) April 5, 2024 for "Last day to file dispositive motions," followed by related response and reply deadlines. ECF 6145 at 3. Because the Court vacated Irico's deadline to serve a list of proposed dispositive motions, for judicial economy, the upcoming dispositive motion deadlines and subsequent pretrial and trial dates in the DPP action should also be vacated and then reset when there is more certainty surrounding when and how the sanctions motion before the Special Master will be finally resolved.

Irico will continue to work with the Special Master and the Plaintiffs to resolve any issues that arise relating to the pending motion for sanctions. When that motion is finally resolved, Irico will also confer with Plaintiffs to propose joint schedules for the IPP and DPP actions at that time.

For the foregoing reasons, Irico respectfully requests that the Court: (a) decline to enter a scheduling order resetting dates in the IPP action until Plaintiffs' sanctions motion is finally resolved; and (b) vacate the pretrial and trial dates in the DPP action, also to be reset when the sanctions motion is finally resolved.

### III.     Irico's Response to the IPPs' and DPPs' Statements

#### A.     The IPPs' proposed pretrial schedule and July 2024 trial date are unworkable, while the timing and outcome of the sanctions motion remain uncertain.

The IPPs' proposal for the Court to plow forward and hear and decide Irico's summary judgment motion, the parties' motions in limine, and other pre-trial matters—all while the sanctions motion remains pending and not finally resolved—directly conflicts with the Court's reasoned judgment that there be more certainty with respect to the sanctions motion before the IPP schedule is reinstated.

Plaintiffs' sanctions motion seeks relief such as terminating sanctions; the striking of Irico's affirmative defenses, including those raised in Irico's summary judgment motion; the wholesale admission of all Irico documents and co-defendant meeting notes; and adverse jury inferences and instructions. While Irico opposes Plaintiffs' motion and all requested relief, the relief sought may implicate nearly every pre-trial deadline proposed by the IPPs, including those related to dispositive motions, motions in limine (many of which relate to summary judgment and alleged sanctions issues), the jury instructions, trial exhibits, and the joint pretrial statement and proposed factual findings and legal conclusions. Reinstating the pretrial and trial dates now and on the IPPs' proposed timeline unquestionably risks wasteful and inefficient proceedings. That is, under the IPPs' proposal, the parties' work to meet these deadlines would be inherently uncertain and conditional, and precede a final sanctions decision that may upend or materially impact all of that work.

Furthermore, the IPPs themselves recognize that the sanctions motion may not be decided until July 2024—the same month they propose to go to trial, which is facially unworkable. The IPPs also can only guess at when the sanctions motion *may* be finally resolved. Because the timing and outcome of the sanctions motion remain uncertain, Irico requests that the Court decline to enter the IPPs' proposed schedule and that the IPP dates not be reset at this time. ECF No. 6346 at 1-2.

**B.   Contrary to the IPPs' arguments, Irico has not engaged in any intentional delay or obstruction, nor do any of the IPPs' arguments justify their requested schedule.**

In an effort to distract from the inherently unworkable nature of their proposed schedule, the IPPs focus most of their statement on a one-sided narrative against Irico.[4] As Irico has briefed in its submissions opposing Plaintiffs' sanctions motion and in previous filings and submissions, Irico disputes any alleged intentional delay, obstruction, or wrongdoing on Irico's part. Moreover, the schedule in the IPP action was vacated, not by Irico's motion, but by the Court in response to the Special Master's Status Report on Plaintiffs' Sanction Motion (ECF No. 6345). The Special Master's Search Terms R&R and the additional time required by and granted by the Special Master to Irico to comply are the result of the search terms proposed by Plaintiffs. This joint case management conference statement, however, is not the place to litigate the sanctions motion or past procedural history. What matters is that none of the IPPs' arguments justify moving forward with wasteful, inefficient proceedings in lieu of orderly proceedings.

Without any factual or legal support, the IPPs argue that, absent entry of their proposed schedule, they will be prejudiced by stale trial preparation work, additional storage expenses, and potential mobility of trial team members. Again, none of this purported, unsubstantiated prejudice

---

[4] For instance, the Court has also admonished Plaintiffs for "their own delay." *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. C-07-5944 JST, 2018 WL 659084, at *8 (N.D. Cal. Feb. 1, 2018) ("At the same time, however, the DPPs' prejudice argument is substantially undercut by their own delay in seeking entry of default. The DPPs knew that the Irico Defendants were in default by April 29, 2010, when the deadline to file an answer passed. … But the DPPs did not move for entry of default against the Irico Defendants until over six years later, on July 18, 2016.").

The IPPs also omit the key fact that depositions and discovery as to Irico occurred during the COVID-19 pandemic and subject to resulting restrictions in the U.S. and especially in China, where Irico is located, which the parties and the Court recognized were valid grounds on which, by stipulation, to delay discovery and depositions. *See* ECF No. 5980 ("WHEREAS, working conditions in China have been impacted by the Covid virus and on December 28, 2021, the Qindu District of Xianyang City, Shaanxi Province, People's Republic of China, where Irico's facilities are located, issued emergency regulations …. WHEREAS, the shutdown in the Qindu District of Xianyang City has resulted in the closure of Irico's facilities and severely impacted Irico's ability to respond to outstanding discovery requests and has made it impracticable to produce witnesses for deposition …. travel restrictions in the United States and China and concerns regarding the pandemic complicated the scheduling efforts ….").

overrides the real risk of inefficient, wasteful pretrial proceedings posed by the IPPs' proposed schedule.

**C.  The DPPs' request to maintain their current schedule is also unworkable.**

The DPPs' position of maintaining the schedule in their action is unworkable for the same reasons that the Court vacated, and should decline to reinstate, the schedule in the IPP action.  Given the Court's and the Special Master's shared recognition that the still-pending sanctions motion may impact dispositive motions, the DPPs' proposal for the parties to move forward with dispositive motions on April 5, 2024, is untenable—where Irico's March 25 deadline to comply with the Search Terms R&R will occur just the week prior, to be followed by any subsequent briefing by the parties as to that compliance, any follow-up by the Special Master, the decision by the Special Master on the sanctions motion, objections thereto and related briefing by the parties, and a decision by this Court on the sanctions motion.  Because the DPP action has progressed less than the IPP action, even more pretrial deadlines remain in the DPP schedule and could be impacted by the final sanctions decision.  The Court should, therefore, vacate the schedule in the DPP action, to be reinstated when there is more certainty as to the timing and outcome of the sanctions motion.

**IV.  Irico's Statement Regarding Alternative Dispute Resolution**

Irico has engaged in discussions with both IPPs and DPPs about their settlement demands.  Based on those discussions, Irico does not believe that the parties are close enough in settlement expectations to benefit from any forms of ADR at this time.  Irico, however, remains willing to consider and engage in ADR in the future.

//

//

//

|   |   |
|---|---|
| 1 |  |
| 2 | Respectfully submitted, |
| 3 | Dated: February 20, 2024 |

/s/ Mario N. Alioto
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
jpatane@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

Dated: February 20, 2024

/s/ R. Alexander Saveri
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
David Y. Hwu (281780)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
Email: rick@saveri.com
    grushing@saveri.com
    mheaphy@saveri.com
    dhwu@saveri.com

*Lead Counsel for Direct Purchaser Plaintiffs*

Dated: February 20, 2024

/s/ John M. Taladay
John M. Taladay (pro hac vice)
Evan J. Werbel (pro hac vice)
Thomas E. Carter (pro hac vice)
Andrew L. Lucarelli (pro hac vice)
BAKER BOTTS LLP
700 K Street, N.W.
Washington, D.C. 20001
(202) 639-7700
(202) 639-7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com

drew.lucarelli@bakerbotts.com

Jeffrey Margulies (Bar No. 126002)
Norton Rose Fulbright US LLP
555 California Street
Suite 3300
San Francisco, California 94104
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
Email:
jeff.margulies@nortonrosefulbright.com

*Counsel for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*

**ATTESTATION**

I, Lauren C. Capurro, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that concurrence in the filing of this document has been obtained from the other Signatory hereto.

By: */s/ Lauren C. Capurro*
Lauren C. Capurro