*[Submitting Parties and Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION

This document relates to:

*ALL INDIRECT PURCHASER ACTIONS*

*ALL DIRECT PURCHASER ACTIONS*

Master File No.: 07-cv-05944 JST

MDL No. 1917

**JOINT STATEMENT RE: OCTOBER 2024 TRIAL DATE IN RESPONSE TO COURT ORDER (ECF No. 6368)**

Judge: Honorable Jon S. Tigar

In response to the Court's Amended Scheduling Order and Order Requiring Joint Statement re: October 2024 Trial Date, Direct Purchaser Plaintiffs ("DPPs"), Indirect Purchaser Plaintiffs ("IPPs"), and Defendants Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display") (together, the "Irico Defendants" or "Irico")), by and through the undersigned counsel, hereby submit this Joint Statement:

**DIRECT PURCHASER PLAINTIFFS' STATEMENT**

DPPs propose keeping their October 28, 2024 trial date. DPPs and Irico have met and conferred on deadlines for filing and briefing dispositive motions in the DPP actions, and have agreed on and propose the following:

| Event | Previous Deadlines (ECF No. 6145) | Proposed Deadlines |
|---|---|---|
| Last day to file dispositive motions | Friday, April 5, 2024 | Friday, May 10, 2024 |
| Last day to file responses to dispositive motions | Friday, May 10, 2024 | Friday, June 14, 2024 |
| Last day to file replies to dispositive motions | Friday, May 24, 2024 | Friday, June 28, 2024 |
| Hearing on dispositive motions | Thursday, June 20, 2024, at 2:00 p.m. | Thursday, August 1, 2024, at 2:00 p.m. |

All other previously set deadlines would remain in effect.

**INDIRECT PURCHASER PLAINTIFFS' STATEMENT**

As IPPs informed the Court at the February 27, 2024 Case Management Conference, IPPs' Lead Trial Counsel, Joseph Goldberg, has another trial in November 2024. Therefore, the October 28, 2024 trial date does not work for IPPs. IPPs agree that the DPPs' trial against Irico should proceed on October 28, 2024.

However, IPPs continue to believe that it is possible to try the IPP case against Irico in August or early September 2024. On March 25, 2024, Irico produced additional documents relating to its failure to produce Su Xiaohua for deposition. Plaintiffs reviewed the documents and

submitted a supplemental brief to Special Master Walker on April 3, 2024, and Irico responded on April 10, 2024. Thus, the briefing on Plaintiffs' sanctions motion is now closed.

IPPs believe a decision from Special Master Walker on Plaintiffs' sanctions motion is imminent. If Special Master Walker issues his decision by mid-May, any objections thereto could be briefed and resolved by the Court well in advance of a trial in late August or early September.[1] IPPs respectfully request that if Special Master Walker issues his decision on Plaintiffs' sanctions motion soon, the Court should set the IPP case for trial on a date convenient for the Court in late August or early September, and set a pretrial schedule consistent with the schedule proposed by IPPs in the February 20, 2024 Joint Case Management Conference Statement, ECF No. 6358 at 6.

Irico will not be seriously prejudiced by trying the IPP case while also preparing for the trial of the DPP case. Much of the preparation for the DPP trial will have been completed as part of the preparation for the IPP trial. Any prejudice suffered by Irico will be far outweighed by the prejudice suffered by IPPs in having their trial delayed further.

Alternatively, if the Court is not inclined to set the IPP case for trial in August or September 2024, IPPs will try their case in 2025 after the DPP trial. IPPs will meet and confer with Irico and submit a proposed trial date and pretrial schedule to the Court.

Regardless of when the IPP case is set for trial, IPPs propose that Irico's dispositive motions against IPPs be heard alongside its dispositive motions against DPPs on August 1, 2024.

## IRICO'S STATEMENT

Irico agrees to the DPPs' proposed schedule for the filing and briefing of dispositive motions in the DPP action, and further agrees to a combined hearing on Irico's dispositive motions against both the IPPs' and DPPs' claims on August 1, 2024. Irico also does not oppose maintaining the October 28, 2024 date for trial in the DPP action, but reserves the right to move to vacate or modify that date should that date or any pre-trial deadlines be impacted by the timing and

[1] Objections to the Special Master's Reports & Recommendations are due within fourteen (14) days. ECF No. 2272.

resolution of the pending sanctions motion. Subject to that same reservation, Irico does not oppose a trial date some time in 2025 for the IPP action, as the IPPs alternatively propose.

However, Irico opposes the IPPs' request to re-set their trial in either August or September 2024 to proceed back-to-back before the DPP action, which is set for trial soon after those dates on October 28, 2024. As an initial matter, an August 2024 IPP trial is not meaningfully different than the previously set IPP trial date of July 29, 2024, which the Court has declined to reinstate for good reason.

Irico believes that back-to-back trial settings for the IPP and DPP actions is untenable. Setting the IPP action for trial in August or September 2024 would put Irico at a severe disadvantage and cause undue prejudice because it would require Irico to simultaneously try the IPP action and meet key pretrial deadlines in August and September 2024 set by this Court in the DPP action. See ECF No. 6145. Specifically, an IPP trial setting in August or September 2024 would occur during the already-scheduled exchange of exhibit lists, deposition designations, and witness lists, and the filing of the pretrial conference statement in the DPP action. Moreover, the parties could not move up the DPP pre-trial deadlines in a workable manner. Irico, therefore, opposes any request by the IPPs to set their trial in August or September 2024 or at another time that does not provide for a reasonable amount of time between the two trials and pre-trial schedules .

Respectfully submitted,

Dated: April 11, 2024

*/s/ R. Alexander Saveri*

R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
David Y. Hwu (281780)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
Email: rick@saveri.com
grushing@saveri.com
mheaphy@saveri.com
dhwu@saveri.com

*Lead Counsel for Direct Purchaser Plaintiffs*

Dated: April 11, 2024

*/s/ Mario N. Alioto*

Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

Dated: April 11, 2024

*/s/ Jeffrey Margulies*

Jeffrey Margulies (Bar No. 126002)
Norton Rose Fulbright US LLP
555 California Street
Suite 3300
San Francisco, California 94104
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
Email:
jeff.margulies@nortonrosefulbright.com

John M. Taladay (pro hac vice)
Evan J. Werbel (pro hac vice)
Thomas E. Carter (pro hac vice)
Andrew L. Lucarelli (pro hac vice)
BAKER BOTTS LLP
700 K Street, N.W.
Washington, D.C. 20001
(202) 639-7700
(202) 639-7890 (fax)
Email: john.taladay@bakerbotts.com
evan.werbel@bakerbotts.com
tom.carter@bakerbotts.com
drew.lucarelli@bakerbotts.com

*Counsel for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*

**ATTESTATION**

I, Jeffrey Margulies, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that concurrence in the filing of this document has been obtained from the other Signatory hereto.

By: */s/ Jeffrey Margulies*
Jeffrey Margulies