**NORTON ROSE FULBRIGHT US LLP**
JEFFREY MARGULIES (BAR NO. 126002)
KAYLEE YANG (BAR NO. 303464)
555 California Street
Suite 3300
San Francisco, California 94104
Telephone:     (213) 892-9200
Facsimile:      (213) 892-9494
jeff.margulies@nortonrosefulbright.com
kaylee.yang@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
GERALDINE YOUNG (admitted *pro hac vice*)
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:     (713) 651-5151
Facsimile:      (213) 651-5246
Geraldine.young@nortonrosefulbright.com

Attorneys for Defendants
IRICO GROUP CORP. AND
IRICO DISPLAY DEVICES CO., LTD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No.: 07-cv-05944 JST |
| | MDL No. 1917 |
| This document relates to: | **DECLARATION OF GERALDINE YOUNG IN SUPPORT OF DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S MOTION FOR SUMMARY JUDGMENT** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| | Judge:     Hon. Jon S. Tigar |

I, Geraldine Young, declare as follows:

1.      I am a member of the bar of the State of Texas and admitted to practice before this Court *pro hac vice*. I am an attorney with Norton Rose Fulbright US LLP, which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display," collectively, "Irico" or the "Irico Defendants") in this action. I make this Declaration in support of Defendant Irico Group Corporation and Irico Display Devices Co., Ltd.'s Motion for Summary Judgment (the "Motion"). If called as a witness, I could and would testify to the matters set forth in this declaration of my own personal knowledge.

2.      Attached hereto as Exhibit 1 is a true and correct copy of a certified translation of a document produced by defendant Chunghwa Picture Tubes, Ltd. (hereinafter "Chunghwa") in this litigation and bearing the Bates label CHU00030661E.

3.      In connection with the Motion, attorneys working under my supervision have reviewed each document identified by DPPs in response to Irico's discovery requests (*see supra* ¶ 7) and have confirmed that the earliest dated document in August 5, 1998. *See* Exhibit 1 (CHU000300661E).

4.      Attached hereto as Exhibit 2 is a true and correct copy of excerpts of the deposition of Yan Yunlong, dated September 27-29, 2022 ("Yan Dep.").

5.      Attached hereto as Exhibit 3 is a true and correct copy of excerpts of the deposition of Wang Zhaojie, dated September 20-22, 2022 ("Wang Dep").

6.      Attached hereto as Exhibit 4 is a true and correct copy of excerpts of the deposition of Li Miao, dated March 7-9, 2023 ("Li Dep.").

7.      Attached hereto as Exhibit 5 is a true and correct copy of Direct Purchaser Plaintiffs' Supplemental Objections and Responses to Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.'s Second Set of Interrogatories to Direct Purchaser Plaintiffs, dated September 1, 2022.  In response to discovery requests from Irico, DPPs identified the following pre-July 31, 1998 evidence: 1) meetings between Irico and a Defendant or Co-Conspirator, and 2) that Irico joined the alleged conspiracy prior to July 31, 1998. The documents cited in these responses are attached as Exhibit 1 and Exhibits 6 – 74 below.

8.      Attached hereto as Exhibit 6 is a true and correct copy of a translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030665E.

9.      Attached hereto as Exhibit 7 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030679E.

10.     Attached hereto as Exhibit 8 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030684E.

11.     Attached hereto as Exhibit 9 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030688E.

12.     Attached hereto as Exhibit 10 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00016621-CHU00016622E.

13.     Attached hereto as Exhibit 11 is a true and correct copy of a translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030692E.

14.     Attached hereto as Exhibit 12 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030695E.

15.     Attached hereto as Exhibit 13 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030705E.

16.     Attached hereto as Exhibit 14 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030734E.

17.     Attached hereto as Exhibit 15 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030752E.

18.     Attached hereto as Exhibit 16 is a true and correct copy of a certified translation of a document produced by defendant Samsung SDI Co., Ltd. (hereinafter "Samsung") in this litigation and bearing the Bates label SDCRT-0086599E.

19.     Attached hereto as Exhibit 17 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030777E.

20.     Attached hereto as Exhibit 18 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00029050E.

21.     Attached hereto as Exhibit 19 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030797E.

22.     Attached hereto as Exhibit 20 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0086672E.

23.     Attached hereto as Exhibit 21 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030819E.

24.     Attached hereto as Exhibit 22 is a true and correct copy of a  translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030823E.

25.     Attached hereto as Exhibit 23 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030827E.

26.     Attached hereto as Exhibit 24 is a true and correct copy of a translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030843E.

27.     Attached hereto as Exhibit 25 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0086698E.

28.     Attached hereto as Exhibit 26 is a true and correct copy of a translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00029046E.

29.     Attached hereto as Exhibit 27 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030881E.

30.     Attached hereto as Exhibit 28 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030941E.

31.     Attached hereto as Exhibit 29 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030946E.

32.     Attached hereto as Exhibit 30 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030953E.

33.     Attached hereto as Exhibit 31 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030973E.

34.     Attached hereto as Exhibit 32 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00030992E.

35.     Attached hereto as Exhibit 33 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00031002E.

36.     Attached hereto as Exhibit 34 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00031018E.

37.     Attached hereto as Exhibit 35 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00029110E.

38.     Attached hereto as Exhibit 36 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00031032E.

39.     Attached hereto as Exhibit 37 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00031040E.

40.     Attached hereto as Exhibit 38 is a true and correct copy of a translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00031044E.

41.     Attached hereto as Exhibit 39 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00031070E.

42.     Attached hereto as Exhibit 40 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00031088E.

43.     Attached hereto as Exhibit 41 is a true and correct copy of a translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00031092E.

44.     Attached hereto as Exhibit 42 is a true and correct copy of a translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00031107E.

45.     Attached hereto as Exhibit 43 is a true and correct copy of a translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00031113E.

46.     Attached hereto as Exhibit 44 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0087340E.

47.     Attached hereto as Exhibit 45 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0087694E.

48.     Attached hereto as Exhibit 46 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0087694E.

49.     Attached hereto as Exhibit 47 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0087700E.

50.     Attached hereto as Exhibit 48 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0006674E.

51.     Attached hereto as Exhibit 49 is a true and correct copy of a certified translation of a document produced by defendant Beijing-Matsushita Color CRT Corp. (hereinafter, "BMCC") in this litigation and bearing the Bates label BMCC-CRT000142063E.

52.     Attached hereto as Exhibit 50 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0090225E.

53.     Attached hereto as Exhibit 51 is a true and correct copy of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0090233.

54.     Attached hereto as Exhibit 52 is a true and correct copy of a certified translation of a document produced by BMCC in this litigation and bearing the Bates label BMCC-CRT000540532.

55.     Attached hereto as Exhibit 53 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091409.

56.     Attached hereto as Exhibit 54 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091569E.

57.     Attached hereto as Exhibit 55 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091573E.

58.     Attached hereto as Exhibit 56 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091584E.

59.     Attached hereto as Exhibit 57 is a true and correct copy of a translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091589.

60.     Attached hereto as Exhibit 58 is a true and correct copy of a translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091980.

61.     Attached hereto as Exhibit 59 is a true and correct copy of a translation of document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091925.

62.     Attached hereto as Exhibit 60 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091942E.

63.     Attached hereto as Exhibit 61 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091950E.

64.     Attached hereto as Exhibit 62 is a true and correct copy of a translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00725770E.

65.     Attached hereto as Exhibit 63 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091957E.

66.     Attached hereto as Exhibit 64 is a true and correct copy of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00102751.

67.     Attached hereto as Exhibit 65 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00102752E.

68.     Attached hereto as Exhibit 66 is a true and correct copy of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00102863.

69.     Attached hereto as Exhibit 67 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00102864E.

70.     Attached hereto as Exhibit 68 is a true and correct copy of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00447509.

71.     Attached hereto as Exhibit 69 is a true and correct copy of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00447510.

72.     Attached hereto as Exhibit 70 is a true and correct copy of a document produced by BMCC in this litigation and bearing the Bates label BMCC-CRT000105586.

73.     Attached hereto as Exhibit 71 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0105131E.

74.     Attached hereto as Exhibit 72 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00029131E.

75.     Attached hereto as Exhibit 73 is a true and correct copy of a certified translation of a document produced by Chunghwa in this litigation and bearing the Bates label CHU00029138E.

76.    Attached hereto as Exhibit 74 is a true and correct copy of a certified translation of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00024212-15E.

77.    Attached hereto as Exhibit 75 is a true and correct copy of Deposition Exhibit 8392, which is a certified translation of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00003490-97. Exhibit 75 is a Irico USA Audit Report, dated July 27, 2001.

78.    Attached hereto as Exhibit 76 is a true and correct copy of Attachment A to the Indirect Purchaser Plaintiffs' Objections and Responses to Defendant Hitachi Ltd.'s First Request Set of Interrogatories to the Indirect Purchaser Plaintiffs, dated August 4, 2014 ("IPPs' Attachment A").

79.    Attached hereto as Exhibit 77 is a true and correct copy of Direct Purchaser Plaintiffs Supplemental Objections and Responses to Defendants Irico Group Corp. and Irico Display Devices Co. Ltd.'s First Set of Interrogatories, dated July 14, 2021. In Exhibit 77, DPPs responded to Irico's request to identify "any Document(s) that summarize, analyze, evaluate or otherwise compile any information contained in Claim Forms." *See* Ex. 77 at 5. In response, DPPs provided the following response:

> (a). To date, Direct Purchaser Plaintiffs have identified 1,816 valid claim forms submitted by settlement class members for the direct purchase of CRTs, Televisions or Monitors in the United States. Of the 1,816 valid claim forms, 334 identified purchases of CRTs, 1,549 identified purchases of Televisions, and 992 identified purchases of Monitors. (b). To date, Direct Purchaser Plaintiffs have identified no valid claims for purchases of a CRT, Television or Monitor by a settlement class member from any of the Irico Defendants. (c). Direct Purchaser Plaintiffs have no records from any third party documenting direct purchases of Irico CRTs or televisions or monitors containing Irico CRTs in the United States.

*Id.* at 6.

80.    Attached hereto as Exhibit 78 is a true and correct copy of Direct Purchaser Plaintiffs Objections and Responses to Defendants Irico Group Corp. and Irico Display Devices Co. Ltd.'s First Set of Requests for Admissions to Direct Purchaser Plaintiffs, dated February 23, 2022. In Exhibit 78, DPPs responded to Irico's request that DPPs "[a]dmit that you have no Evidence From Other Parties of any meeting between Irico and a Defendant or Co-Conspirator prior to July 31, 1998." *See* Ex. 78 at 17. In response, DPPs referenced their responses to Direct Purchaser Plaintiffs'

Supplemental Objections and Responses to Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.'s Second Set of Interrogatories to Direct Purchaser Plaintiffs (*see* supra Exhibit 5).

81.     On September 20, 2022, Special Master Hon. Vaughn R. Walker filed the Notice of Entry of Order by Special Master, ECF No. 6074. Attached to the Notice of Entry was the Special Master's Report and Recommendation re Admissibility of Co-Conspirator Documents and Statements ("Documents R&R"). On October 14, 2022, the Court adopted the Documents R&R. *See* ECF No. 6093. In response to Irico's discovery request, DPPs have specifically referenced the documents subject to the Documents R&R as evidence of Irico's participation in meetings. *See* Exhibit 5.

82.     In connection with the Motion, attorneys working under my supervision have reviewed each document cited in the Documents R&R and have confirmed that each purported meeting between Irico and another CRT manufacturer took place in China, according to the contents of the document. In addition, counsel for Irico confirmed that the earliest referenced meeting listing an attendee from Irico took place on August 5, 1998. *See* Documents R&R at 30-31, ¶ 27B. The earliest dated document in the Documents R&R is the July 31, 1998 document attached to this declaration as Exhibit 79.

83.     Attached hereto as Exhibit 79 is a true and correct copy of CHU00030668-0669E, which is a document produced in this litigation by Chunghwa. Exhibit 79 is a document purporting to report on a meeting "on or about July 31, 1998," but "Irico was not shown as having attended the meeting." Notice of Entry of Order by Special Master at 30, ¶ 27A, ECF No. 6074.

84.     Attached hereto as Exhibit 80 is a true and correct copy of Indirect Purchaser Plaintiffs' Objections and Responses to the Irico Defendants' Second Set of Interrogatories, dated February 23, 2022 ("IPP 2022 Discovery Responses"). In response to discovery requests from Irico, IPPs identified the following pre-July 31, 1998 evidence: 1) meetings between Irico and a Defendant or Co-Conspirator, and 2) that Irico joined the alleged conspiracy prior to July 31, 1998. *See* Exhibit 80 at 10, 11-14. The documents cited in these responses are attached as Exhibits 81-121 below.

85.    Attached hereto as Exhibit 81 is a true and correct copy of a certified translation of a document produced by defendant Beijing-Matsushita Color CRT Corp. (hereinafter, "BMCC") in this litigation and bearing the Bates label BMCC-CRT000113367.

86.    Attached hereto as Exhibit 82 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113368.

87.    Attached hereto as Exhibit 83 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113372.

88.    Attached hereto as Exhibit 84 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113374-3375.

89.    Attached hereto as Exhibit 85 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113378

90.    Attached hereto as Exhibit 86 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113379.

91.    Attached hereto as Exhibit 87 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113380.

92.    Attached hereto as Exhibit 88 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113381.

93.    Attached hereto as Exhibit 89 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113382.

94.     Attached hereto as Exhibit 90 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113392-3393.

95.     Attached hereto as Exhibit 91 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113394.

96.     Attached hereto as Exhibit 92 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113395.

97.     Attached hereto as Exhibit 93 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113396.

98.     Attached hereto as Exhibit 94 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113397.

99.     Attached hereto as Exhibit 95 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113398.

100.    Attached hereto as Exhibit 96 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113399.

101.    Attached hereto as Exhibit 97 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113400.

102.    Attached hereto as Exhibit 98 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113401.

1
2
3

103.    Attached hereto as Exhibit 99 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113402.

4
5
6

104.    Attached hereto as Exhibit 100 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113403.

7
8
9

105.    Attached hereto as Exhibit 101 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113404.

10
11
12

106.    Attached hereto as Exhibit 102 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113405.

13
14
15

107.    Attached hereto as Exhibit 103 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113406.

16
17
18

108.    Attached hereto as Exhibit 104 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113407.

19
20
21

109.    Attached hereto as Exhibit 105 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113408.

22
23
24

110.    Attached hereto as Exhibit 106 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113409.

25
26
27

111.    Attached hereto as Exhibit 107 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113410-3411.

28

112.     Attached hereto as Exhibit 108 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113412.

113.     Attached hereto as Exhibit 109 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113413.

114.     Attached hereto as Exhibit 110 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113414.

115.     Attached hereto as Exhibit 111 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113415.

116.     Attached hereto as Exhibit 112 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113416.

117.     Attached hereto as Exhibit 113 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113418-3419.

118.     Attached hereto as Exhibit 114 is a true and correct copy of a certified translation of portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00004673-4674, IRI-CRT-00004746-4752, and IRI-CRT-00004757-4764.

119.     Attached hereto as Exhibit 115 is a true and correct copy of Deposition Exhibit 8557, which is a certified translation of portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00004769-4773.

120.     Attached hereto as Exhibit 116 is a true and correct copy of a certified translation of portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00008248, IRI-CRT-00008316-8332, IRI-CRT-00008340-8360, and IRI-CRT-00008425-8432.

121.    Attached hereto as Exhibit 117 is a true and correct copy of Deposition Exhibit 8558, which is a certified translation of a portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00004817-4823.

122.    Attached hereto as Exhibit 118 is a true and correct copy of Deposition Exhibit 8559, which is a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113389-3391.

123.    Attached hereto as Exhibit 119 is a true and correct copy of a certified translation of a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-CRT000113384-3388.

124.    Attached hereto as Exhibit 120 is a true and correct copy of Deposition Exhibit 8561, which is a certified translation of portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00008236-8239.

125.    Attached hereto as Exhibit 121 is a true and correct copy of Deposition Exhibit 8562, which is a certified translation of portions of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00008241-8245.

126.    Attached hereto as Exhibit 122 is a true and correct copy of excerpts from the deposition of Jin-Song Lu, dated February 28, 2023 ("Lu Dep.").

127.    Attached hereto as Exhibit 123 is a true and correct copy of Deposition Exhibit 1315, which is a certified translation of a document produced by defendant Chunghwa Picture Tubes, Ltd.in this litigation and bearing the Bates label CHU00029050-9051.

128.    Attached hereto as Exhibit 124 is a true and correct copy of a chapter from *China's Industries in Transition: Organizational Change, Efficiency Gains, and Growth Dynamics* titled "The Chinese Television Industry: An Example of Gradual Transition" authored by Tomoo Marukawa, which was published in 2001.

129.    Attached hereto as Exhibit 125 is a true and correct copy of a pdf of an online version of the Price Law of the People's Republic of China, promulgated on December 29, 1997, from China's central government website, which was last updated on January 19, 2017.

1    130.    Attached hereto as Exhibit 126 is a true and correct copy of the expert report of

2    Donald Clarke related to the IPPs' claims, ECF No. 670-1, dated March 16, 2022 ("Clarke IPP

3    Rep.").

4    131.    Attached hereto as Exhibit 127 is a true and correct copy of the expert report of

5    Donald Clarke related to the DPPs' claims, dated July 21, 2023 ("Clarke DPP Rep.").

6    132.    Attached hereto as Exhibit 128 is a true and correct copy of a certified translation of

7    the Notice on Earnestly Stopping Price Dumping and Carrying out Inspection of Price Dumping,

8    Jan. 16, 1999, from the website of the Guangdong Provincial Development and Reform

9    Commission.

10   133.    Attached hereto as Exhibit 129 is a true and correct copy of excerpts of the deposition

11   of Henry Gao, dated July 10, 2023 ("Gao Dep.").

12   134.    Attached hereto as Exhibit 130 is a true and correct copy of the certified translation

13   of a document produced in this litigation by BMCC and bearing the Bates label BMCC-

14   CRT000181673-77.

15   135.    Attached hereto as Exhibit 131 is a true and correct copy of a certified translation of

16   a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-

17   CRT000142685.

18   136.    Attached hereto as Exhibit 132 is a true and correct copy of a certified translation of

19   a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-

20   CRT000138732-35.

21   137.    Attached hereto as Exhibit 133 is a true and correct copy of a certified translation of

22   a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-

23   CRT000139461-63.

24   138.    Attached hereto as Exhibit 134 is a true and correct copy of a certified translation of

25   a document produced by defendant BMCC in this litigation and bearing the Bates label BMCC-

26   CRT000054691.

27

28

139.    Attached hereto as Exhibit 135 is a true and correct copy of a certified translation of a document produced by defendant Chunghwa in this litigation and bearing the Bates label CHU00047273.

140.    Attached hereto as Exhibit 136 is a true and correct copy of a certified translation of a document produced by Irico in this litigation and bearing the Bates label IRI-CRT-00029680.

141.    Attached hereto as Exhibit 137 is a true and correct copy of Exhibit 2 to the Declaration of Thomas Carter in Support of Defendants Irico Group Corp. And Irico Display Devices Co., Ltd.'s Reply on Motion to Partially Exclude the Proposed Expert Testimony of Dr. Janet Netz, ECF No. 6183-2, which is a certified translation of excerpts of Irico Display's 1999 Annual Report, Bates labeled IRI-CRT-0003198E.

142.    Attached hereto as Exhibit 138 is a true and correct copy of an article from the Washington University Global Studies Law Review titled "The Prospect of Antimonopoly Legislation in China" written by Wang Xiaoye, dated January 2002.

143.    Attached hereto as Exhibit 139 is a true and correct copy of an article from the 75th volume of the Antitrust Law Journal titled "Pursuing the Second Best: The History, Momentum, and Remaining Issues of China's Anti-Monopoly Law," written by Yong Huang, released in 2008.

144.    Attached hereto as Exhibit 140 is a true and correct copy of the certified translation of the online version of the second round of Shandong Provincial Annals Price Chronicles (1997-2005), Book IV, Chapter I, Section 3: Stop Unfair Price Behavior, last accessed on June 12, 2023 and available at https://perma.cc/5GXE-5LJP.

145.    Attached hereto as Exhibit 141 is a true and correct copy of the certified translation of a document produced in this litigation by Irico and bearing the Bates label IRI-CRT-00026139-239.

146.    Attached hereto as Exhibit 142 is a true and correct copy of the certified translation of a news release from that National Development and Reform Commission titled "The State Planning Commission issued eight measures to inspect prices and charges," dated January 6, 2000 and available at https://perma.cc/P9T5-GMEG.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

147.    Attached hereto as Exhibit 143 is a true and correct copy of a certified translation of an excerpt from Guangxi Economy and Trade (Issue No. 181) with the title "Premier of the State Council, Zhu Rongji, issued instructions to firmly prevent unfair low-price dumping behaviors," dated March, 1999.

148.    Attached hereto as Exhibit 144 is a true and correct copy of a certified translation of a pdf version of a webpage titled "Interpretation of the Price Law of the People's Republic of China," from the official website of the National People's Congress, China's highest legislative body, last accessed on June 20, 2023 and dated November 25, 2000.

149.    Attached hereto as Exhibit 145 is a true and correct copy of the Declaration of Donald Clarke in Support of Irico Defendants' Motions to Dismiss for Lack of Jurisdiction, ECF No. 5312-3, filed July 18, 2018.

150.    Attached hereto as Exhibit 146 is a true and correct copy of Indirect Purchaser Plaintiff Donna Ellingson-Mack's Objections and Responses to Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.'s First Set of Interrogatories, dated April 19, 2021 ("IPP 2021 Discovery Responses").

151.    Attached hereto as Exhibit 147 is a true and correct copy of a document created by counsel for Irico for the convenience of the Court and the parties. Counsel for Irico converted IPPs' Attachment A (Young Decl., Ex. 76) into Microsoft Excel format, filtered IPPs' Attachment A by location (as identified by IPPs in the second column of IPPs' Attachment A), and selected entries that reference, or appear to reference, the United States. Based on this filtering process, counsel for Irico identified a total of 74 such instances. In none of those instances did IPPs indicate involvement by Irico in the alleged contact, which would have been designated with a "X" in the column labeled "IRI."

152.    Attached hereto as Exhibit 148 is a true and correct copy of excerpts from the deposition of Phillip Johnson, Ph.D., dated October 3, 2023 ("Johnson Dep.").

1    Respectfully submitted,

2

3    Dated: May 10, 2024

4                                          */s/ Geraldine Young*
                                           GERALDINE YOUNG (admitted *pro hac vice*)
5                                          1301 McKinney, Suite 5100
                                           Houston, Texas 77010
6                                          Telephone:     (713) 651-5151
                                           Facsimile:     (213) 651-5246
7                                          Geraldine.young@nortonrosefulbright.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>CERTIFICATE OF SERVICE</u>

2       I hereby certify that a true copy of the foregoing **Declaration of Geraldine Young** was

3   filed via CM/ECF on May 10, 2024, and as a result has been served on all counsel of record via

4   transmission of Notices of Electronic Filing generated by CM/ECF.

5

6                                               By: *<u>Jeffrey Margulies</u>*
                                                Jeffrey Margulies
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28