**NORTON ROSE FULBRIGHT US LLP**
JEFFREY MARGULIES (BAR NO. 126002)
KAYLEE YANG (BAR NO. 303464)
555 California Street
Suite 3300
San Francisco, California 94104
Telephone:    (213) 892-9200
Facsimile:    (213) 892-9494
jeff.margulies@nortonrosefulbright.com
kaylee.yang@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
GERALDINE YOUNG (admitted *pro hac vice*)
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:    (713) 651-5151
Facsimile:    (213) 651-5246
geraldine.young@nortonrosefulbright.com

Attorneys for Defendants
IRICO GROUP CORP. AND
IRICO DISPLAY DEVICES CO., LTD

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No.: 07-cv-05944 JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>*ALL INDIRECT PURCHASER ACTIONS*<br><br>*ALL DIRECT PURCHASER ACTIONS* | **DECLARATION OF GERALDINE W. YOUNG IN SUPPORT OF IRICO DEFENDANTS ADMINISTRATIVE MOTION TO CONSIDER WHETHER SAMSUNG MATERIAL SHOULD BE SEALED PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(f)** |

I, Geraldine W. Young, declare as follows:

1. I am a member of the bar of the State of Texas and admitted to practice before this Court *pro hac vice*. I am an attorney with Norton Rose Fulbright US LLP, which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display," collectively, "Irico" or the "Irico Defendants") in this action. I make this Declaration in support of Defendant Irico Group Corporation and Irico Display Devices Co., Ltd.'s Motion for to Consider Whether Samsung Material Should be Sealed Pursuant to Civil Local Rules 7-11 and 79-5(f) (the "Motion"). If called as a witness, I could and would testify to the matters set forth in this declaration of my own personal knowledge.

2. Attached hereto as Exhibit 16 is a true and correct copy of a certified translation of a document produced by defendant Samsung SDI Co., Ltd. (hereinafter "Samsung") in this litigation and bearing the Bates label SDCRT-0086599E.

3. Attached hereto as Exhibit 25 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0086698E.

4. Attached hereto as Exhibit 44 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0087340E.

5. Attached hereto as Exhibit 47 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0087700E.

6. Attached hereto as Exhibit 48 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0006674E.

7. Attached hereto as Exhibit 50 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0090225E.

8. Attached hereto as Exhibit 51 is a true and correct copy of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0090233.

9. Attached hereto as Exhibit 53 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091409.

10. Attached hereto as Exhibit 54 is a true and correct copy of a certified translation of a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091569E.

1  11. Attached hereto as Exhibit 55 is a true and correct copy of a certified translation of
2  a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091573E.
3  12. Attached hereto as Exhibit 56 is a true and correct copy of a certified translation of
4  a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091584E.
5  13. Attached hereto as Exhibit 57 is a true and correct copy of a document produced by
6  Samsung in this litigation and bearing the Bates label SDCRT-0091589.
7  14. Attached hereto as Exhibit 58 is a true and correct copy of a document produced by
8  Samsung in this litigation and bearing the Bates label SDCRT-0091980.
9  15. Attached hereto as Exhibit 59 is a true and correct copy of a document produced by
10 Samsung in this litigation and bearing the Bates label SDCRT-0091925.
11 16. Attached hereto as Exhibit 60 is a true and correct copy of a certified translation of
12 a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091942E.
13 17. Attached hereto as Exhibit 61 is a true and correct copy of a certified translation of
14 a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091950E.
15 18. Attached hereto as Exhibit 63 is a true and correct copy of a certified translation of
16 a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0091957E.
17 19. Attached hereto as Exhibit 71 is a true and correct copy of a certified translation of
18 a document produced by Samsung in this litigation and bearing the Bates label SDCRT-0105131E.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day of May, 2024 in Houston, Texas.

Dated: May 10, 2024

/s/ Geraldine Young
GERALDINE YOUNG (admitted *pro hac vice*)
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (213) 651-5246
Geraldine.young@nortonrosefulbright.com

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **Declaration of Geraldine W. Young** was filed via CM/ECF on May 10, 2024, and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *Jeffrey Margulies*
Jeffrey Margulies