# DOCUMENT 18

# BAKER BOTTS LLP

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN          MOSCOW
BRUSSELS        NEW YORK
DALLAS          PALO ALTO
DUBAI           RIYADH
HOUSTON         SAN FRANCISCO
LONDON          **WASHINGTON**

October 9, 2023

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

Re:    In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
       No. 07-CV-944-JST

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")
write with respect to Your Honor's Interim Reports and Recommendations on Plaintiffs' Motion
for Discovery Sanctions dated August 4, 2023 (ECF No. 6233) ("First Interim Order"), and
September 1, 2023 (ECF No. 6275) ("Second Interim Order") (collectively, "Orders"). This letter
discusses three topics: (1) we provide an update regarding Irico's compliance with the Orders; (2)
we ask that Your Honor approve a modified version of Plaintiffs' search terms to identify
responsive documents, which Plaintiffs oppose; and (3) we request a short further extension to
October 23, 2023, for the completion of Irico's response to the Orders, which Irico will begin
providing to Plaintiffs by the current deadline of October 13th.[1]

## 1.    Update on Compliance Efforts to Date

Irico and Baker Botts have undertaken extraordinary efforts to comply with Your Honor's
Orders and continue to work as expeditiously as possible on all fronts. As the Court is aware, Irico
had already been working to comply with the Your Honor's First Interim Order throughout the
month of August through the efforts of Norton Rose Fulbright and with oversight by Baker Botts.
After Your Honor's Second Interim Order, Baker Botts needed to restart certain aspects of the
investigation and processes to comply with new requirements that specified which entities were

---

[1] As discussed in greater detail below, should Your Honor determine that Irico must review all of
the Chinese-language documents that hit on Plaintiffs' overbroad search terms, Irico would need
at least an additional 40 days from the current deadline to review and produce any responsive
documents from that set. Irico would still plan to produce responsive materials from its proposed
search terms by October 23.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

required to undertake specific requirements of Your Honor's Orders. As required, I have personally directed and supervised the efforts and processes described below.

Since the Second Interim Order, Irico and Baker Botts have completed the following tasks in accordance with U.S. discovery standards:[2]

- A Baker Botts attorney of record traveled to China along with a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor, to personally implement the investigative steps described below under my direction;

- The same Baker Botts attorney took physical custody of Mr. Su's former laptop and personally oversaw BDO's imaging of the laptop's complete content and forensic analysis of all recovered files;

- Baker Botts, through an interpreter, conducted interviews of 23 current or former employees of Irico Group and its subsidiaries regarding relevant issues, including their knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents;

- Baker Botts identified 15 custodians potentially in possession of relevant documents and undertook forensic collection of email and internal text messaging. *See* Attachment A for a list of the selected custodians;

- BDO, under the direction of Baker Botts, collected all emails and internal text messages from the messaging system (including attachments) for all 15 custodians directly from the back-end server used by Irico, for all relevant time periods without any additional limitation.[3] This resulted in over 72,000 documents being collected from the relevant custodians;

- Baker Botts, with assistance from BDO, collected certain other responsive materials based on the interviews described above, including HR files, official

---

[2] The list below is intended to provide Your Honor a high-level overview of the steps taken to comply with the Orders. Further details on the processes implemented will be provided in a declaration when the process is complete as required by the Orders.

[3] The relevant time periods used for collection were January 1, 2021, through September 1, 2023 (or the last day of employment with any Irico company), for any custodians with any knowledge or involvement regarding Mr. Su's requested deposition, and January 1, 2022, through September 1, 2023 (or the last day of employment with any Irico company), for all other custodians.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 3 -

personnel announcements, and personal WeChat communications from personal devices to the extent the individual permitted such collection;

- Baker Botts utilized the complete list of search terms offered by Plaintiffs on September 7th and also developed additional search terms based on information learned from the interviews and the targeted document collections described above to identify potentially responsive documents. BDO then applied Plaintiffs' proposed search terms to all collected emails, internal enterprise messaging and shared files, and files recovered from Mr. Su's laptop, resulting in over 40,000 documents with direct hits, making up over 55 percent of all files collected from custodians.[4] As discussed below in Part 2 of this letter, Baker Botts then applied a set of "Su qualifiers" to the Plaintiffs' proposed search terms and added additional relevant search terms based on our investigation, resulting in a subset of 3,300 documents with direct hits for further review and processing;[5]

- These potentially responsive materials were then screened for state secrets as required by Chinese law.  The state secret review was conducted by the AnJie law firm, one of China's largest and most highly regarded law firms, working with BDO under Baker Botts' direction, not under the direction of Irico. A small number of documents were withheld for state secret purposes and were handled as discussed below. All documents not deemed to contain states secrets were exported to a U.S.-based server for review by and under the supervision of Baker Botts attorneys;

- The three-week extension previously approved by the Special Master included one week from September 29 through October 6 that comprised the Chinese Golden Week holiday, a major annual holiday in China.  In seeking the previous three-week extension, Baker Botts had planned that all of the steps described above would have been completed and the materials would all be loaded to the U.S.-based server for review before the start of the Chinese Golden Week holiday.  Because of both logistical and technical challenges, and despite the efforts of Irico and its vendors during the holiday period, we were not able to accomplish all of those steps prior to the Golden Week holiday.  However, as of yesterday, this process is now complete for the search terms described above, i.e., those documents that hit on a search term subject to the "Su qualifiers" described below.  Baker Botts is now in

---

[4] To account for family members and potentially related internal messages and attachments, approximately 55,000 files in total were identified as either direct search hits on Plaintiffs' proposed terms or potentially related to those direct hits.

[5] Accounting for family members and potentially related internal messages and attachments, a total of approximately 9,400 files were identified and segregated for further review under the proposed terms with "Su qualifiers."

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker        - 4 -

the process of conducting and directing the review of these materials for responsiveness and privilege;

- During this process, Baker Botts met and conferred twice with Plaintiffs regarding their proposed search terms and the need for reasonable limitations given the extremely high hit rate, and to discuss Baker Botts' proposed terms that incorporate such reasonable limitations, but Plaintiffs were not willing to discuss any specific limitations to their search terms, including applying the "Su qualifiers" to their search terms; and

- Finally, because state secret review was required before the documents could be transferred to the U.S. for responsiveness review, we had not yet determined whether any of the documents withheld for state secret purposes were responsive to the requirements of the Order. To address this issue, a bilingual U.S.-barred lawyer from the AnJie law firm, who was trained by Baker Botts regarding the scope of the Orders and worked under Baker Botts' direction, is conducting a relevance review of the documents withheld for state secret content.

### 2. Dispute Regarding Search Terms

One of the most impactful changes in the Second Interim Order was that the Plaintiffs could provide search terms to be applied against the collected electronically stored information. As Your Honor is already aware, Plaintiffs took full advantage of Your Honor's offer and provided a list of around 80 terms without any qualifiers or limitations. *See* Attachment B. Most strikingly, Plaintiffs suggested search terms to be applied to the documents of all custodians without any requirement that any of these search terms relate to Mr. Su. As discussed below, this results in a gross over-identification of potentially responsive materials and would require an excessive degree of time and effort to review without the prospect of any meaningful uptick in responsive documents. Plaintiffs have declined to modify any the search terms to allow for some relevance to Mr. Su. Herein, Irico is proposing to apply all of Plaintiffs' search terms modified only by certain "Su qualifiers."

As detailed above, Baker Botts identified 15 custodians with ESI potentially responsive to the Orders. These custodians ranged from the most senior leadership at the company, to those in Human Resources who touched briefly on limited issues related to Mr. Su. Most of these individuals had only limited interactions, if any, with Mr. Su. Nonetheless, because our collection was comprehensive as to their electronic files on the company's servers, over 72,000 documents were collected during this process.

Despite most of these custodians having little to do with Mr. Su, over 40,000 of the documents hit on one of Plaintiffs' search terms. *See* Attachment C for Plaintiff search term hits on email files and Attachment D for Plaintiff search term hits on internal text messages. This was inevitable given that Plaintiffs made no effort to limit search terms to identify documents

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                              - 5 -

specifically relevant to Mr. Su.  For example, one of Plaintiffs search terms was "leadership." Plaintiffs seek to require Irico to identify and review every single document that used the word "leadership" regardless of whether it had any relevance to Mr. Su or whether Mr. Su was even mentioned in the document.[6]  Over 14,000 documents (approximately 20 percent of the collected documents) hit on this term alone when combining the hits in for emails and internal text messages. Similarly, Plaintiffs' search terms include numerous terms related to personnel and human resource functions but again make no effort to identify those documents specifically related to Mr. Su.  Given that three of the custodians actually work in the human resources area, it is no surprise that almost 4,000 documents hit on the term "Human Resources Department."  Again, applying Plaintiffs' unmodified search terms would require that we review all such documents for relevance, irrespective of whether they conceivably have anything to do with Mr. Su.

Baker Botts had already intended to use many of the same general terms that Plaintiffs suggested, as well as additional relevant terms that it intended to apply with appropriate qualifiers, consistent with U.S. discovery practice, to identify when those terms were used in reference to or related to Mr. Su.  These "Su qualifiers" simply require that any document hitting on Plaintiffs' search terms also include a term relating to Mr. Su either by his name (in various forms identified by Plaintiffs), his employee ID number, his citizen ID number or his email address.  Specifically, the "Su qualfiers" include:

- "苏晓华, " Mr. Su's full name in Chinese;
- "苏总, " an abbreviation for "General Manager Su," sometimes used to refer to Mr. Su by his former colleagues;
- Xiaohua, Mr. Su's given name in English;
- Mr. Su's 18-digit Chinese citizen ID number;
- 100751, Mr. Su's Irico employee ID number;
- sxh@ch.com.cn, Mr. Su's email address; and
- sxh, the prefix for Mr. Su's email address.

For example, Irico still ran the term for "leadership" but also required that term to appear somewhere in the same document as one of the Su qualifiers. This appropriate focus on Mr. Su reduced the number of hits on the term "leadership" from approximately 14,000 to approximately 1,000, which captures all instances where Mr. Su was mentioned or referenced in the same document as the term "leadership."  Applying these Su qualifiers to all of the search terms suggested by Plaintiffs reduced the total number of hits to be reviewed from over 40,000 to approximately 3,300 (not including attachments), a number much more in line with what would be expected given the narrow scope of the issues at hand and the broad responsibilities of most of

---

[6] Note that all of these documents are in Chinese, which increases the time and burden in reviewing materials and identifying responsive materials.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                       - 6 -

the custodians.[7]  *See* Attachment E for search term hits with "Su qualifiers" on email files and Attachment F for search term hits with "Su qualifiers" on internal text messages.[8]

Baker Botts presented these results to Plaintiffs in the hopes of limiting the searches to more reasonable terms, but Plaintiffs surprisingly refused to engage in any substantive discussion on specific search terms.  Previously, when Irico raised concerns with Your Honor about the scope of the search terms, Plaintiffs assured Your Honor (and Irico) that: "To the extent Irico communicates any legitimate concerns about any of these terms, Plaintiffs will address them immediately …."  Plaintiffs' Letter Response to Request for Extension, at 2 (Sept. 14, 2023). Instead, Plaintiffs took the view that Baker Botts was required to produce all responsive documents under Your Honor's Orders and "Plaintiffs cannot modify this requirement."  *See* Attachment G. That suggestion is wrong on at least two fronts.  First, it is diametrically opposed to the representation that Plaintiffs made to Your Honor that it could and would work with Baker Botts to address plainly legitimate issues with their search terms.  Second, it undermines the Special Master's reasonable instruction, consistent with U.S. discovery practice, that search terms be used here as a way of identifying potentially relevant documents (rather than effectively demanding that Irico review every single communication from 15 employees over a span of years for targeted information relating to Mr. Su, which would be both unreasonable and unworkable).

So now Irico must ask for the Special Master's assistance in resolving this dispute.  The Second Interim Order states: "If Irico's counsel deems any search terms improper, they can bring that matter to the undersigned's attention and withhold production of selected documents until the objection is resolved.  But collection of responsive documents precedes objections."  ECF No. 6324 at 5.  Irico and Baker Botts are following Your Honor's guidance exactly.  We have collected all of the relevant materials and provided search term hit results to the Plaintiffs and Your Honor, but we request reasonable modification to the Plaintiffs' search terms.  As detailed above, we believe that adding the "Su qualifiers" described above to the search terms is appropriate and in accordance with U.S. discovery best practice, whereas Plaintiffs' unbounded search terms are not. Without awaiting the Special Master's decision on this dispute, we are moving forward on the review and production of documents that hit on the search terms applying the "Su qualifiers" and will be producing responsive materials as soon as possible.

---

[7] In our unsuccessful meet and confer conversations with Plaintiffs, they appeared to suggest that Baker Botts should focus on reviewing all or some set of the documents that that did not hit on any terms with "Su qualifiers" to confirm that none of the documents contain responsive information.  Focusing our efforts on the documents *least* likely to contain responsive material, however, is backwards, and Plaintiffs know that this is impractical given the sheer volume of the documents that hit on their unqualified search terms as well as the restrictions in China on releasing documents until they have been reviewed for state secrets.

[8] Minor modifications have been made to these charts since they were provided to Plaintiffs to account for typographical errors and search corrections, neither of which impacted the search results in any meaningful way.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 7 -

### 3.   Request for Extension of Ten Days

The identification, collection and processing of the responsive documents and the collection of relevant information has been a laborious process as detailed above.  We note again that the process requiring Baker Botts (and my own) direct involvement had to be restarted after the September 1st Order. Irico, Baker Botts and its vendors have faced many technical, logistical, and geographic hurdles, but we can assure the Special Master that extraordinary efforts have been undertaken and we have made substantial progress in the five weeks since its issuance.  However, because the potentially responsive materials from China were not able to be uploaded to the U.S. for completion of review until after the Chinese Golden Week holiday, which just concluded, we will not be able to fulfill all requirements of the Orders by the current deadline of October 13th.[9]

We intend to produce materials to Plaintiffs on a rolling basis beginning with an initial production of responsive materials by the current deadline of October 13th.  We believe we will need an additional 10 days (until October 23rd) to complete the review and production of the responsive materials and complete the other requirements of the Order, provided the Special Master approves the use of the Su qualifiers as discussed above.  Should Your Honor require the application of all of Plaintiffs' suggested search terms without the Su qualifiers, however, the volume of documents to be processed, reviewed for state secret content, and reviewed for responsiveness would increase by well over five-fold.  In that case, we estimate that Baker Botts would require an extension of at least 40 additional days from the current deadline to comply.

Thank you for your consideration of these issues.


Sincerely,
*/s/ John Taladay*
John Taladay


cc:    Tanveer Singh (tanveer.singh@fedarb.com)
       R. Alexander Saveri (rick@saveri.com)
       Geoffrey C. Rushing (geoff@saveri.com)

---

[9] As part of our meet and confer process, we asked for Plaintiffs' position on a one-week extension of the current deadline. Since the time of these discussions, there was a further, short delay in the transmission of the materials from China at the end of the Chinese Golden Week holiday so we now believe a ten-day extension will be necessary. Plaintiffs took no affirmative position on our request, but instead stated that the request "is more appropriately directed to Judge Walker."  *See* Attachment G.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 8 -


Matthew D. Heaphy (mheaphy@saveri.com)
Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

# Attachment A

*Irico Custodian List - Oct. 6, 2023*

| Custodian Name | Position |
| --- | --- |
| Bao Yong | Secretary of Commission for Discipline Inspection of CCP Committee of Irico Group |
| Bing Zhang | Executive Director of Xianyang Irico Group Industrial Co., Ltd. |
| Gao Qian | General Business Supervisor and Confidential Officer of the Group Office of Irico Group |
| Guo Quan | Director of Group Office of Irico Group |
| Hao Li | Director of Company Office of Xianyang Irico Group Industrial Co, Ltd. |
| Mai Ya | HR Employee of Irico Group |
| Shi Feng | HR Director of Irico Group |
| Si Yuncong | (former) Chairman of Irico Group |
| Su Xiaohua | Focus of investigation |
| Wang Jijun | Chief Financial Officer, Irico (Foshan) Flat Panel Display Co., Ltd. and positions in other companies. |
| Xu Jinmei | Admin & HR Director of Irico (Foshan) Panel Display Co., Ltd. |
| Yang Yuanjiang | (former) General Manager of Irico Group |
| Zhang Dongling | Operation and Management Director of Irico (Foshan) Panel Display Co., Ltd. |
| Zhang Jiming | General Manager of Irico (Foshan) Panel Display Co., Ltd. and positions in other entities |
| Zhang Wenkai | Deputy General Counsel of Irico Group |

Attachment B

**Carter, Tom**

| | |
|---|---|
| **From:** | Matthew Heaphy <mheaphy@saveri.com> |
| **Sent:** | Thursday, September 7, 2023 2:57 PM |
| **To:** | Taladay, John; Werbel, Evan; Carter, Tom; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Cc:** | vrw@judgewalker.com; Tanveer Singh; Rick Saveri; Geoff Rushing; David Hwu; Mario Alioto; Lauren Capurro; Dan Birkhaeuser; Alan Plutzik |
| **Subject:** | In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |
| **Attachments:** | Plaintiffs Su Search Terms.xlsx |

**[EXTERNAL EMAIL]**

Counsel:

On behalf of DPPs and IPPs, attached please find Plaintiffs' search terms provided pursuant to the Special Master's Second Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions, dated September 1, 2023 (ECF No. 6275) (the "Order").

Plaintiffs request that Baker Botts provide a list of all additional search terms it intends to use in its compliance with the Order.

Thank you.

Matthew Heaphy
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
mheaphy@saveri.com
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

| Search Term | Comment | Source |
|---|---|---|
| 邀请函 | Invitation Letter | IRI-SU-000045 CONFIDENTIAL |
| 加州 | California | IRI-SU-000045 CONFIDENTIAL |
| 联邦法院 | Federal Court | IRI-SU-000045 CONFIDENTIAL |
| 王昭杰 | Wang Zhaojie | IRI-SU-000045 CONFIDENTIAL |
| 苏晓华 | Su Xiaohua | IRI-SU-000045 CONFIDENTIAL |
| Xiaohua | | IRI-SU-000133 CONFIDENTIAL |
| 闫云龙 | Yan Yunlong | IRI-SU-000045 CONFIDENTIAL |
| 张文凯 | Zhang Wenkai | IRI-SU-000045 CONFIDENTIAL |
| 马丁 | Ma Ding | IRI-SU-000045 CONFIDENTIAL |
| ██████████ | Su Xiaohua's ID number | IRI-SU-000045 CONFIDENTIAL |
| "100751" | Su Xiaohua's Employee number | IRI-CRT-00031561 |
| 证人 | Witness | IRI-SU-000045 CONFIDENTIAL |
| 作证 | Testify | IRI-SU-000045 CONFIDENTIAL |
| 澳门 | Macau | IRI-SU-000045 CONFIDENTIAL |
| sxh@ch.com.cn | Su's work email | IRI-SU-000052 CONFIDENTIAL |
| zhangwenkai0713 | Zhang's email ID | IRI-SU-000052 CONFIDENTIAL |
| [All emails, email handles, and IDs used in WeChat and other communication platforms of the individuals named in this list] | | |
| 承诺书 | **Declaration** of personnel traveling abroad | IRI-SU-000052 CONFIDENTIAL |
| 苏总 | GM Su | IRI-SU-000052 CONFIDENTIAL |
| CRT | | IRI-SU-000129 CONFIDENTIAL |
| 反垄断 | Antitrust | IRI-SU-000129 CONFIDENTIAL |
| 诉讼 | Litigation | IRI-SU-000129 CONFIDENTIAL |
| 取证 | deposition | IRI-SU-000129 CONFIDENTIAL |
| 通行证 | Travel permit | IRI-SU-000129 CONFIDENTIAL |
| 签注 | Visa | IRI-SU-000129 CONFIDENTIAL |
| 赴港澳 | to Hong Kong and Macau | IRI-SU-000103 CONFIDENTIAL |
| 百尺竿头 | [Zhang Wenkai's WeChat alias] | IRI-SU-000103 CONFIDENTIAL |
| 尚婷婷 | Shang Ting Ting | IRI-SU-000129 CONFIDENTIAL |
| 香港 | Hong Kong | IRI-SU-000129 CONFIDENTIAL |
| 高倩 | Gao Qian | IRI-SU-000130 CONFIDENTIAL |
| 郭泉 | Guo Quan | IRI-SU-000130 CONFIDENTIAL |
| 焦润刚 | Jiao Rungang | IRI-SU-000130 CONFIDENTIAL |
| 白建刚 | Bai Jiangang | IRI-SU-000130 CONFIDENTIAL |
| 总经理 | General Manager | IRI-SU-000130 CONFIDENTIAL |
| 董事长 | Chairman | IRI-SU-000130 CONFIDENTIAL |
| 司总 | Chairman Si | IRI-SU-000131 CONFIDENTIAL |
| 美国法院 | American Courts | IRI-SU-000131 CONFIDENTIAL |
| 证据 | Evidence | IRI-SU-000131 CONFIDENTIAL |
| 法律事务 | Legal Affairs | IRI-SU-000131 CONFIDENTIAL |
| 领导 | Leadership | IRI-SU-000132 CONFIDENTIAL |
| 法务 | Legal Affairs | IRI-SU-000132 CONFIDENTIAL |
| 司云聪 | Si Yuncong | IRI-SU-000137 CONFIDENTIAL |
| 阳元江 | Yang Yuanjiang | IRI-SU-000137 CONFIDENTIAL |
| 包勇 | Bao Yong | IRI-SU-000137 CONFIDENTIAL |
| 石峰 | Shi Feng | IRI-SU-000137 CONFIDENTIAL |
| 人力资源部 | Human Resources Department | IRI-SU-000137 CONFIDENTIAL |
| 专题会 | Special Topic Meeting | IRI-SU-000137 CONFIDENTIAL |
| 离岗 | Depart from Post | IRI-SU-000137 CONFIDENTIAL |
| 提前 | ahead of time | IRI-SU-000137 CONFIDENTIAL |
| 实业 | IRICO Group **Industrial** Ltd. | IRI-SU-000137 CONFIDENTIAL |

| 华南 | Southern China | IRI-SU-000137 CONFIDENTIAL |
| 绩效考评办法 | Irico Group Ltd. **Method for** Managing and **Evaluating Performance** of Managers | IRI-SU-000137 CONFIDENTIAL |
| **辞职** | Quit | IRI-SU-000141 CONFIDENTIAL |
| **申请** | Application | IRI-SU-000141 CONFIDENTIAL |
| **拖** | Delay | |
| **延** | Postpone | |
| 缓 | Postpone | |
| **慢** | Slow (to slow) | |
| **借口** | Excuse | |
| **藉口** | Excuse | |
| **彩管** | CRT | |
| **配合** | Cooperate | |
| **退休** | Retire | |
| **返聘** | Rehire | |
| 调岗 | Transfer jobs | |
| 顾问 | Consultant | |
| 劳务 | Labor Contract | |
| **离职** | Depart from Post | |
| **解除** | Dissolve | |
| 劳动关系 | Relationship of Employment | |
| 保险 | Insurance | |
| **年金** | Pension | IRI-CRT-00007138 |
| **个人账户** | Personal Account (Pension) | IRI-CRT-00007138 |
| 奖励 | Reward | IRI-CRT-00007138 |
| **养老** | Retirement | IRI-CRT-00007148 |
| **薪金** | Salary | |
| 补贴 | Allowance | |
| 绩效 | Performance | |
| 奖金 | Bonus | |

Attachment C

## Irico
### Search Terms Report

| Report Name: | 100923 Plaintiffs' Terms Email Server Data for All Custodian | Searchable Set: | 0237 Keyword Search Scope of Email Server on All |
|---|---|---|---|



### Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 10263 | 14958 | 1451 |

### Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "100751" | 3 | 60 | 0 | Su Xiaohua's employee number |
| ██████████ | 17 | 45 | 0 | Su Xiaohua's ID number |
| bai | 36 | 244 | 1 | Bai Jiangang's email ID |
| baoyong | 241 | 261 | 184 | Bao Yong's email ID |
| CRT | 1,263 | 2,547 | 357 | |
| gqian | 678 | 2,040 | 380 | Gao Qian's email ID |
| gquan | 779 | 1,262 | 587 | Guo Quan's email ID |
| jiaorg | 3 | 9 | 0 | Jiao Rungang's email ID |
| mad | 125 | 479 | 1 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 833 | 1,273 | 0 | Su Xiaohua's work email |
| shangtt123 | 10 | 32 | 0 | Shang Tingting's email ID |
| shf | 152 | 326 | 57 | Shi Feng's email ID |
| sxh | 833 | 1,273 | 0 | Su Xiaohua's email ID |
| wzj-xs | 20 | 76 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 190 | 756 | 1 | |
| yanyunlong | 1,120 | 2,771 | 1 | Yan Yunlong's email ID |
| zhangwenkai0713 | 2,660 | 8,842 | 346 | Zhang's email ID |
| 专题会 | 52 | 396 | 0 | Special Topic Meeting |
| 个人账户 | 65 | 217 | 19 | Personal Account (Pension) |
| 人力资源部 | 295 | 1,702 | 14 | Human Resources Department |
| 作证 | 550 | 1,260 | 0 | testify |
| 保险 | 440 | 2,644 | 11 | Insurance |
| 借口 | 2 | 4 | 0 | Excuse |
| 养老 | 364 | 1,697 | 0 | Retirement |
| 加州 | 45 | 128 | 0 | California |
| 劳务 | 453 | 2,026 | 76 | Labor Contract |
| 劳动关系 | 455 | 1,117 | 0 | Relationship of Employment |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 包勇 | 57 | 81 | 0 | Bao Yong |
| 华南 | 56 | 234 | 2 | Southern China |
| 反垄断 | 551 | 1,537 | 0 | Antitrust |
| 取证 | 105 | 390 | 3 | deposition |
| 司云聪 | 671 | 2,881 | 114 | Si Yuncong |
| 司总 | 737 | 3,416 | 50 | Chairman Si |
| 奖励 | 233 | 948 | 15 | Reward |
| 奖金 | 358 | 1,005 | 2 | Bonus |
| 实业 | 771 | 3,324 | 79 | Industry |
| 尚婷婷 | 12 | 37 | 0 | Shang Ting Ting |
| 年金 | 45 | 331 | 0 | Pension |
| 延 | 1,706 | 6,069 | 148 | Postpone |
| 张文凯 | 1,999 | 6,119 | 0 | Zhang Wenkai |
| 彩管 | 396 | 2,651 | 20 | CRT |
| 总经理 | 1,256 | 4,415 | 75 | General Manager |
| 慢 | 75 | 566 | 0 | Slow (to slow) |
| 承诺书 | 108 | 365 | 5 | Declaration of personnel traveling abroad |
| 拖 | 270 | 1,840 | 73 | Delay |
| 提前 | 466 | 3,126 | 20 | ahead of time |
| 法务 | 141 | 1,370 | 3 | Legal Affairs |
| 法律事务 | 894 | 3,143 | 3 | Legal Affairs |
| 澳门 | 227 | 755 | 0 | Macau |
| 焦润刚 | 12 | 35 | 0 | Jiao Rungang |
| 王昭杰 | 244 | 926 | 0 | Wang Zhaojie |
| 申请 | 1,470 | 5,668 | 237 | Application |
| 白建刚 | 31 | 204 | 0 | Bai Jiangang |
| 百尺竿头 | 3 | 9 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 133 | 385 | 1 | Shi Feng |
| 离岗 | 73 | 268 | 1 | Depart from Post |
| 离职 | 680 | 1,895 | 5 | Depart from Post |
| 签注 | 19 | 86 | 0 | Visa |
| 绩效 | 440 | 913 | 19 | Performance |
| 绩效考评办法 | 41 | 49 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 257 | 1,189 | 8 | Postpone |
| 美国法院 | 58 | 101 | 0 | American Courts |
| 联邦法院 | 9 | 16 | 0 | federal court |
| 苏总 | 209 | 510 | 0 | GM Su |
| 苏晓华 | 299 | 1,019 | 0 | Su Xiaohua |
| 董事长 | 817 | 3,687 | 13 | Chairman |
| 薪金 | 196 | 733 | 0 | Salary |
| 藉口 | 0 | 0 | 0 | Excuse |
| 补贴 | 489 | 1,795 | 33 | Allowance |
| 解除 | 497 | 1,643 | 3 | Dissolve |
| 证人 | 614 | 1,443 | 1 | witness |
| 证据 | 1,336 | 3,546 | 0 | Evidence |
| 诉讼 | 1,221 | 3,271 | 25 | Litigation |
| 调岗 | 5 | 7 | 0 | Transfer jobs |
| 赴港澳 | 14 | 78 | 0 | to Hong Kong and Macau |
| 辞职 | 138 | 583 | 1 | Quit |
| 返聘 | 20 | 310 | 0 | Rehire |
| 退休 | 642 | 2,776 | 24 | Retire |
| 通行证 | 77 | 255 | 0 | Travel permit |
| 邀请函 | 69 | 126 | 9 | invitation letter |
| 郭泉 | 99 | 262 | 0 | Guo Quan |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|------|--------------------:|--------------------------------------:|------------:|------------------|
| 配合 | 664 | 3,456 | 13 | Cooperate |
| 闫云龙 | 994 | 2,576 | 0 | Yan Yunlong |
| 阳元江 | 78 | 126 | 1 | Yang Yuanjiang |
| 顾问 | 775 | 1,732 | 9 | Consultant |
| 领导 | 1,405 | 4,567 | 130 | Leadership |
| 香港 | 1,730 | 4,574 | 267 | Hong Kong |
| 马丁 | 160 | 574 | 0 | Ma Ding |
| 高倩 | 222 | 582 | 1 | Gao Qian |

Attachment D

# Irico
## Search Terms Report

**Report Name:**  100923 Plaintiffs' Terms Terms on BM Data



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 30878 | 16421 |

## Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "100751" | 232 | 0 | Su Xiaohua's employee number |
| ███████████ | 82 | 1 | Su Xiaohua's ID number |
| bai | 4 | 0 | Bai Jiangang's email ID |
| baoyong | 1 | 0 | Bao Yong's email ID |
| CRT | 571 | 36 | |
| gqian | 13 | 3 | Gao Qian's email ID |
| gquan | 4 | 1 | Guo Quan's email ID |
| jiaorg | 4 | 0 | Jiao Rungang's email ID |
| mad | 4 | 0 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 7 | 0 | Su Xiaohua's work email |
| shangtt123 | 8 | 0 | Shang Tingting's email ID |
| shf | 6 | 0 | Shi Feng's email ID |
| sxh | 8 | 0 | Su Xiaohua's email ID |
| wzj-xs | 1 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 8 | 0 | |
| yanyunlong | 17 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 | 21 | 0 | Zhang's email ID |
| 专题会 | 906 | 31 | Special Topic Meeting |
| 个人账户 | 30 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|------|--------------------:|------------:|------------------|
| 人力资源部 | 3,631 | 257 | Human Resources Department |
| 作证 | 401 | 7 | testify |
| 保险 | 1,448 | 49 | Insurance |
| 借口 | 26 | 0 | Excuse |
| 养老 | 762 | 29 | Retirement |
| 加州 | 85 | 0 | California |
| 劳务 | 1,980 | 109 | Labor Contract |
| 劳动关系 | 672 | 6 | Relationship of Employment |
| 包勇 | 1,447 | 517 | Bao Yong |
| 华南 | 2,010 | 347 | Southern China |
| 反垄断 | 544 | 12 | Antitrust |
| 取证 | 237 | 16 | deposition |
| 司云聪 | 1,276 | 73 | Si Yuncong |
| 司总 | 2,543 | 81 | Chairman Si |
| 奖励 | 2,657 | 90 | Reward |
| 奖金 | 1,503 | 7 | Bonus |
| 实业 | 5,448 | 843 | Industry |
| 尚婷婷 | 345 | 76 | Shang Ting Ting |
| 年金 | 268 | 11 | Pension |
| 延 | 2,784 | 188 | Postpone |
| 张文凯 | 1,633 | 508 | Zhang Wenkai |
| 彩管 | 395 | 6 | CRT |
| 总经理 | 5,470 | 117 | General Manager |
| 慢 | 315 | 40 | Slow (to slow) |
| 承诺书 | 376 | 34 | Declaration of personnel traveling abroad |
| 拖 | 642 | 33 | Delay |
| 提前 | 2,021 | 252 | ahead of time |
| 法务 | 767 | 35 | Legal Affairs |
| 法律事务 | 1,108 | 7 | Legal Affairs |
| 澳门 | 296 | 5 | Macau |
| 焦润刚 | 988 | 166 | Jiao Rungang |
| 王昭杰 | 440 | 5 | Wang Zhaojie |
| 申请 | 3,803 | 562 | Application |
| 白建刚 | 873 | 109 | Bai Jiangang |
| 百尺竿头 | 7 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 3,095 | 1,357 | Shi Feng |
| 离岗 | 1,307 | 8 | Depart from Post |
| 离职 | 993 | 48 | Depart from Post |
| 签注 | 112 | 1 | Visa |
| 绩效 | 3,866 | 109 | Performance |
| 绩效考评办法 | 522 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 1,007 | 147 | Postpone |
| 美国法院 | 79 | 0 | American Courts |
| 联邦法院 | 44 | 0 | federal court |
| 苏总 | 544 | 98 | GM Su |
| 苏晓华 | 2,638 | 297 | Su Xiaohua |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---:|---:|---|
| 董事长 | 2,281 | 21 | Chairman |
| 薪金 | 937 | 0 | Salary |
| 藉口 | 0 | 0 | Excuse |
| 补贴 | 2,143 | 56 | Allowance |
| 解除 | 1,964 | 36 | Dissolve |
| 证人 | 380 | 5 | witness |
| 证据 | 607 | 11 | Evidence |
| 诉讼 | 1,506 | 43 | Litigation |
| 调岗 | 78 | 0 | Transfer jobs |
| 赴港澳 | 43 | 0 | to Hong Kong and Macau |
| 辞职 | 555 | 0 | Quit |
| 返聘 | 746 | 0 | Rehire |
| 退休 | 2,894 | 72 | Retire |
| 通行证 | 227 | 5 | Travel permit |
| 邀请函 | 101 | 3 | invitation letter |
| 郭泉 | 1,474 | 517 | Guo Quan |
| 配合 | 2,521 | 132 | Cooperate |
| 闫云龙 | 854 | 43 | Yan Yunlong |
| 阳元江 | 1,025 | 188 | Yang Yuanjiang |
| 顾问 | 1,481 | 13 | Consultant |
| 领导 | 12,985 | 3,029 | Leadership |
| 香港 | 1,259 | 176 | Hong Kong |
| 马丁 | 248 | 17 | Ma Ding |
| 高倩 | 3,069 | 1,921 | Gao Qian |

Attachment E



**Irico**
**Search Terms Report**

| Report Name: | 100923 Proposed Terms Terms Searches on Email Sever Data | Searchable Set: | 0237 Keyword Search Scope of Email Server on All |
|---|---|---|---|



### Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 919 | 1989 | 14420 |

### Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 79 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 59 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 130 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 68 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 3 | 0 | upper age limit for appointment |
| "作证" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 169 | 377 | 4 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 25 | 25 | 0 | removal |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "内退" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 47 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Zunkun |
| "尊绅" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 137 | 740 | 0 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 106 | 1 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new position |
| "最后工作日" AND (苏晓华 OR "Xiaohua" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 103 | 349 | 2 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 66 | 0 | leaving office |
| "离岗" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 57 | 0 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 198 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 126 | 445 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR ▆▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | old mother |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "证人" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 134 | 317 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 172 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 80 | 407 | 0 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 204 | 5 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 287 | 3 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 129 | 4 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Bao Yong's email ID |
| CRT AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 202 | 678 | 40 | |
| gqian AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 57 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shang Tingting's email ID |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| shf AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 17 | 47 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 233 | 708 | 2 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 269 | 705 | 1 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 9 | 0 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 15 | 2 | Personal Account (Pension) |
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 409 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 205 | 1 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 62 | 0 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 206 | 0 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 162 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR ▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 33 | 0 | Bao Yong |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 华南 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 100 | 0 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 408 | 0 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 14 | 67 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 97 | 456 | 0 | Si Yuncong |
| 司总 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 349 | 0 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏金 OR "sxh") | 26 | 101 | 0 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 6 | 75 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 289 | 0 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 31 | 0 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 95 | 309 | 0 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 279 | 865 | 0 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 334 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 88 | 547 | 0 | General Manager |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 慢 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 58 | 3 | Declaration of personnel traveling abroad |
| 拖 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 10 | 40 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 71 | 123 | 0 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 248 | 1 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 201 | 601 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 89 | 258 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 146 | 655 | 2 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 105 | 350 | 3 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 11 | 52 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 46 | 0 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 143 | 555 | 1 | Depart from Post |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 27 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 82 | 1 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 37 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 173 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 82 | 545 | 0 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 31 | 191 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 135 | 0 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 802 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 151 | 607 | 0 | Litigation |
| 调岗 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 34 | 0 | to Hong Kong and Macau |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|------|---------------------|---------------------------------------|-------------|------------------|
| 返聘 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 75 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 30 | 1 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 107 | 219 | 0 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 231 | 842 | 7 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 38 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 62 | 188 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 113 | 485 | 1 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 494 | 807 | 362 | Hong Kong |
| 马丁 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 100 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian |

Attachment F

## Irico
## Search Terms Report

**Report Name:**    100923 Proposed Terms on BM Data



### Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 2415 | 48925 |

### Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 78 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 13 | 0 | upper age limit for appointment |

| Term | Documents with hits | Unique hits | Translation/Note |
|------|--------------------:|------------:|------------------|
| "作证" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 50 | 0 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 45 | 0 | removal |
| "内退" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 699 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓" OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 0 | 0 | Zunkun |
| "尊押" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 0 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 275 | 13 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 136 | 4 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 33 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 0 | 0 | new position |
| "最后工作日" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 0 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 293 | 5 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 106 | 0 | leaving office |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "离岗" AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 629 | 2 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 385 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 0 | old mother |
| "证人" AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 26 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 60 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 863 | 1 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 144 | 0 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bao Yong's email ID |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| CRT AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 6 | |
| gqian AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shang Tingting's email ID |
| shf AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 87 | 6 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 132 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 408 | 6 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 382 | 7 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 906 | 48 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 247 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 0 | Bao Yong |
| 华南 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 550 | 36 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 4 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR ███████" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 47 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 0 | Si Yuncong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 司总 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 119 | 2 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 597 | 5 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 741 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 648 | 68 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 1 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 199 | 4 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 687 | 11 | General Manager |
| 慢 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 2 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 1 | Declaration of personnel traveling abroad |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 拖 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 118 | 5 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 6 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 52 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 0 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 310 | 19 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 2 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 0 | Depart from Post |

| Term | Documents with hits | Unique hits | Translation/Note |
|------|--------------------|-----------|-----------------|
| 签注 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 41 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 846 | 5 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 116 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 125 | 1 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 602 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 767 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 412 | 1 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 98 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 187 | 0 | Litigation |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 调岗 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 7 | 0 | to Hong Kong and Macau |
| 返聘 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 407 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 44 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 222 | 13 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 482 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 964 | 48 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR ▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 191 | 1 | Hong Kong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 马丁 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 18 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 0 | Gao Qian |

**Report Generated:** 10/9/2023 17:38                    Page 1 of 1

Attachment G

**Carter, Tom**

| | |
|---|---|
| **From:** | Lauren Russell <LaurenRussell@TATP.com> |
| **Sent:** | Friday, October 6, 2023 8:00 PM |
| **To:** | Werbel, Evan; Carter, Tom; Matthew Heaphy; Rick Saveri |
| **Cc:** | Geoff Rushing; David Hwu; Mario Alioto; Dan Birkhaeuser; Alan Plutzik; Taladay, John; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Subject:** | RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |

[EXTERNAL EMAIL]

Evan:

We have discussed and considered your request that Plaintiffs agree to your proposed limitations of our search terms, but we cannot agree to your request. We are not able to test your proposed limiters or have any visibility into the results of the searches to know whether responsive documents are being missed.

Judge Walker's Order requires Baker Botts to search for and "produce to plaintiffs *all* non-privileged documents responsive to the Su Order and this order and a privilege log for any withheld documents." Interim Order at 9 (emphasis added). Plaintiffs cannot modify this requirement. Judge Walker gave Plaintiffs the opportunity to propose search terms, which we did, but ultimately it is Baker Botts' responsibility to ensure that whatever search methodologies are used, all responsive documents are captured.

As for your requested extension of time to comply with Judge Walker's Order, that request is more appropriately directed to Judge Walker. However, Plaintiffs note that you were aware of Plaintiffs' search terms as well as any Chinese government review requirements when you requested the three-week extension. In addition, given that you are only looking for documents relating to Mr. Su's resignation, many relevant documents should be identifiable without search terms. Any such documents should be produced by the current deadline, along with the other information ordered by Judge Walker that does not involve review of search results.

Regards,

Lauren


Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
Telephone: (415) 860-5051
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Friday, October 6, 2023 3:37 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Matthew Heaphy <mheaphy@saveri.com>; Rick Saveri <rick@saveri.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan

Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt and all, As requested, attached is a list of the 15 custodians that we have been discussing along with information on their relevant positions and entities.  We are  also looking into the other questions that you raised during our meet and confer today.  The preliminary response that we received on deduplication of emails and internal texts is that all the search results have been deduped, but we are confirming further and will get back to you on that issue and the others discussed.

We look forward to hearing from Plaintiffs on the key word searches and on the request for an extension.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 4:43 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, please see attached.  The terms added by Irico (not including duplicative terms with Plaintiffs' list) are marked in blue at the bottom of the list.

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 3:30 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Tom:

Per our discussion, could you please provide a list of Irico's additional search terms?

Thanks,
Matt

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 11:40 AM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, for discussion on the call at noon Pacific, please see the attached search term hit reports.

Thanks,
Tom

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 1:42 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Evan:

Plaintiffs are available today at noon Pacific. Could you please circulate a call-in number?

Best,
Matt

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, October 4, 2023 1:10 PM
**To:** Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Matthew Heaphy <mheaphy@saveri.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Lauren and Rick, Are Plaintiffs available tomorrow to meet and confer regarding the search terms for the Su investigation?   How about 12:00 Pacific?  If that does not work, let us know if there is another time that does.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# DOCUMENT 19

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2001 Union Street, Suite 482
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

October 12, 2023

***VIA EMAIL***

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
vrw@judgewalker.com

   Re: <u>*In re Cathode Ray Tube (CRT) Antitrust Litigation*</u> – MDL No. 1917,
     <u>Master File No. 07-CV-5944-JST</u>

Dear Judge Walker:

  IPPs and DPPs (together, "Plaintiffs") respond to Irico's letter dated October 9, 2023 regarding search terms. In summary, Plaintiffs cannot "agree" to search terms that Irico proposes. Nor should Irico ask Your Honor to "approve" them. The appropriateness of the proposed "Su qualifiers" that Irico proposes can only be tested by examining the documents that were excluded when they were applied. This process has not been performed to Plaintiffs' knowledge. Much less have the results been provided to Plaintiffs or Your Honor. Nor do the "Su qualifiers" necessarily make sense. For example, they should not be applied to documents collected from Mr. Su's files.

  However, at bottom, this is not a difficult task. Irico is collecting documents related to Mr. Su's departure. Your Honor's Order requires a production from a limited time period, with limited custodians involved and discrete topics. Further, the Order requires Irico to collect and produce documents by means other than search terms – which apparently it has – by interviewing custodians, etc. Baker Botts and Irico have had more than ample time to complete this aspect of their search. All responsive documents collected to date should be produced immediately.

  In the Interim Report and Recommendation dated September 1, 2003, Your Honor invited Plaintiffs "at their discretion, [to] provide search terms designed to identify responsive documents and information to Baker Botts." Plaintiffs did so by September 7, 2023, the date specified in the Order.

  Irico's account of the meet and confer process is misleading and demonstrates a strategy of delay. Plaintiffs met and conferred twice with Baker Botts (immediately upon

The Honorable Vaughn R. Walker
10/12/2023
Page 2

their October 4 request – almost one month after the search terms were provided) about the use of the "Su qualifiers" that Irico proposed. Irico informed Plaintiffs that Plaintiffs' search terms yielded approximately 40,000 documents. Irico explained that its proposed qualifiers yielded only 3,300 documents and asked Plaintiffs to "approve" the modified search terms. Notably, during the meet and confers Baker Botts never took issue with any of Plaintiffs' search terms. Plaintiffs submit that they were narrowly tailored based on terms that appeared in documents produced in response to Your Honor's initial order regarding Mr. Su. In fact, Baker Botts informed Plaintiffs that they used Plaintiffs' search terms as a basis for their own and added to them.

Without more, Plaintiffs cannot "approve" Irico's use of the proposed qualifiers. Plaintiffs do not know what information is contained in the 36,700 documents excluded by the qualifiers. Nor does Your Honor. It is Baker Botts' and Irico's obligation to comply with the Court's Order. Only Baker Botts and Irico know what documents have been gathered and what documents would be left behind. Only Baker Botts and Irico can examine or perform searches on the excluded documents to evaluate responsiveness.

Plaintiffs note that this is the first time in this litigation that Irico has indicated that a "state secret" review would delay any productions. Indeed, Irico has previously produced documents related to Mr. Su's departure without indicating any such review was performed.

Given the misplaced and unnecessary invective in Irico's letter, Plaintiffs can only conclude that the sole purpose is additional delay. On August 21, 2023, Your Honor initially required Irico to produce documents no later than September 22, 2023. ECF No. 6264 at 9. At Irico's request, Your Honor extended the deadline until October 13, 2002. ECF No. 6325. At a minimum, Irico should be required to produce all responsive documents it has collected to date and all direct communications with Mr. Su during the relevant time period by October 13. As for the remaining documents, Irico should determine the responsiveness of the documents eliminated by its use of qualifiers and produce documents responsive to Your Honor's order on October 13 or whatever brief extension Your Honor grants.

Very truly yours,

*/s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

*/s/ Lauren C. Capurro*

Lauren C. Capurro
Lead Counsel for Indirect Purchaser Plaintiffs

The Honorable Vaughn R. Walker
10/12/2023
Page 3


Cc:    Tanveer Singh (tanveer.singh@fedarb.com)
       John M. Taladay (john.taladay@bakerbotts.com)
       Evan J. Werbel (evan.werbel@bakerbotts.com)
       Thomas E. Carter (tom.carter@bakerbotts.com)
       Andrew L. Lucarelli (drew.lucarelli@bakerbotts.com)
       Geraldine W. Young (geraldine.young@nortonrosefulbright.com)
       Kaylee Yang (kaylee.yang@nortonrosefulbright.com)

# DOCUMENT 20

# BAKER BOTTS LLP

| 700 K STREET, N.W. | AUSTIN | NEW YORK |
|---|---|---|
| WASHINGTON, D.C. | BRUSSELS | PALO ALTO |
| 20001 | DALLAS | RIYADH |
| | DUBAI | SAN FRANCISCO |
| TEL  +1 202.639.7700 | HOUSTON | SINGAPORE |
| FAX +1 202.639.7890 | LONDON | **WASHINGTON** |
| BakerBotts.com | | |

October 16, 2023

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

> Re:   In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
>        No. 07-CV-944-JST

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")
write with a further update on its compliance with Your Honor's Interim Reports and
Recommendations on Plaintiffs' Motion for Discovery Sanctions dated August 4, 2023 (ECF No.
6233) ("First Interim Order") and September 1, 2023 (ECF No. 6275) ("Second Interim Order")
(collectively, "Orders").

On October 9th, Baker Botts submitted a letter updating Your Honor on the status of its
efforts, asking Your Honor to approve modified search terms and requesting a brief extension for
the compliance with the Orders.  Plaintiffs did not respond with their short letter submission until
the evening of October 12th.  On October 13th, the scheduled compliance date, Tanveer Singh
informed the Parties that Your Honor was out of town and may not be able to address the issues
until today.

Irico and Baker Botts continue to work diligently to comply with each requirement in
Your Honor's Orders.  On Friday, October 13th, Irico submitted its initial production of
documents responsive to the Orders to Plaintiffs.  These materials included the majority of:
(1) the specific documents requested in the Orders that Baker Botts could collect directly from
Irico personnel and (2) the responsive emails of relevant custodians identified through the use of
the Plaintiffs' and Baker Botts' search terms applying the appropriate "Su qualifiers."

Over the next week, by the requested October 23, 2023 extension, Baker Botts will
finalize its review and production of the remaining responsive materials in the above two
categories.  Baker Botts also currently is reviewing the documents collected from the internal
(text) messaging system of the fifteen selected custodians.  These electronic files have been
much more difficult to collect and review as Irico's internal system is very different from
traditional text messaging systems and has posed significant technical challenges.  Regardless,

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -


Baker Botts believes it can complete its review and production of these materials in the next seven days, consistent with our requested extension, utilizing the Plaintiffs' and Baker Botts' search terms with appropriate "Su qualifiers."  Baker Botts will also provide the additional materials called for in the Orders by October 23, 2023.

Irico's and Baker Botts' efforts in responding to Your Honor's Orders have been extremely diligent and as expeditious as possible, as detailed in our letter of October 9th.  Any suggestion by Plaintiffs of intentional delay is uninformed and should be ignored.  Plaintiffs are also incorrect that Irico did not object to its search terms: Irico objected to their unreasonable request to use unqualified terms that lacked any relevance to Mr. Su, as shown by the extraordinary hit rate, but Plaintiffs refused to engage in any substantive discussions.

We continue to believe Irico's proposed search terms (incorporating all of the root terms proposed by Plaintiffs, as well as Baker Botts' search terms, modified only by the "Su qualifiers") have captured the relevant documents that the Plaintiffs and Your Honor seek.  We ask Your Honor to approve our proposed modifications to Plaintiffs' search terms.  Otherwise, as discussed in our October 9th letter, Irico and Baker Botts would need at least another 30 days beyond the proposed October 23rd response date to complete the review for state secret content and responsiveness, likely with little if any, incremental information.

Please let us know if Your Honor needs any further information.


Sincerely,

*/s/ John Taladay*
John Taladay



cc:    Tanveer Singh (tanveer.singh@fedarb.com)
       R. Alexander Saveri (rick@saveri.com)
       Geoffrey C. Rushing (geoff@saveri.com)
       Matthew D. Heaphy (mheaphy@saveri.com)
       Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

# DOCUMENT 21

# BAKER BOTTS LLP

| | | |
|---|---|---|
| 700 K STREET, N.W. | AUSTIN | NEW YORK |
| WASHINGTON, D.C. | BRUSSELS | PALO ALTO |
| 20001 | DALLAS | RIYADH |
| | DUBAI | SAN FRANCISCO |
| TEL +1 202.639.7700 | HOUSTON | SINGAPORE |
| FAX +1 202.639.7890 | LONDON | **WASHINGTON** |
| BakerBotts.com | | |

October 23, 2023

VIA E-MAIL [VRW@JUDGEWALKER.COM]

John Taladay<br>
TEL: 2026397909<br>
FAX: 2026391165<br>
john.taladay@bakerbotts.com

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

   Re:  **In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File No. 07-CV-944-JST/Plaintiffs' Motion for Sanctions**

Dear Judge Walker:

   Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") write pursuant to Your Honor's Interim Order and Second Interim Order on Plaintiffs' Motion for Sanctions (ECF Nos. 6264 and 6324) (the "Su Orders").

   Irico has made today a final production of documents responsive to the Su Orders to Plaintiffs, including logs for all withheld or redacted documents. Enclosed with this letter is a declaration by the undersigned pursuant to the Second Interim Order regarding the steps taken under my direction and control to comply with the Su Orders as well as to detail other tasks completed as required by the Su Orders. Under separate cover to Your Honor and pursuant to the First Interim Order, Irico is providing a letter identifying "the names of Irico personnel involved in communicating with Su about: (a) his deposition, resignation and end of employment from January 1, 2021 to the present and (b) information about his participation and knowledge of competitor contacts and communications." ECF No. 6264 at 9.

   Nothing in Irico's productions or any of the above-referenced materials is intended to constitute waiver of any rights or privileges. Irico has made every effort to identify and withhold privileged or otherwise protected material where appropriate. Any inadvertent disclosure of privileged material should not be construed as a waiver of privilege, as it is the companies' intention to maintain privilege as to all such matters.

   If Your Honor has any questions, please do not hesitate to contact me.

      Sincerely,

      */s/ John Taladay*
      John Taladay

      *Counsel for Irico Group Corp. and Irico Display Devices Co., Ltd.*

1

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -


cc:     Tanveer Singh (tanveer.singh@fedarb.com)
        R. Alexander Saveri (rick@saveri.com)
        Geoffrey C. Rushing (geoff@saveri.com)
        Matthew D. Heaphy (mheaphy@saveri.com)
        Mario N. Alioto (malioto@tatp.com)
        Lauren C. Capurro (laurenrussell@tatp.com)
        Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

# DOCUMENT 22

**BAKER BOTTS** LLP

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX  +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
**WASHINGTON**

October 23, 2023

VIA E-MAIL [VRW@JUDGEWALKER.COM]
*EX PARTE SUBMISSION*

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

Re:   **In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File No. 07-CV-944-JST/Plaintiffs' Motion for Sanctions**

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") write pursuant to Your Honor's Interim Order and Second Interim Order on Plaintiffs' Motion for Sanctions (ECF Nos. 6264 and 6324) (the "Su Orders") to provide "the names of Irico personnel involved in communicating with Su [Xiaohua] about" certain topics.  ECF No. 6264 at 9.  The information provided below is based on the interviews conducted, relevant documents reviewed, and other investigation by Irico in response to the Su Orders.  Nothing in Irico's submission of this information is intended to constitute waiver of any rights or privileges, as it is the companies' intention to maintain privilege as to all matters.

Irico identifies the following individuals as likely being involved in communicating with Mr. Su regarding:

**Mr. Su's Deposition**
1. Zhang Wenkai

**Mr. Su's Resignation and End of Employment**
1. Hao Li
2. Liu Zhao
3. Si Yuncong
4. Wang Jijun
5. Xu Jinmei
6. Zhang Bing
7. Zhang Dongling
8. Zhang Jiming
9. Zhang Wenkai

**Mr. Su's Participation and Knowledge of Competitor Contacts and Communications**
1. Zhang Wenkai

1

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

Sincerely,

*/s/ John Taladay*

John Taladay

*Attorney for Defendants Irico Group Corp.*
*and Irico Display Devices Co., Ltd.*

# DOCUMENT 23

1
2
3
4
5
6
7

John M. Taladay *(pro hac vice)*
Evan J. Werbel *(pro hac vice)*
Thomas E. Carter *(pro hac vice)*
Andrew L. Lucarelli *(pro hac vice)*
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

8
9

*Attorneys for Defendants Irico Group Corp. and*
*Irico Display Devices Co., Ltd.*

10
11
12
13

## UNITED STATES DISTRICT COURT

14

## NORTHERN DISTRICT OF CALIFORNIA

15

## OAKLAND DIVISION

16
17

IN RE: CATHODE RAY TUBE (CRT)
ANTITRUST LITIGATION

18
19
20

This Document Relates to:

*ALL INDIRECT PURCHASER ACTIONS*
*ALL DIRECT PURCHASER ACTIONS*

21

Master File No. 07-CV-5944-JST

MDL No. 1917

**DECLARATION OF JOHN M. TALADAY REGARDING COMPLIANCE WITH INTERIM ORDERS ON PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS**

Judge:        Honorable Jon S. Tigar

22
23
24
25
26
27
28

I, John M. Taladay, declare as follows:

1.      I am a member of the bar of the District of Columbia and admitted to practice before this Court *pro hac vice*.  I am an attorney with Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display," collectively, "Irico" or the "Irico Defendants") in this action.  I make this Declaration in support of Irico Defendants' Submission in Response to the Orders Adopting the Special Master's First and Second Interim Reports and Recommendations on Plaintiffs' Motion for Discovery Sanctions.  *See* ECF Nos. 6264 ("First Interim Order"); 6324 ("Second Interim Order," collectively the "Orders").  If called as a witness, I could and would testify to the matters set forth in this declaration of my own personal knowledge.

2.      As directed by the Special Master in the Second Interim Order, I submit this declaration to describe the steps taken under my direction and control to comply with the Special Master's Orders requiring discovery into certain matters regarding Su Xiaohua as well as to detail other tasks completed as required by the Orders.

**Su Laptop, Other Devices and Documents**

3.      At my direction, Thomas Carter, a Baker Botts attorney of record for Irico, traveled to China on September 10, 2023, along with Eric Chuang, a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor experienced in discovery of electronically stored information. *See Forensic Technology Services*, BDO USA, P.C. (last accessed Oct. 23, 2023), https://www.bdo.com/services/advisory/forensics-investigations/forensics-technology.

4.      Mr. Carter took physical custody of Mr. Su's former laptop on September 12, 2023, and personally oversaw BDO's imaging of the complete content of the laptop's solid-state drive. BDO utilized Forensic Falcon Neo, a digital forensic imaging hardware device manufactured by Logicube, a well-known product in the forensic industry, to duplicate the solid-state drive, which is the same imaging equipment and software as is typically used for BDO's U.S. forensic collections in litigation matters.

5.      Mr. Carter then oversaw BDO's forensic analysis of all recovered files from Mr. Su's former laptop.  BDO utilized Encase Forensic Software manufactured by Guidance Software,

a well-known product in the forensic industry, for the data recovery procedure, which is typically used for BDO's U.S. forensic collections in litigation matters.

6.      Until leaving his position at Irico, Mr. Su most recently served as the General Manager of Irico (Foshan) Flat Panel Display Co., Ltd. ("Irico Foshan") located in the city of Foshan, China, where Mr. Su's former office was located.  Based on information provided by Irico, we understand that Mr. Su's laptop was issued to him by Irico Foshan around the time he was first employed by that company beginning on December 31, 2019.  BDO's analysis showed that the solid-state drive of Mr. Su's laptop had been reformatted on June 15, 2022 and a new copy of Microsoft Windows was installed at that time.[1]  Based on Baker Botts' investigation this was done in connection with the repurposing of Mr. Su's laptop for use by his successor as General Manager, Zhang Jiming, who took possession of Mr. Su's former laptop when he assumed Mr. Su's former position.  Based on interviews with Irico employees, we understand that Zhang Dongling, the Operations and Management Director for Irico Foshan, was responsible for repurposing the laptop for use by Zhang Jiming.

7.      A report detailing the results of BDO's forensic analysis is attached as Exhibit 1. BDO recovered a total of 28,555 files with metadata dates within the time period in which Mr. Su potentially had use of the laptop, the vast majority of which were system files.  Following de-duplication and removal of non-user created system files, approximately 9,000 files remained, prior to application of search terms.  These files were transferred by BDO to a China-based Relativity server so that BDO could process and apply search terms to the data and to enable a state secret review before any materials were released to Baker Botts as described below.

8.      I also instructed BDO to collect data from corporate servers containing Mr. Su's emails and internal text messages.

9.      Also under my direction, Baker Botts and BDO investigated whether Mr. Su had any other company-issued or company-controlled devices other than his former laptop and determined that he did not.

---

[1] We note that, at that time, the laptop and its contents were not subject to any discovery order.

10.     Baker Botts and BDO also investigated whether there were any remaining hard copy files in or from Mr. Su's office and determined no such files existed.  Mr. Su's successor, Zhang Jiming, had moved into Mr. Su's office more than a year ago, and he informed Mr. Carter that the office was empty when he moved in.   Other Irico Foshan employees also confirmed that Mr. Su had removed any files from his office prior to his departure.

**Efforts to Contact Mr. Su**

11.     █████████████████████████████████  █████████████████████████

████████████████████████████████████████████████████████████████

███. *See* Ex. 2 (IRI-SU-000219E).  In August, after the issuance of the First Interim Order but prior to the Second Interim Order, Zhang Wenkai, Irico's Assistant General Counsel, contacted Mr. Su by phone on a few occasions to seek his cooperation with responding the Orders.  Mr. Su spoke briefly to Mr. Zhang, but on the final occasion, ████████████████████████, Mr. Su insisted that that he not be contacted any further regarding this litigation.  Mr. Zhang recorded this call, and we have attached a transcript of that discussion.  *See* Ex. 3 (IRI-SU-000202E).

12.     Despite Mr. Su's explicit request, pursuant to the Second Interim Order, Baker Botts attempted to contact Mr. Su on October 3, 2023, by sending a message through Mr. Zhang to Mr. Su via WeChat, a commonly used communication app in China, requesting to speak with Mr. Su regarding the issues raised in the Orders.  Mr. Su did not respond to that request.  *See* Ex. 4 (IRI-SU-000229E).  Thus, we were not able to secure any cooperation by Mr. Su in connection with the current discovery initiative under the First and Second Interim Orders.

**Interviews of Other Irico Employees**

13.     Under my direction and based on their positions or other information suggesting a potential connection to Mr. Su, Mr. Carter, together with bilingual BDO staff, interviewed 23 current or former employees of Irico Group and its subsidiaries.  These individuals included: (1) human resources staff and department heads at Irico Group, Xianyang Irico Group Industrial Co., Ltd. ("Irico Industrial," the Irico subsidiary that directly managed Mr. Su's management appointments), and Irico Foshan; (2) top management at Irico Group, Irico Industrial, and Irico Foshan, including the four individuals whose names are set forth in the April 7, 2022, meeting

minute approving Mr. Su's resignation request; (3) former subordinates of Mr. Su at Irico Foshan; (4) personnel at Irico Group and Irico Industrial responsible for ministerial drafting and approving official personnel paperwork; (5) members of the Irico Group legal department; and (6) information technology personnel at Irico Group.

14.     These interviews covered topics relevant to the Orders, including interviewees' knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents.  Mr. Carter reported to me regarding relevant information learned in these interviews.

**Collection of Materials from Interviewees and Relevant Departments**

15.     In each interview described above, on my instruction, Mr. Carter also inquired and attempted to determine whether the employee had any documents or personal communications responsive to the Orders that were not preserved on the corporate servers.   As detailed below, Mr. Carter and BDO determined that emails and internal text messages would be preserved on corporate servers.   If any interviewee indicated that they had responsive company documents not preserved on these corporate servers, all of those materials were collected by BDO. In some cases, the interviewees indicated that they had WeChat communications that might be responsive to the Orders on individual employee-owned phones (over which the company has no control) rather than on company devices or servers.  Though none of interviewees would agree to provide their personal phones for forensic imaging and not all employees still had copies of their potentially relevant WeChat messages, those interviewees who stated that they still had relevant WeChat messages provided screen shots of those messages to BDO.  All materials provided by these witnesses were given to BDO, and BDO loaded the documents to the China-based Relativity server.

16.     Other specific materials required by the Orders were also collected directly (on a "go get" basis) from relevant departments such as human resources (e.g., Mr. Su's employment

contract) and accounting (i.e., payment records).  BDO loaded these materials onto the China-based Relativity server.

**Collection of Emails and Internal Text Messages from Corporate Servers**

17.     After consultation with Mr. Carter regarding his interviews, I identified 15 custodians (14 interviewees and Mr. Su) who appeared reasonably likely to have responsive electronic communications.[2]  I then instructed BDO to collect all emails and internal text messages in the relevant time frame from the corporate servers for those custodians for further review. *See* Ex. 5 (Oct. 9, 2023, Letter Request to Special Master), Attachment A.

18.     BDO worked with relevant information technology personnel responsible for maintaining the company servers to execute on this instruction.  Email data and internal text message data were stored on different servers, so this effort required separate collections by BDO.

19.     Regarding the emails, only 14 of the 15 custodians had mailboxes on the corporate server.  Xu Jinmei, the Administration and HR Director at Irico Foshan, did not have a company email address.  In addition, the email box of Wang Jijun, while it existed on the server, was empty.  The email box of Mr. Su was maintained on the server and data was collected.

20.     Date filters were applied prior to collection based on the role of each custodian: January 1, 2021, through September 1, 2023 (or the last day of their employment with any Irico company), for any custodian with potential knowledge or involvement regarding Mr. Su's requested deposition; and January 1, 2022, through September 1, 2023 (or the last day of their employment with any Irico company), for all other custodians, i.e., those custodians who were identified only because of potential knowledge or involvement relating to Mr. Su's departure.  The data from the 13 available email boxes were transferred from the server to an external hard drive by BDO.

21.     Regarding the internal text messages, data was identified for all 15 custodians, including Mr. Su.  The same date filters described above regarding the email collection also were

---

[2] The other nine individuals interviewed had incidental information or de minimis roles regarding Mr. Su's departure or application to travel for deposition.

applied to the internal text message data.  The internal text message data was transferred from the server to an external hard drive by BDO.

22.     BDO loaded the data from the external hard drives onto the China-based Relativity server.   The available data for the 15 custodians gathered by BDO totaled 16,409 email files (including attachments) and 56,325 internal text message files (including attachments), a total of 72,734 files.

**Application of Search Terms**

23.     BDO, at my direction, applied search terms to the server data to attempt to narrow the materials to those most likely to be responsive to the Orders.  BDO utilized standard search methodologies regularly utilized in the forensic searching in the US, pursuant to instructions from Baker Botts.  To determine the search terms to apply, Baker Botts utilized the search terms that it identified, combined with the generic and unqualified search terms provided by Plaintiffs on September 7, 2023.  As noted in our letter request submitted to the Special Master on October 9, 2023, Plaintiffs' search terms omitted any requirement that the search terms be related in any way to Mr. Su: i.e., they failed to include any "Su qualifier" such as a variation of his name, employee ID number, citizen ID number or email address. For example, Plaintiffs' unqualified search terms hit on all documents sent or received by all custodians over a 20 to 32-month period that mention the word "leadership" irrespective of whether the document had any mention of, or relevance to, Mr. Su.  As a result, the initial application of all of Plaintiffs' search terms resulted in hits on over 40,000 documents – 55% of every message or document sent or received by every custodian during this 20 to 32-month period – a clear sign that the unqualified search terms were grossly overbroad in the context of a specific search that is wholly and solely directed at the circumstances of Mr. Su's departure and deposition.  Moreover, reviewing all documents hitting on the unqualified search terms could not conceivably be accomplished in the required time frame for production, even with the extension sought by Irico in its letter request of October 9, 2023.

24.     I then instructed BDO to again apply Baker Botts' and Plaintiffs' combined search terms, but this time applying the "Su qualifiers" to target those documents with some potential relevance to Mr. Su.  *See* Ex. 5 (Oct. 9, 2023, Letter Request to Special Master) at 4-6,

1     Attachments C-F. However, for the data collected from Mr. Su's laptop, BDO applied all of

2     Plaintiffs' search terms and Baker Botts' search terms without the application of any "Su

3     qualifiers." In total, this effort resulted in approximately 9,400 files, which BDO then processed

4     for further review.[3]

5         25.     Irico and the Plaintiffs have disagreed on the use of "Su qualifiers" to narrow the

6     collection of relevant materials, and in its letter request of October 9, 2023, Baker Botts asked the

7     Special Master to approve the use of the "Su qualifiers" as a modification to Plaintiffs' search

8     terms. Consistent with and in compliance with the Second Interim Order, BDO, at my direction,

9     has collected and preserved the additional disputed documents that hit on Plaintiffs' search terms

10     without "Su qualifiers," and they remain on the China-based Relativity server awaiting the Special

11     Master's decision.

12         **State Secret Review**

13         26.     I understand from Irico as well as independent Chinese legal counsel by whom I

14     was advised, that Irico and its employees are bound by Chinese legal requirements preventing the

15     disclosure of Chinese state secrets.[4]

16         27.     To ensure that all Chinese regulations regarding state secrets were followed here,

17     BDO retained the AnJie Broad Law Firm ("AnJie"), a large and reputable Chinese law firm with

18     whom Baker Botts has worked in the past, to conduct a review of the materials before releasing

19     materials to the United States to be reviewed for responsiveness to the Orders. *See About AnJie*

20     *Broad*, AnJie Broad (last accessed Oct. 23, 2023), https://www.anjielaw.com/more/aboutus.html.

21     Counsel from AnJie informed me that Article 9 of the Chinese Law on Guarding State Secrets

22     precludes the transmission of materials that contain state secrets, including but not limited to

23     information that that could cause damage to the national security and interests of politics, economy,

24     national defense or foreign affairs, to other countries or regions without the express permission of

25     the relevant competent authorities. *See* Law on Guarding State Secrets (promulgated by the

26

27

28

---

[3] Of these approximately 9,400 files, only 22 originated from Mr. Su's former laptop, a likely result of the reformatting.
[4] I have been informed by Irico that documents previously collected and considered in response to discovery on the merits did not contain state secrets and that no such materials were withheld on state secret grounds.

1    Standing Comm. Nat'l People's Cong., Sept. 5, 1988, rev'd Apr. 29, 2010, effective Oct. 1, 2010),

2    art. 9, 2010 P.R.C. Laws 71.75 (China).

3          28.     To respect these requirements while facilitating Irico's compliance with the Orders,

4    counsel from AnJie reviewed the following sets of documents (i.e., all that had been identified by

5    Baker Botts as potentially relevant):

6          • all of the individual "go get" documents collected by BDO directly from

7            interviewees or Irico departments;

8          • all of the documents from Mr. Su's laptop that hit on Plaintiffs' search terms and

9            Baker Botts' search terms without applying any "Su qualifiers"; and

10         • all of the emails and internal text messages collected for the 15 custodians that hit

11           on all of the search terms with "Su qualifiers."

12   This state secret review occurred before the documents were released to Baker Botts to be reviewed

13   for responsiveness to the Orders.  Thus, to be clear, AnJie did not withhold any documents on the

14   basis that the documents were not responsive to the Orders.  Their review was limited to evaluating

15   the documents for state secret content, except as described in the following paragraph.   AnJie did

16   not identify any documents from Mr. Su's former laptop or from the direct "go get" materials from

17   interviewees or Irico departments as containing state secrets.  AnJie determined that 177 email files

18   and 818 internal text message files, 995 files in total, could not be provided to Baker Botts for

19   further review because of state secret content.  Given AnJie's determination, these documents

20   could not be released to the US or reviewed by US-based lawyers.

21         29.     However, to further evaluate whether, and how many of, these documents were

22   responsive to the Orders, I instructed Mr. Carter to train a lawyer from the AnJie firm who is a

23   U.S.-barred and licensed attorney regarding the scope of the requirements of the Orders, and to

24   provide him a copy of the Orders for his review and understanding.  Mr. Carter reviewed the

25   Orders with Cui Wei from AnJie, a member of the New York state bar, and Mr. Cui then reviewed

26   the set of documents determined to contain state secrets for responsiveness.  Based on Mr. Cui's

27   review, it was determined that 21 of the 995 files withheld were responsive to the Orders.  A log of

28

the 21 responsive documents withheld under AnJie's determination of state secret content has been provided to Plaintiffs as part of the production.

30.    I also understand from Irico as well as independent Chinese legal counsel by whom I was advised, that Irico is prohibited from disclosing personally identifiable information relating to individual employees.   Such information is protected from disclosure by the China Personal Information Protection Law (promulgated by the Standing Comm. Nat'l People's Cong., Aug. 20,2021, effective Nov. 1, 2021), art. 11, 2021 P.R.C. Laws 1117.1125 (China).  In light of this requirement, AnJie and BDO also reviewed the following sets of documents to ensure that they did not contain any personally identifiable information:

- all of the individual "go get" documents collected by BDO directly from interviewees or Irico departments;
- all of the documents from Mr. Su's laptop that hit on Plaintiffs' search terms and the Baker Botts search terms without applying any "Su qualifiers"; and
- the emails and internal text messages collected for the 15 custodians that hit on all of the search terms with "Su qualifiers."

No documents responsive to the Orders were withheld on the basis of such personal information. If such personal information was identified, per my instructions, AnJie or BDO applied solid black redactions only as to that personal information, which is clearly identified in the documents produced to the plaintiffs.

31.    At my direction, BDO transferred all of the documents that it reviewed that did not contain state secrets, including those documents that contained redactions for personal information, from the China-based Relativity server to a US-managed Relativity service.  Also at my direction, Mr. Carter trained a team of U.S.-barred attorneys fluent in Mandarin (since the subject documents were in Chinese) on the requirements of the Orders, and supervised their review of these documents for responsiveness.   An initial production of responsive, non-privileged materials was made to Plaintiffs on October 13, 2023.  This initial production included over 80% of responsive email files (excluding those that required privilege redactions) as well as over 80% of responsive files obtained through "go get" collections from interviewees or Irico departments.  All remaining

1   responsive, non-privileged materials from the files transferred to the US-based server are being

2   produced to the Plaintiffs today, October 23, 2023.  Documents withheld for privilege have been

3   identified on a privilege log provided to Plaintiffs.

4   **Submission of Letter to the Special Master under First Interim Order**

5   32.    Along with this submission, Baker Botts is producing a letter to the Special Master,

6   as required by the First Interim Order, providing "the names of Irico personnel involved in

7   communicating with Mr. Su about: (a) his deposition, resignation and end of employment from

8   January 2021 to the present and (b) information about his participation and knowledge of

9   competitor contacts and communications."

10

11   I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd

12   day of October, 2023, in Washington, D.C.

13

14   */s/ John M. Taladay*

15   John M. Taladay (*pro hac vice*)
     BAKER BOTTS L.L.P.
16   700 K Street, N.W.
     Washington, D.C. 20001
17   202.639.7700
     202.639.7890 (fax)
18   Email:John.Taladay@bakerbotts.com

19   *Attorney for Defendants Irico Group Corp.*
     *and Irico Display Devices Co., Ltd.*
20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# File Export Report by BDO – Su Xiaohua Laptop

We analyzed the image file using the Encase software and found that the Operating System of the computer was installed on June 15 2022 06:55:14 GMT. More details please see below screenshot picture.



File export statistics (Date range is on or before 2022/06/20)

| Type | Number of exported files | Size of exported files |
|---|---|---|
| Edocs | 427 | 88.9 MB |
| Emails | 11 | 187.9 KB |
| Picture Files | 24245 | 360.3 MB |
| Compressed Files | 9 | 7.3 MB |
| Deleted Edocs | 9 | 1.3 MB |
| Deleted Emails | 1 | 131 KB |
| Deleted Picture Files | 3836 | 83.7 MB |
| Deleted Compressed Files | 17 | 2.6 MB |

# EXHIBIT 2



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000219.

Ann Chen

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

CONFIDENTIAL                                                                    IRI-SU-000219E Translation



CONFIDENTIAL

IRI-SU-000219

# EXHIBIT 3



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000202.

*Ann Chen*

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

1



2

 IRI-SU-000202E Translated Transcript of Audio File



CONFIDENTIAL                                    IRI-SU-000202E Translated Transcript of Audio File



CONFIDENTIAL

# EXHIBIT 4



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000229.

_Ann Chen_

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870





CONFIDENTIAL

EXHIBIT 5

# BAKER BOTTS LLP

| | | |
|---|---|---|
| 700 K STREET, N.W.<br>WASHINGTON, D.C.<br>20001<br><br>TEL  +1 202.639.7700<br>FAX +1 202.639.7890<br>BakerBotts.com | AUSTIN<br>BRUSSELS<br>DALLAS<br>DUBAI<br>HOUSTON<br>LONDON | MOSCOW<br>NEW YORK<br>PALO ALTO<br>RIYADH<br>SAN FRANCISCO<br>**WASHINGTON** |

October 9, 2023

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

      Re:     In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
            No. 07-CV-944-JST

Dear Judge Walker:

      Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")
write with respect to Your Honor's Interim Reports and Recommendations on Plaintiffs' Motion
for Discovery Sanctions dated August 4, 2023 (ECF No. 6233) ("First Interim Order"), and
September 1, 2023 (ECF No. 6275) ("Second Interim Order") (collectively, "Orders").  This letter
discusses three topics: (1) we provide an update regarding Irico's compliance with the Orders; (2)
we ask that Your Honor approve a modified version of Plaintiffs' search terms to identify
responsive documents, which Plaintiffs oppose; and (3) we request a short further extension to
October 23, 2023, for the completion of Irico's response to the Orders, which Irico will begin
providing to Plaintiffs by the current deadline of October 13th.[1]

## 1.   Update on Compliance Efforts to Date

      Irico and Baker Botts have undertaken extraordinary efforts to comply with Your Honor's
Orders and continue to work as expeditiously as possible on all fronts.  As the Court is aware, Irico
had already been working to comply with the Your Honor's First Interim Order throughout the
month of August through the efforts of Norton Rose Fulbright and with oversight by Baker Botts.
After Your Honor's Second Interim Order, Baker Botts needed to restart certain aspects of the
investigation and processes to comply with new requirements that specified which entities were

---

[1] As discussed in greater detail below, should Your Honor determine that Irico must review all of
the Chinese-language documents that hit on Plaintiffs' overbroad search terms, Irico would need
at least an additional 40 days from the current deadline to review and produce any responsive
documents from that set.  Irico would still plan to produce responsive materials from its proposed
search terms by October 23.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

required to undertake specific requirements of Your Honor's Orders.  As required, I have personally directed and supervised the efforts and processes described below.

Since the Second Interim Order, Irico and Baker Botts have completed the following tasks in accordance with U.S. discovery standards:[2]

- A Baker Botts attorney of record traveled to China along with a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor, to personally implement the investigative steps described below under my direction;

- The same Baker Botts attorney took physical custody of Mr. Su's former laptop and personally oversaw BDO's imaging of the laptop's complete content and forensic analysis of all recovered files;

- Baker Botts, through an interpreter, conducted interviews of 23 current or former employees of Irico Group and its subsidiaries regarding relevant issues, including their knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents;

- Baker Botts identified 15 custodians potentially in possession of relevant documents and undertook forensic collection of email and internal text messaging. *See* Attachment A for a list of the selected custodians;

- BDO, under the direction of Baker Botts, collected all emails and internal text messages from the messaging system (including attachments) for all 15 custodians directly from the back-end server used by Irico, for all relevant time periods without any additional limitation.[3]  This resulted in over 72,000 documents being collected from the relevant custodians;

- Baker Botts, with assistance from BDO, collected certain other responsive materials based on the interviews described above, including HR files, official

---

[2] The list below is intended to provide Your Honor a high-level overview of the steps taken to comply with the Orders.  Further details on the processes implemented will be provided in a declaration when the process is complete as required by the Orders.

[3] The relevant time periods used for collection were January 1, 2021, through September 1, 2023 (or the last day of employment with any Irico company), for any custodians with any knowledge or involvement regarding Mr. Su's requested deposition, and January 1, 2022, through September 1, 2023 (or the last day of employment with any Irico company), for all other custodians.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                 - 3 -

personnel announcements, and personal WeChat communications from personal devices to the extent the individual permitted such collection;

- Baker Botts utilized the complete list of search terms offered by Plaintiffs on September 7th and also developed additional search terms based on information learned from the interviews and the targeted document collections described above to identify potentially responsive documents. BDO then applied Plaintiffs' proposed search terms to all collected emails, internal enterprise messaging and shared files, and files recovered from Mr. Su's laptop, resulting in over 40,000 documents with direct hits, making up over 55 percent of all files collected from custodians.[4] As discussed below in Part 2 of this letter, Baker Botts then applied a set of "Su qualifiers" to the Plaintiffs' proposed search terms and added additional relevant search terms based on our investigation, resulting in a subset of 3,300 documents with direct hits for further review and processing;[5]

- These potentially responsive materials were then screened for state secrets as required by Chinese law.  The state secret review was conducted by the AnJie law firm, one of China's largest and most highly regarded law firms, working with BDO under Baker Botts' direction, not under the direction of Irico. A small number of documents were withheld for state secret purposes and were handled as discussed below. All documents not deemed to contain states secrets were exported to a U.S.-based server for review by and under the supervision of Baker Botts attorneys;

- The three-week extension previously approved by the Special Master included one week from September 29 through October 6 that comprised the Chinese Golden Week holiday, a major annual holiday in China.  In seeking the previous three-week extension, Baker Botts had planned that all of the steps described above would have been completed and the materials would all be loaded to the U.S.-based server for review before the start of the Chinese Golden Week holiday.  Because of both logistical and technical challenges, and despite the efforts of Irico and its vendors during the holiday period, we were not able to accomplish all of those steps prior to the Golden Week holiday.  However, as of yesterday, this process is now complete for the search terms described above, i.e., those documents that hit on a search term subject to the "Su qualifiers" described below.  Baker Botts is now in

---

[4] To account for family members and potentially related internal messages and attachments, approximately 55,000 files in total were identified as either direct search hits on Plaintiffs' proposed terms or potentially related to those direct hits.

[5] Accounting for family members and potentially related internal messages and attachments, a total of approximately 9,400 files were identified and segregated for further review under the proposed terms with "Su qualifiers."

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 4 -

the process of conducting and directing the review of these materials for responsiveness and privilege;

- During this process, Baker Botts met and conferred twice with Plaintiffs regarding their proposed search terms and the need for reasonable limitations given the extremely high hit rate, and to discuss Baker Botts' proposed terms that incorporate such reasonable limitations, but Plaintiffs were not willing to discuss any specific limitations to their search terms, including applying the "Su qualifiers" to their search terms; and

- Finally, because state secret review was required before the documents could be transferred to the U.S. for responsiveness review, we had not yet determined whether any of the documents withheld for state secret purposes were responsive to the requirements of the Order. To address this issue, a bilingual U.S.-barred lawyer from the AnJie law firm, who was trained by Baker Botts regarding the scope of the Orders and worked under Baker Botts' direction, is conducting a relevance review of the documents withheld for state secret content.

### 2. Dispute Regarding Search Terms

One of the most impactful changes in the Second Interim Order was that the Plaintiffs could provide search terms to be applied against the collected electronically stored information. As Your Honor is already aware, Plaintiffs took full advantage of Your Honor's offer and provided a list of around 80 terms without any qualifiers or limitations. *See* Attachment B. Most strikingly, Plaintiffs suggested search terms to be applied to the documents of all custodians without any requirement that any of these search terms relate to Mr. Su. As discussed below, this results in a gross over-identification of potentially responsive materials and would require an excessive degree of time and effort to review without the prospect of any meaningful uptick in responsive documents. Plaintiffs have declined to modify any the search terms to allow for some relevance to Mr. Su. Herein, Irico is proposing to apply all of Plaintiffs' search terms modified only by certain "Su qualifiers."

As detailed above, Baker Botts identified 15 custodians with ESI potentially responsive to the Orders. These custodians ranged from the most senior leadership at the company, to those in Human Resources who touched briefly on limited issues related to Mr. Su. Most of these individuals had only limited interactions, if any, with Mr. Su. Nonetheless, because our collection was comprehensive as to their electronic files on the company's servers, over 72,000 documents were collected during this process.

Despite most of these custodians having little to do with Mr. Su, over 40,000 of the documents hit on one of Plaintiffs' search terms. *See* Attachment C for Plaintiff search term hits on email files and Attachment D for Plaintiff search term hits on internal text messages. This was inevitable given that Plaintiffs made no effort to limit search terms to identify documents

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 5 -

specifically relevant to Mr. Su.  For example, one of Plaintiffs search terms was "leadership." Plaintiffs seek to require Irico to identify and review every single document that used the word "leadership" regardless of whether it had any relevance to Mr. Su or whether Mr. Su was even mentioned in the document.[6]   Over 14,000 documents (approximately 20 percent of the collected documents) hit on this term alone when combining the hits in for emails and internal text messages. Similarly, Plaintiffs' search terms include numerous terms related to personnel and human resource functions but again make no effort to identify those documents specifically related to Mr. Su.  Given that three of the custodians actually work in the human resources area, it is no surprise that almost 4,000 documents hit on the term "Human Resources Department."  Again, applying Plaintiffs' unmodified search terms would require that we review all such documents for relevance, irrespective of whether they conceivably have anything to do with Mr. Su.

Baker Botts had already intended to use many of the same general terms that Plaintiffs suggested, as well as additional relevant terms that it intended to apply with appropriate qualifiers, consistent with U.S. discovery practice, to identify when those terms were used in reference to or related to Mr. Su.  These "Su qualifiers" simply require that any document hitting on Plaintiffs' search terms also include a term relating to Mr. Su either by his name (in various forms identified by Plaintiffs), his employee ID number, his citizen ID number or his email address.  Specifically, the "Su qualfiers" include:

- "苏晓华, " Mr. Su's full name in Chinese;
- "苏总, " an abbreviation for "General Manager Su," sometimes used to refer to Mr. Su by his former colleagues;
- Xiaohua, Mr. Su's given name in English;
- Mr. Su's 18-digit Chinese citizen ID number;
- 100751, Mr. Su's Irico employee ID number;
- sxh@ch.com.cn, Mr. Su's email address; and
- sxh, the prefix for Mr. Su's email address.

For example, Irico still ran the term for "leadership" but also required that term to appear somewhere in the same document as one of the Su qualifiers. This appropriate focus on Mr. Su reduced the number of hits on the term "leadership" from approximately 14,000 to approximately 1,000, which captures all instances where Mr. Su was mentioned or referenced in the same document as the term "leadership."   Applying these Su qualifiers to all of the search terms suggested by Plaintiffs reduced the total number of hits to be reviewed from over 40,000 to approximately 3,300 (not including attachments), a number much more in line with what would be expected given the narrow scope of the issues at hand and the broad responsibilities of most of

---

[6] Note that all of these documents are in Chinese, which increases the time and burden in reviewing materials and identifying responsive materials.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                          - 6 -

the custodians.[7]  *See* Attachment E for search term hits with "Su qualifiers" on email files and Attachment F for search term hits with "Su qualifiers" on internal text messages.[8]

Baker Botts presented these results to Plaintiffs in the hopes of limiting the searches to more reasonable terms, but Plaintiffs surprisingly refused to engage in any substantive discussion on specific search terms.  Previously, when Irico raised concerns with Your Honor about the scope of the search terms, Plaintiffs assured Your Honor (and Irico) that: "To the extent Irico communicates any legitimate concerns about any of these terms, Plaintiffs will address them immediately …."  Plaintiffs' Letter Response to Request for Extension, at 2 (Sept. 14, 2023).  Instead, Plaintiffs took the view that Baker Botts was required to produce all responsive documents under Your Honor's Orders and "Plaintiffs cannot modify this requirement."  *See* Attachment G.  That suggestion is wrong on at least two fronts.  First, it is diametrically opposed to the representation that Plaintiffs made to Your Honor that it could and would work with Baker Botts to address plainly legitimate issues with their search terms.  Second, it undermines the Special Master's reasonable instruction, consistent with U.S. discovery practice, that search terms be used here as a way of identifying potentially relevant documents (rather than effectively demanding that Irico review every single communication from 15 employees over a span of years for targeted information relating to Mr. Su, which would be both unreasonable and unworkable).

So now Irico must ask for the Special Master's assistance in resolving this dispute.  The Second Interim Order states: "If Irico's counsel deems any search terms improper, they can bring that matter to the undersigned's attention and withhold production of selected documents until the objection is resolved.  But collection of responsive documents precedes objections."  ECF No. 6324 at 5.  Irico and Baker Botts are following Your Honor's guidance exactly.  We have collected all of the relevant materials and provided search term hit results to the Plaintiffs and Your Honor, but we request reasonable modification to the Plaintiffs' search terms.  As detailed above, we believe that adding the "Su qualifiers" described above to the search terms is appropriate and in accordance with U.S. discovery best practice, whereas Plaintiffs' unbounded search terms are not.  Without awaiting the Special Master's decision on this dispute, we are moving forward on the review and production of documents that hit on the search terms applying the "Su qualifiers" and will be producing responsive materials as soon as possible.

---

[7] In our unsuccessful meet and confer conversations with Plaintiffs, they appeared to suggest that Baker Botts should focus on reviewing all or some set of the documents that that did not hit on any terms with "Su qualifiers" to confirm that none of the documents contain responsive information.  Focusing our efforts on the documents *least* likely to contain responsive material, however, is backwards, and Plaintiffs know that this is impractical given the sheer volume of the documents that hit on their unqualified search terms as well as the restrictions in China on releasing documents until they have been reviewed for state secrets.

[8] Minor modifications have been made to these charts since they were provided to Plaintiffs to account for typographical errors and search corrections, neither of which impacted the search results in any meaningful way.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 7 -

### 3.  Request for Extension of Ten Days

The identification, collection and processing of the responsive documents and the collection of relevant information has been a laborious process as detailed above.  We note again that the process requiring Baker Botts (and my own) direct involvement had to be restarted after the September 1st Order. Irico, Baker Botts and its vendors have faced many technical, logistical, and geographic hurdles, but we can assure the Special Master that extraordinary efforts have been undertaken and we have made substantial progress in the five weeks since its issuance.  However, because the potentially responsive materials from China were not able to be uploaded to the U.S. for completion of review until after the Chinese Golden Week holiday, which just concluded, we will not be able to fulfill all requirements of the Orders by the current deadline of October 13th.[9]

We intend to produce materials to Plaintiffs on a rolling basis beginning with an initial production of responsive materials by the current deadline of October 13th.  We believe we will need an additional 10 days (until October 23rd) to complete the review and production of the responsive materials and complete the other requirements of the Order, provided the Special Master approves the use of the Su qualifiers as discussed above.  Should Your Honor require the application of all of Plaintiffs' suggested search terms without the Su qualifiers, however, the volume of documents to be processed, reviewed for state secret content, and reviewed for responsiveness would increase by well over five-fold.  In that case, we estimate that Baker Botts would require an extension of at least 40 additional days from the current deadline to comply.

Thank you for your consideration of these issues.


                              Sincerely,
                              /s/ *John Taladay*
                              John Taladay


cc:     Tanveer Singh (tanveer.singh@fedarb.com)
        R. Alexander Saveri (rick@saveri.com)
        Geoffrey C. Rushing (geoff@saveri.com)

---

[9] As part of our meet and confer process, we asked for Plaintiffs' position on a one-week extension of the current deadline. Since the time of these discussions, there was a further, short delay in the transmission of the materials from China at the end of the Chinese Golden Week holiday so we now believe a ten-day extension will be necessary. Plaintiffs took no affirmative position on our request, but instead stated that the request "is more appropriately directed to Judge Walker."  *See* Attachment G.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 8 -


Matthew D. Heaphy (mheaphy@saveri.com)
Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

Attachment A

*Irico Custodian List - Oct. 6, 2023*

| Custodian Name | Position |
|---|---|
| Bao Yong | Secretary of Commission for Discipline Inspection of CCP Committee of Irico Group |
| Bing Zhang | Executive Director of Xianyang Irico Group Industrial Co., Ltd. |
| Gao Qian | General Business Supervisor and Confidential Officer of the Group Office of Irico Group |
| Guo Quan | Director of Group Office of Irico Group |
| Hao Li | Director of Company Office of Xianyang Irico Group Industrial Co, Ltd. |
| Mai Ya | HR Employee of Irico Group |
| Shi Feng | HR Director of Irico Group |
| Si Yuncong | (former) Chairman of Irico Group |
| Su Xiaohua | Focus of investigation |
| Wang Jijun | Chief Financial Officer, Irico (Foshan) Flat Panel Display Co., Ltd. and positions in other companies. |
| Xu Jinmei | Admin & HR Director of Irico (Foshan) Panel Display Co., Ltd. |
| Yang Yuanjiang | (former) General Manager of Irico Group |
| Zhang Dongling | Operation and Management Director of Irico (Foshan) Panel Display Co., Ltd. |
| Zhang Jiming | General Manager of Irico (Foshan) Panel Display Co., Ltd. and positions in other entities |
| Zhang Wenkai | Deputy General Counsel of Irico Group |

Attachment B

**Carter, Tom**

| | |
|---|---|
| **From:** | Matthew Heaphy <mheaphy@saveri.com> |
| **Sent:** | Thursday, September 7, 2023 2:57 PM |
| **To:** | Taladay, John; Werbel, Evan; Carter, Tom; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Cc:** | vrw@judgewalker.com; Tanveer Singh; Rick Saveri; Geoff Rushing; David Hwu; Mario Alioto; Lauren Capurro; Dan Birkhaeuser; Alan Plutzik |
| **Subject:** | In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |
| **Attachments:** | Plaintiffs Su Search Terms.xlsx |

**[EXTERNAL EMAIL]**

Counsel:

On behalf of DPPs and IPPs, attached please find Plaintiffs' search terms provided pursuant to the Special Master's Second Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions, dated September 1, 2023 (ECF No. 6275) (the "Order").

Plaintiffs request that Baker Botts provide a list of all additional search terms it intends to use in its compliance with the Order.

Thank you.

Matthew Heaphy
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
mheaphy@saveri.com
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

| Search Term | Comment | Source |
|---|---|---|
| 邀请函 | Invitation Letter | IRI-SU-000045 CONFIDENTIAL |
| 加州 | California | IRI-SU-000045 CONFIDENTIAL |
| 联邦法院 | Federal Court | IRI-SU-000045 CONFIDENTIAL |
| 王昭杰 | Wang Zhaojie | IRI-SU-000045 CONFIDENTIAL |
| 苏晓华 | Su Xiaohua | IRI-SU-000045 CONFIDENTIAL |
| Xiaohua | | IRI-SU-000133 CONFIDENTIAL |
| 闫云龙 | Yan Yunlong | IRI-SU-000045 CONFIDENTIAL |
| 张文凯 | Zhang Wenkai | IRI-SU-000045 CONFIDENTIAL |
| 马丁 | Ma Ding | IRI-SU-000045 CONFIDENTIAL |
| ███████████ | Su Xiaohua's ID number | IRI-SU-000045 CONFIDENTIAL |
| "100751" | Su Xiaohua's Employee number | IRI-CRT-00031561 |
| 证人 | Witness | IRI-SU-000045 CONFIDENTIAL |
| 作证 | Testify | IRI-SU-000045 CONFIDENTIAL |
| 澳门 | Macau | IRI-SU-000045 CONFIDENTIAL |
| sxh@ch.com.cn | Su's work email | IRI-SU-000052 CONFIDENTIAL |
| zhangwenkai0713 | Zhang's email ID | IRI-SU-000052 CONFIDENTIAL |
| [All emails, email handles, and IDs used in WeChat and other communication platforms of the individuals named in this list] | | |
| 承诺书 | **Declaration** of personnel traveling abroad | IRI-SU-000052 CONFIDENTIAL |
| 苏总 | GM Su | IRI-SU-000052 CONFIDENTIAL |
| CRT | | IRI-SU-000129 CONFIDENTIAL |
| 反垄断 | Antitrust | IRI-SU-000129 CONFIDENTIAL |
| 诉讼 | Litigation | IRI-SU-000129 CONFIDENTIAL |
| 取证 | deposition | IRI-SU-000129 CONFIDENTIAL |
| 通行证 | Travel permit | IRI-SU-000129 CONFIDENTIAL |
| 签注 | Visa | IRI-SU-000129 CONFIDENTIAL |
| 赴港澳 | to Hong Kong and Macau | IRI-SU-000103 CONFIDENTIAL |
| 百尺竿头 | [Zhang Wenkai's WeChat alias] | IRI-SU-000103 CONFIDENTIAL |
| 尚婷婷 | Shang Ting Ting | IRI-SU-000129 CONFIDENTIAL |
| 香港 | Hong Kong | IRI-SU-000129 CONFIDENTIAL |
| 高倩 | Gao Qian | IRI-SU-000130 CONFIDENTIAL |
| 郭泉 | Guo Quan | IRI-SU-000130 CONFIDENTIAL |
| 焦润刚 | Jiao Rungang | IRI-SU-000130 CONFIDENTIAL |
| 白建刚 | Bai Jiangang | IRI-SU-000130 CONFIDENTIAL |
| 总经理 | General Manager | IRI-SU-000130 CONFIDENTIAL |
| 董事长 | Chairman | IRI-SU-000130 CONFIDENTIAL |
| 司总 | Chairman Si | IRI-SU-000131 CONFIDENTIAL |
| 美国法院 | American Courts | IRI-SU-000131 CONFIDENTIAL |
| 证据 | Evidence | IRI-SU-000131 CONFIDENTIAL |
| 法律事务 | Legal Affairs | IRI-SU-000131 CONFIDENTIAL |
| 领导 | Leadership | IRI-SU-000132 CONFIDENTIAL |
| 法务 | Legal Affairs | IRI-SU-000132 CONFIDENTIAL |
| 司云聪 | Si Yuncong | IRI-SU-000137 CONFIDENTIAL |
| 阳元江 | Yang Yuanjiang | IRI-SU-000137 CONFIDENTIAL |
| 包勇 | Bao Yong | IRI-SU-000137 CONFIDENTIAL |
| 石峰 | Shi Feng | IRI-SU-000137 CONFIDENTIAL |
| 人力资源部 | Human Resources Department | IRI-SU-000137 CONFIDENTIAL |
| 专题会 | Special Topic Meeting | IRI-SU-000137 CONFIDENTIAL |
| 离岗 | Depart from Post | IRI-SU-000137 CONFIDENTIAL |
| 提前 | ahead of time | IRI-SU-000137 CONFIDENTIAL |
| 实业 | IRICO Group **Industrial** Ltd. | IRI-SU-000137 CONFIDENTIAL |

| | | |
|---|---|---|
| 华南 | Southern China | IRI-SU-000137 CONFIDENTIAL |
| | Irico Group Ltd. **Method for** Managing and | |
| 绩效考评办法 | **Evaluating Performance** of Managers | IRI-SU-000137 CONFIDENTIAL |
| **辞职** | Quit | IRI-SU-000141 CONFIDENTIAL |
| **申请** | Application | IRI-SU-000141 CONFIDENTIAL |
| **拖** | Delay | |
| **延** | Postpone | |
| 缓 | Postpone | |
| **慢** | Slow (to slow) | |
| **借口** | Excuse | |
| **藉口** | Excuse | |
| **彩管** | CRT | |
| **配合** | Cooperate | |
| **退休** | Retire | |
| **返聘** | Rehire | |
| 调岗 | Transfer jobs | |
| 顾问 | Consultant | |
| 劳务 | Labor Contract | |
| **离职** | Depart from Post | |
| **解除** | Dissolve | |
| 劳动关系 | Relationship of Employment | |
| 保险 | Insurance | |
| **年金** | Pension | IRI-CRT-00007138 |
| **个人账户** | Personal Account (Pension) | IRI-CRT-00007138 |
| 奖励 | Reward | IRI-CRT-00007138 |
| **养老** | Retirement | IRI-CRT-00007148 |
| **薪金** | Salary | |
| 补贴 | Allowance | |
| 绩效 | Performance | |
| 奖金 | Bonus | |

Attachment C

**Irico**
**Search Terms Report**

| Report Name: | 100923 Plaintiffs' Terms Email Server Data for All Custodian | Searchable Set: | 0237 Keyword Search Scope of Email Server on All |
|---|---|---|---|



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 10263 | 14958 | 1451 |

## Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "100751" | 3 | 60 | 0 | Su Xiaohua's employee number |
| ■■■■■■■■■" | 17 | 45 | 0 | Su Xiaohua's ID number |
| bai | 36 | 244 | 1 | Bai Jiangang's email ID |
| baoyong | 241 | 261 | 184 | Bao Yong's email ID |
| CRT | 1,263 | 2,547 | 357 | |
| gqian | 678 | 2,040 | 380 | Gao Qian's email ID |
| gquan | 779 | 1,262 | 587 | Guo Quan's email ID |
| jiaorg | 3 | 9 | 0 | Jiao Rungang's email ID |
| mad | 125 | 479 | 1 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 833 | 1,273 | 0 | Su Xiaohua's work email |
| shangtt123 | 10 | 32 | 0 | Shang Tingting's email ID |
| shf | 152 | 326 | 57 | Shi Feng's email ID |
| sxh | 833 | 1,273 | 0 | Su Xiaohua's email ID |
| wzj-xs | 20 | 76 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 190 | 756 | 1 | |
| yanyunlong | 1,120 | 2,771 | 1 | Yan Yunlong's email ID |
| zhangwenkai0713 | 2,660 | 8,842 | 346 | Zhang's email ID |
| 专题会 | 52 | 396 | 0 | Special Topic Meeting |
| 个人账户 | 65 | 217 | 19 | Personal Account (Pension) |
| 人力资源部 | 295 | 1,702 | 14 | Human Resources Department |
| 作证 | 550 | 1,260 | 0 | testify |
| 保险 | 440 | 2,644 | 11 | Insurance |
| 借口 | 2 | 4 | 0 | Excuse |
| 养老 | 364 | 1,697 | 0 | Retirement |
| 加州 | 45 | 128 | 0 | California |
| 劳务 | 453 | 2,026 | 76 | Labor Contract |
| 劳动关系 | 455 | 1,117 | 0 | Relationship of Employment |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 包勇 | 57 | 81 | 0 | Bao Yong |
| 华南 | 56 | 234 | 2 | Southern China |
| 反垄断 | 551 | 1,537 | 0 | Antitrust |
| 取证 | 105 | 390 | 3 | deposition |
| 司云聪 | 671 | 2,881 | 114 | Si Yuncong |
| 司总 | 737 | 3,416 | 50 | Chairman Si |
| 奖励 | 233 | 948 | 15 | Reward |
| 奖金 | 358 | 1,005 | 2 | Bonus |
| 实业 | 771 | 3,324 | 79 | Industry |
| 尚婷婷 | 12 | 37 | 0 | Shang Ting Ting |
| 年金 | 45 | 331 | 0 | Pension |
| 延 | 1,706 | 6,069 | 148 | Postpone |
| 张文凯 | 1,999 | 6,119 | 0 | Zhang Wenkai |
| 彩管 | 396 | 2,651 | 20 | CRT |
| 总经理 | 1,256 | 4,415 | 75 | General Manager |
| 慢 | 75 | 566 | 0 | Slow (to slow) |
| 承诺书 | 108 | 365 | 5 | Declaration of personnel traveling abroad |
| 拖 | 270 | 1,840 | 73 | Delay |
| 提前 | 466 | 3,126 | 20 | ahead of time |
| 法务 | 141 | 1,370 | 3 | Legal Affairs |
| 法律事务 | 894 | 3,143 | 3 | Legal Affairs |
| 澳门 | 227 | 755 | 0 | Macau |
| 焦润刚 | 12 | 35 | 0 | Jiao Rungang |
| 王昭杰 | 244 | 926 | 0 | Wang Zhaojie |
| 申请 | 1,470 | 5,668 | 237 | Application |
| 白建刚 | 31 | 204 | 0 | Bai Jiangang |
| 百尺竿头 | 3 | 9 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 133 | 385 | 1 | Shi Feng |
| 离岗 | 73 | 268 | 1 | Depart from Post |
| 离职 | 680 | 1,895 | 5 | Depart from Post |
| 签注 | 19 | 86 | 0 | Visa |
| 绩效 | 440 | 913 | 19 | Performance |
| 绩效考评办法 | 41 | 49 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 257 | 1,189 | 8 | Postpone |
| 美国法院 | 58 | 101 | 0 | American Courts |
| 联邦法院 | 9 | 16 | 0 | federal court |
| 苏总 | 209 | 510 | 0 | GM Su |
| 苏晓华 | 299 | 1,019 | 0 | Su Xiaohua |
| 董事长 | 817 | 3,687 | 13 | Chairman |
| 薪金 | 196 | 733 | 0 | Salary |
| 藉口 | 0 | 0 | 0 | Excuse |
| 补贴 | 489 | 1,795 | 33 | Allowance |
| 解除 | 497 | 1,643 | 3 | Dissolve |
| 证人 | 614 | 1,443 | 1 | witness |
| 证据 | 1,336 | 3,546 | 0 | Evidence |
| 诉讼 | 1,221 | 3,271 | 25 | Litigation |
| 调岗 | 5 | 7 | 0 | Transfer jobs |
| 赴港澳 | 14 | 78 | 0 | to Hong Kong and Macau |
| 辞职 | 138 | 583 | 1 | Quit |
| 返聘 | 20 | 310 | 0 | Rehire |
| 退休 | 642 | 2,776 | 24 | Retire |
| 通行证 | 77 | 255 | 0 | Travel permit |
| 邀请函 | 69 | 126 | 9 | invitation letter |
| 郭泉 | 99 | 262 | 0 | Guo Quan |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|------|--------------------:|--------------------------------------:|------------:|------------------|
| 配合 | 664 | 3,456 | 13 | Cooperate |
| 闫云龙 | 994 | 2,576 | 0 | Yan Yunlong |
| 阳元江 | 78 | 126 | 1 | Yang Yuanjiang |
| 顾问 | 775 | 1,732 | 9 | Consultant |
| 领导 | 1,405 | 4,567 | 130 | Leadership |
| 香港 | 1,730 | 4,574 | 267 | Hong Kong |
| 马丁 | 160 | 574 | 0 | Ma Ding |
| 高倩 | 222 | 582 | 1 | Gao Qian |

Attachment D

# Irico
## Search Terms Report

**Report Name:** 100923 Plaintiffs' Terms Terms on BM Data



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 30878 | 16421 |

## Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "100751" | 232 | 0 | Su Xiaohua's employee number |
| ▓▓▓▓▓▓ " | 82 | 1 | Su Xiaohua's ID number |
| bai | 4 | 0 | Bai Jiangang's email ID |
| baoyong | 1 | 0 | Bao Yong's email ID |
| CRT | 571 | 36 | |
| gqian | 13 | 3 | Gao Qian's email ID |
| gquan | 4 | 1 | Guo Quan's email ID |
| jiaorg | 4 | 0 | Jiao Rungang's email ID |
| mad | 4 | 0 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 7 | 0 | Su Xiaohua's work email |
| shangtt123 | 8 | 0 | Shang Tingting's email ID |
| shf | 6 | 0 | Shi Feng's email ID |
| sxh | 8 | 0 | Su Xiaohua's email ID |
| wzj-xs | 1 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 8 | 0 | |
| yanyunlong | 17 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 | 21 | 0 | Zhang's email ID |
| 专题会 | 906 | 31 | Special Topic Meeting |
| 个人账户 | 30 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|------|--------------------:|------------:|------------------|
| 人力资源部 | 3,631 | 257 | Human Resources Department |
| 作证 | 401 | 7 | testify |
| 保险 | 1,448 | 49 | Insurance |
| 借口 | 26 | 0 | Excuse |
| 养老 | 762 | 29 | Retirement |
| 加州 | 85 | 0 | California |
| 劳务 | 1,980 | 109 | Labor Contract |
| 劳动关系 | 672 | 6 | Relationship of Employment |
| 包勇 | 1,447 | 517 | Bao Yong |
| 华南 | 2,010 | 347 | Southern China |
| 反垄断 | 544 | 12 | Antitrust |
| 取证 | 237 | 16 | deposition |
| 司云聪 | 1,276 | 73 | Si Yuncong |
| 司总 | 2,543 | 81 | Chairman Si |
| 奖励 | 2,657 | 90 | Reward |
| 奖金 | 1,503 | 7 | Bonus |
| 实业 | 5,448 | 843 | Industry |
| 尚婷婷 | 345 | 76 | Shang Ting Ting |
| 年金 | 268 | 11 | Pension |
| 延 | 2,784 | 188 | Postpone |
| 张文凯 | 1,633 | 508 | Zhang Wenkai |
| 彩管 | 395 | 6 | CRT |
| 总经理 | 5,470 | 117 | General Manager |
| 慢 | 315 | 40 | Slow (to slow) |
| 承诺书 | 376 | 34 | Declaration of personnel traveling abroad |
| 拖 | 642 | 33 | Delay |
| 提前 | 2,021 | 252 | ahead of time |
| 法务 | 767 | 35 | Legal Affairs |
| 法律事务 | 1,108 | 7 | Legal Affairs |
| 澳门 | 296 | 5 | Macau |
| 焦润刚 | 988 | 166 | Jiao Rungang |
| 王昭杰 | 440 | 5 | Wang Zhaojie |
| 申请 | 3,803 | 562 | Application |
| 白建刚 | 873 | 109 | Bai Jiangang |
| 百尺竿头 | 7 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 3,095 | 1,357 | Shi Feng |
| 离岗 | 1,307 | 8 | Depart from Post |
| 离职 | 993 | 48 | Depart from Post |
| 签注 | 112 | 1 | Visa |
| 绩效 | 3,866 | 109 | Performance |
| 绩效考评办法 | 522 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 1,007 | 147 | Postpone |
| 美国法院 | 79 | 0 | American Courts |
| 联邦法院 | 44 | 0 | federal court |
| 苏总 | 544 | 98 | GM Su |
| 苏晓华 | 2,638 | 297 | Su Xiaohua |

| Term | Documents with hits | Unique hits | Translation/Note |
|------|---------------------:|------------:|------------------|
| 董事长 | 2,281 | 21 | Chairman |
| 薪金 | 937 | 0 | Salary |
| 藉口 | 0 | 0 | Excuse |
| 补贴 | 2,143 | 56 | Allowance |
| 解除 | 1,964 | 36 | Dissolve |
| 证人 | 380 | 5 | witness |
| 证据 | 607 | 11 | Evidence |
| 诉讼 | 1,506 | 43 | Litigation |
| 调岗 | 78 | 0 | Transfer jobs |
| 赴港澳 | 43 | 0 | to Hong Kong and Macau |
| 辞职 | 555 | 0 | Quit |
| 返聘 | 746 | 0 | Rehire |
| 退休 | 2,894 | 72 | Retire |
| 通行证 | 227 | 5 | Travel permit |
| 邀请函 | 101 | 3 | invitation letter |
| 郭泉 | 1,474 | 517 | Guo Quan |
| 配合 | 2,521 | 132 | Cooperate |
| 闫云龙 | 854 | 43 | Yan Yunlong |
| 阳元江 | 1,025 | 188 | Yang Yuanjiang |
| 顾问 | 1,481 | 13 | Consultant |
| 领导 | 12,985 | 3,029 | Leadership |
| 香港 | 1,259 | 176 | Hong Kong |
| 马丁 | 248 | 17 | Ma Ding |
| 高倩 | 3,069 | 1,921 | Gao Qian |

Report Generated:   10/9/2023 17:52                    Page 1 of 1

# Attachment E



**Irico**
## Search Terms Report

| | | | |
|---|---|---|---|
| **Report Name:** | 100923 Proposed Terms Terms Searches on Email Sever Data | **Searchable Set:** | 0237 Keyword Search Scope of Email Server on All |



### Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 919 | 1989 | 14420 |

### Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 79 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 59 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 130 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 68 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 3 | 0 | upper age limit for appointment |
| "作证" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 169 | 377 | 4 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 25 | 25 | 0 | removal |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "内退" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 47 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Zunkun |
| "尊绅" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 137 | 740 | 0 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 106 | 1 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new position |
| "最后工作日" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 103 | 349 | 2 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 66 | 0 | leaving office |
| "离岗" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 57 | 0 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 198 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 126 | 445 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | old mother |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "证人" AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 134 | 317 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 172 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 80 | 407 | 0 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 204 | 5 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 287 | 3 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 129 | 4 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Bao Yong's email ID |
| CRT AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 202 | 678 | 40 | |
| gqian AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 57 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shang Tingting's email ID |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| shf AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 17 | 47 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 233 | 708 | 2 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 269 | 705 | 1 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 9 | 0 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 15 | 2 | Personal Account (Pension) |
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 409 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 205 | 1 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 62 | 0 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 206 | 0 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 162 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR ▆▆ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 33 | 0 | Bao Yong |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 华南 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 100 | 0 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 408 | 0 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 14 | 67 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 97 | 456 | 0 | Si Yuncong |
| 司总 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 349 | 0 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏金 OR "sxh") | 26 | 101 | 0 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 6 | 75 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 289 | 0 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 31 | 0 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 95 | 309 | 0 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 279 | 865 | 0 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 334 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 88 | 547 | 0 | General Manager |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 慢 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 "sxh") | 1 | 2 | 0 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 58 | 3 | Declaration of personnel traveling abroad |
| 拖 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 10 | 40 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 71 | 123 | 0 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 248 | 1 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 201 | 601 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 89 | 258 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 146 | 655 | 2 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 105 | 350 | 3 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 11 | 52 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 46 | 0 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 143 | 555 | 1 | Depart from Post |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 27 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 82 | 1 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 37 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 173 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 82 | 545 | 0 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 31 | 191 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 135 | 0 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 802 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 151 | 607 | 0 | Litigation |
| 调岗 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR ▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 34 | 0 | to Hong Kong and Macau |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 返聘 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 75 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 30 | 1 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 107 | 219 | 0 | Cooperate |
| 阎云龙 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 231 | 842 | 7 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 38 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 62 | 188 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 113 | 485 | 1 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 494 | 807 | 362 | Hong Kong |
| 马丁 AND (苏晓华 OR "Xiaohua" OR ██████" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 100 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian |

# Attachment F

# Irico

## Search Terms Report

**Report Name:**    100923 Proposed Terms on BM Data



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 2415 | 48925 |

## Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR ▮▮▮▮▮" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR ▮▮▮▮▮" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR ▮▮▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR ▮▮▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 78 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR ▮▮▮▮▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 13 | 0 | upper age limit for appointment |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "作证" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 50 | 0 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 45 | 0 | removal |
| "内退" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 699 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Zunkun |
| "尊绅" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 13 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 136 | 4 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | new position |
| "最后工作日" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 293 | 5 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR ▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 0 | leaving office |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "离岗" AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 629 | 2 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 385 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 0 | old mother |
| "证人" AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 26 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 60 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 863 | 1 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 144 | 0 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR ▉▉▉▉▉▉ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bao Yong's email ID |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| CRT AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 6 | |
| gqian AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shang Tingting's email ID |
| shf AND (苏晓华 OR "Xiaohua" OR ███" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 87 | 6 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 132 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 408 | 6 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 382 | 7 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 906 | 48 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR ██████" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 247 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 0 | Bao Yong |
| 华南 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 550 | 36 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 4 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 47 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR ██████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 0 | Si Yuncong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 司总 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 119 | 2 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 597 | 5 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 741 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 648 | 68 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 12 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 38 | 1 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 199 | 4 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 54 | 2 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 20 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 687 | 11 | General Manager |
| 慢 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 16 | 2 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) 苏总 OR "sxh") | 53 | 1 | Declaration of personnel traveling abroad |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 拖 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 118 | 5 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 6 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 52 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 0 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 310 | 19 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 2 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 0 | Depart from Post |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 41 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 846 | 5 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 116 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 125 | 1 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 602 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 767 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 412 | 1 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 98 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR ████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 187 | 0 | Litigation |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 调岗 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 7 | 0 | to Hong Kong and Macau |
| 返聘 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 407 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 44 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 222 | 13 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 482 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 964 | 48 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 191 | 1 | Hong Kong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 马丁 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 18 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 0 | Gao Qian |

**Report Generated:**   10/9/2023 17:38                    Page 1 of 1

Attachment G

**Carter, Tom**

---

| | |
|---|---|
| **From:** | Lauren Russell <LaurenRussell@TATP.com> |
| **Sent:** | Friday, October 6, 2023 8:00 PM |
| **To:** | Werbel, Evan; Carter, Tom; Matthew Heaphy; Rick Saveri |
| **Cc:** | Geoff Rushing; David Hwu; Mario Alioto; Dan Birkhaeuser; Alan Plutzik; Taladay, John; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Subject:** | RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |

[EXTERNAL EMAIL]

Evan:

We have discussed and considered your request that Plaintiffs agree to your proposed limitations of our search terms, but we cannot agree to your request. We are not able to test your proposed limiters or have any visibility into the results of the searches to know whether responsive documents are being missed.

Judge Walker's Order requires Baker Botts to search for and "produce to plaintiffs *all* non-privileged documents responsive to the Su Order and this order and a privilege log for any withheld documents." Interim Order at 9 (emphasis added). Plaintiffs cannot modify this requirement. Judge Walker gave Plaintiffs the opportunity to propose search terms, which we did, but ultimately it is Baker Botts' responsibility to ensure that whatever search methodologies are used, all responsive documents are captured.

As for your requested extension of time to comply with Judge Walker's Order, that request is more appropriately directed to Judge Walker. However, Plaintiffs note that you were aware of Plaintiffs' search terms as well as any Chinese government review requirements when you requested the three-week extension. In addition, given that you are only looking for documents relating to Mr. Su's resignation, many relevant documents should be identifiable without search terms. Any such documents should be produced by the current deadline, along with the other information ordered by Judge Walker that does not involve review of search results.

Regards,

Lauren


Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
Telephone: (415) 860-5051
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Friday, October 6, 2023 3:37 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Matthew Heaphy <mheaphy@saveri.com>; Rick Saveri <rick@saveri.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan

Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt and all, As requested, attached is a list of the 15 custodians that we have been discussing along with information on their relevant positions and entities.  We are  also looking into the other questions that you raised during our meet and confer today.  The preliminary response that we received on deduplication of emails and internal texts is that all the search results have been deduped, but we are confirming further and will get back to you on that issue and the others discussed.

We look forward to hearing from Plaintiffs on the key word searches and on the request for an extension.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 4:43 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, please see attached.  The terms added by Irico (not including duplicative terms with Plaintiffs' list) are marked in blue at the bottom of the list.

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 3:30 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Tom:

Per our discussion, could you please provide a list of Irico's additional search terms?

Thanks,
Matt

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 11:40 AM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, for discussion on the call at noon Pacific, please see the attached search term hit reports.

Thanks,
Tom

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 1:42 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST


[EXTERNAL EMAIL]

Evan:

Plaintiffs are available today at noon Pacific. Could you please circulate a call-in number?

Best,
Matt

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, October 4, 2023 1:10 PM
**To:** Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Matthew Heaphy <mheaphy@saveri.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Lauren and Rick, Are Plaintiffs available tomorrow to meet and confer regarding the search terms for the Su investigation?   How about 12:00 Pacific?  If that does not work, let us know if there is another time that does.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T – 202.639.1323
M – 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# DOCUMENT 24

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2001 Union Street, Suite 482
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

November 15, 2023

*VIA EMAIL*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
vrw@judgewalker.com

Re:   <u>*In re Cathode Ray Tube (CRT) Antitrust Litigation*</u> – MDL No. 1917,
<u>Master File No. 07-CV-5944-JST</u>

***CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER***

Dear Judge Walker:

## I.    Introduction

Irico's recent productions of documents pursuant to the Court's Interim Orders[1] demonstrate that its representations to Plaintiffs and the Court regarding the employment status of senior executive Su Xiaohua—namely, that he resigned and severed all ties with Irico on May 25, 2022—have been false from the outset. The recent productions also show that Irico withheld (and is likely still withholding) responsive documents in violation of the Su Order[2] and Interim Orders to hide its deception.[3] The withheld evidence demonstrates:

- Mr. Su did not "retire" on May 25, 2022. Rather, he was granted early participation in an Irico program whereby senior executives who have reached

---

[1] Order Approving Special Master's Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions (ECF No. 6264) ("First Interim Order") and Order Approving as Modified Special Master's Second Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions (ECF No. 6324) ("Second Interim Order").

[2] Order Adopting Special Master's Report & Recommendation on Irico's Failure to Produce Su Xiaohua for Deposition (ECF No. 6115) ("Su Order").

[3] "Irico" refers to Defendants Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display"). "Plaintiffs" refers to Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs").

The Honorable Vaughn R. Walker
11/16/2023
Page 2

the age of 58 are allowed to take "off-duty and rest" status from their positions at the end of the year, but continue to be paid and employed by Irico.

- Mr. Su did not go on "off-duty and rest" status until at least June 17, 2022—*after* Irico told Plaintiffs it could not produce him, *after* his Macau visa was granted, and *after* the time his deposition was to occur.

- Irico's claims of "surprise" are false. Mr. Su's change to "off-duty and rest" status was a months-long process that was well known within Irico before it negotiated an extension of the Court-ordered deadline for his deposition; the withheld evidence includes another application by Mr. Su for a change in status dated May 5, 2022 that is virtually identical to his purported May 25, 2022 "resignation."

- Irico's claims that it did everything in its power to convince Mr. Su to testify are false; the record remains devoid of evidence of any attempt by Irico to persuade Mr. Su to appear for deposition. To the contrary, Irico rewarded Mr. Su by, *inter alia*, granting him "off-duty and rest" status ahead of schedule, allowing him to receive a substantial deferred compensation payment in July 2022, a bonus in January 2023, and a positive employment review in May 2023.

- Irico's production confirms the Court's finding that Irico intentionally withheld documents in violation of the Su Order—at least the ***sixth*** Court order it has defied—and did so to facilitate its false narrative.

- Irico continues to destroy and withhold evidence. The Declaration of John M. Taladay Regarding Compliance with Interim Orders on Plaintiffs' Motion for Discovery Sanctions (Oct. 23, 2023) ("Taladay Declaration") admits that Irico wiped Mr. Su's laptop in June 2022, that Mr. Su cleared out all documents from his office, and that Mr. Su's cell phone has not been searched.[4]

- Despite the dispute over the date of Mr. Su's "resignation letter"—3/25/22 or 5/25/22—Irico has failed to provide an electronic version of the letter with metadata, or any other evidence showing when Mr. Su first applied to leave his position ahead of schedule, e.g., the communications leading to the April 7, 2022 meeting at which Group approved Su's request to go "off-duty."

In short, the new documents and the Taladay Declaration confirm that terminating or other severe sanctions against Irico are warranted. The new evidence shows not only

---

[4] The Taladay Declaration is Exhibit A to the Declaration of David Hwu in Support of Plaintiffs' Letter Brief in Further Support of Motion for Terminating or Alternative Sanctions ("Hwu Decl.").

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 3

that Irico has no excuse for its failure to produce Mr. Su, but that it facilitated his failure to appear for deposition, violating multiple Court Orders along the way. Its continuing misrepresentations to the Court are just the latest example of its breathtaking disregard for the integrity of this proceeding and the authority of the Court. Irico's continuing discovery misconduct continues the substantial prejudice and delay the Court has already found from Irico's improper conduct, and warrants the most severe sanctions.

## II.     Background

As the Special Master is aware, after months of negotiations, two Court orders requiring his appearance for deposition, and numerous assurances that he would appear, Irico informed Plaintiffs on June 7, 2022, that it would not produce Mr. Su for his promised deposition. ECF No. 6032-1, Ex. G. (email stating that Mr. Su had "resigned from Irico" and that "Irico has no ability to require" him to appear). Since then, Irico has insisted that it cannot be blamed for its failure to produce Mr. Su because his resignation, later characterized as "retirement," severed all ties with Irico, therefore depriving it of any means of compelling Mr. Su to testify:

> The reality is that Irico never violated a court order and worked cooperatively with Plaintiffs and Mr. Su to arrange for his deposition right up to the time he resigned – months earlier than anticipated – **_and terminated all relationships with Irico. At that point, Mr. Su became a former employee outside of Irico's control, and Irico's determined attempts to convince him to appear for deposition were unavailing_**.

Opposition at 27 (emphasis added); *see also, e.g., id.* at 33 (". . . Irico had no ability to leverage or compel Mr. Su's compliance . . . . In short, Mr. Su is a former employee over whom Irico had no control after his resignation on May 25, 2022."); Irico Surreply at 4 n.3 ("former employee outside a party's control").

On June 30, 2023, Irico filed a motion for a protective order seeking relief from the Court's Orders requiring it to produce Mr. Su and two other deponents. The Court denied the motion, holding that Irico had not shown good cause. The Court also expressly found that Irico's failure to produce Mr. Su had caused substantial prejudice to Plaintiffs and the Court. ECF No 6047 at 12–13 ("delay in the production of these witnesses unquestionably causes injury to the plaintiffs and also injury and inconvenience to the Court").

After the Court referred the issue of sanctions to him, on November 18, 2022, the Special Master issued the Su Order (adopted by the Court on December 6, 2022, at ECF No. 6115), again emphasizing the prejudice caused by Mr. Su's failure to appear:

> The unavailability of a key witness who was an Irico general manager of sales and purchasing with personal knowledge of Irico's CRT meetings with

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 4

> competitors during 8-years of the class period is highly detrimental to
> resolution of this litigation on its merits.

Su Order at 12. The Court ordered Irico to produce a variety of categories for documents related to Mr. Su's "retirement" from Irico. *Id.* at 12–13. The Court also invited Plaintiffs to file motions for sanctions based on other conduct. *Id.* at 13. On December 20, 2022, Irico produced 32 documents totaling 141 pages. Hwu Decl. ¶ 4. Thereafter, Plaintiffs filed the Sanctions Motion and the Special Master held a hearing on July 19, 2023.

On August 4, 2023, the Special Master issued the First Interim Order finding that Irico had failed to comply with the Su Order:

> Irico's production of documents in response to the Su Order appears
> extremely curated, incomplete and inadequate. There is no indication that
> Irico produced any documents from its human resources or other
> departments about Su's resignation and plans for transition. Nor is there any
> indication that Irico produced any documents from Su's emails or his
> computer hard drive regarding his resignation or communications regarding
> how and with whom Su's last date of employment was determined.

First Interim Order at 6 (footnote omitted). It required Irico's lead counsel to personally supervise another document search, including forensic examination of electronic devices, and to provide a declaration attesting to his efforts. ECF No. 6264 at 9. It also stressed that Irico faced severe sanctions. *Id.* at 7 ("Irico's continuing failure to comply with discovery orders risks terminating sanctions as well as less severe sanctions.")

Despite the Court's clear directives and warning, Irico initially refused to comply with the First Interim Order. On August 29, 2023, Irico informed the Special Master that instead of providing Mr. Su's computer and other devices to its U.S. counsel for review and analysis, it had relied on Chinese counsel and a Chinese forensic technology vendor. Second Interim Order at 2. The Special Master rejected Irico's attempt to "negotiate its way out of" the central component of the Interim Order. The Special Master explained:

> . . . Ms Young's proposal would place responsibility for discovery in this
> matter in the hands of unqualified, unnamed individuals with no known
> understanding of United States discovery and legal standards. Given the
> history of discovery lapses in this case, Ms Young's proposal is not
> acceptable and would be a violation of the Interim Order.

*Id.* at 4. The Special Master again "warned that the consequence of repeatedly violating court orders includes terminating sanctions and lesser but still severe sanctions." *Id.* at 6.

Even after the Second Interim Order, Irico was not done attempting to delay and avoid compliance with the Su Order. On September 13, 2023, Irico sought and received a three-week extension of its deadline to produce documents (to October 13, 2023). ECF

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 5

No. 6325. Shortly before this deadline, on October 9, 2023, Irico objected to the search terms Plaintiffs had submitted over a month earlier and sought an additional extension. Taladay Decl., Ex. 5 (Oct. 9, 2023 Irico Status Update and Request for Extension).

On October 13, 2023, Irico produced 135 documents totaling 233 pages. Hwu Decl. ¶ 5. Finally, on October 23, 2023, Irico produced another 484 documents totaling 1,171 pages and the Taladay Declaration. *Id.* Irico represented that its production was complete but did not review over 30,000 documents identified by Plaintiffs' search terms. *See* Taladay Decl. ¶¶ 23, 25. The production does not include documents from Mr. Su's cell phone, documents on the computer Mr. Su used after his old one was wiped in June 2022, documents Mr. Su removed from his office, or—with two exceptions—documents from the phones of other Irico employees. *Id.* ¶¶ 9–12, 15.

### III.    Irico's Assertion That Mr. Su Retired On May 25, 2022 Is False.

Contrary to Irico's assertions, the withheld evidence makes clear that Mr. Su did not "retire," from Irico on May 25, 2022. Instead, Mr. Su was granted unusually early participation in a program for senior executives when they reach age 58 to be given "off-duty and rest" status. Those in "off-duty and rest" status are relieved of their day-to-day responsibilities but are still paid until retirement at age 60. Normally, "off-duty and rest" status is available, if at all, only in December of the year the individual turns 58. Hwu Decl., Ex. B (IRI-SU-000402–03E). Mr. Su turned 58 in March 2022, thus he was not eligible until December 2022. *Id.*, Ex. C (IRI-SU-000400E). Moreover, Irico frequently delayed the granting of such status by a year or more. In Mr. Su's case, however, Irico allowed him the benefits of this program before he was entitled to it without any attempt to compel his testimony.

#### A.    Mr. Su Did Not Retire from Irico.

A May 9, 2022, document authored by Hao Li, Director of Company Office of Xianyang Irico Group Industrial Co., Ltd. ("Irico Industrial") explains that the change in Mr. Su's status is to "off-duty and rest" status, and that under Irico policy he was ineligible for "off-duty and rest" status until December 2022:



*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 6



*Id.* ¶ 6, Ex. B at IRI-SU-000402E. The document attached Mr. Su's application (dated May 5, 2022) to Irico Industrial, the Irico entity that managed Mr. Su's appointments:



*Id.* at IRI-SU-000403E; Taladay Decl. ¶ 13. This application is almost identical to the March 25, 2022 document (Hwu Decl., Ex. D (IRI-SU-000141E) (date disputed)) he submitted in advance of Group's approval of his change in status on April 7, 2022. *Id.*, Ex. E (IRI-SU-000137E–40E).[5]

---

[5] Irico maintains that the date of this document was actually May 25, 2022, but has not produced any other pre-April 7, 2022 notice from Mr. Su which could have precipitated the consideration of his request on April 7, 2022. *See* Opposition at 32 & n.11. Irico has failed to produce any metadata or other information confirming a date of May 25, 2022.

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 7

Internal text messages between Irico Foshan Admin and HR Director Xu Jinmei and a colleague confirms that Mr. Su did not retire and that Irico considered him an "in-service" employee after his change in status:



Hwu Decl., Ex. F (IRI-SU-0001356E) (2/24/2023 text messages) (emphasis added).

Finally, Irico's early grant of "off-duty and rest" status to Mr. Su was unusual. Irico commonly delayed participation in the program for eligible managers a year or more. An Irico Group HR document explains that the age limit for a manager to hold positions is reached in December of the year he turns 58. Hwu Decl., Ex. G (IRI-SU-000415–17E at 16E). Nevertheless, Irico has discretion to keep such managers at their posts: Out of nine managers who became eligible in 2021 and 2022, Irico delayed five from going off-duty by a year or more. *Id.* at 16–17E.

**B.      Mr. Su's Status Did Not Change Until After Irico Falsely Asserted He Had Resigned.**

The withheld documents also show that the process by which Mr. Su obtained "off-duty and rest" status began at least by early April 2022 and was not complete until well after Irico's representation on June 7, 2022 that he had resigned. This representation was thus doubly false—Mr. Su's employment continued and his status was unchanged.

The process to grant Mr. Su early "off-duty and rest" status required approvals from multiple parties—including Group, Irico Industrial, and Irico Industrial's Party Committee. *See* Hwu Decl., Exs. H (IRI-SU-000208E), I (IRI-SU-001446E), B (IRI-SU-000402–03E). As discussed previously, Group officially approved Mr. Su's change in

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 8

status on April 7, 2022, apparently in response to Mr. Su's March 25, 2022, request. Hwu
Decl., Exs. D, E. On April 13, 2022, Shi Feng, Group's head of Human Resources noted
the next two steps. Hwu Decl., Ex. I (IRI-SU-001446E) 
). Mr. Shi's text
confirms that Group leadership was aware of Mr. Su's pending status change. *Id.*

As noted above, Mr. Su next submitted an almost identical request to Irico
Industrial on May 5, 2022. Hwu Decl., Ex. B (IRI-SU-000402–03E at 03E). And on May
9, 2022, Irico Industrial's Company Office drafted a proposal for Mr. Su's change in
status for the Company Party Committee. *Id.*

Multiple Irico documents show that Mr. Su did not formally leave his managerial
positions until June 17, 2022, at the earliest. *See, e.g., id.*, Exs. H (IRI-SU-000208E), J
IRI-SU-000421–23E at 23E). Other documents, however, indicate that he did not leave
his position until July. *Id.*, Ex. F (IRI-SU-0001356E).

This series of events demonstrates beyond doubt that Irico's claim that it did its
utmost to convince Mr. Su to testify is false. There is no evidence of any attempt to
compel his appearance at deposition. It also demonstrates that Mr. Su's pending change
in status was no surprise. Senior executives were aware of his pending change in status
from as early as April; Mr. Su's substantially identical request of May 5, 2022, by itself
demonstrates Irico's awareness well before it negotiated the May 25, 2022, extension of
its deadline to produce him. *See* ECF No. 6016.

### C.    Mr. Su Continued to Be Paid and Perform Work for Irico.

The documents Irico withheld in violation of the Court's orders also establish
beyond dispute that Irico continued to pay Mr. Su—and possibly still does—and that Mr.
Su continued to work for Irico. Irico's representations that Mr. Su "terminated all
relationships with Irico" is false for this reason as well.

#### 1.    Irico Continued To Pay Mr. Su.

The recently produced documents show that Irico has continued to pay Mr. Su,
including discretionary lump sum payments and benefits. First, Mr. Su remains on Irico's
payroll. Through at least August 2023, he received monthly payments of RMB 6,000,
plus his housing fund contributions and his pension, health, and unemployment insurance
premiums. Hwu Decl., Ex. K (IRI-SU-001467E). Although Irico's records are not
complete, it appears likely that he remains on Irico's payroll even now given that he is
not yet 60. *Id.*, Ex. G (IRI-SU-000415–17E at 17E).

Second, Irico made discretionary payments to Mr. Su. Despite claiming in its
Opposition (at p. 27) that it exhorted Mr. Su to testify, Irico paid Mr. Su deferred

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 9

compensation of RMB 121,600 in July 2022. Hwu Decl., Ex. L (IRI-SU-000845E).
Further, texts in October 2022 show that Irico planned another deferred compensation
payment for time served in 2022 before he went off-duty. *Id.*, Ex. M (IRI-SU-001344E).

Third, Irico paid Mr. Su a bonus in January 2023. *Id.*, Ex. J (IRI-SU-000421–23E
at 23E). Irico rules barred employees with absenteeism or subject to disciplinary action
from receiving the bonus, suggesting Su committed neither and was in good standing
with the company. *Id.* at 22E. Irico also commended Mr. Su in a May 2023 performance
review:



*Id.*, Ex. N (IRI-SU-000190E, 97E, 98E at 97E). Notably, the report makes no mention of
Mr. Su's "surprise resignation" or refusal to cooperate with this litigation. *Id.* at 98E.

In short, Irico's claims that it severed all ties with Mr. Su and that it lacked any
leverage to compel his testimony are simply false. Indeed, the contrary appears to be true.
Far from seeking to compel his testimony, Irico rewarded Mr. Su's "recalcitrance."

## 2.   Mr. Su Continued To Work For Irico.

It is also clear that Mr. Su continued to work for Irico. He continued to be
involved in the business of Irico Foshan at least through September 2022. *Id.* ¶ 19, Ex. O
(IRI-SU-000199E, 165E) (screenshots of WeChat messages between Mr. Su and Irico
Foshan CFO Wang Jijun).[6] Mr. Su continued working on a different computer after Irico
wiped his old one on June 15, 2022. *Id.* at 165E ("*WeChat desktop version*"). He
authored and sent work documents to Wang Jijun through WeChat. *Id.* Mr. Su had his
secretary deliver financial authorization documents to Wang Jijun on July 31, 2022. Hwu
Decl. ¶ 21, Ex. Q (IRI-SU-000188). On June 7, 2022, the day Irico's counsel informed
Plaintiff of Mr. Su supposed resignation on May 25, he was receiving and approving
employee requests to apply company seals for work. *Id.*, Ex. R (IRI-SU-001454).

In addition, Mr. Su was on the Board of Century Shuanghong (an Irico joint
venture) through at least August 18, 2023. *Id.*, Ex. S (IRI-SU-001450E). Mr. Su, along
with Group General Counsel Yan Yunlong, also served on the Board of Directors of
Orion Co., owned by Century Shuanghong, until at least October 2022. *See id.*, Ex. T

---

[6] Mr. Su also wined and dined with Irico executives. Hwu Decl. ¶ 20, Ex. P (IRI-SU-
000177E) (6/16/2022 WeChat messages with Wang Jijun).

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 10

(IRI-SU-000233E, 236E). Mr. Su continued to use his Irico email account,
sxh@ch.com.cn, through at least October 2022. *See id.* at 233E.

## IV.    Irico Continues To Defy The Court's Orders.

Irico's recent production confirms the Court's finding that its initial production in
response to the Su Order—a mere 32 documents—was grossly and intentionally
inadequate. As the Court suspected, it was plainly "curated" to facilitate Irico's false
narrative regarding its refusal to produce Mr. Su for deposition—namely, that Mr. Su
suddenly "retired" and severed all ties with Irico. *See* First Interim Order at 6.

In addition, the productions and the Taladay Declaration establish that Irico
continues to destroy and withhold evidence. Irico admits that it wiped Mr. Su's computer
on June 15, 2022, and, as a result, only 22 documents originating from that computer
were retrieved. *See* Taladay Decl. ¶¶ 6–7, 24 n.3. Nor did Irico search Mr. Su's current
computer, which he began using for work soon after his old one was reformatted. *see id.*,
Ex. 3 (IRI-SU-000202E Translated Transcript of Audio File) ("Since later I joined
another company in Shenzhen as an executive. This (computer) saved lots of
(information) of that company as well . . . ."). Mr. Su refused Wang Zhaojie's offer to
only retrieve files related to his work in Foshan. *Id.*

Nor did Irico search Mr. Su's cell phone which Mr. Su continued to use for work
after June 2022. *See* Hwu Decl., Ex. O (IRI-SU-000199E, 165E). Similarly, Mr. Su
removed all files from his office when he departed Irico Foshan, apparently without
subjecting any of his files to searches for documents. *Id.* ¶ 10. Indeed, it appears that Mr.
Su has been allowed to refuse to cooperate in any fashion without any consequence.

Finally, Irico's search of other employees' phones was also incomplete and Irico
did not review over 30,000 documents Plaintiffs' search terms hit on. *See* Taladay Decl.
¶¶ 15, 23, 25.

## V.    Conclusion

For the foregoing additional reasons, Plaintiffs respectfully request that the
Special Master grant their motion for terminating sanctions as set forth in their motion.
*See* Motion at 29–33; Reply Brief at 24–29. It is beyond argument that Irico's misconduct
throughout this case has been intentional, beyond any conceivably acceptable limits, and
has caused Plaintiffs irremediable prejudice.

Very truly yours,

*/s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 11


/s/ Mario N. Alioto

Mario N. Alioto
Lead Counsel for Indirect Purchaser Plaintiffs


Cc:     Tanveer Singh (tanveer.singh@fedarb.com)
        John M. Taladay (john.taladay@bakerbotts.com)
        Evan J. Werbel (evan.werbel@bakerbotts.com)
        Thomas E. Carter (tom.carter@bakerbotts.com)
        Andrew L. Lucarelli (drew.lucarelli@bakerbotts.com)
        Kaylee Yang (kaylee.yang@nortonrosefulbright.com)
        Geraldine W. Young (geraldine.young@nortonrosefulbright.com)


*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

# DOCUMENT 25

1  R. Alexander Saveri (173102)
       *rick@saveri.com*
2  Geoffrey C. Rushing (126910)
       *grushing@saveri.com*
3  Matthew D. Heaphy (227224)
       *mheaphy@saveri.com*
4  David Y. Hwu (281780)
       *dhwu@saveri.com*
5  SAVERI & SAVERI, INC.
   706 Sansome Street
6  San Francisco, CA 94111
   Telephone:  (415) 217-6810
7  Facsimile:  (415) 217-6813

8  *Lead Counsel for Direct Purchaser Plaintiffs*

9

10                **UNITED STATES DISTRICT COURT**

11              **NORTHERN DISTRICT OF CALIFORNIA**

12                      **OAKLAND DIVISION**

13  IN RE: CATHODE RAY TUBE (CRT)         Master File No. 07-CV-5944-JST
    ANTITRUST LITIGATION
14  _____      MDL No. 1917

15  This Document Relates to:            **DECLARATION OF DAVID Y. HWU IN
                                         SUPPORT OF PLAINTIFFS' LETTER
16  *ALL DIRECT PURCHASER ACTIONS*       BRIEF IN FURTHER SUPPORT OF
                                         MOTION FOR TERMINATING OR
17  *ALL INDIRECT PURCHASER ACTIONS*     ALTERNATIVE SANCTIONS AGAINST
                                         DEFENDANTS IRICO GROUP CORP. AND
18                                       IRICO DISPLAY DEVICES CO., LTD.**

19                                       Special Master: Hon. Vaughn R. Walker (Ret.)

20

21

22

23

24

25

26

27

28

I, David Y. Hwu, declare:

1.     I am an attorney at Saveri & Saveri, Inc., Lead Counsel for Direct Purchaser Plaintiffs ("DPPs") in this action. I am a member of the Bar of the State of California and admitted to practice in the Northern District of California. I have been involved in many aspects of this case since 2011. I make this Declaration in Support of Plaintiffs' Letter Brief in Further Support of Motion for Terminating or Alternative Sanctions Against Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. Except as otherwise stated, I have personal knowledge of the facts stated below.

2.     I am fluent in Mandarin Chinese.

3.     Attached hereto as Exhibit A is a true and correct copy of the Declaration of John M. Taladay Regarding Compliance with Interim Orders on Plaintiffs' Motion for Discovery Sanctions, dated October 23, 2023.

4.     On December 20, 2022, Irico electronically produced 32 documents totaling 141 pages responsive to the Court's Order Adopting Special Master's Report & Recommendation on Irico's Failure to Produce Su Xiaohua for Deposition (ECF No. 6115). The production was identified as IRI-SU001 and contained Bates-stamped documents labeled IRI-SU-000001 through IRI-SU-000141.

5.     On October 13, Irico produced 135 documents totaling 233 pages. It was identified as IRI-SU002 and contained Bates-stamped documents IRI-SU-000142 through IRI-SU-000374. On October 23, 2023, Irico electronically produced 484 documents totaling 1,171 pages. The production was identified as IRI-SU003 and contained Bates-stamped documents labeled IRI-SU-000375 through IRI-SU-001545.

6.     Attached hereto as Exhibit B is a true and correct copy of a document produced in this litigation by Irico bearing the Bates numbers IRI-SU-000402 through IRI-SU-000403, and a certified translation thereof. According to metadata produced by Irico, this document was authored by Hao Li, identified by Irico as Director of Company Office of Xianyang Irico Group Industrial Co, Ltd.

7.     Attached hereto as Exhibit C is a true and correct copy of a document produced in

1

HWU DECLARATION ISO PLAINTIFFS' LETTER BRIEF IN FURTHER SUPPORT OF MOTION FOR TERMINATING OR ALTERNATIVE SANCTIONS AGAINST IRICO; Master File No. 07-CV-5944-JST

1    this litigation by Irico bearing the Bates number IRI-SU-000400, and a certified translation thereof.

2         8.      Attached hereto as Exhibit D is a true and correct copy of a document produced in

3    this litigation by Irico bearing the Bates number IRI-SU-000141, and a certified translation thereof.

4    A copy of this document was previously attached as Exhibit UU to the Declaration of Lauren C.

5    Capurro in Support of Plaintiffs Motion for Sanctions Against Irico Group Corporation and Irico

6    Display Devices Co., Ltd. ("Capurro Declaration").

7         9.      Attached hereto as Exhibit E is a true and correct copy of a document produced in

8    this litigation by Irico bearing the Bates numbers IRI-SU-000137 through IRI-SU-000140, and a

9    certified translation thereof. A copy of this document was previously attached as Exhibit TT to the

10   Capurro Declaration.

11        10.     Attached hereto as Exhibit F is a true and correct copy of a document produced in

12   this litigation by Irico bearing the Bates number IRI-SU-0001356, and a certified translation

13   thereof. It was produced in native format and has been converted to a PDF file to which Bates

14   numbering has been added.

15        11.     Attached hereto as Exhibit G is a true and correct copy of a document produced in

16   this litigation by Irico bearing the Bates numbers IRI-SU-000415 through IRI-SU-000417, and a

17   certified translation thereof.

18        12.     Attached hereto as Exhibit H is a true and correct copy of a document produced in

19   this litigation by Irico bearing the Bates number IRI-SU-000208, and a certified translation thereof.

20        13.     Attached hereto as Exhibit I is a true and correct copy of a document produced in

21   this litigation by Irico bearing the Bates number IRI-SU-001446, and a certified translation thereof.

22   It was produced in native format and has been converted to a PDF file to which Bates numbering

23   has been added.

24        14.     Attached hereto as Exhibit J is a true and correct copy of a document produced in

25   this litigation by Irico bearing the Bates numbers IRI-SU-000421 through IRI-SU-000423, and a

26   certified translation thereof.

27        15.     Attached hereto as Exhibit K is a true and correct copy of a document produced in

28   this litigation by Irico bearing the Bates number IRI-SU-001467, and a certified translation thereof.

16.     Attached hereto as Exhibit L is a true and correct copy of an excerpt of a document produced in this litigation by Irico bearing the Bates number IRI-SU-000845, and a certified translation thereof. It was produced in native format and contained seven tabs, only one of which – "7月" (July) – has been converted to a PDF file and to which Bates numbering has been added.

17.     Attached hereto as Exhibit M is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-001344, and a certified translation thereof. It was produced in native format and has been converted to a PDF file to which Bates numbering has been added.

18.     Attached hereto as Exhibit N is a true and correct copy of excerpts of a document produced in this litigation by Irico bearing the Bates numbers IRI-SU-000190, IRI-SU-000197, and IRI-SU-000198, and a certified translation thereof.

19.     Attached hereto as Exhibit O is a true and correct copy of a document produced in this litigation by Irico bearing the Bates numbers IRI-SU-000199 and IRI-SU-000165, and a certified translation thereof. These two pages were produced out of order and have been reordered accordingly. According to metadata produced by Irico, this document was collected from the custodial files of Wang Jijun, identified by Irico as Chief Financial Officer of Irico (Foshan) Flat Panel Display Co., Ltd., and positions in other companies.

20.     Attached hereto as Exhibit P is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-000177, and a certified translation thereof. According to metadata produced by Irico, this document was also collected from the custodial files of Wang Jijun.

21.     Attached hereto as Exhibit Q is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-000188, and a certified translation thereof. According to metadata produced by Irico, this document was also collected from the custodial files of Wang Jijun.

22.     Attached hereto as Exhibit R is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-001454, and a certified translation thereof. It was produced in native format and has been converted to a PDF file to which Bates numbering

1    has been added.

2        23.    Attached hereto as Exhibit S is a true and correct copy of a document produced in

3    this litigation by Irico bearing the Bates number IRI-SU-001450, and a certified translation thereof.

4    It was produced in native format and has been converted to a PDF file to which Bates numbering

5    has been added.

6        24.    Attached hereto as Exhibit T is a true and correct copy of documents produced in

7    this litigation by Irico bearing the Bates numbers IRI-SU-000233 (email) and IRI-SU-000236 (one

8    of three attachments), and certified translations thereof.

9

10        I declare under the penalty of perjury under the laws of the United States of America that

11   the foregoing is true and correct.

12        Executed this 16th day of November, 2023 in San Francisco, California.

13

14                                            _/s/ David Y. Hwu_____
                                              David Y. Hwu

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

John M. Taladay *(pro hac vice)*
Evan J. Werbel *(pro hac vice)*
Thomas E. Carter *(pro hac vice)*
Andrew L. Lucarelli *(pro hac vice)*
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
      evan.werbel@bakerbotts.com
      tom.carter@bakerbotts.com
      drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and
Irico Display Devices Co., Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF JOHN M. TALADAY REGARDING COMPLIANCE WITH INTERIM ORDERS ON PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS** |
| *ALL INDIRECT PURCHASER ACTIONS ALL DIRECT PURCHASER ACTIONS* | |
| | Judge:    Honorable Jon S. Tigar |

I, John M. Taladay, declare as follows:

1.    I am a member of the bar of the District of Columbia and admitted to practice before this Court *pro hac vice*.  I am an attorney with Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display," collectively, "Irico" or the "Irico Defendants") in this action.  I make this Declaration in support of Irico Defendants' Submission in Response to the Orders Adopting the Special Master's First and Second Interim Reports and Recommendations on Plaintiffs' Motion for Discovery Sanctions.  *See* ECF Nos. 6264 ("First Interim Order"); 6324 ("Second Interim Order," collectively the "Orders").  If called as a witness, I could and would testify to the matters set forth in this declaration of my own personal knowledge.

2.    As directed by the Special Master in the Second Interim Order, I submit this declaration to describe the steps taken under my direction and control to comply with the Special Master's Orders requiring discovery into certain matters regarding Su Xiaohua as well as to detail other tasks completed as required by the Orders.

**Su Laptop, Other Devices and Documents**

3.    At my direction, Thomas Carter, a Baker Botts attorney of record for Irico, traveled to China on September 10, 2023, along with Eric Chuang, a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor experienced in discovery of electronically stored information. *See Forensic Technology Services*, BDO USA, P.C. (last accessed Oct. 23, 2023), https://www.bdo.com/services/advisory/forensics-investigations/forensics-technology.

4.    Mr. Carter took physical custody of Mr. Su's former laptop on September 12, 2023, and personally oversaw BDO's imaging of the complete content of the laptop's solid-state drive. BDO utilized Forensic Falcon Neo, a digital forensic imaging hardware device manufactured by Logicube, a well-known product in the forensic industry, to duplicate the solid-state drive, which is the same imaging equipment and software as is typically used for BDO's U.S. forensic collections in litigation matters.

5.    Mr. Carter then oversaw BDO's forensic analysis of all recovered files from Mr. Su's former laptop.  BDO utilized Encase Forensic Software manufactured by Guidance Software,

a well-known product in the forensic industry, for the data recovery procedure, which is typically used for BDO's U.S. forensic collections in litigation matters.

6.      Until leaving his position at Irico, Mr. Su most recently served as the General Manager of Irico (Foshan) Flat Panel Display Co., Ltd. ("Irico Foshan") located in the city of Foshan, China, where Mr. Su's former office was located.  Based on information provided by Irico, we understand that Mr. Su's laptop was issued to him by Irico Foshan around the time he was first employed by that company beginning on December 31, 2019.  BDO's analysis showed that the solid-state drive of Mr. Su's laptop had been reformatted on June 15, 2022 and a new copy of Microsoft Windows was installed at that time.[1]  Based on Baker Botts' investigation this was done in connection with the repurposing of Mr. Su's laptop for use by his successor as General Manager, Zhang Jiming, who took possession of Mr. Su's former laptop when he assumed Mr. Su's former position.  Based on interviews with Irico employees, we understand that Zhang Dongling, the Operations and Management Director for Irico Foshan, was responsible for repurposing the laptop for use by Zhang Jiming.

7.      A report detailing the results of BDO's forensic analysis is attached as Exhibit 1. BDO recovered a total of 28,555 files with metadata dates within the time period in which Mr. Su potentially had use of the laptop, the vast majority of which were system files.  Following de-duplication and removal of non-user created system files, approximately 9,000 files remained, prior to application of search terms.  These files were transferred by BDO to a China-based Relativity server so that BDO could process and apply search terms to the data and to enable a state secret review before any materials were released to Baker Botts as described below.

8.      I also instructed BDO to collect data from corporate servers containing Mr. Su's emails and internal text messages.

9.      Also under my direction, Baker Botts and BDO investigated whether Mr. Su had any other company-issued or company-controlled devices other than his former laptop and determined that he did not.

---

[1] We note that, at that time, the laptop and its contents were not subject to any discovery order.

10.     Baker Botts and BDO also investigated whether there were any remaining hard copy files in or from Mr. Su's office and determined no such files existed.  Mr. Su's successor, Zhang Jiming, had moved into Mr. Su's office more than a year ago, and he informed Mr. Carter that the office was empty when he moved in.   Other Irico Foshan employees also confirmed that Mr. Su had removed any files from his office prior to his departure.

**Efforts to Contact Mr. Su**

11.     ████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████████████
████.  *See* Ex. 2 (IRI-SU-000219E).  In August, after the issuance of the First Interim Order but prior to the Second Interim Order, Zhang Wenkai, Irico's Assistant General Counsel, contacted Mr. Su by phone on a few occasions to seek his cooperation with responding the Orders.  Mr. Su spoke briefly to Mr. Zhang, but on the final occasion, ████████████████████████, Mr. Su insisted that that he not be contacted any further regarding this litigation.  Mr. Zhang recorded this call, and we have attached a transcript of that discussion.  *See* Ex. 3 (IRI-SU-000202E).

12.     Despite Mr. Su's explicit request, pursuant to the Second Interim Order, Baker Botts attempted to contact Mr. Su on October 3, 2023, by sending a message through Mr. Zhang to Mr. Su via WeChat, a commonly used communication app in China, requesting to speak with Mr. Su regarding the issues raised in the Orders.  Mr. Su did not respond to that request.  *See* Ex. 4 (IRI-SU-000229E).  Thus, we were not able to secure any cooperation by Mr. Su in connection with the current discovery initiative under the First and Second Interim Orders.

**Interviews of Other Irico Employees**

13.     Under my direction and based on their positions or other information suggesting a potential connection to Mr. Su, Mr. Carter, together with bilingual BDO staff, interviewed 23 current or former employees of Irico Group and its subsidiaries.  These individuals included: (1) human resources staff and department heads at Irico Group, Xianyang Irico Group Industrial Co., Ltd. ("Irico Industrial," the Irico subsidiary that directly managed Mr. Su's management appointments), and Irico Foshan; (2) top management at Irico Group, Irico Industrial, and Irico Foshan, including the four individuals whose names are set forth in the April 7, 2022, meeting

3

minute approving Mr. Su's resignation request; (3) former subordinates of Mr. Su at Irico Foshan; (4) personnel at Irico Group and Irico Industrial responsible for ministerial drafting and approving official personnel paperwork; (5) members of the Irico Group legal department; and (6) information technology personnel at Irico Group.

14.     These interviews covered topics relevant to the Orders, including interviewees' knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents.  Mr. Carter reported to me regarding relevant information learned in these interviews.

**Collection of Materials from Interviewees and Relevant Departments**

15.     In each interview described above, on my instruction, Mr. Carter also inquired and attempted to determine whether the employee had any documents or personal communications responsive to the Orders that were not preserved on the corporate servers.   As detailed below, Mr. Carter and BDO determined that emails and internal text messages would be preserved on corporate servers.   If any interviewee indicated that they had responsive company documents not preserved on these corporate servers, all of those materials were collected by BDO. In some cases, the interviewees indicated that they had WeChat communications that might be responsive to the Orders on individual employee-owned phones (over which the company has no control) rather than on company devices or servers.  Though none of interviewees would agree to provide their personal phones for forensic imaging and not all employees still had copies of their potentially relevant WeChat messages, those interviewees who stated that they still had relevant WeChat messages provided screen shots of those messages to BDO.  All materials provided by these witnesses were given to BDO, and BDO loaded the documents to the China-based Relativity server.

16.     Other specific materials required by the Orders were also collected directly (on a "go get" basis) from relevant departments such as human resources (e.g., Mr. Su's employment

contract) and accounting (i.e., payment records).  BDO loaded these materials onto the China-based Relativity server.

**Collection of Emails and Internal Text Messages from Corporate Servers**

17.    After consultation with Mr. Carter regarding his interviews, I identified 15 custodians (14 interviewees and Mr. Su) who appeared reasonably likely to have responsive electronic communications.[2]  I then instructed BDO to collect all emails and internal text messages in the relevant time frame from the corporate servers for those custodians for further review. *See* Ex. 5 (Oct. 9, 2023, Letter Request to Special Master), Attachment A.

18.    BDO worked with relevant information technology personnel responsible for maintaining the company servers to execute on this instruction.  Email data and internal text message data were stored on different servers, so this effort required separate collections by BDO.

19.    Regarding the emails, only 14 of the 15 custodians had mailboxes on the corporate server.  Xu Jinmei, the Administration and HR Director at Irico Foshan, did not have a company email address.  In addition, the email box of Wang Jijun, while it existed on the server, was empty.  The email box of Mr. Su was maintained on the server and data was collected.

20.    Date filters were applied prior to collection based on the role of each custodian: January 1, 2021, through September 1, 2023 (or the last day of their employment with any Irico company), for any custodian with potential knowledge or involvement regarding Mr. Su's requested deposition; and January 1, 2022, through September 1, 2023 (or the last day of their employment with any Irico company), for all other custodians, i.e., those custodians who were identified only because of potential knowledge or involvement relating to Mr. Su's departure.  The data from the 13 available email boxes were transferred from the server to an external hard drive by BDO.

21.    Regarding the internal text messages, data was identified for all 15 custodians, including Mr. Su.  The same date filters described above regarding the email collection also were

---

[2] The other nine individuals interviewed had incidental information or de minimis roles regarding Mr. Su's departure or application to travel for deposition.

applied to the internal text message data.  The internal text message data was transferred from the server to an external hard drive by BDO.

22.     BDO loaded the data from the external hard drives onto the China-based Relativity server.   The available data for the 15 custodians gathered by BDO totaled 16,409 email files (including attachments) and 56,325 internal text message files (including attachments), a total of 72,734 files.

**Application of Search Terms**

23.     BDO, at my direction, applied search terms to the server data to attempt to narrow the materials to those most likely to be responsive to the Orders.  BDO utilized standard search methodologies regularly utilized in the forensic searching in the US, pursuant to instructions from Baker Botts.  To determine the search terms to apply, Baker Botts utilized the search terms that it identified, combined with the generic and unqualified search terms provided by Plaintiffs on September 7, 2023.  As noted in our letter request submitted to the Special Master on October 9, 2023, Plaintiffs' search terms omitted any requirement that the search terms be related in any way to Mr. Su: i.e., they failed to include any "Su qualifier" such as a variation of his name, employee ID number, citizen ID number or email address. For example, Plaintiffs' unqualified search terms hit on all documents sent or received by all custodians over a 20 to 32-month period that mention the word "leadership" irrespective of whether the document had any mention of, or relevance to, Mr. Su.  As a result, the initial application of all of Plaintiffs' search terms resulted in hits on over 40,000 documents – 55% of every message or document sent or received by every custodian during this 20 to 32-month period – a clear sign that the unqualified search terms were grossly overbroad in the context of a specific search that is wholly and solely directed at the circumstances of Mr. Su's departure and deposition.  Moreover, reviewing all documents hitting on the unqualified search terms could not conceivably be accomplished in the required time frame for production, even with the extension sought by Irico in its letter request of October 9, 2023.

24.     I then instructed BDO to again apply Baker Botts' and Plaintiffs' combined search terms, but this time applying the "Su qualifiers" to target those documents with some potential relevance to Mr. Su.  *See* Ex. 5 (Oct. 9, 2023, Letter Request to Special Master) at 4-6,

Attachments C-F.  However, for the data collected from Mr. Su's laptop, BDO applied all of Plaintiffs' search terms and Baker Botts' search terms without the application of any "Su qualifiers."  In total, this effort resulted in approximately 9,400 files, which BDO then processed for further review.[3]

25.     Irico and the Plaintiffs have disagreed on the use of "Su qualifiers" to narrow the collection of relevant materials, and in its letter request of October 9, 2023, Baker Botts asked the Special Master to approve the use of the "Su qualifiers" as a modification to Plaintiffs' search terms.   Consistent with and in compliance with the Second Interim Order, BDO, at my direction, has collected and preserved the additional disputed documents that hit on Plaintiffs' search terms without "Su qualifiers," and they remain on the China-based Relativity server awaiting the Special Master's decision.

**State Secret Review**

26.     I understand from Irico as well as independent Chinese legal counsel by whom I was advised, that Irico and its employees are bound by Chinese legal requirements preventing the disclosure of Chinese state secrets.[4]

27.     To ensure that all Chinese regulations regarding state secrets were followed here, BDO retained the AnJie Broad Law Firm ("AnJie"), a large and reputable Chinese law firm with whom Baker Botts has worked in the past, to conduct a review of the materials before releasing materials to the United States to be reviewed for responsiveness to the Orders.  *See About AnJie Broad*, AnJie Broad (last accessed Oct. 23, 2023), https://www.anjielaw.com/more/aboutus.html.  Counsel from AnJie informed me that Article 9 of the Chinese Law on Guarding State Secrets precludes the transmission of materials that contain state secrets, including but not limited to information that that could cause damage to the national security and interests of politics, economy, national defense or foreign affairs, to other countries or regions without the express permission of the relevant competent authorities.  *See* Law on Guarding State Secrets (promulgated by the

---

[3] Of these approximately 9,400 files, only 22 originated from Mr. Su's former laptop, a likely result of the reformatting.

[4] I have been informed by Irico that documents previously collected and considered in response to discovery on the merits did not contain state secrets and that no such materials were withheld on state secret grounds.

1  Standing Comm. Nat'l People's Cong., Sept. 5, 1988, rev'd Apr. 29, 2010, effective Oct. 1, 2010),

2  art. 9, 2010 P.R.C. Laws 71.75 (China).

3      28.    To respect these requirements while facilitating Irico's compliance with the Orders,

4  counsel from AnJie reviewed the following sets of documents (i.e., all that had been identified by

5  Baker Botts as potentially relevant):

6      • all of the individual "go get" documents collected by BDO directly from

7        interviewees or Irico departments;

8      • all of the documents from Mr. Su's laptop that hit on Plaintiffs' search terms and

9        Baker Botts' search terms without applying any "Su qualifiers"; and

10     • all of the emails and internal text messages collected for the 15 custodians that hit

11       on all of the search terms with "Su qualifiers."

12  This state secret review occurred before the documents were released to Baker Botts to be reviewed

13  for responsiveness to the Orders.  Thus, to be clear, AnJie did not withhold any documents on the

14  basis that the documents were not responsive to the Orders.  Their review was limited to evaluating

15  the documents for state secret content, except as described in the following paragraph.   AnJie did

16  not identify any documents from Mr. Su's former laptop or from the direct "go get" materials from

17  interviewees or Irico departments as containing state secrets.  AnJie determined that 177 email files

18  and 818 internal text message files, 995 files in total, could not be provided to Baker Botts for

19  further review because of state secret content.  Given AnJie's determination, these documents

20  could not be released to the US or reviewed by US-based lawyers.

21      29.    However, to further evaluate whether, and how many of, these documents were

22  responsive to the Orders, I instructed Mr. Carter to train a lawyer from the AnJie firm who is a

23  U.S.-barred and licensed attorney regarding the scope of the requirements of the Orders, and to

24  provide him a copy of the Orders for his review and understanding.  Mr. Carter reviewed the

25  Orders with Cui Wei from AnJie, a member of the New York state bar, and Mr. Cui then reviewed

26  the set of documents determined to contain state secrets for responsiveness.  Based on Mr. Cui's

27  review, it was determined that 21 of the 995 files withheld were responsive to the Orders.  A log of

28

the 21 responsive documents withheld under AnJie's determination of state secret content has been provided to Plaintiffs as part of the production.

30.    I also understand from Irico as well as independent Chinese legal counsel by whom I was advised, that Irico is prohibited from disclosing personally identifiable information relating to individual employees.   Such information is protected from disclosure by the China Personal Information Protection Law (promulgated by the Standing Comm. Nat'l People's Cong., Aug. 20,2021, effective Nov. 1, 2021), art. 11, 2021 P.R.C. Laws 1117.1125 (China).  In light of this requirement, AnJie and BDO also reviewed the following sets of documents to ensure that they did not contain any personally identifiable information:

- all of the individual "go get" documents collected by BDO directly from interviewees or Irico departments;
- all of the documents from Mr. Su's laptop that hit on Plaintiffs' search terms and the Baker Botts search terms without applying any "Su qualifiers"; and
- the emails and internal text messages collected for the 15 custodians that hit on all of the search terms with "Su qualifiers."

No documents responsive to the Orders were withheld on the basis of such personal information. If such personal information was identified, per my instructions, AnJie or BDO applied solid black redactions only as to that personal information, which is clearly identified in the documents produced to the plaintiffs.

31.    At my direction, BDO transferred all of the documents that it reviewed that did not contain state secrets, including those documents that contained redactions for personal information, from the China-based Relativity server to a US-managed Relativity service.  Also at my direction, Mr. Carter trained a team of U.S.-barred attorneys fluent in Mandarin (since the subject documents were in Chinese) on the requirements of the Orders, and supervised their review of these documents for responsiveness.   An initial production of responsive, non-privileged materials was made to Plaintiffs on October 13, 2023.  This initial production included over 80% of responsive email files (excluding those that required privilege redactions) as well as over 80% of responsive files obtained through "go get" collections from interviewees or Irico departments.  All remaining

1  responsive, non-privileged materials from the files transferred to the US-based server are being

2  produced to the Plaintiffs today, October 23, 2023.  Documents withheld for privilege have been

3  identified on a privilege log provided to Plaintiffs.

4  **Submission of Letter to the Special Master under First Interim Order**

5  32.    Along with this submission, Baker Botts is producing a letter to the Special Master,

6  as required by the First Interim Order, providing "the names of Irico personnel involved in

7  communicating with Mr. Su about: (a) his deposition, resignation and end of employment from

8  January 2021 to the present and (b) information about his participation and knowledge of

9  competitor contacts and communications."

10

11  I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd

12  day of October, 2023, in Washington, D.C.

13

14  _/s/ John M. Taladay_

15  John M. Taladay (*pro hac vice*)
   BAKER BOTTS L.L.P.
16  700 K Street, N.W.
   Washington, D.C. 20001
17  202.639.7700
   202.639.7890 (fax)
18  Email:John.Taladay@bakerbotts.com

19  *Attorney for Defendants Irico Group Corp.*
   *and Irico Display Devices Co., Ltd.*
20

21

22

23

24

25

26

27

28

EXHIBIT 1

# File Export Report by BDO – Su Xiaohua Laptop

We analyzed the image file using the Encase software and found that the Operating System of the computer was installed on June 15 2022 06:55:14 GMT. More details please see below screenshot picture.



File export statistics (Date range is on or before 2022/06/20)

| Type | Number of exported files | Size of exported files |
|------|--------------------------|------------------------|
| Edocs | 427 | 88.9 MB |
| Emails | 11 | 187.9 KB |
| Picture Files | 24245 | 360.3 MB |
| Compressed Files | 9 | 7.3 MB |
| Deleted Edocs | 9 | 1.3 MB |
| Deleted Emails | 1 | 131 KB |
| Deleted Picture Files | 3836 | 83.7 MB |
| Deleted Compressed Files | 17 | 2.6 MB |

# EXHIBIT 2



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000219.

Ann Chen

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

CONFIDENTIAL   IRI-SU-000219E Translation



CONFIDENTIAL
IRI-SU-000219

# EXHIBIT 3



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000202.

Ann Chen

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

1



2



CONFIDENTIAL                    IRI-SU-000202E Translated Transcript of Audio File



CONFIDENTIAL

EXHIBIT 4



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000229.

Ann Chen

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870



CONFIDENTIAL

IRI-SU-000229E Translation



CONFIDENTIAL

IRI-SU-000229

# EXHIBIT 5

# BAKER BOTTS LLP

|  |  |  |
|---|---|---|
| 700 K STREET, N.W. | AUSTIN | MOSCOW |
| WASHINGTON, D.C. | BRUSSELS | NEW YORK |
| 20001 | DALLAS | PALO ALTO |
|  | DUBAI | RIYADH |
| TEL  +1 202.639.7700 | HOUSTON | SAN FRANCISCO |
| FAX  +1 202.639.7890 | LONDON | **WASHINGTON** |
| BakerBotts.com |  |  |

October 9, 2023

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

    Re:    In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
           No. 07-CV-944-JST

Dear Judge Walker:

    Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")
write with respect to Your Honor's Interim Reports and Recommendations on Plaintiffs' Motion
for Discovery Sanctions dated August 4, 2023 (ECF No. 6233) ("First Interim Order"), and
September 1, 2023 (ECF No. 6275) ("Second Interim Order") (collectively, "Orders").  This letter
discusses three topics: (1) we provide an update regarding Irico's compliance with the Orders; (2)
we ask that Your Honor approve a modified version of Plaintiffs' search terms to identify
responsive documents, which Plaintiffs oppose; and (3) we request a short further extension to
October 23, 2023, for the completion of Irico's response to the Orders, which Irico will begin
providing to Plaintiffs by the current deadline of October 13th.[1]

## 1.  Update on Compliance Efforts to Date

    Irico and Baker Botts have undertaken extraordinary efforts to comply with Your Honor's
Orders and continue to work as expeditiously as possible on all fronts.  As the Court is aware, Irico
had already been working to comply with the Your Honor's First Interim Order throughout the
month of August through the efforts of Norton Rose Fulbright and with oversight by Baker Botts.
After Your Honor's Second Interim Order, Baker Botts needed to restart certain aspects of the
investigation and processes to comply with new requirements that specified which entities were

---

[1] As discussed in greater detail below, should Your Honor determine that Irico must review all of
the Chinese-language documents that hit on Plaintiffs' overbroad search terms, Irico would need
at least an additional 40 days from the current deadline to review and produce any responsive
documents from that set.  Irico would still plan to produce responsive materials from its proposed
search terms by October 23.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                      - 2 -

required to undertake specific requirements of Your Honor's Orders. As required, I have personally directed and supervised the efforts and processes described below.

Since the Second Interim Order, Irico and Baker Botts have completed the following tasks in accordance with U.S. discovery standards:[2]

- A Baker Botts attorney of record traveled to China along with a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor, to personally implement the investigative steps described below under my direction;

- The same Baker Botts attorney took physical custody of Mr. Su's former laptop and personally oversaw BDO's imaging of the laptop's complete content and forensic analysis of all recovered files;

- Baker Botts, through an interpreter, conducted interviews of 23 current or former employees of Irico Group and its subsidiaries regarding relevant issues, including their knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents;

- Baker Botts identified 15 custodians potentially in possession of relevant documents and undertook forensic collection of email and internal text messaging. *See* Attachment A for a list of the selected custodians;

- BDO, under the direction of Baker Botts, collected all emails and internal text messages from the messaging system (including attachments) for all 15 custodians directly from the back-end server used by Irico, for all relevant time periods without any additional limitation.[3] This resulted in over 72,000 documents being collected from the relevant custodians;

- Baker Botts, with assistance from BDO, collected certain other responsive materials based on the interviews described above, including HR files, official

---

[2] The list below is intended to provide Your Honor a high-level overview of the steps taken to comply with the Orders. Further details on the processes implemented will be provided in a declaration when the process is complete as required by the Orders.

[3] The relevant time periods used for collection were January 1, 2021, through September 1, 2023 (or the last day of employment with any Irico company), for any custodians with any knowledge or involvement regarding Mr. Su's requested deposition, and January 1, 2022, through September 1, 2023 (or the last day of employment with any Irico company), for all other custodians.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 3 -

personnel announcements, and personal WeChat communications from personal devices to the extent the individual permitted such collection;

- Baker Botts utilized the complete list of search terms offered by Plaintiffs on September 7th and also developed additional search terms based on information learned from the interviews and the targeted document collections described above to identify potentially responsive documents. BDO then applied Plaintiffs' proposed search terms to all collected emails, internal enterprise messaging and shared files, and files recovered from Mr. Su's laptop, resulting in over 40,000 documents with direct hits, making up over 55 percent of all files collected from custodians.[4] As discussed below in Part 2 of this letter, Baker Botts then applied a set of "Su qualifiers" to the Plaintiffs' proposed search terms and added additional relevant search terms based on our investigation, resulting in a subset of 3,300 documents with direct hits for further review and processing;[5]

- These potentially responsive materials were then screened for state secrets as required by Chinese law.  The state secret review was conducted by the AnJie law firm, one of China's largest and most highly regarded law firms, working with BDO under Baker Botts' direction, not under the direction of Irico. A small number of documents were withheld for state secret purposes and were handled as discussed below. All documents not deemed to contain states secrets were exported to a U.S.-based server for review by and under the supervision of Baker Botts attorneys;

- The three-week extension previously approved by the Special Master included one week from September 29 through October 6 that comprised the Chinese Golden Week holiday, a major annual holiday in China.  In seeking the previous three-week extension, Baker Botts had planned that all of the steps described above would have been completed and the materials would all be loaded to the U.S.-based server for review before the start of the Chinese Golden Week holiday.  Because of both logistical and technical challenges, and despite the efforts of Irico and its vendors during the holiday period, we were not able to accomplish all of those steps prior to the Golden Week holiday.  However, as of yesterday, this process is now complete for the search terms described above, i.e., those documents that hit on a search term subject to the "Su qualifiers" described below.  Baker Botts is now in

---

[4] To account for family members and potentially related internal messages and attachments, approximately 55,000 files in total were identified as either direct search hits on Plaintiffs' proposed terms or potentially related to those direct hits.

[5] Accounting for family members and potentially related internal messages and attachments, a total of approximately 9,400 files were identified and segregated for further review under the proposed terms with "Su qualifiers."

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 4 -

the process of conducting and directing the review of these materials for responsiveness and privilege;

- During this process, Baker Botts met and conferred twice with Plaintiffs regarding their proposed search terms and the need for reasonable limitations given the extremely high hit rate, and to discuss Baker Botts' proposed terms that incorporate such reasonable limitations, but Plaintiffs were not willing to discuss any specific limitations to their search terms, including applying the "Su qualifiers" to their search terms; and

- Finally, because state secret review was required before the documents could be transferred to the U.S. for responsiveness review, we had not yet determined whether any of the documents withheld for state secret purposes were responsive to the requirements of the Order. To address this issue, a bilingual U.S.-barred lawyer from the AnJie law firm, who was trained by Baker Botts regarding the scope of the Orders and worked under Baker Botts' direction, is conducting a relevance review of the documents withheld for state secret content.

## 2.   Dispute Regarding Search Terms

One of the most impactful changes in the Second Interim Order was that the Plaintiffs could provide search terms to be applied against the collected electronically stored information. As Your Honor is already aware, Plaintiffs took full advantage of Your Honor's offer and provided a list of around 80 terms without any qualifiers or limitations. *See* Attachment B. Most strikingly, Plaintiffs suggested search terms to be applied to the documents of all custodians without any requirement that any of these search terms relate to Mr. Su. As discussed below, this results in a gross over-identification of potentially responsive materials and would require an excessive degree of time and effort to review without the prospect of any meaningful uptick in responsive documents. Plaintiffs have declined to modify any the search terms to allow for some relevance to Mr. Su. Herein, Irico is proposing to apply all of Plaintiffs' search terms modified only by certain "Su qualifiers."

As detailed above, Baker Botts identified 15 custodians with ESI potentially responsive to the Orders. These custodians ranged from the most senior leadership at the company, to those in Human Resources who touched briefly on limited issues related to Mr. Su. Most of these individuals had only limited interactions, if any, with Mr. Su. Nonetheless, because our collection was comprehensive as to their electronic files on the company's servers, over 72,000 documents were collected during this process.

Despite most of these custodians having little to do with Mr. Su, over 40,000 of the documents hit on one of Plaintiffs' search terms. *See* Attachment C for Plaintiff search term hits on email files and Attachment D for Plaintiff search term hits on internal text messages. This was inevitable given that Plaintiffs made no effort to limit search terms to identify documents

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                          - 5 -

specifically relevant to Mr. Su.  For example, one of Plaintiffs search terms was "leadership." Plaintiffs seek to require Irico to identify and review every single document that used the word "leadership" regardless of whether it had any relevance to Mr. Su or whether Mr. Su was even mentioned in the document.[6]   Over 14,000 documents (approximately 20 percent of the collected documents) hit on this term alone when combining the hits in for emails and internal text messages. Similarly, Plaintiffs' search terms include numerous terms related to personnel and human resource functions but again make no effort to identify those documents specifically related to Mr. Su.  Given that three of the custodians actually work in the human resources area, it is no surprise that almost 4,000 documents hit on the term "Human Resources Department."  Again, applying Plaintiffs' unmodified search terms would require that we review all such documents for relevance, irrespective of whether they conceivably have anything to do with Mr. Su.

Baker Botts had already intended to use many of the same general terms that Plaintiffs suggested, as well as additional relevant terms that it intended to apply with appropriate qualifiers, consistent with U.S. discovery practice, to identify when those terms were used in reference to or related to Mr. Su.  These "Su qualifiers" simply require that any document hitting on Plaintiffs' search terms also include a term relating to Mr. Su either by his name (in various forms identified by Plaintiffs), his employee ID number, his citizen ID number or his email address.  Specifically, the "Su qualfiers" include:

- "苏晓华, " Mr. Su's full name in Chinese;
- "苏总, " an abbreviation for "General Manager Su," sometimes used to refer to Mr. Su by his former colleagues;
- Xiaohua, Mr. Su's given name in English;
- Mr. Su's 18-digit Chinese citizen ID number;
- 100751, Mr. Su's Irico employee ID number;
- sxh@ch.com.cn, Mr. Su's email address; and
- sxh, the prefix for Mr. Su's email address.

For example, Irico still ran the term for "leadership" but also required that term to appear somewhere in the same document as one of the Su qualifiers. This appropriate focus on Mr. Su reduced the number of hits on the term "leadership" from approximately 14,000 to approximately 1,000, which captures all instances where Mr. Su was mentioned or referenced in the same document as the term "leadership."   Applying these Su qualifiers to all of the search terms suggested by Plaintiffs reduced the total number of hits to be reviewed from over 40,000 to approximately 3,300 (not including attachments), a number much more in line with what would be expected given the narrow scope of the issues at hand and the broad responsibilities of most of

---

[6] Note that all of these documents are in Chinese, which increases the time and burden in reviewing materials and identifying responsive materials.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 6 -

the custodians.[7] *See* Attachment E for search term hits with "Su qualifiers" on email files and Attachment F for search term hits with "Su qualifiers" on internal text messages.[8]

Baker Botts presented these results to Plaintiffs in the hopes of limiting the searches to more reasonable terms, but Plaintiffs surprisingly refused to engage in any substantive discussion on specific search terms. Previously, when Irico raised concerns with Your Honor about the scope of the search terms, Plaintiffs assured Your Honor (and Irico) that: "To the extent Irico communicates any legitimate concerns about any of these terms, Plaintiffs will address them immediately …." Plaintiffs' Letter Response to Request for Extension, at 2 (Sept. 14, 2023). Instead, Plaintiffs took the view that Baker Botts was required to produce all responsive documents under Your Honor's Orders and "Plaintiffs cannot modify this requirement." *See* Attachment G. That suggestion is wrong on at least two fronts. First, it is diametrically opposed to the representation that Plaintiffs made to Your Honor that it could and would work with Baker Botts to address plainly legitimate issues with their search terms. Second, it undermines the Special Master's reasonable instruction, consistent with U.S. discovery practice, that search terms be used here as a way of identifying potentially relevant documents (rather than effectively demanding that Irico review every single communication from 15 employees over a span of years for targeted information relating to Mr. Su, which would be both unreasonable and unworkable).

So now Irico must ask for the Special Master's assistance in resolving this dispute. The Second Interim Order states: "If Irico's counsel deems any search terms improper, they can bring that matter to the undersigned's attention and withhold production of selected documents until the objection is resolved. But collection of responsive documents precedes objections." ECF No. 6324 at 5. Irico and Baker Botts are following Your Honor's guidance exactly. We have collected all of the relevant materials and provided search term hit results to the Plaintiffs and Your Honor, but we request reasonable modification to the Plaintiffs' search terms. As detailed above, we believe that adding the "Su qualifiers" described above to the search terms is appropriate and in accordance with U.S. discovery best practice, whereas Plaintiffs' unbounded search terms are not. Without awaiting the Special Master's decision on this dispute, we are moving forward on the review and production of documents that hit on the search terms applying the "Su qualifiers" and will be producing responsive materials as soon as possible.

---

[7] In our unsuccessful meet and confer conversations with Plaintiffs, they appeared to suggest that Baker Botts should focus on reviewing all or some set of the documents that that did not hit on any terms with "Su qualifiers" to confirm that none of the documents contain responsive information. Focusing our efforts on the documents *least* likely to contain responsive material, however, is backwards, and Plaintiffs know that this is impractical given the sheer volume of the documents that hit on their unqualified search terms as well as the restrictions in China on releasing documents until they have been reviewed for state secrets.

[8] Minor modifications have been made to these charts since they were provided to Plaintiffs to account for typographical errors and search corrections, neither of which impacted the search results in any meaningful way.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                       - 7 -

### 3.  Request for Extension of Ten Days

The identification, collection and processing of the responsive documents and the collection of relevant information has been a laborious process as detailed above.  We note again that the process requiring Baker Botts (and my own) direct involvement had to be restarted after the September 1st Order. Irico, Baker Botts and its vendors have faced many technical, logistical, and geographic hurdles, but we can assure the Special Master that extraordinary efforts have been undertaken and we have made substantial progress in the five weeks since its issuance.  However, because the potentially responsive materials from China were not able to be uploaded to the U.S. for completion of review until after the Chinese Golden Week holiday, which just concluded, we will not be able to fulfill all requirements of the Orders by the current deadline of October 13th.[9]

We intend to produce materials to Plaintiffs on a rolling basis beginning with an initial production of responsive materials by the current deadline of October 13th.  We believe we will need an additional 10 days (until October 23rd) to complete the review and production of the responsive materials and complete the other requirements of the Order, provided the Special Master approves the use of the Su qualifiers as discussed above.  Should Your Honor require the application of all of Plaintiffs' suggested search terms without the Su qualifiers, however, the volume of documents to be processed, reviewed for state secret content, and reviewed for responsiveness would increase by well over five-fold.  In that case, we estimate that Baker Botts would require an extension of at least 40 additional days from the current deadline to comply.

Thank you for your consideration of these issues.


                                    Sincerely,
                                    */s/ John Taladay*
                                    John Taladay


cc:     Tanveer Singh (tanveer.singh@fedarb.com)
        R. Alexander Saveri (rick@saveri.com)
        Geoffrey C. Rushing (geoff@saveri.com)

---

[9] As part of our meet and confer process, we asked for Plaintiffs' position on a one-week extension of the current deadline. Since the time of these discussions, there was a further, short delay in the transmission of the materials from China at the end of the Chinese Golden Week holiday so we now believe a ten-day extension will be necessary. Plaintiffs took no affirmative position on our request, but instead stated that the request "is more appropriately directed to Judge Walker."  *See* Attachment G.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                     - 8 -


Matthew D. Heaphy (mheaphy@saveri.com)
Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

# Attachment A

*Irico Custodian List - Oct. 6, 2023*

| Custodian Name | Position |
|---|---|
| Bao Yong | Secretary of Commission for Discipline Inspection of CCP Committee of Irico Group |
| Bing Zhang | Executive Director of Xianyang Irico Group Industrial Co., Ltd. |
| Gao Qian | General Business Supervisor and Confidential Officer of the Group Office of Irico Group |
| Guo Quan | Director of Group Office of Irico Group |
| Hao Li | Director of Company Office of Xianyang Irico Group Industrial Co, Ltd. |
| Mai Ya | HR Employee of Irico Group |
| Shi Feng | HR Director of Irico Group |
| Si Yuncong | (former) Chairman of Irico Group |
| Su Xiaohua | Focus of investigation |
| Wang Jijun | Chief Financial Officer, Irico (Foshan) Flat Panel Display Co., Ltd. and positions in other companies. |
| Xu Jinmei | Admin & HR Director of Irico (Foshan) Panel Display Co., Ltd. |
| Yang Yuanjiang | (former) General Manager of Irico Group |
| Zhang Dongling | Operation and Management Director of Irico (Foshan) Panel Display Co., Ltd. |
| Zhang Jiming | General Manager of Irico (Foshan) Panel Display Co., Ltd. and positions in other entities |
| Zhang Wenkai | Deputy General Counsel of Irico Group |

Attachment B

**Carter, Tom**

| | |
|---|---|
| **From:** | Matthew Heaphy <mheaphy@saveri.com> |
| **Sent:** | Thursday, September 7, 2023 2:57 PM |
| **To:** | Taladay, John; Werbel, Evan; Carter, Tom; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Cc:** | vrw@judgewalker.com; Tanveer Singh; Rick Saveri; Geoff Rushing; David Hwu; Mario Alioto; Lauren Capurro; Dan Birkhaeuser; Alan Plutzik |
| **Subject:** | In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |
| **Attachments:** | Plaintiffs Su Search Terms.xlsx |

**[EXTERNAL EMAIL]**

Counsel:

On behalf of DPPs and IPPs, attached please find Plaintiffs' search terms provided pursuant to the Special Master's Second Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions, dated September 1, 2023 (ECF No. 6275) (the "Order").

Plaintiffs request that Baker Botts provide a list of all additional search terms it intends to use in its compliance with the Order.

Thank you.

Matthew Heaphy
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
mheaphy@saveri.com
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

| Search Term | Comment | Source |
|---|---|---|
| 邀请函 | Invitation Letter | IRI-SU-000045 CONFIDENTIAL |
| 加州 | California | IRI-SU-000045 CONFIDENTIAL |
| 联邦法院 | Federal Court | IRI-SU-000045 CONFIDENTIAL |
| 王昭杰 | Wang Zhaojie | IRI-SU-000045 CONFIDENTIAL |
| 苏晓华 | Su Xiaohua | IRI-SU-000045 CONFIDENTIAL |
| Xiaohua | | IRI-SU-000133 CONFIDENTIAL |
| 闫云龙 | Yan Yunlong | IRI-SU-000045 CONFIDENTIAL |
| 张文凯 | Zhang Wenkai | IRI-SU-000045 CONFIDENTIAL |
| 马丁 | Ma Ding | IRI-SU-000045 CONFIDENTIAL |
| "████████" | Su Xiaohua's ID number | IRI-SU-000045 CONFIDENTIAL |
| "100751" | Su Xiaohua's Employee number | IRI-CRT-00031561 |
| 证人 | Witness | IRI-SU-000045 CONFIDENTIAL |
| 作证 | Testify | IRI-SU-000045 CONFIDENTIAL |
| 澳门 | Macau | IRI-SU-000045 CONFIDENTIAL |
| sxh@ch.com.cn | Su's work email | IRI-SU-000052 CONFIDENTIAL |
| zhangwenkai0713 | Zhang's email ID | IRI-SU-000052 CONFIDENTIAL |
| [All emails, email handles, and IDs used in WeChat and other communication platforms of the individuals named in this list] | | |
| 承诺书 | **Declaration** of personnel traveling abroad | IRI-SU-000052 CONFIDENTIAL |
| 苏总 | GM Su | IRI-SU-000052 CONFIDENTIAL |
| CRT | | IRI-SU-000129 CONFIDENTIAL |
| 反垄断 | Antitrust | IRI-SU-000129 CONFIDENTIAL |
| 诉讼 | Litigation | IRI-SU-000129 CONFIDENTIAL |
| 取证 | deposition | IRI-SU-000129 CONFIDENTIAL |
| 通行证 | Travel permit | IRI-SU-000129 CONFIDENTIAL |
| 签注 | Visa | IRI-SU-000129 CONFIDENTIAL |
| 赴港澳 | to Hong Kong and Macau | IRI-SU-000103 CONFIDENTIAL |
| 百尺竿头 | [Zhang Wenkai's WeChat alias] | IRI-SU-000103 CONFIDENTIAL |
| 尚婷婷 | Shang Ting Ting | IRI-SU-000129 CONFIDENTIAL |
| 香港 | Hong Kong | IRI-SU-000129 CONFIDENTIAL |
| 高倩 | Gao Qian | IRI-SU-000130 CONFIDENTIAL |
| 郭泉 | Guo Quan | IRI-SU-000130 CONFIDENTIAL |
| 焦润刚 | Jiao Rungang | IRI-SU-000130 CONFIDENTIAL |
| 白建刚 | Bai Jiangang | IRI-SU-000130 CONFIDENTIAL |
| 总经理 | General Manager | IRI-SU-000130 CONFIDENTIAL |
| 董事长 | Chairman | IRI-SU-000130 CONFIDENTIAL |
| 司总 | Chairman Si | IRI-SU-000131 CONFIDENTIAL |
| 美国法院 | American Courts | IRI-SU-000131 CONFIDENTIAL |
| 证据 | Evidence | IRI-SU-000131 CONFIDENTIAL |
| 法律事务 | Legal Affairs | IRI-SU-000131 CONFIDENTIAL |
| 领导 | Leadership | IRI-SU-000132 CONFIDENTIAL |
| 法务 | Legal Affairs | IRI-SU-000132 CONFIDENTIAL |
| 司云聪 | Si Yuncong | IRI-SU-000137 CONFIDENTIAL |
| 阳元江 | Yang Yuanjiang | IRI-SU-000137 CONFIDENTIAL |
| 包勇 | Bao Yong | IRI-SU-000137 CONFIDENTIAL |
| 石峰 | Shi Feng | IRI-SU-000137 CONFIDENTIAL |
| 人力资源部 | Human Resources Department | IRI-SU-000137 CONFIDENTIAL |
| 专题会 | Special Topic Meeting | IRI-SU-000137 CONFIDENTIAL |
| 离岗 | Depart from Post | IRI-SU-000137 CONFIDENTIAL |
| 提前 | ahead of time | IRI-SU-000137 CONFIDENTIAL |
| 实业 | IRICO Group **Industrial** Ltd. | IRI-SU-000137 CONFIDENTIAL |

| 华南 | Southern China | IRI-SU-000137 CONFIDENTIAL |
|---|---|---|
| | Irico Group Ltd. **Method for** Managing and | |
| 绩效考评办法 | **Evaluating Performance** of Managers | IRI-SU-000137 CONFIDENTIAL |
| **辞职** | Quit | IRI-SU-000141 CONFIDENTIAL |
| **申请** | Application | IRI-SU-000141 CONFIDENTIAL |
| **拖** | Delay | |
| **延** | Postpone | |
| 缓 | Postpone | |
| **慢** | Slow (to slow) | |
| **借口** | Excuse | |
| **藉口** | Excuse | |
| **彩管** | CRT | |
| **配合** | Cooperate | |
| **退休** | Retire | |
| **返聘** | Rehire | |
| 调岗 | Transfer jobs | |
| 顾问 | Consultant | |
| 劳务 | Labor Contract | |
| **离职** | Depart from Post | |
| **解除** | Dissolve | |
| 劳动关系 | Relationship of Employment | |
| 保险 | Insurance | |
| **年金** | Pension | IRI-CRT-00007138 |
| **个人账户** | Personal Account (Pension) | IRI-CRT-00007138 |
| 奖励 | Reward | IRI-CRT-00007138 |
| **养老** | Retirement | IRI-CRT-00007148 |
| **薪金** | Salary | |
| 补贴 | Allowance | |
| 绩效 | Performance | |
| 奖金 | Bonus | |

Attachment C

## Irico
### Search Terms Report

| Report Name: | 100923 Plaintiffs' Terms Email Server Data for All Custodian | Searchable Set: | 0237 Keyword Search Scope of Email Server on All |
|---|---|---|---|



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 10263 | 14958 | 1451 |

## Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "100751" | 3 | 60 | 0 | Su Xiaohua's employee number |
| ▮▮▮▮▮▮" | 17 | 45 | 0 | Su Xiaohua's ID number |
| bai | 36 | 244 | 1 | Bai Jiangang's email ID |
| baoyong | 241 | 261 | 184 | Bao Yong's email ID |
| CRT | 1,263 | 2,547 | 357 | |
| gqian | 678 | 2,040 | 380 | Gao Qian's email ID |
| gquan | 779 | 1,262 | 587 | Guo Quan's email ID |
| jiaorg | 3 | 9 | 0 | Jiao Rungang's email ID |
| mad | 125 | 479 | 1 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 833 | 1,273 | 0 | Su Xiaohua's work email |
| shangt123 | 10 | 32 | 0 | Shang Tingting's email ID |
| shf | 152 | 326 | 57 | Shi Feng's email ID |
| sxh | 833 | 1,273 | 0 | Su Xiaohua's email ID |
| wzj-xs | 20 | 76 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 190 | 756 | 1 | |
| yanyunlong | 1,120 | 2,771 | 1 | Yan Yunlong's email ID |
| zhangwenkai0713 | 2,660 | 8,842 | 346 | Zhang's email ID |
| 专题会 | 52 | 396 | 0 | Special Topic Meeting |
| 个人账户 | 65 | 217 | 19 | Personal Account (Pension) |
| 人力资源部 | 295 | 1,702 | 14 | Human Resources Department |
| 作证 | 550 | 1,260 | 0 | testify |
| 保险 | 440 | 2,644 | 11 | Insurance |
| 借口 | 2 | 4 | 0 | Excuse |
| 养老 | 364 | 1,697 | 0 | Retirement |
| 加州 | 45 | 128 | 0 | California |
| 劳务 | 453 | 2,026 | 76 | Labor Contract |
| 劳动关系 | 455 | 1,117 | 0 | Relationship of Employment |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|------|---------------------|---------------------------------------|-------------|------------------|
| 包勇 | 57 | 81 | 0 | Bao Yong |
| 华南 | 56 | 234 | 2 | Southern China |
| 反垄断 | 551 | 1,537 | 0 | Antitrust |
| 取证 | 105 | 390 | 3 | deposition |
| 司云聪 | 671 | 2,881 | 114 | Si Yuncong |
| 司总 | 737 | 3,416 | 50 | Chairman Si |
| 奖励 | 233 | 948 | 15 | Reward |
| 奖金 | 358 | 1,005 | 2 | Bonus |
| 实业 | 771 | 3,324 | 79 | Industry |
| 尚婷婷 | 12 | 37 | 0 | Shang Ting Ting |
| 年金 | 45 | 331 | 0 | Pension |
| 延 | 1,706 | 6,069 | 148 | Postpone |
| 张文凯 | 1,999 | 6,119 | 0 | Zhang Wenkai |
| 彩管 | 396 | 2,651 | 20 | CRT |
| 总经理 | 1,256 | 4,415 | 75 | General Manager |
| 慢 | 75 | 566 | 0 | Slow (to slow) |
| 承诺书 | 108 | 365 | 5 | Declaration of personnel traveling abroad |
| 拖 | 270 | 1,840 | 73 | Delay |
| 提前 | 466 | 3,126 | 20 | ahead of time |
| 法务 | 141 | 1,370 | 3 | Legal Affairs |
| 法律事务 | 894 | 3,143 | 3 | Legal Affairs |
| 澳门 | 227 | 755 | 0 | Macau |
| 焦润刚 | 12 | 35 | 0 | Jiao Rungang |
| 王昭杰 | 244 | 926 | 0 | Wang Zhaojie |
| 申请 | 1,470 | 5,668 | 237 | Application |
| 白建刚 | 31 | 204 | 0 | Bai Jiangang |
| 百尺竿头 | 3 | 9 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 133 | 385 | 1 | Shi Feng |
| 离岗 | 73 | 268 | 1 | Depart from Post |
| 离职 | 680 | 1,895 | 5 | Depart from Post |
| 签注 | 19 | 86 | 0 | Visa |
| 绩效 | 440 | 913 | 19 | Performance |
| 绩效考评办法 | 41 | 49 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 257 | 1,189 | 8 | Postpone |
| 美国法院 | 58 | 101 | 0 | American Courts |
| 联邦法院 | 9 | 16 | 0 | federal court |
| 苏总 | 209 | 510 | 0 | GM Su |
| 苏晓华 | 299 | 1,019 | 0 | Su Xiaohua |
| 董事长 | 817 | 3,687 | 13 | Chairman |
| 薪金 | 196 | 733 | 0 | Salary |
| 藉口 | 0 | 0 | 0 | Excuse |
| 补贴 | 489 | 1,795 | 33 | Allowance |
| 解除 | 497 | 1,643 | 3 | Dissolve |
| 证人 | 614 | 1,443 | 1 | witness |
| 证据 | 1,336 | 3,546 | 0 | Evidence |
| 诉讼 | 1,221 | 3,271 | 25 | Litigation |
| 调岗 | 5 | 7 | 0 | Transfer jobs |
| 赴港澳 | 14 | 78 | 0 | to Hong Kong and Macau |
| 辞职 | 138 | 583 | 1 | Quit |
| 返聘 | 20 | 310 | 0 | Rehire |
| 退休 | 642 | 2,776 | 24 | Retire |
| 通行证 | 77 | 255 | 0 | Travel permit |
| 邀请函 | 69 | 126 | 9 | invitation letter |
| 郭泉 | 99 | 262 | 0 | Guo Quan |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 配合 | 664 | 3,456 | 13 | Cooperate |
| 闫云龙 | 994 | 2,576 | 0 | Yan Yunlong |
| 阳元江 | 78 | 126 | 1 | Yang Yuanjiang |
| 顾问 | 775 | 1,732 | 9 | Consultant |
| 领导 | 1,405 | 4,567 | 130 | Leadership |
| 香港 | 1,730 | 4,574 | 267 | Hong Kong |
| 马丁 | 160 | 574 | 0 | Ma Ding |
| 高倩 | 222 | 582 | 1 | Gao Qian |

Attachment D

# Irico
## Search Terms Report

**Report Name:**   100923 Plaintiffs' Terms Terms on BM Data



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 30878 | 16421 |

## Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "100751" | 232 | 0 | Su Xiaohua's employee number |
| "▆▆▆▆▆▆" | 82 | 1 | Su Xiaohua's ID number |
| bai | 4 | 0 | Bai Jiangang's email ID |
| baoyong | 1 | 0 | Bao Yong's email ID |
| CRT | 571 | 36 | |
| gqian | 13 | 3 | Gao Qian's email ID |
| gquan | 4 | 1 | Guo Quan's email ID |
| jiaorg | 4 | 0 | Jiao Rungang's email ID |
| mad | 4 | 0 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 7 | 0 | Su Xiaohua's work email |
| shangtt123 | 8 | 0 | Shang Tingting's email ID |
| shf | 6 | 0 | Shi Feng's email ID |
| sxh | 8 | 0 | Su Xiaohua's email ID |
| wzj-xs | 1 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 8 | 0 | |
| yanyunlong | 17 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 | 21 | 0 | Zhang's email ID |
| 专题会 | 906 | 31 | Special Topic Meeting |
| 个人账户 | 30 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|------|--------------------:|------------:|------------------|
| 人力资源部 | 3,631 | 257 | Human Resources Department |
| 作证 | 401 | 7 | testify |
| 保险 | 1,448 | 49 | Insurance |
| 借口 | 26 | 0 | Excuse |
| 养老 | 762 | 29 | Retirement |
| 加州 | 85 | 0 | California |
| 劳务 | 1,980 | 109 | Labor Contract |
| 劳动关系 | 672 | 6 | Relationship of Employment |
| 包勇 | 1,447 | 517 | Bao Yong |
| 华南 | 2,010 | 347 | Southern China |
| 反垄断 | 544 | 12 | Antitrust |
| 取证 | 237 | 16 | deposition |
| 司云聪 | 1,276 | 73 | Si Yuncong |
| 司总 | 2,543 | 81 | Chairman Si |
| 奖励 | 2,657 | 90 | Reward |
| 奖金 | 1,503 | 7 | Bonus |
| 实业 | 5,448 | 843 | Industry |
| 尚婷婷 | 345 | 76 | Shang Ting Ting |
| 年金 | 268 | 11 | Pension |
| 延 | 2,784 | 188 | Postpone |
| 张文凯 | 1,633 | 508 | Zhang Wenkai |
| 彩管 | 395 | 6 | CRT |
| 总经理 | 5,470 | 117 | General Manager |
| 慢 | 315 | 40 | Slow (to slow) |
| 承诺书 | 376 | 34 | Declaration of personnel traveling abroad |
| 拖 | 642 | 33 | Delay |
| 提前 | 2,021 | 252 | ahead of time |
| 法务 | 767 | 35 | Legal Affairs |
| 法律事务 | 1,108 | 7 | Legal Affairs |
| 澳门 | 296 | 5 | Macau |
| 焦润刚 | 988 | 166 | Jiao Rungang |
| 王昭杰 | 440 | 5 | Wang Zhaojie |
| 申请 | 3,803 | 562 | Application |
| 白建刚 | 873 | 109 | Bai Jiangang |
| 百尺竿头 | 7 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 3,095 | 1,357 | Shi Feng |
| 离岗 | 1,307 | 8 | Depart from Post |
| 离职 | 993 | 48 | Depart from Post |
| 签注 | 112 | 1 | Visa |
| 绩效 | 3,866 | 109 | Performance |
| 绩效考评办法 | 522 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 1,007 | 147 | Postpone |
| 美国法院 | 79 | 0 | American Courts |
| 联邦法院 | 44 | 0 | federal court |
| 苏总 | 544 | 98 | GM Su |
| 苏晓华 | 2,638 | 297 | Su Xiaohua |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 董事长 | 2,281 | 21 | Chairman |
| 薪金 | 937 | 0 | Salary |
| 藉口 | 0 | 0 | Excuse |
| 补贴 | 2,143 | 56 | Allowance |
| 解除 | 1,964 | 36 | Dissolve |
| 证人 | 380 | 5 | witness |
| 证据 | 607 | 11 | Evidence |
| 诉讼 | 1,506 | 43 | Litigation |
| 调岗 | 78 | 0 | Transfer jobs |
| 赴港澳 | 43 | 0 | to Hong Kong and Macau |
| 辞职 | 555 | 0 | Quit |
| 返聘 | 746 | 0 | Rehire |
| 退休 | 2,894 | 72 | Retire |
| 通行证 | 227 | 5 | Travel permit |
| 邀请函 | 101 | 3 | invitation letter |
| 郭泉 | 1,474 | 517 | Guo Quan |
| 配合 | 2,521 | 132 | Cooperate |
| 闫云龙 | 854 | 43 | Yan Yunlong |
| 阳元江 | 1,025 | 188 | Yang Yuanjiang |
| 顾问 | 1,481 | 13 | Consultant |
| 领导 | 12,985 | 3,029 | Leadership |
| 香港 | 1,259 | 176 | Hong Kong |
| 马丁 | 248 | 17 | Ma Ding |
| 高倩 | 3,069 | 1,921 | Gao Qian |

Report Generated:   10/9/2023 17:52          Page 1 of 1

Attachment E



Irico
**Search Terms Report**

| Report Name: | 100923 Proposed Terms Terms Searches on Email Sever Data | Searchable Set: | 0237 Keyword Search Scope of Email Server on All |

[Bar chart showing:
- Total documents with hits: 919
- Total documents with hits, including Family: 1,989
- Total documents without hits: 14,420]

## Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 919 | 1989 | 14420 |

## Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 79 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 59 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 130 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 68 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 3 | 0 | upper age limit for appointment |
| "作证" AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 169 | 377 | 4 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 25 | 25 | 0 | removal |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "内退" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 47 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Zunkun |
| "尊绅" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 137 | 740 | 0 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 106 | 1 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new position |
| "最后工作日" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 103 | 349 | 2 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 66 | 0 | leaving office |
| "离岗" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 57 | 0 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 198 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 126 | 445 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | old mother |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "证人" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 134 | 317 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 172 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 80 | 407 | 0 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 204 | 5 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 287 | 3 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 129 | 4 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Bao Yong's email ID |
| CRT AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 202 | 678 | 40 | |
| gqian AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 57 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shang Tingting's email ID |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|------|---------------------|----------------------------------------|-------------|------------------|
| shf AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 17 | 47 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 233 | 708 | 2 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 269 | 705 | 1 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 9 | 0 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 15 | 2 | Personal Account (Pension) |
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 409 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 205 | 1 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR "█ ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 62 | 0 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 206 | 0 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 162 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 33 | 0 | Bao Yong |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 华南 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 100 | 0 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 408 | 0 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 14 | 67 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 97 | 456 | 0 | Si Yuncong |
| 司总 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 349 | 0 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏金 OR "sxh") | 26 | 101 | 0 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 6 | 75 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 289 | 0 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 31 | 0 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 95 | 309 | 0 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 279 | 865 | 0 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 334 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 88 | 547 | 0 | General Manager |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 慢 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 58 | 3 | Declaration of personnel traveling abroad |
| 拖 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 10 | 40 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 71 | 123 | 0 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 248 | 1 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 201 | 601 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 89 | 258 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 146 | 655 | 2 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 105 | 350 | 3 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 11 | 52 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 46 | 0 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 143 | 555 | 1 | Depart from Post |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 27 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 82 | 1 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 37 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 173 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏金 OR "sxh") | 82 | 545 | 0 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 31 | 191 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 135 | 0 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 802 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 151 | 607 | 0 | Litigation |
| 调岗 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 34 | 0 | to Hong Kong and Macau |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 返聘 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 75 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 30 | 1 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 107 | 219 | 0 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 231 | 842 | 7 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 38 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 62 | 188 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 113 | 485 | 1 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 494 | 807 | 362 | Hong Kong |
| 马丁 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 100 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian |

Attachment F

## Irico
## Search Terms Report

**Report Name:** 100923 Proposed Terms on BM Data



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 2415 | 48925 |

## Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR <br> OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR <br> OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR <br> OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR <br> OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 78 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR <br> OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 13 | 0 | upper age limit for appointment |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "作证" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 50 | 0 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 45 | 0 | removal |
| "内退" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 699 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Zunkun |
| "尊押" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 13 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR ▇▇▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 136 | 4 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | new position |
| "最后工作日" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 293 | 5 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 0 | leaving office |

| Term | Documents with hits | Unique hits | Translation/Note |
|------|---------------------|-------------|------------------|
| "离岗" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 629 | 2 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 385 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 0 | old mother |
| "证人" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 26 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 60 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR ▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 863 | 1 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 144 | 0 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR ▇▇▇ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bao Yong's email ID |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| CRT AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 6 | |
| gqian AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shang Tingting's email ID |
| shf AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 87 | 6 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR ▮ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 132 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 408 | 6 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 382 | 7 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 906 | 48 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 247 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 0 | Bao Yong |
| 华南 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 550 | 36 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 4 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 47 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR ▬▬▬▬▬ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 0 | Si Yuncong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 司总 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 119 | 2 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 597 | 5 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 741 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 648 | 68 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 1 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 199 | 4 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 687 | 11 | General Manager |
| 慢 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 2 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR ▓▓▓▓ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 1 | Declaration of personnel traveling abroad |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 拖 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 118 | 5 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 6 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 52 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 0 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 310 | 19 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 2 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR ███████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 0 | Depart from Post |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 41 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 846 | 5 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 116 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 125 | 1 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 602 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 767 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 412 | 1 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 98 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR [redacted] OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 187 | 0 | Litigation |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 调岗 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 7 | 0 | to Hong Kong and Macau |
| 返聘 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 407 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 44 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 222 | 13 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 482 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 964 | 48 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR ███ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 191 | 1 | Hong Kong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 马丁 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 18 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR ████████ OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 0 | Gao Qian |

**Report Generated:**   10/9/2023 17:38                         Page 1 of 1

Attachment G

**Carter, Tom**

| | |
|---|---|
| **From:** | Lauren Russell <LaurenRussell@TATP.com> |
| **Sent:** | Friday, October 6, 2023 8:00 PM |
| **To:** | Werbel, Evan; Carter, Tom; Matthew Heaphy; Rick Saveri |
| **Cc:** | Geoff Rushing; David Hwu; Mario Alioto; Dan Birkhaeuser; Alan Plutzik; Taladay, John; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Subject:** | RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |

[EXTERNAL EMAIL]

Evan:

We have discussed and considered your request that Plaintiffs agree to your proposed limitations of our search terms, but we cannot agree to your request. We are not able to test your proposed limiters or have any visibility into the results of the searches to know whether responsive documents are being missed.

Judge Walker's Order requires Baker Botts to search for and "produce to plaintiffs *all* non-privileged documents responsive to the Su Order and this order and a privilege log for any withheld documents." Interim Order at 9 (emphasis added). Plaintiffs cannot modify this requirement. Judge Walker gave Plaintiffs the opportunity to propose search terms, which we did, but ultimately it is Baker Botts' responsibility to ensure that whatever search methodologies are used, all responsive documents are captured.

As for your requested extension of time to comply with Judge Walker's Order, that request is more appropriately directed to Judge Walker. However, Plaintiffs note that you were aware of Plaintiffs' search terms as well as any Chinese government review requirements when you requested the three-week extension. In addition, given that you are only looking for documents relating to Mr. Su's resignation, many relevant documents should be identifiable without search terms. Any such documents should be produced by the current deadline, along with the other information ordered by Judge Walker that does not involve review of search results.

Regards,

Lauren


Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
Telephone: (415) 860-5051
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Friday, October 6, 2023 3:37 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Matthew Heaphy <mheaphy@saveri.com>; Rick Saveri <rick@saveri.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan

Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt and all, As requested, attached is a list of the 15 custodians that we have been discussing along with information on their relevant positions and entities.  We are  also looking into the other questions that you raised during our meet and confer today.  The preliminary response that we received on deduplication of emails and internal texts is that all the search results have been deduped, but we are confirming further and will get back to you on that issue and the others discussed.

We look forward to hearing from Plaintiffs on the key word searches and on the request for an extension.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 4:43 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, please see attached.  The terms added by Irico (not including duplicative terms with Plaintiffs' list) are marked in blue at the bottom of the list.

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 3:30 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

**[EXTERNAL EMAIL]**

Tom:

Per our discussion, could you please provide a list of Irico's additional search terms?

Thanks,
Matt

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 11:40 AM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, for discussion on the call at noon Pacific, please see the attached search term hit reports.

Thanks,
Tom

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 1:42 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Evan:

Plaintiffs are available today at noon Pacific. Could you please circulate a call-in number?

Best,
Matt

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, October 4, 2023 1:10 PM
**To:** Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Matthew Heaphy <mheaphy@saveri.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Lauren and Rick, Are Plaintiffs available tomorrow to meet and confer regarding the search terms for the Su investigation?   How about 12:00 Pacific?  If that does not work, let us know if there is another time that does.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# EXHIBIT B



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa 1-888-856-2228
int +1-310-684-3153
fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **PROPOSAL ON SU XIAOHUA'S EARLY DEPARTURE FROM MANAGERIAL POSITION** |
|  |
| **IRI-SU-000402 - IRI-SU-000403** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.











CONFIDENTIAL



CONFIDENTIAL

IRI-SU-000403

# EXHIBIT C



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **REGARDING THE PROPOSAL FOR SU XIAOHUA GOING OFF-DUTY EARLY DUE TO** |
| **REACHING THE AGE LIMIT FOR HOLDING POSITIONS** |
| **IRI-SU-000400** |
| |

| Source Language: | **CHINESE** | Target Language: | **ENGLISH** |
|---|---|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





CONFIDENTIAL



CONFIDENTIAL

# EXHIBIT D



info@certifiedtranslate.com | 2425 Olympic Blvd., Suite 4000W | usa 1-888-856-2228
www.certifiedtranslate.com | Santa Monica, CA 90404 | int +1-310-684-3153
| | fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
|---|
| **RESIGNATION REPORT** |
| **SU XIAOHUA** |
| **IRI-SU-000141** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   March 3, 2023

A copy of the translated version(s) is attached to this statement of certification.







**CONFIDENTIAL**

**IRI-SU-000141**

# EXHIBIT E



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa 1-888-856-2228
int +1-310-684-3153
fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

## CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **IRICO GROUP CO., LTD. MEETING MINUTES** |
| **APRIL 7, 2022** |
| **IRI-SU-000137 through IRI-SU-000140** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   January 12, 2023

A copy of the translated version(s) is attached to this statement of certification.





- 1 -

CONFIDENTIAL



- 2 -

CONFIDENTIAL                                          IRI-SU-000138E_TRANSLATION



CONFIDENTIAL

IRI-SU-000139E_TRANSLATION



- 4 -

CONFIDENTIAL                                        IRI-SU-000140E_TRANSLATION



**CONFIDENTIAL**

**IRI-SU-000137**



**CONFIDENTIAL**

**IRI-SU-000138**



**CONFIDENTIAL**

**IRI-SU-000139**





**CONFIDENTIAL**

**IRI-SU-000140**

# EXHIBIT F



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa   1-888-856-2228
int   +1-310-684-3153
fax   +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
|---|
| **SYSTEM COMMUNICATIONS / EXCEL SHEET** |
|  |
| **IRI-SU-001356** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





CONFIDENTIAL
IRI-SU-001356



CONFIDENTIAL

# EXHIBIT G



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa 1-888-856-2228
int +1-310-684-3153
fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **PROPOSAL FOR THE ADJUSTMENT OF GROUP STRUCTURE AND MANAGERIAL STAFF** |
| |
| **IRI-SU-000415 - IRI-SU-000417** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.













IRI-SU-000415



CONFIDENTIAL

IRI-SU-000416



CONFIDENTIAL

# EXHIBIT H





info@certifiedtranslate.com   2425 Olympic Blvd., Suite 4000W   usa  1-888-856-2228
www.certifiedtranslate.com    Santa Monica, CA 90404        int  +1-310-684-3153
                                                            fax  +1-310-564-1944

**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **MEMO REGARDING THE RECOMMENDATION OF ZHANG JIMING** |
|  |
| **IRI-SU-000208** |
|  |

| Source Language: | **CHINESE** | Target Language: | **ENGLISH** |
| --- | --- | --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.







- 1 -

CONFIDENTIAL

IRI-SU-000208

# EXHIBIT I



info@certifiedtranslate.com   2425 Olympic Blvd., Suite 4000W   usa 1-888-856-2228
www.certifiedtranslate.com   Santa Monica, CA 90404   int +1-310-684-3153
fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **SYSTEM COMMUNICATIONS / EXCEL SHEET** |
| |
| **IRI-SU-001446** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





CONFIDENTIAL



CONFIDENTIAL

# EXHIBIT J



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
|---|
| **NOTICE ON THE DISTRIBUTION OF AWARDS AND HOLIDAY BONUSES** |
|  |
| **IRI-SU-000421 - IRI-SU-000423** |
|  |

| Source Language: | **CHINESE** | Target Language: | **ENGLISH** |
|---|---|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.









CONFIDENTIAL

IRI-SU-000422E_TRANSLATION





IRI-SU-000423E_TRANSLATION



1

IRI-SU-000421



2

CONFIDENTIAL

IRI-SU-000422



3

CONFIDENTIAL

IRI-SU-000423

# EXHIBIT K



info@certifiedtranslate.com     2425 Olympic Blvd., Suite 4000W     usa  1-888-856-2228
www.certifiedtranslate.com      Santa Monica, CA 90404              int  +1-310-684-3153
                                                                    fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **SOUTH CHINA REGION – MID-LONG TERM CONTRACT WORKERS SALARY SHEET 1 FOR AUGUST 2023** |
| |
| **IRI-SU-001467** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



CONFIDENTIAL

# EXHIBIT L



info@certifiedtranslate.com | 2425 Olympic Blvd., Suite 4000W | usa 1-888-856-2228
www.certifiedtranslate.com | Santa Monica, CA 90404 | int +1-310-684-3153
| | fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

## CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **MONTHLY REPORT ON THE EXECUTION OF THE TOTAL SALARY BUDGET** |
| **FOR THE YEAR 2022 (JULY TAB)** |
| **IRI-SU-000845** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



IRI-SU-000845E_TRANSLATION



CONFIDENTIAL



CONFIDENTIAL

# EXHIBIT M



info@certifiedtranslate.com   2425 Olympic Blvd., Suite 4000W      usa  1-888-856-2228
www.certifiedtranslate.com    Santa Monica, CA 90404             int  +1-310-684-3153
                                                                 fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **SYSTEM COMMUNICATIONS / EXCEL SHEET** |
|  |
| **IRI-SU-001344** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director             **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





CONFIDENTIAL



CONFIDENTIAL

# EXHIBIT N



info@certifiedtranslate.com   2425 Olympic Blvd., Suite 4000W   usa  1-888-856-2228
www.certifiedtranslate.com    Santa Monica, CA 90404    int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

## CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
|  |
| **REQUEST FOR COMMENTS ON AUDIT REPORT (EXCERPT)** |
|  |
| **IRI-SU-000190, IRI-SU-000197, IRI-SU-000198** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



1



6

IRI-SU-000197E_TRANSLATION



7

IRI-SU-000198E_TRANSLATION



1

CONFIDENTIAL

IRI-SU-000190



6

CONFIDENTIAL



7

IRI-SU-000198

# EXHIBIT O



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

## CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **CHAT MESSAGES** |
| |
| **IRI-SU-000199, IRI-SU-000165** |
| |

| | |
|---|---|
| Source Language:   **CHINESE** | Target Language:   **ENGLISH** |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.







CONFIDENTIAL



CONFIDENTIAL

# EXHIBIT P



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa 1-888-856-2228
int +1-310-684-3153
fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **CHAT MESSAGES** |
|  |
| **IRI-SU-000177** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director               **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





CONFIDENTIAL



CONFIDENTIAL

# EXHIBIT Q



info@certifiedtranslate.com | 2425 Olympic Blvd., Suite 4000W | usa 1-888-856-2228
www.certifiedtranslate.com | Santa Monica, CA 90404 | int +1-310-684-3153
| | fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| |
| **CHAT MESSAGES** |
| |
| **IRI-SU-000188** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director         **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





CONFIDENTIAL



CONFIDENTIAL

# EXHIBIT R



info@certifiedtranslate.com | 2425 Olympic Blvd., Suite 4000W | usa 1-888-856-2228
www.certifiedtranslate.com | Santa Monica, CA 90404 | int +1-310-684-3153
| | fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **SYSTEM COMMUNICATIONS / EXCEL SHEET** |
|  |
| **IRI-SU-001454** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director                    **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





CONFIDENTIAL

IRI-SU-001454



CONFIDENTIAL

# EXHIBIT S



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| |
| **SYSTEM COMMUNICATIONS / EXCEL SHEET** |
| |
| **IRI-SU-001450** |
| |

| Source Language:  **CHINESE** | Target Language:  **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director                **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





CONFIDENTIAL                                                    IRI-SU-001450E_TRANSLATION



CONFIDENTIAL



CONFIDENTIAL

# EXHIBIT T



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **EMAIL CORRESPONDENCE /** |
| **MEETING MINUTES OF THE BOARD OF DIRECTORS OF ORION CO., LTD** |
| **IRI-SU-000233, IRI-SU-000236** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**    Sean Kirschenstein, Director          **Date:**    November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





1



CONFIDENTIAL



1

# DOCUMENT 26

# BAKER BOTTS LLP

| | | |
|---|---|---|
| 700 K STREET, N.W.<br>WASHINGTON, D.C.<br>20001<br><br>TEL +1 202.639.7700<br>FAX +1 202.639.7890<br>BakerBotts.com | AUSTIN<br>BRUSSELS<br>DALLAS<br>DUBAI<br>HOUSTON<br>LONDON | NEW YORK<br>PALO ALTO<br>RIYADH<br>SAN FRANCISCO<br>SINGAPORE<br>**WASHINGTON** |

November 16, 2023

CONFIDENTIAL

VIA E-MAIL [VRW@JUDGEWALKER.COM]

John Taladay<br>TEL: 2026397909<br>FAX: 2026391165<br>john.taladay@bakerbotts.com

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

Re:     In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
        No. 07-CV-944-JST

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")
write in reference to Plaintiffs' Motion for Discovery Sanctions (the "Motion"). As previously
reported, in response to the Special Master's First and Second Interim Reports and
Recommendations dated August 4, 2023 (ECF No. 6233), and September 1, 2023 (ECF No. 6275)
(collectively, the "Orders"), counsel for Irico made supplemental productions of documents to
Plaintiffs on October 13 and 23, 2023, regarding the departure of Su Xiaohua from Irico. Those
productions reflect that the basic information and circumstances of Mr. Su's departure remain
largely unchanged. In the interest of ensuring accurate disclosures, however, certain clarifications
to prior factual representations to the Special Master are summarized below and provided in the
attached documents.

- As previously disclosed to the Special Master, the earliest written evidence of Mr.
  Su's intent to resign from his positions at Irico are minutes of an April 7, 2022,
  meeting of Irico Group's leadership ("April 7 Meeting"). *See* Attachment A (IRI-
  SU-000137E). Under standard Irico personnel policies, Mr. Su was entitled to
  resign from all management roles at the end of the year in which he turned 58 years
  old, which was December 2022. *See* Attachment B (IRI-SU-001254E) at -278E.
  We now understand that, at the April 7 Meeting, Irico Group leadership was
  approving a request to resign from his management roles before December 2022
  that Mr. Su had made orally to at least one participant of the April 7 Meeting. Mr.
  Su's pending deposition was not raised, discussed or considered by the participants
  in the April 7 Meeting. The April 7 Meeting did not specify a particular date by
  which Mr. Su could or would resign from his positions.

- At some time following the April 7 Meeting, the Irico Group Human Resources
  department began the process of drafting paperwork and initiating required

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

procedures to execute on this approval pursuant to the Irico personnel policies described above. *See, e.g.*, Attachment C (IRI-SU-001423E). Those procedures included interactions between the Human Resources departments of Irico Group and Xianyang Irico Group Industrial Co., Ltd. ("Irico Industrial"). Irico Industrial was the Irico Group subsidiary that directly managed Mr. Su's management appointments. *See id.* Attachment D (IRI-SU-001446E); Attachment I (IRI-SU-001436E). The Human Resources departments of both Irico Group and Irico Industrial also coordinated with the appropriate entities within the Chinese Communist Party. *See id.*; Attachment E (IRI-SU-000400E).

- At the request of Ms. Hao Li, the head of the Irico Industrial Human Resources department, Mr. Su submitted a letter dated May 5, 2022, to effectuate his departure that had been approved at the April 7 Meeting (the "May 5 Letter"). *See* Attachment F (IRI-SU-000402E) at -403E.

- Later in May 2022, Ms. Hao contacted Mr. Su by phone to request a second version of the May 5 Letter that included different wording regarding Mr. Su's intent to terminate his employment relationship with the company. We understand that this second version of the letter was requested because Ms. Hao was not certain which version of the letter was required to process Mr. Su's request to resign early from his management roles. Mr. Su subsequently delivered a copy of this second letter, dated May 25, 2022, in person, to Ms. Hao in Xianyang, China. *See* Attachment G (IRI-SU-000141E). For reference, Attachment G includes Plaintiffs' proffered translation of Mr. Su's May 25 letter, which incorrectly describes the date of the letter as "illegible," the subject of an outstanding translation dispute. This fact that this letter was requested by Ms. Hao after May 5 confirms that May 25, *not* March 25 as speculated by Plaintiffs, is the correct date. *See id.*

- Zhang Wenkai, Assistant General Counsel for Irico Group, was the sole person in contact with Mr. Su regarding the planning of Mr. Su's deposition. Mr. Zhang learned of Mr. Su's intent to leave Irico on May 31, 2022. At no point prior to May 31, 2022, did Mr. Su notify Mr. Zhang or anyone in the Irico Group legal department, regarding his intent to leave Irico. As the Special Master is aware from our prior submissions and documentation, Mr. Su continued to work with Mr. Zhang on the logistics for planning his deposition throughout May 2022. *See* Irico Opposition to Plaintiffs' Motion for Discovery Sanctions (Apr. 21, 2023) at 28-29. When Mr. Zhang learned of Mr. Su's intent to resign from his positions at Irico, he quickly contacted Mr. Su. Mr. Su then informed Mr. Zhang that he refused to travel to Macau for a deposition.

- A replacement manager to succeed Mr. Su was identified by June 6, 2022. *See* Attachment H (IRI-SU-001006E). Official paperwork to effectuate the formal appointment of Mr. Su's successor and formalize the dismissal of Mr. Su was

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 3 -

initially drafted by June 13, 2022, and was finalized and effective on June 17, 2022. *See, e.g.*, Attachment I (IRI-SU-001436E); Attachment J (IRI-SU-000208E). A July 28, 2022 shareholder resolution for Irico (Foshan) Flat Panel Display Co., Ltd. confirmed Mr. Su's removal as a director and manager of the company. See *id.* at -210E.

- We have learned that, pursuant to standard Irico personnel policies and Chinese government regulations, Mr. Su was entitled to receive a monthly living expense stipend from Irico until reaching age 60 as well as certain social insurance benefits. *See* Attachment K (IRI-SU-001473). Mr. Su first received that stipend in July 2022, *see* Attachment L (IRI-SU-001470E), and will continue to receive it on a monthly basis until he reaches the age of 60.

Nothing in this letter or attachments is intended to constitute waiver of any rights or privileges. Any inadvertent disclosure of privileged material should not be construed as a waiver of privilege, as it is Irico's intention to maintain privilege as to all such matters. Please do not hesitate to contact me if you have any questions about the above corrective disclosures.

Sincerely,
*/s/ John M. Taladay*
John M. Taladay

cc:    Tanveer Singh (tanveer.singh@fedarb.com)
        R. Alexander Saveri (rick@saveri.com)
        Geoffrey C. Rushing (geoff@saveri.com)
        Matthew D. Heaphy (mheaphy@saveri.com)
        Mario N. Alioto (malioto@tatp.com)
        Lauren C. Capurro (laurenrussell@tatp.com)
        Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

Attachment A



info@certifiedtranslate.com     2425 Olympic Blvd., Suite 4000W     usa   1-888-856-2228
www.certifiedtranslate.com      Santa Monica, CA 90404               int   +1-310-684-3153
                                                                    fax   +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
|---|
|  |
| **IRICO GROUP CO., LTD. MEETING MINUTES** |
| **APRIL 7, 2022** |
| **IRI-SU-000137 through IRI-SU-000140** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   January 12, 2023

A copy of the translated version(s) is attached to this statement of certification.



- 1 -

CONFIDENTIAL

IRI-SU-000138E_TRANSLATION



- 3 -

CONFIDENTIAL   IRI-SU-000139E_TRANSLATION

certifiedtranslate

www.certifiedtranslate.com





- 4 -







Attachment B



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-001254 -  IRI-SU-001255

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

1

IRI-SU-001254_E Translation



2



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-001278-  IRI-SU-001279

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

25

IRI-SU-001278_E Translation



26

CONFIDENTIAL



1

CONFIDENTIAL

IRI-SU-001254



2

CONFIDENTIAL

IRI-SU-001255



3

IRI-SU-001256



4

IRI-SU-001257



5

CONFIDENTIAL



6

IRI-SU-001259



7

IRI-SU-001260



8

CONFIDENTIAL

IRI-SU-001261



9

IRI-SU-001262



10

IRI-SU-001263



11

CONFIDENTIAL



12

CONFIDENTIAL

IRI-SU-001265



13

CONFIDENTIAL



14

CONFIDENTIAL

IRI-SU-001267



15



16

IRI-SU-001269



17

CONFIDENTIAL



18

CONFIDENTIAL



19

CONFIDENTIAL



20

CONFIDENTIAL



21

IRI-SU-001274



22

CONFIDENTIAL



23

IRI-SU-001276



24

CONFIDENTIAL



25

CONFIDENTIAL



CONFIDENTIAL

IRI-SU-001279



CONFIDENTIAL

IRI-SU-001280

Attachment C



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates number: IRI-SU-001423

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor<br/>
New York, NY 10018<br/>
212.581.8870





CONFIDENTIAL



Attachment D



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates number: IRI-SU-001446

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

CONFIDENTIAL
IRI-SU-001446



Attachment E



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates number: IRI-SU-000400

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number: BBLLP_2311_P0043

CONFIDENTIAL

IRI-SU-000400_E Translation



CONFIDENTIAL

Attachment F



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-000402-  IRI-SU-000403

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL



CONFIDENTIAL

IRI-SU-000403

Attachment G



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

## CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **RESIGNATION REPORT** |
| **SU XIAOHUA** |
| **IRI-SU-000141** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   March 3, 2023

A copy of the translated version(s) is attached to this statement of certification.







# Attachment H



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-001006-  IRI-SU-001007

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870



CONFIDENTIAL





IRI-SU-001006



CONFIDENTIAL

Attachment I



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates number: IRI-SU-001436

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870





CONFIDENTIAL



# Attachment J



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-000208 -  IRI-SU-000210

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043



CONFIDENTIAL

IRI-SU-000208_E Translation



CONFIDENTIAL                                                      IRI-SU-000209_E Translation



CONFIDENTIAL



- 1 -

CONFIDENTIAL

IRI-SU-000208



CONFIDENTIAL

IRI-SU-000209



CONFIDENTIAL

Attachment K



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-001473 -  IRI-SU-001474

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

-1-

CONFIDENTIAL

IRI-SU-001473_E Translation



CONFIDENTIAL

IRI-SU-001474_E Translation



- 1 -

CONFIDENTIAL



- 2 -

CONFIDENTIAL

IRI-SU-001474

Attachment L



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates number: IRI—SU-001470

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number: BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

CONFIDENTIAL



CONFIDENTIAL

IRI-SU-001470

# DOCUMENT 27

# BAKER BOTTS LLP

| | | |
|---|---|---|
| 700 K STREET, N.W. | AUSTIN | NEW YORK |
| WASHINGTON, D.C. | BRUSSELS | PALO ALTO |
| 20001 | DALLAS | RIYADH |
| | DUBAI | SAN FRANCISCO |
| TEL +1 202.639.7700 | HOUSTON | SINGAPORE |
| FAX +1 202.639.7890 | LONDON | **WASHINGTON** |
| BakerBotts.com | | |

November 28, 2023

**CONFIDENTIAL**

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

   Re: In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
     No. 07-CV-944-JST

Dear Judge Walker:

   Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") respectfully submit this response to Plaintiffs' Nov. 16, 2023, supplemental letter brief regarding Plaintiffs' motion for sanctions ("Su Letter Br.").

   Irico's own Nov. 16, 2023, letter clarifying prior representations regarding Mr. Su ("Su Clarification Letter") discloses the same underlying facts and documents about Mr. Su Xiaohua's departure from Irico that Plaintiffs rely on in their submission. Yet Plaintiffs' supplemental letter brief combines numerous misapprehensions and misstatements about those documents with inflammatory rhetoric in an attempt to paint Mr. Su's departure as some grand, nefarious scheme reflecting "deception" or "continuing misrepresentations" by Irico. These allegations are misplaced.

   At bottom, despite Plaintiffs' overblown claims to the contrary, the key facts regarding Mr. Su's departure remain the same: Mr. Su, notwithstanding his concerns about Covid-19 restrictions in place at the time, gave all appearances of cooperating with efforts to plan his deposition until late May of 2022 – before his travel visa could be obtained – at which time he informed the Irico Group legal department that he was leaving Irico and would not travel to complete his deposition. Thus, there was no moment in time at which Mr. Su was both willing and legally able to travel for his deposition such that Irico refused to produce him for deposition.

   Finally, the circumstances regarding Mr. Su's departure still cannot justify the terminating or other severe sanctions that Plaintiffs request. Mr. Su was in no way a key witness to the relevant facts of the case such that a determination on the merits is made impossible by his absence. Nor is there evidence of an intentional effort by Irico to deprive Plaintiffs or the court of the benefit of Mr. Su's deposition testimony.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

## I.      Responses to Plaintiffs' Recitation of Claims about the Recent Su Productions

Plaintiffs begin their supplemental letter brief with a recitation of misleading claims about Mr. Su's departure and Irico's intentions.  Irico addresses each in turn below.  Plaintiffs' claims (in *italics* below), and appropriate clarifications to address these misstatements, are:

- *"Mr. Su did not 'retire' on May 25, 2022. Rather, he was granted early participation in an Irico program whereby senior executives who have reached the age of 58 are allowed to take "off-duty and rest" status from their positions at the end of the year, but continue to be paid and employed by Irico."* Su Letter Br. at 1-2.

  - Plaintiffs misapprehend the situation and appear to be engaging in translation gamesmanship.  The "Irico program" Plaintiffs refer to is not (as Plaintiffs imply) a special reward granted for Mr. Su, but rather a mandatory program of the Chinese government for state-owned enterprises like Irico to move younger managers into leadership positions earlier.  *See* Attachment 1 (China Regulations on Surplus Staff in State-Owned Enterprises), Art. 9 ("Employees who are less than five years from the retirement age can, upon their application and with the approval of the [state-owned] enterprise leadership, leave their job positions for rest.")  Moreover, Plaintiffs' own prior translations of Irico's documents produced in December 2022 rendered the *same phrase* (离岗休息, *lí gǎng xiūxi*) as "**retire** and rest."  *Compare* Hwu Decl. Ex. E at IRI-SU-000139E (Jan. 2023 translation rendering phrase as "retire and rest") *with id.*, Ex. B (Nov. 2023 translation rendering same phrase as "off-duty and rest").  In order to take advantage of this policy, Mr. Su was required to "resign from [his] positions as [a] manager[]," *see* Su Clarification Letter, Attachment B (IRI-SU-001254E) at -278E.  This was a permanent change in Mr. Su's status that relieved him of any job duties and authority.

- *"Mr. Su did not go on 'off-duty and rest' status until at least June 17, 2022—after Irico told Plaintiffs it could not produce him, after his Macau visa was granted, and after the time his deposition was to occur."*  Su Letter Br. at 2.

  - As disclosed in Irico' Nov. 16, 2023 letter, June 17, 2022 was the official handover date to Mr. Su's replacement, Zhang Jiming.  When Mr. Su submitted formal requests to resign from his management positions in May 2022, his replacement had to be identified.  Mr. Zhang's name first appears in responsive documents beginning on June 6, 2022, *see* Su Clarification Letter, Attachment H, indicating that he likely was not identified as Mr. Su's replacement until that time.  According to other employees at Irico Foshan, Mr. Su stepped back from his duties at Irico and stopped reporting

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 3 -

to his office for work well before this date, except for executing a few ministerial approvals required of the position.  *See, e.g.*, Hwu Decl., Ex. R (IRI-SU-001454E).  And regardless of the official date of Mr. Su's dismissal, he had unequivocally refused to travel for deposition as of May 31, 2022, given his departure and his grave concern over the stringent Covid-19 quarantines in effect at that time.  *See* ECF Nos. 6027-3 at ¶ 6; 6036-1 at ¶ 4.

- *"Irico's claims of 'surprise' are false. Mr. Su's change to 'off-duty and rest' status was a months-long process that was well known within Irico before it negotiated an extension of the Court-ordered deadline for his deposition; the withheld evidence includes another application by Mr. Su for a change in status dated May 5, 2022 that is virtually identical to his purported May 25, 2022 'resignation.'"*  Su Letter Br. at 2.

  o  As it relates to planning for his deposition, Mr. Su's departure was indeed a complete surprise.  Irico Group's legal department, which was coordinating Mr. Su's planned deposition travel, was not informed of Mr. Su's intent to leave and refusal to cooperate further until May 31, 2022.  *See* ECF No. 6036-1 at ¶ 4.  In contrast, the employees involved in coordinating the "months-long process" cited by Plaintiffs were primarily Human Resources staff at Irico Group and Xianyang Irico Industrial Co., Ltd.  They had no reason to know of Mr. Su's planned deposition.  *See* Su Clarification Letter at 1-2.  Furthermore, the April 7 meeting minutes that initiated the process did not specify a date (other than before December 2022) for Mr. Su's departure, and Mr. Su made no formal request in writing to leave his management positions until his letter of May 5, 2022.  Irico explained in its Nov. 16, 2023, letter how both the May 5 and May 25 letters were specifically requested by Irico Industrial's HR head to process Mr. Su's request to resign from his management positions.  *Id.* at 2.  These facts do not support any inference that Mr. Su's departure was an intentional effort by Irico to prevent Mr. Su from giving a deposition.

- *"Irico's claims that it did everything in its power to convince Mr. Su to testify are false; the record remains devoid of evidence of any attempt by Irico to persuade Mr. Su to appear for deposition. To the contrary, Irico rewarded Mr. Su by,* inter alia*, granting him "off-duty and rest" status ahead of schedule, allowing him to receive a substantial deferred compensation payment in July 2022, a bonus in January 2023, and a positive employment review in May 2023."*  Su Letter Br. at 2.

  o  Plaintiffs distort the facts mightily here, by re-branding required payments to Mr. Su as "rewards" and inventively describing his required (and

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 4 -

somewhat unflattering) audit report as a "positive employment review." First, Plaintiffs conveniently fail to mention that the July 2022 payment was owed to him "for the year *2021*." *See* Hwu Decl., Ex. L at IRI-SU-000845E (emphasis added).  Second, the "bonus" from January 2023 – totaling approximately $350 with current exchange rates – was based on objective criteria applicable to *all* employees who worked at Irico Foshan during the year 2022 and was *reduced* by 50% given Mr. Su's early departure.  *See* Hwu Decl., Ex. J at IRI-SU-000422-423E.  Third, the "employment review" Plaintiffs mention was in fact an "Economic Responsibility Audit Report" conducted of all former managers, which (as the name implies) focused on financial matters, finding significant deficiencies during Mr. Su's tenure. *See* Hwu Decl., Ex. N at IRI-SU-000198E ("The audit revealed that during the tenure of Su Xiaohua, IRICO Industrial (South China) Co., Ltd. had issues such as inadequate operational control, noncompliant financial management, and weak internal control.  As the general manager of the company, Comrade Su Xiaohua bears leadership responsibility for these identified issues.").  Finally, Plaintiffs simply ignore the revealing and ongoing communications between Zhang Wenkai and Mr. Su exhorting Mr. Su to gather required documentation for visa approvals in late May of 2022. *See* Carter Decl. in Support of Irico Opposition to Plaintiffs' Mot. for Discovery Sanctions (Apr. 21, 2023), Ex. K (IRI-SU-000103E).  As Irico has noted, these communications verify that Mr. Su gave every impression that he intended to appear for his deposition until his ultimate refusal on May 31, 2022.

- *"Irico's production confirms the Court's finding that Irico intentionally withheld documents in violation of the Su Order—at least the sixth Court order it has defied—and did so to facilitate its false narrative."*  Su Letter Br. at 2.

  - Plaintiffs' allegation of "intentionally withheld documents" is baseless and inflammatory. Plaintiffs ignore that the scope of the Special Master's orders differed substantially between the initial Su Order in December 2022 and the more recent Interim Orders in August and September of 2023.  The initial Su Order required a "targeted collection" on seven discrete issues with a two-week timeframe.  *See* ECF No. 6115 at 12-13.  The Interim Orders of August and September 2023, by contrast, demanded a much broader forensic collection from various electronic systems using search terms that required two months of intensive work to complete, *see* ECF No. 6264 at 7-9; 6275 at 5-6.  It was therefore completely expected that more documents would be produced given the expanded scope of the Interim Orders.  Plaintiffs' claim that any such gaps were "intentional" makes no sense given that the additional documents were produced after a broader forensic search was ordered.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 5 -

- *"Irico continues to destroy and withhold evidence. The Declaration of John M. Taladay Regarding Compliance with Interim Orders on Plaintiffs' Motion for Discovery Sanctions (Oct. 23, 2023) admits that Irico wiped Mr. Su's laptop in June 2022, that Mr. Su cleared out all documents from his office, and that Mr. Su's cell phone has not been searched."* Su Letter Br. at 2.

  - In this assertion, Plaintiffs invent discovery obligations that did not exist and then imagine they were violated. At the time Mr. Su departed his position and at the time his laptop was reformatted in June 2022, there was no discovery request or order relating to his laptop. There also was no basis to believe that Mr. Su's laptop held any information relevant to the substance of this litigation, given that it was issued by a company that had nothing to do with the CRT industry that Mr. Su first began working for in December of 2019, more than 12 years after the end of the alleged conspiracy in this case. Taladay Decl. (Oct. 23, 2023) at ¶ 6. The same logic applies to any hard copy files kept in Mr. Su's office in Foshan, an office that he did not occupy before December of 2019. And there was no discovery request or court order that would implicate Mr. Su's laptop or any other files from his work at Irico Foshan until the Special Master's first Su order in November 2022.[1] Thus, Plaintiffs' reckless assertion that Irico "destroyed or with[held] evidence" by the routine re-purposing of Mr. Su's laptop is meritless. Finally, Mr. Su's cell phone is a personal device, not issued by Irico, and could not be collected without Mr. Su's permission, which he did not provide. *See* Taladay Decl. ¶ 9.

- *"Despite the dispute over the date of Mr. Su's 'resignation letter'—3/25/22 or 5/25/22—Irico has failed to provide an electronic version of the letter with metadata, or any other evidence showing when Mr. Su first applied to leave his position ahead of schedule, e.g., the communications leading to the April 7, 2022 meeting at which Group approved Su's request to go 'off-duty.'"* Su Letter Br. at 2.

  - Irico informed Plaintiffs over six months ago that the May 25, 2022, letter was hand-delivered by Mr. Su and therefore there was no metadata, and Plaintiffs acknowledged as much in their reply brief. *See* Plaintiffs' Reply in Support of Motion for Sanctions (May 26, 2023) at 14 n.25. Yet now, Plaintiffs attempt to present this undisputed fact as if it were some new revelation to improperly suggest wrongdoing on the part of Irico. The circumstances of Ms. Hao's request for the revised letter in May 2023 make it impossible that it could be dated on March 25, 2022, as Plaintiffs still

---

[1] Irico confirmed previously that Mr. Su had no remaining hard copy or electronic files related to Irico's CRT business that might have been responsive to Plaintiffs' various discovery requests.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 6 -

claim.  *See* Su Clarification Letter at 2.  Finally, as described in Irico's Nov. 16 letter, Mr. Su made an oral request to resign early from his management roles at some point shortly before the April 7, 2022, meeting, which led to its discussion at that meeting.  These facts, unlike the fiction of a March 25 letter that Plaintiffs continue to push, are fully consistent with the discovery record.

## II.    Responses to Additional Inaccuracies Asserted by Plaintiffs

Plaintiffs make several additional claims in the body of their supplemental letter brief that do not square with the facts here.

***Disputed search terms.***  First, Plaintiffs imply that it was improper that Irico "did not review over 30,000 documents identified by Plaintiffs' search terms," Su Letter Br. at 5, 10.  To the contrary, Irico followed the requirements of the Special Master's Second Interim Order to the letter, collecting full sets of documents from numerous custodians' email and internal text message files (including all those hitting on Plaintiffs' overbroad search terms), preserving those documents pending resolution of the disputed search terms, and presenting the dispute to the Special Master in a timely manner.  *See* Taladay Decl. ¶¶ 23-25; Irico Status Update and Request for Extension (Oct. 9, 2023) at 4-6.

***Mr. Su was not issued another computer by Irico.***  Second, Plaintiffs appear to misunderstand comments made by Mr. Su to Mr. Zhang in their last phone conversation on August 23, 2023, regarding the computer used by Mr. Su.  Plaintiffs describe the conversation as referring to "Mr. Su's *current* computer," Su Letter Br. at 10 (emphasis added), but that is not the case.  Mr. Su's only Irico-issued laptop was repurposed in June 2022 and no new laptop was issued given his dismissal from all Irico management positions.  The conversation recorded in the transcript Plaintiffs cite was to inform Mr. Su that Irico intended to search his *only* Irico-issued laptop, not a second computer as Plaintiffs imagine.  Mr. Su admits in the call transcript that he had begun to work for an unrelated company in Shenzhen even before he officially departed his positions at Irico and that he commingled Irico files with both personal files and files related to this other company on his Irico computer.  *See* Taladay Decl., Ex. 3 at 1-2 (proposing that "the data will be filtered and only the data related to your work in Foshan will be transferred overseas").[2]  If Mr. Su is using a computer since his departure from Irico, it is not an Irico device and not subject to collection by Irico.  *See* Taladay Decl. ¶ 9.

***Mr. Su did not continue to work for Irico after resigning his management positions.***  Third, Plaintiffs misrepresent what they claim to be examples of Mr. Su "continu[ing] to work for Irico" after June 2022, Su Letter Br. at 9.  As described above, Mr. Su was subject to an "Economic

---

[2] Despite Mr. Su's concerns about personal information or confidential information from other companies, Irico collected and ran search terms against all recoverable files on Mr. Su's former laptop.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 7 -

Responsibility Audit" following his resignation from his management positions, a common and required practice.  Plaintiffs cite communications between Mr. Su and his former subordinate attaching a document entitled "Situation Explanation," *See* Hwu Decl. Ex. O at IRI-SU-000165E, but Plaintiffs omit the attachment itself from their exhibit.  That document actually shows Mr. Su providing an explanation for his expense reimbursements that were under scrutiny as part of his Economic Responsibility Audit, rather than any ongoing work for Irico. *See* Attachment 2 (IRI-SU-000166E).  And Plaintiffs' claim that Mr. Su "continued to use" his Irico email account rests solely on the fact that his account *received* a small number of emails after June 17, 2022.  *See* Hwu Decl. Ex. T.  To the contrary, there is no evidence that Mr. Su *sent* any emails or even had access to his former Irico email account after resigning from his management positions at Irico.

**_Payments to Mr. Su are pursuant to standard mandatory policies and not "leverage."_** Fourth, as explained in Irico's Nov. 16, 2023, letter, Mr. Su receives monthly living stipend payments of RMB 6000 under a general Irico policy for former managers who have resigned their positions before reaching age 60 – not in exchange for any ongoing work or responsibilities with Irico.  *See* Su Clarification Letter at 3.  These payments are non-discretionary under Chinese law governing treatment of managers of state-owned enterprises, and thus reflect neither any kind of special treatment given to Mr. Su nor leverage that Irico could use to compel Mr. Su's deposition. *See* Attachment 1 at Art. 11 ("The living expenses paid in accordance with Articles 8 and 9 [governing managers leaving their positions before age 60] of these regulations shall be included in the enterprise's wage fund. The standard for living expenses is to be determined by the enterprise itself but shall not be lower than the minimum standard stipulated by the people's governments of provinces, autonomous regions, and municipalities directly under the Central Government."); Su Clarification Letter, Attachment K.

### III.   Terminating or Other Severe Sanctions Remain Unjustified

Plaintiffs again push their request for terminating or other severe sanctions based on overheated rhetoric and unsupported hyperbole regarding Irico's intentions as to Mr. Su.  As detailed in Irico's Apr. 21, 2023, opposition and June 9, 2023, sur-reply, such sanctions are warranted only (1) when a party "engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" or "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice," *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006), and (2) any such misconduct caused such severe prejudice that it "ma[kes] it impossible to decide the case on the merits."  *Atl. Recording Corp. v. Howell*, No. CV-06-02076-PHXNVW, 2008 WL 4080008, at *2 (D. Ariz. Aug. 29, 2008).  The situation regarding Mr. Su meets neither of these essential criteria.

**_Mr. Su is not a key witness and his absence does not make it impossible to decide this case on the merits._**  Despite Plaintiffs' disproportionate focus on Mr. Su, he had – at most – a tangential role with regard to the conduct alleged by Plaintiffs at the heart of this lawsuit.  From April 1993 through April 2005 – encompassing the vast majority of the class period – Mr. Su held successive roles in the Irico Group **_Human Resources_** department, a position in which he would

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 8 -

have no influence whatsoever regarding the pricing or production of CRTs, nor any reason to meet with Irico's competitors.  *See* Carter Decl. in Support of Irico Opposition to Plaintiffs' Mot. for Discovery Sanctions (Apr. 21, 2023), Ex. Y (IRI-CRT-00031561E).  He then served less than two years as Deputy General Manager for Planning of the Irico Group Sales Company, before moving into a purchasing role at Irico Electronics.  *Id.*  Moreover, of the 82 alleged competitor meetings identified by Plaintiffs as involving Irico and proffered to the Special Master, reflected in the extensive record-keeping of other defendants, only a ***single example*** mentions Mr. Su.  *See* Plaintiffs' Revised Chart in Support of Authentication and Admissibility of Defendants' Documents re Irico Competitor Contacts (Mar. 21, 2022), at Tab 23.  As Plaintiffs routinely note, this is far less involvement than other Irico witnesses that *were* made available to Plaintiffs for deposition, meaning Mr. Su is in no way a key witness to the disputed meetings underlying Plaintiffs' allegations against Irico.  *See, e.g., id.* at Tabs 4, 5, 6, 7, 11, 13, 31 (alleging attendance at seven competitor meetings by Wang Zhaojie); Plaintiffs' Letter Brief in Support of Proffer of Evidence of CRT Conspiracy (Mar. 21, 2022) at 12 ("Irico's corporate representative, Zhaojie Wang, admitted attending 'many, many such meetings' with competitors.").  And Plaintiffs complain that the depositions of these other Irico employees were fruitless.  Thus, Plaintiffs' argument that Mr. Su is somehow key to their allegations, and that his unavailability for a deposition requires severe sanctions, falls flat.

On the other side of the scale, Plaintiffs have repeatedly claimed to possess "overwhelming" evidence against Irico, ECF No. 5191 at 12, amassed from over 250 witness depositions, and "tens of thousands" of relevant documents already collected and reviewed from other defendants, ECF No. 6177 at 14-15, including extensive production of documents and testimony from a cooperating defendant (Chunghwa).  As the Special Master recalled during the prior hearing on this motion, Plaintiffs have also won a ruling that many such documents that reflect Irico's attendance at competitor meetings are admissible for purposes of summary judgment.  ECF No. 6093.  There simply is no reason to believe that Mr. Su's testimony would have meaningfully moved the needle when considering his very limited role and the purportedly "strong" evidence that Plaintiffs claim to already possess against Irico.  *See* Plaintiffs' Mot. for Discovery Sanctions (Mar. 20, 2023) at 31; *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 994 (N.D. Cal. 2012) ("[T]he Court finds it hard to difficult to conclude that Apple's 'ability to go to trial' was significantly hampered where discovery in this case has been so voluminous."); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America Sec., LLC*, 685 F. Supp. 2d 456 (S.D.N.Y. 2010)., 685 F. Supp. 2d at 479 (denying request for adverse inference instruction because "Defendants have gathered an enormous amount of discovery – both from documents and witnesses"), *abrogated on other grounds by Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012).

***There was no intentional effort by Irico to prevent Mr. Su's deposition.***  Specific intent to deprive another party of relevant evidence is a threshold requirement for the terminating or other severe sanctions that Plaintiffs seek.  *See, e.g., WeRide Corp. v. Kun Huang*, No. 5:18-CV-07233-EJD, 2020 WL 1967209 (N.D. Cal. Apr. 24, 2020) (defendants actively and intentionally deleted evidence while representing the opposite to the court); *Facebook, Inc. v. OnlineNIC Inc.*, No. 19-

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 9 -

CV-07071-SI (SVK), 2022 WL 2289067 (N.D. Cal. Mar. 28, 2022), report and recommendation adopted, No. 19-CV-07071-SI, 2022 WL 17371092 (N.D. Cal. Oct. 17, 2022) (defendants intentionally lied about the existence of data backups and actively deleted over half of the relevant data in its possession while working with a Special Master to have that data collected). Far from meeting this strict standard, the documents cited by Plaintiffs ***do not*** show a coordinated plan to deceive Plaintiffs regarding Mr. Su's departure, but rather confusion even among Irico's Human Resources staff as to Mr. Su's status: "Xu Jinmei [Irico Foshan HR Director]: … GM Su officially retired in July [sic].  Shang Xuhang: Are you sure he retired? The definition for retirement is very strict. Xu Jinmei: GM Su retired a long time ago. Didn't GM Zhang take over in July?"  Hwu Decl. Ex. F at IRI-SU-001356E.  Mr. Su may very well have taken advantage of separate, unconnected processes for his request to resign his management positions and the Irico Group legal department's efforts to plan his travel for deposition in 2022 to secure the former and escape the latter.  But that does not equate to an intentional effort by Irico to deprive the court of relevant evidence – particularly given Mr. Su's relative lack of importance in Irico's CRT operations during the relevant time period.

Because they neither make this case impossible to decide on the merits nor reflect any intentional effort by Irico to deprive Plaintiffs of relevant discovery, Mr. Su's refusal to sit for deposition and departure from Irico cannot be a basis for terminating or other severe sanctions. *See Leon*, 464 F.3d at 958; *Atlantic Record Corp.*, 2008 WL 4080008, at *2.

                              *        *        *

The Special Master should deny Plaintiffs' request for terminating sanctions and their alternate request for adverse inference, striking of defenses, and other extreme sanctions.

                              Sincerely,
                              */s/ John Taladay*
                              John Taladay

cc:    Tanveer Singh (tanveer.singh@fedarb.com)
       R. Alexander Saveri (rick@saveri.com)
       Geoffrey C. Rushing (geoff@saveri.com)
       Matthew D. Heaphy (mheaphy@saveri.com)
       Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

Attachment 1



November 28, 2023

**Certification**

<strong>Welocalize Translations</strong>

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of:

国有企业富余职工安置规定

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number: BBLLP_2311_P0045

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

*[watermark]* PKULAW.COM **Make the law smarter** PKULAW.COM

PKULAW.COM

**Make the law smarter**
PKULAW.COM

[Fa Bao Reference Code] CLI.2.6220

# Regulations on the Placement of Surplus Staff in State-Owned Enterprises

| | |
|---|---|
| Enacting Body: | State Council |
| Document No.: | Order No. 111 of the State Council of the People's Republic of China |
| Date of Publication: | April 20, 1993 |
| Effective Date: | April 20, 1993 |
| Validity: | Currently valid |
| Hierarchy of Authority: | Administrative Regulation |
| Category of Law: | State-Owned Enterprises, Labor and Union Comprehensive Regulations |

Order of the State Council of the People's Republic of China

(No. 111)

The "Regulations on the Placement of Surplus Staff in State-Owned Enterprises" have been passed at the 115th executive meeting of the State Council. They are hereby promulgated and shall come into effect from the date of publication.

Premier: Li Peng

April 20, 1993

(missing the translation of the watermark: seal of PKULAW.COM, Love Law and Have Future)

Regulations on the Placement of Surplus Staff in State-Owned Enterprises

**Article 1:** To properly place surplus staff in state-owned enterprises, enhance the vitality of these enterprises, and improve their economic efficiency, these regulations have been established.

**Article 2:** The placement of surplus staff in state-owned enterprises (hereinafter referred to as "enterprises") shall adhere to the principle of primarily self-placement by the enterprises, supplemented by societal assistance, and ensuring the basic livelihood of the surplus staff.

**Article 3:** Enterprises shall follow these regulations to place surplus staff by expanding various business operations, organizing labor activities, developing tertiary industries, making comprehensive use of resources, and other measures.

Translation

*[watermark]* PKULAW.COM **Make the law smarter** PKULAW.COM

PKULAW.COM   **Make the law smarter**          [Fa Bao Reference Code] CLI.2.6220
PKULAW.COM

Enterprise administrative departments, labor administrative departments, and trade union organizations shall guide, assist, and support the enterprises in the placement of surplus staff, actively creating conditions, cultivating and improving the labor market, and opening up societal placement channels.

**Article 4:** Enterprises that establish independently accounting enterprises in the tertiary sector for the placement of surplus staff shall be exempt from enterprise income tax for two years following their opening, and then receive a 50% enterprise income tax reduction for the following three years.

**Article 5:** Labor employment service businesses established by enterprises shall undertake the task of placing surplus staff from their own enterprises. The enterprises shall provide support in terms of funding, premises, raw materials, and equipment according to the state's regulations on the management of state-owned assets.

**Article 6:** Enterprises can organize their surplus staff to establish independently accounting enterprises according to the law to undertake technical renovations or labor projects that were previously contracted out to other organizations.

**Article 7:** Enterprises can place surplus staff on waiting-for-employment status and provide them with retraining. The salary during the training period is determined by the enterprises themselves.

**Article 8:** With the discussion and agreement of an enterprise's employee representative assembly and after filing with the enterprise's administrative department, the enterprise may grant its employees a limited period of leave. During this leave, the enterprise shall provide living expenses to the employees.

Pregnant or nursing female employees may, upon their request, be granted a leave of up to two years, during which the enterprise will provide living expenses. If this leave includes maternity leave, the salary during the maternity leave period will be paid in accordance with state regulations.

**Article 9:** Employees who are less than five years from the retirement age can, upon their application and with the approval of the enterprise leadership, leave their job positions for rest. During this rest period, the enterprise shall provide living expenses. In areas where retirement expenses are collectively managed, both the enterprise and the employees taking leave for rest shall pay basic old-age insurance premiums according to relevant regulations. When employees reach the national retirement age during their rest period, retirement procedures shall be completed as per regulations. The period of leave for rest is considered part of the employee's length of service and is combined with their previous years of service for calculation.

**Article 10:** Employees may apply for resignation. Employees whose resignation is approved by the enterprise shall receive a one-time living subsidy from the enterprise at the time of completing the resignation procedures, in accordance with national regulations.

Translation

*[watermark]* PKULAW.COM **Make the law smarter** PKULAW.COM

PKULAW.COM | **Make the law smarter** | [Fa Bao Reference Code] CLI.2.6220
PKULAW.COM

**Article 11:** The living expenses paid in accordance with Articles 8 and 9 of these regulations shall be included in the enterprise's wage fund. The standard for living expenses is to be determined by the enterprise itself but shall not be lower than the minimum standard stipulated by the people's governments of provinces, autonomous regions, and municipalities directly under the Central Government.

**Article 12:** If an enterprise needs to lay off employees due to significant changes in production and business operations, it may terminate labor contracts with contract-based employees ahead of schedule subject to discussion and agreement by the enterprise's employee representative assembly. The enterprise must fulfill the obligations stipulated in the contract. If the contract does not specify terms for early termination, the enterprise shall provide compensation to the employees whose labor contracts are terminated early. The compensation shall be equivalent to one month's standard wage for each year of service in the enterprise.

**Article 13:** Labor administrative departments at all levels and enterprise administrative departments shall effectively handle the social placement and adjustment of surplus staff, encouraging and assisting surplus staff to organize for employment and self-employment. The transfer of staff between enterprises can be either permanent or temporary; in the case of temporary transfer, the salary and welfare benefits during the transfer period shall be agreed upon in a contract between the two enterprises.

**Article 14:** Surplus staff who face challenges in securing employment in society and are unable to receive enterprise-provided placement are entitled to unemployment insurance benefits during their period of unemployment in accordance with the law. Labor administrative authorities and relevant administrative departments shall create conditions to facilitate the re-employment of these workers.

**Article 15:** Workers placed in independently accounting enterprises established by enterprises in accordance with these regulations shall be included in the statistical data of employee headcount and economic indicators of the new enterprises, as per national regulations.

**Article 16:** Provincial, autonomous region, and municipal people's governments may develop implementation methods based on these regulations.

**Article 17:** These regulations are subjected to the interpretation by the labor administrative department of the State Council.

**Article 18:** These regulations shall be implemented from the date of publication.

©PKULAW.COM (www.pkulaw.com) specializes in providing solutions in the fields of legal information, legal knowledge, and legal software. Peking University Law Information offers a wealth of reference materials. When formally citing legal regulations and articles, please cross-reference with the standard text. Feel free to explore all our products and services.

Translation

*[watermark]* PKULAW.COM **Make the law smarter** PKULAW.COM

PKULAW.COM

**Make the law smarter**
PKULAW.COM

[Fa Bao Reference Code] CLI.2.6220

Fa Bao Express: How to quickly find search results you need? What are the new features of Fa Bao V6?



Scan the QR code to read the original article

Original Link: https://www.pkulaw.com/chl/f474451fa1dfe21bbdfb.html

Download date: 2023-08-29

Translation

【法宝引证码】CLI.2.6220

# 国有企业富余职工安置规定

| 制定机关： | 国务院 |
|---|---|
| 发文字号： | 中华人民共和国国务院令第111号 |
| 公布日期： | 1993.04.20 |
| 施行日期： | 1993.04.20 |
| 时效性： | 现行有效 |
| 效力位阶： | 行政法规 |
| 法规类别： | 国有企业　劳动工会综合规定 |

## 中华人民共和国国务院令

## （第111号）

《国有企业富余职工安置规定》已经国务院第一百一十五次常务会议通过，现予发布，自发布之日起施行。



总理　李鹏

一九九三年四月二十日

国有企业富余职工安置规定

**第一条**　为了妥善安置国有企业富余职工，增强企业活力，提高企业经济效益，制定本规定。

**第二条**　安置国有企业（以下简称企业）中的富余职工，应当遵循企业自行安置为主、社会帮助安置为辅，保障富余职工基本生活的原则。

**第三条**　企业安置富余职工应当依照本规定采取拓展多种经营、组织劳务活动、发展第三产业、

下载日期：2023-08-29

【法宝引证码】CLI.2.6220

综合利用资源和其它措施。

企业行政主管部门、劳动行政主管部门和工会组织应当指导、帮助和支持企业做好富余职工安置工作，积极创造条件，培育和完善劳务市场，开辟社会安置渠道。

**第四条** 企业为安置富余职工而兴办的从事第三产业的独立核算企业，自开业之日起两年免征、三年减半征收企业所得税。

**第五条** 企业开办的劳动就业服务企业，应当承担安置本企业富余职工的任务。企业应当按照国家有关国有资产管理的规定，在资金、场地、原材料和设备等方面给予扶持。

**第六条** 企业组织本企业富余职工依法兴办的独立核算企业，可以承担本企业中原由外单位承包的技术改造或者劳务项目。

**第七条** 企业可以对富余职工实行待岗和转业培训，培训期间的工资待遇由企业自行确定。

**第八条** 经企业职工代表大会讨论同意并报企业行政主管部门备案，企业可以对职工实行有限期的放假。职工放假期间，由企业发给生活费。

孕期或者哺乳期的女职工，经本人申请，企业可以给予不超过二年的假期，放假期间发给生活费。假期内含产假的，产假期间按照国家规定发给工资。

**第九条** 职工距退休年龄不到五年的，经本人申请，企业领导批准，可以退出工作岗位休养。职工退出工作岗位休养期间，由企业发给生活费。已经实行退休费用统筹的地方，企业和退出工作岗位休养的职工应当按照有关规定缴纳基本养老保险费。职工退出工作岗位休养期间达到国家规定的退休年龄时，按照规定办理退休手续。职工退出工作岗位休养期间视为工龄，与其以前的工龄合并计算。

**第十条** 职工可以申请辞职。经企业批准辞职的职工，在办理辞职手续时，企业应当按照国家有关规定发给一次性生活补助费。

下载日期：2023-08-29

【法宝引证码】CLI.2.6220

第十一条　按照本规定第八条、第九条规定发放的生活费在企业工资基金中列支，生活费标准由企业自主确定，但是不得低于省、自治区、直辖市人民政府规定的最低标准。

第十二条　企业因生产经营发生重大变化，必须裁减职工的，对劳动合同制职工，经企业职工代表大会讨论同意，可以提前解除劳动合同，但是应当按照合同约定履行义务；合同没有约定的，企业对被提前解除劳动合同的职工，按照其在本企业工作的年限，工龄每满一年，发给相当于本人一个月标准工资的补偿费。

第十三条　各级劳动行政主管部门和企业行政主管部门应当做好富余职工的社会安置和调剂工作，鼓励和帮助富余职工组织起来就业和自谋职业。企业之间调剂职工，可以正式调动，也可以临时借调；临时借调的，借调期间的工资和福利待遇由双方企业在协议中商定。

第十四条　富余职工由企业自行安置有困难到社会待业的，在待业期间，依法享受待业保险待遇。劳动行政主管部门和有关行政主管部门应当创造条件，帮助职工再就业。

第十五条　企业依照本规定兴办的独立核算企业安置的职工，按照国家有关规定纳入新办企业的职工人数和经济指标的统计范围。

第十六条　省、自治区、直辖市人民政府可以根据本规定制定实施办法。

第十七条　本规定由国务院劳动行政主管部门负责解释。

第十八条　本规定自发布之日起施行。

©北大法宝：（www.pkulaw.com）专业提供法律信息、法学知识和法律软件领域各类解决方案。北大法宝为您提供丰富的参考资料，正式引用法规条文时请与标准文本核对。 欢迎查看所有产品和服务。

下载日期：2023-08-29

 PKULAW.COM

【法宝引证码】CLI.2.6220

法宝快讯： 如何快速找到您需要的检索结果？ 法宝 V6 有何新特色？





扫描二维码阅读原文

原文链接： https://www.pkulaw.com/chl/f474451fa1dfe21bbdfb.html

下载日期：2023-08-29

Attachment 2



November 28, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the CHINESE and English languages. The attached CHINESE into Engish translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range: IRI-SU-000166 – IRI-SU-000168

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number: BBLLP_2311_P0046

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870





CONFIDENTIAL

IRI-SU-000168E



CONFIDENTIAL



CONFIDENTIAL

CONFIDENTIAL

# DOCUMENT 28

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2001 Union Street, Suite 482
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

December 14, 2023

*VIA EMAIL*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
vrw@judgewalker.com

Re:   *In re Cathode Ray Tube (CRT) Antitrust Litigation* – MDL No. 1917,
Master File No. 07-CV-5944-JST

Dear Judge Walker:

In response to Your Honor's inquiry at the December 12, 2023 hearing and in support of their pending Motion for Terminating or Alternative Sanctions, Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (together, "Plaintiffs") contend that Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. violated the following Orders of the Court, with references to Plaintiffs' briefs where discussed:

1.   Pretrial Order No. 1 (ECF No. 230). Motion at 1, 4–10, 23, 27–28; Reply at 8, 13–14.

2.   Special Master's Order re DPPs' Motion for Jurisdictional Discovery (ECF No. 5320; adopted at ECF No. 5324). Motion at 21; Reply at 23.

3.   Order Granting DPPs' Motion to Compel Compliance with 8/2/2018 Order re Jurisdictional Discovery (ECF No. 5331; adopted by ECF No. 5352). Motion at 21; Reply at 23.

4.   Special Master's Order re DPPs' Motion to Compel Responses to Interrogatories Nos 4 & 5 (ECF No. 5919). Motion at 21; Reply at 22–23.

5.   Order re DPPs' Motion to Compel Interrogatory Further Answers. ECF No. 5944. Motion at 21; Reply at 22–23.

The Honorable Vaughn R. Walker
12/14/2023
Page 2

6. May 25, 2022 Stipulation and Order re: Case Schedule (ECF No. 6016). Motion at 16–19; Reply at 18–21; Plaintiffs' Nov. 16 Brief at 1–10.

7. August 11, 2022 Hearing Transcript Order (ECF No. 6047). Motion at 16–19; Reply at 18–21; Plaintiffs' Nov. 16 Brief at 1–10.

8. Order Adopting Special Master's Report & Recommendation on Irico's Failure to Produce Su Xiaohua for Deposition (ECF No 6115, "Su Order"). Reply at 14–17; Plaintiffs' Nov. 16 Brief at 1–4, 10.

9. Order Approving Special Master's Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions (ECF No. 6264). Plaintiffs' Nov. 16 Brief at 1, 4–5, 10.

10. Order Approving as Modified Special Master's Second Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions (ECF No. 6324). Plaintiffs' Nov. 16 Brief at 1, 4–5, 10.

Very truly yours,

*/s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

*/s/ Lauren C. Capurro*

Lauren C. Capurro
Lead Counsel for Indirect Purchaser Plaintiffs

Cc:     Tanveer Singh (tanveer.singh@fedarb.com)
        Jackie Nakamura (jnn@wnadr.com)
        John M. Taladay (john.taladay@bakerbotts.com)
        Evan J. Werbel (evan.werbel@bakerbotts.com)
        Thomas E. Carter (tom.carter@bakerbotts.com)
        Andrew L. Lucarelli (drew.lucarelli@bakerbotts.com)
        Kaylee Yang (kaylee.yang@nortonrosefulbright.com)
        Geraldine W. Young (geraldine.young@nortonrosefulbright.com)
        Brian A. Sun (brian.sun@nortonrosefulbright.com)

# DOCUMENT 29

# BAKER BOTTS LLP

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE

**WASHINGTON**

December 18, 2023

CONFIDENTIAL

VIA E-MAIL [VRW@JUDGEWALKER.COM]

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

      Re:    In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
           No. 07-CV-944-JST

Dear Judge Walker:

      Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")
write in response to Plaintiffs' December 14, 2023, letter regarding the pending motion for
sanctions against Irico (the "Dec. 14 Letter"). Plaintiffs' vastly overreaching Dec. 14 Letter lists
court orders that Irico is alleged to have violated with citations to Plaintiffs' various submissions
in support of their motion for sanctions. In the attached chart, to incorporate everything in one
place for convenience, Irico compiles the information provided in the Dec. 14 letter and adds
corresponding citations to Irico's responsive submissions in which Irico demonstrates that each
order was not violated. Irico's relevant submissions are also enclosed, with the cited portions
annotated.

      If Your Honor has any questions regarding the attached chart, please do not hesitate to
contact me.

                  Sincerely,

                  */s/ John M. Taladay*
                  John M. Taladay

cc:    Tanveer Singh (tanveer.singh@fedarb.com)
       R. Alexander Saveri (rick@saveri.com)
       Geoffrey C. Rushing (geoff@saveri.com)
       Matthew D. Heaphy (mheaphy@saveri.com)
       Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker          - 2 -

| Order | Plaintiffs Citation | Irico Citation | Explanatory Note |
|---|---|---|---|
| Pretrial Order No. 1 (ECF No. 230) | Motion at 1, 4–10, 23, 27–28; Reply at 8, 13–14. | Irico Opposition (Apr. 21, 2023) at 12-21. | |
| Special Master's Order re DPPs' Motion for Jurisdictional Discovery (ECF No. 5320; adopted at ECF No. 5324). | Motion at 21; Reply at 23. | Irico Opposition (Apr. 21, 2023) at 40-41. | |
| Order Granting DPPs' Motion to Compel Compliance with 8/2/2018 Order re Jurisdictional Discovery (ECF No. 5331; adopted by ECF No. 5352) | Motion at 21; Reply at 23. | Irico Opposition (Apr. 21, 2023) at 42-43. | |
| Special Master's Order re DPPs' Motion to Compel Responses to Interrogatories Nos 4 & 5 (ECF No. 5919). | Motion at 21; Reply at 22–23. | Irico Opposition (Apr. 21, 2023) at 43. | |
| Order re DPPs' Motion to Compel Interrogatory Further Answers (ECF No. 5944) | Motion at 21; Reply at 22–23. | Irico Opposition (Apr. 21, 2023) at 43. | Plaintiffs' citation refers only to an alleged violation of ECF No. 5919. This order (ECF No. 5944) merely set a tentative briefing schedule for submissions on admissibility of alleged competitor meeting minutes, with which the parties complied. |

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                   - 3 -

| Order | Plaintiffs Citation | Irico Citation | Explanatory Note |
|---|---|---|---|
| May 25, 2022 Stipulation and Order re: Case Schedule (ECF No. 6016) | Motion at 16–19; Reply at 18–21; Plaintiffs' Nov. 16 Brief at 1–10. | Irico Opposition (Apr. 21, 2023) at 29-30; Irico Letter re Su Clarifications (Nov. 16, 2023) at 1-3; Irico Response to Plaintiffs' Supplemental Letter Brief (Nov. 28, 2023) at 1-9. | |
| August 11, 2022 Hearing Transcript Order (ECF No. 6047) | Motion at 16–19; Reply at 18–21; Plaintiffs' Nov. 16 Brief at 1–10. | Irico Opposition (Apr. 21, 2023) at 29-30; Irico Letter re Su Clarifications (Nov. 16, 2023) at 1-3; Irico Response to Plaintiffs' Supplemental Letter Brief (Nov. 28, 2023) at 1-9. | |
| Order Adopting Special Master's Report & Recommendation on Irico's Failure to Produce Su Xiaohua for Deposition (ECF No 6115, "Su Order") | Reply at 14–17; Plaintiffs' Nov. 16 Brief at 1–4, 10. | Irico Response to Plaintiffs' Supplemental Letter Brief (Nov. 28, 2023) at 4. | |
| Order Approving Special Master's Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions (ECF No. 6264) | Plaintiffs' Nov. 16 Brief at 1, 4–5, 10. | Irico Letter re Status Update, Search Terms Dispute, and Request for Extension (Oct. 9, 2023) at 4-6; Taladay Declaration (Oct. 23, 2023) at ¶¶ 1-32; Irico Response to Plaintiffs' Supplemental Letter Brief (Nov. 28, 2023) at 5-6. | |

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 4 -

| Order | Plaintiffs Citation | Irico Citation | Explanatory Note |
|-------|--------------------|--------------------|------------------|
| Order Approving as Modified Special Master's Second Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions (ECF No. 6324) | Plaintiffs' Nov. 16 Brief at 1, 4–5, 10. | Irico Letter re Status Update, Search Terms Dispute, and Request for Extension (Oct. 9, 2023) at 4-6; Taladay Declaration (Oct. 23, 2023) at ¶¶ 1-32; Irico Response to Plaintiffs' Supplemental Letter Brief (Nov. 28, 2023) at 5-6. | |

# DOCUMENT 30

# BAKER BOTTS LLP

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX  +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
**WASHINGTON**

February 8, 2024

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

Re:     In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
        No. 07-CV-944-JST

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico")
write with respect to Your Honor's Report and Recommendation on Discovery Search Terms dated
January 31, 2024 (ECF No. 6351) ("Search Terms Order"), to request an extension until March
25, 2024, to comply with that order.

As explained in more detail below and in the attachments, the review required by the
additional search parameters is extensive.  A preliminary analysis of the search terms required by
the Search Terms Order indicates that approximately 28,000 documents—three times the volume
of documents previously reviewed for production in October 2023—will require review.  As
previously explained, this process first requires full review of the documents (in mainland China)
for Chinese state secrets.  All cleared documents must then be exported to the United States,
followed by a full review for responsiveness of the documents (nearly all of which are expected to
be in Chinese) in the United States.  Conducting this process in the most expeditious manner will
require several additional weeks beyond the current February 23, 2024, deadline.  *See* Taladay
Decl. Regarding Compliance with Interim Orders on Plaintiffs' Motion for Discovery Sanctions
(Nov. 23, 2023) ("Taladay Decl.") at ¶¶ 26-31.  Moreover, Irico's ability to execute on the
processing and review of these documents will be delayed by the Chinese New Year holiday, a
major holiday also known as the Spring Festival, during which Irico, its eDiscovery vendor, and
the Chinese law firm tasked with conducting a state secrets review will all be closed for over a
week, a shutdown in China that has already begun.  An extension to March 25 would allow for
approximately five weeks to fully comply with the Search Terms Order following the end of the
holiday, a target that will require expeditious processing and review of the additional 28,000
documents but which Irico believes can be accomplished.

Irico has met and conferred with Plaintiffs regarding the proposed extension and shared the
attached search term reports.  Plaintiffs offered an extension of only one week, which would not

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

be sufficient to comply with the Search Terms Order for the reasons explained herein.  After receipt of the attached search term reports, Plaintiffs also rejected Irico's proposal to request modification of the search terms to reduce the number of documents that would need to be reviewed and better target those that might contain relevant materials.

> **1. Results of Preliminary Search Term Analysis and Comparison to Prior Productions**

Irico's eDiscovery vendor (BDO) was able to access the pre-existing database of documents before the Chinese New Year holiday and has completed a preliminary analysis of the 32 additional search terms[1] listed in the Search Terms Order.  The vendor has determined that these terms hit on approximately 28,000 incremental files, comprised of approximately 10,400 emails with attachments and 17,700 internal text messages with attachments.  *See* Attachment A (email search term report); Attachment B (internal text message search term report).[2]  These additional 28,000 search hits and attachments *exclude* the documents previously reviewed and so represent new files that must be assessed for Chinese state secrets in China and responsiveness in the U.S. before they can be produced.  In total, this is approximately thrice the size of the original 9,400 files that Irico reviewed for the October 2023 productions to Plaintiffs.

Irico's recent experience with coordinating such a cross-border document review and production efforts confirms that additional time will be needed to fully comply with the Search Terms Order.  The October 2023 review process involved a total of around 9,400 files and required approximately four weeks from the start of review for Chinese state secrets to the completion of the final production to Plaintiffs.  While the total new volume of documents for review is substantially higher than in October 2023, Irico believes it can take steps to expedite the process and complete it by March 25, 2024, an extension of just over four weeks.

> **2. Intervening Chinese New Year Holiday**

Irico's efforts to comply with the Search Terms Order are also complicated by the Chinese New Year holiday.  The national holiday officially runs for eight days from February 10 through 17, 2024, but much of the country, including those necessary to complete this process, have already begun to shut down.  Beginning this week and through February 17, Irico, BDO (Irico's eDiscovery vendor), and AnJie Broad (the Chinese law firm conducting Chinese state secrets

---

[1] The Search Terms Order listed 32 distinct terms in English, but three of those terms ("CRT," "Depart from Post," and "Postpone") have two versions each in the original list of Plaintiffs' proposed terms, either distinct Chinese and English versions or two synonyms in Chinese, resulting in a total of 35 incremental search terms.

[2] Running these search reports required coordination between Irico and eDiscovery vendor personnel, travel to the server location, rebooting and reconstituting the server, and running the search term reports, a process that took approximately four days.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                      - 3 -

review) will be closed, with a large number of employees already unavailable due to previously planned travel.[3]

As such, review in China of the 28,000 identified documents cannot begin until the week of February 19, 2024.  And because all documents must clear a Chinese state secrets review by qualified Chinese counsel before being released to the U.S. or reviewed by U.S.-based lawyers, see Taladay Decl. ¶¶ 26-28 (describing requirements under Chinese law), Irico's U.S. counsel cannot begin work until the state secrets review is completed and approved for export to a U.S.-based server.  Under the current deadline of February 23, 2024, this leaves only five business days (from February 19 to February 23) to complete both the China-side state secrets review and U.S.-side responsiveness review and then prepare any responsive documents for production—which cannot be done based on past experience.  The requested extension to March 25 allows for approximately five working weeks after conclusion of the Chinese New Year holiday, still an ambitious but realistic schedule to conduct the necessary reviews and production.

Thank you for your consideration of Irico's requested extension, until March 25, 2024, to comply with the Search Terms Order.


Sincerely,

*/s/ John Taladay*

John Taladay


cc:    Gina Tercero (gina.tercero@fedarb.com)
       Tanveer Singh (tanveer.singh@fedarb.com)
       R. Alexander Saveri (rick@saveri.com)
       Geoffrey C. Rushing (geoff@saveri.com)
       Matthew D. Heaphy (mheaphy@saveri.com)
       Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

---

[3] *See* China Public Holiday 2024 Schedule Released, China Briefing (Oct. 25, 2023), https://www.china-briefing.com/news/china-public-holiday-2024-schedule/; Chunyun – Spring Festival Travel Rush in China, Travel China Guide, https://www.travelchinaguide.com/china-trains/spring-festival-rush.htm (describing "the largest human migration on earth happening annually" beginning two weeks before the Chinese New Year holiday).

# Attachment A



**Irico**
**New Special Master Search Terms**

### Results Summary - Email Data

| Total documents with hits, excluding docs already reviewed | Total documents with hits, family included, excluding docs already reviewed |
|---|---|
| 5782 | 10377 |

### New Terms List

| Term | Documents with hits, excluding docs already reviewed | Documents with hits (families included), excluding docs already reviewed | Unique hits, excluding docs already reviewed | Translation/Note |
|---|---|---|---|---|
| 美国法院 | 20 | 40 | 0 | American Courts |
| 反垄断 | 399 | 1,051 | 7 | Antitrust |
| 加州 | 41 | 119 | 1 | California |
| 彩管 | 330 | 2,113 | 38 | CRT |
| CRT | 906 | 1,858 | 253 | CRT |
| 承诺书 | 40 | 166 | 11 | Declaration of personnel traveling abroad |
| 离岗 | 40 | 231 | 10 | Depart from Post |
| 离职 | 567 | 1,422 | 47 | Depart from Post |
| 取证 | 102 | 358 | 15 | deposition |
| 证据 | 965 | 2,622 | 6 | Evidence |
| 联邦法院 | 6 | 9 | 0 | federal court |
| 苏总 | 0 | 0 | 0 | GM Su |
| 香港 | 1,157 | 3,743 | 400 | Hong Kong |
| 诉讼 | 1,017 | 2,716 | 108 | Litigation |
| 澳门 | 122 | 454 | 1 | Macau |
| 延 | 1,680 | 5,932 | 606 | Postpone |
| 缓 | 238 | 1,055 | 51 | Postpone |
| 辞职 | 83 | 481 | 2 | Quit |
| 返聘 | 21 | 301 | 3 | Rehire |
| 退休 | 597 | 2,488 | 45 | Retire |
| 养老 | 365 | 1,666 | 212 | Retirement |
| 苏晓华 | 40 | 47 | 5 | Su Xiaohua |
| sxh | 359 | 366 | 0 | Su Xiaohua's email ID |
| "100751" | 0 | 0 | 0 | Su Xiaohua's employee number |
| ▆▆▆▆▆▆ | 22 | 22 | 0 | Su Xiaohua's ID number |
| mail(sxh@ch.com.cn) | 359 | 366 | 0 | Su Xiaohua's work email |
| 作证 | 323 | 589 | 1 | testify |
| 通行证 | 51 | 149 | 1 | Travel permit |
| 王昭杰 | 97 | 257 | 8 | Wang Zhaojie |
| wzj-xs | 2 | 10 | 0 | Wang Zhaojie's email ID |
| 证人 | 433 | 857 | 12 | witness |
| 闫云龙 | 673 | 1,617 | 14 | Yan Yunlong |
| 张文凯 | 1,610 | 5,055 | 10 | Zhang Wenkai |
| 百尺竿头 | 4 | 13 | 0 | Zhang Wenkai's WeChat alias |
| zhangwenkai0713 | 2,203 | 7,505 | 420 | Zhang's email ID |

# Attachment B



**Irico**
**New Special Master Search Terms**

### Results Summary - Blue Message Data

| Total documents with hits, excluding docs already reviewed | Total documents with hits, family included, excluding docs already reviewed |
|---|---|
| 11048 | 17735 |

### New Terms List

| Term | Documents with hits, excluding docs already reviewed | Documents with hits (families included), excluding docs already reviewed | Unique hits, excluding docs already reviewed | Translation/Note |
|---|---|---|---|---|
| 美国法院 | 107 | 204 | 0 | American Courts |
| 反垄断 | 708 | 1,676 | 16 | Antitrust |
| 加州 | 120 | 553 | 2 | California |
| 彩管 | 505 | 1,223 | 113 | CRT |
| CRT | 787 | 1,940 | 95 | CRT |
| 承诺书 | 396 | 1,672 | 185 | Declaration of personnel traveling abroad |
| 离岗 | 739 | 1,762 | 57 | Depart from Post |
| 离职 | 1,245 | 3,153 | 220 | Depart from Post |
| 取证 | 265 | 1,047 | 63 | deposition |
| 证据 | 647 | 2,122 | 48 | Evidence |
| 联邦法院 | 63 | 162 | 0 | federal court |
| 苏总 | 217 | 270 | 94 | GM Su |
| 香港 | 1,406 | 3,888 | 471 | Hong Kong |
| 诉讼 | 1,661 | 4,443 | 425 | Litigation |
| 澳门 | 340 | 1,112 | 24 | Macau |
| 延 | 3,434 | 8,362 | 1,432 | Postpone |
| 缓 | 1,095 | 3,412 | 494 | Postpone |
| 辞职 | 662 | 2,097 | 29 | Quit |
| 返聘 | 310 | 886 | 14 | Rehire |
| 退休 | 2,518 | 5,861 | 481 | Retire |
| 养老 | 482 | 1,156 | 79 | Retirement |
| 苏晓华 | 878 | 958 | 369 | Su Xiaohua |
| sxh | 6 | 6 | 0 | Su Xiaohua's email ID |
| "100751" | 68 | 68 | 0 | Su Xiaohua's employee number |
| ▬▬▬▬▬ | 41 | 41 | 1 | Su Xiaohua's ID number |
| mail(sxh@ch.com.cn) | 6 | 6 | 0 | Su Xiaohua's work email |
| 作证 | 478 | 1,542 | 15 | testify |
| 通行证 | 248 | 854 | 81 | Travel permit |
| 王昭杰 | 554 | 2,106 | 130 | Wang Zhaojie |
| wzj-xs | 1 | 1 | 0 | Wang Zhaojie's email ID |
| 证人 | 485 | 1,640 | 8 | witness |
| 闫云龙 | 1,033 | 2,636 | 285 | Yan Yunlong |
| 张文凯 | 1,766 | 3,398 | 851 | Zhang Wenkai |
| 百尺竿头 | 11 | 25 | 0 | Zhang Wenkai's WeChat alias |
| zhangwenkai0713 | 29 | 66 | 1 | Zhang's email ID |

# DOCUMENT 31

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2001 Union Street, Suite 482
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

February 9, 2024

*VIA EMAIL*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
vrw@judgewalker.com

      Re:    <u>*In re Cathode Ray Tube (CRT) Antitrust Litigation*</u> – <u>MDL No. 1917,</u>
             <u>Master File No. 07-CV-5944-JST</u>

Dear Judge Walker:

      The Indirect Purchaser Plaintiffs ("IPPs") and the Direct Purchaser Plaintiffs ("DPPs") (together "Plaintiffs") write to respond to the request by defendants Irico Group Corp. and Irico Display Devices Co., Ltd.'s ("Irico") for a four-week extension of the February 23, 2024 deadline set by Your Honor in the Special Master's Report & Recommendation on Discovery Search Terms, ECF No. 6351 (the "Search Terms Order") for the production of additional documents. While Plaintiffs have agreed to a one-week extension to account for the one-week Chinese New Year holiday, Plaintiffs oppose the requested four-week extension as excessive and unnecessary.

      Your Honor issued the Search Terms Order on January 31, 2024. It is now February 9, 2024—over a week later—and other than run the search terms identified by Your Honor, Irico's letter indicates that it has done nothing to start its review. Rather, it has focused its attention on attempting to justify an overlong extension, asserting that no review can begin until February 19, *after* the Chinese New Year holiday, and nearly *three weeks* after the Search Terms Order was issued. This is untenable.

      Irico's present claim that it needs a month's extension to comply with Your Honor's Order is inconsistent with its prior representations. Irico previously assured Your Honor that it had "collected and preserved" *all* documents that hit on Plaintiffs' search terms without "Su qualifiers," and that those documents "remain[ed] on the China-based Relativity server awaiting the Special Master's decision." Declaration of John Taladay dated Oct. 23, 2023 ("Taladay Decl."), ¶ 25. Thus, it should have been a simple matter to run the searches required by the Search Term Order and immediately begin the state secrets

The Honorable Vaughn R. Walker
2/9/2024
Page 2

review last week. The Chinese New Year Holiday does not start until February 10, 2024.[1] Therefore, an entire week and one-half of review could have been completed before the holiday, so that at least some documents could have been sent to Baker Botts for responsiveness review and production by the February 23, 2024 deadline.

Instead, Irico now informs the Court that it shut down the Relativity server containing the results of Plaintiffs' search terms, requiring four days of coordination between Irico and the eDiscovery vendor to reboot it and run the searches required by the Search Term Order. *See* Feb. 8, 2024 Letter at 2 n.2. Irico does not explain and cannot justify why it shut down the server, knowing that it could and likely would be required to produce additional documents.

Next, Irico claims (without support)[2] that both Irico and the Chinese law firm responsible for the state secrets review are closing early this week for the holiday. Notably, Irico is vague regarding exactly when the offices closed, and provides no explanation for why *no* state secret review has begun. Nor does Irico explain why it did not perform a state secret review in anticipation of possibly being required to produce additional documents. Rather, consistent with its past practice, Irico uses these manufactured discovery disputes as an instrument for further delay.

Plaintiffs submit that Irico's failure to even attempt to comply with the deadline set in the Search Terms Order once again displays its disregard for this Court's authority. Irico also appears to be using the Chinese New Year holiday as a pretext to further delay these proceedings. IPPs have once again lost their trial date as a result of Irico's delays, and DPPs will be in danger of losing theirs if Irico is permitted to drag these proceedings out for another few months. In addition, IPPs intend to seek a new trial date in July 2024. Irico should not be permitted to further prejudice Plaintiffs by unnecessarily causing further delays.

Finally, Plaintiffs also question Irico's assertions regarding the length of time it will take to complete this review. Irico fails to state whether it has de-duped the search results it reports, which would have the potential to dramatically reduce the number of documents to be reviewed.[3] In addition, Irico provides no information regarding the number of people it is assigning to the review. It goes without saying that additional reviewers would assist Irico in meeting the Court's deadlines. Plaintiffs also query Irico's suggestion that the state secrets review requires eyes on every single document, or whether targeted search terms could be used to identify documents containing state secrets to speed up production. *See* Taladay Decl. ¶ 27 (describing the types of information that would qualify as state secrets).

---

[1] https://chinesenewyear.net/.

[2] Neither of the websites Irico cites (Feb. 8, 2024 Letter at 3, n. 3) support its assertion that Irico and AnJie closed this week. Both websites confirm that the holiday does not begin until February 10, 2024.

[3] Many of the documents Irico produced in September and October 2023 were duplicates.

The Honorable Vaughn R. Walker
2/9/2024
Page 3

Lastly, to the extent Your Honor is inclined to grant Irico an extension of the deadline, Irico should be required to produce responsive documents to Plaintiffs on a rolling basis.

In sum, a four-week extension of Your Honor's February 23, 2024 deadline is excessive and unnecessary when the main justification for that extension is a one-week national holiday. This is particularly true given that Irico has not been diligent in attempting to meet the February 23, 2024 deadline.

Very truly yours,

*/s/ Mario N. Alioto*

Mario N. Alioto
Lead Counsel for Indirect Purchaser Plaintiffs

*/s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

Cc:     Tanveer Singh (tanveer.singh@fedarb.com)
        Gina Tercero (gina.tercero@fedarb.com)
        John M. Taladay (john.taladay@bakerbotts.com)
        Evan J. Werbel (evan.werbel@bakerbotts.com)
        Thomas E. Carter (tom.carter@bakerbotts.com)
        Andrew L. Lucarelli (drew.lucarelli@bakerbotts.com)
        Kaylee Yang (kaylee.yang@nortonrosefulbright.com)
        Geraldine W. Young (geraldine.young@nortonrosefulbright.com)
        Brian A. Sun (brian.sun@nortonrosefulbright.com)

# DOCUMENT 32

# BAKER BOTTS LLP

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
**WASHINGTON**

February 12, 2024

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

Re:   In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
No. 07-CV-944-JST

Dear Judge Walker:

We write briefly in reply to Plaintiff's February 9, 2024, letter opposing Irico's request for extension of time (the "Response") to comply with the Special Master's Report & Recommendation on Discovery Search Terms, ECF No. 6351.

Many of Plaintiffs' assertions in the Response seem designed principally to take potshots and incite artificial tensions. We will avoid responding to those assertions (e.g., questioning the existence of the Chinese Lunar New Year holiday, which is the most important holiday in China, as well as many other Asian countries), although our abstinence should not be taken as agreement with any of them. Rather, we write to make the following responsive points to certain statements in Plaintiff's Response.

First, we take exception to the assertion that Irico's actions are "inconsistent with its prior representations" to Your Honor, Response at 1, in the Declaration of John Taladay dated Oct. 23, 2023 ("Taladay Decl."), ¶ 25. Plaintiffs wrongly suggest that Irico did not meet its assurance that it had "'collected and preserved' all documents that hit on Plaintiffs' search terms without 'Su qualifiers,' and that those documents 'remain[ed] on the China-based Relativity server awaiting the Special Master's decision.'" Response at 1 (quoting Taladay Decl., ¶ 25). To the contrary, Irico did exactly as stated in the Declaration in compliance with the procedures set out by the Court in its Order of September 1, 2023, ECF No. 6275 at 5 (requiring "collection of responsive documents" while allowing Irico to "withhold production" and raise search term disputes with Your Honor). Indeed, all documents that hit on search terms were preserved on the China-based Relativity server in October and have remained on that server in preparation for any further decision by the Special Master. This is an unbecoming attempt by Plaintiffs to twist an unwarranted complaint about timeliness into an assertion of misrepresentation.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                          - 2 -

Second, Irico moved quickly to begin compliance with the Special Master's recommendation. As explained in our prior submission, running the search reports required coordination between Irico and eDiscovery vendor personnel, travel to the server location, rebooting and reconstituting the server (which is standard practice), and running the search term reports, a process that took approximately four days. To ensure the security of Chinese state secret information, the Relativity server was set up as an independent server especially for this discovery process. *See* Taladay Decl., ¶ 28 (describing state secret review process). To ensure no damage to the server while not in active use (e.g., from overheating), Irico's eDiscovery vendor shut the server down after the review process ended in the fall of 2023, with the understanding that the server can be rebooted within several days' time if the need arose. The server is maintained in Beijing, but it is not an active server and does not allow for remote access. Therefore, Irico personnel were required to coordinate access to the server, travel from Xianyang to Beijing, and personally accompany BDO staff (Irico's eDiscovery vendor) to access the secure server. Once there, the server was restarted and the parties were able to begin the process of running the search terms, de-duplicating, etc. Irico's counsel was in contact with Plaintiffs' counsel before beginning the searches and once the searches were completed. On the parties' meet and confer on February 2, 2024, Irico's counsel explained to Plaintiffs' counsel that substantial time and effort were required to access the server, run searches, and set up the review, regardless of the volume of documents to be reviewed.

Third, Plaintiffs state that Irico has "failed to state whether it de-duped the search results." Response at 2. The document counts provided to Plaintiffs and the Special Master, both in October 2023 and on February 8, 2024, for the new search terms, have been de-duplicated by BDO using standard eDiscovery tools based on document metadata. Irico also clarified for Plaintiffs that the new search term hit results do not include documents that were previously reviewed for production in October 2023.

Finally, Plaintiffs complain that the additional four weeks requested by Irico for this review might threaten the trial calendar in this case. In our meet and confer last week, we asked the Plaintiffs to consider foregoing or curtailing this additional review in the interests of moving more expeditiously to trial, but they flatly refused. Instead, they argue that Irico should be required to conduct the review in a timeframe that is not possible, and then criticize Irico for requesting the reasonable time that the review will require.

Plaintiffs postulate that the required process should be a "simple matter," Response at 1, but everything is simple when you are not the one doing it. Any suggestion that Irico's response somehow shows a disregard for the Court's authority is absurd. Irico intends to fully comply with Your Honor's requirements but requires additional time for that compliance. Irico has no interest in belaboring this review and is prepared to work aggressively to complete it. The requested extension until March 25, 2024, reflects an expeditious timeframe for the scope of this exercise, and we respectfully request that the Special Master grant the requested extension.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 3 -


                                        Sincerely,
                                        /s/ *John M. Taladay*
                                        John M. Taladay


cc:     Gina Tercero (gina.tercero@fedarb.com)
        R. Alexander Saveri (rick@saveri.com)
        Geoffrey C. Rushing (geoff@saveri.com)
        Matthew D. Heaphy (mheaphy@saveri.com)
        Mario N. Alioto (malioto@tatp.com)
        Lauren C. Capurro (laurenrussell@tatp.com)
        Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

# DOCUMENT 33

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2001 Union Street, Suite 482
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

April 3, 2024

*VIA EMAIL*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
vrw@judgewalker.com

**Re:** **_In re Cathode Ray Tube (CRT) Antitrust Litigation_ – MDL No. 1917, Master File No. 07-CV-5944-JST**

Dear Judge Walker:

The Indirect Purchaser Plaintiffs ("IPPs") and the Direct Purchaser Plaintiffs ("DPPs") (together, "Plaintiffs") write regarding the March 25, 2024 production of documents by Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (together, "Irico") pursuant to Your Honor's Report & Recommendation on Discovery Search Terms (ECF No. 6351), as modified and adopted by the Court (ECF No. 6357).

Irico's recent production is the fourth batch of documents produced by Irico relating to its failure to produce Su Xiaohua for his Court-ordered deposition in June 2022. This time, after informing the Court that 28,000 documents required review, Irico produced just 127 pages, many of which are redacted.[1] None of the recently produced documents changes the facts relating to Irico's failure to produce Mr. Su. *See* Plaintiffs' Nov. 16, 2023 Letter. The production confirms that Mr. Su continued to work at Irico after May 25, 2022—the date Irico falsely claimed he retired and "terminated all relationships"[2] with Irico.[3]

---

[1] Copies of Irico's Second Supplemental Su Privilege Log and its Supplement Su State Secret Log dated March 25, 2024, are provided herewith. Your Honor's Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions required Irico to "translate in full without redactions" all documents listed on its privilege log and submit them to Your Honor for *in camera* review. ECF No. 6264 at 9.

[2] Irico Opp. to Plaintiffs' Motion for Sanctions at 27, 33.

[3] Along with previously produced documents, the recent documents confirm that Mr. Su continued working with colleagues in June 2022, *after* Irico informed Plaintiffs that he had resigned. *See, e.g.*, IRI-SU-001595 (messages between Su and a subordinate) and IRI-SU-001634 (instructions from Su to a subordinate) (Attachments 1 and 2 hereto).

The Honorable Vaughn R. Walker
4/3/2024
Page 2

None of the recently produced documents is exculpatory in any way for Irico. Nor do the documents support any of Irico's implausible claims in its ever-changing story regarding Mr. Su.

For example, no document supports Irico's implausible claim that—despite having granted Mr. Su permission to go "off duty and rest" before he was eligible for that status[4]—Irico personnel were "surprised" when he purportedly chose to leave his position in June 2022 rather than appear for his deposition.[5] Likewise, no document supports Irico's equally implausible claim that the personnel who approved Mr. Su's application to go "off duty and rest" were unaware that Irico was under a Court Order to produce Mr. Su for deposition.[6]

On the contrary, the evidence shows that Irico's Chairman Si Yuncong and General Manager Yang Yuanjang, both of whom were involved in the April 7, 2022 decision to allow Mr. Su to go "off duty and rest" before he was eligible, also approved the legal department's January 2022 request for Mr. Su and others to travel to Hong Kong for deposition[7] and its May 2022 request to travel to Macau.[8] Thus, Irico's leaders were well aware that Irico was under a Court Order to produce Mr. Su for deposition when they approved his request to go off duty early. Irico's claims that "Mr. Su's pending deposition was not raised, discussed or considered by the participants in the April 7 Meeting[,]" and that "[t]he April 7 Meeting did not specify a particular date by which Mr. Su could or would resign from his positions[,]"[9] also remain unsupported—and highly implausible.

---

[4] *See* Hwu Nov. 16, 2023 Decl. Ex. B at IRI-SU-000402E (Irico document explaining that Mr. Su was not eligible to go "off duty and rest" until December 2022).

[5] *See* Irico Nov. 28, 2023 Letter at 3 (claiming "Mr. Su's departure was indeed a complete surprise").

[6] *Id*. at 3 (claiming without support that the Irico staff involved in approving his off duty and rest status "had no reason to know of Mr. Su's planned deposition"); *id*. at 9 (speculating that "Mr. Su may very well have taken advantage of separate, unconnected processes for his request to resign his management position and the Irico Group legal department's efforts to plan his travel for deposition in 2022 to secure the former and escape the latter.").

[7] *See* Plaintiffs' Reply ISO Motion for Sanctions, Rushing Decl. Exs. 17 & 18 (IRI-SU-000129E and 130E).

[8] *See* Irico Opp. to Plaintiffs' Motion for Sanctions, Carter Decl. Exs. T & J (IRI-SU-000131E and 132E).

[9] Irico "Clarification Letter" dated Nov. 16, 2023 at 1.

The Honorable Vaughn R. Walker
4/3/2024
Page 3

Even though Irico now admits that the April 7 authorization allowed Mr. Su to step back from his managerial duties *before* December 2022,[10] Irico's latest search has failed to yield a single document specifying the date Mr. Su was supposed to leave his position. All of the Irico documents relating to Mr. Su going off duty to rest are conspicuously silent on exactly when he would leave his position. It is highly improbable that Irico leaders would have granted Mr. Su permission to leave his position "ahead of schedule" but fail to specify in writing—or even discuss—when exactly that would happen. Irico has either destroyed this evidence or is continuing to withhold it, or the authors of its documents were very careful not to record the date Mr. Su was supposed to go "off duty and rest." All of these explanations evidence a desire to conceal this information.

In addition, Irico's latest search has also failed to yield a single email, text message, or voicemail from anyone at Irico urging Mr. Su to attend his deposition, much less compelling him to do so. Thus, there is no support for Irico's repeated claims that it attempted "to convince Mr. Su to appear for deposition."[11] This is significant not only because it is yet another example of Irico's lack of candor, but also because Irico was under a Court Order to produce Mr. Su for his deposition. Irico was therefore required "to use its best efforts to secure [Mr. Su's] attendance at the deposition." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018) (Rule 37(b)(2)(B) provides for sanctions "[i]f a party fails to comply with an order under Rule 35(a) requiring it to produce another person for physical or mental examination."). Irico has not established that it has done so.

That Irico gathered documentation for Mr. Su's visa falls far short of demonstrating that Irico used its "best efforts" to secure his attendance at his deposition after his purported refusal. This is particularly true given that Irico's leaders granted Mr. Su permission to go "off duty" early—which allowed him to continue to be paid—without requiring him to attend his Court-ordered deposition. To make matters worse, Irico then falsely represented

---

[10] In its Opposition to the Sanctions Motion, Irico insisted that the April 7, 2022 meeting minutes showed that Mr. Su was supposed to leave his position at the end of December 2022. *See* Irico Opp. at 31 (citing April 7, 2022 meeting minutes and claiming "Irico was operating under the belief that Mr. Su fully intended to appear for his deposition, under the firm belief that he did not plan to retire until December 2022."). Only in November 2023—after it was ordered to produce additional documents, and well over a year after Plaintiffs raised questions about the circumstances of Mr. Su's resignation—did Irico "clarify" that its leaders had approved Mr. Su's request to leave his position *before* December 2022 at the April 7, 2022 meeting. *See* Irico Clarification Letter at 1.

[11] Irico Opp. to Sanctions Motion at 27. *See also* ECF No. 6101 at 9 ("When Irico's in-house counsel learned of Mr. Su's resignation on May 31, 2022, Irico tried to convince Mr. Su to reverse his decision[.]"). The Court already found this claim to be unsubstantiated. ECF No. 6115 at 10 ("But Irico provides no information supporting its assertions that Su Xiaohua's nonappearance was outside of its control or that Irico made efforts to persuade Su Xiaohua to appear for his deposition as Irico did for the two other Irico witnesses.").

The Honorable Vaughn R. Walker
4/3/2024
Page 4

that Mr. Su had retired and had terminated all relationships with Irico—and withheld key evidence to the contrary in contravention of a Court Order—to justify its claim that he could not be compelled to attend his deposition.

In sum, the numerous inconsistencies and evidentiary gaps in Irico's implausible explanations regarding its failure to produce Mr. Su for deposition, together with its repeated misrepresentations, compel a finding that it acted in bad faith and that it intentionally deprived Plaintiffs of the evidence Mr. Su could have provided. *See InternMatch, Inc. v. Nxtbigthing, LLC*, No. 14-CV-05438-JST, 2016 WL 491483, at *11–14 (N.D. Cal. Feb. 8, 2016), *vacated on other grounds*, No. 14-CV-05438-JST, 2017 WL 8944065 (N.D. Cal. Nov. 17, 2017) (finding defendants had acted in bad faith with intent to deprive where "the alleged chronology of events [was] highly improbable, [and] [d]efendants' story [was] filled with inconsistencies[,]" and ordering severe sanctions); *Torgersen v. Siemens Bldg. Tech., Inc.*, No. 19-CV-4975, 2021 WL 2072151, at *4–5 (N.D. Ill. May 24, 2021) (concluding that plaintiff's destruction of evidence was an "intentional act designed to deprive Defendants of relevant ESI" because his "shifting explanations" lacked credibility and the timing of the spoliation suggested it was in response to discovery requests).

Mr. Su was an important witness that Irico identified as having "personal knowledge of matters that are highly relevant to this litigation and is likely the only Irico witness with personal knowledge of key facts and events." ECF No. 6115 at 10. The Court has found that Irico's failure to produce him for deposition prejudiced Plaintiffs (and the Court) and delayed these proceedings. August 11, 2022 Transcript of Proceedings Denying Emergency Motion For Relief from Scheduling Order (ECF No. 6047) at 12-13. This harm compounds the great prejudice already caused by Irico's disappearance from this litigation for seven years, its near total destruction of relevant documentary evidence, its repeated violations of Court orders, and its myriad misrepresentations of material facts to Plaintiffs and the Court. Accordingly, Plaintiffs respectfully request that the Court grant their motion for terminating sanctions.

Very truly yours,

*/s/ Mario N. Alioto*

Mario N. Alioto
Lead Counsel for Indirect Purchaser Plaintiffs

*/s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

Cc:     Gina Tercero (gina.tercero@fedarb.com)

The Honorable Vaughn R. Walker
4/3/2024
Page 5

John M. Taladay (john.taladay@bakerbotts.com)
Evan J. Werbel (evan.werbel@bakerbotts.com)
Thomas E. Carter (tom.carter@bakerbotts.com)
Andrew L. Lucarelli (drew.lucarelli@bakerbotts.com)
Kaylee Yang (kaylee.yang@nortonrosefulbright.com)
Geraldine W. Young (geraldine.young@nortonrosefulbright.com)
Brian A. Sun (brian.sun@nortonrosefulbright.com)

# ATTACHMENT 1



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **CORRESPONDENCE / EXCEL FILE** |
|  |
| **IRI-SU-001595** |
|  |

| Source Language:   **CHINESE** | Target Language:   **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**    Sean Kirschenstein, Director                    **Date:**    April 1, 2024

A copy of the translated version(s) is attached to this statement of certification.



IRI-SU-001595E_TRANSLATION



# ATTACHMENT 2



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



A member of the American
Translators Association
ATA Member Number: 248719

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **CORRESPONDENCE / EXCEL FILE** |
| |
| **IRI-SU-001634** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   April 1, 2024

A copy of the translated version(s) is attached to this statement of certification.





# DOCUMENT 34

# BAKER BOTTS LLP

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
**WASHINGTON**

April 10, 2024

**CONFIDENTIAL**

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

Re:    In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
       No. 07-CV-944-JST

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") respectfully submit this response to Plaintiffs' April 3, 2024, supplemental letter brief regarding Irico's recent supplemental production of documents relating to former Irico employee Su Xiaohua ("April 3 Letter Br.").

Plaintiffs' supplemental letter all but admits that the additional documents produced most recently by Irico under the Special Master's Report & Recommendation on Discovery Search Terms (ECF No. 6351) were innocuous and fail to support Plaintiffs' arguments for terminating or other severe sanctions. Plaintiffs instead rehash old arguments that never supported terminating sanctions and attempt to manufacture an inference of improper intent based on a *lack* of supporting evidence. But Plaintiffs bear the burden of proof and such an inference would be unjustified. Plaintiffs' motion for sanctions should be denied.

Plaintiffs begin their letter by insinuating that the relatively small volume of responsive documents in Irico's most recent production somehow reflects a lack of forthrightness by Irico. This is categorically false. Instead, the lack of documents in the most recent production confirms that Plaintiffs' search terms were unnecessarily broad and did not lead to a significant number of additional responsive documents. As Irico anticipated and explained to Plaintiffs, the modest size of this final production was completely expected given the nature of the unbounded search terms required by Plaintiffs and the fact that the documents most likely to be relevant to Mr. Su's departure or deposition – i.e., all documents that identified Mr. Su and any substantive search term (such as "retirement" or "deposition") – were already provided in prior productions. By definition, the documents included in this latest production were those that did not include both a search term identifying Mr. Su and a potentially relevant search term. As expected, this resulted in a significantly lower responsiveness rate. *See* Irico Status Update and Request for Extension (Oct. 9, 2023) at 6 n.7 (explaining that documents "that did not hit on any 'Su qualifiers'" making up

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 2 -

this latest production were "the documents *least* likely to contain responsive material"); Taladay Decl. (Oct. 23, 2023) ¶¶ 23-24 (noting that the search terms requested by Plaintiffs "omitted any requirement that the search terms be related in any way to Mr. Su," causing search results to balloon to "55% of every message or document sent or received by every custodian" during the relevant time period).  Plaintiffs' implicit suggestion that Irico exaggerated the volume for review or over-withheld documents[1] ignores this reality.

Because these newly produced documents offer no support for Plaintiffs' theory of a company-wide conspiracy to prevent Mr. Su's deposition, they instead attempt to argue that the minimal documentation surrounding Mr. Su's departure somehow shows bad faith on Irico's part.[2] *See* April 3 Letter Br. at 3 (arguing that "Irico's latest search has failed to yield" documents either "specifying the date Mr. Su was supposed to leave his position" or "urging Mr. Su to appear for deposition").  This attempt willfully ignores the more obvious explanation: there is no evidence of such a plot because no such plot existed.  It also ignores the fact that such documents *could not rationally* have been included in this latest production, because they would necessarily be directed to Mr. Su (or at least mention him by name) *and* include one of the many substantive search terms used for Irico's October 2023 productions. *See* Taladay Decl. ¶ 24.  Plaintiffs' illogical insistence that Irico must disprove Plaintiffs' unfounded allegation of a conspiracy to prevent Mr. Su's deposition effectively amounts to an admission that there is *no* support for finding any such intent to deprive Plaintiffs of relevant evidence.  Despite Plaintiffs' efforts to confuse the issue, Plaintiffs – not Irico – bear the burden of proof on their motion and they have failed to show any intent to deprive.

Contrary to Plaintiffs' argument – which is based entirely on documents produced more than a year ago with nothing new from the most recent production – it would not be correct to infer bad faith from the mere fact that two Irico Group leaders had previously approved forms seeking to obtain visas for a group of Irico employees to travel to Hong Kong.  *See* April 3 Letter Br. at 2. The document cited by Plaintiffs shows only that Mr. Su's name was briefly mentioned as part of a group of five individuals – including witnesses and supporting personnel – for which Irico's Legal Affairs Department was managing the administrative process "to apply for one-year

---

[1] Plaintiffs misleadingly cite the Special Master's August 4, 2023 Order, which required Irico to translate and submit for *in camera* review the documents listed on its previously-produced privilege log that was attached as Exhibit NN to Plaintiffs' initial sanctions motion papers.  ECF No. 6264 at 1, 9 & n.7.  Irico fully complied with that requirement on September 1, 2023.

[2] Bad faith would be a necessary element, but not sufficient on its own, to justify terminating sanctions, especially when (as here) a case can still be resolved on the merits and lesser sanctions are available.  *See In re Google Play Store Antitrust Litig.*, No. 21-md-02981-JD, 2023 WL 2673109, at *9 (N.D. Cal. Mar. 28, 2023) (courts should not order terminating sanctions when "lesser measures . . . would be sufficient to redress" the violation); *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 993-94 (N.D. Cal. 2012) (courts should choose "the least onerous sanction corresponding to the willfulness of the destructive act and the prejudice suffered by the victim").

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 3 -

multiple-entry Hong Kong passes and visas" in January 2023.  Plaintiffs' Reply Br. (May 26, 2023), Saveri Decl. Ex. 17 (IRI-SU-000129) ("After discussion, IRICO Group plans to send five people including Wang Zhaojie, Su Xiaohua, Zhang Wenkai, Shang Tingting and Ma Ding to Hong Kong for evidence collection work.").  Mr. Su was not the focus of that request and there is no evidence indicating that any issue regarding Mr. Su came up between approval of the travel request and the consideration, months later, of Mr. Su's request to leave his positions early in April 2022.  It would not be reasonable to assume, as Plaintiffs do, that these Irico leaders approved Mr. Su's departure as part of a plot to prevent his deposition, particularly because the meeting minutes reflecting that approval show the opposite: that Mr. Su's pending deposition was not discussed and played no part in the decision.  *See* Irico Clarification Letter (Nov. 16, 2023), Attachment A (IRI-SU-000137) at -139E.

Indeed, there is nothing in the record to suggest that these two executives had any knowledge at all that Mr. Su would depart prior to giving a deposition.  To the contrary, the same executives approved a similar form *after* the April 7, 2022, meeting regarding Mr. Su's request to resign early from his management roles, to approve a travel plan to Macau, again submitted by the Irico Group Legal Affairs Department and again listing Mr. Su as one of five individuals seeking a travel permit, in early May of 2022.  *See* Irico Opp. (Apr. 21, 2023), Carter Decl. Exs. J, T (showing Macau travel request submitted on May 6 and approved by Messrs. Yang and Si on May 7 and 9, 2022, respectively).  Submitting or approving that alternative plan would have made little sense if either the Legal Affairs Department or the Irico Group leadership were cognizant of Mr. Su's intent to depart imminently.  Once again, the obvious explanation is *not* the existence of a grand conspiracy to prevent Mr. Su's deposition, but rather that Irico's executives were simply unaware that Mr. Su was planning to leave his position before giving a deposition.  *See* Irico Response to Pls.' Supp. Br. (Nov. 28, 2023) at 9 ("Mr. Su may very well have taken advantage of separate, unconnected processes for his request to resign his management positions and the Irico Group legal department's efforts to plan his travel for deposition in 2022 to secure the former and escape the latter.").

Plaintiffs bear the burden of showing that Irico acted with specific intent to deprive them of relevant evidence, but there remains no evidence justifying such a conclusion and thus no basis for terminating or other severe sanctions.  Such extreme sanctions are appropriate only as a last resort and only when misconduct is both (1) made with specific intent to deprive the other party of evidence in litigation, and (2) so severe that it is no longer possible to resolve a case on the merits.  *See Sec. Alarm Fin. Enters., L.P. v. Alarm Prot. Tech., LLC*, No. 3:13-CV-00102-SLG, 2016 WL 7115911 at *2 (D. Alaska Dec. 6, 2016) (a court "may not impose the harshest sanctions unless it also finds that the spoliating party acted with the intent to deprive another party of the information's use in the litigation"); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (terminating sanctions only justified when a party has "engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" or "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice"); *Atl. Recording Corp. v. Howell*, No. CV-06-02076-PHXNVW, 2008 WL 4080008, at *2 (D. Ariz. Aug. 29, 2008) (terminating sanctions only appropriate where misconduct caused such severe prejudice that it

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                  - 4 -

"ma[kes] it impossible to decide the case on the merits").[3]  In a last-ditch attempt to justify these groundless "death penalty" sanctions against Irico, Plaintiffs repeat the error of their earlier briefing and cite only isolated snippets of caselaw while ignoring (or hiding) the specific facts and holdings of each case.  Plaintiffs have failed to find even one case that supports the extreme remedy of terminating sanctions here.[4]  The cases Plaintiffs again selectively cite in their most recent submission confirm this point:

- First, in *Sali v. Corona Regional Medical Center*, the district court ordered, and the Ninth Circuit affirmed, an award of only *monetary* sanctions – "the mildest of the possible Rule 37 sanctions" – for a party's failure to make "any effort" whatsoever to secure its own expert's attendance at a deposition.  884 F.3d 1218, 1225 (9th Cir. 2018).  That holding does not support any sanction here, where Irico clearly made efforts to secure Mr. Su's travel for deposition before he announced that he would no longer cooperate with those efforts.  *See* Irico Clarification Letter (Nov. 16, 2023) at 2.

- Second, in *InternMatch, Inc. v. Nxtbigthing, LLC*, Judge Tigar denied a party's request for terminating sanctions because, as here, it was still possible to "resolve this case on the merits."  No. 14-CV-05438-JST, 2016 WL 8944065, at *13 (N.D. Cal. Feb. 8, 2016) (granting lesser sanctions that "largely if not entirely cured" prejudice from willful destruction of evidence), *vacated on other grounds*, 2017 WL 8944065 (N.D. Cal. Nov. 17, 2017).

- Finally, the court in *Torgersen v. Siemens Building Technology, Inc.* also declined to impose the requested terminating sanction for a party's intentional deletion of his Facebook account "in response to [a] discovery request" despite finding intent to deprive the requesting party of relevant discovery, holding that "there are certainly less drastic sanctions available that will remedy the prejudice . . . and allow the case to be heard on the respective merits."  No. 19-cv-4975, 2021 WL 2072151, at *5 (N.D. Ill. May 24, 2021).

None of these cases come close to justifying terminating sanctions against Irico for Mr. Su's departure and refusal to cooperate with Irico in providing his testimony or for any of the other allegations raised by Plaintiffs in their motion.

---

[3] Despite Plaintiffs' protestations to the contrary, Mr. Su had only a limited role regarding CRTs and would have had minimal additional information regarding their allegations, if any.  *See* Irico Response to Pls.' Supp. Br. (Nov. 28, 2023) at 7-8 (explaining why Mr. Su is not a key witness in light of the full volume of evidence already obtained by Plaintiffs).

[4] Irico previously reviewed the facts and holdings of each case cited by Plaintiffs in their briefing to illustrate how Plaintiffs misstated the facts or failed to alert the Special Master that the Court had not awarded terminating sanctions in the very cases that they cite to support terminating sanctions here.  *See* Opp'n (Apr. 21, 2023) 5-8; Surreply (June 9, 2023) 2-4.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 5 -

\*        \*        \*

The Special Master should deny Plaintiffs' request for terminating sanctions and their alternate request for adverse inference, striking of defenses, and other extreme sanctions.

Sincerely,

*/s/ John Taladay*

John Taladay

cc:     Gina Tercero (gina.tercero@fedarb.com)
        R. Alexander Saveri (rick@saveri.com)
        Geoffrey C. Rushing (geoff@saveri.com)
        Matthew D. Heaphy (mheaphy@saveri.com)
        Mario N. Alioto (malioto@tatp.com)
        Lauren C. Capurro (laurenrussell@tatp.com)
        Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)