**NORTON ROSE FULBRIGHT US LLP**
JEFFREY B. MARGULIES (BAR NO. 126002)
KAYLEE YANG (BAR NO. 303464)
555 California Street
Suite 3300
San Francisco, California 94104
Telephone:    (213) 892-9200
Facsimile:    (213) 892-9494
jeff.margulies@nortonrosefulbright.com
kaylee.yang@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
GERALDINE YOUNG (admitted *pro hac vice*)
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone:    (713) 651-5151
Facsimile:    (213) 651-5246
geraldine.young@nortonrosefulbright.com

Attorneys for Defendants
IRICO GROUP CORP. AND
IRICO DISPLAY DEVICES CO., LTD

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No.: 07-cv-05944 JST<br><br>MDL No. 1917 |
| This document relates to:<br><br>*ALL ACTIONS* | **IRICO DEFENDANTS' UNOPPOSED ADMINISTRATIVE MOTION TO MODIFY SEALING ORDER AND TO SEAL PURSUANT TO CIVIL LOCAL RULES 7-11 AND 79-5(f)** |

Pursuant to Civil Local Rules 7-11 and 79-5(f), Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. (collectively, "Irico") hereby move the Court: (1) to modify in part the requirement in the Court's Order, dated June 26, 2024, stating that "Irico shall file the material designated in ECF No. 6392 on the public record within seven days of the date of this order," ECF No. 6393; and (2) to seal select, narrowly tailored materials designated in Irico's past sealing motion (ECF No. 6392) that Irico contends are confidential, while Irico publicly files the remaining previously designated materials.

## BACKGROUND

On June 13, 2024, the Irico Defendants moved to seal portions of the record comprising the Parties' sanctions briefing that contained information designated as confidential by Irico ("Sealing Motion"), ECF No. 6392.  On June 26, 2024, the Court issued an order ("Sealing Order") denying the Irico Defendants' Sealing Motion and stating that "Irico shall file the material designated in ECF No. 6392 on the public record within seven days of the date of this order," ECF No. 6393.  The Court's Sealing Order cited Irico's statement that the designated materials "may not qualify for filing under seal" and the absence of certain argument in favor of sealing.  *Id.*  The other portion of the Court's Sealing Order requires Irico to re-file a more narrowly tailored request as to Irico's other sealing motion, ECF No. 6390.

In light of the Court's Sealing Order, Irico acknowledges the imprecision of its past Sealing Motion, ECF No. 6392, and has determined that some, but not all, of the materials designated in the Sealing Motion (ECF No. 6392), are truly confidential, such as confidential personal employee information, including dates of birth (*see* Fed. R. Civ. P. 5.2(a)), medical records, personal addresses, and salary information.  Irico, therefore, respectfully requests that the Court modify its Sealing Order, ECF No. 6393, and consider Irico's below narrowly tailored request to seal select materials designated in the Sealing Motion (ECF No. 6392) that Irico contends are confidential, while Irico publicly files the remaining materials with the Court.

**ARGUMENT**

Irico has reviewed and complied with this Court's Standing Order Governing Administrative Motions to File Materials Under Seal Before District Judge Jon S. Tigar (Mar. 14, 2022) and Civil Local Rule 79-5, including the requirement to file separate motions if a party seeks to file under seal a document containing "portions that more than one party bears the burden of showing is sealable." Civil L.R. 79-5(f)(5). This motion relates solely to materials designated confidential by Irico.

**I.  Irico's Confidential Materials**

In Exhibit A to this Administrative Motion, Irico proposes to seal the specific documents or portions thereof for the narrowly tailored reasons also identified in the table as to each document. Conversely, Irico does not seek to seal any other materials, not listed in Exhibit A, that were designated in Irico's past Sealing Motion (ECF No. 6392), and Irico will publicly file those materials.

**II.  Irico's Sealing Request**

Irico seeks to file these materials under seal because they contain confidential personal employee information, including dates of birth (*see* Fed. R. Civ. P. 5.2(a)), medical records, personal addresses, and salary information.

Records that have "traditionally been kept secret for important policy reasons" are generally "not subject to the right of public access." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("If the documents are not among those which have 'traditionally been kept secret for important policy reasons,' then 'the public policy reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.),' apply." (internal citations omitted)). For those materials not traditionally kept non-public for policy reasons, sealing can still be ordered upon a showing of "compelling reasons" for sealing documents attached to dispositive filings and upon a showing of "good cause" for those associated with non-dispositive motions. *Nursing Home Pension Fund v. Oracle Corp.*, No.

C01-00988 MJJ, 2007 WL 3232267, at *1-*2 (N.D. Cal. Nov. 1, 2007).

As other courts in this District and Circuit have recognized for similar materials, the materials designated in this Motion warrant sealing because they involve legitimate private interests as to the confidential personal information, including medical records, birthdates, salaries, and personal home addresses. Injury to those interests would result if sealing was denied; and less restrictive alternatives to sealing are not sufficient given the injury that would result from public filing. *See Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft."); *Lin v. Suavei, Inc.*, No. 3:20-CV-0862-L-AHG, 2023 WL 7501403, at *2-*3 (S.D. Cal. Nov. 13, 2023) ("District courts within the Ninth Circuit have found that a party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings.").

WHEREFORE, Irico respectfully submits this administrative motion pursuant to the Stipulated Protective Order and Civil Local Rule 79-5(f).

Dated: July 2, 2024

Respectfully submitted,

/s/ *Jeffrey B. Margulies*
JEFFREY B. MARGULIES (Bar No. 126002)
KAYLEE YANG (BAR NO. 303464)
Norton Rose Fulbright US LLP
555 California Street, Suite 3300
San Francisco, California 94104
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
kaylee.yang@nortonrosefulbright.com

GERALDINE YOUNG (admitted *pro hac vice*)
1301 McKinney, Suite 5100
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (213) 651-5246
Geraldine.young@nortonrosefulbright.com

*Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing **Administrative Motion to Seal Pursuant to Civil Local Rules 7-11 and 79-5(f)** was filed via CM/ECF on July 2, 2024, and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *Jeffrey B. Margulies*
Jeffrey B. Margulies

# CERTIFICATE OF CONFERENCE

I hereby certify that the Irico Defendants conferred with counsel for the Direct Purchaser Plaintiffs and counsel for the Indirect Purchaser Plaintiffs, and they are unopposed to the requested relief.

By: *Jeffrey B. Margulies*
Jeffrey B. Margulies