# DOCUMENT 23

John M. Taladay *(pro hac vice)*
Evan J. Werbel *(pro hac vice)*
Thomas E. Carter *(pro hac vice)*
Andrew L. Lucarelli *(pro hac vice)*
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and
Irico Display Devices Co., Ltd.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF JOHN M. TALADAY REGARDING COMPLIANCE WITH INTERIM ORDERS ON PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS** |
| *ALL INDIRECT PURCHASER ACTIONS* *ALL DIRECT PURCHASER ACTIONS* | |
| | Judge:      Honorable Jon S. Tigar |

I, John M. Taladay, declare as follows:

1.      I am a member of the bar of the District of Columbia and admitted to practice before this Court *pro hac vice*.  I am an attorney with Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display," collectively, "Irico" or the "Irico Defendants") in this action.  I make this Declaration in support of Irico Defendants' Submission in Response to the Orders Adopting the Special Master's First and Second Interim Reports and Recommendations on Plaintiffs' Motion for Discovery Sanctions.  *See* ECF Nos. 6264 ("First Interim Order"); 6324 ("Second Interim Order," collectively the "Orders").  If called as a witness, I could and would testify to the matters set forth in this declaration of my own personal knowledge.

2.      As directed by the Special Master in the Second Interim Order, I submit this declaration to describe the steps taken under my direction and control to comply with the Special Master's Orders requiring discovery into certain matters regarding Su Xiaohua as well as to detail other tasks completed as required by the Orders.

**Su Laptop, Other Devices and Documents**

3.      At my direction, Thomas Carter, a Baker Botts attorney of record for Irico, traveled to China on September 10, 2023, along with Eric Chuang, a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor experienced in discovery of electronically stored information. *See Forensic Technology Services*, BDO USA, P.C. (last accessed Oct. 23, 2023), https://www.bdo.com/services/advisory/forensics-investigations/forensics-technology.

4.      Mr. Carter took physical custody of Mr. Su's former laptop on September 12, 2023, and personally oversaw BDO's imaging of the complete content of the laptop's solid-state drive. BDO utilized Forensic Falcon Neo, a digital forensic imaging hardware device manufactured by Logicube, a well-known product in the forensic industry, to duplicate the solid-state drive, which is the same imaging equipment and software as is typically used for BDO's U.S. forensic collections in litigation matters.

5.      Mr. Carter then oversaw BDO's forensic analysis of all recovered files from Mr. Su's former laptop.  BDO utilized Encase Forensic Software manufactured by Guidance Software,

1    a well-known product in the forensic industry, for the data recovery procedure, which is typically

2    used for BDO's U.S. forensic collections in litigation matters.

3        6.      Until leaving his position at Irico, Mr. Su most recently served as the General

4    Manager of Irico (Foshan) Flat Panel Display Co., Ltd. ("Irico Foshan") located in the city of

5    Foshan, China, where Mr. Su's former office was located.  Based on information provided by Irico,

6    we understand that Mr. Su's laptop was issued to him by Irico Foshan around the time he was first

7    employed by that company beginning on December 31, 2019.  BDO's analysis showed that the

8    solid-state drive of Mr. Su's laptop had been reformatted on June 15, 2022 and a new copy of

9    Microsoft Windows was installed at that time.[1]  Based on Baker Botts' investigation this was done

10   in connection with the repurposing of Mr. Su's laptop for use by his successor as General Manager,

11   Zhang Jiming, who took possession of Mr. Su's former laptop when he assumed Mr. Su's former

12   position.  Based on interviews with Irico employees, we understand that Zhang Dongling, the

13   Operations and Management Director for Irico Foshan, was responsible for repurposing the laptop

14   for use by Zhang Jiming.

15       7.      A report detailing the results of BDO's forensic analysis is attached as Exhibit 1.

16   BDO recovered a total of 28,555 files with metadata dates within the time period in which Mr. Su

17   potentially had use of the laptop, the vast majority of which were system files.  Following de-

18   duplication and removal of non-user created system files, approximately 9,000 files remained, prior

19   to application of search terms.  These files were transferred by BDO to a China-based Relativity

20   server so that BDO could process and apply search terms to the data and to enable a state secret

21   review before any materials were released to Baker Botts as described below.

22       8.      I also instructed BDO to collect data from corporate servers containing Mr. Su's

23   emails and internal text messages.

24       9.      Also under my direction, Baker Botts and BDO investigated whether Mr. Su had

25   any other company-issued or company-controlled devices other than his former laptop and

26   determined that he did not.

27

28   _____

[1] We note that, at that time, the laptop and its contents were not subject to any discovery order.

10.     Baker Botts and BDO also investigated whether there were any remaining hard copy files in or from Mr. Su's office and determined no such files existed.  Mr. Su's successor, Zhang Jiming, had moved into Mr. Su's office more than a year ago, and he informed Mr. Carter that the office was empty when he moved in.   Other Irico Foshan employees also confirmed that Mr. Su had removed any files from his office prior to his departure.

**Efforts to Contact Mr. Su**

11.     I have been informed, and medical records indicate, that Mr. Su suffered a stroke on January 7, 2023, and that he has been in and out of the hospital, or in recovery hospitals, since that time.  *See* Ex. 2 (IRI-SU-000219E).  In August, after the issuance of the First Interim Order but prior to the Second Interim Order, Zhang Wenkai, Irico's Assistant General Counsel, contacted Mr. Su by phone on a few occasions to seek his cooperation with responding the Orders.  Mr. Su spoke briefly to Mr. Zhang, but on the final occasion, citing his deteriorated health condition, Mr. Su insisted that that he not be contacted any further regarding this litigation.  Mr. Zhang recorded this call, and we have attached a transcript of that discussion.  *See* Ex. 3 (IRI-SU-000202E).

12.     Despite Mr. Su's explicit request, pursuant to the Second Interim Order, Baker Botts attempted to contact Mr. Su on October 3, 2023, by sending a message through Mr. Zhang to Mr. Su via WeChat, a commonly used communication app in China, requesting to speak with Mr. Su regarding the issues raised in the Orders.  Mr. Su did not respond to that request.  *See* Ex. 4 (IRI-SU-000229E).  Thus, we were not able to secure any cooperation by Mr. Su in connection with the current discovery initiative under the First and Second Interim Orders.

**Interviews of Other Irico Employees**

13.     Under my direction and based on their positions or other information suggesting a potential connection to Mr. Su, Mr. Carter, together with bilingual BDO staff, interviewed 23 current or former employees of Irico Group and its subsidiaries.  These individuals included: (1) human resources staff and department heads at Irico Group, Xianyang Irico Group Industrial Co., Ltd. ("Irico Industrial," the Irico subsidiary that directly managed Mr. Su's management appointments), and Irico Foshan; (2) top management at Irico Group, Irico Industrial, and Irico Foshan, including the four individuals whose names are set forth in the April 7, 2022, meeting

minute approving Mr. Su's resignation request; (3) former subordinates of Mr. Su at Irico Foshan; (4) personnel at Irico Group and Irico Industrial responsible for ministerial drafting and approving official personnel paperwork; (5) members of the Irico Group legal department; and (6) information technology personnel at Irico Group.

14.    These interviews covered topics relevant to the Orders, including interviewees' knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents.  Mr. Carter reported to me regarding relevant information learned in these interviews.

**Collection of Materials from Interviewees and Relevant Departments**

15.    In each interview described above, on my instruction, Mr. Carter also inquired and attempted to determine whether the employee had any documents or personal communications responsive to the Orders that were not preserved on the corporate servers.   As detailed below, Mr. Carter and BDO determined that emails and internal text messages would be preserved on corporate servers.   If any interviewee indicated that they had responsive company documents not preserved on these corporate servers, all of those materials were collected by BDO. In some cases, the interviewees indicated that they had WeChat communications that might be responsive to the Orders on individual employee-owned phones (over which the company has no control) rather than on company devices or servers.  Though none of interviewees would agree to provide their personal phones for forensic imaging and not all employees still had copies of their potentially relevant WeChat messages, those interviewees who stated that they still had relevant WeChat messages provided screen shots of those messages to BDO.  All materials provided by these witnesses were given to BDO, and BDO loaded the documents to the China-based Relativity server.

16.    Other specific materials required by the Orders were also collected directly (on a "go get" basis) from relevant departments such as human resources (e.g., Mr. Su's employment

contract) and accounting (i.e., payment records).  BDO loaded these materials onto the China-based Relativity server.

**Collection of Emails and Internal Text Messages from Corporate Servers**

17.     After consultation with Mr. Carter regarding his interviews, I identified 15 custodians (14 interviewees and Mr. Su) who appeared reasonably likely to have responsive electronic communications.[2]  I then instructed BDO to collect all emails and internal text messages in the relevant time frame from the corporate servers for those custodians for further review. *See* Ex. 5 (Oct. 9, 2023, Letter Request to Special Master), Attachment A.

18.     BDO worked with relevant information technology personnel responsible for maintaining the company servers to execute on this instruction.  Email data and internal text message data were stored on different servers, so this effort required separate collections by BDO.

19.     Regarding the emails, only 14 of the 15 custodians had mailboxes on the corporate server.  Xu Jinmei, the Administration and HR Director at Irico Foshan, did not have a company email address.  In addition, the email box of Wang Jijun, while it existed on the server, was empty. The email box of Mr. Su was maintained on the server and data was collected.

20.     Date filters were applied prior to collection based on the role of each custodian: January 1, 2021, through September 1, 2023 (or the last day of their employment with any Irico company), for any custodian with potential knowledge or involvement regarding Mr. Su's requested deposition; and January 1, 2022, through September 1, 2023 (or the last day of their employment with any Irico company), for all other custodians, i.e., those custodians who were identified only because of potential knowledge or involvement relating to Mr. Su's departure.  The data from the 13 available email boxes were transferred from the server to an external hard drive by BDO.

21.     Regarding the internal text messages, data was identified for all 15 custodians, including Mr. Su.  The same date filters described above regarding the email collection also were

---

[2] The other nine individuals interviewed had incidental information or de minimis roles regarding Mr. Su's departure or application to travel for deposition.

applied to the internal text message data.  The internal text message data was transferred from the server to an external hard drive by BDO.

22.     BDO loaded the data from the external hard drives onto the China-based Relativity server.   The available data for the 15 custodians gathered by BDO totaled 16,409 email files (including attachments) and 56,325 internal text message files (including attachments), a total of 72,734 files.

**Application of Search Terms**

23.     BDO, at my direction, applied search terms to the server data to attempt to narrow the materials to those most likely to be responsive to the Orders.  BDO utilized standard search methodologies regularly utilized in the forensic searching in the US, pursuant to instructions from Baker Botts.  To determine the search terms to apply, Baker Botts utilized the search terms that it identified, combined with the generic and unqualified search terms provided by Plaintiffs on September 7, 2023.  As noted in our letter request submitted to the Special Master on October 9, 2023, Plaintiffs' search terms omitted any requirement that the search terms be related in any way to Mr. Su: i.e., they failed to include any "Su qualifier" such as a variation of his name, employee ID number, citizen ID number or email address. For example, Plaintiffs' unqualified search terms hit on all documents sent or received by all custodians over a 20 to 32-month period that mention the word "leadership" irrespective of whether the document had any mention of, or relevance to, Mr. Su.  As a result, the initial application of all of Plaintiffs' search terms resulted in hits on over 40,000 documents – 55% of every message or document sent or received by every custodian during this 20 to 32-month period – a clear sign that the unqualified search terms were grossly overbroad in the context of a specific search that is wholly and solely directed at the circumstances of Mr. Su's departure and deposition.  Moreover, reviewing all documents hitting on the unqualified search terms could not conceivably be accomplished in the required time frame for production, even with the extension sought by Irico in its letter request of October 9, 2023.

24.     I then instructed BDO to again apply Baker Botts' and Plaintiffs' combined search terms, but this time applying the "Su qualifiers" to target those documents with some potential relevance to Mr. Su.  *See* Ex. 5 (Oct. 9, 2023, Letter Request to Special Master) at 4-6,

Attachments C-F.  However, for the data collected from Mr. Su's laptop, BDO applied all of Plaintiffs' search terms and Baker Botts' search terms without the application of any "Su qualifiers."  In total, this effort resulted in approximately 9,400 files, which BDO then processed for further review.[3]

25.     Irico and the Plaintiffs have disagreed on the use of "Su qualifiers" to narrow the collection of relevant materials, and in its letter request of October 9, 2023, Baker Botts asked the Special Master to approve the use of the "Su qualifiers" as a modification to Plaintiffs' search terms.   Consistent with and in compliance with the Second Interim Order, BDO, at my direction, has collected and preserved the additional disputed documents that hit on Plaintiffs' search terms without "Su qualifiers," and they remain on the China-based Relativity server awaiting the Special Master's decision.

**State Secret Review**

26.     I understand from Irico as well as independent Chinese legal counsel by whom I was advised, that Irico and its employees are bound by Chinese legal requirements preventing the disclosure of Chinese state secrets.[4]

27.     To ensure that all Chinese regulations regarding state secrets were followed here, BDO retained the AnJie Broad Law Firm ("AnJie"), a large and reputable Chinese law firm with whom Baker Botts has worked in the past, to conduct a review of the materials before releasing materials to the United States to be reviewed for responsiveness to the Orders.  *See About AnJie Broad*, AnJie Broad (last accessed Oct. 23, 2023), https://www.anjielaw.com/more/aboutus.html. Counsel from AnJie informed me that Article 9 of the Chinese Law on Guarding State Secrets precludes the transmission of materials that contain state secrets, including but not limited to information that that could cause damage to the national security and interests of politics, economy, national defense or foreign affairs, to other countries or regions without the express permission of the relevant competent authorities.  *See* Law on Guarding State Secrets (promulgated by the

---

[3] Of these approximately 9,400 files, only 22 originated from Mr. Su's former laptop, a likely result of the reformatting.
[4] I have been informed by Irico that documents previously collected and considered in response to discovery on the merits did not contain state secrets and that no such materials were withheld on state secret grounds.

1    Standing Comm. Nat'l People's Cong., Sept. 5, 1988, rev'd Apr. 29, 2010, effective Oct. 1, 2010),

2    art. 9, 2010 P.R.C. Laws 71.75 (China).

3         28.    To respect these requirements while facilitating Irico's compliance with the Orders,

4    counsel from AnJie reviewed the following sets of documents (i.e., all that had been identified by

5    Baker Botts as potentially relevant):

6         • all of the individual "go get" documents collected by BDO directly from

7              interviewees or Irico departments;

8         • all of the documents from Mr. Su's laptop that hit on Plaintiffs' search terms and

9              Baker Botts' search terms without applying any "Su qualifiers"; and

10        • all of the emails and internal text messages collected for the 15 custodians that hit

11             on all of the search terms with "Su qualifiers."

12   This state secret review occurred before the documents were released to Baker Botts to be reviewed

13   for responsiveness to the Orders.  Thus, to be clear, AnJie did not withhold any documents on the

14   basis that the documents were not responsive to the Orders.  Their review was limited to evaluating

15   the documents for state secret content, except as described in the following paragraph.   AnJie did

16   not identify any documents from Mr. Su's former laptop or from the direct "go get" materials from

17   interviewees or Irico departments as containing state secrets.  AnJie determined that 177 email files

18   and 818 internal text message files, 995 files in total, could not be provided to Baker Botts for

19   further review because of state secret content.  Given AnJie's determination, these documents

20   could not be released to the US or reviewed by US-based lawyers.

21        29.    However, to further evaluate whether, and how many of, these documents were

22   responsive to the Orders, I instructed Mr. Carter to train a lawyer from the AnJie firm who is a

23   U.S.-barred and licensed attorney regarding the scope of the requirements of the Orders, and to

24   provide him a copy of the Orders for his review and understanding.  Mr. Carter reviewed the

25   Orders with Cui Wei from AnJie, a member of the New York state bar, and Mr. Cui then reviewed

26   the set of documents determined to contain state secrets for responsiveness.  Based on Mr. Cui's

27   review, it was determined that 21 of the 995 files withheld were responsive to the Orders.  A log of

28

the 21 responsive documents withheld under AnJie's determination of state secret content has been provided to Plaintiffs as part of the production.

30.     I also understand from Irico as well as independent Chinese legal counsel by whom I was advised, that Irico is prohibited from disclosing personally identifiable information relating to individual employees.   Such information is protected from disclosure by the China Personal Information Protection Law (promulgated by the Standing Comm. Nat'l People's Cong., Aug. 20,2021, effective Nov. 1, 2021), art. 11, 2021 P.R.C. Laws 1117.1125 (China).  In light of this requirement, AnJie and BDO also reviewed the following sets of documents to ensure that they did not contain any personally identifiable information:

- all of the individual "go get" documents collected by BDO directly from interviewees or Irico departments;
- all of the documents from Mr. Su's laptop that hit on Plaintiffs' search terms and the Baker Botts search terms without applying any "Su qualifiers"; and
- the emails and internal text messages collected for the 15 custodians that hit on all of the search terms with "Su qualifiers."

No documents responsive to the Orders were withheld on the basis of such personal information. If such personal information was identified, per my instructions, AnJie or BDO applied solid black redactions only as to that personal information, which is clearly identified in the documents produced to the plaintiffs.

31.     At my direction, BDO transferred all of the documents that it reviewed that did not contain state secrets, including those documents that contained redactions for personal information, from the China-based Relativity server to a US-managed Relativity service.  Also at my direction, Mr. Carter trained a team of U.S.-barred attorneys fluent in Mandarin (since the subject documents were in Chinese) on the requirements of the Orders, and supervised their review of these documents for responsiveness.   An initial production of responsive, non-privileged materials was made to Plaintiffs on October 13, 2023.  This initial production included over 80% of responsive email files (excluding those that required privilege redactions) as well as over 80% of responsive files obtained through "go get" collections from interviewees or Irico departments.  All remaining

1   responsive, non-privileged materials from the files transferred to the US-based server are being

2   produced to the Plaintiffs today, October 23, 2023.  Documents withheld for privilege have been

3   identified on a privilege log provided to Plaintiffs.

4   **Submission of Letter to the Special Master under First Interim Order**

5   32.   Along with this submission, Baker Botts is producing a letter to the Special Master,

6   as required by the First Interim Order, providing "the names of Irico personnel involved in

7   communicating with Mr. Su about: (a) his deposition, resignation and end of employment from

8   January 2021 to the present and (b) information about his participation and knowledge of

9   competitor contacts and communications."

10

11   I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd

12   day of October, 2023, in Washington, D.C.

13

14   _/s/ John M. Taladay_

15   John M. Taladay (*pro hac vice*)
    BAKER BOTTS L.L.P.
16   700 K Street, N.W.
    Washington, D.C. 20001
17   202.639.7700
    202.639.7890 (fax)
18   Email:John.Taladay@bakerbotts.com

19   *Attorney for Defendants Irico Group Corp.*
    *and Irico Display Devices Co., Ltd.*
20

21

22

23

24

25

26

27

28

# EXHIBIT 1

## File Export Report by BDO – Su Xiaohua Laptop

We analyzed the image file using the Encase software and found that the Operating System of the computer was installed on June 15 2022 06:55:14 GMT. More details please see below screenshot picture.



File export statistics (Date range is on or before 2022/06/20)

| Type | Number of exported files | Size of exported files |
|---|---|---|
| Edocs | 427 | 88.9 MB |
| Emails | 11 | 187.9 KB |
| Picture Files | 24245 | 360.3 MB |
| Compressed Files | 9 | 7.3 MB |
| Deleted Edocs | 9 | 1.3 MB |
| Deleted Emails | 1 | 131 KB |
| Deleted Picture Files | 3836 | 83.7 MB |
| Deleted Compressed Files | 17 | 2.6 MB |

# EXHIBIT 2



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000219.

_Ann Chen_

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

CONFIDENTIAL

IRI-SU-000219E Translation



CONFIDENTIAL

EXHIBIT 3



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000202.

_Ann Chen_

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

Transcript of phone call between Person 1 and Person 2 (13892987788) on 08/23/2023

Person 1: Hi, Director Su

Person 2 (Director Su): Hello

Person 1: Sorry to bother you again.

Person 2: Please go ahead.

Person 1: It is still the same thing as yesterday, about collecting the data in your computer.

Person 2: Okay.

Person 1: You called me yesterday from ██████████, stating that there is some other company's information involved and not suitable for sending out of China. I have updated the situation with the attorney but the attorney still wants me to persuade you to give the permission. I call again and would like to listen to your opinion today.

Person 2: My opinion. I still stick to my opinion given yesterday. Since later I joined another company in Shenzhen as an executive. This (computer) saved lots of (information) of that company as well, for example, letters and communications with public security departments, courts and trade secrets involved in conference negotiations with the government of Henan Province, government of Zhejiang Province. These are required to be kept confidential as business secrets strictly. I am afraid, any potential leakage of such business secrets would not be good for any of the parties concerned, and this was also promised at the time. That computer saved such information at that time, so it is very inappropriate to take this computer out of the country.

Person 1: I understand what you mean.

Person 2: In addition, this computer saved my personal (information), for instance, ██████████ ██████████████████████████████ which are saved and backed up in the computer. There are also some personal assets information and family information. So this is really inconvenient to hand it over (based on) multiple issues.

Person 1: Okay.

Person 2: I also hope the court can understand. If computer does not have such information, there would be no problem for me to hand it over. I have thought about it carefully, this could be a serious infringement on my family property and the business secrets of my current company. (It would be fine) if nothing happens, but if something happens it will cause a lot of losses. There would be also a lack of seriousness in treating the promises I made to the relevant governments, or in other words, I would fail to fulfill responsibilities regarding the commitment. So it's really inconvenient.

Person 1: Okay Director Su, I understand what you mean, and I will further convey the situation mentioned by you to the attorney. I would like to ask you, for example, the attorneys make a proposal that after the data has been collected, the data will be filtered and only the data related to

CONFIDENTIAL                    IRI-SU-000202E Translated Transcript of Audio File

your work in Foshan will be transferred overseas finally. Other information, for example, your work information in Shenzhen and your personal information will be removed. If this was the plan, do you think you could accept it, in this case?

Person 2: I need to think about it.

Person 1: Okay. You think about it. I will let the attorneys know about the situation. I have a question about your personal information. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Person 2: I am currently in Xi'an, ▮▮▮▮▮▮▮▮▮▮

Person 1: ▮▮▮▮▮▮▮▮. Okay.



Person 1: Yes.

Person 2: So just remind you of this. If you can stop calling me, it's best not to call me again (for this matter).

Person 1: I understand. I understand,

Person 2: Okay.

Person 1: Okay. Then I won't disturb you more. You can have a good rest.

Person 2: Okay.

Person 1: Oh, Director Su, I have a small request. The ▮▮▮▮▮▮▮▮▮▮ you pictured for us is so blurry that we can't see clearly. Could you please take another picture for us?

Person 2: This was taken when I was applying for the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and I only took one picture. The documents have been mailed out for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮.

Person 1: Okay.

Person 2: Because this happened when ▮▮▮▮▮▮▮▮▮▮.

Person 1: Okay, I understand it

Person 2: The original documents have been sent ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. They took the original files, and we took only one picture at that time.

CONFIDENTIAL                    IRI-SU-000202E Translated Transcript of Audio File

Person 1: Okay, I understand.

Person 2: Okay.

Person 1: Sorry to bother you, Director Su.

Person 2: It is okay.

Person 1: Take care and have good rest.

Person 2: Sure, sure.

CONFIDENTIAL                    IRI-SU-000202E Translated Transcript of Audio File

**Document Produced Natively**

CONFIDENTIAL

IRI-SU-000202

# EXHIBIT 4



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000229.

_Ann Chen_

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870





CONFIDENTIAL

IRI-SU-000229

EXHIBIT 5

# BAKER BOTTS LLP

700 K STREET, N.W.
WASHINGTON, D.C.
20001

TEL  +1 202.639.7700
FAX  +1 202.639.7890
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

MOSCOW
NEW YORK
PALO ALTO
RIYADH
SAN FRANCISCO
**WASHINGTON**

October 9, 2023

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

    Re:    In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
             No. 07-CV-944-JST

Dear Judge Walker:

    Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") write with respect to Your Honor's Interim Reports and Recommendations on Plaintiffs' Motion for Discovery Sanctions dated August 4, 2023 (ECF No. 6233) ("First Interim Order"), and September 1, 2023 (ECF No. 6275) ("Second Interim Order") (collectively, "Orders"). This letter discusses three topics: (1) we provide an update regarding Irico's compliance with the Orders; (2) we ask that Your Honor approve a modified version of Plaintiffs' search terms to identify responsive documents, which Plaintiffs oppose; and (3) we request a short further extension to October 23, 2023, for the completion of Irico's response to the Orders, which Irico will begin providing to Plaintiffs by the current deadline of October 13th.[1]

## 1.    Update on Compliance Efforts to Date

    Irico and Baker Botts have undertaken extraordinary efforts to comply with Your Honor's Orders and continue to work as expeditiously as possible on all fronts. As the Court is aware, Irico had already been working to comply with the Your Honor's First Interim Order throughout the month of August through the efforts of Norton Rose Fulbright and with oversight by Baker Botts. After Your Honor's Second Interim Order, Baker Botts needed to restart certain aspects of the investigation and processes to comply with new requirements that specified which entities were

---

[1] As discussed in greater detail below, should Your Honor determine that Irico must review all of the Chinese-language documents that hit on Plaintiffs' overbroad search terms, Irico would need at least an additional 40 days from the current deadline to review and produce any responsive documents from that set. Irico would still plan to produce responsive materials from its proposed search terms by October 23.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

required to undertake specific requirements of Your Honor's Orders.  As required, I have personally directed and supervised the efforts and processes described below.

Since the Second Interim Order, Irico and Baker Botts have completed the following tasks in accordance with U.S. discovery standards:[2]

- A Baker Botts attorney of record traveled to China along with a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor, to personally implement the investigative steps described below under my direction;

- The same Baker Botts attorney took physical custody of Mr. Su's former laptop and personally oversaw BDO's imaging of the laptop's complete content and forensic analysis of all recovered files;

- Baker Botts, through an interpreter, conducted interviews of 23 current or former employees of Irico Group and its subsidiaries regarding relevant issues, including their knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents;

- Baker Botts identified 15 custodians potentially in possession of relevant documents and undertook forensic collection of email and internal text messaging. *See* Attachment A for a list of the selected custodians;

- BDO, under the direction of Baker Botts, collected all emails and internal text messages from the messaging system (including attachments) for all 15 custodians directly from the back-end server used by Irico, for all relevant time periods without any additional limitation.[3]  This resulted in over 72,000 documents being collected from the relevant custodians;

- Baker Botts, with assistance from BDO, collected certain other responsive materials based on the interviews described above, including HR files, official

---

[2] The list below is intended to provide Your Honor a high-level overview of the steps taken to comply with the Orders.  Further details on the processes implemented will be provided in a declaration when the process is complete as required by the Orders.

[3] The relevant time periods used for collection were January 1, 2021, through September 1, 2023 (or the last day of employment with any Irico company), for any custodians with any knowledge or involvement regarding Mr. Su's requested deposition, and January 1, 2022, through September 1, 2023 (or the last day of employment with any Irico company), for all other custodians.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 3 -

personnel announcements, and personal WeChat communications from personal devices to the extent the individual permitted such collection;

- Baker Botts utilized the complete list of search terms offered by Plaintiffs on September 7th and also developed additional search terms based on information learned from the interviews and the targeted document collections described above to identify potentially responsive documents. BDO then applied Plaintiffs' proposed search terms to all collected emails, internal enterprise messaging and shared files, and files recovered from Mr. Su's laptop, resulting in over 40,000 documents with direct hits, making up over 55 percent of all files collected from custodians.[4] As discussed below in Part 2 of this letter, Baker Botts then applied a set of "Su qualifiers" to the Plaintiffs' proposed search terms and added additional relevant search terms based on our investigation, resulting in a subset of 3,300 documents with direct hits for further review and processing;[5]

- These potentially responsive materials were then screened for state secrets as required by Chinese law.  The state secret review was conducted by the AnJie law firm, one of China's largest and most highly regarded law firms, working with BDO under Baker Botts' direction, not under the direction of Irico. A small number of documents were withheld for state secret purposes and were handled as discussed below. All documents not deemed to contain states secrets were exported to a U.S.-based server for review by and under the supervision of Baker Botts attorneys;

- The three-week extension previously approved by the Special Master included one week from September 29 through October 6 that comprised the Chinese Golden Week holiday, a major annual holiday in China.  In seeking the previous three-week extension, Baker Botts had planned that all of the steps described above would have been completed and the materials would all be loaded to the U.S.-based server for review before the start of the Chinese Golden Week holiday.  Because of both logistical and technical challenges, and despite the efforts of Irico and its vendors during the holiday period, we were not able to accomplish all of those steps prior to the Golden Week holiday.  However, as of yesterday, this process is now complete for the search terms described above, i.e., those documents that hit on a search term subject to the "Su qualifiers" described below.  Baker Botts is now in

---

[4] To account for family members and potentially related internal messages and attachments, approximately 55,000 files in total were identified as either direct search hits on Plaintiffs' proposed search terms or potentially related to those direct hits.

[5] Accounting for family members and potentially related internal messages and attachments, a total of approximately 9,400 files were identified and segregated for further review under the proposed terms with "Su qualifiers."

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 4 -

the process of conducting and directing the review of these materials for responsiveness and privilege;

- During this process, Baker Botts met and conferred twice with Plaintiffs regarding their proposed search terms and the need for reasonable limitations given the extremely high hit rate, and to discuss Baker Botts' proposed terms that incorporate such reasonable limitations, but Plaintiffs were not willing to discuss any specific limitations to their search terms, including applying the "Su qualifiers" to their search terms; and

- Finally, because state secret review was required before the documents could be transferred to the U.S. for responsiveness review, we had not yet determined whether any of the documents withheld for state secret purposes were responsive to the requirements of the Order. To address this issue, a bilingual U.S.-barred lawyer from the AnJie law firm, who was trained by Baker Botts regarding the scope of the Orders and worked under Baker Botts' direction, is conducting a relevance review of the documents withheld for state secret content.

### 2. Dispute Regarding Search Terms

One of the most impactful changes in the Second Interim Order was that the Plaintiffs could provide search terms to be applied against the collected electronically stored information. As Your Honor is already aware, Plaintiffs took full advantage of Your Honor's offer and provided a list of around 80 terms without any qualifiers or limitations. *See* Attachment B. Most strikingly, Plaintiffs suggested search terms to be applied to the documents of all custodians without any requirement that any of these search terms relate to Mr. Su. As discussed below, this results in a gross over-identification of potentially responsive materials and would require an excessive degree of time and effort to review without the prospect of any meaningful uptick in responsive documents. Plaintiffs have declined to modify any the search terms to allow for some relevance to Mr. Su. Herein, Irico is proposing to apply all of Plaintiffs' search terms modified only by certain "Su qualifiers."

As detailed above, Baker Botts identified 15 custodians with ESI potentially responsive to the Orders. These custodians ranged from the most senior leadership at the company, to those in Human Resources who touched briefly on limited issues related to Mr. Su. Most of these individuals had only limited interactions, if any, with Mr. Su. Nonetheless, because our collection was comprehensive as to their electronic files on the company's servers, over 72,000 documents were collected during this process.

Despite most of these custodians having little to do with Mr. Su, over 40,000 of the documents hit on one of Plaintiffs' search terms. *See* Attachment C for Plaintiff search term hits on email files and Attachment D for Plaintiff search term hits on internal text messages. This was inevitable given that Plaintiffs made no effort to limit search terms to identify documents

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 5 -

specifically relevant to Mr. Su.  For example, one of Plaintiffs search terms was "leadership." Plaintiffs seek to require Irico to identify and review every single document that used the word "leadership" regardless of whether it had any relevance to Mr. Su or whether Mr. Su was even mentioned in the document.[6]   Over 14,000 documents (approximately 20 percent of the collected documents) hit on this term alone when combining the hits in for emails and internal text messages. Similarly, Plaintiffs' search terms include numerous terms related to personnel and human resource functions but again make no effort to identify those documents specifically related to Mr. Su.  Given that three of the custodians actually work in the human resources area, it is no surprise that almost 4,000 documents hit on the term "Human Resources Department."  Again, applying Plaintiffs' unmodified search terms would require that we review all such documents for relevance, irrespective of whether they conceivably have anything to do with Mr. Su.

Baker Botts had already intended to use many of the same general terms that Plaintiffs suggested, as well as additional relevant terms that it intended to apply with appropriate qualifiers, consistent with U.S. discovery practice, to identify when those terms were used in reference to or related to Mr. Su.  These "Su qualifiers" simply require that any document hitting on Plaintiffs' search terms also include a term relating to Mr. Su either by his name (in various forms identified by Plaintiffs), his employee ID number, his citizen ID number or his email address.  Specifically, the "Su qualfiers" include:

- "苏晓华, " Mr. Su's full name in Chinese;
- "苏总, " an abbreviation for "General Manager Su," sometimes used to refer to Mr. Su by his former colleagues;
- Xiaohua, Mr. Su's given name in English;
- Mr. Su's 18-digit Chinese citizen ID number;
- 100751, Mr. Su's Irico employee ID number;
- sxh@ch.com.cn, Mr. Su's email address; and
- sxh, the prefix for Mr. Su's email address.

For example, Irico still ran the term for "leadership" but also required that term to appear somewhere in the same document as one of the Su qualifiers. This appropriate focus on Mr. Su reduced the number of hits on the term "leadership" from approximately 14,000 to approximately 1,000, which captures all instances where Mr. Su was mentioned or referenced in the same document as the term "leadership."   Applying these Su qualifiers to all of the search terms suggested by Plaintiffs reduced the total number of hits to be reviewed from over 40,000 to approximately 3,300 (not including attachments), a number much more in line with what would be expected given the narrow scope of the issues at hand and the broad responsibilities of most of

---

[6] Note that all of these documents are in Chinese, which increases the time and burden in reviewing materials and identifying responsive materials.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 6 -

the custodians.[7]  *See* Attachment E for search term hits with "Su qualifiers" on email files and Attachment F for search term hits with "Su qualifiers" on internal text messages.[8]

Baker Botts presented these results to Plaintiffs in the hopes of limiting the searches to more reasonable terms, but Plaintiffs surprisingly refused to engage in any substantive discussion on specific search terms.  Previously, when Irico raised concerns with Your Honor about the scope of the search terms, Plaintiffs assured Your Honor (and Irico) that: "To the extent Irico communicates any legitimate concerns about any of these terms, Plaintiffs will address them immediately …."  Plaintiffs' Letter Response to Request for Extension, at 2 (Sept. 14, 2023). Instead, Plaintiffs took the view that Baker Botts was required to produce all responsive documents under Your Honor's Orders and "Plaintiffs cannot modify this requirement."  *See* Attachment G. That suggestion is wrong on at least two fronts.  First, it is diametrically opposed to the representation that Plaintiffs made to Your Honor that it could and would work with Baker Botts to address plainly legitimate issues with their search terms.  Second, it undermines the Special Master's reasonable instruction, consistent with U.S. discovery practice, that search terms be used here as a way of identifying potentially relevant documents (rather than effectively demanding that Irico review every single communication from 15 employees over a span of years for targeted information relating to Mr. Su, which would be both unreasonable and unworkable).

So now Irico must ask for the Special Master's assistance in resolving this dispute.  The Second Interim Order states: "If Irico's counsel deems any search terms improper, they can bring that matter to the undersigned's attention and withhold production of selected documents until the objection is resolved.  But collection of responsive documents precedes objections."  ECF No. 6324 at 5.  Irico and Baker Botts are following Your Honor's guidance exactly.  We have collected all of the relevant materials and provided search term hit results to the Plaintiffs and Your Honor, but we request reasonable modification to the Plaintiffs' search terms.  As detailed above, we believe that adding the "Su qualifiers" described above to the search terms is appropriate and in accordance with U.S. discovery best practice, whereas Plaintiffs' unbounded search terms are not. Without awaiting the Special Master's decision on this dispute, we are moving forward on the review and production of documents that hit on the search terms applying the "Su qualifiers" and will be producing responsive materials as soon as possible.

---

[7] In our unsuccessful meet and confer conversations with Plaintiffs, they appeared to suggest that Baker Botts should focus on reviewing all or some set of the documents that that did not hit on any terms with "Su qualifiers" to confirm that none of the documents contain responsive information.  Focusing our efforts on the documents *least* likely to contain responsive material, however, is backwards, and Plaintiffs know that this is impractical given the sheer volume of the documents that hit on their unqualified search terms as well as the restrictions in China on releasing documents until they have been reviewed for state secrets.

[8] Minor modifications have been made to these charts since they were provided to Plaintiffs to account for typographical errors and search corrections, neither of which impacted the search results in any meaningful way.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 7 -

### 3.   Request for Extension of Ten Days

The identification, collection and processing of the responsive documents and the collection of relevant information has been a laborious process as detailed above.  We note again that the process requiring Baker Botts (and my own) direct involvement had to be restarted after the September 1st Order. Irico, Baker Botts and its vendors have faced many technical, logistical, and geographic hurdles, but we can assure the Special Master that extraordinary efforts have been undertaken and we have made substantial progress in the five weeks since its issuance.  However, because the potentially responsive materials from China were not able to be uploaded to the U.S. for completion of review until after the Chinese Golden Week holiday, which just concluded, we will not be able to fulfill all requirements of the Orders by the current deadline of October 13th.[9]

We intend to produce materials to Plaintiffs on a rolling basis beginning with an initial production of responsive materials by the current deadline of October 13th.  We believe we will need an additional 10 days (until October 23rd) to complete the review and production of the responsive materials and complete the other requirements of the Order, provided the Special Master approves the use of the Su qualifiers as discussed above.  Should Your Honor require the application of all of Plaintiffs' suggested search terms without the Su qualifiers, however, the volume of documents to be processed, reviewed for state secret content, and reviewed for responsiveness would increase by well over five-fold.  In that case, we estimate that Baker Botts would require an extension of at least 40 additional days from the current deadline to comply.

Thank you for your consideration of these issues.


Sincerely,
*/s/ John Taladay*
John Taladay


cc:    Tanveer Singh (tanveer.singh@fedarb.com)
       R. Alexander Saveri (rick@saveri.com)
       Geoffrey C. Rushing (geoff@saveri.com)

---

[9] As part of our meet and confer process, we asked for Plaintiffs' position on a one-week extension of the current deadline. Since the time of these discussions, there was a further, short delay in the transmission of the materials from China at the end of the Chinese Golden Week holiday so we now believe a ten-day extension will be necessary. Plaintiffs took no affirmative position on our request, but instead stated that the request "is more appropriately directed to Judge Walker."  *See* Attachment G.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 8 -

Matthew D. Heaphy (mheaphy@saveri.com)
Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

# Attachment A

| Custodian Name | Position |
|---|---|
| Bao Yong | Secretary of Commission for Discipline Inspection of CCP Committee of Irico Group |
| Bing Zhang | Executive Director of Xianyang Irico Group Industrial Co., Ltd. |
| Gao Qian | General Business Supervisor and Confidential Officer of the Group Office of Irico Group |
| Guo Quan | Director of Group Office of Irico Group |
| Hao Li | Director of Company Office of Xianyang Irico Group Industrial Co, Ltd. |
| Mai Ya | HR Employee of Irico Group |
| Shi Feng | HR Director of Irico Group |
| Si Yuncong | (former) Chairman of Irico Group |
| Su Xiaohua | Focus of investigation |
| Wang Jijun | Chief Financial Officer, Irico (Foshan) Flat Panel Display Co., Ltd. and positions in other companies. |
| Xu Jinmei | Admin & HR Director of Irico (Foshan) Panel Display Co., Ltd. |
| Yang Yuanjiang | (former) General Manager of Irico Group |
| Zhang Dongling | Operation and Management Director of Irico (Foshan) Panel Display Co., Ltd. |
| Zhang Jiming | General Manager of Irico (Foshan) Panel Display Co., Ltd. and positions in other entities |
| Zhang Wenkai | Deputy General Counsel of Irico Group |

Attachment B

**Carter, Tom**

| | |
|---|---|
| **From:** | Matthew Heaphy <mheaphy@saveri.com> |
| **Sent:** | Thursday, September 7, 2023 2:57 PM |
| **To:** | Taladay, John; Werbel, Evan; Carter, Tom; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Cc:** | vrw@judgewalker.com; Tanveer Singh; Rick Saveri; Geoff Rushing; David Hwu; Mario Alioto; Lauren Capurro; Dan Birkhaeuser; Alan Plutzik |
| **Subject:** | In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |
| **Attachments:** | Plaintiffs Su Search Terms.xlsx |

**[EXTERNAL EMAIL]**

Counsel:

On behalf of DPPs and IPPs, attached please find Plaintiffs' search terms provided pursuant to the Special Master's Second Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions, dated September 1, 2023 (ECF No. 6275) (the "Order").

Plaintiffs request that Baker Botts provide a list of all additional search terms it intends to use in its compliance with the Order.

Thank you.

Matthew Heaphy
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
mheaphy@saveri.com
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

| Search Term | Comment | Source |
|---|---|---|
| 邀请函 | Invitation Letter | IRI-SU-000045 CONFIDENTIAL |
| 加州 | California | IRI-SU-000045 CONFIDENTIAL |
| 联邦法院 | Federal Court | IRI-SU-000045 CONFIDENTIAL |
| 王昭杰 | Wang Zhaojie | IRI-SU-000045 CONFIDENTIAL |
| 苏晓华 | Su Xiaohua | IRI-SU-000045 CONFIDENTIAL |
| Xiaohua | | IRI-SU-000133 CONFIDENTIAL |
| 闫云龙 | Yan Yunlong | IRI-SU-000045 CONFIDENTIAL |
| 张文凯 | Zhang Wenkai | IRI-SU-000045 CONFIDENTIAL |
| 马丁 | Ma Ding | IRI-SU-000045 CONFIDENTIAL |
| "610402196403021232" | Su Xiaohua's ID number | IRI-SU-000045 CONFIDENTIAL |
| "100751" | Su Xiaohua's Employee number | IRI-CRT-00031561 |
| 证人 | Witness | IRI-SU-000045 CONFIDENTIAL |
| 作证 | Testify | IRI-SU-000045 CONFIDENTIAL |
| 澳门 | Macau | IRI-SU-000045 CONFIDENTIAL |
| sxh@ch.com.cn | Su's work email | IRI-SU-000052 CONFIDENTIAL |
| zhangwenkai0713 | Zhang's email ID | IRI-SU-000052 CONFIDENTIAL |
| [All emails, email handles, and IDs used in WeChat and other communication platforms of the individuals named in this list] | | |
| 承诺书 | **Declaration** of personnel traveling abroad | IRI-SU-000052 CONFIDENTIAL |
| 苏总 | GM Su | IRI-SU-000052 CONFIDENTIAL |
| CRT | | IRI-SU-000129 CONFIDENTIAL |
| 反垄断 | Antitrust | IRI-SU-000129 CONFIDENTIAL |
| 诉讼 | Litigation | IRI-SU-000129 CONFIDENTIAL |
| 取证 | deposition | IRI-SU-000129 CONFIDENTIAL |
| 通行证 | Travel permit | IRI-SU-000129 CONFIDENTIAL |
| 签注 | Visa | IRI-SU-000129 CONFIDENTIAL |
| 赴港澳 | to Hong Kong and Macau | IRI-SU-000103 CONFIDENTIAL |
| 百尺竿头 | [Zhang Wenkai's WeChat alias] | IRI-SU-000103 CONFIDENTIAL |
| 尚婷婷 | Shang Ting Ting | IRI-SU-000129 CONFIDENTIAL |
| 香港 | Hong Kong | IRI-SU-000129 CONFIDENTIAL |
| 高倩 | Gao Qian | IRI-SU-000130 CONFIDENTIAL |
| 郭泉 | Guo Quan | IRI-SU-000130 CONFIDENTIAL |
| 焦润刚 | Jiao Rungang | IRI-SU-000130 CONFIDENTIAL |
| 白建刚 | Bai Jiangang | IRI-SU-000130 CONFIDENTIAL |
| 总经理 | General Manager | IRI-SU-000130 CONFIDENTIAL |
| 董事长 | Chairman | IRI-SU-000130 CONFIDENTIAL |
| 司总 | Chairman Si | IRI-SU-000131 CONFIDENTIAL |
| 美国法院 | American Courts | IRI-SU-000131 CONFIDENTIAL |
| 证据 | Evidence | IRI-SU-000131 CONFIDENTIAL |
| 法律事务 | Legal Affairs | IRI-SU-000131 CONFIDENTIAL |
| 领导 | Leadership | IRI-SU-000132 CONFIDENTIAL |
| 法务 | Legal Affairs | IRI-SU-000132 CONFIDENTIAL |
| 司云聪 | Si Yuncong | IRI-SU-000137 CONFIDENTIAL |
| 阳元江 | Yang Yuanjiang | IRI-SU-000137 CONFIDENTIAL |
| 包勇 | Bao Yong | IRI-SU-000137 CONFIDENTIAL |
| 石峰 | Shi Feng | IRI-SU-000137 CONFIDENTIAL |
| 人力资源部 | Human Resources Department | IRI-SU-000137 CONFIDENTIAL |
| 专题会 | Special Topic Meeting | IRI-SU-000137 CONFIDENTIAL |
| 离岗 | Depart from Post | IRI-SU-000137 CONFIDENTIAL |
| 提前 | ahead of time | IRI-SU-000137 CONFIDENTIAL |
| 实业 | IRICO Group **Industrial** Ltd. | IRI-SU-000137 CONFIDENTIAL |

| 华南 | Southern China | IRI-SU-000137 CONFIDENTIAL |
|---|---|---|
| 绩效考评办法 | Irico Group Ltd. **Method for** Managing and **Evaluating Performance** of Managers | IRI-SU-000137 CONFIDENTIAL |
| **辞职** | Quit | IRI-SU-000141 CONFIDENTIAL |
| **申请** | Application | IRI-SU-000141 CONFIDENTIAL |
| **拖** | Delay | |
| **延** | Postpone | |
| 缓 | Postpone | |
| **慢** | Slow (to slow) | |
| **借口** | Excuse | |
| **藉口** | Excuse | |
| **彩管** | CRT | |
| **配合** | Cooperate | |
| **退休** | Retire | |
| **返聘** | Rehire | |
| 调岗 | Transfer jobs | |
| 顾问 | Consultant | |
| 劳务 | Labor Contract | |
| **离职** | Depart from Post | |
| **解除** | Dissolve | |
| 劳动关系 | Relationship of Employment | |
| 保险 | Insurance | |
| **年金** | Pension | IRI-CRT-00007138 |
| **个人账户** | Personal Account (Pension) | IRI-CRT-00007138 |
| 奖励 | Reward | IRI-CRT-00007138 |
| **养老** | Retirement | IRI-CRT-00007148 |
| **薪金** | Salary | |
| 补贴 | Allowance | |
| 绩效 | Performance | |
| 奖金 | Bonus | |

Attachment C



## Irico
### Search Terms Report

**Report Name:** 100923 Plaintiffs' Terms Email Server Data for All Custodian   **Searchable Set:** 0237 Keyword Search Scope of Email Server on All



### Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 10263 | 14958 | 1451 |

### Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "100751" | 3 | 60 | 0 | Su Xiaohua's employee number |
| "610402196403021232" | 17 | 45 | 0 | Su Xiaohua's ID number |
| bai | 36 | 244 | 1 | Bai Jiangang's email ID |
| baoyong | 241 | 261 | 184 | Bao Yong's email ID |
| CRT | 1,263 | 2,547 | 357 | |
| gqian | 678 | 2,040 | 380 | Gao Qian's email ID |
| gquan | 779 | 1,262 | 587 | Guo Quan's email ID |
| jiaorg | 3 | 9 | 0 | Jiao Rungang's email ID |
| mad | 125 | 479 | 1 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 833 | 1,273 | 0 | Su Xiaohua's work email |
| shangt123 | 10 | 32 | 0 | Shang Tingting's email ID |
| shf | 152 | 326 | 57 | Shi Feng's email ID |
| sxh | 833 | 1,273 | 0 | Su Xiaohua's email ID |
| wzj-xs | 20 | 76 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 190 | 756 | 1 | |
| yanyunlong | 1,120 | 2,771 | 1 | Yan Yuniong's email ID |
| zhangwenkai0713 | 2,660 | 8,842 | 346 | Zhang's email ID |
| 专题会 | 52 | 396 | 0 | Special Topic Meeting |
| 个人账户 | 65 | 217 | 19 | Personal Account (Pension) |
| 人力资源部 | 295 | 1,702 | 14 | Human Resources Department |
| 作证 | 550 | 1,260 | 0 | testify |
| 保险 | 440 | 2,644 | 11 | Insurance |
| 借口 | 2 | 4 | 0 | Excuse |
| 养老 | 364 | 1,697 | 0 | Retirement |
| 加州 | 45 | 128 | 0 | California |
| 劳务 | 453 | 2,026 | 76 | Labor Contract |
| 劳动关系 | 455 | 1,117 | 0 | Relationship of Employment |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 包勇 | 57 | 81 | 0 | Bao Yong |
| 华南 | 56 | 234 | 2 | Southern China |
| 反垄断 | 551 | 1,537 | 0 | Antitrust |
| 取证 | 105 | 390 | 3 | deposition |
| 司云聪 | 671 | 2,881 | 114 | Si Yuncong |
| 司总 | 737 | 3,416 | 50 | Chairman Si |
| 奖励 | 233 | 948 | 15 | Reward |
| 奖金 | 358 | 1,005 | 2 | Bonus |
| 实业 | 771 | 3,324 | 79 | Industry |
| 尚婷婷 | 12 | 37 | 0 | Shang Ting Ting |
| 年金 | 45 | 331 | 0 | Pension |
| 延 | 1,706 | 6,069 | 148 | Postpone |
| 张文凯 | 1,999 | 6,119 | 0 | Zhang Wenkai |
| 彩管 | 396 | 2,651 | 20 | CRT |
| 总经理 | 1,256 | 4,415 | 75 | General Manager |
| 慢 | 75 | 566 | 0 | Slow (to slow) |
| 承诺书 | 108 | 365 | 5 | Declaration of personnel traveling abroad |
| 拖 | 270 | 1,840 | 73 | Delay |
| 提前 | 466 | 3,126 | 20 | ahead of time |
| 法务 | 141 | 1,370 | 3 | Legal Affairs |
| 法律事务 | 894 | 3,143 | 3 | Legal Affairs |
| 澳门 | 227 | 755 | 0 | Macau |
| 焦润刚 | 12 | 35 | 0 | Jiao Rungang |
| 王昭杰 | 244 | 926 | 0 | Wang Zhaojie |
| 申请 | 1,470 | 5,668 | 237 | Application |
| 白建刚 | 31 | 204 | 0 | Bai Jiangang |
| 百尺竿头 | 3 | 9 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 133 | 385 | 1 | Shi Feng |
| 离岗 | 73 | 268 | 1 | Depart from Post |
| 离职 | 680 | 1,895 | 5 | Depart from Post |
| 签注 | 19 | 86 | 0 | Visa |
| 绩效 | 440 | 913 | 19 | Performance |
| 绩效考评办法 | 41 | 49 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 257 | 1,189 | 8 | Postpone |
| 美国法院 | 58 | 101 | 0 | American Courts |
| 联邦法院 | 9 | 16 | 0 | federal court |
| 苏总 | 209 | 510 | 0 | GM Su |
| 苏晓华 | 299 | 1,019 | 0 | Su Xiaohua |
| 董事长 | 817 | 3,687 | 13 | Chairman |
| 薪金 | 196 | 733 | 0 | Salary |
| 释口 | 0 | 0 | 0 | Excuse |
| 补贴 | 489 | 1,795 | 33 | Allowance |
| 解除 | 497 | 1,643 | 3 | Dissolve |
| 证人 | 614 | 1,443 | 1 | witness |
| 证据 | 1,336 | 3,546 | 0 | Evidence |
| 诉讼 | 1,221 | 3,271 | 25 | Litigation |
| 调岗 | 5 | 7 | 0 | Transfer jobs |
| 赴港澳 | 14 | 78 | 0 | to Hong Kong and Macau |
| 辞职 | 138 | 583 | 1 | Quit |
| 返聘 | 20 | 310 | 0 | Rehire |
| 退休 | 642 | 2,776 | 24 | Retire |
| 通行证 | 77 | 255 | 0 | Travel permit |
| 邀请函 | 69 | 126 | 9 | invitation letter |
| 郭泉 | 99 | 262 | 0 | Guo Quan |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 配合 | 664 | 3,456 | 13 | Cooperate |
| 闫云龙 | 994 | 2,576 | 0 | Yan Yunlong |
| 阳元江 | 78 | 126 | 1 | Yang Yuanjiang |
| 顾问 | 775 | 1,732 | 9 | Consultant |
| 领导 | 1,405 | 4,567 | 130 | Leadership |
| 香港 | 1,730 | 4,574 | 267 | Hong Kong |
| 马丁 | 160 | 574 | 0 | Ma Ding |
| 高倩 | 222 | 582 | 1 | Gao Qian |

Attachment D

## Irico
### Search Terms Report

**Report Name:** 100923 Plaintiffs' Terms Terms on BM Data



### Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 30878 | 16421 |

### Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "100751" | 232 | 0 | Su Xiaohua's employee number |
| "610402196403021232" | 82 | 1 | Su Xiaohua's ID number |
| bai | 4 | 0 | Bai Jiangang's email ID |
| baoyong | 1 | 0 | Bao Yong's email ID |
| CRT | 571 | 36 | |
| gqian | 13 | 3 | Gao Qian's email ID |
| gquan | 4 | 1 | Guo Quan's email ID |
| jiaorg | 4 | 0 | Jiao Rungang's email ID |
| mad | 4 | 0 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 7 | 0 | Su Xiaohua's work email |
| shangtt123 | 8 | 0 | Shang Tingting's email ID |
| shf | 6 | 0 | Shi Feng's email ID |
| sxh | 8 | 0 | Su Xiaohua's email ID |
| wzj-xs | 1 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 8 | 0 | |
| yanyunlong | 17 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 | 21 | 0 | Zhang's email ID |
| 专题会 | 906 | 31 | Special Topic Meeting |
| 个人账户 | 30 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 人力资源部 | 3,631 | 257 | Human Resources Department |
| 作证 | 401 | 7 | testify |
| 保险 | 1,448 | 49 | Insurance |
| 借口 | 26 | 0 | Excuse |
| 养老 | 762 | 29 | Retirement |
| 加州 | 85 | 0 | California |
| 劳务 | 1,980 | 109 | Labor Contract |
| 劳动关系 | 672 | 6 | Relationship of Employment |
| 包勇 | 1,447 | 517 | Bao Yong |
| 华南 | 2,010 | 347 | Southern China |
| 反垄断 | 544 | 12 | Antitrust |
| 取证 | 237 | 16 | deposition |
| 司云聪 | 1,276 | 73 | Si Yuncong |
| 司总 | 2,543 | 81 | Chairman Si |
| 奖励 | 2,657 | 90 | Reward |
| 奖金 | 1,503 | 7 | Bonus |
| 实业 | 5,448 | 843 | Industry |
| 尚婷婷 | 345 | 76 | Shang Ting Ting |
| 年金 | 268 | 11 | Pension |
| 延 | 2,784 | 188 | Postpone |
| 张文凯 | 1,633 | 508 | Zhang Wenkai |
| 彩管 | 395 | 6 | CRT |
| 总经理 | 5,470 | 117 | General Manager |
| 慢 | 315 | 40 | Slow (to slow) |
| 承诺书 | 376 | 34 | Declaration of personnel traveling abroad |
| 拖 | 642 | 33 | Delay |
| 提前 | 2,021 | 252 | ahead of time |
| 法务 | 767 | 35 | Legal Affairs |
| 法律事务 | 1,108 | 7 | Legal Affairs |
| 澳门 | 296 | 5 | Macau |
| 焦润刚 | 988 | 166 | Jiao Rungang |
| 王昭杰 | 440 | 5 | Wang Zhaojie |
| 申请 | 3,803 | 562 | Application |
| 白建刚 | 873 | 109 | Bai Jiangang |
| 百尺竿头 | 7 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 3,095 | 1,357 | Shi Feng |
| 离岗 | 1,307 | 8 | Depart from Post |
| 离职 | 993 | 48 | Depart from Post |
| 签注 | 112 | 1 | Visa |
| 绩效 | 3,866 | 109 | Performance |
| 绩效考评办法 | 522 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 1,007 | 147 | Postpone |
| 美国法院 | 79 | 0 | American Courts |
| 联邦法院 | 44 | 0 | federal court |
| 苏总 | 544 | 98 | GM Su |
| 苏晓华 | 2,638 | 297 | Su Xiaohua |

| Term | Documents with hits | Unique hits | Translation/Note |
|------|--------------------:|------------:|------------------|
| 董事长 | 2,281 | 21 | Chairman |
| 薪金 | 937 | 0 | Salary |
| 藉口 | 0 | 0 | Excuse |
| 补贴 | 2,143 | 56 | Allowance |
| 解除 | 1,964 | 36 | Dissolve |
| 证人 | 380 | 5 | witness |
| 证据 | 607 | 11 | Evidence |
| 诉讼 | 1,506 | 43 | Litigation |
| 调岗 | 78 | 0 | Transfer jobs |
| 赴港澳 | 43 | 0 | to Hong Kong and Macau |
| 辞职 | 555 | 0 | Quit |
| 返聘 | 746 | 0 | Rehire |
| 退休 | 2,894 | 72 | Retire |
| 通行证 | 227 | 5 | Travel permit |
| 邀请函 | 101 | 3 | invitation letter |
| 郭泉 | 1,474 | 517 | Guo Quan |
| 配合 | 2,521 | 132 | Cooperate |
| 同云龙 | 854 | 43 | Yan Yunlong |
| 阳元江 | 1,025 | 188 | Yang Yuanjiang |
| 顾问 | 1,481 | 13 | Consultant |
| 领导 | 12,985 | 3,029 | Leadership |
| 香港 | 1,259 | 176 | Hong Kong |
| 马丁 | 248 | 17 | Ma Ding |
| 高倩 | 3,069 | 1,921 | Gao Qian |

**Report Generated:**   10/9/2023 17:52               Page 1 of 1

Attachment E



**Irico**
**Search Terms Report**

| **Report Name:** | 100923 Proposed Terms Terms Searches on Email Sever Data | **Searchable Set:** | 0237 Keyword Search Scope of Email Server on All |
|---|---|---|---|



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 919 | 1989 | 14420 |

## Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 79 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 59 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 130 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 68 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 3 | 0 | upper age limit for appointment |
| "作证" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 169 | 377 | 4 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 25 | 25 | 0 | removal |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "内退" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 47 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Zunkun |
| "尊婶" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 137 | 740 | 0 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 106 | 1 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new position |
| "最后工作日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 103 | 349 | 2 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 66 | 0 | leaving office |
| "离岗" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 57 | 0 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 198 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 126 | 445 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | old mother |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|------|---------------------|---------------------------------------|-------------|------------------|
| "证人" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 134 | 317 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 172 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 80 | 407 | 0 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 204 | 5 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 287 | 3 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 129 | 4 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Bao Yong's email ID |
| CRT AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 202 | 678 | 40 | |
| gqian AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 57 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shang Tingting's email ID |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| shf AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 17 | 47 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 233 | 708 | 2 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 269 | 705 | 1 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 9 | 0 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 15 | 2 | Personal Account (Pension) |
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 409 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 205 | 1 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 62 | 0 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 206 | 0 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 162 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 33 | 0 | Bao Yong |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 华南 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 100 | 0 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 408 | 0 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 14 | 67 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 97 | 456 | 0 | Si Yuncong |
| 司总 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 349 | 0 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 26 | 101 | 0 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 6 | 75 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 289 | 0 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 31 | 0 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 95 | 309 | 0 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 279 | 865 | 0 | Zhang Wenkai |
| 影管 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 334 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 88 | 547 | 0 | General Manager |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 慢 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 58 | 3 | Declaration of personnel traveling abroad |
| 拖 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 10 | 40 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 71 | 123 | 0 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 248 | 1 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 201 | 601 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 89 | 258 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 146 | 655 | 2 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 105 | 350 | 3 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 11 | 52 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 46 | 0 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR "61040219640302 1232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 143 | 555 | 1 | Depart from Post |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 27 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 82 | 1 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 37 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 173 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 82 | 545 | 0 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 31 | 191 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 135 | 0 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 802 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 151 | 607 | 0 | Litigation |
| 调岗 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 34 | 0 | to Hong Kong and Macau |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 返聘 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 75 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 30 | 1 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 107 | 219 | 0 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 231 | 842 | 7 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 38 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 62 | 188 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 113 | 485 | 1 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 494 | 807 | 362 | Hong Kong |
| 马丁 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 100 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian |

Attachment F



# Irico
## Search Terms Report

**Report Name:**   100923 Proposed Terms on BM Data



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 2415 | 48925 |

## Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 78 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 13 | 0 | upper age limit for appointment |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "作证" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 50 | 0 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 45 | 0 | removal |
| "内退" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 699 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Zunkun |
| "尊绅" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 13 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 136 | 4 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | new position |
| "最后工作日" AND "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 293 | 5 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 0 | leaving office |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "离岗" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 629 | 2 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 385 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 0 | old mother |
| "证人" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 26 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 60 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 863 | 1 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 144 | 0 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bao Yong's email ID |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| CRT AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 6 | |
| gqian AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shang Tingting's email ID |
| shf AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 87 | 6 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 人力资源部 AND (苏晓华 OR OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 132 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 408 | 6 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 382 | 7 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 906 | 48 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 247 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 0 | Bao Yong |
| 华南 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 550 | 36 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 4 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 47 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 0 | Si Yuncong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 司总 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 119 | 2 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 597 | 5 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 741 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 648 | 68 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 1 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 199 | 4 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 687 | 11 | General Manager |
| 慢 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 2 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 1 | Declaration of personnel traveling abroad |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 拖 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 118 | 5 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 6 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 52 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 0 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 310 | 19 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 2 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 0 | Depart from Post |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 41 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 846 | 5 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 116 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 125 | 1 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 602 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 767 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 412 | 1 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 98 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 187 | 0 | Litigation |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 调岗 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 7 | 0 | to Hong Kong and Macau |
| 返聘 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 407 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 44 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 222 | 13 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 482 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 964 | 48 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 191 | 1 | Hong Kong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 马丁 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 18 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 0 | Gao Qian |

Attachment G

## Carter, Tom

| | |
|---|---|
| **From:** | Lauren Russell <LaurenRussell@TATP.com> |
| **Sent:** | Friday, October 6, 2023 8:00 PM |
| **To:** | Werbel, Evan; Carter, Tom; Matthew Heaphy; Rick Saveri |
| **Cc:** | Geoff Rushing; David Hwu; Mario Alioto; Dan Birkhaeuser; Alan Plutzik; Taladay, John; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Subject:** | RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |

[EXTERNAL EMAIL]

Evan:

We have discussed and considered your request that Plaintiffs agree to your proposed limitations of our search terms, but we cannot agree to your request. We are not able to test your proposed limiters or have any visibility into the results of the searches to know whether responsive documents are being missed.

Judge Walker's Order requires Baker Botts to search for and "produce to plaintiffs *all* non-privileged documents responsive to the Su Order and this order and a privilege log for any withheld documents." Interim Order at 9 (emphasis added). Plaintiffs cannot modify this requirement. Judge Walker gave Plaintiffs the opportunity to propose search terms, which we did, but ultimately it is Baker Botts' responsibility to ensure that whatever search methodologies are used, all responsive documents are captured.

As for your requested extension of time to comply with Judge Walker's Order, that request is more appropriately directed to Judge Walker. However, Plaintiffs note that you were aware of Plaintiffs' search terms as well as any Chinese government review requirements when you requested the three-week extension. In addition, given that you are only looking for documents relating to Mr. Su's resignation, many relevant documents should be identifiable without search terms. Any such documents should be produced by the current deadline, along with the other information ordered by Judge Walker that does not involve review of search results.

Regards,

Lauren


Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
Telephone: (415) 860-5051
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Friday, October 6, 2023 3:37 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Matthew Heaphy <mheaphy@saveri.com>; Rick Saveri <rick@saveri.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan

Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST


Matt and all, As requested, attached is a list of the 15 custodians that we have been discussing along with information on their relevant positions and entities.  We are  also looking into the other questions that you raised during our meet and confer today.  The preliminary response that we received on deduplication of emails and internal texts is that all the search results have been deduped, but we are confirming further and will get back to you on that issue and the others discussed.

We look forward to hearing from Plaintiffs on the key word searches and on the request for an extension.


Thanks,
Evan


**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 4:43 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST


Matt, please see attached.  The terms added by Irico (not including duplicative terms with Plaintiffs' list) are marked in blue at the bottom of the list.

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 3:30 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST


[EXTERNAL EMAIL]

Tom:

Per our discussion, could you please provide a list of Irico's additional search terms?

Thanks,
Matt

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 11:40 AM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, for discussion on the call at noon Pacific, please see the attached search term hit reports.

Thanks,
Tom

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 1:42 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Evan:

Plaintiffs are available today at noon Pacific. Could you please circulate a call-in number?

Best,
Matt

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, October 4, 2023 1:10 PM
**To:** Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Matthew Heaphy <mheaphy@saveri.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Lauren and Rick, Are Plaintiffs available tomorrow to meet and confer regarding the search terms for the Su investigation?   How about 12:00 Pacific?  If that does not work, let us know if there is another time that does.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T – 202.639.1323
M – 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# DOCUMENT 24

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2001 Union Street, Suite 482
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

November 15, 2023

*VIA EMAIL*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
vrw@judgewalker.com

   Re: <u>In re Cathode Ray Tube (CRT) Antitrust Litigation</u> – MDL No. 1917,
     <u>Master File No. 07-CV-5944-JST</u>

    ***CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER***

Dear Judge Walker:

## I. Introduction

  Irico's recent productions of documents pursuant to the Court's Interim Orders[1] demonstrate that its representations to Plaintiffs and the Court regarding the employment status of senior executive Su Xiaohua—namely, that he resigned and severed all ties with Irico on May 25, 2022—have been false from the outset. The recent productions also show that Irico withheld (and is likely still withholding) responsive documents in violation of the Su Order[2] and Interim Orders to hide its deception.[3] The withheld evidence demonstrates:

- Mr. Su did not "retire" on May 25, 2022. Rather, he was granted early participation in an Irico program whereby senior executives who have reached

---

[1] Order Approving Special Master's Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions (ECF No. 6264) ("First Interim Order") and Order Approving as Modified Special Master's Second Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions (ECF No. 6324) ("Second Interim Order").

[2] Order Adopting Special Master's Report & Recommendation on Irico's Failure to Produce Su Xiaohua for Deposition (ECF No. 6115) ("Su Order").

[3] "Irico" refers to Defendants Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display"). "Plaintiffs" refers to Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs").

The Honorable Vaughn R. Walker
11/16/2023
Page 2

the age of 58 are allowed to take "off-duty and rest" status from their positions at the end of the year, but continue to be paid and employed by Irico.

- Mr. Su did not go on "off-duty and rest" status until at least June 17, 2022—*after* Irico told Plaintiffs it could not produce him, *after* his Macau visa was granted, and *after* the time his deposition was to occur.

- Irico's claims of "surprise" are false. Mr. Su's change to "off-duty and rest" status was a months-long process that was well known within Irico before it negotiated an extension of the Court-ordered deadline for his deposition; the withheld evidence includes another application by Mr. Su for a change in status dated May 5, 2022 that is virtually identical to his purported May 25, 2022 "resignation."

- Irico's claims that it did everything in its power to convince Mr. Su to testify are false; the record remains devoid of evidence of any attempt by Irico to persuade Mr. Su to appear for deposition. To the contrary, Irico rewarded Mr. Su by, *inter alia*, granting him "off-duty and rest" status ahead of schedule, allowing him to receive a substantial deferred compensation payment in July 2022, a bonus in January 2023, and a positive employment review in May 2023.

- Irico's production confirms the Court's finding that Irico intentionally withheld documents in violation of the Su Order—at least the **sixth** Court order it has defied—and did so to facilitate its false narrative.

- Irico continues to destroy and withhold evidence. The Declaration of John M. Taladay Regarding Compliance with Interim Orders on Plaintiffs' Motion for Discovery Sanctions (Oct. 23, 2023) ("Taladay Declaration") admits that Irico wiped Mr. Su's laptop in June 2022, that Mr. Su cleared out all documents from his office, and that Mr. Su's cell phone has not been searched.[4]

- Despite the dispute over the date of Mr. Su's "resignation letter"—3/25/22 or 5/25/22—Irico has failed to provide an electronic version of the letter with metadata, or any other evidence showing when Mr. Su first applied to leave his position ahead of schedule, e.g., the communications leading to the April 7, 2022 meeting at which Group approved Su's request to go "off-duty."

In short, the new documents and the Taladay Declaration confirm that terminating or other severe sanctions against Irico are warranted. The new evidence shows not only

---

[4] The Taladay Declaration is Exhibit A to the Declaration of David Hwu in Support of Plaintiffs' Letter Brief in Further Support of Motion for Terminating or Alternative Sanctions ("Hwu Decl.").

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 3

that Irico has no excuse for its failure to produce Mr. Su, but that it facilitated his failure to appear for deposition, violating multiple Court Orders along the way. Its continuing misrepresentations to the Court are just the latest example of its breathtaking disregard for the integrity of this proceeding and the authority of the Court. Irico's continuing discovery misconduct continues the substantial prejudice and delay the Court has already found from Irico's improper conduct, and warrants the most severe sanctions.

## II.    Background

As the Special Master is aware, after months of negotiations, two Court orders requiring his appearance for deposition, and numerous assurances that he would appear, Irico informed Plaintiffs on June 7, 2022, that it would not produce Mr. Su for his promised deposition. ECF No. 6032-1, Ex. G. (email stating that Mr. Su had "resigned from Irico" and that "Irico has no ability to require" him to appear). Since then, Irico has insisted that it cannot be blamed for its failure to produce Mr. Su because his resignation, later characterized as "retirement," severed all ties with Irico, therefore depriving it of any means of compelling Mr. Su to testify:

> The reality is that Irico never violated a court order and worked cooperatively with Plaintiffs and Mr. Su to arrange for his deposition right up to the time he resigned – months earlier than anticipated – **_and terminated all relationships with Irico. At that point, Mr. Su became a former employee outside of Irico's control, and Irico's determined attempts to convince him to appear for deposition were unavailing_**.

Opposition at 27 (emphasis added); *see also, e.g., id.* at 33 (". . . Irico had no ability to leverage or compel Mr. Su's compliance . . . . In short, Mr. Su is a former employee over whom Irico had no control after his resignation on May 25, 2022."); Irico Surreply at 4 n.3 ("former employee outside a party's control").

On June 30, 2023, Irico filed a motion for a protective order seeking relief from the Court's Orders requiring it to produce Mr. Su and two other deponents. The Court denied the motion, holding that Irico had not shown good cause. The Court also expressly found that Irico's failure to produce Mr. Su had caused substantial prejudice to Plaintiffs and the Court. ECF No 6047 at 12–13 ("delay in the production of these witnesses unquestionably causes injury to the plaintiffs and also injury and inconvenience to the Court").

After the Court referred the issue of sanctions to him, on November 18, 2022, the Special Master issued the Su Order (adopted by the Court on December 6, 2022, at ECF No. 6115), again emphasizing the prejudice caused by Mr. Su's failure to appear:

> The unavailability of a key witness who was an Irico general manager of sales and purchasing with personal knowledge of Irico's CRT meetings with

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 4

> competitors during 8-years of the class period is highly detrimental to
> resolution of this litigation on its merits.

Su Order at 12. The Court ordered Irico to produce a variety of categories for documents
related to Mr. Su's "retirement" from Irico. *Id.* at 12–13. The Court also invited Plaintiffs
to file motions for sanctions based on other conduct. *Id.* at 13. On December 20, 2022,
Irico produced 32 documents totaling 141 pages. Hwu Decl. ¶ 4. Thereafter, Plaintiffs
filed the Sanctions Motion and the Special Master held a hearing on July 19, 2023.

On August 4, 2023, the Special Master issued the First Interim Order finding that
Irico had failed to comply with the Su Order:

> Irico's production of documents in response to the Su Order appears
> extremely curated, incomplete and inadequate. There is no indication that
> Irico produced any documents from its human resources or other
> departments about Su's resignation and plans for transition. Nor is there any
> indication that Irico produced any documents from Su's emails or his
> computer hard drive regarding his resignation or communications regarding
> how and with whom Su's last date of employment was determined.

First Interim Order at 6 (footnote omitted). It required Irico's lead counsel to personally
supervise another document search, including forensic examination of electronic devices,
and to provide a declaration attesting to his efforts. ECF No. 6264 at 9. It also stressed
that Irico faced severe sanctions. *Id.* at 7 ("Irico's continuing failure to comply with
discovery orders risks terminating sanctions as well as less severe sanctions.")

Despite the Court's clear directives and warning, Irico initially refused to comply
with the First Interim Order. On August 29, 2023, Irico informed the Special Master that
instead of providing Mr. Su's computer and other devices to its U.S. counsel for review
and analysis, it had relied on Chinese counsel and a Chinese forensic technology vendor.
Second Interim Order at 2. The Special Master rejected Irico's attempt to "negotiate its
way out of" the central component of the Interim Order. The Special Master explained:

> . . . Ms Young's proposal would place responsibility for discovery in this
> matter in the hands of unqualified, unnamed individuals with no known
> understanding of United States discovery and legal standards. Given the
> history of discovery lapses in this case, Ms Young's proposal is not
> acceptable and would be a violation of the Interim Order.

*Id.* at 4. The Special Master again "warned that the consequence of repeatedly violating
court orders includes terminating sanctions and lesser but still severe sanctions." *Id.* at 6.

Even after the Second Interim Order, Irico was not done attempting to delay and
avoid compliance with the Su Order. On September 13, 2023, Irico sought and received a
three-week extension of its deadline to produce documents (to October 13, 2023). ECF

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 5

No. 6325. Shortly before this deadline, on October 9, 2023, Irico objected to the search terms Plaintiffs had submitted over a month earlier and sought an additional extension. Taladay Decl., Ex. 5 (Oct. 9, 2023 Irico Status Update and Request for Extension).

On October 13, 2023, Irico produced 135 documents totaling 233 pages. Hwu Decl. ¶ 5. Finally, on October 23, 2023, Irico produced another 484 documents totaling 1,171 pages and the Taladay Declaration. *Id.* Irico represented that its production was complete but did not review over 30,000 documents identified by Plaintiffs' search terms. *See* Taladay Decl. ¶¶ 23, 25. The production does not include documents from Mr. Su's cell phone, documents on the computer Mr. Su used after his old one was wiped in June 2022, documents Mr. Su removed from his office, or—with two exceptions—documents from the phones of other Irico employees. *Id.* ¶¶ 9–12, 15.

## III.     Irico's Assertion That Mr. Su Retired On May 25, 2022 Is False.

Contrary to Irico's assertions, the withheld evidence makes clear that Mr. Su did not "retire," from Irico on May 25, 2022. Instead, Mr. Su was granted unusually early participation in a program for senior executives when they reach age 58 to be given "off-duty and rest" status. Those in "off-duty and rest" status are relieved of their day-to-day responsibilities but are still paid until retirement at age 60. Normally, "off-duty and rest" status is available, if at all, only in December of the year the individual turns 58. Hwu Decl., Ex. B (IRI-SU-000402–03E). Mr. Su turned 58 in March 2022, thus he was not eligible until December 2022. *Id.*, Ex. C (IRI-SU-000400E). Moreover, Irico frequently delayed the granting of such status by a year or more. In Mr. Su's case, however, Irico allowed him the benefits of this program before he was entitled to it without any attempt to compel his testimony.

### A.     Mr. Su Did Not Retire from Irico.

A May 9, 2022, document authored by Hao Li, Director of Company Office of Xianyang Irico Group Industrial Co., Ltd. ("Irico Industrial") explains that the change in Mr. Su's status is to "off-duty and rest" status, and that under Irico policy he was ineligible for "off-duty and rest" status until December 2022:

> *Proposal on Su Xiaohua's Early Departure from Managerial Position*
>
> *Company Party Committee:*
>
> *Su Xiaohua, the South China Regional General Manager, having submitted a written application for early departure from his managerial position due to personal reasons, and implement the off-duty and rest treatment.*
> *. . .*
> *Su Xiaohua is currently 58 years old. According to Article 53 of the "IRICO Group Company Limited's Methods for Managerial Staff*

***CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER***

The Honorable Vaughn R. Walker
11/16/2023
Page 6

> *Management and Performance Evaluation", he has reached the upper age limit for holding positions, however his off-duty status is not yet due to come into effect (December of the year one reaches the age limit). Considering his request to go off-duty early due to personal reasons, and in light of the actual management situation in the South China region and the company's goal to accelerate the training of young cadres, we intend to agree to Xiaohua Su's request to go off-duty early and to implement the off-duty and rest treatment.*
>
> *Please consider the above.*
>
> *Company Office, 5/9/2022*
>
> *Article 53: Managers (excluding non-leadership senior management personnel of the Group Company) and specialized staff members, who are males aged 58 or females aged 53 should, in principle, directly step down from their managerial or specialized positions to go off-duty and rest. Off-Duty status shall come into effect in December of the year in which they reach the age limit."*

*Id.* ¶ 6, Ex. B at IRI-SU-000402E. The document attached Mr. Su's application (dated May 5, 2022) to Irico Industrial, the Irico entity that managed Mr. Su's appointments:

> *Attachment: Written Application by Su Xiaohua*
>
> *Application Report*
> . . .
> *Currently, I have reached the upper age limit for holding managerial positions. In light of the personal reasons mentioned above, I hereby apply for early departure from my managerial position and request the implementation of the corresponding treatment. I kindly ask for your approval.*
>
> *Applicant: Su Xiaohua*
> *Application Date: May 5, 2022*

*Id.* at IRI-SU-000403E; Taladay Decl. ¶ 13. This application is almost identical to the March 25, 2022 document (Hwu Decl., Ex. D (IRI-SU-000141E) (date disputed)) he submitted in advance of Group's approval of his change in status on April 7, 2022. *Id.*, Ex. E (IRI-SU-000137E–40E).[5]

---

[5] Irico maintains that the date of this document was actually May 25, 2022, but has not produced any other pre-April 7, 2022 notice from Mr. Su which could have precipitated the consideration of his request on April 7, 2022. *See* Opposition at 32 & n.11. Irico has failed to produce any metadata or other information confirming a date of May 25, 2022.

***CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER***

The Honorable Vaughn R. Walker
11/16/2023
Page 7

Internal text messages between Irico Foshan Admin and HR Director Xu Jinmei and a colleague confirms that Mr. Su did not retire and that Irico considered him an "in-service" employee after his change in status:

> Xu Jinmei: May I ask, according to this requirement, should GM Su be considered an in-service, on-duty employee in 2022? GM Su officially retired in July.

> Shang Xuhang: Are you sure he retired? The definition for retirement is very strict.

> Xu Jinmei: GM Su retired a long time ago. Didn't GM Zhang take over in July?

> Xu Jinmei: According to the official document with the red heading, he is considered off-duty.

> Shang Xuhang: ***Being off-duty is not the same as retirement. He is still considered in-service.***

> Xu Jinmei: Then, is he considered an on-duty employee in 2022? The document requires being registered and on duty. GM Su is not on duty.

> Shang Xuhang: Since he is already off-duty, he cannot be considered that. He is not considered on-duty.

Hwu Decl., Ex. F (IRI-SU-0001356E) (2/24/2023 text messages) (emphasis added).

Finally, Irico's early grant of "off-duty and rest" status to Mr. Su was unusual. Irico commonly delayed participation in the program for eligible managers a year or more. An Irico Group HR document explains that the age limit for a manager to hold positions is reached in December of the year he turns 58. Hwu Decl., Ex. G (IRI-SU-000415–17E at 16E). Nevertheless, Irico has discretion to keep such managers at their posts: Out of nine managers who became eligible in 2021 and 2022, Irico delayed five from going off-duty by a year or more. *Id.* at 16–17E.

## B.     Mr. Su's Status Did Not Change Until After Irico Falsely Asserted He Had Resigned.

The withheld documents also show that the process by which Mr. Su obtained "off-duty and rest" status began at least by early April 2022 and was not complete until well after Irico's representation on June 7, 2022 that he had resigned. This representation was thus doubly false—Mr. Su's employment continued and his status was unchanged.

The process to grant Mr. Su early "off-duty and rest" status required approvals from multiple parties—including Group, Irico Industrial, and Irico Industrial's Party Committee. *See* Hwu Decl., Exs. H (IRI-SU-000208E), I (IRI-SU-001446E), B (IRI-SU-000402–03E). As discussed previously, Group officially approved Mr. Su's change in

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 8

status on April 7, 2022, apparently in response to Mr. Su's March 25, 2022, request. Hwu
Decl., Exs. D, E. On April 13, 2022, Shi Feng, Group's head of Human Resources noted
the next two steps. Hwu Decl., Ex. I (IRI-SU-001446E) (*"Shi Feng: And then there's
that Su Xiaohua thing, after he formally submits his early departure application to
IRICO Industrial, IRICO Industrial shall submit an instruction request report, and
then the matter will be studied at the party committee meeting."*). Mr. Shi's text
confirms that Group leadership was aware of Mr. Su's pending status change. *Id.*

As noted above, Mr. Su next submitted an almost identical request to Irico
Industrial on May 5, 2022. Hwu Decl., Ex. B (IRI-SU-000402–03E at 03E). And on May
9, 2022, Irico Industrial's Company Office drafted a proposal for Mr. Su's change in
status for the Company Party Committee. *Id.*

Multiple Irico documents show that Mr. Su did not formally leave his managerial
positions until June 17, 2022, at the earliest. *See, e.g., id.*, Exs. H (IRI-SU-000208E), J
IRI-SU-000421–23E at 23E). Other documents, however, indicate that he did not leave
his position until July. *Id.*, Ex. F (IRI-SU-0001356E).

This series of events demonstrates beyond doubt that Irico's claim that it did its
utmost to convince Mr. Su to testify is false. There is no evidence of any attempt to
compel his appearance at deposition. It also demonstrates that Mr. Su's pending change
in status was no surprise. Senior executives were aware of his pending change in status
from as early as April; Mr. Su's substantially identical request of May 5, 2022, by itself
demonstrates Irico's awareness well before it negotiated the May 25, 2022, extension of
its deadline to produce him. *See* ECF No. 6016.

### C. Mr. Su Continued to Be Paid and Perform Work for Irico.

The documents Irico withheld in violation of the Court's orders also establish
beyond dispute that Irico continued to pay Mr. Su—and possibly still does—and that Mr.
Su continued to work for Irico. Irico's representations that Mr. Su "terminated all
relationships with Irico" is false for this reason as well.

#### 1. Irico Continued To Pay Mr. Su.

The recently produced documents show that Irico has continued to pay Mr. Su,
including discretionary lump sum payments and benefits. First, Mr. Su remains on Irico's
payroll. Through at least August 2023, he received monthly payments of RMB 6,000,
plus his housing fund contributions and his pension, health, and unemployment insurance
premiums. Hwu Decl., Ex. K (IRI-SU-001467E). Although Irico's records are not
complete, it appears likely that he remains on Irico's payroll even now given that he is
not yet 60. *Id.*, Ex. G (IRI-SU-000415–17E at 17E).

Second, Irico made discretionary payments to Mr. Su. Despite claiming in its
Opposition (at p. 27) that it exhorted Mr. Su to testify, Irico paid Mr. Su deferred

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 9

compensation of RMB 121,600 in July 2022. Hwu Decl., Ex. L (IRI-SU-000845E).
Further, texts in October 2022 show that Irico planned another deferred compensation
payment for time served in 2022 before he went off-duty. *Id.*, Ex. M (IRI-SU-001344E).

Third, Irico paid Mr. Su a bonus in January 2023. *Id.*, Ex. J (IRI-SU-000421–23E
at 23E). Irico rules barred employees with absenteeism or subject to disciplinary action
from receiving the bonus, suggesting Su committed neither and was in good standing
with the company. *Id.* at 22E. Irico also commended Mr. Su in a May 2023 performance
review:

> *During his tenure, Comrade Su Xiaohua was able to lead the team in
> resolutely implementing the various decision-making deployments of the
> IRICO Group. He successfully resolved many historical issues, basically
> eliminated systemic operational risks, effectively revitalized core equipment
> assets, and achieved significant results in resolving difficult and stagnant
> issues, thereby laying a good foundation for future sustainable
> development.*

*Id.*, Ex. N (IRI-SU-000190E, 97E, 98E at 97E). Notably, the report makes no mention of
Mr. Su's "surprise resignation" or refusal to cooperate with this litigation. *Id.* at 98E.

In short, Irico's claims that it severed all ties with Mr. Su and that it lacked any
leverage to compel his testimony are simply false. Indeed, the contrary appears to be true.
Far from seeking to compel his testimony, Irico rewarded Mr. Su's "recalcitrance."

## 2. Mr. Su Continued To Work For Irico.

It is also clear that Mr. Su continued to work for Irico. He continued to be
involved in the business of Irico Foshan at least through September 2022. *Id.* ¶ 19, Ex. O
(IRI-SU-000199E, 165E) (screenshots of WeChat messages between Mr. Su and Irico
Foshan CFO Wang Jijun).[6] Mr. Su continued working on a different computer after Irico
wiped his old one on June 15, 2022. *Id.* at 165E ("*WeChat desktop version*"). He
authored and sent work documents to Wang Jijun through WeChat. *Id.* Mr. Su had his
secretary deliver financial authorization documents to Wang Jijun on July 31, 2022. Hwu
Decl. ¶ 21, Ex. Q (IRI-SU-000188). On June 7, 2022, the day Irico's counsel informed
Plaintiff of Mr. Su supposed resignation on May 25, he was receiving and approving
employee requests to apply company seals for work. *Id.*, Ex. R (IRI-SU-001454).

In addition, Mr. Su was on the Board of Century Shuanghong (an Irico joint
venture) through at least August 18, 2023. *Id.*, Ex. S (IRI-SU-001450E). Mr. Su, along
with Group General Counsel Yan Yunlong, also served on the Board of Directors of
Orion Co., owned by Century Shuanghong, until at least October 2022. *See id.*, Ex. T

---

[6] Mr. Su also wined and dined with Irico executives. Hwu Decl. ¶ 20, Ex. P (IRI-SU-
000177E) (6/16/2022 WeChat messages with Wang Jijun).

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 10

(IRI-SU-000233E, 236E). Mr. Su continued to use his Irico email account,
sxh@ch.com.cn, through at least October 2022. *See id.* at 233E.

## IV.    Irico Continues To Defy The Court's Orders.

Irico's recent production confirms the Court's finding that its initial production in
response to the Su Order—a mere 32 documents—was grossly and intentionally
inadequate. As the Court suspected, it was plainly "curated" to facilitate Irico's false
narrative regarding its refusal to produce Mr. Su for deposition—namely, that Mr. Su
suddenly "retired" and severed all ties with Irico. *See* First Interim Order at 6.

In addition, the productions and the Taladay Declaration establish that Irico
continues to destroy and withhold evidence. Irico admits that it wiped Mr. Su's computer
on June 15, 2022, and, as a result, only 22 documents originating from that computer
were retrieved. *See* Taladay Decl. ¶¶ 6–7, 24 n.3. Nor did Irico search Mr. Su's current
computer, which he began using for work soon after his old one was reformatted. *see id.*,
Ex. 3 (IRI-SU-000202E Translated Transcript of Audio File) ("Since later I joined
another company in Shenzhen as an executive. This (computer) saved lots of
(information) of that company as well . . . ."). Mr. Su refused Wang Zhaojie's offer to
only retrieve files related to his work in Foshan. *Id.*

Nor did Irico search Mr. Su's cell phone which Mr. Su continued to use for work
after June 2022. *See* Hwu Decl., Ex. O (IRI-SU-000199E, 165E). Similarly, Mr. Su
removed all files from his office when he departed Irico Foshan, apparently without
subjecting any of his files to searches for documents. *Id.* ¶ 10. Indeed, it appears that Mr.
Su has been allowed to refuse to cooperate in any fashion without any consequence.

Finally, Irico's search of other employees' phones was also incomplete and Irico
did not review over 30,000 documents Plaintiffs' search terms hit on. *See* Taladay Decl.
¶¶ 15, 23, 25.

## V.    Conclusion

For the foregoing additional reasons, Plaintiffs respectfully request that the
Special Master grant their motion for terminating sanctions as set forth in their motion.
*See* Motion at 29–33; Reply Brief at 24–29. It is beyond argument that Irico's misconduct
throughout this case has been intentional, beyond any conceivably acceptable limits, and
has caused Plaintiffs irremediable prejudice.

Very truly yours,

*/s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

The Honorable Vaughn R. Walker
11/16/2023
Page 11

*/s/ Mario N. Alioto*

Mario N. Alioto
Lead Counsel for Indirect Purchaser Plaintiffs

Cc:   Tanveer Singh (tanveer.singh@fedarb.com)
      John M. Taladay (john.taladay@bakerbotts.com)
      Evan J. Werbel (evan.werbel@bakerbotts.com)
      Thomas E. Carter (tom.carter@bakerbotts.com)
      Andrew L. Lucarelli (drew.lucarelli@bakerbotts.com)
      Kaylee Yang (kaylee.yang@nortonrosefulbright.com)
      Geraldine W. Young (geraldine.young@nortonrosefulbright.com)

*CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER*

# DOCUMENT 25

R. Alexander Saveri (173102)
   *rick@saveri.com*
Geoffrey C. Rushing (126910)
   *grushing@saveri.com*
Matthew D. Heaphy (227224)
   *mheaphy@saveri.com*
David Y. Hwu (281780)
   *dhwu@saveri.com*
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF DAVID Y. HWU IN SUPPORT OF PLAINTIFFS' LETTER BRIEF IN FURTHER SUPPORT OF MOTION FOR TERMINATING OR ALTERNATIVE SANCTIONS AGAINST DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.** |
| *ALL DIRECT PURCHASER ACTIONS* | |
| *ALL INDIRECT PURCHASER ACTIONS* | |
| | Special Master: Hon. Vaughn R. Walker (Ret.) |

I, David Y. Hwu, declare:

1.      I am an attorney at Saveri & Saveri, Inc., Lead Counsel for Direct Purchaser Plaintiffs ("DPPs") in this action. I am a member of the Bar of the State of California and admitted to practice in the Northern District of California. I have been involved in many aspects of this case since 2011. I make this Declaration in Support of Plaintiffs' Letter Brief in Further Support of Motion for Terminating or Alternative Sanctions Against Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. Except as otherwise stated, I have personal knowledge of the facts stated below.

2.      I am fluent in Mandarin Chinese.

3.      Attached hereto as Exhibit A is a true and correct copy of the Declaration of John M. Taladay Regarding Compliance with Interim Orders on Plaintiffs' Motion for Discovery Sanctions, dated October 23, 2023.

4.      On December 20, 2022, Irico electronically produced 32 documents totaling 141 pages responsive to the Court's Order Adopting Special Master's Report & Recommendation on Irico's Failure to Produce Su Xiaohua for Deposition (ECF No. 6115). The production was identified as IRI-SU001 and contained Bates-stamped documents labeled IRI-SU-000001 through IRI-SU-000141.

5.      On October 13, Irico produced 135 documents totaling 233 pages. It was identified as IRI-SU002 and contained Bates-stamped documents IRI-SU-000142 through IRI-SU-000374. On October 23, 2023, Irico electronically produced 484 documents totaling 1,171 pages. The production was identified as IRI-SU003 and contained Bates-stamped documents labeled IRI-SU-000375 through IRI-SU-001545.

6.      Attached hereto as Exhibit B is a true and correct copy of a document produced in this litigation by Irico bearing the Bates numbers IRI-SU-000402 through IRI-SU-000403, and a certified translation thereof. According to metadata produced by Irico, this document was authored by Hao Li, identified by Irico as Director of Company Office of Xianyang Irico Group Industrial Co, Ltd.

7.      Attached hereto as Exhibit C is a true and correct copy of a document produced in

1

this litigation by Irico bearing the Bates number IRI-SU-000400, and a certified translation thereof.

8. Attached hereto as Exhibit D is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-000141, and a certified translation thereof. A copy of this document was previously attached as Exhibit UU to the Declaration of Lauren C. Capurro in Support of Plaintiffs Motion for Sanctions Against Irico Group Corporation and Irico Display Devices Co., Ltd. ("Capurro Declaration").

9. Attached hereto as Exhibit E is a true and correct copy of a document produced in this litigation by Irico bearing the Bates numbers IRI-SU-000137 through IRI-SU-000140, and a certified translation thereof. A copy of this document was previously attached as Exhibit TT to the Capurro Declaration.

10. Attached hereto as Exhibit F is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-0001356, and a certified translation thereof. It was produced in native format and has been converted to a PDF file to which Bates numbering has been added.

11. Attached hereto as Exhibit G is a true and correct copy of a document produced in this litigation by Irico bearing the Bates numbers IRI-SU-000415 through IRI-SU-000417, and a certified translation thereof.

12. Attached hereto as Exhibit H is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-000208, and a certified translation thereof.

13. Attached hereto as Exhibit I is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-001446, and a certified translation thereof. It was produced in native format and has been converted to a PDF file to which Bates numbering has been added.

14. Attached hereto as Exhibit J is a true and correct copy of a document produced in this litigation by Irico bearing the Bates numbers IRI-SU-000421 through IRI-SU-000423, and a certified translation thereof.

15. Attached hereto as Exhibit K is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-001467, and a certified translation thereof.

16.     Attached hereto as Exhibit L is a true and correct copy of an excerpt of a document produced in this litigation by Irico bearing the Bates number IRI-SU-000845, and a certified translation thereof. It was produced in native format and contained seven tabs, only one of which – "7月" (July) – has been converted to a PDF file and to which Bates numbering has been added.

17.     Attached hereto as Exhibit M is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-001344, and a certified translation thereof. It was produced in native format and has been converted to a PDF file to which Bates numbering has been added.

18.     Attached hereto as Exhibit N is a true and correct copy of excerpts of a document produced in this litigation by Irico bearing the Bates numbers IRI-SU-000190, IRI-SU-000197, and IRI-SU-000198, and a certified translation thereof.

19.     Attached hereto as Exhibit O is a true and correct copy of a document produced in this litigation by Irico bearing the Bates numbers IRI-SU-000199 and IRI-SU-000165, and a certified translation thereof. These two pages were produced out of order and have been reordered accordingly. According to metadata produced by Irico, this document was collected from the custodial files of Wang Jijun, identified by Irico as Chief Financial Officer of Irico (Foshan) Flat Panel Display Co., Ltd., and positions in other companies.

20.     Attached hereto as Exhibit P is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-000177, and a certified translation thereof. According to metadata produced by Irico, this document was also collected from the custodial files of Wang Jijun.

21.     Attached hereto as Exhibit Q is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-000188, and a certified translation thereof. According to metadata produced by Irico, this document was also collected from the custodial files of Wang Jijun.

22.     Attached hereto as Exhibit R is a true and correct copy of a document produced in this litigation by Irico bearing the Bates number IRI-SU-001454, and a certified translation thereof. It was produced in native format and has been converted to a PDF file to which Bates numbering

1    has been added.

2        23.    Attached hereto as Exhibit S is a true and correct copy of a document produced in

3    this litigation by Irico bearing the Bates number IRI-SU-001450, and a certified translation thereof.

4    It was produced in native format and has been converted to a PDF file to which Bates numbering

5    has been added.

6        24.    Attached hereto as Exhibit T is a true and correct copy of documents produced in

7    this litigation by Irico bearing the Bates numbers IRI-SU-000233 (email) and IRI-SU-000236 (one

8    of three attachments), and certified translations thereof.

9

10       I declare under the penalty of perjury under the laws of the United States of America that

11   the foregoing is true and correct.

12       Executed this 16th day of November, 2023 in San Francisco, California.

13

14                                              _/s/ David Y. Hwu_____
                                                David Y. Hwu

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

John M. Taladay *(pro hac vice)*
Evan J. Werbel *(pro hac vice)*
Thomas E. Carter *(pro hac vice)*
Andrew L. Lucarelli *(pro hac vice)*
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email: john.taladay@bakerbotts.com
        evan.werbel@bakerbotts.com
        tom.carter@bakerbotts.com
        drew.lucarelli@bakerbotts.com

*Attorneys for Defendants Irico Group Corp. and
Irico Display Devices Co., Ltd.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **DECLARATION OF JOHN M. TALADAY REGARDING COMPLIANCE WITH INTERIM ORDERS ON PLAINTIFFS' MOTION FOR DISCOVERY SANCTIONS** |
| *ALL INDIRECT PURCHASER ACTIONS ALL DIRECT PURCHASER ACTIONS* | |
| | Judge:      Honorable Jon S. Tigar |

I, John M. Taladay, declare as follows:

1.    I am a member of the bar of the District of Columbia and admitted to practice before this Court *pro hac vice*.  I am an attorney with Baker Botts L.L.P., which represents Defendants Irico Group Corporation ("Irico Group") and Irico Display Devices Co., Ltd. ("Irico Display," collectively, "Irico" or the "Irico Defendants") in this action.  I make this Declaration in support of Irico Defendants' Submission in Response to the Orders Adopting the Special Master's First and Second Interim Reports and Recommendations on Plaintiffs' Motion for Discovery Sanctions.  *See* ECF Nos. 6264 ("First Interim Order"); 6324 ("Second Interim Order," collectively the "Orders").  If called as a witness, I could and would testify to the matters set forth in this declaration of my own personal knowledge.

2.    As directed by the Special Master in the Second Interim Order, I submit this declaration to describe the steps taken under my direction and control to comply with the Special Master's Orders requiring discovery into certain matters regarding Su Xiaohua as well as to detail other tasks completed as required by the Orders.

**Su Laptop, Other Devices and Documents**

3.    At my direction, Thomas Carter, a Baker Botts attorney of record for Irico, traveled to China on September 10, 2023, along with Eric Chuang, a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor experienced in discovery of electronically stored information. *See Forensic Technology Services*, BDO USA, P.C. (last accessed Oct. 23, 2023), https://www.bdo.com/services/advisory/forensics-investigations/forensics-technology.

4.    Mr. Carter took physical custody of Mr. Su's former laptop on September 12, 2023, and personally oversaw BDO's imaging of the complete content of the laptop's solid-state drive. BDO utilized Forensic Falcon Neo, a digital forensic imaging hardware device manufactured by Logicube, a well-known product in the forensic industry, to duplicate the solid-state drive, which is the same imaging equipment and software as is typically used for BDO's U.S. forensic collections in litigation matters.

5.    Mr. Carter then oversaw BDO's forensic analysis of all recovered files from Mr. Su's former laptop.  BDO utilized Encase Forensic Software manufactured by Guidance Software,

a well-known product in the forensic industry, for the data recovery procedure, which is typically used for BDO's U.S. forensic collections in litigation matters.

6.      Until leaving his position at Irico, Mr. Su most recently served as the General Manager of Irico (Foshan) Flat Panel Display Co., Ltd. ("Irico Foshan") located in the city of Foshan, China, where Mr. Su's former office was located.  Based on information provided by Irico, we understand that Mr. Su's laptop was issued to him by Irico Foshan around the time he was first employed by that company beginning on December 31, 2019.  BDO's analysis showed that the solid-state drive of Mr. Su's laptop had been reformatted on June 15, 2022 and a new copy of Microsoft Windows was installed at that time.[1]  Based on Baker Botts' investigation this was done in connection with the repurposing of Mr. Su's laptop for use by his successor as General Manager, Zhang Jiming, who took possession of Mr. Su's former laptop when he assumed Mr. Su's former position.  Based on interviews with Irico employees, we understand that Zhang Dongling, the Operations and Management Director for Irico Foshan, was responsible for repurposing the laptop for use by Zhang Jiming.

7.      A report detailing the results of BDO's forensic analysis is attached as Exhibit 1. BDO recovered a total of 28,555 files with metadata dates within the time period in which Mr. Su potentially had use of the laptop, the vast majority of which were system files.  Following de-duplication and removal of non-user created system files, approximately 9,000 files remained, prior to application of search terms.  These files were transferred by BDO to a China-based Relativity server so that BDO could process and apply search terms to the data and to enable a state secret review before any materials were released to Baker Botts as described below.

8.      I also instructed BDO to collect data from corporate servers containing Mr. Su's emails and internal text messages.

9.      Also under my direction, Baker Botts and BDO investigated whether Mr. Su had any other company-issued or company-controlled devices other than his former laptop and determined that he did not.

---

[1] We note that, at that time, the laptop and its contents were not subject to any discovery order.

10.     Baker Botts and BDO also investigated whether there were any remaining hard copy files in or from Mr. Su's office and determined no such files existed.  Mr. Su's successor, Zhang Jiming, had moved into Mr. Su's office more than a year ago, and he informed Mr. Carter that the office was empty when he moved in.   Other Irico Foshan employees also confirmed that Mr. Su had removed any files from his office prior to his departure.

**Efforts to Contact Mr. Su**

11.     I have been informed, and medical records indicate, that Mr. Su suffered a stroke on January 7, 2023, and that he has been in and out of the hospital, or in recovery hospitals, since that time.  *See* Ex. 2 (IRI-SU-000219E).  In August, after the issuance of the First Interim Order but prior to the Second Interim Order, Zhang Wenkai, Irico's Assistant General Counsel, contacted Mr. Su by phone on a few occasions to seek his cooperation with responding the Orders.  Mr. Su spoke briefly to Mr. Zhang, but on the final occasion, citing his deteriorated health condition, Mr. Su insisted that that he not be contacted any further regarding this litigation.  Mr. Zhang recorded this call, and we have attached a transcript of that discussion.  *See* Ex. 3 (IRI-SU-000202E).

12.     Despite Mr. Su's explicit request, pursuant to the Second Interim Order, Baker Botts attempted to contact Mr. Su on October 3, 2023, by sending a message through Mr. Zhang to Mr. Su via WeChat, a commonly used communication app in China, requesting to speak with Mr. Su regarding the issues raised in the Orders.  Mr. Su did not respond to that request.  *See* Ex. 4 (IRI-SU-000229E).  Thus, we were not able to secure any cooperation by Mr. Su in connection with the current discovery initiative under the First and Second Interim Orders.

**Interviews of Other Irico Employees**

13.     Under my direction and based on their positions or other information suggesting a potential connection to Mr. Su, Mr. Carter, together with bilingual BDO staff, interviewed 23 current or former employees of Irico Group and its subsidiaries.  These individuals included: (1) human resources staff and department heads at Irico Group, Xianyang Irico Group Industrial Co., Ltd. ("Irico Industrial," the Irico subsidiary that directly managed Mr. Su's management appointments), and Irico Foshan; (2) top management at Irico Group, Irico Industrial, and Irico Foshan, including the four individuals whose names are set forth in the April 7, 2022, meeting

minute approving Mr. Su's resignation request; (3) former subordinates of Mr. Su at Irico Foshan; (4) personnel at Irico Group and Irico Industrial responsible for ministerial drafting and approving official personnel paperwork; (5) members of the Irico Group legal department; and (6) information technology personnel at Irico Group.

14.     These interviews covered topics relevant to the Orders, including interviewees' knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents.  Mr. Carter reported to me regarding relevant information learned in these interviews.

**Collection of Materials from Interviewees and Relevant Departments**

15.     In each interview described above, on my instruction, Mr. Carter also inquired and attempted to determine whether the employee had any documents or personal communications responsive to the Orders that were not preserved on the corporate servers.   As detailed below, Mr. Carter and BDO determined that emails and internal text messages would be preserved on corporate servers.   If any interviewee indicated that they had responsive company documents not preserved on these corporate servers, all of those materials were collected by BDO. In some cases, the interviewees indicated that they had WeChat communications that might be responsive to the Orders on individual employee-owned phones (over which the company has no control) rather than on company devices or servers.  Though none of interviewees would agree to provide their personal phones for forensic imaging and not all employees still had copies of their potentially relevant WeChat messages, those interviewees who stated that they still had relevant WeChat messages provided screen shots of those messages to BDO.  All materials provided by these witnesses were given to BDO, and BDO loaded the documents to the China-based Relativity server.

16.     Other specific materials required by the Orders were also collected directly (on a "go get" basis) from relevant departments such as human resources (e.g., Mr. Su's employment

contract) and accounting (i.e., payment records).  BDO loaded these materials onto the China-based Relativity server.

**Collection of Emails and Internal Text Messages from Corporate Servers**

17.     After consultation with Mr. Carter regarding his interviews, I identified 15 custodians (14 interviewees and Mr. Su) who appeared reasonably likely to have responsive electronic communications.[2]  I then instructed BDO to collect all emails and internal text messages in the relevant time frame from the corporate servers for those custodians for further review. *See* Ex. 5 (Oct. 9, 2023, Letter Request to Special Master), Attachment A.

18.     BDO worked with relevant information technology personnel responsible for maintaining the company servers to execute on this instruction.  Email data and internal text message data were stored on different servers, so this effort required separate collections by BDO.

19.     Regarding the emails, only 14 of the 15 custodians had mailboxes on the corporate server.  Xu Jinmei, the Administration and HR Director at Irico Foshan, did not have a company email address.  In addition, the email box of Wang Jijun, while it existed on the server, was empty.  The email box of Mr. Su was maintained on the server and data was collected.

20.     Date filters were applied prior to collection based on the role of each custodian: January 1, 2021, through September 1, 2023 (or the last day of their employment with any Irico company), for any custodian with potential knowledge or involvement regarding Mr. Su's requested deposition; and January 1, 2022, through September 1, 2023 (or the last day of their employment with any Irico company), for all other custodians, i.e., those custodians who were identified only because of potential knowledge or involvement relating to Mr. Su's departure.  The data from the 13 available email boxes were transferred from the server to an external hard drive by BDO.

21.     Regarding the internal text messages, data was identified for all 15 custodians, including Mr. Su.  The same date filters described above regarding the email collection also were

---

[2] The other nine individuals interviewed had incidental information or de minimis roles regarding Mr. Su's departure or application to travel for deposition.

applied to the internal text message data.  The internal text message data was transferred from the server to an external hard drive by BDO.

22.     BDO loaded the data from the external hard drives onto the China-based Relativity server.   The available data for the 15 custodians gathered by BDO totaled 16,409 email files (including attachments) and 56,325 internal text message files (including attachments), a total of 72,734 files.

**Application of Search Terms**

23.     BDO, at my direction, applied search terms to the server data to attempt to narrow the materials to those most likely to be responsive to the Orders.  BDO utilized standard search methodologies regularly utilized in the forensic searching in the US, pursuant to instructions from Baker Botts.  To determine the search terms to apply, Baker Botts utilized the search terms that it identified, combined with the generic and unqualified search terms provided by Plaintiffs on September 7, 2023.  As noted in our letter request submitted to the Special Master on October 9, 2023, Plaintiffs' search terms omitted any requirement that the search terms be related in any way to Mr. Su: i.e., they failed to include any "Su qualifier" such as a variation of his name, employee ID number, citizen ID number or email address. For example, Plaintiffs' unqualified search terms hit on all documents sent or received by all custodians over a 20 to 32-month period that mention the word "leadership" irrespective of whether the document had any mention of, or relevance to, Mr. Su.  As a result, the initial application of all of Plaintiffs' search terms resulted in hits on over 40,000 documents – 55% of every message or document sent or received by every custodian during this 20 to 32-month period – a clear sign that the unqualified search terms were grossly overbroad in the context of a specific search that is wholly and solely directed at the circumstances of Mr. Su's departure and deposition.  Moreover, reviewing all documents hitting on the unqualified search terms could not conceivably be accomplished in the required time frame for production, even with the extension sought by Irico in its letter request of October 9, 2023.

24.     I then instructed BDO to again apply Baker Botts' and Plaintiffs' combined search terms, but this time applying the "Su qualifiers" to target those documents with some potential relevance to Mr. Su.  *See* Ex. 5 (Oct. 9, 2023, Letter Request to Special Master) at 4-6,

Attachments C-F.  However, for the data collected from Mr. Su's laptop, BDO applied all of Plaintiffs' search terms and Baker Botts' search terms without the application of any "Su qualifiers."  In total, this effort resulted in approximately 9,400 files, which BDO then processed for further review.[3]

25.     Irico and the Plaintiffs have disagreed on the use of "Su qualifiers" to narrow the collection of relevant materials, and in its letter request of October 9, 2023, Baker Botts asked the Special Master to approve the use of the "Su qualifiers" as a modification to Plaintiffs' search terms.   Consistent with and in compliance with the Second Interim Order, BDO, at my direction, has collected and preserved the additional disputed documents that hit on Plaintiffs' search terms without "Su qualifiers," and they remain on the China-based Relativity server awaiting the Special Master's decision.

**State Secret Review**

26.     I understand from Irico as well as independent Chinese legal counsel by whom I was advised, that Irico and its employees are bound by Chinese legal requirements preventing the disclosure of Chinese state secrets.[4]

27.     To ensure that all Chinese regulations regarding state secrets were followed here, BDO retained the AnJie Broad Law Firm ("AnJie"), a large and reputable Chinese law firm with whom Baker Botts has worked in the past, to conduct a review of the materials before releasing materials to the United States to be reviewed for responsiveness to the Orders.  *See About AnJie Broad*, AnJie Broad (last accessed Oct. 23, 2023), https://www.anjielaw.com/more/aboutus.html. Counsel from AnJie informed me that Article 9 of the Chinese Law on Guarding State Secrets precludes the transmission of materials that contain state secrets, including but not limited to information that that could cause damage to the national security and interests of politics, economy, national defense or foreign affairs, to other countries or regions without the express permission of the relevant competent authorities.  *See* Law on Guarding State Secrets (promulgated by the

---

[3] Of these approximately 9,400 files, only 22 originated from Mr. Su's former laptop, a likely result of the reformatting.

[4] I have been informed by Irico that documents previously collected and considered in response to discovery on the merits did not contain state secrets and that no such materials were withheld on state secret grounds.

Standing Comm. Nat'l People's Cong., Sept. 5, 1988, rev'd Apr. 29, 2010, effective Oct. 1, 2010), art. 9, 2010 P.R.C. Laws 71.75 (China).

28.     To respect these requirements while facilitating Irico's compliance with the Orders, counsel from AnJie reviewed the following sets of documents (i.e., all that had been identified by Baker Botts as potentially relevant):

- all of the individual "go get" documents collected by BDO directly from interviewees or Irico departments;
- all of the documents from Mr. Su's laptop that hit on Plaintiffs' search terms and Baker Botts' search terms without applying any "Su qualifiers"; and
- all of the emails and internal text messages collected for the 15 custodians that hit on all of the search terms with "Su qualifiers."

This state secret review occurred before the documents were released to Baker Botts to be reviewed for responsiveness to the Orders.  Thus, to be clear, AnJie did not withhold any documents on the basis that the documents were not responsive to the Orders.  Their review was limited to evaluating the documents for state secret content, except as described in the following paragraph.   AnJie did not identify any documents from Mr. Su's former laptop or from the direct "go get" materials from interviewees or Irico departments as containing state secrets.  AnJie determined that 177 email files and 818 internal text message files, 995 files in total, could not be provided to Baker Botts for further review because of state secret content.  Given AnJie's determination, these documents could not be released to the US or reviewed by US-based lawyers.

29.     However, to further evaluate whether, and how many of, these documents were responsive to the Orders, I instructed Mr. Carter to train a lawyer from the AnJie firm who is a U.S.-barred and licensed attorney regarding the scope of the requirements of the Orders, and to provide him a copy of the Orders for his review and understanding.  Mr. Carter reviewed the Orders with Cui Wei from AnJie, a member of the New York state bar, and Mr. Cui then reviewed the set of documents determined to contain state secrets for responsiveness.  Based on Mr. Cui's review, it was determined that 21 of the 995 files withheld were responsive to the Orders.  A log of

the 21 responsive documents withheld under AnJie's determination of state secret content has been provided to Plaintiffs as part of the production.

30.     I also understand from Irico as well as independent Chinese legal counsel by whom I was advised, that Irico is prohibited from disclosing personally identifiable information relating to individual employees.   Such information is protected from disclosure by the China Personal Information Protection Law (promulgated by the Standing Comm. Nat'l People's Cong., Aug. 20,2021, effective Nov. 1, 2021), art. 11, 2021 P.R.C. Laws 1117.1125 (China).  In light of this requirement, AnJie and BDO also reviewed the following sets of documents to ensure that they did not contain any personally identifiable information:

- all of the individual "go get" documents collected by BDO directly from interviewees or Irico departments;
- all of the documents from Mr. Su's laptop that hit on Plaintiffs' search terms and the Baker Botts search terms without applying any "Su qualifiers"; and
- the emails and internal text messages collected for the 15 custodians that hit on all of the search terms with "Su qualifiers."

No documents responsive to the Orders were withheld on the basis of such personal information. If such personal information was identified, per my instructions, AnJie or BDO applied solid black redactions only as to that personal information, which is clearly identified in the documents produced to the plaintiffs.

31.     At my direction, BDO transferred all of the documents that it reviewed that did not contain state secrets, including those documents that contained redactions for personal information, from the China-based Relativity server to a US-managed Relativity service.  Also at my direction, Mr. Carter trained a team of U.S.-barred attorneys fluent in Mandarin (since the subject documents were in Chinese) on the requirements of the Orders, and supervised their review of these documents for responsiveness.   An initial production of responsive, non-privileged materials was made to Plaintiffs on October 13, 2023.  This initial production included over 80% of responsive email files (excluding those that required privilege redactions) as well as over 80% of responsive files obtained through "go get" collections from interviewees or Irico departments.  All remaining

responsive, non-privileged materials from the files transferred to the US-based server are being produced to the Plaintiffs today, October 23, 2023.  Documents withheld for privilege have been identified on a privilege log provided to Plaintiffs.

**Submission of Letter to the Special Master under First Interim Order**

32.     Along with this submission, Baker Botts is producing a letter to the Special Master, as required by the First Interim Order, providing "the names of Irico personnel involved in communicating with Mr. Su about: (a) his deposition, resignation and end of employment from January 2021 to the present and (b) information about his participation and knowledge of competitor contacts and communications."

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 23rd day of October, 2023, in Washington, D.C.

/s/ John M. Taladay

John M. Taladay (*pro hac vice*)
BAKER BOTTS L.L.P.
700 K Street, N.W.
Washington, D.C. 20001
202.639.7700
202.639.7890 (fax)
Email:John.Taladay@bakerbotts.com

*Attorney for Defendants Irico Group Corp.*
*and Irico Display Devices Co., Ltd.*

EXHIBIT 1

# File Export Report by BDO – Su Xiaohua Laptop

We analyzed the image file using the Encase software and found that the Operating System of the computer was installed on June 15 2022 06:55:14 GMT. More details please see below screenshot picture.



File export statistics (Date range is on or before 2022/06/20)

| Type | Number of exported files | Size of exported files |
|---|---|---|
| Edocs | 427 | 88.9 MB |
| Emails | 11 | 187.9 KB |
| Picture Files | 24245 | 360.3 MB |
| Compressed Files | 9 | 7.3 MB |
| Deleted Edocs | 9 | 1.3 MB |
| Deleted Emails | 1 | 131 KB |
| Deleted Picture Files | 3836 | 83.7 MB |
| Deleted Compressed Files | 17 | 2.6 MB |

# EXHIBIT 2



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000219.

*Ann Chen*

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

CONFIDENTIAL

IRI-SU-000219E Translation



CONFIDENTIAL

# EXHIBIT 3



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000202.

_Ann Chen_

_____

Ann Chen

Project Number: BBLLP_2310_P0042

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

Transcript of phone call between Person 1 and Person 2 (13892987788) on 08/23/2023

Person 1: Hi, Director Su

Person 2 (Director Su): Hello

Person 1: Sorry to bother you again.

Person 2: Please go ahead.

Person 1: It is still the same thing as yesterday, about collecting the data in your computer.

Person 2: Okay.

Person 1: You called me yesterday from ████████, stating that there is some other company's information involved and not suitable for sending out of China. I have updated the situation with the attorney but the attorney still wants me to persuade you to give the permission. I call again and would like to listen to your opinion today.

Person 2: My opinion. I still stick to my opinion given yesterday. Since later I joined another company in Shenzhen as an executive. This (computer) saved lots of (information) of that company as well, for example, letters and communications with public security departments, courts and trade secrets involved in conference negotiations with the government of Henan Province, government of Zhejiang Province. These are required to be kept confidential as business secrets strictly. I am afraid, any potential leakage of such business secrets would not be good for any of the parties concerned, and this was also promised at the time. That computer saved such information at that time, so it is very inappropriate to take this computer out of the country.

Person 1: I understand what you mean.

Person 2: In addition, this computer saved my personal (information), for instance, ████████ ████████ which are saved and backed up in the computer. There are also some personal assets information and family information. So this is really inconvenient to hand it over (based on) multiple issues.

Person 1: Okay.

Person 2: I also hope the court can understand. If computer does not have such information, there would be no problem for me to hand it over. I have thought about it carefully, this could be a serious infringement on my family property and the business secrets of my current company. (It would be fine) if nothing happens, but if something happens it will cause a lot of losses. There would be also a lack of seriousness in treating the promises I made to the relevant governments, or in other words, I would fail to fulfill responsibilities regarding the commitment. So it's really inconvenient.

Person 1: Okay Director Su, I understand what you mean, and I will further convey the situation mentioned by you to the attorney. I would like to ask you, for example, the attorneys make a proposal that after the data has been collected, the data will be filtered and only the data related to

your work in Foshan will be transferred overseas finally. Other information, for example, your work information in Shenzhen and your personal information will be removed. If this was the plan, do you think you could accept it, in this case?

Person 2: I need to think about it.

Person 1: Okay. You think about it. I will let the attorneys know about the situation. I have a question about your personal information. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Person 2: I am currently in Xi'an, ▮▮▮▮▮▮▮▮

Person 1: ▮▮▮▮▮▮▮. Okay.



Person 1: Yes.

Person 2: So just remind you of this. If you can stop calling me, it's best not to call me again (for this matter).

Person 1: I understand. I understand,

Person 2: Okay.

Person 1: Okay. Then I won't disturb you more. You can have a good rest.

Person 2: Okay.

Person 1: Oh, Director Su, I have a small request. The ▮▮▮▮▮▮▮▮▮ you pictured for us is so blurry that we can't see clearly. Could you please take another picture for us?

Person 2: This was taken when I was applying for the ▮▮▮▮▮▮▮▮▮▮▮▮ and I only took one picture. The documents have been mailed out for ▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮

Person 1: Okay.

Person 2: Because this happened when ▮▮▮▮▮▮▮▮▮.

Person 1: Okay, I understand it

Person 2: The original documents have been sent to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. They took the original files, and we took only one picture at that time.

2

Person 1: Okay, I understand.

Person 2: Okay.

Person 1: Sorry to bother you, Director Su.

Person 2: It is okay.

Person 1: Take care and have good rest.

Person 2: Sure, sure.

CONFIDENTIAL                                                    IRI-SU-000202E Translated Transcript of Audio File

**Document Produced Natively**

CONFIDENTIAL

IRI-SU-000202

EXHIBIT 4



October 20, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Ann Chen, hereby declare:

That I possess advanced knowledge of the Spanish and English languages. The attached Spanish into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of bates number: IRI-SU-000229.

_Ann Chen_

_____

Ann Chen

Project Number: BBLLP_2310_P0042





CONFIDENTIAL

IRI-SU-000229

# EXHIBIT 5

# BAKER BOTTS LLP

| | |
|---|---|
| 700 K STREET, N.W. | AUSTIN        MOSCOW |
| WASHINGTON, D.C. | BRUSSELS      NEW YORK |
| 20001 | DALLAS        PALO ALTO |
| | DUBAI         RIYADH |
| TEL  +1 202.639.7700 | HOUSTON       SAN FRANCISCO |
| FAX  +1 202.639.7890 | LONDON        **WASHINGTON** |
| BakerBotts.com | |

October 9, 2023

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

> Re:   In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
>       No. 07-CV-944-JST

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") write with respect to Your Honor's Interim Reports and Recommendations on Plaintiffs' Motion for Discovery Sanctions dated August 4, 2023 (ECF No. 6233) ("First Interim Order"), and September 1, 2023 (ECF No. 6275) ("Second Interim Order") (collectively, "Orders"). This letter discusses three topics: (1) we provide an update regarding Irico's compliance with the Orders; (2) we ask that Your Honor approve a modified version of Plaintiffs' search terms to identify responsive documents, which Plaintiffs oppose; and (3) we request a short further extension to October 23, 2023, for the completion of Irico's response to the Orders, which Irico will begin providing to Plaintiffs by the current deadline of October 13th.[1]

## 1.   Update on Compliance Efforts to Date

Irico and Baker Botts have undertaken extraordinary efforts to comply with Your Honor's Orders and continue to work as expeditiously as possible on all fronts. As the Court is aware, Irico had already been working to comply with the Your Honor's First Interim Order throughout the month of August through the efforts of Norton Rose Fulbright and with oversight by Baker Botts. After Your Honor's Second Interim Order, Baker Botts needed to restart certain aspects of the investigation and processes to comply with new requirements that specified which entities were

---

[1] As discussed in greater detail below, should Your Honor determine that Irico must review all of the Chinese-language documents that hit on Plaintiffs' overbroad search terms, Irico would need at least an additional 40 days from the current deadline to review and produce any responsive documents from that set. Irico would still plan to produce responsive materials from its proposed search terms by October 23.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 2 -

required to undertake specific requirements of Your Honor's Orders.  As required, I have personally directed and supervised the efforts and processes described below.

Since the Second Interim Order, Irico and Baker Botts have completed the following tasks in accordance with U.S. discovery standards:[2]

- A Baker Botts attorney of record traveled to China along with a bilingual U.S.-based forensic collection specialist from BDO, a U.S. discovery vendor, to personally implement the investigative steps described below under my direction;

- The same Baker Botts attorney took physical custody of Mr. Su's former laptop and personally oversaw BDO's imaging of the laptop's complete content and forensic analysis of all recovered files;

- Baker Botts, through an interpreter, conducted interviews of 23 current or former employees of Irico Group and its subsidiaries regarding relevant issues, including their knowledge of Mr. Su's deposition, Mr. Su's departure from Irico, Mr. Su's current employment, any ongoing relationship between Irico and Mr. Su, communications with Mr. Su, information regarding other individuals who may have relevant knowledge, and potential locations of responsive documents;

- Baker Botts identified 15 custodians potentially in possession of relevant documents and undertook forensic collection of email and internal text messaging. *See* Attachment A for a list of the selected custodians;

- BDO, under the direction of Baker Botts, collected all emails and internal text messages from the messaging system (including attachments) for all 15 custodians directly from the back-end server used by Irico, for all relevant time periods without any additional limitation.[3]  This resulted in over 72,000 documents being collected from the relevant custodians;

- Baker Botts, with assistance from BDO, collected certain other responsive materials based on the interviews described above, including HR files, official

---

[2] The list below is intended to provide Your Honor a high-level overview of the steps taken to comply with the Orders.  Further details on the processes implemented will be provided in a declaration when the process is complete as required by the Orders.

[3] The relevant time periods used for collection were January 1, 2021, through September 1, 2023 (or the last day of employment with any Irico company), for any custodians with any knowledge or involvement regarding Mr. Su's requested deposition, and January 1, 2022, through September 1, 2023 (or the last day of employment with any Irico company), for all other custodians.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 3 -

personnel announcements, and personal WeChat communications from personal devices to the extent the individual permitted such collection;

- Baker Botts utilized the complete list of search terms offered by Plaintiffs on September 7th and also developed additional search terms based on information learned from the interviews and the targeted document collections described above to identify potentially responsive documents. BDO then applied Plaintiffs' proposed search terms to all collected emails, internal enterprise messaging and shared files, and files recovered from Mr. Su's laptop, resulting in over 40,000 documents with direct hits, making up over 55 percent of all files collected from custodians.[4] As discussed below in Part 2 of this letter, Baker Botts then applied a set of "Su qualifiers" to the Plaintiffs' proposed search terms and added additional relevant search terms based on our investigation, resulting in a subset of 3,300 documents with direct hits for further review and processing;[5]

- These potentially responsive materials were then screened for state secrets as required by Chinese law.  The state secret review was conducted by the AnJie law firm, one of China's largest and most highly regarded law firms, working with BDO under Baker Botts' direction, not under the direction of Irico. A small number of documents were withheld for state secret purposes and were handled as discussed below. All documents not deemed to contain states secrets were exported to a U.S.-based server for review by and under the supervision of Baker Botts attorneys;

- The three-week extension previously approved by the Special Master included one week from September 29 through October 6 that comprised the Chinese Golden Week holiday, a major annual holiday in China.  In seeking the previous three-week extension, Baker Botts had planned that all of the steps described above would have been completed and the materials would all be loaded to the U.S.-based server for review before the start of the Chinese Golden Week holiday.  Because of both logistical and technical challenges, and despite the efforts of Irico and its vendors during the holiday period, we were not able to accomplish all of those steps prior to the Golden Week holiday.  However, as of yesterday, this process is now complete for the search terms described above, i.e., those documents that hit on a search term subject to the "Su qualifiers" described below.  Baker Botts is now in

---

[4] To account for family members and potentially related internal messages and attachments, approximately 55,000 files in total were identified as either direct search hits on Plaintiffs' proposed search terms or potentially related to those direct hits.

[5] Accounting for family members and potentially related internal messages and attachments, a total of approximately 9,400 files were identified and segregated for further review under the proposed terms with "Su qualifiers."

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 4 -

the process of conducting and directing the review of these materials for responsiveness and privilege;

- During this process, Baker Botts met and conferred twice with Plaintiffs regarding their proposed search terms and the need for reasonable limitations given the extremely high hit rate, and to discuss Baker Botts' proposed terms that incorporate such reasonable limitations, but Plaintiffs were not willing to discuss any specific limitations to their search terms, including applying the "Su qualifiers" to their search terms; and

- Finally, because state secret review was required before the documents could be transferred to the U.S. for responsiveness review, we had not yet determined whether any of the documents withheld for state secret purposes were responsive to the requirements of the Order. To address this issue, a bilingual U.S.-barred lawyer from the AnJie law firm, who was trained by Baker Botts regarding the scope of the Orders and worked under Baker Botts' direction, is conducting a relevance review of the documents withheld for state secret content.

## 2. Dispute Regarding Search Terms

One of the most impactful changes in the Second Interim Order was that the Plaintiffs could provide search terms to be applied against the collected electronically stored information. As Your Honor is already aware, Plaintiffs took full advantage of Your Honor's offer and provided a list of around 80 terms without any qualifiers or limitations. *See* Attachment B. Most strikingly, Plaintiffs suggested search terms to be applied to the documents of all custodians without any requirement that any of these search terms relate to Mr. Su. As discussed below, this results in a gross over-identification of potentially responsive materials and would require an excessive degree of time and effort to review without the prospect of any meaningful uptick in responsive documents. Plaintiffs have declined to modify any the search terms to allow for some relevance to Mr. Su. Herein, Irico is proposing to apply all of Plaintiffs' search terms modified only by certain "Su qualifiers."

As detailed above, Baker Botts identified 15 custodians with ESI potentially responsive to the Orders. These custodians ranged from the most senior leadership at the company, to those in Human Resources who touched briefly on limited issues related to Mr. Su. Most of these individuals had only limited interactions, if any, with Mr. Su. Nonetheless, because our collection was comprehensive as to their electronic files on the company's servers, over 72,000 documents were collected during this process.

Despite most of these custodians having little to do with Mr. Su, over 40,000 of the documents hit on one of Plaintiffs' search terms. *See* Attachment C for Plaintiff search term hits on email files and Attachment D for Plaintiff search term hits on internal text messages. This was inevitable given that Plaintiffs made no effort to limit search terms to identify documents

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 5 -

specifically relevant to Mr. Su.  For example, one of Plaintiffs search terms was "leadership." Plaintiffs seek to require Irico to identify and review every single document that used the word "leadership" regardless of whether it had any relevance to Mr. Su or whether Mr. Su was even mentioned in the document.[6]  Over 14,000 documents (approximately 20 percent of the collected documents) hit on this term alone when combining the hits in for emails and internal text messages. Similarly, Plaintiffs' search terms include numerous terms related to personnel and human resource functions but again make no effort to identify those documents specifically related to Mr. Su.  Given that three of the custodians actually work in the human resources area, it is no surprise that almost 4,000 documents hit on the term "Human Resources Department."  Again, applying Plaintiffs' unmodified search terms would require that we review all such documents for relevance, irrespective of whether they conceivably have anything to do with Mr. Su.

Baker Botts had already intended to use many of the same general terms that Plaintiffs suggested, as well as additional relevant terms that it intended to apply with appropriate qualifiers, consistent with U.S. discovery practice, to identify when those terms were used in reference to or related to Mr. Su.  These "Su qualifiers" simply require that any document hitting on Plaintiffs' search terms also include a term relating to Mr. Su either by his name (in various forms identified by Plaintiffs), his employee ID number, his citizen ID number or his email address.  Specifically, the "Su qualfiers" include:

- "苏晓华, " Mr. Su's full name in Chinese;
- "苏总, " an abbreviation for "General Manager Su," sometimes used to refer to Mr. Su by his former colleagues;
- Xiaohua, Mr. Su's given name in English;
- Mr. Su's 18-digit Chinese citizen ID number;
- 100751, Mr. Su's Irico employee ID number;
- sxh@ch.com.cn, Mr. Su's email address; and
- sxh, the prefix for Mr. Su's email address.

For example, Irico still ran the term for "leadership" but also required that term to appear somewhere in the same document as one of the Su qualifiers. This appropriate focus on Mr. Su reduced the number of hits on the term "leadership" from approximately 14,000 to approximately 1,000, which captures all instances where Mr. Su was mentioned or referenced in the same document as the term "leadership."  Applying these Su qualifiers to all of the search terms suggested by Plaintiffs reduced the total number of hits to be reviewed from over 40,000 to approximately 3,300 (not including attachments), a number much more in line with what would be expected given the narrow scope of the issues at hand and the broad responsibilities of most of

---

[6] Note that all of these documents are in Chinese, which increases the time and burden in reviewing materials and identifying responsive materials.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 6 -

the custodians.[7] *See* Attachment E for search term hits with "Su qualifiers" on email files and Attachment F for search term hits with "Su qualifiers" on internal text messages.[8]

Baker Botts presented these results to Plaintiffs in the hopes of limiting the searches to more reasonable terms, but Plaintiffs surprisingly refused to engage in any substantive discussion on specific search terms. Previously, when Irico raised concerns with Your Honor about the scope of the search terms, Plaintiffs assured Your Honor (and Irico) that: "To the extent Irico communicates any legitimate concerns about any of these terms, Plaintiffs will address them immediately …." Plaintiffs' Letter Response to Request for Extension, at 2 (Sept. 14, 2023). Instead, Plaintiffs took the view that Baker Botts was required to produce all responsive documents under Your Honor's Orders and "Plaintiffs cannot modify this requirement." *See* Attachment G. That suggestion is wrong on at least two fronts. First, it is diametrically opposed to the representation that Plaintiffs made to Your Honor that it could and would work with Baker Botts to address plainly legitimate issues with their search terms. Second, it undermines the Special Master's reasonable instruction, consistent with U.S. discovery practice, that search terms be used here as a way of identifying potentially relevant documents (rather than effectively demanding that Irico review every single communication from 15 employees over a span of years for targeted information relating to Mr. Su, which would be both unreasonable and unworkable).

So now Irico must ask for the Special Master's assistance in resolving this dispute. The Second Interim Order states: "If Irico's counsel deems any search terms improper, they can bring that matter to the undersigned's attention and withhold production of selected documents until the objection is resolved. But collection of responsive documents precedes objections." ECF No. 6324 at 5. Irico and Baker Botts are following Your Honor's guidance exactly. We have collected all of the relevant materials and provided search term hit results to the Plaintiffs and Your Honor, but we request reasonable modification to the Plaintiffs' search terms. As detailed above, we believe that adding the "Su qualifiers" described above to the search terms is appropriate and in accordance with U.S. discovery best practice, whereas Plaintiffs' unbounded search terms are not. Without awaiting the Special Master's decision on this dispute, we are moving forward on the review and production of documents that hit on the search terms applying the "Su qualifiers" and will be producing responsive materials as soon as possible.

---

[7] In our unsuccessful meet and confer conversations with Plaintiffs, they appeared to suggest that Baker Botts should focus on reviewing all or some set of the documents that that did not hit on any terms with "Su qualifiers" to confirm that none of the documents contain responsive information. Focusing our efforts on the documents *least* likely to contain responsive material, however, is backwards, and Plaintiffs know that this is impractical given the sheer volume of the documents that hit on their unqualified search terms as well as the restrictions in China on releasing documents until they have been reviewed for state secrets.

[8] Minor modifications have been made to these charts since they were provided to Plaintiffs to account for typographical errors and search corrections, neither of which impacted the search results in any meaningful way.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 7 -

### 3.  Request for Extension of Ten Days

The identification, collection and processing of the responsive documents and the collection of relevant information has been a laborious process as detailed above.  We note again that the process requiring Baker Botts (and my own) direct involvement had to be restarted after the September 1st Order. Irico, Baker Botts and its vendors have faced many technical, logistical, and geographic hurdles, but we can assure the Special Master that extraordinary efforts have been undertaken and we have made substantial progress in the five weeks since its issuance.  However, because the potentially responsive materials from China were not able to be uploaded to the U.S. for completion of review until after the Chinese Golden Week holiday, which just concluded, we will not be able to fulfill all requirements of the Orders by the current deadline of October 13th.[9]

We intend to produce materials to Plaintiffs on a rolling basis beginning with an initial production of responsive materials by the current deadline of October 13th.  We believe we will need an additional 10 days (until October 23rd) to complete the review and production of the responsive materials and complete the other requirements of the Order, provided the Special Master approves the use of the Su qualifiers as discussed above.  Should Your Honor require the application of all of Plaintiffs' suggested search terms without the Su qualifiers, however, the volume of documents to be processed, reviewed for state secret content, and reviewed for responsiveness would increase by well over five-fold.  In that case, we estimate that Baker Botts would require an extension of at least 40 additional days from the current deadline to comply.

Thank you for your consideration of these issues.


Sincerely,
/s/ John Taladay
John Taladay


cc:   Tanveer Singh (tanveer.singh@fedarb.com)
      R. Alexander Saveri (rick@saveri.com)
      Geoffrey C. Rushing (geoff@saveri.com)

---

[9] As part of our meet and confer process, we asked for Plaintiffs' position on a one-week extension of the current deadline. Since the time of these discussions, there was a further, short delay in the transmission of the materials from China at the end of the Chinese Golden Week holiday so we now believe a ten-day extension will be necessary. Plaintiffs took no affirmative position on our request, but instead stated that the request "is more appropriately directed to Judge Walker."  *See* Attachment G.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 8 -

Matthew D. Heaphy (mheaphy@saveri.com)
Mario N. Alioto (malioto@tatp.com)
Lauren C. Capurro (laurenrussell@tatp.com)
Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

Attachment A

*Irico Custodian List - Oct. 6, 2023*

| Custodian Name | Position |
|---|---|
| Bao Yong | Secretary of Commission for Discipline Inspection of CCP Committee of Irico Group |
| Bing Zhang | Executive Director of Xianyang Irico Group Industrial Co., Ltd. |
| Gao Qian | General Business Supervisor and Confidential Officer of the Group Office of Irico Group |
| Guo Quan | Director of Group Office of Irico Group |
| Hao Li | Director of Company Office of Xianyang Irico Group Industrial Co, Ltd. |
| Mai Ya | HR Employee of Irico Group |
| Shi Feng | HR Director of Irico Group |
| Si Yuncong | (former) Chairman of Irico Group |
| Su Xiaohua | Focus of investigation |
| Wang Jijun | Chief Financial Officer, Irico (Foshan) Flat Panel Display Co., Ltd. and positions in other companies. |
| Xu Jinmei | Admin & HR Director of Irico (Foshan) Panel Display Co., Ltd. |
| Yang Yuanjiang | (former) General Manager of Irico Group |
| Zhang Dongling | Operation and Management Director of Irico (Foshan) Panel Display Co., Ltd. |
| Zhang Jiming | General Manager of Irico (Foshan) Panel Display Co., Ltd. and positions in other entities |
| Zhang Wenkai | Deputy General Counsel of Irico Group |

Attachment B

**Carter, Tom**

| | |
|---|---|
| **From:** | Matthew Heaphy <mheaphy@saveri.com> |
| **Sent:** | Thursday, September 7, 2023 2:57 PM |
| **To:** | Taladay, John; Werbel, Evan; Carter, Tom; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Cc:** | vrw@judgewalker.com; Tanveer Singh; Rick Saveri; Geoff Rushing; David Hwu; Mario Alioto; Lauren Capurro; Dan Birkhaeuser; Alan Plutzik |
| **Subject:** | In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |
| **Attachments:** | Plaintiffs Su Search Terms.xlsx |

**[EXTERNAL EMAIL]**

Counsel:

On behalf of DPPs and IPPs, attached please find Plaintiffs' search terms provided pursuant to the Special Master's Second Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions, dated September 1, 2023 (ECF No. 6275) (the "Order").

Plaintiffs request that Baker Botts provide a list of all additional search terms it intends to use in its compliance with the Order.

Thank you.

Matthew Heaphy
Saveri & Saveri, Inc.
706 Sansome Street
San Francisco, CA 94111
mheaphy@saveri.com
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

| Search Term | Comment | Source |
|---|---|---|
| 邀请函 | Invitation Letter | IRI-SU-000045 CONFIDENTIAL |
| 加州 | California | IRI-SU-000045 CONFIDENTIAL |
| 联邦法院 | Federal Court | IRI-SU-000045 CONFIDENTIAL |
| 王昭杰 | Wang Zhaojie | IRI-SU-000045 CONFIDENTIAL |
| 苏晓华 | Su Xiaohua | IRI-SU-000045 CONFIDENTIAL |
| Xiaohua | | IRI-SU-000133 CONFIDENTIAL |
| 闫云龙 | Yan Yunlong | IRI-SU-000045 CONFIDENTIAL |
| 张文凯 | Zhang Wenkai | IRI-SU-000045 CONFIDENTIAL |
| 马丁 | Ma Ding | IRI-SU-000045 CONFIDENTIAL |
| "610402196403021232" | Su Xiaohua's ID number | IRI-SU-000045 CONFIDENTIAL |
| "100751" | Su Xiaohua's Employee number | IRI-CRT-00031561 |
| 证人 | Witness | IRI-SU-000045 CONFIDENTIAL |
| 作证 | Testify | IRI-SU-000045 CONFIDENTIAL |
| 澳门 | Macau | IRI-SU-000045 CONFIDENTIAL |
| sxh@ch.com.cn | Su's work email | IRI-SU-000052 CONFIDENTIAL |
| zhangwenkai0713 | Zhang's email ID | IRI-SU-000052 CONFIDENTIAL |
| [All emails, email handles, and IDs used in WeChat and other communication platforms of the individuals named in this list] | | |
| 承诺书 | **Declaration** of personnel traveling abroad | IRI-SU-000052 CONFIDENTIAL |
| 苏总 | GM Su | IRI-SU-000052 CONFIDENTIAL |
| CRT | | IRI-SU-000129 CONFIDENTIAL |
| 反垄断 | Antitrust | IRI-SU-000129 CONFIDENTIAL |
| 诉讼 | Litigation | IRI-SU-000129 CONFIDENTIAL |
| 取证 | deposition | IRI-SU-000129 CONFIDENTIAL |
| 通行证 | Travel permit | IRI-SU-000129 CONFIDENTIAL |
| 签注 | Visa | IRI-SU-000129 CONFIDENTIAL |
| 赴港澳 | to Hong Kong and Macau | IRI-SU-000103 CONFIDENTIAL |
| 百尺竿头 | [Zhang Wenkai's WeChat alias] | IRI-SU-000103 CONFIDENTIAL |
| 尚婷婷 | Shang Ting Ting | IRI-SU-000129 CONFIDENTIAL |
| 香港 | Hong Kong | IRI-SU-000129 CONFIDENTIAL |
| 高倩 | Gao Qian | IRI-SU-000130 CONFIDENTIAL |
| 郭泉 | Guo Quan | IRI-SU-000130 CONFIDENTIAL |
| 焦润刚 | Jiao Rungang | IRI-SU-000130 CONFIDENTIAL |
| 白建刚 | Bai Jiangang | IRI-SU-000130 CONFIDENTIAL |
| 总经理 | General Manager | IRI-SU-000130 CONFIDENTIAL |
| 董事长 | Chairman | IRI-SU-000130 CONFIDENTIAL |
| 司总 | Chairman Si | IRI-SU-000131 CONFIDENTIAL |
| 美国法院 | American Courts | IRI-SU-000131 CONFIDENTIAL |
| 证据 | Evidence | IRI-SU-000131 CONFIDENTIAL |
| 法律事务 | Legal Affairs | IRI-SU-000131 CONFIDENTIAL |
| 领导 | Leadership | IRI-SU-000132 CONFIDENTIAL |
| 法务 | Legal Affairs | IRI-SU-000132 CONFIDENTIAL |
| 司云聪 | Si Yuncong | IRI-SU-000137 CONFIDENTIAL |
| 阳元江 | Yang Yuanjiang | IRI-SU-000137 CONFIDENTIAL |
| 包勇 | Bao Yong | IRI-SU-000137 CONFIDENTIAL |
| 石峰 | Shi Feng | IRI-SU-000137 CONFIDENTIAL |
| 人力资源部 | Human Resources Department | IRI-SU-000137 CONFIDENTIAL |
| 专题会 | Special Topic Meeting | IRI-SU-000137 CONFIDENTIAL |
| 离岗 | Depart from Post | IRI-SU-000137 CONFIDENTIAL |
| 提前 | ahead of time | IRI-SU-000137 CONFIDENTIAL |
| 实业 | IRICO Group **Industrial** Ltd. | IRI-SU-000137 CONFIDENTIAL |

| 华南 | Southern China | IRI-SU-000137 CONFIDENTIAL |
| 绩效考评办法 | Irico Group Ltd. **Method for** Managing and **Evaluating Performance** of Managers | IRI-SU-000137 CONFIDENTIAL |
| **辞职** | Quit | IRI-SU-000141 CONFIDENTIAL |
| **申请** | Application | IRI-SU-000141 CONFIDENTIAL |
| **拖** | Delay | |
| **延** | Postpone | |
| 缓 | Postpone | |
| **慢** | Slow (to slow) | |
| **借口** | Excuse | |
| **藉口** | Excuse | |
| **彩管** | CRT | |
| **配合** | Cooperate | |
| **退休** | Retire | |
| **返聘** | Rehire | |
| 调岗 | Transfer jobs | |
| 顾问 | Consultant | |
| 劳务 | Labor Contract | |
| **离职** | Depart from Post | |
| **解除** | Dissolve | |
| 劳动关系 | Relationship of Employment | |
| 保险 | Insurance | |
| **年金** | Pension | IRI-CRT-00007138 |
| **个人账户** | Personal Account (Pension) | IRI-CRT-00007138 |
| 奖励 | Reward | IRI-CRT-00007138 |
| **养老** | Retirement | IRI-CRT-00007148 |
| **薪金** | Salary | |
| 补贴 | Allowance | |
| 绩效 | Performance | |
| 奖金 | Bonus | |

Attachment C



**Irico**
**Search Terms Report**

| Report Name: | 100923 Plaintiffs' Terms Email Server Data for All Custodian | Searchable Set: | 0237 Keyword Search Scope of Email Server on All |



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 10263 | 14958 | 1451 |

## Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "100751" | 3 | 60 | 0 | Su Xiaohua's employee number |
| "610402196403021232" | 17 | 45 | 0 | Su Xiaohua's ID number |
| bai | 36 | 244 | 1 | Bai Jiangang's email ID |
| baoyong | 241 | 261 | 184 | Bao Yong's email ID |
| CRT | 1,263 | 2,547 | 357 | |
| gqian | 678 | 2,040 | 380 | Gao Qian's email ID |
| gquan | 779 | 1,262 | 587 | Guo Quan's email ID |
| jiaorg | 3 | 9 | 0 | Jiao Rungang's email ID |
| mad | 125 | 479 | 1 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 833 | 1,273 | 0 | Su Xiaohua's work email |
| shangt123 | 10 | 32 | 0 | Shang Tingting's email ID |
| shf | 152 | 326 | 57 | Shi Feng's email ID |
| sxh | 833 | 1,273 | 0 | Su Xiaohua's email ID |
| wzj-xs | 20 | 76 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 190 | 756 | 1 | |
| yanyunlong | 1,120 | 2,771 | 1 | Yan Yunlong's email ID |
| zhangwenkai0713 | 2,660 | 8,842 | 346 | Zhang's email ID |
| 专题会 | 52 | 396 | 0 | Special Topic Meeting |
| 个人账户 | 65 | 217 | 19 | Personal Account (Pension) |
| 人力资源部 | 295 | 1,702 | 14 | Human Resources Department |
| 作证 | 550 | 1,260 | 0 | testify |
| 保险 | 440 | 2,644 | 11 | Insurance |
| 借口 | 2 | 4 | 0 | Excuse |
| 养老 | 364 | 1,697 | 0 | Retirement |
| 加州 | 45 | 128 | 0 | California |
| 劳务 | 453 | 2,026 | 76 | Labor Contract |
| 劳动关系 | 455 | 1,117 | 0 | Relationship of Employment |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 包勇 | 57 | 81 | 0 | Bao Yong |
| 华南 | 56 | 234 | 2 | Southern China |
| 反垄断 | 551 | 1,537 | 0 | Antitrust |
| 取证 | 105 | 390 | 3 | deposition |
| 司云聪 | 671 | 2,881 | 114 | Si Yuncong |
| 司总 | 737 | 3,416 | 50 | Chairman Si |
| 奖励 | 233 | 948 | 15 | Reward |
| 奖金 | 358 | 1,005 | 2 | Bonus |
| 实业 | 771 | 3,324 | 79 | Industry |
| 尚婷婷 | 12 | 37 | 0 | Shang Ting Ting |
| 年金 | 45 | 331 | 0 | Pension |
| 延 | 1,706 | 6,069 | 148 | Postpone |
| 张文凯 | 1,999 | 6,119 | 0 | Zhang Wenkai |
| 彩管 | 396 | 2,651 | 20 | CRT |
| 总经理 | 1,256 | 4,415 | 75 | General Manager |
| 慢 | 75 | 566 | 0 | Slow (to slow) |
| 承诺书 | 108 | 365 | 5 | Declaration of personnel traveling abroad |
| 拖 | 270 | 1,840 | 73 | Delay |
| 提前 | 466 | 3,126 | 20 | ahead of time |
| 法务 | 141 | 1,370 | 3 | Legal Affairs |
| 法律事务 | 894 | 3,143 | 3 | Legal Affairs |
| 澳门 | 227 | 755 | 0 | Macau |
| 焦润刚 | 12 | 35 | 0 | Jiao Rungang |
| 王昭杰 | 244 | 926 | 0 | Wang Zhaojie |
| 申请 | 1,470 | 5,668 | 237 | Application |
| 白建刚 | 31 | 204 | 0 | Bai Jiangang |
| 百尺竿头 | 3 | 9 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 133 | 385 | 1 | Shi Feng |
| 离岗 | 73 | 268 | 1 | Depart from Post |
| 离职 | 680 | 1,895 | 5 | Depart from Post |
| 签注 | 19 | 86 | 0 | Visa |
| 绩效 | 440 | 913 | 19 | Performance |
| 绩效考评办法 | 41 | 49 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 257 | 1,189 | 8 | Postpone |
| 美国法院 | 58 | 101 | 0 | American Courts |
| 联邦法院 | 9 | 16 | 0 | federal court |
| 苏总 | 209 | 510 | 0 | GM Su |
| 苏晓华 | 299 | 1,019 | 0 | Su Xiaohua |
| 董事长 | 817 | 3,687 | 13 | Chairman |
| 薪金 | 196 | 733 | 0 | Salary |
| 藉口 | 0 | 0 | 0 | Excuse |
| 补贴 | 489 | 1,795 | 33 | Allowance |
| 解除 | 497 | 1,643 | 3 | Dissolve |
| 证人 | 614 | 1,443 | 1 | witness |
| 证据 | 1,336 | 3,546 | 0 | Evidence |
| 诉讼 | 1,221 | 3,271 | 25 | Litigation |
| 调岗 | 5 | 7 | 0 | Transfer jobs |
| 赴港澳 | 14 | 78 | 0 | to Hong Kong and Macau |
| 辞职 | 138 | 583 | 1 | Quit |
| 返聘 | 20 | 310 | 0 | Rehire |
| 退休 | 642 | 2,776 | 24 | Retire |
| 通行证 | 77 | 255 | 0 | Travel permit |
| 邀请函 | 69 | 126 | 9 | invitation letter |
| 郭泉 | 99 | 262 | 0 | Guo Quan |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 配合 | 664 | 3,456 | 13 | Cooperate |
| 阎云龙 | 994 | 2,576 | 0 | Yan Yunlong |
| 阳元江 | 78 | 126 | 1 | Yang Yuanjiang |
| 顾问 | 775 | 1,732 | 9 | Consultant |
| 领导 | 1,405 | 4,567 | 130 | Leadership |
| 香港 | 1,730 | 4,574 | 267 | Hong Kong |
| 马丁 | 160 | 574 | 0 | Ma Ding |
| 高倩 | 222 | 582 | 1 | Gao Qian |

Attachment D

# Irico
## Search Terms Report

**Report Name:** 100923 Plaintiffs' Terms Terms on BM Data



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 30878 | 16421 |

## Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "100751" | 232 | 0 | Su Xiaohua's employee number |
| "610402196403021232" | 82 | 1 | Su Xiaohua's ID number |
| bai | 4 | 0 | Bai Jiangang's email ID |
| baoyong | 1 | 0 | Bao Yong's email ID |
| CRT | 571 | 36 | |
| gqian | 13 | 3 | Gao Qian's email ID |
| gquan | 4 | 1 | Guo Quan's email ID |
| jiaorg | 4 | 0 | Jiao Rungang's email ID |
| mad | 4 | 0 | Ma Ding's email ID |
| mail(sxh@ch.com.cn) | 7 | 0 | Su Xiaohua's work email |
| shangtt123 | 8 | 0 | Shang Tingting's email ID |
| shf | 6 | 0 | Shi Feng's email ID |
| sxh | 8 | 0 | Su Xiaohua's email ID |
| wzj-xs | 1 | 0 | Wang Zhaojie's email ID |
| Xiaohua | 8 | 0 | |
| yanyunlong | 17 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 | 21 | 0 | Zhang's email ID |
| 专题会 | 906 | 31 | Special Topic Meeting |
| 个人账户 | 30 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 人力资源部 | 3,631 | 257 | Human Resources Department |
| 作证 | 401 | 7 | testify |
| 保险 | 1,448 | 49 | Insurance |
| 借口 | 26 | 0 | Excuse |
| 养老 | 762 | 29 | Retirement |
| 加州 | 85 | 0 | California |
| 劳务 | 1,980 | 109 | Labor Contract |
| 劳动关系 | 672 | 6 | Relationship of Employment |
| 包勇 | 1,447 | 517 | Bao Yong |
| 华南 | 2,010 | 347 | Southern China |
| 反垄断 | 544 | 12 | Antitrust |
| 取证 | 237 | 16 | deposition |
| 司云聪 | 1,276 | 73 | Si Yuncong |
| 司总 | 2,543 | 81 | Chairman Si |
| 奖励 | 2,657 | 90 | Reward |
| 奖金 | 1,503 | 7 | Bonus |
| 实业 | 5,448 | 843 | Industry |
| 尚婷婷 | 345 | 76 | Shang Ting Ting |
| 年金 | 268 | 11 | Pension |
| 延 | 2,784 | 188 | Postpone |
| 张文凯 | 1,633 | 508 | Zhang Wenkai |
| 彩管 | 395 | 6 | CRT |
| 总经理 | 5,470 | 117 | General Manager |
| 慢 | 315 | 40 | Slow (to slow) |
| 承诺书 | 376 | 34 | Declaration of personnel traveling abroad |
| 拖 | 642 | 33 | Delay |
| 提前 | 2,021 | 252 | ahead of time |
| 法务 | 767 | 35 | Legal Affairs |
| 法律事务 | 1,108 | 7 | Legal Affairs |
| 澳门 | 296 | 5 | Macau |
| 焦润刚 | 988 | 166 | Jiao Rungang |
| 王昭杰 | 440 | 5 | Wang Zhaojie |
| 申请 | 3,803 | 562 | Application |
| 白建刚 | 873 | 109 | Bai Jiangang |
| 百尺竿头 | 7 | 0 | Zhang Wenkai's WeChat alias |
| 石峰 | 3,095 | 1,357 | Shi Feng |
| 离岗 | 1,307 | 8 | Depart from Post |
| 离职 | 993 | 48 | Depart from Post |
| 签注 | 112 | 1 | Visa |
| 绩效 | 3,866 | 109 | Performance |
| 绩效考评办法 | 522 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 | 1,007 | 147 | Postpone |
| 美国法院 | 79 | 0 | American Courts |
| 联邦法院 | 44 | 0 | federal court |
| 苏总 | 544 | 98 | GM Su |
| 苏晓华 | 2,638 | 297 | Su Xiaohua |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---:|---:|---|
| 董事长 | 2,281 | 21 | Chairman |
| 薪金 | 937 | 0 | Salary |
| 藉口 | 0 | 0 | Excuse |
| 补贴 | 2,143 | 56 | Allowance |
| 解除 | 1,964 | 36 | Dissolve |
| 证人 | 380 | 5 | witness |
| 证据 | 607 | 11 | Evidence |
| 诉讼 | 1,506 | 43 | Litigation |
| 调岗 | 78 | 0 | Transfer jobs |
| 赴港澳 | 43 | 0 | to Hong Kong and Macau |
| 辞职 | 555 | 0 | Quit |
| 返聘 | 746 | 0 | Rehire |
| 退休 | 2,894 | 72 | Retire |
| 通行证 | 227 | 5 | Travel permit |
| 邀请函 | 101 | 3 | invitation letter |
| 郭泉 | 1,474 | 517 | Guo Quan |
| 配合 | 2,521 | 132 | Cooperate |
| 同云龙 | 854 | 43 | Yan Yunlong |
| 阳元江 | 1,025 | 188 | Yang Yuanjiang |
| 顾问 | 1,481 | 13 | Consultant |
| 领导 | 12,985 | 3,029 | Leadership |
| 香港 | 1,259 | 176 | Hong Kong |
| 马丁 | 248 | 17 | Ma Ding |
| 高倩 | 3,069 | 1,921 | Gao Qian |

Attachment E



**Irico**
**Search Terms Report**

| **Report Name:** | 100923 Proposed Terms Terms Searches on Email Sever Data | **Searchable Set:** | 0237 Keyword Search Scope of Email Server on All |



## Results Summary

| Documents in searchable set | Total documents with hits | Total documents with hits, including Family | Total documents without hits |
|---|---|---|---|
| 16409 | 919 | 1989 | 14420 |

## Terms Summary

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 79 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 59 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 130 | 0 | [variations of potentially relevant dates] |
| "交班" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 68 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 3 | 0 | upper age limit for appointment |
| "作证" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 169 | 377 | 4 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 25 | 25 | 0 | removal |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| "内退" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 47 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Zunkun |
| "尊婶" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 137 | 740 | 0 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 106 | 1 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | new position |
| "最后工作日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 103 | 349 | 2 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 27 | 66 | 0 | leaving office |
| "离岗" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 57 | 0 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 198 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 126 | 445 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | old mother |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|------|------|------|------|------|
| "证人" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 134 | 317 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 172 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 80 | 407 | 0 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 204 | 5 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 287 | 3 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 129 | 4 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 4 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Bao Yong's email ID |
| CRT AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 202 | 678 | 40 | |
| gqian AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 23 | 57 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shang Tingting's email ID |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|------|---------------------|--------------------------------------|-------------|------------------|
| shf AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 17 | 47 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 233 | 708 | 2 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 269 | 705 | 1 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 9 | 0 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 15 | 2 | Personal Account (Pension) |
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 409 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 205 | 1 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 62 | 0 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 206 | 0 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 39 | 162 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 33 | 0 | Bao Yong |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 华南 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 100 | 0 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 408 | 0 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 14 | 67 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 97 | 456 | 0 | Si Yuncong |
| 司总 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 349 | 0 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 26 | 101 | 0 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 6 | 75 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 289 | 0 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 31 | 0 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 95 | 309 | 0 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 279 | 865 | 0 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 334 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 88 | 547 | 0 | General Manager |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 慢 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 2 | 0 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 58 | 3 | Declaration of personnel traveling abroad |
| 拖 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 10 | 40 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 71 | 123 | 0 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 248 | 1 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 201 | 601 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 89 | 258 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 146 | 655 | 2 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 105 | 350 | 3 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 11 | 52 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 46 | 0 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 143 | 555 | 1 | Depart from Post |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 27 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 82 | 1 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 30 | 37 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 173 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 7 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 82 | 545 | 0 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 31 | 191 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 42 | 135 | 0 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 802 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 151 | 607 | 0 | Litigation |
| 调岗 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 34 | 0 | to Hong Kong and Macau |

| Term | Documents with hits | Documents with hits, including Family | Unique hits | Translation/Note |
|---|---|---|---|---|
| 返聘 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 5 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 32 | 75 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 30 | 1 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 5 | 15 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 107 | 219 | 0 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 231 | 842 | 7 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 29 | 38 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 62 | 188 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 113 | 485 | 1 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 494 | 807 | 362 | Hong Kong |
| 马丁 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 100 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | 0 | Gao Qian |

Attachment F



## Irico
### Search Terms Report

**Report Name:** 100923 Proposed Terms on BM Data



### Results Summary

| Documents in searchable set | Total documents with hits | Total documents without hits |
|---|---|---|
| 56325 | 2415 | 48925 |

### Terms Summary

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "4月7日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | [variations of potentially relevant dates] |
| "5月25日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 19 | 0 | [variations of potentially relevant dates] |
| "6月17日" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 35 | 0 | [variations of potentially relevant dates] |
| "交接" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 78 | 0 | handover |
| "任职年龄上限" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 13 | 0 | upper age limit for appointment |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "作证" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 50 | 0 | testify |
| "免职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 45 | 0 | removal |
| "内退" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 699 | 0 | retreat |
| "尊坤" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Zunkun |
| "尊绅" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Zunshen |
| "报告" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 275 | 13 | report |
| "推荐" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 136 | 4 | recommend |
| "新单位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 33 | 0 | new unit |
| "新职位" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | new position |
| "最后工作日" AND "苏晓华" OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | last day |
| "深圳" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 293 | 5 | Shenzhen |
| "离任" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 0 | leaving office |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| "离岗" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 629 | 2 | leaving post |
| "终止" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 385 | 0 | termination |
| "美国" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 28 | 0 | United States |
| "老母亲" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 2 | 0 | old mother |
| "证人" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 26 | 0 | witness |
| "辞职" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 60 | 0 | resign |
| "退休" AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 863 | 1 | retire |
| ("4-7" OR "4.7") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 144 | 0 | [variations of potentially relevant dates] |
| ("5-25" OR "5.25") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | [variations of potentially relevant dates] |
| ("6-17" OR "6.17") AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | [variations of potentially relevant dates] |
| bai AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bai Jiangang's email ID |
| baoyong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Bao Yong's email ID |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| CRT AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 6 | |
| gqian AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Gao Qian's email ID |
| gquan AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Guo Quan's email ID |
| jiaorg AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Jiao Rungang's email ID |
| mad AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Ma Ding's email ID |
| shangtt123 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shang Tingting's email ID |
| shf AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Shi Feng's email ID |
| wzj-xs AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Wang Zhaojie's email ID |
| yanyunlong AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Yan Yunlong's email ID |
| zhangwenkai0713 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 1 | 0 | Zhang's email ID |
| 专题会 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 87 | 6 | Special Topic Meeting |
| 个人账户 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | Personal Account (Pension) |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 人力资源部 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 132 | 0 | Human Resources Department |
| 保险 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 408 | 6 | Insurance |
| 借口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | Excuse |
| 养老 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 382 | 7 | Retirement |
| 加州 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 4 | 0 | California |
| 劳务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 906 | 48 | Labor Contract |
| 劳动关系 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 247 | 0 | Relationship of Employment |
| 包勇 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 34 | 0 | Bao Yong |
| 华南 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 550 | 36 | Southern China |
| 反垄断 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 37 | 4 | Antitrust |
| 取证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 47 | 0 | deposition |
| 司云聪 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 0 | Si Yuncong |

| Term | Documents with hits | Unique hits | Translation/Note |
|------|---------------------|-------------|------------------|
| 司总 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 119 | 2 | Chairman Si |
| 奖励 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 597 | 5 | Reward |
| 奖金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 741 | 0 | Bonus |
| 实业 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 648 | 68 | Industry |
| 尚婷婷 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 12 | 0 | Shang Ting Ting |
| 年金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 38 | 1 | Pension |
| 延 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 199 | 4 | Postpone |
| 张文凯 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Zhang Wenkai |
| 彩管 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | CRT |
| 总经理 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 687 | 11 | General Manager |
| 慢 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 16 | 2 | Slow (to slow) |
| 承诺书 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 1 | Declaration of personnel traveling abroad |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 拖 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 77 | 0 | Delay |
| 提前 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 118 | 5 | ahead of time |
| 法务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 106 | 6 | Legal Affairs |
| 法律事务 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 73 | 0 | Legal Affairs |
| 澳门 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 52 | 0 | Macau |
| 焦润刚 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 9 | 0 | Jiao Rungang |
| 王昭杰 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 53 | 0 | Wang Zhaojie |
| 申请 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 310 | 19 | Application |
| 白建刚 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 20 | 0 | Bai Jiangang |
| 百尺竿头 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | [Zhang Wenkai's WeChat alias] |
| 石峰 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 49 | 2 | Shi Feng |
| 离职 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 84 | 0 | Depart from Post |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 签注 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 41 | 0 | Visa |
| 绩效 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 846 | 5 | Performance |
| 绩效考评办法 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Method for Managing and Evaluating Performance of Managers |
| 缓 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 116 | 0 | Postpone |
| 联邦法院 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 3 | 0 | federal court |
| 董事长 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 125 | 1 | Chairman |
| 薪金 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 602 | 0 | Salary |
| 藉口 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 0 | 0 | Excuse |
| 补贴 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 767 | 3 | Allowance |
| 解除 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 412 | 1 | Dissolve |
| 证据 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 98 | 0 | Evidence |
| 诉讼 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 187 | 0 | Litigation |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 调岗 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 22 | 0 | Transfer jobs |
| 赴港澳 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 7 | 0 | to Hong Kong and Macau |
| 返聘 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 407 | 0 | Rehire |
| 通行证 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 44 | 0 | Travel permit |
| 邀请函 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 8 | 0 | invitation letter |
| 郭泉 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 24 | 0 | Guo Quan |
| 配合 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 222 | 13 | Cooperate |
| 闫云龙 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 54 | 2 | Yan Yunlong |
| 阳元江 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 43 | 0 | Yang Yuanjiang |
| 顾问 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 482 | 0 | Consultant |
| 领导 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 964 | 48 | Leadership |
| 香港 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 191 | 1 | Hong Kong |

| Term | Documents with hits | Unique hits | Translation/Note |
|---|---|---|---|
| 马丁 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 18 | 0 | Ma Ding |
| 高倩 AND (苏晓华 OR "Xiaohua" OR "610402196403021232" OR "100751" OR mail(sxh@ch.com.cn) OR 苏总 OR "sxh") | 21 | 0 | Gao Qian |

Attachment G

**Carter, Tom**

---

| | |
|---|---|
| **From:** | Lauren Russell <LaurenRussell@TATP.com> |
| **Sent:** | Friday, October 6, 2023 8:00 PM |
| **To:** | Werbel, Evan; Carter, Tom; Matthew Heaphy; Rick Saveri |
| **Cc:** | Geoff Rushing; David Hwu; Mario Alioto; Dan Birkhaeuser; Alan Plutzik; Taladay, John; Lucarelli, Drew; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young |
| **Subject:** | RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST |

[EXTERNAL EMAIL]

Evan:

We have discussed and considered your request that Plaintiffs agree to your proposed limitations of our search terms, but we cannot agree to your request. We are not able to test your proposed limiters or have any visibility into the results of the searches to know whether responsive documents are being missed.

Judge Walker's Order requires Baker Botts to search for and "produce to plaintiffs *all* non-privileged documents responsive to the Su Order and this order and a privilege log for any withheld documents." Interim Order at 9 (emphasis added). Plaintiffs cannot modify this requirement. Judge Walker gave Plaintiffs the opportunity to propose search terms, which we did, but ultimately it is Baker Botts' responsibility to ensure that whatever search methodologies are used, all responsive documents are captured.

As for your requested extension of time to comply with Judge Walker's Order, that request is more appropriately directed to Judge Walker. However, Plaintiffs note that you were aware of Plaintiffs' search terms as well as any Chinese government review requirements when you requested the three-week extension. In addition, given that you are only looking for documents relating to Mr. Su's resignation, many relevant documents should be identifiable without search terms. Any such documents should be produced by the current deadline, along with the other information ordered by Judge Walker that does not involve review of search results.

Regards,

Lauren


Lauren C. Capurro (Russell)
Attorney at Law
Trump, Alioto, Trump & Prescott, LLP
Telephone: (415) 860-5051
E-mail: laurenrussell@tatp.com

This message is sent by a law firm and may contain information that is privileged or confidential.  If you received this transmission in error, please notify the sender by email and delete the message and any attachments.

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Friday, October 6, 2023 3:37 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Matthew Heaphy <mheaphy@saveri.com>; Rick Saveri <rick@saveri.com>; Lauren Russell <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan

Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt and all, As requested, attached is a list of the 15 custodians that we have been discussing along with information on their relevant positions and entities.  We are  also looking into the other questions that you raised during our meet and confer today.  The preliminary response that we received on deduplication of emails and internal texts is that all the search results have been deduped, but we are confirming further and will get back to you on that issue and the others discussed.

We look forward to hearing from Plaintiffs on the key word searches and on the request for an extension.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 4:43 PM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, please see attached.  The terms added by Irico (not including duplicative terms with Plaintiffs' list) are marked in blue at the bottom of the list.

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 3:30 PM
**To:** Carter, Tom <Tom.Carter@BakerBotts.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Tom:

Per our discussion, could you please provide a list of Irico's additional search terms?

Thanks,
Matt

---

**From:** Carter, Tom <Tom.Carter@BakerBotts.com>
**Sent:** Thursday, October 5, 2023 11:40 AM
**To:** Matthew Heaphy <mheaphy@saveri.com>; Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Matt, for discussion on the call at noon Pacific, please see the attached search term hit reports.

Thanks,
Tom

---

**From:** Matthew Heaphy <mheaphy@saveri.com>
**Sent:** Thursday, October 5, 2023 1:42 PM
**To:** Werbel, Evan <evan.werbel@bakerbotts.com>; Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** RE: In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

[EXTERNAL EMAIL]

Evan:

Plaintiffs are available today at noon Pacific. Could you please circulate a call-in number?

Best,
Matt

---

**From:** Werbel, Evan <evan.werbel@bakerbotts.com>
**Sent:** Wednesday, October 4, 2023 1:10 PM
**To:** Rick Saveri <rick@saveri.com>; Lauren Capurro <LaurenRussell@TATP.com>
**Cc:** Geoff Rushing <geoff@saveri.com>; David Hwu <dhwu@saveri.com>; Mario Alioto <MAlioto@TATP.com>; Dan Birkhaeuser <dbirkhaeuser@bramsonplutzik.com>; Alan Plutzik <aplutzik@bramsonplutzik.com>; Matthew Heaphy <mheaphy@saveri.com>; Taladay, John <john.taladay@bakerbotts.com>; Carter, Tom <Tom.Carter@BakerBotts.com>; Lucarelli, Drew <drew.lucarelli@bakerbotts.com>; kaylee.yang@nortonrosefulbright.com; Geraldine W. Young <geraldine.young@nortonrosefulbright.com>
**Subject:** In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST

Lauren and Rick, Are Plaintiffs available tomorrow to meet and confer regarding the search terms for the Su investigation?   How about 12:00 Pacific?  If that does not work, let us know if there is another time that does.

Thanks,
Evan

**Evan J. Werbel**
Baker Botts L.L.P.
evan.werbel@bakerbotts.com
T - 202.639.1323
M - 202.744.0819

700 K Street, NW
Washington, DC  20001
USA

**Confidentiality Notice:**

The information contained in this email and any attachments is intended only for the recipient[s] listed above and may be privileged and confidential. Any dissemination, copying, or use of or reliance upon such information by or to anyone other than the recipient[s] listed above is prohibited. If you have received this message in error, please notify the sender immediately at the email address above and destroy any and all copies of this message.

# EXHIBIT B



info@certifiedtranslate.com   2425 Olympic Blvd., Suite 4000W   usa  1-888-856-2228
www.certifiedtranslate.com    Santa Monica, CA 90404            int  +1-310-684-3153
                                                                fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

**PROPOSAL ON SU XIAOHUA'S EARLY DEPARTURE FROM MANAGERIAL POSITION**

**IRI-SU-000402 - IRI-SU-000403**

| Source Language: | **CHINESE** | Target Language: | **ENGLISH** |
|---|---|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**     Sean Kirschenstein, Director                    **Date:**     November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.

 certifiedtranslate

## Proposal on Su Xiaohua's Early Departure from Managerial Position

Company Party Committee:

Su Xiaohua, the South China Regional General Manager, having submitted a written application for early departure from his managerial position due to personal reasons, and implement the off-duty and rest treatment.

Su Xiaohua currently holds the following positions: General Manager, Director, and Legal Representative at IRICO (Foshan) Flat Panel Display Co., Ltd; Executive Director, General Manager, and Legal Representative at Caizhu Industry; Executive Director, General Manager, and Legal Representative at Shenzhen Hongyang; and Chairman and Legal Representative at Rui Bou Electronics (HK).

Su Xiaohua is currently 58 years old. According to Article 53 of the "IRICO Group Company Limited's Methods for Managerial Staff Management and Performance Evaluation", he has reached the upper age limit for holding positions, however his off-duty status is not yet due to come into effect (December of the year one reaches the age limit). Considering his request to go off-duty early due to personal reasons, and in light of the actual management situation in the South China region and the company's goal to accelerate the training of young cadres, we intend to agree to Xiaohua Su's request to go off-duty early and to implement the off-duty and rest treatment.

Please consider the above.

Company Office

May 9, 2022

---

**Article 53**: Managers (excluding non-leadership senior management personnel of the Group Company) and specialized staff members, who are males aged 58 or females aged 53, should, in principle, directly step down from their managerial or specialized positions to go off-duty and rest. Off-duty status shall come into effect in December of the year in which they reach the age limit.

---



Attachment: Written Application by Su Xiaohua

## Application Report

Dear Leaders,

Greetings!

I have consistently dedicated myself to my duties with utmost diligence and commitment, always driven by a profound sense of responsibility and purpose. I have worked with a steadfast dedication, deeply involved in the management activities of the South China region. Here, I would like to express my profound gratitude for the support and attention I have received from the leaders of IRICO Group and IRICO Industrial throughout my tenure.

Currently, I have reached the upper age limit for holding managerial positions. In light of the personal reasons mentioned above, I hereby apply for early departure from my managerial position and request the implementation of the corresponding treatment. I kindly ask for your approval.

Applicant: *Su Xiaohua*

Application Date: *May 5, 2022*

# 关于苏晓华提前退出经理人岗位的议案

公司党委会：

华南区域总经理苏晓华因个人原因，书面申请提前退出经理人岗位，执行离岗休息待遇。

苏晓华现任职佛山平板总经理、董事、法定代表人；彩珠公司执行董事、总经理、法定代表人；深圳虹阳执行董事、总经理、法定代表人；香港瑞博董事长、法定代表人。

苏晓华目前已年满58周岁，根据《彩虹集团有限公司经理人管理及绩效考评办法》第五十三条的规定，其已到达任职年龄上限，但尚未到离岗生效时间（到龄当年12月）。鉴于其因个人原因申请提前离岗，综合考虑华南区域经营工作实际，结合公司加快培养年轻干部的要求，拟同意苏晓华提前离岗，并执行离岗休息待遇。

以上请审议。

公司办公室

2022年5月9日

第五十三条　经理人（不含集团公司非领导班子高管人员）以及从事专务人员，男性年满58周岁、女性年满53周岁者，原则上应直接退出经理人岗位或专务岗位，离岗休息。离岗生效时间为到龄当年12月。

附件：苏晓华书面申请

## 申请报告

尊敬的各位领导：

您们好！

本人长期以来兢兢业业的在自己的岗位上做好本职工作，始终以高度的责任心和使命感，以一往无前的工作精神扎进华南区的各项管理工作中。同时，也非常感谢彩虹集团及彩虹实业领导一直以来对我的栽培和关心。

目前，本人已达到经理人任职年龄上限，鉴于以上个人原因，现申请提前退出经理人岗位，并执行相应待遇。请予以批准。

申请人：苏晓华

申请日期：2022年5月5日

IRI-SU-000403

# EXHIBIT C



info@certifiedtranslate.com  2425 Olympic Blvd., Suite 4000W   usa  1-888-856-2228
www.certifiedtranslate.com   Santa Monica, CA 90404            int  +1-310-684-3153
                                                               fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **REGARDING THE PROPOSAL FOR SU XIAOHUA GOING OFF-DUTY EARLY DUE TO REACHING THE AGE LIMIT FOR HOLDING POSITIONS** |
| **IRI-SU-000400** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



| Department Head's Signature: | |
| Direct Supervisor's Signature: | |

Proposal of IRICO Group's Party Committee Meeting

## Regarding the Proposal for Su Xiaohua Going Off-Duty Early Due to Reaching the Age Limit for Holding Positions

Company Party Committee:

According to the "IRICO Group Company Limited's Methods for Managerial Personnel Management and Performance Evaluation" Su Xiaohua, the South China Regional General Manager of Xianyang IRICO Group Industrial Co. Limited, reached the upper age limit for holding positions in March 2022 and is supposed to step down from managerial positions and go off-duty and rest at the end of December. According to requirements, during the off-duty and rest period, off-duty personnel will be paid a monthly off-duty salary until official retirement procedures are processed.

Now, Xiaohua Su has requested to go off-duty early for personal reasons. We intend to agree to his going off-duty early after reaching the upper age limit for holding positions and instruct Irico Industrial to process Xiaohua Su's departure formalities in accordance with the "IRICO Group Company Limited's Methods for Managerial Personnel Management and Performance Evaluation".

The above proposal is submitted for the Group Party Committee's consideration.

Human Resources Department, IRICO Group Company Limited

April 2022

| 部门领导签字 | |
|---|---|
| 主管领导签字 | |

彩虹集团党委会议案

# 关于苏晓华到达任职年龄提前离岗的议案

公司党委会：

　　根据《彩虹集团有限公司经理人管理及绩效考评办法》有关规定，咸阳彩虹集团实业有限公司华南区域总经理苏晓华2022年3月到达任职年龄上限，应在12月底退出经理人岗位离岗休息。按要求离岗休息人员离岗休息期间按月发放离岗工资，直至办理正式退休手续。

　　现苏晓华因个人原因提出提前离岗要求，拟同意苏晓华到达任职年龄上限后提前离岗，由彩虹实业参照《彩虹集团有限公司经理人管理及绩效考评办法》有关规定，办理苏晓华离岗手续。

　　以上，请集团党委会予以审议。

彩虹集团有限公司人力资源部

2022年4月X日

CONFIDENTIAL

IRI-SU-000400

# EXHIBIT D



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
|---|
| **RESIGNATION REPORT** |
| **SU XIAOHUA** |
| **IRI-SU-000141** |
|  |

| Source Language:  **CHINESE** | Target Language:  **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**    Sean Kirschenstein, Director                    **Date:**   March 3, 2023

A copy of the translated version(s) is attached to this statement of certification.



# Resignation Report

To all of the respected leaders:

Good day!

For a long period of time I have always conscientiously performed my job duties at my own post, and I have always been involved in various management tasks in South China with a high sense of responsibility and mission, and I have always done so by welcoming all of the challenges at work. At the same time, I am also very grateful to the leaders of Irico Group and Irico Industrial Company for their cultivation of and care for me.



At this time, I have reached the upper limit of the employment age for managers. Due to the above personal reasons, I would like to apply for early resignation from my position as a manager and terminate my employment relationship with the company. Please be advised.

Applicant: *Su Xiaohua [signature]*

Date of Application: *2022 / [illegible] / 25*

# 辞职报告

尊敬的各位领导：

您们好！

本人长期以来兢兢业业的在自己的岗位上做好本职工作，始终以高度的责任心和使命感，以一往无前的工作精神扎进华南区的各项管理工作中。同时，也非常感谢彩虹集团及彩虹实业领导一直以来对我的栽培和关心。

████████████████████████████████████████

目前，本人已达到经理人任职年龄上限，鉴于以上个人原因，现申请提前退出经理人岗位，解除与公司的劳动关系。请知悉。

申请人：苏晗华

申请日期：2022年5月25日

CONFIDENTIAL

# EXHIBIT E



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



A member of the American
Translators Association
ATA Member Number: 248719

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **IRICO GROUP CO., LTD. MEETING MINUTES** |
| **APRIL 7, 2022** |
| **IRI-SU-000137 through IRI-SU-000140** |
| |

| Source Language:  **CHINESE** | Target Language:  **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   January 12, 2023

A copy of the translated version(s) is attached to this statement of certification.

certifiedtranslate

Internal

# Irico Group Co., Ltd. Meeting Minutes

### Meeting Minutes for the Secretary's Special Topic Meeting on April 7, 2022

On April 7, 2022, our Group company convened a secretary's special topic meeting. The attendees included the following: the Party Committee Secretary of the Group, Chairman Si Yun-Cong, the Deputy Party Committee Secretary, Chief Executive Officer Yang Yuan Jiang, Discipline Committee Secretary Bao Yong, and the Department Head of the Human Resources Department Shi Feng. The summary of the meeting minutes is as follows:

### Sensitive Non-Responsive Personnel Matters Redacted

- 1 -



www.certifiedtranslate.com

**Sensitive Non–Responsive Personnel Matters Redacted**

- 2 -



certifiedtranslate

## Sensitive Non-Responsive Personnel Matters Redacted

**6. Regarding matters related to Su Xiao Hua reaching retirement age and departure**

In accordance with the relevant rules in the "Performance and Evaluation Measures for Managers of Supervisors of Irico Group, Co. Ltd.", Su Xiao Hua, the regional general manager for the Huanan area of Xianyang Irico Industrial Group Co., Ltd., has reached the upper age limit for employment in March 2022, and will leave his position as manager at the end of December to retire and rest. Because he himself submitted a request to leave the position ahead of schedule, after discussion, it has been agreed that Su Xiao Hua may leave the position ahead of schedule after reaching upper age limit for employment. The relevant administrative work regarding Su Xiao Hua leaving the position shall be processed by Irico Industrial based on the relevant rules and stipulations in the "Performance and Evaluation Measures for Managers of Supervisors of Irico Group, Co. Ltd."

**I. Date:** April 7, 2022

**II. Location:** Xianyang office building meeting room 303

**III. Chair:** Si Yun Cong

**IV. Participants:** Yang Yuan Jiang, Bao Yong

**V. Recorded by:** Shi Feng

- 3 -

 certifiedtranslate

**VI. Agenda:**

## Sensitive Non-Responsive Personnel Matters Redacted

6. Regarding matters related to Su Xiao Hua reaching retirement age and departure

Copy: Relevant leaders of the Group company.

| Human Resources Department | Printed and distributed on April 8, 2022 |

- 4 -

内　部

# 彩虹集团有限公司纪要

---

## 2022 年 4 月 7 日书记专题会纪要

　　2022 年 4 月 7 日,集团公司召开书记专题会,集团党委书记、董事长司云聪，党委副书记、总经理阳元江，纪委书记包勇，人力资源部部长石峰参加会议。会议形成纪要如下：

Sensitive Non-Responsive Personnel Matters Redacted

CONFIDENTIAL                                                 IRI-SU-000137

Sensitive Non-Responsive Personnel Matters Redacted

CONFIDENTIAL                                                    IRI-SU-000138

# Sensitive Non-Responsive Personnel Matters Redacted

## 六、关于苏晓华到龄离岗有关事宜

根据《彩虹集团有限公司经理人管理及绩效考评办法》有关规定，咸阳彩虹集团实业有限公司华南区域总经理苏晓华 2022 年 3 月到达任职年龄上限，到 12 月底退出经理人岗位，离岗休息。因本人提出提前离岗要求，经讨论，同意苏晓华到达任职年龄上限后提前离岗，由彩虹实业参照《彩虹集团有限公司经理人管理及绩效考评办法》有关规定，办理苏晓华离岗手续。

一、时　间：2022 年 4 月 7 日
二、地　点：咸阳办公楼 303 会议室
三、主　持：司云聪
四、参　加：阳元江、包　勇
五、记　录：石　峰

CONFIDENTIAL

六、议 题：

# Sensitive Non-Responsive Personnel Matters Redacted

6.关于苏晓华到龄离岗有关事宜

抄送：集团公司有关领导。

集团人力资源部　　　　　　　　2022 年 4 月 8 日印发

- 4 -

# EXHIBIT F



info@certifiedtranslate.com   2425 Olympic Blvd., Suite 4000W   usa   1-888-856-2228
www.certifiedtranslate.com   Santa Monica, CA 90404   int   +1-310-684-3153
fax   +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **SYSTEM COMMUNICATIONS / EXCEL SHEET** |
| |
| **IRI-SU-001356** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



| 159 | Xu Jinmei | 2023-02-24 10:16:11 | [Image] [19472247] |
| 160 | Xu Jinmei | 2023-02-24 10:16:42 | May I ask, according to this requirement, should GM Su be considered an in-service, on-duty employee in 2022? |
| 161 | Xu Jinmei | 2023-02-24 10:16:49 | GM Su officially retired in July. |
| 162 | Shang Xuhang | 2023-02-24 10:20:02 | Are you sure he is retired? |
| 163 | Shang Xuhang | 2023-02-24 10:20:16 | [Image] [24338295] |
| 164 | Shang Xuhang | 2023-02-24 10:20:27 | The definition of retirement is very strict. |
| 165 | Xu Jinmei | 2023-02-24 10:21:15 | GM Su retired a long time ago. Didn't GM Zhang take over in July? |
| 166 | Xu Jinmei | 2023-02-24 10:21:55 | [Image] [21725047] |
| 167 | Xu Jinmei | 2023-02-24 10:22:12 | According to the official document with the red heading, he is considered off-duty. |
| 168 | Shang Xuhang | 2023-02-24 10:22:17 | Being off-duty is not the same as retirement. |
| 169 | Shang Xuhang | 2023-02-24 10:22:24 | He is still considered in service. |
| 170 | Xu Jinmei | 2023-02-24 10:22:29 | Then, is he considered an on-duty employee in 2022? |
| 171 | Xu Jinmei | 2023-02-24 10:23:16 | The document requires being registered and on duty. |
| 172 | Xu Jinmei | 2023-02-24 10:23:28 | GM Su is not on duty. |
| 173 | Shang Xuhang | 2023-02-24 10:23:45 | Since he is already off-duty, he cannot be considered that. |
| 174 | Shang Xuhang | 2023-02-24 10:23:52 | He is not considered on-duty. |

**Document Produced Natively**

CONFIDENTIAL

| 159 | 徐金梅 | 2023-02-24 10:16:11 | [图片] [ 19472247 ] |
| 160 | 徐金梅 | 2023-02-24 10:16:42 | 请教一下，按这个要求，我们苏总到底算不算2022年在职在岗人员？ |
| 161 | 徐金梅 | 2023-02-24 10:16:49 | 苏总是7月正式离休的 |
| 162 | 商旭航 | 2023-02-24 10:20:02 | 您确定他是离休吗 |
| 163 | 商旭航 | 2023-02-24 10:20:16 | [图片] [ 24338295 ] |
| 164 | 商旭航 | 2023-02-24 10:20:27 | 离休的定义很严的 |
| 165 | 徐金梅 | 2023-02-24 10:21:15 | 苏总早就离休了，不是张总来7月来上任了吗？ |
| 166 | 徐金梅 | 2023-02-24 10:21:55 | [图片] [ 21725047 ] |
| 167 | 徐金梅 | 2023-02-24 10:22:12 | 按红头文件是离岗 |
| 168 | 商旭航 | 2023-02-24 10:22:17 | 离岗不是离休 |
| 169 | 商旭航 | 2023-02-24 10:22:24 | 还算在职 |
| 170 | 徐金梅 | 2023-02-24 10:22:29 | 那算不算在我2022年度在岗人员 |
| 171 | 徐金梅 | 2023-02-24 10:23:16 | 文件要求是在册在岗 |
| 172 | 徐金梅 | 2023-02-24 10:23:28 | 苏总不在岗啊 |
| 173 | 商旭航 | 2023-02-24 10:23:45 | 已经离岗了那就不算了 |
| 174 | 商旭航 | 2023-02-24 10:23:52 | 不算在岗 |

IRI-SU-001356

# EXHIBIT G



info@certifiedtranslate.com   2425 Olympic Blvd., Suite 4000W   usa  1-888-856-2228
www.certifiedtranslate.com    Santa Monica, CA 90404           int  +1-310-684-3153
                                                                fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **PROPOSAL FOR THE ADJUSTMENT OF GROUP STRUCTURE AND MANAGERIAL STAFF** |
| |
| **IRI-SU-000415 - IRI-SU-000417** |
| |

| Source Language:  **CHINESE** | Target Language:  **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.

certifiedtranslate

Secretary Special Meeting Proposal:

## Proposal for the Adjustment of Group Structure and Managerial Staff

Dear Leaders,

According to operational needs and tenure-related requirements for managerial staff, we propose to adjust the positions of some managers in the Group headquarters and specialized companies, as detailed below:

Proposed promotions:

1. Zhang Li, currently the Director of the New Energy Planning Department, is proposed for promotion to the position of Deputy Director of the Group's Planning and Technology Department (trial period: one year).

2. Liu Zhao, currently IRICO Industrial's Deputy Secretary of Party Committee and Secretary of Discipline Inspection Commission as well as IRICO Group's Vice Chairman of Labor Union, is proposed for promotion to the position of IRICO Group's Director of Party and Masses Department and Director of Party Committee Office (trial period: one year).

3. Liu Junxiu, currently Assistant Director of IRICO Group's Operations Management Department, is proposed for promotion to the position of Deputy General Manager of IRICO New Materials Company Limited (probation period: one year).

4. Gao Feng'an, currently the Executive Deputy General Manager of IRICO (Hefei) Photovoltaic Co., Ltd, is proposed for promotion to the position of Executive Director and General Manager of IRICO (Hefei) Photovoltaic Co., Ltd (probation period: one year). Personnel evaluation was conducted in 2022.

Proposed position adjustments:

1. Liu Baoguo is proposed to be appointed as a Management Expert (tier 2) in the Party and Masses Work Department and to be relieved from his current positions as Deputy Director (in charge of work) of IRICO Group's Party and Masses Work Department and Director of Party Committee Office. He will reach retirement age in September 2023.

2. Liu Jianping is proposed to be appointed as IRICO Industry's Deputy Secretary of Party Committee and Secretary of Discipline Inspection Commission, and to be relieved from his current position as Deputy Director (in charge of work) of Operations Management Department.



certifiedtranslate

3. Fang Zhongxi is proposed to be appointed as IRICO Group's Deputy Director of Operations Management Department (in charge of work), and to be relieved from his current position as Deputy General Manager of IRICO (Hefei) Photovoltaic Co., Ltd.

4. Shi Ping is proposed to be appointed as Deputy Director of Planning and Technology Department (in charge of work), and to be relieved from his current position as Deputy Director of Planning and Technology Department.

5. Han Bin is proposed to be relieved from his current positions as Director of Planning and Technology Department and as Executive Director and General Manager of IRICO Import & Export Co., Ltd. He will reach retirement age in December 2023.

6. Wang Dong is proposed to be appointed as Executive Director and General Manager (part-time) of IRICO Import & Export Co., Ltd.

Arrangements for personnel reaching age for going off-duty or reaching retirement age:

1. Peng Yinping: Born in October 1964 (58 years old), reached the upper age limit for holding positions at the end of 2022. Peng Yinping currently serves as Party Committee Secretary and General Manager of Shaoyang Glass Co., Ltd. It is recommended that he continue to be kept in his role for a year.

2. Sun Gangzhi: Born in May 1963 (59 years old), reaching retirement age in May 2023, Sun Gangzhi currently serves as the Intelligent Manufacturing Division's Executive Director and Party General Secretary. Further discussions are suggested regarding his position.

3. Cheng Qinchuan: Born in September 1963 (59 years old), Cheng Qinchuan reached the upper age limit for holding positions in December 2021. IRICO Group New Energy Company Limited previously requested to delay his going off-duty due to reaching age limit. He will reach retirement age in September 2023. Cheng currently serves as the Deputy General Manager of IRICO (Hefei) Photovoltaic Co., Ltd. Reappointment is not recommended, with the decision to be reported up after being made by the company.

4. Li Gaimin: Born in May 1963 (59 years old), Li Gaimin reached the upper age limit for holding positions in December 2021. IRICO Industrial previously requested to delay his going off-duty due to reaching age limit. He will reach retirement age in May 2023. Li currently serves as IRICO Industrial Property Management Co.'s General Manager. Reappointment is not recommended, with the decision to be reported up after being made by the company.


certifiedtranslate

5. Cai Bujun: Born in September 1964 (58 years old), Cai Bujun reached the upper age limit for holding positions at the end of 2022. Cai currently serves as the Deputy Chief Engineer at IRICO Group New Energy Company Limited. It is recommended to extend his tenure for one more year, with the decision to be reported to Group after being made by the company.

6. Geng Jianping: Born in March 1964 (58 years old), Geng Jianping reached the upper age limit for holding positions at the end of 2022. Geng currently serves as the General Manager of IRICO Industrial's Beijing Branch. It is recommended to extend his tenure for one more year, with the decision to be reported up after being made by the company.

7. Su Xiaohua: Born in March 1964 (58 years old), Su Xiaohua reached the upper age limit for holding positions at the end of 2022. He was dismissed in 2022 and is off-duty and resting.

8. Liu Lixiang: Born in July 1963 (59 years old), Liu Lixiang reached the upper age limit for holding positions at the end of 2021 and will reach retirement age in July 2023. A dismissal letter was issued at the end of 2021. However, due to business reasons, IRICO Industrial never processed the relevant personnel procedures. Reappointment is not recommended, with the decision to be reported up after being made by the company.

9. Yu Jiangping: Born in April 1963 (59 years old), Yu Jiangping reached the upper age limit for holding positions at the end of 2021, was dismissed from his position and is off-duty and resting. He will reach retirement age in April 2023.

The above proposals are submitted for leaders' consideration.

Attachment: Proposal for the Adjustment of Structure and Managerial Staff

Human Resources Department, IRICO Group Company Limited

January 10, 2023

书记专题会方案：

# 关于对集团机构及经理人调整的方案

各位领导：

根据工作需要及经理人任职年限有关要求，拟对集团本部及专业公司部分经理人职务做出调整，具体调整如下：

、拟提任人员：

1.拟提任彩虹新能源规划部部长张莉为集团规划科技部副部长（试岗期一年）。

2.拟提任彩虹实业党委副书记、纪委书记、集团工会副主席刘昭为集团党群部部长、党委办公室主任（试岗期一年）。

3.拟提任集团运营管理部部长助理刘君秀为彩虹新材料公司副总经理（试岗期一年）。

4.拟提任合肥光伏常务副总高锋安为合肥光伏执行董事、总经理（试岗期一年）。2022年已对人员进行了考察。

、拟职务调整人员：

1.拟聘任刘保国为党群工作部管理专家（二档),解除刘保国集团党群工作部副部长（主持工作）、党委办公室主任职务。2023年9月到达退休年龄。

2.拟聘任刘建平为彩虹实业党委副书记、纪委书记，解除刘建平运营管理部副部长（主持工作）职务。

CONFIDENTIAL

3..拟聘任方忠喜为集团运营管理部副部长（主持工作），解除合肥光伏副总经理职务。

4.拟聘任史平为规划科技部副部长（主持工作），解除史平规划科技部副部长职务。

5.拟解除韩彬规划科技部部长职务，拟解除韩彬彩虹进出口公司执行董事、总经理职务。2023年12月到达退休年龄。

6.拟聘任王栋为彩虹进出口执行董事、总经理职务（兼职）。

、到龄离岗人员、到退休年龄人员安排：

1.彭引平：1964年10月出生（58岁），2022年底到达任职年龄上限。现任邵阳玻璃公司党委书记、总经理，建议继续留任一年。

2.孙钢智：1963年5月出生（59岁），2023年5月到达退休年龄。现任智能制造执行董事、党总支书记，建议人员职务后续再讨论。

3.程秦川：1963年9月出生（59岁），2021年12月到达任职年龄上限，彩虹新能源之前请示延迟到龄离岗。2023年9月到达退休年龄。现任彩虹新能源合肥光伏副总经理，建议不再聘任，由专业公司决策后上报。

4.李改民：1963年5月出生（59岁），2021年12月到达任职年龄上限，彩虹实业之前请示延迟到龄离岗。2023年5月到达退休年龄。现任彩虹实业物业公司总经理，建议不再聘任，由专业公司决策后上报。

5.蔡步军：1964年9月出生（58岁），2022年底到达任职年龄上限。现任彩虹新能源副总工程师，建议延期一年，由专业公司决策后上报。

6.耿建平：1964年3月出生（58岁），2022年底到达任职年龄上限。现任彩虹实业北京分公司总经理，建议延期一年，由专业公司决策后上报。

7.苏晓华：1964年3月出生（58岁），2022年底到达任职年龄上限。2022年已解聘、离岗休息。

8.刘理想：1963年7月出生（59岁），2021年底到达任职年龄上限，2023年7月到达退休年龄。2021年底已发解聘文件，但因业务原因彩虹实业一直没办理人员相关手续。建议不再聘任，由专业公司决策后上报。

9.余江平：1963年4月出生（59岁），2021年底到达任职年龄上限，已解聘、离岗休息。2023年4月到达退休年龄。

以上方案，请各位领导予以审议。

附件：机构及经理人员调整方案

彩虹集团有限公司人力资源部

2023年1月10日

IRI-SU-000417

# EXHIBIT H



info@certifiedtranslate.com 2425 Olympic Blvd., Suite 4000W    usa 1-888-856-2228
www.certifiedtranslate.com Santa Monica, CA 90404    int +1-310-684-3153
    fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **MEMO REGARDING THE RECOMMENDATION OF ZHANG JIMING** |
|  |
| **IRI-SU-000208** |
|  |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director          **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



# IRICO Group Company Limited

CTRH (2022) No.8

## Regarding the Recommendation of Zhang Jiming as the Candidate for Director and General Manager of IRICO (Foshan) Flat Panel Display Co., Ltd

To IRICO (Foshan) Flat Panel Display Co., Ltd:

In accordance with work requirements and after careful consideration, we hereby recommend Zhang Jiming as the candidate for Director and General Manager of IRICO (Foshan) Flat Panel Display Co., Ltd, and to serve as the legal representative. Su Xiaohua will no longer hold the positions of Director, General Manager, or Legal Representative of your company.

Please review this recommendation in accordance with the relevant provisions of the Company Law and your company's articles of association.

Attachment: Resume of the recommended person

IRICO Group Company Limited (official seal)

June 17, 2022

# 彩虹集团有限公司

彩团人函〔2022〕8号

## 关于推荐张继明为彩虹(佛山)平板显示有限公司董事、总经理候选人的函

彩虹(佛山)平板显示有限公司：

　　根据工作需要，经研究决定，推荐张继明为彩虹(佛山)平板显示有限公司董事、总经理候选人，并担任法定代表人。苏晓华不再担任贵公司董事、总经理、法定代表人。

　　请贵公司依据公司法和公司章程的有关规定予以审议。


　　附件：推荐人员简历



彩虹集团有限公司
2022年6月17日

-1-

CONFIDENTIAL

IRI-SU-000208

# EXHIBIT I



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **SYSTEM COMMUNICATIONS / EXCEL SHEET** |
| |
| **IRI-SU-001446** |
| |

| | | |
|---|---|---|
| Source Language:  **CHINESE** | Target Language:  **ENGLISH** | |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**  Sean Kirschenstein, Director

**Date:**  November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.


www.certifiedtranslate.com

| 803 | Shi Feng | 2022-04-13 11:15:29 | The personnel listed in the proposal regarding the adjustment of directors and supervisors for Hanzhong IRICO Jiarunze Mining Development are incorrect. |
| 804 | Shi Feng | 2022-04-13 11:17:42 | And then there's that Su Xiaohua thing, after he formally submits his early departure application to IRICO Industrial, IRICO Industrial shall submit an instruction request report, and then the matter will be studied at the party committee meeting. |

**Document Produced Natively**

CONFIDENTIAL

| 803 | 石峰 | 2022-04-13 11:15:29 | 关于调整汉中佳润泽董监事的议案里面人员不对 |
| | | | 再就是苏晓华那个，等本人正式向彩虹实业提出提前 |
| | | | 离职申请后，由彩虹实业打请示报告后在上党委会研 |
| 804 | 石峰 | 2022-04-13 11:17:42 | 究。 |

CONFIDENTIAL
IRI-SU-001446

# EXHIBIT J



info@certifiedtranslate.com    2425 Olympic Blvd., Suite 4000W    usa 1-888-856-2228
www.certifiedtranslate.com    Santa Monica, CA 90404    int +1-310-684-3153
   fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

---

### NOTICE ON THE DISTRIBUTION OF AWARDS AND HOLIDAY BONUSES

### IRI-SU-000421 – IRI-SU-000423

---

| Source Language: | **CHINESE** | Target Language: | **ENGLISH** |
|---|---|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**    Sean Kirschenstein, Director           **Date:**    November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



# IRICO (Foshan) Flat Panel Display Co., Ltd Document

CFZ [2023] No.01

### Notice on the Distribution of Awards and Holiday Bonuses

In 2022, under the effective leadership and strong support of IRICO Group and IRICO Industrial, all employees worked together with strong determination and an enterprising spirit. They actively implemented various work objectives, took effective measures, and successfully achieved various economic indicators. To inspire all employees to make continuous efforts and achieve greater success in the new year, employees who made outstanding achievements in 2022 will be awarded and given holiday bonuses in accordance with the rules set forth in CSB [2023] No. 2 Document. The specific details are as follows:

I. Scope of Distribution

(i) Employees on the payroll as of December 31, 2022.

(ii) Personnel who were pensioned-off or retired after January 1, 2022.



II. Standards of Distribution

(i) An award of RMB 5,000 per on-duty employee.

(ii) For pensioned and retired personnel, the payment will be calculated based on the actual months worked during their tenure.

III. Assessment Period

January 1, 2022, to December 31, 2022.

IV. Detailed Rules for Distribution

1. Employees will be paid according to actual attendance.

Calculation formula: Award/Holiday Bonus = RMB 5,000 / Total Attendance Days of the Year × (Total At-Work Days of the Year - Absent Days) × Departmental Assessment Coefficient × Individual Performance Annual Assessment Coefficient

2. Employees on sick leave or personal leave for 15 successive days or cumulatively for 30 days shall not receive award or holiday bonus.

3. Employees with absenteeism shall not receive award or holiday bonus.

4. Personnel subject to disciplinary action or those who have violated laws, including those who have received warnings, demerits, or major demerits, or are under factory observation, or who have committed legal infractions, shall not receive award or holiday bonus, without exception.

V. Attachment

Annual Award and Holiday Bonus Distribution Plan for the Year 2022

[Seal: IRICO (Foshan) Flat Panel Display Co., Ltd]

IRICO (Foshan) Flat Panel Display Co., Ltd

January 16, 2023



Cc: IRICO Industrial

| Comprehensive Management Department | Issued on January 16, 2023 |

Attachment:

## Annual Award and Holiday Bonus Distribution Plan for the Year 2022

| No. | Name | Award Standard | Attendance Rate Assessment Coefficient for 2022 | Actual Amount Paid | Remarks |
|-----|------|----------------|------------------------------------------------|--------------------|---------|
| 1 | Zhang Jiming | ███ | 100% | ███ | |
| 2 | Wang Kai | | 100% | | |
| 3 | Zhang Dongling | | 100% | | |
| 4 | Chen Lili | | 100% | | |
| 5 | Xu Jinmei | | 100% | | |
| 6 | Su Xiaohua | ███ | 50% | ███ | Su Xiaohua left his post on June 17, 2022. |
| Total | | | | ███ | |

CONFIDENTIAL

# 彩虹(佛山)平板显示有限公司文件

彩佛综[2023]01号

## 关于发放嘉奖和节日慰问金的通知

2022年，在彩虹集团和彩虹实业的正确领导和大力支持下，公司全体员工同心同德，奋力拼搏，锐意进取，积极落实各项工作目标，制定有力措施，积极完成各项经济指标。为鼓舞全体员工士气，激发员工不断努力拼搏，在新的一年取得更大成绩，根据彩实办【2023】2号文件，现对2022年做出突出成绩员工予以嘉奖和发放节日慰问金。现将具体事项通知如下：

一、发放范围

（一）2022年12月31日在册的在岗职工。

（二）2022年1月1日以后办理离休、退休的人员。

1

2、发放标准

（一）在岗职工每人人均5000元奖励。

（二）离休退休人员，按其在岗期间实际工作月计

发。

三、考核期

2022年1月1日至2022年12月31日。

四、发放细则

1、公司员工按实际出勤情况予以发放。

计算公式:嘉奖、节日慰问金薪酬=5000/全年考勤天数*

（全年上岗天数--缺勤天数）×部门考核系数×个人业绩年度

考核系数

2、员工病假、事假连续15天或累计超过30天的，不予

发放嘉奖、节日慰问金。

3、员工有旷工行为，不予发放嘉奖、节日慰问金。

4、受处分人员或违法人员，含受警告、记过、记大

过、留厂查看处分人员或触犯相关法律行为人员一律不予

发放嘉奖、节日慰问金。

五、附表

2022年度嘉奖慰问金发放方案



彩虹（佛山）平板显示有限公司

2023年1月16日

2

IRI-SU-000422

抄报：彩虹实业

公司综合管理部          2023年1月16日印发

**附表：**

### 2022年度嘉奖慰问金发放方案

| 序号 | 姓名 | 奖励标准 | 出勤率2022年考核系数 | 实发金额 | 备注 |
|------|------|----------|----------------------|----------|------|
| 1 | 张继明 | ■ | 100% | ■ | |
| 2 | 王凯 | ■ | 100% | ■ | |
| 3 | 张东玲 | ■ | 100% | ■ | |
| 4 | 陈丽丽 | ■ | 100% | ■ | |
| 5 | 徐金梅 | ■ | 100% | ■ | |
| 6 | 苏晓华 | ■ | 50% | ■ | 苏晓华于2022年6月17日离任。 |
| 合计 | | | | ■ | |

3

CONFIDENTIAL                                                          IRI-SU-000423

# EXHIBIT K



info@certifiedtranslate.com  2425 Olympic Blvd., Suite 4000W   usa  1-888-856-2228
www.certifiedtranslate.com    Santa Monica, CA 90404          int  +1-310-684-3153
                                                              fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

---

**SOUTH CHINA REGION – MID-LONG TERM CONTRACT WORKERS SALARY SHEET 1 FOR AUGUST 2023**

**IRI-SU-001467**

---

| Source Language: | **CHINESE** | Target Language: | **ENGLISH** |
|---|---|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director                **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



**Managers and Business Managers of the Comprehensive Department II and Finance Staff,**

**South China Region – Mid-Long Term Contract Workers Salary Sheet 1 for August 2023**

| Category | Item | |
|---|---|---|
| | Total Salary | |
| | Subtotal | |
| | Personal Income Tax | |
| | Housing Fund | |
| | Medical Insurance | |
| Deductions | Unemployment Insurance | |
| | Pension Insurance | |
| | Deducted Meal Fee | |
| | Subtotal | |
| | Award | |
| | Home Visit Subsidy | |
| Allowances | Corrections | |
| | Living Allowance | |
| | Heatstroke Prevention Fee | |
| | Education Allowance for In-Service | |
| | Housing Subsidy | |
| Allowances (1) | Health Care | |
| | Seniority Pay | |
| | Communication Expenses | |
| | Gross Salary | |
| | Position Bonus | |
| | Position Salary | |
| | Basic Salary | |
| | Skill-based pay | |
| | Performance score | |
| | Name | |
| | No. | |



华南区域综合二部及财务人员2023年8月份中长期合同工工资明细表1

CONFIDENTIAL

# EXHIBIT L



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



A member of the American
Translators Association
ATA Member Number: 248719

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **MONTHLY REPORT ON THE EXECUTION OF THE TOTAL SALARY BUDGET** |
| **FOR THE YEAR 2022 (JULY TAB)** |
| **IRI-SU-000845** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director

**Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.

certifiedtranslate

www.certifiedtranslate.com

**Monthly Report on the Execution of the Total Salary Budget for the Year 2022**

July 2022

Name of
organization:

Reported before
the 8th day of the
following month

Labor and Wage Report for 2022



*(A large landscape financial spreadsheet table with columns including Institution, Category of Personnel, Fixed Amount for 2022, Budget for 2022, monthly columns Jan through Dec, Accumulated this year, Completion of budget (%), Completion same period last year, Growth rate over the same period, Income this period same period last year, Growth rate over last year, Accumulated this year, Completion of budget %, Completion same period last year, Cumulative same period last year, Income this period same period last year, Growth rate over the same period, Difference, Explanation of discrepancy, and a Reasons for the Increase in Labor & Wage Report Compared to the Same Period Last Year column. Rows include Total Profit (in ten thousand RMB), Operating Income (in ten thousand RMB), All Personnel, Including employees, Including monthly employees, Salary Employees, Other personnel, Labor workers, and Average Wage rows. The numeric cell values are largely illegible.)*

Instructions for filling out this form:
1. Cells outlined in yellow contain automated formulas providing data, please refrain from deleting or altering them.
2. Data in the "Labor and Wage Report" column must align with Labor 1 data for the corresponding period.
3. The "Number of Personnel" column in the "Labor and Wage Report" should only include data for the current and previous member; a case must be explicitly entered as "0" to ensure accurate calculation of the average number of personnel in the "Accumulated This Year" column.
4. The "Number of Personnel" column in both "Accumulated This Year" and "Cumulative Same Period Last Year" represents the average number of personnel.

Person in Charge of the Unit: Zhang Jiming          Reporter: Xu Junsai          Date of Report: June 28, 2022

**Document Produced Natively**

CONFIDENTIAL

CONFIDENTIAL

IRI-SU-000845

# EXHIBIT M



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa   1-888-856-2228
int   +1-310-684-3153
fax   +1-310-564-1944



A member of the American
Translators Association
ATA Member Number: 248719

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **SYSTEM COMMUNICATIONS / EXCEL SHEET** |
| |
| **IRI-SU-001344** |
| |

| Source Language:   **CHINESE** | Target Language:   **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director

**Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



| 781 | Xu Jinmei | 2022-10-28 8:18:39 | Sir Zhou, are we still giving GM Su half-a-year's year-end cash-out next year? |
| 782 | Zhou Huan | 2022-10-28 8:20:39 | For before he went off-duty |
| 783 | Xu Jinmei | 2022-10-28 8:21:04 | Mhmm |

**Document Produced Natively**

CONFIDENTIAL

| 781 | 徐金梅 | 2022-10-28 08:18:39 | 周SIR，苏总明年是不是还要发半年的年终兑现啊？ |
| 782 | 周欢 | 2022-10-28 08:20:39 | 离岗前的 |
| 783 | 徐金梅 | 2022-10-28 08:21:04 | 嗯 |

CONFIDENTIAL

# EXHIBIT N



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

**REQUEST FOR COMMENTS ON AUDIT REPORT (EXCERPT)**

**IRI-SU-000190, IRI-SU-000197, IRI-SU-000198**

| Source Language: | **CHINESE** | Target Language: | **ENGLISH** |
| --- | --- | --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director        **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



# Request for Comments on Audit Report

IRICO Industrial (Southern China) Co., Ltd.:

The Economic Responsibility Audit Report of Comrade Su Xiaohua, Former General Manager of IRICO Industrial (Southern China) Co., Ltd., is hereby delivered to your company. Please provide your comments in the table below, sign it, and submit this form to the Audit Team before the _____ day of _____, 2023. If no comments are provided by the due date, you will be deemed to have no objections.

| Company Audited: | IRICO Industrial (Southern China) Co., Ltd. |
|---|---|
| Opinions of the Departing Leadership of the Audited Company:<br><br><br><br>Signature of Departing Leadership:<br><br>Date: | |
| Opinions of the Current Leadership of the Audited Company:<br><br><br>Signature of Current Leadership (official seal):<br><br><br>Date: | |

Audit Team, IRICO Group

Date: _____, 2023

CONFIDENTIAL

IRI-SU-000190E_TRANSLATION



www.certifiedtranslate.com

A transaction involving the payment and refund of engineering funds totaling RMB 63,000 was not recorded in the accounting records, and there were no accompanying bank receipts for these transactions. From January 2020 to November 2021, there were errors in the summary descriptions of 13 accounting vouchers in the accounts of Caizhu Industrial Co., Ltd.

**Audit Opinion**: Strictly implement bank account management regulations, standardize the company's expense reimbursement audit process, improve fundamental accounting work, strengthen supervision and guidance of basic business operations, and enhance the supervisory and risk prevention functions of the finance department.

#### (IV) Internal Management Needs Improvement.

1. Deficiencies in Seal Management: During the tenure of Xiaohua Su, Caizhu Industrial Co., Ltd and IRICO (Foshan) Flat Panel Display Co., Ltd did not timely archive both electronic and paper versions of seal application forms on the OA platform and failed to make photocopy backups of documents with seals for archival purposes.

2. Document Management Needs to Be Standardized: From October 2017 to December 2020, the administrative meeting minutes issued by IRICO (Foshan) Flat Panel Display Co., Ltd lacked document numbers; Caizhu Industrial Co., Ltd had lax management of some meeting minutes and relevant documents.

3. Deficiencies in Contract Management: Caizhu Industrial Co., Ltd had 10 tenants, and IRICO (Foshan) Flat Panel Display Co., Ltd had 1 tenant, all of whom had lease contracts that expired and were renewed without the signing of any renewal agreements. Furthermore, there were errors in the registration information of some contracts in the ledger of IRICO (Foshan) Flat Panel Display Co., Ltd.

4. Litigation Management Needs to Be Standardized: As of the audit date, IRICO (Foshan) Flat Panel Display Co., Ltd had not established a ledger for significant litigation cases. (This is included in the audit reminder letter, but not included in the formal audit report).

**Audit Opinion**: Strictly implement relevant rules and regulations, standardize seal management, document management, and contract approval processes, strengthen litigation supervision, establish a closed loop for operational control, and reduce company risks.

#### VI. Audit Conclusion

During his tenure, Comrade Su Xiaohua was able to lead the team in resolutely implementing the various decision-making deployments of the IRICO Group. He successfully resolved many historical issues, basically eliminated systemic operational risks, effectively revitalized core equipment assets, and achieved significant results in resolving difficult and stagnant issues, thereby laying a good foundation for future sustainable development.

6

 certifiedtranslate

The audit revealed that during the tenure of Su Xiaohua, IRICO Industrial (Southern China) Co., Ltd. had issues such as inadequate operational control, noncompliant financial management, and weak internal control. As the general manager of the company, Comrade Su Xiaohua bears leadership responsibility for these identified issues.

### VII. Rectification Requirements

IRICO Industrial (Southern China) Co., Ltd. should submit a rectification plan addressing the issues identified in the report within 10 working days from the date of the report's issuance. Additionally, the company should report the progress of the rectification, along with supporting materials, to the audit department of the Group within one month.

IRICO Group Company Limited

May 31, 2023

7

# 审计报告征求意见书

彩虹实业华南区域公司:

现将《彩虹实业华南区域公司原总经理苏晓华同志经济责任审计报告》送达你单位,请在下表中签署意见,并在2023年　月　日前送审计组。如到期未提出意见，视同无意见。

| 被审计单位 | 彩虹实业华南区域公司 |
|---|---|
| 被审计单位离任领导意见:<br><br><br><br><br>　　　　　　　　　　　　　　　　　　离任领导签字:<br>　　　　　　　　　　　　　　　　　　年　　　月　　　日 | |
| 被审计单位现任领导意见:<br><br><br><br><br>　　现任领导签字:　　　　　（公章）<br>　　　　　　　　　　　　　　　　　年　　月　　日 | |

彩虹集团审计组

2023年　月　日

1

　　　　　　　　　　　　　　　　　　　　　IRI-SU-000190

工程款项金额 6.3 万元支付及退回未进行会计记录，且未附银行回单；2020 年 1 月-2021 年 11 月彩珠实业 13 笔会计凭证存在摘要描述错误。

**审计意见：**严格执行银行账户管理规定，规范费用报销审核流程，提升会计基础工作，加强基础业务监督指导，提升财务部门的监督防控职能。

### （四）内控管理水平有待提升。

1.用印管理存在不足。任期内，彩珠实业和佛山平板存在未及时对 OA 平台上的用印申请单进行电子版及纸质版归档、用印资料未进行复印备份存档情形。

2.公文管理有待规范。2017 年 10 月至 2020 年 12 月佛山平板下发的行政办公会纪要文件无文号；彩珠实业个别会议纪要文件的管理不严格。

3.合同管理存在不足。彩珠实业存在 10 家租户、佛山平板存在 1 家租户租赁合同到期后续租，未签订续签协议；佛山平板合同台账中个别合同登记信息有误情形。

4.诉讼管理有待规范。截至审计日，佛山平板未建立重大诉讼管理台账。（纳入审计提示函，不纳入正式审计报告）

**审计意见**：严格执行相关制度规定，规范用印管理流程，规范公文管理，规范合同审批流程，强化诉讼监管，形成经营管控闭环，降低公司风险。

### 六、审计结论

任职期间，苏晓华同志能带领团队坚决贯彻彩虹集团各项决策部署，顺利解决多项历史遗留问题，基本消除系统性经营风险，核心设备资产有效盘活，处僵治困工作成效显著，

CONFIDENTIAL                                                                 IRI-SU-000197

为今后持续发展奠定了基础。

审计发现任期内彩虹实业华南区域公司存在经营管控不足、财务管理不规范及内控管理薄弱等问题，苏晓华同志作为总经理，对审计中发现的问题负有领导责任。

**七、整改要求**

请彩虹实业华南区域公司自报告下发之日起 10 个工作日内针对报告问题报送整改计划，1 个月将审计整改情况及支撑资料报集团公司审计部。

彩虹集团有限公司

2023 年 5 月 31 日

7

IRI-SU-000198

# EXHIBIT O



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| CHAT MESSAGES |
| --- |
| IRI-SU-000199, IRI-SU-000165 |

| Source Language:   **CHINESE** | Target Language:   **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director                    **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



www.certifiedtranslate.com



### Su Xiaohua

**Su Xiaohua**: ... Enjoy the Mid-Autumn Festival. I wish you happiness and good health!

**You**: Happy Mid-Autumn Festival (a greeting image)

### September 20, 2022, 09:09 AM

**You**: Draft Reply for the South China Region.zip 473.8KB

  *WeChat desktop version

### September 20, 2022, 10:37 AM

**Su Xiaohua**: Received, thank you!

 certifiedtranslate

www.certifiedtranslate.com



**Su Xiaohua**

**September 20, 2022, 10:37 AM**

Su Xiaohua: Received. Thanks!

You:

**September 20, 2022, 12:31 PM**

**Su Xiaohua**:   Situation Explanation (1).docx 16.3KB

    *WeChat desktop version

**Su Xiaohua**: Check if that's okay.

You:

**You**: Very good



IRI-SU-000199



# EXHIBIT P



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa 1-888-856-2228
int +1-310-684-3153
fax +1-310-564-1944



A member of the American
Translators Association
ATA Member Number: 248719

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **CHAT MESSAGES** |
| **IRI-SU-000177** |

| | |
|---|---|
| Source Language: **CHINESE** | Target Language: **ENGLISH** |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:** Sean Kirschenstein, Director        **Date:** November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





**Su Xiaohua**

**You**: Received

**June 16, 2022, 4:19 PM**

**Su Xiaohua**: I'm back. Let's have a drink tonight.

**You**: Okay

**June 16, 2022, 5:08 PM**

**You**: I have made a reservation for your dinner on June 16th at Chunxing Seafood Restaurant in Jida, Zhuhai. It's Room 302, for 4 people. Contact: Deputy GM Deng (13527292906).

IRI-SU-000177E_TRANSLATION



# EXHIBIT Q



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa 1-888-856-2228
int +1-310-684-3153
fax +1-310-564-1944



A member of the American
Translators Association
ATA Member Number: 248719

## CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **CHAT MESSAGES** |
| **IRI-SU-000188** |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director

**Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.





**Su Xiaohua**

**Su Xiaohua**: …healthy!

### July 15, 2022, 11:29 AM

**You**: We have started working from home since Tuesday, expected for 7 days until next Tuesday. Thank you for your concern.

### July 31, 2022, 3:47 PM

**Su Xiaohua**: GM Wang, my secretary sent out the financial authorization slip last Friday. It should arrive by tomorrow. Please pay attention to check and accept.

### July 31, 2022, 5:49 PM

**You**: Okay, GM Su.

CONFIDENTIAL

IRI-SU-000188E_TRANSLATION



IRI-SU-000188

# EXHIBIT R



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **SYSTEM COMMUNICATIONS / EXCEL SHEET** |
| |
| **IRI-SU-001454** |
| |

| Source Language:   **CHINESE** | Target Language:   **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director                    **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



certifiedtranslate

| 60 | Zhu Qiulan | 2022-06-07 9:19:51 | Hi GM Su! The digital certificate application for Shenzhen Hongyang Company's treasury platform requires applying the seal. I have initiated a stamp application in the OA system. Please approve it. Thank you! |
| 61 | Su Xiaohua | 2022-06-07 14:23:30 | Okay |
| 62 | Zhu Qiulan | 2022-06-07 15:10:26 | Thank you, GM Su! |

**Document Produced Natively**

CONFIDENTIAL

IRI-SU-001454

| 60 | 朱秋兰 | 2022-06-07 09:19:51 | 苏总，您好！深圳虹阳公司司库平台数字证书申请书需要盖章。我在OA发起了用印申请，请您审批，谢谢！ |
| 61 | 苏晓华 | 2022-06-07 14:23:30 | 好的 |
| 62 | 朱秋兰 | 2022-06-07 15:10:26 | 谢谢苏总！ |

IRI-SU-001454

# EXHIBIT S



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



A member of the American
Translators Association
ATA Member Number: 248719

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **SYSTEM COMMUNICATIONS / EXCEL SHEET** |
| |
| **IRI-SU-001450** |
| |

| Source Language:  **CHINESE** | Target Language:  **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director                    **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.



| 1470 | Guo Xiaojun | 2023-08-18 9:30:06 | [File] [ 34334922 ] |
| 1471 | Guo Xiaojun | 2023-08-18 9:30:21 | This is the plan confirmed by leaders Han, Yang, and Chen. |
| 1472 | Guo Xiaojun | 2023-08-18 9:30:50 | The Planning Department of the Investment Review Committee has not finalized it yet. |
| 1473 | Shi Feng | 2023-08-18 9:48:06 | Let them finalize it today, and we will discuss it on Monday. |
| 1474 | Guo Xiaojun | 2023-08-18 9:54:26 | Okay |
| 1475 | Guo Xiaojun | 2023-08-18 11:48:23 | Currently, Ye Shuangxi serves as the supervisor of Hefei IRICO Epilight Industry Co., Ltd.; Gu Qiang serves as the chairman of the board of supervisors of IRICO Electronic Glass Co., Ltd. and the supervisor of Changwu New Energy; Su Xiaohua serves as a director of Sichuan Century Shuanghong Display Devices Co.,Ltd.; and Han Bin serves as a director of 6 companies. Should we consider adjusting the positions of these personnel? |
| 1476 | Shi Feng | 2023-08-18 12:01:08 | Let's discuss this later. |

**Document Produced Natively**

IRI-SU-001450

| 1470 | 郭小军 | 2023-08-18 09:30:06 | [文件] [ 34334922 ] |
|------|-------|---------------------|---------------------|
| 1471 | 郭小军 | 2023-08-18 09:30:21 | 这个是韩总经杨总、陈总确认过的方案 |
| 1472 | 郭小军 | 2023-08-18 09:30:50 | 投审委的规划部还没最终确定 |
| 1473 | 石峰 | 2023-08-18 09:48:06 | 让他们今天确定下来，周一上会。 |
| 1474 | 郭小军 | 2023-08-18 09:54:26 | 好 |
| 1475 | 郭小军、 | 2023-08-18 11:48:23 | 目前叶双喜任合肥蓝光实业监事、谷强任陕西电子玻璃监事会主席和长武新能源监事、苏晓华任世纪双虹董事、韩彬任6家公司董事。这几个人的是不是考虑要调整了。 |
| 1476 | 石峰 | 2023-08-18 12:01:08 | 朝后再放一下 |

IRI-SU-001450

# EXHIBIT T



info@certifiedtranslate.com   2425 Olympic Blvd., Suite 4000W   usa 1-888-856-2228
www.certifiedtranslate.com    Santa Monica, CA 90404             int +1-310-684-3153
                                                                 fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

## CERTIFIED TRANSLATION

*Description of Document(s):*

|  |
| --- |
| **EMAIL CORRESPONDENCE /** |
| **MEETING MINUTES OF THE BOARD OF DIRECTORS OF ORION CO., LTD** |
| **IRI-SU-000233, IRI-SU-000236** |
|  |

| Source Language:  **CHINESE** | Target Language:  **ENGLISH** |
| --- | --- |

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director                     **Date:**   November 14, 2023

A copy of the translated version(s) is attached to this statement of certification.

 certifiedtranslate

**Sent**: Sat 2022/10/8 10:02:49 AM (UTC+08:00)

**From**: "yi.wang@changhong.com" <yi.wang@changhong.com>

**To**: yi.wang <yi.wang@changhong.com>; ye.chen <ye.chen@changhong.com>; sxh <sxh@ch.com.cn>; yanyunlong <yanyunlong@ch.com.cn>; yangliuxu <yangliuxu@changhong.com>; dawei.wang <dawei.wang@changhong.com>

**Cc**: knkimo <knkimo@l63.com>; shaojun <shaojun@changhong.com>; jianl.guo <jianl.guo@changhong.com>; caiyou.zheng <caiyou.zheng@changhong.com>; kimgwonil <kimgwonil@oriondisplay.net>; chengl.wang <chengl.wang@changhong.com>

**Subject: Re: Notice of Convening an ORION Extraordinary Board Meeting (2022.10.8)**

Attachments:

Extraordinary Board Meeting Proposal 20220930 (Chinese + Korean).pdf

Minutes of the Extraordinary Board Meeting 20221008 (Chinese).doc

Minutes of the Extraordinary Board Meeting 20221008 (Korean).doc

Dear Directors,

In accordance with the Commercial Act of South Korea and the Articles of Association of ORION CO., LTD. ("Company"), the Company convened a Extraordinary board meeting via telecommunication on October 8, 2022 (Saturday) at 10:00 AM. At the meeting, the proposal "Regarding the Acknowledgment and Approval of the Schedule and Agenda for the Extraordinary General Meeting of Shareholders" was deliberated and approved. Relevant documents (in Chinese and Korean) are attached for your review. If there are no objections, we will proceed with the sealing process.

Attachments: Minutes and Proposals of the Extraordinary Board Meeting

Board of Directors, ORION CO., LTD

October 8, 2022

yi.wang@changhong.com

---

**From**: Yi Wang

**Sent**: 2022-09-30 12:39

**To**: Chairman Chen Ye; Director Su Xiaohua; Director Yan Yunlong; Director Yang Liuxu - Orion; Director Wang Dawei - Orion

**Cc**: knkimo; Shao Jun; Guo Jian; Director Zheng Caiyou; kingwonil; Wang Cheng

**Subject: Notice of Convening an ORION Extraordinary Board Meeting (2022.10.8)**

Dear Directors,

In accordance with the Commercial Act of South Korea and the Articles of Association of ORION CO., LTD. ("Company"), the Company plans to convene a Extraordinary board meeting via telecommunication on October 8, 2022 (Saturday) at 10:00 AM to deliberate on the proposal "Regarding the Acknowledgment and Approval of the Schedule and Agenda for the Extraordinary General Meeting of Shareholders". Related documents (in Chinese and Korean) are attached.

Attachments: Notification of the Convening of the Extraordinary Board Meeting

Extraordinary Board Meeting Proposal

Board of Directors, ORION CO., LTD

September 30, 2022

 certifiedtranslate

# Meeting Minutes of the Board of Directors of ORION CO., LTD

| Time | October 8, 2022 (Saturday), 10:00 AM |
|---|---|
| Location | Meeting room of ORION CO., LTD Seoul Office, 19 Gasan Digital 1-ro, 710-2, Geumcheon-gu, Seoul, Korea |
| Directors Present | Chen Ye (Representative Director), Su Xiaohua (Director), Yang Liuxu (Director), Wang Dawei (Director), Yan Yunlong (Director) |
| Supervisor Present | Shao Jun (Supervisor) |

□ Key Points and Results of the Meeting

The Representative Director Chen Ye presided over the board meeting as Chairman.

Proposal 1: Regarding the Acknowledgment and Approval of the Schedule and Agenda for the Extraordinary General

Meeting of Shareholders

The Chairman explained the proposal to the attending directors regarding the acknowledgment and approval of the schedule and agenda for the Extraordinary general meeting of shareholders and requested their acknowledgment. The proposal was unanimously acknowledged and approved by all directors present.

[Plan for the Extraordinary General Meeting of Shareholders]

(1) Date: October 24, 2022 (Monday), 10:00 AM

(2) Location: Meeting room of ORION CO., LTD Seoul Office, 19 Gasan Digital 1-ro, 710-2, Geumcheon-gu, Seoul, Korea

(3) Agenda items

Proposal 1: Regarding the Acknowledgment and Approval of Amendments to the Company's Articles of Association

Proposal 2: Regarding the Election of Directors

The Chairman declared that all agenda items for this meeting had been reviewed and concluded the meeting at 11:00 AM.

To clarify the above resolutions, this memorandum was prepared and confirmed and signed by all attending directors.

1

| | |
|---|---|
| **Sent:** | Sat 2022/10/8 10:02:49 上午 (UTC+08:00) |
| **From:** | "yi.wang@changhong.com" <yi.wang@changhong.com> |
| **To:** | yi.wang <yi.wang@changhong.com>; ye.chen <ye.chen@changhong.com>; sxh <sxh@ch.com.cn>; yanyunlong <yanyunlong@ch.com.cn>; yangliuxu <yangliuxu@changhong.com>; dawei.wang <dawei.wang@changhong.com> |
| **Cc:** | knkimo <knkimo@163.com>; shaojun <shaojun@changhong.com>; jianl.guo <jianl.guo@changhong.com>; caiyou.zheng <caiyou.zheng@changhong.com>; kimgwonil <kimgwonil@oriondisplay.net>; chengl.wang <chengl.wang@changhong.com> |
| **Subject:** | Re:关于召开ORION临时董事会（2022.10.8）的通知 |

临时董事会议案 2022 0930 中文+韩文.pdf
临时董事会纪要 2022 1008 中文.doc
临时董事会纪要 2022 1008 韩文.doc

各位董事：
　　根据韩国商法和ORION CO., LTD.（"公司"）章程有关规定，公司于2022年10月8日（周六）上午10点以通讯方式召开了临时董事会，审议通过了《关于承认、通过召开临时股东大会的日程及议案》。相关文件（中韩文）附后，请各位审阅。若无异议，即进入用印流程。

附：临时董事会纪要、议案

ORION CO., LTD.董事会
2022年10月8日

yi.wang@changhong.com

发件人：王怡
发送时间：2022-09-30 12:39
收件人：陈晔董事长；苏晓华董事；闫云龙董事；杨柳絮董事-Orion；王大为董事-Orion
抄送：knkimo；邵军；郭健；郑才友董事；kimgwonil；王丞
主题：关于召开ORION临时董事会（2022.10.8）的通知

各位董事：
　　根据韩国商法和ORION CO.,LTD.（"公司"）章程规定，公司拟于2022年10月8日（周六）上午10点以通讯方式召开临时董事会，审议《关于承认、通过召开临时股东大会的日程及议案》。相关文件（中韩文）附后。

附：临时董事会召开通知
　　临时董事会议案

ORION CO., LTD.董事会
2022年9月30日

CONFIDENTIAL

# (株)ORION 董事会纪要

| 时　　间 | **2022年 10月 8日(星期六) 上午 10点** |
|---|---|
| 地　　点 | 首尔市 衿川区 加山**DIGITAL-1**路19，**710-2**号 <br> （株）**ORION** 首尔事务所 会议室 |
| 出席 董事 | 陈晔 代表理事，苏晓华 董事，杨柳絮 董事， <br> 王大为 董事，闫云龙 董事 |
| 出席 监事 | 邵军 监事 |

□ 议事经过要点及结果

代理事陈晔作为主席主持董事会。

第**1**号 议案**:** 关于承认、通过召开临时股东大会的日程及议案

主席向出席董事关于承认、通过召开临时股东大会的日程及议案进行如下的说明，并要求予以承认，出席董事全场一致承认、通过。

**[召开临时股东大会的方案]**
**1)** 时 间**: 2022**年**10**月**24**日**(**周一**)** 上午 **10**点
**2)** 地 点**:** 首尔市 衿川区 加山**DIGITAL-1**路19，**710-2**号
（株）**ORION** 首尔事务所 会议室
**3)** 讨论议案
第**1**号 议案：关于承认、通过本公司章程修改的议案
第**2**号 议案：关于选任董事的议案

主席宣布，就此会议目标议案全部审议结束，上午**11**点闭会。

为了明确以上决议，拟制本备忘录，出席董事全体对此签名盖章。

1

IRI-SU-000236

# DOCUMENT 26

# BAKER BOTTS LLP

| | | |
|---|---|---|
| 700 K STREET, N.W.<br>WASHINGTON, D.C.<br>20001 | AUSTIN<br>BRUSSELS<br>DALLAS<br>DUBAI<br>HOUSTON<br>LONDON | NEW YORK<br>PALO ALTO<br>RIYADH<br>SAN FRANCISCO<br>SINGAPORE<br>**WASHINGTON** |
| TEL  +1 202.639.7700<br>FAX  +1 202.639.7890<br>BakerBotts.com | | |

November 16, 2023

CONFIDENTIAL

VIA E-MAIL [VRW@JUDGEWALKER.COM]

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

> Re:    In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
>        No. 07-CV-944-JST

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") write in reference to Plaintiffs' Motion for Discovery Sanctions (the "Motion"). As previously reported, in response to the Special Master's First and Second Interim Reports and Recommendations dated August 4, 2023 (ECF No. 6233), and September 1, 2023 (ECF No. 6275) (collectively, the "Orders"), counsel for Irico made supplemental productions of documents to Plaintiffs on October 13 and 23, 2023, regarding the departure of Su Xiaohua from Irico. Those productions reflect that the basic information and circumstances of Mr. Su's departure remain largely unchanged. In the interest of ensuring accurate disclosures, however, certain clarifications to prior factual representations to the Special Master are summarized below and provided in the attached documents.

- As previously disclosed to the Special Master, the earliest written evidence of Mr. Su's intent to resign from his positions at Irico are minutes of an April 7, 2022, meeting of Irico Group's leadership ("April 7 Meeting"). *See* Attachment A (IRI-SU-000137E). Under standard Irico personnel policies, Mr. Su was entitled to resign from all management roles at the end of the year in which he turned 58 years old, which was December 2022. *See* Attachment B (IRI-SU-001254E) at -278E. We now understand that, at the April 7 Meeting, Irico Group leadership was approving a request to resign from his management roles before December 2022 that Mr. Su had made orally to at least one participant of the April 7 Meeting. Mr. Su's pending deposition was not raised, discussed or considered by the participants in the April 7 Meeting. The April 7 Meeting did not specify a particular date by which Mr. Su could or would resign from his positions.

- At some time following the April 7 Meeting, the Irico Group Human Resources department began the process of drafting paperwork and initiating required

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker       - 2 -

procedures to execute on this approval pursuant to the Irico personnel policies described above. *See, e.g.*, Attachment C (IRI-SU-001423E). Those procedures included interactions between the Human Resources departments of Irico Group and Xianyang Irico Group Industrial Co., Ltd. ("Irico Industrial"). Irico Industrial was the Irico Group subsidiary that directly managed Mr. Su's management appointments. *See, e.g.* Attachment D (IRI-SU-001446E); Attachment I (IRI-SU-001436E). The Human Resources departments of both Irico Group and Irico Industrial also coordinated with the appropriate entities within the Chinese Communist Party. *See id.*; Attachment E (IRI-SU-000400E).

- At the request of Ms. Hao Li, the head of the Irico Industrial Human Resources department, Mr. Su submitted a letter dated May 5, 2022, to effectuate his departure that had been approved at the April 7 Meeting (the "May 5 Letter"). *See* Attachment F (IRI-SU-000402E) at -403E.

- Later in May 2022, Ms. Hao contacted Mr. Su by phone to request a second version of the May 5 Letter that included different wording regarding Mr. Su's intent to terminate his employment relationship with the company. We understand that this second version of the letter was requested because Ms. Hao was not certain which version of the letter was required to process Mr. Su's request to resign early from his management roles. Mr. Su subsequently delivered a copy of this second letter, dated May 25, 2022, in person, to Ms. Hao in Xianyang, China. *See* Attachment G (IRI-SU-000141E). For reference, Attachment G includes Plaintiffs' proffered translation of Mr. Su's May 25 letter, which incorrectly describes the date of the letter as "illegible," the subject of an outstanding translation dispute. This fact that this letter was requested by Ms. Hao after May 5 confirms that May 25, *not* March 25 as speculated by Plaintiffs, is the correct date. *See id.*

- Zhang Wenkai, Assistant General Counsel for Irico Group, was the sole person in contact with Mr. Su regarding the planning of Mr. Su's deposition. Mr. Zhang learned of Mr. Su's intent to leave Irico on May 31, 2022. At no point prior to May 31, 2022, did Mr. Su notify Mr. Zhang or anyone in the Irico Group legal department, regarding his intent to leave Irico. As the Special Master is aware from our prior submissions and documentation, Mr. Su continued to work with Mr. Zhang on the logistics for planning his deposition throughout May 2022. *See* Irico Opposition to Plaintiffs' Motion for Discovery Sanctions (Apr. 21, 2023) at 28-29. When Mr. Zhang learned of Mr. Su's intent to resign from his positions at Irico, he quickly contacted Mr. Su. Mr. Su then informed Mr. Zhang that he refused to travel to Macau for a deposition.

- A replacement manager to succeed Mr. Su was identified by June 6, 2022. *See* Attachment H (IRI-SU-001006E). Official paperwork to effectuate the formal appointment of Mr. Su's successor and formalize the dismissal of Mr. Su was

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 3 -

initially drafted by June 13, 2022, and was finalized and effective on June 17, 2022. *See, e.g.*, Attachment I (IRI-SU-001436E); Attachment J (IRI-SU-000208E). A July 28, 2022 shareholder resolution for Irico (Foshan) Flat Panel Display Co., Ltd. confirmed Mr. Su's removal as a director and manager of the company. See *id.* at -210E.

- We have learned that, pursuant to standard Irico personnel policies and Chinese government regulations, Mr. Su was entitled to receive a monthly living expense stipend from Irico until reaching age 60 as well as certain social insurance benefits. *See* Attachment K (IRI-SU-001473). Mr. Su first received that stipend in July 2022, *see* Attachment L (IRI-SU-001470E), and will continue to receive it on a monthly basis until he reaches the age of 60.

Nothing in this letter or attachments is intended to constitute waiver of any rights or privileges. Any inadvertent disclosure of privileged material should not be construed as a waiver of privilege, as it is Irico's intention to maintain privilege as to all such matters. Please do not hesitate to contact me if you have any questions about the above corrective disclosures.

Sincerely,
*/s/ John M. Taladay*
John M. Taladay

cc:    Tanveer Singh (tanveer.singh@fedarb.com)
       R. Alexander Saveri (rick@saveri.com)
       Geoffrey C. Rushing (geoff@saveri.com)
       Matthew D. Heaphy (mheaphy@saveri.com)
       Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

Attachment A



info@certifiedtranslate.com  2425 Olympic Blvd., Suite 4000W   usa  1-888-856-2228
www.certifiedtranslate.com    Santa Monica, CA 90404          int  +1-310-684-3153
                                                              fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

## CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **IRICO GROUP CO., LTD. MEETING MINUTES** |
| **APRIL 7, 2022** |
| **IRI-SU-000137 through IRI-SU-000140** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director              **Date:**   January 12, 2023

A copy of the translated version(s) is attached to this statement of certification.

 **certified**translate

Internal

# Irico Group Co., Ltd. Meeting Minutes

**Meeting Minutes for the Secretary's Special Topic Meeting on April 7, 2022**

On April 7, 2022, our Group company convened a secretary's special topic meeting. The attendees included the following: the Party Committee Secretary of the Group, Chairman Si Yun-Cong, the Deputy Party Committee Secretary, Chief Executive Officer Yang Yuan Jiang, Discipline Committee Secretary Bao Yong, and the Department Head of the Human Resources Department Shi Feng. The summary of the meeting minutes is as follows:

**Sensitive Non-Responsive Personnel Matters Redacted**

- 1 -



**Sensitive Non–Responsive Personnel Matters Redacted**

CONFIDENTIAL

IRI-SU-000138E_TRANSLATION

certifiedtranslate

## Sensitive Non-Responsive Personnel Matters Redacted

**6. Regarding matters related to Su Xiao Hua reaching retirement age and departure**

In accordance with the relevant rules in the "Performance and Evaluation Measures for Managers of Supervisors of Irico Group, Co. Ltd.", Su Xiao Hua, the regional general manager for the Huanan area of Xianyang Irico Industrial Group Co., Ltd., has reached the upper age limit for employment in March 2022, and will leave his position as manager at the end of December to retire and rest. Because he himself submitted a request to leave the position ahead of schedule, after discussion, it has been agreed that Su Xiao Hua may leave the position ahead of schedule after reaching upper age limit for employment. The relevant administrative work regarding Su Xiao Hua leaving the position shall be processed by Irico Industrial based on the relevant rules and stipulations in the "Performance and Evaluation Measures for Managers of Supervisors of Irico Group, Co. Ltd."

**I. Date:** April 7, 2022
**II. Location:** Xianyang office building meeting room 303
**III. Chair:** Si Yun Cong
**IV. Participants:** Yang Yuan Jiang, Bao Yong
**V. Recorded by:** Shi Feng

- 3 -

 certifiedtranslate

**VI. Agenda:**

## Sensitive Non-Responsive Personnel Matters Redacted

6. Regarding matters related to Su Xiao Hua reaching retirement age and departure

| Copy: Relevant leaders of the Group company. | |
|---|---|
| Human Resources Department | Printed and distributed on April 8, 2022 |

- 4 -

IRI-SU-000140E_TRANSLATION

内　部

# 彩虹集团有限公司纪要

---

## 2022 年 4 月 7 日书记专题会纪要

2022 年 4 月 7 日,集团公司召开书记专题会,集团党委书记、董事长司云聪，党委副书记、总经理阳元江，纪委书记包勇，人力资源部部长石峰参加会议。会议形成纪要如下:

Sensitive Non-Responsive Personnel Matters Redacted

Sensitive Non-Responsive Personnel Matters Redacted

# Sensitive Non-Responsive Personnel Matters Redacted

**六、关于苏晓华到龄离岗有关事宜**

根据《彩虹集团有限公司经理人管理及绩效考评办法》有关规定，咸阳彩虹集团实业有限公司华南区域总经理苏晓华 2022年 3 月到达任职年龄上限，到 12 月底退出经理人岗位，离岗休息。因本人提出提前离岗要求，经讨论，同意苏晓华到达任职年龄上限后提前离岗，由彩虹实业参照《彩虹集团有限公司经理人管理及绩效考评办法》有关规定，办理苏晓华离岗手续。

一、时　间：2022 年 4 月 7 日

二、地　点：咸阳办公楼 303 会议室

三、主　持：司云聪

四、参　加：阳元江、包　勇

五、记　录：石　峰

六、议 题：

# Sensitive Non-Responsive Personnel Matters Redacted

6.关于苏晓华到龄离岗有关事宜

---

抄送：集团公司有关领导。

---

集团人力资源部                                    2022 年 4 月 8 日印发

Attachment B



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-001254 -  IRI-SU-001255

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

# Irico Group Co., Ltd. Document

Irico Group Personnel [2020] No. 188

## Notice on the Revision and Issuance of 'Manager Management and Performance Evaluation Methods of Irico Group Co., Ltd.'

To all units of the company and departments of the headquarters:

In order to strengthen the management of managers of the group company and its invested enterprises, to advance the scientific, systematic, and standardized approach in manager management, to cultivate a high-quality management team, and to establish and perfect a leadership personnel selection mechanism that is in line with the requirements of the modern corporate system, the 'Manager Management and Performance Evaluation Methods of Irico Group Ltd.' have been revised and issued. Please adhere to this in execution.

Irico Group Ltd.

December 17, 2020

*[stamp] Irico Group Ltd. 1101081232863*

## Irico Group Ltd. Manager Management and

1

IRI-SU-001254_E Translation

# Performance Evaluation Methods

## Chapter 1: General Provisions

Article 1: To strengthen the management of managers (hereinafter referred to as managers) of Irico Group Co., Ltd. (hereinafter referred to as the group company) and its invested enterprises, to advance the scientific, systematic, and standardized approach in manager management, to cultivate a high-quality management team, to establish and perfect a leadership personnel selection mechanism that is in line with the requirements of the modern corporate system, and to realize the preservation and appreciation of state-owned assets and the rapid and efficient development of enterprises, the Methods are formulated according to the 'Company Law of the People's Republic of China', 'Interim Provisions on the Management of Leading Personnel in Central Enterprises', 'Management Methods for Leading Personnel in Enterprises Funded by China Electronics Information Industry Group Co., Ltd.', and 'Provisions on the Selection and Appointment Procedures for Leading Personnel in China Electronics Information Industry Group Co., Ltd.', and in combination with the actual situation of the group company.

Article 2: The selection and management of managers adhere to the following principles:

(I) The principle of Party leadership in personnel management.

(II) The principle of both moral character and ability, with a priority on moral character.

(III) The principles of democracy, transparency, competition, and merit-based selection.

(IV) The principle of recognition from investors, staff, and the market.

(V) The principle of unity between rights and responsibilities, obligations, and equal emphasis on incentives and supervisory constraints.

(VI) The principle of management according to the law.

Article 3: The Methods are applicable to the management of managers at the headquarters of Irico Group Co., Ltd. and its specialized companies (including wholly-owned companies and single-person limited companies). Associated companies should refer to the Methods for implementation.

The matters stipulated in the Methods, if they also belong to the authority of the enterprise's shareholders' meeting or board of directors, shall be handled in accordance with...

2



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-001278-  IRI-SU-001279

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number: BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

Specialized professionals must be responsible for the professional work at their respective units and must comply with the labor rules and regulations of those units. The units shall conduct normal evaluations of these professionals according to the standards for in-service employees, without any special treatment.

Specialized professionals are paid on a monthly salary basis, with the salary calculated each month based on assessment results. Each unit independently sets the salary standard, and in principle, the total annual compensation may not exceed 70% of the standard compensation for their original position.

Article 53: Managers (excluding non-leadership senior executives of the group company) and specialized personnel, upon reaching the age of 58 if male or upon reaching the age of 53 if female, shall in principle directly resign from their positions as managers or specialized positions, leave the positions and take rest. The effective time for leaving the position is December of the year in which they reach the specified age.

In special cases, where there is an urgent need by work and it is not feasible for an age-eligible manager to leave, an application shall be submitted by the Human Resources Department of the group company or the specialized company where the manager is employed. After review and approval by the Party Committee of the group company, such manager may continue to hold his/her position.

Article 54: Managers, upon resignation or retirement, continue to have a duty and obligation to maintain the confidentiality of the business secrets and core technologies of the enterprises they previously served. The duration of this confidentiality period shall be implemented according to the regulations of the group company and the respective enterprises where they were employed.

## Chapter 2: Supplementary Provisions

Article 55: Managers shall sign a labor contract with the enterprises they are employed by, which shall be executed in accordance with the 'Irico Group Ltd. Labor Contract Management Methods.'

Article 56: Managers who are within the scope of leadership personnel required to report their travels must follow the related procedures as stipulated by the group.

Article 57: The Methods are to be interpreted by the Human Resources Department of the group company and

25

will be effective from the date of issuance. The previous 'Notice on the Issuance of 'Management Methods for Enterprise Leaders of Irico Group Co., Ltd.'' (Irico Group Personnel [2018] No. 20), 'Notice on the Issuance of 'Performance Evaluation Management Methods for Operators of Invested Enterprises of Irico Group Company'' (Irico Group Personnel [2014] No. 138), and 'Notice on the Issuance of 'Performance Evaluation Management Methods for Functional Department Heads of Irico Group Company'' (Irico Group Personnel [2014] No. 81) are hereby repealed.

26

# 彩虹集团有限公司文件

彩团人[2020]188号

## 关于修订下发《彩虹集团有限公司经理人管理及绩效考评办法》的通知

公司各单位、本部各部门：

　　为加强集团公司及所投资企业经营管理者的管理工作，推进经理人管理工作的科学化、制度化、规范化，造就高素质经理人队伍，建立健全适应现代企业制度要求的领导人员选用机制，特修订下发《彩虹集团有限公司经理人管理及绩效考评办法》，请遵照执行。



彩虹集团有限公司
2020年12月17日

## 彩虹集团有限公司经理人管理及

IRI-SU-001254

# 绩效考评办法

## 第1章总 则

第一条 为加强彩虹集团有限公司（以下简称集团公司）及所投资企业经营管理者（以下简称经理人）的管理工作，推进经理人管理工作的科学化、制度化、规范化，造就高素质经理人队伍，建立健全适应现代企业制度要求的领导人员选用机制，实现国有资产保值增值和企业快速高效发展，根据《中华人民共和国公司法》、《中央企业领导人员管理暂行规定》以及《中国电子信息产业集团有限公司所出资企业领导人员管理办法》、《中国电子信息产业集团有限公司领导人员选拔任用工作程序规定》的规定，并结合集团公司实际，制定本办法。

第二条 经理人的选用与管理坚持下列原则：

（一）党管干部原则。

（二）德才兼备，以德为先原则。

（三）民主、公开、竞争、择优原则。

（四）出资人认可、职工群众认可、市场认可原则。

（五）权利与责任义务统一、激励与监督约束并重原则。

（六）依法管理原则。

第三条 本办法适用于集团公司本部和集团公司所属专业公司（包括全资公司、一人有限公司）经理人的管理。参股公司参照执行。

本办法规定事项同属于企业股东会、董事会权限的，按照

2

CONFIDENTIAL

IRI-SU-001255

法定程序通过后实施。

第四条 本办法所称经理人是指下列人员：

（一）集团公司非领导班子高管人员，包括总经理助理、总工程师（副总工程师）、总经济师（副总经济师）、总法律顾问（副总法律顾问）、集团公司董事会秘书。

（二）集团公司投资并直接管理的各专业公司非集团领导班子成员的下列人员：

1.专职董监事。

2.总经理（厂长、院长）、副总经理（副厂长、副院长）、总会计师（财务总监）。

3.党委书记、党委副书记、纪委书记。

4.上市公司董事会秘书。

（三）集团公司本部职能部门正、副职负责人。

（四）集团公司及所属专业公司外派控（参）股公司专职董、监事及高管人员。

（五）专业公司总工程师、副总工程师、副总会计师。

（六）集团公司认定的专业公司所属单位负责人、职能部门负责人。

（七）列入职业经理人管理的经理人，按照中国电子和集团公司相关规定执行。

第五条 经中国电子授权集团公司管理企业的领导人员，参照本办法执行。

## 第2章 任职条件与资格

3

CONFIDENTIAL

IRI-SU-001256

第六条 经理人的任职基本条件

（一）具备履行职务所需要的政治思想素质，具有强烈的事业心和责任感，作风踏实，廉洁自律，秉公用权，有良好的职业素养。

（二）认真贯彻执行集团公司发展战略和有关决策、决议，认同集团公司企业文化和价值观，具有较强的大局意识和推动企业科学发展的使命感、责任感。

（三）有良好的履职记录，具有较突出的工作业绩。熟悉现代企业管理，有较强的决策判断能力、经营管理能力、沟通协调能力，法律风险意识、开拓创新意识强。

（四）身体健康，心理素质良好，能够胜任领导工作。

第七条 新提拔任用经理人的任职资格

（一）任职年龄原则上男55周岁（不含）以下，女50周岁（不含）以下。

（二）具有大学本科以上文化程度。

（三）具有五年以上企业经营管理、党群工作相关的工作经历，且具有两个以上不同工作性质的管理岗位（如职能部门、生产单位）的任职经历，具体如下：

1.担任专业公司领导班子正职，一般应具有同层级副职两年以上的任职经历；未满两年的应当具备同层级副职和下一层级正职累计五年以上任职经历。

2.担任集团公司职能部门正职，一般应具有同层级副职或专业公司副职两年以上的任职经历。

4

CONFIDENTIAL

IRI-SU-001257

3.担任专业公司领导班子副职，一般应具有下一层级企业班子成员或集团公司职能部门副职两年以上的任职经历。

4.担任专业公司所属单位领导班子正职，应具有同级副职或专业公司职能部门正职两年以上的任职经历；担任集团公司职能部门副职、专业公司职能部门负责人、专业公司所属单位副职，应具有内设机构负责人或业务经理两年以上的任职经历。

（四）提拔担任党内领导职务的，还应当符合党章及有关规定要求。担任总会计师（财务总监）的，还应当具有注册会计师、注册内部审计师等职业资格，或者具有会计师、审计师等专业技术职务任职资格，从事财务会计或者审计工作时间累计不少于五年。

第八条 实行经理人职位禁入制度，严格按照《中华人民共和国公司法》、《中华人民共和国企业国有资产法》和党纪政纪有关规定执行。

第九条 总经理（厂长、部长）助理一般作为培养年轻干部的岗位，根据工作需要临时设置。

集团公司总经理助理原则上要求男50周岁（不含）以下、女45周岁（不含）以下。

专业公司总经理助理原则上要求男45周岁（不含）以下、女40周岁（不含）以下。

其他助理岗位原则上要求男40周岁（不含）以下、女35周岁（不含）以下。

任职两年以上、考评优秀的助理岗位人员，可以选拔担任本单位副职或下一级企业领导班子成员。

5

CONFIDENTIAL

IRI-SU-001258

第十条 工作需要的特殊人才，可以适当放宽任职资格条件。面向社会招聘的人才，根据需要可明确特殊的任职资格条件。

## 第3章 职数、任期和管理权限

第十一条 经理人的职数设置

企业领导人员的职数按以下原则设置。根据业务发展需要，集团公司所属各专业公司领导班子设置已有明确规定的，按规定执行。

（一）集团公司本部职能部门、专业公司本部职能部门原则上实行单职制，个别部门因业务管控范围较大，或管理专业性较强的独立业务，可根据需要增设一名副职。

（二）专业公司领导班子设一名正职，两到三名副职，财务总监一名。设立党委的单位，另设党委副书记兼纪委书记一名，上市公司设董事会秘书一名，纳入班子成员管理。其他设立董事会的公司，董事会秘书兼职担任。

（三）专业公司所属重要企业的领导班子设一名正职三名副职（含财务总监）。

（四）其他各级企业的领导班子设一名正职（或主持工作副职），其他副职（含财务总监）的职数根据需要确定，最多不超过两名。

（五）专业公司确需设置总经理助理的，应严格控制职数，并履行报批手续。总经理助理一般维持原职级不变，不进

6

CONFIDENTIAL

IRI-SU-001259

入企业领导班子。

第十二条 企业党委领导人员与董事会、经理班子成员实行交叉任职，党委书记由董事长或总经理其中一人担任。

第十三条 经理人的任期

（一）经理人实行任期制，每届任期三年，新任职或职务提升人员试岗期一年。试用期满后，经考评胜任现职的，正式任职；不胜任的，免去试任职务，一般按照试任前职级或者*务层次安排工作。

（二）企业党委任期按照上级党组织有关规定执行。设立董事会的企业，任期内董事长、监事会主席、总经理变动的，继任者任期与董事会届期同步；未设立董事会的企业，任期内总经理变动的，继任者任期与经理班子的任期同步。

（三）经理人在同一岗位任职时间原则上不超过六年，在重要、涉外经济岗位任职时间原则上不超过三年。

第十四条 经理人管理权限

集团公司所属经理人的管理分为两类，包括集团公司直接管理、审批管理或备案管理。

（一）集团公司直接管理的经理人包括：集团公司非班子成员的高管人员、集团公司职能部门负责人、专业公司领导班子成员、集团公司外派控（参）股公司专职董、监事及高管人员。

（二）集团公司审批管理的经理人包括：专业公司所属重要企业的"一把手"。

（三）集团公司备案管理的经理人包括：各专业公司总经

7

理助理和职能部门负责人，所属单位其他领导班子成员，外派控（参）股公司专职董、监事及高管人员。

（四）集团公司直接管理和审批管理的经理人提任、职务调整的，由人力资源部提出方案，列为议题由集团公司党委会研究决定。备案管理的经理人提任、职务调整的应事前备案，经集团公司人力资源部审核，集团公司主管领导和主要领导审议同意后方可聘任。

（五）除本办法所称经理人外，集团公司所属其他各级企业内部组织机构的相关负责人统称为内设机构负责人，原则上由所属专业公司管理，不纳入集团公司经理人序列。内设机*负责人应在集团公司备案，作为集团公司后备经理人队伍进行管理。

## 第四章　选拔任用

第十五条 任用经理人，可以采取委任制、聘任制、选任制。

（一）根据公司章程，对董事长、监事会主席、相关董监事实行委任制或者选任制。

（二）企业经理班子成员实行聘任制。其中，设立董事会的企业经理班子人选（上市公司含董秘）经组织考察、按照干部管理权限审批或者备案同意后，由董事会决定聘任。

（三）对党委负责人按照党章和有关规定实行选任制或者委任制。

8

IRI-SU-001261

第十六条 经理人的选拔任用

经理人的选拔任用一般应经历分析研判和动议、民主推荐、组织考察或背景调查、个人事项核查与廉洁评价、党委集体讨论决定等规定选任程序。

（一）选聘方式一般应经过下列程序：

1.岗位盘点。集团公司人力资源部调研预判岗位需求，对岗位和关注人选进行匹配性和胜任力分析，提出初步建议；专业公司党委或个人也可向集团公司党委推荐人选或自荐。

2.集团公司人力资源部将初步建议向党委主要领导汇报。根据工作需要，向业务分管领导征求意见，对初步建议进行完善，形成建议方案。

3.专题会酝酿。召开书记专题会进行沟通酝酿，形成正式工作方案。书记专题会议参加人员为：集团公司党委书记、党委副书记、纪委书记。集团公司人力资源部负责人做会议记录，整理会议纪要。

4.民主推荐。召开推荐会议，组织填写民主推荐表并对民主推荐情况进行分类统计。民主推荐结果作为选拔任用领导人员的重要参考，原则上民主推荐得票率不少于参与推荐人数的30%方可作为考察对象人选。

5.确定考察人选。集团公司人力资源部根据民主推荐情况，结合日常了解、分析研判及岗位匹配度等情况综合考虑，报书记专题会研究讨论，确定考察人选。

6.组织考察。组成考察组，开展组织谈话，形成考察材料报书记专题会审议。

9

IRI-SU-001262

7.听取纪检监察机关意见。集团公司党委、纪委就考察对象廉洁自律情况提出结论性意见，并由党委书记、纪委书记签字。

8.审核考察对象档案。集团公司人力资源部严格审核考察对象的人事档案，重点对"三龄两历一身份"进行审核并出具意见。

9.党委讨论决定。集团公司党委讨论决定干部任用事项，必须有2/3以上成员到会。党委成员发表同意、不同意或缓议等明确意见，党组书记最后表态。在充分讨论基础上，采取口头表决、举手表决或者无记名投票表决等方式，以党委应到会成员超过半数同意形成决定。

根据《关于加强中国电子所出资企业干部职务备案管理的通知》的有关规定，对需要上级审批或者备案的经理人，应在会后向上级单位履行报批程序。

10.任前公示。集团公司人力资源部对经集团公司党委会研究同意的拟任职人选在一定范围内进行任前公示。公示期不少于5个工作日。公示结果不影响任用的，办理任职手续。

11.任职发文。公示无异议的，按照发文程序制作任职文件。

12.任前谈话。集团公司党委安排专人与拟任职领导人员进行任前谈话并记录。

13.任职宣布。

（二）竞聘方式一般应经过下列程序：

1.形成公开招聘工作方案，面向社会（或系统内、企业内）发布招聘岗位、岗位职责、任职资格条件及要求；

2.受理报名与开展资格审查；

CONFIDENTIAL

3.进行知识、能力、素质、心理健康等方面的测试，根据实际需要，组织开展笔试、面试；

4.在一定范围内沟通酝酿人选情况；

5.开展民主测评、组织考察或者背景调查；

6.征求有关方面意见，开展各项核查工作（包括征求同级纪委意见、档案核查等）；

7.集团公司党委集体讨论决定，形成任用意见；

8.任前公示，公示期不少于五个工作日；

9.任职发文。公示无异议的，按照发文程序制作任职文件；

10.任前谈话；

11.任职宣布。

第十七条 有下列情形之一的，不得列为考察对象：

（一）违反政治纪律和政治规矩的；

（二）群众公认度不高的；

（三）上一年度考评结果为基本称职以下等次的；

（四）有跑官、拉票等非组织行为的；

（五）除特殊岗位需要外，配偶已移居国（境）外，或者没有配偶但子女均已移居国（境）外的；

（六）受到诫勉、组织处理或者党纪政务处分等影响期未满或者期满影响使用的；

（七）其他原因不宜提拔或者进一步使用的。

第十八条 有下列情形之一的，不得提交党委会讨论：

（一）没有按照规定进行民主推荐、考察的；

（二）没有对拟任人选做出廉洁自律结论性意见的，或者

11

CONFIDENTIAL

IRI-SU-001264

纪检监察机关未反馈意见的，或者纪检监察机关有不同意见的；

（三）线索具体、有可查性的信访举报尚未调查清楚的；

（四）经理人档案中年龄、工龄、党龄、学历、经历、身份等存疑尚未查清的；

（五）巡视巡察、审计等工作中发现重大问题尚未作出结论的；

（六）尚未按照规定向上级报告或者报告后未经批复同意的；

（七）其他原因不宜提交会议讨论的。

## 第五章　考核与评价

第十九条 经理人的考评分为试用期考评、年度考评、任期考评。考评结果分为优秀、良好、称职、基本称职、不称职五个等次。以上考评均与经理人的任职调整挂钩。

第二十条 年度考评结果与经理人的年度绩效薪酬兑现挂钩；任期考评结果结合经理人的任期经济责任审计结果，与其任期绩效薪酬兑现挂钩。

第二十一条 有试用期的经理人，试用期满考评不合格，可直接解聘或延长试用期半年，延长试用期半年考评仍不合格的直接解聘。

第二十二条 对年度绩效考评等次良好及以上的经理人，优先选拔任用；对考评等次为基本称职人员，由集团公司主管领

12

CONFIDENTIAL

IRI-SU-001265

导、人力资源部与其进行提醒谈话，要求限期整改或调整岗位，或降职使用；连续两次年度考评基本称职或年度、任期考评不称职的，应直接解聘。

第二十三条 考评原则

（一）树立以价值创造为核心的绩效理念；

（二）强化以战略引领的绩效导向作用；

（三）经理人个人收入与责权利密切挂钩，收入分配与个人绩效贡献的高度匹配。

第二十四条 考评组织

（一）集团公司成立经理人绩效考评委员会（以下简称集团绩效考评委员会），具体负责考评工作的监督、检查和指导，负责绩效考评方案、绩效考评结果的审议审批。

集团公司绩效考评委员会主任、副主任分别由集团公司领导班子主要领导担任，委员由集团公司领导班子其他成员担任。

（二）集团公司绩效考评委员会下设绩效考评工作办公室（以下简称考评办公室），具体负责绩效考评方案的制定，考评工作的组织、协调和推进，负责绩效考评分值的统计和考评结果的报审。

考评办公室主任由集团公司主管领导担任，副主任由集团公司人力资源部、党群工作部负责人担任，成员由集团公司生产运营部、财务部、党群工作部、审计部负责人及相关工作人员组成。考评办公室设在集团人力资源部。

CONFIDENTIAL

IRI-SU-001266

（三）集团所属各专业公司应成立经理人绩效考评委员会和考评办公机构，负责组织开展本单位的绩效考评工作。

第二十五条 考评权限

经理人年度绩效考评按管理权限，实行分级考评、分级负责。

（一）集团公司负责考评的经理人包括：

1.集团公司非领导班子高管人员；

2.集团公司所属专业公司领导班子成员；

3.集团公司本部职能部门正、副职负责人；

4.集团公司直属单位正、副职负责人；

5.集团公司派出企业专职董事、监事和高管人员。

（二）专业公司单位负责考评的经理人包括：

1.所属企业领导班子成员；

2.专业公司职能部门正、副职负责人；

3.专业公司直属部门正、副职负责人；

4.专业公司派出专职董事、监事和高管人员。

第二十六条 审批权限

经理人年度绩效考评结果按考评权限进行审批。由专业公司负责考评的经理人，考评结果向集团公司考评办公室报备。经理人绩效考评同属于企业股东会、董事会权限的，考评结果报股东会、董事会批准。

第二十七条 经理人年度绩效考评包括：经营业绩考核、能力和态度评价、合规性考核。

14

IRI-SU-001267

根据考评工作需要，考评办公室可安排被考评人，或部分被考评人进行年度述职。可以根据工作需要组织对部分专业公司领导班子的民主评议。具体安排见年度绩效考评通知。

第二十八条 经营业绩考核

经理人应签订《经营业绩责任书》，作为年度经营业绩考核的依据。专业公司领导班子副职应与"一把手"签订年度《经营业绩责任书》作为班子副职的考核依据。

第二十九条 经营业绩考核程序

（一）经营业绩自评。被考核人根据《经营业绩责任书》和实际完成情况进行自评打分。被考核人为单位正职的，报经营业绩考核主管部门审议打分；被考核人为单位副职的，由单位正职结合自评情况进行打分。

（二）单位正职（含主持工作副职）业绩诊断与评分。经营业绩考核主管部门负责根据《经营业绩责任书》所列经营指标、重点工作任务、党建任务指标，诊断被考核人经营业绩的实际完成情况，结合自评情况进行评分，作为被考核人的个人业绩考核得分。得分结果汇总后报集团公司考评办公室。

（三）经营业绩考核得分的确定

1.单位正职年度经营业绩考核得分由经营业绩考核主管部门进行评议打分。

2.单位副职年度业绩考核

（1）副职个人年度业绩考核由单位"一把手"负责。具体由单位正职根据副职年度承包指标、重点工作等完成情况进行打

15

CONFIDENTIAL

IRI-SU-001268

分，结果报集团公司考评办公室。

（2）副职年度业绩考核得分=本单位年度业绩考核得分×70%+个人年度业绩考核得分×30%，其中本单位年度业绩考核得分为正职的年度业绩考评得分。

（四）合规性考核

合规性考核由考评办公室负责，实行单项扣罚。具体由各相关职能部门根据各单位年度工作推进过程中发现的安全、环保、质量、工资总额管控、稳定、违规违纪等问题提出考核意见，报集团考评办公室。

第三十条 能力和态度评价

（一）领导人员能力和态度评价由考评办公室负责。具体由集团公司绩效考评委员会领导、本单位（部门）"一把手"对被考评人进行评价打分。根据集团主要领导打分、分管（协管）领导打分、其他领导和单位"一把手"打分加权平均。

（二）评价打分权重

1.单位正职领导人员能力和态度评价得分=集团主要领导打分×50%+分管（协管）领导打分×30%+其他领导打分×20%。

2.单位副职领导人员能力和态度评价得分=集团主要领导打分×40%+分管（协管）领导打分×30%+单位"一把手"打分×30%，分管（协管）领导与单位"一把手"为同一人时，权重合并计算。

第三十一条 年度绩效考评得分计算

（一）专业公司领导人员年度绩效考评得分=经营业绩考核得分×80%+能力和态度评价得分×20%+合规性考核单项罚分。

CONFIDENTIAL

（二）集团本部职能部门领导人员年度绩效考评得分＝年度经营业绩考核得分×60%+年度能力和态度评价得分×40%+合规性考核单项罚分。

第三十二条 年度绩效考评等次的确定

（一）分类和排序

考评办公室依据绩效考评得分，原则上按以下规则进行分类，同类人员按年度绩效考评得分由高至低进行排序：

1.专业公司领导班子成员（含兼任专业公司领导班子职务的非集团领导班子高管人员）、集团公司直属单位正副职负责人；

2.集团公司本部职能部门负责人（含兼任部门职务的非集团领导班子高管人员）、集团公司派出企业专职董事、监事和高管人员；

3.年度绩效考评等次

年度绩效考评等次分为A（优秀）、B（良好）、C（称职）、D（基本称职）、E（不称职）五个级别。

（1）A等为超出预期，卓越完成年度绩效指标和重点工作，原则上不超过本类人员的20%，没有符合条件的可以空缺；

（2）B级为达到目标，完成年度绩效指标和重点工作，且能力态度评价为优秀者。原则上不超过本类经理人的40%，没有符合条件的可以空缺；

（3）C级为基本达到目标，基本完成年度绩效指标和重点工作，且能力态度评价＊良好及以上者；

17

CONFIDENTIAL                                                    IRI-SU-001270

(4) D级为基本达到工作要求，但存在未完成指标或未完成项，且能力态度评价* 称职者及以上者；

(5) E级为未完成年度绩效指标和重点工作，且能力态度评价* 不称职者，不能胜任工作。

（二）集团公司考评办公室根据分类排序情况，拟定经理人年度绩效考评等次和绩效薪酬系数方案，报集团公司绩效考评委员会审批。

| 考评等次 | 绩效薪酬系数 |
|---|---|
| A | 1.6-2.0 |
| B | 1.2-1.5 |
| C | 0.9-1.1 |
| D | 0.5-0.8 |
| E | 0 |

第三十三条 根据年度绩效考评等次，年度绩效薪酬标准由集团公司人力资源部提出建议方案，集团公司主要领导批准：

经理人年度绩效薪酬=年度绩效薪酬标准×绩效薪酬系数

第三十四条 由于清产核资、企业改制、工作调动等原因导致对经理人的考核指标发生变化的，集团公司可以根据具体情况变更《经营业绩责任书》的相关内容。

第三十五条 因工作需要，经理人在年度内发生岗位变更时，按任职时间分段进行年度绩效考评。

第三十六条 依据本管理办法开展的经理人年度绩效考评结果，将作为经理人试用期考评和任期考评的重要依据。

18

CONFIDENTIAL

IRI-SU-001271

## 第励章 激励与监督

第三十七条 严格执行中国电子和彩虹集团经理人管理的有关规定，建立以考核评价为基础，与工作业绩挂钩的经理人激励机制。

第三十八条 经理人应当认真履行岗位职责，依法经营，廉洁从业，切实维护国家、出资人、企业的利益和职工的合法权益。经理人中的中共党员，要按照《国有企业领导人员廉洁从业若干规定》和《中国共产党党内监督条例》等有关规定，严格自律，自觉接受党组织和党员的监督。

第三十九条 组织人事部门应当加强对经理人的日常监督管理，坚持以预防为主、事前监督为主，建立和完善经常性了解和及时发现问题的工作机制。

第四十条 集团公司纪检部门和企业党委、纪委应当加强对经理人贯彻执行党的路线方针政策、遵守党纪政纪和廉洁从业等情况的监督检查，坚决惩治和有效预防腐败。涉及经理人的违纪案件，按照干部管理权限，非党员领导干部按照《彩虹集团有限公司关于实行党政领导人员问责的暂行规定》等有关规定，由组织人事部门处理；党员领导干部按照《中国共产党问责条例》和《中国共产党纪律处分条例》有关规定，由具备管辖权的纪委组织处理。

第四十一条 加强职工民主监督。发挥职工代表大会、工会的作用，实行厂务公开、民主管理，在已建立职代会的企业坚持职工代表对经理人的民主评议制度。

19

CONFIDENTIAL

IRI-SU-001272

第四十二条 实行经理人任职回避和公务回避制度，具体包括：

（一）任职回避：经理人与有夫妻关系、直系血亲关系、三代以内旁系血亲关系以及近姻亲关系的相关人员，不得在同一机关担任双方直接隶属于同一领导人员的职务或者有直接上下级领导关系的职务，也不得在其中一方担任领导职务的机关从事组织、人事、纪检、监察、审计和财务工作。

（二）公务回避：经理人执行公务时，涉及本人利害关系、或涉及与本人有任职回避中规定的亲属关系人员的利害关系的、或其他可能影响公正执行公务的事项，应当申请回避。

在经理人任职调整时，如有上述需要回避的情况，经理人应主动向组织予以说明，并提出回避申请。

第四十三条 按照依法合规、从严从俭和公开透明的原则，各企业应当建立经理人履职待遇及业务支出等管理制度，并报集团公司人力资源部备案。对经理人公务用车配备及使用、通信、业务招待、差旅、考察培训等与履行职责相关的消费项目，应当明确标准，制订预算，年终将执行情况报集团公司党委，并接受职工民主监督。

第四十四条 经理人在离任、任期届满时，依照有关规定进行经济责任审计，审计结果作为任期绩效薪酬兑现的参考。必要时，依照有关规定进行任中经济责任审计。

第四十五条 建立经理人责任追究制度。经理人有下列情形之一的，按照管理权限和有关法律法规给予经济处罚、组织处理、党纪政纪处分；涉嫌犯罪的，依法移送司法机关处理：

20

IRI-SU-001273

（一）接受不正当利益，或者利用职权谋取私利的；

（二）泄露企业商业秘密，损害企业合法权益的；

（三）违反财政金融制度或者国家有关政策规定的；

（四）违反企业规章制度、工作程序或者办事规则，给企业造成重大损失的；

（五）因经营决策失误造成企业重大损失的；

（六）因管理不善造成国有资产严重流失的；

（七）因用人失察、失误造成恶劣影响或者重大损失的；

（八）对安全、质量、保密、环保等重大及以上责任事故和重大群体性事件负有领导责任的；

（九）对董事会决议违反法律法规、公司章程规定，或者明显损害国家、出资人、企业的利益和职工合法权益，董事本人表决时未投反对票的；

（十）其他应当追究责任的情形。


## 第醒章　提醒、函询和诫勉


第四十六条 集团公司各级组织人事部门应在党组织的领导下，按照经理人管理权限，会同同级纪检部门，对经理人进行提醒、函询和诫勉。

对经理人进行提醒、函询和诫勉，应当坚持从严要求，把纪律挺在前面，惩前毖后、治病救人、抓早抓小、防微杜渐。

第四十七条 提醒

对经理人进行提醒，一般采取谈话方式，由组织人事部门

CONFIDENTIAL

负责人作为谈话人，也可以采取书面方式。组织人事部门在经理人日常管理监督或党内集中教育活动、领导班子换届、领导班子民主生活会、年度考评、巡视等工作中，对经理人的苗头性倾向性问题以及其他需要引起注意的情况，应当及时进行提醒。

第四十八条 函询

（一）组织人事部门会同纪检部门针对信访、举报及其他途径反映经理人政治思想、履行职责、工作作风、道德品质、廉政勤政、组织纪律等方面的问题，除进行调查核实的外，一般采取书面方式对被反映的经理人进行函询了解。

有下列情形之一的，组织人事部门可以委托函询对象所在单位的党组织主要负责人对其进行督促，也可以会同有关单位直接进行调查了解：

1.无故不按期书面回复的；

2.两次函询后仍未说明清楚的；

3.从回复材料中发现存在其他问题的。

（二）经函询或者调查了解，函询对象确实存在问题的，应当根据相关规定进行处理。

第四十九条 诫勉

（一）经理人存在下列问题，虽不构成违纪但造成不良影响的，或者虽构成违纪但根据有关规定免于党纪政纪处分的，应当对其进行诫勉：

1.遵守党的政治纪律、组织纪律不够严格的；

2.执行民主集中制不够严格，个人决定应由集体决策事项或

22

IRI-SU-001275

者在领导班子中闹无原则纠纷的；

　　3.执行《党政领导干部选拔任用工作条例》不够严格，用人失察失误的；

　　4.法治观念淡薄，不依法履行职责或者妨碍他人依法履行职责的；

　　5.违反规定干预市场经济活动的；

　　6.不认真落实中央八项规定精神和厉行节约反对浪费规定的；

　　7.脱离实际、弄虚作假，损害群众利益和党群干群关系的；

　　8.无正当理由不按时报告、不如实报告个人有关事项的；

　　9.执行廉洁自律规定不严格的；

　　10.纪律松弛、监管不力，对身边工作人员发生严重违纪违法行为负有责任的；

　　11.在巡视、经济责任审计中发现有违规行为的；

　　12.从事有悖社会公德、职业道德、家庭美德活动的；

　　13.违反经理人履行岗位职责的合规性要求及相关管理制度的，如履职待遇和业务支出管理规定、因私出国（境）管理规定等；

　　14.其他需要进行诫勉的情形。

　　（二）受到诫勉的经理人，取消当年年度考评、本任期考评评优和评选各类先进的资格，并根据企业有关规定给予相应的处理。

　　（三）受到诫勉谈话的经理人半年内不得提拔使用。

　　（四）诫勉六个月后，组织人事部门应当采取适当方式，

23

IRI-SU-001276

对诫勉对象的改正情况进行了解。对于没有改正或者改正不明显的，根据情节轻重，给予调离岗位、引咎辞职、责令辞职、降职、免职等组织处理。

第五十条 经理人接受提醒、函询和诫勉时，必须认真对待、如实回答，不得隐瞒、编造、歪曲事实和回避问题；不得追查反映问题人员，更不得打击报复。对违法者，根据情节轻重，给予组织处理；构成违纪违法的，移送有关部门依纪依法处理。

## 第理章 经理人退出

第五十一条 经理人有下列情形之一的，一般予以免职或解聘：

（一）任期届满未被续聘（任）的；

（二）在年度考评、任期考评中被确定为不称职，或者连续两次年度考评为基本称职的；

（三）因严重违纪违法被追究责任的；

（四）因健康原因不能坚持正常工作超过一年的；

（五）达到法定退休年龄的；

（六）因其他原因需要解聘或免职的。

第五十二条 由于年龄限制，不再参加新一轮岗位竞聘的经理人，男性年龄在55-58周岁、女性年龄在50-53周岁之间者，根据个人专业特长，可以安排从事专项事务管理（以下简称专务）。

24

CONFIDENTIAL

IRI-SU-001277

专务必须负责所在单位的专业性工作，遵守所在单位的劳动规章制度；所在单位应按照在职员工的标准正常考评，不得搞特殊化。

专务实行月薪制，每月根据考核结果核算薪酬，薪酬标准由各单位自行确定，原则上年度薪酬合计不得超过原所在岗位薪酬标准的70%。

第五十三条 经理人（不含集团公司非领导班子高管人员）以及从事专务人员，男性年满58周岁、女性年满53周岁者，原则上应直接退出经理人岗位或专务岗位，离岗休息。离岗生效*间为到龄当年12月。

特殊情况下，工作急需、无法离开的到龄经理人，应由集团公司人力资源部或所在专业公司提出申请，并报集团公司党委会研究批准，可以继续留任。

第五十四条 经理人离职或者退休后，继续对原任职企业的商业秘密和核心技术负有保密责任和义务，保密期限按照集团公司和原任职企业的规定执行。

## 第司章 附　则

第五十五条 经理人应当与所就职企业签订劳动合同，具体按照《彩虹集团有限公司劳动合同管理办法》有关规定执行。

第五十六条 属于领导人员外出报告对象范围的经理人，外出应按集团有关规定履行报告手续。

第五十七条 本办法由集团公司人力资源部负责解释，自下

25

IRI-SU-001278

发之日起施行。原《关于下发<彩虹集团有限公司企业领导人员管理办法>的通知》（彩团人[2018]20号）、《关于下发<彩虹集团公司投资企业经营者绩效考核管理办法>的通知》（彩团人[2014]138号）、《关于下发<彩虹集团公司职能部门负责人绩效考核管理办法>的通知》（彩团人[2014]81号）同时废止。

26

CONFIDENTIAL

IRI-SU-001279

抄送：集团公司领导。

发：公司各单位、本部各部门。

集团办公室　　　　　2020年12月17日网络发送

CONFIDENTIAL

Attachment C



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates number: IRI-SU-001423

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

787 Mai Ya       2022-04-12 16:31:22    [File][938598]
788 Mai Ya       2022-04-12 16:31:24    [File][3035750]
789 Mai Ya       2022-04-12 16:31:27    [File][6705766]
790 Mai Ya       2022-04-12 16:31:30    [File][9851494]
                                        Director Shi, the Party Committee meeting materials prepared as per the
791 Mai Ya       2022-04-12 16:32:00    secretary's special meeting requirements, for your review, please.
792 Shi Feng     2022-04-12 16:40:15    Good

**Document Produced Natively**

CONFIDENTIAL

IRI-SU-001423

| 787 | 买娅 | 2022-04-12 16:31:22 | [文件] [ 938598 ] |
| 788 | 买娅 | 2022-04-12 16:31:24 | [文件] [ 3035750 ] |
| 789 | 买娅 | 2022-04-12 16:31:27 | [文件] [ 6705766 ] |
| 790 | 买娅 | 2022-04-12 16:31:30 | [文件] [ 9851494 ] |
| 791 | 买娅 | 2022-04-12 16:32:00 | **石部**长，按照书记专题会要求准备的党委会议案资料，请您审核。 |
| 792 | **石峰** | 2022-04-12 16:40:15 | **好** |

# Attachment D



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates number: IRI-SU-001446

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number: BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

| 803 | Shi Feng | 2022-04-13 11:15:29 | The personnel listed in the proposal for the adjustment of the board of directors and supervisors at Hanzhong Jiarunze is incorrect. |
| 804 | Shi Feng | 2022-04-13 11:17:42 | Also, regarding Su Xiaohua, wait until the individual formally submits an early resignation application to Irico, then after Irico sends a request report, it will be discussed at the Party Committee meeting. |

**Document Produced Natively**

CONFIDENTIAL
IRI-SU-001446

803  **石峰**      2022-04-13 11:15:29   **关于**调整汉中佳润泽董监事的议案里面人员不对

804  **石峰**      2022-04-13 11:17:42   **再就是**苏晓华那个，等本人正式向彩虹实业提出提前离职申请后，由彩虹实业打请示报告后在上党委会研究。

Attachment E



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, **Johnson Wong**, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates number: IRI-SU-000400

*(Digital or printed signature here above the line)*

**Johnson Wong**

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

| Department Leader Signature | |
|---|---|
| Supervising Leader Signature | |

Irico Group Party Committee Meeting Proposal

# Proposal Regarding Su Xiaohua's Early Departure Due to Reaching the Age Limit for his Position

To the Party Committee of the Company:

According to the provisions of the 'Manager Management and Performance Evaluation Methods of Irico Group Co., Ltd.,' Su Xiaohua, the South China Regional General Manager of Xianyang Irico Group Industrial Co., Ltd., reached the upper age limit for his position in March 2022 and is supposed to resign his position as a manager, and leave his position and take rest at the end of December. Those who leave their positions and take rest as required are to be paid a leaving position salary month by month during the period of leaving their positions and taking rest until the official retirement procedures are completed.

Now, Su Xiaohua has requested to leave his position ahead of schedule due to personal reasons. It is proposed to approve Su Xiaohua's leaving his position ahead of schedule after reaching the age limit for his position. Irico Industrial should handle Su Xiaohua's departure procedures in accordance with the relevant provisions of the 'Manager Management and Performance Evaluation Methods of Irico Group Co., Ltd.'

The Party Committee of the Group is hereby asked to review the above.

Irico Group Co., Ltd. Human Resources Department
April X, 2022

| 部门领导签字 | |
|---|---|
| 主管领导签字 | |

彩虹集团党委会议案

# 关于苏晓华到达任职年龄提前离岗的议案

公司党委会：

　　根据《彩虹集团有限公司经理人管理及绩效考评办法》有关规定，咸阳彩虹集团实业有限公司华南区域总经理苏晓华2022年3月到达任职年龄上限，应在12月底退出经理人岗位离岗休息。按要求离岗休息人员离岗休息期间按月发放离岗工资，直至办理正式退休手续。

　　现苏晓华因个人原因提出提前离岗要求，拟同意苏晓华到达任职年龄上限后提前离岗，由彩虹实业参照《彩虹集团有限公司经理人管理及绩效考评办法》有关规定，办理苏晓华离岗手续。

　　以上，请集团党委会予以审议。

彩虹集团有限公司人力资源部

2022年4月X日

CONFIDENTIAL

Attachment F



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-000402-  IRI-SU-000403

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

# Proposal Regarding Su Xiaohua's Resignation from His Position as a Manager Ahead of Schedule

To the Party Committee of the Company:

Su Xiaohua, the South China Regional General Manager, has submitted a written request for resignation from his position as a manager ahead of schedule and for implementation of the benefits for leaving the position and taking rest.

Currently, Su Xiaohua holds the positions of General Manager, Director, and Legal Representative at Foshan Flat Panel, Executive Director, General Manager, and Legal Representative at Caizhu Company, and Executive Director, General Manager, and Legal Representative at Shenzhen Hongyang. He is also the Chairman and Legal Representative at Hong Kong Ruibo.

Su Xiaohua is now 58 years old. According to Article 53 of the 'Manager Management and Performance Evaluation Methods of Irico Group Co., Ltd.,' he has reached the age limit for his position, though the effective time for leaving the position (December of the year he reaches the age limit) has not yet arrived. Considering his request for leaving the position ahead of schedule due to personal reasons, taking into account the actual operational situation in the South China region, and in combination with the company's requirements to accelerate the training of young executives, it is proposed to approve Su Xiaohua's leaving the position ahead of schedule and implement the benefits for leaving the position and taking rest.

Please review the above.

Company Office
May 9, 2022

> **Article 53** Managers (excluding senior executives of the group company who are not part of the leadership team) and specialized personnel, upon reaching the age of 58 if male or upon reaching the age of 53 if female, should in principle directly resign from their positions as managers or specialized positions, leave the positions and take rest. The effective time for leaving the position is December of the year in which they reach the specified age.

Attachment: Su Xiaohua's Written Request

## Request Report

Respected Leaders,
Greetings to you all!
    I have always been diligent in my position, working with a high sense of responsibility and commitment, and deeply involved in various management tasks in the South China region with an indomitable work spirit. I am also very grateful for the cultivation and care provided by leaders of the Irico Group and Irico Industrial.

███████████████████████████████████████████████████████

    Currently, I have reached the age limit for my managerial position. Given the personal reasons mentioned above, I hereby request for resignation from my position as a manager ahead of schedule and for implementation of corresponding benefits. Please approve my request.

Requested by: Su Xiaohua
Request date: May 5, 2022

CONFIDENTIAL

# 关于苏晓华提前退出经理人岗位的议案

公司党委会：

华南区域总经理苏晓华因个人原因，书面申请提前退出经理人岗位，执行离岗休息待遇。

苏晓华现任职佛山平板总经理、董事、法定代表人；彩珠公司执行董事、总经理、法定代表人；深圳虹阳执行董事、总经理、法定代表人；香港瑞博董事长、法定代表人。

苏晓华目前已年满58周岁，根据《彩虹集团有限公司经理人管理及绩效考评办法》第五十三条的规定，其已到达任职年龄上限，但尚未到离岗生效时间（到龄当年12月）。鉴于其因个人原因申请提前离岗，综合考虑华南区域经营工作实际，结合公司加快培养年轻干部的要求，拟同意苏晓华提前离岗，并执行离岗休息待遇。

以上请审议。

公司办公室

2022年5月9日

---

**第五十三条** 经理人（不含集团公司非领导班子高管人员）以及从事专务人员，男性年满58周岁、女性年满53周岁者，原则上应直接退出经理人岗位或专务岗位，离岗休息。离岗生效时间为到龄当年12月。

IRI-SU-000402

附件：苏晓华书面申请

## 申请报告

尊敬的各位领导：

您们好！

本人长期以来兢兢业业的在自己的岗位上做好本职工作，始终以高度的责任心和使命感，以一往无前的工作精神扎进华南区的各项管理工作中。同时，也非常感谢彩虹集团及彩虹实业领导一直以来对我的栽培和关心。

目前，本人已达到经理人任职年龄上限，鉴于以上个人原因，现申请提前退出经理人岗位，并执行相应待遇。请予以批准。

申请人：苏晓华

申请日期：2022年5月18日

IRI-SU-000403

Attachment G



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa   1-888-856-2228
int   +1-310-684-3153
fax   +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **RESIGNATION REPORT** |
| **SU XIAOHUA** |
| **IRI-SU-000141** |
| |

| Source Language:   **CHINESE** | Target Language:   **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director                **Date:**   March 3, 2023

A copy of the translated version(s) is attached to this statement of certification.

 certifiedtranslate

# Resignation Report

To all of the respected leaders:

Good day!

For a long period of time I have always conscientiously performed my job duties at my own post, and I have always been involved in various management tasks in South China with a high sense of responsibility and mission, and I have always done so by welcoming all of the challenges at work. At the same time, I am also very grateful to the leaders of Irico Group and Irico Industrial Company for their cultivation of and care for me.



At this time, I have reached the upper limit of the employment age for managers. Due to the above personal reasons, I would like to apply for early resignation from my position as a manager and terminate my employment relationship with the company. Please be advised.

Applicant: *Su Xiaohua [signature]*

Date of Application: *2022 / [illegible] / 25*

# 辞职报告

尊敬的各位领导：

　　您们好！

　　本人长期以来兢兢业业的在自己的岗位上做好本职工作，始终以高度的责任心和使命感，以一往无前的工作精神扎进华南区的各项管理工作中。同时，也非常感谢彩虹集团及彩虹实业领导一直以来对我的栽培和关心。

████████████████████████████████████████████

　　目前，本人已达到经理人任职年龄上限，鉴于以上个人原因，现申请提前退出经理人岗位，解除与公司的劳动关系。请知悉。

申请人：苏晓华

申请日期：2022年5月25日

Attachment H



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-001006-  IRI-SU-001007

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

Proposal 1:

# Proposal Regarding the Appointment (and Dismissal) of Zhang Jiming and Others

To the Party Committee of the Company:

Su Xiaohua has requested for leaving his position ahead of schedule and taking rest due to personal reasons. After the company's Party Committee (2022-8) reviewed the request, it was submitted for group approval, and he has been approved for leaving his position ahead of schedule and taking rest. Based on the needs of the work and after preliminary review and selection, it is recommended that Zhang Jiming take charge of the work in the South China region.

It is proposed to recommend Zhang Jiming for the positions of General Manager, Director, and Legal Representative of Foshan Flat Panel Display Co., Ltd. It is proposed that Zhang Jiming is appointed as the Executive Director, General Manager, and Legal Representative of Caizhu Company; and as the Executive Director, General Manager, and Legal Representative of Shenzhen Hongyang. It is also proposed to appoint Zhang Jiming as a Director and as the Chairman of the Board at Hong Kong Ruibo.

All the above positions are number one positions at the third-level companies, with a one-year probation period. At the same time, Su Xiaohua is to be dismissed from all the above positions, and Zhang Jiming is to be dismissed from his position as Deputy General Manager of Zhongdian Irico Property.

Please review the above proposals.

Attachment: Resume of Zhang Jiming

Company Office (Office of Party and Masses Affairs)
June 6, 2022

# Resume of Zhang Jiming

Zhang Jiming, ███████████████████████████████████ He has a bachelor's degree, holds the title of Assistant Engineer, and is a ███████████████████ He began his career in August 1995 and has since served in various positions, including team leader and scheduler in the second workshop of the color tube 2nd factory, secretary of the Youth League Committee and union official in the color tube 2nd factory office, director of the production department and office at the Optoelectronic Materials Company, director of the Human Resources Diversion and Resettlement Office at Irico Group, deputy director of the Integrated Management Department at Irico Industrial, deputy general manager of the Trade and Logistics Division at Zhongdian Irico, vice general manager at Xi Cai Company, and deputy group leader of the optimization and integration group at Irico Import and Export; he is currently the deputy general manager of Zhongdian Irico Property.

议案1：

# 关于张继明等聘任（解聘）职务的议案

公司党委会：

苏晓华因个人原因申请提前离岗休息，经公司党委会 (2022-8) 研究后报集团审批，同意提前离岗休息。根据工作需要，经初步考察筛选，建议由张继明负责华南区域工作。

拟推荐张继明为佛山平板总经理、董事、法定代表人。拟聘任张继明为彩珠公司执行董事、总经理、法定代表人；深圳虹阳执行董事、总经理、法定代表人。拟委派张继明为香港瑞博董事并担任董事长。

以上职务均为三级单位正职，试用期一年。同时解聘苏晓华以上职务，解聘张继明中电彩虹物业副总经理职务。

以上议案请各位领导审议。

附件：张继明个人简历

公司办公室（党群办公室）

2022年6月6日

IRI-SU-001006

# 张继明个人简历

张继明，█████████████████████████████████

本科学历，助理工程师，█████████████。1995年8月参加工

作，先后任彩管二厂二车间班组长、调度，彩管二厂办公室团

委书记、工会干事，光电材料公司生产部、办公室主任，彩虹

集团人力资源分流安置办公室主任，彩虹实业综合管理部副部

长，中电彩虹贸易物流事业部副总经理，西彩公司副总经理,

彩虹进出口优化整合小组副组长；现任中电彩虹物业副总经

理。

CONFIDENTIAL

# Attachment I



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates number: IRI-SU-001436

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

| 45 | Mai Ya | 2022-06-13 17:36:41 | [File][17912706] |
| 46 | Mai Ya | 2022-06-13 17:36:41 | [File][16864130] |
| 47 | Mai Ya | 2022-06-13 17:36:41 | [File][32527234] |
| 48 | Mai Ya | 2022-06-13 17:36:41 | [File][33051522] |
| 49 | Mai Ya | 2022-06-13 17:37:27 | Director Hao, please review the drafted document to see if there are any issues. Once you've finished, we'll proceed with the approval process. |
| 50 | Hao Li | 2022-06-13 18:03:59 | The appointment for Caizhu is to be issued by the Industrial, the rest is fine. |
| 51 | Mai Ya | 2022-06-13 18:04:22 | OK |

**Document Produced Natively**

CONFIDENTIAL

IRI-SU-001436

45 买娅    2022-06-13 17:36:41    [文件] [ 17912706 ]
46 买娅    2022-06-13 17:36:41    [文件] [ 16864130 ]
47 买娅    2022-06-13 17:36:41    [文件] [ 32527234 ]
48 买娅    2022-06-13 17:36:41    [文件] [ 33051522 ]
49 买娅    2022-06-13 17:37:27    郝部长，看下起草的文件内容，有没有问题。您看完了我们走审批程序。
50 郝莉    2022-06-13 18:03:59    彩珠的聘任由实业出，其他都没问题。
51 买娅    2022-06-13 18:04:22    好的

Attachment J



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-000208 -  IRI-SU-000210

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

# Irico Group Limited

Irico Group Document No. 8 of 2022

## Document Regarding the Recommendation of Zhang Jiming as the Candidate for Director and General Manager of Irico (Foshan) Flat Panel Display Co., Ltd.

To Irico (Foshan) Flat Panel Display Co., Ltd.:

In accordance with work requirements and after careful consideration, we recommend Zhang Jiming as the candidate for the positions of Director and General Manager of Irico (Foshan) Flat Panel Display Co., Ltd., and to serve as the legal representative. Su Xiaohua will no longer serve as your company's Director, General Manager, and legal representative.

Please review this recommendation in accordance with the relevant provisions of the Company Law and the company's charter.

Attachment: Resume of the Recommended Individual

*[stamp] Irico Group Limited*
*1101081232863*
Irico Group Limited
June 17, 2022

-1-

CONFIDENTIAL

Attachment

# Resume of the Recommended Individual

Zhang Jiming, ███████████████████████████████████████ He graduated with a bachelor's degree in Business Administration from the Central Radio and TV University. He is a ████████ of the ███████████████ and an assistant engineer. Since joining the workforce in August 1995, he has held several positions, including team leader and scheduler of Workshop No. 2 at Irico Color Tube Factory No. 2, secretary of the Youth League Committee and union official in the office of Irico Color Picture Tube Factory No. 2, director of the Production Department and office director at Shaanxi Irico Optoelectronic Materials Corporation, director of the Human Resources Department's Resettlement and Diversion Office at Irico Group, deputy director of the Integrated Management Department at Xianyang Irico Group Industrial Co., Ltd., deputy general manager of the Trade and Logistics Division at Xianyang Zhongdian Irico Group Holdings Co., Ltd., vice general manager at Xi'an Irico Electrical Appliance Industrial Co., Ltd., and deputy group leader of the Optimization and Integration Group at China Irico Electronics Import and Export Co., Ltd. He is currently the vice general manager of Zhongdian Irico Property Subsidiary of Xianyang Irico Group Industrial Co., Ltd.

-2-

# Resolution of the Shareholders' Meeting of <u>Irico (Foshan) Flat Panel Display Co., Ltd.</u>

Attending shareholders of the Meeting: <u>Irico Group Co., Ltd.</u>, <u>Foshan Shunde District Changde Real Estate Development Co., Ltd.</u>

The shareholders' meeting was held on <u>July 28, 2022</u> at <u>Irico (Foshan) Flat Panel Display Co., Ltd.</u> The convening procedures and voting methods of this meeting complied with the relevant provisions of the 'Company Law of the People's Republic of China' and the charter of our company.

The company's shareholders' meeting consists of <u>2</u> members. The <u>2</u> attending shareholders, representing <u>100%</u> of the company's voting rights, and the reached resolutions were approved by <u>100%</u> of the voting rights of the company's shareholders. These actions are in accordance with the provisions of the 'Company Law of the People's Republic of China' and the company's charter. The content of the resolutions is as follows:

I. Agree to dismiss <u>Su Xiaohua</u> from his position as a company director; agree to elect <u>Zhang Jiming</u> as a company director; agree that <u>Han Bin</u>, <u>Zhang Bing</u>, <u>Wang Dong</u>, and <u>Zheng Hui</u> continue to serve as company directors. Agree to dismiss <u>Su Xiaohua</u> from his positions as the company's manager and legal representative; agree to appoint <u>Zhang Jiming</u> as the company's manager and legal representative. Agree that <u>Li Yunpu</u> continues to serve as the company's supervisor.

All shareholders: (signature seal)
Irico Group Limited
*[stamp] Irico Group Limited [illegible]*

Foshan Shunde District Changde Real Estate Development Co., Ltd.
*[stamp] Foshan Shunde District Changde Real Estate Development Co., Ltd. [illegible]*

July 28, 2022 (Company Seal)
*[stamp] Irico (Foshan) Flat Panel Display Co., Ltd. [illegible]*

CONFIDENTIAL

# 彩虹集团有限公司

彩团人函〔2022〕8 号

## 关于推荐张继明为彩虹(佛山)平板显示有限公司董事、总经理候选人的函

彩虹(佛山)平板显示有限公司：

根据工作需要，经研究决定，推荐张继明为彩虹(佛山)平板显示有限公司董事、总经理候选人，并担任法定代表人。苏晓华不再担任贵公司董事、总经理、法定代表人。

请贵公司依据公司法和公司章程的有关规定予以审议。

附件：推荐人员简历



彩虹集团有限公司
2022 年 6 月 17 日

-1-

CONFIDENTIAL

IRI-SU-000208

附件

# 推荐人员简历

张继明，███████████████████████████████，中央广播电视大学工商管理专业本科毕业，██████，助理工程师。1995 年 8 月参加工作，历任彩虹彩色显像管二厂二车间班组长、调度，彩虹彩色显像管二厂办公室团委书记、工会干事，陕西彩虹光电材料总公司生产部部长、办公室主任，彩虹集团公司人力资源部安置分流办公室主任，咸阳彩虹集团实业有限公司综合管理部副部长，咸阳中电彩虹集团控股有限公司贸易物流事业部副总经理，西安彩虹电器工业有限公司副总经理，中国彩虹电子进出口有限公司优化整合小组副组长。现任咸阳彩虹集团实业有限公司中电彩虹物业分公司副总经理。

CONFIDENTIAL

# 彩虹（佛山）平板显示有限公司股东会决议

出席会议股东：彩虹集团有限公司、佛山市顺德区长德置业发展有限公司

本次股东会于 2022 年 7 月 28 日在 彩虹（佛山）平板显示有限公司 召开，本次会议的召集程序、表决方式符合《中华人民共和国公司法》及本公司章程的有关规定。

公司股东会成员 2 人，出席本次会议的股东 2 人，代表公司股东 100 %表决权，所作出的决议经公司股东表决权 100 %同意通过，符合《中华人民共和国公司法》和本公司章程的规定。决议内容如下：

一、同意免去 苏晓华 的公司董事职务；同意选举张继明为公司董事；同意 韩彬 、 张兵 、 王栋 、郑辉 继续担任公司董事。同意免去 苏晓华 公司经理、法定代表人职务；同意 张继明 担任公司经理、法定代表人。同意 李云普 继续担任公司监事。

全体股东：（签名、盖章）

彩虹集团有限公司　　　　佛山市顺德区长德置业发展有限公司



2022年 7 月 28 日（公司盖章）

CONFIDENTIAL

# Attachment K



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range:– IRI-SU-001473 -  IRI-SU-001474

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

Internal

# Minutes of the Party Committee of Irico Group Ltd. on Human Resources

Irico Group Party (Human Resources) [2019] No. 3

## Minutes of Human Resources Discussion at the Party Committee Meeting on February 26, 2019

On February 26, the group company convened a Party Committee meeting attended by members of the group's Party Committee. The meeting discussed human resources matters and formed the following minutes:

**I. Proposal Regarding the Adjustment of the Living Expense Standard for Managers Leaving Their Positions and Taking Rest Upon Reaching the Age Limit**

The proposal was passed in principle.

It was unanimously agreed to adjust and increase the standard to RMB 6000 per month. Given that the number of personnel involved in this change is not significant and their income is indeed lower than other enterprises, it is recommended to gradually increase this amount.

-1-

**I. Time:**           February 26, 2019 (Tuesday) 8:00

**II. Location:**    Xianyang Office Building, Meeting Room 303

**III. Chair:**      Si Yuncong

**IV. Participants:**  Chen Zhongguo, Li Miao, Zhang Junhua, Ding Wenhui, Fan Laiying, Pan Yaobo

**V. Observer:**    Zhang Bing

**VI. Agenda:**

1. Proposal regarding adjusting the living expense standard for managers leaving their positions and taking rest upon reaching the age limit

2. Proposal regarding the salary distribution and structure of leadership personnel

3. Proposal regarding the number of leadership positions in specialized companies and functional departments

4. Proposal regarding the total wage management model in specialized companies

---

Cc: Party Committee Members of the Group Company.

---

Human Resources Department of the Group            Sent electronically on February 26, 2019

-2-

CONFIDENTIAL          IRI-SU-001474_E Translation

内　部

# 彩虹集团有限公司党委会人事纪要

彩团党（人事）〔2019〕3 号

## 2019 年 2 月 26 日党委会人事议题纪要

2 月 26 日，集团公司召开党委会，集团党委委员参加会议。会议涉及有关人事议题形成纪要如下：

**一、关于调整到龄离岗休息经理人生活费标准的议案**

原则通过本议案。

一致同意此次执行标准调整提高到 6000 元/月。本次涉及人员不多，与其他企业对比收入的确偏低，建议逐步进行提高。

CONFIDENTIAL

一、时　间：2019 年 2 月 26 日（周二）8:00

二、地　点：咸阳办公楼 303 会议室

三、主　持：司云聪

四、参　加：陈忠国、李　淼、张君华、丁文惠、樊来盈、
　　　　　　潘尧波

五、列　席：张　兵

六、议　题：

1.关于调整到龄离岗休息经理人生活费标准的议案

2.关于领导人员薪酬分配和构成的议案

3.关于专业公司及职能部门领导人员职数议案

4.关于专业公司工资总额管理模式的议案

---

抄送：集团公司党委委员。

---

集团人力资源部　　　　　　　　　　2019 年 2 月 26 日网络发送

- 2 -

IRI-SU-001474

Attachment L



November 13, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates number: IRI—SU-001470

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number:  BBLLP_2311_P0043

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870



Salary Detail Sheet 1 for July 2022 of the Comprehensive Department 2 and Finance Personnel in the South China Region for Mid- to Long-Term Contract Workers

| Name | Performance points | Skill wage | Basic wage | Position wage | Position bonus | Gross wage | Disbursements 1 | | | | | | | Disbursements | | | | | | | Deductions | | | | | | | Salary total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Communication fee | Seniority | Health care | Housing subsidy | On-the-job academic qualification allowance | High-temperature fee | Living subsidy | One-child fee | Family visitation allowance | Rewards | Subtotal | Meal deductions | Pension insurance | Unemployment insurance | Medical insurance | Provident fund | Personal income tax | Subtotal | |

Approved by: [signature]

Reviewed by: [signature]

CONFIDENTIAL



华南区域综合二部及财务人员2022年7月份中长期合同工资明细表1

审核：

批准：

IRI-SU-001470

CONFIDENTIAL

# DOCUMENT 27

# BAKER BOTTS LLP

700 K. STREET, N.W.    AUSTIN    NEW YORK
WASHINGTON, D.C.    BRUSSELS    PALO ALTO
20001    DALLAS    RIYADH
    DUBAI    SAN FRANCISCO
TEL  +1 202.639.7700    HOUSTON    SINGAPORE
FAX  +1 202.639.7890    LONDON    **WASHINGTON**
BakerBotts.com

November 28, 2023

**CONFIDENTIAL**

John Taladay
TEL: 2026397909
FAX: 2026391165
john.taladay@bakerbotts.com

VIA E-MAIL [VRW@JUDGEWALKER.COM]

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111

> Re:   In re Cathode Ray Tube (CRT) Antitrust Litigation, MDL No. 1917, Master File
> No. 07-CV-944-JST

Dear Judge Walker:

Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (collectively, "Irico") respectfully submit this response to Plaintiffs' Nov. 16, 2023, supplemental letter brief regarding Plaintiffs' motion for sanctions ("Su Letter Br.").

Irico's own Nov. 16, 2023, letter clarifying prior representations regarding Mr. Su ("Su Clarification Letter") discloses the same underlying facts and documents about Mr. Su Xiaohua's departure from Irico that Plaintiffs rely on in their submission.  Yet Plaintiffs' supplemental letter brief combines numerous misapprehensions and misstatements about those documents with inflammatory rhetoric in an attempt to paint Mr. Su's departure as some grand, nefarious scheme reflecting "deception" or "continuing misrepresentations" by Irico.  These allegations are misplaced.

At bottom, despite Plaintiffs' overblown claims to the contrary, the key facts regarding Mr. Su's departure remain the same: Mr. Su, notwithstanding his concerns about Covid-19 restrictions in place at the time, gave all appearances of cooperating with efforts to plan his deposition until late May of 2022 – before his travel visa could be obtained – at which time he informed the Irico Group legal department that he was leaving Irico and would not travel to complete his deposition. Thus, there was no moment in time at which Mr. Su was both willing and legally able to travel for his deposition such that Irico refused to produce him for deposition.

Finally, the circumstances regarding Mr. Su's departure still cannot justify the terminating or other severe sanctions that Plaintiffs request.  Mr. Su was in no way a key witness to the relevant facts of the case such that a determination on the merits is made impossible by his absence. Nor is there evidence of an intentional effort by Irico to deprive Plaintiffs or the court of the benefit of Mr. Su's deposition testimony.

**BAKER BOTTS** ᴸᴸᴾ

The Honorable Vaughn R. Walker            **- 2 -**

### I.    Responses to Plaintiffs' Recitation of Claims about the Recent Su Productions

Plaintiffs begin their supplemental letter brief with a recitation of misleading claims about Mr. Su's departure and Irico's intentions.  Irico addresses each in turn below.  Plaintiffs' claims (in *italics* below), and appropriate clarifications to address these misstatements, are:

- *"Mr. Su did not 'retire' on May 25, 2022. Rather, he was granted early participation in an Irico program whereby senior executives who have reached the age of 58 are allowed to take "off-duty and rest" status from their positions at the end of the year, but continue to be paid and employed by Irico."* Su Letter Br. at 1-2.

  - Plaintiffs misapprehend the situation and appear to be engaging in translation gamesmanship. The "Irico program" Plaintiffs refer to is not (as Plaintiffs imply) a special reward granted for Mr. Su, but rather a mandatory program of the Chinese government for state-owned enterprises like Irico to move younger managers into leadership positions earlier.  *See* Attachment 1 (China Regulations on Surplus Staff in State-Owned Enterprises), Art. 9 ("Employees who are less than five years from the retirement age can, upon their application and with the approval of the [state-owned] enterprise leadership, leave their job positions for rest.") Moreover, Plaintiffs' own prior translations of Irico's documents produced in December 2022 rendered the *same phrase* (离岗休息, *lí gǎng xiūxi*) as "**retire** and rest." *Compare* Hwu Decl. Ex. E at IRI-SU-000139E (Jan. 2023 translation rendering phrase as "retire and rest") *with id.*, Ex. B (Nov. 2023 translation rendering same phrase as "off-duty and rest").  In order to take advantage of this policy, Mr. Su was required to "resign from [his] positions as [a] manager[]," *see* Su Clarification Letter, Attachment B (IRI-SU-001254E) at -278E.  This was a permanent change in Mr. Su's status that relieved him of any job duties and authority.

- *"Mr. Su did not go on 'off-duty and rest' status until at least June 17, 2022—after Irico told Plaintiffs it could not produce him, after his Macau visa was granted, and after the time his deposition was to occur."* Su Letter Br. at 2.

  - As disclosed in Irico' Nov. 16, 2023 letter, June 17, 2022 was the official handover date to Mr. Su's replacement, Zhang Jiming.  When Mr. Su submitted formal requests to resign from his management positions in May 2022, his replacement had to be identified. Mr. Zhang's name first appears in responsive documents beginning on June 6, 2022, *see* Su Clarification Letter, Attachment H, indicating that he likely was not identified as Mr. Su's replacement until that time.  According to other employees at Irico Foshan, Mr. Su stepped back from his duties at Irico and stopped reporting

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 3 -

to his office for work well before this date, except for executing a few ministerial approvals required of the position. *See, e.g.*, Hwu Decl., Ex. R (IRI-SU-001454E). And regardless of the official date of Mr. Su's dismissal, he had unequivocally refused to travel for deposition as of May 31, 2022, given his departure and his grave concern over the stringent Covid-19 quarantines in effect at that time. *See* ECF Nos. 6027-3 at ¶ 6; 6036-1 at ¶ 4.

- *"Irico's claims of 'surprise' are false. Mr. Su's change to 'off-duty and rest' status was a months-long process that was well known within Irico before it negotiated an extension of the Court-ordered deadline for his deposition; the withheld evidence includes another application by Mr. Su for a change in status dated May 5, 2022 that is virtually identical to his purported May 25, 2022 'resignation.'"* Su Letter Br. at 2.

  - As it relates to planning for his deposition, Mr. Su's departure was indeed a complete surprise. Irico Group's legal department, which was coordinating Mr. Su's planned deposition travel, was not informed of Mr. Su's intent to leave and refusal to cooperate further until May 31, 2022. *See* ECF No. 6036-1 at ¶ 4. In contrast, the employees involved in coordinating the "months-long process" cited by Plaintiffs were primarily Human Resources staff at Irico Group and Xianyang Irico Industrial Co., Ltd. They had no reason to know of Mr. Su's planned deposition. *See* Su Clarification Letter at 1-2. Furthermore, the April 7 meeting minutes that initiated the process did not specify a date (other than before December 2022) for Mr. Su's departure, and Mr. Su made no formal request in writing to leave his management positions until his letter of May 5, 2022. Irico explained in its Nov. 16, 2023, letter how both the May 5 and May 25 letters were specifically requested by Irico Industrial's HR head to process Mr. Su's request to resign from his management positions. *Id.* at 2. These facts do not support any inference that Mr. Su's departure was an intentional effort by Irico to prevent Mr. Su from giving a deposition.

- *"Irico's claims that it did everything in its power to convince Mr. Su to testify are false; the record remains devoid of evidence of any attempt by Irico to persuade Mr. Su to appear for deposition. To the contrary, Irico rewarded Mr. Su by,* inter alia*, granting him "off-duty and rest" status ahead of schedule, allowing him to receive a substantial deferred compensation payment in July 2022, a bonus in January 2023, and a positive employment review in May 2023."* Su Letter Br. at 2.

  - Plaintiffs distort the facts mightily here, by re-branding required payments to Mr. Su as "rewards" and inventively describing his required (and

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker      - 4 -

somewhat unflattering) audit report as a "positive employment review." First, Plaintiffs conveniently fail to mention that the July 2022 payment was owed to him "for the year *2021.*" *See* Hwu Decl., Ex. L at IRI-SU-000845E (emphasis added). Second, the "bonus" from January 2023 – totaling approximately $350 with current exchange rates – was based on objective criteria applicable to *all* employees who worked at Irico Foshan during the year 2022 and was *reduced* by 50% given Mr. Su's early departure. *See* Hwu Decl., Ex. J at IRI-SU-000422-423E. Third, the "employment review" Plaintiffs mention was in fact an "Economic Responsibility Audit Report" conducted of all former managers, which (as the name implies) focused on financial matters, finding significant deficiencies during Mr. Su's tenure. *See* Hwu Decl., Ex. N at IRI-SU-000198E ("The audit revealed that during the tenure of Su Xiaohua, IRICO Industrial (South China) Co., Ltd. had issues such as inadequate operational control, noncompliant financial management, and weak internal control. As the general manager of the company, Comrade Su Xiaohua bears leadership responsibility for these identified issues."). Finally, Plaintiffs simply ignore the revealing and ongoing communications between Zhang Wenkai and Mr. Su exhorting Mr. Su to gather required documentation for visa approvals in late May of 2022. *See* Carter Decl. in Support of Irico Opposition to Plaintiffs' Mot. for Discovery Sanctions (Apr. 21, 2023), Ex. K (IRI-SU-000103E). As Irico has noted, these communications verify that Mr. Su gave every impression that he intended to appear for his deposition until his ultimate refusal on May 31, 2022.

- *"Irico's production confirms the Court's finding that Irico intentionally withheld documents in violation of the Su Order—at least the sixth Court order it has defied—and did so to facilitate its false narrative."* Su Letter Br. at 2.

  - ○ Plaintiffs' allegation of "intentionally withheld documents" is baseless and inflammatory. Plaintiffs ignore that the scope of the Special Master's orders differed substantially between the initial Su Order in December 2022 and the more recent Interim Orders in August and September of 2023. The initial Su Order required a "targeted collection" on seven discrete issues with a two-week timeframe. *See* ECF No. 6115 at 12-13. The Interim Orders of August and September 2023, by contrast, demanded a much broader forensic collection from various electronic systems using search terms that required two months of intensive work to complete, *see* ECF No. 6264 at 7-9; 6275 at 5-6. It was therefore completely expected that more documents would be produced given the expanded scope of the Interim Orders. Plaintiffs' claim that any such gaps were "intentional" makes no sense given that the additional documents were produced after a broader forensic search was ordered.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker      - 5 -

- *"Irico continues to destroy and withhold evidence. The Declaration of John M. Taladay Regarding Compliance with Interim Orders on Plaintiffs' Motion for Discovery Sanctions (Oct. 23, 2023) admits that Irico wiped Mr. Su's laptop in June 2022, that Mr. Su cleared out all documents from his office, and that Mr. Su's cell phone has not been searched."* Su Letter Br. at 2.

  - In this assertion, Plaintiffs invent discovery obligations that did not exist and then imagine they were violated. At the time Mr. Su departed his position and at the time his laptop was reformatted in June 2022, there was no discovery request or order relating to his laptop. There also was no basis to believe that Mr. Su's laptop held any information relevant to the substance of this litigation, given that it was issued by a company that had nothing to do with the CRT industry that Mr. Su first began working for in December of 2019, more than 12 years after the end of the alleged conspiracy in this case. Taladay Decl. (Oct. 23, 2023) at ¶ 6. The same logic applies to any hard copy files kept in Mr. Su's office in Foshan, an office that he did not occupy before December of 2019. And there was no discovery request or court order that would implicate Mr. Su's laptop or any other files from his work at Irico Foshan until the Special Master's first Su order in November 2022.[1] Thus, Plaintiffs' reckless assertion that Irico "destroyed or with[held] evidence" by the routine re-purposing of Mr. Su's laptop is meritless. Finally, Mr. Su's cell phone is a personal device, not issued by Irico, and could not be collected without Mr. Su's permission, which he did not provide. *See* Taladay Decl. ¶ 9.

- *"Despite the dispute over the date of Mr. Su's 'resignation letter'—3/25/22 or 5/25/22—Irico has failed to provide an electronic version of the letter with metadata, or any other evidence showing when Mr. Su first applied to leave his position ahead of schedule, e.g., the communications leading to the April 7, 2022 meeting at which Group approved Su's request to go 'off-duty.'"* Su Letter Br. at 2.

  - Irico informed Plaintiffs over six months ago that the May 25, 2022, letter was hand-delivered by Mr. Su and therefore there was no metadata, and Plaintiffs acknowledged as much in their reply brief. *See* Plaintiffs' Reply in Support of Motion for Sanctions (May 26, 2023) at 14 n.25. Yet now, Plaintiffs attempt to present this undisputed fact as if it were some new revelation to improperly suggest wrongdoing on the part of Irico. The circumstances of Ms. Hao's request for the revised letter in May 2023 make it impossible that it could be dated on March 25, 2022, as Plaintiffs still

---

[1] Irico confirmed previously that Mr. Su had no remaining hard copy or electronic files related to Irico's CRT business that might have been responsive to Plaintiffs' various discovery requests.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 6 -

claim. *See* Su Clarification Letter at 2. Finally, as described in Irico's Nov. 16 letter, Mr. Su made an oral request to resign early from his management roles at some point shortly before the April 7, 2022, meeting, which led to its discussion at that meeting. These facts, unlike the fiction of a March 25 letter that Plaintiffs continue to push, are fully consistent with the discovery record.

## II.    Responses to Additional Inaccuracies Asserted by Plaintiffs

Plaintiffs make several additional claims in the body of their supplemental letter brief that do not square with the facts here.

***Disputed search terms.*** First, Plaintiffs imply that it was improper that Irico "did not review over 30,000 documents identified by Plaintiffs' search terms," Su Letter Br. at 5, 10. To the contrary, Irico followed the requirements of the Special Master's Second Interim Order to the letter, collecting full sets of documents from numerous custodians' email and internal text message files (including all those hitting on Plaintiffs' overbroad search terms), preserving those documents pending resolution of the disputed search terms, and presenting the dispute to the Special Master in a timely manner. *See* Taladay Decl. ¶¶ 23-25; Irico Status Update and Request for Extension (Oct. 9, 2023) at 4-6.

***Mr. Su was not issued another computer by Irico.*** Second, Plaintiffs appear to misunderstand comments made by Mr. Su to Mr. Zhang in their last phone conversation on August 23, 2023, regarding the computer used by Mr. Su. Plaintiffs describe the conversation as referring to "Mr. Su's *current* computer," Su Letter Br. at 10 (emphasis added), but that is not the case. Mr. Su's only Irico-issued laptop was repurposed in June 2022 and no new laptop was issued given his dismissal from all Irico management positions. The conversation recorded in the transcript Plaintiffs cite was to inform Mr. Su that Irico intended to search his *only* Irico-issued laptop, not a second computer as Plaintiffs imagine. Mr. Su admits in the call transcript that he had begun to work for an unrelated company in Shenzhen even before he officially departed his positions at Irico and that he commingled Irico files with both personal files and files related to this other company on his Irico computer. *See* Taladay Decl., Ex. 3 at 1-2 (proposing that "the data will be filtered and only the data related to your work in Foshan will be transferred overseas").[2] If Mr. Su is using a computer since his departure from Irico, it is not an Irico device and not subject to collection by Irico. *See* Taladay Decl. ¶ 9.

***Mr. Su did not continue to work for Irico after resigning his management positions.*** Third, Plaintiffs misrepresent what they claim to be examples of Mr. Su "continu[ing] to work for Irico" after June 2022, Su Letter Br. at 9. As described above, Mr. Su was subject to an "Economic

---

[2] Despite Mr. Su's concerns about personal information or confidential information from other companies, Irico collected and ran search terms against all recoverable files on Mr. Su's former laptop.

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 7 -

Responsibility Audit" following his resignation from his management positions, a common and required practice. Plaintiffs cite communications between Mr. Su and his former subordinate attaching a document entitled "Situation Explanation," *See* Hwu Decl. Ex. O at IRI-SU-000165E, but Plaintiffs omit the attachment itself from their exhibit. That document actually shows Mr. Su providing an explanation for his expense reimbursements that were under scrutiny as part of his Economic Responsibility Audit, rather than any ongoing work for Irico. *See* Attachment 2 (IRI-SU-000166E). And Plaintiffs' claim that Mr. Su "continued to use" his Irico email account rests solely on the fact that his account *received* a small number of emails after June 17, 2022. *See* Hwu Decl. Ex. T. To the contrary, there is no evidence that Mr. Su *sent* any emails or even had access to his former Irico email account after resigning from his management positions at Irico.

     ***Payments to Mr. Su are pursuant to standard mandatory policies and not "leverage."*** Fourth, as explained in Irico's Nov. 16, 2023, letter, Mr. Su receives monthly living stipend payments of RMB 6000 under a general Irico policy for former managers who have resigned their positions before reaching age 60 – not in exchange for any ongoing work or responsibilities with Irico. *See* Su Clarification Letter at 3. These payments are non-discretionary under Chinese law governing treatment of managers of state-owned enterprises, and thus reflect neither any kind of special treatment given to Mr. Su nor leverage that Irico could use to compel Mr. Su's deposition. *See* Attachment 1 at Art. 11 ("The living expenses paid in accordance with Articles 8 and 9 [governing managers leaving their positions before age 60] of these regulations shall be included in the enterprise's wage fund. The standard for living expenses is to be determined by the enterprise itself but shall not be lower than the minimum standard stipulated by the people's governments of provinces, autonomous regions, and municipalities directly under the Central Government."); Su Clarification Letter, Attachment K.

### III.    Terminating or Other Severe Sanctions Remain Unjustified

     Plaintiffs again push their request for terminating or other severe sanctions based on overheated rhetoric and unsupported hyperbole regarding Irico's intentions as to Mr. Su. As detailed in Irico's Apr. 21, 2023, opposition and June 9, 2023, sur-reply, such sanctions are warranted only (1) when a party "engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" or "willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice," *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006), and (2) any such misconduct caused such severe prejudice that it "ma[kes] it impossible to decide the case on the merits." *Atl. Recording Corp. v. Howell*, No. CV-06-02076-PHXNVW, 2008 WL 4080008, at *2 (D. Ariz. Aug. 29, 2008). The situation regarding Mr. Su meets neither of these essential criteria.

     ***Mr. Su is not a key witness and his absence does not make it impossible to decide this case on the merits.*** Despite Plaintiffs' disproportionate focus on Mr. Su, he had – at most – a tangential role with regard to the conduct alleged by Plaintiffs at the heart of this lawsuit. From April 1993 through April 2005 – encompassing the vast majority of the class period – Mr. Su held successive roles in the Irico Group ***Human Resources*** department, a position in which he would

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                - 8 -

have no influence whatsoever regarding the pricing or production of CRTs, nor any reason to meet with Irico's competitors. *See* Carter Decl. in Support of Irico Opposition to Plaintiffs' Mot. for Discovery Sanctions (Apr. 21, 2023), Ex. Y (IRI-CRT-00031561E). He then served less than two years as Deputy General Manager for Planning of the Irico Group Sales Company, before moving into a purchasing role at Irico Electronics. *Id.* Moreover, of the 82 alleged competitor meetings identified by Plaintiffs as involving Irico and proffered to the Special Master, reflected in the extensive record-keeping of other defendants, only a ***single example*** mentions Mr. Su. *See* Plaintiffs' Revised Chart in Support of Authentication and Admissibility of Defendants' Documents re Irico Competitor Contacts (Mar. 21, 2022), at Tab 23. As Plaintiffs routinely note, this is far less involvement than other Irico witnesses that *were* made available to Plaintiffs for deposition, meaning Mr. Su is in no way a key witness to the disputed meetings underlying Plaintiffs' allegations against Irico. *See, e.g.*, *id.* at Tabs 4, 5, 6, 7, 11, 13, 31 (alleging attendance at seven competitor meetings by Wang Zhaojie); Plaintiffs' Letter Brief in Support of Proffer of Evidence of CRT Conspiracy (Mar. 21, 2022) at 12 ("Irico's corporate representative, Zhaojie Wang, admitted attending 'many, many such meetings' with competitors."). And Plaintiffs complain that the depositions of these other Irico employees were fruitless. Thus, Plaintiffs' argument that Mr. Su is somehow key to their allegations, and that his unavailability for a deposition requires severe sanctions, falls flat.

On the other side of the scale, Plaintiffs have repeatedly claimed to possess "overwhelming" evidence against Irico, ECF No. 5191 at 12, amassed from over 250 witness depositions, and "tens of thousands" of relevant documents already collected and reviewed from other defendants, ECF No. 6177 at 14-15, including extensive production of documents and testimony from a cooperating defendant (Chunghwa). As the Special Master recalled during the prior hearing on this motion, Plaintiffs have also won a ruling that many such documents that reflect Irico's attendance at competitor meetings are admissible for purposes of summary judgment. ECF No. 6093. There simply is no reason to believe that Mr. Su's testimony would have meaningfully moved the needle when considering his very limited role and the purportedly "strong" evidence that Plaintiffs claim to already possess against Irico. *See* Plaintiffs' Mot. for Discovery Sanctions (Mar. 20, 2023) at 31; *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 994 (N.D. Cal. 2012) ("[T]he Court finds it hard to difficult to conclude that Apple's 'ability to go to trial' was significantly hampered where discovery in this case has been so voluminous."); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of America Sec., LLC*, 685 F. Supp. 2d 456 (S.D.N.Y. 2010)., 685 F. Supp. 2d at 479 (denying request for adverse inference instruction because "Defendants have gathered an enormous amount of discovery – both from documents and witnesses"), *abrogated on other grounds by Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 162 (2d Cir. 2012).

***There was no intentional effort by Irico to prevent Mr. Su's deposition.*** Specific intent to deprive another party of relevant evidence is a threshold requirement for the terminating or other severe sanctions that Plaintiffs seek. *See, e.g.*, *WeRide Corp. v. Kun Huang*, No. 5:18-CV-07233-EJD, 2020 WL 1967209 (N.D. Cal. Apr. 24, 2020) (defendants actively and intentionally deleted evidence while representing the opposite to the court); *Facebook, Inc. v. OnlineNIC Inc.*, No. 19-

**BAKER BOTTS** LLP

The Honorable Vaughn R. Walker                    - 9 -

CV-07071-SI (SVK), 2022 WL 2289067 (N.D. Cal. Mar. 28, 2022), report and recommendation adopted, No. 19-CV-07071-SI, 2022 WL 17371092 (N.D. Cal. Oct. 17, 2022) (defendants intentionally lied about the existence of data backups and actively deleted over half of the relevant data in its possession while working with a Special Master to have that data collected). Far from meeting this strict standard, the documents cited by Plaintiffs **do not** show a coordinated plan to deceive Plaintiffs regarding Mr. Su's departure, but rather confusion even among Irico's Human Resources staff as to Mr. Su's status: "Xu Jinmei [Irico Foshan HR Director]: … GM Su officially retired in July [sic]. Shang Xuhang: Are you sure he retired? The definition for retirement is very strict. Xu Jinmei: GM Su retired a long time ago. Didn't GM Zhang take over in July?" Hwu Decl. Ex. F at IRI-SU-001356E. Mr. Su may very well have taken advantage of separate, unconnected processes for his request to resign his management positions and the Irico Group legal department's efforts to plan his travel for deposition in 2022 to secure the former and escape the latter. But that does not equate to an intentional effort by Irico to deprive the court of relevant evidence – particularly given Mr. Su's relative lack of importance in Irico's CRT operations during the relevant time period.

Because they neither make this case impossible to decide on the merits nor reflect any intentional effort by Irico to deprive Plaintiffs of relevant discovery, Mr. Su's refusal to sit for deposition and departure from Irico cannot be a basis for terminating or other severe sanctions. *See Leon*, 464 F.3d at 958; *Atlantic Record Corp.*, 2008 WL 4080008, at *2.

*        *        *

The Special Master should deny Plaintiffs' request for terminating sanctions and their alternate request for adverse inference, striking of defenses, and other extreme sanctions.

Sincerely,
*/s/ John Taladay*
John Taladay

cc:    Tanveer Singh (tanveer.singh@fedarb.com)
       R. Alexander Saveri (rick@saveri.com)
       Geoffrey C. Rushing (geoff@saveri.com)
       Matthew D. Heaphy (mheaphy@saveri.com)
       Mario N. Alioto (malioto@tatp.com)
       Lauren C. Capurro (laurenrussell@tatp.com)
       Daniel E. Birkhaeuser (dbirkhaeuser@bramsonplutzik.com)

Attachment 1



November 28, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the Chinese and English languages. The attached Chinese into English translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of:

国有企业富余职工安置规定

*(Digital or printed signature here above the line)*

Johnson Wong

**Project Number: BBLLP_2311_P0045**

*[watermark]* PKULAW.COM **Make the law smarter** PKULAW.COM

**PKULAW.COM** | **Make the law smarter**
PKULAW.COM

[Fa Bao Reference Code] CLI.2.6220

## Regulations on the Placement of Surplus Staff in State-Owned Enterprises

| | |
|---|---|
| Enacting Body: | State Council |
| Document No.: | Order No. 111 of the State Council of the People's Republic of China |
| Date of Publication: | April 20, 1993 |
| Effective Date: | April 20, 1993 |
| Validity: | Currently valid |
| Hierarchy of Authority: | Administrative Regulation |
| Category of Law: | State-Owned Enterprises, Labor and Union Comprehensive Regulations |

Order of the State Council of the People's Republic of China

(No. 111)

The "Regulations on the Placement of Surplus Staff in State-Owned Enterprises" have been passed at the 115th executive meeting of the State Council. They are hereby promulgated and shall come into effect from the date of publication.

Premier: Li Peng

April 20, 1993

(missing the translation of the watermark: seal of PKULAW.COM, Love Law and Have Future)

Regulations on the Placement of Surplus Staff in State-Owned Enterprises

**Article 1:** To properly place surplus staff in state-owned enterprises, enhance the vitality of these enterprises, and improve their economic efficiency, these regulations have been established.

**Article 2:** The placement of surplus staff in state-owned enterprises (hereinafter referred to as "enterprises") shall adhere to the principle of primarily self-placement by the enterprises, supplemented by societal assistance, and ensuring the basic livelihood of the surplus staff.

**Article 3:** Enterprises shall follow these regulations to place surplus staff by expanding various business operations, organizing labor activities, developing tertiary industries, making comprehensive use of resources, and other measures.

Download date: 2023-08-29

Translation

*[watermark]* PKULAW.COM **Make the law smarter** PKULAW.COM

PKULAW.COM   **Make the law smarter**
PKULAW.COM   [Fa Bao Reference Code] CLI.2.6220

Enterprise administrative departments, labor administrative departments, and trade union organizations shall guide, assist, and support the enterprises in the placement of surplus staff, actively creating conditions, cultivating and improving the labor market, and opening up societal placement channels.

**Article 4:** Enterprises that establish independently accounting enterprises in the tertiary sector for the placement of surplus staff shall be exempt from enterprise income tax for two years following their opening, and then receive a 50% enterprise income tax reduction for the following three years.

**Article 5:** Labor employment service businesses established by enterprises shall undertake the task of placing surplus staff from their own enterprises. The enterprises shall provide support in terms of funding, premises, raw materials, and equipment according to the state's regulations on the management of state-owned assets.

**Article 6:** Enterprises can organize their surplus staff to establish independently accounting enterprises according to the law to undertake technical renovations or labor projects that were previously contracted out to other organizations.

**Article 7:** Enterprises can place surplus staff on waiting-for-employment status and provide them with retraining. The salary during the training period is determined by the enterprises themselves.

**Article 8:** With the discussion and agreement of an enterprise's employee representative assembly and after filing with the enterprise's administrative department, the enterprise may grant its employees a limited period of leave. During this leave, the enterprise shall provide living expenses to the employees.

Pregnant or nursing female employees may, upon their request, be granted a leave of up to two years, during which the enterprise will provide living expenses. If this leave includes maternity leave, the salary during the maternity leave period will be paid in accordance with state regulations.

**Article 9:** Employees who are less than five years from the retirement age can, upon their application and with the approval of the enterprise leadership, leave their job positions for rest. During this rest period, the enterprise shall provide living expenses. In areas where retirement expenses are collectively managed, both the enterprise and the employees taking leave for rest shall pay basic old-age insurance premiums according to relevant regulations. When employees reach the national retirement age during their rest period, retirement procedures shall be completed as per regulations. The period of leave for rest is considered part of the employee's length of service and is combined with their previous years of service for calculation.

**Article 10:** Employees may apply for resignation. Employees whose resignation is approved by the enterprise shall receive a one-time living subsidy from the enterprise at the time of completing the resignation procedures, in accordance with national regulations.

   Download date: 2023-08-29

Translation

*[watermark]* PKULAW.COM **Make the law smarter** PKULAW.COM

| PKULAW.COM | **Make the law smarter** | [Fa Bao Reference Code] CLI.2.6220 |
|---|---|---|
| | PKULAW.COM | |

**Article 11:** The living expenses paid in accordance with Articles 8 and 9 of these regulations shall be included in the enterprise's wage fund. The standard for living expenses is to be determined by the enterprise itself but shall not be lower than the minimum standard stipulated by the people's governments of provinces, autonomous regions, and municipalities directly under the Central Government.

**Article 12:** If an enterprise needs to lay off employees due to significant changes in production and business operations, it may terminate labor contracts with contract-based employees ahead of schedule subject to discussion and agreement by the enterprise's employee representative assembly. The enterprise must fulfill the obligations stipulated in the contract. If the contract does not specify terms for early termination, the enterprise shall provide compensation to the employees whose labor contracts are terminated early. The compensation shall be equivalent to one month's standard wage for each year of service in the enterprise.

**Article 13:** Labor administrative departments at all levels and enterprise administrative departments shall effectively handle the social placement and adjustment of surplus staff, encouraging and assisting surplus staff to organize for employment and self-employment. The transfer of staff between enterprises can be either permanent or temporary; in the case of temporary transfer, the salary and welfare benefits during the transfer period shall be agreed upon in a contract between the two enterprises.

**Article 14:** Surplus staff who face challenges in securing employment in society and are unable to receive enterprise-provided placement are entitled to unemployment insurance benefits during their period of unemployment in accordance with the law. Labor administrative authorities and relevant administrative departments shall create conditions to facilitate the re-employment of these workers.

**Article 15:** Workers placed in independently accounting enterprises established by enterprises in accordance with these regulations shall be included in the statistical data of employee headcount and economic indicators of the new enterprises, as per national regulations.

**Article 16:** Provincial, autonomous region, and municipal people's governments may develop implementation methods based on these regulations.

**Article 17:** These regulations are subjected to the interpretation by the labor administrative department of the State Council.

**Article 18:** These regulations shall be implemented from the date of publication.

©PKULAW.COM (www.pkulaw.com) specializes in providing solutions in the fields of legal information, legal knowledge, and legal software. Peking University Law Information offers a wealth of reference materials. When formally citing legal regulations and articles, please cross-reference with the standard text. Feel free to explore all our products and services.

Translation

*[watermark]* PKULAW.COM **Make the law smarter** PKULAW.COM

PKULAW.COM   **Make the law smarter**
             PKULAW.COM

[Fa Bao Reference Code] CLI.2.6220

Fa Bao Express: How to quickly find search results you need? What are the new features of Fa Bao V6?



Scan the QR code to read the original article

Original Link: https://www.pkulaw.com/chl/f474451fa1dfe21bbdfb.html

Translation



【法宝引证码】CLI.2.6220

# 国有企业富余职工安置规定

| 制定机关: | 国务院 |
| --- | --- |
| 发文字号: | 中华人民共和国国务院令第111号 |
| 公布日期: | 1993.04.20 |
| 施行日期: | 1993.04.20 |
| 时效性: | 现行有效 |
| 效力位阶: | 行政法规 |
| 法规类别: | 国有企业　劳动工会综合规定 |

## 中华人民共和国国务院令

### （第111号）

　　《国有企业富余职工安置规定》已经国务院第一百一十五次常务会议通过，现予发布，自发布之日起施行。

总理　李鹏

一九九三年四月二十日

### 国有企业富余职工安置规定

　　**第一条**　为了妥善安置国有企业富余职工，增强企业活力，提高企业经济效益，制定本规定。

　　**第二条**　安置国有企业（以下简称企业）中的富余职工，应当遵循企业自行安置为主、社会帮助安置为辅，保障富余职工基本生活的原则。

　　**第三条**　企业安置富余职工应当依照本规定采取拓展多种经营、组织劳务活动、发展第三产业、

【法宝引证码】CLI.2.6220

综合利用资源和其它措施。

　　企业行政主管部门、劳动行政主管部门和工会组织应当指导、帮助和支持企业做好富余职工安置工作，积极创造条件，培育和完善劳务市场，开辟社会安置渠道。

　　**第四条**　企业为安置富余职工而兴办的从事第三产业的独立核算企业，自开业之日起两年免征、三年减半征收企业所得税。

　　**第五条**　企业开办的劳动就业服务企业，应当承担安置本企业富余职工的任务。企业应当按照国家有关国有资产管理的规定，在资金、场地、原材料和设备等方面给予扶持。

　　**第六条**　企业组织本企业富余职工依法兴办的独立核算企业，可以承担本企业中原由外单位承包的技术改造或者劳务项目。

　　**第七条**　企业可以对富余职工实行待岗和转业培训，培训期间的工资待遇由企业自行确定。

　　**第八条**　经企业职工代表大会讨论同意并报企业行政主管部门备案，企业可以对职工实行有限期的放假。职工放假期间，由企业发给生活费。

　　孕期或者哺乳期的女职工，经本人申请，企业可以给予不超过二年的假期，放假期间发给生活费。假期内含产假的，产假期间按照国家规定发给工资。

　　**第九条**　职工距退休年龄不到五年的，经本人申请，企业领导批准，可以退出工作岗位休养。职工退出工作岗位休养期间，由企业发给生活费。已经实行退休费用统筹的地方，企业和退出工作岗位休养的职工应当按照有关规定缴纳基本养老保险费。职工退出工作岗位休养期间达到国家规定的退休年龄时，按照规定办理退休手续。职工退出工作岗位休养期间视为工龄，与其以前的工龄合并计算。

　　**第十条**　职工可以申请辞职。经企业批准辞职的职工，在办理辞职手续时，企业应当按照国家有关规定发给一次性生活补助费。

【法宝引证码】CLI.2.6220

**第十一条** 按照本规定第八条、第九条规定发放的生活费在企业工资基金中列支，生活费标准由企业自主确定，但是不得低于省、自治区、直辖市人民政府规定的最低标准。

**第十二条** 企业因生产经营发生重大变化，必须裁减职工的，对劳动合同制职工，经企业职工代表大会讨论同意，可以提前解除劳动合同，但是应当按照合同约定履行义务；合同没有约定的，企业对被提前解除劳动合同的职工，按照其在本企业工作的年限，工龄每满一年，发给相当于本人一个月标准工资的补偿费。

**第十三条** 各级劳动行政主管部门和企业行政主管部门应当做好富余职工的社会安置和调剂工作，鼓励和帮助富余职工组织起来就业和自谋职业。企业之间调剂职工，可以正式调动，也可以临时借调；临时借调的，借调期间的工资和福利待遇由双方企业在协议中商定。

**第十四条** 富余职工由企业自行安置有困难到社会待业的，在待业期间，依法享受待业保险待遇。劳动行政主管部门和有关行政主管部门应当创造条件，帮助职工再就业。

**第十五条** 企业依照本规定兴办的独立核算企业安置的职工，按照国家有关规定纳入新办企业的职工人数和经济指标的统计范围。

**第十六条** 省、自治区、直辖市人民政府可以根据本规定制定实施办法。

**第十七条** 本规定由国务院劳动行政主管部门负责解释。

**第十八条** 本规定自发布之日起施行。

©北大法宝：（www.pkulaw.com）专业提供法律信息、法学知识和法律软件领域各类解决方案。北大法宝为您提供丰富的参考资料，正式引用法规条文时请与标准文本核对。 欢迎查看所有产品和服务。

Case 4:07-cv-05944-JST   Document 6401-3   Filed 07/10/24   Page 397 of 419

法宝快讯： 如何快速找到您需要的检索结果？ 法宝 V6 有何新特色？



扫描二维码阅读原文

原文链接： https://www.pkulaw.com/chl/f474451fa1dfe21bbdfb.html

Attachment 2



November 28, 2023

**Certification**

**Welocalize Translations**

**TRANSLATOR'S DECLARATION:**

I, Johnson Wong, hereby declare:

That I possess advanced knowledge of the CHINESE and English languages. The attached CHINESE into Engish translation has been translated by me and to the best of my knowledge and belief, it is a true and accurate translation of the document with bates numbers range: IRI-SU-000166 – IRI-SU-000168

*(Digital or printed signature here above the line)*

Johnson Wong

Project Number: BBLLP_2311_P0046

15 W. 37th Street 4th Floor
New York, NY 10018
212.581.8870

# Explanation of the Situation

I. During my tenure, I was in charge of Irico (Foshan) Flat Panel Company, Shenzhen Hongyang Company, Zhuhai Cai Zhu Industrial Company, and Hong Kong Rui Bo Electronics Company in South China. My superiors have designated my human resources and payroll relations to be with Shunde Irico (Foshan) Flat Panel Company. Consequently, I am often required to travel for the management and operation of several companies. I primarily worked at two locations: at Irico (Foshan) Flat Panel Company, dealing with its management and operations and those of Shenzhen Hongyang Company for about half a month; and the other half was spent at Zhuhai Cai Zhu Industrial Company managing its affairs and those of Hong Kong Rui Bo Electronics Company. Working at Zhuhai Cai Zhu Industrial Company was considered business travel. Key tasks included: 1. The capital operation for the additional issuance of Irico Electronics' H shares on the Hong Kong Stock Exchange was conducted through Rui Bo Electronics Company's account. Due to the pandemic, I couldn't go to Nanyang Bank in Hong Kong for in-person signature. As per Nanyang Bank's rules, after receiving a payment order, they would call the legal representative randomly with three or four questions, and the payment would only be processed if answered correctly; otherwise, it would be stopped. I had to prepare documents and coordinate with Vice President Wang for these frequent capital operations. In addition, funds with securities company were substantially managed similarly. Therefore, this task needed to be handled at Cai Zhu Industrial Company. 2. Managing the asset disposal of production lines at the Cai Zhu Company industrial park, organizing workshops, and dealing with obsolete materials. 3. Handling public rental housing renovations and maintenance. 4. Conducting safety and fire inspections. 5. Managing legal litigation. 6. Handling daily operational management tasks. 7. Monthly processing, review, and signing of various documents and bills. 8. Hospitality and reception duties, among others.

II. My reimbursement documents must be signed and approved by the executive director of Irico Industrial. Therefore, I could only bring them back to Xianyang for the leader's signature each time I returned. Before the pandemic, I often went back to Xianyang for meetings and business trips, therefore I could get the leader's approval and signature relatively quickly for reimbursements. However, after the pandemic started, it became difficult to determine when I could return to Xianyang. At the end of last year, I was unable to return because I was dealing with the Phase 2 land issues of Irico (Foshan) Flat Panel Company. During the New Year's holiday, despite having a high fever, I had to work overtime at the construction site to clean up the area. After finishing the work, I wanted to go back home for the Spring Festival, but I couldn't due to the outbreak of the epidemic in Xi'an. I really wanted to go home to visit my hospitalized father. However, due to the pandemic, both the community and the company did not allow me to return. When Xianyang and Xi'an were stabilized, Guangdong experienced an outbreak. I was eager to return but couldn't. Because I couldn't bring the reimbursement documents back to Xianyang for the leader's approval, the reimbursement was delayed for a long time. The reimbursement was processed later only after I was able to return to Xianyang, taking those back to Xianyang and asking the leader for signature.

Hereby clarified.

September 19, 2022

CONFIDENTIAL

Translation

IRI-SU-000168E

# 情况说明

一、我在任职期间曾经主管华南区的彩虹（佛山）平板公司，深圳虹阳公司，珠海彩珠实业公司和香港瑞博电子公司。上级确定我的人事工资关系在顺德彩虹（佛山）平板公司，我要经常出差处理几个公司的管理经营事务。主要有两个主要工作地点，一是在彩虹（佛山）平板公司工作。基本上是半个月在彩虹（佛山）平板公司处理彩虹（佛山）平板公司和深圳虹阳公司的管理经营业务；另外半个月要去珠海彩珠实业公司处理彩珠实业公司和香港瑞博电子公司管理经营业务。在珠海彩珠实业公司工作为出差。重点工作如1、当年在香港上市的彩虹电子H股增发，操作股票资金进出都是通过瑞博电子公司帐户进出。由于疫情不能去香港南洋银行面签，南洋银行规定收付款单子收到后，南洋银行要打电话随机向法定代表人提出三、四个问题，回答正确方可付出，否则停付。频繁的资金操作我必须准备资料随时与王副总配合操作。另外证券公司资金基本上也是这样操作。所以，要在彩珠实业公司做这个工作。2、彩珠公司工作园区生产线资产处理，园区生产车间整理整顿和废旧物资处理等工作；3、处理公租房改造维修等工作；4、检查安全消防等工作；5、处理法律诉讼工作；6、处理日常经营管理中

IRI-SU-000166

的工作；7、每月处理各类文件资料单据审批签字等。8、迎来送往接待工作等等。

　　二、我的报销单据必须由彩虹实业执行董事审批签字。因此，只有每次回咸阳我带回去找领导签字。没有疫情前经常能回咸阳开会、出差等，因此，能较快让领导审批签字并报销。但是，疫情后回咸阳时间长短就难以确定。去年底为了处理彩虹（佛山）平板公司二期土地事宜，无法回去，元旦放假发着高烧在工地加班清理现场。处理完想回去过春节，但由于西安爆发疫情不让回去，我也很想回家探望住院的老父亲。但是，因疫情社区和集团都不允许回去。西安咸阳平稳了，广东又出现疫情，归心似剑但回不去。由于无法带回报销单据回咸阳请领导审批签字，故报销事宜就拖了较长时间。后来能回咸阳了才带回咸阳请领导签字后才报销。

<br>

特此说明

<br>

2022年9月19日

CONFIDENTIAL

CONFIDENTIAL

# DOCUMENT 33

**SAVERI & SAVERI, INC.**
706 SANSOME STREET
SAN FRANCISCO, CALIFORNIA 94111
TELEPHONE: (415) 217-6810
TELECOPIER: (415) 217-6813

*Trump Alioto Trump & Prescott*
ATTORNEYS LLP
2001 Union Street, Suite 482
San Francisco, California 94123
(415) 563-7200
FAX (415) 346-0679

April 3, 2024

*VIA EMAIL*

The Honorable Vaughn R. Walker
Law Office of Vaughn R. Walker
Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
vrw@judgewalker.com

**Re:** **In re Cathode Ray Tube (CRT) Antitrust Litigation – MDL No. 1917, Master File No. 07-CV-5944-JST**

Dear Judge Walker:

The Indirect Purchaser Plaintiffs ("IPPs") and the Direct Purchaser Plaintiffs ("DPPs") (together, "Plaintiffs") write regarding the March 25, 2024 production of documents by Defendants Irico Group Corp. and Irico Display Devices Co., Ltd. (together, "Irico") pursuant to Your Honor's Report & Recommendation on Discovery Search Terms (ECF No. 6351), as modified and adopted by the Court (ECF No. 6357).

Irico's recent production is the fourth batch of documents produced by Irico relating to its failure to produce Su Xiaohua for his Court-ordered deposition in June 2022. This time, after informing the Court that 28,000 documents required review, Irico produced just 127 pages, many of which are redacted.[1] None of the recently produced documents changes the facts relating to Irico's failure to produce Mr. Su. *See* Plaintiffs' Nov. 16, 2023 Letter. The production confirms that Mr. Su continued to work at Irico after May 25, 2022—the date Irico falsely claimed he retired and "terminated all relationships"[2] with Irico.[3]

---

[1] Copies of Irico's Second Supplemental Su Privilege Log and its Supplement Su State Secret Log dated March 25, 2024, are provided herewith. Your Honor's Interim Report & Recommendation on Plaintiffs' Motion for Discovery Sanctions required Irico to "translate in full without redactions" all documents listed on its privilege log and submit them to Your Honor for *in camera* review. ECF No. 6264 at 9.

[2] Irico Opp. to Plaintiffs' Motion for Sanctions at 27, 33.

[3] Along with previously produced documents, the recent documents confirm that Mr. Su continued working with colleagues in June 2022, *after* Irico informed Plaintiffs that he had resigned. *See, e.g.*, IRI-SU-001595 (messages between Su and a subordinate) and IRI-SU-001634 (instructions from Su to a subordinate) (Attachments 1 and 2 hereto).

The Honorable Vaughn R. Walker
4/3/2024
Page 2

None of the recently produced documents is exculpatory in any way for Irico. Nor do the documents support any of Irico's implausible claims in its ever-changing story regarding Mr. Su.

For example, no document supports Irico's implausible claim that—despite having granted Mr. Su permission to go "off duty and rest" before he was eligible for that status[4]— Irico personnel were "surprised" when he purportedly chose to leave his position in June 2022 rather than appear for his deposition.[5] Likewise, no document supports Irico's equally implausible claim that the personnel who approved Mr. Su's application to go "off duty and rest" were unaware that Irico was under a Court Order to produce Mr. Su for deposition.[6]

On the contrary, the evidence shows that Irico's Chairman Si Yuncong and General Manager Yang Yuanjang, both of whom were involved in the April 7, 2022 decision to allow Mr. Su to go "off duty and rest" before he was eligible, also approved the legal department's January 2022 request for Mr. Su and others to travel to Hong Kong for deposition[7] and its May 2022 request to travel to Macau.[8] Thus, Irico's leaders were well aware that Irico was under a Court Order to produce Mr. Su for deposition when they approved his request to go off duty early. Irico's claims that "Mr. Su's pending deposition was not raised, discussed or considered by the participants in the April 7 Meeting[,]" and that "[t]he April 7 Meeting did not specify a particular date by which Mr. Su could or would resign from his positions[,]"[9] also remain unsupported—and highly implausible.

---

[4] *See* Hwu Nov. 16, 2023 Decl. Ex. B at IRI-SU-000402E (Irico document explaining that Mr. Su was not eligible to go "off duty and rest" until December 2022).

[5] *See* Irico Nov. 28, 2023 Letter at 3 (claiming "Mr. Su's departure was indeed a complete surprise").

[6] *Id*. at 3 (claiming without support that the Irico staff involved in approving his off duty and rest status "had no reason to know of Mr. Su's planned deposition"); *id*. at 9 (speculating that "Mr. Su may very well have taken advantage of separate, unconnected processes for his request to resign his management position and the Irico Group legal department's efforts to plan his travel for deposition in 2022 to secure the former and escape the latter.").

[7] *See* Plaintiffs' Reply ISO Motion for Sanctions, Rushing Decl. Exs. 17 & 18 (IRI-SU-000129E and 130E).

[8] *See* Irico Opp. to Plaintiffs' Motion for Sanctions, Carter Decl. Exs. T & J (IRI-SU-000131E and 132E).

[9] Irico "Clarification Letter" dated Nov. 16, 2023 at 1.

The Honorable Vaughn R. Walker
4/3/2024
Page 3

Even though Irico now admits that the April 7 authorization allowed Mr. Su to step back from his managerial duties *before* December 2022,[10] Irico's latest search has failed to yield a single document specifying the date Mr. Su was supposed to leave his position. All of the Irico documents relating to Mr. Su going off duty to rest are conspicuously silent on exactly when he would leave his position. It is highly improbable that Irico leaders would have granted Mr. Su permission to leave his position "ahead of schedule" but fail to specify in writing—or even discuss—when exactly that would happen. Irico has either destroyed this evidence or is continuing to withhold it, or the authors of its documents were very careful not to record the date Mr. Su was supposed to go "off duty and rest." All of these explanations evidence a desire to conceal this information.

In addition, Irico's latest search has also failed to yield a single email, text message, or voicemail from anyone at Irico urging Mr. Su to attend his deposition, much less compelling him to do so. Thus, there is no support for Irico's repeated claims that it attempted "to convince Mr. Su to appear for deposition."[11] This is significant not only because it is yet another example of Irico's lack of candor, but also because Irico was under a Court Order to produce Mr. Su for his deposition. Irico was therefore required "to use its best efforts to secure [Mr. Su's] attendance at the deposition." *Sali v. Corona Reg'l Med. Ctr.,* 884 F.3d 1218, 1224 (9th Cir. 2018) (Rule 37(b)(2)(B) provides for sanctions "[i]f a party fails to comply with an order under Rule 35(a) requiring it to produce another person for physical or mental examination."). Irico has not established that it has done so.

That Irico gathered documentation for Mr. Su's visa falls far short of demonstrating that Irico used its "best efforts" to secure his attendance at his deposition after his purported refusal. This is particularly true given that Irico's leaders granted Mr. Su permission to go "off duty" early—which allowed him to continue to be paid—without requiring him to attend his Court-ordered deposition. To make matters worse, Irico then falsely represented

---

[10] In its Opposition to the Sanctions Motion, Irico insisted that the April 7, 2022 meeting minutes showed that Mr. Su was supposed to leave his position at the end of December 2022. *See* Irico Opp. at 31 (citing April 7, 2022 meeting minutes and claiming "Irico was operating under the belief that Mr. Su fully intended to appear for his deposition, under the firm belief that he did not plan to retire until December 2022."). Only in November 2023—after it was ordered to produce additional documents, and well over a year after Plaintiffs raised questions about the circumstances of Mr. Su's resignation—did Irico "clarify" that its leaders had approved Mr. Su's request to leave his position *before* December 2022 at the April 7, 2022 meeting. *See* Irico Clarification Letter at 1.

[11] Irico Opp. to Sanctions Motion at 27. *See also* ECF No. 6101 at 9 ("When Irico's in-house counsel learned of Mr. Su's resignation on May 31, 2022, Irico tried to convince Mr. Su to reverse his decision[.]"). The Court already found this claim to be unsubstantiated. ECF No. 6115 at 10 ("But Irico provides no information supporting its assertions that Su Xiaohua's nonappearance was outside of its control or that Irico made efforts to persuade Su Xiaohua to appear for his deposition as Irico did for the two other Irico witnesses.").

The Honorable Vaughn R. Walker
4/3/2024
Page 4

that Mr. Su had retired and had terminated all relationships with Irico—and withheld key evidence to the contrary in contravention of a Court Order—to justify its claim that he could not be compelled to attend his deposition.

In sum, the numerous inconsistencies and evidentiary gaps in Irico's implausible explanations regarding its failure to produce Mr. Su for deposition, together with its repeated misrepresentations, compel a finding that it acted in bad faith and that it intentionally deprived Plaintiffs of the evidence Mr. Su could have provided. *See InternMatch, Inc. v. Nxtbigthing, LLC*, No. 14-CV-05438-JST, 2016 WL 491483, at *11– 14 (N.D. Cal. Feb. 8, 2016), *vacated on other grounds*, No. 14-CV-05438-JST, 2017 WL 8944065 (N.D. Cal. Nov. 17, 2017) (finding defendants had acted in bad faith with intent to deprive where "the alleged chronology of events [was] highly improbable, [and] [d]efendants' story [was] filled with inconsistencies[,]" and ordering severe sanctions); *Torgersen v. Siemens Bldg. Tech., Inc.*, No. 19-CV-4975, 2021 WL 2072151, at *4–5 (N.D. Ill. May 24, 2021) (concluding that plaintiff's destruction of evidence was an "intentional act designed to deprive Defendants of relevant ESI" because his "shifting explanations" lacked credibility and the timing of the spoliation suggested it was in response to discovery requests).

Mr. Su was an important witness that Irico identified as having "personal knowledge of matters that are highly relevant to this litigation and is likely the only Irico witness with personal knowledge of key facts and events." ECF No. 6115 at 10.  The Court has found that Irico's failure to produce him for deposition prejudiced Plaintiffs (and the Court) and delayed these proceedings.  August 11, 2022 Transcript of Proceedings Denying Emergency Motion For Relief from Scheduling Order (ECF No. 6047) at 12-13.  This harm compounds the great prejudice already caused by Irico's disappearance from this litigation for seven years, its near total destruction of relevant documentary evidence, its repeated violations of Court orders, and its myriad misrepresentations of material facts to Plaintiffs and the Court. Accordingly, Plaintiffs respectfully request that the Court grant their motion for terminating sanctions.

Very truly yours,

*/s/ Mario N. Alioto*

Mario N. Alioto
Lead Counsel for Indirect Purchaser Plaintiffs

*/s/ R. Alexander Saveri*

R. Alexander Saveri
Lead Counsel for Direct Purchaser Plaintiffs

Cc:     Gina Tercero (gina.tercero@fedarb.com)

The Honorable Vaughn R. Walker
4/3/2024
Page 5

John M. Taladay (john.taladay@bakerbotts.com)
Evan J. Werbel (evan.werbel@bakerbotts.com)
Thomas E. Carter (tom.carter@bakerbotts.com)
Andrew L. Lucarelli (drew.lucarelli@bakerbotts.com)
Kaylee Yang (kaylee.yang@nortonrosefulbright.com)
Geraldine W. Young (geraldine.young@nortonrosefulbright.com)
Brian A. Sun (brian.sun@nortonrosefulbright.com)

# ATTACHMENT 1



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa 1-888-856-2228
int +1-310-684-3153
fax +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

## CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **CORRESPONDENCE / EXCEL FILE** |
| |
| **IRI-SU-001595** |
| |

| Source Language: **CHINESE** | Target Language: **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**    Sean Kirschenstein, Director            **Date:**    April 1, 2024

A copy of the translated version(s) is attached to this statement of certification.



| 63 | Chen Lili | 2022-06-01 11:14:48 | [Picture][9491837] |
| 64 | Chen Lili | 2022-06-01 11:14:54 | Hello, GM Su |
| 65 | Chen Lili | 2022-06-01 11:15:06 | Just received 100,000 yuan from Runan Company, which is the rent. |
| 66 | Su Xiaohua | 2022-06-01 12:25:45 | Received. Only 100,000. It would be much nicer if they gave 1 million. |
| 67 | Chen Lili | 2022-06-01 14:17:00 | Yeah, that's also what I told Liang this morning. [Grinning] |
| 68 | Su Xiaohua | 2022-06-01 17:22:44 | Reimbursement is approved. |

63  陈丽丽      2022-06-01 11:14:48      [图片] [9491837]
64  陈丽丽      2022-06-01 11:14:54      苏总，您好
65  陈丽丽      2022-06-01 11:15:06      刚收到润安公司10万元，租金
66  苏晓华      2022-06-01 12:25:45      收到。才10万，给个100万多好。
67  陈丽丽      2022-06-01 14:17:00      嗯，早上我也是这么说小梁的。[偷笑]
68  苏晓华      2022-06-01 17:22:44      报销同意。

# ATTACHMENT 2



info@certifiedtranslate.com
www.certifiedtranslate.com

2425 Olympic Blvd., Suite 4000W
Santa Monica, CA 90404

usa  1-888-856-2228
int  +1-310-684-3153
fax  +1-310-564-1944



**A member of the American
Translators Association
ATA Member Number: 248719**

# CERTIFIED TRANSLATION

*Description of Document(s):*

| |
|---|
| **CORRESPONDENCE / EXCEL FILE** |
| |
| **IRI-SU-001634** |
| |

| Source Language:   **CHINESE** | Target Language:   **ENGLISH** |
|---|---|

WITH REFERENCE TO THE ABOVE MENTIONED MATERIALS/DOCUMENTS, we at Language Fish LLC (doing business as www.certifiedtranslate.com), a professional document translation company, attest that the language translation completed by Language Fish's certified professional translators, represents, to the best of our judgment, an accurate and correct interpretation of the terminology/content of the source document(s). **This is to certify the correctness of the translation only.** We do not guarantee that the original is a genuine document or that the statements contained in the original document(s) are true.

IN WITNESS WHEREOF, Language Fish LLC has caused the Certificate to be signed by its duly authorized officer(s).

**By:**   Sean Kirschenstein, Director                                **Date:**   April 1, 2024

A copy of the translated version(s) is attached to this statement of certification.



| 143 | Su Xiaohua | 2022-06-15 15:12:55 | Bring over here anything that requires my signatures, I will sign them when I get to Zhuhai. Also, I seem to have some writing brushes in my office. Bring them to me as well. |
| 144 | Zhang Dongling | 2022-06-15 15:24:49 | No problem |

143  苏晓华    2022-06-15 15:12:55    之前有需要签字的你都带过来，我到珠海都签了。另我办公室里间好象有一些毛笔你也给我带过来。
144  张东玲    2022-06-15 15:24:49    好的