Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 483
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
         laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

Robert J. Gralewski, Jr. (196410)
KIRBY McINERNEY LLP
1420 Kettner Boulevard, Suite 100
San Diego, CA 92101
Telephone: 858-834-2044
Email: BGralewski@kmllp.com

*Counsel for the Indirect
Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 4:07-cv-5944-JST<br>Case No. 4:17-cv-04067-JST |
| This Document Relates to:<br><br>*Luscher, et al. v. Mitsubishi Electric Corp.*, No. 4:17-cv-04067-JST | MDL NO. 1917<br><br>**REVISED [PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS**<br><br>Hearing Date:  September 26, 2024<br>Time:               2:00 p.m.<br>Courtroom:     6, 2nd Floor<br>Judge:             Hon. Jon S. Tigar |

The Court, having considered Indirect Purchaser Plaintiffs' Motion for Order Authorizing Distribution of Settlement Funds ("Motion"), the Declaration of Joseph M. Fisher Re: Notice, Claims Processing, and Distribution of the Net Settlement Funds ("Fisher Declaration"), the Supplemental Declaration of Joseph M. Fisher Re: Claims Processing ("Supplemental Fisher Declaration"), the pleadings and other papers on file in this action, and the statements of counsel and the parties, and finding good cause appearing, hereby GRANTS the Motion as follows:

1. The Notice Company's claims review process and audit procedures, as set forth in the Fisher Declaration and Supplemental Fisher Declaration, were fair, adequate, and reasonable, and provided a full and fair opportunity for potential class members to submit a valid claim.

2. The Court authorizes the distribution of the Net Settlement Fund to claimants as set forth in the updated Exhibit B-1 attached to the Supplemental Fisher Declaration, in accordance with the Court-approved Plan of Distribution for this settlement.

3. The Court approves IPPs' proposal for paying claims filed after the applicable Court-ordered deadline ("Late Claims") as fair and reasonable. Late Claims included in the updated Exhibit B-1 shall be paid. The Court approves The Notice Company's handling of Late Claims as follows:

    a. Late Claims submitted within three months of the claims deadline will be treated and paid equivalently to Timely Claims.

    b. Late Claims submitted later than three months after the claims deadline will not be processed or paid.

4. Checks issued to claimants by The Notice Company shall bear the notation "Non-Negotiable After 180 Days" or "Void After 180 Days." The Notice Company shall void all uncashed checks following the expiration of the 180-day void date. The Notice Company may re-issue checks and digital payments as necessary.

5. To the extent there are any residual funds from any uncashed checks or any electronic payments returned to The Notice Company, such residual funds shall be distributed by the Settlement Administrator in his discretion in accordance with the Plan of Distribution for this

1

REVISED [PROPOSED] ORDER GRANTING IPPS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUNDS
CASE NO. 4:17-CV-04067-JST; MASTER FILE NO. 4:07-CV-5944-JST

settlement.

6. The Court finds that the fees and expenses incurred by The Notice Company in processing and auditing claims were reasonably incurred in the ordinary course of administering the settlement and necessary given the nature and scope of the case. The Court authorizes the payment of $668,022.

7. The Court additionally recognizes that The Notice Company will continue to incur administrative costs and there will also be accounting fees in the ordinary course of administering the settlement. The Court authorizes the reserve of $345,475 from the Net Settlement Fund for future payment to The Notice Company and accountants.

8. For good cause shown, the Court authorizes the release of the 10% (ten percent) of attorney's fees that were previously withheld by the Court.

9. The Notice Company shall take such other and further actions as are necessary and proper to effectuate this Order and the distribution of funds to claimants.

10. Unless otherwise ordered by the Court, one year after distribution of the Net Settlement Funds has commenced, The Notice Company may destroy the paper copies of the Proofs of Claim and all supporting documentation and, one year after all funds in the Net Settlement Funds have been distributed, The Notice Company may destroy electronic copies of the same.

**IT IS SO ORDERED.**

Dated: _____    _____
                                                                    Hon. Jon S. Tigar
                                                                    United States District Judge