**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 7 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION, <br><br>------------------------------<br><br>INDIRECT PURCHASER PLAINTIFFS,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>COOPER & KIRKHAM, P.C.,<br><br>Appellant,<br><br>v.<br><br>TOSHIBA CORPORATION; et al.,<br><br>Defendants. | No.   22-16534<br><br>D.C. No. 4:07-cv-05944-JST<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted September 24, 2024
San Francisco, California

---

\*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  W. FLETCHER and CLIFTON, Circuit Judges, and KATZMANN,[**] Judge.

Appellant Cooper & Kirkham, P.C. ("C&K"), counsel for certain indirect purchasers of cathode ray tubes in a long-outstanding multidistrict antitrust litigation, appeals the district court's September 27, 2022, order awarding attorneys' fees following a settlement between defendant manufacturers and indirect purchaser plaintiffs in twenty-two so-called "repealer states." Because the parties are familiar with the facts and procedural history, we do not recount them here. We affirm.

1.  The factual findings attending the district court's award of attorneys' fees to C&K were not clearly erroneous. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 940 (9th Cir. 2011) ("Findings of fact underlying an award of fees are reviewed for clear error.").

First, C&K fails to persuade that the district court clearly erred in concluding that settling class members would receive benefits later than they would have without C&K's actions. By the terms of the settlement underlying the attorneys' fees award here at issue, the settlement did not become final until the time for appeal expired or, if appealed, the court of last resort entered judgment affirming

---

[**] The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

the settlement in its entirety. The district court granted final approval to the settlement on July 13, 2020, and entered final judgment on July 29, 2020. Accordingly, the settlement could have become final permitting payments on the claims as early as August 2020. However, C&K appealed the settlement approval, so that the settlement did not become final until the Supreme Court denied C&K's petition for writ of certiorari on June 13, 2022. The district court thus supportably found that C&K's actions delayed the conclusion of the settlement and distribution of funds to class members.

Second, C&K fails to establish that the district court clearly erred in concluding that C&K's actions worked against the settling class members' interests and put the settlement at risk. At one point, C&K requested that the district court "vacate all orders and judgment . . . approving" a prior version of the settlement. Had the district court done so, the settlement terms would have required a return to defendant manufacturers of the settlement funds in escrow as well as the interest accrued. After that request was denied by the district court, C&K pursued its appeal. Releasing the settlement funds from escrow would render their future availability to settling class members less certain and the attendant loss of accrued interest would not have benefitted the class. The settlement itself, on terms that appeared favorable to class members, might have been lost. Thus, the district court did not clearly err in concluding that C&K worked against the settling

class members' interests by putting the settlement at risk.

2. The district court also allocated fees in accordance with applicable legal principles. "It is well established that an award of attorneys' fees from a common fund depends on whether the attorneys' 'specific services benefited the fund—whether they tended to create, increase, protect or preserve the fund.'" *In re FPI/Agretech Sec. Litig.*, 105 F.3d 469, 473 (9th Cir. 1997) (quoting *Class Plaintiffs v. Jaffe & Schlesinger, P.A.*, 19 F.3d 1306, 1308 (9th Cir. 1994)). The district court supportably found that C&K's actions had the effect of delaying the distribution of settlement funds and putting the settlement at potential risk. In granting final approval to the renegotiated settlement, the district court effectively vacated its initial fee award allocation. C&K thus no longer had a claim to the amount of the fee award it was granted prior to this court's original remand. *See Camreta v. Greene*, 563 U.S. 692, 713 (2011) ("Vacatur . . . strips the decision below of its binding effect, and clears the path for future relitigation." (internal citations omitted)). Consistent with this court's precedent on fee allocations, *see In re FPI*, 105 F.3d at 473, the district court did not abuse its discretion when it concluded that a lesser fee award was appropriate for counsel whose actions threatened the availability of settlement funds and delayed payments to class members.

C&K's insistence that it "was not working *against* the settling class

members, it was working *for* the non-settling class members" in the non-repealer states is beside the point. As the district court correctly noted, the indirect purchaser plaintiffs from the non-repealer states "are not part of the settlement at issue here, and the fee awards . . . are not intended to compensate counsel for work performed on [their] behalf." C&K's policy arguments as to why it should not be "sanctioned" for its efforts on behalf of the non-repealer state plaintiffs are unpersuasive. C&K was not involuntarily assigned to be lead counsel for the non-repealer state plaintiffs. C&K decided to take action to assume that role, despite significant reasons to doubt the value of the non-repealer state plaintiffs' claims, even going so far as to, in the words of the district court, "no longer represent a repealer state plaintiff" in order to assuage "the Court's previously-expressed concerns about a potential conflict." That action illustrated C&K's awareness that vigorous pursuit on behalf of the non-settling class members could conflict with the interests of the settling class members. C&K made a decision in seeking to represent the non-repealer state plaintiffs. Sometimes decisions by counsel prove to be unlucrative. That does not render the district court's fee allocation unjust or unreasonable. *See In re FPI*, 105 F.3d at 475.[1]

**AFFIRMED.**

---

[1] The unopposed motion for judicial notice, filed February 1, 2024 (Docket No. 38), is granted.