*[Submitting Parties and Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No.: 07-cv-05944 JST<br><br>MDL No. 1917<br><br>**JOINT STATEMENT RE: PROPOSALS TO DETERMINE DAMAGES FOLLOWING SANCTIONS ORDER (ECF No. 6423)**<br><br>Judge:      Honorable Jon S. Tigar |
| This document relates to:<br><br>*ALL INDIRECT PURCHASER ACTIONS*<br><br>*ALL DIRECT PURCHASER ACTIONS* | |

Pursuant to this Court's Order Adopting Special Master's Recommendation For Terminating Sanctions, ECF No. 6423 ("Order"), Indirect Purchaser Plaintiffs ("IPPs"), Direct Purchaser Plaintiffs ("DPPs") (together "Plaintiffs"), and Defendants Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display") (together, the "Irico Defendants" or "Irico")), by and through the undersigned counsel, hereby submit this Joint Statement with their competing proposals regarding how to determine damages:

## PLAINTIFFS' STATEMENT

The Order concludes that terminating sanctions are warranted against the Irico Defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi)[1] and Rule 37(e)(2)(C).[2] Order at 32-38. The Order strikes the Irico Defendants' answers, including their affirmative defenses; (2) orders the Clerk to enter default against both Irico Defendants; (3) vacates all remaining pretrial and trial dates; (4) orders Irico to pay Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Irico's spoliation of evidence and failure to produce Su Xiaohua for deposition and refers the matter to the Special Master; and (5) orders the parties to meet and confer and file a statement with their joint or competing proposals regarding how to determine damages. Order at 38. The Court also advised that "it does not find a jury trial on damages to be required following the entry of default," citing *Adriana Int'l*

---

[1] Fed. R. Civ. P. 37(b)(2)(A)(vi) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court . . . may issue further just orders[,]" including "rendering a default judgment against the disobedient party").

[2] Fed. R. Civ. P. 37(e)(2)(C) ("If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may . . . (C) dismiss the action or enter a default judgment.").

1
JOINT STATEMENT RE: PROPOSALS TO DETERMINE DAMAGES
MASTER FILE NO. 07-CV-05944-JST
MDL NO. 1917

*Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990), and "that it might refer any motion for default judgment to the Special Master." Order at 38.

Pursuant to this Court's Order, the Clerk entered default against the Irico Defendants in all Indirect Purchaser Actions on November 22, 2024, ECF No. 6429, and in all Direct Purchaser Actions on November 25, 2024, ECF No. 6431.

## I. **Plaintiffs' Proposal For How To Determine Damages**

Plaintiffs propose that the Court determine the amount of damages based on the briefs of the parties and the reports of the parties' designated expert witnesses. To the extent that further evidentiary proceedings become necessary, the Court may order them at a later date. Plaintiffs also agree that referral of damages to the Special Master, as suggested by the Court, is appropriate.

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citing *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."); *Adriana Int'l*, 913 F.2d at 1414 ("The default conclusively establishes the liability of" the defaulting defendant). Thus, liability has been determined against the Irico Defendants; the only issue left to be determined is the amount of the damages.

Contrary to Irico's claims, an evidentiary hearing to determine damages is not required. "The Federal Rules give district courts 'wide latitude' to determine whether an evidentiary hearing on the amount of damages is necessary (FRCP 55(b)(2))." *Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-D; see also Mey v. Phillips,* 71 F.4th 203, 224 (4th Cir. 2023) (citing *Pope v. United*

*States,* 323 U.S. 1, 12 (1944) ("Courts are afforded significant discretion when determining the need for a hearing on damages.").[3]

Courts have emphasized that where, as here, the record is well developed and the district court is familiar with the evidence, it is within the court's discretion to determine damages without an evidentiary hearing. *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (holding that "it was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in the default judgment ... [such as] detailed affidavits and documentary evidence, supplemented by the District Judge's personal knowledge of the record"); *see also Cutcliff v. Reuter*, 791 F.3d 875, 883-84 (8th Cir. 2015) (affirming award of punitive damages without an evidentiary hearing based on the district court's close familiarity with the evidence; "we agree that a court 'should be trusted when it elects not to seek more evidence on matters with which it is already familiar'") (citing *James v. Frame*, 6 F.3d 307 (5th Cir. 1993)); *Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-D* ("The court properly may forego an evidentiary hearing when the judge is familiar with the issues in the case and there is already ample substantive evidence in the record to render the damages amount capable of calculation."). "Even when the damages are not liquidated or certain, the precise amount can be established by affidavits and without an evidentiary hearing." *Solano v. Preciado*, No. 3:23-cv-01178-IM, 2024 WL 3219127, at *1, 2024 U.S. Dist. LEXIS 114314, at *3 (D. Or. June 28, 2024).

Here, this Court—with the assistance of the Special Master—has presided over this litigation against the Irico Defendants since 2017, and both the Court and the Special Master are familiar with the evidence.[4] The evidentiary record already established in this case concerning damages is

---

[3] *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753 (5th Cir. 2019), *as revised* (June 6, 2019)—cited by Irico below—is inapposite. In *Law Funder*, the Fifth Circuit found that the district court had misapplied Texas law and ordered a new trial to recalculate damages. 924 F.3d at 761–62. It does not stand for the proposition that the Court has no discretion to determine the nature and scope the hearing.

[4] This Court has decided FSIA motions in both cases (ECF No. 5637), a *Daubert* motion in the IPP case (ECF No. 6308), and a class certification motion in the DPP case (ECF No. 6042), all of which raised many of the factual issues underlying Plaintiffs' overcharge models that Irico apparently plans to raise again during the damages proceedings. Plaintiffs note that many of these factual issues go to Irico's liability, which has been established by the default judgment and may not be re-litigated

3

extensive, comprised of a bookshelf of reports of the experts designated by Irico, DPPs and IPPs, which describe and analyze vast quantities of documentary and testimonial evidence, and transactional sales and cost data. Based on their extensive analyses of the evidence and using well-accepted methodologies for proving antitrust damages, Plaintiffs' expert reports calculate detailed, well-supported class-wide damages to the IPP and DPP classes. There are also numerous depositions of these experts. Therefore, Plaintiffs' proposal that damages be determined based on the existing, voluminous evidentiary record is both well within the Court's discretion and the most efficacious way to proceed. The parties can assist the Court in dealing with this voluminous record through briefing. If the Court determines that it would be helpful to get additional information from any of the experts, those experts can be made available for examination by the Court at an evidentiary hearing with possible limited follow-up by the parties.[5]

Plaintiffs respectfully submit that motions for default judgment under Rule 55(b)(2), with consideration of the factors in *Eitel v. McCool,* 782 F.2d 1470 (9th Cir. 1986), are also not necessary here because the Court has already found that Plaintiffs have satisfied Rule 37's more stringent standards for a default judgment. *See* Moore's Federal Practice, § 55.03 ("In post-pleading situations, Rules 16 and 37 impose procedural requirements and safeguards that guide and limit a court's exercise of its discretion to impose a default judgment as a sanction; and the simpler Rule 55

---

during the damages proceeding. *See Adriana Int'l*, 913 F.2d at 1414 (affirming district court's exclusion of evidence relating to liability during the damages hearing). Likewise, certain other factual issues raised in Irico's expert reports are based on its affirmative defenses, which the Court has stricken. Thus, Irico may not raise these factual issues during the damages proceeding. Plaintiffs reserve the right to object to or move to strike some or all of the experts designated by Irico to date.

[5] In stark contrast to the voluminous evidentiary record and the familiarity of the Court and the Special Master with that evidence, the cases Irico relies upon involved "conclusory" declarations regarding damages or affidavits lacking essential details. In such cases, an evidentiary hearing was required. *See, e.g., Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Group Imp./Exp. Corp.*, 630 F. App'x 655 (9th Cir. 2015) ("conclusory" declarations regarding future lost profits); *Clark v. Guerrero*, 695 F. App'x 256 (9th Cir. 2017) (damages affidavit did not include specific allegations regarding injuries or the cost of treatment). Irico also relies on *dicta* in *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). The *dicta* in *Fendler* cites to *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979), which—consistent with Plaintiffs' position—held that the damages in that case "should not have been awarded without a hearing *or a demonstration by detailed affidavits establishing the necessary facts.*" *Id*. (emphasis added).

procedure should not be used when a court imposes a default judgment as a sanction for post-pleading conduct."). Thus, Plaintiffs propose to instead file motions to determine damages together with the affidavits of their experts regarding the amount of damages. However, should the Court direct Plaintiffs to file motions for default judgment pursuant to Rule 55(b)(2), Plaintiffs respectfully request that the Court clarify that the parties need not address the *Eitel* factors.

## II.     Plaintiffs Agree That The Damages Proceedings May Be Referred To The Special Master

Plaintiffs agree that the Court may refer the determination of the amount of damages to the Hon. Vaughn Walker (Ret.) in the first instance, subject to *de novo* review by this Court. The Court may refer the damages proceeding to Judge Walker under the existing Order of reference, which provides that "any motion pursuant to Federal Rule of Civil Procedure 37 or Civil Local Rule 37-1 for sanctions for violations of the Special Master's orders shall be decided by the Special Master." ECF No. 2272 at 3 ¶ 2. The determination of damages is an element of the sanctions contemplated by the "default judgment" against Irico authorized by Rules 37(b)(2)(A)(vi) and (e)(2)(C), and which this Court has found is warranted here.

Alternatively, the Court may refer the determination of damages to Judge Walker under Rule 55(b)(2)(B), which permits the court to "make referrals" when in order to enter or effectuate the judgment, it is necessary to "determine the amount of damages."

If the Court refers the determination of damages to Judge Walker, Plaintiffs propose that Judge Walker set a briefing schedule. IPPs also suggest that the Court establish a deadline for the Special Master to make his Report and Recommendation. *See* Fed. R. Civ. P. 53(a)(3) and (b)(2).[6]

//

---

[6] Irico had proposed that the damages proceeding be referred to a U.S. Magistrate Judge. Plaintiffs do not consent to referral to a U.S. Magistrate Judge. It makes no sense to refer the determination of damages to a Magistrate Judge with no knowledge of the evidence or the parties in this case, particularly when the Court and the Special Master are intimately familiar with both. Referral to an unfamiliar Magistrate Judge would require unnecessary expenditures of time and resources by the Magistrate and the parties, which would be wholly inefficient.

**IRICO'S STATEMENT**

Irico proposes—and Ninth Circuit precedent requires—that damages be determined following an evidentiary hearing at which (subject to a streamlining proposal set forth below) all parties are provided an opportunity to present and cross-examine relevant witnesses. Irico estimates that the hearing will last approximately 3 days and proposes that the hearing take place before the District Court. Subject to the Court's convenience, Irico further proposes that the hearing begin on March 3, 2025, so as to ensure it occurs entirely during the previously scheduled trial in the IPP action.

Irico proposes—and the law requires—that damages be determined following an evidentiary hearing at which both parties are provided an opportunity to present their own testimony and evidence regarding damages and to challenge their opponents' evidence. Following a default on liability, an evidentiary hearing is required by law "unless the amount claimed [in damages] is a liquidated sum or capable of mathematical calculation." *Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial* Ch. 6-D; *see Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981); *Lasheen v. Embassy of The Arab Republic of Egypt*, 625 F. App'x 338, 341 (9th Cir. 2015) (a mathematically calculable sum is one "clearly ascertainable based on the records . . . submitted").  The Ninth Circuit has reversed default judgments when the requisite evidentiary hearing was not held. *See, e.g.*, *Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Group Imp./Exp. Corp.*, 630 F. App'x 655, 658 (9th Cir. 2015); *Clark v. Guerrero*, 695 F. App'x 256 (9th Cir. 2017).  By contrast, Plaintiffs cite no Ninth Circuit precedent in arguing against an evidentiary hearing, nor in any event do their out-of-circuit cases support their argument.[7]

Under clear Ninth Circuit precedent, an evidentiary hearing on damages is required in this case because neither the liquidated sum nor the mathematical calculation exception applies here. The

---

[7] The rule in other circuits is not to the contrary, and Plaintiffs' cited cases do not suggest otherwise. *See Fustok v. ContiCommodity Services, Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) (additional hearing not necessary where *case was tried*, and "nature and value of . . . claim were fully aired the trial") (internal citation omitted); *Mey v. Phillips*, 71 F.4th 203, 224 (4th Cir. 2023) (hearing not necessary when amount of damages was set by statute); *Cutcliff v. Reuter*, 791 F.3d 875, 883 (8th Cir. 2015) (hearing not necessary when amount of actual damages was uncontested and defendant failed to request hearing on punitive damages).

6
JOINT STATEMENT RE: PROPOSALS TO DETERMINE DAMAGES

MASTER FILE NO. 07-CV-05944-JST
MDL NO. 1917

damages Plaintiffs seek are unliquidated and depend on numerous unresolved and disputed factual issues, including, *inter alia*, issues relating to the facts underlying Plaintiffs' asserted overcharge models and Irico's challenges to those models, and the causal, temporal, and product scope of the asserted damages. *See L. Funder, LLC v. Munoz*, 924 F.3d 753, 761-62 (5th Cir. 2019) (even when an entry of default "established that [defendant] proximately caused [plaintiff] some harm," an evidentiary hearing is required to determine whether defendant's conduct "proximately caused the specific damages [plaintiff] claims"). A hearing is required to resolve those disputes, which depend largely on the credibility of the testimony of Plaintiffs' and Irico's experts and the evidence upon which those experts rely. *See, e.g.*, *Am. Red Cross v. Cmty. Blood Ctr. of the Ozarks*, 257 F.3d 859, 864 (8th Cir. 2001) (district court properly denied damages award against defaulting defendant when it was "skeptical of the testimony of [plaintiff's] damages expert" at evidentiary hearing).

Even if it were otherwise proper, plaintiffs' proposal to determine damages solely on submission of written expert reports and briefing would burden the trier of fact with having to wade through multiple expert reports (that are incorporated within the testifying experts' reports), totaling thousands of pages of dense economic and statistical analysis, as well as the voluminous factual record underlying their analysis. Having the experts testify would allow them to explain their work more succinctly and answer questions that the Court might have regarding their methodologies and calculations, the facts and assumptions upon which they rely, and the conclusions that they reach. Plaintiffs do not meaningfully disagree and, in fact, openly acknowledge that the damages evidence in this case "is extensive, comprised of a bookshelf of reports of the experts designated by Irico, DPPs and IPPs, which describe and analyze vast quantities of documentary and testimonial evidence, and transactional sales and cost data," as well as "numerous depositions of these experts." Plaintiffs' Statement § 1, *supra*. While Plaintiffs assert that a hearing is not the most "efficacious" way to proceed, they concede that an evidentiary hearing with live expert testimony may still be necessary. *Id.*

As Irico has shown, an evidentiary hearing on damages is both required and necessary and, as proposed below, can be handled efficiently. Setting aside the right to jury trial, a post-default-

judgment damages hearing is "the same as any other trial except that it is limited to the question of damages." 10A *Fed. Prac. & Proc. Civ.* § 2688 (4th ed.). The party in default has the right both to present its own witnesses and to cross-examine the opposing party's witnesses. *See, e.g.*, *L. Funder, LLC v. Munoz*, 924 F.3d 753, 762 (5th Cir. 2019), *as revised* (June 6, 2019) (vacating and remanding default judgment to allow defaulting defendant an opportunity "to present evidence and conduct cross-examination"); *Bonilla v. Trebol Motors Corp.*, 150 F.3d 77, 84 (1st Cir. 1998) ("[T]he defaulters were entitled to offer evidence on damages.").

Irico believes that the parties can reach agreement on ways to streamline the presentation of evidence and arguments through a combination of live testimony and written reports, as well as the scope of Plaintiffs' motion for default judgment under Rule 55, which Plaintiffs raise in their statement and which Irico believes Plaintiffs are required to file after damages have been determined.[8] *See* Fed. R. Civ. P. 55(b)(2) ("*In all other cases*, the party must apply to the court for a default judgment…." (emphasis added)); *id.* (recognizing that a damages determination may be needed "to enter or effectuate judgment"). As to damages, Irico specifically proposes that the parties agree to submit concise pre-hearing briefs, attaching any documentary evidence including relevant expert reports (dating back to 2014, 2022, and 2023[9]) in lieu of full direct testimony by each expert. Once a hearing date is set, the parties can work together to propose a joint briefing schedule. At the hearing, each side can then have equal time to present an abbreviated direct presentation of any witnesses, followed by cross-examination by the other side and any questions from the factfinder.

**B.      The Law Requires that the Court Preside Over the Damages Determination.**

Irico proposes that the evidentiary hearing be heard by the District Court.[10]

---

[8] Irico opposes, and reserves the right to raise all available grounds to oppose, Plaintiffs' motion for default judgment.

[9] For clarification, these dates refer to both sides' expert reports, and Irico intends to rely upon its own designated experts' testimony.

[10] Irico had proposed to Plaintiffs that the damages determination be referred to a U.S. Magistrate Judge, but Plaintiffs declined to consent. A Magistrate Judge would be well-positioned to streamline proceedings and resolve the damages issues, which are almost entirely separate from any issues resolved in the case thus far.

Irico does not consent—and hereby expressly objects—to referral of the damages issues to a special master. Nor does Irico's consent to any prior special-master referral constitute consent to referral of the damages determination. The prior referrals in no way encompassed referral of any damages-related issue, or even any merits issues, but rather were limited to "pretrial" discovery disputes and Rule 37 motions for discovery sanctions. *See* ECF 2272 (referring to Special Master "pretrial discovery disputes in this case, including disputes arising during the course of depositions"); ECF 6107 (referring a "discovery matter" comprising "the legal consequences of the failure of Su Xiaohua, a former Irico employee, to appear for deposition"). Discovery is now closed, and any motion for a damages award will not be under Rule 37, which does not provide for damages awards. *See Willick v. Napoli Bern Ripka & Assocs., LLP*, 2018 WL 6443080, at *3 (C.D. Cal. Sept. 13, 2018) ("A court may enter default judgment as a sanction, but it cannot impose a damages award as a sanction."). Furthermore, those prior referrals do not counsel in favor of a referral here even as a practical matter, because, as noted, the damages issues are almost entirely distinct from any portions of the case already addressed or resolved.

Special master referral is also not permissible in the absence of Irico's consent. Under Federal Rule of Civil Procedure 53(a)(1), referral to a special master without all parties' consent is permissible only in certain narrow circumstances, none of which is present here.

*First*, the damages determination is not the type of "accounting or . . . difficult damages computation" for which referral is permissible under Rule 53(a)(1)(B)(ii). Referral under that Rule is permissible "only as to *essentially ministerial determinations* that require mastery of much detailed information but that *do not require extensive determinations of credibility*." Fed. R. Civ. P. 53, *advisory committee notes to 2003 amendments* (emphasis added). Thus, referral to a special master to determine damages is inappropriate when the damages determination "involves discretion, judgment, and legal reasoning," which are tasks "not connoted by the phrase 'difficult computation of damages.'" *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 442 (3d Cir. 2005). Referral is thus not permissible here, where the damages determination will unquestionably involve judgment, legal reasoning, and extensive determinations of expert credibility. Plaintiffs cite no authority for the

notion that Rule 55(b)(2)'s unadorned reference to "referrals" supersedes Rule 53, which specifically addresses special masters and governs when a court may appoint one.

*Second*, no "exceptional condition" exists that would warrant referral to a special master in the absence of consent. *Cf.* Fed. R. Civ. P. 53(a)(1)(B)(I); *see also* Fed. R. Civ. P. 53, *advisory committee notes to 2003 amendments* ("[A]ppointment of a master must be the exception and not the rule."). The Supreme Court and other federal courts have made clear that even when present, mere docket congestion and complexity do not constitute the sort of exceptional circumstances necessary to warrant referral. *La Buy v. Howes Leather Co.*, 352 U.S. 249, 269 (1957); *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 441 (3d Cir. 2005) (citing *La Buy*). Nor is any other arguably sufficient circumstance apparent.

*Third*, the damages determination is not a "pretrial" or "posttrial matter that cannot be effectively and timely resolved by an available district judge or magistrate judge." Fed. R. Civ. P. 53(a)(1)(C). To begin, the damages determination here is a *trial* matter—not a pre-trial or post-trial matter—because, as explained, a post-default damages determination is "the same as any other trial except that it is limited to the question of damages." 10A *Fed. Prac. & Proc. Civ.* § 2688 (4th ed.). In any event, Rule 53(a)(1) is concerned with tasks such as "framing and enforcing complex decrees," which are categorically different from the ordinary trial work district and magistrate judges typically handle. Fed. R. Civ. P. 53, *advisory committee notes to 2003 amendments*. Determining damages, by contrast, falls squarely within a federal trial court's expertise.

In sum, under Rule 53, the damages determination cannot be referred to a special master in the absence of Irico's consent. As noted above, Irico does not consent to that referral here.

### C. Subject To The Court's Convenience, Irico Proposes That The Evidentiary Hearing Be Scheduled For Three Days, Beginning March 3, 2025.

Subject to the availability of the factfinder, the parties, and the witnesses, Irico proposes starting the evidentiary hearing on damages on March 3, 2025. The trial for the IPP action was previously scheduled to start on February 25, 2025, so this proposed March 3 start date would fall within the period previously reserved by the Court, IPPs, and Irico. Irico anticipates that the hearing would require approximately three days and notes that the law requires adequate notice to enable

each party to prepare its presentation. *See Bonilla*, 150 F.3d at 83 (vacating default judgment because defaulting defendants were given only "nine days to prepare for the hearing" on the damages issue, resulting in a "curtailing of evidence" heard by the trier of fact).

Respectfully submitted,

Dated: December 13, 2024     **TRUMP, ALIOTO, TRUMP & PRESCOTT LLP**

<u>/s/ Mario N. Alioto</u>
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415- 346-0679
Email: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the
Indirect Purchaser Plaintiffs*

Dated: December 13, 2024     **SAVERI & SAVERI, INC.**

<u>/s/ R. Alexander Saveri</u>
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
David Y. Hwu (281780)
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813

*Lead Counsel for Direct Purchaser Plaintiffs*

| | |
|---|---|
| Dated: December 13, 2024 | **NORTON ROSE FULBRIGHT US LLP** |

        */s/ Jeffrey B. Margulies*
JEFFREY B. MARGULIES (BAR NO. 126002)
KAYLEE YANG (BAR NO. 303464)
NORTON ROSE FULBRIGHT US LLP
555 California Street, Suite 3300
San Francisco, California 94104
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
jeff.margulies@nortonrosefulbright.com
kaylee.yang@nortonrosefulbright.com

GERALDINE YOUNG (admitted *pro hac vice*)
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (213) 651-5246
geraldine.young@nortonrosefulbright.com

*ATTORNEYS FOR DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.*

**ATTESTATION**

I, Lauren C. Capurro, hereby attest, pursuant to United States District Court, Northern District of California Civil Local Rule 5-1(i)(3), that concurrence in the filing of this document has been obtained from the Signatories hereto.

By:  /s/   *Lauren C. Capurro*
Lauren C. Capurro