UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION<br><br>This order relates to:<br><br>ALL INDIRECT PURCHASER ACTIONS | MDL No. 1917<br><br>Case No. 07-cv-05944-JST<br><br>**ORDER DENYING AS MOOT (1) INDIRECT PURCHASER PLAINTIFFS' MOTION FOR APPROVAL OF PAYMENTS TO OBJECTORS AND (2) OBJECTOR SEAN HULL'S MOTION TO STAY**<br><br>Re: ECF Nos. 6425, 6433 |

Indirect Purchaser Plaintiffs ("IPPs") reached settlement agreements with four objectors in 2018, while appeals from the Court's approval of the original class settlement agreements were pending. Objectors agreed to dismiss their appeals in exchange for payments by IPPs' counsel from their attorney's fee award from the class action settlements. IPPs now seek court approval of those payments—$183,870 each to Objectors Donnie G. Clifton and Sean Hull; $183,870 total to Objectors John Finn and Laura Townsend Fortman, who filed a joint objection; and $61,290 to Objector Josie Saik—once the class settlement agreements become final. ECF No. 6425 at 6.

Rule 23(e)(5)(B) of the Federal Rules of Civil Procedure requires court approval of any payment "provided in connection with . . . dismissing . . . an appeal from a judgment approving the proposal [of a class action settlement]." Fed. R. Civ. P. 23(e)(5)(B). That provision became effective on December 1, 2018—after the agreements were entered into, but before any payments are to be provided.

Although IPPs "have been unable to find any case deciding whether amended Rule 23(e)(5)(B) applies in this situation," they "determined that the prudent course was to bring the matter before this Court." ECF No. 6436 at 2. Saik, Finn and Fortman, and Clifton have opposed

IPPs' motion on grounds that Rule 23(e)(5)(B) does not apply to the agreements at issue here. ECF No. 6432 (Saik); ECF No. 6434 (Finn and Fortman); ECF No. 6435 (Clifton).[1] Hull did not file an opposition to the motion, but he made a similar argument in his motion to stay consideration of IPPs' motion and to compel arbitration on grounds that, by seeking court approval of the agreement, which contains an arbitration clause, IPPs' counsel "seeks to impose extracontractual requirements not contained in the settlement." ECF No. 6433 at 6. No other party or non-party filed a response to IPPs' motion, and IPPs and Objectors all support payment of the requested fees.

Whether the Court's approval is required for these payments is an open question. As IPPs explain in their reply brief:

> IPPs do not dispute that the new Fed. R. Civ. P. 23(e)(5)(B) became effective after IPP Counsel and the Objectors entered into the settlement agreements. Indeed, IPPs state this fact clearly in their Motion. Nor do IPPs dispute that, in general, laws should not be applied retroactively. But, in this case, it is not clear that IPPs' Motion constitutes a "retroactive application" of the new Rule 23(e)(5)(B).
>
> While the settlements were entered into before the effective date of the new rule, the payments under the settlement agreements were not made before that date. As Objectors concede, the payments under the settlement agreements are not due until mid-January 2025. Thus, the contracts were not fully executed before the new rule went into effect.

ECF No. 6436 at 3 (citations and footnote omitted). Like the parties, the Court is unaware of any case addressing whether the rule applies to agreements formed before the effective date of the amendment but under which payments were not due until after the effective date.

On its face, Rule 23(e)(5)(B) would appear to require court approval. The rule provides that "no payment or other consideration may be provided in connection with," as relevant in this case, dismissing an appeal from an order approving a class settlement "[u]nless approved by the

---

[1] Finn and Fortman also argue that the Objectors' filing of appeals divested this Court of jurisdiction. However, the issue before the Court has not been decided, much less appealed, and Finn and Fortman also voluntarily dismissed their appeal of the Court's prior order granting approval to the class settlement. Finn and Fortman cite no authority, and the Court is aware of none, that the filing of an appeal divests a district court of jurisdiction after that appeal has been dismissed.

2

court after a hearing." Fed. R. Civ. P. 23(e)(5)(B). Payment has not yet been provided, so it would be inaccurate to say that requiring court approval in this case would require retroactive application of the rule.

Nonetheless, for the reasons discussed below, the Court is persuaded that the rule should not be applied to the circumstances at issue here. Rule 23(e)(5) now provides:

> (A) In General. Any class member may object to the proposal if it requires court approval under this subdivision (e). The objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection.
>
> (B) Court Approval Required for Payment in Connection with an Objection. Unless approved by the court after a hearing, no payment or other consideration may be provided in connection with:
>
> (i)     forgoing or withdrawing an objection, or
>
> (ii)    forgoing, dismissing, or abandoning an appeal from a judgment approving the proposal.
>
> (C) Procedure for Approval After an Appeal. If approval under Rule 23(e)(5)(B) has not been obtained before an appeal is docketed in the court of appeals, the procedure of Rule 62.1 applies while the appeal remains pending.

Fed. R. Civ. P. 23(e)(5). It would be impossible to require Objectors to comply with Rule 23(e)(5)(A) because the objections were made and rejected years ago. Similarly, Rule 23(e)(5)(C) contemplates approval from a court before an appeal is docketed or, if an appeal is pending, requires that the court follow the procedures of Rule 62.1, which allows for indicative rulings pending appeal. Neither is possible in this instance, when the appeals have already been dismissed. In addition, the advisory committee notes to the amendments explain that:

> Rule 23(e)(5)(B)(ii) applies to consideration in connection with forgoing, dismissing, or abandoning an appeal from a judgment approving the proposal. Because an appeal by a class-action objector may produce much longer delay than an objection before the district court, it is important to extend the court-approval requirement to apply in the appellate context. The district court is best positioned to determine whether to approve such arrangements; hence, the rule requires that the motion seeking approval be made to the district court.

Fed. R. Civ. P. 23(e)(5)(B) advisory committee's note to 2018 amendment. This further

3

1   underscores that the rule contemplates court approval of payment agreements prior to, and not
2   after, the dismissal or abandonment of an appeal.
3         The Supreme Court's transmittal of the proposed amendment to Congress provided "[t]hat
4   the foregoing amendments to the Federal Rules of Civil Procedure shall take effect on
5   December 1, 2018, and shall govern in all proceedings in civil cases thereafter commenced and,
6   insofar as just and practicable, all proceedings then pending." Letter from John G. Roberts, Jr. to
7   Hon. Paul D. Ryan and Hon. Michael R. Pence, Transmitting Amends. to Fed. R. Civ. P., at 3
8   (Apr. 26, 2018) https://www.supremecourt.gov/orders/courtorders/frcv18_5924.pdf
9   [https://perma.cc/C6CL-N234]. These proceedings were commenced prior to December 1, 2018,
10  so the Court therefore considers whether applying the amended rule is "just and practicable." *See*
11  *also* 28 U.S.C. § 2074(a) (providing that, as to amended rules, "the Supreme Court shall not
12  require the application of such rule to further proceedings then pending to the extent that, in the
13  opinion of the court in which such proceedings are pending, the application of such rule in such
14  proceedings would not be feasible or would work injustice, in which event the former rule
15  applies").
16        Following their settlement agreements reached with IPPs' counsel, Objectors fully
17  performed and dismissed their appeals more than six years ago—prior to the effective date of the
18  Rule 23(e) amendments—and it is now impossible for the Court to consider whether to approve
19  the payment agreements before dismissal of Objectors' appeals. There is no evidence that the
20  parties anticipated that court approval would be required for agreements reached prior to the
21  effective date of the Rule 23(e) amendments and, in all but Saik's case, prior to the April 26, 2018
22  date on which the Supreme Court transmitted the proposed amendment to Congress. ECF No.
23  6425-1 at 5–11 (Clifton agreement, signed on April 9, 2018); *id.* at 17–22 (Hull agreement, signed
24  on April 4, 2018); *id.* at 24–30 (Finn and Fortman agreement, signed on April 6, 2018); *id.* at
25  32–39 (Saik agreement, signed on September 7, 2018). Moreover, the agreements provide that the
26  parties are bound as of the execution dates of the agreements, which were all before the
27  December 1, 2018 effective date of the Rule 23(e) amendments, and that the agreements "shall not
28  be rescinded." ECF No. 6425-1 at 7, 19, 26, 34. Under these circumstances, it would be

4

1  fundamentally unfair to deprive Objectors of the benefit of agreements they negotiated with IPPs'
2  counsel after they acted in reliance on those agreements by voluntarily dismissing their appeals.
3        For these reasons, the Court concludes that amended Rule 23(e)(5)(B) does not apply to
4  payments made under the agreements between IPPs' counsel and Objectors. IPPs' motion for
5  approval of payments to Objectors, ECF No. 6425, is therefore denied as moot. Hull's motion to
6  stay consideration of IPPs' motion and to compel arbitration, ECF No. 6433, is also denied as
7  moot.
8        **IT IS SO ORDERED.**
9  Dated: January 29, 2025



JON S. TIGAR
United States District Judge