MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL NO. 1917 |
| | Case No. 07-cv-5944-JST |
| This Document Relates to: *ALL INDIRECT PURCHASER ACTIONS* | **ADMINISTRATIVE MOTION FOR ORDER RE: REMAINING SETTLEMENT FUNDS, FINAL PAYMENT TO THE CLAIMS ADMINISTRATOR, AND RELEASE OF CLAIMS** |
| | Courtroom: 6, 2nd Floor<br>The Honorable Jon S. Tigar |

On June 13, 2022, the United States Supreme Court denied objectors' Petition for Certiorari (ECF No. 6023), and this Court's approval of the Indirect Purchaser Plaintiffs' ("IPPs") amended settlements with certain Defendants totaling $547,750,000 and the Final Judgment (ECF Nos. 5786, 5804) became final. On July 29, 2022, this Court granted IPPs' motion to distribute the Net Settlement Funds to claimants. ECF No. 6040 ("Distribution Order").

As shown on the Post Distribution Accounting Form, filed herewith, the distribution of the Net Settlement Funds to claimants is now complete.[1] The Settlement Administrator completed a second distribution of settlement funds in accordance with the Distribution Order. *Id.* ¶ 8.

As contemplated by the Distribution Order, there are residual funds totaling $392,696.16 following the second distribution of funds. *Id*. ¶ 10. This residue represents seven one hundredths of one percent (0.0007) of the total settlement fund, and is the result of uncashed checks, monies set aside for taxes and accounting expenses, and some residual interest. It would be impracticable to make a further distribution of this small amount to claimants. Alioto Decl. ¶ 4. Pursuant to the Distribution Order, ¶ 10, IPPs hereby provide a suggested distribution of these residual funds.

First, the residual funds should continue to be used to pay taxes and accounting expenses in accordance with the terms of the settlement agreements.

Second, IPPs request the Court's permission to use the residual funds to pay expenses incurred in the ongoing litigation against Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico"), subject to further accounting of these expenses and approval by the Court. The establishment of a litigation expense fund using funds from partial settlements is a well-accepted practice in class actions[2] and was approved in this case for two partial settlements

---

[1] Declaration of Mario N. Alioto In Support of Admin. Motion for Order Re: Remaining Settlement Funds, Final Payment to Claims Administrator, and Release of Claims ("Alioto Decl."), ¶ 3.

[2] *See, e.g., In re Cattle & Beef Antitrust Litig.*, No. 22-3031 (JRT/JFD), 2023 WL 8098644, at *2 (D. Minn. Nov. 21, 2023) (citing cases and finding that, "[a]llowing a portion of class settlement funds to be used for future expenses is a well-accepted practice."); *see also* MANUAL FOR COMPLEX LITIGATION (Fourth) § 13.21 (2004) ("[P]artial settlements may provide funds needed to pursue the litigation . . . .").

entered into early in the litigation. *See* ECF Nos. 1334, 2618, 2944, 3524. Here, the litigation against Irico has been prolonged by Irico's disappearance from this litigation for over seven years, and its spoliation of evidence. IPPs anticipate that the litigation against Irico will continue for some time. The expenses incurred to date are substantial and will continue to accrue. Alioto Decl. ¶ 5. Therefore, IPPs respectfully request that the Court permit them to use these residual funds for expenses incurred or to be incurred in the litigation against Irico.

Third, the Settlement Administrator has submitted a final invoice for $9,071.52 for their work on this matter. This work included issuing additional checks; maintaining the bank account containing the settlement funds, Positive Pay, and account reconciliation; consulting with accountants regarding payment of taxes; preparing the Post Distribution Accounting; and consulting with IPP Lead Counsel throughout. *Id*. ¶ 6. IPP Lead Counsel has reviewed this final invoice and believes it to be fair and reasonable and requests that the Court authorize payment to the Settlement Administrator. *Id.* ¶ 7. If approved, the payment will be made from the funds set aside by the Distribution Order for the purpose of paying for the Settlement Administrator's work to distribute the funds to claimants. Distribution Order, ¶ 13. This final payment will exhaust this fund. Alioto Decl. ¶ 7.

Finally, IPPs request that the Court order the release of claims by class members and others now that the claims process has been completed. It is well accepted that attorneys and claims administrators are released from liability concerning the distribution of settlement funds. *See, e.g.*, *Pritchard v. Apyx Med. Corp.,* No. 8:19-cv-00919, 2021 WL 2451356 at *2 (M.D. Fla. June 15, 2021) ("[A]ll persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement . . . ."). The proposed release in the Proposed Order submitted herewith is similar to releases ordered in other recent indirect purchaser class actions. *See, e.g.*, Alioto Decl. ¶¶ 8-9, Ex. 1 (*In Re: Automotive Parts Antitrust Litig.*, No. 02-md-02311-SFC-RSW, ECF No. 2270 (E.D. Mich. Mar. 18, 2025), Amended Order Approving End-Payor

Plaintiffs' Motion for Pro Rata Distributions to Authorized Claimants, ¶ 5); *id*. ¶ 10, Ex. 2 (*In re Disposable Contact Lenses Antitrust Litig.*, No. 3:15-md-02626-HES-LLL, ECF No. 1427 (M.D. Fla. Feb. 29, 2024), Order Authorizing Motion to Re-Issue Payments to Lapsed Claimants Who Show Good Cause, ¶ 7).

                                                      Respectfully submitted,

Dated: June 11, 2025                         By:  */s/ Mario N. Alioto*

                                               Mario N. Alioto (56433)
                                               Lauren C. Capurro (241151)
                                               TRUMP, ALIOTO, TRUMP & PRESCOTT LLP
                                               2001 Union Street, Suite 482
                                               San Francisco, CA 94123
                                               Telephone:  (415) 563-7200
                                               Facsimile:   (415) 346-0679
                                               Email:       malioto@tatp.com
                                                                     laurenrussell@tatp.com

                                             *Lead Counsel for Indirect Purchaser Plaintiffs*