MARIO N. ALIOTO (56433)
LAUREN C. CAPURRO (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail: malioto@tatp.com
laurenrussell@tatp.com

*Lead Counsel for the Indirect Purchaser Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MDL NO. 1917 <br><br> Case No. 07-cv-5944-JST <br><br> **DECLARATION OF MARIO N. ALIOTO IN SUPPORT OF ADMINISTRATIVE MOTION FOR ORDER RE: REMAINING SETTLEMENT FUNDS, FINAL PAYMENT TO THE CLAIMS ADMINISTRATOR, AND RELEASE OF CLAIMS** <br><br> Courtroom: 6, 2nd Floor <br> The Honorable Jon S. Tigar |

I, Mario N. Alioto, declare as follows:

1. I am an attorney duly licensed by the State of California and am admitted to practice before this Court. I am a partner with the law firm Trump, Alioto, Trump & Prescott, LLP and my firm serves as the Court-appointed Lead Counsel for the Indirect Purchaser Plaintiffs ("IPPs") in the above-captioned action. I submit this Declaration in support of the IPPs' Administrative Motion For Order Re: Remaining Settlement Funds, Final Payment to the Claims Administrator, and Release of Claims. I have personal knowledge of the matters set forth herein, and if called upon as a witness, could testify thereto.

2. On June 13, 2022, the United States Supreme Court denied objectors' Petition for Certiorari (ECF No. 6023), and this Court's approval of the Indirect Purchaser Plaintiffs' ("IPPs") amended settlements with certain Defendants totaling $547,750,000 and the Final Judgment (ECF Nos. 5786, 5804) became final. On July 29, 2022, this Court granted IPPs' motion to distribute the Net Settlement Funds to claimants. ECF No. 6040 ("Distribution Order").

3. The distribution of the Net Settlement Funds from the above-referenced settlements to claimants is now complete.

4. As contemplated by the Distribution Order, there are residual funds totaling $392,696.16 following the second distribution of funds. *Id.* ¶ 10. This residue represents seven one hundredths of one percent (0.0007) of the total settlement fund, and is the result of uncashed checks, monies set aside for taxes and accounting expenses, and some residual interest. It would be impracticable to make a further distribution of this small amount to claimants.

5. The litigation against Defendants Irico Group Corporation and Irico Display Devices Co., Ltd. ("Irico") has been prolonged by Irico's disappearance from this litigation for over seven years, and its spoliation of evidence. I anticipate that the litigation against Irico will continue for some time. The expenses incurred to date are substantial and will continue to accrue.

6. The Settlement Administrator has submitted a final invoice for $9,071.52 for their work on this matter. This work included issuing additional checks; maintaining the bank account containing the settlement funds, Positive Pay, and account reconciliation; consulting with accountants regarding

payment of taxes; preparing the Post Distribution Accounting; and consulting with the undersigned throughout.

7. I have reviewed the Settlement Administrator's final invoice and believe it to be fair and reasonable and request that the Court authorize payment to the Settlement Administrator. If approved, the payment will be made from the funds set aside by the Distribution Order for the purpose of paying for the Settlement Administrator's work to distribute the funds to claimants. Distribution Order, ¶ 13. This final payment will exhaust this fund.

8. The proposed release in the Proposed Order submitted herewith is similar to releases ordered in other recent indirect purchaser class actions.

9. Attached hereto as Exhibit 1 is a true and correct copy of the Amended Order Approving End-Payor Plaintiffs' Motion for Pro Rata Distributions to Authorized Claimants, dated Mar. 18, 2025, ECF No. 2270, entered in *In Re: Automotive Parts Antitrust Litig.*, No. 02-md-02311-SFC-RSW, ECF No. 2270 (E.D. Mich.). Paragraph 5 provides for the release of class counsel and the claims administrator from liability for all claims arising out of their involvement in the claims administration.

10. Attached hereto as Exhibit 2 is a true and correct copy of the Order Authorizing Motion to Re-Issue Payments to Lapsed Claimants Who Show Good Cause, dated February 29, 2024, ECF No. 1427, entered in *In re Disposable Contact Lenses Antitrust Litig.*, No. 3:15-md-02626-HES-LLL (M.D. Fla.). Paragraph 7 provides for the release of class counsel and the claims administrator from liability for all claims arising out of their involvement in the claims administration.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of June, 2025 at San Francisco, California.

/s/ Mario N. Alioto
Mario N. Alioto

**Lead Counsel for the Indirect Purchaser Plaintiffs**



**EXHIBIT 1**

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | No. 12-md-02311<br>Hon. Sean F. Cox |

| | |
|---|---|
| In Re: Wire Harness Systems | Case No. 2:12-cv-00103 |
| In Re: Instrument Panel Clusters | Case No. 2:12-cv-00203 |
| In Re: Fuel Senders | Case No. 2:12-cv-00303 |
| In Re: Heater Control Panels | Case No. 2:12-cv-00403 |
| In Re: Automotive Bearings | Case No. 2:12-cv-00503 |
| In Re: Occupant Safety Systems | Case No. 2:12-cv-00603 |
| In Re: Alternators | Case No. 2:13-cv-00703 |
| In Re: Anti-Vibrational Rubber Parts | Case No. 2:13-cv-00803 |
| In Re: Windshield Wiper Systems | Case No. 2:13-cv-00903 |
| In Re: Radiators | Case No. 2:13-cv-01003 |
| In Re: Starters | Case No. 2:13-cv-01103 |
| In Re: Automotive Lamps | Case No. 2:13-cv-01203 |
| In Re: Switches | Case No. 2:13-cv-01303 |
| In Re: Ignition Coils | Case No. 2:13-cv-01403 |
| In Re: Motor Generator | Case No. 2:13-cv-01503 |
| In Re: Steering Angle Sensors | Case No. 2:13-cv-01603 |
| In Re: HID Ballasts | Case No. 2:13-cv-01703 |
| In Re: Inverters | Case No. 2:13-cv-01803 |
| In Re: Electric Powered Steering Assemblies | Case No. 2:13-cv-01903 |
| In Re: Air Flow Meters | Case No. 2:13-cv-02003 |
| In Re: Fan Motors | Case No. 2:13-cv-02103 |
| In Re: Fuel Injection Systems | Case No. 2:13-cv-02203 |
| In Re: Power Window Motors | Case No. 2:13-cv-02303 |
| In Re: Automatic Transmission Fluid Warmers | Case No. 2:13-cv-02403 |
| In Re: Valve Timing Control Devices | Case No. 2:13-cv-02503 |
| In Re: Electronic Throttle Bodies | Case No. 2:13-cv-02603 |
| In Re: Air Conditioning Systems | Case No. 2:13-cv-02703 |
| In Re: Windshield Washer Systems | Case No. 2:13-cv-02803 |
| In Re: Automotive Constant Velocity Joint Boot Products | Case No. 2:14-cv-02903 |

| | |
|---|---|
| In Re: Spark Plugs | Case No. 2:15-cv-03003 |
| In Re: Automotive Hoses | Case No. 2:15-cv-03203 |
| In Re: Shock Absorbers | Case No. 2:15-cv-03303 |
| In Re: Body Sealing Products | Case No. 2:16-cv-03403 |
| In Re: Interior Trim Products | Case No. 2:16-cv-03503 |
| In Re: Automotive Brake Hoses | Case No. 2:16-cv-03603 |
| In Re: Exhaust Systems | Case No. 2:16-cv-03703 |
| In Re: Ceramic Substrates | Case No. 2:16-cv-03803 |
| In Re: Power Window Switches | Case No. 2:16-cv-03903 |
| In Re: Automotive Steel Tubes | Case No. 2:16-cv-04003 |
| In Re: Access Mechanisms | Case No. 2:16-cv-04103 |
| In Re: Side Door Latches | Case No. 2:16-cv-04303 |
| In Re: Electronic Braking Systems | Case No. 2:21-cv-04403 |
| In Re: Hydraulic Braking Systems | Case No. 2:21-cv-04503 |

THIS DOCUMENT RELATES TO:
End-Payor Actions

### AMENDED ORDER APPROVING END-PAYOR PLAINTIFFS' MOTION FOR *PRO RATA* DISTRIBUTIONS TO AUTHORIZED CLAIMANTS

WHEREAS, the Court previously granted final approval of all settlements

("Rounds 1-5 Settlements")[1] in connection with the above-captioned litigation[2];

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning set forth in in EPPs' Motion for Distribution of $100 Minimum Payment to Authorized Claimants and the Settlement Agreements that are the subject of the Rounds 1 through 5 Settlements. *See*, *e.g.,* No 2:12-cv-00103 (Aug. 29, 2024), ECF No. 656-1.

[2] *See*, *e.g.*, Amended Opinion and Order Granting Final Approval of Class Action Settlements, Case No. 2:12-cv-00103 (Aug. 9, 2016), ECF No. 512 ("Round 1 Final Approval Order"); Order Granting Final Approval to the Round 2 Settlements, Case No. 2:12-cv-00403 (July 10, 2017), ECF No. 239 ("Round 2 Final Approval Order"); Order Granting Final Approval to the Round 3 Settlements, Case No. 2:12-cv-00103

WHEREAS, the Court previously approved the Plan of Allocation in connection with the Rounds 1 through 4 Settlements[3] and the Plan of Allocation in connection with the Round 5 Settlements[4];

WHEREAS, the Court previously approved distribution of $100 minimum payments to all Authorized Claimants[5]; and

WHEREAS, EPPs, by and through Settlement Class Counsel, moved this Court for entry of this Order Approving End-Payor Plaintiffs' Motion for *Pro Rata*

---

(Nov. 8, 2018), ECF No. 628 ("Round 3 Final Approval Order"); Order Granting Final Approval of the Round 4 Settlements, Case No. 2:12-cv-00603 (Sept. 23, 2020), ECF No. 230 ("Round 4 Final Approval Order"); Order Granting Final Approval of the Round 5 Settlements, Case No. 2:16-cv-03703 (Feb. 6, 2023), ECF No. 211 ("Round 5 Final Approval Order").

[3] *See*, *e.g.*, Order Granting EPPs' Unopposed Motion for an Order Approving the Proposed Further Revised Plan of Allocation and for Authorization to Disseminate Supplemental Notice to the Settlement Classes, Master File No. 2:12-md-02311 (Dec. 20, 2019), ECF No. 2032 (order granting EPPs' proposed Plan of Allocation applicable to the Rounds 1 through 4 Settlements); Proposed Further Revised Plan of Allocation and for Authorization to Disseminate Supplemental Notice to the Settlement Classes, Case No. 2:12-cv-00403 (Dec. 10, 2019), ECF No. 301-2 (EPPs' proposed Plan of Allocation applicable to the Rounds 1 through 4 Settlements).

[4] *See*, *e.g.*, Order Granting EPPs' Motion for an Order Approving the Proposed Plan of Allocation in Connection with the Round 5 Settlements, Case No. 2:21-cv-04503 (Feb. 6, 2023), ECF No. 16 (order granting EPPs' proposed Plan of Allocation applicable to the Rounds 5 Settlements); EPPs' Motion for an Order Approving the Proposed Plan of Allocation in Connection with the Round 5 Settlements, Case No. 2:21-cv-04503 (Nov. 18, 2022), ECF No. 10 (EPPs' proposed Plan of Allocation applicable to the Round 5 Settlements).

[5] See Order Overruling FRS's Objections and Approving End-Payor Plaintiffs' Motion for Distribution of $100 Minimum Payments to Authorized Claimants, Case No 2:12-cv-00103 (Oct. 21, 2024), ECF No. 663.

Distributions to Authorized Claimants ("Motion"), and the Court, having considered all materials and arguments submitted in support of the Motion, including the Memorandum of Law and the Declaration of Michelle M. La Count, Esq. Regarding End-Payor Plaintiffs' Motion for *Pro Rata* Distribution to Authorized Claimants ("La Count Declaration") submitted therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.      The Court hereby approves the methodology undertaken by the Settlement Administrator in arriving at such determinations as set forth in the La Count Declaration. The La Count Declaration describes, *inter alia,* the thorough review, quality control audit, and deduplication processes conducted by the Settlement Administrator involving millions of claimed vehicles and replacement parts.

2.      The Court finds that the Settlement Administrator's application of sampling to determine the validity of Large Claim Submissions was appropriate and necessary "to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible." 4 William B. Rubenstein, Newberg on Class Actions, § 12:15 (5th ed.) (Westlaw 2018).

3.      EPPs' plan for the *pro rata* distributions of the Net Settlement Funds[6]

---

[6] The Net Settlement Funds consist of the Rounds 1-5 Settlement Amounts, plus interest earned thereon through November 30, 2024, less attorneys' fees, litigation

as set forth more fully in the La Count Declaration is **APPROVED.** Accordingly,

    a.    The Court authorizes the Settlement Administrator to create a reserve of 15% of the Net Settlement Funds to be used for: (1) the payment of administrative expenses; (2) the resolution of any matters that might arise in connection with the distribution of the proceeds of the remaining Net Settlement Funds; and (3) Settlement Class Counsel's application for attorneys' fees and reimbursement of costs and expenses ("Reserve Fund").

    b.    The Court authorizes the Settlement Administrator to make *pro rata* payments to Authorized Claimants consistent with the methodology and plan set forth in the La Count Declaration following the issuance of claim determination letters to Authorized Claimants that qualify for a *pro rata* distribution payment. The Settlement Administrator shall issue claim determination letters to Authorized Claimants that qualify for a *pro rata* distribution within 90 days of

---

costs and expenses, class notice, and settlement administration expenses approved by the Court and paid to date, class representative service payments, and the $100 minimum payments, plus a reserve established in connection with these payments totaling $450,000. The Net Settlement Funds continue to accrue interest and may be subject to reductions for future costs and expenses, including, but not limited to, Settlement Class Counsel's forthcoming application for attorneys' fees and reimbursement of costs and expenses.

entry of this Order. Except as provided by the Release set forth in Paragraph 5 of this Order, such Authorized Claimants shall have the right to object to the Settlement Administrator's specific claim determinations (but not the methodology employed by the Settlement Administrator approved by this Order) by submitting written objections to the Settlement Administrator within 20 days of the Settlement Administrator emailing such claim determination letters, or if sent by regular mail, 30 days. If the Settlement Administrator and any Authorized Claimant are unable to resolve the objections, such Authorized Claimant may file with the Court a request to review any remaining unresolved objection no later than 10 days after the Settlement Administrator's final ruling on the written objections unless Settlement Class Counsel and the Authorized Claimant agree in writing to additional time. If no request for such review is timely filed with the Court, the determination of the Settlement Administrator shall be deemed final. Should any Authorized Claimant file a request for review with the Court, the Settlement Administrator shall calculate the amount the Authorized Claimant will be paid if successful with its objection and the Settlement Administrator will set aside and add a sufficient amount to the Reserve Fund to permit the claim to be paid

if the Authorized Claimant is successful in its objection.

c.    In order to encourage Authorized Claimants to promptly deposit their distribution checks, and to avoid or reduce future expenses relating to unpaid distribution checks, all distribution checks will bear a notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED WITHIN 90 DAYS AFTER ISSUE DATE."

d.    Authorized Claimants who do not negotiate their funds within the time allotted will be deemed to have waived and forfeited any right to share in the Settlement Funds based on their respective claims unless otherwise determined by Settlement Class Counsel. Any such funds will become available for re-distribution to other Authorized Claimants, as part of a subsequent distribution if economically feasible or as may otherwise be awarded by the Court.

e.    For those Authorized Claimants represented by a third-party claims filer,[7] the Settlement Administrator shall issue a check payment or payments if the third-party claims filer has not contacted the Settlement Administrator indicating a payment preference. If a third-

---

[7] A third-party claims filer is a person or entity that filed a claim on behalf of a claimant or Settlement Class Member.

party claims filer has contacted the Settlement Administrator and has provided a preference for a wire payment instead of a check, the Settlement Administrator shall compile a list of individuals and/or companies represented by the third-party claims filer, their related *Pro Rata* Distribution Payment, and issue a single lump sum payment to the third-party claims filer.

    f.    Unless otherwise provided for by the FMC Stipulations,[8] any third-party claims filer that has not distributed and confirmed the transfer of funds concerning a *Pro Rata* Distribution Payment to an Authorized Claimant (e.g., via wire transfer to or cashed check by an Authorized Claimant) within 180 days of the Settlement Administrator issuing payment must return the total undistributed *Pro Rata* Distribution Payment attributable to such uncompensated Authorized Claimant to the Settlement Administrator.

    g.    The Settlement Administrator may, at the direction of Settlement Class Counsel, require an accounting from the third-party claims filers providing detail on whether the third-party claims filer

---

[8] FMC Stipulations refer to the stipulations reached between Settlement Class Counsel and both: (i) Automotive Rentals, Inc., Element Fleet Corporation, Wheels, Inc., Donlen LLC, and Class Action Capital [ECF No. 2182]; and (ii) Enterprise Fleet Management, Inc. [ECF No. 40184].

has distributed and confirmed receipt of the *Pro Rata* Distribution payment to each Authorized Claimant the third-party claim filer represents and requiring any funds not so distributed to then be returned to the Settlement Administrator.

h.    Consistent with the *pro rata* distribution plan set forth in the La Count Declaration, the Settlement Administrator, at the direction of Settlement Class Counsel, shall make additional payments to Authorized Claimants from the Reserve Fund in connection with the *pro rata* distributions if circumstances warrant such payments.

4.    The Settlement Administrator, at the direction of Settlement Class Counsel, shall make a second *pro rata* distribution from any residual amount of the Net Settlement Funds within fifteen months of issuing the initial checks in the first *pro rata* distribution, if economically feasible.

5.    Other than the right to object to or seek Court review of a specific determination of a claim pursuant to Paragraph 3.b of this Order, all Settlement Class Members and all other persons and entities that have submitted claims to participate in any of the settlements, including, but not limited to, any third-party claims filer, hereby release and forever discharge all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted herein, or otherwise involved in the administration or

payment of taxes or other expenses from the Rounds 1 through 5 Settlement Funds, including, but not limited to, Settlement Class Counsel and the Settlement Administrator, from any and all claims arising out of such involvement, and all Settlement Class Members and all such claimants are barred from making any further claims against the Net Settlement Funds, including any interest accrued thereon, or the released parties. Nothing herein shall limit or otherwise prevent Settlement Class Counsel from taking action against any person or entity for the benefit of the Settlement Classes.

6.     This Court retains continuing jurisdiction over the Settlement Funds, all parties and claimants, and further application or matters which may arise in connection with these actions.

**IT IS SO ORDERED.**

March 18, 2025                                              s/Sean F. Cox
                                                           Sean F. Cox
                                                           U. S. District Judge

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | |
|---|---|
| **In Re:**<br><br>**DISPOSABLE CONTACT LENS ANTITRUST LITIGATION** | **Case No. 3:15-md-2626-HES-LLL**<br><br>**Judge Harvey E. Schlesinger**<br><br>**Magistrate Judge Laura Lothman Lambert** |
| **THIS DOCUMENT RELATES TO:**<br>**All Class Actions** | |

## ORDER AUTHORIZING MOTION TO RE-ISSUE PAYMENTS TO LAPSED CLAIMANTS WHO SHOW GOOD CAUSE

This matter is before this Court on "Objectors' Opposition to Class Counsel's Motion to Authorize a Supplemental Distribution of Net Settlement Funds" (Dkt. 1404), Response in Opposition (Dkt. 1405), "Class Counsel's Response to Certain Claimants' Objections to the Supplemental Distribution of Net Settlement Funds" (Dkt. 1406), "Objectors' Motion for Reconsideration and Motion to Stay Order" (Dkt. 1407), a "Motion for Reconsideration" (Dkt. 1408), a "Motion for Reconsideration; and, Motion to Take Judicial Notice" (Dkt. 1411), "Objectors' Reply in Support of Objections (1404) and Motion for Reconsideration and Motion to Stay Order (1407)" (Dkt. 1412), "Objectors' Reply in Support of Objections (1404) and Motion for Reconsideration and

Motion to Stay Order (1407)" (Dkt. 1415), "Class Counsel's Response to Carlos Torres' Motion for Reconsideration" (Dkt. 1416), a "Reply in Support of Motion for Reconsideration; and, Motion to Take Judicial Notice" (Dkt. 1419), "Class Counsel's Notice on the Status of Communications with Objectors to Second Distribution Order" (Dkt. 1425), and "Class Counsel's Motion to Re-Issue Payments to Lapsed Claimants Who Show Good Cause." (Dkt. 1426).

This Court granted final approval to Class Plaintiffs' settlements with Alcon Vision, LLC, Johnson & Johnson Vision Care, Inc., CooperVision, Bausch & Lomb, and ABB Optical Group (the "Settlements") (Dkts. 1164; 1257; and 1362). This Court appointed Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator for these Settlements (Dkt. 1343, ¶ 11).

Class Counsel filed a Motion to Authorize Distribution of Net Settlement Funds to Approved Class Members on a *pro rata* basis ("First Distribution Motion"). (Dkt. 1370). On June 5, 2023, this Court granted the First Distribution Motion. (Dkt. 1371).

Class Counsel submitted a second Motion to Authorize Supplemental Distribution of Net Settlement Funds to, *inter alia,* Re-Issue Claimants who requested their checks be re-issued before November 15, 2023. (Dkt. 1402). This Court granted the Second Distribution Motion on November 29, 2023, and ordered that Lapsed Claimants who did not cash their checks or request reissuance before November 15, 2023, had forfeited their claim to any part of

the Net Settlement Funds ("Second Distribution Order"). (Dkt. 1403, ¶2).

Following entry of the Second Distribution Order, certain Lapsed Claimants asked for their payments to be reissued due to issues that purportedly interfered with their ability to timely cash their checks or request reissuance before November 15, 2023. Following entry of the Second Distribution Order, certain claimants ("Objectors") filed objections to and/or motions to reconsider that Order (Dkts. 1404, 1405, 1407, 1408, 1411, and 1423; the "Objections")), to which Class Counsel responded (Dkts. 1406, 1409, 1416, and 1424), and to which some Objectors replied (Dkts. 1412, 1415, and 1419).

Class Counsel has provided sworn declarations, submitted by Epiq's Jeanne Chernila in response to each of these Objections, explain each of the Objectors is a Re-Issue Claimant who benefits from the Second Distribution Order because they will each receive their first allocated *pro rata* distributions (Dkts. 1406-3, 1416-1, and 1424-1).

Class Counsel have submitted a Motion to Re-Issue Payments to Lapsed Claimants Who Show Good Cause up to a total of seventy-five thousand dollars ($75,000) to Lapsed Claimants who Epiq determines, have shown good cause as to why they did not timely cash their checks or request reissuance before November 15, 2023. Epiq, at Class Counsel's direction, has postponed distributing Net Settlement Funds under the Second Distribution Order until

this Court resolves the Objections.

Accordingly, it is **ORDERED**:

1. The Objections (Dkts. 1404, 1405, 1407, 1408, 1411, and 1423) to the Section Distribution Order are **DENIED** and Class Counsel's Motion to Re-Issue Payments to Lapsed Claimants Who Show Good Cause is **GRANTED** as follows:

2. This Court affirms the terms of the Second Distribution Order, and Epiq shall proceed with distributing Net Settlement Funds under the Second Distribution Order by no later than forty-five (45) days of entry of this Order.

3. This Court concludes that (a) each of the Objectors is a Re-Issue Claimant who is not harmed by the Second Distribution Order and each lacks standing to object to that order. *See In re First Cap. Holdings Corp. Fin. Prod. Sec. Litig.*, 33 F.3d 29, 30 (9th Cir. 1994) ("Simply being a member of a class is not enough to establish standing. One must be an aggrieved class member."); *Collins v. Quincy Bioscience, LLC*, No. 19-22864-CIV, 2020 WL 7135528, at *3 (S.D. Fla. Nov. 16, 2020) (explaining even if an objector "could sustain his burden to prove he is a Settlement Class Member, to establish standing to object he must also establish that he is an "aggrieved" class member), and (b) even if the Objectors had standing, each of their arguments opposing the Second Distribution Order is either inconsistent with or unsupported by the facts and the law.

4. Notwithstanding anything to the contrary in the Second Distribution Order, Epiq may reissue *pro rata* settlement payments up to a total of seventy-five thousand dollars ($75,000) to Lapsed Claimants who, within sixty days of this Order and in Epiq's sole discretion, demonstrate good cause as to why they did not timely cash their checks or request reissuance before November 15, 2023.

5. All Lapsed Claimants who, within sixty days of entry of this Order, either fail to contact Epiq or who Epiq determines, in its discretion, have not shown good cause, will have forever forfeited and waived any right they had to claim any portion of the Net Settlement Funds.

6. Any further claims to these Settlements are prohibited, and any further claims against the Net Settlement Funds for these Settlements are finally and forever barred.

7. Consistent with the First and Second Distribution Orders, Plaintiffs, Class Counsel, Epiq, and all individuals who were involved in the processing and validation of claims, calculation of distributions to claimants, or any other aspect of the claims administration process, are hereby released and discharged from any and all claims arising out of such involvement.

8. This Court retains jurisdiction over any further application or matter which may arise in connection with the administration of these Settlements.

**DONE AND ENTERED** at Jacksonville, Florida, this 28th day of February, 2024.

_____
HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Carlos Torres
     Box 9007
     Providence, RI 02940-9007
Stan Franklin
     14390 US Rte 30, Rm 29
     Irwin, PA 15642
Scott Pierce
     P.O. Box 34621
     Suite 10287 ABC
     Seattle, WA 98124-1628
Ana Maria Taylor
     1201 S. Hope Street
     Los Angeles, CA 90015