MARIO N. ALIOTO, ESQ. (56433)
LAUREN C. CAPURRO, ESQ. (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT, LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: (415) 563-7200
Facsimile: (415) 346-0679
E-mail:  malioto@tatp.com
         laurenrussell@tatp.com

*Lead Counsel for the Indirect-Purchaser Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MASTER FILE NO. 4:07-cv-5944-JST<br>Case No.: 4:17-cv-04067-JST |
| This Document Relates to: | MDL NO. 1917 |
| *ALL INDIRECT PURCHASER ACTIONS*<br><br>*Luscher, et al. v. Mitsubishi Electric Corp.*, No. 4:17-cv-04067-JST | [PROPOSED] ORDER GRANTING MOTION TO APPROVE DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS **AS MODIFIED**<br><br>Re: ECF No. 6508 |

Having considered the Indirect Purchaser Plaintiffs' ("IPPs") Motion to Approve Distribution of Residual Settlement Funds, ECF No. 6508, the supporting materials and other papers on file in this action, the statements of counsel and the parties, and the lack of opposition to the motion, the Court finds this matter suitable for resolution without oral argument. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).  The Court hereby GRANTS the motion as follows:

1. The Court authorizes IPP Counsel to pay IPPs' economic experts, ApplEcon, $72,190.63 from the residual settlement funds for work performed on behalf of IPPs in 2015 and 2016. The services performed by ApplEcon were necessary and reasonable, and the charges for its services are the type of expense that is routinely charged to paying clients in a case like this.

2. The Court authorizes the payment of $160,535 from the residue to the Settlement Administrator for administering the Mitsubishi Electric Settlement and distributing settlement funds to claimants during the period from January 1, 2025, through September 30, 2025.

3. The Court authorizes the reservation of $24,958 from the residue to pay the Settlement Administrator for services and costs anticipated through the conclusion of the administration of the Mitsubishi Electric Settlement.

4. The Court finds that further distributions of settlement funds to claimants are infeasible because each claimant's recovery would be *de minimis*. Therefore, the next best use for the residual settlement funds in this case is to distribute them *cy près* to a charitable organization that will benefit absent class members.

5. The Court finds that the American Antitrust Institute ("AAI") is an appropriate *cy près* recipient in this case. AAI is a 501(c)(3) not-for-profit organization devoted to promoting competition that protects consumers, businesses, and society through research, education, and advocacy nationally. AAI's work has a close nexus to the nature of this litigation, which alleged domestic injury to U.S. consumers and businesses from an international price-fixing conspiracy in violation of federal and state antitrust, consumer protection, and unfair competition laws. Therefore, the *cy près* distribution of the residual settlement funds in this case to AAI will benefit absent class members.

6. The Court authorizes the payment of all residual settlement funds to the American Antitrust Institute in the amount of approximately $1,302,929.64, less any further taxes and administrative fees.

**IT IS SO ORDERED.**

Dated: December 23, 2025

_____
Hon. Jon S. Tigar
United States District Judge