# IPP

# Exhibit 3

| State | Legal Authority | Rate | Applied to |
|---|---|---|---|
| California | Cal. Bus. & Prof. Code § 16761 (court may award, upon motion, "interest on actual damages at the rate of 10 percent per annum for the period beginning on the date of service of such person's. . . complaint setting forth a claim for violation of this chapter and ending on the date of judgment, or for any shorter period therein, if the court finds that the award of interest for such period is just in the circumstances"). | 10% per year<br><br>Cal. Bus. & Prof. Code § 16761 | Actual damages |
| District of Columbia | D.C. Code Ann. § 28-4508 ("The court may award under this section, pursuant to a motion by such person promptly made, simple interest on actual damages for the period beginning on the date of service of such person's pleading setting forth a claim under this chapter and ending on the date of judgment, or for any shorter period therein, if the court finds that the award of such interest for such period is just under the circumstances.") | 6% per year<br><br>D.C. Code Ann. § 28-3302(a) | Actual damages |

**Exhibit 3**
**Prejudgment Interest**

| State | Legal Authority | Rate | Applied to |
|---|---|---|---|
| Florida | *Bosem v. Musa Holdings, Inc.*, 46 So. 3d 42, 43 (Fla. 2010) ) ("[P]rejudgment interest is a matter of right under the prevailing 'loss theory' of recovery for pecuniary damages, i.e., damages for economic or tangible losses.*"); Nuvasive, Inc. v. Absolute Med., LLC*, No. 6:17-CV-2206-CEM-LHP, 2025 WL 884111, at *22 (M.D. Fla. Jan. 17, 2025) ("Pre-judgment interest is . . . recoverable in a FDUTPA claim."), *report and recommendation adopted*, No. 6:17-CV-02206-CEM-LHP, 2025 WL 865162 (M.D. Fla. Mar. 20, 2025). | Varies<br><br>Fla. Stat. Ann. § 687.01 (where no contract sets rate, interest rate is that set in § 55.03); *see Jenkins v. Plaza 3000, Inc.,* 134 So. 3d 1127, 1132 (Fla. Dist. Ct. App. 2014) (§ 687.01 applies to prejudgment interest).<br><br>Under § 55.03, Florida Chief Financial Officer sets rate annually and adjusts quarterly. | Actual damages |
| Hawaii | Haw. Rev. Stat. Ann. § 636-16 ("In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred."); *Metcalf v. Voluntary Employees' Ben. Ass'n of Hawaii*, 99 Haw. 53, 61, 52 P.3d 823, 831 (Haw. 2002) ("Under HRS § 636–16, courts in all civil cases have the discretion to award pre-judgment interest."). | 10% per year<br><br>Haw. Rev. Stat. Ann. § 478-2 | Actual damages |

1

**Exhibit 3**
**Prejudgment Interest**

| State | Legal Authority | Rate | Applied to |
|---|---|---|---|
| Iowa | Iowa Code Ann. § 535.3 ("Interest **shall** be allowed on all money due on judgments and decrees of courts at a rate calculated according to section 668.13.") (emphasis added); *id.* § 668.13(1) ("Interest, except interest awarded for future damages, shall accrue from the date of the commencement of the action."); *Shea v. LoUTPArenz*, 909 N.W.2d 230 (Iowa Ct. App. 2017) ("[A]n award of interest under section 535.3 is obligatory . . ., and interest should be awarded even when it has not been requested." (citation omitted)). | Varies<br><br>Iowa Code Ann. § 668.13(3) ("Interest shall be calculated as of the date of judgment at a rate equal to the one-year treasury constant maturity published by the federal reserve in the H15 report settled immediately prior to the date of the judgment plus two percent."). | Treble damages<br><br>"Interest shall be allowed on all money due on judgments and decrees of courts . . ." (Iowa Code Ann. § 535.3). *See Cedar Rapids Lodge & Suites, LLC v. JFS Dev., Inc.,* No. 09-CV-175-LRR, 2012 WL 5269015, at *5 (N.D. Iowa Oct. 24, 2012) (awarding prejudgment interest on treble damages in RICO action). |
| Kansas | *Farmers State Bank v. Prod. Credit Ass'n of St. Cloud,* 755 P.2d 518, 528 (Kan. 1988) ("[T]he district court has the discretion to award prejudgment interest on an unliquidated claim when the defendant has had use of the money, the plaintiff has been deprived of the use of the money, and the order is necessary to award full compensation."); *Lightcap v. Mobil Oil Corp.,* 562 P.2d 1, 16 (Kan. 1977) (holding court has discretion to award prejudgment interest, even for unliquidated claims, "where required to give full compensation"). | 10% per year<br><br>Kan. Stat. Ann. § 16-201(a) | Actual damages |

**Exhibit 3**
**Prejudgment Interest**

| State | Legal Authority | Rate | Applied to |
|---|---|---|---|
| Maine | Me. Rev. Stat. Ann. tit. 14, § 1602-B(3) ("In civil actions other than [small claims and contracts and notes], prejudgment interest is allowed at the one-year United States Treasury bill rate plus 3%."); *Brown v. Habrle*, 1 A.3d 401, 404 (Me. 2010) ("The prejudgment interest statute entitles the prevailing party to interest as a matter of right, which right is defeasible only when the prevailing party obtains a continuance of longer than thirty days or when the nonprevailing party petitions and shows good cause that it should be waived altogether." (internal quotation marks and citations omitted). | Varies<br><br>*See* Me. Rev. Stat. Ann. tit. 14, § 1602-B (3) (one-year United States Treasury bill rate plus 3%); *id.* § 1602-B (3)(A) ("For purposes of this subsection, 'one-year United States Treasury bill rate' means the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which prejudgment interest begins to accrue.") | Treble damages<br><br>"Maine's general prejudgment interest statute, Me. Rev. Stat. tit. 14, § 1602–B(1)–(3), provides broadly, with limited exceptions not here applicable, for prejudgment interest in civil actions, and refers to interest on the judgment, not a portion of the recovery making up the judgment." *Dinan v. Alpha Networks, Inc.*, 764 F.3d 64, 71 (1st Cir. 2014).<br>In a tort case, the Maine Supreme Court approved trial court's addition of prejudgment interest to the jury's award of punitive damages. *Haworth v. Feigon*, 623 A.2d 150, 159 (Me. 1993) (interpreting provision of 1992 statute that was identical or substantially similar to current version). |

3

**Exhibit 3**
**Prejudgment Interest**

| State | Legal Authority | Rate | Applied to |
|---|---|---|---|
| Michigan | Mich. Comp. Laws Ann. § 445.778(2) ("Any other person . . . injured directly or indirectly in his or her business or property by a violation of this act may bring an action for . . . actual damages sustained by reason of a violation of this act, and, as determined by the court, interest on the damages from the date of the complaint, taxable costs, and reasonable attorney's fees."). | Varies<br><br>Mich. Comp. Laws Ann. § 600.6013 ("[F]or complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section."). | Treble damages<br><br>"Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs." Mich. Comp. Laws Ann. § 600.6013(8).<br><br>The entire amount of the money judgment includes treble damages. *See,* e.g., *Thompson v. Paasche*, 950 F.2d 306, 308 n.1 (6th Cir. 1991) (noting that trial court awarded prejudgment interest on trebled RICO damages, "calculated pursuant to M.C.L. § 600.6013(4)"). |
| Minnesota | Minn. Stat. Ann. § 549.09, Subd. 1(b) ("preverdict . . . interest on pecuniary damages **shall** be computed as provided in paragraph (c), from the time of the commencement of the action . . . .) (emphasis added); *Wesser v. State Farm Fire & Cas. Co.*, 989 N.W.2d 294, 298 (Minn. 2023) ("[A]lthough the quoted portion of section 549.09, subdivision 1(b), does not expressly state that a person is entitled to preverdict, preaward, or prereport interest on pecuniary damages, that conclusion is implicit . . . ."). | 10% per year<br><br>Minn. Stat. Ann. § 549.09, Subd. 1(c)(2) (for a judgment over $50,000, interest rate "shall be ten percent per year until paid"). | Actual damages |

4

**Exhibit 3**
**Prejudgment Interest**

| State | Legal Authority | Rate | Applied to |
|---|---|---|---|
| Nevada | Nev. Rev. Stat. Ann. § 17.130(2) ("When no rate of interest is provided by contract or otherwise by law, or specified in the judgment, the judgment draws interest from the time of service of the summons and complaint until satisfied, except for any amount representing future damages . . . ."); *Restroom Facilities, Ltd. v. Kaufman*, 2012 WL 6013432, at *2 (Nev. Nov. 30, 2012) ("NRS 17.130 mandates prejudgment interest and . . . contains no apparent exception."). | Varies<br><br>Nev. Rev. Stat. Ann. § 17.130(2) ("rate equal to the prime rate at the largest bank in Nevada as ascertained by the Commissioner of Financial Institutions on January 1 or July 1, as the case may be, immediately preceding the date of judgment, plus 2 percent."). | Actual damages |
| New Mexico | N.M. Stat. Ann. § 56-8-4(B) ("Unless the judgment is based on unpaid child support, the court in its discretion may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering, among other things: (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.") ; *Southard v. Fox*, 833 P.2d 251, 253 (N.M. 1992) ("Section 56-8-4(B) applies to all actions and is not limited to certain or specific actions, such as those based on contract or in which damages are ascertainable before trial."). | Up to 10%<br><br>N.M. Stat. Ann. § 56-8-4(B) | Actual damages |

**Exhibit 3**
**Prejudgment Interest**

| State | Legal Authority | Rate | Applied to |
|---|---|---|---|
| New York | N.Y. C.P.L.R. § 5002 ("Interest shall be recovered upon the total sum awarded, including interest to verdict, report or decision, in any action, from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment."). <br><br> IPPs are entitled to prejudgment interest from November 15, 2024 (court order adopting report and recommendation re terminating sanctions) until the entry of final judgment. *See, e.g., Quigley v. Coco's Water Cafe, Inc.,* 926 N.Y.S. 2d 584 (N.Y. App. 2011) (holding that prejudgment interest was appropriate from date of default judgment even though damages were determined several years later). | 9% per year <br><br> N.Y. C.P.L.R. 5004; *see 7 Doyer St. Realty Corp. v. Great Cathay Dev. Corp.,* 352 N.Y.S. 2d 483, 486 (N.Y. App. Div. 1974) (Section 5004 applies to pre-verdict and pre-judgment interest). | All damages <br><br> N.Y. C.P.L.R. § 5002 ("the total sum awarded") |

**Exhibit 3**
**Prejudgment Interest**

| State | Legal Authority | Rate | Applied to |
|---|---|---|---|
| North Carolina | N.C. Gen. Stat. Ann. § 24-5(b) ("In an action other than contract, any portion of a money judgment designated by the fact finder as compensatory damages bears interest from the date the action is commenced until the judgment is satisfied."); *Hamby v. Williams*, 196 N.C. App. 733, 738, 676 S.E.2d 478, 481 (N.C. App. Ct. 2009) (finding N.C. Gen. Stat. Ann. § 24-5(b) is "mandatory and not discretionary on the part of the trial court"); *Williams v. Ests. LLC*, No. 1:19-CV-1076, 2022 WL 1809464, at *4 (M.D.N.C. June 2, 2022) (awarding prejudgment interest on compensatory portion of damages awarded under North Carolina antitrust statute), *aff'd in part, appeal dismissed in part sub nom. Williams v. Brooksby*, No. 22-1982, 2024 WL 4490636 (4th Cir. Oct. 15, 2024). | 8% per year

N.C. Gen. Stat. Ann. § 24-1 | Actual damages |

7

**Exhibit 3**
**Prejudgment Interest**

| State | Legal Authority | Rate | Applied to |
|---|---|---|---|
| North Dakota | N.D. Cent. Code Ann. § 32-03-05 ("In an action for the breach of an obligation not arising from contract and in every case of oppression, fraud, or malice, interest may be given in the discretion of the court or jury."); *Twin City Tech. LLC v. Williams Cnty.*, 971 N.W.2d 822, 830 (N.D. 2022) (holding court did not abuse its discretion in awarding prejudgment interest from date of original complaint and noting "a court has broad discretion under N.D.C.C. § 32-03-05 in determining whether to award prejudgment interest"). | 6% per year <br><br> N.D. Cent. Code Ann. § 47-14-05; *see Stockman Bank of Montana v. AGSCO, Inc.*, 747 N.W.2d 516, 518 (N.D. 2008) ("In the absence of a specific contractual rate of interest, prejudgment interest must be calculated at the prescribed legal rate of interest in legal and equitable actions. Prejudgment interest is calculated at the rate provided in N.D.C.C. § 47–14–05 . . . ." (internal citation omitted)). | Actual damages |
| South Dakota | S.D. Codified Laws § 21-1-13.1 ("Any person who is entitled to recover damages, whether in the principal action or by counterclaim, cross claim, or third-party claim, is entitled to recover interest thereon from the day that the loss or damage occurred, except during such time as the debtor is prevented by law, or by act of the creditor, from paying the debt."); *All Star Const. Co. v. Koehn*, 2007 S.D. 111, ¶ 24, 741 N.W.2d 736, 742 (S.D. 2007) ("This Court has recently held that an award of interest under this statute is mandatory. Prejudgment interest is allowed from the date of the loss regardless of whether the damages were known with certainty." (internal citation omitted)). | 10% per year <br><br> S.D. Codified Laws § 21-1-13.1 (if no contract rate, prejudgment interest "shall be at the Category B rate of interest specified in § 54-3-16."); *Id.* § 54-3-16(2) (Category B rate is 10%). | Actual damages |

8

**Exhibit 3**
**Prejudgment Interest**

| State | Legal Authority | Rate | Applied to |
|---|---|---|---|
| Tennessee | Tenn. Code Ann. § 47-14-123 ("Prejudgment interest, i.e., interest as an element of, or in the nature of, damages, as permitted by the statutory and common laws of the state as of April 1, 1979, may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum . . . ."); *Stamtec, Inc. v. Anson Stamping Co.*, 346 F.3d 651, 660 (6th Cir. 2003) (noting "Tennessee Supreme Court's presumption in favor of granting prejudgment interest"); *Scholz v. S.B. Int'l, Inc.*, 40 S.W.3d 78, 83 (Tenn. Ct. App. 2000) ("[T]he Tennessee Supreme Court has shifted the balance to favor awarding prejudgment interest whenever doing so will more fully compensate plaintiffs for the loss of use of their funds. Fairness will, in almost all cases, require that a successful plaintiff be fully compensated by the defendant for all losses caused by the defendant, including the loss of use of money the plaintiff should have received."). | Up to 10% per year<br><br>Tenn. Code Ann. § 47-14-123 | Actual damages |
| Vermont | *Birchwood Land Co. v. Ormond Bushey & Sons, Inc.*, 82 A.3d 539, 548 (Vt. 2013) ("Our general rule is that '[p]rejudgment interest is awarded as of right when damages are liquidated or reasonably certain.' Even when the amount of damages is uncertain, a court may award prejudgment interest in its discretion." (citations omitted)). | 12 % per year<br><br>"computed by the actuarial method"<br><br>Vt. Stat. Ann. tit. 9, § 41a(a) | Actual damages |