# IRICO

# EXHIBIT A

## IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|---|---|---|---|
| Arizona | Irico believes that IPPs are not entitled to treble or enhanced damages under Arizona state law because IPPs have not alleged that Irico's alleged violation of Arizona state law was flagrant. Ariz. Rev. Stat. §44-1408(B) ("*If the trier of fact finds that the violation is flagrant*, it shall increase recovery to an amount not in excess of three times the damages sustained") (emphasis added); *see also Western Waste Serv. Sys. v. Superior Ct. in and for Maricopa County*, 584 P.2d 554, 556 (Ariz. 1978) (defining "flagrant," as the term is used in Ariz. Rev. Stat. §44-1408(B), as "conduct which is shocking, outrageous, or outstandingly bad."); *see* ECF 5589 ¶¶257–58 (no allegations of flagrant violations of Arizona state law or "shocking, outrageous, or outstandingly bad" conduct). | Irico believes that both Arizona state law and Constitutional due process demand that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *See Bunker's Glass Co. v. Pilkington PLC*, 75 P.3d 99, 108 (Ariz. 2003) ("The risk of multiple liability for Defendants…is a legitimate concern. It is not, however, a problem that our trials courts are incompetent to handle."); *In re Packaged Seafood Antitrust Litig*., 332 F.R.D. 308, 338 (S.D. Cal. 2019) (noting that litigants could find only two states with *Illinois Brick* repealers where state courts have blocked defendants from asserting pass-on defenses against indirect purchaser plaintiffs); *W. Union Tel. Co v. Commonwealth of Penn*., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England*, 352 F.2d 186, 192-93 (9th Cir. 1965), *rev'd on other grounds*, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re Northern District Of California "Dalkon Shield" IUD Products Liability Litig*., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig*., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del*., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico agrees with IPPs that prejudgment interest is not available under Arizona law. |
| California | Irico believes that IPPs are not entitled to treble or enhanced damages under California state law because, under the plain terms of the Cartwright Act, treble damages are discretionary; "[a]ny person . . . *may* sue . . . to recover three times the damages sustained by him or her." California Business and Professions Code § 16750(a) (emphasis added). Based on the IPPs' pleadings—which do not allege willful or flagrant conduct by Irico as to California state law and which instead allege Irico's late entry (3 years after the alleged conspiracy began) and minor role in the alleged conspiracy—discretionary treble damages are not warranted. | Irico believes that both California state law and Constitutional due process demand that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *See Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787 (2010) ("In instances where multiple levels of purchasers have sued, … defendants may assert a pass-on defense as needed to avoid duplication in the recovery of damages."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, M 07-1827, 2012 WL 6709621, at *2 (N.D. Cal. Dec. 26, 2012), aff'd, 637 F. App'x 981 (9th Cir. 2016) (citing *Clayworth* and "conclude[ing] that defendants have demonstrated that it is appropriate under the circumstances of this MDL to permit defendants to assert a pass-on defense as to the California claims"); *In re Packaged Seafood Products Antitrust Litig*., 332 F.R.D. 308, 338 (S.D. Cal. 2019) (citing Clayworth and finding that, because "[m]ultiple levels of purchasers—direct purchasers, indirect commercial foods purchasers, and end-payer purchasers—have sued in this case[,] [d]amages [pursuant to the Cartwright Act] may be required to be allocated among the various levels of injured purchasers."); *Humana Inc. v. Bausch Health Companies Inc*., 2023 WL 4552005, at *7 (Cal. Super. July 5, 2023) ("if multiple levels of a distribution chain are plaintiffs, actual damages (as distinct from treble damages) should be apportioned.); *W. Union Tel. Co v. Commonwealth of Penn*., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England*, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig*., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries . . . simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."). | Irico believes that the Court should not award IPPs prejudgment interest for their Cartwright Act claims, as doing so would be unjust. By its plain terms, the Cartwright Act provides that prejudgment interest can only be awarded "if the court finds that the award of interest for such period is just in the circumstances." Awarding prejudgment interest to IPPs would be unjust under the circumstances because it would result in a windfall to the IPPs, *West Bay Builders v. Kamran & Co.*, Cal.App. 3 Dist., Aug. 6, 2009, 2009 WL 2402386, at *20 ("Under these circumstances, the Court exercises its discretion not to award pre-judgment interest, as it would result in a windfall to [plaintiff]."). That IPPs damages were and are highly contested also weighs against an award of prejudgment interest. *Hewlett-Packard Co. v. Oracle Corp.* (2021) 65 Cal.App.5th 506, 577 (affirming lower court's denial of prejudgment interest when, *inter alia*, plaintiff's damages were "highly contested and uncertain," and finding that district court did not abuse its discretion when weighing the highly contested nature of the damages against defendant's undue delay during the litigation). |

*Subject to full reservation, without any waiver, of all rights to challenge and appeal issues decided in this case.

1

IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|-------|------------------------------------------------------------------|------------------------------------------------------------------|------------------------------------------|
| District of Columbia | Irico does not dispute IPPs' authorities on treble damages. | Irico believes that both District of Columbia law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. D.C. Code § 28-4509(b) ("In actions where both direct and indirect purchasers are involved, a defendant shall be entitled to prove as a partial or complete defense to a claim for damages that the illegal overcharge has been passed on to others who are themselves entitled to recover so as to avoid duplication of recovery of damages."); *Goda v. Abbott Labs*, No. 01445-cv-96, 1997 WL 156541, at *2 (D.C. Super. Ct. Feb. 3, 1997) ("[T]he District of Columbia legislature opted . . . *in favor of apportionment* among the *de facto* victims of the overcharge . . . Safeguards against the risk of multiple liability are set forth in sections 28-4509(b) & (c), thus greatly reducing if not entirely eliminating the apprehensions of *Illinois Brick*.") (emphasis added); *Holder v. Archer Daniels Midland Co.* No. 96-cv-2975, 1998 WL 1469620, at *5 (D.C. Super. Ct. Nov. 4, 1998) (quoting *Goda* at *2) ("Subsection 28-4509(b) & (c) provide further safeguards for defendants by permitting them to avoid duplication of recovery of damages, thereby 'greatly reducing if not entirely eliminating' one of the concerns that motivated the *Illinois Brick* decision."); *In re Vitamins Antitrust Litigation*, 259 F. Supp. 2d 1, 3–4, 9 (D.D.C. 2003) (denying plaintiff's motion to exclude evidence of pass through of defendants' overcharges, in part, because twelve *Illinois Brick* repealers, including D.C. Code § 28-4509(b), either allow for pass through defenses or prohibit double recovery); *In re Packaged Seafood Antitrust Litig.*, 332 F.R.D. 308, 338 (S.D. Cal. 2019) (noting that litigants found only two states with *Illinois Brick* repealer statutes where state courts have blocked defendants from asserting pass-on defenses against indirect purchaser plaintiffs); *W. Union Tel. Co v. Commonwealth of Penn.*, 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England*, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment). | Irico believes that the Court should not award IPPs prejudgment interest for their claims under D.C. Code Ann. §§ 28-4501 *et seq*. By its plain terms, D.C. Code Ann. § 28-4508 provides that prejudgment interest can only be awarded "if the court finds that the award of interest for such period is just in the circumstances." Awarding prejudgment interest to IPPs would be unjust where, as here: **(1)** awarding prejudgment interest would result in a windfall to the IPPs; **(2)** the parties vigorously disputed the appropriate method for calculating damages; and **(3)** IPPs hae not alleged flagrant or willful conduct by Irico. |
| Florida | Irico agrees with IPPs that no trebling is permitted for claims under the FDUTPA. *See* Irico CMC Statement. | Irico believes that both Florida state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *Mack v. Bristol-Myers Squibb Co.*, 673 So.2d 100, 108 (Fla. Dist. Ct. App. 1996) (acknowledging that the "possibility of multiple liability for defendants, and the prospects of inconsistent and duplicative federal and state judgments" are "valid policy considerations under state antitrust or deceptive trade practices"); *FTC v. Mylan Laboratories, Inc*., 62 F.Supp.2d 25, 45 (D.D.C. 1999) (noting that indirect purchaser actions under the FDUTPA "increases the risk of duplicative recovery"); *W. Union Tel. Co v. Commonwealth of Penn*., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England*, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig*., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (N.D. Cal. 1982)) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig*., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del*., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that the Court should not award IPPs prejudgment interest on their FDUTPA claims. Florida courts treat the FDUTPA as a "statutory tort," *American Boxing Athletic Ass'n v. Young*, 911 So.2d 862 (Fla. 2d DCA 2005), and prejudgment interest is generally unavailable for tort claimants under Florida law "because tort damages are generally too speculative to liquidate before final judgment." *Gilchrist Timber Co. v. ITT Rayonier*, 472 F.3d 1329, 1331 (11th Cir. 2006) (quoting *Lumbermens Mut. Cas. Co. v. Percefull*, 653 So.2d 389, 390 (Fla.1995). And IPPs are not entitled to prejudgment interest for their unliquidated claims as a matter of right under the "loss theory" of prejudgment interest articulated in Florida decisional law because, given the aggregate nature of IPPs claims, their losses cannot be "fixed as of a definite time." *Bosem v. Musa Holdings, Inc.* 46 So. 3d 42, 46 (Fla. 2010) (quoting William B. Hale, The Law of Damages, § 67 (2d ed.1912). What's more, the "loss theory" is "not absolute." *Broward Cnty. v. Finlayson,* 555 So.2d 1211, 1213 (Fla.1990). "[I]nterest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable." *Flack v. Graham*, 461 So.2d 82, 84 (Fla.1984). Awarding prejudgment interest would be inequitable where, as here, where, as here: **(1)** awarding prejudgment interest would result in a windfall to the IPPs; **(2)** the parties vigorously disputed the appropriate method for calculating damages; and **(3)** IPPs hae not alleged flagrant or willful conduct by Irico. |

*Subject to full reservation, without any waiver, of all rights to challenge and appeal issues decided in this case.

2

## IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|---|---|---|---|
| Hawaii | Irico agrees with IPPs that no trebling is permitted for claims under Haw. Rev. Stat. § 480-1 et seq. | Irico believes that both Hawaii state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. Haw. Rev. Stat. § 480-13(c)(5) ("In any lawsuit or lawsuits in which claims are asserted by both direct purchasers and indirect purchasers, the court is authorized to exercise its discretion in the apportionment of damages, and in the transfer and consolidation of cases to avoid the duplication of the recovery of damages and the multiplicity of suits, and in other respects to obtain substantial fairness."); *W. Union Tel. Co v. Commonwealth of Penn*., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England*, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig*., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (*vacated on other grounds by* 693 F.2d 847 (N.D. Cal. 1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig*., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del*., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that the Court should not award IPPs prejudgment interest on their claims under Haw. Rev. Stat. § 480-1 *et seq*. because doing so would result in a windfall for the IPPs. *Auld-Susott v. Galindo*, 20-cv-00270, 2023 WL 1099632, at *4 (D. Haw. Jan. 30, 2023) (" Defendants are correct that, under Hawai'i law, an interest award to the prevailing party must not result in a windfall."). |
| Iowa | Irico believes that IPPs are not entitled to treble or enhanced damages under Iowa state law for two independent reasons. (1) At most, under Iowa state law "[a] person who is injured may bring suit to … recover, at the court's discretion, exemplary damages which do not exceed ***twice the actual damages*** . . ." Iowa Code Ann. §553.12(3) (emphasis added). IPPs impermissibly ask to treble, not double the alleged actual damages. (2) Because IPPs have not alleged that Irico's alleged violation of Iowa state law was willful or flagrant, IPPs are not entitled to twice their actual damages either. *Id*. (permitting "exemplary damages which do not exceed twice the actual damages . . . if [*inter alia* ] the trier of fact determines that the prohibited conduct is willful or flagrant."); *see* ECF 5589 ¶262 (no allegations of flagrant or willful violations of Iowa state law). | Irico believes that both Iowa state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *Comes v. Microsoft Corp*., 646 N.W.2d 440, 449-50 (Iowa 2002)("[D]istrict courts are fully capable of ensuring antitrust defendants are not forced to pay more in damages than amounts to which the injured parties are entitled."); *see also Team Cent., Inc. v. Teamco, Inc*., 271 N.W.2d 914, 925 (Iowa 1978) ("The purpose of damages is to restore an injured party to the position he enjoyed before his injury. Duplicative or overlapping damages are to be avoided."); *W. Union Tel. Co v. Commonwealth of Penn*., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England*, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig*., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (N.D. Cal. 1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig*., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del*., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that, if the court decides to award prejudgment interest for IPPs' claims under Iowa state law—and even if the court awards double damages under Iowa state law—prejudgment interest can only be assessed on IPPs' actual damages, not any enhanced damages, as IPPs request. Double damages under the Iowa Competition Law are punitive in nature. *See Pfiffner v. Roth*, 379 N.W.2d 357, 360–61 (Iowa 1985). And "[i]t is well settled in Iowa that prejudgment interest is not allowed on awards of punitive damages." *In Re Marriage of Baculis*, 430 N.W.2d 399, 402 (Iowa 1988). *Cedar Rapids Lodge & Suites, LLC v. JFS Dev., Inc*.—which IPPs cite in support of assessing prejudgment interest on treble damages—is distinguishable because, in that case, the court was assessing prejudgment interest under the federal RICO statute, not state law. No. 09-cv-175-LRR, 2012 WL 5269015, at *5 (N.D. Iowa Oct. 24, 2012). But "Iowa rules on prejudgment interest apply" when a federal court is assessing prejudgment interest with respect to Iowa causes of action. *EFCO Corp. v. Symons Corp*., 219 F.3d 734, 743 (8th Cir. 2000). |

*Subject to full reservation, without any waiver,
of all rights to challenge and appeal issues decided in this case.

3

## IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|---|---|---|---|
| Kansas | Irico believes that IPPs are not entitled to treble or enhanced damages under Kansas state law because, under the plain terms of the Kansas Restraint of Trade Act, treble damages are discretionary. Kan. Stat. Ann. §50-161(b). ("[P]laintiff in any action … *may* sue for and recover treble the actual damages sustained … the plaintiff may be allowed reasonable attorney fees and costs.") (emphasis added). Based on the IPPs' pleadings—which do not allege willful or flagrant conduct by Irico as to Kansas state law and which instead allege Irico's late entry (3 years after the alleged conspiracy began) and minor role in the alleged conspiracy—discretionary treble damages are not warranted. | Irico believes that Constitutional due process requires that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *W. Union Tel. Co v. Commonwealth of Penn*., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England* , 352 F.2d 186, 192-93 (9th Cir. 1965), *rev'd on other grounds* , 385 U.S. 99 (1966) "[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); Harris v. Balk, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (*vacated on other grounds by* 693 F.2d 847 (N.D. Cal. 1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig* ., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for De* l., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that the court should not award IPPs prejudgment interest for their claims under the KRTA. "As to the claim for prejudgment interest the general rule is 'that an unliquidated claim for damages does not draw interest until it becomes liquidated—usually by judgment.'" *Kearney v. Kansas Public Serv. Co.* , 233 Kan. 492, 665 P.2d 757, 764 (1983) (quoting *Lightcap v. Mobil Oil Corp* ., 221 Kan. 448, 562 P.2d 1, 15 (1977)); *Farmers State Bank v. Prod. Credit Ass'n of St. Cloud,* 755 P.2d 518, 528 (Kan. 1988) ("An unliquidated claim for damages generally does not draw interest prior to judgment or some other means of liquidation"). Courts may award prejudgment interest on unliquidated claims only when there are "unusual circumstances . . . which would justify prejudgment interest on the unliquidated claim of plaintiffs." *Kearney* at 764. *See Lightcap v. Mobil Oil Corp.* , 221 Kan. 448, 562 P.2d 1, 15 (1977) (awarding prejudgment interest only on amount that defendant told plaintiff would be held in a segregated account but then used for its personal gain); *Farmers State Bank* , 755 P.2d at 527 (awarding prejudgment interest in case where defendant unsecured creditor receives proceeds from the sale of personal property despite knowing that the plaintiff had a security interest in the personal property); *Fidelity & Deposit Co. of Md. v. Hartford Cas. Ins. Co* ., 216 F.Supp.2d 1240, 1245 (D. Kan. 2002) (denying request for prejudgment interest for "garden variety unliquidated claim" under Kansas state law and noting that this exception "has been limited to situations where prejudgment interest ***is not simply awarded to make the injured party whole*** ; but rather, where there are unusual circumstances making it equitable to allow for such an award.") (emphasis added). Because there is nothing "unusual" about Irico's alleged violation of the KRTA, the IPPs are not entitled to prejudgment interest. |
| Maine | Irico does not dispute IPPs' authorities on treble damages. | Irico believes that both Maine state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *In re Packaged Seafood Antitrust Litig* ., 332 F.R.D. 308, 338 (S.D. Cal. 2019) (noting that litigants could only locate two states with *Illinois Brick* repealer statutes where state courts have blocked defendants from asserting pass-on defenses against indirect purchaser plaintiffs); *FTC v. Mylan Laboratories, Inc* ., 62 F.Supp.2d 25, 43, 48 (D.D.C. 1999) (dismissing Maine attorney general's suit on behalf of indirect purchasers under Maine's Illinois Brick repealer because, inter alia, allowing the suit to proceed would "increase the risk of duplicative recovery"); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England,* 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk* , 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (N.D. Cal. 1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig* ., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del* ., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that IPPs are not entitled to prejudgment interest on their claims under 10 Me. Rev. Stat. Ann. §§ 1101 et seq. because there is "good cause" to waive an award of prejudgment interest. Under Maine law: "On petition of the nonprevailing party and on a showing of good cause, the trial court may order that interest awarded by this section be fully or partially waived." Me. Rev. Stat. Ann. tit. 14, § 1602-B(5). There is good cause to waive prejudgment interest where, as here, such an award would result in a windfall for the plaintiffs and defendant's conduct was not willful or flagrant. This is especially true where, as here, IPPs are seeking prejudgment interest on trebled damages. |

*Subject to full reservation, without any waiver, of all rights to challenge and appeal issues decided in this case.

4

IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|---|---|---|---|
| Michigan | Irico believes that IPPs are not entitled to treble or enhanced damages under Michigan state law because IPPs have not alleged that Irico's alleged violation of Michigan state law was flagrant. Michigan Antitrust Reform Act §445.778(2) ("If the trier of fact finds that the violation is flagrant, it may increase recovery to an amount not in excess of 3 times the actual damages."); *see also In re Vitamins Antitrust Litig.*, 259 F. Supp. 2d 1, 7-8 (D.D.C. 2003) (finding that this statutory provision is an "indication that the Michigan Legislature intended to limit damages and to impose damages beyond actual damage only in limited circumstances."); *see* ECF 5589 ¶¶265 (no allegations of flagrant violations of Michigan state law). | Irico believes that both Michigan state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *In re Vitamins Antitrust Litig.*, 259 F. Supp. 2d 1, 8–9 (D.D.C. 2003) ("'[T]he Court is persuaded that Michigan law only permits the recovery of 'actual damages' for antitrust claims. As such, … the Court finds that defendants can challenge plaintiff's damage estimates with a pass through defense."); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, M 07-1827, 2012 WL 6709621, at *4 (N.D. Cal. Dec. 26, 2012), *aff'd*, 637 F. App'x 981 (9th Cir. 2016) ("The Court agrees with Judge Hogan's reasoning [construing Michigan antitrust law in *In re Vitamins*], and holds that defendants may present evidence of downstream pass-on."); *In re Niaspan Antitrust Litig.*, No. 13-md-2460, 2018 U.S. Dist. LEXIS 55298, at *4 (E.D. Pa. Mar. 20, 2018) (adopting *In re Vitamins* and *In re TFT-LCD*'s above interpretation of Michigan state antitrust law); *W. Union Tel. Co v. Commonwealth of Penn.*, 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England*, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"; *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig.*, 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (N.D. Cal. 1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."). | Irico believes that IPPs are not entitled to prejudgment interest on their claims under Mich. Comp. Laws Ann. §§ 445.771 *et seq*. because, by its plain terms, the Michigan Antitrust Reform Act makes the award of prejudgment interest discretionary. *Id*. § 445.778(2) ("Any other person . . . injured directly or indirectly in his or her business or property by a violation of this act may bring an action for . . . actual damages sustained by reason of a violation of this act, and, ***as determined by the court***, interest on the damages from the date of the complaint, taxable costs, and reasonable attorney's fees."). Prejudgment interest is not warranted where, as here, it would result in a windfall for plaintiffs, the parties vigorously disputed the appropriate method for calculating damages, and the IPPs' pleadings do not allege willful or flagrant conduct by Irico. And even if the Court does award prejudgment interest under MARA, Irico believes that interest should apply only to actual damages--and not treble damages--because MARA allows a court to award "interest ***on the damages***" (emphasis added), not interest on the money judgment. *c.f.* Meehan v. Michigan Bell Telephone Co., 174 Mich.App. 538, 436 N.W.2d 711 (1989) (prejudgment interest applies to trebled damages awarded in action for malicious prosecution becasue general prejudgment interest statute, Mich. Comp. Laws Ann. § 600.6013, uses phrase "money judgment"). |
| Minnesota | Irico does not dispute IPPs' authorities on treble damages. | Irico believes that both Minnesota state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. Minn. Stat. § 325D.57 ("In any subsequent action arising from the same conduct, the court may take any steps necessary to avoid duplicative recovery against a defendant."); *In re TFT-LCD*, 2012 WL 6709621 at *2 (internal quotations omitted) ("The Court concludes that allowing a pass-on defense is consistent with the Minnesota Antitrust Act because plaintiffs will recover their 'actual damages sustained.' The statute expressly permits the court to 'take any steps necessary to avoid duplicative recovery against a defendant.' Here, where multiple levels of purchasers have sued defendants alleging identical and/or overlapping claims, consideration of pass-on is necessary to avoid duplicative recovery."); *W. Union Tel. Co v. Commonwealth of Penn.*, 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); Bank of Marin v. England, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); Harris v. Balk, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig.*, 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (N.D. Cal. 1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."). | Irico does not dispute IPPs' authorities on prejudgment interest. |

*Subject to full reservation, without any waiver,
of all rights to challenge and appeal issues decided in this case.

## IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|---|---|---|---|
| Mississippi | Irico agrees with IPPs that no trebling is permitted for claims under Miss. Code Ann. § 75-21-9. *See* Irico CMC Statement. | Irico believes that both Mississippi state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *McKinney v. Kuhn* , 59 Miss. 186, 189, 1881 WL 4567 (affirming lower court decision that garnishee "is entitled to an injunction against the execution of the judgment, otherwise he would, without any fault on his part, be required to pay the same debt twice."); *Parker v. Dean* , 45 Miss. 408, 420, 1871 WL 3997 (disfavoring scenarios where "the debtor would be twice deprived of his property on the same judgment"); *In re Packaged Seafood Antitrust Litig* ., 332 F.R.D. 308, 338 (S.D. Cal. 2019) (noting that litigants have located only two states with *Illinois Brick* repealer statutes where state courts have blocked defendants from asserting pass-on defenses against indirect purchaser plaintiffs); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England* , 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) (in the Ninth Circuit "[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk* , 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig* ., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del* ., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico agrees with IPPs that prejudgment interest is not available under Mississippi law. |
| Nebraska | Irico agrees with IPPs that no trebling is permitted for claims under Nebraska's antitrust act. *See* Irico CMC Statement. | Irico believes that both Nebraska state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. Neb. Rev. Stat. § 59-821(2) ("The court may transfer and consolidate such claims, apportion damages, and delay disbursement of damages to avoid multiplicity of suits and duplication of recovery of damages and to obtain substantial fairness"); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England* , 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk* , 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig* ., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del* ., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico agrees with IPPs that prejudgment interest is not available under Nebraska law. |

*Subject to full reservation, without any waiver,
of all rights to challenge and appeal issues decided in this case.

6

IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|---|---|---|---|
| Nevada | Irico does not dispute IPPs' authorities on treble damages. | Irico believes that both Nevada state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *Countrywide Home Loans, Inc. v. Thitchener* , 192 P.3d 243, 248-49, 259 (Nev. 2008) (reversing jury's damages award for breach of contract and damages because it was duplicative of jury's damages award for trespass and conversion); *Hargis v. Wal-Mart Stores* , 2:16-cv-00122, 2016 WL 3267293, at *1 (D. Nev. June 7, 2016) (citing *Thitchener* and observing that Nevada state law prohibits "duplicative damages for the same wrong"); *In re Packaged Seafood Antitrust Litig* ., 332 F.R.D. 308, 338 (S.D. Cal. 2019) (noting that litigants can only locate two states with *Illinois Brick* repealer statutes where state courts have blocked defendants from asserting pass-on defenses against indirect purchaser plaintiffs); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England* , 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk* , 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig* ., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del* ., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that IPPs are not entitled to prejudgment interest on their claims under the Nevada Unfair Trade Practice Act because the amount of money due to the IPPs is "neither definite nor readily ascertainable until judgment." M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd., 193 P.3d 536, 541 (Nev. 2008) (approving denial of prejudgment interest when amount of money due was "neither definite nor readily ascertainable until judgment."). Where, as here, the amount of damages owed to IPPs under Nevada law depends on complex economic modeling—and where, as here, the parties vigorously disputed the appropriate economic model to calculate damages—the amount of money due is not readily ascertainable until judgment. Thus, IPPs are not entitled to prejudgment interest. |
| New Mexico | Irico believes that IPPs are not entitled to treble or enhanced damages under New Mexico state law because IPPs have not alleged that Irico's alleged violation of New Mexico state law was willful.  New Mexico Stat. § 57-12-10(B). ("Any person who suffers any loss … may bring an action to recover actual damages or the sum of one hundred dollars ($100), whichever is greater. Where the trier of fact finds that the party charged … has willfully engaged in the trade practice, the court may award up to three times actual damages or three hundred dollars ($300), whichever is greater.); *see* ECF 5589 ¶¶270 (no allegations of willful violations of New Mexico state law). Separately, New Mexico makes the award of treble damages discretionary even when the wilfullness element is met, such that "the court *may award* up to three times actual damages[.]" *Id* . (emphasis added). Based on the IPPs' pleadings—which allege Irico's late entry (3 years after the alleged conspiracy began) and minor role in the alleged conspiracy—discretionary treble damages are not warranted, even if the wilfullness element were met. | Irico believes that both New Mexico state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. N.M. Stat. Ann. § 57-1-3 ("In any action under this section, any defendant, as a partial or complete defense against a damage claim, may, in order to avoid duplicative liability, be entitled to prove that the plaintiff purchaser or seller in the chain of manufacture, production, or distribution who paid any overcharge or received any underpayment, passed on all or any part of such overcharge or underpayment to another purchaser or seller in such chain."); N.M. Stat. Ann. § 57-1-3; ABA Section of Antitrust Law, STATE ANTITRUST PRACTICE AND STATUTES (4th ed. 2009) § 34-14 ("The amendment . . . provides that a defendant, to avoid duplicative liability, is entitled to prove that the plaintiff passed on all or any part of an overcharge to purchasers."); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England,* 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk* , 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig* ., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del* ., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that IPPs are not entitled to prejudgment interest on their claims under N.M. Stat. Ann. §§ 57-1-1 *et seq.*  because, by its plain terms, the relevant prejudgment interest statute gives the court the discretion to award, or not award, prejudgment interest. N.M. Stat. Ann. § 56-8-4(B) ("Unless the judgment is based on unpaid child support, the court *in its discretion*  may allow interest of up to ten percent from the date the complaint is served upon the defendant after considering, *among other things* : (1) if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims; and (2) if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff.") (emphasis added)  In determining whether to award prejudgment interest, "the trial court should take into account all relevant equitable considerations that further the goals of Section 56–8–4(B)." *Gonzales v. Surgidev Corp.* , 120 N.M. 133, 899 P.2d 576, 593 (1995); *Frederick v. Swift Transp* ., 616 F.3d 1074, 1085 (10th Cir. 2010) (noting that the two enumerated considerations in Section 56–8–4(B) are "not exclusive"). Prejudgment interest should not be awarded where, as here, defendant's conduct was not flagrant or willful, awarding prejudgment interest would result in a windfall, and the parties vigorously disputed the appropriate method for calculating damages. |

*Subject to full reservation, without any waiver,
of all rights to challenge and appeal issues decided in this case.

7

## IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|---|---|---|---|
| New York | Irico believes that IPPs are not entitled to treble or enhanced damages under New York state law because litigants may not obtain treble damages under the Donnelly Act when proceeding as a class. *Sperry v. Crompton Corp* ., 8 N.Y.3d 204, 214 (2007) (finding that, because treble damages would be considered a penalty under the New York state law—and the New York state equivalent to Rule 23 does not permit actions for penalties to be maintained as a class action—plaintiff class cannot recover treble damages under the Donnelly Act); *In re TFT-LCD Antitrust Litig* ., MDL No. 1827, 2011 WL 3475408 (N.D. Cal. Aug. 9, 2011) (citing *Sperry* and holding that the New York State AG could not recover both treble damages and penalties under the Donnelly Act because the Donnelly Act limits state attorney general suits to $1,000 in "penalties" per defendant. Id. at *7 (quoting N.Y. Gen. Bus. Law., § 342–a). | Irico believes that both New York state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. N.Y. Gen. Bus. Law § 340(6) ("[I]n any action in which claims are asserted against a defendant by both direct and indirect purchasers, the court shall take all steps necessary to avoid duplicate liability[.]"); *In re TFT-LCD (Flat Panel) Antitrust Litigation* , M 07-1827, 2012 WL 6709621, at *3 (N.D. Cal. Dec. 26, 2012), *aff'd* , 637 F. App'x 981 (9th Cir. 2016) (permitting defendants to assert pass-on defense against IPP claims under New York state law to avoid duplicative recovery); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England* , 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); Harris v. Balk, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig* ., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); Marathon Petroleum Corp. v. Sec. of Finance for Del., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico interprets IPPs to be asking for prejudgment interest on treble damages under the Donnelly Act. Irico believes that, if the Court decides to award prejudgment interest under the Donnelly Act, prejudgment interest must apply only to IPPs' actual damages—not treble damages, should they be awarded. This is because treble damages under the Donnelly Act are punitive in nature. *Sperry v. Crompton Corp* ., 8 N.Y.3d 204, 214 (2007) (observing that treble damages are considered a penalty under the New York state law.). And "the prevailing rule is that punitive damages assessed against a tort-feasor carry no prejudgment interest." *Gersten v. Levin* , 150 Misc.2d 594, 577 N.Y.S.2d 580 (Sup.Ct., N.Y.Co.1991). |
| North Carolina | Irico does not dispute IPPs' authorities on treble damages. | Irico believes that both North Carolina state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *Holland v. So. Public Utilities Co.* , 208 N.C. 289, 292, 180 S.E. 592, 593–94 (1935) ("we think the weight of both authority and reason is to the effect that any amount paid by anybody, whether they be joint tort-feasors or otherwise, for and on account of any injury or damage, should be held for a credit on the total recovery in any action for the same injury or damage."); *In re Packaged Seafood Antitrust Litig* ., 332 F.R.D. 308, 338 (S.D. Cal. 2019) (noting that litigants can only locate two states with *Illinois Brick* repealer statutes where state courts have blocked defendants from asserting pass-on defenses against indirect purchaser plaintiffs); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); Bank of Marin v. England, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk* , 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig* ., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del* ., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that IPPs are not entitled to prejudgment interest on their claims under N.C. Gen. Stat. Ann. § 24-5(b) because the proper model for calculating IPPs' damages was seriously disputed, and will not be clearly ascertainable until judgment. *c.f. Farmah v. Farmah* , 126 N.C.App. 210, 484 S.E.2d 96 (1997), *rev'd on different grounds by* 348 N.C. at 588, 500 S.E.2d at 663 (awarding prejudgment interest on quasi-contract claim because, *inter alia* , market value was "never seriously disputed by the parties" and, as such, was "clearly ascertainable"). |

*Subject to full reservation, without any waiver, of all rights to challenge and appeal issues decided in this case.

8

IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|---|---|---|---|
| North Dakota | Irico believes that IPPs are not entitled to treble or enhanced damages under North Dakota state law because IPPs have not alleged that Irico's alleged violation of North Dakota state law was flagrant.  North Dakota Cent. Code §51-08.1-08(3) ("If the trier of fact finds that the violation is flagrant, it may increase recovery to an amount not in excess of three times the damages sustained."); *see* ECF 5589 ¶273 (no allegations of flagrant violations of North Dakota state law). | Irico believes that both North Dakota state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. N.D.C.C. § 51-08.1-08(5) ("In any action for damages under this section, any defendant, as a partial or complete defense against a claim for damages, is entitled to prove that the plaintiff purchaser, or seller in the chain of manufacture, production, or distribution, who paid any overcharge or received any underpayment passed on all or any part of the overcharge or underpayment to another purchaser or seller in that action."); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England* , 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk* , 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); In re Trans Union Corp. Privacy Litig., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); Marathon Petroleum Corp. v. Sec. of Finance for Del., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that IPPs are not entitled to prejudgment interest on their claims under the North Dakota Antitrust Act because, by its plain terms, the relevant prejudgment interest statute gives the court the discretion to award, or not award, prejudgment interest. N.D. Cent. Code Ann. § 32-03-05 ("In an action for the breach of an obligation not arising from contract and in every case of oppression, fraud, or malice, ***interest may be given in the discretion of the court or jury*** .") (emphasis added). WFND, LLC v. Fargo Marc, LLC, 2007 ND 67, ¶ 49, 730 N.W.2d 841. ("We conclude the court did not abuse its discretion in refusing to award either party prejudgment interest on their competing [tort and breach of contract] claims.").  This Court should not award prejudgment interest under North Dakota law where, as here: **(1)** doing so would result in a windfall for IPPs, *Gonzalez v. Tounjian* , 665 N.W.2d 705, 717 (N.D. 2003) (denying prejudgment interest as it would constitute a windfall to the plaintiff); **(2)** IPPs have not alleged that Irico's violation of North Dakota law was willful or flagrant, *Miller v. Cartel* , 1:20-cv-00132, 2022 WL 2286952, at *74 (D.N.D. June 24, 2022) (interpreting North Dakota prejudgment interest law and finding that "the outrageous conduct of Defendant here exceeds the standard for awarding prejudgment interest"); and **(3)** the parties vigorously disputed the appropriate method for calculating damages |
| South Dakota | Irico does not dispute IPPs' authorities on treble damages. | Irico believes that both South Dakota state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *Grynberg v. Citation Oil & Gas Corp.,* 1997 SD 121 573 N.W.2d 493, 501 n.4 ("We note at this juncture that there can be no double recovery of damages."); *FTC v. Mylan Laboratories, Inc* ., 62 F.Supp.2d 25, 43, 48 (D.D.C. 1999) ("providing monetary relief to indirect purchasers increases the risk of duplicative recovery" in suit where, *inter alia* , South Dakota attorney general is pursuing action under the state's *Illinois Brick* repealer on behalf of indirect purchasers); *In re Packaged Seafood Antitrust Litig* ., 332 F.R.D. 308, 338 (S.D. Cal. 2019) (noting that litigants can locate only two states with *Illinois Brick* repealer statutes where state courts have blocked defendants from asserting pass-on defenses against indirect purchaser plaintiffs); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England* , 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) (in the Ninth Circuit "[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk* , 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig* ., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del* ., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico does not dispute IPPs' authorities on prejudgment interest. |

*Subject to full reservation, without any waiver,
of all rights to challenge and appeal issues decided in this case.

9

IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|---|---|---|---|
| Tennessee | Irico agrees with IPPs that no trebling is permitted for claims under Tennessee Code Ann. §47-25-106(a). *See* Irico CMC statement. | Irico believes that both Tennessee state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *Freeman Indus., LLC v. Eastman Chem. Co* ., 172 S.W.3d 512, 517 (Tenn. 2005) (noting that "[o]ur trial courts . . . are capable to handle such a problem [of multiple liability[,]" in part, because "many Illinois Brick Co. repealer statutes leave the risk of multiple liability to the trial courts."); *In re Packaged Seafood Antitrust Litig* ., 332 F.R.D. 308, 338 (S.D. Cal. 2019) (noting that litigants can locate only two states with *Illinois Brick* repealer statutes where state courts have blocked defendants from asserting pass-on defenses against indirect purchaser plaintiffs); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); Bank of Marin v. England, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ( "[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); Harris v. Balk, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig* ., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig* ., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del* ., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that IPPs are not entitled to prejudgment interest under the Tennessee Fair Trade Practices Act. Under Tennessee law, whether a meritorious plaintiff is entitled to prejudgment interest depends on "(1) whether such an award is fair; (2) whether the 'amount of the obligation is certain, or can be ascertained by a proper accounting'; and (3) whether the amount is 'disputed on reasonable grounds.'" *Kova Bristol Tenn 1894 v. Bristol Preservation, LLC* , 2:19-cv-00084, at *2 (E.D. Tenn. Oct. 5, 2020) (*Myint v. Allstate Ins Co* ., 970 S.W.2d 920, 927 (Tenn. 1998). Where, as here, Irico reasonably disputed the amount of damages owed to IPPs—indeed, the parties had a bench trial where they litigated the issue of how damages should be calculate—awarding prejudgment interest. *See Heil Co. v. Evanston Ins. Co.* , 1:08-cv-244, 2013 WL 12171950, at *2 (E.D. Tenn. May 14, 2013) (denying motion for prejudgment interest under Tennessee state law where, *inter alia* , "the certainty of the amount owed is not as clear as Plaintiffs would suggest" and "it can hardly be argued that the existence of the obligation is not disputed on reasonable grounds. Defendant['s] . . . position, though ultimately unsuccessful, was not unreasonable."). |
| Vermont | Irico believes that IPPs are not entitled to treble or enhanced damages under Vermont state law because, under the plain terms of Vermont Stat. Ann. 9 § 2465(a) treble damages are discretionary, such that: "[a]ny person who sustains damages or injury … may sue and recover … the amount of his or her damages … reasonable attorney's fees, and exemplary damages, *not exceeding* three times the value of the consideration given or damages sustained by the aggrieved person." (emphasis added). Based on the IPPs' pleadings—which do not allege willful or flagrant conduct by Irico as to Vermont state law and which instead allege Irico's late entry (3 years after the alleged conspiracy began) and minor role in the alleged conspiracy—discretionary treble damages are not warranted. | Irico believes that both Vermont state law and Constitutional due process require that the damages awarded to the IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. 9 Vt. Stat. Ann. § 2465 ("The court shall take all necessary steps to avoid duplicate liability."); *W. Union Tel. Co v. Commonwealth of Penn* ., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); Bank of Marin v. England, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) "[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); *Harris v. Balk* , 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig.,* 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); In re Trans Union Corp. Privacy Litig., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del.* , 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico believes that IPPs are not entitled to prejudgment interest on their claims under Vt. Stat. Ann. 9 §§ 2453 *et seq.* because, under Vermont state law, "[i]n those cases where the amount of damages is uncertain or disputed, the trial court may award prejudgment interest in a discretionary capacity." *EBWS, LLC v. Britly Corp.* , 2007 VT 37, ¶ 36, 181 Vt. 513, 928 A.2d 497 (affirming lower court's denial of prejudgment interest); *Birchwood Land Co. v. Ormond Bushey & Sons, Inc* ., 82 A.3d 539, 548 (Vt. 2013) ("when the amount of damages is uncertain, a court may award prejudgment interest in its discretion."). Here, the award of prejudgment interest is entirely within the district court's discretion because the amount of damages is uncertain. And where, as here, awarding prejudgment interest would result in a windfall, and the IPPs have not pled flagrant or willful violations of Vermont law, the court should not award prejudgment interest. |

*Subject to full reservation, without any waiver,
of all rights to challenge and appeal issues decided in this case.

10

## IRICO EXHIBIT A: IRICO'S RESPONSES TO IPPS' CALCULATION OF AND POSITIONS ON DAMAGES BY STATE*

| State | Irico's Response to IPPs' Position on Enhanced or Treble Damages | Irico's Position on Reducing IPP Damages for Duplicative Damages | Irico's Position on Prejudgment Interest |
|---|---|---|---|
| West Virginia | Irico does not dispute IPPs' authorities on treble damages. | Irico believes that both West Virginia state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *Whan v. Hope Natural Gas Co*., 81 W.Va. 338, 342, 94 S.E. 365, 368 (1917) ("Manifestly, injustice must ensue if, as plaintiff contends, defendant must pay the same debt twice if the court renders judgment against it in each of the two actions and neither can operate as an offset to the other."); *FTC v. Mylan Laboratories, Inc*., 62 F.Supp.2d 25, 43, 48 (D.D.C. 1999) ("providing monetary relief to indirect purchasers increases the risk of duplicative recovery" in suit where, inter alia, West Virginia attorney general is pursuing action under the state's Illinois Brick repealer on behalf of indirect purchasers); *In re Packaged Seafood Antitrust Litig*., 332 F.R.D. 308, 338 (S.D. Cal. 2019) (noting that litigants could locate only two states with *Illinois Brick* repealer statutes where state courts have blocked defendants from asserting pass-on defenses against indirect purchaser plaintiffs); *W. Union Tel. Co v. Commonwealth of Penn*., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); Bank of Marin v. England, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) ("[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); Harris v. Balk, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig., 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (N.D. Cal. 1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); In re Trans Union Corp. Privacy Litig., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); Marathon Petroleum Corp. v. Sec. of Finance for Del., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico agrees with IPPs that prejudgment interest is not available under West Virginia law. |
| Wisconsin | Irico does not dispute IPPs' authorities on treble damages. | Irico believes that both Wisconsin state law and Constitutional due process require that the damages awarded to IPPs be offset by the damages awarded to the DPPs to avoid duplicative recovery. *Chitwood v. A.O. Smith Harvestore Prods., Inc.*, 170 Wis.2d 622, 626-27, 489 N.W.2d 697, 700 (Ct.App.1992) (finding that trial court's jury instructions erroneously permitted duplicative damages); *FTC v. Mylan Laboratories, Inc*., 62 F.Supp.2d 25, 43, 48 (D.D.C. 1999) ("providing monetary relief to indirect purchasers increases the risk of duplicative recovery" in suit where, *inter alia*, Wisconsin attorney general is pursuing action under the state's *Illinois Brick* repealer on behalf of indirect purchasers); W. Union Tel. Co v. Commonwealth of Penn., 368 U.S. 71, 76-77 (1961) (forcing a defendant "to pay a single debt more than once" is a taking of property "without due process of law"); *Bank of Marin v. England*, 352 F.2d 186, 192-93 (9th Cir. 1965), rev'd on other grounds, 385 U.S. 99 (1966) (in the Ninth Circuit "[t]here is a strong Constitutional policy against requiring the double payment of the same debt," under the Due Process clause of the Fifth Amendment); Harris v. Balk, 198 U.S. 215, 226 (1905) ("It ought to be and it is the object of courts to prevent the payment of any debt twice over"); *In re N.D. Cal. "Dalkon Shield" IUD Products Liability Litig.*, 526 F.Supp. 887, 899 (N.D. Cal. 1981) (vacated on other grounds by 693 F.2d 847 (9th Cir.1982) ("A defendant in a civil action has a right to be protected against double recoveries not because they violate 'double jeopardy' but simply because overlapping damage awards violate that sense of 'fundamental fairness' which lies at the heart of constitutional due process."); *In re Trans Union Corp. Privacy Litig*., 211 F.R.D. 328, 341 (N.D. Ill. 2002) ("Plaintiffs do not contest the basic notion that a double penalty for the same act violates due process."); *Marathon Petroleum Corp. v. Sec. of Finance for Del*., 876 F.3d 481, 494 (3d Cir. 2017) ("[S]ubjecting individuals to the risk of 'double liability' would violate the Due Process Clause."). | Irico agrees with IPPs that prejudgment interest is not available under Wisconsin law. |

*Subject to full reservation, without any waiver, of all rights to challenge and appeal issues decided in this case.

11