**NORTON ROSE FULBRIGHT US LLP**
JEFFREY MARGULIES (BAR NO. 126002)
KAYLEE YANG (BAR NO. 303464)
One Embarcadero Center, Suite 1050
San Francisco, California 94111
Telephone:     (213) 892-9200
Facsimile:     (213) 892-9494
jeff.margulies@nortonrosefulbright.com
kaylee.yang@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
GERALDINE YOUNG (admitted *pro hac vice*)
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone:     (713) 651-5151
Facsimile:     (213) 651-5246
geraldine.young@nortonrosefulbright.com

Attorneys for Defendants
IRICO GROUP CORP. AND
IRICO DISPLAY DEVICES CO., LTD

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No.: 07-cv-05944 JST |
| | MDL No. 1917 |
| This document relates to: | **DEFENDANTS IRICO GROUP CORP. AND IRICO DISPLAY DEVICES CO., LTD.'S OBJECTIONS TO ENTRY OF IPPs' PROPOSED JUDGMENT** |
| *ALL INDIRECT PURCHASER ACTIONS* | |

**OBJECTION TO ENTRY OF IPPs' PROPOSED JUDGMENT**

Irico submits this Objection to Entry of IPPs' Proposed Judgment, and would respectfully show as follows:

## I.    INTRODUCTION

The IPPs filed a proposed judgment against Irico ("IPPs' Proposed Judgment") as an exhibit to the Joint Case Management Statement Pursuant to Order Adopting Damages Model. (ECF No. 6519-6.) In other words, without so much as filing a motion, the IPPs ask this Court to enter a default judgment worth over ***four billion dollars***. (ECF No. 6519-3 at 9.) The IPPs' Proposed Judgment cannot be entered for at least three separate reasons.

**1.**    The IPPs must formally move for the entry of a default judgment under Federal Rule of Civil Procedure 55(b)(2), which they have not done.

**2.**    Even then, the IPPs' motion would not satisfy standards that lower courts in the Ninth Circuit must consider before granting Rule 55(b)(2) motions, such as those described in in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986).

**3.**    The IPPs' Proposed Judgment suffers from a wide variety of other flaws, including the fact that this Court lacks jurisdiction to grant a default judgment awarding classwide damages when the IPPs did not prove each IPP class member was actually overcharged for CRTs at this stage of the case, as *TransUnion, LLC v. Ramirez*, 594 U.S. 413 (2021), and *Healy v. Milliman*, 164 F.4th 701 (9th Cir. 2026), require here.

## II.    ARGUMENT

### A.    The IPPs should move for default judgment under Federal Rule of Civil Procedure 55(b)(2), and Irico must be allowed to oppose that motion.

The IPPs have taken the position that, once the amount of damages is determined in each action, this Court can simply enter a default judgment against Irico without further analysis.  (ECF No. 6519 at 30.) Not so. The IPPs must follow the well-worn path of formally moving for entry of default judgment under Federal Rule of Civil Procedure 55(b)(2), like any litigant seeking default judgment.

Although Irico continues to contest this Court's decision to adopt the Special Master's report finding that Irico violated Rule 37, and particularly this Court's decision to award terminating sanctions, (ECF No. 6423, the "Sanctions Order"), the Sanctions Order plainly awarded Plaintiffs only a default, *see id*. Federal Rule 37 "allows the court to choose from various remedies to return the parties to equal footing." *Gonzales v. City of San Jose*, No. 5:13–cv–00695, 2015 WL 632320, at *1 (N.D. Cal. Feb. 13, 2013). If a court finds that a party failed to obey a discovery order or that the elements of a Rule 37(e)(2) violation are met, the court may remedy those violations through Rule 37's enumerated remedies or through other available remedies, including an entry of default. *See* Fed. R. Civ. P. 37(b)(2)(A). Entry of "default" is the remedy this Court chose under Rule 37—not entry of a default ***judgment***. (*See* ECF No. 6423 at 38 ("It is hereby ordered that . . . ***the Clerk shall enter default*** against both Irico Group Corporation and Irico Display Devices, Co." (emphasis added)).

As set forth below and as Irico will more fully argue in opposition to the IPPs' required motion for default judgment, IPPs are not entitled to a default judgment against Irico. But if IPPs wish to seek a default judgment, they should move for one under Rule 55(b)(2), not Rule 37.  Federal courts across the country routinely engage in the exact process this Court's Sanctions Order clearly contemplates: a court clerk first enters default under Rule 37, then the court orders the non-defaulting party to move for default judgment under Rule 55(b)(2).

For example, in *Lopez v. Cajmant*, even after the Court directed the clerk to enter default against a defendant under Rule 37, No. 15-cv-593, 2017 WL 9938828, at *1 (E.D.N.Y. Aug. 4, 2017), "the Court note[d] that, while default has been entered . . . , no motion for default judgment has been filed," and directed the plaintiff to "file the motion for default judgment." *Id.* (ECF No. 108) (Sept. 30, 2019 Memorandum of Law in Support of Motion for Default Judgment) ("[A]ccordingly, Plaintiff moves for Default Judgment ***pursuant to Rule 55(b)***." (emphasis added)); *see also Moore v. King Game, Inc.*, No. 19-cv-21391, 2020 WL 7481375, *1, *3 (S.D. Fla. Aug. 19, 2020), *report and recommendation adopted by* 2020 WL 7481345 (Sept. 4, 2020)  (granting plaintiff's motion for default judgment under Rule 55(b), after awarding discovery sanctions under Rule 37, entering default against the defendant, and "direct[ing] Plaintiff to file a motion for final

default judgment."); *Mutual Work Comp Solutions, LLC v. BaronHR*, LLC, 3:23-cv-223, 2025 WL 2329546, at *6 (E.D. Tenn. Jul. 25, 2025) *report and recommendation adopted by* 2025 WL 2323910 (Aug. 12, 2025) (same).

Additionally, the Court already addressed any alleged discovery violation with its entry of default, among other relief.[1] There is no outstanding Rule 37 request or violation, since this Court long ago adjudicated Plaintiffs' Rule 37 request. *See* Sanctions Order (ECF No. 6423.). Plaintiffs' request to award default judgment under Rule 37, as opposed to Rule 55, risks impermissibly sanctioning Irico twice for the same conduct. *Cf. Sierzega v. Ashcroft*, No. 05-cv-1338, 2007 WL 682510, at *12 (D. Or. Feb. 27, 2007) (declining request to order both dismissal and attorney's fees under Rule 37(b) because that would amount to "double sanctions" for the same violation of a court order); *Conexus Metals v. CRH Canada*, 2:24-cv-01770, 2025 WL 4355750, at *6 (W.D. Pa. Dec. 2, 2025) (awarding costs and fees from first deposition and additional deposition but denying request for costs and fees associated with new deposition, as that would amount to "double sanctions").

In short, if the IPPs want this court to consider the IPPs' Proposed Judgment, the IPPs must bring it to the Court through the proper procedural mechanism: a motion for default judgment pursuant to Rule 55(b)(2), which Irico must be allowed to fully oppose.

## B.    In any event, the IPPs are not entitled to a default judgment under the Eitel Factors.

Even if the IPPs move for a default judgment under Federal Rule 55(b)(2), that motion should be denied. The IPPs cannot meet heightened requirements emphasizing the need for each class member to prove Article III standing to recover damages at this stage of the case, imposed by the Supreme Court in *TransUnion* and the Ninth Circuit in *Healy*. The factors that the Ninth Circuit set out for adjudicating Rule 55(b)(2) motions in *Eitel v. McCool* also cut decisively against entry of a default judgment.

If the IPPs move for a default judgment under Rule 55(b)(2), Irico will fully argue, among other things, that the IPPs' failure to prove that each IPP class member suffered injury at this stage

---

[1] Irico continues to believe that Sanctions Order erred, including by ordering both a default and attorney's fees; nothing in this filing is intended to waive or forfeit those arguments.

of the case under *TransUnion* and *Healy* prevents their recovery of the classwide damages they seek. In short, the damages methodology the IPPs presented at the damages hearing—the equivalent of trial in this case—failed to establish that each class member purchased a CRT product at an inflated price, meaning they have not proven each class member has Article III standing. Relying on the more relaxed standards applied at the class certification stage, over similar objections related to predominance, (ECF No. 1660 at 22-24; ECF No. 5984 at 14-25), this Court held certification was proper and methodology issues should be addressed on the merits. (ECF Nos. 1950 at 12, 6042 at 11.) In the meantime, the Supreme Court in *TransUnion, LLC v. Ramirez*, 594 U.S. 413 (2021), and the Ninth Circuit in *Healy v. Milliman*, 164 F.4th 701 (9th Cir. 2026), held class members must satisfy heightened evidentiary standards after class certification. Crucially, these cases clarify that class members' burden to prove standing increases as the case progresses, such that, at the damages trial stage, class representatives must present evidence that adequately supports each class member's concrete injury and standing. *See generally TransUnion*, 594 U.S. at 431, 442; *Healy*, 164 F.4th at 706.

The plaintiff classes presented their damages case in 2025. (ECF No. 6489-91.) Yet, despite their heightened burden to prove that each class member has standing under *TransUnion*'s 2021 holding, neither the DPPs nor the IPPs adjusted their methodology to prove that each class member actually overpaid for CRTs. Instead, they made the tactical decision to present a case based on alleged average overcharges over a thirteen-year period. This evidence fails to meet the heightened burden of proof that the Supreme Court and Ninth Circuit have imposed to prove individual injury for each class member. *E.g.*, *TransUnion*, 594 U.S. at 431, 442; *Healy*, 164 F.4th at 706.

This Court cannot enter a default judgment awarding damages to individual IPP class members who have not demonstrated injury and over whom this Court therefore lacks jurisdiction. *See generally TransUnion*, 594 U.S. at 431 ("'Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not.'"). The IPPs' Proposed Judgment must be rejected on this basis alone.

Additionally, as this Court has frequently recognized, while a court "may, at its discretion, enter default judgment," "in exercising this discretion, a court considers [the] seven factors set forth

OBJECTIONS TO IPPS' PROPOSED JUDGMENT     - 4 -     MASTER FILE NO.: 07-cv-05944-JST
MDL NO. 1917

by the Ninth Circuit in *Eitel v. McCool*[.]" *Anderson v. Pour*, No. 14-cv-01759, 2014 WL 12643163, at \*1 (N.D. Cal. Dec. 9, 2014). Under *Eitel*, "[f]actors which may be considered by courts in exercising discretion as to the entry of default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72.

At the threshold, the IPPs' fundamental failure to show that each class member suffered an injury in fact weighs decisively against entering a default judgment here under the second *Eitel* factor. Not only are the IPPs obligated to show that each was overcharged when purchasing CRTs as a matter of Article III standing, but proving they were injured and suffered harm is a fundamental element of "the merits of [IPPs'] substantive claim[s]." *Eitel*, 782 F.2d at 1471–72.

The first *Eitel* factor, "prejudice to the plaintiff," also cuts in Irico's favor where, as here, this Court's finding that Irico engaged in sanctionable conduct during discovery is irrelevant to this stage in the proceedings. Irico's purported discovery violations cannot "prejudice" the IPPs in the biggest dispute now outstanding: namely, whether each IPP class member can seek damages at all when the IPPs' damages trial evidence failed to show that each class member was overcharged for CRTs and has Article III standing to seek damages under *TransUnion* and *Healy.* The IPPs and this Court—not Irico—chose their damages model based on evidence from many defendants.

Another factor, the "sum of money at stake in the transaction," further cuts distinctly in Irico's favor given the huge sums the IPPs request. *See Eitel*, 782 F.2d at 1472 (district court did not abuse its discretion in denying motion for default judgment when plaintiff sought almost $3 million in damages); *Twentieth Family Fox v. Streeter*, 438 F.Supp.2d 1065, 1071 (D. Ariz. 2006) ("If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored."); *Doughty v. Pelican Investment Holdings*, No. 8:24-cv-01926, 2025 WL 4061567 (C.D. Cal. Nov. 14, 2025) (denying plaintiff's motion for default judgment on its Telephone Consumer Protection Act claims, including because "even applying the statutory minimum, Plaintiff's requested damages equal $280,000 . . . . the court finds, based on the quantum and quality

of information in the record, that 'the sum of money is too large or unreasonable in light of defendant's actions'" (*quoting Stark v. Poo nka*, No. 18-cv-2570, 2019 WL 1546951, at *2 (S.D. Cal. Apr. 5, 2019)).

Plaintiffs have argued this Court need not consider the *Eitel* factors here. Citing *Dreith v. Nu Image*, No. 05-cv-4146, 2007 WL 9658786 (C.D. Cal. Mar. 2, 2007), Plaintiffs have argued that assessing the *Eitel* factors would be duplicative of the Court's Sanctions Order analysis, where the Court applied *Malone v. United Postal Services*, 833 F.2d 128, 130 (9th Cir. 1987). (ECF No. 6423 at 33-37 (applying *Malone*)); (ECF No. 6519 at 26 (*quoting Dreith* at *6).) Ninth Circuit law does not support shirking one's Rule 55(b)(2) duty, whether or not the *Malone* factors have already been applied. In *Left Coast Wrestling v. Dearborn International*, for instance, the court considered both the *Eitel* and *Malone* factors, showing they are not one and the same. 3:17-cv-00466, 2018 WL 2328471, *3 (S.D. Cal. May 23, 2018), *report and recommendation adopted by* 2018 WL 3032585 (S.D. Cal. June 19, 2018). The court first analyzed the plaintiff's application for default through the *Malone* factors. *Id.* at *3. In the same order, the court then assessed the plaintiff's motion for *default judgment* under the *Eitel* factors—the test that the Ninth Circuit has developed to assess requests for default judgment under Rule 55(b)(2). *Id*. at *4-5. Indeed, the tests are not the same. *See id*. (noting differences). *Eitel* instructs lower courts to consider the sum of money at stake in the action, which a critical factor here; *Malone* does not.

The most prudent course, especially in a case involving billions of dollars in damages, is to consider the *Eitel* factors before entering default judgment. *See generally Marani v. Cramer*, No. 19-CV-05538-YGR (DMR), 2025 WL 2645901, at *6 (N.D. Cal. Aug. 11, 2025) (comparing *Eitel* and *Malone* analyses and choosing to analyze *Eitel* factors not previously analyzed through the *Hester/Malone* analysis), *report and recommendation adopted*, No. 4:19-CV-05538-YGR, 2025 WL 3110649 (N.D. Cal. Sept. 25, 2025).

In any event, the IPPs' request relief here that goes far beyond what *Dreith* or other cases have awarded. In *Dreith*, for instance, where the court entered default judgment **only on liability**, it noted that courts consider "the 'totality of the circumstances in th[e] case and the five *Malone*

factors.'" *E.g.*, *Dreith*, 2007 WL 9658786, at \*7, \*10 (citation omitted) (granting application "for default judgment as to liability" but deferring "request for damages" to further proceedings).

Here, no default judgment has yet been entered. Yet, the IPPs ask this Court to award them ***billions of dollars*** in damages, relying on the default this Court entered years ago, ***without a shred of further analysis***. *See* (ECF No. 6519 at 25-27.) Whether this Court analyzes the totality of the circumstances, the *Malone* factors, the *Eitel* factors, Article III's concrete injury requirements for class members as described by *TransUnion* and *Healy*, or all of the above, further analysis is necessary here and precludes entry of the IPPs' Proposed Judgment.

### C.    Multiple additional grounds foreclose entry of IPPs' Proposed Judgment against Irico.

As explained herein, and as Irico will more fully argue in opposing the IPPs' required motion for default judgment, classwide judgment cannot be entered against Irico awarding damages to any class member who has not demonstrated Article III standing. Since the IPPs failed to prove at this stage of the case, as *TransUnion* and *Healy* require, that each member of the IPP class suffered concrete injury and has Article III standing to recover damages, judgment cannot be entered awarding the IPPs classwide damages.

Irico objects to the entry of IPPs' Proposed Judgment on this basis, and objects to the IPPs' proposed definition of the certified class when that class includes members who have not shown they have Article III standing to recover damages under *TransUnion* and *Healy*.[2] (*See* ECF No. 6519-6.) The evidence is also independently insufficient and cannot legally support the IPPs' Proposed Judgment for multiple reasons, including because the IPPs' damages model results in duplicative damages awards to the DPPs and IPPs, does not exclude damages for which Irico cannot be held responsible, and suffers from a wide variety of other flaws.[3]

---

[2] Irico anticipates that it will file an additional motion next week related to the failure to demonstrate standing for all IPP class members, which will supply additional grounds to reject the IPPs' Proposed Judgment.

[3] *See, e.g.*, ECF No. 6501 at 8; ECF No. 6476 at 3; ECF No. 6467 at 10-13. Irico understands that this Court previously rejected these arguments in adopting Plaintiffs' damages model and with various other rulings, but makes them here since they should also prevent entry of IPPs' Proposed

Irico further objects to any award of treble damages when the laws of fourteen of the IPP states do not provide for such trebling at all, or based on the proof the IPPs have presented. *See* (ECF No. 6519 at 43-50). Specifically, as Irico further argued in its Statement, IPPs cannot recover treble damages under the laws of fourteen states, not all which are disputed.[4] (ECF No. 6519 at 43.) Five states—Florida, Hawaii, Mississippi, Nebraska, and Tennessee—do not provide for treble damages or limit punitive damages such that treble damages cannot be awarded here. *See* (ECF No. 6519 at 43-44). The IPPs in five more states—Arizona, Iowa, Michigan, New Mexico, North Dakota—did not sufficiently allege that Irico engaged in flagrant or willful conduct to recover treble damages under those state laws. *See* (ECF No. 6519 at 44-47). And four states—California, Kansas, New Mexico, and Vermont—allow treble damages awards in the Court's discretion, but such discretionary treble damages are not warranted here for the reasons Irico explained in its Statement. *See* (ECF No. 6519 at 47-50). Irico objects to any award of treble damages for the IPPs in any of these states. Further, IPPs cannot recover the statutory penalties they seek for Mississippi class members. *See* (ECF No. 6519 at 53). Nor are the IPPs entitled to treble or enhanced damages under New York state law because litigants may not obtain treble damages under the Donnelly Act when proceeding as a class. *See* (ECF No. 6519 at 52).

Moreover, as explained in its Statement, Irico also objects to awarding pre-judgment interest at this pre-judgment stage of the case, or at any point for thirteen of the seventeen states or jurisdictions in which the IPPs request such prejudgment interest. *See* (ECF No. 6519 at 53-55).[5] To the extent that IPPs request prejudgment interest on their trebled, not actual, damages for their

---

Judgment. Irico also incorporates and adopts by reference the arguments it made in its Pre-Trial Brief on Damages (ECF No. 6467), Post-Trial Brief on Damages (ECF No. 6501) (among other things, explaining flaws with Plaintiffs' experts' methodologies and noting Plaintiffs cannot be awarded damages above what their expert reports claim), and Motion for Summary Judgment (ECF No. 6225, 6261).

[4] IPPs' Proposed Judgment does not appear to request treble damages for Florida, Hawaii, Nebraska, or Tennessee. (ECF No. 6519-3 at 9.)

[5] Irico reasserts and incorporates by reference here all of the objections and arguments it made in its Statement. (ECF No. 6519.)

claims under Iowa, Michigan, and New York law, prejudgment interest must be limited to their actual damages. *See* (ECF No. 6519 at 54).

Finally, as set forth in its Statement (*see* ECF No. 6519 at 1, 28), Irico does not agree or concede that any damages (compensatory or not) should be assessed, that the evidence establishes Irico caused the IPPs to suffer these damages or that IPPs' chosen methodologies are capable of calculating such damages on a classwide or individual basis, among other challenges to damages. *E.g.*, (ECF No. 6501.). Further, because Irico does not agree that the IPPs have established classwide damages that this Court may award here, Irico objects to any award of compensatory and treble damages, prejudgment interest, or costs and fees. *E.g.*, (ECF Nos. 6519-2, 6519-6.)

III.    **CONCLUSION**

For the reasons stated above, Irico objects to the IPPs' Proposed Judgment.

Dated: May 15, 2026                    Respectfully submitted,

                                       */s/ Geraldine Young*
                                       JEFFREY B. MARGULIES (Bar No. 126002)
                                       KAYLEE YANG (BAR NO. 303464)
                                       Norton Rose Fulbright US LLP
                                       One Embarcadero Center, Suite 1050
                                       San Francisco, California 94111
                                       Telephone: (213) 892-9200
                                       Facsimile: (213) 892-9494
                                       jeff.margulies@nortonrosefulbright.com
                                       kaylee.yang@nortonrosefulbright.com

                                       GERALDINE YOUNG (admitted *pro hac vice*)
                                       1550 Lamar Street, Suite 2000
                                       Houston, Texas 77010
                                       Telephone: (713) 651-5151
                                       Facsimile: (213) 651-5246
                                       Geraldine.young@nortonrosefulbright.com

                                       *Attorneys for Defendants Irico Group Corp. and Irico Display Devices Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing document was filed via CM/ECF on May 15, 2026, and as a result has been served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Geraldine Young*
Geraldine Young