R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
David Y. Hwu (281780)
SAVERI & SAVERI, INC.
1016 Lincoln Boulevard, Suite 306
San Francisco, CA 94129
Telephone: (415) 217-6810
Email: rick@saveri.com
        grushing@saveri.com
        mheaphy@saveri.com
        dhwu@saveri.com

*Lead Counsel for Direct Purchaser Plaintiffs*

[Asdditional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| IN RE: CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | Master File No. 07-CV-5944-JST |
| | MDL No. 1917 |
| This Document Relates to: | **PLAINTIFFS' RESPONSE TO IRICO'S OBJECTIONS TO ENTRY OF PROPOSED JUDGMENTS (ECF Nos. 6520, 6521)** |
| *ALL DIRECT PURCHASER ACTIONS* *ALL INDIRECT PURCHASER ACTIONS* | |
| | Judge: Hon. Jon S. Tigar |

Direct Purchaser Plaintiffs ("DPPs") and Indirect Purchaser Plaintiffs ("IPPs") (together, "Plaintiffs") hereby respond to the Objections to Entry of Proposed Judgments (ECF Nos. 6520, 6521) ("Objections") filed by Defendants Irico Group Corporation ("Group") and Irico Display Devices Co., Ltd. ("Display") (together, the "Irico Defendants" or "Irico"). On May 26, 2026, the parties filed a Stipulation and Proposed Order providing that the briefing schedule for Irico's Objections are suspended pending further order of the Court, and requesting that the Court schedule a Case Management Conference to resolve the parties' disputes regarding the appropriate next steps in this case. ECF No. 6523. However, the Court has not yet signed the Proposed Order. Therefore, Plaintiffs submit the following response to Irico's Objections.[1]

On March 11, 2026, the Court issued its Order Adopting Damages Model (ECF No. 6516) directing the parties to file a joint case management conference statement ("Joint Statement") describing all "necessary further proceedings" in this action. *Id.* at 17.

On April 15, 2026, the parties did so. ECF No. 6519. The Joint Statement disclosed disputes regarding what the next steps in this case should be. *See, e.g., id.* at 25–27. Plaintiffs also filed Proposed Judgments as exhibits to the Joint Statement (ECF Nos. 6519-2, 6519-3). On May 15, 2026, Irico filed its two Objections to the Proposed Judgments without waiting for the Court to resolve these disputes.

Irico's Objections are improper in advance of a Court order or Case Management Conference regarding the issues raised in the Joint Statement. They also purport to require Plaintiffs to file responses and/or stipulate to hearing dates and briefing schedules without resolution of those disputes in apparent violation of the Order Adopting Damages Model, which Plaintiffs read as reserving the scheduling for the next proceedings in this case to the Court.

In addition to violating the Court's Order Adopting Damages Model, these filings are improper for additional reasons.

---

[1] On May 21, 2026, Irico also filed a Motion to Decertify the IPP and DPP Classes and Rule 55(c) Motion to Vacate the Entry of Default Against Irico (ECF No. 6522) ("Motion"). The parties' Stipulation and Proposed Order also requests that the Court suspend the briefing schedule on the Motion pending further order of the Court. ECF No. 6523.

1

First, Irico is in default and therefore may not file anything without permission from the Court. *See, e.g., Shaw v. Sue's Place LLC*, No. 25-CV-04326-TSH, 2026 WL 747411, at *1 (N.D. Cal. Mar. 17, 2026) ("once default has been entered, a defendant's right to appear in the action is cut off"); *Verliant Energy, Inc. v. Barry*, No. 14-CV-02443-JST, 2015 WL 12990196, at *3 (N.D. Cal. Mar. 31, 2015) (Tigar, J.) (defaulting party "no longer has the right to address the Court" unless it successfully moves to set aside default); *see also Ruby Mountain Heli-Ski Guides, Inc. v. SledNV, Inc.*, No. 223CV01068JADDJA, 2023 WL 8716845, at *1 (D. Nev. Dec. 15, 2023) (denying defaulting party's "rogue" motion to dismiss without prejudice and requiring defendant to "first persuade the court to set aside the default that was entered against him").

Second, Irico's Objections directly attack the Sanctions Order and amount to motions for reconsideration. *See, e.g.,* Objections at 1 ("Irico continues to contest this Court's decision to adopt the Special Master's report finding that Irico violated Rule 37, and particularly this Court's decision to award terminating sanctions"). However, Irico has not sought leave to file them as required by Civil Local Rule 7-9.

Third, the basis for Irico's filings is meritless. Irico's assertion that Plaintiffs have failed to prove harm to all class members repeats its rejected arguments from the damages hearing that the conspiracy had little or no impact on prices. *See, e.g.,* Irico Post-Trial Brief on Damages (ECF No. 6501) at 12 (arguing "no significant or sustained impact of the alleged conspiracy"); 14 ("Guerin-Calvert's strong, substantiated empirical evidence showing the lack of effectiveness and impact of the alleged conspiracy" outweighs Plaintiffs' evidence).[2] The Court rejected these arguments when it adopted Dr. Johnson's damages model (with modifications) which found, *inter alia*, overcharges throughout the class period. *See, e.g.,* Order Adopting Damages Model at 13–16 (adopting modified Johnson Model); 14–15 (rejecting negative overcharges); 13–15 (rejecting Guerin-Calvert assertion that annual periods necessary because of variation in effectiveness of conspiracy). Irico's assertion

---

[2] Irico's baseless argument that there is no showing of common impact is also contrary to the extensive briefing and evidentiary showing on class certification, *see, e.g.,* ECF No. 6471-3 (Netz Class Certification Rebuttal Report) at p. 5 ("I conclude that the cartel charged higher prices to all direct purchasers; in other words, that the impact was common."), and the testimony at the Damages Hearing. *See, e.g.,* May 19, 2025 Hr'g Tr. at 26-27 (Dr. Netz testifying that the cartel had the economic incentive to raise prices for all products).

PLAINTIFFS' RESPONSE TO IRICO'S OBJECTIONS TO ENTRY OF PROPOSED JUDGMENTS; Master File No. 07-CV-5944-JST

that Plaintiffs had a burden to prove harm to all class members—*i.e.*, classwide impact—at the damages hearing is also wrong because liability was conclusively established by the Court's imposition of terminating sanctions and therefore was not at issue at the damages hearing. *See id.* at 1 (liability "conclusively establishe[d]").

Finally, for all the reasons set forth in the Joint Statement, Plaintiffs need not move for default judgments under Fed. R. Civ. P. 55(b)(2) because the Court has already found that Plaintiffs have met the more stringent requirements for default judgment under Rules 37(b) and (e). *See* Joint Statement at 25-27. The Sanctions Order (ECF No. 6423), and the Special Masters Report & Recommendation (ECF No. 6382)—which the Court adopts in full—expressly rely upon Rules 37(b) and (e) in granting the motion for terminating sanctions. Both Rules provide for "default judgment" as a sanction; not merely a Clerk's default.[3] In addition, the Court's Sanctions Order and the R&R clearly contemplate entry of default *judgment* against the Irico Defendants as a sanction.[4] Thus, even though default judgments have not yet been entered, the Court has found that Plaintiffs satisfied the requirements for entry of default judgment under Rules 37(b) and (e).

The Court has not yet entered a default judgment because it was necessary to first determine the amount of damages in order to effectuate the judgment. The Court has now held a damages hearing and has approved a damages model. ECF No. 6516. Once the issues identified by the DPPs and IPPs in the Joint Statement are resolved (*see* Joint Statement at 2-27), the Court can enter judgment.

Where, as here, default is imposed as a sanction, courts have found that application of the *Eitel* factors[5] would be "either redundant or inconsistent" since "*Eitel* is normally invoked when a defendant

---

[3] *See* Fed. R. Civ. P. 37(b)(2)(A) (listing a range of sanctions, including "rendering a default *judgment* against the disobedient party.") (emphasis added); Fed. R. Civ. P. 37(e)(2)(C) (the court may "dismiss the action or enter a default *judgment*.") (emphasis added).

[4] *See, e.g.*, R&R at 66 ("Pursuant to Rule 37 (e), the undersigned finds that *default judgment* is the sanction necessary to cure the prejudice."); *id*. at 77-78 ("The undersigned recommends that the court grant plaintiffs' motion for terminating sanctions pursuant to Rules 37(b) and 37(e) and its inherent power, and order that: . . . 5. *Default judgment* be entered against Irico.") (emphasis added); Sanctions Order at 1 (adopting "Special Master's recommendation to grant Plaintiffs' motion and impose terminating sanctions"); *id*. at 17-18 (reciting Special Master's recommendation that "Default judgment be entered against Irico[,]" and quoting the language of Rules 37(b) and (e) authorizing entry of "default judgment" against the disobedient party).

[5] *Eitel v. McCool,* 782 F.2d 1470 (9th Cir. 1986).

fails to file a timely pleading." *Dreith v. Nu Image, Inc.*, No. 05-cv-4146 SVW (MANx), 2007 WL 9658786, at *6 (C.D. Cal. Mar. 2, 2007)). "[I]f the *Eitel* factors could somehow compel the Court to deny default judgment despite having already concluded that the entry of default was proper, that result would defy common sense. The Court's discovery sanction for willful and deliberate misconduct would amount to a nullity, and would only have had the effect of delaying the case's resolution on the merits." *Id. See also Wang v. Gold Mantis Constr. Decoration (CNMI), LLC,* 705 F. Supp. 3d 1190, 1200 (D. N. Mar. I. 2021) (same).

For these reasons, Plaintiffs respectfully request that the Court reject Irico's Objections to Plaintiffs' Proposed Judgments.

Dated: May 29, 2026

Respectfully submitted,

*/s/ R. Alexander Saveri*
R. Alexander Saveri (173102)
Geoffrey C. Rushing (126910)
Matthew D. Heaphy (227224)
David Y. Hwu (281780)
SAVERI & SAVERI, INC.
1016 Lincoln Boulevard, Suite 306
San Francisco, CA 94111
Telephone: (415) 217-6810

*Lead Counsel for Direct Purchaser Plaintiffs*

*/s/ Mario N. Alioto*
Mario N. Alioto (56433)
Lauren C. Capurro (241151)
TRUMP, ALIOTO, TRUMP & PRESCOTT
   LLP
2001 Union Street, Suite 482
San Francisco, CA 94123
Telephone: 415-563-7200
Facsimile: 415-346-0679
Email: malioto@aliotolaw.net;
laurencapurro@aliotolaw.net

*Lead Counsel for the Indirect Purchaser Plaintiffs*

4

PLAINTIFFS' RESPONSE TO IRICO'S OBJECTIONS TO ENTRY OF PROPOSED JUDGMENTS; Master File No. 07-CV-5944-JST